**No. 02-1041 T**
Consolidated with 04-1598 T
(Judge Eric G. Bruggink)

---

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

---

LYMAN F. BUSH, *et al.*,

PLAINTIFFS

VS.

UNITED STATES OF AMERICA,

DEFENDANT

---

**PLAINTIFFS' PROPOSED FINDINGS OF UNCONTROVERTED FACT WITH RESPECT TO HIS MOTION FOR SUMMARY JUDGMENT**

---

THOMAS E. REDDING, Lead Attorney
SALLIE W. GLADNEY
TERESA J. WOMACK
REDDING & ASSOCIATES, P.C.
2914 W. T.C. Jester
Houston, Texas 77018
Telephone: (713) 965-9244
Telecopier: (713) 621-5227
Attorneys for Plaintiffs
Lyman F. Bush and Lyman F. Bush,
Personal Representative for the Estate of
Beverly J. Bush

1. Plaintiffs Lyman F. Bush ("Bush") and Beverly J. Bush, deceased, here represented by Lyman F. Bush as Personal Representative for the Estate of Beverly J. Bush (together "the Bushes") timely filed their joint federal income tax returns for the calendar years 1985, 1986, and 1987, and paid the taxes reported due on those returns. See Exhibits 1-3.

2. Bush was a limited partner in the Greenberg Brothers limited partnership Greenberg Brothers Partnership #12, a.k.a. Lone Wolf McQuade ("LWM") for tax years 1983 to 1995, inclusive. See Exhibits 4 and 10.

3. Bush was a limited partner in the Greenberg Brothers limited partnership Cinema '84 ("Cinema '84") for tax years 1984 to 1995, inclusive. See Exhibits 5 and 11.

4. A dispute arose between the IRS and LWM as to certain partnership items reported on the partnership's tax returns and on July 8, 1991 the IRS issued separate Notices of Final Partnership Administrative Adjustment for partnership tax years 1983, 1984, 1985, and 1986. See Exhibit 6.

5. A dispute arose between the IRS and Cinema '84 as to certain partnership items reported on the partnership's tax returns and on October 15, 1991 the IRS issued separate Notices of Final Partnership Administrative Adjustment for partnership tax years 1984, 1985, 1986, 1987, 1988, and 1989. See Exhibit 7.

6. On January 8, 1992, the then tax matters partner of LWM and Cinema '84 filed separate petitions in the Tax Court challenging the IRS's proposed adjustments for each partnership. See Exhibits 6-9.

7. On August 7, 1999, the Bushes and the IRS entered into separate Closing Agreements with respect to the LWM and Cinema '84 disputes. See Exhibit 10-11.

8. For purposes relevant to this motion for summary judgment, the Closing Agreements are

substantively identical and state:

> NOW IT IS HEREBY DETERMINED AND AGREED for Federal income tax purposes that:
>
> 1. No adjustment to the partnership items shall be made for the taxable years 1983 [for LWM and 1984 for Cinema '84] through 1995 for purposes of this settlement.
>
> 2. The taxpayers are entitled to claim their distributive share of the partnership losses for 1983 [for LWM and 1984 for Cinema '84] through 1995 only to the extent they are at risk under I.R.C. § 465.
>
> 3. The taxpayers' amount at risk for 1984 through 1989 is their capital contribution to the partnership.
>
> 4. The taxpayers' capital contribution to the partnership is $50,000 [for LWM and $150,000 for Cinema '84].
>
> 5. Taxpayers' qualified investment for computing investment tax credit is the amount at risk as set forth in paragraph #4.
>
> 6. The taxpayers are not at risk under I.R.C. § 465 for any partnership notes, entered into by the partnership to acquire rights in the motion pictures Lone Wolf McQuade and Strange Invaders [for LWM, Terminator, Perfect Strangers, Special Effects, Return of the Living Dead, A Breed Apart and Howling II for Cinema '84], whether or not assumed by the taxpayers. Any losses disallowed under this agreement are suspended under I.R.C. § 465. Such suspended losses may be used to offset the taxpayers' pro rata share of any income earned by the partnership and/or other income in accordance with the operation of I.R.C. § 465.
>
> 7. To the extent the taxpayers make additional cash contributions to the capital of the partnership after 1986 [for LWM and 1989 for Cinema '84], the taxpayers' amount at risk will be increased in accordance with I.R.C. § 465.
>
> 8. To the extent the partnership earns net income the taxpayers' at risk will be increased in accordance with I.R.C. § 465.
>
> 9. To the extent the taxpayers make cash payments on the partnership notes after the date of execution of this agreement by the Commissioner and the taxpayers, the taxpayers' amount at risk will be increased in accordance with I.R.C. § 465.
>
> 10. No additions to tax under I.R.C. §§ 6653(a), 6661, 6659 or 6662 will be asserted with respect to the taxpayers' investment in the partnership for 1983 [for LWM and 1984 for Cinema '84] through 1995.
>
> 11. The taxpayers are liable for additional interest pursuant to I.R.C. § 6621(c) for tax motivated interest for their investment in the partnership for the taxable years 1983 [for LWM and 1984 for Cinema '84] through 1989.

12. Any deficiency in tax determined under this agreement will be subject to adjustments arising from a carryback or carryforward from other taxable years of any loss, credit or other tax attribute as allowed by the Internal Revenue Code.

13. After the execution of this agreement on behalf of the Commissioner and the taxpayers, the taxpayers shall not recognize any taxable income attributable to any cancellation, discharge, or satisfaction by foreclosure or conveyance of assets, of any partnership notes entered into by the partnership to acquire rights in the motion pictures Lone Wolf McQuade and Strange Invaders [for LWM, Terminator, Perfect Strangers, Special Effects, Return of the Living Dead, A Breed Apart and Howling II for Cinema '84], whether or not the taxpayers assumed a pro rata share of said note, or from said partnership notes upon liquidation or dissolution of the partnership.

14. The taxpayers shall be taxable on their distributive share of any income or gains of the partnership for years after 1983 [for LWM and 1987 for Cinema '84] only to the extent said income exceeds losses suspended under the at risk rules of I.R.C. § 465 and/or the cash and/or the fair market value of property distributed to the taxpayers.

15. Any refund claim attributable to the operation of this agreement shall be deemed to be timely filed and shall be allowed if it is filed with the IRS within one year of the execution of this agreement by the Commissioner of Internal Revenue. Any refund claim so submitted pursuant to this paragraph within 120 days after the execution of this agreement on behalf of the Commissioner of Internal Revenue shall be allowed as an offset pursuant to I.R.C. §§ 6402(a) and 6601(f) against any tax deficiencies resulting from this agreement.

16. This agreement constitutes a settlement within the meaning of I.R.C. § 6224(c) and the taxpayers' partnership items are converted to non partnership items effective as of the date of this closing agreement is accepted on behalf of the Commissioner. The taxpayers, in accordance with the provisions of I.R.C. § 6224(b), also waive the restrictions on assessment and collection of any deficiencies attributable to the converted partnership items with interest as provided by law in I.R.C. § 6225(a) that results from this agreement.

17. This closing agreement when accepted by the Commissioner is a determination under the mitigation provisions of the Internal Revenue Code. (I.R.C. § 1311 et seq.).

18. To the extent the taxpayers make cash payments on the partnership notes, after the date this agreement is executed by the taxpayers and the Commissioner, and after the termination of the partnership, a deduction shall be allowed in the year of said payment.

19. This agreement does not in any way diminish or enhance the rights of

> the spouse of any partner to assert his or her right to relief as an innocent spouse under I.R.C. § 6015.
>
> 20. This agreement supersedes any prior agreement entered into between the taxpayers and the Internal Revenue Service.
>
> This agreement is final and conclusive except:
>
> (1) the matter it relates to may be reopened in the event of fraud, malfeasance, or misrepresentation of material fact;
>
> (2) it is subject to the Internal Revenue Code sections that expressly provide that effect be given to their provisions notwithstanding any other law or rule of law except Code Section 7122; and
>
> (3) if it relates to a taxable period ending after the date of this agreement, it is subject to any law, enacted after the agreement date, that applies to that tax period.
>
> By signing, the above parties certify that they have read and agreed to the terms of this document.

See Exhibits 10-11.

9. The Closing Agreements did not contain nor was there any separate waiver of the restrictions on assessment and collection under §§6212 and 6213. See Exhibits 10-11. See ¶13(a) on page 3 of the government's Answer filed in this case.

10. On or about July 12, 2000, the IRS issued to the Bushes Forms 4549A-CG showing adjustments to their 1985, 1986, and 1987 tax years. See Exhibits 12-14.

11. The IRS made the following assessments, allegedly on the dates indicated, and the Bushes made the following payments:

| Tax Year | Tax | Interest | Alleged Assessment Date | Effective Date of Payment | Amount of Payment | |
|---|---|---|---|---|---|---|
| 1985 | $16,708.00 | $42,660.44 | 07/31/00 | 08/08/00 | $53,323.11 | See Exhibits 1, 24 |
| 1986 | $10,817.00 | $35,187.97 | 07/31/00 | 08/08/00 | $46,004.97 | See Exhibits 2, 25 |
| 1987 | $9,635.00 | $26,729.62 | 07/31/00 | 08/08/00 | $36,364.62 | See Exhibits 3, 26 |

12. The IRS issued no statutory notice of deficiency for any relevant tax year prior to making the

assessments. See ¶13(a) on page 3 of the government's Answer filed in this case.

13. On July 18, 2002, the Bushes filed the following claims for refund:

| Tax Year | Tax to be Refunded | Interest to be Refunded | |
|---|---|---|---|
| 1985 | $16,708.00 | $42,660.44 | See Exhibits 15, 16-17 ** |
| 1986 | $10,817.00 | $35,187.97 | See Exhibits 15, 18-19 ** |
| 1987 | $9,635.00 | $26,729.62 | See Exhibits 15, 20-21 ** |

** The attachments to Exhibits 16-21, as filed with the IRS, were identical. To reduce the sheer volume of material to be filed with this proposed finding Bush has included the duplicate attachments only with Exhibit 16.

14. The IRS lost the 1985, 1986 and 1987 refund claims submitted by the Bushes on July 18, 2002. See Exhibit 22.

15. On August 15, 2003, the Bushes sent to the IRS re-executed copies of the 1985, 1986 and 1987 refund claims previously filed with the IRS. See Exhibit 23.

16. The Bushes' primary basis for requesting the refunds in the Deficiency Claims was that (i) any tax deficiency resulting from their Closing Agreements was due to agreed adjustments to affected items, as defined by §6231(a)(5), that required a partner-level determination, (ii) any such deficiency was, therefore, subject to the 90-day statutory notice of deficiency ("90-Day Letter") requirements under §§6212 and 6213, (iii) the IRS issued no 90-Day Letters prior to assessing the tax deficiencies, therefore (iv) the assessments were void and illegal because they violated the §§6212 and 6213 restrictions on assessment. See Exhibits 16-21.

17. On October 23, 2002, the IRS denied the Bushes' refund claims. See Exhibit 27.

18. The Bushes timely filed their refund suit based on the denial of their 1985, 1986 and 1987 refund claims (docket no. 04-1598 T).

Respectfully submitted,

/s/ Thomas E. Redding

Thomas E. Redding, Attorney of Record
Sallie W. Gladney
Teresa J. Womack
REDDING & ASSOCIATES, P.C.
2914 West T.C. Jester
Houston, Texas 77018
(713) 965-9244
(713) 621-5227 Fax
Attorneys for Plaintiffs
Lyman F. Bush and Lyman F. Bush,
Personal Representative for the Estate of
Beverly J. Bush

| Plaintiff's Exhibit | Document | Bates No. |
|---|---|---|
| 1 | 1985 IRS Transcript of Account Dated March 06, 2002 | 0001-0002 |
| 2 | 1986 IRS Transcript of Account Dated March 06, 2002 | 0003 |
| 3 | 1987 IRS Transcript of Account Dated March 06, 2002 | 0004-0005 |
| 4 | Bush's 1995 Lone Wolf McQuade Schedule K-1 | 0006-0008 |
| 5 | Bush's 1995 Cinema '84 Schedule K-1 | 0009-0010 |
| 6 | Petition for Readjustment of Partnership Items Under Code Section 6226 filed in Tax Court Docket No. 22780-91 | 0011-0055 |
| 7 | Petition for Readjustment of Partnership Items Under Code Section 6226 filed in Tax Court Docket No. 621-92 | 0056-0121 |
| 8 | Docket Sheet for Tax Court Case at Docket No. 621-92 | 0122-0136 |
| 9 | Docket Sheet for Tax Court Case at Docket No. 22780-91 | 0137-0148 |
| 10 | Closing Agreement re: LWM Countersigned August 7, 1999 | 0149-0151 |
| 11 | Closing Agreement re: Cinema '84 Countersigned August 7, 1999 | 0152-0154 |
| 12 | IRS Form 4549A-CG Dated July 12, 2000 for Tax Year 1985 | 0155-0156 |
| 13 | IRS Form 4549A-CG Dated July 12, 2000 for Tax Year 1986 | 0157-0158 |
| 14 | IRS Form 4549A-CG Dated July 12, 2000 for Tax Year 1987 | 0159-0160 |
| 15 | Letter Dated July 18, 2002 from Thomas E. Redding to the Internal Revenue Service | 0161-0162 |
| 16 | 1985 Form 1040X filed with the IRS on July 18, 2002 | 0163-0206 |
| 17 | 1985 Form 843 filed with the IRS on July 18, 2002, w/o attachments | 0207-0213 |
| 18 | 1986 Form 1040X filed with the IRS on July 18, 2002, w/o attachments | 0214-0221 |
| 19 | 1986 Form 843 filed with the IRS on July 18, 2002, w/o attachments | 0222-0228 |
| 20 | 1987 Form 1040X filed with the IRS on July 18, 2002, w/o attachments | 0229-0235 |
| 21 | 1987 Form 843 filed with the IRS on July 18, 2002, w/o attachments | 0236-0242 |
| 22 | Letter Dated August 1, 2003 from the Internal Revenue Service to the Bushes | 0243-0244 |
| 23 | Letter Dated August 15, 2003 from Thomas E. Redding to the Internal Revenue Service | 0245-0246 |
| 24 | 1985 Assessment Notice Dated July 31, 2000 | 0247 |
| 25 | 1986 Assessment Notice Dated July 31, 2000 | 0248 |
| 26 | 1987 Assessment Notice Dated July 31, 2000 | 0249 |
| 27 | Letter Dated October 23, 2002 from the Internal Revenue Service to the Bushes | 0250 |

IRS EMPLOYEE 0644014086

DATE REQUESTED 03-06-2002

PRINT DATE 03-06-2002

FORM NUMBER: 1040

TAX PERIOD: DEC 1985

TAXPAYER IDENTIFICATION NUMBER: [redacted]
** SPOUSE TAXPAYER IDENTIFICATION NUMBER: [redacted]

LYMAN F & BEVERLY J DECD BUSH

BODC-SB BODCLC-V

<<<<POWER OF ATTORNEY/TAX INFORMATION AUTHORIZATION (POA/TIA) ON FILE>>>>

---- ANY MINUS BELOW SIGNIFIES A CREDIT AMOUNT ----

| | | |
|---|---|---|
| ACCOUNT BALANCE: | 0.00 | |
| ACCRUED INTEREST: | 0.00 | AS OF 01-01-2001 |
| ACCRUED PENALTY: | 0.00 | AS OF 01-01-2001 |
| ACCOUNT BALANCE PLUS ACCRUALS: | 0.00 | |

** EXEMPTIONS: 02
** ADJUSTED GROSS INCOME: 122,637.00
** TAXABLE INCOME: 106,245.00
TAX PER RETURN: 7,911.00

**FILING STATUS: MARRIED FILING JOINT

** PER RETURN OR AS ADJUSTED

04-15-1986 RETURN DUE DATE OR RETURN RECEIVED DATE (WHICHEVER IS LATER)
05-12-1986 PROCESSING DATE

TRANSACTIONS

| CODE | EXPLANATION | DATE | MONEY AMOUNT (IF APPLICABLE) |
|---|---|---|---|
| 150 | RETURN FILED AND TAX ASSESSED 29211105626376 | 05-12-1986 | 7,911.00 |
| 806 | CREDIT FROM WITHHELD TAXES & EXCESS FICA | 04-15-1986 | 26,453.00- |
| 846 | REFUND | 05-12-1986 | 18,542.00 |
| 977 | AMENDED RETURN FILED 29211-129-97913-7 | 04-16-1987 | 0.00 |
| 960 | RECEIVED POA/TIA | 01-22-1996 | |
| 962 | UPDATED POA/TIA | 11-02-1999 | |
| 961 | REMOVED POA/TIA | 01-17-2000 | |
| 977 | AMENDED RETURN FILED 29277-426-01682-0 | 12-31-1999 | 0.00 |
| 960 | RECEIVED POA/TIA | 02-21-2000 | |
| 670 | SUBSEQUENT PAYMENT | 03-09-1987 | 5,271.33- |
| 300 | ADDITIONAL TAX ASSESSED BY EXAMINATION 29247-615-08015-0 200032 | 08-21-2000 | 0.00 |
| 300 | QUICK ASSESSMENT 29251-213-13009-0 | 07-31-2000 | 16,708.00 |
| 340 | RESTRICTED INTEREST ASSESSED | 07-31-2000 | 42,660.44 |

********************************CONTINUED ON NEXT PAGE********************************

PLAINTIFF'S EXHIBIT 1

| | | | |
|---|---|---|---|
| | 200033 | | |
| 670 | SUBSEQUENT PAYMENT | 08-08-2000 | 53,323.11- |
| 340 | RESTRICTED INTEREST ASSESSED | 09-11-2000 | 95.20 |
| | 200035 | | |
| 290 | ADDITIONAL TAX ASSESSED | 09-11-2000 | 0.00 |
| | 29254-635-06724-0 200035 | | |
| 700 | OVERPAID CREDIT APPLIED | 04-17-1989 | 774.00- |
| | 1040 198812 | | |
| 670 | SUBSEQUENT PAYMENT | 10-04-2000 | 95.20- |

PAGE NO-00[illegible] IRS EMPLOYEE 0644014086

DATE REQUESTED 03-06-2002 PRINT DATE 03-06-2002

FORM NUMBER: 1040 TAX PERIOD: DEC 1986

TAXPAYER IDENTIFICATION NUMBER: [redacted]
** SPOUSE TAXPAYER IDENTIFICATION NUMBER: [redacted]

LYMAN F & BEVERLY J DECD BUSH

BODC-SB BODCLC-V

<<<<POWER OF ATTORNEY/TAX INFORMATION AUTHORIZATION (POA/TIA) ON FILE>>>>

---- ANY MINUS BELOW SIGNIFIES A CREDIT AMOUNT ----

| | | |
|---|---|---|
| ACCOUNT BALANCE: | 0.00 | |
| ACCRUED INTEREST: | 0.00 | AS OF 01-01-2001 |
| ACCRUED PENALTY: | 0.00 | AS OF 01-01-2001 |
| ACCOUNT BALANCE PLUS ACCRUALS: | 0.00 | |

** EXEMPTIONS: 02 **FILING STATUS: MARRIED FILING JOINT

| | |
|---|---|
| ** ADJUSTED GROSS INCOME: | 181,863.00 |
| ** TAXABLE INCOME: | 118,385.00 |
| TAX PER RETURN: | 34,414.00 |

** PER RETURN OR AS ADJUSTED

04-15-1987 RETURN DUE DATE OR RETURN RECEIVED DATE (WHICHEVER IS LATER)
07-20-1987 PROCESSING DATE

TRANSACTIONS

| CODE | EXPLANATION | DATE | MONEY AMOUNT (IF APPLICABLE) |
|---|---|---|---|
| 150 | RETURN FILED AND TAX ASSESSED<br>29212113406097 | 07-20-1987 | 34,414.00 |
| 806 | CREDIT FROM WITHHELD TAXES & EXCESS FICA | 04-15-1987 | 13,953.00- |
| 610 | PAYMENT WITH RETURN | 04-16-1987 | 20,461.00- |
| 960 | RECEIVED POA/TIA | 01-22-1996 | |
| 962 | UPDATED POA/TIA | 11-02-1999 | |
| 961 | REMOVED POA/TIA | 01-17-2000 | |
| 977 | AMENDED RETURN FILED<br>29277-426-01679-0 | 12-31-1999 | 0.00 |
| 960 | RECEIVED POA/TIA | 02-21-2000 | |
| 300 | ADDITIONAL TAX ASSESSED BY EXAMINATION<br>29247-615-08014-0 200032 | 08-21-2000 | 0.00 |
| 300 | QUICK ASSESSMENT<br>29251-213-13010-0 | 07-31-2000 | 10,817.00 |
| 340 | RESTRICTED INTEREST ASSESSED<br>200033 | 07-31-2000 | 35,187.97 |
| 670 | SUBSEQUENT PAYMENT | 08-08-2000 | 46,004.97- |

PLAINTIFF'S EXHIBIT 2

PAGE NO-0001 IRS EMPLOYEE 0644014086

DATE REQUESTED 03-06-2002 PRINT DATE 03-06-2002

FORM NUMBER: 1040 TAX PERIOD: DEC 1987

TAXPAYER IDENTIFICATION NUMBER: [redacted]
** SPOUSE TAXPAYER IDENTIFICATION NUMBER: [redacted]

LYMAN F & BEVERLY J DECD BUSH

BODC-SB BODCLC-V

<<<<POWER OF ATTORNEY/TAX INFORMATION AUTHORIZATION (POA/TIA) ON FILE>>>>

---- ANY MINUS BELOW SIGNIFIES A CREDIT AMOUNT ----

| | | |
|---|---|---|
| ACCOUNT BALANCE: | 0.00 | |
| ACCRUED INTEREST: | 0.00 | AS OF 01-01-2001 |
| ACCRUED PENALTY: | 0.00 | AS OF 01-01-2001 |
| ACCOUNT BALANCE PLUS ACCRUALS: | 0.00 | |

** EXEMPTIONS: 02 **FILING STATUS: MARRIED FILING JOINT
** ADJUSTED GROSS INCOME: 156,782.00
** TAXABLE INCOME: 128,933.00
TAX PER RETURN: 26,913.00

** PER RETURN OR AS ADJUSTED

04-15-1988 RETURN DUE DATE OR RETURN RECEIVED DATE (WHICHEVER IS LATER)
07-18-1988 PROCESSING DATE

TRANSACTIONS

| CODE | EXPLANATION | DATE | MONEY AMOUNT (IF APPLICABLE) |
|---|---|---|---|
| 150 | RETURN FILED AND TAX ASSESSED 29222113058308 | 07-18-1988 | 27,626.80 |
| 610 | PAYMENT WITH RETURN | 04-15-1988 | 8,802.00- |
| 806 | CREDIT FROM WITHHELD TAXES & EXCESS FICA | 04-15-1988 | 18,184.00- |
| 170 | ESTIMATED TAX PENALTY 198827 | 07-18-1988 | 73.00 |
| 196 | INTEREST ASSESSED 198827 | 07-18-1988 | 16.67 |
| 670 | SUBSEQUENT PAYMENT | 07-29-1988 | 730.47- |
| 960 | RECEIVED POA/TIA | 01-22-1996 | |
| 962 | UPDATED POA/TIA | 11-02-1999 | |
| 961 | REMOVED POA/TIA | 01-17-2000 | |
| 977 | AMENDED RETURN FILED 29277-426-01677-0 | 12-31-1999 | 0.00 |
| 960 | RECEIVED POA/TIA | 02-21-2000 | |
| 300 | ADDITIONAL TAX ASSESSED BY EXAMINATION 29247-615-08013-0 200032 | 08-21-2000 | 0.00 |
| 300 | QUICK ASSESSMENT | 07-31-2000 | 9,635.00 |

******************************CONTINUED ON NEXT PAGE******************************

PLAINTIFF'S EXHIBIT 3

| | | | |
|---|---|---|---|
| | 29251-213-13011-0 | | |
| 340 | RESTRICTED INTEREST ASSESSED | 07-31-2000 | 26,729.62 |
| | 200033 | | |
| 670 | SUBSEQUENT PAYMENT | 08-08-2000 | 36,364.62- |

3 1C

**SCHEDULE K-1 (Form 1065)**
Department of the Treasury
Internal Revenue Service

# Partner's Share of Income, Credits, Deductions, etc.

▶ See separate instructions

OMB No. 1545-0099

**1995**

For calendar year 1995 or tax year beginning and ending

**Partner's identifying number** ▶ [redacted]

**Partnership's identifying number** ▶ 13-3109971

Partner's name, address, and ZIP code

LYMAN & BEVERLY BUSH
1217 122ND ST COURT E
TACOMA WA 98445

Partnership's name, address, and ZIP code

LONE WOLF MCQUADE ASSOCIATES
11 EAST 26 STREET
NEW YORK, NY 10010

A This partner is a ☐ general partner ☒ limited partner ☐ limited liability company member

B What type of entity is this partner? ▶ INDIVIDUAL

C Is this partner a ☒ domestic or a ☐ foreign partner?

D Enter partner's percentage of:

| | (i) Before change or termination | (ii) End of year |
|---|---|---|
| Profit sharing | % | 1.5806% |
| Loss sharing | % | 1.5806% |
| Ownership of capital | % | % |

E IRS Center where partnership filed return: HOLTSVILLE, NY

F Partner's share of liabilities (see instructions):
Nonrecourse $
Qualified nonrecourse financing $
Other $

G Tax shelter registration number ▶

H Check here if this partnership is a publicly traded partnership as defined in section 469(k)(2) ☐

I Check applicable boxes: (1) ☒ Final K-1 (2) ☐ Amended K-1

J **Analysis of partner's capital account:**

| (a) Capital account at beginning of year | (b) Capital contributed during year | (c) Partner's share of lines 3, 4, and 7, Form 1065, Schedule M-2 | (d) Withdrawals and distributions | (e) Capital account at end of year (combine columns (a) through (d)) |
|---|---|---|---|---|
| <103,828.> | 96,987. | 6,599. | ( <242.> ) | 0. |

| | | (a) Distributive share item | | (b) Amount | (c) 1040 filers enter the amount in column (b) on: |
|---|---|---|---|---|---|
| Income (Loss) | 1 | Ordinary income (loss) from trade or business activities | 1 | 10,219. | See pages 5 and 6 of Partner's Instructions for Schedule K-1 (Form 1065) |
| | 2 | Net income (loss) from rental real estate activities | 2 | | |
| | 3 | Net income (loss) from other rental activities | 3 | | |
| | 4 | Portfolio income (loss): | | | |
| | a | Interest | 4a | 15. | Sch. B, Part I, line 1 |
| | b | Dividends | 4b | | Sch. B, Part II, line 5 |
| | c | Royalties | 4c | | Sch. E, Part I, line 4 |
| | d | Net short-term capital gain (loss) | 4d | | Sch. D, line 5, col. (f) or (g) |
| | e | Net long-term capital gain (loss) | 4e | | Sch. D, line 13, col. (f) or (g) |
| | f | Other portfolio income (loss) | 4f | | Enter on applicable line of your return. |
| | 5 | Guaranteed payments to partner | 5 | | See page 6 of Partner's Instructions for Schedule K-1 (Form 1065). |
| | 6 | Net gain (loss) under section 1231 (other than due to casualty or theft) | 6 | | |
| | 7 | Other income (loss) | 7 | | Enter on applicable line of your return. |
| Deductions | 8 | Charitable contributions | 8 | | Sch. A, line 15 or 16 |
| | 9 | Section 179 expense deduction | 9 | | See page 7 of Partner's Instructions for Schedule K-1 (Form 1065). |
| | 10 | Deductions related to portfolio income | 10 | | |
| | 11 | Other deductions | 11 | | |
| Investment Interest | 12a | Interest expense on investment debts | 12a | | Form 4952, line 1 |
| | b | (1) Investment income included on lines 4a, 4b, 4c and 4f above | b(1) | 15. | See page 7 of Partner's Instructions for Schedule K-1 (Form 1065). |
| | | (2) Investment expenses included on line 10 above | b(2) | | |
| Credits | 13a | Low-income housing credit: | | | |
| | | (1) From section 42(j)(5) partnerships for property placed in service before 1990 | a(1) | | Form 8586, line 5 |
| | | (2) Other than on line 13a(1) for property placed in service before 1990 | a(2) | | |
| | | (3) From section 42(j)(5) partnerships for property placed in service after 1989 | a(3) | | |
| | | (4) Other than on line 13a(3) for property placed in service after 1989 | a(4) | | |
| | b | Qualified rehabilitation expenditures related to rental real estate activities (see instructions) | 13b | | See page 8 of Partner's Instructions for Schedule K-1 (Form 1065). |
| | c | Credits (other than credits shown on line 13a and 13b) related to rental real estate activities | 13c | | |
| | d | Credits related to other rental activities | 13d | | |
| | 14 | Other credits | 14 | | |

For Paperwork Reduction Act Notice, see Instructions for Form 1065. Schedule K-1 (Form 1065) 1995

510K11 01/22/96

PLAINTIFF'S EXHIBIT 4

Schedule K-1 (Form 1065) (1995)



| | (a) Distributive share item | | (b) Amount | (c) 1040 filers enter the amount in column (b) on: |
|---|---|---|---|---|
| Self-employment | 15 a Net earnings (loss) from self-employment | 15a | | Sch. SE, Section A or B |
| | b Gross farming or fishing income | 15b | | See page 8 of Partner's Instructions for Schedule K-1 (Form 1065). |
| | c Gross nonfarm income | 15c | | |
| Adjustments and Tax Preference Items | 16 a Depreciation adjustment on property placed in service after 1986 | 16a | | See page 8 and 9 of Partner's Instructions for Schedule K-1 (Form 1065) and Instructions for Form 6251. |
| | b Adjusted gain or loss | 16b | | |
| | c Depletion (other than oil and gas) | 16c | | |
| | d (1) Gross income from oil, gas, and geothermal properties | d(1) | | |
| | (2) Deductions allocable to oil, gas, and geothermal properties | d(2) | | |
| | e Other adjustments and tax preference items | 16e | | |
| Foreign Taxes | 17 a Type of income ▶ | | | Form 1116, check boxes |
| | b Name of foreign country or U.S. possession ▶ | | | |
| | c Total gross income from sources outside the U.S. (attach schedule) | 17c | | Form 1116, Part I |
| | d Total applicable deductions and losses (attach schedule) | 17d | | |
| | e Total foreign taxes (check one): ▶ ☐ Paid ☐ Accrued | 17e | | Form 1116, Part II |
| | f Reduction in taxes available for credit (attach schedule) | 17f | | Form 1116, Part III |
| | g Other foreign tax information (attach schedule) | 17g | | See Instructions for Form 1116 |
| Other | 18 Section 59(e)(2) expenditures: a Type ▶ | | | See page 8 of Partner's Instructions for Schedule K-1 (Form 1065). |
| | b Amount | 18b | | |
| | 19 Tax-exempt interest income | 19 | | Form 1040, line 8b |
| | 20 Other tax-exempt income | 20 | | See page 9 of Partner's Instructions for Schedule K-1 (Form 1065) |
| | 21 Nondeductible expenses SEE SCHEDULE 10 | 21 | 3,635. | |
| | 22 Distributions of money (cash and marketable securities) | 22 | | |
| | 23 Distributions of property other than money | 23 | <243.> | |
| | 24 Recapture of low-income housing credit: | | | |
| | a From section 42(j)(5) partnerships | 24a | | Form 8611, line 8 |
| | b Other than on line 24a | 24b | | |

**Supplemental Information**

25 Supplemental information required to be reported separately to each partner (attach additional schedules if more space is needed):

510K12 12/22/95

LONE WOLF MCQUADE ASSOCIATES 13-3109971

SCHEDULE K-1 - NONDEDUCTIBLE EXPENSE SCHEDULE 10

| DESCRIPTION | AMOUNT |
| --- | --- |
| SYNDICATION EXPENSE | 3635. |
| TOTAL TO SCHEDULE K1 LINE 21 | 3635. |

SCHEDULE K-1 (Form 1065)
Department of the Treasury
Internal Revenue Service

# Partner's Share of Income, Credits, Deductions, etc.

▶ See separate instructions

For calendar year 1995 or tax year beginning ______ and ending ______

9 2D
OMB No. 1545-0099
**1995**

Partner's identifying number ▶ [redacted]
Partner's name, address, and ZIP code

LYMAN BUSH
1217 122ND ST COURT E
TACOMA WA 98445

Partnership's identifying number ▶ 11-2678807
Partnership's name, address, and ZIP code

CINEMA 84-REGISTRATION NO 84272000294
11 EAST 26TH STREET
NEW YORK, NY 10010

A This partner is a [ ] general partner [X] limited partner [ ] limited liability company member
B What type of entity is this partner? ▶ INDIVIDUAL
C Is this partner a [X] domestic or a [ ] foreign partner?
D Enter partner's percentage of: (i) Before change or termination / (ii) End of year
Profit sharing ______ % .4083%
Loss sharing ______ % .4083%
Ownership of capital ______ % ______ %
E IRS Center where partnership filed return: HOLTSVILLE, NY

F Partner's share of liabilities (see instructions):
Nonrecourse $ ______
Qualified nonrecourse financing $ ______
Other $ ______
G Tax shelter registration number ▶ 84272000294
H Check here if this partnership is a publicly traded partnership as defined in section 469(k)(2) [ ]
I Check applicable boxes: (1) [X] Final K-1 (2) [ ] Amended K-1

J Analysis of partner's capital account:

| (a) Capital account at beginning of year | (b) Capital contributed during year | (c) Partner's share of lines 3, 4, and 7, Form 1065, Schedule M-2 | (d) Withdrawals and distributions | (e) Capital account at end of year (combine columns (a) through (d)) |
|---|---|---|---|---|
| <83,917.> | 87,442. | <1,401.> | ( 2,124.) | 0. |

| | | (a) Distributive share item | | (b) Amount | (c) 1040 filers enter the amount in column (b) on: |
|---|---|---|---|---|---|
| INCOME/LOSS | 1 | Ordinary income (loss) from trade or business activities | 1 | <1,416.> | See pages 5 and 6 of Partner's Instructions for Schedule K-1 (Form 1065) |
| | 2 | Net income (loss) from rental real estate activities | 2 | | |
| | 3 | Net income (loss) from other rental activities | 3 | | |
| | 4 | Portfolio income (loss): | | | |
| | a | Interest | 4a | 15. | Sch. B, Part I, line 1 |
| | b | Dividends | 4b | | Sch. B, Part II, line 5 |
| | c | Royalties | 4c | | Sch. E, Part I, line 4 |
| | d | Net short-term capital gain (loss) | 4d | | Sch. D, line 5, col. (f) or (g) |
| | e | Net long-term capital gain (loss) | 4e | | Sch. D, line 13, col. (f) or (g) |
| | f | Other portfolio income (loss) | 4f | | Enter on applicable line of your return. |
| | 5 | Guaranteed payments to partner | 5 | | See page 6 of Partner's Instructions for Schedule K-1 (Form 1065). |
| | 6 | Net gain (loss) under section 1231 (other than due to casualty or theft) | 6 | | |
| | 7 | Other income (loss) | 7 | | Enter on applicable line of your return. |
| DEDUCTIONS | 8 | Charitable contributions | 8 | | Sch. A, line 15 or 16 |
| | 9 | Section 179 expense deduction | 9 | | See page 7 of Partner's Instructions for Schedule K-1 (Form 1065). |
| | 10 | Deductions related to portfolio income | 10 | | |
| | 11 | Other deductions | 11 | | |
| Investment Interest | 12a | Interest expense on investment debts | 12a | | Form 4952, line 1 |
| | b | (1) Investment income included on lines 4a, 4b, 4c and 4f above | b(1) | 15. | See page 7 of Partner's Instructions for Schedule K-1 (Form 1065). |
| | | (2) Investment expenses included on line 10 above | b(2) | | |
| CREDITS | 13a | Low-income housing credit: | | | |
| | | (1) From section 42(j)(5) partnerships for property placed in service before 1990 | a(1) | | Form 8586, line 5 |
| | | (2) Other than on line 13a(1) for property placed in service before 1990 | a(2) | | |
| | | (3) From section 42(j)(5) partnerships for property placed in service after 1989 | a(3) | | |
| | | (4) Other than on line 13a(3) for property placed in service after 1989 | a(4) | | |
| | b | Qualified rehabilitation expenditures related to rental real estate activities (see instructions) | 13b | | See page 8 of Partner's Instructions for Schedule K-1 (Form 1065). |
| | c | Credits (other than credits shown on line 13a and 13b) related to rental real estate activities | 13c | | |
| | d | Credits related to other rental activities | 13d | | |
| | 14 | Other credits | 14 | | |

For Paperwork Reduction Act Notice, see Instructions.

Schedule K-1 (Form 1065) 1995

510K11 01/22/96

PLAINTIFF'S EXHIBIT 5

Schedule K-1 (Form 1065) (1995) Page 2

| | | (a) Distributive share item | | (b) Amount | (c) 1040 filers enter the amount in column (b) on: |
|---|---|---|---|---|---|
| Self-employment | 15 a | Net earnings (loss) from self-employment | 15a | | Sch. SE, Section A or B |
| | b | Gross farming or fishing income | 15b | | See page 8 of Partner's Instructions for Schedule K-1 (Form 1065). |
| | c | Gross nonfarm income | 15c | | |
| Adjustments and Tax Preference Items | 16 a | Depreciation adjustment on property placed in service after 1986 | 16a | | See page 8 and 9 of Partner's Instructions for Schedule K-1 (Form 1065) and Instructions for Form 6251. |
| | b | Adjusted gain or loss | 16b | | |
| | c | Depletion (other than oil and gas) | 16c | | |
| | d | (1) Gross income from oil, gas, and geothermal properties | d(1) | | |
| | | (2) Deductions allocable to oil, gas, and geothermal properties | d(2) | | |
| | e | Other adjustments and tax preference items | 16e | | |
| Foreign Taxes | 17 a | Type of income ▶ | | | Form 1116, check boxes |
| | b | Name of foreign country or U.S. possession ▶ | | | |
| | c | Total gross income from sources outside the U.S. (attach schedule) | 17c | | Form 1116, Part I |
| | d | Total applicable deductions and losses (attach schedule) | 17d | | |
| | e | Total foreign taxes (check one): ▶ ☐ Paid ☐ Accrued | 17e | | Form 1116, Part II |
| | f | Reduction in taxes available for credit (attach schedule) | 17f | | Form 1116, Part III |
| | g | Other foreign tax information (attach schedule) | 17g | | See Instructions for Form 1116 |
| Other | 18 | Section 59(e)(2) expenditures: a Type ▶ | | | See page 8 of Partner's Instructions for Schedule K-1 (Form 1065). |
| | b | Amount | 18b | | |
| | 19 | Tax-exempt interest income | 19 | | Form 1040, line 8b |
| | 20 | Other tax-exempt income | 20 | | See page 9 of Partner's Instructions for Schedule K-1 (Form 1065) |
| | 21 | Nondeductible expenses | 21 | | |
| | 22 | Distributions of money (cash and marketable securities) | 22 | 2,124. | |
| | 23 | Distributions of property other than money | 23 | | |
| | 24 | Recapture of low-income housing credit: | | | |
| | a | From section 42(j)(5) partnerships | 24a | | Form 8611, line 8 |
| | b | Other than on line 24a | 24b | | |

SUPPLEMENTAL INFORMATION

25 Supplemental information required to be reported separately to each partner (attach additional schedules if more space is needed):

UNITED STATES TAX COURT

RECEIVED
PETITIONS
'91 OCT -7 A11:55
UNITED STATES
TAX COURT

FILED
'91 OCT -7 A11:57
UNITED STATES
TAX COURT

GREENBERG BROTHERS PARTNERSHIP #12
(a/k/a LONE WOLF MCQUADE ASSOCIATES),
RICHARD M. GREENBERG, TAX MATTERS PARTNER,
Petitioner,

v.

COMMISSIONER OF INTERNAL REVENUE,

Respondent.

Docket No. 22780-91

MAIL CLERK
ADMISSIONS
RECORDED & SERVED
PUB. FILES

PETITION FOR READJUSTMENT OF PARTNERSHIP ITEMS UNDER CODE SECTION 6226

Petitioner hereby petitions for a readjustment of the partnership items set forth by the Commissioner of Internal Revenue (the "Commissioner") in his Notices of Final Partnership Administrative Adjustment dated July 8, 1991. As the basis for the case Petitioner alleges as follows:

1. Richard M. Greenberg is the Tax Matters Partner and is the pleader on behalf of Greenberg Brothers Partnership #12.

2. Richard M. Greenberg's address is 270 Greenwich Avenue, Greenwich, Connecticut 06830.

3. Greenberg Brothers Partnership #12 (13-3109971), whose principal place of business at the time this petition is being filed is 270 Greenwich Avenue, Greenwich, Connecticut 06830, filed federal income tax returns for the taxable years ending December 31, 1983, December 31, 1984, December 31, 1985

PLAINTIFF'S EXHIBIT 6

SERVED OCT - 9 1991

and December 31, 1986 with the Internal Revenue Service Center in Andover, Massachusetts.

4. The statutory Notices of Final Partnership Administrative Adjustment (copies of which are attached hereto and marked Exhibit "A") were mailed to Petitioner on or about July 8, 1991 and were issued by the Appeals Office of the Internal Revenue Service in New York, New York.

5. The adjustments set forth in the Notices of Final Partnership Administrative Adjustment are based on the following erroneous determinations:

(a) The Commissioner erred in determining that Greenberg Brothers Partnership #12 (the "Partnership") did not acquire the benefits and burdens of ownership in the motion pictures entitled "Lone Wolf McQuade" and "Strange Invaders" (the "Films") and that therefore the loss deductions claimed by the Partnership based on its purchase of the Films should be disallowed.

(b) The Commissioner erred in determining, in the alternative to (b) above, that the Partnership's acquisition of the Films was not an activity entered into for profit and that therefore any deductions to which the Partnership is entitled should be allowed only to the extent of Partnership income in accordance with, and in the manner provided by, Sections 183(b)(1) and 183(b)(2) of the Code.

(c) The Commissioner erred in determining that the deductions claimed by the Partnership should not be allowed for the following reasons:

(i) The Commissioner erred in determining that the method of depreciation does not bear a proper relationship to a decline in the Films' usefulness, that the fair market value of the Films has not been established and that therefore the deductions attributable to depreciation should be disallowed.

(ii) The Commissioner erred in determining, in the alternative to (i) above, that the note provided as partial consideration for the Films (the "Note") lacks economic substance, is contingent and is not a present liability, that the Note cannot be considered a Partnership liability and cannot be added to the cost or depreciable basis of the Films and that therefore the portion of the depreciation deductions attributable to the amount of the Note should be disallowed.

(iii) The Commissioner erred in determining that the deduction claimed for interest expense has not been substantiated, that it has not been established that the amounts claimed were in fact paid or incurred or if paid or incurred were for the purpose stated and that therefore the deduction for interest expense should be disallowed.

(iv) The Commissioner erred in determining that the loan represented by the Note is contingent and

therefore is not a present liability and that therefore the deduction for interest expense should be disallowed.

(v) The Commissioner erred in determining that the deductions claimed for the 1983 taxable year for guaranteed payments to partners, advertising, advertising consulting fee, professional fees and amortization have not been substantiated, that it has not been shown that the amounts claimed were paid or incurred or if paid or incurred were for the purposes stated or were not nondeductible syndication costs of the Partnership and that therefore the deductions claimed for these expenses should be disallowed.

(vi) The Commissioner erred in determining that the deductions claimed for the 1984 taxable year for guaranteed payments to partners, legal fees, accounting fees, amortization and other miscellaneous expenses have not been substantiated, that it has not been shown that the amounts claimed were paid or incurred or if paid or incurred were for the purposes stated or were not nondeductible syndication costs of the Partnership and that therefore the deductions claimed for these expenses should be disallowed.

(vii) The Commissioner erred in determining that the deductions claimed for the 1985 taxable year for guaranteed payments to partners, legal fees, accounting fees and amortization have not been substantiated, that it has not been shown that the amounts claimed were paid or incurred or if paid or incurred were for the purposes stated or were not

nondeductible syndication costs of the Partnership and that therefore the deductions claimed for these expenses should be disallowed.

(viii) The Commissioner erred in determining that the deductions claimed for the 1986 taxable year for guaranteed payments to partners, legal fees, accounting fees, office expenses and amortization have not been substantiated, that it has not been shown that the amounts claimed were paid or incurred or if paid or incurred were for the purposes stated or were not nondeductible syndication costs of the Partnership and that therefore the deductions claimed for these expenses should be disallowed.

(ix) The Commissioner erred in determining that the fair market value of the Films has not been established, that the Note lacks economic substance and that therefore each partner's proportionate share of the Note should not be included in his basis in his Partnership interest.

(x) The Commissioner erred in determining that, if it is decided that the disallowed Partnership deductions are allowable in whole or in part, the Note is nonrecourse in substance, that payments under the Note are not required and have not been made, that the terms of the distribution agreement constitute a stop loss agreement and that the Partnership is protected against loss on the Note, that Orion Pictures Company has an interest in the activity other than as a creditor and that therefore the Partnership should be precluded from considering

the Note in the at-risk computation under the provisions of Section 465 of the Code.

(xii) The Commissioner erred in determining that the Partnership did not acquire the benefits and burdens of ownership in the Film, that the Partnership's motion picture activity was not entered into for profit, that the Film is not property subject to an allowance for depreciation, that the amount of qualified investment and the extent of entitlement to the credit have not been established and that therefore no investment tax credit should be allowed.

(xiii) The Commissioner erred in determining that the Partnership's ordinary income for the 1983 taxable year should be adjusted and that therefore the amounts reported as net earnings from self-employment and net investment income should be adjusted to reflect the adjustments to ordinary income.

(xiv) The Commissioner erred in determining that the Partnership's ordinary income for the 1984 taxable year should be adjusted and that therefore the amounts reported as qualified investment income and qualified investment expense should be adjusted to reflect the adjustments to ordinary income for those taxable years.

(xv) The Commissioner erred in determining that the Partnership's ordinary income for the 1985 taxable year should be adjusted and that therefore the amounts reported as net earnings from self-employment, qualified investment income and

qualified investment expense should be adjusted to reflect the adjustments to ordinary income.

(xvi) The Commissioner erred in determining that the Partnership's ordinary income for the 1986 taxable year should be adjusted and that therefore the amounts reported as qualified investment income and qualified investment expense should be adjusted to reflect the adjustments to ordinary income.

(xvii) The Commissioner erred in determining that the Partnership has improperly taken deductions and/or credits due to negligence or intentional disregard of rules or regulations and that therefore the partners of the Partnership should be subject to penalties under Section 6653(a) of the Code.

(xviii) The Commissioner erred in determining that the Partnership overstated the value of the Film and that therefore the partners of the Partnership should be subject to penalties under Section 6659 of the Code.

(xix) The Commissioner erred in determining that the Partnership has improperly taken deductions and/or credits for tax motivated reasons, that the transactions were tax motivated and that therefore the annual rate of interest payable on the partners' taxes for the 1983-1986 taxable years should be 120 percent of the adjusted rate established under Section 6621 of the Code.

(xx) The Commissioner erred in determining that the Partnership substantially understated its taxable income for the 1983-1986 taxable years and that therefore to the extent

that the Section 6659 penalty does not apply, the partners of the Partnership should be subject to an addition to tax under Section 6661 of the Code.

6. The facts upon which Petitioner relies as the basis for the case are as follows:

(a) With respect to the Partnership during the 1983-1986 taxable years, Petitioner relies on the following facts:

(i) During the 1983-1986 taxable years, the Partnership was engaged in the business of owning, distributing and otherwise exploiting for profit both of the Films. "Lone Wolf McQuade" was directed and co-produced by Steve Carver. "Strange Invaders" was produced by Walter Coblenz and directed by Michael Laughlin. The Partnership purchased the Films from Orion Pictures Company (the "Seller"), an unrelated party, for $50,000 cash and the Note, which was a full recourse note in the amount of $10,550,000. In addition, the Partnership entered into a distribution agreement with the Seller pursuant to which the Partnership became entitled to receive license fees payable if the Films generated certain levels of gross receipts.

(ii) The purchase price of the Films was based on their production costs, was negotiated at arm's length with an unrelated party and therefore was equal to the Films' fair market value.

(iii) The transactions engaged in by the Partnership were bona fide arm's-length transactions at fair

market value, were entered into for profit and have economic substance.

(iv) The Films are tangible personal property for purposes of the investment tax credit.

(v) The amount of qualified investment and the extent of entitlement to the investment tax credit have been established.

(vi) Each partner assumed his proportionate share of the Note. Upon assuming his share of the Note, each partner was personally liable to the Seller on a full recourse basis. Thus, each partner is "at risk" for the full amount of his proportionate share of the Note.

(vii) The Note has economic substance, is a present liability and should therefore be included in the cost of the Films for purposes of depreciation and each partner's proportionate share of the Note should be included in the his basis in his Partnership interest.

(viii) The method of depreciation used and amount of depreciation claimed by the Partnership bear a proper relationship to the decline in the Films' usefulness.

(ix) "Lone Wolf McQuade" was placed in service by the Partnership on April 15, 1983, at which time it was released in 1,221 motion picture theaters.

(x) "Strange Invaders" was placed in service by the Partnership on September 16, 1983, at which time it was released in 274 motion picture theaters.

(xi) The amounts claimed as deductions for guaranteed payments to partners, office expenses, legal fees, amortization, accounting fees, advertising, advertising consulting fees, professional fees and other miscellaneous expenses were in fact incurred, constitute ordinary and necessary business expenses, are reasonable, are not excessive, have been substantiated and were not incurred for nondeductible syndication costs of the Partnership.

(xii) Each partner had a basis in his interest in the Partnership in excess of his distributive share of the losses and deductions incurred by the Partnership during 1983, 1984, 1985 and 1986.

(b) The adjustments and allegations set forth in the Notices of Final Partnership Administrative Adjustment are completely arbitrary and unjustified.

(c) The Partnership's deductions and/or credits have not been taken due to negligence or intentional disregard of rules and regulations.

(d) The Partnership has not overstated the value of the Films and any resulting alleged understatements of tax by the partners are not attributable to valuation overstatements.

(e) The Partnership has not substantially understated its taxable income for the taxable years involved.

(f) The Partnership has not taken deductions and/or credits for tax motivated reasons and the transactions involved were not tax motivated transactions.

6. Petitioner further asserts that, in the event any partner should make any payment to Respondent stemming from the adjustments set forth in the Notices of Final Partnership Administrative Adjustment (or any portion thereof) and it is subsequently determined he is not liable for the portion of the deficiency paid, the partner will then be entitled to a refund of the overpayment together with interest thereon as provided by law.

WHEREFORE, Petitioner prays that this Court try the case and:

1. Determine that there should be no adjustments to Partnership items for the years in issue.

2. Determine that Petitioner and all partners of the Partnership are not subject to the provisions of Section 6653 of the Code.

3. Determine that Petitioner and all partners of the Partnership are not subject to the provisions of Section 6659 of the Code.

4. Determine that Petitioner and all partners of the Partnership are not subject to the provisions of Section 6661 of the Code.

5. Determine that Petitioner and all partners of the Partnership are not subject to the provisions of Section 6621 of the Code.

6. Grant Petitioner such other and further relief to which Petitioner may be entitled.

DATED: October 4, 1991

Peter L. Faber
T.C. Bar No. FP0119
Kaye, Scholer, Fierman, Hays & Handler
425 Park Avenue
New York, New York 10022
(212) 836-8212
Attorneys for Petitioner

**EXHIBIT A**

Internal Revenue Service
Regional Director of Appeals

Department of the Treasury

903-419-881

Date: JUL 8 1991

Name of Partnership: Greenberg Brothers Partnership No. 12 A/K/A Lone Wolf McQuade Assoc.
Taxpayer Identifying Number: 13-3109971
Tax Year Ended: December 31, 1983
Date FPAA Mailed to Tax Matters Partner: JUL 8 1991
Person to Contact: Maurice S. Stein
Contact Telephone Number: (212) 264-7616

Tax Matters Partner
Greenberg Brothers Partnership No. 12
A/K/A Lone Wolf McQuade Associates
60 Madison Avenue
New York, N.Y. 10010

Dear Partner:

**NOTICE OF FINAL PARTNERSHIP ADMINISTRATIVE ADJUSTMENT**

We have determined that there are adjustments to the partnership return as shown on the attached schedule of adjustments, Form 870-P, Agreement to Assessment and Collection of Deficiency in Tax for Partnership Adjustments. This letter is the notice of Final Partnership Administrative Adjustment (FPAA).

If you want to enter into a binding settlement to treat partnership items consistently with the treatment of the items on the partnership return as modified by the FPAA, please sign and return the enclosed Form 870-P. Signing and returning Form 870-P constitutes a settlement offer by you. If the Commissioner accepts your offer of settlement, the treatment of partnership items under the settlement will be binding and will not be affected by any later judicial determination.

If you are the tax matters partner (the partnership representative who deals with the IRS) and want to contest these adjustments in court, you have 90 days from the date this letter was mailed to file a petition for a readjustment of the partnership items with the United States Tax Court, the United States Claims Court, or the District Court of the United States for the district in which the partnership's principal place of business is located. During this 90-day period, no other partner may file a petition for judicial review and the filing of a petition by the tax matters partner precludes all other actions.

If the tax matters partner has NOT filed a petition by the 90th day from the date the FPAA was mailed, any other partner entitled to receive this notice under section 6223 of the Internal Revenue Code (or any group of partners who together have an interest of 5 percent or more in the profits of the partnership (5-percent group)) may petition one of these courts after the 90th day, but on or before the 150th day, from the date the FPAA was mailed to the tax matters partner. Only one petition to the court is allowed. If more than one petition is filed, the first petition filed in the Tax Court will go forward. All other petitions (even those filed earlier) will be dismissed. If no petition is filed in the Tax Court, the first petition filed in one of the other courts will go forward and subsequent petitions will be dismissed.

(over)

Form 870-P(AD) (June 1988)

Department of the Treasury — Internal Revenue Service

## Settlement Agreement For Partnership Adjustments

| Taxpayer(s) name(s), address, and zip code | Name of Partnership | Tax Year(s) Ended |
|---|---|---|
| Tax Matters Partner<br>Greenberg Brothers Partnership No.12<br>A/K/A Lone Wolf McQuade Associates<br>Two Soundview Drive<br>Greenwich, CT 06830-6471 | Greenberg Brothers Partnership No.12<br>A/K/A Lone Wolf McQuade Associates<br>Taxpayer Identifying Number: 13-3109971 | December 31, 1983 |
| Taxpayer Identifying Number: 13-3109971 | Name of Tax Matters Partner<br>Richard M. Greenberg | |

Under the provisions of section 6224(c) of the Internal Revenue Code, the undersigned offers to enter into a settlement agreement with respect to the determination of partnership items of the partnership for the year(s) shown on the attached schedule of adjustments. The undersigned, in accordance with the provisions of section 6224(b) of the Code, also offers to waive the restrictions on the assessment and collection of any deficiency attributable to partnership items (with interest as required by law) provided in section 6225(a).

This offer is subject to acceptance for the Commissioner of the Internal Revenue Service. It will take effect as a waiver of restrictions on the date it is accepted. Unless and until it is accepted, it will have no force or effect.

If this offer is accepted for the Commissioner, the treatment of partnership items under this agreement will not be reopened in the absence of fraud, malfeasance, or misrepresentation of fact; and no claim for refund or credit based on any change in the treatment of partnership items may be filed or prosecuted.

| | |
|---|---|
| Signature of taxpayer | Date |
| Signature of taxpayer | Date |
| By (Signature and title) | Date |

If this offer is executed by a tax matters partner, please include title with the signature.

**Note:** The execution and filing of this offer will expedite the adjustment of tax liability.

If this offer is executed with respect to a year for which a JOINT RETURN OF A HUSBAND AND WIFE was filed, it must be signe by both spouses, unless one spouse, acting under a power of attorney, signs as agent for the other.

If a taxpayer is a corporation, the offer must be signed with the corporate name followed by the signature and title of the officer authorized to sign.

This offer may be executed by the taxpayer's attorney or agent provided this action is specificallly authorized by a power of attorne which, if not previously filed, must accompany this form.

The submission of this offer by you and the acceptance of the offer for the Commissioner may result in an additional tax liability to you plus interest as provided by law. If the result is a decrease in tax, the amount of the decrease will be sent to you with interest as provided by law.

| For Internal Revenue Use Only | Date accepted for Commissioner | Signature |
|---|---|---|
| | Office | Title |

0025

Department of the Treasury — Internal Revenue Service

## Settlement Agreement For Partnership Adjustments

### Schedule of Adjustments

Name of Partnership Greenberg Brothers Partnership No.12
A/K/A Lone Wolf McQuade Associates
Taxpayer Identifying Number: 13-3109971

| | Tax Year(s) Ended | | |
|---|---|---|---|
| | 12/31/83 | | |
| **Detail of Adjustments To Ordinary Income** | | | |
| 1. Depreciation | $1,137,007 | | |
| 2. Interest | 540,932 | | |
| 3. Guaranteed Payments to Partners | 262,000 | | |
| 4. Advertizing | 1,795,000 | | |
| 5. Advertizing Consulting Fee | 350,000 | | |
| 6. Professional Fees | 59,939 | | |
| 7. Amortization | 3,948 | | |
| 8. Gross Receipts | ( 351,667) | | |
| 9. Interest Income | ( 13,173) | | |
| Total Adjustments To Ordinary Income | $3,783,986 | | |
| Other Adjustment: Qualified Investment Tax Credit Property | | | |
| (1) Adjustment | (9,865,412) | | |
| (2) As Reported | 9,865,412 | | |
| (3) Corrected | -0- | | |
| Other Adjustment: Net Earnings From Self-Employment | | | |
| (1) Adjustment | 38,687 | | |
| (2) As Reported | 223,313 | | |
| (3) Corrected | 262,000 | | |

**Remarks**

Other Adjustment: Net Investment Income (Loss)

| | |
|---|---|
| (1) Adjustment | 3,708,298 |
| (2) As Reported | (3,708,298) |
| (3) Corrected | -0- |

Other Adjustment: Partnership Note

The partnership note with Orion Pictures Corporation is determined to be non-recourse in substance because the partnership is protected against loss on the note and Orion Pictures Corporation has an interest in the activity other than as a creditor.

0026

GREENBERG BROTHERS PARTNERSHIP NO. 12
a/k/a LONE WOLF McQUADE ASSOCIATES
EIN: 13-3109971

EXPLANATION OF ADJUSTMENTS
TAXABLE YEAR ENDED DECEMBER 31, 1983

I. Adjustments To Ordinary Income

A. 1. It is determined that the deductions claimed by the partnership based on its claimed purchase of the films "Lone Wolf McQuade" and "Strange Invaders" are disallowed because in substance the partnership did not acquire the benefits and burdens of ownership in the films and is, therefore, not entitled to any of the deductions claimed.

2. In the alternative, if it is determined that the partnership acquired ownership interests in the films it is determined that acquisition of the films was not an activity entered into for profit under Section 183(a). Accordingly, any deductions claimed which have not been disallowed in full for the specific reasons set forth in Section B, below, are only allowed to the extent of partnership income in accordance with, and in the manner provided by, Sections 183(b)(1) and 183(b)(2).

B. It is further determined that the following partnership deductions are disallowed for the specific reasons stated:

1. Depreciation

a. It is determined that the deduction attributable to depreciation is disallowed because the method of depreciation does not bear a proper relationship to a decline in the films' usefulness and, in any event, the fair market value of the films has not been established.

b. Alternatively, it is determined that the portion of the depreciation deduction attributable to the amount of the note to Orion Pictures Company is disallowed because said note lacks economic substance, it is contingent and is not a present liability. Therefore, the note cannot be considered a partnership liability and cannot be added to the cost or depreciable basis of the film.

| Film Title | Amount of Note |
|---|---|
| Lone Wolf McQuade | $10,550,000.00 |
| Strange Invaders | |

GREENBERG BROTHERS PARTNERSHIP NO. 12
a/k/a LONE WOLF McQuade Associates
EIN: 13-3109971

EXPLANATION OF ADJUSTMENTS
TAXABLE YEARS ENDED DECEMBER 31, 1983

2. Interest Expense

a. It is determined that the deduction claimed for interest expense is not deductible because it has not been established that the amounts claimed were in fact paid or incurred and if paid or incurred were for the purpose stated, nor have you substantiated such deduction; and

b. The loan represented by the note is contingent and not a present liability.

3. Guaranteed Payments To Partners

4. Advertising

5. Avertising Consulting Fee

6. Professional Fees

7. Amortization

a. It is determined that the deductions shown above as numbers 3. through 7. are disallowed because it has not been established that the amounts claimed were in fact paid or incurred and if paid or incurred were for the purposes stated, nor have you substantiated such deductions; and

b. The deductions shown above as numbers 3. through 7., if in fact incurred, were incurred for nondeductible syndication cost of the partnership.

GREENBERG BROTHERS PARTNERSHIP NO. 12
a/k/a LONE WOLF McQUADE ASSOCIATES
EIN: 13-3109971

December 31, 1983

FOR INFORMATION PURPOSES ONLY

The explanations stated below are provided for your information. The explanations state the reasons why the stated penalties, interest on tax motivated transactions and/or the provisions of I.R.C. section 465 may be asserted after the partnership proceedings have been completed. The Court will not have jurisdiction to consider the partners' penalties or loss deduction limitation under sec. 465 raised in this Notice of Final Partnership Administrative Adjustment (FPAA) pursuant to Internal Revenue Code Sections 6231(a)(3) and 6626(f). Thus, you should not raise any penalty or loss limitation issue should you decide to petition the Court with respect to this FPAA.

I.R.C. Section 465

It has been determined that the partners are subject to the provisions of Section 465 of the Internal Revenue Code. You will not be allowed to increase your basis for claiming losses by your assumption agreement since: (1) the terms of the purchase and distribution agreements constitute a stop loss agreement protecting you from loss, and (2) the creditor has an interest other than as a creditor.

Section 6621(c) Tax Motivated Interest

It is determined that the partnership for 1983 has improperly taken deductions and/or credits for tax motivated reasons. Penalty I.R.C. Section 6621(c) is applicable at the individual partner level and will be raised in separate proceedings at the partner level following the present partnership proceeding.

This shelter is deemed to be a tax motivated transaction. As such, the adjustments to the investors returns from this entity are subject to I.R.C. §6621(c). Interest accruing after 12/31/84 with respect to a substantial understatement of over $1,000.00 for any tax year will be imposed at an annual rate equal to 120% of the normal interest rate on the deficiency.

GREENBERG BROTHERS PARTNERSHIP NO. 12
a/k/a LONE WOLF McQUADE ASSOCIATES
E.I.N. 13-3109971

December 31, 1983

FOR INFORMATION PURPOSES ONLY

I.R.C. Section 6653(a)

It is determined that the partnership for 1983 has improperly taken deductions and/or credit due to negligence or intentional disregard of rules and regulations. Penalty I.R.C. Section 6653(a)(1) and (2) are applicable at the individual partner level and will be raised in separate proceedings at the partner level following the present partnership proceeding.

I.R.C. Section 6659

It is determined that the partnership for 1983 overstated the value of the film. The penalty provision of I.R.C. Section 6659 is applicable at the individual partner level and will be raised in separate proceedings at the partner level following the present partnership proceeding.

I.R.C. Section 6661

In the alternative to the application of I.R.C. Section 6659, it is determined that the partnership for 1983 substantially understated its tax income. Penalty I.R.C. Section 6661 is applicable at the individual partner level and will be raised in separate proceedings at the partner level following the present partnership proceeding.

GREENBERG BROTHERS PARTNERSHIP NO. 12
a/k/a LONE WOLF MCQUADE ASSOCIATES
EIN: 13-3109971

EXPLANATION OF ADJUSTMENTS
TAXABLE YEAR ENDED DECEMBER 31, 1983

ALTERNATIVE POSITION

A. Alternatively, because the fair market value of the films has not been established, and because the note to which the films are nominally subject lacks economic substance, said note cannot be included in your basis in the films.

B. Alternatively, if it decided that the disallowed partnership deductions are allowable in whole or in part, then it is determined that you are subject to the provisions of Section 465. The partnership note held by Orion Pictures Corporation is determined to be nonrecourse in substance because payments under this note are not required and have not been made. Therefore, the partnership is protected against loss on the note. Additionally, Orion Pictures Corporation has an interest in the activity other than as a creditor.

II. Other Adjustments

A. Qualified Investment Tax Credit Property

It is determined that no investment tax credit is allowable since the partner ship did not acquire the benefits and burdens of ownership of the films, or altern tively, the partnership motion picture activity was not entered into for profit and the movies are not property subject to an allowance for depreciation. Further more, the investment tax credit is disallowed because you have not established the amount, if any, of qualified investment and the extent, if any, of entitlement to the credit.

B. Net Earnings From Self-Employment

C. Net Investment Income

The amounts reported as net earnings from self-employment and net investment income are adjusted to reflect the adjustments to ordinary income.

D. Partnership Note

See explanation for Alternative Position B., above.

Internal Revenue Service
Regional Director of Appeals

Department of the Treasury

Date: JUL 08 1991

Name of Partnership: Greenberg Brothers Partnership No.12 A/K/A Lone Wolf McQuade Associate
Taxpayer Identifying Number: 13-3109971
Tax Year Ended: December 31, 1984
Date FPAA Mailed to Tax Matters Partner: JUL 08 1991
Person to Contact: Maurice S. Stein
Contact Telephone Number: (212) 264-7616

Tax Matters Partner
Greenberg Brothers Partnership No.12
A/K/A Lone Wolf McQuade Associates
60 Madison Avenue
New York, N.Y. 10010

Dear Partner:

## NOTICE OF FINAL PARTNERSHIP ADMINISTRATIVE ADJUSTMENT

We have determined that there are adjustments to the partnership return as shown on the attached schedule of adjustments, Form 870-P, Agreement to Assessment and Collection of Deficiency in Tax for Partnership Adjustments. This letter is the notice of Final Partnership Administrative Adjustment (FPAA).

If you want to enter into a binding settlement to treat partnership items consistently with the treatment of the items on the partnership return as modified by the FPAA, please sign and return the enclosed Form 870-P. Signing and returning Form 870-P constitutes a settlement offer by you. If the Commissioner accepts your offer of settlement, the treatment of partnership items under the settlement will be binding and will not be affected by any later judicial determination.

If you are the tax matters partner (the partnership representative who deals with the IRS) and want to contest these adjustments in court, you have 90 days from the date this letter was mailed to file a petition for a readjustment of the partnership items with the United States Tax Court, the United States Claims Court, or the District Court of the United States for the district in which the partnership's principal place of business is located. During this 90-day period, no other partner may file a petition for judicial review and the filing of a petition by the tax matters partner precludes all other actions.

If the tax matters partner has NOT filed a petition by the 90th day from the date the FPAA was mailed, any other partner entitled to receive this notice under section 6223 of the Internal Revenue Code (or any group of partners who together have an interest of 5 percent or more in the profits of the partnership (5-percent group)) may petition one of these courts after the 90th day, but on or before the 150th day, from the date the FPAA was mailed to the tax matters partner. Only one petition to the court is allowed. If more than one petition is filed, the first petition filed in the Tax Court will go forward. All other petitions (even those filed earlier) will be dismissed. If no petition is filed in the Tax Court, the first petition filed in one of the other courts will go forward and subsequent petitions will be dismissed.

(over)



New York City Appeals Office
P.O. Box 2954, Church Street Station, New York, N.Y. 10008

Form 870-P(AD) (June 1988)

Department of the Treasury – Internal Revenue Service

# Settlement Agreement For Partnership Adjustments

| Taxpayer(s) name(s), address, and zip code | Name of Partnership | Tax Year(s) Ended |
|---|---|---|
| Tax Matters Partner<br>Greenberg Brothers Partnership<br>No.12 A/K/A Lone Wolf McQuade<br>Associates<br>Two Soundview Drive<br>Greenwich, CT 06830-6471 | Greenberg Brothers Partnership<br>No.12 A/K/A Lone Wolf McQuade<br>Associates<br>Taxpayer Identifying Number: 13-3109971 | December 31, 1984 |
| Taxpayer Identifying Number: 13-3109971 | Name of Tax Matters Partner<br>Richard M. Greenberg | |

Under the provisions of section 6224(c) of the Internal Revenue Code, the undersigned offers to enter into a settlement agreement with respect to the determination of partnership items of the partnership for the year(s) shown on the attached schedule of adjustments. The undersigned, in accordance with the provisions of section 6224(b) of the Code, also offers to waive the restrictions on the assessment and collection of any deficiency attributable to partnership items (with interest as required by law) provided in section 6225(a).

This offer is subject to acceptance for the Commissioner of the Internal Revenue Service. It will take effect as a waiver of restrictions on the date it is accepted. Unless and until it is accepted, it will have no force or effect.

If this offer is accepted for the Commissioner, the treatment of partnership items under this agreement will not be reopened in the absence of fraud, malfeasance, or misrepresentation of fact; and no claim for refund or credit based on any change in the treatment of partnership items may be filed or prosecuted.

| Signature of taxpayer | Date |
|---|---|
| Signature of taxpayer | Date |
| By (Signature and title) | Date |

If this offer is executed by a tax matters partner, please include title with the signature.

**Note:** The execution and filing of this offer will expedite the adjustment of tax liability.

If this offer is executed with respect to a year for which a JOINT RETURN OF A HUSBAND AND WIFE was filed, it must be signed by both spouses, unless one spouse, acting under a power of attorney, signs as agent for the other.

If a taxpayer is a corporation, the offer must be signed with the corporate name followed by the signature and title of the officer authorized to sign.

This offer may be executed by the taxpayer's attorney or agent provided this action is specificallly authorized by a power of attorney, which, if not previously filed, must accompany this form.

The submission of this offer by you and the acceptance of the offer for the Commissioner may result in an additional tax liability to you plus interest as provided by law. If the result is a decrease in tax, the amount of the decrease will be sent to you with interest as provided by law.

| For Internal Revenue Use Only | Date accepted for Commissioner | Signature |
|---|---|---|
| | Office | Title |

0033

Department of the Treasury — Internal Revenue Service

## Settlement Agreement For Partnership Adjustments

### Schedule of Adjustments

Name of Partnership Greenberg Brothers Partnership No. 12 a/k/a Lone Wolf McQuade Associates

Taxpayer Identifying Number: 13-3109971

| Detail of Adjustments To Ordinary Income | Tax Year(s) Ended 12/31/84 | | |
|---|---|---|---|
| 1. Depreciation | $2,223,480 | | |
| 2. Interest | 1,180,424 | | |
| 3. Guaranteed Payments to Partners | 300 | | |
| 4. Legal Fees | 754 | | |
| 5. Accounting Fees | 6,811 | | |
| 6. Miscellaneous Expenses | 75,281 | | |
| 7. Amortization | 5,264 | | |
| 8. Gross Receipts | (1,070,000) | | |
| 9. Interest Income | 106,975) | | |
| Total Adjustments To Ordinary Income | $2,315,339 | | |
| Other Adjustment: Qualified Interest Income (Loss) | | | |
| (1) Adjustment | (1,176,975) | | |
| (2) As Reported | 1,176,975 | | |
| (3) Corrected | -0- | | |
| Other Adjustment: | | | |
| (1) Adjustment | (3,492,314) | | |
| (2) As Reported | 3,492,314 | | |
| (3) Corrected | -0- | | |

Remarks

Other Adjustment: Partnership Note

The partnership note with Orion Pictures Corporation is determined to be non-recourse in substance because the partnership is protected against loss on the note and Orion Pictures Corporation has an interest in the activity other than as a creditor.



☆U.S. GOVERNMENT PRINTING OFFICE: 1988 202-004/81664

GREENBERG BROTHERS PARTNERSHIP NO. 12
a/k/a LONE WOLF McQUADE ASSOCIATES
EIN: 13-3109971

EXPLANATION OF ADJUSTMENTS
TAXABLE YEAR ENDED DECEMBER 31, 1984

I. Adjustments To Ordinary Income

A. 1. It is determined that the deductions claimed by the partnership based on its claimed purchase of the films "Lone Wolf McQuade" and "Strange Invaders" are disallowed because in substance the partnership did not acquire the benefits and burdens of ownership in the films and is, therefore, not entitled to any of the deductions claimed.

2. In the alternative, if it is determined that the partnership acquired ownership interests in the films it is determined that acquisition of the films was not an activity entered into for profit under Section 183(a). Accordingly, any deductions claimed which have not been disallowed in full for the specific reasons set forth in Section B, below, are only allowed to the extent of partnership income in accordance with, and in the manner provided by, Sections 183(b)(1) and 183(b)(2).

B. It is further determined that the following partnership deductions are disallowed for the specific reasons stated:

1. Depreciation

a. It is determined that the deduction attributable to depreciation is disallowed because the method of depreciation does not bear a proper relationship to a decline in the films' usefulness and, in any event, the fair market value of the films has not been established.

b. Alternatively, it is determined that the portion of the depreciation deduction attributable to the amount of the note to Orion Pictures Corporation is disallowed because said note lacks economic substance, it is contingent and is not a present liability. Therefore, the note cannot be considered a partnership liability and cannot be added to the cost or depreciable basis of the film.

| Film Title | Amount of Note |
|---|---|
| Lone Wolf McQuade | $10,550,000.00 |
| Strange Invaders | |

GREENBERG BROTHERS PARTNERSHIP NO. 12
a/k/a LONE WOLF McQUADE ASSOCIATES
EIN: 13-3109971

EXPLANATION OF ADJUSTMENTS
TAXABLE YEAR ENDED DECEMBER 31, 1984

2. Interest Expense

a. It is determined that the deduction claimed for interest expense is not deductible because it has not been established that the amounts claimed were in fact paid or incurred and if paid or incurred was for the purpose stated, nor have you substantiated such deduction; and

b. The loan represented by the note is contingent and is not a present liability.

3. Guaranteed Payments to Partners

4. Legal Fees

5. Accounting Fees

6. Miscellaneous Expenses

7. Amortization

a. It is determined that the deductions shown above as numbers 3. to 7. are disallowed because it has not been established that the amounts claimed were in fact paid or incurred and if paid or incurred were for the purposes stated, nor have you substantiated such deductions; and

b. The deductions shown above as numbers 3. through 7, if in fact incurred, were incurred for nondeductible syndication cost of the partnership.

GREENBERG BROTHERS PARTNERSHIP NO. 12
a/k/a LONE WOLF McQuade Associates
EIN: 13-3109971

EXPLANATION OF ADJUSTMENTS
TAXABLE YEAR ENDED DECEMBER 31, 1984

ALTERNATIVE POSITION

A. Alternatively, because the fair market value of the film has not been established, and because the note to which the films are nominally subject lacks economic substance, said note cannot be included in your basis in the films.

B. Alternatively, if it decided that the disallowed partnership deductions are allowable in whole or in part, then it is determined that you are subject to the provisions of Section 465. The partnership note held by Orion Pictures Corporation is determined to be nonrecourse in substance because payments under this note are not required and have not been made. Therefore, the partnership is protected against loss on the note. Additionally, Orion Pictures Corporation has an interest in the activity other than as a creditor.

II. Other Adjustments

A. Qualified Investment Income (Loss)

B. Qualified Investment Expenses

The amounts reported as qualified investment income (loss) and qualified investment expenses are adjusted to relect the adjustments to ordinary income.

C. Partnership Note

See explanation for Alternative Position B., above.

GREENBERG BROTHERS PARTNERSHIP NO. 12
a/k/a LONE WOLF McQUADE ASSOCIATES
EIN: 13-3109971

December 31, 1984

FOR INFORMATION PURPOSES ONLY

The explanations stated below are provided for your information. The explanations state the reasons why the stated penalties, interest on tax motivated transactions and/or the provisions of I.R.C. section 465 may be asserted after the partnership proceedings have been completed. The Court will not have jurisdiction to consider the partners' penalties or loss deduction limitation under sec. 465 raised in this Notice of Final Partnership Administrative Adjustment (FPAA) pursuant to Internal Revenue Code Sections 6231(a)(3) and 6626(f). Thus, you should not raise any penalty or loss limitation issue should you decide to petition the Court with respect to this FPAA.

I.R.C. Section 465

It has been determined that the partners are subject to the provisions of Section 465 of the Internal Revenue Code. You will not be allowed to increase your basis for claiming losses by your assumption agreement since: (1) the terms of the purchase and distribution agreements constitute a stop loss agreement protecting you from loss, and (2) the creditor has an interest other than as a creditor.

Section 6621(c) Tax Motivated Interest

It is determined that the partnership for 1984 has improperly taken deductions and/or credits for tax motivated reasons. Penalty I.R.C. Section 6621(c) is applicable at the individual partner level and will be raised in separate proceedings at the partner level following the present partnership proceeding.

This shelter is deemed to be a tax motivated transaction. As such, the adjustments to the investors returns from this entity are subject to I.R.C. §6621(c). Interest accruing after 12/31/84 with respect to a substantial understatement of over $1,000.00 for any tax year will be imposed at an annual rate equal to 120% of the normal interest rate on the deficiency.

GREENBERG BROTHERS PARTNERSHIP NO. 12
a/k/a LONE WOLF McQUADE ASSOCIATES
E.I.N. 13-3109971

December 31, 1984

FOR INFORMATION PURPOSES ONLY

I.R.C. Section 6653(a)

It is determined that the partnership for 1984 has improperly taken deductions and/or credit due to negligence or intentional disregard of rules and regulations. Penalty I.R.C. Section 6653(a)(1) and (2) are applicable at the individual partner level and will be raised in separate proceedings at the partner level following the present partnership proceeding.

I.R.C. Section 6659

It is determined that the partnership for 1984 overstated the value of the film. The penalty provision of I.R.C. Section 6659 is applicable at the individual partner level and will be raised in separate proceedings at the partner level following the present partnership proceeding.

I.R.C. Section 6661

In the alternative to the application of I.R.C. Section 6659, it is determined that the partnership for 1984 substantially understated its tax income. Penalty I.R.C. Section 6661 is applicable at the individual partner level and will be raised in separate proceedings at the partner level following the present partnership proceeding.

Internal Revenue Service
Regional Director of Appeals

Department of the Treasury

Date: JUL 8 1991

Name of Partnership: Greenberg Brothers Partnership No.12 A/K/A Lone Wolf McQuade Associates
Taxpayer Identifying Number: 13-3109971
Tax Year Ended: December 31, 1985
Date FPAA Mailed to Tax Matters Partner: JUL 8 1991
Person to Contact: Maurice S. Stein
Contact Telephone Number: (212) 264-7616

Richard M. Greenberg
Tax Matters Partner
Greenberg Brothers Partnership No.12
A/K/A Lone Wolf McQuade Associates
1175 York Avenue (PHB-3)
New York, N.Y. 10021-7169

Dear Mr. Goldberg:

## NOTICE OF FINAL PARTNERSHIP ADMINISTRATIVE ADJUSTMENT

We have determined that there are adjustments to the partnership return as shown on the attached schedule of adjustments, Form 870-P, Agreement to Assessment and Collection of Deficiency in Tax for Partnership Adjustments. This letter is the notice of Final Partnership Administrative Adjustment (FPAA).

If you want to enter into a binding settlement to treat partnership items consistently with the treatment of the items on the partnership return as modified by the FPAA, please sign and return the enclosed Form 870-P. Signing and returning Form 870-P constitutes a settlement offer by you. If the Commissioner accepts your offer of settlement, the treatment of partnership items under the settlement will be binding and will not be affected by any later judicial determination.

If you are the tax matters partner (the partnership representative who deals with the IRS) and want to contest these adjustments in court, you have 90 days from the date this letter was mailed to file a petition for a readjustment of the partnership items with the United States Tax Court, the United States Claims Court, or the District Court of the United States for the district in which the partnership's principal place of business is located. During this 90-day period, no other partner may file a petition for judicial review and the filing of a petition by the tax matters partner precludes all other actions.

If the tax matters partner has NOT filed a petition by the 90th day from the date the FPAA was mailed, any other partner entitled to receive this notice under section 6223 of the Internal Revenue Code (or any group of partners who together have an interest of 5 percent or more in the profits of the partnership (5-percent group)) may petition one of these courts after the 90th day, but on or before the 150th day, from the date the FPAA was mailed to the tax matters partner. Only one petition to the court is allowed. If more than one petition is filed, the first petition filed in the Tax Court will go forward. All other petitions (even those filed earlier) will be dismissed. If no petition is filed in the Tax Court, the first petition filed in one of the other courts will go forward and subsequent petitions will be dismissed.

(over)

0040

New York City Appeals Office
P.O. Box 2954, Church Street Station, New York, N.Y. 10008

Letter 1830(AD) (Rev. 7-88

Form 870-P(AD) (June 1988)

Department of the Treasury — Internal Revenue Service

**Settlement Agreement For Partnership Adjustments**

| Taxpayer(s) name(s), address, and zip code | Name of Partnership | Tax Year(s) Ended |
|---|---|---|
| Tax Matters Partner<br>Greenberg Brothers Partnership No.12<br>A/K/A Lone Wolf McQuade Associates<br>Two Soundview Drive<br>Greenwich, CT 06830-6471 | Greenberg Brothers Partnership No.12 A/K/A lone Wolf McQuade Associates<br>Taxpayer Identifying Number: 13-3109971 | December 31, 1985 |
| Taxpayer Identifying Number: 13-3109971 | Name of Tax Matters Partner<br>Richard M. Greenberg | |

Under the provisions of section 6224(c) of the Internal Revenue Code, the undersigned offers to enter into a settlement agreement with respect to the determination of partnership items of the partnership for the year(s) shown on the attached schedule of adjustments. The undersigned, in accordance with the provisions of section 6224(b) of the Code, also offers to waive the restrictions on the assessment and collection of any deficiency attributable to partnership items (with interest as required by law) provided in section 6225(a).

This offer is subject to acceptance for the Commissioner of the Internal Revenue Service. It will take effect as a waiver of restrictions on the date it is accepted. Unless and until it is accepted, it will have no force or effect.

If this offer is accepted for the Commissioner, the treatment of partnership items under this agreement will not be reopened in the absence of fraud, malfeasance, or misrepresentation of fact; and no claim for refund or credit based on any change in the treatment of partnership items may be filed or prosecuted.

| Signature of taxpayer | Date |
|---|---|
| Signature of taxpayer | Date |
| Signature and title) | Date |

If this offer is executed by a tax matters partner, please include title with the signature.

**Note:** The execution and filing of this offer will expedite the adjustment of tax liability.

If this offer is executed with respect to a year for which a JOINT RETURN OF A HUSBAND AND WIFE was filed, it must be signed by both spouses, unless one spouse, acting under a power of attorney, signs as agent for the other.

If a taxpayer is a corporation, the offer must be signed with the corporate name followed by the signature and title of the officer authorized to sign.

This offer may be executed by the taxpayer's attorney or agent provided this action is specificallly authorized by a power of attorney, which, if not previously filed, must accompany this form.

The submission of this offer by you and the acceptance of the offer for the Commissioner may result in an additional tax liability to you plus interest as provided by law. If the result is a decrease in tax, the amount of the decrease will be sent to you with interest as provided by law.

| **For Internal Revenue Use Only** | Date accepted for Commissioner | Signature |
|---|---|---|
| | Office | Title |

Department of the Treasury — Internal Revenue Service

## Settlement Agreement For Partnership Adjustments

### Schedule of Adjustments

Name of Partnership Greenberg Brothers Partnership No.12
A/K/A Lone Wolf McQuade Associates
Taxpayer Identifying Number: 13-3109971

| Detail of Adjustments To Ordinary Income | Tax Year(s) Ended 12/31/85 | | |
|---|---|---|---|
| 1. Depreciation | $2,122,413 | | |
| 2. Interest | 1,104,477 | | |
| 3. Guaranteed payments to partners | 300 | | |
| 4. Legal Fees | 902 | | |
| 5. Accounting Fees | 2,955 | | |
| 6. Amortization | 5,264 | | |
| 7. Gross Receipts | (1,070,000) | | |
| 8. Interest Income | ( 50,559) | | |
| Total Adjustments To Ordinary Income | $2,115,752 | | |
| Other Adjustment: Net Earnings from Self-Employment | | | |
| (1) Adjustment | 42,316 | | |
| (2) As Reported | ( 42,016) | | |
| (3) Corrected | 300 | | |
| Other Adjustment: Qualified Investment Income (Loss) | | | |
| (1) Adjustment | (1,120,559) | | |
| (2) As Reported | 1,120,559 | | |
| (3) Corrected | -0- | | |

Remarks

Other Adjustment: Qualified Investment Expenses

| | |
|---|---|
| (1) Adjustment | (3,236,311) |
| (2) As Reported | 3,236,311 |
| | -0- |

Other Adjustment: Partnership Note

The partnership note with Orion Pictures Corporation is determined to be non-recourse in substance because the partnership is protected against loss on the note and Orion Pictures Corporation has an interest in the activity other than as a creditor.

0042

GREENBERG BROTHERS PARTNERSHIP NO. 12
a/k/a LONE WOLF McQUADE ASSOCIATES
EIN: 13-3109971

EXPLANATION OF ADJUSTMENTS
TAXABLE YEAR ENDED DECEMBER 31, 1985

I. Adjustments To Ordinary Income

A. 1. It is determined that the deductions claimed by the partnership based on its claimed purchase of the films "Lone Wolf McQuade" and "Strange Invaders" are disallowed because in substance the partnership did not acquire the benefits and burdens of ownership in the films and is, therefore, not entitled to any of the deductions claimed.

2. In the alternative, if it is determined that the partnership acquired ownership interests in the films it is determined that acquisition of the films was not an activity entered into for profit under Section 183(a). Accordingly, any deductions claimed which have not been disallowed in full for the specific reasons set forth in Section B, below, are only allowed to the extent of partnership income in accordance with, and in the manner provided by, Sections 183(b)(1) and 183(b)(2).

B. It is further determined that the following partnership deductions are disallowed for the specific reasons stated:

1. Depreciation

a. It is determined that the deduction attributable to depreciation is disallowed because the method of depreciation does not bear a proper relationship to a decline in the films' usefulness and, in any event, the fair market value of the films has not been established.

b. Alternatively, it is determined that the portion of the depreciation deduction attributable to the amount of the note to Orion Pictures Corporation is disallowed because said note lacks economic substance, it is contingent and is not a present liability. Therefore, the note cannot be considered a partnership liability and cannot be added to the cost or depreciable basis of the film.

| Film Title | Amount of Note |
|---|---|
| Lone Wolf McQuade | $10,550,000.00 |
| Strange Invaders | |

GREENBERG BROTHERS PARTNERSHIP NO. 12
a/k/a LONE WOLF McQUADE ASSOCIATES
EIN: 13-3109971

EXPLANATION OF ADJUSTMENTS
TAXABLE YEARS ENDED DECEMBER 31, 1985

2. Interest Expense

a. It is determined that the deduction claimed for interest expense is not deductible because it has not been established that the amounts claimed were in fact paid or incurred and if paid or incurred were for the purpose stated, nor have you substantiated such deduction; and

b. The loan represented by the note is contingent and not a present liability.

3. Guaranteed Payments To Partners

4. Legal Fees

5. Accounting Fees

6. Amortization

a. It is determined that the deductions shown above as numbers 3. through 6. are disallowed because it has not been established that the amounts claimed were in fact paid or incurred and if paid or incurred were for the purposes stated, nor have you substantiated such deductions; and

b. The deductions shown above as numbers 3. through 6., if in fact incurred, were incurred for nondeductible syndication cost of the partnership.

GREENBERG BROTHERS PARTNERSHIP NO. 12
a/k/a LONE WOLF McQUADE ASSOCIATES
EIN: 13-3109971

EXPLANATION OF ADJUSTMENTS
TAXABLE YEAR ENDED DECEMBER 31, 1985

ALTERNATIVE POSITION

A. Alternatively, because the fair market value of the film has not been established, and because the note to which the films are nominally subject lacks economic substance, said note cannot be included in your basis in the films.

B. Alternatively, if it decided that the disallowed partnership deductions are allowable in whole or in part, then it is determined that you are subject to the provisions of Section 465. The partnership note held by Orion Pictures Corporation is determined to be nonrecourse in substance because payments under this note are not required and have not been made. Therefore, the partnership is protected against loss on the note. Additionally, Orion Pictures Corporation has an interest in the activity other than as a creditor.

II. Other Adjustments

A. Net Earnings From Self-Employment

B. Qualified Investment Income (Loss)

C. Qualified Investment Expenses

The amounts reported as net earnings from self-employment, qualified investment income (loss) and qualified investment expenses are adjusted to reflect the adjustments to ordinary income.

D. Partnership Note

See explanation for Alternative Position B., above.

GREENBERG BROTHERS PARTNERSHIP NO. 12
a/k/a LONE WOLF McQUADE ASSOCIATES
EIN: 13-3109971

December 31, 1985

FOR INFORMATION PURPOSES ONLY

The explanations stated below are provided for your information. The explanations state the reasons why the stated penalties, interest on tax motivated transactions and/or the provisions of I.R.C. section 465 may be asserted after the partnership proceedings have been completed. The Court will not have jurisdiction to consider the partners' penalties or loss deduction limitation under sec. 465 raised in this Notice of Final Partnership Administrative Adjustment (FPAA) pursuant to Internal Revenue Code Sections 6231(a)(3) and 6626(f). Thus, you should not raise any penalty or loss limitation issue should you decide to petition the Court with respect to this FPAA.

I.R.C. Section 465

It has been determined that the partners are subject to the provisions of Section 465 of the Internal Revenue Code. You will not be allowed to increase your basis for claiming losses by your assumption agreement since: (1) the terms of the purchase and distribution agreements constitute a stop loss agreement protecting you from loss, and (2) the creditor has an interest other than as a creditor.

Section 6621(c) Tax Motivated Interest

It is determined that the partnership for 1985 has improperly taken deductions and/or credits for tax motivated reasons. Penalty I.R.C. Section 6621(c) is applicable at the individual partner level and will be raised in separate proceedings at the partner level following the present partnership proceeding.

This shelter is deemed to be a tax motivated transaction. As such, the adjustments to the investors returns from this entity are subject to I.R.C. §6621(c). Interest accruing after 12/31/84 with respect to a substantial understatement of over $1,000.00 for any tax year will be imposed at an annual rate equal to 120% of the normal interest rate on the deficiency.

GREENBERG BROTHERS PARTNERSHIP NO. 12
a/k/a LONE WOLF McQUADE ASSOCIATES
E.I.N. 13-3109971

December 31, 1985

FOR INFORMATION PURPOSES ONLY

I.R.C. Section 6653(a)

It is determined that the partnership for 1985 has improperly taken deductions and/or credit due to negligence or intentional disregard of rules and regulations. Penalty I.R.C. Section 6653(a)(1) and (2) are applicable at the individual partner level and will be raised in separate proceedings at the partner level following the present partnership proceeding.

I.R.C. Section 6659

It is determined that the partnership for 1985 overstated the value of the film. The penalty provision of I.R.C. Section 6659 is applicable at the individual partner level and will be raised in separate proceedings at the partner level following the present partnership proceeding.

I.R.C. Section 6661

In the alternative to the application of I.R.C. Section 6659, it is determined that the partnership for 1985 substantially understated its tax income. Penalty I.R.C. Section 6661 is applicable at the individual partner level and will be raised in separate proceedings at the partner level following the present partnership proceeding.

Internal Revenue Service
Regional Director of Appeals

903-419-887

Department of the Treasury

Date: JUL 08 1991

Name of Partnership: Greenberg Bros. Partnership #12 a/k/a Lone Wolf McQuade Ass

Taxpayer Identifying Number: 13-3109971

Tax Year Ended: December 31, 1986

Date FPAA Mailed to Tax Matters Partner: JUL 08 1991

Person to Contact: Maurice S. Stein

Contact Telephone Number: (212) 264-7616

Tax Matters Partner
Greenberg Brothers Partnership No.12
a/k/a Lone Wolf McQuade Associates
Two Soundview Drive
Greenwich, CT 06830-6471

ear Partner:

## NOTICE OF FINAL PARTNERSHIP ADMINISTRATIVE ADJUSTMENT

We have determined that there are adjustments to the partnership return as shown on the attached schedule of adjustments, Form 870-P, Agreement to Assessment and Collection of Deficiency in Tax for Partnership Adjustments. This letter is the notice of Final Partnership Administrative Adjustment (FPAA).

If you want to enter into a binding settlement to treat partnership items consistently with the treatment of the items on the partnership return as modified by the FPAA, please sign and return the enclosed Form 870-P. Signing and returning Form 870-P constitutes a settlement offer by you. If the Commissioner accepts your offer of settlement, the treatment of partnership items under the settlement will be binding and will not be affected by any later judicial determination.

If you are the tax matters partner (the partnership representative who deals with the RS) and want to contest these adjustments in court, you have 90 days from the date this letter was mailed to file a petition for a readjustment of the partnership items with the United States Tax Court, the United States Claims Court, or the District Court of the United States for the district in which the partnership's principal place of business is located. During this 90-day period, no other partner may file a petition for judicial review and the filing of a petition by the tax matters partner precludes all other actions.

If the tax matters partner has NOT filed a petition by the 90th day from the date the FPAA was mailed, any other partner entitled to receive this notice under section 6223 of the Internal Revenue Code (or any group of partners who together have an interest of 5 percent or more in the profits of the partnership (5-percent group)) may petition one of these courts after the 90th day, but on or before the 150th day, from the date the FPAA was mailed to the tax matters partner. Only one petition to the court is allowed. If more than one petition is filed, the first petition filed in the Tax Court will go forward. All other petitions (even those filed earlier) will be dismissed. If no petition is filed in the Tax Court, the first petition filed in one of the other courts will go forward and subsequent petitions will be dismissed.

(over)



New York City Appeals Office

Form 870-P(AD)
(June 1988)

Department of the Treasury — Internal Revenue Service

# Settlement Agreement For Partnership Adjustments

| Taxpayer(s) name(s), address, and zip code | Name of Partnership | Tax Year(s) Ended |
| --- | --- | --- |
| Tax Matters Partner<br>Greenberg Brothers Partnership No.12 A/K/A Lone Wolf McQuade Associates<br>Two Soundview Drive<br>Greenwich, CT 06830-6471<br>Taxpayer Identifying Number: 13-3109971 | Greenberg Brothers Partnership No.12 A/K/A Lone Wolf McQuade Assoc<br>Taxpayer Identifying Number: 13-3109971<br>Name of Tax Matters Partner<br>Richard M. Greenberg | December 31, 1986 |

Under the provisions of section 6224(c) of the Internal Revenue Code, the undersigned offers to enter into a settlement agreement with respect to the determination of partnership items of the partnership for the year(s) shown on the attached schedule of adjustments. The undersigned, in accordance with the provisions of section 6224(b) of the Code, also offers to waive the restrictions on the assessment and collection of any deficiency attributable to partnership items (with interest as required by law) provided in section 6225(a).

This offer is subject to acceptance for the Commissioner of the Internal Revenue Service. It will take effect as a waiver of restrictions on the date it is accepted. Unless and until it is accepted, it will have no force or effect.

If this offer is accepted for the Commissioner, the treatment of partnership items under this agreement will not be reopened in the absence of fraud, malfeasance, or misrepresentation of fact; and no claim for refund or credit based on any change in the treatment of partnership items may be filed or prosecuted.

| | |
| --- | --- |
| Signature of taxpayer | Date |
| Signature of taxpayer | Date |
| By (Signature and title) | Date |

If this offer is executed by a tax matters partner, please include title with the signature.

**Note:** The execution and filing of this offer will expedite the adjustment of tax liability.

If this offer is executed with respect to a year for which a JOINT RETURN OF A HUSBAND AND WIFE was filed, it must be signed by both spouses, unless one spouse, acting under a power of attorney, signs as agent for the other.

If a taxpayer is a corporation, the offer must be signed with the corporate name followed by the signature and title of the officer authorized to sign.

This offer may be executed by the taxpayer's attorney or agent provided this action is specificallly authorized by a power of attorney, which, if not previously filed, must accompany this form.

The submission of this offer by you and the acceptance of the offer for the Commissioner may result in an additional tax liability to you plus interest as provided by law. If the result is a decrease in tax, the amount of the decrease will be sent to you with interest as provided by law.

| For Internal Revenue Use Only | Date accepted for Commissioner | Signature |
| --- | --- | --- |
| | Office | Title |

Department of the Treasury — Internal Revenue Service

## Settlement Agreement For Partnership Adjustments

### Schedule of Adjustments

Name of Partnership Greenberg Brothers Partnership No.12 A/K/A Lone Wolf McQuade Associates
Taxpayer Identifying Number: 13-3109971

| Detail of Adjustments To Ordinary Income | Tax Year(s) Ended 12/31/86 | | |
|---|---|---|---|
| 1. Depreciation | $2,122,413 | | |
| 2. Interest | 1,063,658 | | |
| 3. Guaranteed Payments to Partners | 594 | | |
| 4. Legal Fees | 6,435 | | |
| 5. Accounting Fees | 2,750 | | |
| 6. Office Expenses | 34,000 | | |
| 7. Amortization | 5,264 | | |
| 8 Gross Receipts | (1,070,000) | | |
| Interest Income | ( 13,794) | | |
| Total Adjustments To Ordinary Income | $2,151,320 | | |
| er Adjustment: Qualified Investment Income (Loss) | | | |
| (1) Adjustment | (1,083,794) | | |
| (2) As Reported | 1,083,794 | | |
| (3) Corrected | -0- | | |
| Other Adjustment: Qualified Investment Expenses | | | |
| (1) Adjustment | (3,235,114) | | |
| (2) As Reported | 3,235,114 | | |
| (3) Corrected | -0- | | |

Remarks

Other Adjustment: Partnership Note

The partnership note with Orion Pictures Corporation is determined to be non-recourse in substance because the partnership is protected against loss on the note and Orion Pictures Corporation has an interest in the activity other than as a creditor.

GREENBERG BROTHERS PARTNERSHIP NO. 12
a/k/a LONE WOLF McQUADE ASSOCIATES
EIN: 13-3109971

EXPLANATION OF ADJUSTMENTS
TAXABLE YEAR ENDED DECEMBER 31, 1986

I. Adjustments To Ordinary Income

A. 1. It is determined that the deductions claimed by the partnership based on its claimed purchase of the films "Lone Wolf McQuade" and "Strange Invaders" are disallowed because in substance the partnership did not acquire the benefits and burdens of ownership in the films and is, therefore, not entitled to any of the deductions claimed.

2. In the alternative, if it is determined that the partnership acquired ownership interests in the films it is determined that acquisition of the films was not an activity entered into for profit under Section 183(a). Accordingly, any deductions claimed which have not been disallowed in full for the specific reasons set forth in Section B, below, are only allowed to the extent of partnership income in accordance with, and in the manner provided by, Sections 183(b)(1) and 183(b)(2).

B. It is further determined that the following partnership deductions are disallowed for the specific reasons stated:

1. Depreciation

a. It is determined that the deduction attributable to depreciation is disallowed because the method of depreciation does not bear a proper relationship to a decline in the films' usefulness and, in any event, the fair market value of the films has not been established.

b. Alternatively, it is determined that the portion of the depreciation deduction attributable to the amount of the note to Orion Pictures Corporation is disallowed because said note lacks economic substance, it is contingent and is not a present liability. Therefore, the note cannot be considered a partnership liability and cannot be added to the cost or depreciable basis of the film.

| Film Title | Amount of Note |
|---|---|
| Lone Wolf McQuade | $10,550,000.00 |
| Strange Invaders | |

GREENBERG BROTHERS PARTNERSHIP NO. 12
a/k/a LONE WOLF McQUADE ASSOCIATES
EIN: 13-3109971

EXPLANATION OF ADJUSTMENTS
TAXABLE YEAR ENDED DECEMBER 31, 1986

2. Interest Expense

a. It is determined that the deduction claimed for interest expense is not deductible becuase it has not been established that the amounts claimed were in fact paid or incurred and if paid or incurred was for the purpose stated, nor have you substantiated such deduction; and

b. The loan represented by the note is contingent and is not a present liability.

3. Guaranteed Payments to Partners

4. Legal Fees

5. Accounting Fees

6. Office Expenses

7. Amortization

a. It is determined that the deductions shown above as numbers 3. to 7. are disallowed because it has not been established that the amounts claimed were in fact paid or incurred and if paid or incurred were for the purposes stated, nor have you substantiated such deductions; and

b. The deductions shown above as numbers 3. through 7, if in fact incurred, were incurred for nondeductible syndication costs of the partnership.

GREENBERG BROTHERS PARTNERSHIP NO. 12
a/k/a LONE WOLF McQUADE ASSOCIATES
EIN: 13-3109971

EXPLANATION OF ADJUSTMENTS
TAXABLE YEAR ENDED DECEMBER 31, 1986

ALTERNATIVE POSITION

A. Alternatively, because the fair market value of the film has not been established, and because the note to which the films are nominally subject lacks economic substance, said note cannot be included in your basis in the films.

B. Alternatively, if it decided that the disallowed partnership deductions are allowable in whole or in part, then it is determined that you are subject to the provisions of Section 465. The partnership note held by Orion Pictures Corporation is determined to be nonrecourse in substance because payments under this note are not required and have not been made. Therefore, the partnership is protected against loss on the note. Additionally, Orion Pictures Corporation has an interest in the activity other than as a creditor.

II. Other Adjustments

A. Qualified Investment Income (Loss)

B. Qualified Investment Expenses

The amounts reported as qualified investment income (loss) and qualified investment expenses are adjusted to reflect the adjustments to ordinary income.

D. Partnership Note

See explanation for Alternative Position B., above.

GREENBERG BROTHERS PARTNERSHIP NO. 12
a/k/a LONE WOLF McQUADE ASSOCIATES
EIN: 13-3109971

December 31, 1986

FOR INFORMATION PURPOSES ONLY

The explanations stated below are provided for your information. The explanations state the reasons why the stated penalties, interest on tax motivated transactions and/or the provisions of I.R.C. section 465 may be asserted after the partnership proceedings have been completed. The Court will not have jurisdiction to consider the partners' penalties or loss deduction limitation under sec. 465 raised in this Notice of Final Partnership Administrative Adjustment (FPAA) pursuant to Internal Revenue Code Sections 6231(a)(3) and 6626(f). Thus, you should not raise any penalty or loss limitation issue should you decide to petition the Court with respect to this FPAA.

I.R.C. Section 465

It has been determined that the partners are subject to the provisions of Section 465 of the Internal Revenue Code. You will not be allowed to increase your basis for claiming losses by your assumption agreement since: (1) the terms of the purchase and distribution agreements constitute a stop loss agreement protecting you from loss, and (2) the creditor has an interest other than as a creditor.

Section 6621(c) Tax Motivated Interest

It is determined that the partnership for 1986 has improperly taken deductions and/or credits for tax motivated reasons. Penalty I.R.C. Section 6621(c) is applicable at the individual partner level and will be raised in separate proceedings at the partner level following the present partnership proceeding.

This shelter is deemed to be a tax motivated transaction. As such, the adjustments to the investors returns from this entity are subject to I.R.C. §6621(c). Interest accruing after 12/31/84 with respect to a substantial understatement of over $1,000.00 for any tax year will be imposed at an annual rate equal to 120% of the normal interest rate on the deficiency.

GREENBERG BROTHERS PARTNERSHIP NO. 12
a/k/a LONE WOLF McQUADE ASSOCIATES
E.I.N. 13-3109971

December 31, 1986

FOR INFORMATION PURPOSES ONLY

I.R.C. Section 6653(a)

It is determined that the partnership for 1986 has improperly taken deductions and/or credit due to negligence or intentional disregard of rules and regulations. Penalty I.R.C. Section 6653(a)(1) and (2) are applicable at the individual partner level and will be raised in separate proceedings at the partner level following the present partnership proceeding.

I.R.C. Section 6659

It is determined that the partnership for 1986 overstated the value of the film. The penalty provision of I.R.C. Section 6659 is applicable at the individual partner level and will be raised in separate proceedings at the partner level following the present partnership proceeding.

I.R.C. Section 6661

In the alternative to the application of I.R.C. Section 6659, it is determined that the partnership for 1986 substantially understated its tax income. Penalty I.R.C. Section 6661 is applicable at the individual partner level and will be raised in separate proceedings at the partner level following the present partnership proceeding.

RECEIVED PETITION

UNITED STATES TAX COURT

'92 JAN -8 P1:13

FILED

'92 JAN -8 P1:13

UNITED STATES TAX COURT

| | |
|---|---|
| CINEMA '84, RICHARD M. GREENBERG, TAX MATTERS PARTNER, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent. | Docket No. 621-92 |

UNITED STATES TAX COURT

MAIL CLERK
ADMISSIONS
RECORDED & SERVED
PUB. FILES

**PETITION FOR READJUSTMENT OF PARTNERSHIP ITEMS UNDER CODE SECTION 6226**

Petitioner hereby petitions for a readjustment of the partnership items set forth by the Commissioner of Internal Revenue (the "Commissioner") in his Notices of Final Partnership Administrative Adjustment dated October 15, 1991. As the basis for the case Petitioner alleges as follows:

1. Richard M. Greenberg is the Tax Matters Partner and is the pleader on behalf of Cinema '84 (the "Partnership").

2. Richard M. Greenberg's address is 270 Greenwich Avenue, Greenwich, Connecticut 06830.

3. The Partnership (13-3101482), the principal place of business of which at the time this petition is being filed is 270 Greenwich Avenue, Greenwich, Connecticut 06830, filed federal income tax returns for the taxable years ending December 31, 1984, December 31, 1985, December 31, 1986, December 31, 1987,

SERVED JAN - 9 1992

PLAINTIFF'S EXHIBIT 7

December 31, 1988 and December 31, 1989 with the Internal Revenue Service Center in Andover, Massachusetts.

4. The statutory Notices of Final Partnership Administrative Adjustment (copies of which are attached hereto and marked Exhibit "A") were mailed to Petitioner on or about October 15, 1991 and were issued by the Appeals Office of the Internal Revenue Service in New York, New York.

5. The adjustments set forth in the Notices of Final Partnership Administrative Adjustment are based on the following erroneous determinations:

(a) The Commissioner erred in determining that the Partnership did not acquire the benefits and burdens of ownership in the motion pictures entitled "Perfect Strangers", "Special Effects", "Return of the Living Dead", "The Terminator", "The Howling II" and "A Breed Apart" (the "Films") and that therefore the deductions claimed by the Partnership based on its purchase of the Films should be disallowed.

(b) The Commissioner erred in determining, in the alternative to (b) above, that the Partnership's acquisition of the Films was not an activity entered into for profit and that therefore any deductions to which the Partnership is entitled should be allowed only to the extent of Partnership income in accordance with, and in the manner provided by, Sections 183(b)(1) and 183(b)(2) of the Code.

(c) The Commissioner erred in determining that the deductions claimed by the Partnership should not be allowed for the following reasons:

(i) The Commissioner erred in determining that the method of depreciation does not bear a proper relationship to a decline in the Films' usefulness, that the fair market value of the Films has not been established and that therefore the deduction attributable to depreciation should be disallowed.

(ii) The Commissioner erred in determining, in the alternative to (i) above, that the notes provided as partial consideration for the Films (the "Notes") lack economic substance, are contingent and are not present liabilities, that the Notes cannot be considered Partnership liabilities and cannot be added to the cost or depreciable basis of the Films and that therefore the portion of the depreciation deduction attributable to the amounts of the Notes should be disallowed.

(iii) The Commissioner erred in determining that the deductions claimed for interest expense have not been substantiated, that it has not been established that the amounts claimed were in fact paid or incurred or if paid or incurred were for the purpose stated and that therefore the deductions for interest expense should be disallowed.

(iv) The Commissioner erred in determining that the loans represented by the Notes are contingent and

therefore are not present liabilities and that therefore the deductions for interest expense should be disallowed.

(v) The Commissioner erred in determining that the deductions claimed for the 1984 taxable year for guaranteed payment to partners, advertising expenses, financing fees, marketing fees, distribution expenses, due diligence fees, accounting fees, miscellaneous items and amortization have not been substantiated, that it has not been shown that the amounts claimed were paid or incurred or if paid or incurred were for the purposes stated or were not nondeductible syndication costs of the Partnership and that therefore the deductions claimed for these expenses should be disallowed.

(vi) The Commissioner erred in determining that the deductions claimed for the 1985 taxable year for guaranteed payments to partners, advertising expenses, legal fees, appraisal, accounting fees, miscellaneous fees and amortization have not been substantiated, that it has not been shown that the amounts claimed were paid or incurred or if paid or incurred were for the purposes stated or were not nondeductible syndication costs of the Partnership and that therefore the deductions claimed for these expenses should be disallowed.

(vii) The Commissioner erred in determining that the deductions claimed for the 1986 taxable year for guaranteed payments to partners, advertising expenses, financing fees, office expenses, printing expense and amortization have not

been substantiated, that it has not been shown that the amounts claimed were paid or incurred or if paid or incurred were for the purposes stated or were not nondeductible syndication costs of the Partnership and that therefore the deductions claimed for these expenses should be disallowed.

(viii) The Commissioner erred in determining that the deductions claimed for the 1987 taxable year for professional fees, office fees, legal expense and amortization have not been substantiated, that it has not been shown that the amounts claimed were paid or incurred or if paid or incurred were for the purposes stated or were not nondeductible syndication costs of the Partnership and that therefore the deductions claimed for these expenses should be disallowed.

(ix) The Commissioner erred in determining that the deductions claimed for the 1988 taxable year for guaranteed payments to partners, accounting fees, bank charges, legal fees and amortization have not been substantiated, that it has not been shown that the amounts claimed were paid or incurred or if paid or incurred were for the purposes stated or were not nondeductible syndication costs of the Partnership and that therefore the deductions claimed for these expenses should be disallowed.

(x) The Commissioner erred in determining that the deductions claimed for the 1989 taxable year for guaranteed payments to partners, bank charges, legal expenses and amortization have not been substantiated, that it has not been

shown that the amounts claimed were paid or incurred or if paid or incurred were for the purposes stated or were not nondeductible syndication costs of the Partnership and that therefore the deductions claimed for these expenses should be disallowed.

(xi) The Commissioner erred in determining that the fair market value of the Films has not been established, that the Notes lack economic substance and that therefore each partner's proportionate share of the Notes should not be included in his basis in his Partnership interest.

(xii) The Commissioner erred in determining that, if it is decided that the disallowed Partnership deductions are allowable in whole or in part, the Notes are nonrecourse in substance, that payments under the Notes are not required and have not been made, that the Partnership is protected against loss on the Notes, that Hemdale Film Corporation (the "Seller") has an interest in the activity other than as a creditor and that therefore the Partnership should be precluded from considering the Notes in the at-risk computation under the provisions of Section 465 of the Code.

(xiii) The Commissioner erred in determining that the Partnership did not acquire the benefits and burdens of ownership of the Films, that the Partnership's motion picture activity was not entered into for profit, that the Films are not property subject to an allowance for depreciation, that the amount of qualified investment and the extent of the entitlement

to the investment tax credit have not been established and that therefore no investment tax credit should be allowed for the 1984 taxable year.

(xiv) The Commissioner erred in determining that the Partnership's ordinary income for the 1984 taxable year should be adjusted and that therefore the amounts reported as net earnings from self-employment, qualified investment expense and gross nonfarm income should be adjusted to reflect the adjustments to ordinary income.

(xv) The Commissioner erred in determining that the Partnership's ordinary income for the 1985 and 1986 taxable years should be adjusted and that therefore the amounts reported as net earnings from self-employment, gross nonfarm income, qualified investment income and qualified investment expenses should be adjusted to reflect the adjustments to ordinary income for those taxable years.

(xiii) The Commissioner erred in determining that the Partnership's ordinary income for the 1987 and 1989 taxable years should be adjusted and that therefore the amounts reported as net earnings from self-employment and gross nonfarm income should be adjusted to reflect the adjustments to ordinary income.

(xiv) The Commissioner erred in determining that the Partnership has improperly taken deductions and/or credits due to negligence or intentional disregard of rules or

regulations and that therefore the partners of the Partnership should be subject to penalties under Section 6653(a) of the Code.

(xv) The Commissioner erred in determining that the Partnership overstated the value of the Films for the years 1984-1989 and that therefore the partners of the Partnership should be subject to penalties under Section 6659 of the Code.

(xvi) The Commissioner erred in determining that the Partnership has improperly taken deductions and/or credits for tax motivated reasons, that the transactions were tax motivated and that therefore the annual rate of interest payable on the partners' taxes for the 1984-1989 taxable years should be 120 percent of the adjusted rate established under Section 6621 of the Code.

(xvii) The Commissioner erred in determining that the Partnership substantially understated its taxable income for the 1984-1989 taxable years and that therefore to the extent that the Section 6659 penalty does not apply, the partners of the Partnership should be subject to an addition to tax under Section 6661 of the Code.

6. The facts upon which Petitioner relies as the basis for the case are as follows:

(a) With respect to the Partnership during the 1984-1989 taxable years, Petitioner relies on the following facts:

(i) During the 1984-1989 taxable years, the Partnership was engaged in the business of owning, distributing and otherwise exploiting for profit the Films. "Perfect Strangers" was produced by Paul Kurta and directed by Larry Cohen (who also was the writer). In addition, the executive producer was Carter DeHaven. "Special Effects" was also written and directed by Larry Cohen and its executive producer was also Carter DeHaven. "Return of the Living Dead" was written and directed by Dan O'Bannon and was produced by Tom Fox. "The Terminator" was directed by James Cameron and starred Arnold Schwarzenegger and Paul Winfield. "The Howling II" was directed by Phillipe Mora and produced by Steve Lane. The film starred Christopher Lee and Sybil Danning. The film was the sequel to the film entitled "The Howling". "A Breed Apart" was directed by Philippe Mora and was produced by John Daly and Derek Gibson. The film starred Rutger Hauer, Powers Boothe, Kathleen Turner and Donald Pleasance.

(ii) The Partnership purchased the film "Perfect Strangers" from the Seller, an unrelated party, for $25,000 cash and a note, which was a full recourse note in the amount of $1,125,000. The Partnership purchased the film "Special Effects" from the Seller for $25,000 cash and a note, which was a full recourse note in the amount of $1,125,000. The Partnership purchased the film "Return of the Living Dead" from the Seller for $50,000 cash and a note, which was a full recourse note in the amount of $6,450,000. The Partnership

purchased the film "The Terminator" from the Seller for $50,000 cash and a note, which was a full recourse note in the amount of $9,200,000. The Partnership purchased the film "The Howling II" from the Seller for $50,000 cash and a note, which was a full recourse note in the amount of $5,210,000. The Partnership purchased the film "A Breed Apart" from the Seller for $50,000 cash and a note, which was a full recourse note in the amount of $5,210,000. In addition, the Partnership entered into distribution agreements with Interlink Film Distribution Corp. pursuant to which the Partnership became entitled to receive license fees payable if the Films generated certain levels of gross receipts.

(iii) The purchase prices of the Films were based on their production costs, were negotiated at arm's length with an unrelated party and therefore were equal to the Films' fair market values.

(iv) The transactions engaged in by the Partnership were bona fide arm's-length transactions at fair market value, were entered into for profit and have economic substance.

(v) The Films are tangible personal property for purposes of the investment tax credit.

(vi) The amount of qualified investment and the extent of entitlement to the investment tax credit have been established.

(vii) Each partner assumed his proportionate share of the Notes. Upon assuming his share of the Notes, each partner was personally liable to the Seller on a full recourse basis. Thus, each partner is "at risk" for the full amount of his proportionate share of the Notes.

(viii) The Notes have economic substance, are present liabilities and should therefore be included in the cost of the Films for purposes of depreciation and each partner's proportionate share of the Notes should be included in his basis in his Partnership interest.

(ix) The method of depreciation used and amount of depreciation claimed by the Partnership bear a proper relationship to the decline in the Films' usefulness.

(x) The amounts claimed as deductions for guaranteed payments to partners, advertising expenses, financing fees, marketing fees, distribution expenses, due diligence fees, accounting fees, legal fees, appraisal fees, amortization, office expenses and fees, printing expense, professional fees, bank charges and other miscellaneous items were in fact incurred, constitute ordinary and necessary business expenses, are reasonable, are not excessive, have been substantiated and were not incurred for nondeductible syndication costs of the Partnership.

(xi) Each partner had a basis in his interest in the Partnership in excess of his distributive share

of the losses and deductions incurred by the Partnership during 1984, 1985, 1986, 1987, 1988 and 1989.

(b) The adjustments and allegations set forth in the Notices of Final Partnership Administrative Adjustment are completely arbitrary and unjustified.

(c) The Partnership's deductions and/or credits have not been taken due to negligence or intentional disregard of rules and regulations.

(d) The Partnership has not overstated the value of the Films and any resulting alleged understatements of tax by the partners are not attributable to valuation overstatements.

(e) The Partnership has not substantially understated its taxable income for the taxable years involved.

(f) The Partnership has not taken deductions and/or credits for tax motivated reasons and the transactions involved were not tax motivated transactions.

6. Petitioner further asserts that, in the event any partner should make a payment to Respondent of any deficiency owed stemming from adjustments as set forth in the Notice of Final Partnership Administrative Adjustment (or any portion thereof) and it is subsequently determined he is not liable for the portion of the deficiency paid, the partner will then be entitled to a refund of the overpayment together with interest thereon as provided by law.

WHEREFORE, Petitioner prays that this Court try the case and:

1. Determine that there should be no adjustments to Partnership items for the years in issue.

2. Determine that Petitioner and all partners of the Partnership are not subject to the provisions of Section 6653 of the Code.

3. Determine that Petitioner and all partners of the Partnership are not subject to the provisions of Section 6659 of the Code.

4. Determine that Petitioner and all partners of the Partnership are not subject to the provisions of Section 6661 of the Code.

5. Determine that Petitioner and all partners are not subject to the provisions of Section 6621 of the Code.

6. Grant Petitioner such other and further relief to which Petitioner may be entitled.

DATED: January 6, 1992

ADMITTED U.S. TAX COURT

Peter L. Faber
T.C. Bar No. FP0119
Kaye, Scholer, Fierman, Hays & Handler
425 Park Avenue
New York, New York 10022
(212) 836-8212
Attorneys for Petitioner

EXHIBIT A

**Internal Revenue Service**
Regional Director of Appeals

Department of the Treasury

903-415-156

Date:
OCT 15 1991

Name of Partnership:
Cinema '84
Taxpayer Identifying Number:
11-2678807
Tax Year Ended:
December 31, 1984
Date FPAA Mailed to Tax Matters Partner:
OCT 15 1991
Person to Contact:
Maurice S. Stein
Contact Telephone Number:
(212) 264-7616

Tax Matters Partner
Cinema '84
Greenberg Brothers Partnerships
270 Greenwich Avenue
Greenwich, Connecticut 06830

Dear Partner:

**NOTICE OF FINAL PARTNERSHIP ADMINISTRATIVE ADJUSTMENT**

We have determined that there are adjustments to the partnership return as shown on the attached schedule of adjustments, Form 870-P, Agreement to Assessment and Collection of Deficiency in Tax for Partnership Adjustments. This letter is the notice of Final Partnership Administrative Adjustment (FPAA).

If you want to enter into a binding settlement to treat partnership items consistently with the treatment of the items on the partnership return as modified by the FPAA, please sign and return the enclosed Form 870-P. Signing and returning Form 870-P constitutes a settlement offer by you. If the Commissioner accepts your offer of settlement, the treatment of partnership items under the settlement will be binding and will not be affected by any later judicial determination.

If you are the tax matters partner (the partnership representative who deals with the IRS) and want to contest these adjustments in court, you have 90 days from the date this letter was mailed to file a petition for a readjustment of the partnership items with the United States Tax Court, the United States Claims Court, or the District Court of the United States for the district in which the partnership's principal place of business is located. During this 90-day period, no other partner may file a petition for judicial review and the filing of a petition by the tax matters partner precludes all other actions.

If the tax matters partner has NOT filed a petition by the 90th day from the date the FPAA was mailed, any other partner entitled to receive this notice under section 6223 of the Internal Revenue Code (or any group of partners who together have an interest of 5 percent or more in the profits of the partnership (5-percent group)) may petition one of these courts after the 90th day, but on or before the 150th day, from the date the FPAA was mailed to the tax matters partner. Only one petition to the court is allowed. If more than one petition is filed, the first petition filed in the Tax Court will go forward. All other petitions (even those filed earlier) will be dismissed. If no petition is filed in the Tax Court, the first petition filed in one of the other courts will go forward and subsequent petitions will be dismissed.

(over)



New York City Appeals Office

Petitions filed with the United States Tax Court must be mailed to 400 Second Street, N.W., Washington, D.C. 20217. Attach a copy of this letter to the petition. The time in which you must file a petition with the court is fixed by law and the court cannot consider your case if your petition is filed late. If this letter is addressed to both a husband and wife, and both want to petition the Tax Court, both must sign the petition or each must file a separate, signed petition.

As a condition to filing a petition in either the appropriate District Court or the Claims Court, the partner filing the petition (including each member of a 5-percent group which files a petition) must deposit with the Internal Revenue Service, on or before the day the petition is filed, the amount by which the partner's tax liability would be increased if the treatment of partnership items on the partner's return were made consistent with the treatment of partnership items under the FPAA. If you reported partnership items the way the partnership reported them on its return, you can generally determine the amount to deposit by taking your pro-rata share of the partnership's adjustments into account in refiguring your tax.

If no readjustment petition is filed in any of the courts listed on the front of this letter, this FPAA becomes binding and you will be billed for any additional tax that you may owe under the FPAA. You will not be permitted to contest the treatment of partnership items under the FPAA in any refund claim or suit. The law permits us to bill you after 150 days from the mailing date of the FPAA to the tax matters partner. However, if a petition is filed in the Tax Court, you will not be billed until the Tax Court decision is final.

If you have any questions about this matter, please write to the person whose name and address are shown on this letter. If you write, attach this letter to help identify your account. Keep the copy for your records. Also include your telephone number and the most convenient time for us to call you in case we need more information.

If you prefer, you may call the IRS contact person at the telephone number shown in the heading of this letter. If this number is outside your local calling area, there will be a long-distance charge to you.

You may call the IRS telephone number listed in your local directory. An employee there may be able to help you, but the contact person at the address shown on this letter is most familiar with your case.

Thank you for your cooperation.

Sincerely yours,

Fred T. Goldberg, Jr.
Commissioner
By

Benjamin A Brancato

Associate Chief
Appeals Office

Enclosures:
Form 870-P
Copy of this letter

Form 870-P(AD)
(June 1988)

Department of the Treasury — Internal Revenue Service

## Settlement Agreement For Partnership Adjustments

| Taxpayer(s) name(s), address, and zip code | Name of Partnership | Tax Year(s) Ended |
|---|---|---|
| Cinema '84<br>c/o Greenberg Brothers Partnerships<br>60 Madison Avenue<br>New York, New York 10010 | Cinema '84<br>Taxpayer Identifying Number: 11-2678807 | December 31, 1984 |
| Taxpayer Identifying Number: 11-2678807 | Name of Tax Matters Partner<br>Richard M. Greenberg | |

Under the provisions of section 6224(c) of the Internal Revenue Code, the undersigned offers to enter into a settlement agreement with respect to the determination of partnership items of the partnership for the year(s) shown on the attached schedule of adjustments. The undersigned, in accordance with the provisions of section 6224(b) of the Code, also offers to waive the restrictions on the assessment and collection of any deficiency attributable to partnership items (with interest as required by law) provided in section 6225(a).

This offer is subject to acceptance for the Commissioner of the Internal Revenue Service. It will take effect as a waiver of restrictions on the date it is accepted. Unless and until it is accepted, it will have no force or effect.

If this offer is accepted for the Commissioner, the treatment of partnership items under this agreement will not be reopened in the absence of fraud, malfeasance, or misrepresentation of fact; and no claim for refund or credit based on any change in the treatment partnership items may be filed or prosecuted.

| Signature of taxpayer | Date |
|---|---|
| Signature of taxpayer | Date |
| By (signature and title) | Date |

If this offer is executed by a tax matters partner, please include title with the signature.

**Note:** The execution and filing of this offer will expedite the adjustment of tax liability.

If this offer is executed with respect to a year for which a JOINT RETURN OF A HUSBAND AND WIFE was filed, it must be signed by both spouses, unless one spouse, acting under a power of attorney, signs as agent for the other.

If a taxpayer is a corporation, the offer must be signed with the corporate name followed by the signature and title of the officer authorized to sign.

This offer may be executed by the taxpayer's attorney or agent provided this action is specificallly authorized by a power of attorney, which, if not previously filed, must accompany this form.

The submission of this offer by you and the acceptance of the offer for the Commissioner may result in an additional tax liability to you plus interest as provided by law. If the result is a decrease in tax, the amount of the decrease will be sent to you with interest as provided by law.

| For Internal Revenue Use Only | Date accepted for Commissioner | Signature |
|---|---|---|
| | Office | Title |

0072

Department of the Treasury — Internal Revenue Service

## Settlement Agreement For Partnership Adjustments

### Schedule of Adjustments

| Name of Partnership Cinema '84 | Tax Year(s) Ended | | |
|---|---|---|---|
| Taxpayer Identifying Number: 11-2678807 | 12/31/84 | | |
| **Detail of Adjustments To Ordinary Income** | | | |
| 1. Depreciation | $1,099,444 | | |
| 2. Interest Expense | 575,000 | | |
| 3. Guaranteed Payments to Partners | 1,500,000 | | |
| 4. Advertizing Expenses | 7,659,032 | | |
| 5. Financing Fees | 171,000 | | |
| 6. Marketing Fees | 89,000 | | |
| 7. Distribution Expenses | 4,000 | | |
| 8. Due Diligence Fees | 1,000 | | |
| 9. Accounting Fees | 1,000 | | |
| 10. Miscellaneous | 503 | | |
| 11. Amortization | 22,830 | | |
| Interest Income | ( 56,630) | | |
| Total Adjustments To Ordinary Income | $11,066,179 | | |
| Other Adjustment: Qualified Investment Tax Credit Property | | | |
| (1) Adjustment | (20,230,110) | | |
| (2) As Reported | 20,230,110 | | |
| (3) Corrected | -0- | | |
| Other Adjustment: Qualified Investment Expenses | | | |
| (1) Adjustment | (11,122,809) | | |
| (2) As Reported | 11,122,809 | | |
| (3) Corrected | -0- | | |

Remarks

| Other Adjustments: | Net Earnings From Self-Employment | Gross Nonfarm Income |
|---|---|---|
| (1) Adjustment | 222,454 | 28,867 |
| (2) As Reported | 1,277,546 | 1,471,133 |
| (3) Corrected | 1,500,000 | 1,500,000 |

Other Adjustment: Partnership Notes

The partnership notes with Hemdale Film Corporation are determined to be non-recourse in substance because the partnership is protected against loss on the notes and Hemdale Film Corporation has an interest in the activity other than as a creditor.

0073

CINEMA '84
EIN: 11-2678807

EXPLANATION OF ADJUSTMENTS
TAXABLE YEAR ENDED DECEMBER 31, 1984

1. Adjustments To Ordinary Income

A. 1. It is determined that the deductions claimed by the partnership based on its claimed purchase of the films "Perfect Strangers", "Special Effects", "Return of the Living Dead", "The Terminator", "The Howling II", and "A Breed Apart", are disallowed because in substance the partnership did not acquire the benefits and burdens of ownership in the films and is, therefore, not entitled to any of the deductions claimed.

2. In the alternative, if it is determined that the partnership acquired ownership interests in the films it is determined that acquisition of the films was not an activity entered into for profit under Section 183(a). Accordingly, any deductions claimed which have not been disallowed in full for the specific reasons set forth in Section B, below, are only allowed to the extent of partnership income in accordance with, and in the manner provided by, Sections 183(b)(1) and 183(b)(2).

B. It is further determined that the following partnership deductions are disallowed for the specific reasons stated:

1. Depreciation

a. It is determined that the deduction attributable to depreciation is disallowed because the method of depreciation does not bear a proper relationship to a decline in the films' usefulness and, in any event, the fair market value of the films has not been established.

b. Alternatively, it is determined that the portion of the depreciation deduction attributable to the amounts of the notes to Hemdale Film Corporation are disallowed because said notes lack economic substance, are contingent and are not present liabilities. Therefore, the notes cannot be considered partnership liabilities and cannot be added to the cost or depreciable bases of the films.

| Film Title | Amount of Note |
|---|---|
| Perfect Strangers | $ 1,125,000.00 |
| Special Effects | 1,125,000.00 |
| Return of the Living Dead | 6,450,000.00 |
| The Terminator | 9,200,000.00 |
| The Howling II | 5,210,000.00 |
| A Breed Apart | 6,970,000.00 |

CINEMA '84
EIN: 11-2678807

EXPLANATION OF ADJUSTMENTS
TAXABLE YEAR ENDED DECEMBER 31, 1984

2. Interest Expense

a. It is determined that the deduction claimed for interest expense is not deductible because it has not been established that the amounts claimed were in fact paid or incurred and if paid or incurred were for the purpose stated, nor have you substantiated such deduction; and

b. The loans represented by the notes are contingent and not present liabilies.

3. Guaranteed Payments To Partners

4. Advertising Expenses

5. Financing Fees

6. Marketing Fees

7. Distribution Expenses

8. Due Diligence Fees

9. Accounting Fees

10. Miscellaneous

11. Amortization

a. It is determined that the deductions shown above as numbers 3. through 10., are disallowed because it has not been established that the amounts claimed were in fact paid or incurred and if paid or incurred were for the purposes stated, nor have you substantiated such deductions; and

b. The deductions shown above as numbers 3. through 10., if in fact incurred, were incurred for nondeductible syndication cost of the partnership.

CINEMA '84
EIN: 11-2678807

EXPLANATION OF ADJUSTMENTS
TAXABLE YEAR ENDED DECEMBER 31, 1984

ALTERNATIVE POSITION

A. Alternatively, because the fair market values of the films have not been established, and because the notes to which the films are nominally subject lack economic substance, your proportionate share of said notes cannot be included in your basis in your partnership interest.

B. Alternatively, if it is decided that the disallowed partnership deductions are allowable in whole or in part, then it is determined that you are subject to the provisions of Section 465. The partnership notes held by Hemdale Film Corporation are determined to be non-recourse in substance because payments under these notes are not required and have not been made. Therefore, the partnership is protected against loss on the notes. Additionally, Hemdale Film Corporation has an interest in the activity other than as a creditor.

II. Other Adjustments

A. Qualified Investment Tax Credit Property

It is determined that no investment tax credit is allowable since the partnership did not acquire the benefits and burdens of ownership of the films, or alternatively, the partnership motion picture activity was not entered into for profit and the movies are not property subject to an allowance for depreciation. Furthermore, the investment tax credit is disallowed because you have not established the amount, if any, of qualified investment and the extent, if any, of entitlement to the credit.

B. Qualified Investment Expense

C. Net Earnings From Self-Employment

D. Gross Nonfarm Income

The amounts reported as qualified investment expenses, net earnings from self-employment and gross nonfarm income are adjusted to reflect the adjustments to ordinary income.

D. Partnership Note

See explanation for Alternative Position B., above.

CINEMA '84
EIN: 11-2678807

December 31, 1984

FOR INFORMATION PURPOSES ONLY

The explanations stated below are provided for your information. The explanations state the reasons why the stated penalties, interest on tax motivated transactions and/or the provisions of I.R.C. section 465 may be asserted after the partnership proceedings have been completed. The Court will not have jurisdiction to consider the partners' penalties or loss deduction limitation under sec. 465 raised in this Notice of Final Partnership Administrative Adjustment (FPAA) pursuant to Internal Revenue Code Sections 6231(a)(3) and 6626(f). Thus, you should not raise any penalty or loss limitation issue should you decide to petition the Court with respect to this FPAA.

I.R.C. Section 465

It has been determined that the partners are subject to the provisions of Section 465 of the Internal Revenue Code. You will not be allowed to increase your basis for claiming losses by your assumption agreements since: (1) the terms of the purchase and distribution agreements constitute a stop loss agreement protecting you from loss, and (2) the creditor has an interest other than as a creditor.

Section 6621(c) Tax Motivated Interest

It is determined that the partnership for 1984 has improperly taken deductions and/or credits for tax motivated reasons. Penalty I.R.C. Section 6621(c) is applicable at the individual partner level and will be raised in separate proceedings at the partner level following the present partnership proceeding.

This shelter is deemed to be a tax motivated transaction. As such, the adjustments to the investors' returns from this entity are subject to I.R.C. §6621(c). Interest accruing after 12/31/84 with respect to a substantial understatement of over $1,000.00 for any tax year will be imposed at an annual rate equal to 120% of the normal interest rate on the deficiency.

CINEMA '84
E.I.N. 11-2678807

December 31, 1984

FOR INFORMATION PURPOSES ONLY

I.R.C. Section 6653(a)

It is determined that the partnership for 1984 has improperly taken deductions and/or credit due to negligence or intentional disregard of rules and regulations. Penalty I.R.C. Section 6653(a)(1) and (2) are applicable at the individual partner level and will be raised in separate proceedings at the partner level following the present partnership proceeding.

I.R.C. Section 6659

It is determined that the partnership for 1984 overstated the value of the film. The penalty provision of I.R.C. Section 6659 is applicable at the individual partner level and will be raised in separate proceedings at the partner level following the present partnership proceeding.

I.R.C. Section 6661

In the alternative to the application of I.R.C. Section 6659, it is determined that the partnership for 1984 substantially understated its tax income. Penalty I.R.C. Section 6661 is applicable at the individual partner level and will be raised in separate proceedings at the partner level following the present partnership proceeding.

**Internal Revenue Service**
Regional Director of Appeals

Department of the Treasury

903-415-161

Date: OCT 15 1991

Name of Partnership:
Cinema '84
Taxpayer Identifying Number:
11-2678807
Tax Year Ended:
December 31, 1985
Date FPAA Mailed to Tax Matters Partner:
OCT 15 1991
Person to Contact:
Maurice S. Stein
Contact Telephone Number:
(212) 264-7616

Mr. Richard M. Greenberg
Tax Matters Partner
Cinema '84
1175 York Avenue (PHB-3)
New York, New York 10021-7169

Dear Mr. Greenberg:

**NOTICE OF FINAL PARTNERSHIP ADMINISTRATIVE ADJUSTMENT**

We have determined that there are adjustments to the partnership return as shown on the attached schedule of adjustments, Form 870-P, Agreement to Assessment and Collection of Deficiency in Tax for Partnership Adjustments. This letter is the notice of Final Partnership Administrative Adjustment (FPAA).

If you want to enter into a binding settlement to treat partnership items consistently with the treatment of the items on the partnership return as modified by the FPAA, please sign and return the enclosed Form 870-P. Signing and returning Form 870-P constitutes a settlement offer by you. If the Commissioner accepts your offer of settlement, the treatment of partnership items under the settlement will be binding and will not be affected by any later judicial determination.

If you are the tax matters partner (the partnership representative who deals with the IRS) and want to contest these adjustments in court, you have 90 days from the date this letter was mailed to file a petition for a readjustment of the partnership items with the United States Tax Court, the United States Claims Court, or the District Court of the United States for the district in which the partnership's principal place of business is located. During this 90-day period, no other partner may file a petition for judicial review and the filing of a petition by the tax matters partner precludes all other actions.

If the tax matters partner has NOT filed a petition by the 90th day from the date the FPAA was mailed, any other partner entitled to receive this notice under section 6223 of the Internal Revenue Code (or any group of partners who together have an interest of 5 percent or more in the profits of the partnership (5-percent group)) may petition one of these courts after the 90th day, but on or before the 150th day, from the date the FPAA was mailed to the tax matters partner. Only one petition to the court is allowed. If more than one petition is filed, the first petition filed in the Tax Court will go forward. All other petitions (even those filed earlier) will be dismissed. If no petition is filed in the Tax Court, the first petition filed in one of the other courts will go forward and subsequent petitions will be dismissed.



New York City Appeals Office
P.O. Box 2954, Church Street Station, New York, N.Y. 10008

Petitions filed with the United States Tax Court must be mailed to 400 Second Street, N.W., Washington, D.C. 20217. Attach a copy of this letter to the petition. The time in which you must file a petition with the court is fixed by law and the court cannot consider your case if your petition is filed late. If this letter is addressed to both a husband and wife, and both want to petition the Tax Court, both must sign the petition or each must file a separate, signed petition.

As a condition to filing a petition in either the appropriate District Court or the Claims Court, the partner filing the petition (including each member of a 5-percent group which files a petition) must deposit with the Internal Revenue Service, on or before the day the petition is filed, the amount by which the partner's tax liability would be increased if the treatment of partnership items on the partner's return were made consistent with the treatment of partnership items under the FPAA. If you reported partnership items the way the partnership reported them on its return, you can generally determine the amount to deposit by taking your pro-rata share of the partnership's adjustments into account in refiguring your tax.

If no readjustment petition is filed in any of the courts listed on the front of this letter, this FPAA becomes binding and you will be billed for any additional tax that you may owe under the FPAA. You will not be permitted to contest the treatment of partnership items under the FPAA in any refund claim or suit. The law permits us to bill you after 150 days from the mailing date of the FPAA to the tax matters partner. However, if a petition is filed in the Tax Court, you will not be billed until the Tax Court decision is final.

If you have any questions about this matter, please write to the person whose name and address are shown on this letter. If you write, attach this letter to help identify your account. Keep the copy for your records. Also include your telephone number and the most convenient time for us to call you in case we need more information.

If you prefer, you may call the IRS contact person at the telephone number shown in the heading of this letter. If this number is outside your local calling area, there will be a long-distance charge to you.

You may call the IRS telephone number listed in your local directory. An employee there may be able to help you, but the contact person at the address shown on this letter is most familiar with your case.

Thank you for your cooperation.

Sincerely yours,

Fred T. Goldberg, Jr.
Commissioner
By

Benjamin A Brancato

Associate Chief
Appeals Office

Enclosures:
Form 870-P
Copy of this letter

Form 870-P(AD)
(June 1988)

Department of the Treasury — Internal Revenue Service

# Settlement Agreement For Partnership Adjustments

| Taxpayer(s) name(s), address, and zip code | Name of Partnership | Tax Year(s) Ended |
|---|---|---|
| Cinema '84<br>c/o Greenberg Brothers Partnerships<br>60 Madison Avenue<br>New York, New York 10010 | Cinema '84<br>Taxpayer Identifying Number: 11-2678807 | December 31, 1985 |
| Taxpayer Identifying Number: 11-2678807 | Name of Tax Matters Partner<br>Richard M. Greenberg | |

Under the provisions of section 6224(c) of the Internal Revenue Code, the undersigned offers to enter into a settlement agreement with respect to the determination of partnership items of the partnership for the year(s) shown on the attached schedule of adjustments. The undersigned, in accordance with the provisions of section 6224(b) of the Code, also offers to waive the restrictions on the assessment and collection of any deficiency attributable to partnership items (with interest as required by law) provided in section 6225(a).

This offer is subject to acceptance for the Commissioner of the Internal Revenue Service. It will take effect as a waiver of restrictions on the date it is accepted. Unless and until it is accepted, it will have no force or effect.

If this offer is accepted for the Commissioner, the treatment of partnership items under this agreement will not be reopened in the absence of fraud, malfeasance, or misrepresentation of fact; and no claim for refund or credit based on any change in the treatment of partnership items may be filed or prosecuted.

| | |
|---|---|
| Signature of taxpayer | Date |
| Signature of taxpayer | Date |
| By (Signature and title) | Date |

If this offer is executed by a tax matters partner, please include title with the signature.

**Note:** The execution and filing of this offer will expedite the adjustment of tax liability.

If this offer is executed with respect to a year for which a JOINT RETURN OF A HUSBAND AND WIFE was filed, it must be signed by both spouses, unless one spouse, acting under a power of attorney, signs as agent for the other.

If a taxpayer is a corporation, the offer must be signed with the corporate name followed by the signature and title of the officer authorized to sign.

This offer may be executed by the taxpayer's attorney or agent provided this action is specificallly authorized by a power of attorney, which, if not previously filed, must accompany this form.

The submission of this offer by you and the acceptance of the offer for the Commissioner may result in an additional tax liability to you plus interest as provided by law. If the result is a decrease in tax, the amount of the decrease will be sent to you with interest as provided by law.

| For Internal Revenue Use Only | Date accepted for Commissioner | Signature |
|---|---|---|
| | Office | Title |

0081

Department of the Treasury — Internal Revenue Service

# Settlement Agreement For Partnership Adjustments

## Schedule of Adjustments

| Name of Partnership Cinema '84<br>Taxpayer Identifying Number: 11-2678807 | Tax Year(s) Ended | | |
|---|---|---|---|
| Detail of Adjustments To Ordinary Income | 12/31/85 | | |
| 1. Depreciation | $6,450,069 | | |
| 2. Interest Expense | 3,033,912 | | |
| 3. Guaranteed Payments to Partners | 25,000 | | |
| 4. Advertizing Expenses | 248,865 | | |
| 5. Legal Fees | 62,000 | | |
| 6. Appraisal | 15,000 | | |
| 7. Accounting Fees | 5,000 | | |
| 8. Miscellaneous Fees | 580 | | |
| 9. Amortization | 91,320 | | |
| 10. Gross Receipts | (4,498,000) | | |
| 11. Interest Income | ( 155,587) | | |
| Total Adjustments To Ordinary Income | $5,278,159 | | |
| Other Adjustment: Net Earnings From Self-Employment | | | |
| (1) Adjustment | 108,675 | | |
| (2) As Reported | ( 83,675) | | |
| (3) Corrected | 25,000 | | |
| Other Adjustment: Gross Nonfarm Income | | | |
| (1) Adjustment | ( 82,572) | | |
| (2) As Reported | 117,572 | | |
| (3) Corrected | 25,000 | | |

Remarks

Other Adjustments:

| | Qualified Investment Income | Qualified Investment Expenses |
|---|---|---|
| (1) Adjustment | (4,563,627) | (9,733,111) |
| (2) As Reported | 4,563,627 | 9,733,111 |
| (3) Corrected | -0- | -0- |

Other Adjustment: Partnership Notes

The partnership notes with Helmdale Film Corporation are determined to be non-recourse in substance because the partnership is protected against loss on the notes and Hemdale Film Corporation has an interest in the activity other than as a creditor.

0082

CINEMA '84
EIN: 11-2678807

EXPLANATION OF ADJUSTMENTS
TAXABLE YEAR ENDED DECEMBER 31, 1985

1. Adjustments To Ordinary Income

A. 1. It is determined that the deductions claimed by the partnership based on its claimed purchase of the films "Perfect Strangers", "Special Effects", "Return of the Living Dead", "The Terminator", "The Howling II", and "A Breed Apart", are disallowed because in substance the partnership did not acquire the benefits and burdens of ownership in the films and is, therefore, not entitled to any of the deductions claimed.

2. In the alternative, if it is determined that the partnership acquired ownership interests in the films it is determined that acquisition of the films was not an activity entered into for profit under Section 183(a). Accordingly, any deductions claimed which have not been disallowed in full for the specific reasons set forth in Section B, below, are only allowed to the extent of partnership income in accordance with, and in the manner provided by, Sections 183(b)(1) and 183(b)(2).

B. It is further determined that the following partnership deductions are disallowed for the specific reasons stated:

1. Depreciation

a. It is determined that the deduction attributable to depreciation is disallowed because the method of depreciation does not bear a proper relationship to a decline in the films' usefulness and, in any event, the fair market value of the films has not been established.

b. Alternatively, it is determined that the portion of the depreciation deduction attributable to the amounts of the notes to Hemdale Film Corporation are disallowed because said notes lack economic substance, are contingent and are not present liabilities. Therefore, the notes cannot be considered partnership liabilities and cannot be added to the cost or depreciable bases of the films.

| Film Title | Amount of Note |
|---|---|
| Perfect Strangers | $ 1,125,000.00 |
| Special Effects | 1,125,000.00 |
| Return of the Living Dead | 6,450,000.00 |
| The Terminator | 9,200,000.00 |
| The Howling II | 5,210,000.00 |
| A Breed Apart | 6,970,000.00 |

CINEMA '84
EIN: 11-2678807

EXPLANATION OF ADJUSTMENTS
TAXABLE YEAR ENDED DECEMBER 31, 1985

2. Interest Expense

a. It is determined that the deduction claimed for interest expense is not deductible because it has not been established that the amounts claimed were in fact paid or incurred and if paid or incurred were for the purpose stated, nor have you substantiated such deduction; and

b. The loans represented by the notes are contingent and not present liabilies.

3. Guaranteed Payments To Partners

4. Advertising Expenses

5. Legal Fees

6. Appraisal

7. Accounting Fees

8. Miscellaneous Fees

9. Amortization

a. It is determined that the deductions shown above as numbers 3. through 9., are disallowed because it has not been established that the amounts claimed were in fact paid or incurred and if paid or incurred were for the purposes stated, nor have you substantiated such deductions; and

b. The deductions shown above as numbers 3. through 9., if in fact incurred, were incurred for nondeductible syndication cost of the partnership.

CINEMA '84
EIN: 11-2678807

EXPLANATION OF ADJUSTMENTS
TAXABLE YEAR ENDED DECEMBER 31, 1985

ALTERNATIVE POSITION

A. Alternatively, because the fair market values of the films have not been established, and because the notes to which the films are nominally subject lack economic substance, your proportionate share of said notes cannot be included in your basis in your partnership interest.

B. Alternatively, if it is decided that the disallowed partnership deductions are allowable in whole or in part, then it is determined that you are subject to the provisions of Section 465. The partnership notes held by Hemdale Film Corporation are determined to be non-recourse in substance because payments under these notes are not required and have not been made. Therefore, the partnership is protected against loss on the notes. Additionally, Hemdale Film Corporation has an interest in the activity other than as a creditor.

II. Other Adjustments

A. Net Earnings From Self-Employment

B. Gross Nonfarm Income

C. Qualified Investment Income

D. Qualified Investment Expense

The amounts reported as net earnings from self-employment, gross nonfarm income, qualified investment income and qualified investment expense are adjusted to reflect the adjustments to ordinary income.

E. Partnership Note

See explanation for Alternative Position B., above.

CINEMA '84
EIN: 11-2678807

December 31, 1985

FOR INFORMATION PURPOSES ONLY

The explanations stated below are provided for your information. The explanations state the reasons why the stated penalties, interest on tax motivated transactions and/or the provisions of I.R.C. section 465 may be asserted after the partnership proceedings have been completed. The Court will not have jurisdiction to consider the partners' penalties or loss deduction limitation under sec. 465 raised in this Notice of Final Partnership Administrative Adjustment (FPAA) pursuant to Internal Revenue Code Sections 6231(a)(3) and 6626(f). Thus, you should not raise any penalty or loss limitation issue should you decide to petition the Court with respect to this FPAA.

I.R.C. Section 465

It has been determined that the partners are subject to the provisions of Section 465 of the Internal Revenue Code. You will not be allowed to increase your basis for claiming losses by your assumption agreements since: (1) the terms of the purchase and distribution agreements constitute a stop loss agreement protecting you from loss, and (2) the creditor has an interest other than as a creditor.

Section 6621(c) Tax Motivated Interest

It is determined that the partnership for 1985 has improperly taken deductions and/or credits for tax motivated reasons. Penalty I.R.C. Section 6621(c) is applicable at the individual partner level and will be raised in separate proceedings at the partner level following the present partnership proceeding.

This shelter is deemed to be a tax motivated transaction. As such, the adjustments to the investors' returns from this entity are subject to I.R.C. §6621(c). Interest accruing after 12/31/84 with respect to a substantial understatement of over $1,000.00 for any tax year will be imposed at an annual rate equal to 120% of the normal interest rate on the deficiency.

CINEMA '84
EIN: 11-2678807

December 31, 1985

FOR INFORMATION PURPOSES ONLY

I.R.C. Section 6653(a)

It is determined that the partnership for 1985 has improperly taken deductions and/or credit due to negligence or intentional disregard of rules and regulations. Penalty I.R.C. Section 6653(a)(1) and (2) are applicable at the individual partner level and will be raised in separate proceedings at the partner level following the present partnership proceeding.

I.R.C. Section 6659

It is determined that the partnership for 1985 overstated the value of the film. The penalty provision of I.R.C. Section 6659 is applicable at the individual partner level and will be raised in separate proceedings at the partner level following the present partnership proceeding.

I.R.C. Section 6661

In the alternative to the application of I.R.C. Section 6659, it is determined that the partnership for 1985 substantially understated its tax income. Penalty I.R.C. Section 6661 is applicable at the individual partner level and will be raised in separate proceedings at the partner level following the present partnership proceeding.

Internal Revenue Service
Regional Director of Appeals

Department of the Treasury

903-415-167

Date:
OCT 15 1991

Name of Partnership:
Cinema '84
Taxpayer Identifying Number:
11-2678807
Tax Year Ended:
December 31, 1986
Date FPAA Mailed to Tax Matters Partner:
OCT 15 1991
Person to Contact:
Maurice S. Stein
Contact Telephone Number:
(212) 264-7616

Tax Matters Partner
Cinema '84
c/o Greenberg Brothers Partnership
60 Madison Avenue
New York, New York 10010

Dear Partner:

NOTICE OF FINAL PARTNERSHIP ADMINISTRATIVE ADJUSTMENT

We have determined that there are adjustments to the partnership return as shown on the attached schedule of adjustments, Form 870-P, Agreement to Assessment and Collection of Deficiency in Tax for Partnership Adjustments. This letter is the notice of Final Partnership Administrative Adjustment (FPAA).

If you want to enter into a binding settlement to treat partnership items consistently with the treatment of the items on the partnership return as modified by the FPAA, please sign and return the enclosed Form 870-P. Signing and returning Form 870-P constitutes a settlement offer by you. If the Commissioner accepts your offer of settlement, the treatment of partnership items under the settlement will be binding and will not be affected by any later judicial determination.

If you are the tax matters partner (the partnership representative who deals with the IRS) and want to contest these adjustments in court, you have 90 days from the date this letter was mailed to file a petition for a readjustment of the partnership items with the United States Tax Court, the United States Claims Court, or the District Court of the United States for the district in which the partnership's principal place of business is located. During this 90-day period, no other partner may file a petition for judicial review and the filing of a petition by the tax matters partner precludes all other actions.

If the tax matters partner has NOT filed a petition by the 90th day from the date the FPAA was mailed, any other partner entitled to receive this notice under section 6223 of the Internal Revenue Code (or any group of partners who together have an interest of 5 percent or more in the profits of the partnership (5-percent group)) may petition one of these courts after the 90th day, but on or before the 150th day, from the date the FPAA was mailed to the tax matters partner. Only one petition to the court is allowed. If more than one petition is filed, the first petition filed in the Tax Court will go forward. All other petitions (even those filed earlier) will be dismissed. If no petition is filed in the Tax Court, the first petition filed in one of the other courts will go forward and subsequent petitions will be dismissed.

(over)



New York City Appeals Office

Petitions filed with the United States Tax Court must be mailed to 400 Second Street, N.W., Washington, D.C. 20217. Attach a copy of this letter to the petition. The time in which you must file a petition with the court is fixed by law and the court cannot consider your case if your petition is filed late. If this letter is addressed to both a husband and wife, and both want to petition the Tax Court, both must sign the petition or each must file a separate, signed petition.

As a condition to filing a petition in either the appropriate District Court or the Claims Court, the partner filing the petition (including each member of a 5-percent group which files a petition) must deposit with the Internal Revenue Service, on or before the day the petition is filed, the amount by which the partner's tax liability would be increased if the treatment of partnership items on the partner's return were made consistent with the treatment of partnership items under the FPAA. If you reported partnership items the way the partnership reported them on its return, you can generally determine the amount to deposit by taking your pro-rata share of the partnership's adjustments into account in refiguring your tax.

If no readjustment petition is filed in any of the courts listed on the front of this letter, this FPAA becomes binding and you will be billed for any additional tax that you may owe under the FPAA. You will not be permitted to contest the treatment of partnership items under the FPAA in any refund claim or suit. The law permits us to bill you after 150 days from the mailing date of the FPAA to the tax matters partner. However, if a petition is filed in the Tax Court, you will not be billed until the Tax Court decision is final.

If you have any questions about this matter, please write to the person whose name and address are shown on this letter. If you write, attach this letter to help identify your account. Keep the copy for your records. Also include your telephone number and the most convenient time for us to call you in case we need more information.

If you prefer, you may call the IRS contact person at the telephone number shown in the heading of this letter. If this number is outside your local calling area, there will be a long-distance charge to you.

You may call the IRS telephone number listed in your local directory. An employee there may be able to help you, but the contact person at the address shown on this letter is most familiar with your case.

Thank you for your cooperation.

Sincerely yours,

Fred T. Goldberg, Jr.
Commissioner
By

Benjamin A Braneato

Associate Chief
Appeals Office

Enclosures:
Form 870-P
Copy of this letter

Form 870-P(AD) (June 1988)

Department of the Treasury – Internal Revenue Service

# Settlement Agreement For Partnership Adjustments

| Taxpayer(s) name(s), address, and zip code | Name of Partnership | Tax Year(s) Ended |
|---|---|---|
| Cinema '84<br>c/o Greenberg Brothers Partnerships<br>60 Madison Avenue<br>New York, New York 10010 | Cinema '84<br>Taxpayer Identifying Number: 11-2678807 | December 31, 1986 |
| Taxpayer Identifying Number: 11-2678807 | Name of Tax Matters Partner<br>Richard M. Greenberg | |

Under the provisions of section 6224(c) of the Internal Revenue Code, the undersigned offers to enter into a settlement agreement with respect to the determination of partnership items of the partnership for the year(s) shown on the attached schedule of adjustments. The undersigned, in accordance with the provisions of section 6224(b) of the Code, also offers to waive the restrictions on the assessment and collection of any deficiency attributable to partnership items (with interest as required by law) provided in section 6225(a).

This offer is subject to acceptance for the Commissioner of the Internal Revenue Service. It will take effect as a waiver of restrictions on the date it is accepted. Unless and until it is accepted, it will have no force or effect.

If this offer is accepted for the Commissioner, the treatment of partnership items under this agreement will not be reopened in the absence of fraud, malfeasance, or misrepresentation of fact; and no claim for refund or credit based on any change in the treatment of partnership items may be filed or prosecuted.

| Signature of taxpayer | Date |
|---|---|
| Signature of taxpayer | Date |
| By (Signature and title) | Date |

If this offer is executed by a tax matters partner, please include title with the signature.

**Note:** The execution and filing of this offer will expedite the adjustment of tax liability.

If this offer is executed with respect to a year for which a JOINT RETURN OF A HUSBAND AND WIFE was filed, it must be signed by both spouses, unless one spouse, acting under a power of attorney, signs as agent for the other.

If a taxpayer is a corporation, the offer must be signed with the corporate name followed by the signature and title of the officer authorized to sign.

This offer may be executed by the taxpayer's attorney or agent provided this action is specificallly authorized by a power of attorney, which, if not previously filed, must accompany this form.

The submission of this offer by you and the acceptance of the offer for the Commissioner may result in an additional tax liability to you plus interest as provided by law. If the result is a decrease in tax, the amount of the decrease will be sent to you with interest as provided by law.

| For Internal Revenue Use Only | Date accepted for Commissioner | Signature |
|---|---|---|
| | Office | Title |

0090

Department of the Treasury — Internal Revenue Service

# Settlement Agreement For Partnership Adjustments

## Schedule of Adjustments

| Name of Partnership Cinema '84 | Tax Year(s) Ended | | |
|---|---|---|---|
| Taxpayer Identifying Number: 11-2678807 | 12/31/86 | | |
| Detail of Adjustments To Ordinary Income | | | |
| 1. Depreciation | $6,156,884 | | |
| 2. Interest | 3,025,149 | | |
| 3. Guaranteed Payment to Partners | 29,621 | | |
| 4. Advertizing Expenses | 66,850 | | |
| 5. Professional Fees | 6,500 | | |
| 6. Office Expenses | 40,010 | | |
| 7. Printing Expense | 547 | | |
| 8. Amortization | 91,320 | | |
| 9. Gross Receipts | (4,480,308) | | |
| 10. Interest Income | ( 18,836) | | |
| Total Adjustments To Ordinary Income | $4,917,737 | | |
| Other Adjustment: Net Earnings From Self-Employment | | | |
| (1) Adjustment | 98,730 | | |
| (2) As Reported | ( 69,109) | | |
| (3) Corrected | 29,621 | | |
| Other Adjustment: Gross NonFarm Income | | | |
| (1) Adjustment | ( 60,273) | | |
| (2) As Reported | 89,894 | | |
| (3) Corrected | 29,621 | | |

Remarks

Other Adjustments:

| | Qualified Investment Income | Qualified Investment Expense |
|---|---|---|
| (1) Adjustment | (4,409,537) | (9,228,544) |
| (2) | 4,409,537 | 9,228,544 |
| (3) Corrected | -0- | -0- |

Other Adjustment: Partnership Note

The partnership notes with Hemdale Film Corporation are determined to be non-recourse in substance because the partnership is protected against loss on the notes and Hemdale Film Corporation has an interest in the activity other than as a creditor.

0091

CINEMA '84
EIN: 11-2678807

EXPLANATION OF ADJUSTMENTS
TAXABLE YEAR ENDED DECEMBER 31, 1986

1. Adjustments To Ordinary Income

A. 1. It is determined that the deductions claimed by the partnership based on its claimed purchase of the films "Perfect Strangers", "Special Effects", "Return of the Living Dead", "The Terminator", "The Howling II", and "A Breed Apart", are disallowed because in substance the partnership did not acquire the benefits and burdens of ownership in the films and is, therefore, not entitled to any of the deductions claimed.

2. In the alternative, if it is determined that the partnership acquired ownership interests in the films it is determined that acquisition of the films was not an activity entered into for profit under Section 183(a). Accordingly, any deductions claimed which have not been disallowed in full for the specific reasons set forth in Section B, below, are only allowed to the extent of partnership income in accordance with, and in the manner provided by, Sections 183(b)(1) and 183(b)(2).

B. It is further determined that the following partnership deductions are disallowed for the specific reasons stated:

1. Depreciation

a. It is determined that the deduction attributable to depreciation is disallowed because the method of depreciation does not bear a proper relationship to a decline in the films' usefulness and, in any event, the fair market value of the films has not been established.

b. Alternatively, it is determined that the portion of the depreciation deduction attributable to the amounts of the notes to Hemdale Film Corporation are disallowed because said notes lack economic substance, are contingent and are not present liabilities. Therefore, the notes cannot be considered partnership liabilities and cannot be added to the cost or depreciable bases of the films.

| Film Title | Amount of Note |
|---|---|
| Perfect Strangers | $ 1,125,000.00 |
| Special Effects | 1,125,000.00 |
| Return of the Living Dead | 6,450,000.00 |
| The Terminator | 9,200,000.00 |
| The Howling II | 5,210,000.00 |
| A Breed Apart | 6,970,000.00 |

CINEMA '84
EIN: 11-2678807

EXPLANATION OF ADJUSTMENTS
TAXABLE YEAR ENDED DECEMBER 31, 1986

2. Interest Expense

a. It is determined that the deduction claimed for interest expense is not deductible because it has not been established that the amounts claimed were in fact paid or incurred and if paid or incurred were for the purpose stated, nor have you substantiated such deduction; and

b. The loans represented by the notes are contingent and not present liabilies.

3. Guaranteed Payments To Partners

4. Advertising Expenses

5. Financing Fees

6. Office Expenses

7. Printing Expense

8. Amortization

a. It is determined that the deductions shown above as numbers 3. through 8., are disallowed because it has not been established that the amounts claimed were in fact paid or incurred and if paid or incurred were for the purposes stated, nor have you substantiated such deductions; and

b. The deductions shown above as numbers 3. through 8., if in fact incurred, were incurred for nondeductible syndication cost of the partnership.

CINEMA '84
EIN: 11-2678807

EXPLANATION OF ADJUSTMENTS
TAXABLE YEAR ENDED DECEMBER 31, 1986

ALTERNATIVE POSITION

A. Alternatively, because the fair market values of the films have not been established, and because the notes to which the films are nominally subject lack economic substance, said notes cannot be included in your basis in the films.

B. Alternatively, if it is decided that the disallowed partnership deductions are allowable in whole or in part, then it is determined that you are subject to the provisions of Section 465. The partnership notes held by Hemdale Film Corporation are determined to be non-recourse in substance because payments under these notes are not required and have not been made. Therefore, the partnership is protected against loss on the notes. Additionally, Hemdale Film Corporation has an interest in the activity other than as a creditor.

II. Other Adjustments

A. Net Earnings From Self-Employment

B. Gross Nonfarm Income

C. Qualified Investment Income

D. Qualified Investment Expense

The amounts reported as net earnings from self-employment, gross nonfarm income, qualified investment income and qualified investment expense are adjusted to reflect the adjustments to ordinary income.

E. Partnership Note

See explanation for Alternative Position B., above.

CINEMA '84
EIN: 11-2678807

December 31, 1986

FOR INFORMATION PURPOSES ONLY

The explanations stated below are provided for your information. The explanations state the reasons why the stated penalties, interest on tax motivated transactions and/or the provisions of I.R.C. section 465 may be asserted after the partnership proceedings have been completed. The Court will not have jurisdiction to consider the partners' penalties or loss deduction limitation under sec. 465 raised in this Notice of Final Partnership Administrative Adjustment (FPAA) pursuant to Internal Revenue Code Sections 6231(a)(3) and 6626(f). Thus, you should not raise any penalty or loss limitation issue should you decide to petition the Court with respect to this FPAA.

I.R.C. Section 465

It has been determined that the partners are subject to the provisions of Section 465 of the Internal Revenue Code. You will not be allowed to increase your basis for claiming losses by your assumption agreement since: (1) the terms of the purchase and distribution agreement constitute a stop loss agreement protecting you from loss, and (2) the creditor has an interest other than as a creditor.

Section 6621(c) Tax Motivated Interest

It is determined that the partnership for 1986 has improperly taken deductions and/or credits for tax motivated reasons. Penalty I.R.C. Section 6621(c) is applicable at the individual partner level and will be raised in separate proceedings at the partner level following the present partnership proceeding.

This shelter is deemed to be a tax motivated transaction. As such, the adjustments to the investors' returns from this entity are subject to I.R.C. §6621(c). Interest accruing after 12/31/84 with respect to a substantial understatement of over $1,000.00 for any tax year will be imposed at an annual rate equal to 120% of the normal interest rate on the deficiency.

Internal Revenue Service
Regional Director of Appeals

Department of the Treasury

Date:

Name of Partnership:
Cinema '84
Taxpayer Identifying Number:
11-2678807
Tax Year Ended:
December 31, 1987
Date FPAA Mailed to Tax Matters Partner:

Person to Contact:
Maurice S. Stein
Contact Telephone Number:
(212) 264-7616

Mr. Richard M. Greenberg
Tax Matters Partner
Cinema '84
1175 York Avenue (PHB-3)
New York, New York 10021-7169

Dear Mr. Greenberg:

## NOTICE OF FINAL PARTNERSHIP ADMINISTRATIVE ADJUSTMENT

We have determined that there are adjustments to the partnership return as shown on the attached schedule of adjustments, Form 870-P, Agreement to Assessment and Collection of Deficiency in Tax for Partnership Adjustments. This letter is the notice of Final Partnership Administrative Adjustment (FPAA).

If you want to enter into a binding settlement to treat partnership items consistently with the treatment of the items on the partnership return as modified by the FPAA, please sign and return the enclosed Form 870-P. Signing and returning Form 870-P constitutes a settlement offer by you. If the Commissioner accepts your offer of settlement, the treatment of partnership items under the settlement will be binding and will not be affected by any later judicial determination.

If you are the tax matters partner (the partnership representative who deals with the IRS) and want to contest these adjustments in court, you have 90 days from the date this letter was mailed to file a petition for a readjustment of the partnership items with the United States Tax Court, the United States Claims Court, or the District Court of the United States for the district in which the partnership's principal place of business is located. During this 90-day period, no other partner may file a petition for judicial review and the filing of a petition by the tax matters partner precludes all other actions.

If the tax matters partner has NOT filed a petition by the 90th day from the date the FPAA was mailed, any other partner entitled to receive this notice under section 6223 of the Internal Revenue Code (or any group of partners who together have an interest of 5 percent or more in the profits of the partnership (5-percent group)) may petition one of these courts after the 90th day, but on or before the 150th day, from the date the FPAA was mailed to the tax matters partner. Only one petition to the court is allowed. If more than one petition is filed, the first petition filed in the Tax Court will go forward. All other petitions (even those filed earlier) will be dismissed. If no petition is filed in the Tax Court, the first petition filed in one of the other courts will go forward and subsequent petitions will be dismissed.

(over)



New York City Appeals Office
P.O. Box 2954, Church Street Station, New York, N.Y. 10008

Petitions filed with the United States Tax Court must be mailed to 400 Second Street, N.W., Washington, D.C. 20217. Attach a copy of this letter to the petition. The time in which you must file a petition with the court is fixed by law and the court cannot consider your case if your petition is filed late. If this letter is addressed to both a husband and wife, and both want to petition the Tax Court, both must sign the petition or each must file a separate, signed petition.

As a condition to filing a petition in either the appropriate District Court or the Claims Court, the partner filing the petition (including each member of a 5-percent group which files a petition) must deposit with the Internal Revenue Service, on or before the day the petition is filed, the amount by which the partner's tax liability would be increased if the treatment of partnership items on the partner's return were made consistent with the treatment of partnership items under the FPAA. If you reported partnership items the way the partnership reported them on its return, you can generally determine the amount to deposit by taking your pro-rata share of the partnership's adjustments into account in refiguring your tax.

If no readjustment petition is filed in any of the courts listed on the front of this letter, this FPAA becomes binding and you will be billed for any additional tax that you may owe under the FPAA. You will not be permitted to contest the treatment of partnership items under the FPAA in any refund claim or suit. The law permits us to bill you after 150 days from the mailing date of the FPAA to the tax matters partner. However, if a petition is filed in the Tax Court, you will not be billed until the Tax Court decision is final.

If you have any questions about this matter, please write to the person whose name and address are shown on this letter. If you write, attach this letter to help identify your account. Keep the copy for your records. Also include your telephone number and the most convenient time for us to call you in case we need more information.

If you prefer, you may call the IRS contact person at the telephone number shown in the heading of this letter. If this number is outside your local calling area, there will be a long-distance charge to you.

You may call the IRS telephone number listed in your local directory. An employee there may be able to help you, but the contact person at the address shown on this letter is most familiar with your case.

Thank you for your cooperation.

Sincerely yours,

Fred T. Goldberg, Jr.
Commissioner
By

Benjamin A Brancato

Associate Chief
Appeals Office

Enclosures:
Form 870-P
Copy of this letter

Form 870-P(AD) (June 1988)

Department of the Treasury — Internal Revenue Service

## Settlement Agreement For Partnership Adjustments

| Taxpayer(s) name(s), address, and zip code | Name of Partnership | Tax Year(s) Ended |
|---|---|---|
| Cinema '84<br>c/o Greenberg Brothers Partnership<br>2 Soundview Drive<br>Greenwich, CT 06830-6471 | Cinema '84<br>Taxpayer Identifying Number: 11-2678807 | December 31, 1987 |
| Taxpayer Identifying Number: 11-2678807 | Name of Tax Matters Partner<br>Richard M. Greenberg | |

Under the provisions of section 6224(c) of the Internal Revenue Code, the undersigned offers to enter into a settlement agreement with respect to the determination of partnership items of the partnership for the year(s) shown on the attached schedule of adjustments. The undersigned, in accordance with the provisions of section 6224(b) of the Code, also offers to waive the restrictions on the assessment and collection of any deficiency attributable to partnership items (with interest as required by law) provided in section 6225(a).

This offer is subject to acceptance for the Commissioner of the Internal Revenue Service. It will take effect as a waiver of restrictions on the date it is accepted. Unless and until it is accepted, it will have no force or effect.

If this offer is accepted for the Commissioner, the treatment of partnership items under this agreement will not be reopened in the absence of fraud, malfeasance, or misrepresentation of fact; and no claim for refund or credit based on any change in the treatment of partnership items may be filed or prosecuted.

| Signature of taxpayer | Date |
|---|---|
| Signature of taxpayer | Date |
| By (Signature and title) | Date |

If this offer is executed by a tax matters partner, please include title with the signature.

**Note:** The execution and filing of this offer will expedite the adjustment of tax liability.

If this offer is executed with respect to a year for which a JOINT RETURN OF A HUSBAND AND WIFE was filed, it must be signed by both spouses, unless one spouse, acting under a power of attorney, signs as agent for the other.

If a taxpayer is a corporation, the offer must be signed with the corporate name followed by the signature and title of the officer authorized to sign.

This offer may be executed by the taxpayer's attorney or agent provided this action is specificallly authorized by a power of attorney, which, if not previously filed, must accompany this form.

The submission of this offer by you and the acceptance of the offer for the Commissioner may result in an additional tax liability to you plus interest as provided by law. If the result is a decrease in tax, the amount of the decrease will be sent to you with interest as provided by law.

| For Internal Revenue Use Only | Date accepted for Commissioner | Signature |
|---|---|---|
| | Office | Title |

0098

Department of the Treasury — Internal Revenue Service

## Settlement Agreement For Partnership Adjustments

### Schedule of Adjustments

| Name of Partnership Cinema '84<br>Taxpayer Identifying Number: 11-2678807 | Tax Year(s) Ended | | |
|---|---|---|---|
| | 12/31/87 | | |
| **Detail of Adjustments To Ordinary Income** | | | |
| 1. Depreciation | $6,156,884 | | |
| 2. Interest | 3,016,792 | | |
| 3. Professional Fees | 6,000 | | |
| 4. Office Expenses | 14 | | |
| 5. Legal Expense | 39,051 | | |
| 6. Amortization | 91,320 | | |
| 7. Gross Receipts | (3,008,000) | | |
| Total Adjustments To Ordinary Income | $6,302,061 | | |
| Other Adjustment: Net Earnings From Self-Employment | | | |
| (1) Adjustment | 126,041 | | |
| (2) As Reported | 126,041 | | |
| (3) Corrected | -0- | | |
| Other Adjustment: Gross Nonfarm Income | | | |
| (1) Adjustment | ( 60,160) | | |
| (2) As Reported | 60,160 | | |
| (3) Corrected | -0- | | |

Remarks

Other Adjustment: Partnership Note

The partnership notes with Hemdale Film Corporation are determined to be non-recourse in substance because the partnership is protected against loss on the notes and Hemdale Film Corporation has an interest in the activity other than as a creditor.

0099

CINEMA '84
EIN: 11-2678807

EXPLANATION OF ADJUSTMENTS
TAXABLE YEAR ENDED DECEMBER 31, 1987

1. Adjustments To Ordinary Income

A. 1. It is determined that the deductions claimed by the partnership based on its claimed purchase of the films "Perfect Strangers", "Special Effects", "Return of the Living Dead", "The Terminator", "The Howling II", and "A Breed Apart", are disallowed because in sub-substance the partnership did not acquire the benefits and burdens of ownership in the films and is, therefore, not entitled to any of the deductions claimed.

2. In the alternative, if it is determined that the partnership acquired ownership interests in the films it is determined that acquisition of the films was not an activity entered into for profit under Section 183(a). Accordingly, any deductions claimed which have not been disallowed in full for the specific reasons set forth in Section B, below, are only allowed to the extent of partnership income in accordance with, and in the manner provided by, Sections 183(b)(1) and 183(b)(2).

B. It is further determined that the following partnership deductions are disallowed for the specific reasons stated:

1. Depreciation

a. It is determined that the deduction attributable to depreciation is disallowed because the method of depreciation does not bear a proper relationship to a decline in the films' usefulness and, in any event, the fair market value of the films has not been established.

b. Alternatively, it is determined that the portion of the depreciation deduction attributable to the amounts of the notes to Hemdale Film Corporation are disallowed because said notes lack economic substance, are contingent and are not present liabilities. Therefore, the notes cannot be considered partnership liabilities and cannot be added to the cost or depreciable bases of the films.

| Film Title | Amount of Note |
|---|---|
| Perfect Strangers | $ 1,125,000.00 |
| Special Effects | 1,125,000.00 |
| Return of the Living Dead | 6,450,000.00 |
| The Terminator | 9,200,000.00 |
| The Howling II | 5,210,000.00 |
| A Breed Apart | 6,970,000.00 |

CINEMA '84
EIN: 11-2678807

EXPLANATION OF ADJUSTMENTS
TAXABLE YEAR ENDED DECEMBER 31, 1987

2. Interest Expense

a. It is determined that the deduction claimed for interest expense is not deductible because it has not been established that the amounts claimed were in fact paid or incurred and if paid or incurred were for the purpose stated, nor have you substantiated such deduction; and

b. The loans represented by the notes are contingent and not present liabilies.

3. Professional Fees

4. Office Fees

5. Legal Expense

6. Amortization

a. It is determined that the deductions shown above as numbers 3. through 6., are disallowed because it has not been established that the amounts claimed were in fact paid or incurred and if paid or incurred were for the purposes stated, nor have you substantiated such deductions; and

b. The deductions shown above as numbers 3. through 6., if in fact incurred, were incurred for nondeductible syndication cost of the partnership.

CINEMA '84
EIN: 11-2678807

EXPLANATION OF ADJUSTMENTS
TAXABLE YEAR ENDED DECEMBER 31, 1987
ALTERNATIVE POSITION

A. Alternatively, because the fair market values of the films have not been established, and because the notes to which the films are nominally subject lack economic substance, said notes cannot be included in your basis in the films.

B. Alternatively, if it decided that the disallowed partnership deductions are allowable in whole or in part, then it is determined that you are subject to the provisions of Section 465. The partnership notes held by Hemdale Film Corporation are determined to be nonrecourse in substance because payments under these notes are not required and have not been made. Therefore, the partnership is protected against loss on the note. Additionally, Hemdale Film Corporation has an interest in the activity other than as a creditor.

II. Other Adjustments

A. Not Earnings From Self-Employment

B. Gross Nonfarm Income

The amounts reported as net earning from self-employment and gross nonfarm income are adjusted to reflect the adjustments to ordinary income.

C. Partnership Note

See explanation for Alternative Position B., above.

CINEMA '84
EIN: 11-2678807

December 31, 1987

FOR INFORMATION PURPOSES ONLY

The explanations stated below are provided for your information. The explanations state the reasons why the stated penalties, interest on tax motivated transactions and/or the provisions of I.R.C. section 465 may be asserted after the partnership proceedings have been completed. The Court will not have jurisdiction to consider the partners' penalties or loss deduction limitation under sec. 465 raised in this Notice of Final Partnership Administrative Adjustment (FPAA) pursuant to Internal Revenue Code Sections 6231(a)(3) and 6626(f). Thus, you should not raise any penalty or loss limitation issue should you decide to petition the Court with respect to this FPAA.

I.R.C. Section 465

It has been determined that the partners are subject to the provisions of Section 465 of the Internal Revenue Code. You will not be allowed to increase your basis for claiming losses by your assumption agreements since: (1) the terms of the purchase and distribution agreements constitute a stop loss agreement protecting you from loss, and (2) the creditor has an interest other than as a creditor.

Section 6621(c) Tax Motivated Interest

It is determined that the partnership for 1987 has improperly taken deductions and/or credits for tax motivated reasons. Penalty I.R.C. Section 6621(c) is applicable at the individual partner level and will be raised in separate proceedings at the partner level following the present partnership proceeding.

This shelter is deemed to be a tax motivated transaction. As such, the adjustments to the investors' returns from this entity are subject to I.R.C. §6621(c). Interest accruing after 12/31/84 with respect to a substantial understatement of over $1,000.00 for any tax year will be imposed at an annual rate equal to 120% of the normal interest rate on the deficiency.

CINEMA '84
E.I.N. 11-2678807

December 31, 1987

FOR INFORMATION PURPOSES ONLY

I.R.C. Section 6653(a)

It is determined that the partnership for 1987 has improperly taken deductions and/or credit due to negligence or intentional disregard of rules and regulations. Penalty I.R.C. Section 6653(a)(1) and (2) are applicable at the individual partner level and will be raised in separate proceedings at the partner level following the present partnership proceeding.

I.R.C. Section 6659

It is determined that the partnership for 1987 overstated the value of the film. The penalty provision of I.R.C. Section 6659 is applicable at the individual partner level and will be raised in separate proceedings at the partner level following the present partnership proceeding.

I.R.C. Section 6661

In the alternative to the application of I.R.C. Section 6659, it is determined that the partnership for 1987 substantially understated its tax income. Penalty I.R.C. Section 6661 is applicable at the individual partner level and will be raised in separate proceedings at the partner level following the present partnership proceeding.

903-415-125

Internal Revenue Service
Regional Director of Appeals

Department of the Treasury

Date: OCT 15 1991

Name of Partnership:
Cinema '84
Taxpayer Identifying Number:
11-2678807
Tax Year Ended:
December 31, 1988
Date FPAA Mailed to Tax Matters Partner:
OCT 15 1991
Person to Contact:
Maurice S. Stein
Contact Telephone Number:
(212) 264-7616

Tax Matters Partner
Cinema '84
c/o Greenberg Brothers Partnership
2 Soundview Drive
Greenwich, Conn. 06830-6471

Dear Partner:

**NOTICE OF FINAL PARTNERSHIP ADMINISTRATIVE ADJUSTMENT**

We have determined that there are adjustments to the partnership return as shown on the attached schedule of adjustments, Form 870-P, Agreement to Assessment and Collection of Deficiency in Tax for Partnership Adjustments. This letter is the notice of Final Partnership Administrative Adjustment (FPAA).

If you want to enter into a binding settlement to treat partnership items consistently with the treatment of the items on the partnership return as modified by the FPAA, please sign and return the enclosed Form 870-P. Signing and returning Form 870-P constitutes a settlement offer by you. If the Commissioner accepts your offer of settlement, the treatment of partnership items under the settlement will be binding and will not be affected by any later judicial determination.

If you are the tax matters partner (the partnership representative who deals with the IRS) and want to contest these adjustments in court, you have 90 days from the date this letter was mailed to file a petition for a readjustment of the partnership items with the United States Tax Court, the United States Claims Court, or the District Court of the United States for the district in which the partnership's principal place of business is located. During this 90-day period, no other partner may file a petition for judicial review and the filing of a petition by the tax matters partner precludes all other actions.

If the tax matters partner has NOT filed a petition by the 90th day from the date the FPAA was mailed, any other partner entitled to receive this notice under section 6223 of the Internal Revenue Code (or any group of partners who together have an interest of 5 percent or more in the profits of the partnership (5-percent group)) may petition one of these courts after the 90th day, but on or before the 150th day, from the date the FPAA was mailed to the tax matters partner. Only one petition to the court is allowed. If more than one petition is filed, the first petition filed in the Tax Court will go forward. All other petitions (even those filed earlier) will be dismissed. If no petition is filed in the Tax Court, the first petition filed in one of the other courts will go forward and subsequent petitions will be dismissed.

Petitions filed with the United States Tax Court must be mailed to 400 Second Street, N.W., Washington, D.C. 20217. Attach a copy of this letter to the petition. The time in which you must file a petition with the court is fixed by law and the court cannot consider your case if your petition is filed late. If this letter is addressed to both a husband and wife, and both want to petition the Tax Court, both must sign the petition or each must file a separate, signed petition.

As a condition to filing a petition in either the appropriate District Court or the Claims Court, the partner filing the petition (including each member of a 5-percent group which files a petition) must deposit with the Internal Revenue Service, on or before the day the petition is filed, the amount by which the partner's tax liability would be increased if the treatment of partnership items on the partner's return were made consistent with the treatment of partnership items under the FPAA. If you reported partnership items the way the partnership reported them on its return, you can generally determine the amount to deposit by taking your pro-rata share of the partnership's adjustments into account in refiguring your tax.

If no readjustment petition is filed in any of the courts listed on the front of this letter, this FPAA becomes binding and you will be billed for any additional tax that you may owe under the FPAA. You will not be permitted to contest the treatment of partnership items under the FPAA in any refund claim or suit. The law permits us to bill you after 150 days from the mailing date of the FPAA to the tax matters partner. However, if a petition is filed in the Tax Court, you will not be billed until the Tax Court decision is final.

If you have any questions about this matter, please write to the person whose name and address are shown on this letter. If you write, attach this letter to help identify your account. Keep the copy for your records. Also include your telephone number and the most convenient time for us to call you in case we need more information.

If you prefer, you may call the IRS contact person at the telephone number shown in the heading of this letter. If this number is outside your local calling area, there will be a long-distance charge to you.

You may call the IRS telephone number listed in your local directory. An employee there may be able to help you, but the contact person at the address shown on this letter is most familiar with your case.

Thank you for your cooperation.

Sincerely yours,

Fred T. Goldberg, Jr.
Commissioner
By

Associate Chief
Appeals Office

Enclosures:
Form 870-P
Copy of this letter

Form 870-P(AD) (June 1988)

Department of the Treasury — Internal Revenue Service

# Settlement Agreement For Partnership Adjustments

| Taxpayer(s) name(s), address, and zip code | Name of Partnership | Tax Year(s) Ended |
|---|---|---|
| Cinema '84<br>c/o Greenberg Brothers Partnerships<br>2 Soundview Drive<br>Greenwich, CT 06830-6471 | Cinema '84<br>Taxpayer Identifying Number: 11-2678807 | December 31, 1988 |
| Taxpayer Identifying Number: 11-2678807 | Name of Tax Matters Partner<br>Richard M. Greenberg | |

Under the provisions of section 6224(c) of the Internal Revenue Code, the undersigned offers to enter into a settlement agreement with respect to the determination of partnership items of the partnership for the year(s) shown on the attached schedule of adjustments. The undersigned, in accordance with the provisions of section 6224(b) of the Code, also offers to waive the restrictions on the assessment and collection of any deficiency attributable to partnership items (with interest as required by law) provided in section 6225(a).

This offer is subject to acceptance for the Commissioner of the Internal Revenue Service. It will take effect as a waiver of restrictions on the date it is accepted. Unless and until it is accepted, it will have no force or effect.

If this offer is accepted for the Commissioner, the treatment of partnership items under this agreement will not be reopened in the absence of fraud, malfeasance, or misrepresentation of fact; and no claim for refund or credit based on any change in the treatment of partnership items may be filed or prosecuted.

| | |
|---|---|
| Signature of taxpayer | Date |
| Signature of taxpayer | Date |
| By (Signature and title) | Date |

If this offer is executed by a tax matters partner, please include title with the signature.

**Note:** The execution and filing of this offer will expedite the adjustment of tax liability.

If this offer is executed with respect to a year for which a JOINT RETURN OF A HUSBAND AND WIFE was filed, it must be signed by both spouses, unless one spouse, acting under a power of attorney, signs as agent for the other.

If a taxpayer is a corporation, the offer must be signed with the corporate name followed by the signature and title of the officer authorized to sign.

This offer may be executed by the taxpayer's attorney or agent provided this action is specificallly authorized by a power of attorney, which, if not previously filed, must accompany this form.

The submission of this offer by you and the acceptance of the offer for the Commissioner may result in an additional tax liability to you plus interest as provided by law. If the result is a decrease in tax, the amount of the decrease will be sent to you with interest as provided by law.

| For Internal Revenue Use Only | Date accepted for Commissioner | Signature |
|---|---|---|
| | Office | Title |

0107

Department of the Treasury — Internal Revenue Service

# Settlement Agreement For Partnership Adjustments

## Schedule of Adjustments

| Name of Partnership<br>Cinema '84<br>Taxpayer Identifying Number: | Tax Year(s) Ended | | |
|---|---|---|---|
| | 12/31/88 | | |
| **Detail of Adjustments To Ordinary Income** | | | |
| 1. Depreciation | | | |
| 2. Interest | $6,156,884 | | |
| 3. Guaranteed Payments to Partners | 3,010,793 | | |
| 4. Accounting Fees | 24,108 | | |
| 5. Bank Charges | 4,233 | | |
| 6. Legal Fees | 69 | | |
| 7. Amortization | 22,715 | | |
| | 91,320 | | |
| Total Adjustments To Ordinary Income | $9,310,122 | | |
| Other Adjustment: | | | |
| (1) Adjustment | | | |
| (2) As Reported | | | |
| (3) Corrected | | | |
| Other Adjustment: | | | |
| (1) Adjustment | | | |
| (2) As Reported | | | |
| (3) Corrected | | | |

Remarks

Other Adjustment: Partnership Note

The partnership notes with Hemdale Film Corporation are determined to be non-recourse in substance because the partnership is protected against loss on the notes and Hemdale Film Corporation has an interest in the activity other than as a creditor.

0108

CINEMA '84
EIN: 11-2678807

EXPLANATION OF ADJUSTMENTS
TAXABLE YEAR ENDED DECEMBER 31, 1988

1. Adjustments To Ordinary Income

A. 1. It is determined that the deductions claimed by the partnership based on its claimed purchase of the films "Perfect Strangers", "Special Effects", "Return of the Living Dead", "The Terminator", "The Howling II", and "A Breed Apart", are disallowed because in substance the partnership did not acquire the benefits and burdens of ownership in the films and is, therefore, not entitled to any of the deductions claimed.

B. It is further determined that the following partnership deductions are disallowed for the specific reasons stated:

1. Depreciation

a. It is determined that the deduction attributable to depreciation is disallowed because the method of depreciation does not bear a proper relationship to a decline in the films' usefulness and, in any event, the fair market values of the films has not been established.

b. Alternatively, it is determined that the portion of the depreciation deduction attributable to the amounts of the notes to Hemdale Film Corporation are disallowed because said notes lack economic substance, are contingent and are not present liabilities. Therefore, the notes cannot be considered partnership liabilities and cannot be added to the cost or depreciable bases of the films.

| Film Title | Amount of Note |
|---|---|
| Perfect Strangers | $ 1,125,000.00 |
| Special Effects | 1,125,000.00 |
| Return of the Living Dead | 6,450,000.00 |
| The Terminator | 9,200,000.00 |
| The Howling II | 5,210,000.00 |
| A Breed Apart | 6,970,000.00 |

CINEMA '84
EIN: 11-2678807

EXPLANATION OF ADJUSTMENTS
TAXABLE YEAR ENDED DECEMBER 31, 1988

2. Interest Expense

a. It is determined that the deduction claimed for interest expense is not deductible because it has not been established that the amounts claimed were in fact paid or incurred and if paid or incurred were for the purpose stated, nor have you substantiated such deduction; and

b. The loans represented by the notes are contingent and are not present liabilies.

3. Guaranteed Payments to Partners

4. Accounting Fees

5. Bank Charges

6. Legal Fees

7. Amortization

a. It is determined that the deductions shown above as numbers 3. through 7., are disallowed because it has not been established that the amounts claimed were in fact paid or incurred and if paid or incurred were for the purposes stated, nor have you substantiated such deductions; and

b. The deductions shown above as numbers 3. through 7., if in fact incurred, were incurred for nondeductible syndication cost of the partnership.

CINEMA '84
EIN: 11-2678807

December 31, 1988

FOR INFORMATION PURPOSES ONLY

The explanations stated below are provided for your information. The explanations state the reasons why the stated penalties, interest on tax motivated transactions and/or the provisions of I.R.C. section 465 may be asserted after the partnership proceedings have been completed. The Court will not have jurisdiction to consider the partners' penalties or loss deduction limitation under sec. 465 raised in this Notice of Final Partnership Administrative Adjustment (FPAA) pursuant to Internal Revenue Code Sections 6231(a)(3) and 6626(f). Thus, you should not raise any penalty or loss limitation issue should you decide to petition the Court with respect to this FPAA.

I.R.C. Section 465

It has been determined that the partners are subject to the provisions of Section 465 of the Internal Revenue Code. You will not be allowed to increase your basis for claiming losses by your assumption agreements since: (1) the terms of the purchase and distribution agreements constitute a stop loss agreement protecting you from loss, and (2) the creditor has an interest other than as a creditor.

Section 6621(c) Tax Motivated Interest

It is determined that the partnership for 1988 has improperly taken deductions and/or credits for tax motivated reasons. Penalty I.R.C. Section 6621(c) is applicable at the individual partner level and will be raised in separate proceedings at the partner level following the present partnership proceeding.

This shelter is deemed to be a tax motivated transaction. As such, the adjustments to the investors' returns from this entity are subject to I.R.C. §6621(c). Interest accruing after 12/31/84 with respect to a substantial understatement of over $1,000.00 for any tax year will be imposed at an annual rate equal to 120% of the normal interest rate on the deficiency.

CINEMA '84
E.I.N. 11-2678807

December 31, 1988

FOR INFORMATION PURPOSES ONLY

I.R.C. Section 6653(a)

It is determined that the partnership for 1988 has improperly taken deductions and/or credit due to negligence or intentional disregard of rules and regulations. Penalty I.R.C. Section 6653(a)(1) and (2) are applicable at the individual partner level and will be raised in separate proceedings at the partner level following the present partnership proceeding.

I.R.C. Section 6659

It is determined that the partnership for 1988 overstated the value of the film. The penalty provision of I.R.C. Section 6659 is applicable at the individual partner level and will be raised in separate proceedings at the partner level following the present partnership proceeding.

I.R.C. Section 6661

In the alternative to the application of I.R.C. Section 6659, it is determined that the partnership for 1988 substantially understated its tax income. Penalty I.R.C. Section 6661 is applicable at the individual partner level and will be raised in separate proceedings at the partner level following the present partnership proceeding.

/U⌣ 71⌣-130

Internal Revenue Service
Regional Director of Appeals

Dé. ırtment of the Treasury

Date: OCT 15 1991

Name of Partnership:
Cinema '84
Taxpayer Identifying Number:
11-2678807
Tax Year Ended:
December 31, 1989
Date FPAA Mailed to Tax Matters Partner:
OCT 15 1991
Person to Contact:
Maurice S. Stein
Contact Telephone Number:
(212) 264-7616

Tax Matters Partner
Cinema '84
Greenberg Brothers Partnerships
2 Soundview Drive
Greenwich, Connecticut 06830-6520

Dear Partner:

## NOTICE OF FINAL PARTNERSHIP ADMINISTRATIVE ADJUSTMENT

We have determined that there are adjustments to the partnership return as shown on the attached schedule of adjustments, Form 870-P, Agreement to Assessment and Collection of Deficiency in Tax for Partnership Adjustments. This letter is the notice of Final Partnership Administrative Adjustment (FPAA).

If you want to enter into a binding settlement to treat partnership items consistently with the treatment of the items on the partnership return as modified by the FPAA, please sign and return the enclosed Form 870-P. Signing and returning Form 870-P constitutes a settlement offer by you. If the Commissioner accepts your offer of settlement, the treatment of partnership items under the settlement will be binding and will not be affected by any later judicial determination.

If you are the tax matters partner (the partnership representative who deals with the IRS) and want to contest these adjustments in court, you have 90 days from the date this ɘtter was mailed to file a petition for a readjustment of the partnership items with the United States Tax Court, the United States Claims Court, or the District Court of the United States for the district in which the partnership's principal place of business is located. During this 90-day period, no other partner may file a petition for judicial review and the filing of a petition by the tax matters partner precludes all other actions.

If the tax matters partner has NOT filed a petition by the 90th day from the date the FPAA was mailed, any other partner entitled to receive this notice under section 6223 of the Internal Revenue Code (or any group of partners who together have an interest of 5 percent or more in the profits of the partnership (5-percent group)) may petition one of these courts after the 90th day, but on or before the 150th day, from the date the FPAA was mailed to the tax matters partner. Only one petition to the court is allowed. If more than one petition is filed, the first petition filed in the Tax Court will go forward. All other petitions (even those filed earlier) will be dismissed. If no petition is filed in the Tax Court, the first petition filed in one of the other courts will go forward and subsequent petitions will be dismissed.

(over)

0113

New York City Appeals Office
P.O. Box 2954 Church Street Station New York N.Y. 10008

Letter 1830(AD) (Rev. 7-88)

Petitions filed with the United States Tax Court must be filed at 400 Second Street, N.W., Washington, D.C. 20217. Attach a copy of this letter to the petition. The time in which you must file a petition with the court is fixed by law and the court cannot consider your case if your petition is filed late. If this letter is addressed to both a husband and wife, and both want to petition the Tax Court, both must sign the petition or each must file a separate, signed petition.

As a condition to filing a petition in either the appropriate District Court or the Claims Court, the partner filing the petition (including each member of a 5-percent group which files a petition) must deposit with the Internal Revenue Service, on or before the day the petition is filed, the amount by which the partner's tax liability would be increased if the treatment of partnership items on the partner's return were made consistent with the treatment of partnership items under the FPAA. If you reported partnership items the way the partnership reported them on its return, you can generally determine the amount to deposit by taking your pro-rata share of the partnership's adjustments into account in refiguring your tax.

If no readjustment petition is filed in any of the courts listed on the front of this letter, this FPAA becomes binding and you will be billed for any additional tax that you may owe under the FPAA. You will not be permitted to contest the treatment of partnership items under the FPAA in any refund claim or suit. The law permits us to bill you after 150 days from the mailing date of the FPAA to the tax matters partner. However, if a petition is filed in the Tax Court, you will not be billed until the Tax Court decision is final.

If you have any questions about this matter, please write to the person whose name and address are shown on this letter. If you write, attach this letter to help identify your account. Keep the copy for your records. Also include your telephone number and the most convenient time for us to call you in case we need more information.

If you prefer, you may call the IRS contact person at the telephone number shown in the heading of this letter. If this number is outside your local calling area, there will be a long-distance charge to you.

You may call the IRS telephone number listed in your local directory. An employee there may be able to help you, but the contact person at the address shown on this letter is most familiar with your case.

Thank you for your cooperation.

Sincerely yours,

Fred T. Goldberg, Jr.
Commissioner
By

Associate Chief
Appeals Office

Enclosures:
Form 870-P
Copy of this letter

Form 870-P(AD) (June 1988)

Department of the Treasury — Internal Revenue Service

# Settlement Agreement For Partnership Adjustments

| Taxpayer(s) name(s), address, and zip code | Name of Partnership | Tax Year(s) Ended |
|---|---|---|
| Cinema '84<br>c/o Greenberg Brothers Partnerships<br>2 Soundview Drive<br>Greenwich, Connecticut 06830-6520 | Cinema '84<br>Taxpayer Identifying Number: 11-2678807 | December 31, 1989 |
| Taxpayer Identifying Number: 11-2678807 | Name of Tax Matters Partner<br>Richard M. Greenberg | |

Under the provisions of section 6224(c) of the Internal Revenue Code, the undersigned offers to enter into a settlement agreement with respect to the determination of partnership items of the partnership for the year(s) shown on the attached schedule of adjustments. The undersigned, in accordance with the provisions of section 6224(b) of the Code, also offers to waive the restrictions on the assessment and collection of any deficiency attributable to partnership items (with interest as required by law) provided in section 6225(a).

This offer is subject to acceptance for the Commissioner of the Internal Revenue Service. It will take effect as a waiver of restrictions on the date it is accepted. Unless and until it is accepted, it will have no force or effect.

If this offer is accepted for the Commissioner, the treatment of partnership items under this agreement will not be reopened in the absence of fraud, malfeasance, or misrepresentation of fact; and no claim for refund or credit based on any change in the treatment of partnership items may be filed or prosecuted.

| | |
|---|---|
| Signature of taxpayer | Date |
| Signature of taxpayer | Date |
| By (Signature and title) | Date |

If this offer is executed by a tax matters partner, please include title with the signature.

**Note:** The execution and filing of this offer will expedite the adjustment of tax liability.

If this offer is executed with respect to a year for which a JOINT RETURN OF A HUSBAND AND WIFE was filed, it must be signed by both spouses, unless one spouse, acting under a power of attorney, signs as agent for the other.

If a taxpayer is a corporation, the offer must be signed with the corporate name followed by the signature and title of the officer authorized to sign.

This offer may be executed by the taxpayer's attorney or agent provided this action is specificallly authorized by a power of attorney, which, if not previously filed, must accompany this form.

The submission of this offer by you and the acceptance of the offer for the Commissioner may result in an additional tax liability to you plus interest as provided by law. If the result is a decrease in tax, the amount of the decrease will be sent to you with interest as provided by law.

| For Internal Revenue Use Only | Date accepted for Commissioner | Signature |
|---|---|---|
| | Office | Title |

0115

Department of the Treasury — Internal Revenue Service

## Settlement Agreement For Partnership Adjustments

### Schedule of Adjustments

| Name of Partnership<br>Cinema '84<br>Taxpayer Identifying Number: 11-2678807 | Tax Year(s) Ended<br>12/31/89 | | |
|---|---|---|---|
| Detail of Adjustments To Ordinary Income | | | |
| 1. Depreciation | $3,298,331 | | |
| 2. Interest | 2,430,067 | | |
| 3. Guaranteed Payments to Partners | 14,650 | | |
| 4. Bank Charges | 79 | | |
| 5. Legal Expense | 68,490 | | |
| 6. Amortization | (4,649,077) | | |
| 7. Gross Receipts | | | |
| Total Adjustments To Ordinary Income | $1,163,507 | | |
| Other Adjustment: Net Earnings From Self-Employment | | | |
| (1) Adjustment | 23,270 | | |
| (2) As Reported | ( 8,620) | | |
| (3) Corrected | 14,650 | | |
| Other Adjustment: Gross Nonfarm Income | | | |
| (1) Adjustment | ( 92,688) | | |
| (2) As Reported | 107,338 | | |
| (3) Corrected | 14,650 | | |

Remarks

Other Adjustment: Partnership Note

The partnership notes with Hemdale Film Corporation is determined to be non-recourse in substance because the partnership is protected against loss on the notes and Hemdale Film Corporation has an interest in the activity other than as a creditor.

0116

CINEMA '84
EIN: 11-2678807

EXPLANATION OF ADJUSTMENTS
TAXABLE YEAR ENDED DECEMBER 31, 1989

1. Adjustments To Ordinary Income

A. 1. It is determined that the deductions claimed by the partnership based on its claimed purchase of the films "Perfect Strangers", "Special Effects", "Return of the Living Dead", "The Terminator", "The Howling II", and "A Breed Apart", are disallowed because in substance the partnership did not acquire the benefits and burdens of ownership in the films and is, there fore, not entitled to any of the deductions claimed.

2. In the alternative, if it is determined that the partnership acquired ownership interests in the films it is determined that acquisition of the films was not an activity entered into for profit under Section 183(a). Accordingly, any deductions claimed which have not been disallowed in full for the specific reasons set forth in Section B, below, are only allowed to the extent of partnership income in accordance with, and in the manner provided by, Sections 183(b)(1) and 183(b)(2).

B. It is further determined that the following partnership deductions are disallowed for the specific reasons stated:

1. Depreciation

a. It is determined that the deduction attributable to depreciation is disallowed because the method of depreciation does not bear a proper relationship to a decline in the films' usefulness and, in any event, the fair market values of the films have not been established.

b. Alternatively, it is determined that the portion of the depreciation deduction attributable to the amounts of the notes to Hemdale Film Corporation are disallowed because said notes lack economic substance, are contingent and are not present liabilities. Therefore, the notes cannot be considered partnership liabilities and cannot be added to the cost or depreciable bases of the films.

| Film Title | Amount of Note |
|---|---|
| Perfect Strangers | $ 1,125,000.00 |
| Special Effects | 1,125,000.00 |
| Return of the Living Dead | 6,450,000.00 |
| The Terminator | 9,200,000.00 |
| The Howling II | 5,210,000.00 |
| A Breed Apart | 6,970,000.00 |

CINEMA '84
EIN: 11-2678807

EXPLANATION OF ADJUSTMENTS
TAXABLE YEAR ENDED DECEMBER 31, 1989

2. Interest Expense

a. It is determined that the deduction claimed for interest expense is not deductible because it has not been established that the amounts claimed were in fact paid or incurred and if paid or incurred were for the purpose stated, nor have you substantiated such deduction; and

b. The loans represented by the notes are contingent and are not present liabilies.

3. Guaranteed Payments to Partners

4. Bank Charges

5. Legal Expenses

6. Amortization

a. It is determined that the deductions shown above as numbers 3. through 6., are disallowed because it has not been established that the amounts claimed were in fact paid or incurred and if paid or incurred were for the purposes stated, nor have you substantiated such deductions; and

b. The deductions shown above as numbers 3. through 6., if in fact incurred, were incurred for nondeductible syndication cost of the partnership.

CINEMA '84
EIN: 11-2678807

EXPLANATION OF ADJUSTMENTS
TAXABLE YEAR ENDED DECEMBER 31, 1989

ALTERNATIVE POSITION

A. Alternatively, because the fair market values of the films have not been established, and because the notes to which the films are nominally subject lack economic substance, said notes cannot be included in your basis in the films.

B. Alternatively, if it is decided that the disallowed partnership deductions are allowable in whole or in part, then it is determined that you are subject to the provisions of Section 465. The partnership notes held by Hemdale Film Corporation are determined to be nonrecourse in substance because payments under these notes are not required and have not been made. Therefore, the partnership is protected against loss on the notes. Additionally, Hemdale Film Corporation has an interest in the activity other than as a creditor.

II. Other Adjustments

A. Net Earnings From Self-Employment

B. Gross Nonfarm Income

The amounts reported as net earnings from self-employment and gross nonfarm income are adjusted to reflect the adjustments to ordinary income.

C. Partnership Note

See explanation for Alternative Position B., above.

CINEMA '84
EIN: 11-2678807

December 31, 1989

FOR INFORMATION PURPOSES ONLY

The explanations stated below are provided for your information. The explanations state the reasons why the stated penalties, interest on tax motivated transactions and/or the provisions of I.R.C. section 465 may be asserted after the partnership proceedings have been completed. The Court will not have jurisdiction to consider the partners' penalties or loss deduction limitation under sec. 465 raised in this Notice of Final Partnership Administrative Adjustment (FPAA) pursuant to Internal Revenue Code Sections 6231(a)(3) and 6626(f). Thus, you should not raise any penalty or loss limitation issue should you decide to petition the Court with respect to this FPAA.

I.R.C. Section 465

It has been determined that the partners are subject to the provisions of Section 465 of the Internal Revenue Code. You will not be allowed to increase your basis for claiming losses by your assumption agreements since: (1) the terms of the purchase and distribution agreements constitute a stop loss agreement protecting you from loss, and (2) the creditor has an interest other than as a creditor.

Section 6621(c) Tax Motivated Interest

It is determined that the partnership for 1989 has improperly taken deductions and/or credits for tax motivated reasons. Penalty I.R.C. Section 6621(c) is applicable at the individual partner level and will be raised in separate proceedings at the partner level following the present partnership proceeding.

This shelter is deemed to be a tax motivated transaction. As such, the adjustments to the investors' returns from this entity are subject to I.R.C. §6621(c). Interest accruing after 12/31/84 with respect to a substantial understatement of over $1,000.00 for any tax year will be imposed at an annual rate equal to 120% of the normal interest rate on the deficiency.

CINEMA '84
E.I.N. 11-2678807

December 31, 1989

FOR INFORMATION PURPOSES ONLY

I.R.C. Section 6653(a)

It is determined that the partnership for 1989 has improperly taken deductions and/or credit due to negligence or intentional disregard of rules and regulations. Penalty I.R.C. Section 6653(a)(1) and (2) are applicable at the individual partner level and will be raised in separate proceedings at the partner level following the present partnership proceeding.

I.R.C. Section 6659

It is determined that the partnership for 1989 overstated the value of the film. The penalty provision of I.R.C. Section 6659 is applicable at the individual partner level and will be raised in separate proceedings at the partner level following the present partnership proceeding.

I.R.C. Section 6661

In the alternative to the application of I.R.C. Section 6659, it is determined that the partnership for 1989 substantially understated its tax income. Penalty I.R.C. Section 6661 is applicable at the individual partner level and will be raised in separate proceedings at the partner level following the present partnership proceeding.

12/28/06

U N I T E D   S T A T E S   T A X   C O U R T
D O C K E T   E N T R I E S

Docket No. 621-92 INDEX

Cinema '84, Richard M. Greenberg, Tax Matters Partner
v. COMMISSIONER OF INTERNAL REVENUE

Cinema '84 — Pro Se
C/O Greenberg Bros. Ptnrshps.

Richard M. Greenberg — Pro Se
C/O Greenberg Bros. Ptnrshps.

PARTICIPANTS:

Partner(s) Other Than the
Tax Matters Partner

O. D. Investments — Pro Se
C/O Bill Dodgin

| NO. | DATE | EVENT | FILINGS AND PROCEEDINGS | ACT/STAT | DTE | SERVED | M |
|---|---|---|---|---|---|---|---|
| 0001 | 01/08/92 | PF | PETITION Filed:Fee Paid | | | R 01/09/92 | |
| 0002 | 01/08/92 | DPT | DESIGNATION of Trial at New York, NY | | | R 01/09/92 | |
| 0003 | 02/18/92 | ACS | ANSWER (C/S 02/14/92). | | | | |
| 0004 | 02/19/92 | OAJ | ORDER that case is assigned to S.T. Judge Powell. | | | B 02/19/92 | |
| 0005 | 12/31/92 | EA | ENTRY OF APPEARANCE by George J. Noumair. | | | R 01/05/93 | |
| 0006 | 02/01/93 | MOT | MOTION by Peter L. Faber to withdraw. (N.Obj. Resp.) | GR | 02/09/93 | B 02/10/93 | |
| 0007 | 06/03/93 | MOTR | MOTION by resp. to compel ans. to interr. or sanctions. w/Exs. C/S | ORD | 06/04/93 | | |
| 0008 | 06/03/93 | MOTR | MOTION by resp. to compel docus. or sanctions. w/Exs. C/S | ORD | 06/04/93 | | |
| 0009 | 06/04/93 | O | ORDER mots. to compel documents & ans. interr. are Gr. | | | B 06/07/93 | C |
| 0010 | 06/24/93 | MOTP | MOTION by petr. to recons. Order dated 6/4/93. C/S (MOOT-No Order) | | | | |
| 0011 | 07/06/93 | O | ORDER Resp. by 7/16/93 file response to mot. to recons. Order dated 6/4/93 held in abeyance. | | | B 07/07/93 | C |
| 0012 | 07/19/93 | RESP | RESPONSE by resp. to mot to reconsider order. C/S (leave | | | | |



PLAINTIFF'S EXHIBIT 8

gr.)

(Continued to page 2)

Docket No. 621-92 (Continuation Page 2) 12/28/06

| NO. | DATE | EVENT | FILINGS AND PROCEEDINGS | ACT/STAT DTE | SERVED | INDEX M |
|---|---|---|---|---|---|---|
| 0013 | 08/03/93 | O | ORDER set 9/15/93 DC Mots on petrs. Mot. to reconsider order of the Court dated 6/4/93. | | B 08/04/93 | C |
| 0014 | 08/06/93 | EA | ENTRY OF APPEARANCE by Barbara T. Kaplan. | | R 08/09/93 | |
| 0015 | 08/06/93 | O | ORDER parties by 8/23/93 file Stipulation re: discovery. Case stricken from 9/15/93 DC Mots. | | B 08/09/93 | C |
| 0016 | 08/16/93 | EA | ENTRY OF APPEARANCE by Michael I. Saltzman. | | R 08/18/93 | |
| 0017 | 08/16/93 | EA | ENTRY OF APPEARANCE by Stuart B. Katz. | | R 08/18/93 | |
| 0018 | 08/23/93 | STP | STIPULATION filed. | | | |
| 0019 | 03/01/94 | O | ORDER Parties by 5/2/94 file reports. In addition to regular service a copy of ord. is served on Barbara T. Kaplan at address stated herein. | | B 03/02/94 | C |
| 0020 | 06/29/94 | O | ORDER set 9-22-94 New York, NY Spec. for pretrial hearing. Add'l. service with Notice attached. R-To-J 7/8/94 (James Fisher). R-To-J 7/12/94 (Edwin Locke). R-To-J 7/12/94 (Thomas Nelms). Re-M 7/13/94 (Jorge & Bonnie Carrasco). R-To-J 7/12/94 (Bill Fisher). Re-M 7/13/94 (Jorge Carrasco). R-To-J 7/18/94 (Howard Alper). R-Re-M 7/21/94 (Mohan & Kalyani Phanse). R-Re-M 7-29-94 (William Ward). | | B 06/30/94 | C |
| 0021 | 09/21/94 | HEAR | HEARING before S.T. Judge Powell at New York, NY Thomas E. Redding & Sallie Gladney (specially recognized) for additional service listed in 6/29/94 order. Also called 9/22. 9-22 Pretrial hearing held -- NO ORDER. | | | |
| 0022 | 10/04/94 | TRAN | TRANSCRIPT of 9/21/94 rec'd. (HEAR) | | | |
| 0023 | 10/04/94 | TRAN | TRANSCRIPT of of 9/22/94 rec'd. (Further Hearing) | | | |
| 0024 | 12/02/94 | MOT | MOTION by Thomas E. Redding to file notice of election for Lyman F. Bush. (NOE Ld.) C/S-Resp | GR 02/08/95 | B 03/02/95 | C |
| 0025 | 12/21/94 | O | ORDER set 2/8/95 New York, NY (Spec.) for pretrial hearing. Any partner wishing to participate shall by 1/17/95 file mot. to file not. of election to participate. Any partner, by 1/17/95, file request to serve as TMP. Add'l service as stated herein. Rm-to J 12-28-94 (Quaestor Alliance Inc.). r -to J 12-30-94 (Bill Fisher). R-To-J 12/30/94 (Muklebust) R-To-J 12/30/94 (Myklebust) R-To-J 12/30/94 (Bourdeau) | | B 12/21/94 | C |

(Continued to page 3)

0124

12/28/06
Docket No. 621-92 (Continuation Page 3)

| NO. | DATE | EVENT | FILINGS AND PROCEEDINGS | ACT/STAT DTE | SERVED | INDEX M |
|---|---|---|---|---|---|---|
| | | | R-To-J 12/30/94 (Noebel) R-Re-M 1/4/95 (Cephus to add. on env.) (R-to-J 1/4/95 C. M. & M. Spellman, Jr.) R-to-J 1/9/95 T. Nelms. (R-To-J 1/13/95 Howard Alper) R-to-J 1/18/95:W. R. Ward.R-RM 1-19-95:W.R.Ward. (R-to J. 3/22/95 W. R. Ward) | | | |
| 0026 | 01/03/95 | R | REPLY by Stephen Q. Lannes, 1671 Taylor Lane, Santa Cruz, CA 95062, to order dated 12/21/94. | | B 03/02/95 | C |
| 0027 | 01/09/95 | MISC | ERRATA by Stephen Q. Lannes to reply to 12/21/94 order. (Filed per Judge) | | B 03/02/95 | C |
| 0028 | 01/12/95 | MOT | MOTION by George J. Noumair to withdraw. (N.Obj.) | GR 01/13/95 | B 01/17/95 | C |
| 0029 | 01/20/95 | MOT | MOTION by R. Laurence Macon to file not. of election for Oliver S. Heard, Jr. and Mary R. Heard. (NOE Ld.) (p.m.t.) | GR 02/08/95 | B 03/02/95 | C |
| 0030 | 02/08/95 | HEAR | HEARING before S.T. Judge Powell at New York, NY<br>Pre-trial conference held - No order. Mots. by Thomas Redding to dismiss for LOJ due 5/9/95 - No order. Resp's responses to Redding's mots. to dismiss due 6/8/95 - No order. Resp's mots to dismiss for LOP due 6/8/95 - NO order. Report on Redding's mots. to dismiss & on discovery problems due 6/26/95 - No order.<br>Mot. filed 12/2/94--Gr. Notice of election for Lyman F. Bush filed (see below). Mot. filed 1/20/95--Gr. Notice of election for Oliver S. & Mary R. Heard filed (see below). Mot. to w/d filed (see below). Mot. to file notice of election for 39 participants filed (see below). Notice of election for 39 participants filed (see below). | ORD 05/10/95 | | |
| 0031 | 02/08/95 | NOE | NOTICE OF ELECTION TO PARTICIPATE for Lyman F. Bush. (NYC) | | B 03/02/95 | C |
| 0032 | 02/08/95 | NOE | NOTICE OF ELECTION TO PARTICIPATE for Oliver S. & Mary R. Heard. (NYC) | | B 03/02/95 | C |
| 0033 | 02/08/95 | MOT | MOTION by Barbara T. Kaplan, Michael I. Saltzman & Stuart B. Katz to withdraw. (NYC) | GR 02/08/95 | B 03/02/95 | C |
| 0034 | 02/08/95 | MOT | MOTION by by Thomas E. Redding to file notice of election for Carl C. & Sally J. Risjord, C. William & Charlotte I. Clay, Edwin A & Karin M. Locke, Jr., Dick E. & Janet R. Jones, Mohan S. & Kalyani Phanse, Jack & Shirlee Pines, John M. & Mary D. Kash, Karl H. Maerzluft, Henry J. & Shirlene Romain, Tommy S. Shelton, Raymond & Develya Cox, Jeffrey Dubnow & Stephanie Lite, F rancis Dan & Mary Day Whitehurst, James S. Greenwood, | GR 02/08/95 | B 03/02/95 | C |

(Continued to page 4)

0125

| | | | | | | |
|---|---|---|---|---|---|---|
| Docket No. 621-92 | | | (Continuation Page 4) | | | 12/28/06 |
| NO. | DATE | EVENT | FILINGS AND PROCEEDINGS | ACT/STAT DTE | SERVED | INDEX M |
| | | | Kenneth G. & Patricia Gamble, Alan J. Naness, John W. & Susan H. Chandler, Jerry R. & Marlynne Olson, Roger A. & Rebecca M. Myklebust, Richard J. & Patricia Panicco, Karl E. Epstein, Friar Tuck Partners, O. D. Investments, Charles & Jane Osborn & James W. Cope. (NYC) | | | |
| 0035 | 02/08/95 | NOE | NOTICE OF ELECTION TO PARTICIPATE by Carl C. & Sally J. Risjord, C. William & Charlotte I. Clay, Edwin A. & Karin M. Locke, Jr., Dick E. & Janet R. Jones, Mohan S. & Kalyani Phanse, Jack & Shirlee Pines, John M. & Mary D. Kash, Karl H. Maerzluft, Henry J. & Shirlene Romain, Tommy S. Shelton, Raymond & Develya Cox, Jeffrey Dubnow & Stephanie Lite, Francis Dan & Mary Day Whitehurst, James S. Greenwood, Kenneth G. & Patricia Gamble, Alan J. Naness, John W. & Susan H. Chandler, Jerry R. & Marlynne Olson, Roger A. & Rebecca M. Myklebust, Richard J. & Patricia Panicco, Karl E. Epstein, Friar Tuck Partners, O. D. Investments, Charles & Jane Osborn & James W. Cope. (NYC) | | B 03/02/95 | C |
| 0036 | 02/16/95 | TRAN | TRANSCRIPT of 2/8/95 rec'd. | | | |
| 0037 | 05/10/95 | O | ORDER parties by 7/5/95 file all jurisdiction mots. or mots. to dismiss. This order supplants all oral orders made at 2/8/95 New York, NY Special Session. | | B 05/11/95 | C |
| 0038 | 07/10/95 | MOTR | MOTION by resp. to dismiss for failure to properly prosecute. C/S (Leave Gr.) | ORD 09/01/00 | | |
| 0039 | 08/04/95 | MOT | MOTION by Thomas E. Redding to withdraw as to participants, Carl C. & Sally J. Risjord. (N.Obj-resp) C/S-resp. | ORD 03/07/96 | P 03/11/96 | C |
| 0040 | 08/04/95 | MOT | MOTION by Thomas E. Redding to withdraw as to participant, O.D. Investments. (N.Obj-resp) C/S-resp. | ORD 03/07/96 | P 03/11/96 | C |
| 0041 | 08/04/95 | MOT | MOTION by Thomas E. Redding to withdraw as to participant, Alan J. Naness. (N.Obj-resp) C/S-resp. | ORD 03/07/96 | P 03/11/96 | C |
| 0042 | 08/04/95 | MOT | MOTION by Thomas E. Redding to withdraw as to participants, John W. & Susan H. Chandler. (N.Obj-resp) C/S-resp. | ORD 03/07/96 | P 03/11/96 | C |
| 0043 | 08/04/95 | MOT | MOTION by Thomas E. Redding to withdraw as to participant, James W. Cope. (N.Obj-resp) C/S-resp. | ORD 03/07/96 | P 03/11/96 | C |
| 0044 | 08/04/95 | MOT | MOTION by participants, Raymond & Develya Cox to dismiss themselves for LOJ. w/Ex. C/S-resp. (DEEMED WITHDRAWN - NO ORDER) | | | |
| 0045 | 08/04/95 | MOT | MOTION by participants, Dick E. & Janet R. Jones to dismiss | ORD 09/11/96 | P 09/13/96 | C |

(Continued to page 5)

12/28/06

Docket No. 621-92 (Continuation Page 5)

| NO. | DATE | EVENT | FILINGS AND PROCEEDINGS | ACT/STAT DTE | SERVED | INDEX M |
|---|---|---|---|---|---|---|
| | | | themselves for LOJ. C/S-resp. (R-In-F 10/2/96: R. Greenberg at addr on record) | | | |
| 0046 | 08/04/95 | MOT | MOTION by participant, Karl H. Maerzluft to dismiss himself for LOJ. w/Ex. C/S-resp. | ORD 03/07/96 | P 03/11/96 | C |
| 0047 | 08/07/95 | MOT | MOTION by participants, Edwin A. Locke, Jr. & Karin M. Locke to dismiss themselves for LOJ. w/Ex. C/S-resp. | ORD 04/22/98 | | |
| 0048 | 08/08/95 | O | ORDER resp. shall disclose to Charles B. Koerth the status of settlement with respect to the taxpayers shown on the list att'd. to this ord. in regards to the partnerships. Additional service of this ord. on Charles B. Koerth at the address stated herein. | | B 08/09/95 | C |
| 0049 | 01/23/96 | O | ORDER resp. & Thomas Redding by 3/22/96 file report. This order is served on resp. & Thomas Redding only. | | B 01/24/96 | C |
| 0050 | 03/07/96 | O | ORDER Resp. by 4/22/96 file a response to mot to dismiss as to Participants Cox, mot to dismiss as to Participants Jones & to mot to dismiss as to Participants Locke as to Karin only. Mot to w/d as to participants Risjord Gr. Mot to w/d as to participant O.D. Investment Gr. Mot to w/d as to participant Naness Gr. Mot to w/d as to participants Chandler Gr. Mot to w/d as to participant Cope Gr. Mot to dismiss as to participant Karl Maerzluft Gr. | | B 03/11/96 | C |
| 0051 | 03/14/96 | O | ORDER time is extended to 4/23/96 to file report by Resp. & Atty. Redding. In addition to regular service on Resp. a copy of this ord. is serve only on Atty. Redding at addr. stated herein. | | B 03/15/96 | C |
| 0052 | 04/24/96 | OBJ | OBJECTION by resp. to mot. to dismiss as to participant, Karin M. Locke. (C/S 4/19/96) (p.m.t.) (Per Judge) | | | |
| 0053 | 04/24/96 | OBJ | OBJECTION by resp. to mot. to dismiss as to participants, Raymond & Develya Cox. (C/S 4/19/96) (p.m.t.) (Per Judge) | | | |
| 0054 | 04/24/96 | OBJ | OBJECTION by resp. to mot. to dismiss as to participants, Dick E. & Janet R. Jones. (C/S 4/19/96) (p.m.t.) (Per Judge) | | | |
| 0055 | 04/25/96 | RPT | REPORT by resp. (C/S 4/23/96) (Per Judge) | | | |
| 0056 | 05/26/96 | RPT | REPORT by Thomas E. Redding. w/Exs. (C/S 4/23/96) (p.m.t.) (Per Judge) | | | |

(Continued to page 6)

0127

12/28/06

Docket No. 621-92 (Continuation Page 6)

| NO. | DATE | EVENT | FILINGS AND PROCEEDINGS | ACT/STAT DTE | SERVED | INDEX M |
|---|---|---|---|---|---|---|
| 0057 | 07/05/96 | MOT | MOTION by Thomas Redding on behalf of all participating partners except for O.D. Investments, Oliver & Mary Heard, Jr., Carl & Sally Risjord, Alan Naness, John & Susan Chandler & James Cope for entry of ord. to compel Resp. to ext. offers of consistent settlement to movants. w/Ex. (C/S 7-1-96) (Per Judge) | ORD 08/25/98 | | |
| 0058 | 07/05/96 | MOT | MOTION by Thomas Redding on behalf of all participating partners except for O.D. Investments, Oliver & Mary Heard, Jr., Carl & Sally Risjord, Alan Naness, John & Susan Chandler & James Cope for entry of dec. reflecting terms on prior settlements w/regard to partnership items. w/Ex. (C/S 7-1-96) (Per Judge) | ORD 08/25/98 | | |
| 0059 | 07/12/96 | O | ORDER parties & any other participating partners by 8-26-96 file Obj. to mots filed 7-5-96. In addition to regular service, Clerk is to serve a copy of this Ord. along with a copy of each 7-5-96 mots on Richard M. Greenberg, at address stated herein. | | B 07/15/96 | C |
| 0060 | 08/26/96 | OBJ | OBJECTION by Resp. to mot for entry of ord. to compel Rsep. to ext. offers of consistent settlement to movants. w/Ex. (C/S 8-23-96) | | | |
| 0061 | 08/26/96 | OBJ | OBJECTION by Resp. to mot for entry of dec. reflecting terms of prior settlements w/regard to partnership items. w/Ex. (C/S 8-23-96) | | | |
| 0062 | 09/04/96 | MOT | MOTION by Thomas Redding for participants Dick & Janet Jones to withdraw motion to dismiss for LOJ. C/S 8/29/96 | ORD 09/11/96 | | |
| 0063 | 09/11/96 | O | ORDER parties & participants by 10/15/96 file reply to Resp's objs. to mots. by certain participants for entry of dec. & for entry of order to compel Resp. to extend offers of consistent settlement. Add'l service of this order on Richard M. Greenberg at address herein. (R-in F. 9/25/96-Richard Greenberg) | | B 09/12/96 | C |
| 0064 | 09/11/96 | O | ORDER mot. to withdraw mot. to dismiss participants Dick & Janet Jones is gr. (R-In-F 10/2/96: R. Greenberg at addr on record) | | B 09/13/96 | C |
| 0065 | 09/16/96 | EA | ENTRY OF APPEARANCE by Sallie W. Gladney for Participants Friar Truck Partners, Lyman Bush, C. William & Charlotte Clay, Edwin & Karin Locke, Jr., Dick & Janet Jones, Mohan & Kalyani Phanse, Jack & Shirlee Pines, John & Mary Kash, Henry & Shirlene Romain, Tommy Shelton, Raymond & Develya | | R 09/17/96 | |

(Continued to page 7)

12/28/06

Docket No. 621-92 (Continuation Page 7)

| NO. | DATE | EVENT | FILINGS AND PROCEEDINGS | ACT/STAT DTE | SERVED | INDEX M |
|---|---|---|---|---|---|---|
| | | | Cox, Jeffrey Dubnow, Stephanie Lite, Francis Dan & Mary Day Whitehurst, James Greenwood, Kenneth & Patricia Gamble, Jerry & Marlynne Olson, Roger & Rebecca Myklebusts, Richard & Patricia Panicco, Karl Epstein & Charles & Jane Osborn. | | | |
| 0066 | 10/18/96 | R | REPLY by all participating partners except O.D. Investments, O. Heard, Jr., M. Heard, C. & S. Risjord, A. Naness, J. & S. Chandler & J. Cope, to obj. to mot. for entry of decision. w/Exs. (C/S 10/15/96) (p.m.t.) | | | |
| 0067 | 10/18/96 | R | REPLY by all participating partners except O.D. Investments, O. Heard, Jr., M. Heard, C. & S. Risjord, A. Naness, J. & S. Chandler & J. Cope, to obj. to mot. for entry of ord. to compel. w/Exs. (C/S 10/15/96) (p.m.t.) | | | |
| 0068 | 10/23/96 | MOT | MOTION by participant Friar Tuck Partners to file supplemental reply to Resp's obj. to mot. for entry of order to compel Resp. to extend offers of consistent settlement & Resp's obj. to mot. for entry of dec. (Supplemental Reply Ld.). (C/S 10/21/96) (R-To-J 4/22/97 re: J. Cope) (R-RE-M 5/16/97: J. & S. Chandler) (R-to J 5-28-97 re: J & S Chandler) | GR 02/26/97 | B 04/15/97 | C |
| 0069 | 12/23/96 | MOT | MOTION by participant Edwin & Karin Locke to Amend Petition. (Am. to Pet. Ld.) (C/S 12/17/96) (R-in F 4/30/97 re: J. Cope) (R-RE-M 5/16/97: J. & S. Chandler) (R-to J 5-28-97 re:J & S Chanddler) | GR 02/26/97 | B 04/15/97 | C |
| 0070 | 01/10/97 | O | ORDER Resp. by 2/3/97 file an obj. to participant Friar Truck's mot to file reply. Clerk is directed to serve a copy of this order only on Petr., Resp. & Thomas E. Redding. Add'l service on Richard Greenberg at address stated herein. (R-In-F 2/6/97 for Richard Greenberg) | | B 01/13/97 | C |
| 0071 | 01/13/97 | O | ORDER Resp. by 2/3/97 file an obj. to part. Locke's mot to amd. pet. Clerk is to serve a copy of this order only on Petr., Resp. & Thomas E. Redding. Add'l service on Richard M. Greenberg at address stated herein. (R-Re-M 1/30/97-J.W. Cope) (R-To-J 4-15-97 re: R. Greenberg) | | B 01/14/97 | C |
| 0072 | 01/13/97 | O | ORDER set 2/26/97 Washington, DC (Spec.) for hrg. on Part. Cox mot to dismiss, Part. Locke mot to dismiss as to Karin, Mot for entry of dec. filed 7/5/96, Mot for entry of order to compel filed 7/5/96, Part. Friar Tuck mot to file sup. reply filed 10/23/96, Part. Locke mot to amd. pet. Add'l service on Richard M. Greenberg at address stated herein. (RM-To J. 4-15-97 re: Richard Greenberg) | | B 01/14/97 | C |

(Continued to page 8)

0129

```
                                                                    12/28/06
Docket No.    621-92              (Continuation  Page    8)            INDEX
NO.    DATE   EVENT       FILINGS AND PROCEEDINGS      ACT/STAT DTE  SERVED    M

0073 01/24/97 O     ORDER Richard M. Greenberg's
                    address is changed. (R-as to                     B 01/27/97 C
                    Participant's Chandler-In-F 2-4-97) (R-In-F 2/6/97-Part.
                    James Cope)
0074 02/03/97 NOBJ  NO OBJECTION by resp. to mot. to
                    amend pet. by participants'
                    Edwin & Karin Lock. (C/S 1/31/97)
0075 02/03/97 NOBJ  NO OBJECTION by resp. to mot. to
                    file suppl. reply re: Friar                      P 02/06/97 C
                    Tuck Partners. (Per Judge) (Served Per Judge) (Re-M 2/18/97
                    re: John & Susan Chandler) (R-to-J 4-15-97:James Cope)
                    (R-to J 4-15-97: John & Susan Chandler)  (R-to J 4-15-97:
                    O.D. Investments)
0076 02/26/97 HEAR  HEARING before S.T. Judge Powell    ORD 08/25/98
                    at Washington, DC
                    Also called 2-27-97. Mot for entry of order to compel filed
                    7-5-96-CAV. Mot for entry of decision filed 7-5-96-CAV.
                    Participant Cox's Mot to dismiss filed 8-4-95-Deemed
                    Withdrawn-No Order. Participant Friar Tuck's Motion to
                    supplement
                     reply filed 10-23-96-Granted. Suppl. Reply filed-See
                    below. Participant Locke's Motion to Amend Petition filed
                    12-23-96-Granted. Am. to Petition filed-See below.
                    Participant Locke's Mot to dismiss filed 8-7-95-CAV
                          OPENING BRIEFS DUE ON ALL MOTIONS 7-28-97
                          ANSWERING BRIEFS DUE ON ALL MOTIONS 9-26-97
0077 02/26/97 ATP   AMENDMENT TO PETITION by
                    participant Edwin A. Locke, Jr.                  R 04/15/97
                    and Karin M. Locke. (WAS)
0078 02/26/97 SUPP  SUPPLEMENTAL REPLY by Participant
                     Friar Tuck Partners to Resp's.                  B 04/15/97 C
                    Objection to Mot for entry of order to compel Respondent to
                    extend offers of consistent settlement. (WAS) (R-To-J
                    4/22/97 re: J. Cope) (R-RE-M 5/18/97: J. &
                     S. Chandler) (R-to J 5-28-97 re: J & S Chandler)
0079 02/26/97 STP   STIPULATION OF FACTS re:request
                    for offers of consistent
                    settlement. w/Exhs. (WAS)
0080 02/26/97 STP   STIPULATION OF FACTS re:Edwin A.
                    & Karin Locke. (WAS)
0081 03/28/97 TRAN  TRANSCRIPT of 2-26-97 rec'd.
                    (Calendar Call)
0082 03/28/97 TRAN  TRANSCRIPT of 2-26-97 rec'd.
                    (Recall)
0083 03/31/97 TRAN  TRANSCRIPT of 2-27-97 rec'd.
                    (Recall & Hear)
0084 03/31/97 TRAN  TRANSCRIPT of 2-27-97 rec'd.
                    (Recall & Hear)
0085 06/17/97 A     ANSWER to Amendment to Petition.
```

0130

(C/S 6-13-97)

(Continued to page 9)

12/28/06

Docket No. 621-92 (Continuation Page 9)

| NO. | DATE | EVENT | FILINGS AND PROCEEDINGS | ACT/STAT DTE | SERVED | INDEX M |
|---|---|---|---|---|---|---|
| 0086 | 07/29/97 | MOT | MOTION by participating partners except O.D. Investments, Oliver & Mary Heard, Jr., Carl & Sally Risjord, Alan Naness, John & Susan Chandler and James Cope to ext. time to 8/27/97 & 10/28/97 for Briefs. (N.Obj.-Resp.) (C/S 7/28/97) (p.m.t.). (R-In-F 8/8/97 re:James W. Cope) | GR 07/30/97 | B 07/31/97 | C |
| 0087 | 08/28/97 | BFR | BRIEF for resp. re: consistent settlement. w/Disk. (C/S 8/27/97) (Leave Gr.) | | | |
| 0088 | 08/28/97 | BFR | BRIEF for resp. re: Bankruptcy as to Part. Locke. w/Disk. (C/S 8/27/97) (Leave Gr.) | | | |
| 0089 | 08/29/97 | O | ORDER participants, John W. & Susan H. Chandler's address is changed. (R-in F 9/25/97 as to James Cope) | | B 09/02/97 | |
| 0090 | 09/02/97 | MISC | BRIEF for participants Locke, re: Bankruptcy. (C/S 8/27/97). (p.m.t.) | | | |
| 0091 | 09/02/97 | MISC | BRIEF for participants, Romain, Shelton, Cox, budnow, Lite, Locke, Bush, Clay, Jones, Whitehurst, Greenwood, Friar Tuck Partners, Gamble, Pines, Olson, Myklebust, Kash, Panicco, Phanse, Epstein & Osborn re: consistent settlement issues. w/attachment (C/S 8-27-97) (p.m.t.) | | | |
| 0092 | 10/24/97 | MOTR | MOTION by resp. to ext. time to 12/1/97 for R.Brief. (N.Obj.) (C/S 10/23/97) (R-In-F 11/19/97:Part.-J.W. Cope) | GR 10/27/97 | B 10/28/97 | C |
| 0093 | 12/02/97 | RBFR | REPLY BRIEF for resp. re: consistent settlement issue. (C/S 12-1-97) (p.m.t.) | | | |
| 0094 | 12/02/97 | RBFR | REPLY BRIEF for resp. re: bankruptcy issue. (C/S 12-1-97) (p.m.t.) | | | |
| 0095 | 12/03/97 | MISC | REPLY BRIEF for participants Locke, re: Bankruptcy. (C/S 12/1/97). (p.m.t.) | | | |
| 0096 | 12/03/97 | MISC | REPLY BRIEF for participants, Romain, Shelton, Cox, Dubnow, Lite, Locke, Bush, Clay, Jones, Whitehurst, Greenwood, Friar Tuck, Gamble, Pines, Olson, Myklebust, Kash, Panicco, Phanse, Epstein & Osborn re: consistent settlement issues (C/S 12/1/97) (p.m.t.) | | | |
| 0097 | 12/09/97 | MOT | MOTION by participating partners except O.D. Investments, Heard, Risjord, Naness, Chandler & Cope for sanctions. (C/S 12/6/97) | ORD 09/01/98 | | |
| 0098 | 12/16/97 | O | ORDER resp. by 2-2-98 file response to mot for sanctions. | | B 12/17/97 | C |

(Continued to page 10)

0132

Docket No. 621-92 (Continuation Page 10) 12/28/06

| NO. | DATE | EVENT | FILINGS AND PROCEEDINGS | ACT/STAT DTE | SERVED | INDEX M |
|---|---|---|---|---|---|---|
| | | | In addition to usual service on the parties, only Thomas E. Redding served. | | | |
| 0099 | 01/30/98 | O | ORDER time ext. to 2-17-98 for resp. to file response to mot for sanctions. (R-In-F 2/23/98: J. W. Cope) | | B 02/05/98 | C |
| 0100 | 02/18/98 | RESP | RESPONSE by Resp. to mot. for sancts. w/Ex. (C/S 2-17-98) | | | |
| 0101 | 04/09/98 | O | ORDER 22780-91 & 621-92 are cons., nunc pro tunc, for hrg. on 8/7/95 mot. to dismiss. (R-In-F 4/28/98 re: J. Cope) | | B 04/10/98 | C |
| 0102 | 04/22/98 | MOP | MEMORANDUM OPINION, S.T. Judge Powell T.C. Memo. 1998-146. (An appropriate order will be issued denying the mot. to dismiss for LOJ as to Karin M. Locke & granting the mot. to dismiss for LOJ as to Edwin A. Locke, Jr.) (R-In-F 5/12/98 re: J. Cope) | | B 04/22/98 | C |
| 0103 | 04/22/98 | O | ORDER Part. Locke's mot to dismiss filed 8-7-95 is denied as to Karin & granted as to Edwin. (R-In-F 5/13/98) | | B 04/23/98 | C |
| 0104 | 05/13/98 | MOT | MOTION by participant Karin Locke to vacate & revise 4/22/98 order for certifying for immediate appeal. (C/S 5/9/98) (R-In-F 6/2/98 for: J. Cope) | DN 05/15/98 | B 05/18/98 | C |
| 0105 | 07/01/98 | O | ORDER cases #19575-91, 22780-91, 29878-91, 621-92, 623-92, 3968-92, 4432-92, 13014-92, 15641-92 & 12062-94 are consolidated, nunc pro tunc, for hearing & promulgation of opinion on mots. filed 7-5-96. (R-To-J 7/14/98 re: J. Cope) | | B 07/02/98 | C |
| 0106 | 07/06/98 | MOT | MOTION by participating partners except O.D. Investments, Heard, Jr., Risjord, Naness, Chandler & Cope for certification for immediate appeal any order issued re: Motions filed 7-5-96. (C/S 7-2-98) (R-to-J 9-9-98 re:James Cope) (R-In F 9/17/98 re: Richard Greenberg) | DN 08/27/98 | B 08/31/98 | C |
| 0107 | 08/24/98 | ORJ | ORDER that case is reassigned to Judge Dawson. (R-In-F 9-1-98 re:James Cope) | ORD 08/27/98 | B 08/24/98 | C |
| 0108 | 08/24/98 | TCOP | T.C. OPINION, Judge Dawson 111 T.C. No. 7. (Adopting the Opinion of S.T. Judge Powell) (An appropriate order will be issued.) (R-In-F 9-1-98 re:James Cope) | | B 08/24/98 | C |
| 0109 | 08/25/98 | O | ORDER mot. for entry of order re:consistent settlement & mot. for entry of decision re:prior settlements are denied. (R-In-F 9-1-98 re:Argenti) (R-In F 10/7/98 re: Cope) | | B 08/26/98 | C |
| 0110 | 08/27/98 | ORJ | ORDER that case is reassigned to S.T. Judge Powell. (R-In-F | | B 08/31/98 | C |

(Continued to page 11)

Docket No. 621-92 (Continuation Page 11) 12/28/06

| NO. | DATE | EVENT | FILINGS AND PROCEEDINGS | ACT/STAT DTE | SERVED | INDEX M |
|---|---|---|---|---|---|---|
| | | | 9-11-98 re:James Cop) (R-In F 9/17/98 re: Richard Greeenberg) | | | |
| 0111 | 09/01/98 | O | ORDER mot. by participants for sanctions is Dn. (R-re:James Cope to In-F 9-11-98) | | B 09/02/98 | C |
| 0112 | 02/03/99 | O | ORDER set 7-6-99 Washington DC Spec. for hearing on mot. to dismiss. Add'l service as stated herein. (R-In-F 2-18-99 from: Cope, McMordie, Quaestor, Myklebust, & Epstein) (R-Re-M 2-18-99 for Kash) (R-In-F 2/23/99 for Friar Tuck Partners) (R-In-F 2/24/99 for P. Mary O'Brien) (R-Re-M 3/1/99:Rena R. Carney) (R-Re-M 3/2/99:Marilyn Elkins) (R-Re-M 3/8/99: Frank & Nila McMordie to new address) (R-In-F 3/16/99:Marilyn Elkins) | | B 02/04/99 | C |
| 0113 | 07/06/99 | HEAR | HEARING before S.T. Judge Powell at Washington, DC Resp's. mot. to dismiss filed 7/10/95--(Held in abeyance until 10/4/99). | | | |
| 0114 | 07/06/99 | OBJ | OBJECTION by participant John M. Kash to mot. to dismiss filed 7/10/95. w/Ex. (C/S 7/6/99) (Per Judge) (WAS) | | | |
| 0115 | 08/05/99 | TRAN | TRANSCRIPT of 7-6-99 rec'd. (HEAR) | | | |
| 0116 | 08/23/99 | NCA | NOTICE of Change of Address for Attys. Redding & Gladney. (C/S 8-18-99) | | | |
| 0117 | 10/01/99 | O | ORDER time ext. to 11-4-99 for resp. 7-10-95 mot to dismiss to be held in abeyance. (R-to-J 10/13/99 James W. Cope) | | B 10/04/99 | C |
| 0118 | 06/23/00 | NOT | NOTICE by Resp. of consistent agreement under Rule 248(c) (1) for participants Lyman Bush, John & Susan Chandler, C. WIlliam & Charlotte Clay, James Cope, Raymond & Develya Cox, Jeffrey Dubnow, Karl Epstein, Friar Tuck Partners, Kenneth & Patricia Gamble, James Greenwood, Oliver Heard, Jr., Mary Heard, Dick & Janet Jones, John & Mary Kash, Stephanie Lite, Roger & Rebecca Mykelbust, Alan Naness, Jerry & Marlynne Olson, Charles & Jane Osborn, Richard & Patricia Panicco, Mohna & Kalyani Phanse, Jack & Shirlee Pines, Carl & Sally Risjord, Henry & Shirlene Romain, Tommy Shelton and Francis & Mary Day Whitehurst. (C/S 6/20/00) | | | |
| 0119 | 09/01/00 | ODD | ORDER OF DISMISSAL AND DECISION ENTERED, Judge Wells. 7/10/95 Mot. to dismiss Gr. Add'l service on partners as stated herein. (R-In-F 9-14-00 Quaestor Allicance, Inc., & F. McMordie, Jr.) (R-RE-M 9/29/00: P.M. O'Brien) (R-Re-M 10/3/00 Re: John & Susan Chandler) (R-Re-M 10/3/00 | | B 09/01/00 | C |

(Continued to page 12)

0134

Docket No. 621-92 (Continuation Page 12) 12/28/06

| NO. | DATE | EVENT | FILINGS AND PROCEEDINGS | ACT/STAT DTE | SERVED | INDEX M |
|---|---|---|---|---|---|---|
| | | | Re: Rena Carney) (R-RE-M 10/17/00: M. Elkins) (R-in F 10/31/00 Re:John & Susan Chandler) (R-In-F 11/13/00: M. Elkins) (R-In-F 11/27/00: P. Mary O'Brien) | | | |
| | | | A P P E L L A T E P R O C E E D I N G S | | | |
| 0120 | 12/04/00 | NOAP | NOTICE OF APPEAL by petr. to U.S.C.A., 2nd Cir. (appellant Karin M. Locke, participating partner) C/S 11-30-00 FEE PAID. C.A.#00-4263(L). | | B 12/12/00<br>B 12/22/00 | C<br>C |
| 0121 | 12/12/00 | NOFC | NOTICE of Filing with copy of Not. of App. sent to the parties. | | B 12/12/00<br>B 12/22/00 | C<br>C |
| 0122 | 12/21/00 | ANOF | AMENDED NOTICE of Filing as to Circuit. (ret reg mail 01-08-01-Richard Greenberg). | | B 12/21/00 | C |
| 0123 | 03/29/01 | ROA | RECORD ON APPEAL mailed to Clerk,U.S.C.A., 2nd Cir. (4 Vols. of Rec., 1 Fol. of Exhs) | | | |
| 0124 | 05/31/02 | CLOS | U.S.C.A. 2nd Cir. Judgment of 5-21-02. Decision Reversed in part & Affirmed in part. | | | |
| 0125 | 06/10/02 | OAJ | ORDER that case is assigned to S.T. Judge Powell. For purpose of further proceedings pursuant to the judgment of the United States Court of Appeals for the Second Circuit. (R-In-F 6-26-02 O. D. Investments) | | B 06/12/02 | C |
| 0126 | 10/15/02 | USCA | U.S.C.A. 2nd Cir. Mandate 10-08-02. Decision reversed in part, affirmed in part. | | | |
| 0127 | 10/17/02 | RR | RECORD RETURNED on 10/17/02. 4 vols. rec., 1 fol. exs. | | | |
| 0128 | 10/29/02 | O | ORDER parties by 12-12-02 file reports. (R-In-F 11/14/02:O.D. Investments) | | B 10/30/02 | C |
| 0129 | 12/10/02 | RPT | REPORT by Resp. (C/S 12/9/02) | | | |
| 0130 | 12/18/02 | RPT | REPORT by Part. Karin M. Locke. (C/S 12/12/02) (p.m.t.) | | | |
| 0131 | 03/24/03 | O | ORDER that case is dismissed for LOJ as to participant Karin M. Locke. (R-In-F 4/4/03: O.D. Investments) | | B 03/25/03 | C |
| 0132 | 12/09/03 | MOT | MOTION by Thomas Redding to file notice of election to participate Garlon J. Riegler. (NOE, Mot. to appoint TMP & Mot. to vacate-LODGED) (C/S 12-5-03) | ORD 05/26/04 | | |
| 0133 | 03/23/04 | ORJ | ORDER that case is reassigned to Judge Dawson. (R-In-F 4-12-04 for O.D. Investments) | | B 03/23/04 | C |
| 0134 | 03/23/04 | TCOP | T.C. OPINION, Judge Dawson 122 T.C. No. 13 (Adopting the | | B 03/23/04 | C |

(Continued to page 13)

0135

12/28/06
Docket No. 621-92 (Continuation Page 13)

| NO. | DATE | EVENT | FILINGS AND PROCEEDINGS | ACT/STAT DTE | SERVED | INDEX M |
|---|---|---|---|---|---|---|
| | | | opinion of S.T. Judge Powell) (An order denying the motion for leave to file notice of election to participate will be issued.) (R-In-F 4-12-04 for O.D. Investments) | | | |
| 0135 | 05/26/04 | O | ORDER 12-9-03 mot. is denied. Additional service of opinion & this order made on Thomas Redding at address stated herein. (R-In-F 6-10-04 for O.D. Investments) | | B 05/27/04 | C |
| 0136 | 06/28/04 | MOTP | MOTION by petr. Thomas Redding on behalf of Garlon J. Riegler to recons. 5-26-04 order denying mot. for leave to file NOE. (C/S 6-25-04) | ORD 07/06/04 | | |
| 0137 | 07/06/04 | O | ORDER mot. to recons. denied. Additional service made on Thomas Redding. (R-In-F 7/20/04 for participant) | | B 07/06/04 | C |
| | | | A P P E L L A T E P R O C E E D I N G S | | | |
| 0138 | 08/25/04 | NOA | NOTICE OF APPEAL by Garlon J. Riegler, non-participating partner to U.S.C.A. 2nd Cir. re: 09-01-00 Order of Dismissal and Decision, 05-26-04 and 07-06-04 Orders. C/S 08-23-04. FEE PAID 09-21-04.(ReM 09-24-04 Reg.M - O.D. Investments only) (ReM 09-27-04 Reg.M - Redding only) C.A.#04-4798-ag. | | B 09/03/04 | C |
| 0139 | 09/03/04 | NOFC | NOTICE of Filing with copy of Not. of App. sent to the parties. | | B 09/03/04 | C |
| 0140 | 08/19/05 | MISC | S.T. Judge's Draft Opinion filed. | | B 08/19/05 | C |
| 0141 | 08/19/05 | O | ORDER Clerk file & serve on parties copy of S.T. Judge's draft opinion. | | B 08/19/05 | C |
| 0142 | 09/26/05 | DA | U.S.C.A. 2nd Cir. Mandate 09/14/05. Decision Affirmed | | | |

0136

12/29/06

UNITED STATES TAX COURT
DOCKET ENTRIES

Docket No. 22780-91 INDEX
Greenberg Brothers Partnership #12, a.k.a. Lone Wolf McQuade Associates,
Richard M. Greenberg, Tax Matters Partner
v. COMMISSIONER OF INTERNAL REVENUE

Greenberg Brothers Partnership #12 Pro Se
C/O Greenberg Bros. Ptnrshps.

Richard M. Greenberg Pro Se
C/O Greenberg Bros. Ptnrshps.

| NO. | DATE | EVENT | FILINGS AND PROCEEDINGS | ACT/STAT | DTE | SERVED | M |
|---|---|---|---|---|---|---|---|
| 0001 | 10/07/91 | PF | PETITION Filed:Fee Paid | | | R 10/09/91 | |
| 0002 | 10/07/91 | DPT | DESIGNATION of Trial at New York, NY | | | R 10/09/91 | |
| 0003 | 12/02/91 | ACS | ANSWER (C/S 11/26/91). | | | | |
| 0004 | 12/03/91 | OAJ | ORDER that case is assigned to S.T. Judge Powell. | | | B 12/03/91 | |
| 0005 | 01/04/93 | MOT | MOTION by Peter L.Faber to withdraw.(No Obj-Resp) | GR | 05/12/93 | B 05/13/93 | C |
| 0006 | 08/06/93 | EA | ENTRY OF APPEARANCE by Barbara T. Kaplan. | | | R 08/09/93 | |
| 0007 | 08/16/93 | EA | ENTRY OF APPEARANCE by Michael I. Saltzman. | | | R 08/18/93 | |
| 0008 | 08/16/93 | EA | ENTRY OF APPEARANCE by Stuart B. Katz. | | | R 08/18/93 | |
| 0009 | 08/23/93 | STP | STIPULATION Re: Discovery. | | | | |
| 0010 | 03/01/94 | O | ORDER parties by 5/2/94 file report. | | | B 03/08/94 | C |
| 0011 | 06/29/94 | O | ORDER set 9-21-94 New York, NY Spec. for pretrial hearing. Add'l. service with Notice attached. | | | B 06/30/94 | C |
| 0012 | 09/21/94 | HEAR | HEARING before S.T. Judge Powell at New York, NY Also called 9/22/94. (Thomas Redding & Sallie Gladney Specially recognized for add'l. service on 6/29/94 order). Pretrial hearing held-No Order. | | | | |
| 0013 | 10/04/94 | TRAN | TRANSCRIPT of 9/21/94 received. (HEAR) | | | | |
| 0014 | 10/04/94 | TRAN | TRANSCRIPT of 9-21-94 rec'd. (Further Hear) | | | | |
| 0015 | 10/04/94 | TRAN | TRANSCRIPT of 9/22/94 received. | | | | |
| 0016 | 12/02/94 | MOT | MOTION by Thomas E. Redding to | | | | |

PLAINTIFF'S EXHIBIT 9

0137

file notice of election for GR 02/08/95 B 03/03/95 C

(Continued to page 2)

12/29/06

Docket No. 22780-91 (Continuation Page 2) INDEX

| NO. | DATE | EVENT | FILINGS AND PROCEEDINGS | ACT/STAT DTE | SERVED | M |
|---|---|---|---|---|---|---|
| | | | Lyman F. Bush. (NOE Ld.) C/S-Resp. | | | |
| 0017 | 12/21/94 | O | ORDER set 2/8/95 New York, NY (Spec.) for pretrial hearing. Any partner wishing to participate shall by 1/17/95 file mot. to file not. of election to participate. Any partner, by 1/17/95, file request to serve as TMP. Add'l service as stated herein. (R-RE-M cert diff addr 1/10/95 per Judge: J. Gaumont) (R-to J. 2/7/95 as to A. Greenberg) | | B 12/22/94 | C |
| 0018 | 02/08/95 | HEAR | HEARING before S.T. Judge Powell at New York, NY Mot's. by Thomas Redding to dismiss for LOJ due 5/9/95--(NO ORDER); Resp's. responses to said mot's. due 6/8/95--(NO ORDER); Resp's. mot's. to dismiss for LOP due 6/8/95--(NO ORDER); Parties status reports on Redding's mot's. to dismiss for LOJ & on discovery problems due 6/26/95--(NO ORDER); Mot. filed 12/2/94--GR & NOE is filed--(SEE BELOW); Mot by atty's. to w/d--GR--(SEE BELOW); Mot. by Redding to file NOE--GR--(SEE BELOW); NOE filed--(SEE BELOW); Pretrial Conference Held--(NO ORDER). | | | |
| 0019 | 02/08/95 | NOE | NOTICE OF ELECTION TO PARTICIPATE by Lyman F. Bush. | | B 03/03/95 | C |
| 0020 | 02/08/95 | MOT | MOTION by Barbara T. Kaplan, Michael I. Saltzman & Stuart B. Katz to withdraw. (NYC) | GR 02/08/95 | B 03/03/95 | C |
| 0021 | 02/08/95 | MOT | MOTION by Thomas E. Redding to file notice of election to participate out of time for 31 Participants. (NYC) | GR 02/08/95 | B 03/03/95 | C |
| 0022 | 02/08/95 | NOE | NOTICE OF ELECTION TO PARTICIPATE by Robert G. Wekell, David E. & Karin J. Harris, Dale B. & Hannelore G. Sawyer, Murray D. & Bonnie B. Nelson, Warren A. Secord, Gary Y. & Carrie Lou Dodobara, Richard K. Baker, Edwin A. & Karin M. Locke, Jr., Dick E. & Jnaet R. Jones, Wilderness Village Properties, Shirley M. & Lois B. Wekell, Herman M. & Gloria R. Nirschl, Stephen O. & Lynn M. Roberts, William H. Bratton, James A. & Patricia A. Grever, Robert A. Mandich, William M. & Rose Marie Wagner, Douglas C. & Robin T. Larson, and William Edward Duncan. (NYC) | | B 03/03/95 | C |
| 0023 | 02/16/95 | TRAN | TRANSCRIPT of 2/8/95 received. | | | |
| 0024 | 05/10/95 | O | ORDER all jurisdictional mots & mots to dismiss are to be filed by 7/5/95. This order supplants all oral orders made at the special session on 2/8/95 New York, NY. | | B 05/11/95 | C |
| 0025 | 07/10/95 | MOTR | MOTION by resp. to dismiss for failure to properly prosecute. C/S (Leave Gr.) | ORD 09/01/00 | | |

(Continued to page 3)

0139

12/29/06

Docket No. 22780-91 (Continuation Page 3)

| NO. | DATE | EVENT | FILINGS AND PROCEEDINGS | ACT/STAT DTE | SERVED | INDEX M |
|---|---|---|---|---|---|---|
| 0026 | 08/04/95 | MOT | MOTION by Dick E. & Janet R. Jones, participants, to dismiss themselves for LOJ. w/Ex. C/S-resp. | ORD 09/11/96 | P 03/12/96 | C |
| 0027 | 08/04/95 | MOT | MOTION by Shirley M. & Lois B. Wekell, participants, to dismiss themselves for LOJ. w/Ex. C/S-resp. (DEEMED WITHDRAWN - NO ORDER) | | P 03/12/96 | C |
| 0028 | 08/04/95 | MOT | MOTION by Herman M. & Gloria R. Nirschl, participants, to dismiss themselves for LOJ. w/Ex. C/S-resp. | ORD 05/28/98 | P 03/12/96 | C |
| 0029 | 08/07/95 | MOT | MOTION by Thomas E. Redding to withdraw as to participants, Gary Y. & Carrie Lou Dodobara. C/S-resp. | ORD 03/07/96 | P 03/12/96 | C |
| 0030 | 08/07/95 | MOT | MOTION by Edwin A. Locke, Jr. & Karin M. Locke, participants, to dismiss themselves for LOJ. w/Ex. C/S-resp. | ORD 04/22/98 | P 03/12/96 | C |
| 0031 | 08/09/95 | O | ORDER resp. shall disclose to Charles B. Koerth the status of settlement with respect to the taxpayers shown on the list att'd. to this ord. in regards to the partnerships. Additional service of this ord. on Charles B. Koerth at the address stated herein. | | B 08/09/95 | C |
| 0032 | 01/23/96 | O | ORDER resp. & Thomas Redding by 3/22/96 file report. This order is served on resp. & Thomas Redding only. | | B 01/24/96 | C |
| 0033 | 03/07/96 | O | ORDER Resp. by 4/22/96 file responses to mots. to dismiss participants Jones, Wekell & Nirschl & to mot. to dismiss participants Locke as to Karin. Mot. by Thomas Redding to withdraw as to participants Gary & Carrie Dodobara is gr. This order to be served only on Petr., Resp., Thomas Redding & participants Dodobara. | | B 03/12/96 | C |
| 0034 | 03/14/96 | O | ORDER time ext. to 4/23/96 to file report. This order to be served only on Resp. & Thomas Redding. | | B 03/15/96 | C |
| 0035 | 04/24/96 | OBJ | OBJECTION by resp. to mot. to dismiss as to participants, Herman M. & Gloria Nirschl. (C/S 4/19/96) (p.m.t.) (Per Judge) | | | |
| 0036 | 04/24/96 | OBJ | OBJECTION by resp. to mot. to dismiss as to participant, Karin M. Locke. (C/S 4/19/96) (p.m.t.) (Per Judge) | | | |
| 0037 | 04/24/96 | OBJ | OBJECTION by resp. to mot. to dismiss as to participants, Shirley M. & Lois B. Wekell. (C/S 4/19/96) (p.m.t.) (Per Judge) | | | |

(Continued to page 4)

0140

12/29/06

Docket No. 22780-91 (Continuation Page 4)

| NO. | DATE | EVENT | FILINGS AND PROCEEDINGS | ACT/STAT DTE | SERVED | INDEX M |
|---|---|---|---|---|---|---|
| 0038 | 04/24/96 | OBJ | OBJECTION by resp. to mot. to dismiss as to participants, Dick E. & Janet R. Jones. (C/S 4/19/96) (p.m.t.) (Per Judge) | | | |
| 0039 | 04/25/96 | RPT | REPORT by resp. (C/S 4/23/96) (Per Judge) | | | |
| 0040 | 04/26/96 | RPT | REPORT by Thomas E. Redding. w/Ex. (C/S 4/23/96) (p.m.t.) (Per Judge) | | | |
| 0041 | 07/05/96 | MOT | MOTION by Thomas Redding on behalf of all participating partners except David & Karin Harris, Dale & Hannelore Sawyer & Gary & Carrie for entry of ord. to compel Resp. to ext. offers of consistent settlement to movants. w/Ex. (C/S 7-1-96) (Per Judge) | ORD 08/25/98 | | |
| 0042 | 07/05/96 | MOT | MOTION by Thomas Redding on behalf of all participating partners except David & Karin Harris, Dale & Hannelore Sawyer & Gary & Carrie Dodobara for entry of dec. reflecting terms of prior settlements w/regard to p artnership items. w/Ex. (C/S 7-1-96) (Per Judge) | ORD 08/25/98 | | |
| 0043 | 07/12/96 | O | ORDER parties & any other participating partners by 8-26-96 file Obj. to mots filed 7-5-96. In addition to regular service, Clerk is to serve a copy of this Ord. along with a copy of each 7-5-96 mots on Richard M. Greenberg, at address stated herein. | | B 07/15/96 | C |
| 0044 | 08/26/96 | OBJ | OBJECTION by Resp. to mot for entry of ord. to compel Resp. to ext. offers of consistent settlement to movants. w/Ex. (C/S 8-23-96) | | | |
| 0045 | 08/26/96 | OBJ | OBJECTION by Resp. to mot for entry of dec. reflecting terms of prior settlements w/regard to partnership items. w/Ex. (C/S 8-23-96) | | | |
| 0046 | 09/04/96 | MOT | MOTION by Thomas Redding on behalf of Dick & Janet Jones to w/d mot to dismiss. C/S 8/29/96 | ORD 09/11/96 | | |
| 0047 | 09/11/96 | O | ORDER mot. to withdraw mot. to dismiss participants Dick & Janet Jones is gr. Add'l service of this order on Richard M. Greenberg at address herein. (R-in F. 9/25/96-Richard Greenberg) | | B 09/12/96 | C |
| 0048 | 09/11/96 | O | ORDER parties & participants by 10/15/96 file reply to Resp's objs. to mots. by certain participants for entry for dec. & for entry of order to compel Resp. to extend offers of consistent settlement. | | B 09/12/96 | C |

(Continued to page 5)

0141

12/29/06

Docket No. 22780-91 (Continuation Page 5)

| NO. | DATE | EVENT | FILINGS AND PROCEEDINGS | ACT/STAT DTE | SERVED | INDEX M |
|---|---|---|---|---|---|---|
| | | | Add'l service of this order on Richard M. Greenberg at address herein. (R-in F. 9/25/96-Richard Greenberg) | | | |
| 0049 | 09/16/96 | EA | ENTRY OF APPEARANCE by Sallie W. Gladney for Participants Wilderness Village Properties, Lyman Bush, Robert Wekell, Murray & Bonnie Nelson, Warren Secord, Richard Baker, Edwin & Karin Locke, Jr., Dick & Janet Jones, Shirley & Lois Wekell, Herman & Gloria Nirschl, Stephen & Lynn Roberts, William Bratton, James & Patricia Grever, Robert Mandich, William & Rose Marie Wagner, Douglas & Robin Larson & William Duncan. | | R 09/17/96 | |
| 0050 | 10/18/96 | R | REPLY by all participating partners except G. & C. Dodobara, to obj. to mot. for entry of decision. w/Exs. (C/S 10/15/96) (p.m.t.) | | | |
| 0051 | 10/18/96 | R | REPLY by all participating partners except G. & C. Dodobara, to obj. to mot. for entry of ord. to compel. w/Exs. (C/S 10/15/96) (p.m.t.) | | | |
| 0052 | 10/23/96 | MOT | MOTION by participant Wilderness Village Properties to file supplemental reply to Resp's obj. to mot. for entry of order to compel Resp. to extend offers of consistent settlement & Resp's obj. to mot. for entry of dec. (Supplemental Reply Ld.). (C/S 10/21/96) | GR 02/26/97 | B 04/15/97 | C |
| 0053 | 12/23/96 | MOT | MOTION by Participants' Locke to amend petition. w/Ex. (Am. to Pet. Ld.) (C/S 12/17/96) | GR 02/26/97 | B 04/15/97 | C |
| 0054 | 12/31/96 | O | ORDER Resp. by 1-31-97 file Obj. to participants mots to file Suppl. Reply & mot. for leave to file 1st Am. to Pet. Clerk is to serve a copy of this Ord. only on Petr., Resp., & Thomas Redding, address stated herein. Clerk is also directed to make add'l service of this Ord. on Richard Greenberg, address stated herein. (Rm-In-F 1-24-97 for Richard Greenberg at the address on the Court's records) | | B 12/31/96 | C |
| 0055 | 01/13/97 | O | ORDER set 2/26/97 Washington, DC special for hearing on participants Wekell's mot. to dismiss, participants Nirschl's mot. to dismiss, participants Locke's mot to dismiss, as pertains only to participant Karin, participants mot. for entry of dec. reflecting terms of prior settlements, participants mot. for entry of ord. to compel resp. to ext. offers of consistent settlement, participant Wilderness Village Properties to file suppl. reply to resp's obj. to mot. for | | B 01/14/97 | C |

(Continued to page 6)

0142

12/29/06

Docket No. 22780-91 (Continuation Page 6) INDEX

| NO. | DATE | EVENT | FILINGS AND PROCEEDINGS | ACT/STAT DTE | SERVED | M |
|---|---|---|---|---|---|---|
| | | | entry of dec. & participants Locke's mot. to amend peti tion. Additional service of this ord. on Richard M. Greenberg at the address stated herein. (R-to-J 4/15/97:TMP - Greenberg) | | | |
| 0056 | 01/24/97 | O | ORDER Richard M. Greenberg's address is changed. | | B 01/27/97 | C |
| 0057 | 02/03/97 | NOBJ | NO OBJECTION by resp. to mot. to amend pet. by participants, Edwin & Karin Locke. (C/S 1/31/97) (Leave Gr.) | | | |
| 0058 | 02/03/97 | NOBJ | NO OBJECTION by resp. to mot. to file suppl. reply re: partner Wilderness Village Properties. (C/S 1/31/97) (Leave Gr.) | | | |
| 0059 | 02/26/97 | HEAR | HEARING before S.T. Judge Powell at Washington, DC<br>Recalled 2/27. 2/26 Participant Wekell's Mot to dismiss filed 8-4-95-Deemed witdrawn)-No Order. Participant Wilderness Village Prop. Mot filed 10-23-96-Gr. Supplemental Reply filed-See below. Participants Locke's Mot to dismiss filed 8-7-95-CAV. Participants Mots filed 7-5-96-CAV. Participant Nirschl's Mot filed 8-4-95-CAV.<br>ORIGINAL BRIEFS ON ALL MOTIONS DUE 7-28-97<br>REPLY BRIEFS ON ALL MOTIONS DUE 9-26-97 | ORD 08/25/98 | | |
| 0060 | 02/26/97 | ATP | AMENDMENT TO PETITION by participants Edwin A. & Karin M. Locke, Jr. (WAS) | | R 04/15/97 | |
| 0061 | 02/26/97 | SUPP | SUPPLEMENTAL REPLY by participant Wilderness Village Properties to obj.'s. to mot's. for entry of dec. & for entry of ord. to compel. | | B 04/15/97 | C |
| 0062 | 02/26/97 | STP | STIPULATION OF FACTS re: requests for offers of consistent settlement. w/Exh. (WAS) | | | |
| 0063 | 02/26/97 | STP | STIPULATION OF FACTS re:settlement corresp. w/Exh. (WAS) | | | |
| 0064 | 02/26/97 | STP | STIPULATION OF FACTS re:Edwin A. Locke, Jr. & Karin M. Locke. (WAS) | | | |
| 0065 | 03/28/97 | TRAN | TRANSCRIPT of 2/26/97 rec'd. (Calendar Call) | | | |
| 0066 | 03/28/97 | TRAN | TRANSCRIPT of 2-26-97 rec'd. (Recall) | | | |
| 0067 | 03/28/97 | TRAN | TRANSCRIPT of 2-26-97 rec'd. (Recall & HEAR) | | | |
| 0068 | 03/31/97 | TRAN | TRANSCRIPT of 2/27/97 rec'd. (Recall & HEAR) | | | |
| 0069 | 03/31/97 | TRAN | TRANSCRIPT of 2-27-97 rec'd. (Recall & HEAR) | | | |

0143

0070 06/16/97 A ANSWER TO AMENDMENT TO PETITION

(Continued to page 7)

12/29/06

Docket No. 22780-91 (Continuation Page 7)

| NO. | DATE | EVENT | FILINGS AND PROCEEDINGS | ACT/STAT DTE | SERVED | INDEX M |
|---|---|---|---|---|---|---|
| | | | by Resp. (C/S 6/13/97). | | | |
| 0071 | 07/21/97 | MOT | MOTION by participants except David & Karin Harris, Dale & Hannelore Sawyer and Gary & Carrie Dodobara for enlargement of time to 8/27/97 & 10/28/97 for Briefs. (N.Obj.-Resp.) (C/S 7/18/97). | GR 07/30/97 | B 07/31/97 | C |
| 0072 | 08/28/97 | BFR | BRIEF for resp. re: consistent settlement. w/Disk. (C/S 8/27/97) (Leave Gr.) | | | |
| 0073 | 08/28/97 | BFR | BRIEF for resp. re: prior settlement. w/Disk (C/S 8/27/97) (Leave Gr.) | | | |
| 0074 | 08/28/97 | BFR | BRIEF for resp. re: Bankruptcy as to Part. Locke. w/Disk (C/S 8/27/97) (Leave Gr.) | | | |
| 0075 | 09/02/97 | MISC | BRIEF for participants Locke, re: Bankruptcy. (C/S 8/27/97). (p.m.t.). | | | |
| 0076 | 09/02/97 | MISC | BRIEF for participants, Nelson, Secord, Baker, Locke, Bush, Jones, Wilderness, Wekell, Nirschl, Roberts, Bratton, Grever, Mandich, Wagner, Larson, Duncan & Wekell re: consistent settlement issues. w/attachment (C/S 8-27-97) (p.m.t.) | | | |
| 0077 | 09/02/97 | MISC | BRIEF for participant, Nirschl re: prior settlement issues. (C/S 8-27-97) (p.m.t.) | | | |
| 0078 | 10/24/97 | MOTR | MOTION by resp. to ext. time to 12/1/97 for R.Brief. (N.Obj.) (C/S 10/23/97) | GR 10/27/97 | B 10/28/97 | C |
| 0079 | 12/02/97 | RBFR | REPLY BRIEF for resp. re: prior settlement. (C/S 12-1-97) (p.m.t.) | | | |
| 0080 | 12/02/97 | RBFR | REPLY BRIEF for resp. re: bankruptcy issue. (C/S 12-1-97) (p.m.t.) | | | |
| 0081 | 12/02/97 | RBFR | REPLY BRIEF for resp. re: consistent settlement. (C/S 12-1-97) (p.m.t.) | | | |
| 0082 | 12/03/97 | MISC | REPLY BRIEF for participants, Locke, re: Bankruptcy. (C/S 12/1/97) (p.m.t.) | | | |
| 0083 | 12/03/97 | MISC | REPLY BRIEF for participants, Nelson, Secord, Baker, Locke, Bush, Jones, Wilderness, Wekell, Nirschl, Roberts, Bratton, Grever, Mandich, Wagner, Larson, Duncan & Wekell re: consistent settlement issues. (C/S 12/1/97) (p.m.t.) | | | |

(Continued to page 8)

12/29/06
Docket No. 22780-91 (Continuation Page 8) INDEX

| NO. | DATE | EVENT | FILINGS AND PROCEEDINGS | ACT/STAT DTE | SERVED | M |
|---|---|---|---|---|---|---|
| 0084 | 12/03/97 | MISC | REPLY BRIEF for participant, Nirschl re: prior settlement issues. w/attachments (C/S 12/1/97) (p.m.t.) | | | |
| 0085 | 12/09/97 | MOT | MOTION by participating partners except Harris, Sawyer & Dodobara to supplement the record. (C/S 12/6/97) | ORD 09/01/98 | | |
| 0086 | 12/09/97 | MOT | MOTION by participating partners except Harris, Sawyer & Dodobara for sanctions. (C/S 12/6/97) | ORD 09/01/98 | | |
| 0087 | 12/16/97 | O | ORDER resp. by 2-2-98 file response to mot to supplement record & mot for sanctions. In addition to usual service on the parties, only Thomas E. Redding served. | | B 12/17/97 | C |
| 0088 | 01/30/98 | O | ORDER time ext. to 2-17-98 for resp. to file responses to mot to supplement the record & mot for sanctions. | | B 02/05/98 | C |
| 0089 | 02/18/98 | RESP | RESPONSE by Resp. to mot. to supl. the record. w/Ex. (C/S 2-17-98) (Leave Gr.) | | | |
| 0090 | 02/18/98 | RESP | RESPONSE by Resp. to mot. for sancts. w/Ex. (C/S 2-17-98) (Leave Gr.) | | | |
| 0091 | 04/09/98 | O | ORDER 22780-91 & 621-92 are cons., nunc pro tunc, for hrg. on 8/7/95 mot. to dismiss. | | B 04/10/98 | C |
| 0092 | 04/22/98 | MOP | MEMORANDUM OPINION, S.T. Judge Powell T.C. Memo. 1998-146. (An appropriate order will be issued denying the mot. to dismiss for LOJ as to Karin M. Locke & granting the mot. to dismiss for LOJ as to Edwin A. Locke, Jr.) | | B 04/22/98 | C |
| 0093 | 04/22/98 | O | ORDER Part. Locke's mot to dismiss filed 8-7-95 is denied as to Karin & granted as to Edwin. | | B 04/23/98 | C |
| 0094 | 05/13/98 | MOT | MOTION by participant Karin Locke to vacate & revise 4/22/98 order for certifying for immediate appeal. (C/S 5/9/98) | DN 05/15/98 | B 05/18/98 | C |
| 0095 | 05/28/98 | MOP | MEMORANDUM OPINION, S.T. Judge Powell T.C. Memo. 1998-198 (An appropriate order will be issued denying the Nirschls' motion to dismiss for LOJ.) | | B 05/28/98 | C |
| 0096 | 05/28/98 | O | ORDER Participant Nirschl's Mot to dismiss filed. 8-4-95 is denied. | | B 05/29/98 | C |
| 0097 | 07/01/98 | O | ORDER cases #19575-91, 22780-91, 29878-91, 621-92, 623-92, 3968-92, 4432-92, 13014-92, 15641-92 & 12062-94 are | | B 07/02/98 | C |

(Continued to page 9)

0146

12/29/06
Docket No. 22780-91 (Continuation Page 9)

| NO. | DATE | EVENT | FILINGS AND PROCEEDINGS | ACT/STAT | DTE | SERVED | INDEX M |
|---|---|---|---|---|---|---|---|
| | | | consolidated, nunc pro tunc, for hearing & promulgation of opinion on mots. filed 7-5-96. | | | | |
| 0098 | 08/24/98 | ORJ | ORDER that case is reassigned to Judge Dawson. | ORD | 08/27/98 | B 08/24/98 | C |
| 0099 | 08/24/98 | TCOP | T.C. OPINION, Judge Dawson 111 T.C. No. 7. (Adopting the Opinion of S.T. Judge Powell) (An appropriate order will be issued.) | | | B 08/24/98 | C |
| 0100 | 08/25/98 | O | ORDER mot. for entry of order re:consistent settlement & mot. for entry of decision re:prior settlements are denied. | | | B 08/26/98 | C |
| 0101 | 08/27/98 | ORJ | ORDER that case is reassigned to S.T. Judge Powell. (R-In F 9/17/98 re: Richard Greenberg) | | | B 08/31/98 | C |
| 0102 | 09/01/98 | O | ORDER mot's. by participants for sanctions & to supplement the record are Dn. | | | B 09/02/98 | C |
| 0103 | 02/03/99 | O | ORDER set 7-6-99 Washington, DC Spec. for hearing on mot. to dismiss. Add'l service as stated herein. | | | B 02/04/99 | C |
| 0104 | 07/06/99 | HEAR | HEARING before S.T. Judge Powell at Washington, DC Resp. motion filed 7/10/95--Held in abeyance until 10/4/99. | | | | |
| 0105 | 07/06/99 | OBJ | OBJECTION by participant William Bratton to motion to dismiss. (WAS) C/S 7/6/99 | | | | |
| 0106 | 07/06/99 | MOT | MOTION by Thomas Redding to withdraw for participates David & Karin Harris. (WAS) C/S 7/6/99 | GR | 07/06/99 | B 07/09/99 | |
| 0107 | 08/05/99 | TRAN | TRANSCRIPT of July 6, 1999 rec'd. (HEAR) | | | | |
| 0108 | 08/09/99 | MOT | MOTION by Thomas Redding & Sallie Gladney to withdraw for participant Richard K. Baker. (per Judge) (R-In-F 8/26/99: Petr.) | GR | 08/11/99 | B 08/12/99 | |
| 0109 | 08/23/99 | NCA | NOTICE of Change of Address for attys. Redding & Gladney. (C/S 8/18/99) | | | | |
| 0110 | 10/01/99 | O | ORDER time ext. to 11-4-99 for resp. 7-10-95 mot to dismiss to be held in abeyance. | | | B 10/04/99 | C |
| 0111 | 07/21/00 | NOT | NOTICE by resp. of consistent agreement under Rule 248 (c)(1) for participants, R. Baker, W. Bratton, L. Bush, G. & C. Dodobara, W. Duncan, J. & P. Grever, D. & K. Harris, D. & J. Jones, D. & R. Larson, R. Mandich, M. & B. Nelson, H. & G. Nirschl, S. & L. Roberts, D. & H. Sawyer, W. Secord, W.& R. Wagner, R. Wekell, S. & L. Wekell & Wilderness Village | | | | |

(Continued to page 10)

0147

12/29/06

Docket No. 22780-91 (Continuation Page 10) INDEX

| NO. | DATE | EVENT | FILINGS AND PROCEEDINGS | ACT/STAT DTE | SERVED | M |
|---|---|---|---|---|---|---|
| | | | Properties. (C/S 7-14-00) | | | |
| 0112 | 09/01/00 | ODD | ORDER OF DISMISSAL AND DECISION ENTERED, Judge Wells. Mot. to dismiss is Gr. In addition to regular service, a copy of this Order of Dismissal & Decision is served on partners as stated in attached list. (R-Re-M 10/23/00 re: B. Habenicht & M. Flynn) | | B 09/01/00 | C |
| | | | A P P E L L A T E P R O C E E D I N G S | | | |
| 0113 | 12/04/00 | NOAP | NOTICE OF APPEAL by petr. to U.S.C.A., 2nd Cir. (appellants -Karin M. Locke, participating partner, & Box Office Partnership, non-participating partner). C/A 11/30/00 FEE PAID. C.A.#00-4265. | | B 12/12/00<br>B 12/22/00 | C<br>C |
| 0114 | 12/12/00 | NOFC | NOTICE of Filing with copy of Not. of App. sent to the parties. | | B 12/12/00<br>B 12/22/00 | C<br>C |
| 0115 | 12/21/00 | ANOF | AMENDED NOTICE of Filing as to Circuit. (ret'd. rem. reg. Greenberg 01-09-01). | | B 12/21/00 | C |
| 0116 | 05/31/02 | DRV | U.S.C.A. 2nd Cir. Judgment 05/21/02 Decision Reversed in part, affirmed in part. | | | |
| 0117 | 06/10/02 | OAJ | ORDER that case is assigned to S.T. Judge Powell. For purpose of further proceedings pursuant to the judgment of the United States Court of Appeals for the Second Circuit. | | B 06/12/02 | C |
| 0118 | 10/15/02 | USCA | U.S.C.A. 2nd Cir. Mandate 10-08-02. Decision Reversed in part, affirmed in part. | | | |
| 0119 | 10/29/02 | O | ORDER parties by 12-12-02 file reports. | | B 10/30/02 | C |
| 0120 | 12/10/02 | RPT | REPORT by Resp. (C/S 12/09/02) | | | |
| 0121 | 12/18/02 | RPT | REPORT by Part. Karin M. Locke. (C/S 12/12/02) (p.m.t.) | | | |
| 0122 | 03/24/03 | O | ORDER case is dismissed for LOJ as to participant Karin M. Locke. | | B 03/25/03 | C |
| 0123 | 03/24/03 | CLOS | RECORD CLOSED. | | | |

Department of the Treasury - Internal Revenue Service

Closing Agreement on Final Determination
Covering Specific Matters

Under section 7121 of the Internal Revenue Code of 1986 (hereinafter "Code")

Lyman F. Bush (SSN:[redacted]) and Beverly J. Bush (SSN:[redacted])
(Taxpayers' Name, address, and identifying number)

1217 122nd Street Court East, Tacoma, WA 98445 (hereinafter referred to as taxpayer)

and the Commissioner of Internal Revenue make the following closing agreement:

WHEREAS, a dispute has arisen between the parties as to the Federal income tax treatment to be accorded to the taxpayers' purchase of an investment in Greenberg Brothers Partnership #12 a/k/a Lone Wolf McQuade Associates (hereinafter Partnership);

WHEREAS, the parties wish to determine, with finality, the taxpayers' income, gains, losses, deductions and credits for1983 and subsequent years with respect to the Partnership.

NOW IT IS HEREBY DETERMINED AND AGREED for Federal income tax purposes that:

1. No adjustment to the partnership items shall be made for the taxable years 1983 through 1995 for purposes of this settlement.

2. The taxpayers are entitled to claim their distributive share of the partnership losses for 1983 through 1995 only to the extent they are at risk under I.R.C. § 465.

3. The taxpayers' amount at risk for 1983 through 1986 is their capital contribution to the partnership.

4. The taxpayers' capital contribution to the partnership is $50,000.

5. Taxpayers' qualified investment for computing investment tax credit is the amount at risk as set forth in paragraph #4.

6. The taxpayers are not at risk under I.R.C. § 465 for any partnership notes, entered into by the partnership to acquire rights in the motion picture Lone Wolf McQuade and Strange Invaders, whether or not assumed by the taxpayers. Any losses disallowed under this agreement are suspended under I.R.C. § 465. Such suspended losses may be used to offset the taxpayers' pro rata share of any income earned by the partnership and/or other income in accordance with the operation of I.R.C. § 465.

7. To the extent the taxpayers make additional cash contributions to the capital of the partnership after 1986, the taxpayers' amount at risk will be increased in accordance with I.R.C. § 465.

8. To the extent the partnership earns net income the taxpayers' at risk will be increased in accordance with I.R.C. § 465.

9. To the extent the taxpayers make cash payments on the partnership notes after the date of execution of this agreement by the Commissioner and the taxpayers, the taxpayers' amount at risk will be increased in accordance with I.R.C. § 465.

PLAINTIFF'S
EXHIBIT
10

10. No additions to tax under I.R.C. §§ 6653(a), 6661, 6659 or 6662 will be asserted with respect to the taxpayers' investment in the partnership for 1983 through 1995.

11. The taxpayers are liable for additional interest pursuant to I.R.C. § 6621(c) for tax motivated interest for their investment in the partnership for the taxable years 1983 through 1989.

12. Any deficiency in tax determined under this agreement will be subject to adjustments arising from a carryback or carryforward from other taxable years of any loss, credit or other tax attribute as allowed by the Internal Revenue Code.

13. After the execution of this agreement on behalf of the Commissioner and the taxpayers, the taxpayers shall not recognize any taxable income attributable to any cancellation, discharge, or satisfaction by foreclosure or conveyance of assets, of any partnership notes entered into by the partnership to acquire rights in the motion picture Lone Wolf McQuade and Strange Invaders, whether or not the taxpayers assumed a pro rata share of said note, or from said partnership notes upon liquidation or dissolution of the partnership.

14. The taxpayers shall be taxable on their distributive share of any income or gains of the partnership for years after 1983 only to the extent said income exceeds losses suspended under the at risk rules of I.R.C. § 465 and/or the cash and/or the fair market value of property distributed to the taxpayers.

15. Any refund claim attributable to the operation of this agreement shall be deemed to be timely filed and shall be allowed if it is filed with the IRS within one year of the execution of this agreement by the Commissioner of Internal Revenue. Any refund claim so submitted pursuant to this paragraph within 120 days after the execution of this agreement on behalf of the Commissioner of Internal Revenue shall be allowed as an offset pursuant to I.R.C. §§ 6402(a) and 6601(f) against any tax deficiencies resulting from this agreement.

16. This agreement constitutes a settlement within the meaning of I.R.C. § 6224(c) and the taxpayers' partnership items are converted to non partnership items effective as of the date of this closing agreement is accepted on behalf of the Commissioner. The taxpayers, in accordance with the provisions of I.R.C. § 6224(b), also waive the restrictions on assessment and collection of any deficiencies attributable to the converted partnership items with interest as provided by law in I.R.C. § 6225(a) that results from this agreement.

17. This closing agreement when accepted by the Commissioner is a determination under the mitigation provisions of the Internal Revenue Code. (I.R.C. § 1311 <u>et seq</u>.).

18. To the extent the taxpayers make cash payments on the partnership notes, after the date this agreement is executed by the taxpayers and the Commissioner, and after the termination of the partnership, a deduction shall be allowed in the year of said payment.

19. This agreement does not in any way diminish or enhance the rights of the spouse of any partner to assert his or her right to relief as an innocent spouse under I.R.C. § 6015.

20. This agreement supersedes any prior agreement entered into between the taxpayers and the Internal Revenue Service.

This agreement is final and conclusive except:

(1) the matter it relates to may be reopened in the event of fraud, malfeasance, or misrepresentation of material fact;

(2) it is subject to the Internal Revenue Code sections that expressly provide that effect be given to their provisions notwithstanding any other law or rule of law except Code Section 7122; and

(3) if it relates to a taxable period ending after the date of this agreement, it is subject to any law, enacted after the agreement date, that applies to that tax period.

By signing, the above parties certify that they have read and agreed to the terms of this document.

Your signature *Lyman F Bush* Date Signed *6-25-99*

Spouse's signature (if a joint return was filed) *Beverly J. Bush by Lyman F Bush spouse is deceased* Date Signed *6-25-99*

Taxpayer's Representative ______ Date Signed ______

Taxpayer (other than individual) ______

By ______ Date Signed ______

Title ______

Commissioner of Internal Revenue

By *Philip J. Delsano* Date Signed *8/1/99*

Title *Associate Chief*

I have examined the specific matters involved and recommend the acceptance of the proposed agreement.

*Bradford A. Johnson* *7/22/99*
(Receiving Officer) (Date)

Assistant District Counsel
(Title)

Department of the Treasury - Internal Revenue Service

# Closing Agreement on Final Determination Covering Specific Matters

Under section 7121 of the Internal Revenue Code of 1986 (hereinafter "Code")

Lyman F. Bush (SSN: [redacted] and Beverly J. Bush (SSN: [redacted])
(Taxpayers' Name, address, and identifying number)

1217 122nd Street Court East, Tacoma, WA 98445 (hereinafter referred to as taxpayer)

and the Commissioner of Internal Revenue make the following closing agreement:

WHEREAS, a dispute has arisen between the parties as to the Federal income tax treatment to be accorded to the taxpayers' purchase of an investment in Cinema 84 (hereinafter Partnership);

WHEREAS, the parties wish to determine, with finality, the taxpayers' income, gains, losses, deductions and credits for1984 and subsequent years with respect to the Partnership.

NOW IT IS HEREBY DETERMINED AND AGREED for Federal income tax purposes that:

1. No adjustment to the partnership items shall be made for the taxable years 1984 through 1995 for purposes of this settlement.

2. The taxpayers are entitled to claim their distributive share of the partnership losses for 1984 through 1995 only to the extent they are at risk under I.R.C. § 465.

3. The taxpayers' amount at risk for 1984 through 1989 is their capital contribution to the partnership.

4. The taxpayers' capital contribution to the partnership is 50,000.00.

5. Taxpayers' qualified investment for computing investment tax credit is the amount at risk as set forth in paragraph #4.

6. The taxpayers are not at risk under I.R.C. § 465 for any partnership notes, entered into by the partnership to acquire rights in the motion pictures Terminator, Perfect Strangers, Special Effects, Return of the Living Dead, A Breed Apart and Howling II, whether or not assumed by the taxpayers. Any losses disallowed under this agreement are suspended under I.R.C. § 465. Such suspended losses may be used to offset the taxpayers' pro rata share of any income earned by the partnership and/or other income in accordance with the operation of I.R.C. § 465.

7. To the extent the taxpayers make additional cash contributions to the capital of the partnership after 1989, the taxpayers' amount at risk will be increased in accordance with I.R.C. § 465.

8. To the extent the partnership earns net income the taxpayers' at risk will be increased in accordance with I.R.C. § 465.

9. To the extent the taxpayers make cash payments on the partnership notes after the date of execution of this agreement by the Commissioner and the taxpayers, the taxpayers' amount at risk will be increased in accordance with I.R.C. § 465.

PLAINTIFF'S EXHIBIT 11

10. No additions to tax under I.R.C. §§ 6653(a), 6661, 6659 or 6662 will be asserted with respect to the taxpayers' investment in the partnership for 1984 through 1995.

11. The taxpayers are liable for additional interest pursuant to I.R.C. § 6621(c) for tax motivated interest for their investment in the partnership for the taxable years 1984 through 1989.

12. Any deficiency in tax determined under this agreement will be subject to adjustments arising from a carryback or carryforward from other taxable years of any loss, credit or other tax attribute as allowed by the Internal Revenue Code.

13. After the execution of this agreement on behalf of the Commissioner and the taxpayers, the taxpayers shall not recognize any taxable income attributable to any cancellation, discharge, or satisfaction by foreclosure or conveyance of assets, of any partnership notes entered into by the partnership to acquire rights in the motion pictures Terminator, Perfect Strangers, Special Effects, Return of the Living Dead, A Breed Apart and Howling II, whether or not the taxpayers assumed a pro rata share of said note, or from said partnership notes upon liquidation or dissolution of the partnership.

14. The taxpayers shall be taxable on their distributive share of any income or gains of the partnership for years after 1987 only to the extent said income exceeds losses suspended under the at risk rules of I.R.C. § 465 and/or the cash and/or the fair market value of property distributed to the taxpayers.

15. Any refund claim attributable to the operation of this agreement shall be deemed to be timely filed and shall be allowed if it is filed with the IRS within one year of the execution of this agreement by the Commissioner of Internal Revenue. Any refund claim so submitted pursuant to this paragraph within 120 days after the execution of this agreement on behalf of the Commissioner of Internal Revenue shall be allowed as an offset pursuant to I.R.C. §§ 6402(a) and 6601(f) against any tax deficiencies resulting from this agreement.

16. This agreement constitutes a settlement within the meaning of I.R.C. § 6224(c) and the taxpayers' partnership items are converted to non partnership items effective as of the date of this closing agreement is accepted on behalf of the Commissioner. The taxpayers, in accordance with the provisions of I.R.C. § 6224(b), also waive the restrictions on assessment and collection of any deficiencies attributable to the converted partnership items with interest as provided by law in I.R.C. § 6225(a) that results from this agreement.

17. This closing agreement when accepted by the Commissioner is a determination under the mitigation provisions of the Internal Revenue Code. (I.R.C. § 1311 et seq.).

18. To the extent the taxpayers make cash payments on the partnership notes, after the date this agreement is executed by the taxpayers and the Commissioner, and after the termination of the partnership, a deduction shall be allowed in the year of said payment.

19. This agreement does not in any way diminish or enhance the rights of the spouse of any partner to assert his or her right to relief as an innocent spouse under I.R.C. § 6015.

20. This agreement supersedes any prior agreement entered into between the taxpayers and the Internal Revenue Service.

This agreement is final and conclusive except:

(1) the matter it relates to may be reopened in the event of fraud, malfeasance, or misrepresentation of material fact;

(2) it is subject to the Internal Revenue Code sections that expressly provide that effect be given to their provisions notwithstanding any other law or rule of law except Code Section 7122; and

(3) if it relates to a taxable period ending after the date of this agreement, it is subject to any law, enacted after the agreement date, that applies to that tax period.

By signing, the above parties certify that they have read and agreed to the terms of this document.

Your signature Lyman F Bush Date Signed 6-25-99

Spouse's signature (if a joint return was filed) Beverly J. Bush By Lyman F Bush SPOUSE OF DECEASED Date Signed 6-25-99

Taxpayer's Representative ____________ Date Signed ________

Taxpayer (other than individual) ____________

By ____________ Date Signed ________

Title ____________

Commissioner of Internal Revenue

By Philip Dolman Date Signed 8/2/99

Title Associate Chief

I have examined the specific matters involved and recommend the acceptance of the proposed agreement.

Bradford A. Johnson 7/22/99
(Receiving Officer) (Date)

Assistant District Counsel
(Title)

Department of the Treasury - Internal Revenue Service
Income Tax Examination Changes

| Name and Address of Taxpayer | SS or EI Number: | Return Form No. |
|---|---|---|
| LYMAN F & BEVERLY J DECD BUSH<br>1217 122ND STREET CT E<br>TACOMA WA 98445-3519 | [redacted] | 1040 |
| | Person with whom examination changes were discussed | Name and Title |

| 1. Adjustments to Income | Period End 12/31/1985 | Period End | Period End |
|---|---|---|---|
| A. CINEMAX 84 | $ 16,740.00 | $ | $ |
| B. ITEMIZED DEDUCTIONS | 2,063.00 | | |
| C. LONE WOLF MCQUADE | 33,442.00 | | |
| D. | | | |
| E. | | | |
| F. | | | |
| G. | | | |
| H. | | | |
| I. | | | |
| J. | | | |
| K. | | | |
| L. | | | |
| M. | | | |
| N. | | | |
| O. | | | |
| P. | | | |
| Q. | | | |
| R. | | | |
| S. | | | |
| 2. Total Adjustments | 52,245.00 | | |
| 3. Taxable Income Per Return or as Previously Adjusted | 54,000.00 | | |
| 4. Corrected Taxable Income | 106,245.00 | | |
| Tax Method | SCHEDULE G | | |
| Filing Status | JOINT | | |
| 5. Tax | 24,619.00 | | |
| 6. Additional Taxes | | | |
| 7. Corrected Tax Liability | 24,619.00 | | |
| 8. Less Credits A. | | | |
| B. | | | |
| C. | | | |
| D. | | | |
| 9. Balance (Line 7 less total of lines 8A through 8D) | 24,619.00 | | |
| 10. Plus Other Taxes A. | | | |
| B. | | | |
| C. | | | |
| D. | | | |
| 11. Total Corrected Tax Liability (Line 9 + lines 10A to 10D) | 24,619.00 | | |
| 12. Total Tax Shown on Return or as Previously Adjusted | 7,911.00 | | |
| 13. Adjustments to A. Special Fuels Credit | | | |
| B. | | | |
| 14. Deficiency - Increase in Tax or (Overassessment - Decrease in tax) (Line 11 less Line 12 adjusted by Line 13) | 16,708.00 | | |
| 15. Adjustments to Prepayment Credits | | | |
| 16. Balance Due or Overpayment (Line 14 Adjusted by Line 15) (Excluding Interest and penalties) | $ 16,708.00 | $ | $ |

The Internal Revenue Service has agreements with State tax agencies under which information about Federal tax, including increases or decreases, is exchanged with the States. If this change affects the amount of your State income tax, you should file the State form.

You may be subject to backup withholding if you underreport your interest, dividend, or patronage dividend income and do not pay the required tax. The IRS may order backup withholding at 31 percent after four notices have been issued to you over a 120-day period and the tax has been assessed and remains unpaid.

RGS Ver. 4.62.00

PLAINTIFF'S EXHIBIT 12



Form 4549A-CG (Rev. 1-91)

Department of the Treasury - Internal Revenue Service
Income Tax Examination Changes

| Name of Taxpayer: LYMAN F & BEVERLY J DECD BUSH | SS or EI Number: [redacted] | Return Form No. 1040 |
|---|---|---|

| | Period End 12/31/1985 | Period End | Period End |
|---|---|---|---|
| 17. Penalties | $ | $ | $ |
| A. | | | |
| B. | | | |
| C. | | | |
| D. | | | |
| E. | | | |
| F. | | | |
| G. | | | |
| H. | | | |
| I. | | | |
| J. | | | |
| K. | | | |
| L. | | | |
| M. | | | |
| N. | | | |
| 18. Total Penalties | | | |
| 19. Underpayment attributable to negligence: (1981 - 1987) An Addition to the tax of 50 percent of the interest due on this underpayment will accrue until paid or assessed. | | | |
| 20. Underpayment attributable to fraud: (1982 - 1987) An addition to the tax of 50 percent of the interest due on this underpayment will accrue until paid or assessed. | | | |
| 21. Underpayment attributable to Tax Motivated Transactions: TMT Interest will accrue and be assessed at 120 percent of the underpayment rate in accordance with IRC 6621(c). | 14,896.00 | | |
| Summary of Taxes, Penalties and Interest: | | | |
| A. Balance due or Overpayment of Taxes (line 16, page 1) | 16,708.00 | | |
| B. Penalties (line 18, page 2) (computed to 08/12/2000) | | | |
| C. Interest (IRC 6601) (computed to 08/12/2000) | 44,685.03 | | |
| D. TMT Interest (computed to 08/12/2000 on TMT underpay) | 16,269.63 | | |
| E. Amount due or refund (sum of lines A. B. C. and D.) | 77,662.66 | | |

Other Information:

| Examiner's Signature MS JONES 2980500467 | District Ogden Service Center | Date 07/12/2000 |
|---|---|---|

RGS Ver. 4.62.00



Form 4549A-CG (Rev. 1-91)

Department of the Treasury - Internal Revenue Service
Income Tax Examination Changes

| Name and Address of Taxpayer | SS or EI Number: | Return Form No. |
|---|---|---|
| LYMAN F & BEVERLY J DECD BUSH<br>1217 122ND STREET CT E<br>TACOMA WA 98445-3519 | [redacted] | 1040 |
| | Person with whom examination changes were discussed | Name and Title |

| 1. Adjustments to Income | Period End 12/31/1986 | Period End | Period End |
|---|---|---|---|
| A. CINEMAX 84 | $ 20,079.00 | $ | $ |
| B. LONE WOLF MCQUADE | 34,003.00 | | |
| C. | | | |
| D. | | | |
| E. | | | |
| F. | | | |
| G. | | | |
| H. | | | |
| I. | | | |
| J. | | | |
| K. | | | |
| L. | | | |
| M. | | | |
| N. | | | |
| O. | | | |
| P. | | | |
| Q. | | | |
| R. | | | |
| S. | | | |
| 2. Total Adjustments | 54,082.00 | | |
| 3. Taxable Income Per Return or as Previously Adjusted | 64,303.00 | | |
| 4. Corrected Taxable Income | 118,385.00 | | |
| Tax Method | SCHEDULE G | | |
| Filing Status | JOINT | | |
| 5. Tax | 38,155.00 | | |
| 6. Additional Taxes | | | |
| 7. Corrected Tax Liability | 38,155.00 | | |
| 8. Less Credits A. | | | |
| B. | | | |
| C. | | | |
| D. | | | |
| 9. Balance (Line 7 less total of lines 8A through 8D) | 38,155.00 | | |
| 10. Plus Other Taxes A. ALTERNATIVE MINIMUM TAX | 7,076.00 | | |
| B. | | | |
| C. | | | |
| D. | | | |
| 11. Total Corrected Tax Liability (Line 9 + lines 10A to 10D) | 45,231.00 | | |
| 12. Total Tax Shown on Return or as Previously Adjusted | 34,414.00 | | |
| 13. Adjustments to A. Special Fuels Credit | | | |
| B. | | | |
| 14. Deficiency - Increase in Tax or (Overassessment - Decrease in tax) (Line 11 less Line 12 adjusted by Line 13) | 10,817.00 | | |
| 15. Adjustments to Prepayment Credits | | | |
| 16. Balance Due or Overpayment (Line 14 Adjusted by Line 15) (Excluding Interest and penalties) | $ 10,817.00 | $ | $ |

The Internal Revenue Service has agreements with State tax agencies under which information about Federal tax, including increases or decreases, is exchanged with the States. If this change affects the amount of your State income tax, you should file the State form.

You may be subject to backup withholding if you underreport your interest, dividend, or patronage dividend income and do not pay the required tax. The IRS may order backup withholding at 31 percent after four notices have been issued to you over a 120-day period and the tax has been assessed and remains unpaid.



PLAINTIFF'S EXHIBIT 13

Department of the Treasury - Internal Revenue Service
Income Tax Examination Changes

| Name of Taxpayer: LYMAN F & BEVERLY J DECD BUSH | SS or EI Number: [redacted] | Return Form No. 1040 | |
|---|---|---|---|
| 17. Penalties | Period End 12/31/1986 | Period End | Period End |
| A. | $ | $ | $ |
| B. | | | |
| C. | | | |
| D. | | | |
| E. | | | |
| F. | | | |
| G. | | | |
| H. | | | |
| I. | | | |
| J. | | | |
| K. | | | |
| L. | | | |
| M. | | | |
| N. | | | |
| 18. Total Penalties | | | |
| 19. Underpayment attributable to negligence: (1981 - 1987) An Addition to the tax of 50 percent of the interest due on this underpayment will accrue until paid or assessed. | | | |
| 20. Underpayment attributable to fraud: (1982 - 1987) An addition to the tax of 50 percent of the interest due on this underpayment will accrue until paid or assessed. | | | |
| 21. Underpayment attributable to Tax Motivated Transactions: TMT Interest will accrue and be assessed at 120 percent of the underpayment rate in accordance with IRC 6621(c). | 10,817.00 | | |
| Summary of Taxes, Penalties and Interest: | | | |
| A. Balance due or Overpayment of Taxes (line 16, page 1) | 10,817.00 | | |
| B. Penalties (line 18, page 2) (computed to 08/12/2000) | | | |
| C. Interest (IRC 6601) (computed to 08/12/2000) | 25,433.70 | | |
| D. TMT Interest (computed to 08/12/2000 on TMT underpay) | 9,917.35 | | |
| E. Amount due or refund (sum of lines A. B. C. and D.) | 46,168.05 | | |

Other Information:

| Examiner's Signature | District | Date |
|---|---|---|
| MS JONES 2980500467 | Ogden Service Center | 07/12/2000 |

RGS Ver. 4.62.00



Form 4549A-CG (Rev. 1-91)

Department of the Treasury - Internal Revenue Service
Income Tax Examination Changes

| Name and Address of Taxpayer | SS or EI Number: | Return Form No. |
|---|---|---|
| LYMAN F & BEVERLY J DECD BUSH<br>1217 122ND STREET CT E<br>TACOMA WA 98445-3519 | [redacted] | 1040 |
| | Person with whom examination changes were discussed | Name and Title |

| 1. Adjustments to Income | Period End 12/31/1987 | Period End | Period End |
|---|---|---|---|
| A. CINEMA 84 | $ 25,733.00 | $ | $ |
| B. ITEMIZED DEDUCTIONS | 507.00 | | |
| C. LONE WOLF MCQUADE | (398.00) | | |
| D. | | | |
| E. | | | |
| F. | | | |
| G. | | | |
| H. | | | |
| I. | | | |
| J. | | | |
| K. | | | |
| L. | | | |
| M. | | | |
| N. | | | |
| O. | | | |
| P. | | | |
| Q. | | | |
| R. | | | |
| S. | | | |
| 2. Total Adjustments | 25,842.00 | | |
| 3. Taxable Income Per Return or as Previously Adjusted | 103,091.00 | | |
| 4. Corrected Taxable Income | 128,933.00 | | |
| Tax Method | SCHEDULE D | | |
| Filing Status | JOINT | | |
| 5. Tax | | | |
| 6. Additional Taxes | | | |
| 7. Corrected Tax Liability | 37,261.00 | | |
| 8. Less Credits A. | | | |
| B. | | | |
| C. | | | |
| D. | | | |
| 9. Balance (Line 7 less total of lines 8A through 8D) | 37,261.00 | | |
| 10. Plus Other Taxes A. | | | |
| B. | | | |
| C. | | | |
| D. | | | |
| 11. Total Corrected Tax Liability (Line 9 + lines 10A to 10D) | 37,261.00 | | |
| 12. Total Tax Shown on Return or as Previously Adjusted | 27,626.00 | | |
| 13. Adjustments to A. Special Fuels Credit | | | |
| B. | | | |
| 14. Deficiency - Increase in Tax or (Overassessment - Decrease in tax) (Line 11 less Line 12 adjusted by Line 13) | 9,635.00 | | |
| 15. Adjustments to Prepayment Credits | | | |
| 16. Balance Due or Overpayment (Line 14 Adjusted by Line 15) (Excluding Interest and penalties) | $ 9,635.00 | $ | $ |

The Internal Revenue Service has agreements with State tax agencies under which information about Federal tax, including increases or decreases, is exchanged with the States. If this change affects the amount of your State income tax, you should file the State form.

You may be subject to backup withholding if you underreport your interest, dividend, or patronage dividend income and do not pay the required tax. The IRS may order backup withholding at 31 percent after four notices have been issued to you over a 120-day period and the tax has been assessed and remains unpaid.

RGS Ver. 4.6

PLAINTIFF'S EXHIBIT 14



Form 4549A-CG (Rev. 1-91)

Department of the Treasury - Internal Revenue Service
Income Tax Examination Changes

| Name of Taxpayer: LYMAN F & BEVERLY J DECD BUSH | SS or EI Number: [redacted] | Return Form No. 1040 |
|---|---|---|

| 17. Penalties | Period End 12/31/1987 | Period End | Period End |
|---|---|---|---|
| A. | $ | $ | $ |
| B. | | | |
| C. | | | |
| D. | | | |
| E. | | | |
| F. | | | |
| G. | | | |
| H. | | | |
| I. | | | |
| J. | | | |
| K. | | | |
| L. | | | |
| M. | | | |
| N. | | | |
| 18. Total Penalties | | | |
| 19. Underpayment attributable to negligence: (1981 - 1987) An Addition to the tax of 50 percent of the interest due on this underpayment will accrue until paid or assessed. | | | |
| 20. Underpayment attributable to fraud: (1982 - 1987) An addition to the tax of 50 percent of the interest due on this underpayment will accrue until paid or assessed. | | | |
| 21. Underpayment attributable to Tax Motivated Transactions: TMT Interest will accrue and be assessed at 120 percent of the underpayment rate in accordance with IRC 6621(c). | 9,635.00 | | |
| Summary of Taxes, Penalties and Interest: | | | |
| A. Balance due or Overpayment of Taxes (line 16, page 1) | 9,635.00 | | |
| B. Penalties (line 18, page 2) (computed to 08/12/2000) | | | |
| C. Interest (IRC 6601) (computed to 08/12/2000) | 19,638.26 | | |
| D. TMT Interest (computed to 08/12/2000 on TMT underpay) | 7,284.62 | | |
| E. Amount due or refund (sum of lines A. B. C. and D.) | 36,557.88 | | |

Other Information:

| Examiner's Signature MS JONES 2980500467 | District Ogden Service Center | Date 07/12/2000 |
|---|---|---|

RGS Ver. 4.62.00



Form 4549A-CG (Rev. 1-91)

**REDDING & ASSOCIATES, P.C.**

ATTORNEYS AT LAW
2914 West T.C. Jester
Houston, Texas 77018-7010
Telephone: (713) 965-9244 • Telecopier: (713) 621-5227

Thomas E. Redding, J.D.
Sallie W. Gladney, J.D.

Teresa J. Womack, J.D.
Brett A. Thompson, J.D., C.P.A.

July 18, 2002

**PRIORITY CERTIFIED MAIL**
**# 7000 1670 0002 8263 9461**
**RETURN RECEIPT REQUESTED**

Internal Revenue Service Center
Ogden, Utah 84201

Re: Lyman F. Bush (SSN [redacted]) and Beverly J. Bush, Deceased (SSN [redacted])
Form 1040X, Amended U.S. Individual Income Tax Return, for 1985, 1986 and 1987
Form 843, Claim for Refund and Request for Abatement, for 1985, 1986 and 1987
Form 8822, Change of Address, for tax years 1985, 1986 and 1987
Form 1310, Statement of Person Claiming Refund Due a Deceased Taxpayer
Form 56, Notice Concerning Fiduciary Relationship

Dear Sirs:

Enclosed are the above refund claims to be filed for the above clients. Please mail the refunds in my care in accordance with the instructions on Line 6 of the attached power of attorney.

**These claims are timely filed within two (2) years of the date of payment of the amounts claimed.**

Very truly yours,

REDDING & ASSOCIATES, P.C.

Thomas E. Redding

TER:js
Enclosures - Form 1040X (3)
Form 843 (3)
Form 8822
Form 1310
Form 56
Power of Attorney

PLAINTIFF'S EXHIBIT 15

0161

R:\DOCS\Corresp.q\QSRL7052.BU2

7000 1670 0002 8263 9461

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

OFFICIAL USE

| | |
|---|---|
| Postage | $ 8.50 |
| Certified Fee | 2.30 |
| Return Receipt Fee (Endorsement Required) | 1.75 |
| Restricted Delivery Fee (Endorsement Required) | |
| **Total Postage & Fees** | $12.55 |

Postmark Here: OAK FOREST STA. USPS JUL 18 2002

Sent To: IRS
Street, Apt. No.; or PO Box No.: Ogden, UT 84201 Bush
City, State, ZIP+4

PS Form 3800, May 2000 — See Reverse for Instructions

**SENDER: *COMPLETE THIS SECTION***

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Internal Revenue Service Center
Ogden, UT 84201

Bush

***COMPLETE THIS SECTION ON DELIVERY***

A. Signature
X ☐ Agent ☐ Addressee

B. Received by ( *Printed Name*) | C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☒ No

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)* ☐ Yes

2. Article Number *(Transfer from service label)* 7000 1670 0002 8263 9461

PS Form 3811, August 2001 Domestic Return Receipt 102595-01-M-2509

Bush [redacted]

Form **1040X** (Rev. November 2001)

Department of the Treasury — Internal Revenue Service

# Amended U.S. Individual Income Tax Return

▶ See separate instructions.

OMB No. 1545-0091

**This return is for calendar year** ▶ 1985 , or fiscal year ended ▶

| Please print or type | | |
|---|---|---|
| Your first name and initial: LYMAN F. | Last name: BUSH | Your social security number: [redacted] |
| If a joint return, spouse's first name and initial: BEVERLY J. | Last name: BUSH, DECEASED | Spouse's social security number: [redacted] |
| Home address (no. and street) or P.O. box if mail is not delivered to your home: c/o Thomas E. Redding; 2914 West T. C. Jester *(POA ATTACHED, FORM 2848)* | Apt. no. | Phone number: 713-965-9244 |
| City, town or post office, state, and ZIP code. If you have a foreign address, see page 2 of the instructions: Houston, Texas 77018-7010 *** *ADDRESS FOR THIS MATTER ONLY* *** | | For Paperwork Reduction Act Notice, see page 6. |

**A** If the name or address shown above is different from that shown on the original return, check here ▶ [X]

**B** Has the original return been changed or audited by the IRS or have you been notified that it will be? [X] Yes [ ] No

**C** Filing status. Be sure to complete this line. **Note.** You cannot change from joint to separate returns after the due date.

On original return ▶ [ ] Single [X] Married filing joint return [ ] Married filing separate return [ ] Head of household [ ] Qualifying widow(er)

On this return ▶ [ ] Single [X] Married filing joint return [ ] Married filing separate return [ ] Head of household* [ ] Qualifying widow(er)

* If the qualifying person is a child but not your dependent, see page 2.

Use Part II on the Back to Explain any Changes

| | Line | A. Original amount or as previously adjusted (see page 2) | B. Net change — amount of increase or (decrease) — explain in Part II | C. Correct amount |
|---|---|---|---|---|
| **Income and Deductions (see pages 2 - 6)** | | | | |
| 1 Adjusted gross income (see page 3) | 1 | | | |
| 2 Itemized deductions or standard deduction (see page 3) | 2 | | | |
| 3 Subtract line 2 from line 1 | 3 | | | |
| 4 Exemptions. If changing, fill in Parts I and II on the back | 4 | | | |
| 5 Taxable income. Subtract line 4 from line 3 | 5 | | | |
| **Tax Liability** | | | | |
| 6 Tax (see page 4). Method used in col. C ______ | 6 | | | |
| 7 Credits (see page 4) | 7 | | | |
| 8 Subtract line 7 from line 6. Enter the result but not less than zero | 8 | | | |
| 9 Other taxes (see page 4) | 9 | | | |
| 10 Total tax. Add lines 8 and 9 | 10 | | | |
| **Payments** | | | | |
| 11 Federal income tax withheld and excess social security and RRTA tax withheld. If changing, see page 4 | 11 | | | |
| 12 Estimated tax payments, including amount applied from prior year's return | 12 | | | |
| 13 Earned income credit (EIC) | 13 | | | |
| 14 Additional child tax credit from Form 8812 | 14 | | | |
| 15 Credits from Form 2439 or Form 4136 | 15 | | | |
| 16 Amount paid with request for extension of time to file (see page 4) | 16 | | | |
| 17 Amount of tax paid with original return plus additional tax paid after it was filed | 17 | | | 24,619 |
| 18 Total payments. Add lines 11 through 17 in column C | 18 | | | 24,619 |
| **Refund or Amount You Owe** | | | | |
| 19 Overpayment, if any, as shown on original return or as previously adjusted by the IRS | 19 | | | *Not Applicable* |
| 20 Subtract line 19 from line 18 (see page 5) | 20 | | | *Not Applicable* |
| 21 **Amount you owe.** If line 10, column C, is more than line 20, enter the difference and see page 5 | 21 | | | 0 |
| 22 If line 10, column C, is less than line 20, enter the difference | 22 | | | *Not Applicable* |
| 23 Amount of line 22 you want **refunded to you** | 23 | | | 16,708 ** |
| 24 Amount of line 22 you want **applied to your** estimated tax | 24 | | | |

**Sign Here**

Joint return? See page 2. Keep a copy for your records.

Under penalties of perjury, I declare that I have filed an original return and that I have examined this amended return, including accompanying schedules and statements, and to the best of my knowledge and belief, this amended return is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which the preparer has any knowledge.

▶ Lyman F. Bush | 7-16-02 — Your signature | Date

▶ Lyman F. Bush, Personal Representative | 7-16-02 — Spouse's signature. If a joint return, both must sign. | Date

**Paid Preparer's Use Only**

Preparer's signature ▶ Brett A. Thompson CPA | Date 7-4-02 | Check if self-employed [X] | Preparer's SSN or PTIN [redacted]

Firm's name (or yours if self-employed), address, and ZIP code ▶ BRETT A. THOMPSON, CPA, 20214 KINGSLAND BLVD. KATY, TX 7745C

***or such greater amount as is legally refundable, plus intere*

ISA STF FED3171F.1

**PLAINTIFF'S EXHIBIT 16**

0163

**Part I** **Exemptions.** See Form 1040 or 1040A instructions.

If you are **not changing your exemptions,** do not complete this part.
If claiming **more exemptions,** complete lines 25 - 31.
If claiming **fewer exemptions,** complete lines 25 - 30.

| | | Line | A. Original number of exemptions reported or as previously adjusted | B. Net change | C. Correct number of exemptions |
|---|---|---|---|---|---|
| 25 | Yourself and spouse | 25 | | | |
| | **Caution.** If your parents (or someone else) can claim you as a dependent (even if they chose not to), you cannot claim an exemption for yourself. | | | | |
| 26 | Your dependent children who lived with you | 26 | | | |
| 27 | Your dependent children who did not live with you due to divorce or separation | 27 | | | |
| 28 | Other dependents | 28 | | | |
| 29 | Total number of exemptions. Add lines 25 through 28 | 29 | | | |
| 30 | Multiply the number of exemptions claimed on line 29 by the amount listed below for the tax year you are amending. Enter the result here and on line 4. | 30 | | | |

| Tax year | Exemption amount | But see the instructions for line 4 on page 3 if the amount on line 1 is over: |
|---|---|---|
| 2001 | $2,900 | $99,725 |
| 2000 | 2,800 | 96,700 |
| 1999 | 2,750 | 94,975 |
| 1998 | 2,700 | 93,400 |

31 Dependents (children and other) not claimed on original (or adjusted) return:

| (a) First name | Last name | (b) Dependent's social security number | (c) Dependent's relationship to you | (d) ✓ if qualifying child for child tax credit (see page 5) |
|---|---|---|---|---|
| | | | | ☐ |
| | | | | ☐ |
| | | | | ☐ |
| | | | | ☐ |
| | | | | ☐ |
| | | | | ☐ |

No. of your children on line 31 who:
- lived with you ▶ ☐
- **did not** live with you due to divorce or separation (see page 5) ▶ ☐

Dependents on line 31 not entered above ▶ ☐

**Part II** **Explanation of Changes to Income, Deductions, and Credits**

**Enter the line number from the front of the form for each item you are changing and give the reason for each change. Attach only the supporting forms and schedules for the items changed. If you do not attach the required information, your Form 1040X may be returned. Be sure to include your name and social security number on any attachments.**

If the change relates to a net operating loss carryback or a general business credit carryback, attach the schedule or form that shows the year in which the loss or credit occurred. See page 2 of the instructions. Also, check here ▶ ☐

***** *Please See Explanation Attached* *****

**Part III** **Presidential Election Campaign Fund.** Checking below will not increase your tax or reduce your refund.

If you did not previously want $3 to go to the fund but now want to, check here ▶ ☐
If a joint return and your spouse did not previously want $3 to go to the fund but now wants to, check here ▶ ☐

Form 2848 (Rev. December 1997)
Department of the Treasury
Internal Revenue Service

# Power of Attorney and Declaration of Representative

▶ See the separate instructions.

OMB No. 1545-0150

For IRS Use Only
Received by:
Name
Telephone
Function
Date

**Part I** Power of Attorney (Please type or print.)

**1 Taxpayer information** (Taxpayer(s) must sign and date this form on page 2, line 9.)

| Taxpayer name(s) and address | Social security number(s) | Employer identification number |
|---|---|---|
| LYMAN E & BEVERLY J BUSH<br>1217 122ND ST. CT. EAST<br>TACOMA WA 98445 | [redacted] | |
| | Daytime telephone number<br>(253) 537-7833 | Plan number (if applicable) |

hereby appoint(s) the following representative(s) as attorney(s)-in-fact:

**2 Representative(s)** (Representative(s) must sign and date this form on page 2, Part II.)

| Name and address | |
|---|---|
| Thomas E. Redding<br>2914 West T.C. Jester<br>Houston, Texas 77018 | CAF No. [redacted]<br>Telephone No. 713/965-9244<br>Fax No. 713/621-5227<br>Check if new: Address ☐ Telephone No. ☐ |
| Sallie W. Gladney<br>2914 West T.C. Jester<br>Houston, Texas 77018 | CAF No. [redacted]<br>Telephone No. 713/965-9244<br>Fax No. 713/621-5227<br>Check if new: Address ☐ Telephone No. ☐ |
| Teresa J. Womack<br>2914 West T.C. Jester<br>Houston, Texas 77018 | CAF No. [redacted]<br>Telephone No. 713/965-9244<br>Fax No. 713/621-5227<br>Check if new: Address ☐ Telephone No. ☐ |

to represent the taxpayer(s) before the Internal Revenue Service for the following tax matters:

**3 Tax matters**

| Type of Tax (Income, Employment, Excise, etc.) | Tax Form Number (1040, 941, 720, etc.) | Year(s) or Period(s) |
|---|---|---|
| Income | 1040 and 1065 and Partnership Items for all partnerships in which the taxpayer is a partner. | Tax periods ending: December 31, 1983, 1984, 1985, 1986, 1987, 1988, 1989, 1990, 1991, 1992, 1993, 1994, 1995 |

**4 Specific use not recorded on Centralized Authorization File (CAF).** If the power of attorney is for a specific use not recorded on CAF, check this box. (See instruction for **Line 4 — Specific uses not recorded on CAF.**) . . . . . ▶ ☐

**5 Acts authorized.** The representatives are authorized to receive and inspect confidential tax information and to perform any and all acts that I (we) can perform with respect to the tax matters described on line 3, for example, the authority to sign any agreements, consents, or other documents. The authority does not include the power to receive refund checks (see line 6 below), the power to substitute another representative unless specifically added below, or the power to sign certain returns (see instruction for **Line 5 — Acts authorized**).

List any specific additions or deletions to the acts otherwise authorized in this power of attorney: This power includes, but is not limited to, authorization to exercise the taxpayer's rights regarding partnership items and affected items and under I.R.C. Section 6103(e)(1)(C) relative to Forms 1065 for partnerships in which the taxpayer(s) was a partner.

**Note:** *In general, an unenrolled preparer of tax returns cannot sign any document for a taxpayer. See Revenue Procedure 81-38, printed as Pub. 470, for more information.*

**Note:** *The tax matters partner of a partnership is not permitted to authorize representatives to perform certain acts. See the instructions for more information.*

**6 Receipt of refund checks.** If you want to authorize a representative named on line 2 to receive, **BUT NOT TO ENDORSE OR CASH**, refund checks, initial here LEB and list the name of that representative below.
BJJ — BY LEB AS EXECUTOR

Name of representative to receive refund check(s) ▶ Thomas E. Redding

**For Paperwork Reduction and Privacy Act Notice, see the separate instructions.** Form **2848** (Rev. 12-97)

ISA
STF FED4675F.1

7 **Notices and communications.** Original notices and other written communications will be sent to you and a copy to the first representative listed on line 2 unless you check one or more of the boxes below.

a If you want the first representative listed on line 2 to receive the original, and yourself a copy, of such notices or communications, check this box . . . . ▶ ☐

b If you also want the second representative listed to receive a copy of such notices and communications, check this box . ▶ ☐

c If you do not want any notices or communications sent to your representative(s), check this box . . . . ▶ ☐

8 **Retention/revocation of prior power(s) of attorney.** The filing of this power of attorney automatically revokes all earlier power(s) of attorney on file with the Internal Revenue Service for the same tax matters and years or periods covered by this document. If you do not want to revoke a prior power of attorney, check here . . . . ▶ ☐

YOU MUST ATTACH A COPY OF ANY POWER OF ATTORNEY YOU WANT TO REMAIN IN EFFECT.

9 **Signature of taxpayer(s).** If a tax matter concerns a joint return, both husband and wife must sign if joint representation is requested, otherwise, see the instructions. If signed by a corporate officer, partner, guardian, tax matters partner, executor, receiver, administrator, or trustee on behalf of the taxpayer, I certify that I have the authority to execute this form on behalf of the taxpayer.

▶ IF NOT SIGNED AND DATED, THIS POWER OF ATTORNEY WILL BE RETURNED.

Lyman F Bush (signature) — 1-12-02

Signature — Date — Title (if applicable)

LYMAN F BUSH

Print Name

Beverly J. Bush (signature) (DECEASED) — 1-12-02

BY LF Bush executor of ESTATE

Signature — Date — Title (if applicable)

BEVERLY J BUSH

Print Name

**Part II** **Declaration of Representative**

Under penalties of perjury, I declare that:

- I am not currently under suspension or disbarment from practice before the Internal Revenue Service;
- I am aware of regulations contained in Treasury Department Circular No. 230 (31 CFR, Part 10), as amended, concerning the practice of attorneys, certified public accountants, enrolled agents, enrolled actuaries, and others;
- I am authorized to represent the taxpayer(s) identified in Part I for the tax matter(s) specified there; and
- I am one of the following:
  - a Attorney — a member in good standing of the bar of the highest court of the jurisdiction shown below.
  - b Certified Public Accountant — duly qualified to practice as a certified public accountant in the jurisdiction shown below.
  - c Enrolled Agent — enrolled as an agent under the requirements of Treasury Department Circular No. 230.
  - d Officer — a bona fide officer of the taxpayer's organization.
  - e Full-Time Employee — a full-time employee of the taxpayer.
  - f Family Member — a member of the taxpayer's immediate family (i.e., spouse, parent, child, brother, or sister).
  - g Enrolled Actuary — enrolled as an actuary by the Joint Board for the Enrollment of Actuaries under 29 U.S.C. 1242 (the authority to practice before the Service is limited by section 10.3(d)(1) of Treasury Department Circular No. 230).
  - h Unenrolled Return Preparer — an unenrolled return preparer under section 10.7(c)(viii) of Treasury Department Circular No. 230.

▶ IF THIS DECLARATION OF REPRESENTATIVE IS NOT SIGNED AND DATED, THE POWER OF ATTORNEY WILL BE RETURNED.

| Designation — Insert above letter (a - h) | Jurisdiction (state) or Enrollment Card No. | Signature | Date |
|---|---|---|---|
| A | Texas | (signature) Thomas E. Redding | 3/1/02 |
| A | Texas | (signature) Sallie W. Gladney | 3-1-02 |
| A | Texas | Teresa J. Womack | |

STF FED4675F.2

FILED
IN COUNTY CLERK'S OFFICE
A.M. SEP 29 1999 P.M.
PIERCE COUNTY, WASHINGTON
TED RUTT, COUNTY CLERK
BY ______________ DEPUTY

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

IN AND FOR THE COUNTY OF PIERCE

| | |
|---|---|
| In the Matter of the Estate of<br>BEVERLY J. BUSH,<br>Deceased. | NO. 99-4-00904-8<br>NOTICE OF APPOINTMENT OF PERSONAL REPRESENTATIVE AND PENDENCY OF PROBATE PROCEEDINGS |

TO: ALL HEIRS OF THE ABOVE-NAMED DECEDENT

YOU ARE HEREBY NOTIFIED THAT LYMAN F. BUSH was appointed the Personal Representative of the estate of BEVERLY J. BUSH, deceased, on the 16th day of June, 1999, and that probate proceedings thereon are now pending.

DATED this 16 day of June, 1999.

SCHWEINLER & SCHWEINLER

BY: [signature]
ROGER C. SCHWEINLER
WSB #20169

[signature]
LYMAN F. BUSH
Personal Representative

1

NOTICE OF APPOINTMENT OF PERSONAL REPRESENTATIVE...-1

SCHWEINLER & SCHWEINLER
ATTORNEYS AT LAW
901 SOUTH I STREET, SUITE 102
TACOMA, WA 98405
(253) 572-4114 TACOMA
(253) 572-2954 FAX

COPY

**LYMAN F. BUSH and BEVERLY J. BUSH, DECEASED**
**(SSN [redacted] and SSN [redacted])**
**EXPLANATION - 1985, 1986, and 1987 REFUND CLAIMS**
**AND STATEMENT REQUESTING APPLICATION OF §6621(d)**

This refund claim, as it relates to tax and interest assessed relative to a settlement related to the Greenberg Brothers Partnership #4, a.k.a. Lone Wolf McQuade Associates, and Cinema '84 partnerships (each referred to in this explanation as "the Partnerships") for 1983 through 1995 (referred to in this explanation as "the settlement years"), is filed based upon the following grounds:

1. Each settlement entered into by Closing Agreement provided there was no change to partnership items, but agreed that for purposes of determining the taxpayers' correct tax liability for every partnership year from inception to termination (i) the taxpayers' amount at risk regarding their Partnership investment would be determined based on several factors set forth in the agreement, (ii) "any deficiency in tax determined under this agreement will be subject to adjustments arising from a carryback or carryforward from other taxable years of any loss, credit or other tax attributable as allowed by the Internal Revenue Code," (iii) the taxpayers could limit the amount of any income that would be or had been recognized related to any cancellation of any partnership notes, (iv) the taxpayers could limit recognition of their distributive share of any partnership income or gains for certain years to the amount of the partnership distribution or previously suspended partnership loss and the at-risk rules, (v) the partners could assert any appropriate innocent spouse defense under §6015, and (vi) other factors would be considered. Therefore, it is clear that any resulting tax deficiency to the taxpayers is based upon agreed adjustments to affected items requiring a partner level determination and further subject to totally non-partnership item adjustments and defenses preserved in the settlement agreement. Any tax deficiency is subject to the notice of deficiency requirements under I.R.C. §§6212 and 6213. The Internal Revenue Service did not issue the statutory notice of deficiency with regard to the assessments sought to be refunded in this claim. An assessment of a tax liability in violation of the restrictions on assessment set forth in I.R.C. §6213 is void and illegal. Therefore, all the amounts assessed, collected and sought to be refunded in this claim should be refunded. The agreement did not contain nor was there any separate waiver of the restrictions on assessment and collection under I.R.C. §6213.

2. The harm caused by the IRS' breach of the closing agreements is abundantly clear in light of the following facts:

(b) In accordance with paragraphs 12, 14, 15, 17 and 18 the taxpayers filed refund claims for 1988, 1990, 1991, 1992, 1993 and 1995 that should have been allowed and taken into account in computing the net tax deficiency, but which were instead summarily denied. See Exhibit "C." Had the IRS issued a statutory notice of deficiency for 1985, 1986 and 1987 the taxpayers would have been entitled to raise these agreed offsets as a partial defense to the 1985, 1986 and 1987 liabilities prior to payment. Instead, the taxpayers have been forced (i) to file a separate lawsuit to obtain the refunds for 1988, 1990, 1991, 1992, 1993 and 1995, and (ii) pay the gross liability asserted by the IRS for 1985, 1986 and 1987 and then pursue these refund claims

asserting defenses reserved or agreed in this closing agreement. The 1988, 1990, 1991, 1992 and 1993 refunds would have reduced the liability by well over $50,000.

(b) Even the 1981 and 1988 overpayments the IRS determined and acknowledged by itself that should have offset against 1985, 1986 and 1987 liabilities were inexplicably offset against previously non-existent phantom liabilities for 1981 and 1988 essentially defrauding the taxpayers of the benefit of the offsets for those overpayments. See Exhibit "D."

3. The 1981, 1988, 1990, 1991, 1992, 1993, 1994 and 1995 overpayments discussed in Paragraph 2 should all have been applied directly to the 1985, 1986 and 1987 liabilities and therefore constitute an additional and separate ground for refund of the liability overpaid in 1985, 1986 and 1987 as a result of their denial.

4. The claim is timely. It is being filed within two years from the date of payment.

5. If it is determined that the taxpayers are entitled to anything less than a full refund, the recomputation of interest must take into account the doctrine in *Avon Products*, 78-2 U.S.T.C. ¶9821 (1978), pursuant to which it has been determined, and conceded by the government, that interest does not begin to run on a deficiency of tax until the date on which a refund was paid if no interest was paid with the original refund.

6. As an alternative, and in addition to the grounds set forth above, interest should be abated pursuant to I.R.C. §6404 as follows:

(a) First, interest should be abated for the period beginning with the commencement of the IRS' wrongful representation that the partners in this partnership would be entitled to request consistent settlements based upon those entered into by other partners, even providing the names and date of the settlements with respect to which the consistent settlements could be requested, the representation to the United States Tax Court that all of the cases then pending would be settled either based upon settlement documents that were in process or upon requests for consistent settlement, and then the subsequent refusal to enter into consistent settlements resulting in the delay from February 8, 1995 until the actual date that the above-referenced settlement agreement was entered into, all of which constituted managerial or ministerial acts which were unreasonable errors and delays by officers or employees of the IRS acting in their official capacities. All such acts occurred after the IRS first contacted the partner in writing with regard to the civil partnership level return examination.

(b) Second, if it is determined that there was a waiver of the restrictions under I.R.C. §6213, which the taxpayers assert there was not, then interest should be abated for the period beginning with a date 30 days after the date of such waiver in the Closing Agreement and ending on the date of assessment of the income tax liability. The failure to promptly assess

the tax deficiency was clearly a managerial or ministerial act resulting in an unreasonable delay of the tax assessment, and further, such abatement is required under I.R.C. §6404.

7. As an alternative, and in addition to the grounds set forth above, the taxpayer(s) are entitled to the benefit of a net rate of interest of zero pursuant to I.R.C. §6621(d) and a refund of the interest paid on the portion of the deficiency equal to the amount of any refund with respect to which the taxpayer(s) were entitled to receive interest for the periods during which interest was charged on such portion of the deficiency and is payable on such refunds. Substantial refunds are due for 1981, 1988, 1990, 1991, 1992, 1993, 1994 and 1995 as a result of the settlement. This claim constitutes the taxpayer(s)' request that the Secretary apply §6621(d) to all such periods, which includes all periods from April 15, 1984 of the first year listed in the preceding sentence until the date of payment of the tax sought to be refunded under this claim. To the extent of equivalent amounts of underpayments or overpayments, the periods set forth under §5.063 of Rev. Proc. 99-43 have not previously been applied to obtain a net interest rate of zero under §6621(d).

8. As an alternative, the assessment made by the Internal Revenue Service was not made within two years of the date of the settlement and is, therefore, an invalid assessment which must be refunded. The settlement became final and binding either on July 22, 1999 or August 7, 1999. Which date is in dispute. The IRS mailed to the taxpayers statements for tax due (Forms 3552) that were patently fraudulent, representing that the "Assessment Date" was "07/31/2000" and were dated "07/31/2000." These notices were pure unadulterated fraudulently dated and serve as no evidence that a valid assessment was ever made. They were RECEIVED BY THE TAXPAYERS ON 07/28/00, three days BEFORE the alleged assessment and date of the notices. See Exhibit "B," p. 4-10. They were faxed to the taxpayers' counsel on 7/28/00. It is the taxpayers' belief that the assessments were not actually made until late August.

Exhibits - A - Evidence of settlement
B - Evidence of tax assessment and payment

Department of the Treasury - Internal Revenue Service

# Closing Agreement on Final Determination Covering Specific Matters

Under section 7121 of the Internal Revenue Code of 1986 (hereinafter "Code")

Lyman F. Bush (SSN: [redacted]) and Beverly J. Bush (SSN: [redacted]

(Taxpayers' Name, address, and identifying number)

1217 122nd Street Court East, Tacoma, WA 98445 (hereinafter referred to as taxpayer)

and the Commissioner of Internal Revenue make the following closing agreement:

WHEREAS, a dispute has arisen between the parties as to the Federal income tax treatment to be accorded to the taxpayers' purchase of an investment in Cinema 84 (hereinafter Partnership);

WHEREAS, the parties wish to determine, with finality, the taxpayers' income, gains, losses, deductions and credits for1984 and subsequent years with respect to the Partnership.

NOW IT IS HEREBY DETERMINED AND AGREED for Federal income tax purposes that:

1. No adjustment to the partnership items shall be made for the taxable years 1984 through 1995 for purposes of this settlement.

2. The taxpayers are entitled to claim their distributive share of the partnership losses for 1984 through 1995 only to the extent they are at risk under I.R.C. § 465.

3. The taxpayers' amount at risk for 1984 through 1989 is their capital contribution to the partnership.

4. The taxpayers' capital contribution to the partnership is 50,000.00.

5. Taxpayers' qualified investment for computing investment tax credit is the amount at risk as set forth in paragraph #4.

6. The taxpayers are not at risk under I.R.C. § 465 for any partnership notes, entered into by the partnership to acquire rights in the motion pictures Terminator, Perfect Strangers, Special Effects, Return of the Living Dead, A Breed Apart and Howling II, whether or not assumed by the taxpayers. Any losses disallowed under this agreement are suspended under I.R.C. § 465. Such suspended losses may be used to offset the taxpayers' pro rata share of any income earned by the partnership and/or other income in accordance with the operation of I.R.C. § 465.

7. To the extent the taxpayers make additional cash contributions to the capital of the partnership after 1989, the taxpayers' amount at risk will be increased in accordance with I.R.C. § 465.

8. To the extent the partnership earns net income the taxpayers' at risk will be increased in accordance with I.R.C. § 465.

9. To the extent the taxpayers make cash payments on the partnership notes after the date of execution of this agreement by the Commissioner and the taxpayers, the taxpayers' amount at risk will be increased in accordance with I.R.C. § 465.

10. No additions to tax under I.R.C. §§ 6653(a), 6661, 6659 or 6662 will be asserted with respect to the taxpayers' investment in the partnership for 1984 through 1995.

11. The taxpayers are liable for additional interest pursuant to I.R.C. § 6621(c) for tax motivated interest for their investment in the partnership for the taxable years 1984 through 1989.

12. Any deficiency in tax determined under this agreement will be subject to adjustments arising from a carryback or carryforward from other taxable years of any loss, credit or other tax attribute as allowed by the Internal Revenue Code.

13. After the execution of this agreement on behalf of the Commissioner and the taxpayers, the taxpayers shall not recognize any taxable income attributable to any cancellation, discharge, or satisfaction by foreclosure or conveyance of assets, of any partnership notes entered into by the partnership to acquire rights in the motion pictures Terminator, Perfect Strangers, Special Effects, Return of the Living Dead, A Breed Apart and Howling II, whether or not the taxpayers assumed a pro rata share of said note, or from said partnership notes upon liquidation or dissolution of the partnership.

14. The taxpayers shall be taxable on their distributive share of any income or gains of the partnership for years after 1987 only to the extent said income exceeds losses suspended under the at risk rules of I.R.C. § 465 and/or the cash and/or the fair market value of property distributed to the taxpayers.

15. Any refund claim attributable to the operation of this agreement shall be deemed to be timely filed and shall be allowed if it is filed with the IRS within one year of the execution of this agreement by the Commissioner of Internal Revenue. Any refund claim so submitted pursuant to this paragraph within 120 days after the execution of this agreement on behalf of the Commissioner of Internal Revenue shall be allowed as an offset pursuant to I.R.C. §§ 6402(a) and 6601(f) against any tax deficiencies resulting from this agreement.

16. This agreement constitutes a settlement within the meaning of I.R.C. § 6224(c) and the taxpayers' partnership items are converted to non partnership items effective as of the date of this closing agreement is accepted on behalf of the Commissioner. The taxpayers, in accordance with the provisions of I.R.C. § 6224(b), also waive the restrictions on assessment and collection of any deficiencies attributable to the converted partnership items with interest as provided by law in I.R.C. § 6225(a) that results from this agreement.

17. This closing agreement when accepted by the Commissioner is a determination under the mitigation provisions of the Internal Revenue Code. (I.R.C. § 1311 et seq.).

18. To the extent the taxpayers make cash payments on the partnership notes, after the date this agreement is executed by the taxpayers and the Commissioner, and after the termination of the partnership, a deduction shall be allowed in the year of said payment.

19. This agreement does not in any way diminish or enhance the rights of the spouse of any partner to assert his or her right to relief as an innocent spouse under I.R.C. § 6015.

20. This agreement supersedes any prior agreement entered into between the taxpayers and the Internal Revenue Service.

This agreement is final and conclusive except:

(1) the matter it relates to may be reopened in the event of fraud, malfeasance, or misrepresentation of material fact;

(2) it is subject to the Internal Revenue Code sections that expressly provide that effect be given to their provisions notwithstanding any other law or rule of law except Code Section 7122; and

Ex A, P. 2

(3) if it relates to a taxable period ending after the date of this agreement, it is subject to any law, enacted after the agreement date, that applies to that tax period.

By signing, the above parties certify that they have read and agreed to the terms of this document.

Your signature Lyman F Bush Date Signed 6-25-99

Spouse's signature (if a joint return was filed) Beverly J. Bush BY Lyman F Bush SPOUSE OF DECEASED Date Signed 6-25-99

Taxpayer's Representative ______ Date Signed ______

Taxpayer (other than individual) ______

By ______ Date Signed ______

Title ______

Commissioner of Internal Revenue

By Philip J. Dolsane Date Signed 8/2/99

Title Associate Chief

I have examined the specific matters involved and recommend the acceptance of the proposed agreement.

Bradford A. Johnson 7/22/99

(Receiving Officer) (Date)

Assistant District Counsel

(Title)

Ex A, P. 3

Department of the Treasury - Internal Revenue Service

Closing Agreement on Final Determination
Covering Specific Matters

Under section 7121 of the Internal Revenue Code of 1986 (hereinafter "Code")

Lyman F. Bush (SSN: [redacted] and Beverly J. Bush (SSN: [redacted]
(Taxpayers' Name, address, and identifying number)

1217 122nd Street Court East, Tacoma, WA 98445 (hereinafter referred to as taxpayer)

and the Commissioner of Internal Revenue make the following closing agreement:

WHEREAS, a dispute has arisen between the parties as to the Federal income tax treatment to be accorded to the taxpayers' purchase of an investment in Greenberg Brothers Partnership #12 a/k/a Lone Wolf McQuade Associates (hereinafter Partnership);

WHEREAS, the parties wish to determine, with finality, the taxpayers' income, gains, losses, deductions and credits for1983 and subsequent years with respect to the Partnership.

NOW IT IS HEREBY DETERMINED AND AGREED for Federal income tax purposes that:

1. No adjustment to the partnership items shall be made for the taxable years 1983 through 1995 for purposes of this settlement.

2. The taxpayers are entitled to claim their distributive share of the partnership losses for 1983 through 1995 only to the extent they are at risk under I.R.C. § 465.

3. The taxpayers' amount at risk for 1983 through 1986 is their capital contribution to the partnership.

4. The taxpayers' capital contribution to the partnership is $50,000.

5. Taxpayers' qualified investment for computing investment tax credit is the amount at risk as set forth in paragraph #4.

6. The taxpayers are not at risk under I.R.C. § 465 for any partnership notes, entered into by the partnership to acquire rights in the motion picture Lone Wolf McQuade and Strange Invaders, whether or not assumed by the taxpayers. Any losses disallowed under this agreement are suspended under I.R.C. § 465. Such suspended losses may be used to offset the taxpayers' pro rata share of any income earned by the partnership and/or other income in accordance with the operation of I.R.C. § 465.

7. To the extent the taxpayers make additional cash contributions to the capital of the partnership after 1986, the taxpayers' amount at risk will be increased in accordance with I.R.C. § 465.

8. To the extent the partnership earns net income the taxpayers' at risk will be increased in accordance with I.R.C. § 465.

9. To the extent the taxpayers make cash payments on the partnership notes after the date of execution of this agreement by the Commissioner and the taxpayers, the taxpayers' amount at risk will be increased in accordance with I.R.C. § 465.

Ex A, P. 4

10. No additions to tax under I.R.C. §§ 6653(a), 6661, 6659 or 6662 will be asserted with respect to the taxpayers' investment in the partnership for 1983 through 1995.

11. The taxpayers are liable for additional interest pursuant to I.R.C. § 6621(c) for tax motivated interest for their investment in the partnership for the taxable years 1983 through 1989.

12. Any deficiency in tax determined under this agreement will be subject to adjustments arising from a carryback or carryforward from other taxable years of any loss, credit or other tax attribute as allowed by the Internal Revenue Code.

13. After the execution of this agreement on behalf of the Commissioner and the taxpayers, the taxpayers shall not recognize any taxable income attributable to any cancellation, discharge, or satisfaction by foreclosure or conveyance of assets, of any partnership notes entered into by the partnership to acquire rights in the motion picture Lone Wolf McQuade and Strange Invaders, whether or not the taxpayers assumed a pro rata share of said note, or from said partnership notes upon liquidation or dissolution of the partnership.

14. The taxpayers shall be taxable on their distributive share of any income or gains of the partnership for years after 1983 only to the extent said income exceeds losses suspended under the at risk rules of I.R.C. § 465 and/or the cash and/or the fair market value of property distributed to the taxpayers.

15. Any refund claim attributable to the operation of this agreement shall be deemed to be timely filed and shall be allowed if it is filed with the IRS within one year of the execution of this agreement by the Commissioner of Internal Revenue. Any refund claim so submitted pursuant to this paragraph within 120 days after the execution of this agreement on behalf of the Commissioner of Internal Revenue shall be allowed as an offset pursuant to I.R.C. §§ 6402(a) and 6601(f) against any tax deficiencies resulting from this agreement.

16. This agreement constitutes a settlement within the meaning of I.R.C. § 6224(c) and the taxpayers' partnership items are converted to non partnership items effective as of the date of this closing agreement is accepted on behalf of the Commissioner. The taxpayers, in accordance with the provisions of I.R.C. § 6224(b), also waive the restrictions on assessment and collection of any deficiencies attributable to the converted partnership items with interest as provided by law in I.R.C. § 6225(a) that results from this agreement.

17. This closing agreement when accepted by the Commissioner is a determination under the mitigation provisions of the Internal Revenue Code. (I.R.C. § 1311 et seq.).

18. To the extent the taxpayers make cash payments on the partnership notes, after the date this agreement is executed by the taxpayers and the Commissioner, and after the termination of the partnership, a deduction shall be allowed in the year of said payment.

19. This agreement does not in any way diminish or enhance the rights of the spouse of any partner to assert his or her right to relief as an innocent spouse under I.R.C. § 6015.

20. This agreement supersedes any prior agreement entered into between the taxpayers and the Internal Revenue Service.

This agreement is final and conclusive except:

(1) the matter it relates to may be reopened in the event of fraud, malfeasance, or misrepresentation of material fact;

(2) it is subject to the Internal Revenue Code sections that expressly provide that effect be given to their provisions notwithstanding any other law or rule of law except Code Section 7122; and

Ex. A, p. 5

(3) if it relates to a taxable period ending after the date of this agreement, it is subject to any law, enacted after the agreement date, that applies to that tax period.

By signing, the above parties certify that they have read and agreed to the terms of this document.

Your signature Lyman F Bush Date Signed 6-25-99

Spouse's signature (if a joint return was filed) Beverly J. Bush by Lyman F Bush spouse is deceased Date Signed 6-25-99

Taxpayer's Representative ______ Date Signed ______

Taxpayer (other than individual) ______

By ______ Date Signed ______

Title ______

Commissioner of Internal Revenue

By Philip J. Vitissano Date Signed 8/1/99

Title Associate Chief

I have examined the specific matters involved and recommend the acceptance of the proposed agreement.

Bradford A. Johnson 7/22/99
(Receiving Officer) (Date)

Assistant District Counsel
(Title)

EWA, 0.6

Department of the Treasury - Internal Revenue Service
Income Tax Examination Changes

| Name and Address of Taxpayer | SS or EI Number: | | Return Form No. |
|---|---|---|---|
| LYMAN F & BEVERLY J DECD BUSH<br>1217 122ND STREET CT E<br>TACOMA WA 98445-3519 | [redacted] | | 1040 |
| | Person with whom examination changes were discussed | Name and Title | |

| 1. Adjustments to Income | Period End 12/31/1985 | Period End | Period End |
|---|---|---|---|
| A. CINEMAX 84 | $ 16,740.00 | $ | $ |
| B. ITEMIZED DEDUCTIONS | 2,063.00 | | |
| C. LONE WOLF MCQUADE | 33,442.00 | | |
| D. | | | |
| E. | | | |
| F. | | | |
| G. | | | |
| H. | | | |
| I. | | | |
| J. | | | |
| K. | | | |
| L. | | | |
| M. | | | |
| N. | | | |
| O. | | | |
| P. | | | |
| Q. | | | |
| R. | | | |
| S. | | | |
| 2. Total Adjustments | 52,245.00 | | |
| 3. Taxable Income Per Return or as Previously Adjusted | 54,000.00 | | |
| 4. Corrected Taxable Income | 106,245.00 | | |
| Tax Method | SCHEDULE G | | |
| Filing Status | JOINT | | |
| 5. Tax | 24,619.00 | | |
| 6. Additional Taxes | | | |
| 7. Corrected Tax Liability | 24,619.00 | | |
| 8. Less Credits A. | | | |
| B. | | | |
| C. | | | |
| D. | | | |
| 9. Balance (Line 7 less total of lines 8A through 8D) | 24,619.00 | | |
| 10. Plus Other Taxes A. | | | |
| B. | | | |
| C. | | | |
| D. | | | |
| 11. Total Corrected Tax Liability (Line 9 + lines 10A to 10D) | 24,619.00 | | |
| 12. Total Tax Shown on Return or as Previously Adjusted | 7,911.00 | | |
| 13. Adjustments to A. Special Fuels Credit | | | |
| B. | | | |
| 14. Deficiency - Increase in Tax or (Overassessment - Decrease in tax) (Line 11 less Line 12 adjusted by Line 13) | 16,708.00 | | |
| 15. Adjustments to Prepayment Credits | | | |
| 16. Balance Due or Overpayment (Line 14 Adjusted by Line 15) (Excluding Interest and penalties) | $ 16,708.00 | $ | $ |

The Internal Revenue Service has agreements with State tax agencies under which information about Federal tax, including increases or decreases, is exchanged with the States. If this change affects the amount of your State income tax, you should file the State form.

You may be subject to backup withholding if you underreport your interest, dividend, or patronage dividend income and do not pay the required tax. The IRS may order backup withholding at 31 percent after four notices have been issued to you over a 120-day period and the tax has been assessed and remains unpaid.

RGS Ver. 4.62.00



Form 4549A-CG (Rev. 1-91)

Ex B, P1

Department of the Treasury - Internal Revenue Service
Income Tax Examination Changes

| Name and Address of Taxpayer | SS or EI Number: | | Return Form No. |
|---|---|---|---|
| LYMAN F & BEVERLY J DECD BUSH<br>1217 122ND STREET CT E<br>TACOMA WA 98445-3519 | [redacted] | | 1040 |
| | Person with whom examination changes were discussed | Name and Title | |

| 1. Adjustments to Income | Period End 12/31/1986 | Period End | Period End |
|---|---|---|---|
| A. CINEMAX 84 | $ 20,079.00 | $ | $ |
| B. LONE WOLF MCQUADE | 34,003.00 | | |
| C. | | | |
| D. | | | |
| E. | | | |
| F. | | | |
| G. | | | |
| H. | | | |
| I. | | | |
| J. | | | |
| K. | | | |
| L. | | | |
| M. | | | |
| N. | | | |
| O. | | | |
| P. | | | |
| Q. | | | |
| R. | | | |
| S. | | | |
| 2. Total Adjustments | 54,082.00 | | |
| 3. Taxable Income Per Return or as Previously Adjusted | 64,303.00 | | |
| 4. Corrected Taxable Income | 118,385.00 | | |
| Tax Method | SCHEDULE G | | |
| Filing Status | JOINT | | |
| 5. Tax | 38,155.00 | | |
| 6. Additional Taxes | | | |
| 7. Corrected Tax Liability | 38,155.00 | | |
| 8. Less Credits A. | | | |
| B. | | | |
| C. | | | |
| D. | | | |
| 9. Balance (Line 7 less total of lines 8A through 8D) | 38,155.00 | | |
| 10. Plus Other Taxes A. ALTERNATIVE MINIMUM TAX | 7,076.00 | | |
| B. | | | |
| C. | | | |
| D. | | | |
| 11. Total Corrected Tax Liability (Line 9 + lines 10A to 10D) | 45,231.00 | | |
| 12. Total Tax Shown on Return or as Previously Adjusted | 34,414.00 | | |
| 13. Adjustments to A. Special Fuels Credit | | | |
| B. | | | |
| 14. Deficiency - Increase in Tax or (Overassessment - Decrease in tax) (Line 11 less Line 12 adjusted by Line 13) | 10,817.00 | | |
| 15. Adjustments to Prepayment Credits | | | |
| 16. Balance Due or Overpayment (Line 14 Adjusted by Line 15) (Excluding Interest and penalties) | $ 10,817.00 | $ | $ |

The Internal Revenue Service has agreements with State tax agencies under which information about Federal tax, including increases or decreases, is exchanged with the States. If this change affects the amount of your State income tax, you should file the State form.

You may be subject to backup withholding if you underreport your interest, dividend, or patronage dividend income and do not pay the required tax. The IRS may order backup withholding at 31 percent after four notices have been issued to you over a 120-day period and the tax has been assessed and remains unpaid.

RGS Ver. 4.62.00



Form 4549A-CG (Rev. 1-91)

Ex B, P. 2

Department of the Treasury - Internal Revenue Service
Income Tax Examination Changes

| Name and Address of Taxpayer | SS or EI Number: | Return Form No. |
|---|---|---|
| LYMAN F & BEVERLY J DECD BUSH<br>1217 122ND STREET CT E<br>TACOMA WA 98445-3519 | [redacted] | 1040 |
| | Person with whom examination changes were discussed | Name and Title |

| 1. Adjustments to Income | Period End 12/31/1987 | Period End | Period End |
|---|---|---|---|
| A. CINEMA 84 | $ 25,733.00 | $ | $ |
| B. ITEMIZED DEDUCTIONS | 507.00 | | |
| C. LONE WOLF MCQUADE | (398.00) | | |
| D. | | | |
| E. | | | |
| F. | | | |
| G. | | | |
| H. | | | |
| I. | | | |
| J. | | | |
| K. | | | |
| L. | | | |
| M. | | | |
| N. | | | |
| O. | | | |
| P. | | | |
| Q. | | | |
| R. | | | |
| S. | | | |
| 2. Total Adjustments | 25,842.00 | | |
| 3. Taxable Income Per Return or as Previously Adjusted | 103,091.00 | | |
| 4. Corrected Taxable Income | 128,933.00 | | |
| Tax Method | SCHEDULE D | | |
| Filing Status | JOINT | | |
| 5. Tax | | | |
| 6. Additional Taxes | | | |
| 7. Corrected Tax Liability | 37,261.00 | | |
| 8. Less Credits A. | | | |
| B. | | | |
| C. | | | |
| D. | | | |
| 9. Balance (Line 7 less total of lines 8A through 8D) | 37,261.00 | | |
| 10. Plus Other Taxes A. | | | |
| B. | | | |
| C. | | | |
| D. | | | |
| 11. Total Corrected Tax Liability (Line 9 + lines 10A to 10D) | 37,261.00 | | |
| 12. Total Tax Shown on Return or as Previously Adjusted | 27,626.00 | | |
| 13. Adjustments to A. Special Fuels Credit | | | |
| B. | | | |
| 14. Deficiency - Increase in Tax or (Overassessment - Decrease in tax) (Line 11 less Line 12 adjusted by Line 13) | 9,635.00 | | |
| 15. Adjustments to Prepayment Credits | | | |
| 16. Balance Due or Overpayment (Line 14 Adjusted by Line 15) (Excluding Interest and penalties) | $ 9,635.00 | $ | $ |

The Internal Revenue Service has agreements with State tax agencies under which information about Federal tax, including increases or decreases, is exchanged with the States. If this change affects the amount of your State income tax, you should file the State form.

You may be subject to backup withholding if you underreport your interest, dividend, or patronage dividend income and do not pay the required tax. The IRS may order backup withholding at 31 percent after four notices have been issued to you over a 120-day period and the tax has been assessed and remains unpaid.



Ex B P. 3

# FAX COVER SHEET

DATE: 7-28-00 TOTAL # PAGES INCLUDING COVER SHEET: 5

FROM: Skip Bush TELEPHONE: (253) 537-7833

ADDRESS: 1217 122nd St. Ct. E. FAX: (253) 531-8103

Tacoma, WA 98445

TO: REDDING & ASSOC FAX #: 713-621-5227

ATTN: TOM REDDING

RE: GREENBERG BROTHERS PARTNERSHIPS

COMMENTS: I RECEIVED THE ATTACHED (4) NOTICES OF TAX DUE - DO I PAY THEM? PLEASE CALL OR FAX ME INSTRUCTIONS.

THEY TOTAL $ 136,275 62

Skip

Ex B, P.4

Department of the Treasury
Internal Revenue Service
Director
1160 W. 1200 S.
OGDEN, UT 84201

29281-213-13009-00

IDRS 2981703707

| | Assessment Date | Trans Code |
|---|---|---|
| 30 17801Z | 07/31/2000 | 670<br>570 |

Date of This Notice: 07/31/2000

If you find it necessary to inquire about your account, please refer to this number. ▶ BUSH [redacted]

LYMAN F BUSH
LYMAN F & BEVERLY DECD BUSH
1217 122ND STREET CT E
TACOMA WA 98445-0000

Form Number: 1040

Tax Period Ended: 12/31/1985

**Notice of Tax Due on Federal Tax Return**

This is a notice of tax due on your tax return identified above. Please pay the amount shown as Balance Due when you receive this notice. Make your check or money order payable to the United States Treasury and send it with this notice to the address shown above.

If the balance due as shown below is incorrect because you made a recent payment, please send us the amount you believe you owe and an explanation of the difference.

| Reference | Assessment | Adjustment or Credit | Balance Due |
|---|---|---|---|
| 07/31/2000 ADD'L TAX | 16,708.00 | | |
| 07/31/2000 INTEREST | 42,660.44 | | |
| PR MEMO CR | | 6,045.33 | |
| see enclosed notice | [redacted] | | 53,323.11 |

Ex B, P.5

0181

Department of the Treasury
Internal Revenue Service
Director
1160 W. 1200 S.
OGDEN, UT 84201

29201-213-13010-00

IDRS 2981703707

| | Assessment Date | Trans Code |
|---|---|---|
| 30 198612 | 07/31/2000 | 670 |
| | | 570 |

Date of This Notice: 07/31/2000

If you find it necessary to inquire about your account, please refer to this number: BUSH [redacted]

LYMAN F BUSH
LYMAN F & BEVERLY DECD BUSH
1217 122ND STREET CT E
TACOMA WA 98445-0000

Form Number: 1040

Tax Period Ended: 12/31/1986

**Notice of Tax Due on Federal Tax Return**

This is a notice of tax due on your tax return identified above. Please pay the amount shown as Balance Due when you receive this notice. Make your check or money order payable to the United States Treasury and send it with this notice to the address shown above.

If the balance due as shown below is incorrect because you made a recent payment, please send us the amount you believe you owe and an explanation of the difference.

| Reference | Assessment | Adjustment or Credit | Balance Due |
|---|---|---|---|
| 07/31/2000 ADD'L TAX | 10,817.00 | | |
| 07/31/2000 INTEREST | 35,187.97 | | |

see enclosed notice [redacted] 46,004.97

Ex B, P.6

0182

Internal Revenue Service
Director
1160 W. 1200 S.
OGDEN, UT 84201

29281-213-13011-00

IDRS 2981703707

| | | Assessment Date | Trans Code |
|---|---|---|---|
| 30 | 198712 | 07/31/2000 | 670 |
| | | | 570 |

Date of This Notice: 07/31/2000

If you find it necessary to inquire about your account, please refer to this number.

BUSH
[redacted]

LYMAN F BUSH
LYMAN F & BEVERLY DECD BUSH
1217 122ND STREET CT E
TACOMA WA 98445-0000

Form Number: 1040

Tax Period Ended: 12/31/1987

## Notice of Tax Due on Federal Tax Return

This is a notice of tax due on your tax return identified above. Please pay the amount shown as Balance Due when you receive this notice. Make your check or money order payable to the United States Treasury and send it with this notice to the address shown above.

If the balance due as shown below is incorrect because you made a recent payment, please send us the amount you believe you owe and an explanation of the difference.

| Reference | Assessment | Adjustment or Credit | Balance Due |
|---|---|---|---|
| 07/31/2000 ADD'L TAX | 9,635.00 | | |
| 07/31/2000 INTEREST | 26,729.62 | | |

see enclosed notice

[redacted]

36,364.62

Ex B, P. 7

Internal Revenue Service
Director
1160 W. 1200 S.
OGDEN, UT 84201

27201-216-15012-00

IDRS 2981703707

| | | Assessment Date | Trans Code |
|---|---|---|---|
| 30 | 199812 | 07/31/2000 | 670 |
| | | | 570 |

Date of This Notice: 07/31/2000

If you find it necessary to inquire about your account, please refer to this number. BUSH [redacted]

LYMAN F BUSH
LYMAN F & BEVERLY DECD BUSH
1217 122ND STREET CT E
TACOMA WA 98445-0000

Form Number: 1040

Tax Period Ended: 12/31/1998

**Notice of Tax Due on Federal Tax Return**

This is a notice of tax due on your tax return identified above. Please pay the amount shown as Balance Due when you receive this notice. Make your check or money order payable to the United States Treasury and send it with this notice to the address shown above.

If the balance due as shown below is incorrect because you made a recent payment, please send us the amount you believe you owe and an explanation of the difference.

| Reference | Assessment | Adjustment or Credit | Balance Due |
|---|---|---|---|
| 07/31/2000 ADD'L TAX | 406.00 | | |
| 07/31/2000 INTEREST | 176.92 | | |
| see enclosed notice | [redacted] | | 582.92 |

Ex B, P. 8

Please return this copy with your payment to the address shown above Form 3552 (C)(Part 3) Re

DATE: [illegible]-00 TOTAL # PAGES INCLUDING COVER SHEET: 2

FROM: Skip Bush

ADDRESS: 1217 122nd St. Ct. E.
Tacoma, WA 98445

TELEPHONE: (253) 537-7833

FAX: (253) 531-8103

TO: REDDING & ASSOC FAX #: 713-621-5227

ATTN: TOM REDDING

RE: ASSESSMENT BY IRS DATED 7-31-00

COMMENTS:

HERE IS MY PHONE BILL SHOWING THAT I FAXED TO YOU JULY 28 & THEN PHONED AN HOUR + LATER.

Skip

Ex B P.9

P. 2

AT&T

LYMAN F BUSH
Account No: [redacted]
For billing questions or to place an order, call 1 800 222-0300



AT&T Summary of Charges For August

| Description | Page | Calls | Min | Amount |
|---|---|---|---|---|
| AT&T Monthly Charges | 4 | | | 4.95 |
| AT&T One Rate Plus Plan | 4 | 90 | 752 | 90.24 |
| AT&T Itemized Long Distance Calls | 6 | 3 | 7 | 5.31 |
| National Access Contribution | 6 | | | 8.43 |
| Taxes And Surcharges | 6 | | | 12.42 |
| | | 93 | 759 | |

Total AT&T Summary of Charges For August $121.35

AT&T Monthly Charges

Monthly service from AUG 05, 2000 to SEP 04, 2000

- Optional Services

| | Description | Amount |
|---|---|---|
| 1. | AT&T One Rate (R) Plus Plan | 4.95 |

Total AT&T Monthly Charges $4.95

AT&T One Rate (R) Plus Plan

Totals are for informational purposes only. Please refer to summary for actual charges.

- Direct Dialed Calls
  Domestic Calls
  - Night/Weekend Calls

| | Date | Time | Place And Number Called | | | | Type | Rate | Min | Amount |
|---|---|---|---|---|---|---|---|---|---|---|
| 2. | Jul 06 | 9:51P To | FOREST GRV | OR | 503 | 359-7767 | Direct | N/Wkd | 2 | .24 |
| 3. | Jul 07 | 9:59P To | PORTLAND | OR | 503 | 705-7896 | Direct | N/Wkd | 1 | .12 |
| 4. | Jul 08 | 3:56P To | HIGHMORE | SD | 605 | 852-2351 | Direct | N/Wkd | 1 | .12 |
| 5. | Jul 09 | 2:07P To | HIGHMORE | SD | 605 | 852-2727 | Direct | N/Wkd | 3 | .36 |
| 6. | Jul 09 | 5:54P To | PIERRE | SD | 605 | 224-1725 | Direct | N/Wkd | 1 | .12 |
| 7. | Jul 09 | 10:16P To | PORTLAND | OR | 503 | 705-5124 | Direct | N/Wkd | 1 | .12 |
| 8. | Jul 10 | 3:29P To | HIGHMORE | SD | 605 | 852-2575 | Direct | N/Wkd | 1 | .12 |
| 9. | Jul 10 | 4:00P To | HIGHMORE | SD | 605 | 852-2633 | Direct | N/Wkd | 5 | .60 |
| 10. | Jul 10 | 4:10P To | REDFIELD | SD | 605 | 472-1795 | Direct | N/Wkd | 18 | 2.16 |
| 11. | Jul 11 | 3:02P To | HIGHMORE | SD | 605 | 852-2575 | Direct | N/Wkd | 1 | .12 |
| 12. | Jul 12 | 3:03P To | HIGHMORE | SD | 605 | 852-2575 | Direct | N/Wkd | 1 | .12 |
| 13. | Jul 12 | 4:58P To | COVINGTON | LA | 504 | 893-0646 | Direct | N/Wkd | 5 | .60 |
| 14. | Jul 12 | 7:36P To | SAN ANTONI | TX | 210 | 681-1007 | Direct | N/Wkd | 51 | 6.12 |
| 15. | Jul 13 | 2:57P To | HIGHMORE | SD | 605 | 852-2575 | Direct | N/Wkd | 1 | .12 |
| 16. | Jul 13 | 5:09P To | COVINGTON | LA | 504 | 893-0646 | Direct | N/Wkd | 5 | .60 |
| 17. | Jul 13 | 9:40P To | BEAVERTON | OR | 503 | 439-1001 | Direct | N/Wkd | 6 | .72 |
| 18. | Jul 14 | 7:50A To | EL PASO | TX | 915 | 532-1406 | Direct | N/Wkd | 2 | .24 |
| 19. | Jul 14 | 7:53A To | SACRAMENTO | CA | 916 | 447-1198 | Direct | N/Wkd | 1 | .12 |
| 20. | Jul 14 | 9:15A To | MOYIE SPGS | ID | 208 | 267-2691 | Direct | N/Wkd | 3 | .36 |
| 21. | Jul 14 | 9:19A To | MOYIE SPGS | ID | 208 | 267-2691 | Direct | N/Wkd | 30 | 3.60 |
| 22. | Jul 15 | 4:44P To | HIGHMORE | SD | 605 | 852-2780 | Direct | N/Wkd | 1 | .12 |
| 23. | Jul 15 | 4:53P To | HIGHMORE | SD | 605 | 852-2351 | Direct | N/Wkd | 1 | .12 |
| 24. | Jul 15 | 5:19P To | PIERRE | SD | 605 | 945-0952 | Direct | N/Wkd | 10 | 1.20 |
| 25. | Jul 15 | 8:16P To | HIGHMORE | SD | 605 | 852-2575 | Direct | N/Wkd | 1 | .12 |
| 26. | Jul 17 | 2:57P To | HIGHMORE | SD | 605 | 852-2575 | Direct | N/Wkd | 4 | .48 |
| 27. | Jul 18 | 7:52P To | SIOUX FLS | SD | 605 | 338-4369 | Direct | N/Wkd | 1 | .12 |
| 28. | Jul 18 | 8:12P To | HIGHMORE | SD | 605 | 852-2351 | Direct | N/Wkd | 24 | 2.88 |
| 29. | Jul 20 | 10:38A To | REDFIELD | SD | 605 | 472-2455 | Direct | N/Wkd | 4 | .48 |
| 30. | Jul 20 | 3:06P To | REDFIELD | SD | 605 | 472-1189 | Direct | N/Wkd | 15 | 1.80 |

AT&T

LYMAN F BUSH
Account No: [redacted]
For billing questions or to place an order, call

0186

Page

| | Date | Time | Place And Number Called | | | | Type | Rate | Min | Amo |
|---|---|---|---|---|---|---|---|---|---|---|
| 1. | Jul 20 | 5:56P To | SAN ANTONI | TX | 210 | 681-1007 | Direct | N/Wkd | 1 | |
| 2. | Jul 20 | 8:54P To | BEAVERTON | OR | 503 | 439-6604 | Direct | N/Wkd | 1 | |
| 3. | Jul 21 | 11:01A To | SAN DIEGO | CA | 858 | 279-4368 | Direct | N/Wkd | 2 | |
| 4. | Jul 21 | 4:16P To | HOUSTON | TX | 713 | 965-9244 | Direct | N/Wkd | 2 | |
| 5. | Jul 21 | 5:18P To | SAN ANTONI | TX | 210 | 681-1007 | Direct | N/Wkd | 1 | |
| 6. | Jul 21 | 5:20P To | COVINGTON | LA | 504 | 893-0646 | Direct | N/Wkd | 1 | |
| 7. | Jul 21 | 5:21P To | COVINGTON | LA | 504 | 893-0646 | Direct | N/Wkd | 1 | |
| 8. | Jul 22 | 9:15P To | MOYIE SPGS | ID | 208 | 267-2691 | Direct | N/Wkd | 1 | |
| 9. | Jul 23 | 7:06A To | MENOMONIE | WI | 715 | 235-3577 | Direct | N/Wkd | 63 | |
| 10. | Jul 23 | 9:39A To | REDFIELD | SD | 605 | 472-1189 | Direct | N/Wkd | 25 | |
| 11. | Jul 23 | 3:29P To | HIGHMORE | SD | 605 | 852-2575 | Direct | N/Wkd | 25 | |
| 12. | Jul 23 | 3:30P To | HIGHMORE | SD | 605 | 852-2575 | Direct | N/Wkd | 1 | |
| 13. | Jul 23 | 3:48P To | SAN ANTONI | TX | 210 | 681-1007 | Direct | N/Wkd | 1 | |
| 14. | Jul 23 | 3:50P To | COVINGTON | LA | 504 | 893-0646 | Direct | N/Wkd | 1 | |
| 15. | Jul 23 | 3:52P To | WHITE CITY | OR | 541 | 830-8989 | Direct | N/Wkd | 1 | |
| 16. | Jul 23 | 5:24P To | REDFIELD | SD | 605 | 472-1647 | Direct | N/Wkd | 1 | |
| 17. | Jul 23 | 6:08P To | WHITE CITY | OR | 541 | 830-8989 | Direct | N/Wkd | 44 | |
| 18. | Jul 23 | 7:37P To | HIGHMORE | SD | 605 | 852-2727 | Direct | N/Wkd | 12 | |
| 19. | Jul 23 | 8:25P To | YANKTON | SD | 605 | 668-0140 | Direct | N/Wkd | 1 | |
| 20. | Jul 25 | 10:41A To | SAN DIEGO | CA | 619 | 276-9835 | Direct | N/Wkd | 1 | |
| 21. | Jul 25 | 3:05P To | HIGHMORE | SD | 605 | 852-2575 | Direct | N/Wkd | 26 | |
| 22. | Jul 25 | 3:16P To | PORTLAND | OR | 503 | 246-1250 | Direct | N/Wkd | 1 | |
| 23. | Jul 25 | 3:19P To | PORTLAND | OR | 503 | 246-1250 | Direct | N/Wkd | 3 | |
| 24. | Jul 25 | 7:30P To | REDFIELD | SD | 605 | 472-1795 | Direct | N/Wkd | 9 | |
| 25. | Jul 26 | 2:58P To | HIGHMORE | SD | 605 | 852-2575 | Direct | N/Wkd | 20 | |
| 26. | Jul 26 | 4:37P To | HOUSTON | TX | 713 | 965-9244 | Direct | N/Wkd | 46 | |
| 27. | Jul 26 | 4:48P To | PORTLAND | OR | 503 | 810-1377 | Direct | N/Wkd | 3 | |
| 28. | Jul 26 | 6:59P To | PIERRE | SD | 605 | 224-1725 | Direct | N/Wkd | 1 | |
| 29. | Jul 27 | 10:54A To | OGDEN | UT | 801 | 782-6008 | Direct | N/Wkd | 12 | |
| 30. | Jul 27 | 2:40P To | EL PASO | TX | 915 | 532-1496 | Direct | N/Wkd | 2 | |
| 31. | Jul 27 | 7:35P To | HIGHMORE | SD | 605 | 852-2351 | Direct | N/Wkd | 3 | |
| 32. | Jul 27 | 7:36P To | YANKTON | SD | 605 | 668-0140 | Direct | N/Wkd | 1 | |
| 33. | Jul 28 | 2:39P To | HOUSTON | TX | 713 | 621-5227 | Direct | N/Wkd | 4 | |
| 34. | Jul 28 | 3:45P To | HOUSTON | TX | 713 | 965-9244 | Direct | N/Wkd | 3 | |
| 35. | Jul 28 | 6:03P To | COVINGTON | LA | 504 | 893-0646 | Direct | N/Wkd | 2 | |
| 36. | Jul 28 | 6:05P To | COVINGTON | LA | 504 | 893-0646 | Direct | N/Wkd | 1 | |
| 37. | Jul 28 | 6:07P To | SAN ANTONI | TX | 210 | 681-1007 | Direct | N/Wkd | 1 | |
| 38. | Jul 28 | 6:08P To | DENVERSLVN | CO | 303 | 752-4717 | Direct | N/Wkd | 1 | |
| 39. | Jul 28 | 7:44P To | COVINGTON | LA | 504 | 893-0648 | Direct | N/Wkd | 93 | |
| 40. | Jul 29 | 8:21A To | COVINGTON | LA | 504 | 893-0646 | Direct | N/Wkd | 1 | 1 |
| 41. | Jul 29 | 1:04P To | HIGHMORE | SD | 605 | 852-2351 | Direct | N/Wkd | 1 | |
| 42. | Jul 29 | 7:22P To | HIGHMORE | SD | 605 | 852-2351 | Direct | N/Wkd | 10 | 1 |
| 43. | Jul 29 | 7:45P To | PORTLAND | OR | 503 | 705-7896 | Direct | N/Wkd | 1 | |
| 44. | Jul 29 | 7:46P To | PORTLAND | OR | 503 | 705-7896 | Direct | N/Wkd | 1 | |
| 45. | Jul 29 | 7:47P To | PORTLAND | OR | 503 | 705-7896 | Direct | N/Wkd | 1 | |
| 46. | Jul 30 | 7:02P To | COVINGTON | LA | 504 | 893-0646 | Direct | N/Wkd | 1 | |
| 47. | Jul 30 | 8:04P To | HIGHMORE | SD | 605 | 852-2351 | Direct | N/Wkd | 13 | 1 |
| 48. | Jul 31 | 6:10P To | HOUSTON | TX | 713 | 965-9244 | Direct | N/Wkd | 11 | 1 |
| 49. | Jul 31 | 6:37P To | HIGHMORE | SD | 605 | 852-2575 | Direct | N/Wkd | 24 | 2 |
| 50. | Aug 01 | 7:48A To | HIGHMORE | SD | 605 | 852-2575 | Direct | N/Wkd | 1 | |
| 51. | Aug 01 | 10:49A To | PORTLAND | OR | 503 | 282-0547 | Direct | N/Wkd | 1 | |
| 52. | Aug 01 | 11:09A To | SACRAMENTO | CA | 916 | 443-8065 | Direct | N/Wkd | 6 | |
| 53. | Aug 01 | 11:19A To | SACRAMENTO | CA | 916 | 443-8065 | Direct | N/Wkd | 4 | |
| 54. | Aug 01 | 11:27A To | KANEOHE | HI | 808 | 247-0669 | Direct | N/Wkd | 1 | |
| 55. | Aug 01 | 11:31A To | BOISE | ID | 208 | 375-8257 | Direct | N/Wkd | 4 | |
| 56. | Aug 01 | 11:37A To | OGDEN | UT | 801 | 782-4656 | Direct | N/Wkd | 4 | |
| 57. | Aug 01 | 3:15P To | HIGHMORE | SD | 605 | 852-2575 | Direct | N/Wkd | 4 | |
| 58. | Aug 01 | 4:08P To | DALLAS | TX | 214 | 522-6796 | Direct | N/Wkd | 1 | |
| 59. | Aug 01 | 7:13P To | REDFIELD | SD | 605 | 472-1189 | Direct | N/Wkd | 4 | |
| 60. | Aug 02 | 7:31A To | MOYIE SPGS | ID | 208 | 267-2691 | Direct | N/Wkd | 17 | 2 |
| 61. | Aug 02 | 2:56P To | HIGHMORE | SD | 605 | 852-2575 | Direct | N/Wkd | 23 | 2 |

| | | |
|---|---|---|
| Total Night/Weekend Calls | 752 Minutes | 90 |
| Total Domestic Calls | 752 Minutes | 90 |
| Total Direct Dialed Calls | 752 Minutes | 90 |

Ex B, P. 10

Bush [redacted]

Form **1040X** (Rev. November 1998)

Department of the Treasury — Internal Revenue Service

# Amended U.S. Individual Income Tax Return

▶ See separate instructions.

OMB No. 1545-0091

**This return is for calendar year ▶** 1988 **, OR fiscal year ended ▶** , 19

Please print or type

| | | |
|---|---|---|
| Your first name and initial: LYMAN F. | Last name: BUSH | Your social security number: [redacted] |
| If a joint return, spouse's first name and initial: BEVERLY J. | Last name: BUSH | Spouse's social security number: [redacted] |
| Home address (no. and street) or P.O. box if mail is not delivered to your home: 1217 122nd Street Court East | Apt. no. | Telephone number (optional): 713-965-9244 |
| City, town or post office, state, and ZIP code. If you have a foreign address, see page 2 of the instructions.: Tacoma, Washington 98445 | | For Paperwork Reduction Act Notice, see page 6. |

A If the name or address shown above is different from that shown on the original return, check here ▶ ☒

B Has the original return been changed or audited by the IRS or have you been notified that it will be? ☒ Yes ☐ No

C Filing status. Be sure to complete this line. **Note:** *You cannot change from joint to separate returns after the due date.*

On original return ▶ ☐ Single ☒ Married filing joint return ☐ Married filing separate return ☐ Head of household ☐ Qualifying widow(er)

On this return ▶ ☐ Single ☒ Married filing joint return ☐ Married filing separate return ☐ Head of household* ☐ Qualifying widow(er)

* If the qualifying person is a child but not your dependent, see page 2.

USE PART II ON THE BACK TO EXPLAIN ANY CHANGES

| | Income and Deductions (see pages 2 - 5) | | A. Original amount or as previously adjusted (see page 2) | B. Net change — amount of increase or (decrease) — explain in Part II | C. Correct amount |
|---|---|---|---|---|---|
| 1 | Adjusted gross income (see page 3) | 1 | 132,934 | (2,338) | 130,596 |
| 2 | Itemized deductions or standard deduction (see page 3) | 2 | 28,754 | 47 | 28,801 |
| 3 | Subtract line 2 from line 1 | 3 | 104,180 | (2,385) | 101,795 |
| 4 | Exemptions. If changing, fill in Parts I and II on the back | 4 | 3,900 | 0 | 3,900 |
| 5 | Taxable income. Subtract line 4 from line 3 | 5 | 100,280 | (2,385) | 97,895 |
| Tax Liability 6 | Tax (see page 4). Method used in col. C Tax Rate Schedule | 6 | 25,630 | (787) | 24,843 |
| 7 | Credits (see page 4) | 7 | | | |
| 8 | Subtract line 7 from line 6. Enter the result but not less than zero | 8 | 25,630 | (1,021) | 24,609 |
| 9 | Other taxes (see page 4) | 9 | | 234 | 234 |
| 10 | Total tax. Add lines 8 and 9 | 10 | 25,630 | (1,021) | 24,609 |
| Payments 11 | Federal income tax withheld and excess social security and RRTA tax withheld. If changing, see page 4 | 11 | 15,787 | 0 | 15,787 |
| 12 | Estimated tax payments, including amount applied from prior year's return | 12 | 8,732 | 0 | 8,732 |
| 13 | Earned income credit | 13 | | | |
| 14 | Additional child tax credit from Form 8812 | 14 | | | |
| 15 | Credits from Form 4136 or Form 2439 | 15 | | | |
| 16 | Amount paid with Form 4868, 2688, or 2350 (applications for extension of time to file) | 16 | | | |
| 17 | Amount of tax paid with original return plus additional tax paid after it was filed | 17 | | | 1,111 |
| 18 | Total payments. Add lines 11 through 17 in column C | 18 | | | 25,630 |

**Refund or Amount You Owe**

| | | | |
|---|---|---|---|
| 19 | Overpayment, if any, as shown on original return or as previously adjusted by the IRS | 19 | |
| 20 | Subtract line 19 from line 18 (see page 4) | 20 | 25,630 |
| 21 | **AMOUNT YOU OWE.** If line 10, column C, is more than line 20, enter the difference and see page 4 | 21 | 0 |
| 22 | If line 10, column C, is less than line 20, enter the difference | 22 | 1,021 |
| 23 | Amount of line 22 you want **REFUNDED TO YOU** | 23 | 1,021 ** |
| 24 | Amount of line 22 you want **APPLIED TO YOUR 19 ESTIMATED TAX** | 24 | |

**Sign Here** Joint return? See page 2. Keep a copy for your records.

Under penalties of perjury, I declare that I have filed an original return and that I have examined this amended return, including accompanying schedules and statements, and to the best of my knowledge and belief, this amended return is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which the preparer has any knowledge.

▶ Lyman F Bush 11-24-99 — Your signature — Date

▶ Lyman F Bush personal representative of the Estate of Beverly J Bush, deceased 11-24-99 — Spouse's signature. If a joint return, BOTH must sign. Date

**Paid Preparer's Use Only**

Preparer's signature ▶ B A Thompson CPA — Date 11/23/99 — Check if self-employed ☒ — Preparer's social security no. [redacted]

Firm's name (or yours if self-employed) and address ▶ Brett A. Thompson, CPA, 20214 Kingsland Blvd., Katy, Texas — EIN — ZIP code 77450

** *or such greater amount as is legally refundable, plus interest.*

ISA STF FED3171F.1

Form **1040X** (Rev. 11-98)

Exhibit C, P. 1

0187

Bush [redacted]

Form **1040X** (Rev. November 1998)

Department of the Treasury — Internal Revenue Service

# Amended U.S. Individual Income Tax Return

▶ See separate instructions.

OMB No. 1545-0091

This return is for calendar year ▶ 19 90 , OR fiscal year ended ▶ , 19

Please print or type

| Your first name and initial | Last name | Your social security number |
|---|---|---|
| LYMAN F. | BUSH | [redacted] |
| **If a joint return, spouse's first name and initial** | **Last name** | **Spouse's social security number** |
| BEVERLY J. | BUSH | [redacted] |
| **Home address (no. and street) or P.O. box if mail is not delivered to your home** | **Apt. no.** | **Telephone number (optional)** |
| 1217 122nd Street Court East | | 713-965-9244 |
| **City, town or post office, state, and ZIP code. If you have a foreign address, see page 2 of the instructions.** | | **For Paperwork Reduction Act Notice, see page 6.** |
| Tacoma, Washington 98445 | | |

A If the name or address shown above is different from that shown on the original return, check here ▶ [X]

B Has the original return been changed or audited by the IRS or have you been notified that it will be? [X] Yes [ ] No

C Filing status. Be sure to complete this line. **Note:** *You cannot change from joint to separate returns after the due date.*

On original return ▶ [ ] Single [X] Married filing joint return [ ] Married filing separate return [ ] Head of household [ ] Qualifying widow(er)

On this return ▶ [ ] Single [X] Married filing joint return [ ] Married filing separate return [ ] Head of household* [ ] Qualifying widow(er)

* If the qualifying person is a child but not your dependent, see page 2.

USE PART II ON THE BACK TO EXPLAIN ANY CHANGES

| | Income and Deductions (see pages 2 - 5) | Line | A. Original amount or as previously adjusted (see page 2) | B. Net change — amount of increase or (decrease) — explain in Part II | C. Correct amount |
|---|---|---|---|---|---|
| 1 | Adjusted gross income (see page 3) | 1 | 104,547 | (13,251) | 91,296 |
| 2 | Itemized deductions or standard deduction (see page 3) | 2 | 8,458 | 265 | 8,723 |
| 3 | Subtract line 2 from line 1 | 3 | 96,089 | (13,516) | 82,573 |
| 4 | Exemptions. If changing, fill in Parts I and II on the back | 4 | 4,100 | 0 | 4,100 |
| 5 | Taxable income. Subtract line 4 from line 3 | 5 | 91,989 | (13,516) | 78,473 |
| **Tax Liability** 6 | Tax (see page 4). Method used in col. C Tax Rate Schedule | 6 | 22,218 | (4,460) | 17,758 |
| 7 | Credits (see page 4) | 7 | | 1,387 | 1,387 |
| 8 | Subtract line 7 from line 6. Enter the result but not less than zero | 8 | 22,218 | (5,847) | 16,371 |
| 9 | Other taxes (see page 4) | 9 | | | |
| 10 | Total tax. Add lines 8 and 9 | 10 | 22,218 | (5,847) | 16,371 |
| **Payments** 11 | Federal income tax withheld and excess social security and RRTA tax withheld. If changing, see page 4 | 11 | 14,155 | 0 | 14,155 |
| 12 | Estimated tax payments, including amount applied from prior year's return | 12 | 2,310 | 0 | 2,310 |
| 13 | Earned income credit | 13 | | | |
| 14 | Additional child tax credit from Form 8812 | 14 | | | |
| 15 | Credits from Form 4136 or Form 2439 | 15 | | | |

| | | Line | Amount |
|---|---|---|---|
| 16 | Amount paid with Form 4868, 2688, or 2350 (applications for extension of time to file) | 16 | |
| 17 | Amount of tax paid with original return plus additional tax paid after it was filed | 17 | 5,753 |
| 18 | Total payments. Add lines 11 through 17 in column C | 18 | 22,218 |
| | **Refund or Amount You Owe** | | |
| 19 | Overpayment, if any, as shown on original return or as previously adjusted by the IRS | 19 | |
| 20 | Subtract line 19 from line 18 (see page 4) | 20 | 22,218 |
| 21 | **AMOUNT YOU OWE.** If line 10, column C, is more than line 20, enter the difference and see page 4 | 21 | 0 |
| 22 | If line 10, column C, is less than line 20, enter the difference | 22 | 5,847 |
| 23 | Amount of line 22 you want **REFUNDED TO YOU** | 23 | 5,847 ** |
| 24 | Amount of line 22 you want **APPLIED TO YOUR 19 ESTIMATED TAX** | 24 | |

**Sign Here**
Joint return? See page 2. Keep a copy for your records.

Under penalties of perjury, I declare that I have filed an original return and that I have examined this amended return, including accompanying schedules and statements, and to the best of my knowledge and belief, this amended return is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which the preparer has any knowledge.

Lyman F. Bush — Your signature — Date 11-24-99

Lyman F. Bush Personal Representative of the estate of Beverly J. Bush deceased — Spouse's signature. If a joint return, BOTH must sign. — Date 11-24-99

**Paid Preparer's Use Only**

Preparer's signature: Brett A. Thompson CPA — Date 11/23/99 — Check if self-employed [X] — Preparer's social security no. [redacted]

Firm's name (or yours if self-employed) and address: Brett A. Thompson, CPA, 20214 Kingsland Blvd., Katy, Texas — EIN — ZIP code 77450

** *or such greater amount as is legally refundable, plus interest.*

ISA STF FED3171F.1

Form **1040X** (R

Ex C P. 2

0188

Bush [redacted]

Form **1040X** Department of the Treasury—Internal Revenue Service
(Rev. November 1998)

# Amended U.S. Individual Income Tax Return

▶ See separate instructions.

OMB No. 1545-0091

**This return is for calendar year ▶** 1991 **, OR fiscal year ended ▶** , 19 .

Please print or type

| Your first name and initial | Last name | Your social security number |
|---|---|---|
| LYMAN F. | BUSH | [redacted] |
| If a joint return, spouse's first name and initial | Last name | Spouse's social security number |
| BEVERLY J. | BUSH | [redacted] |
| Home address (no. and street) or P.O. box if mail is not delivered to your home: 1217 122nd Street Court East | Apt. no. | Telephone number (optional): 713-965-9244 |
| City, town or post office, state, and ZIP code. If you have a foreign address, see page 2 of the instructions. Tacoma, Washington 98445 | | For Paperwork Reduction Act Notice, see page 6. |

A If the name or address shown above is different from that shown on the original return, check here ▶ ☒

B Has the original return been changed or audited by the IRS or have you been notified that it will be? ☒ Yes ☐ No

C Filing status. Be sure to complete this line. **Note:** *You cannot change from joint to separate returns after the due date.*

On original return ▶ ☐ Single ☒ Married filing joint return ☐ Married filing separate return ☐ Head of household ☐ Qualifying widow(er)

On this return ▶ ☐ Single ☒ Married filing joint return ☐ Married filing separate return ☐ Head of household* ☐ Qualifying widow(er)

* If the qualifying person is a child but not your dependent, see page 2.

USE PART II ON THE BACK TO EXPLAIN ANY CHANGES

| | | Line | A. Original amount or as previously adjusted (see page 2) | B. Net change — amount of increase or (decrease) — explain in Part II | C. Correct amount |
|---|---|---|---|---|---|
| **Income and Deductions (see pages 2 - 5)** | | | | | |
| 1 | Adjusted gross income (see page 3) | 1 | 32,369 | (21,090) | 11,279 |
| 2 | Itemized deductions or standard deduction (see page 3) | 2 | 14,877 | 422 | 15,299 |
| 3 | Subtract line 2 from line 1 | 3 | 17,492 | (21,512) | (4,020) |
| 4 | Exemptions. If changing, fill in Parts I and II on the back | 4 | 4,300 | 0 | 4,300 |
| 5 | Taxable income. Subtract line 4 from line 3 | 5 | 13,192 | (21,512) | (8,320) |
| **Tax Liability** | | | | | |
| 6 | Tax (see page 4). Method used in col. C Tax Rate Schedule | 6 | 1,976 | (1,976) | 0 |
| 7 | Credits (see page 4) | 7 | | | |
| 8 | Subtract line 7 from line 6. Enter the result but not less than zero | 8 | 1,976 | (1,976) | 0 |
| 9 | Other taxes (see page 4) | 9 | 1,101 | 0 | 1,101 |
| 10 | Total tax. Add lines 8 and 9 | 10 | 3,077 | (1,976) | 1,101 |
| **Payments** | | | | | |
| 11 | Federal income tax withheld and excess social security and RRTA tax withheld. If changing, see page 4 | 11 | 7,296 | 0 | 7,296 |
| 12 | Estimated tax payments, including amount applied from prior year's return | 12 | 10,060 | 0 | 10,060 |
| 13 | Earned income credit | 13 | | | |
| 14 | Additional child tax credit from Form 8812 | 14 | | | |
| 15 | Credits from Form 4136 or Form 2439 | 15 | | | |
| 16 | Amount paid with Form 4868, 2688, or 2350 (applications for extension of time to file) | 16 | | | |
| 17 | Amount of tax paid with original return plus additional tax paid after it was filed | 17 | | | |
| 18 | Total payments. Add lines 11 through 17 in column C | 18 | | | 17,356 |
| **Refund or Amount You Owe** | | | | | |
| 19 | Overpayment, if any, as shown on original return or as previously adjusted by the IRS 952 13,327 | 19 | | | 14,279 |
| 20 | Subtract line 19 from line 18 (see page 4) | 20 | | | 3,077 |
| 21 | **AMOUNT YOU OWE.** If line 10, column C, is more than line 20, enter the difference and see page 4 | 21 | | | 0 |
| 22 | If line 10, column C, is less than line 20, enter the difference | 22 | | | 1,976 |
| 23 | Amount of line 22 you want **REFUNDED TO YOU** | 23 | | | 1,976** |
| 24 | Amount of line 22 you want **APPLIED TO YOUR 19 ESTIMATED TAX** | 24 | | | |

**Sign Here**
Joint return? See page 2. Keep a copy for your records.

Under penalties of perjury, I declare that I have filed an original return and that I have examined this amended return, including accompanying schedules and statements, and to the best of my knowledge and belief, this amended return is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which the preparer has any knowledge.

▶ Lyman F. Bush 11-24-99
Your signature Date

▶ Lyman F. Bush Personal Representative of the Estate of Beverly J Bush, deceased 11-24-99
Spouse's signature. If a joint return, BOTH must sign. Date

**Paid Preparer's Use Only**

| Preparer's signature ▶ B A T CPA | Date 11/23/99 | Check if self-employed ☒ | Preparer's social security no. [redacted] |
|---|---|---|---|
| Firm's name (or yours if self-employed) and address ▶ Brett A. Thompson, CPA, 20214 Kingsland Blvd., Katy, Texas | | | EIN |
| | | | ZIP code 77450 |

** *or such greater amount as is legally refundable, plus interest.*

ISA
STF FED3171F.1

Form **1040X** (Rev. 11-98)

Ex. C P. 3

0189

Bush [redacted]

Form **1040X** (Rev. November 1998)

Department of the Treasury — Internal Revenue Service

# Amended U.S. Individual Income Tax Return

▶ See separate instructions.

OMB No. 1545-0091

This return is for calendar year ▶ 1992 , OR fiscal year ended ▶ , 19 .

Please print or type

| Your first name and initial | Last name | Your social security number |
|---|---|---|
| LYMAN F. | BUSH | [redacted] |
| If a joint return, spouse's first name and initial | Last name | Spouse's social security number |
| BEVERLY J. | BUSH | [redacted] |
| Home address (no. and street) or P.O. box if mail is not delivered to your home: 1217 122nd Street Court East | Apt. no. | Telephone number (optional): 713-965-9244 |
| City, town or post office, state, and ZIP code. If you have a foreign address, see page 2 of the instructions: Tacoma, Washington 98445 | | For Paperwork Reduction Act Notice, see page 6. |

A If the name or address shown above is different from that shown on the original return, check here ▶ ☒

B Has the original return been changed or audited by the IRS or have you been notified that it will be? ☒ Yes ☐ No

C Filing status. Be sure to complete this line. **Note:** *You cannot change from joint to separate returns after the due date.*

On original return ▶ ☐ Single ☒ Married filing joint return ☐ Married filing separate return ☐ Head of household ☐ Qualifying widow(er)

On this return ▶ ☐ Single ☒ Married filing joint return ☐ Married filing separate return ☐ Head of household* ☐ Qualifying widow(er)

* If the qualifying person is a child but not your dependent, see page 2.

USE PART II ON THE BACK TO EXPLAIN ANY CHANGES

| Income and Deductions (see pages 2 - 5) | Line | A. Original amount or as previously adjusted (see page 2) | B. Net change — amount of increase or (decrease) — explain in Part II | C. Correct amount |
|---|---|---|---|---|
| 1 Adjusted gross income (see page 3) | 1 | 91,668 | (106,670) | (15,002) |
| 2 Itemized deductions or standard deduction (see page 3) | 2 | 12,603 | 2,215 | 14,818 |
| 3 Subtract line 2 from line 1 | 3 | 79,065 | (108,885) | (29,820) |
| 4 Exemptions. If changing, fill in Parts I and II on the back | 4 | 4,600 | 0 | 4,600 |
| 5 Taxable income. Subtract line 4 from line 3 | 5 | 74,465 | (108,885) | (34,420) |
| **Tax Liability** | | | | |
| 6 Tax (see page 4). Method used in col. C Tax Table | 6 | 16,199 | (16,199) | 0 |
| 7 Credits (see page 4) | 7 | | | |
| 8 Subtract line 7 from line 6. Enter the result but not less than zero | 8 | 16,199 | (16,199) | 0 |
| 9 Other taxes (see page 4) | 9 | 5,800 | 0 | 5,800 |
| 10 Total tax. Add lines 8 and 9 | 10 | 21,999 | (16,199) | 5,800 |
| **Payments** | | | | |
| 11 Federal income tax withheld and excess social security and RRTA tax withheld. If changing, see page 4 | 11 | 2,787 | 0 | 2,787 |
| 12 Estimated tax payments, including amount applied from prior year's return | 12 | 16,500 | 0 | 16,500 |
| 13 Earned income credit | 13 | | | |
| 14 Additional child tax credit from Form 8812 | 14 | | | |
| 15 Credits from Form 4136 or Form 2439 | 15 | | | |

| | Line | Amount |
|---|---|---|
| 16 Amount paid with Form 4868, 2688, or 2350 (applications for extension of time to file) | 16 | |
| 17 Amount of tax paid with original return plus additional tax paid after it was filed | 17 | 2,712 |
| 18 Total payments. Add lines 11 through 17 in column C | 18 | 21,999 |
| **Refund or Amount You Owe** | | |
| 19 Overpayment, if any, as shown on original return or as previously adjusted by the IRS | 19 | |
| 20 Subtract line 19 from line 18 (see page 4) | 20 | 21,999 |
| 21 **AMOUNT YOU OWE.** If line 10, column C, is more than line 20, enter the difference and see page 4 | 21 | 0 |
| 22 If line 10, column C, is less than line 20, enter the difference | 22 | 16,199 |
| 23 Amount of line 22 you want **REFUNDED TO YOU** | 23 | 16,199 ** |
| 24 Amount of line 22 you want **APPLIED TO YOUR 19 ESTIMATED TAX** | 24 | |

**Sign Here** Joint return? See page 2. Keep a copy for your records.

Under penalties of perjury, I declare that I have filed an original return and that I have examined this amended return, including accompanying schedules and statements, and to the best of my knowledge and belief, this amended return is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which the preparer has any knowledge.

Lyman F. Bush — Your signature — Date 11-24-99

Lyman F. Bush Personal Representative of the Estate of Beverly J. Bush, deceased 11-24-99 — Spouse's signature. If a joint return, BOTH must sign. Date

**Paid Preparer's Use Only**

Preparer's signature ▶ [signature] CPA — Date 11/23/99 — Check if self-employed ☒ — Preparer's social security no. [redacted]

Firm's name (or yours if self-employed) and address ▶ Brett A. Thompson, CPA, 20214 Kingsland Blvd., Katy, Texas — EIN — ZIP code 77450

** *or such greater amount as is legally refundable, plus interest.*

ISA STF FED3171F.1

Form 1040X (Rev 11-98)

Ex. C. P.4

0190

Bush [redacted]

Form **1040X** (Rev. November 1998)

Department of the Treasury — Internal Revenue Service

# Amended U.S. Individual Income Tax Return

▶ See separate instructions.

OMB No. 1545-0091

This return is for calendar year ▶ 1993 , OR fiscal year ended ▶ , 19

Please print or type

| Your first name and initial | Last name | Your social security number |
|---|---|---|
| LYMAN F. | BUSH | [redacted] |
| If a joint return, spouse's first name and initial | Last name | Spouse's social security number |
| BEVERLY J. | BUSH | [redacted] |
| Home address (no. and street) or P.O. box if mail is not delivered to your home | Apt. no. | Telephone number (optional) |
| 1217 122nd Street Court East | | 713-965-9244 |
| City, town or post office, state, and ZIP code. If you have a foreign address, see page 2 of the instructions. | | For Paperwork Reduction Act Notice, see page 6. |
| Tacoma, Washinton 98445 | | |

A If the name or address shown above is different from that shown on the original return, check here ▶ ☒

B Has the original return been changed or audited by the IRS or have you been notified that it will be? ☒ Yes ☐ No

C Filing status. Be sure to complete this line. **Note:** *You cannot change from joint to separate returns after the due date.*

On original return ▶ ☐ Single ☒ Married filing joint return ☐ Married filing separate return ☐ Head of household ☐ Qualifying widow(er)

On this return ▶ ☐ Single ☒ Married filing joint return ☐ Married filing separate return ☐ Head of household* ☐ Qualifying widow(er)

* If the qualifying person is a child but not your dependent, see page 2.

USE PART II ON THE BACK TO EXPLAIN ANY CHANGES

| | **Income and Deductions (see pages 2 - 5)** | Line | A. Original amount or as previously adjusted (see page 2) | B. Net change — amount of increase or (decrease) — explain in Part II | C. Correct amount |
|---|---|---|---|---|---|
| 1 | Adjusted gross income (see page 3) | 1 | 127,724 | (32,987) | 94,737 |
| 2 | Itemized deductions or standard deduction (see page 3) | 2 | 10,688 | 1,909 | 12,597 |
| 3 | Subtract line 2 from line 1 | 3 | 117,036 | (34,896) | 82,140 |
| 4 | Exemptions. If changing, fill in Parts I and II on the back | 4 | 4,700 | 0 | 4,700 |
| 5 | Taxable income. Subtract line 4 from line 3 | 5 | 112,336 | (34,896) | 77,440 |
| **Tax Liability** 6 | Tax (see page 4). Method used in col. C Tax Table | 6 | 26,651 | (9,769) | 16,882 |
| 7 | Credits (see page 4) | 7 | | 1,330 | 1,330 |
| 8 | Subtract line 7 from line 6. Enter the result but not less than zero | 8 | 26,651 | (11,099) | 15,552 |
| 9 | Other taxes (see page 4) | 9 | 6,768 | 0 | 6,768 |
| 10 | Total tax. Add lines 8 and 9 | 10 | 33,419 | (11,099) | 22,320 |
| **Payments** 11 | Federal income tax withheld and excess social security and RRTA tax withheld. If changing, see page 4 | 11 | 2,611 | 0 | 2,611 |
| 12 | Estimated tax payments, including amount applied from prior year's return | 12 | 35,930 | 0 | 35,930 |
| 13 | Earned income credit | 13 | | | |
| 14 | Additional child tax credit from Form 8812 | 14 | | | |
| 15 | Credits from Form 4136 or Form 2439 | 15 | | | |
| 16 | Amount paid with Form 4868, 2688, or 2350 (applications for extension of time to file) | 16 | | | |
| 17 | Amount of tax paid with original return plus additional tax paid after it was filed | 17 | | | |
| 18 | Total payments. Add lines 11 through 17 in column C | 18 | | | 38,541 |

**Refund or Amount You Owe**

| | | Line | Amount |
|---|---|---|---|
| 19 | Overpayment, if any, as shown on original return or as previously adjusted by the IRS | 19 | 5,122 |
| 20 | Subtract line 19 from line 18 (see page 4) | 20 | 33,419 |
| 21 | **AMOUNT YOU OWE.** If line 10, column C, is more than line 20, enter the difference and see page 4 | 21 | 0 |
| 22 | If line 10, column C, is less than line 20, enter the difference | 22 | 11,099 |
| 23 | Amount of line 22 you want **REFUNDED TO YOU** | 23 | 11,099 ** |
| 24 | Amount of line 22 you want **APPLIED TO YOUR 19 ESTIMATED TAX** | 24 | |

**Sign Here** Joint return? See page 2. Keep a copy for your records.

Under penalties of perjury, I declare that I have filed an original return and that I have examined this amended return, including accompanying schedules and statements, and to the best of my knowledge and belief, this amended return is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which the preparer has any knowledge.

▶ Lyman F Bush — Your signature — Date 11-24-99

▶ Lyman F Bush Personal Representative of the estate of Beverly J Bush deceased — Spouse's signature. If a joint return, BOTH must sign. — Date 11-24-99

**Paid Preparer's Use Only**

Preparer's signature ▶ [signature] CPA — Date 11/23/99 — Check if self-employed ☒ — Preparer's social security no. [redacted]

Firm's name (or yours if self-employed) and address ▶ Brett A. Thompson, CPA, 20214 Kingsland Blvd., Katy, Texas — EIN — ZIP code 77450

** *or such greater amount as is legally refundable, plus interest.*

ISA STF FED3171F.1

Form **1040X** (Rev. 11-98)

Ex C. P. 5

0191

Bush [redacted]

Form **1040X** Department of the Treasury—Internal Revenue Service
(Rev. November 1998)

# Amended U.S. Individual Income Tax Return

▶ See separate instructions.

OMB No. 1545-0091

**This return is for calendar year ▶** 1995 **, OR fiscal year ended ▶** , 19 .

| Please print or type | | |
|---|---|---|
| Your first name and initial: LYMAN F. | Last name: BUSH | Your social security number: [redacted] |
| If a joint return, spouse's first name and initial: BEVERLY J. | Last name: BUSH | Spouse's social security number: [redacted] |
| Home address (no. and street) or P.O. box if mail is not delivered to your home: 1217 122nd Street Court East | Apt. no. | Telephone number (optional): 713-965-9244 |
| City, town or post office, state, and ZIP code. If you have a foreign address, see page 2 of the instructions: Tacoma, Washington 98445 | | For Paperwork Reduction Act Notice, see page 6. |

A If the name or address shown above is different from that shown on the original return, check here ▶ ☒

B Has the original return been changed or audited by the IRS or have you been notified that it will be? ☒ Yes ☐ No

C Filing status. Be sure to complete this line. **Note:** *You cannot change from joint to separate returns after the due date.*

On original return ▶ ☐ Single ☒ Married filing joint return ☐ Married filing separate return ☐ Head of household ☐ Qualifying widow(er)

On this return ▶ ☐ Single ☒ Married filing joint return ☐ Married filing separate return ☐ Head of household* ☐ Qualifying widow(er)

* If the qualifying person is a child but not your dependent, see page 2.

USE PART II ON THE BACK TO EXPLAIN ANY CHANGES

| | | | A. Original amount or as previously adjusted (see page 2) | B. Net change — amount of increase or (decrease) — explain in Part II | C. Correct amount |
|---|---|---|---|---|---|
| **Income and Deductions (see pages 2 - 5)** | | | | | |
| 1 | Adjusted gross income (see page 3) | 1 | 74,240 | (161,118) | (86,878) |
| 2 | Itemized deductions or standard deduction (see page 3) | 2 | 17,508 | 5,739 | 23,247 |
| 3 | Subtract line 2 from line 1 | 3 | 56,732 | (166,857) | (110,125) |
| 4 | Exemptions. If changing, fill in Parts I and II on the back | 4 | 5,000 | 0 | 5,000 |
| 5 | Taxable income. Subtract line 4 from line 3 | 5 | 51,732 | (166,857) | (115,125) |
| **Tax Liability** | | | | | |
| 6 | Tax (see page 4). Method used in col. C Tax Table | 6 | 9,413 | (9,413) | 0 |
| 7 | Credits (see page 4) | 7 | | 1,948 | 1,948 |
| 8 | Subtract line 7 from line 6. Enter the result but not less than zero | 8 | 9,413 | (9,413) | 0 |
| 9 | Other taxes (see page 4) | 9 | 5,115 | 0 | 5,115 |
| 10 | Total tax. Add lines 8 and 9 | 10 | 14,528 | (9,413) | 5,115 |
| **Payments** | | | | | |
| 11 | Federal income tax withheld and excess social security and RRTA tax withheld. If changing, see page 4 | 11 | 2,553 | 0 | 2,553 |
| 12 | Estimated tax payments, including amount applied from prior year's return | 12 | 8,262 | 0 | 8,262 |
| 13 | Earned income credit | 13 | | | |
| 14 | Additional child tax credit from Form 8812 | 14 | | | |
| 15 | Credits from Form 4136 or Form 2439 | 15 | | | |
| 16 | Amount paid with Form 4868, 2688, or 2350 (applications for extension of time to file) | 16 | | | |
| 17 | Amount of tax paid with original return plus additional tax paid after it was filed | 17 | | | 3,713 |
| 18 | Total payments. Add lines 11 through 17 in column C | 18 | | | 14,528 |
| **Refund or Amount You Owe** | | | | | |
| 19 | Overpayment, if any, as shown on original return or as previously adjusted by the IRS | 19 | | | |
| 20 | Subtract line 19 from line 18 (see page 4) | 20 | | | 14,528 |
| 21 | **AMOUNT YOU OWE.** If line 10, column C, is more than line 20, enter the difference and see page 4 | 21 | | | 0 |
| 22 | If line 10, column C, is less than line 20, enter the difference | 22 | | | 9,413 |
| 23 | Amount of line 22 you want **REFUNDED TO YOU** | 23 | | | 9,413 ** |
| 24 | Amount of line 22 you want **APPLIED TO YOUR 19 ESTIMATED TAX** | 24 | | | |

**Sign Here**
Joint return? See page 2. Keep a copy for your records.

Under penalties of perjury, I declare that I have filed an original return and that I have examined this amended return, including accompanying schedules and statements, and to the best of my knowledge and belief, this amended return is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which the preparer has any knowledge.

▶ Lyman F Bush 11-24-99
Your signature Date

▶ Lyman F Bush Personal Representative of the Estate of Beverly J Bush deceased 11-24-99
Spouse's signature. If a joint return, BOTH must sign. Date

**Paid Preparer's Use Only**

Preparer's signature ▶ Brett A Thompson CPA — Date 11/23/99 — Check if self-employed ☒ — Preparer's social security no. [redacted]

Firm's name (or yours if self-employed) and address ▶ Brett A. Thompson, CPA, 20214 Kingsland Blvd., Katy, Texas — EIN — ZIP code 77450

** *or such greater amount as is legally refundable, plus interest.*

Form **1040X** (Rev. 11-98)

ISA
STF FED3171F.1

Ex. C. P. 6

0192

Department of the Treasury
Internal Revenue Service

OGDEN, UT 84201

In reply refer to: 2981522163
Aug. 23, 2000 LTR 105C
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 199012 30 000 1
00751

LYMAN F & BEVERLY J DECD BUSH
% THOMAS E REDDING ESQ
515 POST OAK BOULLEVARD STE 500
HOUSTON TX 77027-9148150

CERTIFIED MAIL

Taxpayer Identification Number: [redacted]
Kind of Tax: INCOME TAX
Amount of Claim(s): $ 5,847.00

Date Claim(s) Received: Dec. 28, 1999
Tax Period(s): Dec. 31, 1990

Dear Taxpayer:

This letter is your legal notice that we have disallowed your claim(s). We can't allow your claim(s) for refund or credit for the period(s) shown above for the reason(s) listed below.

Since the losses from Summer Lovers were not disallowed in previous years, the income is not available for "at risk" carryover. The amounts were never limited. Since there is no investment tax credit available in 1990 from any of the partnerships, the credit has not been allowed. You will receive a separate notice explaining the adjustments to Cinema 84.

If you want to appeal our decision to disallow your claim, you must provide a brief written statement of the issues you don't agree with. The facts contained in the written statement should be detailed and complete, including names, amounts, locations, etc.

You should include the following:

1. A statement that you want to appeal the disallowance.

2. Your name, address, and a telephone number where you can be contacted during the day.

3. A statement of facts supporting your reasons for disputing the disallowance.

4. A statement outlining the law or other authority that supports your claim.

You must declare that the statement of facts is true under penalties

Ex. C, P. 7

Department of the Treasury
Internal Revenue Service

OGDEN, UT 84201

In reply refer to: 2981522163
Aug. 23, 2000 LTR 105C
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 000000 00 000
00712

LYMAN F & BEVERLY J BUSH
1217 122ND STREET CT E
TACOMA WA 98445-3519174

CERTIFIED MAIL

| | | |
|---|---|---|
| Taxpayer Identification Number: | [redacted] | |
| Kind of Tax: | INCOME TAX | |
| Amount of Claim(s): | $ 16,199.00 | 11,099.00 |
| Date Claim(s) Received: | Nov. 29, 1999 | |
| Tax Period(s): | Dec. 31, 1992 | Dec. 31, 1993 |

Dear Taxpayer:

This letter is your legal notice that we have disallowed your claim(s). We can't allow your claim(s) for refund or credit for the period(s) shown above for the reason(s) listed below.

. Due to adjustments made to your 1995 tax return, as a result of an examination, there is no net operating loss to carryback. Therefore, we are unable to process your Form 1040X. You will receive a separate notice explaining any adjustments made to this year.

If you want to appeal our decision to disallow your claim, you must provide a brief written statement of the issues you don't agree with. The facts contained in the written statement should be detailed and complete, including names, amounts, locations, etc.

You should include the following:

1. A statement that you want to appeal the disallowance.

2. Your name, address, and a telephone number where you can be contacted during the day.

3. A statement of facts supporting your reasons for disputing the disallowance.

4. A statement outlining the law or other authority that supports your claim.

You must declare that the statement of facts is true under penalties of perjury. You may do this by adding the following statement and signing it:

Ex C. P. 8

Department of the Treasury
Internal Revenue Service

OGDEN, UT 84201

In reply refer to: 2981522163
Aug. 23, 2000 LTR 105C
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 199512 30 000 C
00760

LYMAN F & BEVERLY J DECD BUSH
LYMAN F BUSH EX
1217 122ND ST CT E
TACOMA WA 98445-3519174

CERTIFIED MAIL

Taxpayer Identification Number: [redacted]
Kind of Tax: INCOME TAX
Amount of Claim(s): $ 9,413.00

Date Claim(s) Received: Nov. 29, 1999
Tax Period(s): Dec. 31, 1995

Dear Taxpayer:

This is a copy of a letter we sent to the taxpayer named above. We are sending it to you because you filed a joint return with that taxpayer for the tax period shown.

This letter is your legal notice that we have disallowed your claim(s). We can't allow your claim(s) for refund or credit for the period(s) shown above for the reason(s) listed below.

We are unable to process your Form 1040X at this time. To enable us to process it, copies of cancelled checks or verification of money paid to the partnership(s), must be provided to verify the capital contributed in 1995. You will receive a separate notice explaining the adjustments made to this year.

If you want to appeal our decision to disallow your claim, you must provide a brief written statement of the issues you don't agree with. The facts contained in the written statement should be detailed and complete, including names, amounts, locations, etc.

You should include the following:

1. A statement that you want to appeal the disallowance.

2. Your name, address, and a telephone number where you can be contacted during the day.

3. A statement of facts supporting your reasons for disputing the disallowance.

Ex. C. P. 9

4. A statement outlining the law or other authority that support

Internal Revenue Service
Department of the Treasury
Western Region
1160 West 1200 South
Ogden, UT 84201

Mail Stop 4410
Person to Contact:
Ms. Jones
**Refer Reply to:** 2980500467
**Telephone Number:**
(801) 629-1193
Not a toll free call
**Hours:** 6:30 a.m. to 2 p.m.
Mountain Time
Monday - Friday
**Taxpayer Identification Number:**
[redacted]
**Tax Year(s):** 1981
**Partnership/S Corporation:**
Cinema 84
**Employer Identification Number:**
11-2678807

Date: July 12, 2000

LYMAN F & BEVERLY J DECD BUSH
C/O LYMAN F BUSH
1217 122ND STREET CT E
TACOMA WA 98445-3519

Dear Mr. Bush:

The examination of Cinema 84 partnership/S corporation, employer identification number 11-2678807 has been completed.

Enclosed is Form 4549A-CG explaining how the adjustments made during our examination of the above partnership/S corporation affect your individual income tax return(s). This form is for your records.

The refund shown will be applied to any balance due account(s) first. We will refund any overpayment after any other taxes or other obligations, we are required to collect, are paid in full.

A copy of this letter has been forwarded to your authorized representative.

If you have any questions about this matter, please contact the person whose name, telephone number, and contact hours are shown above.

If you write, please include your telephone number, the hours you can be reached and a copy of this letter.

Thank you for your cooperation.

Sincerely, PHOTOCOPY

W. Jones
Tax Technician
Examination Branch

Enclosure(s):
Form 4549A-CG
Publication 564

Cc: Thomas E. Redding

Exhibit D, P. 1

0196

Department of the Treasury - Internal Revenue Service
Income Tax Examination Changes

| Name and Address of Taxpayer | SS or EI Number: | Return Form No. |
|---|---|---|
| LYMAN F & BEVERLY J DECD BUSH<br>1217 122ND STREET CT E<br>TACOMA WA 98445-3519 | [redacted] | 1040 |
| | Person with whom examination changes were discussed | Name and Title |

| 1. Adjustments to Income | Period End 12/31/1981 | Period End | Period End |
|---|---|---|---|
| A. | $ | $ | $ |
| B. | | | |
| C. | | | |
| D. | | | |
| E. | | | |
| F. | | | |
| G. | | | |
| H. | | | |
| I. | | | |
| J. | | | |
| K. | | | |
| L. | | | |
| M. | | | |
| N. | | | |
| O. | | | |
| P. | | | |
| Q. | | | |
| R. | | | |
| S. | | | |
| 2. Total Adjustments | 0.00 | | |
| 3. Taxable Income Per Return or as Previously Adjusted | 91,779.00 | | |
| 4. Corrected Taxable Income | 91,779.00 | | |
| Tax Method | TAX RATE | | |
| Filing Status | JOINT | | |
| 5. Tax | 36,684.00 | | |
| 6. Additional Taxes | | | |
| 7. Corrected Tax Liability | 36,684.00 | | |
| 8. Less Credits A. INVESTMENT CREDIT | 4,037.00 | | |
| B. | | | |
| C. | | | |
| D. | | | |
| 9. Balance (Line 7 less total of lines 8A through 8D) | 32,647.00 | | |
| 10. Plus Other Taxes A. | | | |
| B. | | | |
| C. | | | |
| D. | | | |
| 11. Total Corrected Tax Liability (Line 9 + lines 10A to 10D) | 32,647.00 | | |
| 12. Total Tax Shown on Return or as Previously Adjusted | 36,684.00 | | |
| 13. Adjustments to A. Special Fuels Credit | | | |
| B. | | | |
| 14. Deficiency - Increase in Tax or (Overassessment - Decrease in tax) (Line 11 less Line 12 adjusted by Line 13) | (4,037.00) | | |
| 15. Adjustments to Prepayment Credits | | | |
| 16. Balance Due or Overpayment (Line 14 Adjusted by Line 15) (Excluding Interest and penalties) | $ (4,037.00) | $ | $ |

PHOTOCOPY

The Internal Revenue Service has agreements with State tax agencies under which information about Federal tax, including increases or decreases, is exchanged with the States. If this change affects the amount of your State income tax, you should file the State form.

You may be subject to backup withholding if you underreport your interest, dividend, or patronage dividend income and do not pay the required tax. The IRS may order backup withholding at 31 percent after four notices have been issued to you over a 120-day period and the tax has been assessed and remains unpaid.



Exhibit D, P. 2

...tment of the Treasury - Internal Revenue ...ce
Income Tax Examination Changes

| Name of Taxpayer: LYMAN F & BEVERLY J DECD BUSH | SS or EI Number: [redacted] | Return Form No. 1040 |
|---|---|---|

| 17. Penalties | Period End 12/31/1981 | Period End | Period End |
|---|---|---|---|
| A. | $ | $ | $ |
| B. | | | |
| C. | | | |
| D. | | | |
| E. | | | |
| F. | | | |
| G. | | | |
| H. | | | |
| I. | | | |
| J. | | | |
| K. | | | |
| L. | | | |
| M. | | | |
| N. | | | |
| 18. Total Penalties | | | |
| 19. Underpayment attributable to negligence: (1981 - 1987) An Addition to the tax of 50 percent of the interest due on this underpayment will accrue until paid or assessed. | | | |
| 20. Underpayment attributable to fraud: (1982 - 1987) An addition to the tax of 50 percent of the interest due on this underpayment will accrue until paid or assessed. | | | |
| 21. Underpayment attributable to Tax Motivated Transactions: TMT Interest will accrue and be assessed at 120 percent of the underpayment rate in accordance with IRC 6621(c). | | | |
| Summary of Taxes, Penalties and Interest: | | | |
| A. Balance due or Overpayment of Taxes (line 16, page 1) | (4,037.00) | | |
| B. Penalties (line 18, page 2) (computed to 08/12/2000) | | | |
| C. Interest (IRC 6601) (computed to 08/12/2000) | | | |
| D. TMT Interest (computed to 08/12/2000 on TMT underpay) | | | |
| E. Amount due or refund (sum of lines A. B. C. and D.) | (4,037.00) | | |

Other Information:

| Examiner's Signature MS JONES 2980500467 | District Ogden Service Center | Date 07/12/2000 |
|---|---|---|

RGS Ver. 4.62.00



Form 4549A-CG (Rev. 1-91)

Ex. D P. 3

| FORM 886-A | EXPLANATION OF ITEMS | SCHEDULE/EXHIBIT |
|---|---|---|
| NAME OF TAXPAYER<br>LYMAN F & BEVERLY J DECD BUSH [redacted] | | YEAR/PERIOD ENDED<br>198112 |

STANDARD PARAGRAPHS:

| | PER RETURN | PER EXAM | ADJUSTMENT |
|---|---|---|---|
| 1984 C/B INVMT CREDIT | 0.00 | 4,037.00 | (4,037.00) |

Your original return reflected a zero balance due and no investment tax credit was used. The amount could have been used in prior year(s). However, no amount was ever carried back. Since the statute of limitations has expired for any amount to be claimed or used in prior year(s) and no Form 1040X has been received to claim any investment tax credit from Lone Wolf McQuade, from 1983, the only amount of investment tax credit allowable, at this time, is the amount available to offset the tax increase for this year.

We have adjusted your return in accordance with the examination results for the identified Partnership / S Corporation. The examination results are based on the settlement agreement, Form 906.

IS THIS OK WITH YOU?

Department of the Treasury
Internal Revenue Service
OGDEN, UT 84201

Date of this notice: AUG. 21, 2000
Taxpayer Identifying Number [redacted]
Form: 1040 Tax Period: DEC. 31, 1981

For assistance you may call us at:
1-800-829-1040

LYMAN F & BEVERLY J DECD BUSH
1217 122ND ST CT E
TACOMA WA 98445-3519174

WE CHANGED YOUR ACCOUNT

THE CHANGE(S) BELOW RESULTED FROM AN EXAMINATION OF YOUR TAX RETURN SHOWN ABOVE. PLEASE SEE YOUR COPY OF THE EXAMINATION REPORT FOR A DETAILED EXPLANATION OF THE CHANGES.

IF YOU HAVE ANY QUESTIONS, PLEASE CALL US AT THE NUMBER LISTED ABOVE.

STATEMENT OF ACCOUNT

| | |
|---|---|
| ACCOUNT BALANCE BEFORE EXAMINATION ACTION | $5,271.33 DUE |
| DECREASE IN TAX BECAUSE OF EXAMINATION ACTION | 4,037.00CR |
| THE LATE PAYMENT PENALTY THAT WAS PREVIOUSLY CHARGED HAS BEEN REDUCED | 100.92CR |
| DECREASE IN INTEREST PREVIOUSLY CHARGED * | 1,234.33CR |
| AMOUNT TO BE REFUNDED TO YOU IF YOU OWE NO OTHER TAXES OR OTHER DEBTS WE ARE REQUIRED TO COLLECT | $100.92 |

YOU MAY HAVE ALREADY RECEIVED THIS CHECK. IF NOT, PLEASE ALLOW 2 WEEKS FOR IT TO BE MAILED TO YOU, UNLESS THERE ARE OTHER MATTERS PENDING WHICH COULD POSTPONE YOUR REFUND.

* IF THIS INTEREST WAS PREVIOUSLY TAKEN AS A DEDUCTION, IT MUST NOW BE REPORTED AS INCOME ON YOUR NEXT INCOME TAX RETURN.

Ex. D P.5

Internal Revenue Service
Department of the Treasury
Western Region
1160 West 1200 South
Ogden, UT 84201

Date: July 12, 2000

LYMAN F & BEVERLY J DECD BUSH
C/O LYMAN F BUSH
1217 122ND STREET CT E
TACOMA WA 98445-3519

Mail Stop [illegible]410
**Person to Contact:**
Ms. Jones
**Refer Reply to:** 2980500467
**Telephone Number:**
(801) 629-1193
Not a toll free call
**Hours:** 6:30 a.m. to 2 p.m.
Mountain Time
Monday - Friday
**Taxpayer Identification Number:**
[redacted]
**Tax Year(s):** 1988
**Partnership/S Corporation:**
Lone Wolf McQuade Associates and Cinema 84
**Employer Identification Number:**
13-3109971 and 11-2678807

Dear Mr. Bush:

The examination of Lone Wolf McQuade Associates and Cinema 84 partnership/S corporation, employer identification number 13-3109971 and 11-2678807 has been completed.

Enclosed is Form 4549A-CG explaining how the adjustments made during our examination of the above partnership/S corporation affect your individual income tax return(s). This form is for your records.

The refund shown will be applied to any balance due account(s) first. We will refund any overpayment after any other taxes or other obligations, we are required to collect, are paid in full.

A copy of this letter has been forwarded to your authorized representative.

If you have any questions about this matter, please contact the person whose name, telephone number, and contact hours are shown above.

If you write, please include your telephone number, the hours you can be reached and a copy of this letter.

Thank you for your cooperation.

Sincerely, **PHOTOCOPY**

W. Jones
Tax Technician
Examination Branch

Enclosure(s):
Form 4549A-CG

Cc: Thomas E. Redding

Ex. D. P. 6

0201

Department of the Treasury - Internal Revenue Service
Income Tax Examination Changes

| Name and Address of Taxpayer | SS or EI Number: | Return Form No. |
|---|---|---|
| LYMAN F & BEVERLY J DECD BUSH<br>1217 122ND STREET CT E<br>TACOMA WA 98445-3519 | [redacted] | 1040 |
| | Person with whom examination changes were discussed | Name and Title |

| 1. Adjustments to Income | Period End 12/31/1988 | Period End | Period End |
|---|---|---|---|
| A. CINEMA 84 | $ (2,338.00) | $ | $ |
| B. ITEMIZED DEDUCTIONS | (46.00) | | |
| C. LONE WOLF MCQUADE | 38.00 | | |
| D. | | | |
| E. | | | |
| F. | | | |
| G. | | | |
| H. | | | |
| I. | | | |
| J. | | | |
| K. | | | |
| L. | | | |
| M. | | | |
| N. | | | |
| O. | | | |
| P. | | | |
| Q. | | | |
| R. | | | |
| S. | | | |
| 2. Total Adjustments | (2,346.00) | | |
| 3. Taxable Income Per Return or as Previously Adjusted | 100,280.00 | | |
| 4. Corrected Taxable Income | 97,934.00 | | |
| Tax Method | TAX RATE | | |
| Filing Status | JOINT | | |
| 5. Tax | 24,856.00 | | |
| 6. Additional Taxes | | | |
| 7. Corrected Tax Liability | 24,856.00 | | |
| 8. Less Credits A. | | | |
| B. | | | |
| C. | | | |
| D. | | | |
| 9. Balance (Line 7 less total of lines 8A through 8D) | 24,856.00 | | |
| 10. Plus Other Taxes A. | | | |
| B. | | | |
| C. | | | |
| D. | | | |
| 11. Total Corrected Tax Liability (Line 9 + lines 10A to 10D) | 24,856.00 | | |
| 12. Total Tax Shown on Return or as Previously Adjusted | 25,630.00 | | |
| 13. Adjustments to A. Special Fuels Credit | | | |
| B. | | | |
| 14. Deficiency - Increase in Tax or (Overassessment - Decrease in tax) (Line 11 less Line 12 adjusted by Line 13) | (774.00) | | |
| 15. Adjustments to Prepayment Credits | | | |
| 16. Balance Due or Overpayment (Line 14 Adjusted by Line 15) (Excluding Interest and penalties) | $ (774.00) | $ | $ |

PHOTOCOPY

The Internal Revenue Service has agreements with State tax agencies under which information about Federal tax, including increases or decreases, is exchanged with the States. If this change affects the amount of your State income tax, you should file the State form.

You may be subject to backup withholding if you underreport your interest, dividend, or patronage dividend income and do not pay the required tax. The IRS may order backup withholding at 31 percent after four notices have been issued to you over a 120-day period and the tax has been assessed and remains unpaid.

...tment of the Treasury - Internal Revenue ...ce
Income Tax Examination Changes

| Name of Taxpayer: LYMAN F & BEVERLY J DECD BUSH | SS or EI Number: [redacted] | Return Form No. 1040 |
|---|---|---|

| | Period End 12/31/1988 | Period End | Period End |
|---|---|---|---|
| 17. Penalties | $ | $ | $ |
| A. | | | |
| B. | | | |
| C. | | | |
| D. | | | |
| E. | | | |
| F. | | | |
| G. | | | |
| H. | | | |
| I. | | | |
| J. | | | |
| K. | | | |
| L. | | | |
| M. | | | |
| N. | | | |
| 18. Total Penalties | | | |
| 19. Underpayment attributable to negligence: (1981 - 1987) An Addition to the tax of 50 percent of the interest due on this underpayment will accrue until paid or assessed. | | | |
| 20. Underpayment attributable to fraud: (1982 - 1987) An addition to the tax of 50 percent of the interest due on this underpayment will accrue until paid or assessed. | | | |
| 21. Underpayment attributable to Tax Motivated Transactions: TMT Interest will accrue and be assessed at 120 percent of the underpayment rate in accordance with IRC 6621(c). | | | |
| Summary of Taxes, Penalties and Interest: | | | |
| A. Balance due or Overpayment of Taxes (line 16, page 1) | (774.00) | | |
| B. Penalties (line 18, page 2) (computed to 08/12/2000) | | | |
| C. Interest (IRC 6601) (computed to 08/12/2000) | | | |
| D. TMT Interest (computed to 08/12/2000 on TMT underpay) | | | |
| E. Amount due or refund (sum of lines A. B. C. and D.) | (774.00) | | |

Other Information:

| Examiner's Signature MS JONES 2980500467 | District Ogden Service Center | Date 07/12/2000 |
|---|---|---|



Ex. D. P. 8

Name Of Taxpayer: LYMAN F & BEVERLY J
Identification Number: [redacted] TOTAL
07/12/200
4.62.00

198812 SCHEDULE A - ITEMIZED DEDUCTIONS

| | PER RETURN | PER EXAM | ADJUSTMENT |
|---|---|---|---|
| 1. Medical, Dental and Insurance premiums | 0.00 | 0.00 | 0.00 |
| 2. 0.075 of Adjusted Gross Income | 9,970.00 | 9,798.00 | |
| 3. Net Medical and Dental Expense | 0.00 | 0.00 | 0.00 |
| 4. Taxes | 2,370.00 | 2,370.00 | 0.00 |
| 5. Home Interest Expense | 819.00 | 819.00 | 0.00 |
| 6. Personal Interest | 0.00 | 0.00 | 0.00 |
| 7. Less limitation amount | 0.00 | 0.00 | 0.00 |
| 8. Net Personal Interest | 0.00 | 0.00 | 0.00 |
| 9. Other Interest Expense | 16,879.00 | 16,879.00 | 0.00 |
| 10. Total Interest Expense | 17,698.00 | 17,698.00 | 0.00 |
| 11. Contributions | 2,810.00 | 2,810.00 | 0.00 |
| 12. Casualty and Theft Losses | 0.00 | 0.00 | 0.00 |
| 13. Moving Expenses | 0.00 | 0.00 | 0.00 |
| 14. Miscellaneous Deductions Subject to AGI Limit | 8,535.00 | 8,535.00 | 0.00 |
| 15. 0.020 of Adjusted Gross Income | 2,659.00 | 2,613.00 | |
| 16. Excess Miscellaneous Deductions | 5,876.00 | 5,922.00 | (46.00 |
| 17. Other Miscellaneous Deductions | 0.00 | 0.00 | 0.00 |
| 18. Total Itemized Deductions (Sum of Lines 3, 4, 10, 11, 12, 13, 16 and 17) | 28,754.00 | 28,800.00 | (46.00 |

Ex. D, p. 9

| FORM 886-A | EXPLANATION OF ITEMS | SCHEDULE/EXHIBIT |
|---|---|---|
| NAME OF TAXPAYER<br>LYMAN F & BEVERLY J DECD BUSH [redacted] | | YEAR/PERIOD ENDED<br>198812 |

STANDARD PARAGRAPHS:

| | PER RETURN | PER EXAM | ADJUSTMENT |
|---|---|---|---|
| LONE WOLF MCQUADE | (38.00) | 0.00 | 38.00 |

We have adjusted your return in accordance with the examination results for the identified Partnership / S Corporation. The examination results are based on the settlement agreement, Form 906.

| | PER RETURN | PER EXAM | ADJUSTMENT |
|---|---|---|---|
| CINEMA 84 | (60,214.00) | (62,552.00) | (2,338.00) |

We have adjusted your return in accordance with the examination results for the identified Partnership / S Corporation. The examination results are based on the settlement agreement, Form 906.

29247-614-08012-0 200035 CP: 21E

Department of the Treasury
Internal Revenue Service
OGDEN, UT 84201

Date of this notice: SEP. 11, 2000
Taxpayer Identifying Number [redacted]
Form: 1040 Tax Period: DEC. 31, 1988

For assistance you may call us at:
1-800-829-1040

LYMAN F & BEVERLY J DECD BUSH
%THOMAS E REDDING
PO BOX 924328
HOUSTON TX 77292

WE CHANGED YOUR ACCOUNT

THE CHANGE(S) BELOW RESULTED FROM AN EXAMINATION OF YOUR TAX RETURN SHOWN ABOVE. PLEASE SEE YOUR COPY OF THE EXAMINATION REPORT FOR A DETAILED EXPLANATION OF THE CHANGES.

IF YOU HAVE ANY QUESTIONS, PLEASE CALL US AT THE NUMBER LISTED ABOVE.

STATEMENT OF ACCOUNT

| | |
|---|---|
| ACCOUNT BALANCE BEFORE EXAMINATION ACTION | $774.00 DUE |
| DECREASE IN TAX BECAUSE OF EXAMINATION ACTION | 774.00CR |
| AMOUNT YOU NOW OWE | NONE |

:TURN THIS PART TO US WITH YOUR CHECK OR INQUIRY
)UR TELEPHONE NUMBER BEST TIME TO CALL
) -

AMOUNT YOU OWE............. NONE

130,634 97,934 0

503303721 LK BUSH 30 0 198812

INTERNAL REVENUE SERVICE
OGDEN, UT 84201

LYMAN F & BEVERLY J DECD BUSH
%THOMAS E REDDING
PO BOX 924328
HOUSTON TX 77292

Ex. D, P. 11

Bush [redacted]

Form **843** (Rev. January 1997)
Department of the Treasury
Internal Revenue Service

# Claim for Refund and Request for Abatement

▶ **See separate instructions.**

OMB No. 1545-0024

*Use Form 843 only if your claim involves **(a)** one of the taxes shown on line 3a or **(b)** a refund or abatement of interest, penalties, or additions to tax on line 4a.*

***Do not** use Form 843 if your claim is for —*

- *An overpayment of income taxes;*
- *A refund of fuel taxes;*
- *An overpayment of excise taxes reported on Form 720, 730, or 2290 (see **General Instructions**).*

Please type or print

Name of claimant
LYMAN F. BUSH & BEVERLY J. BUSH, DECEASED

Your social security number
[redacted]

Address (number, street, and room or suite no.)
c/o Thomas E. Redding; 2914 West T. C. Jester *(POA ATTACHED, FORM 2848)*

Spouse's social security number
[redacted]

City or town, state, and ZIP code
Houston, Texas 77018-7010 ****ADDRESS FOR THIS MATTER ONLY****

Employer identification number

Name and address shown on return if different from above
1217 122ND STREET COURT EAST
TACOMA, WA 98445

Daytime telephone number
713-965-9244

**1** Period — prepare a separate Form 843 for each tax period
From January 1, 19 85, to December 31, 19 85

**2** Amount to be refunded or abated
$ 42,660.44 **

**3a** Type of tax, penalty, or addition to tax:
☐ Employment ☐ Estate ☐ Gift ☐ Excise (unless reported on Form 720, 730, or 2290 — see instructions.)
☐ Penalty — IRC section ▶ ______

**b** Type of return filed (see instructions):
☐ 706 ☐ 709 ☐ 940 ☐ 941 ☐ 943 ☐ 945 ☐ 990-PF ☐ 4720 ☒ Other (specify) 1040

**4a** Request for abatement or refund of:
☒ Interest caused by IRS errors or delays (if applicable — see instructions).
☐ A penalty or addition to tax as a result of erroneous advice from the IRS.

**b** Dates of payment ▶ 7/31/00, or at such later time when and if a timely and valid assessment was made.

**5** **Explanation and additional claims.** Explain why you believe this claim should be allowed, and show computation of tax refund or abatement of interest, penalty, or addition to tax.

***** *Please See Explanation Attached* *****

***or such greater amount as is legally refundable, plus interest.*

**Signature.** If you are filing Form 843 to request a refund or abatement relating to a joint return, both you and your spouse must sign the claim. Claims filed by corporations must be signed by a corporate officer authorized to sign, and the signature must be accompanied by the officer's title.

Under penalties of perjury, I declare that I have examined this claim, i[...], to the best of my knowledge and belief, it is true, correct, and complete.

**PLAINTIFF'S EXHIBIT 17**

Lyman F Bush
Signature (Title, if applicable. Claims by corporations must be signed by an [...]
Date 7-16-02

Lyman F Bush personal representative
Signature
Date 7-16-02

**For Paperwork Reduction Act Notice, see separate instructions.**
ISA
STF FED1524F

Form 84[...]

0207

Form **2848** (Rev. December 1997)
Department of the Treasury
Internal Revenue Service

# Power of Attorney and Declaration of Representative

▶ See the separate instructions.

OMB No. 1545-0150

For IRS Use Only
Received by:
Name ____
Telephone ____
Function ____
Date ____

**Part I** **Power of Attorney** (Please type or print.)

1 **Taxpayer information** (Taxpayer(s) must sign and date this form on page 2, line 9.)

| Taxpayer name(s) and address | Social security number(s) | Employer identification number |
|---|---|---|
| LYMAN F & BEVERLY J BUSH<br>12217 122ND ST. CT. EAST<br>TACOMA WA 98445 | [redacted] | |
| | Daytime telephone number<br>(253) 537-7833 | Plan number (if applicable) |

hereby appoint(s) the following representative(s) as attorney(s)-in-fact:

2 **Representative(s)** (Representative(s) must sign and date this form on page 2, Part II.)

| Name and address | |
|---|---|
| Thomas E. Redding<br>2914 West T.C. Jester<br>Houston, Texas 77018 | CAF No. [redacted]<br>Telephone No. 713/965-9244<br>Fax No. 713/621-5227<br>Check if new: Address ☐ Telephone No. ☐ |
| Sallie W. Gladney<br>2914 West T.C. Jester<br>Houston, Texas 77018 | CAF No. [redacted]<br>Telephone No. 713/965-9244<br>Fax No. 713/621-5227<br>Check if new: Address ☐ Telephone No. ☐ |
| Teresa J. Womack<br>2914 West T.C. Jester<br>Houston, Texas 77018 | CAF No. [redacted]<br>Telephone No. 713/965-9244<br>Fax No. 713/621-5227<br>Check if new: Address ☐ Telephone No. ☐ |

to represent the taxpayer(s) before the Internal Revenue Service for the following tax matters:

3 **Tax matters**

| Type of Tax (Income, Employment, Excise, etc.) | Tax Form Number (1040, 941, 720, etc.) | Year(s) or Period(s) |
|---|---|---|
| Income | 1040 and 1065 and Partnership Items for all partnerships in which the taxpayer is a partner. | Tax periods ending: December 31, 1983, 1984, 1985, 1986, 1987, 1988, 1989, 1990, 1991, 1992, 1993, 1994, 1995 |

4 **Specific use not recorded on Centralized Authorization File (CAF).** If the power of attorney is for a specific use not recorded on CAF, check this box. (See instruction for **Line 4 — Specific uses not recorded on CAF.**) ▶ ☐

5 **Acts authorized.** The representatives are authorized to receive and inspect confidential tax information and to perform any and all acts that I (we) can perform with respect to the tax matters described on line 3, for example, the authority to sign any agreements, consents, or other documents. The authority does not include the power to receive refund checks (see line 6 below), the power to substitute another representative unless specifically added below, or the power to sign certain returns (see instruction for **Line 5 — Acts authorized**).

List any specific additions or deletions to the acts otherwise authorized in this power of attorney: This power includes, but is not limited to, authorization to exercise the taxpayer's rights regarding partnership items and affected items and under I.R.C. Section 6103(e)(1)(C) relative to Forms 1065 for partnerships in which the taxpayer(s) was a partner.

**Note:** *In general, an unenrolled preparer of tax returns cannot sign any document for a taxpayer. See Revenue Procedure 81-38, printed as Pub. 470, for more information.*

**Note:** *The tax matters partner of a partnership is not permitted to authorize representatives to perform certain acts. See the instructions for more information.*

6 **Receipt of refund checks.** If you want to authorize a representative named on line 2 to receive, **BUT NOT TO ENDORSE OR CASH,** refund checks, initial here LFB and list the name of that representative below.
BJB — BY LFB AS EXECUTOR

Name of representative to receive refund check(s) ▶ Thomas E. Redding

For Paperwork Reduction and Privacy Act Notice, see the separate instructions.



ISA
STF FED4675F.1

7 **Notices and communications.** Original notices and other written communications will be sent to you and a copy to the first representative listed on line 2 unless you check one or more of the boxes below.

a If you want the first representative listed on line 2 to receive the original, and yourself a copy, of such notices or communications, check this box ▶ ☐

b If you also want the second representative listed to receive a copy of such notices and communications, check this box ▶ ☐

c If you do not want any notices or communications sent to your representative(s), check this box ▶ ☐

8 **Retention/revocation of prior power(s) of attorney.** The filing of this power of attorney automatically revokes all earlier power(s) of attorney on file with the Internal Revenue Service for the same tax matters and years or periods covered by this document. If you do not want to revoke a prior power of attorney, check here ▶ ☐
YOU MUST ATTACH A COPY OF ANY POWER OF ATTORNEY YOU WANT TO REMAIN IN EFFECT.

9 **Signature of taxpayer(s).** If a tax matter concerns a joint return, both husband and wife must sign if joint representation is requested, otherwise, see the instructions. If signed by a corporate officer, partner, guardian, tax matters partner, executor, receiver, administrator, or trustee on behalf of the taxpayer, I certify that I have the authority to execute this form on behalf of the taxpayer.

▶ **IF NOT SIGNED AND DATED, THIS POWER OF ATTORNEY WILL BE RETURNED.**

Lyman F Bush (signature) — Signature | 1-12-02 — Date | Title (if applicable)

LYMAN F BUSH — Print Name

Beverly J. Bush (signature) (DECEASED) — Signature | 1-12-02 — Date | Title (if applicable)

By LF Bush executor of estate

BEVERLY J BUSH — Print Name

**Part II** **Declaration of Representative**

Under penalties of perjury, I declare that:

- I am not currently under suspension or disbarment from practice before the Internal Revenue Service;
- I am aware of regulations contained in Treasury Department Circular No. 230 (31 CFR, Part 10), as amended, concerning the practice of attorneys, certified public accountants, enrolled agents, enrolled actuaries, and others;
- I am authorized to represent the taxpayer(s) identified in Part I for the tax matter(s) specified there; and
- I am one of the following:
  - a Attorney — a member in good standing of the bar of the highest court of the jurisdiction shown below.
  - b Certified Public Accountant — duly qualified to practice as a certified public accountant in the jurisdiction shown below.
  - c Enrolled Agent — enrolled as an agent under the requirements of Treasury Department Circular No. 230.
  - d Officer — a bona fide officer of the taxpayer's organization.
  - e Full-Time Employee — a full-time employee of the taxpayer.
  - f Family Member — a member of the taxpayer's immediate family (i.e., spouse, parent, child, brother, or sister).
  - g Enrolled Actuary — enrolled as an actuary by the Joint Board for the Enrollment of Actuaries under 29 U.S.C. 1242 (the authority to practice before the Service is limited by section 10.3(d)(1) of Treasury Department Circular No. 230).
  - h Unenrolled Return Preparer — an unenrolled return preparer under section 10.7(c)(viii) of Treasury Department Circular No. 230.

▶ **IF THIS DECLARATION OF REPRESENTATIVE IS NOT SIGNED AND DATED, THE POWER OF ATTORNEY WILL BE RETURNED.**

| Designation — Insert above letter (a - h) | Jurisdiction (state) or Enrollment Card No. | Signature | Date |
|---|---|---|---|
| A | Texas | Thomas E. Redding | 3/1/02 |
| A | Texas | Sallie W. Gladney | 3-1-02 |
| A | Texas | Teresa J. Womack | |

STF FED4675F.2

FILED
IN COUNTY CLERK'S OFFICE

A.M. SEP 29 1999 P.M.

PIERCE COUNTY, WASHINGTON
TED RUTT, COUNTY CLERK
BY ______________ DEPUTY

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

IN AND FOR THE COUNTY OF PIERCE

| | | |
|---|---|---|
| In the Matter of the Estate of BEVERLY J. BUSH, Deceased. | ) | NO. 99-4-00904-8 NOTICE OF APPOINTMENT OF PERSONAL REPRESENTATIVE AND PENDENCY OF PROBATE PROCEEDINGS |

TO: ALL HEIRS OF THE ABOVE-NAMED DECEDENT

YOU ARE HEREBY NOTIFIED THAT LYMAN F. BUSH was appointed the Personal Representative of the estate of BEVERLY J. BUSH, deceased, on the 16th day of June, 1999, and that probate proceedings thereon are now pending.

DATED this 16 day of June, 1999.

SCHWEINLER & SCHWEINLER

BY: [signature]
ROGER C. SCHWEINLER
WSB #20169

[signature]
LYMAN F. BUSH
Personal Representative

1



SCHWEINLER & SCHWEINLER
ATTORNEYS AT LAW
901 SOUTH I STREET, SUITE 102
TACOMA, WA 98405
(253) 572-4114 TACOMA
(253) 572-2954 FAX

COPY

**LYMAN F. BUSH and BEVERLY J. BUSH, DECEASED**
**(SSN [redacted] and SSN [redacted])**
**EXPLANATION - 1985, 1986, and 1987 REFUND CLAIMS**
**AND STATEMENT REQUESTING APPLICATION OF §6621(d)**

This refund claim, as it relates to tax and interest assessed relative to a settlement related to the Greenberg Brothers Partnership #4, a.k.a. Lone Wolf McQuade Associates, and Cinema '84 partnerships (each referred to in this explanation as "the Partnerships") for 1983 through 1995 (referred to in this explanation as "the settlement years"), is filed based upon the following grounds:

1. Each settlement entered into by Closing Agreement provided there was no change to partnership items, but agreed that for purposes of determining the taxpayers' correct tax liability for every partnership year from inception to termination (i) the taxpayers' amount at risk regarding their Partnership investment would be determined based on several factors set forth in the agreement, (ii) "any deficiency in tax determined under this agreement will be subject to adjustments arising from a carryback or carryforward from other taxable years of any loss, credit or other tax attributable as allowed by the Internal Revenue Code," (iii) the taxpayers could limit the amount of any income that would be or had been recognized related to any cancellation of any partnership notes, (iv) the taxpayers could limit recognition of their distributive share of any partnership income or gains for certain years to the amount of the partnership distribution or previously suspended partnership loss and the at-risk rules, (v) the partners could assert any appropriate innocent spouse defense under §6015, and (vi) other factors would be considered. Therefore, it is clear that any resulting tax deficiency to the taxpayers is based upon agreed adjustments to affected items requiring a partner level determination and further subject to totally non-partnership item adjustments and defenses preserved in the settlement agreement. Any tax deficiency is subject to the notice of deficiency requirements under I.R.C. §§6212 and 6213. The Internal Revenue Service did not issue the statutory notice of deficiency with regard to the assessments sought to be refunded in this claim. An assessment of a tax liability in violation of the restrictions on assessment set forth in I.R.C. §6213 is void and illegal. Therefore, all the amounts assessed, collected and sought to be refunded in this claim should be refunded. The agreement did not contain nor was there any separate waiver of the restrictions on assessment and collection under I.R.C. §6213.

2. The harm caused by the IRS' breach of the closing agreements is abundantly clear in light of the following facts:

(b) In accordance with paragraphs 12, 14, 15, 17 and 18 the taxpayers filed refund claims for 1988, 1990, 1991, 1992, 1993 and 1995 that should have been allowed and taken into account in computing the net tax deficiency, but which were instead summarily denied. See Exhibit "C." Had the IRS issued a statutory notice of deficiency for 1985, 1986 and 1987 the taxpayers would have been entitled to raise these agreed offsets as a partial defense to the 1985, 1986 and 1987 liabilities prior to payment. Instead, the taxpayers have been forced (i) to file a separate lawsuit to obtain the refunds for 1988, 1990, 1991, 1992, 1993 and 1995, and (ii) pay the gross liability asserted by the IRS for 1985, 1986 and 1987 and then pursue these refund claims

asserting defenses reserved or agreed in this closing agreement. The 1988, 1990, 1991, 1992 and 1993 refunds would have reduced the liability by well over $50,000.

(b) Even the 1981 and 1988 overpayments the IRS determined and acknowledged by itself that should have offset against 1985, 1986 and 1987 liabilities were inexplicably offset against previously non-existent phantom liabilities for 1981 and 1988 essentially defrauding the taxpayers of the benefit of the offsets for those overpayments. See Exhibit "D."

3. The 1981, 1988, 1990, 1991, 1992, 1993, 1994 and 1995 overpayments discussed in Paragraph 2 should all have been applied directly to the 1985, 1986 and 1987 liabilities and therefore constitute an additional and separate ground for refund of the liability overpaid in 1985, 1986 and 1987 as a result of their denial.

4. The claim is timely. It is being filed within two years from the date of payment.

5. If it is determined that the taxpayers are entitled to anything less than a full refund, the recomputation of interest must take into account the doctrine in *Avon Products*, 78-2 U.S.T.C. ¶9821 (1978), pursuant to which it has been determined, and conceded by the government, that interest does not begin to run on a deficiency of tax until the date on which a refund was paid if no interest was paid with the original refund.

6. As an alternative, and in addition to the grounds set forth above, interest should be abated pursuant to I.R.C. §6404 as follows:

(a) First, interest should be abated for the period beginning with the commencement of the IRS' wrongful representation that the partners in this partnership would be entitled to request consistent settlements based upon those entered into by other partners, even providing the names and date of the settlements with respect to which the consistent settlements could be requested, the representation to the United States Tax Court that all of the cases then pending would be settled either based upon settlement documents that were in process or upon requests for consistent settlement, and then the subsequent refusal to enter into consistent settlements resulting in the delay from February 8, 1995 until the actual date that the above-referenced settlement agreement was entered into, all of which constituted managerial or ministerial acts which were unreasonable errors and delays by officers or employees of the IRS acting in their official capacities. All such acts occurred after the IRS first contacted the partner in writing with regard to the civil partnership level return examination.

(b) Second, if it is determined that there was a waiver of the restrictions under I.R.C. §6213, which the taxpayers assert there was not, then interest should be abated for the period beginning with a date 30 days after the date of such waiver in the Closing Agreement and ending on the date of assessment of the income tax liability. The failure to promptly assess

the tax deficiency was clearly a managerial or ministerial act resulting in an unreasonable delay of the tax assessment, and further, such abatement is required under I.R.C. §6404.

7. As an alternative, and in addition to the grounds set forth above, the taxpayer(s) are entitled to the benefit of a net rate of interest of zero pursuant to I.R.C. §6621(d) and a refund of the interest paid on the portion of the deficiency equal to the amount of any refund with respect to which the taxpayer(s) were entitled to receive interest for the periods during which interest was charged on such portion of the deficiency and is payable on such refunds. Substantial refunds are due for 1981, 1988, 1990, 1991, 1992, 1993, 1994 and 1995 as a result of the settlement. This claim constitutes the taxpayer(s)' request that the Secretary apply §6621(d) to all such periods, which includes all periods from April 15, 1984 of the first year listed in the preceding sentence until the date of payment of the tax sought to be refunded under this claim. To the extent of equivalent amounts of underpayments or overpayments, the periods set forth under §5.063 of Rev. Proc. 99-43 have not previously been applied to obtain a net interest rate of zero under §6621(d).

8. As an alternative, the assessment made by the Internal Revenue Service was not made within two years of the date of the settlement and is, therefore, an invalid assessment which must be refunded. The settlement became final and binding either on July 22, 1999 or August 7, 1999. Which date is in dispute. The IRS mailed to the taxpayers statements for tax due (Forms 3552) that were patently fraudulent, representing that the "Assessment Date" was "07/31/2000" and were dated "07/31/2000." These notices were pure unadulterated fraudulently dated and serve as no evidence that a valid assessment was ever made. They were RECEIVED BY THE TAXPAYERS ON 07/28/00, three days BEFORE the alleged assessment and date of the notices. See Exhibit "B," p. 4-10. They were faxed to the taxpayers' counsel on 7/28/00. It is the taxpayers' belief that the assessments were not actually made until late August.

Exhibits - A - Evidence of settlement
B - Evidence of tax assessment and payment

Form **1040X** (Rev. November 2001)

Department of the Treasury — Internal Revenue Service

# Amended U.S. Individual Income Tax Return

▶ See separate instructions.

OMB No. 1545-0091

**This return is for calendar year ▶** 1986 **, or fiscal year ended ▶**

Please print or type

| Your first name and initial | Last name | Your social security number |
|---|---|---|
| LYMAN F. | BUSH | [redacted] |
| If a joint return, spouse's first name and initial | Last name | Spouse's social security number |
| BEVERLY J. | BUSH, DECEASED | [redacted] |
| Home address (no. and street) or P.O. box if mail is not delivered to your home *(POA ATTACHED; FORM 2848)* | Apt. no. | Phone number |
| c/o Thomas E. Redding; 2914 West T. C. Jester | | 713-965-9244 |
| City, town or post office, state, and ZIP code. If you have a foreign address, see page 2 of the instructions. | | For Paperwork Reduction Act Notice, see page 6. |
| Houston, Texas 77018-7010 *** *ADDRESS FOR THIS MATTER ONLY* | | |

A If the name or address shown above is different from that shown on the original return, check here ▶ ☒

B Has the original return been changed or audited by the IRS or have you been notified that it will be? ☒ Yes ☐ No

C Filing status. Be sure to complete this line. **Note.** You cannot change from joint to separate returns after the due date.

On original return ▶ ☐ Single ☒ Married filing joint return ☐ Married filing separate return ☐ Head of household ☐ Qualifying widow(er)

On this return ▶ ☐ Single ☒ Married filing joint return ☐ Married filing separate return ☐ Head of household* ☐ Qualifying widow(er)

* If the qualifying person is a child but not your dependent, see page 2.

| Use Part II on the Back to Explain any Changes | | A. Original amount or as previously adjusted (see page 2) | B. Net change — amount of increase or (decrease) — explain in Part II | C. Correct amount |
|---|---|---|---|---|
| **Income and Deductions (see pages 2 - 6)** | | | | |
| 1 Adjusted gross income (see page 3) | 1 | | | |
| 2 Itemized deductions or standard deduction (see page 3) | 2 | | | |
| 3 Subtract line 2 from line 1 | 3 | | | |
| 4 Exemptions. If changing, fill in Parts I and II on the back | 4 | | | |
| 5 Taxable income. Subtract line 4 from line 3 | 5 | | | |
| **Tax Liability** | | | | |
| 6 Tax (see page 4). Method used in col. C ______ | 6 | | | |
| 7 Credits (see page 4) | 7 | | | |
| 8 Subtract line 7 from line 6. Enter the result but not less than zero | 8 | | | |
| 9 Other taxes (see page 4) | 9 | | | |
| 10 Total tax. Add lines 8 and 9 | 10 | | | |
| **Payments** | | | | |
| 11 Federal income tax withheld and excess social security and RRTA tax withheld. If changing, see page 4 | 11 | | | |
| 12 Estimated tax payments, including amount applied from prior year's return | 12 | | | |
| 13 Earned income credit (EIC) | 13 | | | |
| 14 Additional child tax credit from Form 8812 | 14 | | | |
| 15 Credits from Form 2439 or Form 4136 | 15 | | | |
| 16 Amount paid with request for extension of time to file (see page 4) | 16 | | | |
| 17 Amount of tax paid with original return plus additional tax paid after it was filed | 17 | | | 38,155 |
| 18 Total payments. Add lines 11 through 17 in column C | 18 | | | 38,155 |
| **Refund or Amount You Owe** | | | | |
| 19 Overpayment, if any, as shown on original return or as previously adjusted by the IRS | 19 | | | *Not Applicable* |
| 20 Subtract line 19 from line 18 (see page 5) | 20 | | | *Not Applicable* |
| 21 **Amount you owe.** If line 10, column C, is more than line 20, enter the difference and see page 5 | 21 | | | 0 |
| 22 If line 10, column C, is less than line 20, enter the difference | 22 | | | *Not Applicable* |
| 23 Amount of line 22 you want **refunded to you** | 23 | | | 10,817** |
| 24 Amount of line 22 you want **applied to your** estimated tax | 24 | | | |

**Sign Here**

Joint return? See page 2. Keep a copy for your records.

Under penalties of perjury, I declare that I have filed an original return and that I have examined this amended return, including accompanying schedules and statements, and to the best of my knowledge and belief, this amended return is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which the preparer has any knowledge.

▶ Lyman F Bush | 7-16-02
Your signature | Date

▶ Lyman F Bush personal representative | 7-16-02
Spouse's signature. If a joint return, both must sign. | Date

**Paid Preparer's Use Only**

| Preparer's signature | Date | Check if self-employed | Preparer's SSN or PTIN |
|---|---|---|---|
| ▶ Brett A Thompson CPA | 7-5-02 | ☒ | [redacted] |
| Firm's name (or yours if self-employed), address, and ZIP code ▶ BRETT A. THOMPSON, CPA, 20214 KINGSLAND BLVD. KATY, | | | |

***or such greater amount as is legally refundable, pl*

**PLAINTIFF'S EXHIBIT 18**

ISA STF FED3171F.1

11-2001)

0214

**Part I** **Exemptions.** See Form 1040 or 1040A instructions.

If you are **not changing your exemptions,** do not complete this part.
If claiming **more exemptions,** complete lines 25 - 31.
If claiming **fewer exemptions,** complete lines 25 - 30.

| | | | A. Original number of exemptions reported or as previously adjusted | B. Net change | C. Correct number of exemptions |
|---|---|---|---|---|---|
| 25 | Yourself and spouse | 25 | | | |
| | **Caution.** If your parents (or someone else) can claim you as a dependent (even if they chose not to), you cannot claim an exemption for yourself. | | | | |
| 26 | Your dependent children who lived with you | 26 | | | |
| 27 | Your dependent children who did not live with you due to divorce or separation | 27 | | | |
| 28 | Other dependents | 28 | | | |
| 29 | Total number of exemptions. Add lines 25 through 28 | 29 | | | |
| 30 | Multiply the number of exemptions claimed on line 29 by the amount listed below for the tax year you are amending. Enter the result here and on line 4. | 30 | | | |

| Tax year | Exemption amount | But see the instructions for line 4 on page 3 if the amount on line 1 is over: |
|---|---|---|
| 2001 | $2,900 | $99,725 |
| 2000 | 2,800 | 96,700 |
| 1999 | 2,750 | 94,975 |
| 1998 | 2,700 | 93,400 |

31 Dependents (children and other) not claimed on original (or adjusted) return:

| (a) First name | Last name | (b) Dependent's social security number | (c) Dependent's relationship to you | (d) ✓ if qualifying child for child tax credit (see page 5) |
|---|---|---|---|---|
| | | | | ☐ |
| | | | | ☐ |
| | | | | ☐ |
| | | | | ☐ |
| | | | | ☐ |
| | | | | ☐ |

No. of your children on line 31 who:
- lived with you ▶ ☐
- **did not** live with you due to divorce or separation (see page 5) ▶ ☐

Dependents on line 31 not entered above ▶ ☐

**Part II** **Explanation of Changes to Income, Deductions, and Credits**

**Enter the line number from the front of the form for each item you are changing and give the reason for each change. Attach only the supporting forms and schedules for the items changed. If you do not attach the required information, your Form 1040X may be returned. Be sure to include your name and social security number on any attachments.**

If the change relates to a net operating loss carryback or a general business credit carryback, attach the schedule or form that shows the year in which the loss or credit occurred. See page 2 of the instructions. Also, check here ▶ ☐

***** *Please See Explanation Attached* *****

**Part III** **Presidential Election Campaign Fund.** Checking below will not increase your tax or reduce your refund.

If you did not previously want $3 to go to the fund but now want to, check here ▶ ☐
If a joint return and your spouse did not previously want $3 to go to the fund but now wants to, check here ▶ ☐

Form **2848**

(Rev. December 1997)

Department of the Treasury
Internal Revenue Service

# Power of Attorney and Declaration of Representative

▶ See the separate instructions.

OMB No. 1545-0150

For IRS Use Only
Received by:
Name ______
Telephone ______
Function ______
Date ______

**Part I** **Power of Attorney** (Please type or print.)

**1 Taxpayer information** (Taxpayer(s) must sign and date this form on page 2, line 9.)

| Taxpayer name(s) and address | Social security number(s) | Employer identification number |
|---|---|---|
| LYMAN F & BEVERLY J BUSH<br>1217 122ND ST. CT. EAST<br>TACOMA WA 98445 | [redacted] | |
| | Daytime telephone number<br>(253) 537-7833 | Plan number (if applicable) |

hereby appoint(s) the following representative(s) as attorney(s)-in-fact:

**2 Representative(s)** (Representative(s) must sign and date this form on page 2, Part II.)

| Name and address | |
|---|---|
| Thomas E. Redding<br>2914 West T.C. Jester<br>Houston, Texas 77018 | CAF No. [redacted]<br>Telephone No. 713/965-9244<br>Fax No. 713/621-5227<br>Check if new: Address ☐ Telephone No. ☐ |
| Sallie W. Gladney<br>2914 West T.C. Jester<br>Houston, Texas 77018 | CAF No. [redacted]<br>Telephone No. 713/965-9244<br>Fax No. 713/621-5227<br>Check if new: Address ☐ Telephone No. ☐ |
| Teresa J. Womack<br>2914 West T.C. Jester<br>Houston, Texas 77018 | CAF No. [redacted]<br>Telephone No. 713/965-9244<br>Fax No. 713/621-5227<br>Check if new: Address ☐ Telephone No. ☐ |

to represent the taxpayer(s) before the Internal Revenue Service for the following tax matters:

**3 Tax matters**

| Type of Tax (Income, Employment, Excise, etc.) | Tax Form Number (1040, 941, 720, etc.) | Year(s) or Period(s) |
|---|---|---|
| Income | 1040 and 1065 and Partnership Items for all partnerships in which the taxpayer is a partner. | Tax periods ending: December 31, 1983, 1984, 1985, 1986, 1987, 1988, 1989, 1990, 1991, 1992, 1993, 1994, 1995 |

**4 Specific use not recorded on Centralized Authorization File (CAF).** If the power of attorney is for a specific use not recorded on CAF, check this box. (See instruction for **Line 4 — Specific uses not recorded on CAF.**) ▶ ☐

**5 Acts authorized.** The representatives are authorized to receive and inspect confidential tax information and to perform any and all acts that I (we) can perform with respect to the tax matters described on line 3, for example, the authority to sign any agreements, consents, or other documents. The authority does not include the power to receive refund checks (see line 6 below), the power to substitute another representative unless specifically added below, or the power to sign certain returns (see instruction for **Line 5 — Acts authorized**).

List any specific additions or deletions to the acts otherwise authorized in this power of attorney: This power includes, but is not limited to, authorization to exercise the taxpayer's rights regarding partnership items and affected items and under I.R.C. Section 6103(e)(1)(C) relative to Forms 1065 for partnerships in which the taxpayer(s) was a partner.

**Note:** *In general, an unenrolled preparer of tax returns cannot sign any document for a taxpayer. See Revenue Procedure 81-38, printed as Pub. 470, for more information.*

**Note:** *The tax matters partner of a partnership is not permitted to authorize representatives to perform certain acts. See the instructions for more information.*

**6 Receipt of refund checks.** If you want to authorize a representative named on line 2 to receive, **BUT NOT TO ENDORSE OR CASH,** refund checks, initial here LFB and list the name of that representative below.
BJJ — BY LFB AS EXECUTOR

Name of representative to receive refund check(s) ▶ Thomas E. Redding

7 **Notices and communications.** Original notices and other written communications will be sent to you and a copy to the first representative listed on line 2 unless you check one or more of the boxes below.

a If you want the first representative listed on line 2 to receive the original, and yourself a copy, of such notices or communications, check this box . . . ▶ ☐

b If you also want the second representative listed to receive a copy of such notices and communications, check this box . ▶ ☐

c If you do not want any notices or communications sent to your representative(s), check this box . . . ▶ ☐

8 **Retention/revocation of prior power(s) of attorney.** The filing of this power of attorney automatically revokes all earlier power(s) of attorney on file with the Internal Revenue Service for the same tax matters and years or periods covered by this document. If you do not want to revoke a prior power of attorney, check here . . . ▶ ☐

YOU MUST ATTACH A COPY OF ANY POWER OF ATTORNEY YOU WANT TO REMAIN IN EFFECT.

9 **Signature of taxpayer(s).** If a tax matter concerns a joint return, both husband and wife must sign if joint representation is requested, otherwise, see the instructions. If signed by a corporate officer, partner, guardian, tax matters partner, executor, receiver, administrator, or trustee on behalf of the taxpayer, I certify that I have the authority to execute this form on behalf of the taxpayer.

▶ **IF NOT SIGNED AND DATED, THIS POWER OF ATTORNEY WILL BE RETURNED.**

Lyman F. Bush (signature) — 1-12-02
Signature — Date — Title (if applicable)

LYMAN F BUSH
Print Name

Beverly J. Bush (signature, circled) (DECEASED) — 1-12-02
Signature — Date — Title (if applicable)
By L F Bush executor of ESTATE

BEVERLY J BUSH
Print Name

**Part II** **Declaration of Representative**

Under penalties of perjury, I declare that:

- I am not currently under suspension or disbarment from practice before the Internal Revenue Service;
- I am aware of regulations contained in Treasury Department Circular No. 230 (31 CFR, Part 10), as amended, concerning the practice of attorneys, certified public accountants, enrolled agents, enrolled actuaries, and others;
- I am authorized to represent the taxpayer(s) identified in Part I for the tax matter(s) specified there; and
- I am one of the following:
  - a Attorney — a member in good standing of the bar of the highest court of the jurisdiction shown below.
  - b Certified Public Accountant — duly qualified to practice as a certified public accountant in the jurisdiction shown below.
  - c Enrolled Agent — enrolled as an agent under the requirements of Treasury Department Circular No. 230.
  - d Officer — a bona fide officer of the taxpayer's organization.
  - e Full-Time Employee — a full-time employee of the taxpayer.
  - f Family Member — a member of the taxpayer's immediate family (i.e., spouse, parent, child, brother, or sister).
  - g Enrolled Actuary — enrolled as an actuary by the Joint Board for the Enrollment of Actuaries under 29 U.S.C. 1242 (the authority to practice before the Service is limited by section 10.3(d)(1) of Treasury Department Circular No. 230).
  - h Unenrolled Return Preparer — an unenrolled return preparer under section 10.7(c)(viii) of Treasury Department Circular No. 230.

▶ **IF THIS DECLARATION OF REPRESENTATIVE IS NOT SIGNED AND DATED, THE POWER OF ATTORNEY WILL BE RETURNED.**

| Designation — Insert above letter (a - h) | Jurisdiction (state) or Enrollment Card No. | Signature | Date |
|---|---|---|---|
| A | Texas | (signature) Thomas E. Redding | 3/1/02 |
| A | Texas | (signature) Sallie W. Gladney | 3-1-02 |
| A | Texas | Teresa J. Womack | |

STF FED4675F.2

FILED
IN COUNTY CLERK'S OFFICE
A.M. SEP 29 1999 P.M.
PIERCE COUNTY, WASHINGTON
TED RUTT, COUNTY CLERK
BY_______________DEPUTY

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

IN AND FOR THE COUNTY OF PIERCE

| | |
|---|---|
| In the Matter of the Estate of<br><br>BEVERLY J. BUSH,<br><br>Deceased. | NO. 99-4-00904-8<br><br>NOTICE OF APPOINTMENT OF PERSONAL REPRESENTATIVE AND PENDENCY OF PROBATE PROCEEDINGS |

TO: ALL HEIRS OF THE ABOVE-NAMED DECEDENT

YOU ARE HEREBY NOTIFIED THAT LYMAN F. BUSH was appointed the Personal Representative of the estate of BEVERLY J. BUSH, deceased, on the 16th day of June, 1999, and that probate proceedings thereon are now pending.

DATED this 16 day of June, 1999.

SCHWEINLER & SCHWEINLER

BY: [signature]
ROGER C. SCHWEINLER
WSB #20169

[signature]
LYMAN F. BUSH
Personal Representative

1

NOTICE OF APPOINTMENT OF
PERSONAL REPRESENTATIVE...-1

COPY

SCHWEINLER & SCHWEINLER
ATTORNEYS AT LAW
901 SOUTH I STREET, SUITE 102
TACOMA, WA 98405
(253) 572-4114 TACOMA
(253) 572 2854 FAX

**LYMAN F. BUSH and BEVERLY J. BUSH, DECEASED**
**(SSN[redacted] and SSN[redacted]**
**EXPLANATION - 1985, 1986, and 1987 REFUND CLAIMS**
**AND STATEMENT REQUESTING APPLICATION OF §6621(d)**

This refund claim, as it relates to tax and interest assessed relative to a settlement related to the Greenberg Brothers Partnership #4, a.k.a. Lone Wolf McQuade Associates, and Cinema '84 partnerships (each referred to in this explanation as "the Partnerships") for 1983 through 1995 (referred to in this explanation as "the settlement years"), is filed based upon the following grounds:

1. Each settlement entered into by Closing Agreement provided there was no change to partnership items, but agreed that for purposes of determining the taxpayers' correct tax liability for every partnership year from inception to termination (i) the taxpayers' amount at risk regarding their Partnership investment would be determined based on several factors set forth in the agreement, (ii) "any deficiency in tax determined under this agreement will be subject to adjustments arising from a carryback or carryforward from other taxable years of any loss, credit or other tax attributable as allowed by the Internal Revenue Code," (iii) the taxpayers could limit the amount of any income that would be or had been recognized related to any cancellation of any partnership notes, (iv) the taxpayers could limit recognition of their distributive share of any partnership income or gains for certain years to the amount of the partnership distribution or previously suspended partnership loss and the at-risk rules, (v) the partners could assert any appropriate innocent spouse defense under §6015, and (vi) other factors would be considered. Therefore, it is clear that any resulting tax deficiency to the taxpayers is based upon agreed adjustments to affected items requiring a partner level determination and further subject to totally non-partnership item adjustments and defenses preserved in the settlement agreement. Any tax deficiency is subject to the notice of deficiency requirements under I.R.C. §§6212 and 6213. The Internal Revenue Service did not issue the statutory notice of deficiency with regard to the assessments sought to be refunded in this claim. An assessment of a tax liability in violation of the restrictions on assessment set forth in I.R.C. §6213 is void and illegal. Therefore, all the amounts assessed, collected and sought to be refunded in this claim should be refunded. The agreement did not contain nor was there any separate waiver of the restrictions on assessment and collection under I.R.C. §6213.

2. The harm caused by the IRS' breach of the closing agreements is abundantly clear in light of the following facts:

(b) In accordance with paragraphs 12, 14, 15, 17 and 18 the taxpayers filed refund claims for 1988, 1990, 1991, 1992, 1993 and 1995 that should have been allowed and taken into account in computing the net tax deficiency, but which were instead summarily denied. See Exhibit "C." Had the IRS issued a statutory notice of deficiency for 1985, 1986 and 1987 the taxpayers would have been entitled to raise these agreed offsets as a partial defense to the 1985, 1986 and 1987 liabilities prior to payment. Instead, the taxpayers have been forced (i) to file a separate lawsuit to obtain the refunds for 1988, 1990, 1991, 1992, 1993 and 1995, and (ii) pay the gross liability asserted by the IRS for 1985, 1986 and 1987 and then pursue these refund claims

asserting defenses reserved or agreed in this closing agreement. The 1988, 1990, 1991, 1992 and 1993 refunds would have reduced the liability by well over $50,000.

(b) Even the 1981 and 1988 overpayments the IRS determined and acknowledged by itself that should have offset against 1985, 1986 and 1987 liabilities were inexplicably offset against previously non-existent phantom liabilities for 1981 and 1988 essentially defrauding the taxpayers of the benefit of the offsets for those overpayments. See Exhibit "D."

3. The 1981, 1988, 1990, 1991, 1992, 1993, 1994 and 1995 overpayments discussed in Paragraph 2 should all have been applied directly to the 1985, 1986 and 1987 liabilities and therefore constitute an additional and separate ground for refund of the liability overpaid in 1985, 1986 and 1987 as a result of their denial.

4. The claim is timely. It is being filed within two years from the date of payment.

5. If it is determined that the taxpayers are entitled to anything less than a full refund, the recomputation of interest must take into account the doctrine in *Avon Products*, 78-2 U.S.T.C. ¶9821 (1978), pursuant to which it has been determined, and conceded by the government, that interest does not begin to run on a deficiency of tax until the date on which a refund was paid if no interest was paid with the original refund.

6. As an alternative, and in addition to the grounds set forth above, interest should be abated pursuant to I.R.C. §6404 as follows:

(a) First, interest should be abated for the period beginning with the commencement of the IRS' wrongful representation that the partners in this partnership would be entitled to request consistent settlements based upon those entered into by other partners, even providing the names and date of the settlements with respect to which the consistent settlements could be requested, the representation to the United States Tax Court that all of the cases then pending would be settled either based upon settlement documents that were in process or upon requests for consistent settlement, and then the subsequent refusal to enter into consistent settlements resulting in the delay from February 8, 1995 until the actual date that the above-referenced settlement agreement was entered into, all of which constituted managerial or ministerial acts which were unreasonable errors and delays by officers or employees of the IRS acting in their official capacities. All such acts occurred after the IRS first contacted the partner in writing with regard to the civil partnership level return examination.

(b) Second, if it is determined that there was a waiver of the restrictions under I.R.C. §6213, which the taxpayers assert there was not, then interest should be abated for the period beginning with a date 30 days after the date of such waiver in the Closing Agreement and ending on the date of assessment of the income tax liability. The failure to promptly assess

the tax deficiency was clearly a managerial or ministerial act resulting in an unreasonable delay of the tax assessment, and further, such abatement is required under I.R.C. §6404.

7. As an alternative, and in addition to the grounds set forth above, the taxpayer(s) are entitled to the benefit of a net rate of interest of zero pursuant to I.R.C. §6621(d) and a refund of the interest paid on the portion of the deficiency equal to the amount of any refund with respect to which the taxpayer(s) were entitled to receive interest for the periods during which interest was charged on such portion of the deficiency and is payable on such refunds. Substantial refunds are due for 1981, 1988, 1990, 1991, 1992, 1993, 1994 and 1995 as a result of the settlement. This claim constitutes the taxpayer(s)' request that the Secretary apply §6621(d) to all such periods, which includes all periods from April 15, 1984 of the first year listed in the preceding sentence until the date of payment of the tax sought to be refunded under this claim. To the extent of equivalent amounts of underpayments or overpayments, the periods set forth under §5.063 of Rev. Proc. 99-43 have not previously been applied to obtain a net interest rate of zero under §6621(d).

8. As an alternative, the assessment made by the Internal Revenue Service was not made within two years of the date of the settlement and is, therefore, an invalid assessment which must be refunded. The settlement became final and binding either on July 22, 1999 or August 7, 1999. Which date is in dispute. The IRS mailed to the taxpayers statements for tax due (Forms 3552) that were patently fraudulent, representing that the "Assessment Date" was "07/31/2000" and were dated "07/31/2000." These notices were pure unadulterated fraudulently dated and serve as no evidence that a valid assessment was ever made. They were RECEIVED BY THE TAXPAYERS ON 07/28/00, three days BEFORE the alleged assessment and date of the notices. See Exhibit "B," p. 4-10. They were faxed to the taxpayers' counsel on 7/28/00. It is the taxpayers' belief that the assessments were not actually made until late August.

Exhibits - A - Evidence of settlement
B - Evidence of tax assessment and payment



R:\DOCS\CORRESP.Q\REFUND.CLM\QSTE7054.BU1

Bush[redacted]

Form **843** (Rev. January 1997)
Department of the Treasury
Internal Revenue Service

# Claim for Refund and Request for Abatement

▶ **See separate instructions.**

OMB No. 1545-0024

*Use Form 843 only if your claim involves **(a)** one of the taxes shown on line 3a or **(b)** a refund or abatement of interest, penalties, or additions to tax on line 4a.*

***Do not** use Form 843 if your claim is for —*
- *An overpayment of income taxes;*
- *A refund of fuel taxes;*
- *An overpayment of excise taxes reported on Form 720, 730, or 2290 (see **General Instructions**).*

Please type or print

| | |
|---|---|
| Name of claimant<br>LYMAN F. BUSH & BEVERLY J. BUSH, DECEASED | Your social security number<br>[redacted] |
| Address (number, street, and room or suite no.)<br>c/o Thomas E. Redding; 2914 West T. C. Jester ***(POA ATTACHED, FORM 2848)*** | Spouse's social security number<br>[redacted] |
| City or town, state, and ZIP code<br>Houston, Texas 77018-7010 ******ADDRESS FOR THIS MATTER ONLY****** | Employer identification number |
| Name and address shown on return if different from above<br>1217 122ND STREET COURT EAST<br>TACOMA, WA 98445 | Daytime telephone number<br>713-965-9244 |
| **1** Period — prepare a separate Form 843 for each tax period<br>From January 1, 19 86 , to December 31, 19 86 | **2** Amount to be refunded or abated<br>$ 35,187.97 ** |

**3a** Type of tax, penalty, or addition to tax:
☐ Employment ☐ Estate ☐ Gift ☐ Excise (unless reported on Form 720, 730, or 2290 — see instructions.)
☐ Penalty — IRC section ▶ ____________

**b** Type of return filed (see instructions):
☐ 706 ☐ 709 ☐ 940 ☐ 941 ☐ 943 ☐ 945 ☐ 990-PF ☐ 4720 ☒ Other (specify) 1040

**4a** Request for abatement or refund of:
☒ Interest caused by IRS errors or delays (if applicable — see instructions).
☐ A penalty or addition to tax as a result of erroneous advice from the IRS.

**b** Dates of payment ▶ 7/31/00, or at such later time when and if a timely and valid assessment was made.

**5** **Explanation and additional claims.** Explain why you believe this claim should be allowed, and show computation of tax refund or abatement of interest, penalty, or addition to tax.

***** ***Please See Explanation Attached*** *****

*****or such greater amount as is legally refundable, plus interest.***

**Signature.** If you are filing Form 843 to request a refund or abatement relating to a joint return, both you and your spouse must sign the claim. Claims filed by corporations must be signed by a corporate officer authorized to sign, and the signature must be accompanied by the officer's title.

Under penalties of perjury, I declare that I have examined this claim, ...d, to the best of my knowledge and belief, it is true, correct, and complete.

PLAINTIFF'S EXHIBIT 19

Lyman F Bush — 7-16-02
Signature (Title, if applicable. Claims by corporations must be signed by a ... ) Date

Lyman F Bush personal representative — 7-16-02
Signature Date

**For Paperwork Reduction Act Notice, see separate instructions.** Form 843 (Rev. 1-97)
ISA
STF FED1524F

0222

Form **2848** (Rev. December 1997) Department of the Treasury Internal Revenue Service

# Power of Attorney and Declaration of Representative

▶ See the separate instructions.

OMB No. 1545-0150

For IRS Use Only
Received by:
Name ____
Telephone ____
Function ____
Date ____

**Part I** **Power of Attorney** (Please type or print.)

1 **Taxpayer information** (Taxpayer(s) must sign and date this form on page 2, line 9.)

| Taxpayer name(s) and address | Social security number(s) | Employer identification number |
|---|---|---|
| LYMAN F & BEVERLY J BUSH<br>1217 122ND ST. CT. EAST<br>TACOMA WA 98445 | [redacted] | |
| | Daytime telephone number<br>(253) 537-7833 | Plan number (if applicable) |

hereby appoint(s) the following representative(s) as attorney(s)-in-fact:

2 **Representative(s)** (Representative(s) must sign and date this form on page 2, Part II.)

| Name and address | |
|---|---|
| Thomas E. Redding<br>2914 West T.C. Jester<br>Houston, Texas 77018 | CAF No. [redacted]<br>Telephone No. 713/965-9244<br>Fax No. 713/621-5227<br>Check if new: Address ☐ Telephone No. ☐ |
| Sallie W. Gladney<br>2914 West T.C. Jester<br>Houston, Texas 77018 | CAF No. [redacted]<br>Telephone No. 713/965-9244<br>Fax No. 713/621-5227<br>Check if new: Address ☐ Telephone No. ☐ |
| Teresa J. Womack<br>2914 West T.C. Jester<br>Houston, Texas 77018 | CAF No. [redacted]<br>Telephone No. 713/965-9244<br>Fax No. 713/621-5227<br>Check if new: Address ☐ Telephone No. ☐ |

to represent the taxpayer(s) before the Internal Revenue Service for the following tax matters:

3 **Tax matters**

| Type of Tax (Income, Employment, Excise, etc.) | Tax Form Number (1040, 941, 720, etc.) | Year(s) or Period(s) |
|---|---|---|
| Income | 1040 and 1065 and Partnership Items for all partnerships in which the taxpayer is a partner. | Tax periods ending: December 31, 1983, 1984, 1985, 1986, 1987, 1988, 1989, 1990, 1991, 1992, 1993, 1994, 1995 |

4 **Specific use not recorded on Centralized Authorization File (CAF).** If the power of attorney is for a specific use not recorded on CAF, check this box. (See instruction for **Line 4 — Specific uses not recorded on CAF.**) . . . . . . . . . . ▶ ☐

5 **Acts authorized.** The representatives are authorized to receive and inspect confidential tax information and to perform any and all acts that I (we) can perform with respect to the tax matters described on line 3, for example, the authority to sign any agreements, consents, or other documents. The authority does not include the power to receive refund checks (see line 6 below), the power to substitute another representative unless specifically added below, or the power to sign certain returns (see instruction for **Line 5 — Acts authorized**).

List any specific additions or deletions to the acts otherwise authorized in this power of attorney: This power includes, but is not limited to, authorization to exercise the taxpayer's rights regarding partnership items and affected items and under I.R.C. Section 6103(e)(1)(C) relative to Forms 1065 for partnerships in which the taxpayer(s) was a partner.

Note: *In general, an unenrolled preparer of tax returns cannot sign any document for a taxpayer. See Revenue Procedure 81-38, printed as Pub. 470, for more information.*

Note: *The tax matters partner of a partnership is not permitted to authorize representatives to perform certain acts. See the instructions for more information.*

6 **Receipt of refund checks.** If you want to authorize a representative named on line 2 to receive, **BUT NOT TO ENDORSE OR CASH**, refund checks, initial here LFB and list the name of that representative below.
BJJ — BY LFB AS EXECUTOR

Name of representative to receive refund check(s) ▶ Thomas E. Redding

For Paperwork Reduction and Privacy Act Notice, see the separate instructions. Form **2848** (Rev. 12-97)

ISA
STF FED4675F 1

7 **Notices and communications.** Ori... notices and other written communications w... sent to you and a copy to the first representative listed on line 2 unless you check one or more of the boxes below.

a If you want the first representative listed on line 2 to receive the original, and yourself a copy, of such notices or communications, check this box . . . ▶ ☐

b If you also want the second representative listed to receive a copy of such notices and communications, check this box . ▶ ☐

c If you do not want any notices or communications sent to your representative(s), check this box . . . ▶ ☐

8 **Retention/revocation of prior power(s) of attorney.** The filing of this power of attorney automatically revokes all earlier power(s) of attorney on file with the Internal Revenue Service for the same tax matters and years or periods covered by this document. If you do not want to revoke a prior power of attorney, check here . . . ▶ ☐

YOU MUST ATTACH A COPY OF ANY POWER OF ATTORNEY YOU WANT TO REMAIN IN EFFECT.

9 **Signature of taxpayer(s).** If a tax matter concerns a joint return, both husband and wife must sign if joint representation is requested, otherwise, see the instructions. If signed by a corporate officer, partner, guardian, tax matters partner, executor, receiver, administrator, or trustee on behalf of the taxpayer, I certify that I have the authority to execute this form on behalf of the taxpayer.

▶ **IF NOT SIGNED AND DATED, THIS POWER OF ATTORNEY WILL BE RETURNED.**

Lyman F Bush (signature) — 1-12-02

Signature — Date — Title (if applicable)

LYMAN F BUSH

Print Name

Beverly J. Bush (signature) (DECEASED — BY LF Bush executor of ESTATE) — 1-12-02

Signature — Date — Title (if applicable)

BEVERLY J BUSH

Print Name

**Part II** **Declaration of Representative**

Under penalties of perjury, I declare that:

- I am not currently under suspension or disbarment from practice before the Internal Revenue Service;
- I am aware of regulations contained in Treasury Department Circular No. 230 (31 CFR, Part 10), as amended, concerning the practice of attorneys, certified public accountants, enrolled agents, enrolled actuaries, and others;
- I am authorized to represent the taxpayer(s) identified in Part I for the tax matter(s) specified there; and
- I am one of the following:

a Attorney — a member in good standing of the bar of the highest court of the jurisdiction shown below.
b Certified Public Accountant — duly qualified to practice as a certified public accountant in the jurisdiction shown below.
c Enrolled Agent — enrolled as an agent under the requirements of Treasury Department Circular No. 230.
d Officer — a bona fide officer of the taxpayer's organization.
e Full-Time Employee — a full-time employee of the taxpayer.
f Family Member — a member of the taxpayer's immediate family (i.e., spouse, parent, child, brother, or sister).
g Enrolled Actuary — enrolled as an actuary by the Joint Board for the Enrollment of Actuaries under 29 U.S.C. 1242 (the authority to practice before the Service is limited by section 10.3(d)(1) of Treasury Department Circular No. 230).
h Unenrolled Return Preparer — an unenrolled return preparer under section 10.7(c)(viii) of Treasury Department Circular No. 230.

▶ **IF THIS DECLARATION OF REPRESENTATIVE IS NOT SIGNED AND DATED, THE POWER OF ATTORNEY WILL BE RETURNED.**

| Designation — Insert above letter (a - h) | Jurisdiction (state) or Enrollment Card No. | Signature | Date |
|---|---|---|---|
| A | Texas | (signature) Thomas E. Redding | 3/1/02 |
| A | Texas | (signature) Sallie W. Gladney | 3-1-02 |
| A | Texas | Teresa J. Womack | |

STF FED4675F.2

FILED
IN COUNTY CLERK'S OFFICE

A.M. SEP 29 1999 P.M.

PIERCE COUNTY, WASHINGTON
TED RUTT, COUNTY CLERK
BY ______________ DEPUTY

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

IN AND FOR THE COUNTY OF PIERCE

| | | |
|---|---|---|
| In the Matter of the Estate of<br><br>BEVERLY J. BUSH,<br><br>Deceased. | ) | NO. 99-4-00904-8<br><br>NOTICE OF APPOINTMENT OF PERSONAL REPRESENTATIVE AND PENDENCY OF PROBATE PROCEEDINGS |

TO: ALL HEIRS OF THE ABOVE-NAMED DECEDENT

YOU ARE HEREBY NOTIFIED THAT LYMAN F. BUSH was appointed the Personal Representative of the estate of BEVERLY J. BUSH, deceased, on the 16th day of June, 1999, and that probate proceedings thereon are now pending.

DATED this 16 day of June, 1999.

SCHWEINLER & SCHWEINLER

BY: [signature]
ROGER C. SCHWEINLER
WSB #20169

[signature]
LYMAN F. BUSH
Personal Representative

1

NOTICE OF APPOINTMENT OF
PERSONAL REPRESENTATIVE - 1

COPY

SCHWEINLER & SCHWEINLER
ATTORNEYS AT LAW
901 SOUTH I STREET, SUITE 102
TACOMA, WA 98405
(253) 572-4114 TACOMA
(253) 572-2954 FAX

**LYMAN F. BUSH and BEVERLY J. BUSH, DECEASED**
**(SSN [redacted] and SSN [redacted])**
**EXPLANATION - 1985, 1986, and 1987 REFUND CLAIMS**
**AND STATEMENT REQUESTING APPLICATION OF §6621(d)**

This refund claim, as it relates to tax and interest assessed relative to a settlement related to the Greenberg Brothers Partnership #4, a.k.a. Lone Wolf McQuade Associates, and Cinema '84 partnerships (each referred to in this explanation as "the Partnerships") for 1983 through 1995 (referred to in this explanation as "the settlement years"), is filed based upon the following grounds:

1. Each settlement entered into by Closing Agreement provided there was no change to partnership items, but agreed that for purposes of determining the taxpayers' correct tax liability for every partnership year from inception to termination (i) the taxpayers' amount at risk regarding their Partnership investment would be determined based on several factors set forth in the agreement, (ii) "any deficiency in tax determined under this agreement will be subject to adjustments arising from a carryback or carryforward from other taxable years of any loss, credit or other tax attributable as allowed by the Internal Revenue Code," (iii) the taxpayers could limit the amount of any income that would be or had been recognized related to any cancellation of any partnership notes, (iv) the taxpayers could limit recognition of their distributive share of any partnership income or gains for certain years to the amount of the partnership distribution or previously suspended partnership loss and the at-risk rules, (v) the partners could assert any appropriate innocent spouse defense under §6015, and (vi) other factors would be considered. Therefore, it is clear that any resulting tax deficiency to the taxpayers is based upon agreed adjustments to affected items requiring a partner level determination and further subject to totally non-partnership item adjustments and defenses preserved in the settlement agreement. Any tax deficiency is subject to the notice of deficiency requirements under I.R.C. §§6212 and 6213. The Internal Revenue Service did not issue the statutory notice of deficiency with regard to the assessments sought to be refunded in this claim. An assessment of a tax liability in violation of the restrictions on assessment set forth in I.R.C. §6213 is void and illegal. Therefore, all the amounts assessed, collected and sought to be refunded in this claim should be refunded. The agreement did not contain nor was there any separate waiver of the restrictions on assessment and collection under I.R.C. §6213.

2. The harm caused by the IRS' breach of the closing agreements is abundantly clear in light of the following facts:

(b) In accordance with paragraphs 12, 14, 15, 17 and 18 the taxpayers filed refund claims for 1988, 1990, 1991, 1992, 1993 and 1995 that should have been allowed and taken into account in computing the net tax deficiency, but which were instead summarily denied. See Exhibit "C." Had the IRS issued a statutory notice of deficiency for 1985, 1986 and 1987 the taxpayers would have been entitled to raise these agreed offsets as a partial defense to the 1985, 1986 and 1987 liabilities prior to payment. Instead, the taxpayers have been forced (i) to file a separate lawsuit to obtain the refunds for 1988, 1990, 1991, 1992, 1993 and 1995, and (ii) pay the gross liability asserted by the IRS for 1985, 1986 and 1987 and then pursue these refund claims

R:\DOCS\CORRESP.Q\REFUND.CLM\QSTE7054.BU1

asserting defenses reserved or agreed in this closing agreement. The 1988, 1990, 1991, 1992 and 1993 refunds would have reduced the liability by well over $50,000.

(b) Even the 1981 and 1988 overpayments the IRS determined and acknowledged by itself that should have offset against 1985, 1986 and 1987 liabilities were inexplicably offset against previously non-existent phantom liabilities for 1981 and 1988 essentially defrauding the taxpayers of the benefit of the offsets for those overpayments. See Exhibit "D."

3. The 1981, 1988, 1990, 1991, 1992, 1993, 1994 and 1995 overpayments discussed in Paragraph 2 should all have been applied directly to the 1985, 1986 and 1987 liabilities and therefore constitute an additional and separate ground for refund of the liability overpaid in 1985, 1986 and 1987 as a result of their denial.

4. The claim is timely. It is being filed within two years from the date of payment.

5. If it is determined that the taxpayers are entitled to anything less than a full refund, the recomputation of interest must take into account the doctrine in *Avon Products*, 78-2 U.S.T.C. ¶9821 (1978), pursuant to which it has been determined, and conceded by the government, that interest does not begin to run on a deficiency of tax until the date on which a refund was paid if no interest was paid with the original refund.

6. As an alternative, and in addition to the grounds set forth above, interest should be abated pursuant to I.R.C. §6404 as follows:

(a) First, interest should be abated for the period beginning with the commencement of the IRS' wrongful representation that the partners in this partnership would be entitled to request consistent settlements based upon those entered into by other partners, even providing the names and date of the settlements with respect to which the consistent settlements could be requested, the representation to the United States Tax Court that all of the cases then pending would be settled either based upon settlement documents that were in process or upon requests for consistent settlement, and then the subsequent refusal to enter into consistent settlements resulting in the delay from February 8, 1995 until the actual date that the above-referenced settlement agreement was entered into, all of which constituted managerial or ministerial acts which were unreasonable errors and delays by officers or employees of the IRS acting in their official capacities. All such acts occurred after the IRS first contacted the partner in writing with regard to the civil partnership level return examination.

(b) Second, if it is determined that there was a waiver of the restrictions under I.R.C. §6213, which the taxpayers assert there was not, then interest should be abated for the period beginning with a date 30 days after the date of such waiver in the Closing Agreement and ending on the date of assessment of the income tax liability. The failure to promptly assess

the tax deficiency was clearly a managerial or ministerial act resulting in an unreasonable delay of the tax assessment, and further, such abatement is required under I.R.C. §6404.

7. As an alternative, and in addition to the grounds set forth above, the taxpayer(s) are entitled to the benefit of a net rate of interest of zero pursuant to I.R.C. §6621(d) and a refund of the interest paid on the portion of the deficiency equal to the amount of any refund with respect to which the taxpayer(s) were entitled to receive interest for the periods during which interest was charged on such portion of the deficiency and is payable on such refunds. Substantial refunds are due for 1981, 1988, 1990, 1991, 1992, 1993, 1994 and 1995 as a result of the settlement. This claim constitutes the taxpayer(s)' request that the Secretary apply §6621(d) to all such periods, which includes all periods from April 15, 1984 of the first year listed in the preceding sentence until the date of payment of the tax sought to be refunded under this claim. To the extent of equivalent amounts of underpayments or overpayments, the periods set forth under §5.063 of Rev. Proc. 99-43 have not previously been applied to obtain a net interest rate of zero under §6621(d).

8. As an alternative, the assessment made by the Internal Revenue Service was not made within two years of the date of the settlement and is, therefore, an invalid assessment which must be refunded. The settlement became final and binding either on July 22, 1999 or August 7, 1999. Which date is in dispute. The IRS mailed to the taxpayers statements for tax due (Forms 3552) that were patently fraudulent, representing that the "Assessment Date" was "07/31/2000" and were dated "07/31/2000." These notices were pure unadulterated fraudulently dated and serve as no evidence that a valid assessment was ever made. They were RECEIVED BY THE TAXPAYERS ON 07/28/00, three days BEFORE the alleged assessment and date of the notices. See Exhibit "B," p. 4-10. They were faxed to the taxpayers' counsel on 7/28/00. It is the taxpayers' belief that the assessments were not actually made until late August.

Exhibits - A - Evidence of settlement
B - Evidence of tax assessment and payment

# Form 1040X Amended U.S. Individual Income Tax Return

(Rev. November 2001)

Department of the Treasury — Internal Revenue Service

▶ See separate instructions.

OMB No. 1545-0091

**This return is for calendar year ▶** 1987 **, or fiscal year ended ▶**

| Please print or type | | |
|---|---|---|
| Your first name and initial: LYMAN F. | Last name: BUSH | Your social security number: [redacted] |
| If a joint return, spouse's first name and initial: BEVERLY J. | Last name: BUSH, DECEASED | Spouse's social security number: [redacted] |
| Home address (no. and street) or P.O. box if mail is not delivered to your home: c/o Thomas E. Redding; 2914 West T. C. Jester *(POA ATTACHED, FORM 2848)* | Apt. no. | Phone number: 713-965-9244 |
| City, town or post office, state, and ZIP code. If you have a foreign address, see page 2 of the instructions.: Houston, Texas 77018-7010 *** *ADDRESS FOR THIS MATTER ONLY*** | | For Paperwork Reduction Act Notice, see page 6. |

**A** If the name or address shown above is different from that shown on the original return, check here ▶ [X]

**B** Has the original return been changed or audited by the IRS or have you been notified that it will be? [X] **Yes** [ ] **No**

**C** Filing status. Be sure to complete this line. **Note.** You cannot change from joint to separate returns after the due date.

On original return ▶ [ ] Single [X] Married filing joint return [ ] Married filing separate return [ ] Head of household [ ] Qualifying widow(er)

On this return ▶ [ ] Single [X] Married filing joint return [ ] Married filing separate return [ ] Head of household* [ ] Qualifying widow(er)

* If the qualifying person is a child but not your dependent, see page 2.

| Use Part II on the Back to Explain any Changes | Line | A. Original amount or as previously adjusted (see page 2) | B. Net change — amount of increase or (decrease) — explain in Part II | C. Correct amount |
|---|---|---|---|---|
| **Income and Deductions (see pages 2 - 6)** | | | | |
| 1 Adjusted gross income (see page 3) | 1 | | | |
| 2 Itemized deductions or standard deduction (see page 3) | 2 | | | |
| 3 Subtract line 2 from line 1 | 3 | | | |
| 4 Exemptions. If changing, fill in Parts I and II on the back | 4 | | | |
| 5 Taxable income. Subtract line 4 from line 3 | 5 | | | |
| **Tax Liability** | | | | |
| 6 Tax (see page 4). Method used in col. C ______ | 6 | | | |
| 7 Credits (see page 4) | 7 | | | |
| 8 Subtract line 7 from line 6. Enter the result but not less than zero | 8 | | | |
| 9 Other taxes (see page 4) | 9 | | | |
| 10 Total tax. Add lines 8 and 9 | 10 | | | |
| **Payments** | | | | |
| 11 Federal income tax withheld and excess social security and RRTA tax withheld. If changing, see page 4 | 11 | | | |
| 12 Estimated tax payments, including amount applied from prior year's return | 12 | | | |
| 13 Earned income credit (EIC) | 13 | | | |
| 14 Additional child tax credit from Form 8812 | 14 | | | |
| 15 Credits from Form 2439 or Form 4136 | 15 | | | |
| 16 Amount paid with request for extension of time to file (see page 4) | 16 | | | |
| 17 Amount of tax paid with original return plus additional tax paid after it was filed | 17 | | | 37,261 |
| 18 Total payments. Add lines 11 through 17 in column C | 18 | | | 37,261 |
| **Refund or Amount You Owe** | | | | |
| 19 Overpayment, if any, as shown on original return or as previously adjusted by the IRS | 19 | | | *Not Applicable* |
| 20 Subtract line 19 from line 18 (see page 5) | 20 | | | *Not Applicable* |
| 21 **Amount you owe.** If line 10, column C, is more than line 20, enter the difference and see page 5 | 21 | | | 0 |
| 22 If line 10, column C, is less than line 20, enter the difference | 22 | | | *Not Applicable* |
| 23 Amount of line 22 you want **refunded to you** | 23 | | | 9,635 ** |
| 24 Amount of line 22 you want **applied to your** estimated tax | 24 | | | |

**Sign Here**
Joint return? See page 2. Keep a copy for your records.

Under penalties of perjury, I declare that I have filed an original return and that I have examined this amended return, including accompanying schedules and statements, and to the best of my knowledge and belief, this amended return is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which the preparer has any knowledge.

▶ Your signature: *Lyman F Bush* Date: 7-16-02

▶ Spouse's signature. If a joint return, both must sign. *Lyman F Bush, Personal Representative* Date: 7-16-02

**Paid Preparer's Use Only**

Preparer's signature ▶ *[signature] CPA* Date: 7-5-02 Check if self-employed [X] Preparer's SSN or PTIN: [redacted]

Firm's name (or yours if self-employed), address, and ZIP code ▶ BRETT A. THOMPSON, CPA, 20214 KINGSLAND BLVD, KATY,

**or such greater amount as is legally refundable, p*

**PLAINTIFF'S EXHIBIT 20**

ISA
STF FED3171F.1

0229

Form **2848** (Rev. December 1997) Department of the Treasury Internal Revenue Service

# Power of Attorney and Declaration of Representative

▶ See the separate instructions.

OMB No. 1545-0150

For IRS Use Only
Received by:
Name
Telephone
Function
Date

**Part I** Power of Attorney (Please type or print.)

**1 Taxpayer information** (Taxpayer(s) must sign and date this form on page 2, line 9.)

| Taxpayer name(s) and address | Social security number(s) | Employer identification number |
|---|---|---|
| LYMAN F & BEVERLY J BUSH<br>1217 122ND ST. CT. EAST<br>TACOMA WA 98445 | [redacted] | |
| | Daytime telephone number (253) 537-7833 | Plan number (if applicable) |

hereby appoint(s) the following representative(s) as attorney(s)-in-fact:

**2 Representative(s)** (Representative(s) must sign and date this form on page 2, Part II.)

| Name and address | |
|---|---|
| Thomas E. Redding<br>2914 West T.C. Jester<br>Houston, Texas 77018 | CAF No. [redacted]<br>Telephone No. 713/965-9244<br>Fax No. 713/621-5227<br>Check if new: Address ☐ Telephone No. ☐ |
| Sallie W. Gladney<br>2914 West T.C. Jester<br>Houston, Texas 77018 | CAF No. [redacted]<br>Telephone No. 713/965-9244<br>Fax No. 713/621-5227<br>Check if new: Address ☐ Telephone No. ☐ |
| Teresa J. Womack<br>2914 West T.C. Jester<br>Houston, Texas 77018 | CAF No. [redacted]<br>Telephone No. 713/965-9244<br>Fax No. 713/621-5227<br>Check if new: Address ☐ Telephone No. ☐ |

to represent the taxpayer(s) before the Internal Revenue Service for the following tax matters:

**3 Tax matters**

| Type of Tax (Income, Employment, Excise, etc.) | Tax Form Number (1040, 941, 720, etc.) | Year(s) or Period(s) |
|---|---|---|
| Income | 1040 and 1065 and Partnership Items for all partnerships in which the taxpayer is a partner. | Tax periods ending: December 31, 1983, 1984, 1985, 1986, 1987, 1988, 1989, 1990, 1991, 1992, 1993, 1994, 1995 |

**4 Specific use not recorded on Centralized Authorization File (CAF).** If the power of attorney is for a specific use not recorded on CAF, check this box. (See instruction for **Line 4 — Specific uses not recorded on CAF.**) . . . . . . . . . . ▶ ☐

**5 Acts authorized.** The representatives are authorized to receive and inspect confidential tax information and to perform any and all acts that I (we) can perform with respect to the tax matters described on line 3, for example, the authority to sign any agreements, consents, or other documents. The authority does not include the power to receive refund checks (see line 6 below), the power to substitute another representative unless specifically added below, or the power to sign certain returns (see instruction for **Line 5 — Acts authorized**).

List any specific additions or deletions to the acts otherwise authorized in this power of attorney: This power includes, but is not limited to, authorization to exercise the taxpayer's rights regarding partnership items and affected items and under I.R.C. Section 6103(e)(1)(C) relative to Forms 1065 for partnerships in which the taxpayer(s) was a partner.

**Note:** *In general, an unenrolled preparer of tax returns cannot sign any document for a taxpayer. See Revenue Procedure 81-38, printed as Pub. 470, for more information.*

**Note:** *The tax matters partner of a partnership is not permitted to authorize representatives to perform certain acts. See the instructions for more information.*

**6 Receipt of refund checks.** If you want to authorize a representative named on line 2 to receive, **BUT NOT TO ENDORSE OR CASH**, refund checks, initial here LFB and list the name of that representative below.
BJJ — BY LFB AS EXECUTOR

Name of representative to receive refund check(s) ▶ Thomas E. Redding

For Paperwork Reduction and Privacy Act Notice, see the separate instructions. Form **2848** (Rev. 12-97)

ISA
STF FED4675F.1

7 **Notices and communications.** Original notices and other written communications will be sent to you and a copy to the first representative listed on line 2 unless you check one or more of the boxes below.

a If you want the first representative listed on line 2 to receive the original, and yourself a copy, of such notices or communications, check this box . . . . ▶ ☐

b If you also want the second representative listed to receive a copy of such notices and communications, check this box . ▶ ☐

c If you do not want any notices or communications sent to your representative(s), check this box . . . . ▶ ☐

8 **Retention/revocation of prior power(s) of attorney.** The filing of this power of attorney automatically revokes all earlier power(s) of attorney on file with the Internal Revenue Service for the same tax matters and years or periods covered by this document. If you **do not** want to revoke a prior power of attorney, check here . . . . ▶ ☐
YOU MUST ATTACH A COPY OF ANY POWER OF ATTORNEY YOU WANT TO REMAIN IN EFFECT.

9 **Signature of taxpayer(s).** If a tax matter concerns a joint return, **both** husband and wife must sign if joint representation is requested, otherwise, see the instructions. If signed by a corporate officer, partner, guardian, tax matters partner, executor, receiver, administrator, or trustee on behalf of the taxpayer, I certify that I have the authority to execute this form on behalf of the taxpayer.

▶ **IF NOT SIGNED AND DATED, THIS POWER OF ATTORNEY WILL BE RETURNED.**

Lyman F Bush — Signature | 1-12-02 — Date | Title (if applicable)

LYMAN F BUSH — Print Name

Beverly J. Bush (DECEASED) — Signature | 1-12-02 — Date | Title (if applicable)

BY LF Bush executor of ESTATE

BEVERLY J BUSH — Print Name

**Part II** **Declaration of Representative**

Under penalties of perjury, I declare that:

- I am not currently under suspension or disbarment from practice before the Internal Revenue Service;
- I am aware of regulations contained in Treasury Department Circular No. 230 (31 CFR, Part 10), as amended, concerning the practice of attorneys, certified public accountants, enrolled agents, enrolled actuaries, and others;
- I am authorized to represent the taxpayer(s) identified in Part I for the tax matter(s) specified there; and
- I am one of the following:

a Attorney — a member in good standing of the bar of the highest court of the jurisdiction shown below.
b Certified Public Accountant — duly qualified to practice as a certified public accountant in the jurisdiction shown below.
c Enrolled Agent — enrolled as an agent under the requirements of Treasury Department Circular No. 230.
d Officer — a bona fide officer of the taxpayer's organization.
e Full-Time Employee — a full-time employee of the taxpayer.
f Family Member — a member of the taxpayer's immediate family (i.e., spouse, parent, child, brother, or sister).
g Enrolled Actuary — enrolled as an actuary by the Joint Board for the Enrollment of Actuaries under 29 U.S.C. 1242 (the authority to practice before the Service is limited by section 10.3(d)(1) of Treasury Department Circular No. 230).
h Unenrolled Return Preparer — an unenrolled return preparer under section 10.7(c)(viii) of Treasury Department Circular No. 230.

▶ **IF THIS DECLARATION OF REPRESENTATIVE IS NOT SIGNED AND DATED, THE POWER OF ATTORNEY WILL BE RETURNED.**

| Designation — Insert above letter (a - h) | Jurisdiction (state) or Enrollment Card No. | Signature | Date |
|---|---|---|---|
| A | Texas | Thomas E. Redding (signed) Thomas E. Redding | 3/1/02 |
| A | Texas | Sallie W. Gladney (signed) Sallie W. Gladney | 3-1-02 |
| A | Texas | Teresa J. Womack | |

STF FED4675F.2

0231

FILED
IN COUNTY CLERK'S OFFICE

A.M. SEP 29 1999 P.M.

PIERCE COUNTY, WASHINGTON
TED RUTT, COUNTY CLERK
BY________________DEPUTY

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

IN AND FOR THE COUNTY OF PIERCE

| | |
|---|---|
| In the Matter of the Estate of<br><br>BEVERLY J. BUSH,<br><br>Deceased. | NO. 99-4-00904-8<br><br>NOTICE OF APPOINTMENT OF PERSONAL REPRESENTATIVE AND PENDENCY OF PROBATE PROCEEDINGS |

TO: ALL HEIRS OF THE ABOVE-NAMED DECEDENT

YOU ARE HEREBY NOTIFIED THAT LYMAN F. BUSH was appointed the Personal Representative of the estate of BEVERLY J. BUSH, deceased, on the 16th day of June, 1999, and that probate proceedings thereon are now pending.

DATED this 16 day of June, 1999.

SCHWEINLER & SCHWEINLER

BY: [signature]
ROGER C. SCHWEINLER
WSB #20169

[signature]
LYMAN F. BUSH
Personal Representative

1



SCHWEINLER & SCHWEINLER
ATTORNEYS AT LAW
901 SOUTH I STREET, SUITE 102
TACOMA, WA 98405
(253) 572-4114 TACOMA
(253) 572-2954 FAX

COPY

**LYMAN F. BUSH and BEVERLY J. BUSH, DECEASED**
**(SSN[redacted] and SSN[redacted]**
**EXPLANATION - 1985, 1986, and 1987 REFUND CLAIMS**
**AND STATEMENT REQUESTING APPLICATION OF §6621(d)**

This refund claim, as it relates to tax and interest assessed relative to a settlement related to the Greenberg Brothers Partnership #4, a.k.a. Lone Wolf McQuade Associates, and Cinema '84 partnerships (each referred to in this explanation as "the Partnerships") for 1983 through 1995 (referred to in this explanation as "the settlement years"), is filed based upon the following grounds:

1. Each settlement entered into by Closing Agreement provided there was no change to partnership items, but agreed that for purposes of determining the taxpayers' correct tax liability for every partnership year from inception to termination (i) the taxpayers' amount at risk regarding their Partnership investment would be determined based on several factors set forth in the agreement, (ii) "any deficiency in tax determined under this agreement will be subject to adjustments arising from a carryback or carryforward from other taxable years of any loss, credit or other tax attributable as allowed by the Internal Revenue Code," (iii) the taxpayers could limit the amount of any income that would be or had been recognized related to any cancellation of any partnership notes, (iv) the taxpayers could limit recognition of their distributive share of any partnership income or gains for certain years to the amount of the partnership distribution or previously suspended partnership loss and the at-risk rules, (v) the partners could assert any appropriate innocent spouse defense under §6015, and (vi) other factors would be considered. Therefore, it is clear that any resulting tax deficiency to the taxpayers is based upon agreed adjustments to affected items requiring a partner level determination and further subject to totally non-partnership item adjustments and defenses preserved in the settlement agreement. Any tax deficiency is subject to the notice of deficiency requirements under I.R.C. §§6212 and 6213. The Internal Revenue Service did not issue the statutory notice of deficiency with regard to the assessments sought to be refunded in this claim. An assessment of a tax liability in violation of the restrictions on assessment set forth in I.R.C. §6213 is void and illegal. Therefore, all the amounts assessed, collected and sought to be refunded in this claim should be refunded. The agreement did not contain nor was there any separate waiver of the restrictions on assessment and collection under I.R.C. §6213.

2. The harm caused by the IRS' breach of the closing agreements is abundantly clear in light of the following facts:

(b) In accordance with paragraphs 12, 14, 15, 17 and 18 the taxpayers filed refund claims for 1988, 1990, 1991, 1992, 1993 and 1995 that should have been allowed and taken into account in computing the net tax deficiency, but which were instead summarily denied. See Exhibit "C." Had the IRS issued a statutory notice of deficiency for 1985, 1986 and 1987 the taxpayers would have been entitled to raise these agreed offsets as a partial defense to the 1985, 1986 and 1987 liabilities prior to payment. Instead, the taxpayers have been forced (i) to file a separate lawsuit to obtain the refunds for 1988, 1990, 1991, 1992, 1993 and 1995, and (ii) pay the gross liability asserted by the IRS for 1985, 1986 and 1987 and then pursue these refund claims

asserting defenses reserved or agreed in this closing agreement. The 1988, 1990, 1991, 1992 and 1993 refunds would have reduced the liability by well over $50,000.

(b) Even the 1981 and 1988 overpayments the IRS determined and acknowledged by itself that should have offset against 1985, 1986 and 1987 liabilities were inexplicably offset against previously non-existent phantom liabilities for 1981 and 1988 essentially defrauding the taxpayers of the benefit of the offsets for those overpayments. See Exhibit "D."

3. The 1981, 1988, 1990, 1991, 1992, 1993, 1994 and 1995 overpayments discussed in Paragraph 2 should all have been applied directly to the 1985, 1986 and 1987 liabilities and therefore constitute an additional and separate ground for refund of the liability overpaid in 1985, 1986 and 1987 as a result of their denial.

4. The claim is timely. It is being filed within two years from the date of payment.

5. If it is determined that the taxpayers are entitled to anything less than a full refund, the recomputation of interest must take into account the doctrine in *Avon Products*, 78-2 U.S.T.C. ¶9821 (1978), pursuant to which it has been determined, and conceded by the government, that interest does not begin to run on a deficiency of tax until the date on which a refund was paid if no interest was paid with the original refund.

6. As an alternative, and in addition to the grounds set forth above, interest should be abated pursuant to I.R.C. §6404 as follows:

(a) First, interest should be abated for the period beginning with the commencement of the IRS' wrongful representation that the partners in this partnership would be entitled to request consistent settlements based upon those entered into by other partners, even providing the names and date of the settlements with respect to which the consistent settlements could be requested, the representation to the United States Tax Court that all of the cases then pending would be settled either based upon settlement documents that were in process or upon requests for consistent settlement, and then the subsequent refusal to enter into consistent settlements resulting in the delay from February 8, 1995 until the actual date that the above-referenced settlement agreement was entered into, all of which constituted managerial or ministerial acts which were unreasonable errors and delays by officers or employees of the IRS acting in their official capacities. All such acts occurred after the IRS first contacted the partner in writing with regard to the civil partnership level return examination.

(b) Second, if it is determined that there was a waiver of the restrictions under I.R.C. §6213, which the taxpayers assert there was not, then interest should be abated for the period beginning with a date 30 days after the date of such waiver in the Closing Agreement and ending on the date of assessment of the income tax liability. The failure to promptly assess

the tax deficiency was clearly a managerial or ministerial act resulting in an unreasonable delay of the tax assessment, and further, such abatement is required under I.R.C. §6404.

7. As an alternative, and in addition to the grounds set forth above, the taxpayer(s) are entitled to the benefit of a net rate of interest of zero pursuant to I.R.C. §6621(d) and a refund of the interest paid on the portion of the deficiency equal to the amount of any refund with respect to which the taxpayer(s) were entitled to receive interest for the periods during which interest was charged on such portion of the deficiency and is payable on such refunds. Substantial refunds are due for 1981, 1988, 1990, 1991, 1992, 1993, 1994 and 1995 as a result of the settlement. This claim constitutes the taxpayer(s)' request that the Secretary apply §6621(d) to all such periods, which includes all periods from April 15, 1984 of the first year listed in the preceding sentence until the date of payment of the tax sought to be refunded under this claim. To the extent of equivalent amounts of underpayments or overpayments, the periods set forth under §5.063 of Rev. Proc. 99-43 have not previously been applied to obtain a net interest rate of zero under §6621(d).

8. As an alternative, the assessment made by the Internal Revenue Service was not made within two years of the date of the settlement and is, therefore, an invalid assessment which must be refunded. The settlement became final and binding either on July 22, 1999 or August 7, 1999. Which date is in dispute. The IRS mailed to the taxpayers statements for tax due (Forms 3552) that were patently fraudulent, representing that the "Assessment Date" was "07/31/2000" and were dated "07/31/2000." These notices were pure unadulterated fraudulently dated and serve as no evidence that a valid assessment was ever made. They were <u>RECEIVED BY THE TAXPAYERS ON 07/28/00</u>, three days <u>BEFORE</u> the alleged assessment and date of the notices. See Exhibit "B," p. 4-10. They were <u>faxed</u> to the taxpayers' counsel on 7/28/00. It is the taxpayers' belief that the assessments were not actually made until late August.

Exhibits - A - Evidence of settlement
B - Evidence of tax assessment and payment

Bush [redacted]

Form **843** (Rev. January 1997) Department of the Treasury Internal Revenue Service

# Claim for Refund and Request for Abatement

▶ **See separate instructions.**

OMB No. 1545-0024

*Use Form 843 only if your claim involves **(a)** one of the taxes shown on line 3a or **(b)** a refund or abatement of interest, penalties, or additions to tax on line 4a.*

***Do not** use Form 843 if your claim is for —*

- *An overpayment of income taxes;*
- *A refund of fuel taxes;*
- *An overpayment of excise taxes reported on Form 720, 730, or 2290 (see **General Instructions**).*

Please type or print

| | |
|---|---|
| Name of claimant<br>LYMAN F. BUSH & BEVERLY J. BUSH, DECEASED | Your social security number<br>[redacted] |
| Address (number, street, and room or suite no.)<br>c/o Thomas E. Redding; 2914 West T. C. Jester *(POA ATTACHED, F[redacted]8)* | Spouse's social security number |
| City or town, state, and ZIP code<br>Houston, Texas 77018-7010 ****ADDRESS FOR THIS MATTER ONLY**** | Employer identification number |
| Name and address shown on return if different from above<br>1217 122ND STREET COURT EAST<br>TACOMA, WA 98445 | Daytime telephone number<br>713-965-9244 |
| **1** Period — prepare a separate Form 843 for each tax period<br>From January 1, 1987, to December 31, 1987 | **2** Amount to be refunded or abated<br>$ 26,729.62 ** |

**3a** Type of tax, penalty, or addition to tax:

☐ Employment ☐ Estate ☐ Gift ☐ Excise (unless reported on Form 720, 730, or 2290 — see instructions.)

☐ Penalty — IRC section ▶ ________________

**b** Type of return filed (see instructions):

☐ 706 ☐ 709 ☐ 940 ☐ 941 ☐ 943 ☐ 945 ☐ 990-PF ☐ 4720 ☒ Other (specify) 1040

**4a** Request for abatement or refund of:

☒ Interest caused by IRS errors or delays (if applicable — see instructions).

☐ A penalty or addition to tax as a result of erroneous advice from the IRS.

**b** Dates of payment ▶ 7/31/00, or at such later time when and if a timely and valid assessment was made.

**5** **Explanation and additional claims.** Explain why you believe this claim should be allowed, and show computation of tax refund or abatement of interest, penalty, or addition to tax.

***** *Please See Explanation Attached* *****

***or such greater amount as is legally refundable, plus interest.*

**Signature.** If you are filing Form 843 to request a refund or abatement relating to a joint return, both you and your spouse must sign the claim. Claims filed by corporations must be signed by a c[illegible] authorized to sign, and the signature must be accompanied by the officer's title.

Under penalties of perjury, I declare that I have examined this clair[illegible]d, to the best of my knowledge and belief, it is true, correct, and complete.

PLAINTIFF'S EXHIBIT 21

Lyman F Bush — 7-16-02

Signature (Title, if applicable. Claims by corporations must be signed by [illegible]) Date

Lyman F Bush personal representative — 7-16-02

Signature Date

For Paperwork Reduction Act Notice, see separate instructions.

ISA

STF FED1524F

Form 843

0236

Form **2848** (Rev. December 1997)
Department of the Treasury
Internal Revenue Service

# Power of Attorney and Declaration of Representative

▶ See the separate instructions.

OMB No. 1545-0150

For IRS Use Only
Received by:
Name ____
Telephone ____
Function ____
Date ____

**Part I** Power of Attorney (Please type or print.)

**1 Taxpayer information** (Taxpayer(s) must sign and date this form on page 2, line 9.)

| Taxpayer name(s) and address | Social security number(s) | Employer identification number |
|---|---|---|
| LYMAN F & BEVERLY J BUSH<br>1217 122ND ST. CT. EAST<br>TACOMA WA 98445 | [redacted] | |
| | Daytime telephone number<br>(253) 537-7833 | Plan number (if applicable) |

hereby appoint(s) the following representative(s) as attorney(s)-in-fact:

**2 Representative(s)** (Representative(s) must sign and date this form on page 2, Part II.)

| Name and address | |
|---|---|
| Thomas E. Redding<br>2914 West T.C. Jester<br>Houston, Texas 77018 | CAF No. [redacted]<br>Telephone No. 713/965-9244<br>Fax No. 713/621-5227<br>Check if new: Address ☐ Telephone No. ☐ |
| Sallie W. Gladney<br>2914 West T.C. Jester<br>Houston, Texas 77018 | CAF No. [redacted]<br>Telephone No. 713/965-9244<br>Fax No. 713/621-5227<br>Check if new: Address ☐ Telephone No. ☐ |
| Teresa J. Womack<br>2914 West T.C. Jester<br>Houston, Texas 77018 | CAF No. [redacted]<br>Telephone No. 713/965-9244<br>Fax No. 713/621-5227<br>Check if new: Address ☐ Telephone No. ☐ |

to represent the taxpayer(s) before the Internal Revenue Service for the following tax matters:

**3 Tax matters**

| Type of Tax (Income, Employment, Excise, etc.) | Tax Form Number (1040, 941, 720, etc.) | Year(s) or Period(s) |
|---|---|---|
| Income | 1040 and 1065 and Partnership Items for all partnerships in which the taxpayer is a partner. | Tax periods ending: December 31, 1983, 1984, 1985, 1986, 1987, 1988, 1989, 1990, 1991, 1992, 1993, 1994, 1995 |

4 **Specific use not recorded on Centralized Authorization File (CAF).** If the power of attorney is for a specific use not recorded on CAF, check this box. (See instruction for **Line 4 — Specific uses not recorded on CAF.**) . . . . . . . . . . . . . . . . . . . . . . . ▶ ☐

5 **Acts authorized.** The representatives are authorized to receive and inspect confidential tax information and to perform any and all acts that I (we) can perform with respect to the tax matters described on line 3, for example, the authority to sign any agreements, consents, or other documents. The authority does not include the power to receive refund checks (see line 6 below), the power to substitute another representative unless specifically added below, or the power to sign certain returns (see instruction for **Line 5 — Acts authorized**).

List any specific additions or deletions to the acts otherwise authorized in this power of attorney: This power includes, but is not limited to, authorization to exercise the taxpayer's rights regarding partnership items and affected items and under I.R.C. Section 6103(e)(1)(C) relative to Forms 1065 for partnerships in which the taxpayer(s) was a partner.

**Note:** *In general, an unenrolled preparer of tax returns cannot sign any document for a taxpayer. See Revenue Procedure 81-38, printed as Pub. 470, for more information.*

**Note:** *The tax matters partner of a partnership is not permitted to authorize representatives to perform certain acts. See the instructions for more information.*

6 **Receipt of refund checks.** If you want to authorize a representative named on line 2 to receive, **BUT NOT TO ENDORSE OR CASH,** refund checks, initial here LFB and list the name of that representative below.
BJJ — BY LFB AS EXECUTOR

Name of representative to receive refund check(s) ▶ Thomas E. Redding

For Paperwork Reduction and Privacy Act Notice, see the separate instructions.



ISA
STF FED4675F.1

7 **Notices and communications.** Original notices and other written communications will be sent to you and a copy to the first representative listed on line 2 unless you check one or more of the boxes below.

a If you want the first representative listed on line 2 to receive the original, and yourself a copy, of such notices or communications, check this box . . . ▶ ☐

b If you also want the second representative listed to receive a copy of such notices and communications, check this box . ▶ ☐

c If you do not want any notices or communications sent to your representative(s), check this box . . . ▶ ☐

8 **Retention/revocation of prior power(s) of attorney.** The filing of this power of attorney automatically revokes all earlier power(s) of attorney on file with the Internal Revenue Service for the same tax matters and years or periods covered by this document. If you do not want to revoke a prior power of attorney, check here . . . ▶ ☐
YOU MUST ATTACH A COPY OF ANY POWER OF ATTORNEY YOU WANT TO REMAIN IN EFFECT.

9 **Signature of taxpayer(s).** If a tax matter concerns a joint return, both husband and wife must sign if joint representation is requested, otherwise, see the instructions. If signed by a corporate officer, partner, guardian, tax matters partner, executor, receiver, administrator, or trustee on behalf of the taxpayer, I certify that I have the authority to execute this form on behalf of the taxpayer.

▶ IF NOT SIGNED AND DATED, THIS POWER OF ATTORNEY WILL BE RETURNED.

Lyman F Bush (signature) — 1-12-02
Signature — Date — Title (if applicable)

LYMAN F BUSH
Print Name

Beverly J. Bush (signature) (DECEASED — BY LF Bush executor of ESTATE) — 1-12-02
Signature — Date — Title (if applicable)

BEVERLY J BUSH
Print Name

## Part II Declaration of Representative

Under penalties of perjury, I declare that:

- I am not currently under suspension or disbarment from practice before the Internal Revenue Service;
- I am aware of regulations contained in Treasury Department Circular No. 230 (31 CFR, Part 10), as amended, concerning the practice of attorneys, certified public accountants, enrolled agents, enrolled actuaries, and others;
- I am authorized to represent the taxpayer(s) identified in Part I for the tax matter(s) specified there; and
- I am one of the following:

a Attorney — a member in good standing of the bar of the highest court of the jurisdiction shown below.
b Certified Public Accountant — duly qualified to practice as a certified public accountant in the jurisdiction shown below.
c Enrolled Agent — enrolled as an agent under the requirements of Treasury Department Circular No. 230.
d Officer — a bona fide officer of the taxpayer's organization.
e Full-Time Employee — a full-time employee of the taxpayer.
f Family Member — a member of the taxpayer's immediate family (i.e., spouse, parent, child, brother, or sister).
g Enrolled Actuary — enrolled as an actuary by the Joint Board for the Enrollment of Actuaries under 29 U.S.C. 1242 (the authority to practice before the Service is limited by section 10.3(d)(1) of Treasury Department Circular No. 230).
h Unenrolled Return Preparer — an unenrolled return preparer under section 10.7(c)(viii) of Treasury Department Circular No. 230.

▶ IF THIS DECLARATION OF REPRESENTATIVE IS NOT SIGNED AND DATED, THE POWER OF ATTORNEY WILL BE RETURNED.

| Designation — Insert above letter (a - h) | Jurisdiction (state) or Enrollment Card No. | Signature | Date |
|---|---|---|---|
| A | Texas | (signature) Thomas E. Redding | 3/1/02 |
| A | Texas | (signature) Sallie W. Gladney | 3-1-02 |
| A | Texas | Teresa J. Womack | |

STF FED4675F.2

0238

FILED
IN COUNTY CLERK'S OFFICE

A.M. SEP 29 1999 P.M.

PIERCE COUNTY, WASHINGTON
TED RUTT, COUNTY CLERK
BY__________DEPUTY

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

IN AND FOR THE COUNTY OF PIERCE

| | |
|---|---|
| In the Matter of the Estate of<br><br>BEVERLY J. BUSH,<br><br>Deceased. | NO. 99-4-00904-8<br><br>NOTICE OF APPOINTMENT OF PERSONAL REPRESENTATIVE AND PENDENCY OF PROBATE PROCEEDINGS |

TO: ALL HEIRS OF THE ABOVE-NAMED DECEDENT

YOU ARE HEREBY NOTIFIED THAT LYMAN F. BUSH was appointed the Personal Representative of the estate of BEVERLY J. BUSH, deceased, on the 16th day of June, 1999, and that probate proceedings thereon are now pending.

DATED this 16 day of June, 1999.

SCHWEINLER & SCHWEINLER

BY: [signature]
ROGER C. SCHWEINLER
WSB #20169

[signature]
LYMAN F. BUSH
Personal Representative

1



SCHWEINLER & SCHWEINLER
ATTORNEYS AT LAW
901 SOUTH I STREET, SUITE 102
TACOMA, WA 98405
(253) 572-4114 TACOMA
(253) 572-2954 FAX

COPY

**LYMAN F. BUSH and BEVERLY J. BUSH, DECEASED**
**(SSN[redacted] and SSN[redacted])**
**EXPLANATION - 1985, 1986, and 1987 REFUND CLAIMS**
**AND STATEMENT REQUESTING APPLICATION OF §6621(d)**

This refund claim, as it relates to tax and interest assessed relative to a settlement related to the Greenberg Brothers Partnership #4, a.k.a. Lone Wolf McQuade Associates, and Cinema '84 partnerships (each referred to in this explanation as "the Partnerships") for 1983 through 1995 (referred to in this explanation as "the settlement years"), is filed based upon the following grounds:

1. Each settlement entered into by Closing Agreement provided there was no change to partnership items, but agreed that for purposes of determining the taxpayers' correct tax liability for every partnership year from inception to termination (i) the taxpayers' amount at risk regarding their Partnership investment would be determined based on several factors set forth in the agreement, (ii) "any deficiency in tax determined under this agreement will be subject to adjustments arising from a carryback or carryforward from other taxable years of any loss, credit or other tax attributable as allowed by the Internal Revenue Code," (iii) the taxpayers could limit the amount of any income that would be or had been recognized related to any cancellation of any partnership notes, (iv) the taxpayers could limit recognition of their distributive share of any partnership income or gains for certain years to the amount of the partnership distribution or previously suspended partnership loss and the at-risk rules, (v) the partners could assert any appropriate innocent spouse defense under §6015, and (vi) other factors would be considered. Therefore, it is clear that any resulting tax deficiency to the taxpayers is based upon agreed adjustments to affected items requiring a partner level determination and further subject to totally non-partnership item adjustments and defenses preserved in the settlement agreement. Any tax deficiency is subject to the notice of deficiency requirements under I.R.C. §§6212 and 6213. The Internal Revenue Service did not issue the statutory notice of deficiency with regard to the assessments sought to be refunded in this claim. An assessment of a tax liability in violation of the restrictions on assessment set forth in I.R.C. §6213 is void and illegal. Therefore, all the amounts assessed, collected and sought to be refunded in this claim should be refunded. The agreement did not contain nor was there any separate waiver of the restrictions on assessment and collection under I.R.C. §6213.

2. The harm caused by the IRS' breach of the closing agreements is abundantly clear in light of the following facts:

(b) In accordance with paragraphs 12, 14, 15, 17 and 18 the taxpayers filed refund claims for 1988, 1990, 1991, 1992, 1993 and 1995 that should have been allowed and taken into account in computing the net tax deficiency, but which were instead summarily denied. See Exhibit "C." Had the IRS issued a statutory notice of deficiency for 1985, 1986 and 1987 the taxpayers would have been entitled to raise these agreed offsets as a partial defense to the 1985, 1986 and 1987 liabilities prior to payment. Instead, the taxpayers have been forced (i) to file a separate lawsuit to obtain the refunds for 1988, 1990, 1991, 1992, 1993 and 1995, and (ii) pay the gross liability asserted by the IRS for 1985, 1986 and 1987 and then pursue these refund claims

asserting defenses reserved or agreed in this closing agreement. The 1988, 1990, 1991, 1992 and 1993 refunds would have reduced the liability by well over $50,000.

(b) Even the 1981 and 1988 overpayments the IRS determined and acknowledged by itself that should have offset against 1985, 1986 and 1987 liabilities were inexplicably offset against previously non-existent phantom liabilities for 1981 and 1988 essentially defrauding the taxpayers of the benefit of the offsets for those overpayments. See Exhibit "D."

3. The 1981, 1988, 1990, 1991, 1992, 1993, 1994 and 1995 overpayments discussed in Paragraph 2 should all have been applied directly to the 1985, 1986 and 1987 liabilities and therefore constitute an additional and separate ground for refund of the liability overpaid in 1985, 1986 and 1987 as a result of their denial.

4. The claim is timely. It is being filed within two years from the date of payment.

5. If it is determined that the taxpayers are entitled to anything less than a full refund, the recomputation of interest must take into account the doctrine in *Avon Products*, 78-2 U.S.T.C. ¶9821 (1978), pursuant to which it has been determined, and conceded by the government, that interest does not begin to run on a deficiency of tax until the date on which a refund was paid if no interest was paid with the original refund.

6. As an alternative, and in addition to the grounds set forth above, interest should be abated pursuant to I.R.C. §6404 as follows:

(a) First, interest should be abated for the period beginning with the commencement of the IRS' wrongful representation that the partners in this partnership would be entitled to request consistent settlements based upon those entered into by other partners, even providing the names and date of the settlements with respect to which the consistent settlements could be requested, the representation to the United States Tax Court that all of the cases then pending would be settled either based upon settlement documents that were in process or upon requests for consistent settlement, and then the subsequent refusal to enter into consistent settlements resulting in the delay from February 8, 1995 until the actual date that the above-referenced settlement agreement was entered into, all of which constituted managerial or ministerial acts which were unreasonable errors and delays by officers or employees of the IRS acting in their official capacities. All such acts occurred after the IRS first contacted the partner in writing with regard to the civil partnership level return examination.

(b) Second, if it is determined that there was a waiver of the restrictions under I.R.C. §6213, which the taxpayers assert there was not, then interest should be abated for the period beginning with a date 30 days after the date of such waiver in the Closing Agreement and ending on the date of assessment of the income tax liability. The failure to promptly assess

the tax deficiency was clearly a managerial or ministerial act resulting in an unreasonable delay of the tax assessment, and further, such abatement is required under I.R.C. §6404.

7. As an alternative, and in addition to the grounds set forth above, the taxpayer(s) are entitled to the benefit of a net rate of interest of zero pursuant to I.R.C. §6621(d) and a refund of the interest paid on the portion of the deficiency equal to the amount of any refund with respect to which the taxpayer(s) were entitled to receive interest for the periods during which interest was charged on such portion of the deficiency and is payable on such refunds. Substantial refunds are due for 1981, 1988, 1990, 1991, 1992, 1993, 1994 and 1995 as a result of the settlement. This claim constitutes the taxpayer(s)' request that the Secretary apply §6621(d) to all such periods, which includes all periods from April 15, 1984 of the first year listed in the preceding sentence until the date of payment of the tax sought to be refunded under this claim. To the extent of equivalent amounts of underpayments or overpayments, the periods set forth under §5.063 of Rev. Proc. 99-43 have not previously been applied to obtain a net interest rate of zero under §6621(d).

8. As an alternative, the assessment made by the Internal Revenue Service was not made within two years of the date of the settlement and is, therefore, an invalid assessment which must be refunded. The settlement became final and binding either on July 22, 1999 or August 7, 1999. Which date is in dispute. The IRS mailed to the taxpayers statements for tax due (Forms 3552) that were patently fraudulent, representing that the "Assessment Date" was "07/31/2000" and were dated "07/31/2000." These notices were pure unadulterated fraudulently dated and serve as no evidence that a valid assessment was ever made. They were RECEIVED BY THE TAXPAYERS ON 07/28/00, three days BEFORE the alleged assessment and date of the notices. See Exhibit "B," p. 4-10. They were faxed to the taxpayers' counsel on 7/28/00. It is the taxpayers' belief that the assessments were not actually made until late August.

Exhibits - A - Evidence of settlement
B - Evidence of tax assessment and payment

OGDEN UT 84201-00

In reply refer to: 0436522542
Aug. 0 2003 LTR 418C
503-30-_/21 198512 30 000 1
04641
BODC: SB

LYMAN F & BEVERLY J DECD BUSH
% THOMAS E REDDING ATTY
2914 WEST T C JESTER
HOUSTON TX 77018

Taxpayer Identification Number: [redacted]
Tax Period(s): Dec. 31, 1985 Dec. 31, 1986
Dec. 31, 1987
Form: 1040X
29251-213-13009-0

Dear Taxpayer:

Our records show we received your amended tax returns for the tax periods listed above. We're sorry but we can't find the returns, so we need your help to finish processing your claims.

Please send us a newly signed copy of your amended tax return. Be sure to include any schedules, forms, or documents you attached to your amended tax return. We've enclosed an envelope for your convenience.

Please send us the information we asked for by Sep. 06, 2003, so that we can finish processing your claims. We've enclosed an envelope for your convenience.

If you have any questions, please call D. Bushman at 801-620-4220 between the hours of 6:30 A.M. and 4:00 P.M. MDT. If the number is outside your local calling area, there will be a long-distance charge to you.

If you prefer, you may write to us at the address shown at the top of the first page of this letter.

Whenever you write, please include this letter and, in the spaces below, give us your telephone number with the hours we can reach you. Keep a copy of this letter for your records.

Telephone Number (   )____________________ Hours________________

PLAINTIFF'S
EXHIBIT
22

Department of the Treasury
Internal Revenue Service
OGDEN UT 84201-0025

LYMAN F & BEVERLY J DECD BUSH
% THOMAS E REDDING ATTY
2914 WEST T C JESTER
HOUSTON TX 77018

Be sure the IRS address appears in your envelope window.

0436522542

BODCD-SB

Letter Number: LTR0418C
Letter Date : 2003-08-01
Tax Period : 198512

*503303721*

LYMAN F & BEVERLY J DECD BUSH
% THOMAS E REDDING ATTY
2914 WEST T C JESTER
HOUSTON TX 77018

INTERNAL REVENUE SERVICE
OGDEN UT 84201-0025

503303721 LK 30 0 198512 000 0000000000000000

**REDDING & ASSOCIATES, P.C.**
ATTORNEYS AT LAW
2914 West T.C. Jester
Houston, Texas 77018-7010
Telephone: (713) 965-9244 • Telecopier: (713) 621-5227

Thomas E. Redding, J.D.
Sallie W. Gladney, J.D.

Teresa J. Womack, J.D.
Brett A. Thompson, J.D., C.P.A.

August 15, 2003

**PRIORITY CERTIFIED MAIL**
7002 3150 0005 7422 0059
**RETURN RECEIPT REQUESTED**

Internal Revenue Service
Ogden, Utah 84201-0025

Re: Lyman F. Bush (SSN [redacted]) and Beverly J. Bush (dec'd) (SSN [redacted])
Forms 1040X for 1985, 1986 and 1987
Forms 843 for 1985, 1986 and 1987
Form 8822, Change of Address, for tax year 1985, 1986 and 1987
Form 56, Notice Concerning Fiduciary Relationship
Form 1310, Statement of Person Claiming Refund Due a Deceased Taxpayer

Dear Sirs:

Enclosed is re-executed Forms 1040X, Forms 843, along with Form 8822, Form 56 and Form 1310 which you have requested. A copy of the letter from the IRS is also enclosed. Please note that this claim was originally filed on July 18, 2002.

If you have any questions, please do not hesitate to contact me.

Very truly yours,

REDDING & ASSOCIATES, P.C.

Thomas E. Redding

TER:kh
Enclosures - Re-executed Forms 1040X and Forms 843
Re-executed Form 8822, Form 56 and Form 1310
Copy of IRS letter
Copy of original date-stamped transmittal to IRS
Power of Attorney

PLAINTIFF'S EXHIBIT 23

\\Raserver\share1\DOCS\CORRESP.Q\QKRL81503.bu1.wpd

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Internal Revenue Service
Ogden, Utah 84201-0025

Bush

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature ☐ Agent ☐ Addressee
X

B. Received by (Printed Name) AUG 21 2003

C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

IRS - OSC RECEIVED OGDEN, UT 84201

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☒ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Transfer from service label) 7002 3150 0005 7422 0059

PS Form 3811, August 2001 Domestic Return Receipt 102595-02-M-1540

7002 3150 0005 7422 0059

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ 7.15 |
| Certified Fee | 2.30 |
| Return Reciept Fee (Endorsement Required) | 1.75 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 11.20 |

AUG 18 2003 USPS
Postmark Here

BUSH

Sent To: internal revenue service
Street, Apt. No.; or PO Box No.
City, State, ZIP+4: ogden, utah 84201-0025

PS Form 3800, June 2002 See Reverse for Instructions

Department of the Treasury
Internal Revenue Service
Director
1160 W. 1200 S.
OGDEN, UT 84201

29251-210-13009-00

IDRS 2981703707

| | Assessment Date | Trans Code |
|---|---|---|
| 30 175012 | 07/31/2000 | 670 |
| | | 570 |

Date of This Notice: 07/31/2000

If you find it necessary to inquire about your account, please refer to this number. BUSH [redacted]

LYMAN F BUSH
LYMAN F & BEVERLY DECD BUSH
1217 122ND STREET CT E
TACOMA WA 98445-0000

Form Number: 1040

Tax Period Ended: 12/31/1985

**Notice of Tax Due on Federal Tax Return**

This is a notice of tax due on your tax return identified above. Please pay the amount shown as Balance Due when you receive this notice. Make your check or money order payable to the United States Treasury and send it with this notice to the address shown above.

If the balance due as shown below is incorrect because you made a recent payment, please send us the amount you believe you owe and an explanation of the difference.

| Reference | Assessment | Adjustment or Credit | Balance Due |
|---|---|---|---|
| 07/31/2000 ADD'L TAX | 16,708.00 | | |
| 07/31/2000 INTEREST | 42,660.44 | | |
| PR MEMO CR | | 6,045.33 | |
| see enclosed notice | [redacted] | | 53,323.11 |

PLAINTIFF'S EXHIBIT 24

Department of the Treasury
Internal Revenue Service
Director
1160 W. 1200 S.
OGDEN, UT 84201

Z9Z01-Z13-13010-00

IDRS Z981703707

| | Assessment Date | Trans Code |
|---|---|---|
| 30 198612 | 07/31/2000 | 670 |
| | | 570 |

Date of This Notice: 07/31/2000

If you find it necessary to inquire about your account, please refer to this number. BUSH [redacted]

LYMAN F BUSH
LYMAN F & BEVERLY DECD BUSH
1217 122ND STREET CT E
TACOMA WA 98445-0000

Form Number: 1040

Tax Period Ended: 12/31/1986

**Notice of Tax Due on Federal Tax Return**

This is a notice of tax due on your tax return identified above. Please pay the amount shown as Balance Due when you receive this notice. Make your check or money order payable to the United States Treasury and send it with this notice to the address shown above.

If the balance due as shown below is incorrect because you made a recent payment, please send us the amount you believe you owe and an explanation of the difference.

| Reference | Assessment | Adjustment or Credit | Balance Due |
|---|---|---|---|
| 07/31/2000 ADD'L. TAX | 10,817.00 | | |
| 07/31/2000 INTEREST | 35,187.97 | | |
| see enclosed notice | | | 46,004.97 |

PLAINTIFF'S EXHIBIT 25

Department of the Treasury
Internal Revenue Service
Director
1160 W. 1200 S.
OGDEN, UT 84201

29251-213-13011-00

IDRS 2981703707

| | | Assessment Date | Trans Code |
|---|---|---|---|
| 30 | 198712 | 07/31/2000 | 670 |
| | | | 570 |

Date of This Notice: 07/31/2000

If you find it necessary to inquire about your account, please refer to this number. BUSH [redacted]

LYMAN F BUSH
LYMAN F & BEVERLY DECD BUSH
1217 122ND STREET CT E
TACOMA WA 98445-0000

Form Number: 1040

Tax Period Ended: 12/31/1987

**Notice of Tax Due on Federal Tax Return**

This is a notice of tax due on your tax return identified above. Please pay the amount shown as Balance Due when you receive this notice. Make your check or money order payable to the United States Treasury and send it with this notice to the address shown above.

If the balance due as shown below is incorrect because you made a recent payment, please send us the amount you believe you owe and an explanation of the difference.

| Reference | Assessment | Adjustment or Credit | Balance Due |
|---|---|---|---|
| 07/31/2000 ADD'L TAX | 9,635.00 | | |
| 07/31/2000 INTEREST | 26,729.62 | | |

see enclosed notice

[redacted] 36,364.62

PLAINTIFF'S EXHIBIT 26

0249

**Internal Revenue Service**
**Department of the Treasury**
**1973 North Rulon White Blvd.**
**Ogden, UT 84201**

**Mail Stop:** 4410
**Person to Contact:**
Ms. Cederholm
**Employee Number:** 0478603940
**Telephone Number:**
1-866-899-9083
**Extension:** 8600
**Hours:** 7 a.m. to 2 p.m.
Mountain Time
Monday - Friday
**Taxpayer Identification Number:**
[redacted]
**Tax Year(s):** 1985, 1986, & 1987
**Regarding:**
Lone Wolf McQuade & Cinema 84
**Employer Identification Number:**
13-3109971 & 11-2678807

**Date:** October 23, 2002

LYMAN F & BEVERLY J (DECD) BUSH
% LYMAN F BUSH
1217 122ND STREET CT E
TACOMA WA 98445-3519-174

Dear Mr. Bush:

We received your request dated July 10, 2002, asking for reconsideration of adjustments made to your return. The item(s) you refer to on your request are partnership/S corporation items that have been previously determined during a partnership/S corporation proceeding.

Internal Revenue Code Section 6230(c)(4) prohibits claims for review of the substantive issues after the partnership/S corporation proceedings have been completed and states that the final determination shall be conclusive. Consequently, your request will not be considered and your partnership/S corporation adjustments will remain as previously determined.

A copy of this letter has been forwarded to your authorized representative(s).

We will forward your Ministerial Interest Claims to the appropriate office for consideration.

If you have any questions about this matter please contact the person whose name, telephone number, and contact hours are shown above.

If you write, please include your telephone number, the hours you can be reached and a copy of this letter.

Thank you for your cooperation.

Sincerely,

Ms. Cederholm

Tax Technician
Exam Field Support

Enclosure(s):
Form 1155-D

PLAINTIFF'S EXHIBIT 27

TS-29 (Rev. 8-99)