UNITED STATES TAX COURT

RECEIVED
PETITIONS
'91 OCT -7 A11 :55
UNITED STATES
TAX COURT
FILED
'91 OCT -7 A11 :57
UNITED STATES
TAX COURT

GREENBERG BROTHERS PARTNERSHIP #12 (a/k/a LONE WOLF MCQUADE ASSOCIATES), RICHARD M. GREENBERG, TAX MATTERS PARTNER,
Petitioner,

v.

COMMISSIONER OF INTERNAL REVENUE,

Respondent.

Docket No. 22780-91

MAIL CLERK NM
ADMISSIONS
RECORDED & SERVED
PUB. FILES

## PETITION FOR READJUSTMENT OF PARTNERSHIP ITEMS UNDER CODE SECTION 6226

Petitioner hereby petitions for a readjustment of the partnership items set forth by the Commissioner of Internal Revenue (the "Commissioner") in his Notices of Final Partnership Administrative Adjustment dated July 8, 1991. As the basis for the case Petitioner alleges as follows:

1. Richard M. Greenberg is the Tax Matters Partner and is the pleader on behalf of Greenberg Brothers Partnership #12.

2. Richard M. Greenberg's address is 270 Greenwich Avenue, Greenwich, Connecticut 06830.

3. Greenberg Brothers Partnership #12 (13-3109971), whose principal place of business at the time this petition is being filed is 270 Greenwich Avenue, Greenwich, Connecticut 06830, filed federal income tax returns for the taxable years ending December 31, 1983, December 31, 1984, December 31, 1985

PLAINTIFF'S EXHIBIT 6

SERVED OCT -9 1991

and December 31, 1986 with the Internal Revenue Service Center in Andover, Massachusetts.

4. The statutory Notices of Final Partnership Administrative Adjustment (copies of which are attached hereto and marked Exhibit "A") were mailed to Petitioner on or about July 8, 1991 and were issued by the Appeals Office of the Internal Revenue Service in New York, New York.

5. The adjustments set forth in the Notices of Final Partnership Administrative Adjustment are based on the following erroneous determinations:

(a) The Commissioner erred in determining that Greenberg Brothers Partnership #12 (the "Partnership") did not acquire the benefits and burdens of ownership in the motion pictures entitled "Lone Wolf McQuade" and "Strange Invaders" (the "Films") and that therefore the loss deductions claimed by the Partnership based on its purchase of the Films should be disallowed.

(b) The Commissioner erred in determining, in the alternative to (b) above, that the Partnership's acquisition of the Films was not an activity entered into for profit and that therefore any deductions to which the Partnership is entitled should be allowed only to the extent of Partnership income in accordance with, and in the manner provided by, Sections 183(b)(1) and 183(b)(2) of the Code.

(c) The Commissioner erred in determining that the deductions claimed by the Partnership should not be allowed for the following reasons:

(i) The Commissioner erred in determining that the method of depreciation does not bear a proper relationship to a decline in the Films' usefulness, that the fair market value of the Films has not been established and that therefore the deductions attributable to depreciation should be disallowed.

(ii) The Commissioner erred in determining, in the alternative to (i) above, that the note provided as partial consideration for the Films (the "Note") lacks economic substance, is contingent and is not a present liability, that the Note cannot be considered a Partnership liability and cannot be added to the cost or depreciable basis of the Films and that therefore the portion of the depreciation deductions attributable to the amount of the Note should be disallowed.

(iii) The Commissioner erred in determining that the deduction claimed for interest expense has not been substantiated, that it has not been established that the amounts claimed were in fact paid or incurred or if paid or incurred were for the purpose stated and that therefore the deduction for interest expense should be disallowed.

(iv) The Commissioner erred in determining that the loan represented by the Note is contingent and

therefore is not a present liability and that therefore the deduction for interest expense should be disallowed.

(v) The Commissioner erred in determining that the deductions claimed for the 1983 taxable year for guaranteed payments to partners, advertising, advertising consulting fee, professional fees and amortization have not been substantiated, that it has not been shown that the amounts claimed were paid or incurred or if paid or incurred were for the purposes stated or were not nondeductible syndication costs of the Partnership and that therefore the deductions claimed for these expenses should be disallowed.

