Form 870-P(AD) (June 1988)

Department of the Treasury — Internal Revenue Service

# Settlement Agreement For Partnership Adjustments

| Taxpayer(s) name(s), address, and zip code | Name of Partnership | Tax Year(s) Ended |
| --- | --- | --- |
| Tax Matters Partner<br>Greenberg Brothers Partnership<br>No.12 A/K/A Lone Wolf McQuade<br>Associates<br>Two Soundview Drive<br>Greenwich, CT 06830-6471<br>Taxpayer Identifying Number: 13-3109971 | Greenberg Brothers Partnership<br>No.12 A/K/A Lone Wolf McQuade<br>Associates<br>Taxpayer Identifying Number: 13-3109971 | December 31, 1984 |
| | Name of Tax Matters Partner<br>Richard M. Greenberg | |

Under the provisions of section 6224(c) of the Internal Revenue Code, the undersigned offers to enter into a settlement agreement with respect to the determination of partnership items of the partnership for the year(s) shown on the attached schedule of adjustments. The undersigned, in accordance with the provisions of section 6224(b) of the Code, also offers to waive the restrictions on the assessment and collection of any deficiency attributable to partnership items (with interest as required by law) provided in section 6225(a).

This offer is subject to acceptance for the Commissioner of the Internal Revenue Service. It will take effect as a waiver of restrictions on the date it is accepted. Unless and until it is accepted, it will have no force or effect.

If this offer is accepted for the Commissioner, the treatment of partnership items under this agreement will not be reopened in the absence of fraud, malfeasance, or misrepresentation of fact; and no claim for refund or credit based on any change in the treatment of partnership items may be filed or prosecuted.

| | |
| --- | --- |
| Signature of taxpayer | Date |
| Signature of taxpayer | Date |
| By (Signature and title) | Date |

If this offer is executed by a tax matters partner, please include title with the signature.

**Note:** The execution and filing of this offer will expedite the adjustment of tax liability.

If this offer is executed with respect to a year for which a JOINT RETURN OF A HUSBAND AND WIFE was filed, it must be signed by both spouses, unless one spouse, acting under a power of attorney, signs as agent for the other.

If a taxpayer is a corporation, the offer must be signed with the corporate name followed by the signature and title of the officer authorized to sign.

This offer may be executed by the taxpayer's attorney or agent provided this action is specificallly authorized by a power of attorney, which, if not previously filed, must accompany this form.

The submission of this offer by you and the acceptance of the offer for the Commissioner may result in an additional tax liability to you plus interest as provided by law. If the result is a decrease in tax, the amount of the decrease will be sent to you with interest as provided by law.

| For Internal Revenue Use Only | Date accepted for Commissioner | Signature |
| --- | --- | --- |
| | Office | Title |

0033

Department of the Treasury — Internal Revenue Service

## Settlement Agreement For Partnership Adjustments

### Schedule of Adjustments

Name of Partnership: Greenberg Brothers Partnership No. 12 a/k/a Lone Wolf McQuade Associates

Taxpayer Identifying Number: 13-3109971

| Detail of Adjustments To Ordinary Income | Tax Year(s) Ended 12/31/84 | | |
|---|---|---|---|
| 1. Depreciation | $2,223,480 | | |
| 2. Interest | 1,180,424 | | |
| 3. Guaranteed Payments to Partners | 300 | | |
| 4. Legal Fees | 754 | | |
| 5. Accounting Fees | 6,811 | | |
| 6. Miscellaneous Expenses | 75,281 | | |
| 7. Amortization | 5,264 | | |
| 8. Gross Receipts | (1,070,000) | | |
| 9. Interest Income | 106,975) | | |
| Total Adjustments To Ordinary Income | $2,315,339 | | |
| Other Adjustment: Qualified Interest Income (Loss) | | | |
| (1) Adjustment | (1,176,975) | | |
| (2) As Reported | ~~1,176,975~~ | | |
| (3) Corrected | -0- | | |
| Other Adjustment: | | | |
| (1) Adjustment | (3,492,314) | | |
| (2) As Reported | 3,492,314 | | |
| (3) Corrected | -0- | | |

Remarks

Other Adjustment: Partnership Note

The partnership note with Orion Pictures Corporation is determined to be non-recourse in substance because the partnership is protected against loss on the note and Orion Pictures Corporation has an interest in the activity other than as a creditor.

0034

GREENBERG BROTHERS PARTNERSHIP NO. 12
a/k/a LONE WOLF McQUADE ASSOCIATES
EIN: 13-3109971

EXPLANATION OF ADJUSTMENTS
TAXABLE YEAR ENDED DECEMBER 31, 1984

I. Adjustments To Ordinary Income

A. 1. It is determined that the deductions claimed by the partnership based on its claimed purchase of the films "Lone Wolf McQuade" and "Strange Invaders" are disallowed because in substance the partnership did not acquire the benefits and burdens of ownership in the films and is, therefore, not entitled to any of the deductions claimed.

