RECEIVED
PETITION

UNITED STATES TAX COURT

'92 JAN -8 P1:13

FILED

'92 JAN -8 P1:13

UNITED STATES
TAX COURT

UNITED STATES
TAX COURT

| | |
|---|---|
| CINEMA '84, RICHARD M. GREENBERG, TAX MATTERS PARTNER, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent. | Docket No. 621-92 |

MAIL CLERK
ADMISSIONS
RECORDED & SERVED
PUB. FILES

PETITION FOR READJUSTMENT OF PARTNERSHIP ITEMS UNDER CODE SECTION 6226

Petitioner hereby petitions for a readjustment of the partnership items set forth by the Commissioner of Internal Revenue (the "Commissioner") in his Notices of Final Partnership Administrative Adjustment dated October 15, 1991. As the basis for the case Petitioner alleges as follows:

1. Richard M. Greenberg is the Tax Matters Partner and is the pleader on behalf of Cinema '84 (the "Partnership").

2. Richard M. Greenberg's address is 270 Greenwich Avenue, Greenwich, Connecticut 06830.

3. The Partnership (13-3101482), the principal place of business of which at the time this petition is being filed is 270 Greenwich Avenue, Greenwich, Connecticut 06830, filed federal income tax returns for the taxable years ending December 31, 1984, December 31, 1985, December 31, 1986, December 31, 1987,

SERVED JAN - 9 1992

PLAINTIFF'S EXHIBIT 7

December 31, 1988 and December 31, 1989 with the Internal Revenue Service Center in Andover, Massachusetts.

4. The statutory Notices of Final Partnership Administrative Adjustment (copies of which are attached hereto and marked Exhibit "A") were mailed to Petitioner on or about October 15, 1991 and were issued by the Appeals Office of the Internal Revenue Service in New York, New York.

5. The adjustments set forth in the Notices of Final Partnership Administrative Adjustment are based on the following erroneous determinations:

(a) The Commissioner erred in determining that the Partnership did not acquire the benefits and burdens of ownership in the motion pictures entitled "Perfect Strangers", "Special Effects", "Return of the Living Dead", "The Terminator", "The Howling II" and "A Breed Apart" (the "Films") and that therefore the deductions claimed by the Partnership based on its purchase of the Films should be disallowed.

(b) The Commissioner erred in determining, in the alternative to (b) above, that the Partnership's acquisition of the Films was not an activity entered into for profit and that therefore any deductions to which the Partnership is entitled should be allowed only to the extent of Partnership income in accordance with, and in the manner provided by, Sections 183(b)(1) and 183(b)(2) of the Code.

(c) The Commissioner erred in determining that the deductions claimed by the Partnership should not be allowed for the following reasons:

(i) The Commissioner erred in determining that the method of depreciation does not bear a proper relationship to a decline in the Films' usefulness, that the fair market value of the Films has not been established and that therefore the deduction attributable to depreciation should be disallowed.

(ii) The Commissioner erred in determining, in the alternative to (i) above, that the notes provided as partial consideration for the Films (the "Notes") lack economic substance, are contingent and are not present liabilities, that the Notes cannot be considered Partnership liabilities and cannot be added to the cost or depreciable basis of the Films and that therefore the portion of the depreciation deduction attributable to the amounts of the Notes should be disallowed.

(iii) The Commissioner erred in determining that the deductions claimed for interest expense have not been substantiated, that it has not been established that the amounts claimed were in fact paid or incurred or if paid or incurred were for the purpose stated and that therefore the deductions for interest expense should be disallowed.

(iv) The Commissioner erred in determining that the loans represented by the Notes are contingent and

therefore are not present liabilities and that therefore the deductions for interest expense should be disallowed.

(v) The Commissioner erred in determining that the deductions claimed for the 1984 taxable year for guaranteed payment to partners, advertising expenses, financing fees, marketing fees, distribution expenses, due diligence fees, accounting fees, miscellaneous items and amortization have not been substantiated, that it has not been shown that the amounts claimed were paid or incurred or if paid or incurred were for the purposes stated or were not nondeductible syndication costs of the Partnership and that therefore the deductions claimed for these expenses should be disallowed.

(vi) The Commissioner erred in determining that the deductions claimed for the 1985 taxable year for guaranteed payments to partners, advertising expenses, legal fees, appraisal, accounting fees, miscellaneous fees and amortization have not been substantiated, that it has not been shown that the amounts claimed were paid or incurred or if paid or incurred were for the purposes stated or were not nondeductible syndication costs of the Partnership and that therefore the deductions claimed for these expenses should be disallowed.

