Internal Revenue Service
Regional Director of Appeals

Depa..tment of the Treasury

903-415-161

Date: OCT 15 1991

Name of Partnership:
Cinema '84
Taxpayer Identifying Number:
11-2678807
Tax Year Ended:
December 31, 1985
Date FPAA Mailed to Tax Matters Partner:
OCT 15 1991
Person to Contact:
Maurice S. Stein
Contact Telephone Number:
(212) 264-7616

Mr. Richard M. Greenberg
Tax Matters Partner
Cinema '84
1175 York Avenue (PHB-3)
New York, New York 10021-7169

Dear Mr. Greenberg:

## NOTICE OF FINAL PARTNERSHIP ADMINISTRATIVE ADJUSTMENT

We have determined that there are adjustments to the partnership return as shown on the attached schedule of adjustments, Form 870-P, Agreement to Assessment and Collection of Deficiency in Tax for Partnership Adjustments. This letter is the notice of Final Partnership Administrative Adjustment (FPAA).

If you want to enter into a binding settlement to treat partnership items consistently with the treatment of the items on the partnership return as modified by the FPAA, please sign and return the enclosed Form 870-P. Signing and returning Form 870-P constitutes a settlement offer by you. If the Commissioner accepts your offer of settlement, the treatment of partnership items under the settlement will be binding and will not be affected by any later judicial determination.

If you are the tax matters partner (the partnership representative who deals with the IRS) and want to contest these adjustments in court, you have 90 days from the date this letter was mailed to file a petition for a readjustment of the partnership items with the nited States Tax Court, the United States Claims Court, or the District Court of the United States for the district in which the partnership's principal place of business is located. During this 90-day period, no other partner may file a petition for judicial review and the filing of a petition by the tax matters partner precludes all other actions.

If the tax matters partner has NOT filed a petition by the 90th day from the date the FPAA was mailed, any other partner entitled to receive this notice under section 6223 of the Internal Revenue Code (or any group of partners who together have an interest of 5 percent or more in the profits of the partnership (5-percent group)) may petition one of these courts after the 90th day, but on or before the 150th day, from the date the FPAA was mailed to the tax matters partner. Only one petition to the court is allowed. If more than one petition is filed, the first petition filed in the Tax Court will go forward. All other petitions (even those filed earlier) will be dismissed. If no petition is filed in the Tax Court, the first petition filed in one of the other courts will go forward and subsequent petitions will be dismissed.



New York City Appeals Office
P.O. Box 2954, Church Street Station, New York, N.Y. 10008

Petitions filed with the United States Tax Court must be mailed to 400 Second Street, N.W., Washington, D.C. 20217. Attach a copy of this letter to the petition. The time in which you must file a petition with the court is fixed by law and the court cannot consider your case if your petition is filed late. If this letter is addressed to both a husband and wife, and both want to petition the Tax Court, both must sign the petition or each must file a separate, signed petition.

As a condition to filing a petition in either the appropriate District Court or the Claims Court, the partner filing the petition (including each member of a 5-percent group which files a petition) must deposit with the Internal Revenue Service, on or before the day the petition is filed, the amount by which the partner's tax liability would be increased if the treatment of partnership items on the partner's return were made consistent with the treatment of partnership items under the FPAA. If you reported partnership items the way the partnership reported them on its return, you can generally determine the amount to deposit by taking your pro-rata share of the partnership's adjustments into account in refiguring your tax.

If no readjustment petition is filed in any of the courts listed on the front of this letter, this FPAA becomes binding and you will be billed for any additional tax that you may owe under the FPAA. You will not be permitted to contest the treatment of partnership items under the FPAA in any refund claim or suit. The law permits us to bill you after 150 days from the mailing date of the FPAA to the tax matters partner. However, if a petition is filed in the Tax Court, you will not be billed until the Tax Court decision is final.

If you have any questions about this matter, please write to the person whose name and address are shown on this letter. If you write, attach this letter to help identify your account. Keep the copy for your records. Also include your telephone number and the most convenient time for us to call you in case we need more information.

If you prefer, you may call the IRS contact person at the telephone number shown in the heading of this letter. If this number is outside your local calling area, there will be a long-distance charge to you.

You may call the IRS telephone number listed in your local directory. An employee there may be able to help you, but the contact person at the address shown on this letter is most familiar with your case.

Thank you for your cooperation.

Sincerely yours,

Fred T. Goldberg, Jr.
Commissioner
By

Benjamin A Branca

Associate Chief
Appeals Office

Enclosures:
Form 870-P
Copy of this letter

Form 870-P(AD)
(June 1988)

Department of the Treasury — Internal Revenue Service

**Settlement Agreement For Partnership Adjustments**

| Taxpayer(s) name(s), address, and zip code | Name of Partnership | Tax Year(s) Ended |
|---|---|---|
| Cinema '84<br>c/o Greenberg Brothers Partnerships<br>60 Madison Avenue<br>New York, New York 10010 | Cinema '84<br>Taxpayer Identifying Number: 11-2678807 | December 31, 1985 |
| Taxpayer Identifying Number: 11-2678807 | Name of Tax Matters Partner<br>Richard M. Greenberg | |

Under the provisions of section 6224(c) of the Internal Revenue Code, the undersigned offers to enter into a settlement agreement with respect to the determination of partnership items of the partnership for the year(s) shown on the attached schedule of adjustments. The undersigned, in accordance with the provisions of section 6224(b) of the Code, also offers to waive the restrictions on the assessment and collection of any deficiency attributable to partnership items (with interest as required by law) provided in section 6225(a).

