Bush [redacted]

Form **1040X** (Rev. November 2001)

Department of the Treasury — Internal Revenue Service

# Amended U.S. Individual Income Tax Return

▶ See separate instructions.

OMB No. 1545-0091

**This return is for calendar year ▶** 1985 **, or fiscal year ended ▶**

| Please print or type | | |
|---|---|---|
| Your first name and initial: LYMAN F. | Last name: BUSH | Your social security number: [redacted] |
| If a joint return, spouse's first name and initial: BEVERLY J. | Last name: BUSH, DECEASED | Spouse's social security number: [redacted] |
| Home address (no. and street) or P.O. box if mail is not delivered to your home: c/o Thomas E. Redding; 2914 West T. C. Jester *(POA ATTACHED, FORM 2848)* | Apt. no. | Phone number: 713-965-9244 |
| City, town or post office, state, and ZIP code. If you have a foreign address, see page 2 of the instructions.: Houston, Texas 77018-7010 *** *ADDRESS FOR THIS MATTER ONLY* | | For Paperwork Reduction Act Notice, see page 6. |

**A** If the name or address shown above is different from that shown on the original return, check here ▶ [X]

**B** Has the original return been changed or audited by the IRS or have you been notified that it will be? [X] Yes [ ] No

**C** Filing status. Be sure to complete this line. **Note.** You cannot change from joint to separate returns after the due date.

On original return ▶ [ ] Single [X] Married filing joint return [ ] Married filing separate return [ ] Head of household [ ] Qualifying widow(er)

On this return ▶ [ ] Single [X] Married filing joint return [ ] Married filing separate return [ ] Head of household* [ ] Qualifying widow(er)

* If the qualifying person is a child but not your dependent, see page 2.

| Use Part II on the Back to Explain any Changes | | A. Original amount or as previously adjusted (see page 2) | B. Net change — amount of increase or (decrease) — explain in Part II | C. Correct amount |
|---|---|---|---|---|
| **Income and Deductions (see pages 2 - 6)** | | | | |
| 1 Adjusted gross income (see page 3) | 1 | | | |
| 2 Itemized deductions or standard deduction (see page 3) | 2 | | | |
| 3 Subtract line 2 from line 1 | 3 | | | |
| 4 Exemptions. If changing, fill in Parts I and II on the back | 4 | | | |
| 5 Taxable income. Subtract line 4 from line 3 | 5 | | | |
| **Tax Liability** 6 Tax (see page 4). Method used in col. C | 6 | | | |
| 7 Credits (see page 4) | 7 | | | |
| 8 Subtract line 7 from line 6. Enter the result but not less than zero | 8 | | | |
| 9 Other taxes (see page 4) | 9 | | | |
| 10 Total tax. Add lines 8 and 9 | 10 | | | |
| **Payments** 11 Federal income tax withheld and excess social security and RRTA tax withheld. If changing, see page 4 | 11 | | | |
| 12 Estimated tax payments, including amount applied from prior year's return | 12 | | | |
| 13 Earned income credit (EIC) | 13 | | | |
| 14 Additional child tax credit from Form 8812 | 14 | | | |
| 15 Credits from Form 2439 or Form 4136 | 15 | | | |
| 16 Amount paid with request for extension of time to file (see page 4) | 16 | | | |
| 17 Amount of tax paid with original return plus additional tax paid after it was filed | 17 | | | 24,619 |
| 18 Total payments. Add lines 11 through 17 in column C | 18 | | | 24,619 |

**Refund or Amount You Owe**

| | | |
|---|---|---|
| 19 Overpayment, if any, as shown on original return or as previously adjusted by the IRS | 19 | *Not Applicable* |
| 20 Subtract line 19 from line 18 (see page 5) | 20 | *Not Applicable* |
| 21 **Amount you owe.** If line 10, column C, is more than line 20, enter the difference and see page 5 | 21 | 0 |
| 22 If line 10, column C, is less than line 20, enter the difference | 22 | *Not Applicable* |
| 23 Amount of line 22 you want **refunded to you** | 23 | 16,708 ** |
| 24 Amount of line 22 you want **applied to your** estimated tax | 24 | |

**Sign Here**
Joint return? See page 2. Keep a copy for your records.

Under penalties of perjury, I declare that I have filed an original return and that I have examined this amended return, including accompanying schedules and statements, and to the best of my knowledge and belief, this amended return is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which the preparer has any knowledge.

▶ Lyman F Bush — Your signature — Date 7-16-02

▶ Lyman F Bush, Personal Representative — Spouse's signature. If a joint return, **both** must sign. — Date 7-16-02

**Paid Preparer's Use Only**

Preparer's signature ▶ Brett A. Thompson CPA — Date 7-4-02 — Check if self-employed [X] — Preparer's SSN or PTIN [redacted]

Firm's name (or yours if self-employed), address, and ZIP code ▶ BRETT A. THOMPSON, CPA, 20214 KINGSLAND BLVD. KATY, TX 7745C

***or such greater amount as is legally refundable, plus intere*

ISA STF FED3171F.1

PLAINTIFF'S EXHIBIT 16

0163

**Part I** **Exemptions.** See Form 1040 or 1040A instructions.

If you are **not changing your exemptions,** do not complete this part.
If claiming **more exemptions,** complete lines 25 - 31.
If claiming **fewer exemptions,** complete lines 25 - 30.

| | | Line | A. Original number of exemptions reported or as previously adjusted | B. Net change | C. Correct number of exemptions |
|---|---|---|---|---|---|
| 25 | Yourself and spouse. **Caution.** If your parents (or someone else) can claim you as a dependent (even if they chose not to), you cannot claim an exemption for yourself. | 25 | | | |
| 26 | Your dependent children who lived with you | 26 | | | |
| 27 | Your dependent children who did not live with you due to divorce or separation | 27 | | | |
| 28 | Other dependents | 28 | | | |
| 29 | Total number of exemptions. Add lines 25 through 28 | 29 | | | |
| 30 | Multiply the number of exemptions claimed on line 29 by the amount listed below for the tax year you are amending. Enter the result here and on line 4. | 30 | | | |

| Tax year | Exemption amount | But see the instructions for line 4 on page 3 if the amount on line 1 is over: |
|---|---|---|
| 2001 | $2,900 | $99,725 |
| 2000 | 2,800 | 96,700 |
| 1999 | 2,750 | 94,975 |
| 1998 | 2,700 | 93,400 |

31 Dependents (children and other) not claimed on original (or adjusted) return:

| (a) First name | Last name | (b) Dependent's social security number | (c) Dependent's relationship to you | (d) ✓ if qualifying child for child tax credit (see page 5) |
|---|---|---|---|---|
| | | | | ☐ |
| | | | | ☐ |
| | | | | ☐ |
| | | | | ☐ |
| | | | | ☐ |
| | | | | ☐ |

No. of your children on line 31 who:
- lived with you ▶ ☐
- **did not** live with you due to divorce or separation (see page 5) ▶ ☐

Dependents on line 31 not entered above ▶ ☐

**Part II** **Explanation of Changes to Income, Deductions, and Credits**

**Enter the line number from the front of the form for each item you are changing and give the reason for each change. Attach only the supporting forms and schedules for the items changed. If you do not attach the required information, your Form 1040X may be returned. Be sure to include your name and social security number on any attachments.**

If the change relates to a net operating loss carryback or a general business credit carryback, attach the schedule or form that shows the year in which the loss or credit occurred. See page 2 of the instructions. Also, check here ▶ ☐

***** *Please See Explanation Attached* *****

**Part III** **Presidential Election Campaign Fund.** Checking below will not increase your tax or reduce your refund.

If you did not previously want $3 to go to the fund but now want to, check here ▶ ☐

If a joint return and your spouse did not previously want $3 to go to the fund but now wants to, check here ▶ ☐

Form 2848 (Rev. December 1997) Department of the Treasury Internal Revenue Service

# Power of Attorney and Declaration of Representative

▶ See the separate instructions.