(vi) The Commissioner erred in determining that the deductions claimed for the 1984 taxable year for guaranteed payments to partners, legal fees, accounting fees, amortization and other miscellaneous expenses have not been substantiated, that it has not been shown that the amounts claimed were paid or incurred or if paid or incurred were for the purposes stated or were not nondeductible syndication costs of the Partnership and that therefore the deductions claimed for these expenses should be disallowed.

(vii) The Commissioner erred in determining that the deductions claimed for the 1985 taxable year for guaranteed payments to partners, legal fees, accounting fees and amortization have not been substantiated, that it has not been shown that the amounts claimed were paid or incurred or if paid or incurred were for the purposes stated or were not

nondeductible syndication costs of the Partnership and that therefore the deductions claimed for these expenses should be disallowed.

(viii) The Commissioner erred in determining that the deductions claimed for the 1986 taxable year for guaranteed payments to partners, legal fees, accounting fees, office expenses and amortization have not been substantiated, that it has not been shown that the amounts claimed were paid or incurred or if paid or incurred were for the purposes stated or were not nondeductible syndication costs of the Partnership and that therefore the deductions claimed for these expenses should be disallowed.

(ix) The Commissioner erred in determining that the fair market value of the Films has not been established, that the Note lacks economic substance and that therefore each partner's proportionate share of the Note should not be included in his basis in his Partnership interest.

(x) The Commissioner erred in determining that, if it is decided that the disallowed Partnership deductions are allowable in whole or in part, the Note is nonrecourse in substance, that payments under the Note are not required and have not been made, that the terms of the distribution agreement constitute a stop loss agreement and that the Partnership is protected against loss on the Note, that Orion Pictures Company has an interest in the activity other than as a creditor and that therefore the Partnership should be precluded from considering

the Note in the at-risk computation under the provisions of Section 465 of the Code.

(xii) The Commissioner erred in determining that the Partnership did not acquire the benefits and burdens of ownership in the Film, that the Partnership's motion picture activity was not entered into for profit, that the Film is not property subject to an allowance for depreciation, that the amount of qualified investment and the extent of entitlement to the credit have not been established and that therefore no investment tax credit should be allowed.

(xiii) The Commissioner erred in determining that the Partnership's ordinary income for the 1983 taxable year should be adjusted and that therefore the amounts reported as net earnings from self-employment and net investment income should be adjusted to reflect the adjustments to ordinary income.

(xiv) The Commissioner erred in determining that the Partnership's ordinary income for the 1984 taxable year should be adjusted and that therefore the amounts reported as qualified investment income and qualified investment expense should be adjusted to reflect the adjustments to ordinary income for those taxable years.

(xv) The Commissioner erred in determining that the Partnership's ordinary income for the 1985 taxable year should be adjusted and that therefore the amounts reported as net earnings from self-employment, qualified investment income and

qualified investment expense should be adjusted to reflect the adjustments to ordinary income.

(xvi) The Commissioner erred in determining that the Partnership's ordinary income for the 1986 taxable year should be adjusted and that therefore the amounts reported as qualified investment income and qualified investment expense should be adjusted to reflect the adjustments to ordinary income.

(xvii) The Commissioner erred in determining that the Partnership has improperly taken deductions and/or credits due to negligence or intentional disregard of rules or regulations and that therefore the partners of the Partnership should be subject to penalties under Section 6653(a) of the Code.

(xviii) The Commissioner erred in determining that the Partnership overstated the value of the Film and that therefore the partners of the Partnership should be subject to penalties under Section 6659 of the Code.

(xix) The Commissioner erred in determining that the Partnership has improperly taken deductions and/or credits for tax motivated reasons, that the transactions were tax motivated and that therefore the annual rate of interest payable on the partners' taxes for the 1983-1986 taxable years should be 120 percent of the adjusted rate established under Section 6621 of the Code.

(xx) The Commissioner erred in determining that the Partnership substantially understated its taxable income for the 1983-1986 taxable years and that therefore to the extent

that the Section 6659 penalty does not apply, the partners of the Partnership should be subject to an addition to tax under Section 6661 of the Code.