2. In the alternative, if it is determined that the partnership acquired ownership interests in the films it is determined that acquisition of the films was not an activity entered into for profit under Section 183(a). Accordingly, any deductions claimed which have not been disallowed in full for the specific reasons set forth in Section B, below, are only allowed to the extent of partnership income in accordance with, and in the manner provided by, Sections 183(b)(1) and 183(b)(2).

B. It is further determined that the following partnership deductions are disallowed for the specific reasons stated:

1. Depreciation

a. It is determined that the deduction attributable to depreciation is disallowed because the method of depreciation does not bear a proper relationship to a decline in the films' usefulness and, in any event, the fair market value of the films has not been established.

b. Alternatively, it is determined that the portion of the depreciation deduction attributable to the amount of the note to Orion Pictures Corporation is disallowed because said note lacks economic substance, it is contingent and is not a present liability. Therefore, the note cannot be considered a partnership liability and cannot be added to the cost or depreciable basis of the film.

| Film Title | Amount of Note |
|---|---|
| Lone Wolf McQuade | $10,550,000.00 |
| Strange Invaders | |

GREENBERG BROTHERS PARTNERSHIP NO. 12
a/k/a LONE WOLF McQUADE ASSOCIATES
EIN: 13-3109971

EXPLANATION OF ADJUSTMENTS
TAXABLE YEAR ENDED DECEMBER 31, 1984

2. Interest Expense

a. It is determined that the deduction claimed for interest expense is not deductible because it has not been established that the amounts claimed were in fact paid or incurred and if paid or incurred was for the purpose stated, nor have you substantiated such deduction; and

b. The loan represented by the note is contingent and is not a present liability.

3. Guaranteed Payments to Partners

4. Legal Fees

5. Accounting Fees

6. Miscellaneous Expenses

7. Amortization

a. It is determined that the deductions shown above as numbers 3. to 7. are disallowed because it has not been established that the amounts claimed were in fact paid or incurred and if paid or incurred were for the purposes stated, nor have you substantiated such deductions; and

b. The deductions shown above as numbers 3. through 7, if in fact incurred, were incurred for nondeductible syndication cost of the partnership.

GREENBERG BROTHERS PARTNERSHIP NO. 12
a/k/a LONE WOLF McQuade Associates
EIN: 13-3109971

EXPLANATION OF ADJUSTMENTS
TAXABLE YEAR ENDED DECEMBER 31, 1984

ALTERNATIVE POSITION

A. Alternatively, because the fair market value of the film has not been established, and because the note to which the films are nominally subject lacks economic substance, said note cannot be included in your basis in the films.

B. Alternatively, if it decided that the disallowed partnership deductions are allowable in whole or in part, then it is determined that you are subject to the provisions of Section 465. The partnership note held by Orion Pictures Corporation is determined to be nonrecourse in substance because payments under this note are not required and have not been made. Therefore, the partnership is protected against loss on the note. Additionally, Orion Pictures Corporation has an interest in the activity other than as a creditor.

II. Other Adjustments

A. Qualified Investment Income (Loss)

B. Qualified Investment Expenses

The amounts reported as qualified investment income (loss) and qualified investment expenses are adjusted to relect the adjustments to ordinary income.

C. Partnership Note

See explanation for Alternative Position B., above.

GREENBERG BROTHERS PARTNERSHIP NO. 12
a/k/a LONE WOLF McQUADE ASSOCIATES
EIN: 13-3109971

December 31, 1984

FOR INFORMATION PURPOSES ONLY

The explanations stated below are provided for your information. The explanations state the reasons why the stated penalties, interest on tax motivated transactions and/or the provisions of I.R.C. section 465 may be asserted after the partnership proceedings have been completed. The Court will not have jurisdiction to consider the partners' penalties or loss deduction limitation under sec. 465 raised in this Notice of Final Partnership Administrative Adjustment (FPAA) pursuant to Internal Revenue Code Sections 6231(a)(3) and 6626(f). Thus, you should not raise any penalty or loss limitation issue should you decide to petition the Court with respect to this FPAA.

I.R.C. Section 465

It has been determined that the partners are subject to the provisions of Section 465 of the Internal Revenue Code. You will not be allowed to increase your basis for claiming losses by your assumption agreement since: (1) the terms of the purchase and distribution agreements constitute a stop loss agreement protecting you from loss, and (2) the creditor has an interest other than as a creditor.

Section 6621(c) Tax Motivated Interest

It is determined that the partnership for 1984 has improperly taken deductions and/or credits for tax motivated reasons. Penalty I.R.C. Section 6621(c) is applicable at the individual partner level and will be raised in separate proceedings at the partner level following the present partnership proceeding.