(vii) The Commissioner erred in determining that the deductions claimed for the 1986 taxable year for guaranteed payments to partners, advertising expenses, financing fees, office expenses, printing expense and amortization have not

been substantiated, that it has not been shown that the amounts claimed were paid or incurred or if paid or incurred were for the purposes stated or were not nondeductible syndication costs of the Partnership and that therefore the deductions claimed for these expenses should be disallowed.

(viii) The Commissioner erred in determining that the deductions claimed for the 1987 taxable year for professional fees, office fees, legal expense and amortization have not been substantiated, that it has not been shown that the amounts claimed were paid or incurred or if paid or incurred were for the purposes stated or were not nondeductible syndication costs of the Partnership and that therefore the deductions claimed for these expenses should be disallowed.

(ix) The Commissioner erred in determining that the deductions claimed for the 1988 taxable year for guaranteed payments to partners, accounting fees, bank charges, legal fees and amortization have not been substantiated, that it has not been shown that the amounts claimed were paid or incurred or if paid or incurred were for the purposes stated or were not nondeductible syndication costs of the Partnership and that therefore the deductions claimed for these expenses should be disallowed.

(x) The Commissioner erred in determining that the deductions claimed for the 1989 taxable year for guaranteed payments to partners, bank charges, legal expenses and amortization have not been substantiated, that it has not been

shown that the amounts claimed were paid or incurred or if paid or incurred were for the purposes stated or were not nondeductible syndication costs of the Partnership and that therefore the deductions claimed for these expenses should be disallowed.

(xi) The Commissioner erred in determining that the fair market value of the Films has not been established, that the Notes lack economic substance and that therefore each partner's proportionate share of the Notes should not be included in his basis in his Partnership interest.

(xii) The Commissioner erred in determining that, if it is decided that the disallowed Partnership deductions are allowable in whole or in part, the Notes are nonrecourse in substance, that payments under the Notes are not required and have not been made, that the Partnership is protected against loss on the Notes, that Hemdale Film Corporation (the "Seller") has an interest in the activity other than as a creditor and that therefore the Partnership should be precluded from considering the Notes in the at-risk computation under the provisions of Section 465 of the Code.

(xiii) The Commissioner erred in determining that the Partnership did not acquire the benefits and burdens of ownership of the Films, that the Partnership's motion picture activity was not entered into for profit, that the Films are not property subject to an allowance for depreciation, that the amount of qualified investment and the extent of the entitlement

to the investment tax credit have not been established and that therefore no investment tax credit should be allowed for the 1984 taxable year.

(xiv) The Commissioner erred in determining that the Partnership's ordinary income for the 1984 taxable year should be adjusted and that therefore the amounts reported as net earnings from self-employment, qualified investment expense and gross nonfarm income should be adjusted to reflect the adjustments to ordinary income.

(xv) The Commissioner erred in determining that the Partnership's ordinary income for the 1985 and 1986 taxable years should be adjusted and that therefore the amounts reported as net earnings from self-employment, gross nonfarm income, qualified investment income and qualified investment expenses should be adjusted to reflect the adjustments to ordinary income for those taxable years.

(xiii) The Commissioner erred in determining that the Partnership's ordinary income for the 1987 and 1989 taxable years should be adjusted and that therefore the amounts reported as net earnings from self-employment and gross nonfarm income should be adjusted to reflect the adjustments to ordinary income.

(xiv) The Commissioner erred in determining that the Partnership has improperly taken deductions and/or credits due to negligence or intentional disregard of rules or

regulations and that therefore the partners of the Partnership should be subject to penalties under Section 6653(a) of the Code.

(xv) The Commissioner erred in determining that the Partnership overstated the value of the Films for the years 1984-1989 and that therefore the partners of the Partnership should be subject to penalties under Section 6659 of the Code.

(xvi) The Commissioner erred in determining that the Partnership has improperly taken deductions and/or credits for tax motivated reasons, that the transactions were tax motivated and that therefore the annual rate of interest payable on the partners' taxes for the 1984-1989 taxable years should be 120 percent of the adjusted rate established under Section 6621 of the Code.