This offer is subject to acceptance for the Commissioner of the Internal Revenue Service. It will take effect as a waiver of restrictions on the date it is accepted. Unless and until it is accepted, it will have no force or effect.

If this offer is accepted for the Commissioner, the treatment of partnership items under this agreement will not be reopened in the absence of fraud, malfeasance, or misrepresentation of fact; and no claim for refund or credit based on any change in the treatment of partnership items may be filed or prosecuted.

| | |
|---|---|
| Signature of taxpayer | Date |
| Signature of taxpayer | Date |
| By (Signature and title) | Date |

If this offer is executed by a tax matters partner, please include title with the signature.

**Note:** The execution and filing of this offer will expedite the adjustment of tax liability.

If this offer is executed with respect to a year for which a JOINT RETURN OF A HUSBAND AND WIFE was filed, it must be signed by both spouses, unless one spouse, acting under a power of attorney, signs as agent for the other.

If a taxpayer is a corporation, the offer must be signed with the corporate name followed by the signature and title of the officer authorized to sign.

This offer may be executed by the taxpayer's attorney or agent provided this action is specificallly authorized by a power of attorney, which, if not previously filed, must accompany this form.

The submission of this offer by you and the acceptance of the offer for the Commissioner may result in an additional tax liability to you plus interest as provided by law. If the result is a decrease in tax, the amount of the decrease will be sent to you with interest as provided by law.

| | | |
|---|---|---|
| **For Internal Revenue Use Only** | Date accepted for Commissioner | Signature |
| | Office | Title |

0081

Department of the Treasury — Internal Revenue Service

# Settlement Agreement For Partnership Adjustments

## Schedule of Adjustments

| Name of Partnership: Cinema '84<br>Taxpayer Identifying Number: 11-2678807 | Tax Year(s) Ended | | |
|---|---|---|---|
| **Detail of Adjustments To Ordinary Income** | 12/31/85 | | |
| 1. Depreciation | $6,450,069 | | |
| 2. Interest Expense | 3,033,912 | | |
| 3. Guaranteed Payments to Partners | 25,000 | | |
| 4. Advertizing Expenses | 248,865 | | |
| 5. Legal Fees | 62,000 | | |
| 6. Appraisal | 15,000 | | |
| 7. Accounting Fees | 5,000 | | |
| 8. Miscellaneous Fees | 580 | | |
| 9. Amortization | 91,320 | | |
| 10. Gross Receipts | (4,498,000) | | |
| 11. Interest Income | ( 155,587) | | |
| Total Adjustments To Ordinary Income | $5,278,159 | | |
| Other Adjustment: Net Earnings From Self-Employment | | | |
| (1) Adjustment | 108,675 | | |
| (2) As Reported | ( 83,675) | | |
| (3) Corrected | 25,000 | | |
| Other Adjustment: Gross Nonfarm Income | | | |
| (1) Adjustment | ( 82,572) | | |
| (2) As Reported | 117,572 | | |
| (3) Corrected | 25,000 | | |

Remarks

| Other Adjustments: | Qualified Investment Income | Qualified Investment Expenses |
|---|---|---|
| (1) Adjustment | (4,563,627) | (9,733,111) |
| (2) As Reported | 4,563,627 | 9,733,111 |
| (3) Corrected | -0- | -0- |

Other Adjustment: Partnership Notes

The partnership notes with Helmdale Film Corporation are determined to be non-recourse in substance because the partnership is protected against loss on the notes and Hemdale Film Corporation has an interest in the activity other than as a creditor.

0082

CINEMA '84
EIN: 11-2678807

EXPLANATION OF ADJUSTMENTS
TAXABLE YEAR ENDED DECEMBER 31, 1985

1. Adjustments To Ordinary Income

A. 1. It is determined that the deductions claimed by the partnership based on its claimed purchase of the films "Perfect Strangers", "Special Effects", "Return of the Living Dead", "The Terminator", "The Howling II", and "A Breed Apart", are disallowed because in substance the partnership did not acquire the benefits and burdens of ownership in the films and is, therefore, not entitled to any of the deductions claimed.

2. In the alternative, if it is determined that the partnership acquired ownership interests in the films it is determined that acquisition of the films was not an activity entered into for profit under Section 183(a). Accordingly, any deductions claimed which have not been disallowed in full for the specific reasons set forth in Section B, below, are only allowed to the extent of partnership income in accordance with, and in the manner provided by, Sections 183(b)(1) and 183(b)(2).

B. It is further determined that the following partnership deductions are disallowed for the specific reasons stated:

1. Depreciation

a. It is determined that the deduction attributable to depreciation is disallowed because the method of depreciation does not bear a proper relationship to a decline in the films' usefulness and, in any event, the fair market value of the films has not been established.

b. Alternatively, it is determined that the portion of the depreciation deduction attributable to the amounts of the notes to Hemdale Film Corporation are disallowed because said notes lack economic substance, are contingent and are not present liabilities. Therefore, the notes cannot be considered partnership liabilities and cannot be added to the cost or depreciable bases of the films.

| Film Title | Amount of Note |
|---|---|
| Perfect Strangers | $ 1,125,000.00 |
| Special Effects | 1,125,000.00 |
| Return of the Living Dead | 6,450,000.00 |
| The Terminator | 9,200,000.00 |
| The Howling II | 5,210,000.00 |
| A Breed Apart | 6,970,000.00 |

CINEMA '84
EIN: 11-2678807

EXPLANATION OF ADJUSTMENTS
TAXABLE YEAR ENDED DECEMBER 31, 1985

2. Interest Expense

a. It is determined that the deduction claimed for interest expense is not deductible because it has not been established that the amounts claimed were in fact paid or incurred and if paid or incurred were for the purpose stated, nor have you substantiated such deduction; and

b. The loans represented by the notes are contingent and not present liabilies.