OMB No. 1545-0150

For IRS Use Only
Received by:
Name
Telephone
Function
Date

**Part I** Power of Attorney (Please type or print.)

**1 Taxpayer information** (Taxpayer(s) must sign and date this form on page 2, line 9.)

| Taxpayer name(s) and address | Social security number(s) | Employer identification number |
|---|---|---|
| LYMAN E & BEVERLY J BUSH<br>1217 122ND ST. CT. EAST<br>TACOMA WA 98445 | [redacted] | |
| | Daytime telephone number<br>(253) 537-7833 | Plan number (if applicable) |

hereby appoint(s) the following representative(s) as attorney(s)-in-fact:

**2 Representative(s)** (Representative(s) must sign and date this form on page 2, Part II.)

| Name and address | |
|---|---|
| Thomas E. Redding<br>2914 West T.C. Jester<br>Houston, Texas 77018 | CAF No. [redacted]<br>Telephone No. 713/965-9244<br>Fax No. 713/621-5227<br>Check if new: Address ☐ Telephone No. ☐ |
| Sallie W. Gladney<br>2914 West T.C. Jester<br>Houston, Texas 77018 | CAF No. [redacted]<br>Telephone No. 713/965-9244<br>Fax No. 713/621-5227<br>Check if new: Address ☐ Telephone No. ☐ |
| Teresa J. Womack<br>2914 West T.C. Jester<br>Houston, Texas 77018 | CAF No. [redacted]<br>Telephone No. 713/965-9244<br>Fax No. 713/621-5227<br>Check if new: Address ☐ Telephone No. ☐ |

to represent the taxpayer(s) before the Internal Revenue Service for the following tax matters:

**3 Tax matters**

| Type of Tax (Income, Employment, Excise, etc.) | Tax Form Number (1040, 941, 720, etc.) | Year(s) or Period(s) |
|---|---|---|
| Income | 1040 and 1065 and Partnership Items for all partnerships in which the taxpayer is a partner. | Tax periods ending: December 31, 1983, 1984, 1985, 1986, 1987, 1988, 1989, 1990, 1991, 1992, 1993, 1994, 1995 |

**4 Specific use not recorded on Centralized Authorization File (CAF).** If the power of attorney is for a specific use not recorded on CAF, check this box. (See instruction for **Line 4 — Specific uses not recorded on CAF.**) . . . . . . . . . . . . . . . . . . . . . . . ▶ ☐

**5 Acts authorized.** The representatives are authorized to receive and inspect confidential tax information and to perform any and all acts that I (we) can perform with respect to the tax matters described on line 3, for example, the authority to sign any agreements, consents, or other documents. The authority does not include the power to receive refund checks (see line 6 below), the power to substitute another representative unless specifically added below, or the power to sign certain returns (see instruction for **Line 5 — Acts authorized**).

List any specific additions or deletions to the acts otherwise authorized in this power of attorney: This power includes, but is not limited to, authorization to exercise the taxpayer's rights regarding partnership items and affected items and under I.R.C. Section 6103(e)(1)(C) relative to Forms 1065 for partnerships in which the taxpayer(s) was a partner.

**Note:** *In general, an unenrolled preparer of tax returns cannot sign any document for a taxpayer. See Revenue Procedure 81-38, printed as Pub. 470, for more information.*

**Note:** *The tax matters partner of a partnership is not permitted to authorize representatives to perform certain acts. See the instructions for more information.*

**6 Receipt of refund checks.** If you want to authorize a representative named on line 2 to receive, **BUT NOT TO ENDORSE OR CASH**, refund checks, initial here LEB and list the name of that representative below.
BJJ — BY LEB AS EXECUTOR

Name of representative to receive refund check(s) ▶ Thomas E. Redding

**For Paperwork Reduction and Privacy Act Notice, see the separate instructions.** Form 2848 (Rev. 12-97)

ISA
STF FED4675F.1

7 **Notices and communications.** Original notices and other written communications will be sent to you and a copy to the first representative listed on line 2 unless you check one or more of the boxes below.

a If you want the first representative listed on line 2 to receive the original, and yourself a copy, of such notices or communications, check this box ▶ ☐

b If you also want the second representative listed to receive a copy of such notices and communications, check this box ▶ ☐

c If you do not want any notices or communications sent to your representative(s), check this box ▶ ☐

8 **Retention/revocation of prior power(s) of attorney.** The filing of this power of attorney automatically revokes all earlier power(s) of attorney on file with the Internal Revenue Service for the same tax matters and years or periods covered by this document. If you do not want to revoke a prior power of attorney, check here ▶ ☐
YOU MUST ATTACH A COPY OF ANY POWER OF ATTORNEY YOU WANT TO REMAIN IN EFFECT.

9 **Signature of taxpayer(s).** If a tax matter concerns a joint return, **both** husband and wife must sign if joint representation is requested, otherwise, see the instructions. If signed by a corporate officer, partner, guardian, tax matters partner, executor, receiver, administrator, or trustee on behalf of the taxpayer, I certify that I have the authority to execute this form on behalf of the taxpayer.

▶ **IF NOT SIGNED AND DATED, THIS POWER OF ATTORNEY WILL BE RETURNED.**

Lyman F Bush (signature) — 1-12-02
Signature — Date — Title (if applicable)

LYMAN F BUSH
Print Name

Beverly J. Bush (signature) (DECEASED — By LF Bush executor of ESTATE) — 1-12-02
Signature — Date — Title (if applicable)

BEVERLY J BUSH
Print Name

**Part II** **Declaration of Representative**

Under penalties of perjury, I declare that:

- I am not currently under suspension or disbarment from practice before the Internal Revenue Service;
- I am aware of regulations contained in Treasury Department Circular No. 230 (31 CFR, Part 10), as amended, concerning the practice of attorneys, certified public accountants, enrolled agents, enrolled actuaries, and others;
- I am authorized to represent the taxpayer(s) identified in Part I for the tax matter(s) specified there; and
- I am one of the following:

  a Attorney — a member in good standing of the bar of the highest court of the jurisdiction shown below.
  b Certified Public Accountant — duly qualified to practice as a certified public accountant in the jurisdiction shown below.
  c Enrolled Agent — enrolled as an agent under the requirements of Treasury Department Circular No. 230.
  d Officer — a bona fide officer of the taxpayer's organization.
  e Full-Time Employee — a full-time employee of the taxpayer.
  f Family Member — a member of the taxpayer's immediate family (i.e., spouse, parent, child, brother, or sister).
  g Enrolled Actuary — enrolled as an actuary by the Joint Board for the Enrollment of Actuaries under 29 U.S.C. 1242 (the authority to practice before the Service is limited by section 10.3(d)(1) of Treasury Department Circular No. 230).
  h Unenrolled Return Preparer — an unenrolled return preparer under section 10.7(c)(viii) of Treasury Department Circular No. 230.

▶ **IF THIS DECLARATION OF REPRESENTATIVE IS NOT SIGNED AND DATED, THE POWER OF ATTORNEY WILL BE RETURNED.**

| Designation — Insert above letter (a - h) | Jurisdiction (state) or Enrollment Card No. | Signature | Date |
|---|---|---|---|
| A | Texas | (signature) Thomas E. Redding | 3/1/02 |
| A | Texas | (signature) Sallie W. Gladney | 3-1-02 |
| A | Texas | Teresa J. Womack | |

STF FED4675F.2

FILED
IN COUNTY CLERK'S OFFICE
A.M. SEP 29 1999 P.M.
PIERCE COUNTY, WASHINGTON
TED RUTT, COUNTY CLERK
BY_____________DEPUTY

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

IN AND FOR THE COUNTY OF PIERCE

| | |
|---|---|
| In the Matter of the Estate of<br><br>BEVERLY J. BUSH,<br><br>Deceased. | NO. 99-4-00904-8<br><br>NOTICE OF APPOINTMENT OF PERSONAL REPRESENTATIVE AND PENDENCY OF PROBATE PROCEEDINGS |

TO: ALL HEIRS OF THE ABOVE-NAMED DECEDENT

YOU ARE HEREBY NOTIFIED THAT LYMAN F. BUSH was appointed the Personal Representative of the estate of BEVERLY J. BUSH, deceased, on the 16th day of June, 1999, and that probate proceedings thereon are now pending.

DATED this 16 day of June, 1999.