6. The facts upon which Petitioner relies as the basis for the case are as follows:

(a) With respect to the Partnership during the 1983-1986 taxable years, Petitioner relies on the following facts:

(i) During the 1983-1986 taxable years, the Partnership was engaged in the business of owning, distributing and otherwise exploiting for profit both of the Films. "Lone Wolf McQuade" was directed and co-produced by Steve Carver. "Strange Invaders" was produced by Walter Coblenz and directed by Michael Laughlin. The Partnership purchased the Films from Orion Pictures Company (the "Seller"), an unrelated party, for $50,000 cash and the Note, which was a full recourse note in the amount of $10,550,000. In addition, the Partnership entered into a distribution agreement with the Seller pursuant to which the Partnership became entitled to receive license fees payable if the Films generated certain levels of gross receipts.

(ii) The purchase price of the Films was based on their production costs, was negotiated at arm's length with an unrelated party and therefore was equal to the Films' fair market value.

(iii) The transactions engaged in by the Partnership were bona fide arm's-length transactions at fair

market value, were entered into for profit and have economic substance.

(iv) The Films are tangible personal property for purposes of the investment tax credit.

(v) The amount of qualified investment and the extent of entitlement to the investment tax credit have been established.

(vi) Each partner assumed his proportionate share of the Note. Upon assuming his share of the Note, each partner was personally liable to the Seller on a full recourse basis. Thus, each partner is "at risk" for the full amount of his proportionate share of the Note.

(vii) The Note has economic substance, is a present liability and should therefore be included in the cost of the Films for purposes of depreciation and each partner's proportionate share of the Note should be included in the his basis in his Partnership interest.

(viii) The method of depreciation used and amount of depreciation claimed by the Partnership bear a proper relationship to the decline in the Films' usefulness.

(ix) "Lone Wolf McQuade" was placed in service by the Partnership on April 15, 1983, at which time it was released in 1,221 motion picture theaters.

(x) "Strange Invaders" was placed in service by the Partnership on September 16, 1983, at which time it was released in 274 motion picture theaters.

(xi) The amounts claimed as deductions for guaranteed payments to partners, office expenses, legal fees, amortization, accounting fees, advertising, advertising consulting fees, professional fees and other miscellaneous expenses were in fact incurred, constitute ordinary and necessary business expenses, are reasonable, are not excessive, have been substantiated and were not incurred for nondeductible syndication costs of the Partnership.

(xii) Each partner had a basis in his interest in the Partnership in excess of his distributive share of the losses and deductions incurred by the Partnership during 1983, 1984, 1985 and 1986.

(b) The adjustments and allegations set forth in the Notices of Final Partnership Administrative Adjustment are completely arbitrary and unjustified.

(c) The Partnership's deductions and/or credits have not been taken due to negligence or intentional disregard of rules and regulations.

(d) The Partnership has not overstated the value of the Films and any resulting alleged understatements of tax by the partners are not attributable to valuation overstatements.

(e) The Partnership has not substantially understated its taxable income for the taxable years involved.

(f) The Partnership has not taken deductions and/or credits for tax motivated reasons and the transactions involved were not tax motivated transactions.

6. Petitioner further asserts that, in the event any partner should make any payment to Respondent stemming from the adjustments set forth in the Notices of Final Partnership Administrative Adjustment (or any portion thereof) and it is subsequently determined he is not liable for the portion of the deficiency paid, the partner will then be entitled to a refund of the overpayment together with interest thereon as provided by law.

WHEREFORE, Petitioner prays that this Court try the case and:

1. Determine that there should be no adjustments to Partnership items for the years in issue.

2. Determine that Petitioner and all partners of the Partnership are not subject to the provisions of Section 6653 of the Code.

3. Determine that Petitioner and all partners of the Partnership are not subject to the provisions of Section 6659 of the Code.

4. Determine that Petitioner and all partners of the Partnership are not subject to the provisions of Section 6661 of the Code.

5. Determine that Petitioner and all partners of the Partnership are not subject to the provisions of Section 6621 of the Code.