This shelter is deemed to be a tax motivated transaction. As such, the adjustments to the investors returns from this entity are subject to I.R.C. §6621(c). Interest accruing after 12/31/84 with respect to a substantial understatement of over $1,000.00 for any tax year will be imposed at an annual rate equal to 120% of the normal interest rate on the deficiency.

GREENBERG BROTHERS PARTNERSHIP NO. 12
a/k/a LONE WOLF McQUADE ASSOCIATES
E.I.N. 13-3109971

December 31, 1984

FOR INFORMATION PURPOSES ONLY

I.R.C. Section 6653(a)

It is determined that the partnership for 1984 has improperly taken deductions and/or credit due to negligence or intentional disregard of rules and regulations. Penalty I.R.C. Section 6653(a)(1) and (2) are applicable at the individual partner level and will be raised in separate proceedings at the partner level following the present partnership proceeding.

I.R.C. Section 6659

It is determined that the partnership for 1984 overstated the value of the film. The penalty provision of I.R.C. Section 6659 is applicable at the individual partner level and will be raised in separate proceedings at the partner level following the present partnership proceeding.

I.R.C. Section 6661

In the alternative to the application of I.R.C. Section 6659, it is determined that the partnership for 1984 substantially understated its tax income. Penalty I.R.C. Section 6661 is applicable at the individual partner level and will be raised in separate proceedings at the partner level following the present partnership proceeding.

Internal Revenue Service
Regional Director of Appeals

Department of the Treasury

Date: JUL 8 1991

Name of Partnership: Greenberg Brothers Partnership No.12 A/K/A Lone Wolf McQuade Associates
Taxpayer Identifying Number: 13-3109971
Tax Year Ended: December 31, 1985
Date FPAA Mailed to Tax Matters Partner: JUL 8 1991
Person to Contact: Maurice S. Stein
Contact Telephone Number: (212) 264-7616

Richard M. Greenberg
Tax Matters Partner
Greenberg Brothers Partnership No.12
A/K/A Lone Wolf McQuade Associates
1175 York Avenue (PHB-3)
New York, N.Y. 10021-7169

Dear Mr. Goldberg:

## NOTICE OF FINAL PARTNERSHIP ADMINISTRATIVE ADJUSTMENT

We have determined that there are adjustments to the partnership return as shown on the attached schedule of adjustments, Form 870-P, Agreement to Assessment and Collection of Deficiency in Tax for Partnership Adjustments. This letter is the notice of Final Partnership Administrative Adjustment (FPAA).

If you want to enter into a binding settlement to treat partnership items consistently with the treatment of the items on the partnership return as modified by the FPAA, please sign and return the enclosed Form 870-P. Signing and returning Form 870-P constitutes a settlement offer by you. If the Commissioner accepts your offer of settlement, the treatment of partnership items under the settlement will be binding and will not be affected by any later judicial determination.

If you are the tax matters partner (the partnership representative who deals with the IRS) and want to contest these adjustments in court, you have 90 days from the date this letter was mailed to file a petition for a readjustment of the partnership items with the United States Tax Court, the United States Claims Court, or the District Court of the United States for the district in which the partnership's principal place of business is located. During this 90-day period, no other partner may file a petition for judicial review and the filing of a petition by the tax matters partner precludes all other actions.

If the tax matters partner has NOT filed a petition by the 90th day from the date the FPAA was mailed, any other partner entitled to receive this notice under section 6223 of the Internal Revenue Code (or any group of partners who together have an interest of 5 percent or more in the profits of the partnership (5-percent group)) may petition one of these courts after the 90th day, but on or before the 150th day, from the date the FPAA was mailed to the tax matters partner. Only one petition to the court is allowed. If more than one petition is filed, the first petition filed in the Tax Court will go forward. All other petitions (even those filed earlier) will be dismissed. If no petition is filed in the Tax Court, the first petition filed in one of the other courts will go forward and subsequent petitions will be dismissed.

(over)



New York City Appeals Office
P.O. Box 2954, Church Street Station, New York, N.Y. 10008

Letter 1830(AD) (Rev. 7-88

Form 870-P(AD)
(June 1988)

Department of the Treasury — Internal Revenue Service

**Settlement Agreement For Partnership Adjustments**

| Taxpayer(s) name(s), address, and zip code | Name of Partnership | Tax Year(s) Ended |
|---|---|---|
| Tax Matters Partner<br>Greenberg Brothers Partnership No.12<br>A/K/A Lone Wolf McQuade Associates<br>Two Soundview Drive<br>Greenwich, CT 06830-6471 | Greenberg Brothers Partnership No.12 A/K/A lone Wolf McQuade Associates<br>Taxpayer Identifying Number: 13-3109971 | December 31, 1985 |
| Taxpayer Identifying Number: 13-3109971 | Name of Tax Matters Partner<br>Richard M. Greenberg | |

Under the provisions of section 6224(c) of the Internal Revenue Code, the undersigned offers to enter into a settlement agreement with respect to the determination of partnership items of the partnership for the year(s) shown on the attached schedule of adjustments. The undersigned, in accordance with the provisions of section 6224(b) of the Code, also offers to waive the restrictions on the assessment and collection of any deficiency attributable to partnership items (with interest as required by law) provided in section 6225(a).