(xvii) The Commissioner erred in determining that the Partnership substantially understated its taxable income for the 1984-1989 taxable years and that therefore to the extent that the Section 6659 penalty does not apply, the partners of the Partnership should be subject to an addition to tax under Section 6661 of the Code.

6. The facts upon which Petitioner relies as the basis for the case are as follows:

(a) With respect to the Partnership during the 1984-1989 taxable years, Petitioner relies on the following facts:

(i) During the 1984-1989 taxable years, the Partnership was engaged in the business of owning, distributing and otherwise exploiting for profit the Films. "Perfect Strangers" was produced by Paul Kurta and directed by Larry Cohen (who also was the writer). In addition, the executive producer was Carter DeHaven. "Special Effects" was also written and directed by Larry Cohen and its executive producer was also Carter DeHaven. "Return of the Living Dead" was written and directed by Dan O'Bannon and was produced by Tom Fox. "The Terminator" was directed by James Cameron and starred Arnold Schwarzenegger and Paul Winfield. "The Howling II" was directed by Phillipe Mora and produced by Steve Lane. The film starred Christopher Lee and Sybil Danning. The film was the sequel to the film entitled "The Howling". "A Breed Apart" was directed by Philippe Mora and was produced by John Daly and Derek Gibson. The film starred Rutger Hauer, Powers Boothe, Kathleen Turner and Donald Pleasance.

(ii) The Partnership purchased the film "Perfect Strangers" from the Seller, an unrelated party, for $25,000 cash and a note, which was a full recourse note in the amount of $1,125,000. The Partnership purchased the film "Special Effects" from the Seller for $25,000 cash and a note, which was a full recourse note in the amount of $1,125,000. The Partnership purchased the film "Return of the Living Dead" from the Seller for $50,000 cash and a note, which was a full recourse note in the amount of $6,450,000. The Partnership

purchased the film "The Terminator" from the Seller for $50,000 cash and a note, which was a full recourse note in the amount of $9,200,000. The Partnership purchased the film "The Howling II" from the Seller for $50,000 cash and a note, which was a full recourse note in the amount of $5,210,000. The Partnership purchased the film "A Breed Apart" from the Seller for $50,000 cash and a note, which was a full recourse note in the amount of $5,210,000. In addition, the Partnership entered into distribution agreements with Interlink Film Distribution Corp. pursuant to which the Partnership became entitled to receive license fees payable if the Films generated certain levels of gross receipts.

(iii) The purchase prices of the Films were based on their production costs, were negotiated at arm's length with an unrelated party and therefore were equal to the Films' fair market values.

(iv) The transactions engaged in by the Partnership were bona fide arm's-length transactions at fair market value, were entered into for profit and have economic substance.

(v) The Films are tangible personal property for purposes of the investment tax credit.

(vi) The amount of qualified investment and the extent of entitlement to the investment tax credit have been established.

(vii) Each partner assumed his proportionate share of the Notes. Upon assuming his share of the Notes, each partner was personally liable to the Seller on a full recourse basis. Thus, each partner is "at risk" for the full amount of his proportionate share of the Notes.

(viii) The Notes have economic substance, are present liabilities and should therefore be included in the cost of the Films for purposes of depreciation and each partner's proportionate share of the Notes should be included in his basis in his Partnership interest.

(ix) The method of depreciation used and amount of depreciation claimed by the Partnership bear a proper relationship to the decline in the Films' usefulness.

(x) The amounts claimed as deductions for guaranteed payments to partners, advertising expenses, financing fees, marketing fees, distribution expenses, due diligence fees, accounting fees, legal fees, appraisal fees, amortization, office expenses and fees, printing expense, professional fees, bank charges and other miscellaneous items were in fact incurred, constitute ordinary and necessary business expenses, are reasonable, are not excessive, have been substantiated and were not incurred for nondeductible syndication costs of the Partnership.

(xi) Each partner had a basis in his interest in the Partnership in excess of his distributive share

of the losses and deductions incurred by the Partnership during 1984, 1985, 1986, 1987, 1988 and 1989.

(b) The adjustments and allegations set forth in the Notices of Final Partnership Administrative Adjustment are completely arbitrary and unjustified.

(c) The Partnership's deductions and/or credits have not been taken due to negligence or intentional disregard of rules and regulations.

(d) The Partnership has not overstated the value of the Films and any resulting alleged understatements of tax by the partners are not attributable to valuation overstatements.

(e) The Partnership has not substantially understated its taxable income for the taxable years involved.