3. Guaranteed Payments To Partners

4. Advertising Expenses

5. Legal Fees

6. Appraisal

7. Accounting Fees

8. Miscellaneous Fees

9. Amortization

a. It is determined that the deductions shown above as numbers 3. through 9., are disallowed because it has not been established that the amounts claimed were in fact paid or incurred and if paid or incurred were for the purposes stated, nor have you substantiated such deductions; and

b. The deductions shown above as numbers 3. through 9., if in fact incurred, were incurred for nondeductible syndication cost of the partnership.

CINEMA '84
EIN: 11-2678807

EXPLANATION OF ADJUSTMENTS
TAXABLE YEAR ENDED DECEMBER 31, 1985

ALTERNATIVE POSITION

A. Alternatively, because the fair market values of the films have not been established, and because the notes to which the films are nominally subject lack economic substance, your proportionate share of said notes cannot be included in your basis in your partnership interest.

B. Alternatively, if it is decided that the disallowed partnership deductions are allowable in whole or in part, then it is determined that you are subject to the provisions of Section 465. The partnership notes held by Hemdale Film Corporation are determined to be non-recourse in substance because payments under these notes are not required and have not been made. Therefore, the partnership is protected against loss on the notes. Additionally, Hemdale Film Corporation has an interest in the activity other than as a creditor.

II. Other Adjustments

A. Net Earnings From Self-Employment

B. Gross Nonfarm Income

C. Qualified Investment Income

D. Qualified Investment Expense

The amounts reported as net earnings from self-employment, gross nonfarm income, qualified investment income and qualified investment expense are adjusted to reflect the adjustments to ordinary income.

E. Partnership Note

See explanation for Alternative Position B., above.

CINEMA '84
EIN: 11-2678807

December 31, 1985

FOR INFORMATION PURPOSES ONLY

The explanations stated below are provided for your information. The explanations state the reasons why the stated penalties, interest on tax motivated transactions and/or the provisions of I.R.C. section 465 may be asserted after the partnership proceedings have been completed. The Court will not have jurisdiction to consider the partners' penalties or loss deduction limitation under sec. 465 raised in this Notice of Final Partnership Administrative Adjustment (FPAA) pursuant to Internal Revenue Code Sections 6231(a)(3) and 6626(f). Thus, you should not raise any penalty or loss limitation issue should you decide to petition the Court with respect to this FPAA.

I.R.C. Section 465

It has been determined that the partners are subject to the provisions of Section 465 of the Internal Revenue Code. You will not be allowed to increase your basis for claiming losses by your assumption agreements since: (1) the terms of the purchase and distribution agreements constitute a stop loss agreement protecting you from loss, and (2) the creditor has an interest other than as a creditor.

Section 6621(c) Tax Motivated Interest

It is determined that the partnership for 1985 has improperly taken deductions and/or credits for tax motivated reasons. Penalty I.R.C. Section 6621(c) is applicable at the individual partner level and will be raised in separate proceedings at the partner level following the present partnership proceeding.

This shelter is deemed to be a tax motivated transaction. As such, the adjustments to the investors' returns from this entity are subject to I.R.C. §6621(c). Interest accruing after 12/31/84 with respect to a substantial understatement of over $1,000.00 for any tax year will be imposed at an annual rate equal to 120% of the normal interest rate on the deficiency.

CINEMA '84
EIN: 11-2678807

December 31, 1985

FOR INFORMATION PURPOSES ONLY

I.R.C. Section 6653(a)

It is determined that the partnership for 1985 has improperly taken deductions and/or credit due to negligence or intentional disregard of rules and regulations. Penalty I.R.C. Section 6653(a)(1) and (2) are applicable at the individual partner level and will be raised in separate proceedings at the partner level following the present partnership proceeding.

I.R.C. Section 6659

It is determined that the partnership for 1985 overstated the value of the film. The penalty provision of I.R.C. Section 6659 is applicable at the individual partner level and will be raised in separate proceedings at the partner level following the present partnership proceeding.

I.R.C. Section 6661

In the alternative to the application of I.R.C. Section 6659, it is determined that the partnership for 1985 substantially understated its tax income. Penalty I.R.C. Section 6661 is applicable at the individual partner level and will be raised in separate proceedings at the partner level following the present partnership proceeding.

Internal Revenue Service
Regional Director of Appeals

Department of the Treasury

903-415-167

Date: OCT 15 1991

Name of Partnership:
Cinema '84
Taxpayer Identifying Number:
11-2678807
Tax Year Ended:
December 31, 1986
Date FPAA Mailed to Tax Matters Partner:
OCT 15 1991
Person to Contact:
Maurice S. Stein
Contact Telephone Number:
(212) 264-7616

Tax Matters Partner
Cinema '84
c/o Greenberg Brothers Partnership
60 Madison Avenue
New York, New York 10010

Dear Partner:

## NOTICE OF FINAL PARTNERSHIP ADMINISTRATIVE ADJUSTMENT

We have determined that there are adjustments to the partnership return as shown on the attached schedule of adjustments, Form 870-P, Agreement to Assessment and Collection of Deficiency in Tax for Partnership Adjustments. This letter is the notice of Final Partnership Administrative Adjustment (FPAA).

If you want to enter into a binding settlement to treat partnership items consistently with the treatment of the items on the partnership return as modified by the FPAA, please sign and return the enclosed Form 870-P. Signing and returning Form 870-P constitutes a settlement offer by you. If the Commissioner accepts your offer of settlement, the treatment of partnership items under the settlement will be binding and will not be affected by any later judicial determination.