SCHWEINLER & SCHWEINLER

BY: [signature]
ROGER C. SCHWEINLER
WSB #20169

[signature]
LYMAN F. BUSH
Personal Representative

1



SCHWEINLER & SCHWEINLER
ATTORNEYS AT LAW
901 SOUTH I STREET, SUITE 102
TACOMA, WA 98405
(253) 572-4114 TACOMA
(253) 572-2854 FAX

COPY

**LYMAN F. BUSH and BEVERLY J. BUSH, DECEASED**
**(SSN [redacted] and SSN [redacted]**
**EXPLANATION - 1985, 1986, and 1987 REFUND CLAIMS**
**AND STATEMENT REQUESTING APPLICATION OF §6621(d)**

This refund claim, as it relates to tax and interest assessed relative to a settlement related to the Greenberg Brothers Partnership #4, a.k.a. Lone Wolf McQuade Associates, and Cinema '84 partnerships (each referred to in this explanation as "the Partnerships") for 1983 through 1995 (referred to in this explanation as "the settlement years"), is filed based upon the following grounds:

1. Each settlement entered into by Closing Agreement provided there was no change to partnership items, but agreed that for purposes of determining the taxpayers' correct tax liability for every partnership year from inception to termination (i) the taxpayers' amount at risk regarding their Partnership investment would be determined based on several factors set forth in the agreement, (ii) "any deficiency in tax determined under this agreement will be subject to adjustments arising from a carryback or carryforward from other taxable years of any loss, credit or other tax attributable as allowed by the Internal Revenue Code," (iii) the taxpayers could limit the amount of any income that would be or had been recognized related to any cancellation of any partnership notes, (iv) the taxpayers could limit recognition of their distributive share of any partnership income or gains for certain years to the amount of the partnership distribution or previously suspended partnership loss and the at-risk rules, (v) the partners could assert any appropriate innocent spouse defense under §6015, and (vi) other factors would be considered. Therefore, it is clear that any resulting tax deficiency to the taxpayers is based upon agreed adjustments to affected items requiring a partner level determination and further subject to totally non-partnership item adjustments and defenses preserved in the settlement agreement. Any tax deficiency is subject to the notice of deficiency requirements under I.R.C. §§6212 and 6213. The Internal Revenue Service did not issue the statutory notice of deficiency with regard to the assessments sought to be refunded in this claim. An assessment of a tax liability in violation of the restrictions on assessment set forth in I.R.C. §6213 is void and illegal. Therefore, all the amounts assessed, collected and sought to be refunded in this claim should be refunded. The agreement did not contain nor was there any separate waiver of the restrictions on assessment and collection under I.R.C. §6213.

2. The harm caused by the IRS' breach of the closing agreements is abundantly clear in light of the following facts:

(b) In accordance with paragraphs 12, 14, 15, 17 and 18 the taxpayers filed refund claims for 1988, 1990, 1991, 1992, 1993 and 1995 that should have been allowed and taken into account in computing the net tax deficiency, but which were instead summarily denied. See Exhibit "C." Had the IRS issued a statutory notice of deficiency for 1985, 1986 and 1987 the taxpayers would have been entitled to raise these agreed offsets as a partial defense to the 1985, 1986 and 1987 liabilities prior to payment. Instead, the taxpayers have been forced (i) to file a separate lawsuit to obtain the refunds for 1988, 1990, 1991, 1992, 1993 and 1995, and (ii) pay the gross liability asserted by the IRS for 1985, 1986 and 1987 and then pursue these refund claims

asserting defenses reserved or agreed in this closing agreement. The 1988, 1990, 1991, 1992 and 1993 refunds would have reduced the liability by well over $50,000.

(b) Even the 1981 and 1988 overpayments the IRS determined and acknowledged by itself that should have offset against 1985, 1986 and 1987 liabilities were inexplicably offset against previously non-existent phantom liabilities for 1981 and 1988 essentially defrauding the taxpayers of the benefit of the offsets for those overpayments. See Exhibit "D."

3. The 1981, 1988, 1990, 1991, 1992, 1993, 1994 and 1995 overpayments discussed in Paragraph 2 should all have been applied directly to the 1985, 1986 and 1987 liabilities and therefore constitute an additional and separate ground for refund of the liability overpaid in 1985, 1986 and 1987 as a result of their denial.

4. The claim is timely. It is being filed within two years from the date of payment.

5. If it is determined that the taxpayers are entitled to anything less than a full refund, the recomputation of interest must take into account the doctrine in *Avon Products*, 78-2 U.S.T.C. ¶9821 (1978), pursuant to which it has been determined, and conceded by the government, that interest does not begin to run on a deficiency of tax until the date on which a refund was paid if no interest was paid with the original refund.

6. As an alternative, and in addition to the grounds set forth above, interest should be abated pursuant to I.R.C. §6404 as follows:

(a) First, interest should be abated for the period beginning with the commencement of the IRS' wrongful representation that the partners in this partnership would be entitled to request consistent settlements based upon those entered into by other partners, even providing the names and date of the settlements with respect to which the consistent settlements could be requested, the representation to the United States Tax Court that all of the cases then pending would be settled either based upon settlement documents that were in process or upon requests for consistent settlement, and then the subsequent refusal to enter into consistent settlements resulting in the delay from February 8, 1995 until the actual date that the above-referenced settlement agreement was entered into, all of which constituted managerial or ministerial acts which were unreasonable errors and delays by officers or employees of the IRS acting in their official capacities. All such acts occurred after the IRS first contacted the partner in writing with regard to the civil partnership level return examination.

(b) Second, if it is determined that there was a waiver of the restrictions under I.R.C. §6213, which the taxpayers assert there was not, then interest should be abated for the period beginning with a date 30 days after the date of such waiver in the Closing Agreement and ending on the date of assessment of the income tax liability. The failure to promptly assess

the tax deficiency was clearly a managerial or ministerial act resulting in an unreasonable delay of the tax assessment, and further, such abatement is required under I.R.C. §6404.

7. As an alternative, and in addition to the grounds set forth above, the taxpayer(s) are entitled to the benefit of a net rate of interest of zero pursuant to I.R.C. §6621(d) and a refund of the interest paid on the portion of the deficiency equal to the amount of any refund with respect to which the taxpayer(s) were entitled to receive interest for the periods during which interest was charged on such portion of the deficiency and is payable on such refunds. Substantial refunds are due for 1981, 1988, 1990, 1991, 1992, 1993, 1994 and 1995 as a result of the settlement. This claim constitutes the taxpayer(s)' request that the Secretary apply §6621(d) to all such periods, which includes all periods from April 15, 1984 of the first year listed in the preceding sentence until the date of payment of the tax sought to be refunded under this claim. To the extent of equivalent amounts of underpayments or overpayments, the periods set forth under §5.063 of Rev. Proc. 99-43 have not previously been applied to obtain a net interest rate of zero under §6621(d).

8. As an alternative, the assessment made by the Internal Revenue Service was not made within two years of the date of the settlement and is, therefore, an invalid assessment which must be refunded. The settlement became final and binding either on July 22, 1999 or August 7, 1999. Which date is in dispute. The IRS mailed to the taxpayers statements for tax due (Forms 3552) that were patently fraudulent, representing that the "Assessment Date" was "07/31/2000" and were dated "07/31/2000." These notices were pure unadulterated fraudulently dated and serve as no evidence that a valid assessment was ever made. They were RECEIVED BY THE TAXPAYERS ON 07/28/00, three days BEFORE the alleged assessment and date of the notices. See Exhibit "B," p. 4-10. They were faxed to the taxpayers' counsel on 7/28/00. It is the taxpayers' belief that the assessments were not actually made until late August.

Exhibits - A - Evidence of settlement
B - Evidence of tax assessment and payment

Department of the Treasury - Internal Revenue Service

# Closing Agreement on Final Determination Covering Specific Matters

Under section 7121 of the Internal Revenue Code of 1986 (hereinafter "Code")

Lyman F. Bush (SSN: [redacted]) and Beverly J. Bush (SSN: [redacted]
(Taxpayers' Name, address, and identifying number)

1217 122nd Street Court East, Tacoma, WA 98445 (hereinafter referred to as taxpayer)

and the Commissioner of Internal Revenue make the following closing agreement:

WHEREAS, a dispute has arisen between the parties as to the Federal income tax treatment to be accorded to the taxpayers' purchase of an investment in Cinema 84 (hereinafter Partnership);

WHEREAS, the parties wish to determine, with finality, the taxpayers' income, gains, losses, deductions and credits for1984 and subsequent years with respect to the Partnership.

NOW IT IS HEREBY DETERMINED AND AGREED for Federal income tax purposes that:

1. No adjustment to the partnership items shall be made for the taxable years 1984 through 1995 for purposes of this settlement.

2. The taxpayers are entitled to claim their distributive share of the partnership losses for 1984 through 1995 only to the extent they are at risk under I.R.C. § 465.