6. Grant Petitioner such other and further relief to which Petitioner may be entitled.

DATED: October 4, 1991

Peter L. Faber
T.C. Bar No. FP0119
Kaye, Scholer, Fierman, Hays & Handler
425 Park Avenue
New York, New York 10022
(212) 836-8212
Attorneys for Petitioner

**EXHIBIT A**

Internal Revenue Service
Regional Director of Appeals

Department of the Treasury

903-419-881

Date: JUL 8 1991

Name of Partnership: Greenberg Brothers Partnership No. 12 A/K/A Lone Wolf McQuade Assoc.
Taxpayer Identifying Number: 13-3109971
Tax Year Ended: December 31, 1983
Date FPAA Mailed to Tax Matters Partner: JUL 8 1991
Person to Contact: Maurice S. Stein
Contact Telephone Number: (212) 264-7616

Tax Matters Partner
Greenberg Brothers Partnership No. 12
A/K/A Lone Wolf McQuade Associates
60 Madison Avenue
New York, N.Y. 10010

Dear Partner:

## NOTICE OF FINAL PARTNERSHIP ADMINISTRATIVE ADJUSTMENT

We have determined that there are adjustments to the partnership return as shown on the attached schedule of adjustments, Form 870-P, Agreement to Assessment and Collection of Deficiency in Tax for Partnership Adjustments. This letter is the notice of Final Partnership Administrative Adjustment (FPAA).

If you want to enter into a binding settlement to treat partnership items consistently with the treatment of the items on the partnership return as modified by the FPAA, please sign and return the enclosed Form 870-P. Signing and returning Form 870-P constitutes a settlement offer by you. If the Commissioner accepts your offer of settlement, the treatment of partnership items under the settlement will be binding and will not be affected by any later judicial determination.

If you are the tax matters partner (the partnership representative who deals with the IRS) and want to contest these adjustments in court, you have 90 days from the date this letter was mailed to file a petition for a readjustment of the partnership items with the United States Tax Court, the United States Claims Court, or the District Court of the United States for the district in which the partnership's principal place of business is located. During this 90-day period, no other partner may file a petition for judicial review and the filing of a petition by the tax matters partner precludes all other actions.

If the tax matters partner has NOT filed a petition by the 90th day from the date the FPAA was mailed, any other partner entitled to receive this notice under section 6223 of the Internal Revenue Code (or any group of partners who together have an interest of 5 percent or more in the profits of the partnership (5-percent group)) may petition one of these courts after the 90th day, but on or before the 150th day, from the date the FPAA was mailed to the tax matters partner. Only one petition to the court is allowed. If more than one petition is filed, the first petition filed in the Tax Court will go forward. All other petitions (even those filed earlier) will be dismissed. If no petition is filed in the Tax Court, the first petition filed in one of the other courts will go forward and subsequent petitions will be dismissed.

(over)

Form 870-P(AD) (June 1988)

Department of the Treasury – Internal Revenue Service

# Settlement Agreement For Partnership Adjustments

| Taxpayer(s) name(s), address, and zip code | Name of Partnership | Tax Year(s) Ended |
|---|---|---|
| Tax Matters Partner<br>Greenberg Brothers Partnership No.12<br>A/K/A Lone Wolf McQuade Associates<br>Two Soundview Drive<br>Greenwich, CT 06830-6471 | Greenberg Brothers Partnership No.12<br>A/K/A Lone Wolf McQuade Associates<br>Taxpayer Identifying Number: 13-3109971 | December 31, 1983 |
| Taxpayer Identifying Number: 13-3109971 | Name of Tax Matters Partner<br>Richard M. Greenberg | |

Under the provisions of section 6224(c) of the Internal Revenue Code, the undersigned offers to enter into a settlement agreement with respect to the determination of partnership items of the partnership for the year(s) shown on the attached schedule of adjustments. The undersigned, in accordance with the provisions of section 6224(b) of the Code, also offers to waive the restrictions on the assessment and collection of any deficiency attributable to partnership items (with interest as required by law) provided in section 6225(a).

This offer is subject to acceptance for the Commissioner of the Internal Revenue Service. It will take effect as a waiver of restrictions on the date it is accepted. Unless and until it is accepted, it will have no force or effect.

If this offer is accepted for the Commissioner, the treatment of partnership items under this agreement will not be reopened in the absence of fraud, malfeasance, or misrepresentation of fact; and no claim for refund or credit based on any change in the treatment of partnership items may be filed or prosecuted.

| Signature of taxpayer | Date |
|---|---|
| Signature of taxpayer | Date |
| By (Signature and title) | Date |

If this offer is executed by a tax matters partner, please include title with the signature.