This offer is subject to acceptance for the Commissioner of the Internal Revenue Service. It will take effect as a waiver of restrictions on the date it is accepted. Unless and until it is accepted, it will have no force or effect.

If this offer is accepted for the Commissioner, the treatment of partnership items under this agreement will not be reopened in the absence of fraud, malfeasance, or misrepresentation of fact; and no claim for refund or credit based on any change in the treatment of partnership items may be filed or prosecuted.

| Signature of taxpayer | Date |
|---|---|
| Signature of taxpayer | Date |
| Signature and title) | Date |

If this offer is executed by a tax matters partner, please include title with the signature.

**Note:** The execution and filing of this offer will expedite the adjustment of tax liability.

If this offer is executed with respect to a year for which a JOINT RETURN OF A HUSBAND AND WIFE was filed, it must be signed by both spouses, unless one spouse, acting under a power of attorney, signs as agent for the other.

If a taxpayer is a corporation, the offer must be signed with the corporate name followed by the signature and title of the officer authorized to sign.

This offer may be executed by the taxpayer's attorney or agent provided this action is specificallly authorized by a power of attorney, which, if not previously filed, must accompany this form.

The submission of this offer by you and the acceptance of the offer for the Commissioner may result in an additional tax liability to you plus interest as provided by law. If the result is a decrease in tax, the amount of the decrease will be sent to you with interest as provided by law.

| For Internal Revenue Use Only | Date accepted for Commissioner | Signature |
|---|---|---|
| | Office | Title |

Department of the Treasury — Internal Revenue Service

# Settlement Agreement For Partnership Adjustments

## Schedule of Adjustments

| Name of Partnership Greenberg Brothers Partnership No.12 A/K/A Lone Wolf McQuade Associates Taxpayer Identifying Number: 13-3109971 | Tax Year(s) Ended 12/31/85 | | |
|---|---|---|---|
| **Detail of Adjustments To Ordinary Income** | | | |
| 1. Depreciation | $2,122,413 | | |
| 2. Interest | 1,104,477 | | |
| 3. Guaranteed payments to partners | 300 | | |
| 4. Legal Fees | 902 | | |
| 5. Accounting Fees | 2,955 | | |
| 6. Amortization | 5,264 | | |
| 7. Gross Receipts | (1,070,000) | | |
| 8. Interest Income | ( 50,559) | | |
| Total Adjustments To Ordinary Income | $2,115,752 | | |
| Other Adjustment: Net Earnings from Self-Employment | | | |
| (1) Adjustment | 42,316 | | |
| (2) As Reported | ( 42,016) | | |
| (3) Corrected | 300 | | |
| Other Adjustment: Qualified Investment Income (Loss) | | | |
| (1) Adjustment | (1,120,559) | | |
| (2) As Reported | 1,120,559 | | |
| (3) Corrected | -0- | | |

Remarks

Other Adjustment: Qualified Investment Expenses

| | |
|---|---|
| (1) Adjustment | (3,236,311) |
| (2) As Reported | 3,236,311 |
| | -0- |

Other Adjustment: Partnership Note

The partnership note with Orion Pictures Corporation is determined to be non-recourse in substance because the partnership is protected against loss on the note and Orion Pictures Corporation has an interest in the activity other than as a creditor.

0042

GREENBERG BROTHERS PARTNERSHIP NO. 12
a/k/a LONE WOLF McQUADE ASSOCIATES
EIN: 13-3109971

EXPLANATION OF ADJUSTMENTS
TAXABLE YEAR ENDED DECEMBER 31, 1985

I. Adjustments To Ordinary Income

A. 1. It is determined that the deductions claimed by the partnership based on its claimed purchase of the films "Lone Wolf McQuade" and "Strange Invaders" are disallowed because in substance the partnership did not acquire the benefits and burdens of ownership in the films and is, therefore, not entitled to any of the deductions claimed.

2. In the alternative, if it is determined that the partnership acquired ownership interests in the films it is determined that acquisition of the films was not an activity entered into for profit under Section 183(a). Accordingly, any deductions claimed which have not been disallowed in full for the specific reasons set forth in Section B, below, are only allowed to the extent of partnership income in accordance with, and in the manner provided by, Sections 183(b)(1) and 183(b)(2).