(f) The Partnership has not taken deductions and/or credits for tax motivated reasons and the transactions involved were not tax motivated transactions.

6. Petitioner further asserts that, in the event any partner should make a payment to Respondent of any deficiency owed stemming from adjustments as set forth in the Notice of Final Partnership Administrative Adjustment (or any portion thereof) and it is subsequently determined he is not liable for the portion of the deficiency paid, the partner will then be entitled to a refund of the overpayment together with interest thereon as provided by law.

WHEREFORE, Petitioner prays that this Court try the case and:

1. Determine that there should be no adjustments to Partnership items for the years in issue.

2. Determine that Petitioner and all partners of the Partnership are not subject to the provisions of Section 6653 of the Code.

3. Determine that Petitioner and all partners of the Partnership are not subject to the provisions of Section 6659 of the Code.

4. Determine that Petitioner and all partners of the Partnership are not subject to the provisions of Section 6661 of the Code.

5. Determine that Petitioner and all partners are not subject to the provisions of Section 6621 of the Code.

6. Grant Petitioner such other and further relief to which Petitioner may be entitled.

DATED: January 6, 1992

ADMITTED U.S. TAX COURT

Peter L. Faber
T.C. Bar No. FP0119
Kaye, Scholer, Fierman, Hays & Handler
425 Park Avenue
New York, New York 10022
(212) 836-8212
Attorneys for Petitioner

**EXHIBIT A**

**Internal Revenue Service**
Regional Director of Appeals

Department of the Treasury

903-415-156

Date:
OCT 15 1991

Name of Partnership:
Cinema '84
Taxpayer Identifying Number:
11-2678807
Tax Year Ended:
December 31, 1984
Date FPAA Mailed to Tax Matters Partner:
OCT 15 1991
Person to Contact:
Maurice S. Stein
Contact Telephone Number:
(212) 264-7616

Tax Matters Partner
Cinema '84
Greenberg Brothers Partnerships
270 Greenwich Avenue
Greenwich, Connecticut 06830

Dear Partner:

**NOTICE OF FINAL PARTNERSHIP ADMINISTRATIVE ADJUSTMENT**

We have determined that there are adjustments to the partnership return as shown on the attached schedule of adjustments, Form 870-P, Agreement to Assessment and Collection of Deficiency in Tax for Partnership Adjustments. This letter is the notice of Final Partnership Administrative Adjustment (FPAA).

If you want to enter into a binding settlement to treat partnership items consistently with the treatment of the items on the partnership return as modified by the FPAA, please sign and return the enclosed Form 870-P. Signing and returning Form 870-P constitutes a settlement offer by you. If the Commissioner accepts your offer of settlement, the treatment of partnership items under the settlement will be binding and will not be affected by any later judicial determination.

If you are the tax matters partner (the partnership representative who deals with the IRS) and want to contest these adjustments in court, you have 90 days from the date this letter was mailed to file a petition for a readjustment of the partnership items with the United States Tax Court, the United States Claims Court, or the District Court of the United States for the district in which the partnership's principal place of business is located. During this 90-day period, no other partner may file a petition for judicial review and the filing of a petition by the tax matters partner precludes all other actions.

If the tax matters partner has NOT filed a petition by the 90th day from the date the FPAA was mailed, any other partner entitled to receive this notice under section 6223 of the Internal Revenue Code (or any group of partners who together have an interest of 5 percent or more in the profits of the partnership (5-percent group)) may petition one of these courts after the 90th day, but on or before the 150th day, from the date the FPAA was mailed to the tax matters partner. Only one petition to the court is allowed. If more than one petition is filed, the first petition filed in the Tax Court will go forward. All other petitions (even those filed earlier) will be dismissed. If no petition is filed in the Tax Court, the first petition filed in one of the other courts will go forward and subsequent petitions will be dismissed.

Petitions filed with the United States Tax Court must be mailed to 400 Second Street, N.W., Washington, D.C. 20217. Attach a copy of this letter to the petition. The time in which you must file a petition with the court is fixed by law and the court cannot consider your case if your petition is filed late. If this letter is addressed to both a husband and wife, and both want to petition the Tax Court, both must sign the petition or each must file a separate, signed petition.