If you are the tax matters partner (the partnership representative who deals with the IRS) and want to contest these adjustments in court, you have 90 days from the date this letter was mailed to file a petition for a readjustment of the partnership items with the United States Tax Court, the United States Claims Court, or the District Court of the United States for the district in which the partnership's principal place of business is located. During this 90-day period, no other partner may file a petition for judicial review and the filing of a petition by the tax matters partner precludes all other actions.

If the tax matters partner has NOT filed a petition by the 90th day from the date the FPAA was mailed, any other partner entitled to receive this notice under section 6223 of the Internal Revenue Code (or any group of partners who together have an interest of 5 percent or more in the profits of the partnership (5-percent group)) may petition one of these courts after the 90th day, but on or before the 150th day, from the date the FPAA was mailed to the tax matters partner. Only one petition to the court is allowed. If more than one petition is filed, the first petition filed in the Tax Court will go forward. All other petitions (even those filed earlier) will be dismissed. If no petition is filed in the Tax Court, the first petition filed in one of the other courts will go forward and subsequent petitions will be dismissed.

(over)

Petitions filed with the United States Tax Court must be mailed to 400 Second Street, N.W., Washington, D.C. 20217. Attach a copy of this letter to the petition. The time in which you must file a petition with the court is fixed by law and the court cannot consider your case if your petition is filed late. If this letter is addressed to both a husband and wife, and both want to petition the Tax Court, both must sign the petition or each must file a separate, signed petition.

As a condition to filing a petition in either the appropriate District Court or the Claims Court, the partner filing the petition (including each member of a 5-percent group which files a petition) must deposit with the Internal Revenue Service, on or before the day the petition is filed, the amount by which the partner's tax liability would be increased if the treatment of partnership items on the partner's return were made consistent with the treatment of partnership items under the FPAA. If you reported partnership items the way the partnership reported them on its return, you can generally determine the amount to deposit by taking your pro-rata share of the partnership's adjustments into account in refiguring your tax.

If no readjustment petition is filed in any of the courts listed on the front of this letter, this FPAA becomes binding and you will be billed for any additional tax that you may owe under the FPAA. You will not be permitted to contest the treatment of partnership items under the FPAA in any refund claim or suit. The law permits us to bill you after 150 days from the mailing date of the FPAA to the tax matters partner. However, if a petition is filed in the Tax Court, you will not be billed until the Tax Court decision is final.

If you have any questions about this matter, please write to the person whose name and address are shown on this letter. If you write, attach this letter to help identify your account. Keep the copy for your records. Also include your telephone number and the most convenient time for us to call you in case we need more information.

If you prefer, you may call the IRS contact person at the telephone number shown in the heading of this letter. If this number is outside your local calling area, there will be a long-distance charge to you.

You may call the IRS telephone number listed in your local directory. An employee there may be able to help you, but the contact person at the address shown on this letter is most familiar with your case.

Thank you for your cooperation.

Sincerely yours,

Fred T. Goldberg, Jr.
Commissioner
By

Benjamin A Brancato

Associate Chief
Appeals Office

Enclosures:
Form 870-P
Copy of this letter

Form 870-P(AD) (June 1988)

Department of the Treasury — Internal Revenue Service

# Settlement Agreement For Partnership Adjustments

| Taxpayer(s) name(s), address, and zip code | Name of Partnership | Tax Year(s) Ended |
|---|---|---|
| Cinema '84<br>c/o Greenberg Brothers Partnerships<br>60 Madison Avenue<br>New York, New York 10010 | Cinema '84<br>Taxpayer Identifying Number: 11-2678807 | December 31, 1986 |
| Taxpayer Identifying Number: 11-2678807 | Name of Tax Matters Partner<br>Richard M. Greenberg | |

Under the provisions of section 6224(c) of the Internal Revenue Code, the undersigned offers to enter into a settlement agreement with respect to the determination of partnership items of the partnership for the year(s) shown on the attached schedule of adjustments. The undersigned, in accordance with the provisions of section 6224(b) of the Code, also offers to waive the restrictions on the assessment and collection of any deficiency attributable to partnership items (with interest as required by law) provided in section 6225(a).

This offer is subject to acceptance for the Commissioner of the Internal Revenue Service. It will take effect as a waiver of restrictions on the date it is accepted. Unless and until it is accepted, it will have no force or effect.

If this offer is accepted for the Commissioner, the treatment of partnership items under this agreement will not be reopened in the absence of fraud, malfeasance, or misrepresentation of fact; and no claim for refund or credit based on any change in the treatment of partnership items may be filed or prosecuted.

| Signature of taxpayer | Date |
|---|---|
| Signature of taxpayer | Date |
| By (Signature and title) | Date |

If this offer is executed by a tax matters partner, please include title with the signature.

**Note:** The execution and filing of this offer will expedite the adjustment of tax liability.

If this offer is executed with respect to a year for which a JOINT RETURN OF A HUSBAND AND WIFE was filed, it must be signed by both spouses, unless one spouse, acting under a power of attorney, signs as agent for the other.

If a taxpayer is a corporation, the offer must be signed with the corporate name followed by the signature and title of the officer authorized to sign.

This offer may be executed by the taxpayer's attorney or agent provided this action is specificallly authorized by a power of attorney, which, if not previously filed, must accompany this form.