3. The taxpayers' amount at risk for 1984 through 1989 is their capital contribution to the partnership.

4. The taxpayers' capital contribution to the partnership is 50,000.00.

5. Taxpayers' qualified investment for computing investment tax credit is the amount at risk as set forth in paragraph #4.

6. The taxpayers are not at risk under I.R.C. § 465 for any partnership notes, entered into by the partnership to acquire rights in the motion pictures Terminator, Perfect Strangers, Special Effects, Return of the Living Dead, A Breed Apart and Howling II, whether or not assumed by the taxpayers. Any losses disallowed under this agreement are suspended under I.R.C. § 465. Such suspended losses may be used to offset the taxpayers' pro rata share of any income earned by the partnership and/or other income in accordance with the operation of I.R.C. § 465.

7. To the extent the taxpayers make additional cash contributions to the capital of the partnership after 1989, the taxpayers' amount at risk will be increased in accordance with I.R.C. § 465.

8. To the extent the partnership earns net income the taxpayers' at risk will be increased in accordance with I.R.C. § 465.

9. To the extent the taxpayers make cash payments on the partnership notes after the date of execution of this agreement by the Commissioner and the taxpayers, the taxpayers' amount at risk will be increased in accordance with I.R.C. § 465.

EXHIBIT "A", P. 1

10. No additions to tax under I.R.C. §§ 6653(a), 6661, 6659 or 6662 will be asserted with respect to the taxpayers' investment in the partnership for 1984 through 1995.

11. The taxpayers are liable for additional interest pursuant to I.R.C. § 6621(c) for tax motivated interest for their investment in the partnership for the taxable years 1984 through 1989.

12. Any deficiency in tax determined under this agreement will be subject to adjustments arising from a carryback or carryforward from other taxable years of any loss, credit or other tax attribute as allowed by the Internal Revenue Code.

13. After the execution of this agreement on behalf of the Commissioner and the taxpayers, the taxpayers shall not recognize any taxable income attributable to any cancellation, discharge, or satisfaction by foreclosure or conveyance of assets, of any partnership notes entered into by the partnership to acquire rights in the motion pictures Terminator, Perfect Strangers, Special Effects, Return of the Living Dead, A Breed Apart and Howling II, whether or not the taxpayers assumed a pro rata share of said note, or from said partnership notes upon liquidation or dissolution of the partnership.

14. The taxpayers shall be taxable on their distributive share of any income or gains of the partnership for years after 1987 only to the extent said income exceeds losses suspended under the at risk rules of I.R.C. § 465 and/or the cash and/or the fair market value of property distributed to the taxpayers.

15. Any refund claim attributable to the operation of this agreement shall be deemed to be timely filed and shall be allowed if it is filed with the IRS within one year of the execution of this agreement by the Commissioner of Internal Revenue. Any refund claim so submitted pursuant to this paragraph within 120 days after the execution of this agreement on behalf of the Commissioner of Internal Revenue shall be allowed as an offset pursuant to I.R.C. §§ 6402(a) and 6601(f) against any tax deficiencies resulting from this agreement.

16. This agreement constitutes a settlement within the meaning of I.R.C. § 6224(c) and the taxpayers' partnership items are converted to non partnership items effective as of the date of this closing agreement is accepted on behalf of the Commissioner. The taxpayers, in accordance with the provisions of I.R.C. § 6224(b), also waive the restrictions on assessment and collection of any deficiencies attributable to the converted partnership items with interest as provided by law in I.R.C. § 6225(a) that results from this agreement.

17. This closing agreement when accepted by the Commissioner is a determination under the mitigation provisions of the Internal Revenue Code. (I.R.C. § 1311 et seq.).

18. To the extent the taxpayers make cash payments on the partnership notes, after the date this agreement is executed by the taxpayers and the Commissioner, and after the termination of the partnership, a deduction shall be allowed in the year of said payment.

19. This agreement does not in any way diminish or enhance the rights of the spouse of any partner to assert his or her right to relief as an innocent spouse under I.R.C. § 6015.

20. This agreement supersedes any prior agreement entered into between the taxpayers and the Internal Revenue Service.

This agreement is final and conclusive except:

(1) the matter it relates to may be reopened in the event of fraud, malfeasance, or misrepresentation of material fact;

(2) it is subject to the Internal Revenue Code sections that expressly provide that effect be given to their provisions notwithstanding any other law or rule of law except Code Section 7122; and

Ex A, P. 2

(3) if it relates to a taxable period ending after the date of this agreement, it is subject to any law, enacted after the agreement date, that applies to that tax period.

By signing, the above parties certify that they have read and agreed to the terms of this document.

Your signature Lyman F Bush Date Signed 6-25-99

Spouse's signature (if a joint return was filed) Beverly J. Bush BY Lyman F Bush SPOUSE OF DECEASED Date Signed 6-25-99

Taxpayer's Representative ______ Date Signed ______

Taxpayer (other than individual) ______

By ______ Date Signed ______

Title ______

Commissioner of Internal Revenue

By Philip J. Dolisano Date Signed 8/2/99

Title Associate Chief

I have examined the specific matters involved and recommend the acceptance of the proposed agreement.

Bradford A. Johnson 7/22/99
(Receiving Officer) (Date)

Assistant District Counsel
(Title)

Ex A, P. 3

Department of the Treasury - Internal Revenue Service

## Closing Agreement on Final Determination Covering Specific Matters

---

Under section 7121 of the Internal Revenue Code of 1986 (hereinafter "Code")

Lyman F. Bush (SSN: [redacted] and Beverly J. Bush (SSN: [redacted]
(Taxpayers' Name, address, and identifying number)

1217 122nd Street Court East, Tacoma, WA 98445 (hereinafter referred to as taxpayer)

and the Commissioner of Internal Revenue make the following closing agreement:

WHEREAS, a dispute has arisen between the parties as to the Federal income tax treatment to be accorded to the taxpayers' purchase of an investment in Greenberg Brothers Partnership #12 a/k/a Lone Wolf McQuade Associates (hereinafter Partnership);

WHEREAS, the parties wish to determine, with finality, the taxpayers' income, gains, losses, deductions and credits for1983 and subsequent years with respect to the Partnership.

NOW IT IS HEREBY DETERMINED AND AGREED for Federal income tax purposes that:

1. No adjustment to the partnership items shall be made for the taxable years 1983 through 1995 for purposes of this settlement.

2. The taxpayers are entitled to claim their distributive share of the partnership losses for 1983 through 1995 only to the extent they are at risk under I.R.C. § 465.

3. The taxpayers' amount at risk for 1983 through 1986 is their capital contribution to the partnership.

4. The taxpayers' capital contribution to the partnership is $50,000.

5. Taxpayers' qualified investment for computing investment tax credit is the amount at risk as set forth in paragraph #4.

6. The taxpayers are not at risk under I.R.C. § 465 for any partnership notes, entered into by the partnership to acquire rights in the motion picture Lone Wolf McQuade and Strange Invaders, whether or not assumed by the taxpayers. Any losses disallowed under this agreement are suspended under I.R.C. § 465. Such suspended losses may be used to offset the taxpayers' pro rata share of any income earned by the partnership and/or other income in accordance with the operation of I.R.C. § 465.

7. To the extent the taxpayers make additional cash contributions to the capital of the partnership after 1986, the taxpayers' amount at risk will be increased in accordance with I.R.C. § 465.

8. To the extent the partnership earns net income the taxpayers' at risk will be increased in accordance with I.R.C. § 465.

9. To the extent the taxpayers make cash payments on the partnership notes after the date of execution of this agreement by the Commissioner and the taxpayers, the taxpayers' amount at risk will be increased in accordance with I.R.C. § 465.

Ex A, P. 4

10. No additions to tax under I.R.C. §§ 6653(a), 6661, 6659 or 6662 will be asserted with respect to the taxpayers' investment in the partnership for 1983 through 1995.

11. The taxpayers are liable for additional interest pursuant to I.R.C. § 6621(c) for tax motivated interest for their investment in the partnership for the taxable years 1983 through 1989.

12. Any deficiency in tax determined under this agreement will be subject to adjustments arising from a carryback or carryforward from other taxable years of any loss, credit or other tax attribute as allowed by the Internal Revenue Code.