**Note:** The execution and filing of this offer will expedite the adjustment of tax liability.

If this offer is executed with respect to a year for which a JOINT RETURN OF A HUSBAND AND WIFE was filed, it must be signed by both spouses, unless one spouse, acting under a power of attorney, signs as agent for the other.

If a taxpayer is a corporation, the offer must be signed with the corporate name followed by the signature and title of the officer authorized to sign.

This offer may be executed by the taxpayer's attorney or agent provided this action is specificallly authorized by a power of attorney which, if not previously filed, must accompany this form.

The submission of this offer by you and the acceptance of the offer for the Commissioner may result in an additional tax liability to you plus interest as provided by law. If the result is a decrease in tax, the amount of the decrease will be sent to you with interest as provided by law.

| For Internal Revenue Use Only | Date accepted for Commissioner | Signature |
|---|---|---|
| | Office | Title |

0025

Department of the Treasury — Internal Revenue Service

## Settlement Agreement For Partnership Adjustments

### Schedule of Adjustments

Name of Partnership Greenberg Brothers Partnership No.12
A/K/A Lone Wolf McQuade Associates
Taxpayer Identifying Number: 13-3109971

| | Tax Year(s) Ended | | |
|---|---|---|---|
| | 12/31/83 | | |
| **Detail of Adjustments To Ordinary Income** | | | |
| 1. Depreciation | $1,137,007 | | |
| 2. Interest | 540,932 | | |
| 3. Guaranteed Payments to Partners | 262,000 | | |
| 4. Advertizing | 1,795,000 | | |
| 5. Advertizing Consulting Fee | 350,000 | | |
| 6. Professional Fees | 59,939 | | |
| 7. Amortization | 3,948 | | |
| 8. Gross Receipts | ( 351,667) | | |
| 9. Interest Income | ( 13,173) | | |
| Total Adjustments To Ordinary Income | $3,783,986 | | |
| Other Adjustment: Qualified Investment Tax Credit Property | | | |
| (1) Adjustment | (9,865,412) | | |
| (2) As Reported | 9,865,412 | | |
| (3) Corrected | -0- | | |
| Other Adjustment: Net Earnings From Self-Employment | | | |
| (1) Adjustment | 38,687 | | |
| (2) As Reported | 223,313 | | |
| (3) Corrected | 262,000 | | |

**Remarks**

Other Adjustment: Net Investment Income (Loss)

| | |
|---|---|
| (1) Adjustment | 3,708,298 |
| (2) As Reported | (3,708,298) |
| (3) Corrected | -0- |

Other Adjustment: Partnership Note

The partnership note with Orion Pictures Corporation is determined to be non-recourse in substance because the partnership is protected against loss on the note and Orion Pictures Corporation has an interest in the activity other than as a creditor.

0026

GREENBERG BROTHERS PARTNERSHIP NO. 12
a/k/a LONE WOLF McQUADE ASSOCIATES
EIN: 13-3109971

EXPLANATION OF ADJUSTMENTS
TAXABLE YEAR ENDED DECEMBER 31, 1983

I. Adjustments To Ordinary Income

A. 1. It is determined that the deductions claimed by the partnership based on its claimed purchase of the films "Lone Wolf McQuade" and "Strange Invaders" are disallowed because in substance the partnership did not acquire the benefits and burdens of ownership in the films and is, therefore, not entitled to any of the deductions claimed.

2. In the alternative, if it is determined that the partnership acquired ownership interests in the films it is determined that acquisition of the films was not an activity entered into for profit under Section 183(a). Accordingly, any deductions claimed which have not been disallowed in full for the specific reasons set forth in Section B, below, are only allowed to the extent of partnership income in accordance with, and in the manner provided by, Sections 183(b)(1) and 183(b)(2).