B. It is further determined that the following partnership deductions are disallowed for the specific reasons stated:

1. Depreciation

a. It is determined that the deduction attributable to depreciation is disallowed because the method of depreciation does not bear a proper relationship to a decline in the films' usefulness and, in any event, the fair market value of the films has not been established.

b. Alternatively, it is determined that the portion of the depreciation deduction attributable to the amount of the note to Orion Pictures Corporation is disallowed because said note lacks economic substance, it is contingent and is not a present liability. Therefore, the note cannot be considered a partnership liability and cannot be added to the cost or depreciable basis of the film.

| Film Title | Amount of Note |
|---|---|
| Lone Wolf McQuade | $10,550,000.00 |
| Strange Invaders | |

GREENBERG BROTHERS PARTNERSHIP NO. 12
a/k/a LONE WOLF McQUADE ASSOCIATES
EIN: 13-3109971

EXPLANATION OF ADJUSTMENTS
TAXABLE YEARS ENDED DECEMBER 31, 1985

2. Interest Expense

a. It is determined that the deduction claimed for interest expense is not deductible because it has not been established that the amounts claimed were in fact paid or incurred and if paid or incurred were for the purpose stated, nor have you substantiated such deduction; and

b. The loan represented by the note is contingent and not a present liability.

3. Guaranteed Payments To Partners

4. Legal Fees

5. Accounting Fees

6. Amortization

a. It is determined that the deductions shown above as numbers 3. through 6. are disallowed because it has not been established that the amounts claimed were in fact paid or incurred and if paid or incurred were for the purposes stated, nor have you substantiated such deductions; and

b. The deductions shown above as numbers 3. through 6., if in fact incurred, were incurred for nondeductible syndication cost of the partnership.

GREENBERG BROTHERS PARTNERSHIP NO. 12
a/k/a LONE WOLF McQUADE ASSOCIATES
EIN: 13-3109971

EXPLANATION OF ADJUSTMENTS
TAXABLE YEAR ENDED DECEMBER 31, 1985

ALTERNATIVE POSITION

A. Alternatively, because the fair market value of the film has not been established, and because the note to which the films are nominally subject lacks economic substance, said note cannot be included in your basis in the films.

B. Alternatively, if it decided that the disallowed partnership deductions are allowable in whole or in part, then it is determined that you are subject to the provisions of Section 465. The partnership note held by Orion Pictures Corporation is determined to be nonrecourse in substance because payments under this note are not required and have not been made. Therefore, the partnership is protected against loss on the note. Additionally, Orion Pictures Corporation has an interest in the activity other than as a creditor.

II. Other Adjustments

A. Net Earnings From Self-Employment

B. Qualified Investment Income (Loss)

C. Qualified Investment Expenses

The amounts reported as net earnings from self-employment, qualified investment income (loss) and qualified investment expenses are adjusted to reflect the adjustments to ordinary income.

D. Partnership Note

See explanation for Alternative Position B., above.

GREENBERG BROTHERS PARTNERSHIP NO. 12 December 31, 1985
a/k/a LONE WOLF McQUADE ASSOCIATES
EIN: 13-3109971

FOR INFORMATION PURPOSES ONLY

The explanations stated below are provided for your information. The explanations state the reasons why the stated penalties, interest on tax motivated transactions and/or the provisions of I.R.C. section 465 may be asserted after the partnership proceedings have been completed. The Court will not have jurisdiction to consider the partners' penalties or loss deduction limitation under sec. 465 raised in this Notice of Final Partnership Administrative Adjustment (FPAA) pursuant to Internal Revenue Code Sections 6231(a)(3) and 6626(f). Thus, you should not raise any penalty or loss limitation issue should you decide to petition the Court with respect to this FPAA.

I.R.C. Section 465

It has been determined that the partners are subject to the provisions of Section 465 of the Internal Revenue Code. You will not be allowed to increase your basis for claiming losses by your assumption agreement since: (1) the terms of the purchase and distribution agreements constitute a stop loss agreement protecting you from loss, and (2) the creditor has an interest other than as a creditor.

Section 6621(c) Tax Motivated Interest

It is determined that the partnership for 1985 has improperly taken deductions and/or credits for tax motivated reasons. Penalty I.R.C. Section 6621(c) is applicable at the individual partner level and will be raised in separate proceedings at the partner level following the present partnership proceeding.

This shelter is deemed to be a tax motivated transaction. As such, the adjustments to the investors returns from this entity are subject to I.R.C. §6621(c). Interest accruing after 12/31/84 with respect to a substantial understatement of over $1,000.00 for any tax year will be imposed at an annual rate equal to 120% of the normal interest rate on the deficiency.