As a condition to filing a petition in either the appropriate District Court or the Claims Court, the partner filing the petition (including each member of a 5-percent group which files a petition) must deposit with the Internal Revenue Service, on or before the day the petition is filed, the amount by which the partner's tax liability would be increased if the treatment of partnership items on the partner's return were made consistent with the treatment of partnership items under the FPAA. If you reported partnership items the way the partnership reported them on its return, you can generally determine the amount to deposit by taking your pro-rata share of the partnership's adjustments into account in refiguring your tax.

If no readjustment petition is filed in any of the courts listed on the front of this letter, this FPAA becomes binding and you will be billed for any additional tax that you may owe under the FPAA. You will not be permitted to contest the treatment of partnership items under the FPAA in any refund claim or suit. The law permits us to bill you after 150 days from the mailing date of the FPAA to the tax matters partner. However, if a petition is filed in the Tax Court, you will not be billed until the Tax Court decision is final.

If you have any questions about this matter, please write to the person whose name and address are shown on this letter. If you write, attach this letter to help identify your account. Keep the copy for your records. Also include your telephone number and the most convenient time for us to call you in case we need more information.

If you prefer, you may call the IRS contact person at the telephone number shown in the heading of this letter. If this number is outside your local calling area, there will be a long-distance charge to you.

You may call the IRS telephone number listed in your local directory. An employee there may be able to help you, but the contact person at the address shown on this letter is most familiar with your case.

Thank you for your cooperation.

Sincerely yours,

Fred T. Goldberg, Jr.
Commissioner
By

Benjamin A Brancato

Associate Chief
Appeals Office

Enclosures:
Form 870-P
Copy of this letter

Form 870-P(AD) (June 1988)

Department of the Treasury — Internal Revenue Service

# Settlement Agreement For Partnership Adjustments

| Taxpayer(s) name(s), address, and zip code | Name of Partnership | Tax Year(s) Ended |
|---|---|---|
| Cinema '84<br>c/o Greenberg Brothers Partnerships<br>60 Madison Avenue<br>New York, New York 10010 | Cinema '84<br>Taxpayer Identifying Number: 11-2678807 | December 31, 1984 |
| Taxpayer Identifying Number: 11-2678807 | Name of Tax Matters Partner<br>Richard M. Greenberg | |

Under the provisions of section 6224(c) of the Internal Revenue Code, the undersigned offers to enter into a settlement agreement with respect to the determination of partnership items of the partnership for the year(s) shown on the attached schedule of adjustments. The undersigned, in accordance with the provisions of section 6224(b) of the Code, also offers to waive the restrictions on the assessment and collection of any deficiency attributable to partnership items (with interest as required by law) provided in section 6225(a).

This offer is subject to acceptance for the Commissioner of the Internal Revenue Service. It will take effect as a waiver of restrictions on the date it is accepted. Unless and until it is accepted, it will have no force or effect.

If this offer is accepted for the Commissioner, the treatment of partnership items under this agreement will not be reopened in the absence of fraud, malfeasance, or misrepresentation of fact; and no claim for refund or credit based on any change in the treatment partnership items may be filed or prosecuted.

| | |
|---|---|
| Signature of taxpayer | Date |
| Signature of taxpayer | Date |
| By (signature and title) | Date |

If this offer is executed by a tax matters partner, please include title with the signature.

**Note:** The execution and filing of this offer will expedite the adjustment of tax liability.

If this offer is executed with respect to a year for which a JOINT RETURN OF A HUSBAND AND WIFE was filed, it must be signed by both spouses, unless one spouse, acting under a power of attorney, signs as agent for the other.

If a taxpayer is a corporation, the offer must be signed with the corporate name followed by the signature and title of the officer authorized to sign.

This offer may be executed by the taxpayer's attorney or agent provided this action is specificallly authorized by a power of attorney, which, if not previously filed, must accompany this form.

The submission of this offer by you and the acceptance of the offer for the Commissioner may result in an additional tax liability to you plus interest as provided by law. If the result is a decrease in tax, the amount of the decrease will be sent to you with interest as provided by law.

| For Internal Revenue Use Only | Date accepted for Commissioner | Signature |
|---|---|---|
| | Office | Title |