The submission of this offer by you and the acceptance of the offer for the Commissioner may result in an additional tax liability to you plus interest as provided by law. If the result is a decrease in tax, the amount of the decrease will be sent to you with interest as provided by law.

| For Internal Revenue Use Only | Date accepted for Commissioner | Signature |
|---|---|---|
| | Office | Title |

0090

Department of the Treasury — Internal Revenue Service

# Settlement Agreement For Partnership Adjustments

## Schedule of Adjustments

| Name of Partnership Cinema '84 | Tax Year(s) Ended | | |
|---|---|---|---|
| Taxpayer Identifying Number: 11-2678807 | 12/31/86 | | |
| **Detail of Adjustments To Ordinary Income** | | | |
| 1. Depreciation | $6,156,884 | | |
| 2. Interest | 3,025,149 | | |
| 3. Guaranteed Payment to Partners | 29,621 | | |
| 4. Advertizing Expenses | 66,850 | | |
| 5. Professional Fees | 6,500 | | |
| 6. Office Expenses | 40,010 | | |
| 7. Printing Expense | 547 | | |
| 8. Amortization | 91,320 | | |
| 9. Gross Receipts | (4,480,308) | | |
| 10. Interest Income | ( 18,836) | | |
| Total Adjustments To Ordinary Income | $4,917,737 | | |
| Other Adjustment: Net Earnings From Self-Employment | | | |
| (1) Adjustment | 98,730 | | |
| (2) As Reported | ( 69,109) | | |
| (3) Corrected | 29,621 | | |
| Other Adjustment: Gross NonFarm Income | | | |
| (1) Adjustment | ( 60,273) | | |
| (2) As Reported | 89,894 | | |
| (3) Corrected | 29,621 | | |

Remarks

Other Adjustments:

| | Qualified Investment Income | Qualified Investment Expense |
|---|---|---|
| (1) Adjustment | (4,409,537) | (9,228,544) |
| (2) | 4,409,537 | 9,228,544 |
| (3) Corrected | -0- | -0- |

Other Adjustment: Partnership Note

The partnership notes with Hemdale Film Corporation are determined to be non-recourse in substance because the partnership is protected against loss on the notes and Hemdale Film Corporation has an interest in the activity other than as a creditor.

0091

CINEMA '84
EIN: 11-2678807

EXPLANATION OF ADJUSTMENTS
TAXABLE YEAR ENDED DECEMBER 31, 1986

1. Adjustments To Ordinary Income

A. 1. It is determined that the deductions claimed by the partnership based on its claimed purchase of the films "Perfect Strangers", "Special Effects", "Return of the Living Dead", "The Terminator", "The Howling II", and "A Breed Apart", are disallowed because in substance the partnership did not acquire the benefits and burdens of ownership in the films and is, therefore, not entitled to any of the deductions claimed.

2. In the alternative, if it is determined that the partnership acquired ownership interests in the films it is determined that acquisition of the films was not an activity entered into for profit under Section 183(a). Accordingly, any deductions claimed which have not been disallowed in full for the specific reasons set forth in Section B, below, are only allowed to the extent of partnership income in accordance with, and in the manner provided by, Sections 183(b)(1) and 183(b)(2).

B. It is further determined that the following partnership deductions are disallowed for the specific reasons stated:

1. Depreciation

a. It is determined that the deduction attributable to depreciation is disallowed because the method of depreciation does not bear a proper relationship to a decline in the films' usefulness and, in any event, the fair market value of the films has not been established.

b. Alternatively, it is determined that the portion of the depreciation deduction attributable to the amounts of the notes to Hemdale Film Corporation are disallowed because said notes lack economic substance, are contingent and are not present liabilities. Therefore, the notes cannot be considered partnership liabilities and cannot be added to the cost or depreciable bases of the films.

| Film Title | Amount of Note |
|---|---|
| Perfect Strangers | $ 1,125,000.00 |
| Special Effects | 1,125,000.00 |
| Return of the Living Dead | 6,450,000.00 |
| The Terminator | 9,200,000.00 |
| The Howling II | 5,210,000.00 |
| A Breed Apart | 6,970,000.00 |

CINEMA '84
EIN: 11-2678807

EXPLANATION OF ADJUSTMENTS
TAXABLE YEAR ENDED DECEMBER 31, 1986

2. Interest Expense

a. It is determined that the deduction claimed for interest expense is not deductible because it has not been established that the amounts claimed were in fact paid or incurred and if paid or incurred were for the purpose stated, nor have you substantiated such deduction; and

b. The loans represented by the notes are contingent and not present liabilies.

3. Guaranteed Payments To Partners

4. Advertising Expenses

5. Financing Fees

6. Office Expenses

7. Printing Expense

8. Amortization

a. It is determined that the deductions shown above as numbers 3. through 8., are disallowed because it has not been established that the amounts claimed were in fact paid or incurred and if paid or incurred were for the purposes stated, nor have you substantiated such deductions; and

b. The deductions shown above as numbers 3. through 8., if in fact incurred, were incurred for nondeductible syndication cost of the partnership.

CINEMA '84
EIN: 11-2678807

EXPLANATION OF ADJUSTMENTS
TAXABLE YEAR ENDED DECEMBER 31, 1986

ALTERNATIVE POSITION

A. Alternatively, because the fair market values of the films have not been established, and because the notes to which the films are nominally subject lack economic substance, said notes cannot be included in your basis in the films.

B. Alternatively, if it is decided that the disallowed partnership deductions are allowable in whole or in part, then it is determined that you are subject to the provisions of Section 465. The partnership notes held by Hemdale Film Corporation are determined to be non-recourse in substance because payments under these notes are not required and have not been made. Therefore, the partnership is protected against loss on the notes. Additionally, Hemdale Film Corporation has an interest in the activity other than as a creditor.