13. After the execution of this agreement on behalf of the Commissioner and the taxpayers, the taxpayers shall not recognize any taxable income attributable to any cancellation, discharge, or satisfaction by foreclosure or conveyance of assets, of any partnership notes entered into by the partnership to acquire rights in the motion picture Lone Wolf McQuade and Strange Invaders, whether or not the taxpayers assumed a pro rata share of said note, or from said partnership notes upon liquidation or dissolution of the partnership.

14. The taxpayers shall be taxable on their distributive share of any income or gains of the partnership for years after 1983 only to the extent said income exceeds losses suspended under the at risk rules of I.R.C. § 465 and/or the cash and/or the fair market value of property distributed to the taxpayers.

15. Any refund claim attributable to the operation of this agreement shall be deemed to be timely filed and shall be allowed if it is filed with the IRS within one year of the execution of this agreement by the Commissioner of Internal Revenue. Any refund claim so submitted pursuant to this paragraph within 120 days after the execution of this agreement on behalf of the Commissioner of Internal Revenue shall be allowed as an offset pursuant to I.R.C. §§ 6402(a) and 6601(f) against any tax deficiencies resulting from this agreement.

16. This agreement constitutes a settlement within the meaning of I.R.C. § 6224(c) and the taxpayers' partnership items are converted to non partnership items effective as of the date of this closing agreement is accepted on behalf of the Commissioner. The taxpayers, in accordance with the provisions of I.R.C. § 6224(b), also waive the restrictions on assessment and collection of any deficiencies attributable to the converted partnership items with interest as provided by law in I.R.C. § 6225(a) that results from this agreement.

17. This closing agreement when accepted by the Commissioner is a determination under the mitigation provisions of the Internal Revenue Code. (I.R.C. § 1311 et seq.).

18. To the extent the taxpayers make cash payments on the partnership notes, after the date this agreement is executed by the taxpayers and the Commissioner, and after the termination of the partnership, a deduction shall be allowed in the year of said payment.

19. This agreement does not in any way diminish or enhance the rights of the spouse of any partner to assert his or her right to relief as an innocent spouse under I.R.C. § 6015.

20. This agreement supersedes any prior agreement entered into between the taxpayers and the Internal Revenue Service.

This agreement is final and conclusive except:

(1) the matter it relates to may be reopened in the event of fraud, malfeasance, or misrepresentation of material fact;

(2) it is subject to the Internal Revenue Code sections that expressly provide that effect be given to their provisions notwithstanding any other law or rule of law except Code Section 7122; and

Ex. A, P. 5

(3) if it relates to a taxable period ending after the date of this agreement, it is subject to any law, enacted after the agreement date, that applies to that tax period.

By signing, the above parties certify that they have read and agreed to the terms of this document.

Your signature ______________________ Date Signed 6-25-99

Spouse's signature (if a joint return was filed) ______________________ Date Signed 6-25-99

Taxpayer's Representative ______________________ Date Signed ____________

Taxpayer (other than individual) ______________________

By ______________________ Date Signed ____________

Title ______________________

Commissioner of Internal Revenue

By ______________________ Date Signed 8/1/99

Title Associate Chief

I have examined the specific matters involved and recommend the acceptance of the proposed agreement.

______________________ 7/22/99
(Receiving Officer) (Date)

Assistant District Counsel
(Title)

Department of the Treasury - Internal Revenue Service
Income Tax Examination Changes

| Name and Address of Taxpayer | SS or EI Number: | | Return Form No. |
|---|---|---|---|
| LYMAN F & BEVERLY J DECD BUSH<br>1217 122ND STREET CT E<br>TACOMA WA 98445-3519 | [redacted] | | 1040 |
| | Person with whom examination changes were discussed | Name and Title | |

| 1. Adjustments to Income | Period End 12/31/1985 | Period End | Period End |
|---|---|---|---|
| A. CINEMAX 84 | $ 16,740.00 | $ | $ |
| B. ITEMIZED DEDUCTIONS | 2,063.00 | | |
| C. LONE WOLF MCQUADE | 33,442.00 | | |
| D. | | | |
| E. | | | |
| F. | | | |
| G. | | | |
| H. | | | |
| I. | | | |
| J. | | | |
| K. | | | |
| L. | | | |
| M. | | | |
| N. | | | |
| O. | | | |
| P. | | | |
| Q. | | | |
| R. | | | |
| S. | | | |
| 2. Total Adjustments | 52,245.00 | | |
| 3. Taxable Income Per Return or as Previously Adjusted | 54,000.00 | | |
| 4. Corrected Taxable Income | 106,245.00 | | |
| Tax Method | SCHEDULE G | | |
| Filing Status | JOINT | | |
| 5. Tax | 24,619.00 | | |
| 6. Additional Taxes | | | |
| 7. Corrected Tax Liability | 24,619.00 | | |
| 8. Less Credits A. | | | |
| B. | | | |
| C. | | | |
| D. | | | |
| 9. Balance (Line 7 less total of lines 8A through 8D) | 24,619.00 | | |
| 10. Plus Other Taxes A. | | | |
| B. | | | |
| C. | | | |
| D. | | | |
| 11. Total Corrected Tax Liability (Line 9 + lines 10A to 10D) | 24,619.00 | | |
| 12. Total Tax Shown on Return or as Previously Adjusted | 7,911.00 | | |
| 13. Adjustments to A. Special Fuels Credit | | | |
| B. | | | |
| 14. Deficiency - Increase in Tax or (Overassessment - Decrease in tax) (Line 11 less Line 12 adjusted by Line 13) | 16,708.00 | | |
| 15. Adjustments to Prepayment Credits | | | |
| 16. Balance Due or Overpayment (Line 14 Adjusted by Line 15) (Excluding Interest and penalties) | $ 16,708.00 | $ | $ |

The Internal Revenue Service has agreements with State tax agencies under which information about Federal tax, including increases or decreases, is exchanged with the States. If this change affects the amount of your State income tax, you should file the State form.

You may be subject to backup withholding if you underreport your interest, dividend, or patronage dividend income and do not pay the required tax. The IRS may order backup withholding at 31 percent after four notices have been issued to you over a 120-day period and the tax has been assessed and remains unpaid.

RGS Ver. 4.62.00



Form 4549A-CG (Rev. 1-91)

Ex B, P1

...ent of the Treasury - Internal Revenue ...e
Income Tax Examination Changes

| Name and Address of Taxpayer | SS or EI Number: | | Return Form No. |
|---|---|---|---|
| LYMAN F & BEVERLY J DECD BUSH<br>1217 122ND STREET CT E<br>TACOMA WA 98445-3519 | [redacted] | | 1040 |
| | Person with whom examination changes were discussed | Name and Title | |

| 1. Adjustments to Income | Period End 12/31/1986 | Period End | Period End |
|---|---|---|---|
| A. CINEMAX 84 | $ 20,079.00 | $ | $ |
| B. LONE WOLF MCQUADE | 34,003.00 | | |
| C. | | | |
| D. | | | |
| E. | | | |
| F. | | | |
| G. | | | |
| H. | | | |
| I. | | | |
| J. | | | |
| K. | | | |
| L. | | | |
| M. | | | |
| N. | | | |
| O. | | | |
| P. | | | |
| Q. | | | |
| R. | | | |
| S. | | | |
| 2. Total Adjustments | 54,082.00 | | |
| 3. Taxable Income Per Return or as Previously Adjusted | 64,303.00 | | |
| 4. Corrected Taxable Income | 118,385.00 | | |
| Tax Method | SCHEDULE G | | |
| Filing Status | JOINT | | |
| 5. Tax | 38,155.00 | | |
| 6. Additional Taxes | | | |
| 7. Corrected Tax Liability | 38,155.00 | | |
| 8. Less Credits A. | | | |
| B. | | | |
| C. | | | |
| D. | | | |
| 9. Balance (Line 7 less total of lines 8A through 8D) | 38,155.00 | | |
| 10. Plus Other Taxes A. ALTERNATIVE MINIMUM TAX | 7,076.00 | | |
| B. | | | |
| C. | | | |
| D. | | | |
| 11. Total Corrected Tax Liability (Line 9 + lines 10A to 10D) | 45,231.00 | | |
| 12. Total Tax Shown on Return or as Previously Adjusted | 34,414.00 | | |
| 13. Adjustments to A. Special Fuels Credit | | | |
| B. | | | |
| 14. Deficiency - Increase in Tax or (Overassessment - Decrease in tax) (Line 11 less Line 12 adjusted by Line 13) | 10,817.00 | | |
| 15. Adjustments to Prepayment Credits | | | |
| 16. Balance Due or Overpayment (Line 14 Adjusted by Line 15) (Excluding Interest and penalties) | $ 10,817.00 | $ | $ |

The Internal Revenue Service has agreements with State tax agencies under which information about Federal tax, including increases or decreases, is exchanged with the States. If this change affects the amount of your State income tax, you should file the State form.