B. It is further determined that the following partnership deductions are disallowed for the specific reasons stated:

1. Depreciation

a. It is determined that the deduction attributable to depreciation is disallowed because the method of depreciation does not bear a proper relationship to a decline in the films' usefulness and, in any event, the fair market value of the films has not been established.

b. Alternatively, it is determined that the portion of the depreciation deduction attributable to the amount of the note to Orion Pictures Company is disallowed because said note lacks economic substance, it is contingent and is not a present liability. Therefore, the note cannot be considered a partnership liability and cannot be added to the cost or depreciable basis of the film.

| Film Title | Amount of Note |
|---|---|
| Lone Wolf McQuade | $10,550,000.00 |
| Strange Invaders | |

GREENBERG BROTHERS PARTNERSHIP NO. 12
a/k/a LONE WOLF McQuade Associates
EIN: 13-3109971

EXPLANATION OF ADJUSTMENTS
TAXABLE YEARS ENDED DECEMBER 31, 1983

2. Interest Expense

a. It is determined that the deduction claimed for interest expense is not deductible because it has not been established that the amounts claimed were in fact paid or incurred and if paid or incurred were for the purpose stated, nor have you substantiated such deduction; and

b. The loan represented by the note is contingent and not a present liability.

3. Guaranteed Payments To Partners

4. Advertising

5. Avertising Consulting Fee

6. Professional Fees

7. Amortization

a. It is determined that the deductions shown above as numbers 3. through 7. are disallowed because it has not been established that the amounts claimed were in fact paid or incurred and if paid or incurred were for the purposes stated, nor have you substantiated such deductions; and

b. The deductions shown above as numbers 3. through 7., if in fact incurred, were incurred for nondeductible syndication cost of the partnership.

GREENBERG BROTHERS PARTNERSHIP NO. 12
a/k/a LONE WOLF McQUADE ASSOCIATES
EIN: 13-3109971

December 31, 1983

FOR INFORMATION PURPOSES ONLY

The explanations stated below are provided for your information. The explanations state the reasons why the stated penalties, interest on tax motivated transactions and/or the provisions of I.R.C. section 465 may be asserted after the partnership proceedings have been completed. The Court will not have jurisdiction to consider the partners' penalties or loss deduction limitation under sec. 465 raised in this Notice of Final Partnership Administrative Adjustment (FPAA) pursuant to Internal Revenue Code Sections 6231(a)(3) and 6626(f). Thus, you should not raise any penalty or loss limitation issue should you decide to petition the Court with respect to this FPAA.

I.R.C. Section 465

It has been determined that the partners are subject to the provisions of Section 465 of the Internal Revenue Code. You will not be allowed to increase your basis for claiming losses by your assumption agreement since: (1) the terms of the purchase and distribution agreements constitute a stop loss agreement protecting you from loss, and (2) the creditor has an interest other than as a creditor.

Section 6621(c) Tax Motivated Interest

It is determined that the partnership for 1983 has improperly taken deductions and/or credits for tax motivated reasons. Penalty I.R.C. Section 6621(c) is applicable at the individual partner level and will be raised in separate proceedings at the partner level following the present partnership proceeding.

This shelter is deemed to be a tax motivated transaction. As such, the adjustments to the investors returns from this entity are subject to I.R.C. §6621(c). Interest accruing after 12/31/84 with respect to a substantial understatement of over $1,000.00 for any tax year will be imposed at an annual rate equal to 120% of the normal interest rate on the deficiency.

GREENBERG BROTHERS PARTNERSHIP NO. 12
a/k/a LONE WOLF McQUADE ASSOCIATES
E.I.N. 13-3109971

December 31, 1983

FOR INFORMATION PURPOSES ONLY

I.R.C. Section 6653(a)

It is determined that the partnership for 1983 has improperly taken deductions and/or credit due to negligence or intentional disregard of rules and regulations. Penalty I.R.C. Section 6653(a)(1) and (2) are applicable at the individual partner level and will be raised in separate proceedings at the partner level following the present partnership proceeding.

I.R.C. Section 6659

It is determined that the partnership for 1983 overstated the value of the film. The penalty provision of I.R.C. Section 6659 is applicable at the individual partner level and will be raised in separate proceedings at the partner level following the present partnership proceeding.

I.R.C. Section 6661

In the alternative to the application of I.R.C. Section 6659, it is determined that the partnership for 1983 substantially understated its tax income. Penalty I.R.C. Section 6661 is applicable at the individual partner level and will be raised in separate proceedings at the partner level following the present partnership proceeding.