GREENBERG BROTHERS PARTNERSHIP NO. 12
a/k/a LONE WOLF McQUADE ASSOCIATES
E.I.N. 13-3109971

December 31, 1985

FOR INFORMATION PURPOSES ONLY

I.R.C. Section 6653(a)

It is determined that the partnership for 1985 has improperly taken deductions and/or credit due to negligence or intentional disregard of rules and regulations. Penalty I.R.C. Section 6653(a)(1) and (2) are applicable at the individual partner level and will be raised in separate proceedings at the partner level following the present partnership proceeding.

I.R.C. Section 6659

It is determined that the partnership for 1985 overstated the value of the film. The penalty provision of I.R.C. Section 6659 is applicable at the individual partner level and will be raised in separate proceedings at the partner level following the present partnership proceeding.

I.R.C. Section 6661

In the alternative to the application of I.R.C. Section 6659, it is determined that the partnership for 1985 substantially understated its tax income. Penalty I.R.C. Section 6661 is applicable at the individual partner level and will be raised in separate proceedings at the partner level following the present partnership proceeding.

**Internal Revenue Service**
**Regional Director of Appeals**

903-419-887

Department of the Treasury

Date: JUL 0 8 1991

Name of Partnership: Greenberg Bros. Partnership #12 a/k/a Lone Wolf McQuade Ass
Taxpayer Identifying Number:
13-3109971
Tax Year Ended:
December 31, 1986
Date FPAA Mailed to Tax Matters Partner:
JUL 0 8 1991
Person to Contact:
Maurice S. Stein
Contact Telephone Number:
(212) 264-7616

Tax Matters Partner
Greenberg Brothers Partnership No.12
a/k/a Lone Wolf McQuade Associates
Two Soundview Drive
Greenwich, CT 06830-6471

ear Partner:

## NOTICE OF FINAL PARTNERSHIP ADMINISTRATIVE ADJUSTMENT

We have determined that there are adjustments to the partnership return as shown on the attached schedule of adjustments, Form 870-P, Agreement to Assessment and Collection of Deficiency in Tax for Partnership Adjustments. This letter is the notice of Final Partnership Administrative Adjustment (FPAA).

If you want to enter into a binding settlement to treat partnership items consistently with the treatment of the items on the partnership return as modified by the FPAA, please sign and return the enclosed Form 870-P. Signing and returning Form 870-P constitutes a settlement offer by you. If the Commissioner accepts your offer of settlement, the treatment of partnership items under the settlement will be binding and will not be affected by any later judicial determination.

If you are the tax matters partner (the partnership representative who deals with the RS) and want to contest these adjustments in court, you have 90 days from the date this letter was mailed to file a petition for a readjustment of the partnership items with the United States Tax Court, the United States Claims Court, or the District Court of the United States for the district in which the partnership's principal place of business is located. During this 90-day period, no other partner may file a petition for judicial review and the filing of a petition by the tax matters partner precludes all other actions.

If the tax matters partner has NOT filed a petition by the 90th day from the date the FPAA was mailed, any other partner entitled to receive this notice under section 6223 of the Internal Revenue Code (or any group of partners who together have an interest of 5 percent or more in the profits of the partnership (5-percent group)) may petition one of these courts after the 90th day, but on or before the 150th day, from the date the FPAA was mailed to the tax matters partner. Only one petition to the court is allowed. If more than one petition is filed, the first petition filed in the Tax Court will go forward. All other petitions (even those filed earlier) will be dismissed. If no petition is filed in the Tax Court, the first petition filed in one of the other courts will go forward and subsequent petitions will be dismissed.

(over)



New York City Appeals Office

Form 870-P(AD)
(June 1988)

Department of the Treasury – Internal Revenue Service

**Settlement Agreement For Partnership Adjustments**

| Taxpayer(s) name(s), address, and zip code | Name of Partnership | Tax Year(s) Ended |
|---|---|---|
| Tax Matters Partner<br>Greenberg Brothers Partnership No.12 A/K/A Lone Wolf McQuade Associates<br>Two Soundview Drive<br>Greenwich, CT 06830-6471<br>Taxpayer Identifying Number: 13-3109971 | Greenberg Brothers Partnership No.12 A/K/A Lone Wolf McQuade Assoc<br>Taxpayer Identifying Number: 13-3109971<br>Name of Tax Matters Partner<br>Richard M. Greenberg | December 31, 1986 |

Under the provisions of section 6224(c) of the Internal Revenue Code, the undersigned offers to enter into a settlement agreement with respect to the determination of partnership items of the partnership for the year(s) shown on the attached schedule of adjustments. The undersigned, in accordance with the provisions of section 6224(b) of the Code, also offers to waive the restrictions on the assessment and collection of any deficiency attributable to partnership items (with interest as required by law) provided in section 6225(a).

This offer is subject to acceptance for the Commissioner of the Internal Revenue Service. It will take effect as a waiver of restrictions on the date it is accepted. Unless and until it is accepted, it will have no force or effect.