0072

Department of the Treasury — Internal Revenue Service

## Settlement Agreement For Partnership Adjustments

### Schedule of Adjustments

| Name of Partnership Cinema '84<br>Taxpayer Identifying Number: 11-2678807 | Tax Year(s) Ended | | |
|---|---|---|---|
| | 12/31/84 | | |
| **Detail of Adjustments To Ordinary Income** | | | |
| 1. Depreciation | $1,099,444 | | |
| 2. Interest Expense | 575,000 | | |
| 3. Guaranteed Payments to Partners | 1,500,000 | | |
| 4. Advertizing Expenses | 7,659,032 | | |
| 5. Financing Fees | 171,000 | | |
| 6. Marketing Fees | 89,000 | | |
| 7. Distribution Expenses | 4,000 | | |
| 8. Due Diligence Fees | 1,000 | | |
| 9. Accounting Fees | 1,000 | | |
| 10. Miscellaneous | 503 | | |
| 11. Amortization | 22,830 | | |
| Interest Income | ( 56,630) | | |
| Total Adjustments To Ordinary Income | $11,066,179 | | |
| Other Adjustment: Qualified Investment Tax Credit Property | | | |
| (1) Adjustment | (20,230,110) | | |
| (2) As Reported | 20,230,110 | | |
| (3) Corrected | -0- | | |
| Other Adjustment: Qualified Investment Expenses | | | |
| (1) Adjustment | (11,122,809) | | |
| (2) As Reported | 11,122,809 | | |
| (3) Corrected | -0- | | |

Remarks

| Other Adjustments: | Net Earnings From Self-Employment | Gross Nonfarm Income |
|---|---|---|
| (1) Adjustment | 222,454 | 28,867 |
| (2) As Reported | 1,277,546 | 1,471,133 |
| (3) Corrected | 1,500,000 | 1,500,000 |

Other Adjustment: Partnership Notes

The partnership notes with Hemdale Film Corporation are determined to be non-recourse in substance because the partnership is protected against loss on the notes and Hemdale Film Corporation has an interest in the activity other than as a creditor.

0073

CINEMA '84
EIN: 11-2678807

EXPLANATION OF ADJUSTMENTS
TAXABLE YEAR ENDED DECEMBER 31, 1984

1. Adjustments To Ordinary Income

A. 1. It is determined that the deductions claimed by the partnership based on its claimed purchase of the films "Perfect Strangers", "Special Effects", "Return of the Living Dead", "The Terminator", "The Howling II", and "A Breed Apart", are disallowed because in substance the partnership did not acquire the benefits and burdens of ownership in the films and is, therefore, not entitled to any of the deductions claimed.

2. In the alternative, if it is determined that the partnership acquired ownership interests in the films it is determined that acquisition of the films was not an activity entered into for profit under Section 183(a). Accordingly, any deductions claimed which have not been disallowed in full for the specific reasons set forth in Section B, below, are only allowed to the extent of partnership income in accordance with, and in the manner provided by, Sections 183(b)(1) and 183(b)(2).

B. It is further determined that the following partnership deductions are disallowed for the specific reasons stated:

1. Depreciation

a. It is determined that the deduction attributable to depreciation is disallowed because the method of depreciation does not bear a proper relationship to a decline in the films' usefulness and, in any event, the fair market value of the films has not been established.

b. Alternatively, it is determined that the portion of the depreciation deduction attributable to the amounts of the notes to Hemdale Film Corporation are disallowed because said notes lack economic substance, are contingent and are not present liabilities. Therefore, the notes cannot be considered partnership liabilities and cannot be added to the cost or depreciable bases of the films.

| Film Title | Amount of Note |
|---|---|
| Perfect Strangers | $ 1,125,000.00 |
| Special Effects | 1,125,000.00 |
| Return of the Living Dead | 6,450,000.00 |
| The Terminator | 9,200,000.00 |
| The Howling II | 5,210,000.00 |
| A Breed Apart | 6,970,000.00 |

CINEMA '84
EIN: 11-2678807

EXPLANATION OF ADJUSTMENTS
TAXABLE YEAR ENDED DECEMBER 31, 1984

2. Interest Expense

a. It is determined that the deduction claimed for interest expense is not deductible because it has not been established that the amounts claimed were in fact paid or incurred and if paid or incurred were for the purpose stated, nor have you substantiated such deduction; and

b. The loans represented by the notes are contingent and not present liabilies.

3. Guaranteed Payments To Partners

4. Advertising Expenses

5. Financing Fees

6. Marketing Fees

7. Distribution Expenses

8. Due Diligence Fees

9. Accounting Fees

10. Miscellaneous

11. Amortization

a. It is determined that the deductions shown above as numbers 3. through 10., are disallowed because it has not been established that the amounts claimed were in fact paid or incurred and if paid or incurred were for the purposes stated, nor have you substantiated such deductions; and

b. The deductions shown above as numbers 3. through 10., if in fact incurred, were incurred for nondeductible syndication cost of the partnership.