II. Other Adjustments

A. Net Earnings From Self-Employment

B. Gross Nonfarm Income

C. Qualified Investment Income

D. Qualified Investment Expense

The amounts reported as net earnings from self-employment, gross nonfarm income, qualified investment income and qualified investment expense are adjusted to reflect the adjustments to ordinary income.

E. Partnership Note

See explanation for Alternative Position B., above.

CINEMA '84
EIN: 11-2678807

December 31, 1986

FOR INFORMATION PURPOSES ONLY

The explanations stated below are provided for your information. The explanations state the reasons why the stated penalties, interest on tax motivated transactions and/or the provisions of I.R.C. section 465 may be asserted after the partnership proceedings have been completed. The Court will not have jurisdiction to consider the partners' penalties or loss deduction limitation under sec. 465 raised in this Notice of Final Partnership Administrative Adjustment (FPAA) pursuant to Internal Revenue Code Sections 6231(a)(3) and 6626(f). Thus, you should not raise any penalty or loss limitation issue should you decide to petition the Court with respect to this FPAA.

I.R.C. Section 465

It has been determined that the partners are subject to the provisions of Section 465 of the Internal Revenue Code. You will not be allowed to increase your basis for claiming losses by your assumption agreement since: (1) the terms of the purchase and distribution agreement constitute a stop loss agreement protecting you from loss, and (2) the creditor has an interest other than as a creditor.

Section 6621(c) Tax Motivated Interest

It is determined that the partnership for 1986 has improperly taken deductions and/or credits for tax motivated reasons. Penalty I.R.C. Section 6621(c) is applicable at the individual partner level and will be raised in separate proceedings at the partner level following the present partnership proceeding.

This shelter is deemed to be a tax motivated transaction. As such, the adjustments to the investors' returns from this entity are subject to I.R.C. §6621(c). Interest accruing after 12/31/84 with respect to a substantial understatement of over $1,000.00 for any tax year will be imposed at an annual rate equal to 120% of the normal interest rate on the deficiency.

Internal Revenue Service
Regional Director of Appeals

Department of the Treasury

Date:

Name of Partnership:
Cinema '84
Taxpayer Identifying Number:
11-2678807
Tax Year Ended:
December 31, 1987
Date FPAA Mailed to Tax Matters Partner:

Person to Contact:
Maurice S. Stein
Contact Telephone Number:
(212) 264-7616

Mr. Richard M. Greenberg
Tax Matters Partner
Cinema '84
1175 York Avenue (PHB-3)
New York, New York 10021-7169

Dear Mr. Greenberg:

## NOTICE OF FINAL PARTNERSHIP ADMINISTRATIVE ADJUSTMENT

We have determined that there are adjustments to the partnership return as shown on the attached schedule of adjustments, Form 870-P, Agreement to Assessment and Collection of Deficiency in Tax for Partnership Adjustments. This letter is the notice of Final Partnership Administrative Adjustment (FPAA).

If you want to enter into a binding settlement to treat partnership items consistently with the treatment of the items on the partnership return as modified by the FPAA, please sign and return the enclosed Form 870-P. Signing and returning Form 870-P constitutes a settlement offer by you. If the Commissioner accepts your offer of settlement, the treatment of partnership items under the settlement will be binding and will not be affected by any later judicial determination.

If you are the tax matters partner (the partnership representative who deals with the IRS) and want to contest these adjustments in court, you have 90 days from the date this letter was mailed to file a petition for a readjustment of the partnership items with the United States Tax Court, the United States Claims Court, or the District Court of the United States for the district in which the partnership's principal place of business is located. During this 90-day period, no other partner may file a petition for judicial review and the filing of a petition by the tax matters partner precludes all other actions.

If the tax matters partner has NOT filed a petition by the 90th day from the date the FPAA was mailed, any other partner entitled to receive this notice under section 6223 of the Internal Revenue Code (or any group of partners who together have an interest of 5 percent or more in the profits of the partnership (5-percent group)) may petition one of these courts after the 90th day, but on or before the 150th day, from the date the FPAA was mailed to the tax matters partner. Only one petition to the court is allowed. If more than one petition is filed, the first petition filed in the Tax Court will go forward. All other petitions (even those filed earlier) will be dismissed. If no petition is filed in the Tax Court, the first petition filed in one of the other courts will go forward and subsequent petitions will be dismissed.

(over)

0096

New York City Appeals Office
P.O. Box 2954, Church Street Station, New York, N.Y. 10008

Petitions filed with the United States Tax Court must be mailed to 400 Second Street, N.W., Washington, D.C. 20217. Attach a copy of this letter to the petition. The time in which you must file a petition with the court is fixed by law and the court cannot consider your case if your petition is filed late. If this letter is addressed to both a husband and wife, and both want to petition the Tax Court, both must sign the petition or each must file a separate, signed petition.

As a condition to filing a petition in either the appropriate District Court or the Claims Court, the partner filing the petition (including each member of a 5-percent group which files a petition) must deposit with the Internal Revenue Service, on or before the day the petition is filed, the amount by which the partner's tax liability would be increased if the treatment of partnership items on the partner's return were made consistent with the treatment of partnership items under the FPAA. If you reported partnership items the way the partnership reported them on its return, you can generally determine the amount to deposit by taking your pro-rata share of the partnership's adjustments into account in refiguring your tax.

If no readjustment petition is filed in any of the courts listed on the front of this letter, this FPAA becomes binding and you will be billed for any additional tax that you may owe under the FPAA. You will not be permitted to contest the treatment of partnership items under the FPAA in any refund claim or suit. The law permits us to bill you after 150 days from the mailing date of the FPAA to the tax matters partner. However, if a petition is filed in the Tax Court, you will not be billed until the Tax Court decision is final.