You may be subject to backup withholding if you underreport your interest, dividend, or patronage dividend income and do not pay the required tax. The IRS may order backup withholding at 31 percent after four notices have been issued to you over a 120-day period and the tax has been assessed and remains unpaid.

RGS Ver. 4.62.00



Form 4549A-CG (Rev. 1-91)

Ex B, P. 2

Department of the Treasury - Internal Revenue Service
Income Tax Examination Changes

| Name and Address of Taxpayer | SS or EI Number: | Return Form No. |
|---|---|---|
| LYMAN F & BEVERLY J DECD BUSH<br>1217 122ND STREET CT E<br>TACOMA WA 98445-3519 | [redacted] | 1040 |
| | Person with whom examination changes were discussed | Name and Title |

| 1. Adjustments to Income | Period End 12/31/1987 | Period End | Period End |
|---|---|---|---|
| A. CINEMA 84 | $ 25,733.00 | $ | $ |
| B. ITEMIZED DEDUCTIONS | 507.00 | | |
| C. LONE WOLF MCQUADE | (398.00) | | |
| D. | | | |
| E. | | | |
| F. | | | |
| G. | | | |
| H. | | | |
| I. | | | |
| J. | | | |
| K. | | | |
| L. | | | |
| M. | | | |
| N. | | | |
| O. | | | |
| P. | | | |
| Q. | | | |
| R. | | | |
| S. | | | |
| 2. Total Adjustments | 25,842.00 | | |
| 3. Taxable Income Per Return or as Previously Adjusted | 103,091.00 | | |
| 4. Corrected Taxable Income | 128,933.00 | | |
| Tax Method | SCHEDULE D | | |
| Filing Status | JOINT | | |
| 5. Tax | | | |
| 6. Additional Taxes | | | |
| 7. Corrected Tax Liability | 37,261.00 | | |
| 8. Less Credits A. | | | |
| B. | | | |
| C. | | | |
| D. | | | |
| 9. Balance (Line 7 less total of lines 8A through 8D) | 37,261.00 | | |
| 10. Plus Other Taxes A. | | | |
| B. | | | |
| C. | | | |
| D. | | | |
| 11. Total Corrected Tax Liability (Line 9 + lines 10A to 10D) | 37,261.00 | | |
| 12. Total Tax Shown on Return or as Previously Adjusted | 27,626.00 | | |
| 13. Adjustments to A. Special Fuels Credit | | | |
| B. | | | |
| 14. Deficiency - Increase in Tax or (Overassessment - Decrease in tax) (Line 11 less Line 12 adjusted by Line 13) | 9,635.00 | | |
| 15. Adjustments to Prepayment Credits | | | |
| 16. Balance Due or Overpayment (Line 14 Adjusted by Line 15) (Excluding Interest and penalties) | $ 9,635.00 | $ | $ |

The Internal Revenue Service has agreements with State tax agencies under which information about Federal tax, including increases or decreases, is exchanged with the States. If this change affects the amount of your State income tax, you should file the State form.

You may be subject to backup withholding if you underreport your interest, dividend, or patronage dividend income and do not pay the required tax. The IRS may order backup withholding at 31 percent after four notices have been issued to you over a 120-day period and the tax has been assessed and remains unpaid.



Ex B P. 3

# FAX COVER SHEET

DATE: 7-28-00 TOTAL # PAGES INCLUDING COVER SHEET: 5

FROM: Skip Bush TELEPHONE: (253) 537-7833

ADDRESS: 1217 122nd St. Ct. E. FAX: (253) 531-8103

Tacoma, WA 98445

TO: REDDING & ASSOC FAX #: 713-621-5227

ATTN: TOM REDDING

RE: GREENBERG BROTHERS PARTNERSHIPS

COMMENTS: I RECEIVED THE ATTACHED (4) NOTICES OF TAX DUE – DO I PAY THEM? PLEASE CALL OR FAX ME INSTRUCTIONS.

THEY TOTAL $ 136,275 62

Skip

Ex B, P.4

Department of the Treasury
Internal Revenue Service
Director
1160 W. 1200 S.
OGDEN, UT 84201

29251-213-13009-00

IDRS 2981703707

| | Assessment Date | Trans Code |
|---|---|---|
| 30 17801Z | 07/31/2000 | 670<br>570 |

Date of This Notice: 07/31/2000

If you find it necessary to inquire about your account, please refer to this number. BUSH [redacted]

LYMAN F BUSH
LYMAN F & BEVERLY DECD BUSH
1217 122ND STREET CT E
TACOMA WA 98445-0000

Form Number: 1040

Tax Period Ended: 12/31/1985

**Notice of Tax Due on Federal Tax Return**

This is a notice of tax due on your tax return identified above. Please pay the amount shown as Balance Due when you receive this notice. Make your check or money order payable to the United States Treasury and send it with this notice to the address shown above.

If the balance due as shown below is incorrect because you made a recent payment, please send us the amount you believe you owe and an explanation of the difference.

| Reference | Assessment | Adjustment or Credit | Balance Due |
|---|---|---|---|
| 07/31/2000 ADD'L TAX | 16,708.00 | | |
| 07/31/2000 INTEREST | 42,660.44 | | |
| PR MEMO CR | | 6,045.33 | |
| see enclosed notice | [redacted] | | 53,323.11 |

Ex B, P.5

0181

Department of the Treasury
Internal Revenue Service
Director
1160 W. 1200 S.
OGDEN, UT 84201

Z9Z01-Z19-19010-00

IDRS Z981703707

| | | Assessment Date | Trans Code |
|---|---|---|---|
| 30 | 19861Z | 07/31/Z000 | 670 |
| | | | 570 |

Date of This Notice: 07/31/Z000
If you find it necessary to inquire about your account, please refer to this number. BUSH [redacted]

LYMAN F BUSH
LYMAN F & BEVERLY DECD BUSH
1217 122ND STREET CT E
TACOMA WA 98445-0000

Form Number: 1040
Tax Period Ended: 12/31/1986

Notice of Tax Due on Federal Tax Return

This is a notice of tax due on your tax return identified above. Please pay the amount shown as Balance Due when you receive this notice. Make your check or money order payable to the United States Treasury and send it with this notice to the address shown above.

If the balance due as shown below is incorrect because you made a recent payment, please send us the amount you believe you owe and an explanation of the difference.

| Reference | Assessment | Adjustment or Credit | Balance Due |
|---|---|---|---|
| 07/31/Z000 ADD'L TAX | 10,817.00 | | |
| 07/31/Z000 INTEREST | 35,187.97 | | |
| see enclosed notice | [redacted] | | 46,004.97 |

Ex B, P.6

0182

Internal Revenue Service
Director
1160 W. 1200 S.
OGDEN, UT 84201

29281-213-13011-00

IDRS 2981703707

| | | Assessment Date | Trans Code |
|---|---|---|---|
| 30 | 198712 | 07/31/2000 | 670 |
| | | | 570 |

Date of This Notice: 07/31/2000

If you find it necessary to inquire about your account, please refer to this number. BUSH [redacted]

LYMAN F BUSH
LYMAN F & BEVERLY DECD BUSH
1217 122ND STREET CT E
TACOMA WA 98445-0000

Form Number: 1040

Tax Period Ended: 12/31/1987

**Notice of Tax Due on Federal Tax Return**

This is a notice of tax due on your tax return identified above. Please pay the amount shown as Balance Due when you receive this notice. Make your check or money order payable to the United States Treasury and send it with this notice to the address shown above.