GREENBERG BROTHERS PARTNERSHIP NO. 12
a/k/a LONE WOLF MCQUADE ASSOCIATES
EIN: 13-3109971

EXPLANATION OF ADJUSTMENTS
TAXABLE YEAR ENDED DECEMBER 31, 1983

ALTERNATIVE POSITION

A. Alternatively, because the fair market value of the films has not been established, and because the note to which the films are nominally subject lacks economic substance, said note cannot be included in your basis in the films.

B. Alternatively, if it decided that the disallowed partnership deductions are allowable in whole or in part, then it is determined that you are subject to the provisions of Section 465. The partnership note held by Orion Pictures Corporation is determined to be nonrecourse in substance because payments under this note are not required and have not been made. Therefore, the partnership is protected against loss on the note. Additionally, Orion Pictures Corporation has an interest in the activity other than as a creditor.

II. Other Adjustments

A. Qualified Investment Tax Credit Property

It is determined that no investment tax credit is allowable since the partner ship did not acquire the benefits and burdens of ownership of the films, or altern tively, the partnership motion picture activity was not entered into for profit and the movies are not property subject to an allowance for depreciation. Further more, the investment tax credit is disallowed because you have not established the amount, if any, of qualified investment and the extent, if any, of entitlement to the credit.

B. Net Earnings From Self-Employment

C. Net Investment Income

The amounts reported as net earnings from self-employment and net investment income are adjusted to reflect the adjustments to ordinary income.

D. Partnership Note

See explanation for Alternative Position B., above.

Internal Revenue Service
Regional Director of Appeals

Department of the Treasury

Date: JUL 0 8 1991

Name of Partnership: Greenberg Brothers Partnership No.12 A/K/A Lone Wolf McQuade Associate
Taxpayer Identifying Number: 13-3109971
Tax Year Ended: December 31, 1984
Date FPAA Mailed to Tax Matters Partner: JUL 0 8 1991
Person to Contact: Maurice S. Stein
Contact Telephone Number: (212) 264-7616

Tax Matters Partner
Greenberg Brothers Partnership No.12
A/K/A Lone Wolf McQuade Associates
60 Madison Avenue
New York, N.Y. 10010

Dear Partner:

## NOTICE OF FINAL PARTNERSHIP ADMINISTRATIVE ADJUSTMENT

We have determined that there are adjustments to the partnership return as shown on the attached schedule of adjustments, Form 870-P, Agreement to Assessment and Collection of Deficiency in Tax for Partnership Adjustments. This letter is the notice of Final Partnership Administrative Adjustment (FPAA).

If you want to enter into a binding settlement to treat partnership items consistently with the treatment of the items on the partnership return as modified by the FPAA, please sign and return the enclosed Form 870-P. Signing and returning Form 870-P constitutes a settlement offer by you. If the Commissioner accepts your offer of settlement, the treatment of partnership items under the settlement will be binding and will not be affected by any later judicial determination.

If you are the tax matters partner (the partnership representative who deals with the IRS) and want to contest these adjustments in court, you have 90 days from the date this letter was mailed to file a petition for a readjustment of the partnership items with the United States Tax Court, the United States Claims Court, or the District Court of the United States for the district in which the partnership's principal place of business is located. During this 90-day period, no other partner may file a petition for judicial review and the filing of a petition by the tax matters partner precludes all other actions.

If the tax matters partner has NOT filed a petition by the 90th day from the date the FPAA was mailed, any other partner entitled to receive this notice under section 6223 of the Internal Revenue Code (or any group of partners who together have an interest of 5 percent or more in the profits of the partnership (5-percent group)) may petition one of these courts after the 90th day, but on or before the 150th day, from the date the FPAA was mailed to the tax matters partner. Only one petition to the court is allowed. If more than one petition is filed, the first petition filed in the Tax Court will go forward. All other petitions (even those filed earlier) will be dismissed. If no petition is filed in the Tax Court, the first petition filed in one of the other courts will go forward and subsequent petitions will be dismissed.

(over)

0032

New York City Appeals Office
P.O. Box 2954, Church Street Station, New York, N.Y. 10008