If this offer is accepted for the Commissioner, the treatment of partnership items under this agreement will not be reopened in the absence of fraud, malfeasance, or misrepresentation of fact; and no claim for refund or credit based on any change in the treatment of partnership items may be filed or prosecuted.

| | |
|---|---|
| Signature of taxpayer | Date |
| ature of taxpayer | Date |
| By (Signature and title) | Date |

If this offer is executed by a tax matters partner, please include title with the signature.

**Note:** The execution and filing of this offer will expedite the adjustment of tax liability.

If this offer is executed with respect to a year for which a JOINT RETURN OF A HUSBAND AND WIFE was filed, it must be signed by both spouses, unless one spouse, acting under a power of attorney, signs as agent for the other.

If a taxpayer is a corporation, the offer must be signed with the corporate name followed by the signature and title of the officer authorized to sign.

This offer may be executed by the taxpayer's attorney or agent provided this action is specificallly authorized by a power of attorney, which, if not previously filed, must accompany this form.

The submission of this offer by you and the acceptance of the offer for the Commissioner may result in an additional tax liability to you plus interest as provided by law. If the result is a decrease in tax, the amount of the decrease will be sent to you with interest as provided by law.

| For Internal Revenue Use Only | Date accepted for Commissioner | Signature |
|---|---|---|
| | Office | Title |

Department of the Treasury — Internal Revenue Service

## Settlement Agreement For Partnership Adjustments

### Schedule of Adjustments

Name of Partnership Greenberg Brothers Partnership No.12 A/K/A Lone Wolf McQuade Associates
Taxpayer Identifying Number: 13-3109971

| Detail of Adjustments To Ordinary Income | Tax Year(s) Ended 12/31/86 | | |
|---|---|---|---|
| 1. Depreciation | $2,122,413 | | |
| 2. Interest | 1,063,658 | | |
| 3. Guaranteed Payments to Partners | 594 | | |
| 4. Legal Fees | 6,435 | | |
| 5. Accounting Fees | 2,750 | | |
| 6. Office Expenses | 34,000 | | |
| 7. Amortization | 5,264 | | |
| 8 Gross Receipts | (1,070,000) | | |
| Interest Income | ( 13,794) | | |
| Total Adjustments To Ordinary Income | $2,151,320 | | |
| Other Adjustment: Qualified Investment Income (Loss) | | | |
| (1) Adjustment | (1,083,794) | | |
| (2) As Reported | 1,083,794 | | |
| (3) Corrected | -0- | | |
| Other Adjustment: Qualified Investment Expenses | | | |
| (1) Adjustment | (3,235,114) | | |
| (2) As Reported | 3,235,114 | | |
| (3) Corrected | -0- | | |

Remarks

Other Adjustment: Partnership Note

The partnership note with Orion Pictures Corporation is determined to be non-recourse in substance because the partnership is protected against loss on the note and Orion Pictures Corporation has an interest in the activity other than as a creditor.

GREENBERG BROTHERS PARTNERSHIP NO. 12
a/k/a LONE WOLF McQUADE ASSOCIATES
EIN: 13-3109971

EXPLANATION OF ADJUSTMENTS
TAXABLE YEAR ENDED DECEMBER 31, 1986

I. Adjustments To Ordinary Income

A. 1. It is determined that the deductions claimed by the partnership based on its claimed purchase of the films "Lone Wolf McQuade" and "Strange Invaders" are disallowed because in substance the partnership did not acquire the benefits and burdens of ownership in the films and is, therefore, not entitled to any of the deductions claimed.

2. In the alternative, if it is determined that the partnership acquired ownership interests in the films it is determined that acquisition of the films was not an activity entered into for profit under Section 183(a). Accordingly, any deductions claimed which have not been disallowed in full for the specific reasons set forth in Section B, below, are only allowed to the extent of partnership income in accordance with, and in the manner provided by, Sections 183(b)(1) and 183(b)(2).

B. It is further determined that the following partnership deductions are disallowed for the specific reasons stated:

1. Depreciation

a. It is determined that the deduction attributable to depreciation is disallowed because the method of depreciation does not bear a proper relationship to a decline in the films' usefulness and, in any event, the fair market value of the films has not been established.

b. Alternatively, it is determined that the portion of the depreciation deduction attributable to the amount of the note to Orion Pictures Corporation is disallowed because said note lacks economic substance, it is contingent and is not a present liability. Therefore, the note cannot be considered a partnership liability and cannot be added to the cost or depreciable basis of the film.

| Film Title | Amount of Note |
|---|---|
| Lone Wolf McQuade | $10,550,000.00 |
| Strange Invaders | |

GREENBERG BROTHERS PARTNERSHIP NO. 12
a/k/a LONE WOLF McQUADE ASSOCIATES
EIN: 13-3109971

EXPLANATION OF ADJUSTMENTS
TAXABLE YEAR ENDED DECEMBER 31, 1986

2. Interest Expense

a. It is determined that the deduction claimed for interest expense is not deductible becuase it has not been established that the amounts claimed were in fact paid or incurred and if paid or incurred was for the purpose stated, nor have you substantiated such deduction; and

b. The loan represented by the note is contingent and is not a present liability.