CINEMA '84
EIN: 11-2678807

EXPLANATION OF ADJUSTMENTS
TAXABLE YEAR ENDED DECEMBER 31, 1984

ALTERNATIVE POSITION

A. Alternatively, because the fair market values of the films have not been established, and because the notes to which the films are nominally subject lack economic substance, your proportionate share of said notes cannot be included in your basis in your partnership interest.

B. Alternatively, if it is decided that the disallowed partnership deductions are allowable in whole or in part, then it is determined that you are subject to the provisions of Section 465. The partnership notes held by Hemdale Film Corporation are determined to be non-recourse in substance because payments under these notes are not required and have not been made. Therefore, the partnership is protected against loss on the notes. Additionally, Hemdale Film Corporation has an interest in the activity other than as a creditor.

II. Other Adjustments

A. Qualified Investment Tax Credit Property

It is determined that no investment tax credit is allowable since the partnership did not acquire the benefits and burdens of ownership of the films, or alternatively, the partnership motion picture activity was not entered into for profit and the movies are not property subject to an allowance for depreciation. Furthermore, the investment tax credit is disallowed because you have not established the amount, if any, of qualified investment and the extent, if any, of entitlement to the credit.

B. Qualified Investment Expense

C. Net Earnings From Self-Employment

D. Gross Nonfarm Income

The amounts reported as qualified investment expenses, net earnings from self-employment and gross nonfarm income are adjusted to reflect the adjustments to ordinary income.

D. Partnership Note

See explanation for Alternative Position B., above.

CINEMA '84
EIN: 11-2678807

December 31, 1984

FOR INFORMATION PURPOSES ONLY

The explanations stated below are provided for your information. The explanations state the reasons why the stated penalties, interest on tax motivated transactions and/or the provisions of I.R.C. section 465 may be asserted after the partnership proceedings have been completed. The Court will not have jurisdiction to consider the partners' penalties or loss deduction limitation under sec. 465 raised in this Notice of Final Partnership Administrative Adjustment (FPAA) pursuant to Internal Revenue Code Sections 6231(a)(3) and 6626(f). Thus, you should not raise any penalty or loss limitation issue should you decide to petition the Court with respect to this FPAA.

I.R.C. Section 465

It has been determined that the partners are subject to the provisions of Section 465 of the Internal Revenue Code. You will not be allowed to increase your basis for claiming losses by your assumption agreements since: (1) the terms of the purchase and distribution agreements constitute a stop loss agreement protecting you from loss, and (2) the creditor has an interest other than as a creditor.

Section 6621(c) Tax Motivated Interest

It is determined that the partnership for 1984 has improperly taken deductions and/or credits for tax motivated reasons. Penalty I.R.C. Section 6621(c) is applicable at the individual partner level and will be raised in separate proceedings at the partner level following the present partnership proceeding.

This shelter is deemed to be a tax motivated transaction. As such, the adjustments to the investors' returns from this entity are subject to I.R.C. §6621(c). Interest accruing after 12/31/84 with respect to a substantial understatement of over $1,000.00 for any tax year will be imposed at an annual rate equal to 120% of the normal interest rate on the deficiency.

CINEMA '84
E.I.N. 11-2678807

December 31, 1984

FOR INFORMATION PURPOSES ONLY

I.R.C. Section 6653(a)

It is determined that the partnership for 1984 has improperly taken deductions and/or credit due to negligence or intentional disregard of rules and regulations. Penalty I.R.C. Section 6653(a)(1) and (2) are applicable at the individual partner level and will be raised in separate proceedings at the partner level following the present partnership proceeding.

I.R.C. Section 6659

It is determined that the partnership for 1984 overstated the value of the film. The penalty provision of I.R.C. Section 6659 is applicable at the individual partner level and will be raised in separate proceedings at the partner level following the present partnership proceeding.

I.R.C. Section 6661

In the alternative to the application of I.R.C. Section 6659, it is determined that the partnership for 1984 substantially understated its tax income. Penalty I.R.C. Section 6661 is applicable at the individual partner level and will be raised in separate proceedings at the partner level following the present partnership proceeding.