If you have any questions about this matter, please write to the person whose name and address are shown on this letter. If you write, attach this letter to help identify your account. Keep the copy for your records. Also include your telephone number and the most convenient time for us to call you in case we need more information.

If you prefer, you may call the IRS contact person at the telephone number shown in the heading of this letter. If this number is outside your local calling area, there will be a long-distance charge to you.

You may call the IRS telephone number listed in your local directory. An employee there may be able to help you, but the contact person at the address shown on this letter is most familiar with your case.

Thank you for your cooperation.

Sincerely yours,

Fred T. Goldberg, Jr.
Commissioner
By

Benjamin A. Brancato

Associate Chief
Appeals Office

Enclosures:
Form 870-P
Copy of this letter

Form 870-P(AD) (June 1988)

Department of the Treasury — Internal Revenue Service

# Settlement Agreement For Partnership Adjustments

| Taxpayer(s) name(s), address, and zip code | Name of Partnership | Tax Year(s) Ended |
|---|---|---|
| Cinema '84<br>c/o Greenberg Brothers Partnership<br>2 Soundview Drive<br>Greenwich, CT 06830-6471 | Cinema '84<br>Taxpayer Identifying Number: 11-2678807 | December 31, 1987 |
| Taxpayer Identifying Number: 11-2678807 | Name of Tax Matters Partner<br>Richard M. Greenberg | |

Under the provisions of section 6224(c) of the Internal Revenue Code, the undersigned offers to enter into a settlement agreement with respect to the determination of partnership items of the partnership for the year(s) shown on the attached schedule of adjustments. The undersigned, in accordance with the provisions of section 6224(b) of the Code, also offers to waive the restrictions on the assessment and collection of any deficiency attributable to partnership items (with interest as required by law) provided in section 6225(a).

This offer is subject to acceptance for the Commissioner of the Internal Revenue Service. It will take effect as a waiver of restrictions on the date it is accepted. Unless and until it is accepted, it will have no force or effect.

If this offer is accepted for the Commissioner, the treatment of partnership items under this agreement will not be reopened in the absence of fraud, malfeasance, or misrepresentation of fact; and no claim for refund or credit based on any change in the treatment of partnership items may be filed or prosecuted.

| | |
|---|---|
| Signature of taxpayer | Date |
| Signature of taxpayer | Date |
| By (Signature and title) | Date |

If this offer is executed by a tax matters partner, please include title with the signature.

**Note:** The execution and filing of this offer will expedite the adjustment of tax liability.

If this offer is executed with respect to a year for which a JOINT RETURN OF A HUSBAND AND WIFE was filed, it must be signed by both spouses, unless one spouse, acting under a power of attorney, signs as agent for the other.

If a taxpayer is a corporation, the offer must be signed with the corporate name followed by the signature and title of the officer authorized to sign.

This offer may be executed by the taxpayer's attorney or agent provided this action is specificallly authorized by a power of attorney, which, if not previously filed, must accompany this form.

The submission of this offer by you and the acceptance of the offer for the Commissioner may result in an additional tax liability to you plus interest as provided by law. If the result is a decrease in tax, the amount of the decrease will be sent to you with interest as provided by law.

| For Internal Revenue Use Only | | |
|---|---|---|
| | Date accepted for Commissioner | Signature |
| | Office | Title |

0098

Department of the Treasury — Internal Revenue Service

## Settlement Agreement For Partnership Adjustments

### Schedule of Adjustments

| Name of Partnership: Cinema '84<br>Taxpayer Identifying Number: 11-2678807 | Tax Year(s) Ended | | |
|---|---|---|---|
| | 12/31/87 | | |
| Detail of Adjustments To Ordinary Income | | | |
| 1. Depreciation | $6,156,884 | | |
| 2. Interest | 3,016,792 | | |
| 3. Professional Fees | 6,000 | | |
| 4. Office Expenses | 14 | | |
| 5. Legal Expense | 39,051 | | |
| 6. Amortization | 91,320 | | |
| 7. Gross Receipts | (3,008,000) | | |
| Total Adjustments To Ordinary Income | $6,302,061 | | |
| Other Adjustment: Net Earnings From Self-Employment | | | |
| (1) Adjustment | 126,041 | | |
| (2) As Reported | 126,041 | | |
| (3) Corrected | -0- | | |
| Other Adjustment: Gross Nonfarm Income | | | |
| (1) Adjustment | ( 60,160) | | |
| (2) As Reported | 60,160 | | |
| (3) Corrected | -0- | | |

Remarks

Other Adjustment: Partnership Note

The partnership notes with Hemdale Film Corporation are determined to be non-recourse in substance because the partnership is protected against loss on the notes and Hemdale Film Corporation has an interest in the activity other than as a creditor.

0099

CINEMA '84
EIN: 11-2678807

EXPLANATION OF ADJUSTMENTS
TAXABLE YEAR ENDED DECEMBER 31, 1987

1. Adjustments To Ordinary Income

A. 1. It is determined that the deductions claimed by the partnership based on its claimed purchase of the films "Perfect Strangers", "Special Effects", "Return of the Living Dead", "The Terminator", "The Howling II", and "A Breed Apart", are disallowed because in sub-substance the partnership did not acquire the benefits and burdens of ownership in the films and is, therefore, not entitled to any of the deductions claimed.