If the balance due as shown below is incorrect because you made a recent payment, please send us the amount you believe you owe and an explanation of the difference.

| Reference | Assessment | Adjustment or Credit | Balance Due |
|---|---|---|---|
| 07/31/2000 ADD'L TAX | 9,635.00 | | |
| 07/31/2000 INTEREST | 26,729.62 | | |
| see enclosed notice | [redacted] | | 36,364.62 |

Ex B, P. 7

Internal Revenue Service
Director

1160 W. 1200 S.
OGDEN, UT 84201

27201-218-13012-00

IDRS 2981703707

| | | Assessment Date | Trans Code |
|---|---|---|---|
| 30 | 199512 | 07/31/2000 | 670 |
| | | | 570 |

Date of This Notice: 07/31/2000

If you find it necessary to inquire about your account, please refer to this number. BUSH [redacted]

LYMAN F BUSH
LYMAN F & BEVERLY DECD BUSH
1217 122ND STREET CT E
TACOMA WA 98445-0000

Form Number: 1040

Tax Period Ended: 12/31/1995

## Notice of Tax Due on Federal Tax Return

This is a notice of tax due on your tax return identified above. Please pay the amount shown as Balance Due when you receive this notice. Make your check or money order payable to the United States Treasury and send it with this notice to the address shown above.

If the balance due as shown below is incorrect because you made a recent payment, please send us the amount you believe you owe and an explanation of the difference.

| Reference | Assessment | Adjustment or Credit | Balance Due |
|---|---|---|---|
| 07/31/2000 ADD'L TAX | 406.00 | | |
| 07/31/2000 INTEREST | 176.92 | | |
| see enclosed notice | [redacted] | | 582.92 |

Ex B, P. 8

Please return this copy with your payment to the address shown above

Form 3552 (C)(Part 3) Re

DATE: [illegible] TOTAL # PAGES INCLUDING COVER SHEET: 2

FROM: Skip Bush
TELEPHONE: (253) 537-7833
ADDRESS: 1217 122nd St. Ct. E.
Tacoma, WA 98445
FAX: (253) 531-8103

TO: REDDING & ASSOC
FAX #: 713-621-5227

ATTN: TOM REDDING

RE: ASSESSMENT BY IRS DATED 7-31-00

COMMENTS:

HERE IS MY PHONE BILL SHOWING THAT I FAXED TO YOU JULY 28 & THEN PHONED AN HOUR + LATER.

Skip

Ex B P.9

AT&T

LYMAN F BUSH
Account No: [redacted]
For billing questions or to place an order, call 1 800 222-0300



AT&T Summary of Charges For August

| Description | Page | Calls | Min | Amount |
|---|---|---|---|---|
| AT&T Monthly Charges | 4 | | | 4.95 |
| AT&T One Rate Plus Plan | 4 | 90 | 752 | 90.24 |
| AT&T Itemized Long Distance Calls | 6 | 3 | 7 | 5.31 |
| National Access Contribution | 6 | | | 8.43 |
| Taxes And Surcharges | 6 | | | 12.42 |
| | | 93 | 759 | |

Total AT&T Summary of Charges For August $121.35

AT&T Monthly Charges

Monthly service from AUG 05, 2000 to SEP 04, 2000

- Optional Services

| Description | Amount |
|---|---|
| 1. AT&T One Rate (R) Plus Plan | 4.95 |

Total AT&T Monthly Charges $4.95

AT&T One Rate (R) Plus Plan

Totals are for informational purposes only. Please refer to summary for actual charges.

- Direct Dialed Calls
  Domestic Calls
  - Night/Weekend Calls

| | Date | Time | Place And Number Called | | | | Type | Rate | Min | Amount |
|---|---|---|---|---|---|---|---|---|---|---|
| 2. | Jul 06 | 9:51P To | FOREST GRV | OR | 503 | 359-7767 | Direct | N/Wkd | 2 | .24 |
| 3. | Jul 07 | 9:59P To | PORTLAND | OR | 503 | 705-7896 | Direct | N/Wkd | 1 | .12 |
| 4. | Jul 08 | 3:56P To | HIGHMORE | SD | 605 | 852-2351 | Direct | N/Wkd | 1 | .12 |
| 5. | Jul 09 | 2:07P To | HIGHMORE | SD | 605 | 852-2727 | Direct | N/Wkd | 3 | .36 |
| 6. | Jul 09 | 5:54P To | PIERRE | SD | 605 | 224-1725 | Direct | N/Wkd | 1 | .12 |
| 7. | Jul 09 | 10:16P To | PORTLAND | OR | 503 | 705-5124 | Direct | N/Wkd | 1 | .12 |
| 8. | Jul 10 | 3:29P To | HIGHMORE | SD | 605 | 852-2575 | Direct | N/Wkd | 1 | .12 |
| 9. | Jul 10 | 4:00P To | HIGHMORE | SD | 605 | 852-2633 | Direct | N/Wkd | 1 | .12 |
| 10. | Jul 10 | 4:10P To | REDFIELD | SD | 605 | 472-1795 | Direct | N/Wkd | 5 | .60 |
| 11. | Jul 11 | 3:02P To | HIGHMORE | SD | 605 | 852-2575 | Direct | N/Wkd | 18 | 2.16 |
| 12. | Jul 12 | 3:03P To | HIGHMORE | SD | 605 | 852-2575 | Direct | N/Wkd | 1 | .12 |
| 13. | Jul 12 | 4:58P To | COVINGTON | LA | 504 | 893-0646 | Direct | N/Wkd | 1 | .12 |
| 14. | Jul 12 | 7:36P To | SAN ANTONI | TX | 210 | 681-1007 | Direct | N/Wkd | 5 | .60 |
| 15. | Jul 13 | 2:57P To | HIGHMORE | SD | 605 | 852-2575 | Direct | N/Wkd | 51 | 6.12 |
| 16. | Jul 13 | 5:09P To | COVINGTON | LA | 504 | 893-0646 | Direct | N/Wkd | 1 | .12 |
| 17. | Jul 13 | 9:40P To | BEAVERTON | OR | 503 | 439-1001 | Direct | N/Wkd | 5 | .60 |
| 18. | Jul 14 | 7:50A To | EL PASO | TX | 915 | 532-1406 | Direct | N/Wkd | 6 | .72 |
| 19. | Jul 14 | 7:53A To | SACRAMENTO | CA | 916 | 447-1198 | Direct | N/Wkd | 2 | .24 |
| 20. | Jul 14 | 9:15A To | MOYIE SPGS | ID | 208 | 267-2691 | Direct | N/Wkd | 1 | .12 |
| 21. | Jul 14 | 9:19A To | MOYIE SPGS | ID | 208 | 267-2691 | Direct | N/Wkd | 3 | .36 |
| 22. | Jul 15 | 4:44P To | HIGHMORE | SD | 605 | 852-2780 | Direct | N/Wkd | 30 | 3.60 |
| 23. | Jul 15 | 4:53P To | HIGHMORE | SD | 605 | 852-2351 | Direct | N/Wkd | 1 | .12 |
| 24. | Jul 15 | 5:19P To | PIERRE | SD | 605 | 945-0952 | Direct | N/Wkd | 1 | .12 |
| 25. | Jul 15 | 8:16P To | HIGHMORE | SD | 605 | 852-2575 | Direct | N/Wkd | 10 | 1.20 |
| 26. | Jul 17 | 2:57P To | HIGHMORE | SD | 605 | 852-2575 | Direct | N/Wkd | 1 | .12 |
| 27. | Jul 18 | 7:52P To | SIOUX FLS | SD | 605 | 338-4369 | Direct | N/Wkd | 4 | .48 |
| 28. | Jul 18 | 8:12P To | HIGHMORE | SD | 605 | 852-2351 | Direct | N/Wkd | 1 | .12 |
| 29. | Jul 20 | 10:38A To | REDFIELD | SD | 605 | 472-2455 | Direct | N/Wkd | 24 | 2.88 |
| 30. | Jul 20 | 3:06P To | REDFIELD | SD | 605 | 472-1189 | Direct | N/Wkd | 4 | .48 |
| | | | | | | | | | 15 | 1.80 |