3. Guaranteed Payments to Partners

4. Legal Fees

5. Accounting Fees

6. Office Expenses

7. Amortization

a. It is determined that the deductions shown above as numbers 3. to 7. are disallowed because it has not been established that the amounts claimed were in fact paid or incurred and if paid or incurred were for the purposes stated, nor have you substantiated such deductions; and

b. The deductions shown above as numbers 3. through 7, if in fact incurred, were incurred for nondeductible syndication costs of the partnership.

GREENBERG BROTHERS PARTNERSHIP NO. 12
a/k/a LONE WOLF McQUADE ASSOCIATES
EIN: 13-3109971

EXPLANATION OF ADJUSTMENTS
TAXABLE YEAR ENDED DECEMBER 31, 1986

ALTERNATIVE POSITION

A. Alternatively, because the fair market value of the film has not been established, and because the note to which the films are nominally subject lacks economic substance, said note cannot be included in your basis in the films.

B. Alternatively, if it decided that the disallowed partnership deductions are allowable in whole or in part, then it is determined that you are subject to the provisions of Section 465. The partnership note held by Orion Pictures Corporation is determined to be nonrecourse in substance because payments under this note are not required and have not been made. Therefore, the partnership is protected against loss on the note. Additionally, Orion Pictures Corporation has an interest in the activity other than as a creditor.

II. Other Adjustments

A. Qualified Investment Income (Loss)

B. Qualified Investment Expenses

The amounts reported as qualified investment income (loss) and qualified investment expenses are adjusted to reflect the adjustments to ordinary income.

D. Partnership Note

See explanation for Alternative Position B., above.

GREENBERG BROTHERS PARTNERSHIP NO. 12
a/k/a LONE WOLF McQUADE ASSOCIATES
EIN: 13-3109971

December 31, 1986

FOR INFORMATION PURPOSES ONLY

The explanations stated below are provided for your information. The explanations state the reasons why the stated penalties, interest on tax motivated transactions and/or the provisions of I.R.C. section 465 may be asserted after the partnership proceedings have been completed. The Court will not have jurisdiction to consider the partners' penalties or loss deduction limitation under sec. 465 raised in this Notice of Final Partnership Administrative Adjustment (FPAA) pursuant to Internal Revenue Code Sections 6231(a)(3) and 6626(f). Thus, you should not raise any penalty or loss limitation issue should you decide to petition the Court with respect to this FPAA.

I.R.C. Section 465

It has been determined that the partners are subject to the provisions of Section 465 of the Internal Revenue Code. You will not be allowed to increase your basis for claiming losses by your assumption agreement since: (1) the terms of the purchase and distribution agreements constitute a stop loss agreement protecting you from loss, and (2) the creditor has an interest other than as a creditor.

Section 6621(c) Tax Motivated Interest

It is determined that the partnership for 1986 has improperly taken deductions and/or credits for tax motivated reasons. Penalty I.R.C. Section 6621(c) is applicable at the individual partner level and will be raised in separate proceedings at the partner level following the present partnership proceeding.

This shelter is deemed to be a tax motivated transaction. As such, the adjustments to the investors returns from this entity are subject to I.R.C. §6621(c). Interest accruing after 12/31/84 with respect to a substantial understatement of over $1,000.00 for any tax year will be imposed at an annual rate equal to 120% of the normal interest rate on the deficiency.

GREENBERG BROTHERS PARTNERSHIP NO. 12
a/k/a LONE WOLF McQUADE ASSOCIATES
E.I.N. 13-3109971

December 31, 1986

FOR INFORMATION PURPOSES ONLY

I.R.C. Section 6653(a)

It is determined that the partnership for 1986 has improperly taken deductions and/or credit due to negligence or intentional disregard of rules and regulations. Penalty I.R.C. Section 6653(a)(1) and (2) are applicable at the individual partner level and will be raised in separate proceedings at the partner level following the present partnership proceeding.

I.R.C. Section 6659

It is determined that the partnership for 1986 overstated the value of the film. The penalty provision of I.R.C. Section 6659 is applicable at the individual partner level and will be raised in separate proceedings at the partner level following the present partnership proceeding.

I.R.C. Section 6661

In the alternative to the application of I.R.C. Section 6659, it is determined that the partnership for 1986 substantially understated its tax income. Penalty I.R.C. Section 6661 is applicable at the individual partner level and will be raised in separate proceedings at the partner level following the present partnership proceeding.