2. In the alternative, if it is determined that the partnership acquired ownership interests in the films it is determined that acquisition of the films was not an activity entered into for profit under Section 183(a). Accordingly, any deductions claimed which have not been disallowed in full for the specific reasons set forth in Section B, below, are only allowed to the extent of partnership income in accordance with, and in the manner provided by, Sections 183(b)(1) and 183(b)(2).

B. It is further determined that the following partnership deductions are disallowed for the specific reasons stated:

1. Depreciation

a. It is determined that the deduction attributable to depreciation is disallowed because the method of depreciation does not bear a proper relationship to a decline in the films' usefulness and, in any event, the fair market value of the films has not been established.

b. Alternatively, it is determined that the portion of the depreciation deduction attributable to the amounts of the notes to Hemdale Film Corporation are disallowed because said notes lack economic substance, are contingent and are not present liabilities. Therefore, the notes cannot be considered partnership liabilities and cannot be added to the cost or depreciable bases of the films.

| Film Title | Amount of Note |
|---|---|
| Perfect Strangers | $ 1,125,000.00 |
| Special Effects | 1,125,000.00 |
| Return of the Living Dead | 6,450,000.00 |
| The Terminator | 9,200,000.00 |
| The Howling II | 5,210,000.00 |
| A Breed Apart | 6,970,000.00 |

CINEMA '84
EIN: 11-2678807

EXPLANATION OF ADJUSTMENTS
TAXABLE YEAR ENDED DECEMBER 31, 1987

2. Interest Expense

a. It is determined that the deduction claimed for interest expense is not deductible because it has not been established that the amounts claimed were in fact paid or incurred and if paid or incurred were for the purpose stated, nor have you substantiated such deduction; and

b. The loans represented by the notes are contingent and not present liabilies.

3. Professional Fees

4. Office Fees

5. Legal Expense

6. Amortization

a. It is determined that the deductions shown above as numbers 3. through 6., are disallowed because it has not been established that the amounts claimed were in fact paid or incurred and if paid or incurred were for the purposes stated, nor have you substantiated such deductions; and

b. The deductions shown above as numbers 3. through 6., if in fact incurred, were incurred for nondeductible syndication cost of the partnership.

CINEMA '84
EIN: 11-2678807

EXPLANATION OF ADJUSTMENTS
TAXABLE YEAR ENDED DECEMBER 31, 1987
ALTERNATIVE POSITION

A. Alternatively, because the fair market values of the films have not been established, and because the notes to which the films are nominally subject lack economic substance, said notes cannot be included in your basis in the films.

B. Alternatively, if it decided that the disallowed partnership deductions are allowable in whole or in part, then it is determined that you are subject to the provisions of Section 465. The partnership notes held by Hemdale Film Corporation are determined to be nonrecourse in substance because payments under these notes are not required and have not been made. Therefore, the partnership is protected against loss on the note. Additionally, Hemdale Film Corporation has an interest in the activity other than as a creditor.

II. Other Adjustments

A. Not Earnings From Self-Employment

B. Gross Nonfarm Income

The amounts reported as net earning from self-employment and gross nonfarm income are adjusted to reflect the adjustments to ordinary income.

C. Partnership Note

See explanation for Alternative Position B., above.

CINEMA '84
EIN: 11-2678807

December 31, 1987

FOR INFORMATION PURPOSES ONLY

The explanations stated below are provided for your information. The explanations state the reasons why the stated penalties, interest on tax motivated transactions and/or the provisions of I.R.C. section 465 may be asserted after the partnership proceedings have been completed. The Court will not have jurisdiction to consider the partners' penalties or loss deduction limitation under sec. 465 raised in this Notice of Final Partnership Administrative Adjustment (FPAA) pursuant to Internal Revenue Code Sections 6231(a)(3) and 6626(f). Thus, you should not raise any penalty or loss limitation issue should you decide to petition the Court with respect to this FPAA.

I.R.C. Section 465

It has been determined that the partners are subject to the provisions of Section 465 of the Internal Revenue Code. You will not be allowed to increase your basis for claiming losses by your assumption agreements since: (1) the terms of the purchase and distribution agreements constitute a stop loss agreement protecting you from loss, and (2) the creditor has an interest other than as a creditor.

Section 6621(c) Tax Motivated Interest

It is determined that the partnership for 1987 has improperly taken deductions and/or credits for tax motivated reasons. Penalty I.R.C. Section 6621(c) is applicable at the individual partner level and will be raised in separate proceedings at the partner level following the present partnership proceeding.

This shelter is deemed to be a tax motivated transaction. As such, the adjustments to the investors' returns from this entity are subject to I.R.C. §6621(c). Interest accruing after 12/31/84 with respect to a substantial understatement of over $1,000.00 for any tax year will be imposed at an annual rate equal to 120% of the normal interest rate on the deficiency.

CINEMA '84
E.I.N. 11-2678807

December 31, 1987

FOR INFORMATION PURPOSES ONLY

I.R.C. Section 6653(a)

It is determined that the partnership for 1987 has improperly taken deductions and/or credit due to negligence or intentional disregard of rules and regulations. Penalty I.R.C. Section 6653(a)(1) and (2) are applicable at the individual partner level and will be raised in separate proceedings at the partner level following the present partnership proceeding.

I.R.C. Section 6659

It is determined that the partnership for 1987 overstated the value of the film. The penalty provision of I.R.C. Section 6659 is applicable at the individual partner level and will be raised in separate proceedings at the partner level following the present partnership proceeding.

I.R.C. Section 6661

In the alternative to the application of I.R.C. Section 6659, it is determined that the partnership for 1987 substantially understated its tax income. Penalty I.R.C. Section 6661 is applicable at the individual partner level and will be raised in separate proceedings at the partner level following the present partnership proceeding.