AT&T

LYMAN F BUSH
Account No: [redacted]
For billing questions or to place an order, call



| | Date | Time | Place And Number Called | | | | Type | Rate | Min | Amount |
|---|---|---|---|---|---|---|---|---|---|---|
| 1. | Jul 20 | 5:56P To | SAN ANTONI | TX | 210 | 681-1007 | Direct | N/Wkd | 1 | |
| 2. | Jul 20 | 8:54P To | BEAVERTON | OR | 503 | 439-6604 | Direct | N/Wkd | 1 | |
| 3. | Jul 21 | 11:01A To | SAN DIEGO | CA | 858 | 279-4368 | Direct | N/Wkd | 2 | |
| 4. | Jul 21 | 4:16P To | HOUSTON | TX | 713 | 965-9244 | Direct | N/Wkd | 2 | |
| 5. | Jul 21 | 5:18P To | SAN ANTONI | TX | 210 | 681-1007 | Direct | N/Wkd | 1 | |
| 6. | Jul 21 | 5:20P To | COVINGTON | LA | 504 | 893-0646 | Direct | N/Wkd | 1 | |
| 7. | Jul 21 | 5:21P To | COVINGTON | LA | 504 | 893-0646 | Direct | N/Wkd | 1 | |
| 8. | Jul 22 | 9:15P To | MOYIE SPGS | ID | 208 | 267-2691 | Direct | N/Wkd | 1 | |
| 9. | Jul 23 | 7:06A To | MENOMONIE | WI | 715 | 235-3577 | Direct | N/Wkd | 63 | |
| 10. | Jul 23 | 9:39A To | REDFIELD | SD | 605 | 472-1189 | Direct | N/Wkd | 25 | |
| 11. | Jul 23 | 3:29P To | HIGHMORE | SD | 605 | 852-2575 | Direct | N/Wkd | 25 | |
| 12. | Jul 23 | 3:30P To | HIGHMORE | SD | 605 | 852-2575 | Direct | N/Wkd | 1 | |
| 13. | Jul 23 | 3:48P To | SAN ANTONI | TX | 210 | 681-1007 | Direct | N/Wkd | 1 | |
| 14. | Jul 23 | 3:50P To | COVINGTON | LA | 504 | 893-0646 | Direct | N/Wkd | 1 | |
| 15. | Jul 23 | 3:52P To | WHITE CITY | OR | 541 | 830-8989 | Direct | N/Wkd | 1 | |
| 16. | Jul 23 | 5:24P To | REDFIELD | SD | 605 | 472-1647 | Direct | N/Wkd | 1 | |
| 17. | Jul 23 | 6:08P To | WHITE CITY | OR | 541 | 830-8989 | Direct | N/Wkd | 44 | |
| 18. | Jul 23 | 7:37P To | HIGHMORE | SD | 605 | 852-2727 | Direct | N/Wkd | 12 | |
| 19. | Jul 23 | 8:25P To | YANKTON | SD | 605 | 668-0140 | Direct | N/Wkd | 1 | |
| 20. | Jul 25 | 10:41A To | SAN DIEGO | CA | 619 | 276-9835 | Direct | N/Wkd | 1 | |
| 21. | Jul 25 | 3:05P To | HIGHMORE | SD | 605 | 852-2575 | Direct | N/Wkd | 26 | |
| 22. | Jul 25 | 3:16P To | PORTLAND | OR | 503 | 246-1250 | Direct | N/Wkd | 1 | |
| 23. | Jul 25 | 3:19P To | PORTLAND | OR | 503 | 246-1250 | Direct | N/Wkd | 3 | |
| 24. | Jul 25 | 7:30P To | REDFIELD | SD | 605 | 472-1795 | Direct | N/Wkd | 9 | |
| 25. | Jul 26 | 2:58P To | HIGHMORE | SD | 605 | 852-2575 | Direct | N/Wkd | 20 | |
| 26. | Jul 26 | 4:37P To | HOUSTON | TX | 713 | 965-9244 | Direct | N/Wkd | 46 | |
| 27. | Jul 26 | 4:48P To | PORTLAND | OR | 503 | 810-1377 | Direct | N/Wkd | 3 | |
| 28. | Jul 26 | 6:59P To | PIERRE | SD | 605 | 224-1725 | Direct | N/Wkd | 1 | |
| 29. | Jul 27 | 10:54A To | OGDEN | UT | 801 | 782-6008 | Direct | N/Wkd | 12 | |
| 30. | Jul 27 | 2:40P To | EL PASO | TX | 915 | 532-1496 | Direct | N/Wkd | 2 | |
| 31. | Jul 27 | 7:35P To | HIGHMORE | SD | 605 | 852-2351 | Direct | N/Wkd | 3 | |
| 32. | Jul 27 | 7:36P To | YANKTON | SD | 605 | 668-0140 | Direct | N/Wkd | 1 | |
| 33. | Jul 28 | 2:39P To | HOUSTON | TX | 713 | 621-5227 | Direct | N/Wkd | 4 | |
| 34. | Jul 28 | 3:45P To | HOUSTON | TX | 713 | 965-9244 | Direct | N/Wkd | 3 | |
| 35. | Jul 28 | 6:03P To | COVINGTON | LA | 504 | 893-0646 | Direct | N/Wkd | 2 | |
| 36. | Jul 28 | 6:05P To | COVINGTON | LA | 504 | 893-0646 | Direct | N/Wkd | 1 | |
| 37. | Jul 28 | 6:07P To | SAN ANTONI | TX | 210 | 681-1007 | Direct | N/Wkd | 1 | |
| 38. | Jul 28 | 6:08P To | DENVERSLVN | CO | 303 | 752-4717 | Direct | N/Wkd | 1 | |
| 39. | Jul 28 | 7:44P To | COVINGTON | LA | 504 | 893-0646 | Direct | N/Wkd | 93 | 1 |
| 40. | Jul 29 | 8:21A To | COVINGTON | LA | 504 | 893-0646 | Direct | N/Wkd | 1 | |
| 41. | Jul 29 | 1:04P To | HIGHMORE | SD | 605 | 852-2351 | Direct | N/Wkd | 1 | |
| 42. | Jul 29 | 7:22P To | HIGHMORE | SD | 605 | 852-2351 | Direct | N/Wkd | 10 | 1 |
| 43. | Jul 29 | 7:45P To | PORTLAND | OR | 503 | 705-7896 | Direct | N/Wkd | 1 | |
| 44. | Jul 29 | 7:46P To | PORTLAND | OR | 503 | 705-7896 | Direct | N/Wkd | 1 | |
| 45. | Jul 29 | 7:47P To | PORTLAND | OR | 503 | 705-7896 | Direct | N/Wkd | 1 | |
| 46. | Jul 30 | 7:02P To | COVINGTON | LA | 504 | 893-0646 | Direct | N/Wkd | 1 | |
| 47. | Jul 30 | 8:04P To | HIGHMORE | SD | 605 | 852-2351 | Direct | N/Wkd | 13 | 1 |
| 48. | Jul 31 | 6:10P To | HOUSTON | TX | 713 | 965-9244 | Direct | N/Wkd | 11 | 1 |
| 49. | Jul 31 | 6:37P To | HIGHMORE | SD | 605 | 852-2575 | Direct | N/Wkd | 24 | 2 |
| 50. | Aug 01 | 7:48A To | HIGHMORE | SD | 605 | 852-2575 | Direct | N/Wkd | 1 | |
| 51. | Aug 01 | 10:49A To | PORTLAND | OR | 503 | 282-0547 | Direct | N/Wkd | 1 | |
| 52. | Aug 01 | 11:09A To | SACRAMENTO | CA | 916 | 443-8065 | Direct | N/Wkd | 6 | |
| 53. | Aug 01 | 11:19A To | SACRAMENTO | CA | 916 | 443-8065 | Direct | N/Wkd | 4 | |
| 54. | Aug 01 | 11:27A To | KANEOHE | HI | 808 | 247-0669 | Direct | N/Wkd | 1 | |
| 55. | Aug 01 | 11:31A To | BOISE | ID | 208 | 375-8257 | Direct | N/Wkd | 4 | |
| 56. | Aug 01 | 11:37A To | OGDEN | UT | 801 | 782-4656 | Direct | N/Wkd | 4 | |
| 57. | Aug 01 | 3:15P To | HIGHMORE | SD | 605 | 852-2575 | Direct | N/Wkd | 4 | |
| 58. | Aug 01 | 4:08P To | DALLAS | TX | 214 | 522-6796 | Direct | N/Wkd | 1 | |
| 59. | Aug 01 | 7:13P To | REDFIELD | SD | 605 | 472-1189 | Direct | N/Wkd | 4 | |
| 60. | Aug 02 | 7:31A To | MOYIE SPGS | ID | 208 | 267-2691 | Direct | N/Wkd | 17 | 2 |
| 61. | Aug 02 | 2:56P To | HIGHMORE | SD | 605 | 852-2575 | Direct | N/Wkd | 1 | |
| | | | | | | | | | 23 | 2 |

Total Night/Weekend Calls 752 Minutes 90

Total Domestic Calls 752 Minutes 90

Total Direct Dialed Calls 752 Minutes 90

Ex B, P. 10