**No. 02-1041 T**
Consolidated with 04-1598 T
(Judge Eric G. Bruggink)

---

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

---

LYMAN F. BUSH, *et al.*,

PLAINTIFFS

VS.

UNITED STATES OF AMERICA,

DEFENDANT

---

**PLAINTIFFS' REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND PLAINTIFFS' OBJECTION TO DEFENDANT'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT**

---

THOMAS E. REDDING, Lead Attorney
SALLIE W. GLADNEY
TERESA J. WOMACK
REDDING & ASSOCIATES, P.C.
2914 W. T.C. Jester
Houston, Texas 77018
Telephone: (713) 965-9244
Telecopier: (713) 621-5227
Attorneys for Plaintiffs
Lyman F. Bush and Lyman F. Bush,
Personal Representative for the Estate of
Beverly J. Bush

# TABLE OF CONTENTS

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

I. Plaintiffs' Reply to Defendant's Response to Plaintiffs' Motion for Summary Judgment . . . 1

A. Reply to the Government's Factual Background . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

B. Reply to the Government's Legal Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

1. "At-Risk" is a Substantive Affected Item for All Partners, Including Bush . . . . 7

2. The Government's Reliance on Treas. Reg. §301.6231(a)(6)-1T(a) is Misplaced . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

3. The Government Cites No Cases Relevant to a §465 At-Risk Assessment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

4. The Government's Approach is Internally Inconsistent . . . . . . . . . . . . . . . . . . 18

C. Denying Bush a Pre-Payment Forum to Dispute the IRS's Breach of Contract and Erroneous Assessments Was Not Harmless Error . . . . . . . . 19

II. Plaintiffs' Objection to Defendant's Cross-Motion for Summary Judgment . . . . . . . . . . . . 23

III. Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

# TABLE OF AUTHORITIES

## CASES

*American Net & Twine Co. v. Worthington*,
141 U.S. 468, 12 S.Ct. 55, 35 L.Ed. 821 (1891) . . . . . 13

*Benziger v. United States*,
192 U.S. 38, 24 S.Ct. 189, 48 L.Ed. 331 (1904) . . . . . 13

*Bob Hamric Chevrolet v. United States*,
849 F.Supp. 500 (W.D.Tex. 1994) . . . . . 14-16

*Bowers v. New York & Albany Lighterage Co.*,
273 U.S. 346, 47 S.Ct. 389, 71 L.Ed. 676 (1927) . . . . . 13

*Cinema '84 v. Commissioner*,
294 F.3d 432 (2nd Cir. 2002) . . . . . 8

*Cummings v. Commissioner*,
T.C. Memo 1996-282 . . . . . 14, 15

*Dial U.S.A., Inc., v. Commissioner*,
95 T.C. 1 (1990) . . . . . 9-11

*Field v. United States*,
2002 WL 1300249 . . . . . 14, 16

*Field v. United States*,
381 F.3d 109 (2nd Cir. 2004) . . . . . 16

*Ginsburg v. Commissioner*,
127 T.C. 75 (2006) . . . . . 12

*Greenberg Brothers Partnership #4 v. Commissioner*,
111 T.C. 198 (1998) . . . . . 8

*Hambrose Leasing v. Commissioner,*
99 T.C. 298 (1992) . . . . . 10, 11, 16

*Harris v. Commissioner*,
99 T.C. 121 (1992) . . . . . 14, 15

*Hinck v. United States*,
127 S.Ct. 2011 (2007) . . . . . 26

*Krause v. Commissioner,*
92 T.C. 1003 (1989) . . . . . 11

*Leavell v. Blades*,
237 Mo. 695, 141 S.W. 893 (1911) . . . . . 13

*Manko v. Commissioner*,
126 T.C. 195 (2006) . . . . . 24, 25

*Maxwell v. Commissioner,*

87 T.C. 783 (1986) . . . . . . . . . . 11, 15

*N.C.F. Energy Partners v. Commissioner,*
89 T.C. 741 (1987) . . . . . . . . . . 8-11, 16

*Olson v. United States*,
172 F.3d 1311 (Fed. Cir. 1999) . . . . . . . . . . 14, 16-18

*Powell v. Commissioner*,
96 T.C. 707 (1991) . . . . . . . . . . 14, 15

*Roberts v. Commissioner*,
94 T.C. 853 (1990) . . . . . . . . . . 9-11, 16

*Singleton v. United States*,
128 F3d 833 (4th Cir. 1997) . . . . . . . . . . 25

*United States v. Merriam*,
263 U.S. 179, 44 S.Ct. 69, 68 L.Ed. 240 (1923) . . . . . . . . . . 13

**STATUTES**

26 U.S.C. §213 . . . . . . . . . . 6, 10, 12

26 U.S.C. §465 . . . . . . . . . . 1-3, 5-20, 22

26 U.S.C. §6212 . . . . . . . . . . 3, 4, 26

26 U.S.C. §6213 . . . . . . . . . . 3, 4, 7, 24-26

26 U.S.C. §6229(f) . . . . . . . . . . 26

26 U.S.C. §6230(a)(2)(A)(i) . . . . . . . . . . 16, 26

26 U.S.C. §6230(a)(2)(A)(ii) . . . . . . . . . . 14, 15

26 U.S.C. §6230(d)(5) . . . . . . . . . . 23

26 U.S.C. §6402(a) . . . . . . . . . . 2, 3

26 U.S.C. §6601(f) . . . . . . . . . . 2, 3

26 U.S.C. §6621(c) . . . . . . . . . . 6, 8, 14, 16

26 U.S.C. §7482(a)(1) . . . . . . . . . . 17

**RULES AND REGULATIONS**

Treas. Reg. §301.6231(a)(6)-1T(a) . . . . . . . . . . 12

## I. <u>Plaintiffs' Reply to Defendant's Response to Plaintiffs' Motion for Summary Judgment</u>[1]

### A. Reply to the Government's Factual Background

On August 7, 1999, Lyman F. Bush, on behalf of himself and his deceased wife, settled two partnership-related tax disputes with the IRS on separate Form 906 Closing Agreements, one for LWM and another for Cinema '84. [PEx:10, 11][2] The Closing Agreements were substantively similar. Both established an "at-risk" settlement, *i.e.* no adjustments to Bush's partnership items and any tax and interest assessments would be determined solely by adjustments to Bush's amounts "at-risk" under §465[3] for 1983-1995. Paragraphs 2, 3, 4, 6, 7, 8, and 9 of each Closing Agreement stated the formula for computing Bush's amount at-risk for each tax year 1983-1995. It is undisputed that for any tax year 1983-1995 any resulting tax deficiency would include and be based in part on adjustments to his amounts at-risk under the settlements and offset of any refund claims timely filed pursuant to ¶15 of the Closing Agreements. If Bush were entitled to a refund for any tax year 1983-1995 then the terms of ¶15 of each Closing Agreement controlled whether that refund would be applied as an offset against any assessments:

---

1 In the Defendant's Cross-Motion for Partial Summary Judgment ("the Government's Motion") it appears that the government's memorandum in support will be titled "Memorandum in Support of Defendant's Cross-Motion for Partial Summary Judgment and in Opposition to Plaintiffs' Motion for Partial Summary Judgment." [GMtn:1] However, the Memorandum in Support of Defendant's Cross-Motion for Partial Summary Judgment ("the Government's Memo") as filed never states that it is in opposition to the Plaintiffs' Motion for Summary Judgment ("Bush's Motion") and never designates which arguments, if any, it presented in opposition to Bush's Motion and which are presented in support of its own motion. For purposes of this response Bush must assume that all arguments made in the Government's Motion and Memo are presented for both purposes.

2 References to [PEx:1-27 p."x"] are to Bates stamped page "x" of the designated exhibit attached to the Plaintiffs' Proposed Findings of Uncontroverted Fact with Respect to His Motion for Summary Judgment filed at document 36 in this case. References to [PEx:28-31 p."x"] are to Bates stamped page "x" of the designated exhibit attached to the Plaintiff's Response to the Defendant's Proposed Findings of Uncontroverted Fact filed simultaneously with this pleading.

3 Unless otherwise noted, all references to § or the I.R.C. are to Title 26 of the U.S. Code.

> 15. Any refund claim attributable to the operation of this agreement shall be deemed to be timely filed and shall be allowed if it is filed with the IRS within one year of the execution of this agreement by the Commissioner of Internal Revenue. **Any refund claim so submitted pursuant to this paragraph within 120 days after the execution of this agreement on behalf of the Commissioner of Internal Revenue** [on or before December 5, 1999] **<u>shall</u> be allowed as an offset pursuant to I.R.C. §§6402(a) and 6601(f) against any tax deficiencies resulting from this agreement**.
>
> [PEx:10-11, emphasis added.]

Paragraph 19 of the Closing Agreement further reserved the right of either spouse, as applicable, to raise an innocent spouse defense to any actual liability. [PEx: 10 p. 150, 11 p. 153]

On November 24, 1999, within 120 days after the Closing Agreements were signed on behalf of the Commissioner, Bush filed the following refund claims:

| Tax Year | Tax to be Refunded | |
|---|---|---|
| 1988 | $1,021.00 | [PEx:28 pp. 265-281] |
| 1990 | $5,847.00 | [PEx:28 pp. 286-308] |
| 1991 | $1,976.00 | [PEx:28 pp. 310-337] |
| 1992 | $16,199.00 | [PEx:28 pp. 338-377] |
| 1993 | $11,099.00 | [PEx:28 pp. 379-466] |
| 1995 | $9,413.00 | [PEx:28 pp. 467-498] |

Attached to each 1988-1995 refund claim ("the offset claims") was a written explanation stating that the refund resulted from the application of the §465 provisions in ¶8 of the Closing Agreements and that under ¶15 the amounts refunded must be applied as §§6402(a) and 6601(f) offsets to any tax deficiencies arising from the settlements. [PEx:28 pp. 269, 290, 314, 340, 383, 469]

The IRS violated its agreement in ¶15 and by notices dated July 31, 2000[4] (over eight months

[4] The date of the 1985-1987 assessments is not at issue in the pending motions. Use of that date for purposes of the pending motions and responses is not a concession by Bush that July 31, 2000 was the actual date of assessment. If this Court does not grant Bush's currently pending motion for summary judgment then it will have to determine the actual date of the 1985-1987 assessments to resolve the remaining issue of whether those assessments were made after limitations expired.

after Bush filed the offset claims) the IRS assessed tax and interest against Bush for 1985 ($16,708.00 tax, $42,660.44 interest), 1986 ($10,817.00 tax, $35,187.97 interest), and 1987 ($9,635.00 tax, $26,729.62 interest), without making the offsets. [PEx:1, 2, and 3]

The 1985-1987 assessments against Bush totaled over $140,000.00. Bush estimates that had the offset claims been applied as agreed then the interest on the 1985-1987 tax liabilities would have been reduced by well over $50,000.00.

If the IRS had issued 90-Day Letters (*a.k.a.* notices of deficiency or stat notices) prior to assessing as required by §§6212 and §6213 of subchapter B then Bush could have petitioned the Tax Court to (i) enforce the terms of the Closing Agreements and apply the offset claims prior to payment, (ii) raise any objections to the computations, or (iii) assert any claims for deductions or reductions in reported income unrelated to those partnerships and raise any applicable innocent spouse defense. But the IRS failed to issue the required 90-Day Letters and Bush was forced to pay the entire assessments – including well over $50,000.00 of interest that should never have been assessed.

On August 23, 2000, the IRS formally disallowed Bush's 1990, 1992, 1993, and 1995 offset claims. [PEx:28 pp. 309, 378, 499] The IRS never addressed Bush's 1988 and 1991 offset claims. On August 23, 2002, Bush filed the complaint before this Court at Fed.Cl. 02-1041 T. [PEx:28] In that complaint Bush stated that the 1988-1995 claims were filed pursuant to the Closing Agreements based on application of the terms in ¶8 as to §465 and that ¶15 required that they be applied as offsets under §§6402(a) and 6601(f). [PEx:28] Complete copies of the offset claims were attached to and filed with that complaint. [PEx:28] In its Answer the government admitted that the offset claims were "received by the Ogden Service Center of the [IRS] on November 29, 1999." [PEx:29 pp. 501, 504, 507, 509, 512 and 514 at ¶¶ 9, 16, 24, 31, 39 and 47] The government blatantly and inexplicably now misrepresents the facts regarding these offset claims when it states that: "No such claims were filed

within that [¶15's] 120 day period." [GMemo:9][5]

On July 18, 2002, Bush filed claims for refund of the amounts paid pursuant to the 1985, 1986, and 1987 assessments arising from the Closing Agreements because, among other grounds, the IRS failed to issue the 90-Day Letters as required by §§6212 and 6213 of subchapter B *and* the IRS breached the terms of the Closing Agreements by refusing to apply the offset claims as agreed. [PEx:15, 16, 17, 18, 19, 20, and 21]

The IRS never acted on the1985-1987 claims so on October 25, 2004, Bush filed the complaint before this Court at Fed.Cl. 04-1598 T. In that complaint Bush reiterated that, among other grounds, he was due refunds for 1985-1987 because the IRS failed to issue 90-Day Letters as required by §§6212 and 6213 of subchapter B *and* because the IRS breached the settlement agreement by refusing to apply the offset claims as agreed. [PEx:30] Bush plainly stated his injuries on both counts:

> Had the IRS issued a statutory notice of deficiency [90-Day Letter] for 1985, 1986 and 1987 the taxpayers would have been entitled to raise these agreed offsets as a partial defense to the 1985, 1986 and 1987 liabilities prior to payment. Instead, the taxpayers have been forced (i) to file a separate lawsuit to obtain the refunds for 1988, 1990, 1991, 1992, 1993 and 1995, and (ii) pay the gross liability asserted by the IRS for 1985, 1986 and 1987 and then pursue these refund claims asserting defenses reserved or agreed in this closing agreement. The 1988, 1990, 1991, 1992 and 1993 refunds would have reduced the liability by well over $50,000.
>
> [PEx:30 pp. 524, 529-530, 535]

In its Answer the government "[a]dmit[ed] ... that the taxpayers filed refund claims for 1988, 1990, 1991, 1992, 1993, and 1995, and that these claims were denied." [PEx:31 pp. 635, 641, and 647 at ¶¶13(b)(i), 24(b)(i), and 35(b)(i)]

On October 24, 2005, Fed.Cl. 02-1401 T and Fed.Cl. 04-1598 T were consolidated. Bush then filed for summary judgment on his 1985-1987 claims – the claims at issue here.

---

[5] References to to [GMtn:"x"] are to page "x" of the Government's Motion and referencesto [GMemo:"x"] are to page "x" of the Government's Memo.

In the factual background portion of its response the government spends considerable time arguing that a number of the paragraphs in the Closing Agreements that compose the formula to compute Bush's §465 amount at-risk for any given year 1983-1995 are irrelevant because the assessments at issue were made only for tax years 1985-1987. [GMemo:6-10] The government wants the cart before the horse, and is in any event wrong. By signing the Closing Agreements Bush exposed himself to potential liability for all tax years 1983-1995, inclusive, depending on how his numbers came out. In making the actual determinations of Bush's liability for even 1985-1987 and any resulting assessments arising from the Closing Agreements the IRS was required to evaluate every element of the §465 formula (¶¶2, 3, 4, 6, 7, 8, 9, 14, 15) in order to determine which years 1983-1995 would result in liabilities or overpayments to be applied back. In Bush's case the only deficiencies were for 1985, 1986, and 1987. The government argues that ¶¶6, 7, and 9 are irrelevant to this case because they did not directly contribute to the 1985-1987 liabilities. But the government is wrong. Under the terms of the Closing Agreements the effect of each of those paragraphs was required to be considered prior to any assessments because any refunds that they might give rise to, if claims were timely filed, were required to be applied as offsets thereby significantly reducing any tax and interest assessments in the deficiency years.

Finally, the government concedes that §465 claims timely filed pursuant to ¶15 "would have had [an] offset effect on the [1985-1987] computation[s]" but then states that ¶15 is irrelevant by making the blatantly false statement that Bush not only did not file claims within ¶15's 120-day period for application as offsets but that Bush never filed his offset claims at all. [GMemo:9-10] Complete copies of Bush's 1988-1995 offset claims were attached to the complaint filed in these cases at Fed.Cl. 02-1041 T and excerpted copies were attached to the complaint filed at Fed.Cl. 04-1598 T. In both of its Answers the government admitted that the IRS received Bush's 1988-1995 claims prior to the 120-day

deadline for application as offsets. There can be no valid reason for the government to now blatantly misrepresent the facts of this case to which it has already admitted.

**B. Reply to the Government's Legal Argument**

In response to Bush's Motion the government makes two arguments. First, that Bush's §465 amounts at-risk are computational adjustments[6] and not substantive affected items that require both partner-level determinations and 90-Day Letters. It asserts that whether an affected item is a substantive affected item or a computational adjustment is determined *not* by the type of item (*i.e.* a §213 medical deduction, a partner's §465 amount at-risk, a carryover, etc.) but by a partner-by-partner analysis of whether a particular partner's circumstances as to that item require a partner-level determination other than "no-change." The government then asserts that as to Bush the §465 amounts at-risk never required any partner-level determinations, and were, therefore, computational adjustments, because, among other things, Bush never filed any ¶15 offset claims.

Second, the government argues that the IRS's failure to issue the 90-Day Letters allowing Bush to petition the Tax Court before paying was essentially harmless error because Bush does not dispute the dollar amount of the 1985-1987 *tax* assessments and because he never filed any §465 offset claims. The government's arguments are patently without merit on all counts and based on blatantly false

---

[6] Technically "computational adjustment" is a method of assessment and not a category of items under TEFRA. Any adjustment that does not require a partner-level factual determination (*i.e.* is not a substantive affected item) may be assessed by means of a computational adjustment. This includes assessments arising from adjustments to partnership items, assessments arising from adjustments to any non-partnership item that is not a substantive affected item, and assessments arising from imposition of the former §6621(c) penalty rate of interest (even though it is a substantive affected item, because §6621(c) is a recognized anomaly in the tax code). Linguistic accuracy in the area of tax can sometimes cause more confusion than clarity, as here. Because of this, for clarity and brevity practitioners and the courts sometimes use a form of shorthand in which "non-partnership items that are not substantive affected items and which may give rise to assessments that can be made by means of computational adjustments" are simply called "computational adjustments."

statements of fact.

1. "At-Risk" is a Substantive Affected Item for All Partners, Including Bush

The government does not dispute that:

(a) the requirements of subchapter B control assessments arising from substantive affected items;

(b) a partner's §465 amount at-risk is an affected item not a partnership item;

(c) an affected item may be either a substantive affected item subject to the 90-Day Letter requirements of subchapter B or an affected item that may be assessed by means of a computational adjustment;

(d) under subchapter B a 90-Day Letter is required before assessment unless that requirement is specifically waived under §6213(d);

(e) an assessment arising from a substantive affected item is invalid under subchapter B if no 90-Day Letter is timely issued or §6213(d) waiver signed before the assessment;

(f) the Closing Agreements did not contain a §6213(d) waiver;

(g) no 90-Day Letters were ever issued as to the 1985-1987 assessments;

(h) the 1985-1987 assessments were based solely on adjustments to Bush's §465 amounts at-risk without regard to timely filed ¶15 offset claims or any other factors that might have been determinative of the ultimate tax and interest liabilities;

(i) the terms of the Closing Agreements required a redetermination of Bush's amount at-risk for all years 1983-1995;

(j) any §465 based refund claims timely filed pursuant to ¶15 were required to be applied as offsets against the 1985-1987 tax and interest liabilities;

(k) every court to specifically address the issue of §465 amounts at-risk (and not some other

non-partnership affected item) has held that a §465 based assessment requires a 90-day Letter; and

(l) the Tax Court and Second Circuit specifically recognize that each partner's amount at-risk with respect to their Cinema '84 partnership interest – one of Bush's partnerships at issue here – is a substantive affected item.[7]

The government argues instead that the longstanding cases expressly rejecting its *ad hoc* analysis and the cases specifically requiring 90-Day Letters before §465 related assessments are irrelevant and that this Court should instead adopt the inchoate analysis of some courts as to carryovers, a different affected item, and one court's analysis as to the §6621(c) penalty rate of interest, another affected item, that was overruled on appeal. [GMemo:12-17]

The Tax Court long ago rejected the *ad hoc* classification of affected items that the government advocates here. In *N.C.F. Energy Partners*,[8] a TEFRA partnership-level case, the Tax Court held that additions to tax under §§6653(a)(2), 6659, 6661, and 6621(c) were not assessed as computational adjustments but were instead substantive affected items requiring "subsequent proceedings prior to the imposition of the addition to tax ...," *i.e.* requiring (except as to the anomalous §6621(c)) that the partner be issued a 90-Day Letter allowing him to petition the Tax Court prior to assessment.[9] The Tax Court did not state that these affected items would be assessed as computational adjustments for some partners and substantive affected items for others. The Tax Court did not state that an item is a substantive affected item as to only those partners where individual fact findings *are* required. The Tax

---

7 *Greenberg Brothers Partnership #4 v. Commissioner*, 111 T.C. 198, 201-202 (1998); *Cinema '84 v. Commissioner*, 294 F.3d 432, 436 (2nd Cir. 2002).

8 *N.C.F. Energy Partners v. Commissioner,* 89 T.C. 741, 745-746 (1987).

9 *N.C.F. Energy Partners* at 746.



R:\DOCS\TAXCONT.T\TGRR6207.BU1.wpd

Court held that these affected items are substantive affected items as to all partners because they "are all affected items of the type that *may* require findings of fact peculiar to the particular partner."[10]

The Tax Court next applied this same analysis to a partner's §465 amount at-risk.[11] In *Roberts*, a partner-level case based on a 90-Day Letter, the partner argued that the Tax Court lacked jurisdiction over his TEFRA partnership related §465 amounts at-risk because those issues could be resolved only at the partnership level. The Tax Court held that the 90-Day Letter did confer jurisdiction in the Tax Court because the taxpayer's §465 amounts at-risk involved partner-level factual determinations as to third-party side agreements, in other words that the §465 amounts at-risk were substantive affected items requiring partner-level fact determinations and issuance of a subchapter B 90-Day Letter prior to assessment. *Roberts* at 861.

Next, in *Dial U.S.A.*[12], another partnership-level case, the Tax Court expressly extended its *N.C.F. Energy Partners* analysis to another affected item – the shareholder/partner's computation of basis in his S corp/partnership interest. The IRS argued that a shareholder/partner's basis could often be determined without any partner-specific factual determinations and it should not "be required to issue subsequent notices of deficiency to the individual shareholders."[13] The Tax Court held that while

> It may be true that shareholder basis will often be determinable [without partner-level factual determinations] . . . it is clear that the amount of a shareholder's basis in an S corporation cannot **always** be determined by simply looking at subchapter S items. In an analogous situation, we held that various additions to tax could not be partnership items because they 'MAY require additional factual determinations to be made at the partner level.' (Emphasis added.) *N.C.F. Energy Partners v. Commissioner, supra* at 745.

---

10 *N.C.F. Energy Partners* at 745, emphasis added.

11 *Roberts v. Commissioner*, 94 T.C. 853 (1990).

12 *Dial U.S.A., Inc., v. Commissioner*, 95 T.C. 1 (1990).

13 *Dial U.S.A.* at 6.

*Dial* at 6, capitalized emphasis in original, bold emphasis added.

The Tax Court recognized that requiring the IRS to issue notices of deficiency (90-Day Letters) before making basis-related assessments might lead to repetitive litigation but stated "[w]e doubt, however, that the litigation will be repetitive; it has been organized by statute to avoid chaotic and disparate results."[14] Again, as in *N.C.F. Energy Partners*, the Tax Court did not state that these affected items (here the shareholder/partner's basis) would be assessed as computational adjustments for some shareholder/partners and substantive affected items for others. The Tax Court did not state that 90-Day Letters were required to be issued only to those shareholder/partners where individual fact findings *are* required. The Tax Court rejected the *ad hoc* approach urged by the government here because whether an affected item is classified as a substantive affected item or assessed as a computational adjustment is determined by the category of the item (basis, §465 at-risk, §213 medical deduction, *etc*.) and not whether a specific fact finding is required as to any specific partner.

Finally, in *Hambrose Leasing*[15] the Tax Court, relying on *Roberts*, expressly extended the *N.C.F. Energy Partners* and *Dial U.S.A.* analysis – the analysis advocated here by Bush – to §465 at risk determinations, the affected item at issue here.

*Hambrose Leasing* was a partnership-level case in which the IRS argued that "the rationale of *Roberts* does not apply where the at-risk issue relates only to the effect of netting provisions in the agreements of the partnership," *i.e.* where there are no disputed partner-specific facts – essentially the argument advanced by the government in the case at bar.[16] But the Tax Court expressly rejected this *ad hoc* approach to classifying items under TEFRA's statutory scheme:

---

14 *Dial U.S.A.* at 6.

15 *Hambrose Leasing v. Commissioner,* 99 T.C. 298, 312 (1992).

16 *Hambrose Leasing* at 306.

> [In this case] the critical inquiry in determining the extent to which the partners are at risk under §465 is who bears the ultimate financial responsibility to satisfy the obligation. See *Krause v. Commissioner,* 92 T.C. 1003, 1017 (1989). The answer to that question **often** turns on the circumstances and arrangements unique to each individual partner, information that is not always available at the partnership level. Cf. *Roberts v. Commissioner, supra.* In this connection, we note that although such arrangements do not appear to be involved herein, see *supra* p. 15, **the actual existence of such arrangements is not required. Rather, it is the potential that the §465 issue may depend upon such arrangements that counts**. *See Dial USA, Inc. v. Commissioner,* 95 T.C. at 6.
>
> . . . .
>
> **The issue of whether the partners are at risk under §465 can be raised by respondent through the issuance of notices of deficiency to the partners at the conclusion of this proceeding**. See, e.g., *Roberts v. Commissioner,* 94 T.C. at 859; *N.C.F. Energy Partners v. Commissioner, supra* at 745; *Maxwell v. Commissioner,* 87 T.C. 783, 792 (1986).
>
> *Hambrose* at 310 and 312, emphasis added.

The Tax Court reaffirmed its holdings that whether the subchapter B requirements, including issuance of a 90-Day Letter, apply to an affected item, *i.e.* whether that affected item is a substantive affected item or assessed as a computational adjustment, is based on the category of the item and not on an *ad hoc* partner-by-partner basis of whether there are fact specific determinations required as to that partner.

Counsel can find no court that has ever held that §465 at-risk adjustments are assessed as computational adjustments. Every court to specifically examine the issue has held that a partner's §465 amount at-risk is a non-partnership, substantive affected item requiring factual determinations at the partner level and the issuance of a 90-Day Letter before assessment.[17] But the government argues that these seminal cases cited by Bush are inapposite. [GMemo:14] The government is wrong; these cases directly address, and those courts unanimously reject, the *ad hoc* analysis urged by the government in

[17] *Ginsburg v. Commissioner*, 127 T.C. 75, 83 (2006) (§465 at risk is an affected item subject to Tax Court review based on a notice of deficiency because it "is unique to the individual characteristics of each partner ....").

this case.

2. The Government's Reliance on Treas. Reg. §301.6231(a)(6)-1T(a) is Misplaced

The government begins its analysis by misreading Treas. Reg. §301.6231(a)(6)-1T(a). [GMemo:12-13] Section 301.6231(a)(6)-1T(a) defines those affected items that are assessed as computational adjustments and, therefore, exempt from subchapter B's required 90-Day Letter:

> A change in the tax liability of a partner to properly reflect the treatment of a partnership item under subchapter C of chapter 63 of the code is made through a computational adjustment. A computational adjustment may include a change in tax liability that reflects a change in an affected item where that change is necessary to properly reflect the treatment of a partnership item. However, if a change in a partner's tax liability cannot be made without making one or more partner-level determinations, that portion of the change in tax liability attributable to the partner-level determinations shall be made under the provisions of subchapter B of chapter 63 of the Code (relating to deficiency procedures). Thus, changes in a partner's tax liability with respect to affected items that do not require partner-level determinations (such as the threshold amount of medical deductions under §213 that changes as a result of determinations made at the partner level) are included in the computational adjustment. However, **changes in a partner's tax liability with respect to affected items that require partner-level determinations (such as a partner's at risk amount that depends upon the source from which the partner obtained the funds that the partner contributed to the partnership) are not included in a computational adjustment.**

Treas. Reg. §301.6231(a)(6)-1T(a), emphasis added.

The government does not dispute that "a partner's at risk amount that depends upon the source from which the partner obtained the funds that the partner contributed to the partnership" is *not* assessed as a computational adjustment and *is*, therefore, a substantive affected item subject to the 90-Day Letter requirement. Instead the government argues that the quoted language expressly limits those at-risk determinations that are substantive affected items to only those where the source of the partner's contributed funds is in dispute. [GMemo:13] This is nonsense.

The quoted language is simply a clear example of a substantive affected item and why that particular affected item is always excluded from being assessed as a computational adjustment. The

example is clearly not meant to limit substantive affected item status to only those at-risk determinations where the source of a partner's contributed funds is in dispute. Many other partner-level issues also go into the determination.

The government's attempt to create ambiguity in a regulation where none previously existed should be rejected. But if it is not, then it is well settled that where complex statutory and regulatory schemes lend themselves to ambiguity courts should rely on the traditional canon that construes revenue-raising laws against their drafter.[18]

3. The Government Cites No Cases Relevant to a §465 At-Risk Assessment

The government urges this Court to ignore the holdings of multiple courts specifically addressing the issuance of 90-Day Letters for §465 related assessments and instead adopt an inchoate methodology referenced by some courts with regard to carryovers, and only with regard to carryovers.

The government cites only six cases in support of its arguments, none of which address §465 at-risk determinations or any other point relevant to this case: *Powell v. Commissioner*, 96 T.C. 707, 712 (1991); *Harris v. Commissioner*, 99 T.C. 121, 126 (1992); *Cummings v. Commissioner*, T.C. Memo 1996-282; *Bob Hamric Chevrolet v. United States*, 849 F.Supp. 500, 512 (W.D.Tex. 1994); *Field v. United States*, 2002 WL 1300249 ("*Field I*"); and *Olson v. United States*, 172 F.3d 1311 (Fed. Cir. 1999). [GMemo:12-17]

---

[18] *See Leavell v. Blades*, 237 Mo. 695, 700-701, 141 S.W. 893, 894 (1911) ("When the tax gatherer puts his finger on the citizen, he must also put his finger on the law permitting it"); *United States v. Merriam*, 263 U.S. 179, 188, 44 S.Ct. 69, 68 L.Ed. 240 (1923) ("If the words are doubtful, the doubt must be resolved against the Government and in favor of the taxpayer"); *Bowers v. New York & Albany Lighterage Co.*, 273 U.S. 346, 350, 47 S.Ct. 389, 71 L.Ed. 676 (1927) ("The provision is part of a taxing statute; and such laws are to be interpreted liberally in favor of the taxpayers"). *Accord, American Net & Twine Co. v. Worthington*, 141 U.S. 468, 474, 12 S.Ct. 55, 35 L.Ed. 821 (1891); *Benziger v. United States*, 192 U.S. 38, 55, 24 S.Ct. 189, 48 L.Ed. 331 (1904).

The government cites *Powell* for the proposition that "Section 6230(a)(2)(A)(ii) provides that items covered by a settlement of a TEFRA proceeding are not subject to the deficiency procedures." [GMemo:12] The government misreads *Powell*, which actually stands for the proposition that "Section 6230(a)(2)(A)(ii) provides that liabilities arising from partnership items covered by a settlement of a TEFRA proceeding are not subject to the deficiency procedures especially where the settlement contains an express waiver." [GMemo:12, underlined language added] Powell's settlement of his partnership items and non-partnership items contained an express waiver of the "restrictions on assessment and collection of any tax attributable to partnership items with interest as required by law."[19] The IRS assessed tax, interest, and §6621(c) penalty interest based on the settlement and began collection procedures. The IRS then mistakenly issued a 90-Day Letter for those same assessments. Powell filed suit in the Tax Court and sought a stay barring the IRS from collecting the partnership item assessments. The Tax Court held that it did not have jurisdiction over the partnership item assessments even if they were listed on the 90-Day Letter, that it did have jurisdiction over some "additions to tax," and that because §6621(c) is an anomaly in the tax code it did not have jurisdiction over §6621(c) penalty interest. The Tax Court refused to stay collections both because it lacked jurisdiction and because the settlement agreement contained an express waiver of the bar to collections. *Powell* has no meaning here because there are no partnership item disputes and Bush's settlement did not contain any relevant waiver.

The government proffers *Harris* for the proposition that "[t]he purpose of §6230(a)(2)(A)(ii) is to enable the Commissioner to collect amounts due as a result of settlements without the necessity of issuing a statutory notice of deficiency."[20] [GMemo:12-13] Like *Powell*, the assessments at issue in

19 *Powell* at 712.

20 *Harris* at 126.

*Harris* "result[ed] from a settlement of TEFRA partnership items ...." There are no partnership item disputes in the case at bar. The affected items at issue in *Harris* were carryovers arising from unrelated, unsettled partnerships not then before the court. *Harris* is irrelevant to classifying affected items, the issue presented here:

> Notably, although *Harris v. Commissioner, supra* at 125, includes a citation to *Maxwell v. Commissioner* for the proposition that an NOL carryback is an affected item, and although we referred to the NOL carryback in question as a computational adjustment, *Harris v. Commissioner, supra* at 127, we were not required to (and again did not) definitively decide the proper characterization of the affected item.
>
> *Cummings* at 4.

*Cummings* likewise addressed the status of NOL carryovers, not §465 at-risk determinations. There the Tax Court relied on *Bob Hamric Chevrolet* in holding that the NOL carryovers were assessed as computational adjustments.

In *Bob Hamric Chevrolet* the district court held that "[d]etermining the amount of a loss carryover or carryback as a result of a settlement agreement relating to partnership items requires only a computational adjustment."[21] The partner's §465 amount at-risk was not a disputed issue.[22] Therefore, the district court never directly analyzed whether a partner's §465 amount at-risk is always a substantive affected item but did note that:

> **Examples of [substantive] affected items include** the addition to tax for negligence (findings required as to the partner' negligence), *N.C.F. Energy,* 89 T.C. at 745; addition to tax under 26 U.S.C. §6661 (findings required as to partner's reasonable beliefs about litigation risks), *id.* at 746; **a partner's amount at risk (findings may be required with respect to agreements made by the partner with third parties),** *Roberts v. Commissioner,* 94 T.C. 853, 861, 1990 WL 77203 (1990); **or with respect to questions relating to assumptions of liabilities by the partners**, *Hambrose Leasing 1984-5 Ltd. Partnership v. Commissioner,* 99 T.C. 298, 309, 312, 1992 WL 210580 (1992). The Service is required to follow the regular deficiency procedures when making an adjustment

21 *Bob Hamric Chevrolet* at 512.

22 *Bob Hamric Chevrolet* at 513.

relating to a [substantive] affected item. 26 U.S.C. § 6230(a)(2)(A)(i); 26 C.F.R. §301.6231(a)(6)-1T(a); *Woody,* 95 T.C. at 202; *N.C.F. Energy,* 89 T.C. at 745.

*Bob Hamric Chevrolet* at 511, emphasis added.

It is unclear why the government cites to *Field I*. [GMemo:15] *Field I* was an unpublished district court opinion overturned on appeal as to the only issue possibly relevant here. In *Field I* the district court held that no 90-Day Letter was required to assess the §6621(c) penalty rate of interest because §6621(c) was a computational adjustment and not a substantive affected item. On appeal the Second Circuit affirmed that no 90-Day Letter was required but overturned the basis for that holding by recognizing, as explained on page 13 of Bush's Motion, that §6621(c) is an anomaly in the tax code for which no 90-Day Letter is required regardless of whether partner-level determinations are required.[23]

In *Olson* the Federal Circuit, without relying on any of the above cases cited by the government, addressed the affected item classification of a carryover. Like all other courts to address that issue the Federal Circuit held that where the assessment arose from a carryover no 90-Day letter was required. The Federal Circuit never addressed the issue of whether a 90-Day Letter would be required if the assessment arose from a §465 at-risk determination. In fact, "at oral argument the government conceded that, if an 'at risk' determination were necessary, a notice of deficiency [90-Day Letter] would be required."[24] It should be noted that the government did not concede that a 90-Day Letter *might* be required depending on the partner's circumstances, the government conceded that a 90-Day Letter *would* be required.

*Olson* is the only case counsel can find where the Federal Circuit has ever addressed the issues

---

23 *Field v. United States*, 381 F.3d 109, 113 (2nd Cir. 2004).

24 *Olson* at 1319.

of affected items and computational adjustments. This is not surprising. The vast majority of TEFRA related cases, both partnership-level and partner-level, are brought in the Tax Court. The Federal Circuit is the only circuit barred by statute from hearing appeals from the Tax Court.[25]

*Olson* is the government's primary authority for its argument that all affected items can be classified as either (i) substantive affected items, or (ii) affected items assessed as computational adjustments, on a partner-by-partner basis depending on each individual partner's circumstances. But *Olson* addressed only carryovers and "[t]he critical question of fact [carryovers amounts] ha[d] already been resolved and stipulated to in a settlement agreement [and] application of that stipulated fact ... require[d] only computational action."[26] In fact, the Federal Circuit expressly *refused* to even give a passing nod to the possibility that there *might* be circumstances in which a partner's carryover could be classified as a substantive affected item:

> We cannot properly express any view as to whether any of these hypothetical situations require non-computational determinations that would subject the assessment to the standard deficiency procedures . . . . These expressly hypothetical situations are simply not present in the facts of this appeal and it is not our role to offer advisory opinions on hypothetical cases or controversies.

*Olson* at 1319.

Under the government's proposed methodology neither the IRS nor the partner would have any way of anticipating which affected items would give the partner a subchapter B right to a 90-Day Letter and which would not.

Every court to address the affected item classification of §465 at-risk determinations has held that they are substantive affected items to which the partner has a subchapter B right to a 90-Day Letter. Every court to address the affected item classification of carryovers has held that they are

25 §7482(a)(1).

26 *Olson* at 1318.

assessed as computational adjustments and the partner has no right to a 90-Day Letter. Every court to specifically address the partner-by-partner *ad hoc* approach to affected item classification urged here by the government has rejected it. The government offers no valid reason for this Court to reject consistent precedent and establish a cumbersome and unpredictable new methodology, especially where that new methodology is itself internally inconsistent.

4. <u>The Government's Approach is Internally Inconsistent</u>

The government argues that the IRS examined Bush's individual facts (*e.g.* his individual K-1s and his individual tax returns) as to his §465 amounts at-risk for 1983-1995 and determined (wrongly as it turned out) that it did not need any additional information from Bush to compute his tax and interest assessments, if any, for those years. Therefore, the IRS concluded, as to Bush, the §465 amounts at-risk were not substantive affected items but could be assessed as computational adjustments.

Under the government's methodology the IRS, as to each partner, must make a separate partner-level determination – based on each partner's individual facts – as to whether it needs additional information on that item in order to compute his related assessments. Only if the IRS needs additional information from the partner is that affected item classified as a substantive affected item. If the IRS determines – without regard to whether its determination is actually correct – that it does not need any additional information then the assessment is made as a computational adjustment.

But an affected item is classified as a substantive affected item based on whether a partner-level determination may be required, not whether that partner-level determination is that the IRS needs more information. The IRS cannot make a partner-level determination that no partner-level determination is required. If for no other reason, the government's argument fails because it is internally inconsistent.

But this Court need not address the vagaries of the government's *ad hoc* approach and determine

which method of classification applies to all §465 at-risk determinations because, like every §465 at-risk determination discussed above, making the §465 at-risk adjustments required under the Closing Agreements at issue here *did* require partner-level determinations and, therefore, would be classified as a substantive affected item under either approach.

**C. Denying Bush a Pre-Payment Forum to Dispute the IRS's Breach of Contract and Erroneous Assessments Was Not Harmless Error**

The government argues that even if the IRS denied Bush his subchapter B right to petition the Tax Court before payment that denial was essentially harmless error and, therefore, of no legal consequence. [GMemo:3] To support this argument the government makes multiple false statements of fact.

The government falsely states that Bush could not have petitioned the Tax Court "because he had already stipulated and agreed in the closing agreements that he owed the additional amounts of tax and interest resulting from the application of those agreements." [GMemo:6, 13-14] In truth, the Closing Agreements establish only the *formula* for computing (i) adjustments to Bush's partnership-related deductions, and (ii) amounts allowed as offsets against any resulting tax and interest assessments. They did not address or settle other issues required to determine any actual tax and interest liabilities. Bush did not agree to waive any other defenses or offsets he and/or his late wife might have. For instance, ¶19 specifically retains the right for either of them to seek innocent spouse protection, if applicable, from any ultimate liabilities assessed pursuant to the Closing Agreements. [PEx: 10, 11 pp. 150, 153]

Nowhere in the Closing Agreements do the parties discuss, much less stipulate and agree to, the final dollar amounts of tax and interest. Rather, the formula established, and the IRS agreed, that among other things the IRS was *required* to apply any claims timely filed pursuant to ¶¶8 and 15 (here Bush's 1988-1995 offset claims) as offsets in determining any ultimate liabilities arising from the

Closing Agreements. Bush and the IRS agreed that any liabilities that might be owed must include all adjustments resulting from application of *all* terms of the settlement, not liabilities arising from the IRS's cherry-picking as to which of its agreed terms it would actually abide by.

The government falsely states that the terms in the Closing Agreements for computing Bush's §465 amounts at-risk in later years do "not apply to any of the assessments involved in this case." [GMemo:8] As shown above, the truth is that those terms had everything to do with properly computing the net tax after offset and the interest for any assessments at issue here. If the IRS had abided by the terms it agreed to in ¶¶8 and 15 the net tax and interest assessed against Bush for 1985-1987 would have been well over $50,000.00 less due to the timely filed 1988-1995 §465 offset claims.

Bush's offset claims have been in the records of both of these cases (Fed.Cl. 02-1041 T and Fed.Cl. 04-1598 T) from day one. The government now falsely states that Bush never filed the offset claims required to be considered under ¶15. Even though the government formally admitted in *both* its Answers that they were timely filed prior to the 120-day deadline. The grounds underlying the offset claims and Bush's assertion that the IRS breached the terms of the Closing Agreements by not applying them as agreed have been before this Court in both cases and acknowledged by the government for years.

The government falsely states that "Bush did not contend in his [1985-1987] claims for refund, or in his brief, that the IRS computations were not accurate or that they did not properly reflect the application of the terms of the closing agreements." [GMemo:11] In truth, the explanations attached to each of Bush's 1985-1987 refund claims plainly do so and state that:

> 2. The harm caused by the IRS' breach of the closing agreements is abundantly clear in light of the following facts:
>
> (b) In accordance with paragraphs 12, 14, 15, 17 and 18 the taxpayers filed refund claims for 1988, 1990, 1991, 1992, 1993 and 1995 that should have been allowed and taken into account in computing the net tax deficiency, but which

were instead summarily denied. See Exhibit "C." Had the IRS issued a statutory notice of deficiency for 1985, 1986 and 1987 the taxpayers would have been entitled to raise these agreed offsets as a partial defense to the 1985, 1986 and 1987 liabilities prior to payment. Instead, the taxpayers have been forced (i) to file a separate lawsuit to obtain the refunds for 1988, 1990, 1991, 1992, 1993 and 1995, and (ii) pay the gross liability asserted by the IRS for 1985, 1986 and 1987 and then pursue these refund claims asserting defenses reserved or agreed in this closing agreement. The 1988, 1990, 1991, 1992 and 1993 refunds would have reduced the liability by well over $50,000.

(b) Even the 1981 and 1988 overpayments the IRS determined and acknowledged by itself that should have offset against 1985, 1986 and 1987 liabilities were inexplicably offset against previously non-existent phantom liabilities for 1981 and 1988 essentially defrauding the taxpayers of the benefit of the offsets for those overpayments. See Exhibit "D."

3. The 1981, 1988, 1990, 1991, 1992, 1993, 1994 and 1995 overpayments discussed in Paragraph 2 should all have been applied directly to the 1985, 1986 and 1987 liabilities and therefore constitute an additional and separate ground for refund of the liability overpaid in 1985, 1986 and 1987 as a result of their denial.

[PEx:16, 17, 18, 19, 20, and 21 pp. 168-169, 211-212, 219-220, 226-227, 233-234, 240-241]

These same arguments were reiterated in the complaints filed in both cases before the Court in this case and in both cases those arguments were acknowledged by the government in its answer.

Further, Bush's Motion expressly stated that:

> As a consequence [of ¶15 of the Closing Agreements], the IRS was obligated to consider any referenced refund claims of a partner filed within 120 days and allow them as an offset. Therefore, determining the net amount of tax to be assessed and the appropriate interest calculation required an intense partner-level review. The 120 day limit insured that the calculation could be done within the one year statute of limitations for issuance of the 90-day letter.

[BMtn:17][27]

The government falsely states that "Bush does not identify any specific partner-level factual determination that he contends was required in this case in order for the IRS to apply the terms of the closing agreements to Bush's 1985-1987 tax returns." [GMemo:15] Bush's Motion plainly states that

---

27 References to [BMtn:"x"] are to page x of Bush's Motion.

¶¶2, 6, 7, 8, 9, and 15 of the Closing Agreements mandate partner-level factual determinations prior to any assessment of tax or interest liabilities. [BMtn:6, 17]

The government asserts that the only §465 at-risk amounts relevant to these motions are the determinations of Bush's amounts at-risk for 1985-1987 and because those amounts were stipulated in the Closing Agreement no other at-risk determinations were required to properly make any assessments arising from the settlement. [GMemo:6-9, 15] Again, the government is wrong.

Paragraph 2 of each Closing Agreement makes clear that by settling with the IRS Bush faced a potential liability for each tax year from 1983 to 1995, inclusive. [PEx:10 p. 149, 11 p. 152] Whether he would ultimately face a liability for any particular year was to be determined by many individual facts determined both under and outside the Closing Agreements. In order to assess based on the Closing Agreements the IRS was required, among other things, to redetermine and apply Bush's at-risk amounts for each tax year 1983-1995, which in turn would affect the amount of the offset refund claims. It would have been nice if the IRS had simply issued or applied the refunds for those years in which it determined refunds were due at the same time it made the assessments for the deficiency years. But such is not the nature of the IRS, despite §6230(d)(5)'s express provision that taxpayers are not required to file formal administrative claims to receive these kinds of credits and refunds.[28] Bush could only get his refunds if he timely filed administrative claims and they would only be applied as offsets if they were filed very quickly, within 120 days after the settlement became effective. Bush filed his offset claims within the 120 deadline. The IRS did not assess the 1985-1987 liabilities until

[28] Section 6230(d)(5) expressly provides:

> (5) OVERPAYMENTS REFUNDED WITHOUT REQUIREMENT THAT PARTNER FILE CLAIM.—In the case of any overpayment by a partner which is attributable to a partnership item (or an affected item) and which may be refunded under this subchapter, to the extent practicable credit or refund of such overpayment shall be allowed or made without any requirement that the partner file a claim therefor.

over eight months after Bush filed his offset claims, and refused to apply them as offsets as it had agreed. Had the IRS not violated its agreement the net amount of tax and interest assessed against Bush for 1985-1987 would have been reduced by well over $50,000.00. The IRS then added insult to injury by failing to issue the 90-Day Letters required by subchapter B that would have allowed Bush to contest the IRS's breach of contract and thereby also depriving him of the opportunity to raise any other personal defenses or deductions unrelated to these partnerships in determining the net liability.

Finally, as addressed below, the IRS's failure to issue the 90-Day Letters is not harmless error because that failure renders the 1985-1987 assessments invalid as a matter of law.

## II. Plaintiffs' Objection to Defendant's Cross-Motion for Summary Judgment

It is unclear from the Government's Memo which of its arguments are made specifically in support of its cross-motion for summary judgment. Therefore, each of the arguments above is also incorporated as grounds for objection to the government's cross-motion. In addition, the government is not entitled to summary judgment as requested in the Government's Motion because assessments made in violation of the subchapter B requirement of a 90-Day Letter are invalid as a matter of law.

In a recent Tax Court decision, the full court addressed the invalidity of an assessment made based on a Closing Agreement that did not include a §6213(d) waiver where no 90-Day Letter was issued.[29] The circumstances are very analogous to the case at bar:

> 2. Effect of Closing Agreement on Deficiency Notice Requirement
>
> . . . . .
>
> Unlike a Form 866, however, the parties here executed a closing agreement on Form 906. The Form 906 executed here covered only specific matters (i.e., the treatment of the Comco items). The parties did not agree to the total amount of petitioners' liabilities for the years at issue.
>
> . . . . .

---

29 *Manko v. Commissioner*, 126 T.C. 195 (2006).

> Respondent may not dispense with a deficiency notice in this situation where petitioners were never allowed to challenge respondent's computations. See *Commissioner v. Shapiro*, 424 U.S. at 616-617. By failing to issue petitioners a deficiency notice, respondent deprived petitioners of the opportunity of filing a deficiency suit to dispute these computations and to argue that other adjustments should be made to their liabilities for the years at issue. See §6213(a); *Commissioner v. Shapiro*, *supra* at 616-617. Respondent unilaterally implemented the closing agreement by applying the terms of the agreement to the amounts reported on petitioners' returns and then assessed the resulting liabilities. Because respondent did not issue a deficiency notice, petitioners were never afforded the opportunity to litigate the amount of their tax liabilities before the collection process began. See *Commissioner v. Shapiro*, *supra* at 616-617; *cf. Marathon Oil Co. v. United States*, supra at 280.
>
> 3. Our Holding Would not Permit Petitioners to Challenge the Terms of the Closing Agreement
>
> . . . . .
>
> The closing agreement remains binding on both parties. There has been no fraud, malfeasance, or misrepresentation of a material fact. See §7121(b). A deficiency notice would have allowed petitioners to challenge respondent's determination of petitioners' tax liabilities for the years at issue, but it would not have allowed petitioners to reopen or contest the treatment of the Comco items. The parties agreed to the treatment of the Comco items in the closing agreement. The parties did not agree, however, to settle all issues related to petitioners' tax liabilities for the years at issue.
>
> We conclude that the closing agreement here, which covers specific matters only, does not absolve respondent from issuing a deficiency notice before assessing petitioners' liabilities. Accordingly, we hold that respondent may not proceed with collection. See §6213(a).
>
> *Manko* at 203-204.

Similarly, the Fourth Circuit Court of Appeals has fairly recently (as time is measured in tax litigation) reversed a district court's grant of summary judgment denying a taxpayer's refund claim based on the IRS's failure to issue a 90-Day Letter.[30] Excerpts from that opinion reflect the Fourth Circuit's view of the gravity of the IRS's disregard of the requirement to issue a 90-Day Letter:

> The issue on appeal is whether the IRS was required by statute to issue a notice of deficiency to the Singletons prior to making its 1991 supplemental assessment.
>
> *Singleton*, at 836, footnote omitted.

---

[30] *Singleton v. United States*, 128 F3d 833 (4th Cir. 1997).

> The Court concludes that a notice of deficiency was required and that, in its absence, the assessment was invalid.
>
> *Id.* at 837.
>
> This notice serves as a jurisdictional prerequisite for a taxpayer to challenge an assessment in Tax Court. Taxpayers should not be deprived of their access to the Tax Court because of a mistake by the IRS.
>
> . . . . .
>
> Because this notice was never sent, the Singletons were deprived of their opportunity to contest the tax due (as well as the mounting interest). In the absence of this vital procedural step, the IRS assessment was invalid.
>
> *Id.* at 839.

## III. <u>Conclusion</u>

Bush has established that summary judgement as to his 1985-1987 claims should be granted in his favor based on the plain language of the Closing Agreements, the general principles of contract and statutory interpretation, and the established case law as to the classification of affected items. The government asks this Court to deny Bush's Motion and grant summary judgment in its favor by adopting new and novel legal theories of statutory and regulatory interpretation, misconstruing precedent, and denying facts long established in these cases and which the government has already admitted.

Summary judgment in favor of Bush would resolve the 1985-1987 claims [Fed.Cl. 04-1598] completely. But if Bush's Motion is denied and the Government's Motion is granted then this Court must still address, among other issues, the fact intensive issues of (i) whether the IRS assessed more than one year after the settlement became effective such that the assessments were untimely under §6229(f), and (ii) whether the IRS breached the terms of its agreement with Bush when it failed to properly apply or refund Bush's offset claims timely filed pursuant to ¶¶7, 8 and 15 of the Closing

Agreements.[31]

WHEREFORE, Plaintiffs Lyman F. Bush and Beverly J. Bush, deceased, here represented by Lyman F. Bush as Personal Representative for the Estate of Beverly J. Bush, respectfully request that this Court deny the defendant's cross-motion for partial summary judgment and grant their motion for summary judgment, render judgment in their favor, and determine that they are entitled to refunds for tax years 1985, 1986, and 1987 because the IRS failed to issue 90-Day Letters as required by §§6230(a)(2)(A)(i), 6212, and 6213(a) before it assessed against them based on adjustments to Bush's nonpartnership affected items.

Respectfully submitted,

July 6, 2007

/s/ Thomas E. Redding

Thomas E. Redding, Attorney of Record
Sallie W. Gladney
Teresa J. Womack
REDDING & ASSOCIATES, P.C.
P.O. Box 924328
Houston, Texas 77292-4328
(713) 965-9244
(713) 621-5227 Fax
Attorneys for Plaintiffs
Lyman F. Bush and Lyman F. Bush as
Personal Representative for the Estate of Beverly J. Bush

[31] The issue of whether the IRS improperly failed, pursuant to §6404, to abate interest accrued due to errors or delays by IRS personnel has been rendered moot by the recent opinion at *Hinck v. United States*, 127 S.Ct. 2011 (2007), but could have been timely raised in a separate Tax Court proceeding had a 90-Day Letter been issued and a correct assessment made after Bush's actual liabillity had been determined.

**No. 02-1041 T**
Consolidated with 04-1598 T
(Judge Eric G. Bruggink)

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

LYMAN F. BUSH, *et al.*,

PLAINTIFFS

VS.

UNITED STATES OF AMERICA,

DEFENDANT

**PLAINTIFFS' RESPONSE TO DEFENDANT'S PROPOSED FINDINGS OF UNCONTROVERTED FACT**

THOMAS E. REDDING, Lead Attorney
SALLIE W. GLADNEY
TERESA J. WOMACK
REDDING & ASSOCIATES, P.C.
2914 W. T.C. Jester
Houston, Texas 77018
Telephone: (713) 965-9244
Telecopier: (713) 621-5227
Attorneys for Plaintiffs
Lyman F. Bush and Lyman F. Bush,
Personal Representative for the Estate of
Beverly J. Bush

Plaintiffs submit the following proposed findings of uncontroverted fact in response to the government's proposed findings and the government's factual statements made in the Defendant's Cross-Motion for Partial Summary Judgment. These proposed findings and those proposed in the Plaintiffs' Proposed Findings of Uncontroverted Fact with Respect to His Motion for Summary Judgment are supported by the attached Declaration of Sallie W. Gladney and Plaintiffs' Exhibits 1-27 attached to the Plaintiffs' Proposed Findings and Plaintiffs' Exhibits 28-31 attached to this response.

1. On November 24, 1999, the Bushes filed the following 1040X claims for refund:[1]

| Tax Year | Tax to be Refunded | |
|---|---|---|
| 1988 | $1,021.00 | [PEx:28 pp. 265-281] |
| 1990 | $5,847.00 | [PEx:28 pp. 286-308] |
| 1991 | $1,976.00 | [PEx:28 pp. 310-337] |
| 1992 | $16,199.00 | [PEx:28 pp. 338-377] |
| 1993 | $11,099.00 | [PEx:28 pp. 379-466] |
| 1995 | $9,413.00 | [PEx:28 pp. 467-498] |

2. The explanation attached to each refund claim stated:

> The taxpayer and the Commissioner entered into a Closing Agreement ("Agreement") regarding the taxpayer's partnership interest in Cinema 84 [and Summer Lovers or LWM, as applicable], a copy of which is attached hereto as Exhibit "A."
>
> This refund claim is being filed and is timely based on Paragraph 15 of the Agreement which provides that "[a]ny refund claim attributable to the operation of this agreement ***shall*** be deemed to be timely filed and ***shall*** be allowed if it is filed with the IRS within one year of the execution of this agreement by the Commissioner of Internal Revenue."
>
> Further, pursuant to Paragraph 15 of the Agreement, "[a]ny refund claim so submitted within 120 days of this agreement shall be allowed as an offset pursuant to I.R.C. §§6402(a) and 6601(f) against any tax deficiencies resulting from this agreement." Therefore, the refund due under this claim must be applied as an offset

---

[1] References to [PEx:"X" p."y"] are to Bates stamped page "y" of the Plaintiffs' Exhibit "X" attached to this response.

to the tax deficiencies arising from the settlement. The refund should be applied first to any deficiency determined for 1983 and thereafter any balance to any subsequent year deficiencies.

This refund claim results from application of the portion of the §465 suspended losses allowable in this year as a consequence of the increase in the amount at risk resulting from net partnership income reported in this year, based on Agreement Paragraph 8.

This refund claim also results from application of the portion of the §465 suspended investment tax credits allowable in this year as a consequence of the increase in the amount at risk resulting from net partnership income reported in this year, based on Agreement Paragraph 8.

Based upon the Agreement, the suspended losses and ITC allowable in this year as a consequence of Paragraph 8 of the Agreement are determined as follows:

| | |
|---|---|
| Increase of amount at risk due to net partnership income | [$xxxxxx] |
| Allowable portion of losses previously suspended under §465 per Agreement | [$xxxxxx] |
| Portion of ITC suspended under §465 allowable due to increase in amount at risk | [$xxxxxx] |

***Please process this claim immediately and apply the refund as an offset under §6402 as required above.***

[PEx:28 pp. 269, 290, 314, 340, 383, and 469, where $xxxxxx represents the values for each particular year, as applicable] Emphasis in original.

3. On August 23, 2000, the IRS disallowed the Bushes 1990, 1992, 1993, and 1995 refund claims. [PEx:28 pp. 309, 378, 499]

4. The IRS never acted on the Bushes 1988, 1991, and 1995 refund claims.

5. On August 23, 2002, the Bushes filed the complaint before this Court at Fed.Cl. 02-1041 T. [PEx:28]

6. In that complaint Bush stated that the 1988, 1990, 1991, 1992, 1993, and 1995 claims were filed pursuant to the Closing Agreements based on application of the terms in ¶8 as to §465 and that ¶15 required that they be applied as offsets under §§6402(a) and 6601(f). [PEx:28

pp. 269, 290, 314, 340, 383, and 469]

7. Complete copies of the 1988, 1990, 1991, 1992, 1993, and 1995 claims were attached to and filed with that complaint. [PEx:28]

8. In its Answer the government admitted that the offset claims were "received by the Ogden Service Center of the [IRS] on November 29, 1999." [PEx:29 pp. 501, 504, 507, 509, 512 and 514 at ¶¶ 9, 16, 24, 31, 39 and 47]

9. On July 18, 2002, Bush filed claims for refund of the amounts paid pursuant to the 1985, 1986, and 1987 assessments arising from the Closing Agreements stating, among other grounds, the IRS failed to issue the 90-Day Letters as required by §§6212 and 6213 of subchapter B *and* the IRS breached the terms of the Closing Agreements by refusing to apply the offset claims as agreed. [PEx:15, 16, 17, 18, 19, 20, and 21]

10. The IRS never acted on the1985-1987 claims so on October 25, 2004, Bush filed the complaint before this Court at Fed.Cl. 04-1598 T. [PEx:30]

11. In that complaint Bush reiterated that, among other grounds, he was due refunds for 1985-1987 because the IRS failed to issue 90-Day Letters as required by §§6212 and 6213 of subchapter B *and* because the IRS breached the settlement agreement by refusing to apply the offset claims as agreed. [PEx:30]

12. In that complaint Bush plainly stated his injuries on both counts:

> Had the IRS issued a statutory notice of deficiency [90-Day Letter] for 1985, 1986 and 1987 the taxpayers would have been entitled to raise these agreed offsets as a partial defense to the 1985, 1986 and 1987 liabilities prior to payment. Instead, the taxpayers have been forced (i) to file a separate lawsuit to obtain the refunds for

1988, 1990, 1991, 1992, 1993 and 1995, and (ii) pay the gross liability asserted by the IRS for 1985, 1986 and 1987 and then pursue these refund claims asserting defenses reserved or agreed in this closing agreement. The 1988, 1990, 1991, 1992 and 1993 refunds would have reduced the liability by well over $50,000.

[PEx:30 pp. 524, 529-530, 535]

13. In its Answer the government "[a]dmit[ed] ... that the taxpayers filed refund claims for 1988, 1990, 1991, 1992, 1993, and 1995, and that these claims were denied." [PEx:31 pp. 635, 641, and 647 at ¶¶13(b)(i), 24(b)(i), and 35(b)(i)]

14. On October 24, 2005, Fed.Cl. 02-1401 T and Fed.Cl. 04-1598 T were consolidated and Bush subsequently filed for summary judgment on his 1985-1987 claims.

Respectfully submitted,

July 6, 2007

/s/ Thomas E. Redding

Thomas E. Redding, Attorney of Record
Sallie W. Gladney
Teresa J. Womack
REDDING & ASSOCIATES, P.C.
2914 West T.C. Jester
Houston, Texas 77018
(713) 965-9244
(713) 621-5227 Fax
Attorneys for Plaintiffs
Lyman F. Bush and Lyman F. Bush, Personal Representative for the Estate of Beverly J. Bush

| Plaintiff's Exhibit | Document | Bates No. |
|---|---|---|
| 28 | Plaintiffs' Original Complaint with all attachment for Fed.Cl. 02-1041 T | 0251-0499 |
| 29 | Defendant's Answer filed in Fed.Cl. 02-1041 T | 500-521 |
| 30 | Plaintiffs' Original Complaint with all attachment for Fed.Cl. 04-1598 T | 0521-632 |
| 31 | Defendant's Answer filed in Fed.Cl. 04-1598 T | 0633-0654 |

**No. 02-1041 T**
Consolidated with 04-1598 T
(Judge Eric G. Bruggink)

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

LYMAN F. BUSH, *et al.*,

PLAINTIFFS

VS.

UNITED STATES OF AMERICA,

DEFENDANT

**DECLARATION OF SALLIE W. GLADNEY**

I, Sallie W. Gladney, declare as follows:

I am an attorney with Redding & Associates, P.C. and am one of the attorneys of record representing the Plaintiffs in the above-captioned case. As attorney of record I and our offices have custody of the Plaintiffs' relevant files for this case. The documents identified as Plaintiffs' Exhibits 1-27 attached to the Plaintiffs' Proposed Findings of Uncontroverted Fact with Respect to His Motion for Summary and the documents identified as Plaintiffs' Exhibits 28-31 attached to the Plaintiffs' Response to Defendant's Proposed Findings of Uncontroverted Fact are true and correct copies of documents maintained in our files.

Under penalty of perjury, I, Sallie W. Gladney, declare that the foregoing statements are true and correct. Thus done and signed on July 6, 2007, at Houston, Texas.

s/Sallie W. Gladney
SALLIE W. GLADNEY

RECEIVED
AUG 23 2002
OFFICE OF THE CLERK
U.S. COURT OF FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| LYMAN F. BUSH, INDIVIDUALLY and LYMAN F. BUSH, PERSONAL REPRESENTATIVE OF THE ESTATE OF BEVERLY J. BUSH, Plaintiff, | § | |
| vs. | § | DOCKET NO. 02-1041T<br>JUDGE: ____________ |
| UNITED STATES OF AMERICA Defendant. | § | |

**PLAINTIFFS' ORIGINAL COMPLAINT**

1. Plaintiffs Lyman F. Bush and Lymon Bush, Personal Representative of the Estate of Beverly J. Bush (collectively "Bush") is citizen of the United States of America whose mailing address and residence is 1217 122nd Street, Court E, Tacoma, Washington 98445.

2. The Defendant is the United States of America.

3. This is a suit arising under Sections 7422, 6401, 6402, 6230(c), 6601, 6621(d) of the Internal Revenue Code[1] and the laws of the United States for the refund of income taxes collected from Bush. This is also a suit for breach of contract under 28 U.S.C. §1491(a)(1).

---

[1]References to Section, §, and the Internal Revenue Code are to Title 26 of the United States Code.

\\Pnserver\share1\DOCS\TAXCONT.T\twwc8202...l.wpd

PLAINTIFFS' EXHIBIT 28

4. Jurisdiction is conferred upon the Court by Title 28, Sections 1346(a)(1) and 1491(a), of the United States Code.

COUNT ONE
Calendar Year 1988

5. The Bushes timely filed a joint federal income tax return for the calendar year 1988 and paid the taxes reported due on said return. Lyman F. Bush and Beverly J. Bush's taxpayer identification numbers reflected on the subject tax return are [redacted] and [redacted], respectively.

6. Bush was a partner in the Cinema 84 partnership ("Cinema 84") for 1988.

7. A dispute arose between the IRS and Cinema 84 as to certain partnership items reported on the partnership's tax returns.

8. On August 7, 1999, Bush and the IRS entered into a Closing Agreement with respect to that dispute. A copy of the Closing Agreement is included as Exhibit A to Exhibit A attached.

9. On November 24, 1999, Bush filed a claim for refund of $1,021.00 for 1988 pursuant to that agreement. That claim is attached as Exhibit A and the grounds for refund set out in that claim are incorporated herein and restated as follows:

a. Pursuant to Paragraph 15 of the Agreement, "[a]ny refund claim so submitted within 120 days of this agreement shall be allowed as an offset pursuant to I.R.C. §§6402(a) and 6601(f) against any tax deficiencies resulting from this agreement." Therefore, the refund due under this claim should have been applied as an offset to the tax deficiencies arising from the settlement, but it was not.

b. This refund claim results from application of the portion of the §465 suspended losses allowable in this year as a consequence of the increase in the amount at risk resulting from net partnership income reported in this year, based on Agreement Paragraph 8.

c. This refund claim also results from application of the portion of the §465 suspended investment tax credits allowable in this year as a consequence of the increase in the amount at risk resulting from net partnership income reported in this year, based on Agreement Paragraph 8.

d. Based upon the Agreement, the suspended losses and ITC allowable in this year as a consequence of Paragraph 8 of the Agreement are determined as follows:

| | |
|---|---|
| Increase of amount at risk due to net partnership income | $2,338.00 |
| Allowable portion of losses previously suspended under §465 per Agreement | $<2,338.00> |
| Portion of ITC suspended under §465 allowable due to increase in amount at risk | $234.00 |

e. Furthermore, Bush requests that net interest rate of zero pursuant to §6221(d) be applied to overlapping periods of equivalent amounts of underpayments and overpayments.

10. In addition to the grounds set forth above and stated in the refund claim, Bush seeks recovery of the amounts due to him under the Closing Agreement based on the government's breach of that contract.

11. Over six (6) months have elapsed since Bush filed the original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States, or in any judicial proceeding, including any in the Tax Court of the United States.

COUNT TWO
Calendar Year 1990

12. The Bushes timely filed a joint federal income tax return for the calendar year 1990 and paid the taxes reported due on said return. Lyman F. Bush and Beverly J. Bush's taxpayer identification numbers reflected on the subject tax return are [redacted] and [redacted], respectively.

13. Bush was a partner in Cinema 84 and the Summer Lovers partnership ("Summer Lovers") for 1990.

14. A dispute arose between the IRS and Cinema 84 and Summer Lovers as to certain partnership items reported on the partnerships' tax returns.

15. On August 7, 1999, Bush and the IRS entered into a Closing Agreement with respect to the Cinema 84 dispute. On August 18, 1999, Bush and the IRS entered into a Closing Agreement with respect to the Summer Lovers dispute. Copies of the Closing Agreements are included as Exhibit A to Exhibit B attached.

16. On November 24, 1999, Bush filed a claim for refund of $5,847.00 for 1990 pursuant to the Cinema 84 and Summer Lovers 1990 Closing Agreements. That claim is attached as Exhibit B and the grounds for refund set out in that claim are incorporated herein and restated as follows:

a. Pursuant to Paragraph 15 of the Cinema 84 Closing Agreement, "[a]ny refund claim so submitted within 120 days of this agreement shall be allowed as an offset pursuant to I.R.C. §§6402(a) and 6601(f) against any tax deficiencies resulting from this agreement." Therefore, the refund due under this claim should have been applied as an offset to the tax deficiencies arising from the settlement, but it was not.

b. This refund claim results from application of the portion of the §465 suspended losses allowable in this year as a consequence of the increase in the amount at risk resulting from net partnership income reported in this year, based on Agreement Paragraph 8.

c. This refund claim also results from application of the portion of the §465 suspended investment tax credits allowable in this year as a consequence of the increase in the amount at risk resulting from net partnership income reported in this year, based on Agreement Paragraph 8.

d. Based upon the Agreement, the suspended losses and ITC allowable in this year as a consequence of Paragraph 8 of the Agreement are determined as follows:

| | Summer Lovers | Cinema 84 |
|---|---|---|
| Increase of amount at risk due to net partnership income | $12,418.00 | $1,459.00 |
| Allowable portion of losses previously suspended under §465 per Agreement | $<12,418.00> | $<1,459.00> |
| Portion of ITC suspended under §465 allowable due to increase in amount at risk | $1,242.00 | $146.00 |

e. Furthermore, Bush requests that net interest rate of zero pursuant to §6221(d) be applied to overlapping periods of equivalent amounts of underpayments and overpayments.

17. In addition to the grounds set forth above and stated in the refund claim, Bush seeks recovery of the amounts due to him under the Closing Agreement based on the government's breach of that contract.

18. On August 23, 2000 the IRS disallowed Bush's 1990 claim. A copy of the first page of the disallowance is attached as Exhibit C.

19. Over six (6) months have elapsed since Bush filed the original claim for refund. Other than the notice of disallowance described above, no action on the claim for refund has been taken by Congress or any agency of the United States, or in any judicial proceeding, including any in the Tax Court of the United States.

COUNT THREE
Calendar Year 1991

20. The Bushes timely filed a joint federal income tax return for the calendar year 1991 and paid the taxes reported due on said return. Lyman F. Bush and Beverly J. Bush's taxpayer identification numbers reflected on the subject tax return are [redacted] and [redacted], respectively.

21. Bush was a partner in the Cinema 84 and the Summer Lovers partnerships for 1991.

22. A dispute arose between the IRS and Cinema 84 and Summer Lovers as to certain partnership items reported on the partnerships' tax returns.

23. On August 7, 1999, Bush and the IRS entered into a Closing Agreement with respect to the Cinema 84 dispute. On August 18, 1999, Bush and the IRS entered into a Closing Agreement with respect to the Summer Lovers dispute. Copies of the Closing Agreements are included as Exhibit A to Exhibit D attached.

24. On November 24, 1999, Bush filed a claim for refund of $1,976.00 for 1991 pursuant to the Cinema 84 and Summer Lovers 1990 Closing Agreements. That claim is attached as Plaintiffs' Exhibit D and the grounds for refund set out in that claim are incorporated herein and restated as follows:

a. Pursuant to Paragraph 15 of the Agreement, "[a]ny refund claim so submitted within 120 days of this agreement shall be allowed as an offset pursuant to I.R.C. §§6402(a) and 6601(f) against any tax deficiencies resulting from this agreement." Therefore, the refund due under this claim should have been applied as an offset to the tax deficiencies arising from the settlement, but it was not.

b. This refund claim results from application of the portion of the §465 suspended losses allowable in this year as a consequence of the increase in the amount at risk resulting from net partnership income reported in this year, based on Agreement Paragraph 8.

c. This refund claim also results from application of the portion of the §465 suspended investment tax credits allowable in this year as a consequence of the increase in the amount at risk resulting from net partnership income reported in this year, based on Agreement Paragraph 8.

d. Based upon the Agreement, the suspended losses and ITC allowable in this year as a consequence of Paragraph 8 of the Agreement are determined as follows:

| | Cinema 84 | Summer Lovers |
|---|---|---|
| Increase of amount at risk due to net partnership income | $1,272.00 | $14,747.00 |
| Allowable portion of losses previously suspended under §465 per Agreement | $<1,272.00> | $<14,747.00> |
| Portion of ITC suspended under §465 allowable due to increase in amount at risk | $127.00 | $1,475.00 |

e. Furthermore, Bush requests that net interest rate of zero pursuant to §6221(d) be applied to overlapping periods of equivalent amounts of underpayments and overpayments.

25. In addition to the grounds set forth above and stated in the refund claim, Bush seeks recovery of the amounts due to him under the Closing Agreement based on the government's breach of that contract.

26. Over six (6) months have elapsed since Bush filed the original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States, or in any judicial proceeding, including any in the Tax Court of the United States.

COUNT FOUR
Calendar Year 1992

27. The Bushes timely filed a joint federal income tax return for the calendar year 1992 and paid the taxes reported due on said return. Lyman F. Bush and Beverly J. Bush's taxpayer identification numbers reflected on the subject tax return are [redacted] and [redacted], respectively.

28. Bush was a partner in Cinema 84 and the Lone Wolf McQuade partnership ("Lone Wolf") for 1992.

29. A dispute arose between the IRS and Cinema 84 and Lone Wolf as to certain partnership items reported on the partnerships' tax returns.

30. On August 7, 1999, Bush and the IRS entered into Closing Agreements with respect to the Cinema 84 dispute and the Lone Wolf dispute. Copies of the Closing Agreements are included as Exhibit A to Exhibit E attached.

31. On November 24, 1999, Bush filed a claim for refund of $16,199.00 for 1992 pursuant to the Cinema 84 and Lone Wolf Closing Agreements. That claim is attached as Exhibit E and the grounds for refund set out in that claim are incorporated herein and restated as follows:

a. Pursuant to Paragraph 15 of the Agreement, "[a]ny refund claim so submitted within 120 days of this agreement shall be allowed as an offset pursuant to I.R.C. §§6402(a) and 6601(f) against any tax deficiencies resulting from this agreement." Therefore, the refund due under this claim should have been applied as an offset to the tax deficiencies arising from the settlement, but it was not.

b. This refund claim results from application of the portion of the §465 suspended losses allowable in this year as a consequence of the increase in the amount at risk resulting from net

 \\Raserver\share1\DOCS\TAXCONT.T\twwc8202.bu1.wpd

partnership income reported in this year, based on Agreement Paragraph 8 and capital contributions based on Agreement Paragraph 7 as reported on the K-1 attached as Exhibit "B.".

c. This refund claim also results from application of the portion of the §465 suspended investment tax credits allowable in this year as a consequence of the increase in the amount at risk resulting from net partnership income reported in this year, based on Agreement Paragraph 8.

d. Based upon the Agreement, the suspended losses and ITC allowable in this year as a consequence of Paragraph 8 of the Agreement are determined as follows:

| | Cinema 84 | Lone Wolf McQuade |
|---|---|---|
| Increase of amount at risk due to net partnership income and capital contributions in current year per K-1 | $87,442.00 | $107,206.00 |
| Portion of losses previously suspended under §465 allowable in current year per Closing Agreement | $57,848.00 | $93,049.00 |
| Portion of ITC suspended under §465 allowable due to increase in amount at risk | $-0.00- | $1,022.00 |

e. Furthermore, Bush requests that net interest rate of zero pursuant to §6221(d) be applied to overlapping periods of equivalent amounts of underpayments and overpayments.

32. In addition to the grounds set forth above and stated in the refund claim, Bush seeks recovery of the amounts due to him under the Closing Agreement based on the government's breach of that contract.

33. On August 23, 2000 the IRS disallowed Bush's 1992 claim. A copy of the first page of the disallowance is attached as Exhibit F.

34. Over six (6) months have elapsed since Bush filed the original claim for refund. Other than the notice of disallowance described above, no action on the claim for refund has been taken by Congress or any agency of the United States, or in any judicial proceeding, including any in the Tax Court of the United States.

COUNT FIVE
Calendar Year 1993

35. The Bushes timely filed a joint federal income tax return for the calendar year 1993 and paid the taxes reported due on said return. Lyman F. Bush and Beverly J. Bush's taxpayer identification numbers reflected on the subject tax return are [redacted] and [redacted], respectively.

36. Bush was a partner in Cinema 84, Summer Lovers, and Lone Wolf McQuade for 1993.

37. A dispute arose between the IRS and Cinema 84, Summer Lovers, and Lone Wolf as to certain partnership items reported on the partnerships' tax returns.

38. On August 7, 1999, Bush and the IRS entered into Closing Agreements with respect to the Cinema 84 dispute and the Lone Wolf dispute. On August 18, 1999, Bush and the IRS entered into a Closing Agreement with respect to the Summer Lovers dispute. Copies of the Closing Agreements are included as Exhibits A to Exhibit G attached.

39. On November 24, 1999, Bush filed a claim for refund of $11,099.00 for 1993 pursuant to the Cinema 84, Summer Lovers, and Lone Wolf Closing Agreements. That claim is attached as Exhibit G and the grounds for refund set out in that claim are incorporated herein and restated as follows:

a. Pursuant to Paragraph 15 of the Agreement, "[a]ny refund claim so submitted within 120 days of this agreement shall be allowed as an offset pursuant to I.R.C. §§6402(a) and 6601(f) against any tax deficiencies resulting from this agreement." Therefore, the refund due under this

claim should have been applied as an offset to the tax deficiencies arising from the settlement, but it was not.

b. This refund claim results from application of the portion of the §465 suspended losses allowable in this year as a consequence of the increase in the amount at risk resulting from net partnership income reported in this year, based on Agreement Paragraph 8.

c. This refund claim also results from application of the portion of the §465 suspended investment tax credits allowable in this year as a consequence of the increase in the amount at risk resulting from net partnership income reported in this year, based on Agreement Paragraph 8.

d. Based upon the Agreement, the suspended losses and ITC allowable in this year as a consequence of Paragraph 8 of the Agreement are determined as follows:

| | Lone Wolfe McQuade | Cinema 84 | Summer Lovers |
|---|---|---|---|
| Increase of amount at risk due to net partnership income | $5,626.00 | $4,389.00 | $3,284.00 |
| Allowable portion of losses previously suspended under §465 per Agreement | $<5,626.00> | $<4,389.00> | $<3,284.00> |
| Portion of ITC suspended under §465 allowable due to increase in amount at risk | $563.00 | $310.00 | 328.00 |

e. Furthermore, Bush requests that net interest rate of zero pursuant to §6221(d) be applied to overlapping periods of equivalent amounts of underpayments and overpayments.

40. In addition to the grounds set forth above and stated in the refund claim, Bush seeks recovery of the amounts due to him under the Closing Agreement based on the government's breach of that contract.

41. On August 23, 2000 the IRS disallowed Bush's 1993 claim. A copy of the disallowance is attached as Exhibit F.

42. Over six (6) months have elapsed since Bush filed the original claim for refund. Other than the notice of disallowance described above, no action on the claim for refund has been taken by Congress or any agency of the United States, or in any judicial proceeding, including any in the Tax Court of the United States.

COUNT SIX
Calendar Year 1995

43. The Bushes timely filed a joint federal income tax return for the calendar year 1995 and paid the taxes reported due on said return. Lyman F. Bush and Beverly J. Bush's taxpayer identification numbers reflected on the subject tax return are [redacted] and [redacted], respectively.

44. Bush was a partner in Cinema 84 and Lone Wolf for 1995.

45. A dispute arose between the IRS and Cinema 84 and Lone Wolf as to certain partnership items reported on the partnerships' tax returns.

46. On August 7, 1999, Bush and the IRS entered into Closing Agreements with respect to the Cinema 84 dispute and the Lone Wolf dispute. Copies of the Closing Agreements are included as Exhibit A to Exhibit H attached.

47. On November 24, 1999, Bush filed a claim for refund of $9,413.00 for 1995 pursuant to the Cinema 84 and Lone Wolf Closing Agreements. That claim is attached as Exhibit H and the grounds for refund set out in that claim are incorporated herein and restated as follows:

| | Cinema 84 | Lone Wolf McQuade |
|---|---|---|
| Increase of amount at risk due to net partnership income and capital contributions in current year per K-1 | $87,442.00 | $107,206.00 |

| | | |
|---|---|---|
| Portion of losses previously suspended under §465 allowable in current year per Closing Agreement | $57,848.00 | $93,049.00 |
| Portion of ITC suspended under §465 allowable due to increase in amount at risk | $-0.00- | $1,022.00 |

e. Furthermore, Bush requests that net interest rate of zero pursuant to §6221(d) be applied to overlapping periods of equivalent amounts of underpayments and overpayments.

48. In addition to the grounds set forth above and stated in the refund claim, Bush seeks recovery of the amounts due to him under the Closing Agreement based on the government's breach of that contract.

49. On August 23, 2000 the IRS disallowed Bush's 1995 claim. A copy of the first page of the disallowance is attached as Exhibit I.

50. Over six (6) months have elapsed since Bush filed the original claim for refund. Other than the notice of disallowance described above, no action on the claim for refund has been taken by Congress or any agency of the United States, or in any judicial proceeding, including any in the Tax Court of the United States.

51. Lyman Bush, individually, and The Estate of Beverly J. Bush, are the sole owners of the claims asserted herein against the Defendant and have made no assignment of said claims.

WHEREFORE, Plaintiffs Lyman F. Bush, Individually and Lyman F. Bush, Personal Representative of the Estate of Beverly J. Bush, pray for judgment against the Defendant the United States of America in the amount of $45,555.00 plus attorneys' fees, interest and costs allowed by law, and for such other and further relief as this Court may deem appropriate.

Respectfully,

Thomas E. Redding

Thomas E. Redding
Texas State Bar No. 00788707
Redding & Associates, P.C.
P.O. Box 924328
Houston, Texas 77292-4328
(713) 965-9244
(713) 621-5227 (Fax)
ATTORNEY FOR PLAINTIFFS

OF COUNSEL FOR PLAINTIFFS:
Teresa J. Womack
Texas State Bar No. 00788707
Redding & Associates, P.C.
2914 W. T.C. Jester
Houston, Texas 77018
(713)965-9244 Voice
(713)621-5227 Fax

Form **1040X** (Rev. November 1998)

Department of the Treasury — Internal Revenue Service

# Amended U.S. Individual Income Tax Return

▶ See separate instructions.

Bush S03303721

OMB No. 1545-0091

This return is for calendar year ▶ 19 88 , OR fiscal year ended ▶ , 19 .

Please print or type

| | | |
|---|---|---|
| Your first name and initial: LYMAN F. | Last name: BUSH | Your social security number: [redacted] |
| If a joint return, spouse's first name and initial: BEVERLY J. | Last name: BUSH | Spouse's social security number: [redacted] |
| Home address (no. and street) or P.O. box if mail is not delivered to your home: 1217 122nd Street Court East | Apt. no. | Telephone number (optional): 713-965-9244 |
| City, town or post office, state, and ZIP code. If you have a foreign address, see page 2 of the instructions.: Tacoma, Washington 98445 | | For Paperwork Reduction Act Notice, see page 6. |

A If the name or address shown above is different from that shown on the original return, check here ▶ [X]

B Has the original return been changed or audited by the IRS or have you been notified that it will be? [X] Yes [ ] No

C Filing status. Be sure to complete this line. **Note:** *You cannot change from joint to separate returns after the due date.*

On original return ▶ [ ] Single [X] Married filing joint return [ ] Married filing separate return [ ] Head of household [ ] Qualifying widow(er)

On this return ▶ [ ] Single [X] Married filing joint return [ ] Married filing separate return [ ] Head of household* [ ] Qualifying widow(er)

* If the qualifying person is a child but not your dependent, see page 2.

USE PART II ON THE BACK TO EXPLAIN ANY CHANGES

| Income and Deductions (see pages 2 - 5) | Line | A. Original amount or as previously adjusted (see page 2) | B. Net change — amount of increase or (decrease) — explain in Part II | C. Correct amount |
|---|---|---|---|---|
| 1 Adjusted gross income (see page 3) | 1 | 132,934 | (2,338) | 130,596 |
| 2 Itemized deductions or standard deduction (see page 3) | 2 | 28,754 | 47 | 28,801 |
| 3 Subtract line 2 from line 1 | 3 | 104,180 | (2,385) | 101,795 |
| 4 Exemptions. If changing, fill in Parts I and II on the back | 4 | 3,900 | 0 | 3,900 |
| 5 Taxable income. Subtract line 4 from line 3 | 5 | 100,280 | (2,385) | 97,895 |
| **Tax Liability** | | | | |
| 6 Tax (see page 4). Method used in col. C Tax Rate Schedule | 6 | 25,630 | (787) | 24,843 |
| 7 Credits (see page 4) | 7 | | 234 | 234 |
| 8 Subtract line 7 from line 6. Enter the result but not less than zero | 8 | 25,630 | (1,021) | 24,609 |
| 9 Other taxes (see page 4) | 9 | | | |
| 10 Total tax. Add lines 8 and 9 | 10 | 25,630 | (1,021) | 24,609 |
| **Payments** | | | | |
| 11 Federal income tax withheld and excess social security and RRTA tax withheld. If changing, see page 4 | 11 | 15,787 | 0 | 15,787 |
| 12 Estimated tax payments, including amount applied from prior year's return | 12 | 8,732 | 0 | 8,732 |
| 13 Earned income credit | 13 | | | |
| 14 Additional child tax credit from Form 8812 | 14 | | | |
| 15 Credits from Form 4136 or Form 2439 | 15 | | | |
| 16 Amount paid with Form 4868, 2688, or 2350 (applications for extension of time to file) | 16 | | | |
| 17 Amount of tax paid with original return plus additional tax paid after it was filed | 17 | | | 1,111 |
| 18 Total payments. Add lines 11 through 17 in column C | 18 | | | 25,630 |
| **Refund or Amount You Owe** | | | | |
| 19 Overpayment, if any, as shown on original return or as previously adjusted by the IRS | 19 | | | |
| 20 Subtract line 19 from line 18 (see page 4) | 20 | | | 25,630 |
| 21 **AMOUNT YOU OWE.** If line 10, column C, is more than line 20, enter the difference and see page 4 | 21 | | | 0 |
| 22 If line 10, column C, is less than line 20, enter the difference | 22 | | | 1,021 |
| 23 Amount of line 22 you want **REFUNDED TO YOU** | 23 | | | 1,021 ** |
| 24 Amount of line 22 you want **APPLIED TO YOUR 19 ESTIMATED TAX** 24 | | | | |

**Sign Here**
Joint return? See page 2. Keep a copy for your records.

Under penalties of perjury, I declare that I have filed an original return and that I have examined this amended return, including accompanying schedules and statements, and to the best of my knowledge and belief, this amended return is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which the preparer has any knowledge.

▶ Lyman F Bush 11-24-99
Your signature Date

▶ Lyman F Bush Personal Representative of the Estate of Beverly J Bush, deceased 11-24-99
Spouse's signature. If a joint return, BOTH must sign. Date

**Paid Preparer's Use Only**

| | | |
|---|---|---|
| Preparer's signature ▶ B A Thompson CPA | Date 11/23/99 Check if self-employed [X] | Preparer's social security no. [redacted] |
| Firm's name (or yours if self-employed) and address ▶ Brett A. Thompson, CPA, 20214 Kingsland Blvd., Katy, Texas | | EIN |
| | | ZIP code 77450 |

** *or such greater amount as is legally refundable, plus interest.*

ISA STF FED3171F.1

Form 1040X (Rev. 11-98)

EXHIBIT "A"

0265

Bush [redacted]

Form 1040X (Rev. 11-98) Page 2

**Part I** **Exemptions.** See Form 1040, Form 1040A, or Form 1040-T instructions.

If you are **not changing your exemptions,** do not complete this part.
If claiming **more exemptions,** complete lines 25 - 31 and, if applicable, line 32.
If claiming **fewer exemptions,** complete lines 25 - 30.

| | | | A. Original number of exemptions reported or as previously adjusted | B. Net change | C. Correct number of exemptions |
|---|---|---|---|---|---|
| 25 | Yourself and spouse . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **Caution:** *If your parents (or someone else) can claim you as a dependent (even if they chose not to), you cannot claim an exemption for yourself.* | 25 | | | |
| 26 | Your dependent children who lived with you . . . . . . . . . . . . . . . . . . . . | 26 | | | |
| 27 | Your dependent children who did not live with you due to divorce or separation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 27 | | | |
| 28 | Other dependents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 28 | | | |
| 29 | Total number of exemptions. Add lines 25 through 28 . . . . . . . . . . . . . . | 29 | | | |
| 30 | Multiply the number of exemptions claimed on line 29 by the amount listed below for the tax year you are amending. Enter the result here and on line 4. | 30 | | | |

| Tax year | Exemption amount | But see page 3 if the amount on line 1 is over: |
|---|---|---|
| 1998 | $2,700 | $93,400 |
| 1997 | 2,650 | 90,900 |
| 1996 | 2,550 | 88,475 |
| 1995 | 2,500 | 86,025 |

31 Dependents (children and other) not claimed on original (or adjusted) return:
**Note:** *For tax year 1998, do not complete column (e) below. For tax years before 1998, do not complete column (d) below.*

| (a) First name Last name | (b) Dependent's social security number. If born in the tax year you are amending, see page 5. | (c) Dependent's relationship to you | (d) √ if qualifying child for child tax credit (see page 5) | (e) No. of months lived in your home |
|---|---|---|---|---|
| | | | ☐ | |
| | | | ☐ | |
| | | | ☐ | |
| | | | ☐ | |
| | | | ☐ | |
| | | | ☐ | |

No. of your children on line 31 who:
- lived with you . . . . . . . . ▶ ☐
- did not live with you due to divorce or separation (see page 5) . . . . . ▶ ☐

Dependents on line 31 not entered above ▶ ☐

32 For tax year 1995, if your child listed on line 31 did not live with you but is claimed as your dependent under a pre-1985 agreement, check here . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ▶ ☐

**Part II** **Explanation of Changes to Income, Deductions, and Credits**

**Enter the line number from the front of the form for each item you are changing and give the reason for each change. Attach only the supporting forms and schedules for the items changed. If you do not attach the required information, your Form 1040X may be returned. Be sure to include your name and social security number on any attachments.**

If the change relates to a net operating loss carryback or a general business credit carryback, attach the schedule or form that shows the year in which the loss or credit occurred. See page 1 of the instructions. Also, check here . . . . . . . . . . . . . . . . . . . . . . . . . ▶ ☐

***** *PLEASE SEE EXPLANATION ATTACHED* *****

Summary of Changes to Adjusted Gross Income:

| | |
|---|---|
| Adjusted Gross Income As Originally Filed: | $ 132,934 |
| Less: Net Income offset by at-risk loss carryforwards | (2,338) |
| | ------------ |
| Amended Adjusted Gross Income: | $ 130,596 |

**Part III** **Presidential Election Campaign Fund.** Checking below will not increase your tax or reduce your refund.

If you did not previously want $3 to go to the fund but now want to, check here . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ▶ ☐
If a joint return and your spouse did not previously want $3 to go to the fund but now wants to, check here . . . . . . . . . . . . . ▶ ☐

STF FED3171F.2

0266

Form **2848** (Rev. December 1997)
Department of the Treasury
Internal Revenue Service

# Power of Attorney and Declaration of Representative

▶ See the separate instructions.

OMB No. 1545-0150

For IRS Use Only
Received by:
Name
Telephone
Function
Date

**Part I** Power of Attorney (Please type or print.)

**1 Taxpayer information** (Taxpayer(s) must sign and date this form on page 2, line 9.)

| Taxpayer name(s) and address | Social security number(s) | Employer identification number |
|---|---|---|
| Lyman F. and Beverly J. Bush<br>1217 122nd Street Court East<br>Tacoma, WA 98445 | [redacted]<br>[redacted] | |
| | Daytime telephone number | Plan number (if applicable) |

hereby appoint(s) the following representative(s) as attorney(s)-in-fact:

**2 Representative(s)** (Representative(s) must sign and date this form on page 2, Part II.)

| Name and address | |
|---|---|
| Thomas E. Redding<br>P.O. Box 924328<br>Houston, Texas 77292-4328 | CAF No. <br>Telephone No. (713) 965-9244<br>Fax No. (713) 621-5227<br>Check if new: Address ☐ Telephone No. ☐ |
| Sallie W. Gladney<br>P.O. Box 924328<br>Houston, Texas 77292-4328 | CAF No. <br>Telephone No. (713) 965-9244<br>Fax No. (713) 621-5227<br>Check if new: Address ☐ Telephone No. ☐ |
| | CAF No. <br>Telephone No. <br>Fax No. <br>Check if new: Address ☐ Telephone No. ☐ |

to represent the taxpayer(s) before the Internal Revenue Service for the following tax matters:

**3 Tax matters**

| Type of Tax (Income, Employment, Excise, etc.) | Tax Form Number (1040, 941, 720, etc.) | Year(s) or Period(s) |
|---|---|---|
| Income | 1040 | Tax Periods Ending: December 31, 1982, 1983, 1984, 1985, 1986, 1987, 1988, 1989, 1990, 1991, 1992, 1993, 1994 and 1995. |
| | | |
| | | |

**4 Specific use not recorded on Centralized Authorization File (CAF).** If the power of attorney is for a specific use not recorded on CAF, check this box. (See instruction for **Line 4 — Specific uses not recorded on CAF.**) ▶ ☐

**5 Acts authorized.** The representatives are authorized to receive and inspect confidential tax information and to perform any and all acts that I (we) can perform with respect to the tax matters described on line 3, for example, the authority to sign any agreements, consents, or other documents. The authority does not include the power to receive refund checks (see line 6 below), the power to substitute another representative unless specifically added below, or the power to sign certain returns (see instruction for **Line 5 — Acts authorized**).

List any specific additions or deletions to the acts otherwise authorized in this power of attorney: This power includes but is not limited to authorization to exercise the taxpayer's rights under I.R.C. Section 6103(e)(1)(C) relative to Forms 1065 for partnerships in which the taxpayer(s) was a partner.

**Note:** *In general, an unenrolled preparer of tax returns cannot sign any document for a taxpayer. See Revenue Procedure 81-38, printed as Pub. 470, for more information.*

**Note:** *The tax matters partner of a partnership is not permitted to authorize representatives to perform certain acts. See the instructions for more information.*

**6 Receipt of refund checks.** If you want to authorize a representative named on line 2 to receive, BUT NOT TO ENDORSE OR CASH, refund checks, initial here LFB and list the name of that representative below.

Name of representative to receive refund check(s) ▶ Thomas E. Redding

**For Paperwork Reduction and Privacy Act Notice, see the separate instructions.** Form **2848** (Rev. 12-97)

ISA
STF FED4676F.1

0267

4-28-1995 0:31AM FROM P. 2

SEP.-30'99(THU) 14:08 REDDING & ASSOC P.C. TEL:713-621-52 P.002

Form 2848 (Rev. 12-97) Page 2

**Notices and communications.** Original notices and other written communications will be sent to you and a copy to the first representative listed on line 2 unless you check one or more of the boxes below.

a If you want the first representative listed on line 2 to receive the original, and yourself a copy, of such notices or communications, check this box ▶ ☐

b If you also want the second representative listed to receive a copy of such notices and communications, check this box ▶ ☐

c If you do not want any notices or communications sent to your representative(s), check this box ▶ ☐

8 **Retention/revocation of prior power(s) of attorney.** The filing of this power of attorney automatically revokes all earlier power(s) of attorney on file with the Internal Revenue Service for the same tax matters and years or periods covered by this document. If you do not want to revoke a prior power of attorney, check here ▶ ☒

**YOU MUST ATTACH A COPY OF ANY POWER OF ATTORNEY YOU WANT TO REMAIN IN EFFECT.**

9 **Signature of taxpayer(s).** If a tax matter concerns a joint return, both husband and wife must sign if joint representation is requested, otherwise, see the instructions. If signed by a corporate officer, partner, guardian, tax matters partner, executor, receiver, administrator, or trustee on behalf of the taxpayer, I certify that I have the authority to execute this form on behalf of the taxpayer.

▶ **IF NOT SIGNED AND DATED, THIS POWER OF ATTORNEY WILL BE RETURNED.**

Lyman F. Bush (signature) — Signature; 9-30-99 — Date; Title (if applicable)

Lyman F. Bush — Print Name

Lyman F. Bush (signature) — Signature; 9-30-99 — Date; Executor of the Estate of Beverly J. Bush — Title (if applicable)

LYMAN F. BUSH — Print Name

**Part II Declaration of Representative**

Under penalties of perjury, I declare that:

- I am not currently under suspension or disbarment from practice before the Internal Revenue Service;
- I am aware of regulations contained in Treasury Department Circular No. 230 (31 CFR, Part 10), as amended, concerning the practice of attorneys, certified public accountants, enrolled agents, enrolled actuaries, and others;
- I am authorized to represent the taxpayer(s) identified in Part I for the tax matter(s) specified there; and
- I am one of the following:

a Attorney — a member in good standing of the bar of the highest court of the jurisdiction shown below.

b Certified Public Accountant — duly qualified to practice as a certified public accountant in the jurisdiction shown below.

c Enrolled Agent — enrolled as an agent under the requirements of Treasury Department Circular No. 230.

d Officer — a bona fide officer of the taxpayer's organization.

e Full-Time Employee — a full-time employee of the taxpayer.

f Family Member — a member of the taxpayer's immediate family (i.e., spouse, parent, child, brother, or sister).

g Enrolled Actuary — enrolled as an actuary by the Joint Board for the Enrollment of Actuaries under 29 U.S.C. 1242 (the authority to practice before the Service is limited by section 10.3(d)(1) of Treasury Department Circular No. 230).

h Unenrolled Return Preparer — an unenrolled return preparer under section 10.7(c)(viii) of Treasury Department Circular No. 230.

▶ **IF THIS DECLARATION OF REPRESENTATIVE IS NOT SIGNED AND DATED, THE POWER OF ATTORNEY WILL BE RETURNED.**

| Designation — Insert above letter (a - h) | Jurisdiction (state) or Enrollment Card No. | Signature | Date |
|---|---|---|---|
| A | Texas | (signature) Thomas E. Redding | 10/1/99 |
| A | Texas | (signature) Sallie W. Gladney | 10-1-99 |
| | | | |

STP FED1575F.2

0268

**LYMAN F. BUSH and BEVERLY J. BUSH**
**(SSN [redacted] and SSN [redacted])**
**EXPLANATION - 1988 REFUND CLAIM**

The taxpayer and the Commissioner entered into a Closing Agreement ("Agreement") regarding the taxpayer's partnership interest in Cinema 84, a copy of which is attached hereto as Exhibit "A."

This refund claim is being filed and is timely based on Paragraph 15 of the Agreement which provides that "[a]ny refund claim attributable to the operation of this agreement ***shall*** be deemed to be timely filed and ***shall*** be allowed if it is filed with the IRS within one year of the execution of this agreement by the Commissioner of Internal Revenue."

Further, pursuant to Paragraph 15 of the Agreement, "[a]ny refund claim so submitted within 120 days of this agreement shall be allowed as an offset pursuant to I.R.C. §§6402(a) and 6601(f) against any tax deficiencies resulting from this agreement." Therefore, the refund due under this claim must be applied as an offset to the tax deficiencies arising from the settlement. The refund should be applied first to any deficiency determined for 1983 and thereafter any balance to any subsequent year deficiencies.

This refund claim results from application of the portion of the §465 suspended losses allowable in this year as a consequence of the increase in the amount at risk resulting from net partnership income reported in this year, based on Agreement Paragraph 8.

This refund claim also results from application of the portion of the §465 suspended investment tax credits allowable in this year as a consequence of the increase in the amount at risk resulting from net partnership income reported in this year, based on Agreement Paragraph 8.

Based upon the Agreement, the suspended losses and ITC allowable in this year as a consequence of Paragraph 8 of the Agreement are determined as follows:

| | |
|---|---|
| Increase of amount at risk due to net partnership income | $2,338.00 |
| Allowable portion of losses previously suspended under §465 per Agreement | $<2,338.00> |
| Portion of ITC suspended under §465 allowable due to increase in amount at risk | $234.00 |

***Please process this claim immediately and apply the refund as an offset under §6402 as required above.***

Exhibit:

A - Copy of Closing Agreement

C:\DOCS\CORRESP.Q\REFUND.CLM\qsten169.bu5

Department of the Treasury - Internal Revenue Service

# Closing Agreement on Final Determination Covering Specific Matters

Under section 7121 of the Internal Revenue Code of 1986 (hereinafter "Code")

Lyman F. Bush (SSN: [redacted]) and Beverly J. Bush (SSN: [redacted])
(Taxpayers' Name, address, and identifying number)

1217 122nd Street Court East, Tacoma, WA 98445 (hereinafter referred to as taxpayer)

and the Commissioner of Internal Revenue make the following closing agreement:

WHEREAS, a dispute has arisen between the parties as to the Federal income tax treatment to be accorded to the taxpayers' purchase of an investment in Cinema 84 (hereinafter Partnership);

WHEREAS, the parties wish to determine, with finality, the taxpayers' income, gains, losses, deductions and credits for1984 and subsequent years with respect to the Partnership.

NOW IT IS HEREBY DETERMINED AND AGREED for Federal income tax purposes that:

1. No adjustment to the partnership items shall be made for the taxable years 1984 through 1995 for purposes of this settlement.

2. The taxpayers are entitled to claim their distributive share of the partnership losses for 1984 through 1995 only to the extent they are at risk under I.R.C. § 465.

3. The taxpayers' amount at risk for 1984 through 1989 is their capital contribution to the partnership.

4. The taxpayers' capital contribution to the partnership is 50,000.00.

5. Taxpayers' qualified investment for computing investment tax credit is the amount at risk as set forth in paragraph #4.

6. The taxpayers are not at risk under I.R.C. § 465 for any partnership notes, entered into by the partnership to acquire rights in the motion pictures Terminator, Perfect Strangers, Special Effects, Return of the Living Dead, A Breed Apart and Howling II, whether or not assumed by the taxpayers. Any losses disallowed under this agreement are suspended under I.R.C. § 465. Such suspended losses may be used to offset the taxpayers' pro rata share of any income earned by the partnership and/or other income in accordance with the operation of I.R.C. § 465.

7. To the extent the taxpayers make additional cash contributions to the capital of the partnership after 1989, the taxpayers' amount at risk will be increased in accordance with I.R.C. § 465.

8. To the extent the partnership earns net income the taxpayers' at risk will be increased in accordance with I.R.C. § 465.

9. To the extent the taxpayers make cash payments on the partnership notes after the date of execution of this agreement by the Commissioner and the taxpayers, the taxpayers' amount at risk will be increased in accordance with I.R.C. § 465.

EXHIBIT "A"

10. No additions to tax under I.R.C. §§ 6653(a), 6661, 6659 or 6662 will be asserted with respect to the taxpayers' investment in the partnership for 1984 through 1995.

11. The taxpayers are liable for additional interest pursuant to I.R.C. § 6621(c) for tax motivated interest for their investment in the partnership for the taxable years 1984 through 1989.

12. Any deficiency in tax determined under this agreement will be subject to adjustments arising from a carryback or carryforward from other taxable years of any loss, credit or other tax attribute as allowed by the Internal Revenue Code.

13. After the execution of this agreement on behalf of the Commissioner and the taxpayers, the taxpayers shall not recognize any taxable income attributable to any cancellation, discharge, or satisfaction by foreclosure or conveyance of assets, of any partnership notes entered into by the partnership to acquire rights in the motion pictures Terminator, Perfect Strangers, Special Effects, Return of the Living Dead, A Breed Apart and Howling II, whether or not the taxpayers assumed a pro rata share of said note, or from said partnership notes upon liquidation or dissolution of the partnership.

14. The taxpayers shall be taxable on their distributive share of any income or gains of the partnership for years after 1987 only to the extent said income exceeds losses suspended under the at risk rules of I.R.C. § 465 and/or the cash and/or the fair market value of property distributed to the taxpayers.

15. Any refund claim attributable to the operation of this agreement shall be deemed to be timely filed and shall be allowed if it is filed with the IRS within one year of the execution of this agreement by the Commissioner of Internal Revenue. Any refund claim so submitted pursuant to this paragraph within 120 days after the execution of this agreement on behalf of the Commissioner of Internal Revenue shall be allowed as an offset pursuant to I.R.C. §§ 6402(a) and 6601(f) against any tax deficiencies resulting from this agreement.

16. This agreement constitutes a settlement within the meaning of I.R.C. § 6224(c) and the taxpayers' partnership items are converted to non partnership items effective as of the date of this closing agreement is accepted on behalf of the Commissioner. The taxpayers, in accordance with the provisions of I.R.C. § 6224(b), also waive the restrictions on assessment and collection of any deficiencies attributable to the converted partnership items with interest as provided by law in I.R.C. § 6225(a) that results from this agreement.

17. This closing agreement when accepted by the Commissioner is a determination under the mitigation provisions of the Internal Revenue Code. (I.R.C. § 1311 <u>et seq</u>.).

18. To the extent the taxpayers make cash payments on the partnership notes, after the date this agreement is executed by the taxpayers and the Commissioner, and after the termination of the partnership, a deduction shall be allowed in the year of said payment.

19. This agreement does not in any way diminish or enhance the rights of the spouse of any partner to assert his or her right to relief as an innocent spouse under I.R.C. § 6015.

20. This agreement supersedes any prior agreement entered into between the taxpayers and the Internal Revenue Service.

This agreement is final and conclusive except:

(1) the matter it relates to may be reopened in the event of fraud, malfeasance, or misrepresentation of material fact;

(2) it is subject to the Internal Revenue Code sections that expressly provide that effect be given to their provisions notwithstanding any other law or rule of law except Code Section 7122; and

(3) if it relates to a taxable period ending after the date of this agreement, it is subject to any law, enacted after the agreement date, that applies to that tax period.

By signing, the above parties certify that they have read and agreed to the terms of this document.

Your signature Lynnun F Bush ______ Date Signed 6-25-99

Spouse's signature (if a joint return was filed) Beverly J. Bush BY Lynnun F Bush SPOUSE OF DECEASED Date Signed 6-25-99

Taxpayer's Representative ______ Date Signed ______

Taxpayer (other than individual) ______

By ______ Date Signed ______

Title ______

Commissioner of Internal Revenue

By Philip J. Dolsano ______ Date Signed 8/2/99

Title Associate Chief ______

I have examined the specific matters involved and recommend the acceptance of the proposed agreement.

Bradford A. Johnson 7/22/99

(Receiving Officer) (Date)

Assistant District Counsel

(Title)

AS ORIGINALLY FILED

AS AMENDED

Form 1040 Department of the Treasury—Internal Revenue Service
U.S. Individual Income Tax Return 1988

For the year Jan.–Dec. 31, 1988, or other tax year beginning , 1988, ending , 19 . OMB No. 1545-0074

Label
Use IRS label. Otherwise, please print or type.

LYMAN F & BEVERLY J. BUSH
1217 122 ND ST. CT. E
TACOMA, WA 98445

Your social security number [redacted]
Spouse's social security no. [redacted]

For Privacy Act and Paperwork Reduction Act Notice, see Instructions.

Presidential Election Campaign
Do you want $1 to go to this fund? Yes / X No
If joint return, does your spouse want $1 to go to this fund? Yes / X No
Note: Checking "Yes" will not change your tax or reduce your refund.

Filing Status
Check only one box.
1 [ ] Single
2 [X] Married filing joint return (even if only one had income)
3 [ ] Married filing separate return. Enter spouse's soc. sec. no. above and full name here.
4 [ ] Head of household (with qualifying person). If the qualifying person is your child but not your dependent, enter child's name here.
5 [ ] Qualifying widow(er) with dependent child (year spouse died ▶ 19 ).

Exemptions
6a [X] Yourself. If someone (such as your parent) can claim you as a dependent, do not check box 6a. But be sure to check the box on line 33b on page 2.
b [X] Spouse
No. of boxes checked on 6a and 6b: 2

(See Instructions on page 8.)

c Dependents:

| (1) Name (first, initial, and last name) | (2) Check if under age 5 | (3) If age 5 or older, dependent's social security number | (4) Relationship | (5) No. of months lived in your home in 1988 |
|---|---|---|---|---|
| | | | | |

No. of your children on 6c who: ● lived with you; ● didn't live with you due to divorce or separation; No. of other dependents listed on 6c

If more than 6 dependents, see Instructions on page 8.

d If your child didn't live with you but is claimed as your dependent under a pre-1985 agreement, check here ▶ [ ]
e Total number of exemptions claimed
Add numbers entered on lines above ▶ 2

| Line | Description | Amount |
|---|---|---|
| **Income** | | |
| 7 | Wages, salaries, tips, etc. (attach Form(s) W-2) | 80144. |
| 8a | Taxable interest income (also attach Schedule B if over $400) | 23748. |
| 8b | Tax-exempt interest income (see page 11). DON'T include on line 8a — 8b: 15131. | |
| 9 | Dividend income (also attach Schedule B if over $400) | 2542. |
| 10 | Taxable refunds of state and local income taxes, if any, from worksheet on page 11 of Instructions | |
| 11 | Alimony received | |
| 12 | Business income or (loss) (attach Schedule C) | |
| 13 | Capital gain or (loss) (attach Schedule D) | 14531. |
| 14 | Capital gain distributions not reported on line 13 (see page 11) | |
| 15 | Other gains or (losses) (attach Form 4797) | |
| 16a | Total IRA distributions 16a — 16b Taxable amount (see page 11) | |
| 17a | Total pensions and annuities 17a — 17b Taxable amount (see page 12) | |
| 18 | Rents, royalties, partnerships, estates, trusts, etc. (attach Schedule E) | 10034. |
| 19 | Farm income or (loss) (attach Schedule F) | |
| 20 | Unemployment compensation (insurance) (see page 13) | |
| 21a | Social security benefits (see page 13) — 21a: 9120. | |
| 21b | Taxable amount, if any, from the worksheet on page 13 | 4560. |
| 22 | Other income — OXFORD LEASE-IRS SETTLEMENT -625. | -625. |
| 23 | Add the amounts shown in the far right column for lines 7 through 22. This is your total income ▶ | 134934. |
| **Adjustments to Income** | | |
| 24 | Reimbursed employee business expenses from Form 2106, line 13 — 24 | |
| 25a | Your IRA deduction, from applicable worksheet on page 14 or 15 — 25a: 2000. | |
| 25b | Spouse's IRA deduction, from applicable worksheet on page 14 or 15 — 25b | |
| 26 | Self-employed health insurance deduction, from worksheet on page 15 — 26 | |
| 27 | Keogh retirement plan and self-employed SEP deduction — 27 | |
| 28 | Penalty on early withdrawal of savings — 28 | |
| 29 | Alimony paid (recipient's last name and social security no.) — 29 | |
| 30 | Add lines 24 through 29. These are your total adjustments ▶ | 2000. |
| **Adjusted Gross Income** | | |
| 31 | Subtract line 30 from line 23. This is your adjusted gross income. If this line is less than $18,576 and a child lived with you, see "Earned Income Credit" (line 56) on page 19 of the Instructions. If you want IRS to figure your tax, see page 16 of the Instructions ▶ | 132934. |

Please attach Copy B of your Forms W-2, W-2G, and W-2P here.
If you do not have a W-2, see page 6 of Instructions.
Please attach check or money order here.

COPY

LESS GAIN OFFSET BY AT RISK CARRY FORW.
<2,338>
134,934
<2,000>
130,596

0273

04/12 01:12

AS ORIGINALLY FILED

AS AMENDED

| Line | Description | | Amount | As Amended |
|---|---|---|---|---|
| | Amount from line 31 (adjusted gross income) | | | 130,596 |
| 33a | Check if: ☐ You were 65 or older ☐ Blind; ☐ Spouse was 65 or older ☐ Blind. Add the number of boxes checked and enter the total here ▶ 33a | | | |
| b | If someone (such as your parent) can claim you as a dependent, check here ▶ 33b ☐ | | | |
| c | If you are married filing a separate return and your spouse itemizes deductions, or you are a dual-status alien, see page 16 and check here ▶ 33c ☐ | | | |
| 34 | Enter the larger of: • Your standard deduction (from page 17 of the Instructions), OR • Your itemized deductions (from Schedule A, line 26). If you itemize, attach Schedule A and check here ▶ [X] | 34 | 28754. | ‹28,801› |
| 35 | Subtract line 34 from line 32. Enter the result here | 35 | 104180. | |
| 36 | Multiply $1,950 by the total number of exemptions claimed on line 6e | 36 | 3900. | ‹3,900› |
| 37 | Taxable income. Subtract line 36 from line 35. Enter the result (if less than zero, enter zero). Caution: If under age 14 and you have more than $1,000 of investment income, check here ▶ ☐ and see page 17 to see if you have to use Form 8615 to figure your tax. | 37 | 100280. | 97,895 |
| 38 | Enter tax. Check if from: ☐ Tax Table, [X] Tax Rate Schedules, or ☐ Form 8615 | 38 | 25630. | 24,843 |
| 39 | Additional taxes (see page 17). Check if from: ☐ Form 4970 or ☐ Form 4972 | 39 | | |
| 40 | Add lines 38 and 39. Enter the total ▶ | 40 | 25630. | |
| **Credits** | | | | |
| 41 | Credit for child and dependent care expenses (attach Form 2441) | 41 | | |
| 42 | Credit for the elderly or the disabled (attach Schedule R) | 42 | | |
| 43 | Foreign tax credit (attach Form 1116) | 43 | | |
| 44 | General business credit. Check if from: ☐ Form 3800 or ☐ Form (specify) | 44 | | ‹234› |
| 45 | Credit for prior year minimum tax (attach Form 8801) | 45 | | |
| 46 | Add lines 41 through 45. Enter the total | 46 | | |
| 47 | Subtract line 46 from line 40. Enter the result (if less than zero, enter zero) ▶ | 47 | 25630. | 24,609 |
| **Other Taxes (Including Advance EIC Payments)** | | | | |
| 48 | Self-employment tax (attach Schedule SE) | 48 | | |
| 49 | Alternative minimum tax (attach Form 6251) | 49 | | |
| 50 | Recapture taxes (see page 18). Check if from: ☐ Form 4255 or ☐ Form 8611 | 50 | | |
| 51 | Social security tax on tip income not reported to employer (attach Form 4137) | 51 | | |
| 52 | Tax on an IRA or a qualified retirement plan (attach Form 5329) | 52 | | |
| 53 | Add lines 47 through 52. This is your total tax ▶ | 53 | 25630. | |
| **Payments** (Attach Forms W-2, W-2G, and W-2P to front.) | | | | |
| 54 | Federal income tax withheld (if any is from Form(s) 1099, check ▶ ☐) | 54 | 15787. | SCHEDULE 3 |
| 55 | 1988 estimated tax payments and amount applied from 1987 return | 55 | 8732 | |
| 56 | Earned income credit (see page 19) | 56 | | |
| 57 | Amount paid with Form 4868 | 57 | | |
| 58 | Excess social security tax and RRTA tax withheld (see page 20) | 58 | | |
| 59 | Credit for Federal tax on fuels (attach Form 4136) | 59 | | |
| 60 | Regulated investment company credit (attach Form 2439) | 60 | | |
| 61 | Add lines 54 through 60. These are your total payments ▶ | 61 | 24519. | |
| **Refund or Amount You Owe** | | | | |
| 62 | If line 61 is larger than line 53, enter amount OVERPAID ▶ | 62 | | |
| 63 | Amount of line 62 to be REFUNDED TO YOU ▶ | 63 | | |
| 64 | Amount of line 62 to be applied to your 1989 estimated tax ▶ 64 | | | |
| 65 | If line 53 is larger than line 61, enter AMOUNT YOU OWE. Attach check or money order for full amount payable to "Internal Revenue Service." Write your social security number, daytime phone number, and "1988 Form 1040" on it. Check ▶ [X] if Form 2210 (2210F) is attached. See page 21. Penalty: $ | 65 | 1111. | |

Under penalties of perjury, I declare that I have examined this return and accompanying schedules and statements, and to the best of my knowledge and belief, they are true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

**Please Sign Here**

Your signature | Date | Your occupation: STRUCTRAL ENG.

Spouse's signature (if joint return, BOTH must sign) | Date | Spouse's occupation: TEACHER

**Paid Preparer's Use Only**

Preparer's signature: Stephen O. Roberts, C.P.A. | Date: 4-15-89 | Check if self-employed ☐ | Preparer's social security no. [redacted]

Firm's name (or yours, if self-employed) and address: STEPHEN O. ROBERTS, CPA, PS, 1501 WEST VALLEY HWY. NO. SUITE 103, AUBURN, WASHINGTON | E.I. No. 91 1155753 | ZIP code 98001

04/12 01:12 006773 119CT 056 BUSH 10280038

0274

AS ORIGINALLY FILED

AS AMENDED

SCHEDULE A (Form 1040) Department of the Treasury Internal Revenue Service

# Schedule A - Itemized Deductions

▶ Attach to Form 1040. ▶ See Instructions for Schedule A (Form 1040).

OMB No. 1545-0074 1988 Attachment Sequence No. 07

Name(s) as shown on Form 1040: LYMAN F & BEVERLY J. BUSH

Your social security number: [redacted]

| Section | Line | Description | Box | Amount | Line | Total | As Amended |
|---|---|---|---|---|---|---|---|
| Medical and Dental Expenses (Do not include expenses reimbursed or paid by others.) | 1a | Prescription medicines and drugs, insulin, doctors, dentists, nurses, hospitals, medical insurance premiums you paid, etc. SCHEDULE 8 | 1a | 1542. | | | |
| | b | Other (list – include hearing aids, dentures, eyeglasses, transportation and lodging, etc.) ▶ LAB FEES 81. TRANSPORTATION/LODGING 73. | 1b | 154. | | | |
| | 2 | Add lines 1a and 1b, and enter the total here | 2 | 1696. | | | |
| | 3 | Multiply the amount on Form 1040, line 32, by 7.5% (.075) | 3 | 9970. | | | |
| | 4 | Subtract line 3 from line 2. If zero or less, enter -0-. Total medical and dental | | | 4 | 0. | 0 |
| Taxes You Paid | 5 | State and local income taxes | 5 | | | | |
| | 6 | Real estate taxes | 6 | 1800. | | | |
| | 7 | Other taxes (list – include personal property taxes) ▶ PERSONAL PROPERTY TAX 570. | 7 | 570. | | | |
| | 8 | Add the amounts on lines 5 through 7. Enter the total here. Total taxes | | | 8 | 2370. | 2,370 |
| Interest You Paid | | Note: New rules apply to the home mortgage interest deduction. See Instructions | | | | | |
| | 9a | Deductible home mortgage interest you paid to financial institutions | 9a | 819. | | | |
| | b | Deductible home mortgage interest you paid to individuals (name and address) ▶ | 9b | | | | |
| | 10 | Deductible points. (See Instructions for special rules.) | 10 | | | | |
| | 11 | Deductible investment interest (See page 24) SEE SCHEDULE 6 | 11 | 16879. | | | |
| | 12a | Personal interest you paid (see page 24) | 12a | | | | |
| | b | Multiply the amount on line 12a by 40% (.40). Enter the result | 12b | | | | |
| | 13 | Add the amounts on lines 9a through 11, and 12b. Enter the total here. Total interest | | | 13 | 17698. | 17,698 |
| Gifts to Charity | 14 | Contributions by cash or check. (If you gave $3,000 or more to any one organization, show to whom you gave and how much you gave.) ▶ SEE SCHEDULE 5 | 14 | 2480. | | | |
| | 15 | Other than cash or check. (You must attach Form 8283 if over $500.) SCH 7 | 15 | 330. | | | |
| | 16 | Carryover from prior year | 16 | | | | |
| | 17 | Add the amounts on lines 14 through 16. Enter the total here. Total contributions | | | 17 | 2810. | 2,810 |
| Casualty and Theft Losses | 18 | Casualty or theft loss(es) (attach Form 4684). | | | 18 | | |
| Moving Expenses | 19 | Moving expenses (attach Form 3903 or 3903F). (See page 26 of the Instructions.) | | | 19 | | |
| Job Expenses and Most Other Miscellaneous Deductions | 20 | Unreimbursed employee expenses – job travel, union dues, job education, etc. (You MUST attach Form 2106 in some cases. See Instructions.) ▶ FROM FORM 2106 2028. | 20 | 2028. | | | |
| | 21 | Other expenses (investment, tax preparation, safe deposit box, etc.) List type and amount ▶ SEE SCHEDULE 4 *2612 Amended* | 21 | 6507. | | | |
| | 22 | Add the amounts on lines 20 and 21. Enter the total | 22 | 8535. | | | |
| | 23 | Multiply the amount on Form 1040, line 32, by 2% (.02). Enter the result here | 23 | 2659. | | | |
| | 24 | Subtract line 23 from line 22. Enter the result (if zero or less, enter zero) | | | 24 | 5876. | 5,923 |
| Other Miscellaneous Deductions | 25 | Other (from list on page 26 of Instructions). Enter type and amount ▶ | | | 25 | | |
| Total Itemized Deductions | 26 | Add the amounts on lines 4, 8, 13, 17, 18, 19, 24, and 25. Enter the total here. Then enter on Form 1040, line 34, the LARGER of this total or your standard deduction from page 17 of the Instructions | | | 26 | 28754. | 28,801 |

COPY

For Paperwork Reduction Act Notice, see Form 1040 Instructions. Schedule A (Form 1040) 1988

AS ORIGINALLY FILED

SCHEDULE E (Form 1040)
Department of the Treasury Internal Revenue Service

# Supplemental Income Schedule

(From rents, royalties, partnerships, estates, trusts, REMICs, etc.)
▶ Attach to Form 1040, Form 1041, or Form 1041S.
▶ See Instructions for Schedule E (Form 1040).

OMB No. 1545-0074
1988
Attachment Sequence No. 13

Name(s) as shown on return: LYMAN F & BEVERLY J. BUSH
Your social security number: [redacted]

**Part I** Rental and Royalty Income or Loss — Caution: Your rental loss may be limited.

1 In the space provided below, show the kind and location of each rental property.
2 For each rental property listed, did you or a member of your family use it for personal purposes for more than the greater of 14 days or 10% of the total days rented at fair rental value during the tax year?
3 For each rental real estate property listed in item 1, did you actively participate in its operation during the tax year?

| | Item 2 Yes | Item 2 No | Item 3 | Yes | No |
|---|---|---|---|---|---|
| Property A 5026 SO PUGET SOUND | | X | Property A | X | |
| Property B | | | Property B | | |
| Property C | | | Property C | | |

| Rental and Royalty Income | Line | A | B | C | Line | Totals (Add columns A, B, and C) |
|---|---|---|---|---|---|---|
| 4 Rents received | | 1538. | | | 4 | 1538. |
| 5 Royalties received | | | | | 5 | |
| **Rental and Royalty Expenses** | | | | | | |
| 6 Advertising | 6 | | | | | |
| 7 Auto and travel | 7 | | | | | |
| 8 Cleaning and maintenance | 8 | | | | | |
| 9 Commissions | 9 | | | | | |
| 10 Insurance | 10 | | | | | |
| 11 Legal and other professional fees | 11 | | | | | |
| 12 Mortgage interest paid to banks, etc. | 12 | | | | 12 | |
| 13 Other interest | 13 | | | | | |
| 14 Repairs – Carpenter, screens, etc. / – Electrical and plumbing / – Painting and decorating / – Roofing / – Miscellaneous | 14 | | | | | |
| 15 Supplies | 15 | | | | | |
| 16 Taxes (Do not include windfall profit tax here. See Part V, line 40.) | 16 | | | | | |
| 17 Utilities | 17 | | | | | |
| 18 Wages and salaries | 18 | | | | | |
| 19 Other (list) ▶ SEE SCHEDULE 11 | 19 | 1074. | | | | |
| 20 Total expenses. Add lines 6 through 19 | 20 | 1074. | | | 20 | 1074. |
| 21 Depreciation expense or depletion | 21 | 552. | | | 21 | 552. |
| 22 Total. Add lines 20 and 21 | 22 | 1626. | | | | |
| 23 Income or (loss) from rental or royalty properties. Subtract line 22 from line 4 (rents) or 5 (royalties) | 23 | -88. | | | | |
| 24 Deductible rental loss. Caution: Your rental loss on line 23 may be limited. See Instructions to determine if you must file Form 8582. | 24 | -63. | | | | |

| | Line | Amount |
|---|---|---|
| 25 Profits. Add rental and royalty profits from line 23. Enter the total profits here | 25 | 0. |
| 26 Losses. Add royalty losses from line 23 and rental losses from line 24. Enter the total (losses) here | 26 | ( 63) |
| 27 Combine amounts on lines 25 and 26. Enter the net profit or (loss) here | 27 | -63. |
| 28 Net farm rental profit or loss from Form 4835. (Also complete Part VI, line 43.) | 28 | 0. |
| 29 Total rental or royalty income or (loss). Combine amounts on lines 27 and 28. Enter the total here. If Parts II, III, IV, and V on page 2 do not apply to you, enter the amount from line 29 on Form 1040, line 18. Otherwise, include the amount from line 29 in line 42 on page 2 of Schedule E | 29 | -63. |

N761 For Paperwork Reduction Act Notice, see Form 1040 Instructions.

Schedule E (Form 1040) 1988

AS ORIGINALLY FILED

AS AMENDED

Schedule E (Form 1040) 1988 Attachment Sequence No. OMB No. 1545-0074 Page 2

Name(s) as shown on return (Do not enter name and social security number if shown on Page 1.) | Your social security number

LYMAN F & BEVERLY J. BUSH [redacted]

**Part II** Income or Loss From Partnerships and S Corporations

If you report a loss from an at-risk activity, you MUST check either column (e) or (f) to describe your investment in the activity. If you check column (f), you must attach Form 6198

| | (a) Name | (b) Enter P for partnership; S for S corporation | (c) Check if foreign partnership | (d) Employer identification number | (e) All is at risk | (f) Some is not at risk |
|---|---|---|---|---|---|---|
| A | SEE SCHEDULE 12 | | | | | |
| B | | | | | | |
| C | | | | | | |
| D | | | | | | |
| E | | | | | | |

| | Passive Income and Loss | | Nonpassive Income and Loss | | |
|---|---|---|---|---|---|
| | (g) Passive loss allowed from Form 8582 | (h) Passive income from Schedule K-1 | (i) Nonpassive loss from Schedule K-1 | (j) Section 179 deduction | (k) Nonpassive income from Schedule K-1 |
| A | | | | | |
| B | | | | | |
| C | | | | | |
| D | | | | | |
| E | | | | | |
| 30a Totals | | 10. | | | 17461. |
| b Totals | 7253. | | 121. | | |

| | | | |
|---|---|---|---|
| 31 | Add amounts in columns (h) and (k), line 30a. Enter total income here | 31 | 17471. |
| 32 | Add amounts in columns (g), (i), and (j), line 30b. Enter total here | 32 | ( 7374. ) |
| 33 | Total partnership and S corporation income or (loss.) Combine amounts on lines 31 and 32. Enter the total here and include in line 42 below | 33 | 10097. |

**Part III** Income or Loss From Estates and Trusts

| | (a) Name | (b) Employer identification number |
|---|---|---|
| A | | |
| B | | |
| C | | |

| | Passive Income and Loss | | Nonpassive Income and Loss | |
|---|---|---|---|---|
| | (c) Passive deduction or loss allowed from Form 8582 | (d) Passive income from Schedule K-1 | (e) Deduction or loss from Schedule K-1 | (f) Other income from Schedule K-1 |
| A | | | | |
| B | | | | |
| C | | | | |
| 34a Totals | | | | |
| b Totals | | | | |

| | | | |
|---|---|---|---|
| 35 | Add amounts in columns (d) and (f), line 34a. Enter total income here | 35 | |
| 36 | Add amounts in columns (c) and (e), line 34b. Enter total loss here | 36 | ( ) |
| 37 | Total estate and trust income or (loss.) Combine amounts on lines 35 and 36. Enter the total here and include in line 42 below | 37 | |

**Part IV** Income or Loss From Real Estate Mortgage Investment Conduits (REMICs) – Residual Holder

| (a) Name | (b) Employer identification number | (c) Excess inclusion from Schedules Q, line 2c | (d) Taxable income (net loss) from Schedules Q, line 1b | (e) Income from Schedules Q, line 3b |
|---|---|---|---|---|
| | | | | |

| | | | |
|---|---|---|---|
| 38 | Combine amounts in columns (d) and (e) only. Enter the total here and include in line 42 below | 38 | |

**Part V** Windfall Profit Tax Summary

| | | | |
|---|---|---|---|
| 39 | Windfall profit tax credit or refund received in 1988 | 39 | |
| 40 | Windfall profit tax withheld in 1988 | 40 | ( ) |
| 41 | Combine amounts on lines 39 and 40. Enter the total here and include in line 42 below | 41 | |

**Part VI** Summary

| | | | |
|---|---|---|---|
| 42 | TOTAL income or (loss.) Combine amounts on lines 29, 33, 37, 38, and 41. Enter total here and on Form 1040, line 18 ▶ | 42 | 10034. |
| 43 | Farmers and fishermen: Enter your share of GROSS FARMING AND FISHING INCOME applicable to Parts I, II, and III | 43 | |

04/12 01:12 006773 119CT 056 BUSH 10280038

0277

AS ORIGINALLY FILED

SCHEDULE E — OTHER EXPENSES — SCHEDULE 11

| DESCRIPTION | GROSS AMOUNT | EXCL AMOUNT | NET AMOUNT |
|---|---|---|---|
| REPAIRS & MAINT | 1951. | 1301. | 650. |
| TAXES | 657. | 438. | 219. |
| INSURANCE | 152. | 101. | 51. |
| AGENCY | 462. | 308. | 154. |
| TOTAL EXPENSES TO SCHEDULE E, LINE 19 | 3222. | 2148. | 1074. |

SCHEDULE E — INCOME OR (LOSS) FROM PARTNERSHIPS AND S CORPS — SCHEDULE 12

| NAME / EMPLOYER ID NO. | NOT AT RISK | CODE | PASSIVE LOSS | PASSIVE INCOME | NONPASSIVE LOSS | SEC. 179 DEDUCT. | NONPASSIVE INCOME |
|---|---|---|---|---|---|---|---|
| SUMMER LOVERS ASSOC 11-2615060 | | P | | | 15. | | |
| LONE WOLF MC QUADE ASSOC 13-3109971 | | P | | | 38. | | |
| BUSH WEAVER 91-0993948 | | P | | | | | 649. |
| FAWCETT PLAZA ONE 91-1012413 | | P | 5763. | | | | |
| CINEMA 84 11-2678807 | | P | | | | | 2338. |
| MRI BUSINESS PROPERTIES 94-2919856 | | P | 528. | | | | |
| MEDICAL EQUIPMENT FUND TWO NEW YORK, NY | | P | | | | | 14474. |
| PUGET SOUND INVESTOR II TACOMA, WA 91-1258275 | | P | 169. | | | | |
| ML-LEE ACQUISITION FUND, LP NEW YORK | | P | | 10. | 68. | | |
| HAMPTONS II:GRACE ESTATES LIMITED 22-2894733 | | P | 793. | | | | |
| TOTALS TO SCH E, LN 30 | | | 7253. | 10. | 121. | | 17461. |

Income Removed to extent of At Risk Loss Carry forward

0278

10

AS AMENDED

Form **3468**
Department of the Treasury
Internal Revenue Service (X)

# Computation of Investment Credit

▶ Attach to your tax return.
▶ Schedule B (Business Energy Investment Credit) on back.

OMB No. 1545-0155
1987 8
Attachment Sequence No. 24

Name(s) as shown on return | Identifying number

**Part I** Elections (Check the box(es) below that apply to you (See Instruction D).)

A I elect to increase my qualified investment by all qualified progress expenditures (QPE) made this and all later tax years . . . . . . ☐
Enter total qualified progress expenditures included in column (4), Part II ▶
B I claim full credit on certain ships under section 46(g)(3) (See Instruction B for details) . . . . ☐

**Part II** Qualified Investment (Certain Transition Property, QPE Property, and Qualified Timber Property)

| 1 Recovery Property | | Line | (1) Class of Property | (2) Cost or Other Basis | (3) Applicable Percentage | (4) Qualified Investment (Column 2 x column 3) |
|---|---|---|---|---|---|---|
| Regular Percentage | New Property | (a) | 3-year | | 60 | |
| | | (b) | Other | 2,338 | 100 | 2,338 |
| | Used Property | (c) | 3-year | | 60 | |
| | | (d) | Other | | 100 | |

| | | | |
|---|---|---|---|
| 2 | Nonrecovery property—Enter total qualified investment (See instructions for line 2) | 2 | |
| 3 | **Total qualified investment in 10% property**—Add lines 1(a) through 1(d), column (4), and line 2 (See instructions for special limits) | 3 | 2,338 |
| 4 | Regular credit—(See instructions for line 4 for amount to enter) | 4 | 234 |
| 5 | Qualified rehabilitation expenditures (enter qualified investment and multiply by percentage shown): | | |
| a | **Transition Property and Certain Projects placed in service after 12-31-86:** | | |
| | (i) 30-year-old buildings ______ × 10% | 5a(i) | |
| | (ii) 40-year-old buildings ______ × 13% | 5a(ii) | |
| | (iii) Certified historic structures (attach NPS certificate) ______ × 25% | 5a(iii) | |
| b | **Rehabilitation Property** (not shown above) **placed in service after 12-31-86:** | | |
| | (i) Pre-1936 buildings ______ × 10% | 5b(i) | |
| | (ii) Certified historic structures (attach NPS certificate) ______ × 20% | 5b(ii) | |
| 6 | Credit from cooperatives—Enter regular investment credit from cooperatives | 6 | |
| 7 | Business energy investment credit—From line 6 of Schedule B (see back of this form) | 7 | |
| 8 | Current year investment credit—Add line 4 through line 7 | 8 | 234 |

***Note:** If you have a 1987 jobs credit (Form 5884), credit for alcohol used as fuel (Form 6478), research credit (Form 6765), or low-income housing credit (Form 8586) in addition to your 1987 investment credit, or if you have a carryback or carryforward of any general business credit, stop here and go to Form 3800, General Business Credit, to claim your 1987 investment credit. If you have only a 1987 investment credit (which may include business energy investment credit), you may continue with lines 9 through 16 to claim your credit.*

**Part III** Tax Liability Limitations

| | | | |
|---|---|---|---|
| 9a | Individuals—From Form 1040, enter amount from line ~~45~~ AFTER CHILD CARE Credits | | |
| b | Corporations—From Form 1120, Schedule J, enter tax from line 3 (or Form 1120-A, Part I, line 1) | | |
| c | Other filers—Enter income tax before credits from return . . . 43 - Foreign Tax Credit | 9 | 24,843 |
| 10a | Individuals—From Form 1040, enter credit from line ~~44~~ plus any orphan drug and nonconventional source fuel credits included on line 46 | | |
| b | Corporations—From Form 1120, Schedule J, enter credits from lines 4(a) through 4(d) (Form 1120-A filers, enter zero) | | |
| c | Other filers—See instructions for line 10c | 10 | — |
| 11 | Income tax liability as adjusted (subtract line 10 from line 9) | 11 | 24,843 |
| 12 | Tentative minimum tax— | | |
| a | Individuals—From Form 6251, enter amount from line 17 | | |
| b | Corporations—From Form 4626, enter amount from line 19 | | |
| c | Estates and Trusts—From Form 8656, enter amount from line 20 | 12 | 14,969 |
| 13 | Excess of income tax liability over tentative minimum tax—Subtract line 12 from line 11 | 13 | 9,874 |
| 14a | Enter smaller of line 11 or $25,000 (See instructions for line 14) | 14a | 24,843 |
| b | If line 11 is more than $25,000—Enter 75% of the excess | 14b | — |
| 15 | Add lines 14a and 14b | 15 | 24,843 |
| 16 | Total allowed credit—Enter the smallest of line 8, line 13, or line 15 (corporations, see instructions)—This is your **General Business Credit** for 1987. Enter here and on Form 1040, line 45; Form 1120, Schedule J, line 4(e); Form 1120-A, Part I, line 2; or the proper line of other returns | 16 | 234 |

**For Paperwork Reduction Act Notice, see separate Instructions.** Form 3468 (1987)

AS AMENDED

Form **3800**
Department of the Treasury
Internal Revenue Service

## General Business Credit

► Attach to your tax return.

OMB No. 1545-0895
~~1987~~ 8
Attachment Sequence No. 25

Name(s) as shown on return | Identifying number

**Part I Tentative Credit**

| | | | |
|---|---|---|---|
| 1 | Investment credit (Form 3468, line 8) | 1 | 234 |
| 2 | Jobs credit (Form 5884, line 7) | 2 | |
| 3 | Credit for alcohol used as fuel (Form 6478, line 11) | 3 | |
| 4 | Credit for increasing research activities (Form 6765, line 25) | 4 | |
| 5 | Low-income housing credit (Form 8586, line 8) | 5 | |
| 6 | **Current year general business credit**—Add lines 1 through 5 | 6 | 234 |
| 7 | Carryforward of general business credit (or investment (see instructions), WIN, jobs, alcohol fuel, research, ESOP, or low-income housing credits) | 7 | |
| 8 | Carryback of general business credit to 1987 | 8 | |
| 9 | Tentative general business credit—Add lines 6, 7, and 8 | 9 | 234 |

**Part II Tax Liability Limitations**

| | | | |
|---|---|---|---|
| 10a | Individuals—From Form 1040, enter amount from line 43 | | |
| b | Corporations —From Form 1120, Schedule J, enter tax from line 3 (or Form 1120-A, Part I, line 1) | | |
| c | Other filers—Enter income tax before credits from return | 10 | 24,843 |
| 11a | Individuals—From Form 1040, enter credit from line 44, plus any orphan drug and nonconventional source fuel credits included on line 46 | | |
| b | Corporations—From Form 1120, Schedule J, enter credits from lines 4(a) through 4(d) (Form 1120-A filers, enter zero) | | |
| c | Other filers—See instructions for line 11c | 11 | — |
| 12 | Income tax liability as adjusted—Subtract line 11 from line 10 | 12 | 24,843 |
| 13 | Tentative minimum tax— | | |
| a | Individuals—From Form 6251, enter amount from line 17 | | |
| b | Corporations—From Form 4626, enter amount from line 19 | | |
| c | Estates and Trusts—From Form 8656, enter amount from line 20 | 13 | 14,969 |
| 14 | Excess of income tax liability over tentative minimum tax—Subtract line 13 from line 12 | 14 | 9,874 |
| 15a | Enter smaller of line 12 or $25,000 (see instructions for line 15) | 15a | 24,843 |
| b | If line 12 is more than $25,000—Enter 75% of the excess | 15b | — |
| 16 | Add lines 15a and 15b | 16 | 24,843 |
| 17 | General business credit—Enter smallest of line 9, line 14, or line 16 (corporations, see instructions) here and on Form 1040, line 45; Form 1120, Schedule J, line 4(e); Form 1120-A, Part I, line 2; or the proper line on other returns | 17 | 234 |

## General Instructions

*(Section references are to the Internal Revenue Code.)*

**Paperwork Reduction Act Notice.**—We ask for this information to carry out the Internal Revenue laws of the United States. We need it to ensure that taxpayers are complying with these laws and to allow us to figure and collect the right amount of tax. You are required to give us this information.

**Changes You Should Note.**—The Tax Reform Act of 1986 changed the alternative minimum tax rules for the general business credits. This will require an additional tax liability limitation computation on lines 13 and 14. The Act also repealed the Employee Stock Ownership Plan (ESOP) credit as of 12-31-86.

If you have credits from passive activities, see **Form 8582-CR**, Passive Activity Credit Limitations, before completing Form 3800.

**Purpose of Form.**—The general business credit consists of the investment credit (Form 3468), jobs credit (Form 5884), alcohol fuel credit (Form 6478), research credit (Form 6765), and low-income housing credit (Form 8586). If you have more than one of these credits, or a carryback or carryforward of any of these credits, you must attach the appropriate credit forms and summarize them here on Form 3800. *If you have only one of these credits for 1987, you do not have to file Form 3800. Instead, use only that particular form to claim the credit.* For example, if you have only a 1987 investment credit, you may use Form 3468 to claim your credit. You do not have to file Form 3800 in this case.

You do not have to take the jobs or alcohol fuel credits if you do not wish to.

For more information on the investment credit, see **Form 3468**, Computation of Investment Credit, or **Publication 572**, General Business Credit.

For more information on the jobs credit, see **Form 5884**, Jobs Credit, or Publication 572.

For more information on the alcohol fuel credit, see **Form 6478**, Credit for Alcohol Used as Fuel.

For more information on the research credit, see **Form 6765**, Credit for Increasing Research Activities (or for claiming the orphan drug credit), or Publication 572.

For more information on the low-income housing credit, see **Form 8586**, Low-Income Housing Credit, or Publication 572.

**Carryback and Carryforward of Unused Credit.**—If you cannot use part or all of the credit on line 6 because of the tax liability limitations, you may carry any excess back to each

*(Continued on back)*

AS ORIGINALLY FILED

AS AMENDED

10280038 006773 119CT 801

Form **6251** Department of the Treasury Internal Revenue Service

# Alternative Minimum Tax - Individuals

▶ Attach to Form 1040 or Form 1040NR. Estates and trusts, use Form 8656.

OMB No. 1545-0227 **1988** Attachment Sequence No. 32

Name(s) as shown on Form 1040: LYMAN F & BEVERLY J. BUSH

Your social security number: [redacted]

| Line | Description | Box | Amount | Box | Amount | As amended |
|---|---|---|---|---|---|---|
| 1 | Taxable income from Form 1040, line 37 (can be less than zero) | | | 1 | 100280. | 97,942 |
| 2 | Net operating loss deduction. (Do not enter as a negative amount.) | | | 2 | | |
| 3 | Add lines 1 and 2 | | | 3 | 100280. | |
| 4 | Adjustments: | | | | | |
| a | Standard deduction from Form 1040, line 34 | 4a | | | | |
| b | Personal exemption amount from Form 1040, line 36 | 4b | 3900. | | | 3,900 |
| c | Medical and dental expense | 4c | | | | |
| d | Miscellaneous itemized deductions from Schedule A, line 24 | 4d | 5876. | | | 5,923 |
| e | Taxes from Schedule A, line 8 | 4e | 2370. | | | 2,370 |
| f | Refund of taxes | 4f | | | | |
| g | Interest from Schedule A, line 12b | 4g | | | | |
| h | Other interest adjustments | 4h | | | | |
| i | Combine lines 4a through 4h | | | 4i | 12146. | |
| j | Depreciation of property placed in service after 1986 | 4j | | | | |
| k | Circulation and research and experimental expenditures paid or incurred after 1986 | 4k | | | | |
| l | Mining exploration and development costs paid or incurred after 1986 | 4l | | | | |
| m | Long-term contracts entered into after 2/28/86 | 4m | | | | |
| n | Pollution control facilities placed in service after 1986 | 4n | | | | |
| o | Installment sales of certain property | 4o | | | | |
| p | Adjusted gain or loss | 4p | | | | |
| q | Certain loss limitations | 4q | | | | |
| r | Tax shelter farm loss | 4r | | | | |
| s | Passive activity loss | 4s | 1146. | | | 1,146 |
| t | Beneficiaries of estates and trusts | 4t | | | | |
| u | Combine lines 4j through 4t | | | 4u | 1146. | |
| 5 | Tax preference items: | | | | | |
| a | Appreciated property charitable deduction | 5a | | | | |
| b | Tax-exempt interest from private activity bonds issued after August 7, 1986 | 5b | | | | |
| c | Depletion | 5c | | | | |
| d | Add lines 5a through 5c | | | 5d | | |
| e | Accelerated depreciation of real property placed in service before 1987 | 5e | | | | |
| f | Accelerated depreciation of leased personal property placed in service before 1987 | 5f | | | | |
| g | Amortization of certified pollution control facilities placed in service before 1987 | 5g | | | | |
| h | Incentive stock options | 5h | | | | |
| i | Intangible drilling costs | 5i | | | | |
| j | Reserves for losses on bad debts of financial institutions | 5j | | | | |
| k | Add lines 5e through 5j | | | 5k | | |
| 6 | Combine lines 3, 4i, 4u, 5d, and 5k | | | 6 | 113572. | |
| 7 | Alternative tax net operating loss deduction. (Do not enter more than 90% of line 6.) | | | 7 | | |
| 8 | Alternative minimum taxable income (subtract line 7 from line 6). If married filing seperate returns, see instructions | | | 8 | 113572. | |
| 9 | Enter: $40,000 ($20,000 if married filing separately; $30,000 if single or head of household) | | | 9 | 40000. | |
| 10 | Enter: $150,000 ($75,000 if married filing separately; $112,500 if single or head of household) | | | 10 | 150000. | |
| 11 | Subtract line 10 from line 8. If -0- or less, enter -0- here and on line 12 and go to line 13. If this line is more than -0-, go to line 12 | | | 11 | 0. | |
| 12 | Multiply line 11 by 25% (.25) | | | 12 | | |
| 13 | Subtract line 12 from line 9. If -0- or less, enter -0- | | | 13 | 40000. | <40,000> |
| 14 | Subtract line 13 from line 8. If -0- or less, enter -0- here and on line 19. If this line is more than -0-, go to line 15 | | | 14 | 73572. | 71,281 |
| 15 | Multiply line 14 by 21% (.21) | | | 15 | 15450. | 14,969 |
| 16 | Alternative minimum tax foreign tax credit | | | 16 | | |
| 17 | Tentative minimum tax (subtract line 16 from line 15) | | | 17 | 15450. | |
| 18 | Regular tax before credits (Form 1040, line 38) minus foreign tax credit (Form 1040, line 43) | | | 18 | 25630. | 24,843 |
| 19 | Alternative minimum tax (subtract line 18 from line 17). Enter on Form 1040, line 49. If -0- or less, enter -0- | | | 19 | 0. | -0- |

For Paperwork Reduction Act Notice, see separate instructions.

H761 Form 6251 (1988)

0281

04/13 01:13

Lyman F. and Beverly J. Bush
Form 1040X, Amended U. S. Individual Income Tax Return
SSN [redacted]

Statement of ITC from Cinema '84

| | |
|---|---|
| §38 Basis in ITC Property from Form 3468, 1984 | 82,606 |

Amounts ITC Basis Used (or that could have been used) in Prior Years

| | |
|---|---|
| 1984, ITC Basis used up to Initial Investment at-risk based on original capital contributed on closing agreement | (50,000) |
| 1988, ITC Basis used up to At-Risk carryover used against net income | (2,338) |

Form **843** (Rev. January 1997) Department of the Treasury Internal Revenue Service

# Request for Net Interest Rate of Zero Under Rev. Proc. 99-19
# Claim for Refund and Request for Abatement

▶ See separate instructions.

OMB No. 1545-0024

*Use Form 843 only if your claim involves (a) one of the taxes shown on line 3a or (b) a refund or abatement of interest, penalties, or additions to tax on line 4a.*

***Do not** use Form 843 if your claim is for —*
- *An overpayment of income taxes;*
- *A refund of fuel taxes;*
- *An overpayment of excise taxes reported on Form 720, 730, or 2290 (see **General Instructions**).*

Please type or print.

| | |
|---|---|
| Name of claimant<br>Lyman F. and Beverly J. Bush | Your social security number<br>[redacted] |
| Address (number, street, and room or suite no.)<br>1217 - 122nd Street Court East | Spouse's social security number<br>[redacted] |
| City or town, state, and ZIP code<br>Tacoma, WA98445 | Employer identification number |
| Name and address shown on return if different from above | Daytime telephone number |

1 Period — prepare a separate Form 843 for each tax period
From , 19 , to , 19

2 Amount to be refunded or abated
$

3a Type of tax, penalty, or addition to tax: Income
☐ Employment ☐ Estate ☐ Gift ☐ Excise (unless reported on Form 720, 730, or 2290 — see instructions)
☐ Penalty — IRC section ▶ ________

b Type of return filed (see instructions):
☐ 706 ☐ 709 ☐ 940 ☐ 941 ☐ 943 ☐ 945 ☐ 990-PF ☐ 4720 ☒ Other (specify) 1040

4a Request for abatement or refund of:
☐ Interest caused by IRS errors or delays (if applicable — see instructions).
☐ A penalty or addition to tax as a result of erroneous advice from the IRS.

b Dates of payment ▶

5 **Explanation and additional claims.** Explain why you believe this claim should be allowed, and show computation of tax refund or abatement of interest, penalty, or addition to tax.

This form is filed as the taxpayer's request for application of the net effective rate of zero, pursuant to I.R.C. §6621(d), to interest accruing before October 1, 1998.
The understatement period(s) are 1983, 1984, 1985 and 1986.
The overstatement period(s) are 1988, 1989, 1990, 1991, 1992, 1993 and 1995.
The underpayment has not been paid
The period(s) for which the taxpayer's overpayment and underpayment overlap are April 15, 1989 to present.
To the extent of equivalent amounts of underpayment and overpayment for the period(s) identified above the period(s) has (have) been used only once in a request to obtain the net interest rate of zero under section 6621(d).
The taxpayer's overpayments arise from adjustments related to TEFRA partnerships which have not yet been determined.
In addition to the years indicated, this election applies to any refund year resulting from a capital loss or net operating carryforward or carryback arising out of the year specified when the overpayments are finally determined.
Line 1 has been left blank pursuant to Rev. Proc. 99-19 Section 4.04(1).
Line 2 has been left blank pursuant to Rev. Proc. 99-19 Section 4.04(2).
Line 4 has been left blank pursuant to Rev. Proc. 99-19 Section 4.04(4).

**Signature.** If you are filing Form 843 to request a refund or abatement relating to a joint return, both you and your spouse must sign the claim. Claims filed by corporations must be signed by a corporate officer authorized to sign, and the signature must be accompanied by the officer's title.

Under penalties of perjury, I declare that I have examined this claim, including accompanying schedules and statements, and, to the best of my knowledge and belief, it is true, correct, and complete.

Signature (Title, if applicable. Claims by corporations must be signed by an officer.) ________ Date ________

Signature ________ Date ________

**For Paperwork Reduction Act Notice, see separate instructions.**
ISA
STF FED1524F

4-28-1995 0:31AM FROM P. 3

**2848** (Rev. December 1997)
Department of the Treasury Internal Revenue Service

# Power of Attorney and Declaration of Representative

▶ See the separate instructions.

OMB No. 1545-0150
For IRS Use Only
Received by:
Name
Telephone
Function
Date

**Part I** **Power of Attorney** (Please type or print.)

**1 Taxpayer information** (Taxpayer(s) must sign and date this form on page 2, line 9.)

| Taxpayer name(s) and address | Social security number(s) | Employer identification number |
|---|---|---|
| Lyman F. and Beverly J. Bush<br>1217 122nd Street Court East<br>Tacoma, WA 98445 | [redacted]<br>[redacted] | |
| | Daytime telephone number | Plan number (if applicable) |

hereby appoint(s) the following representative(s) as attorney(s)-in-fact:

**2 Representative(s)** (Representative(s) must sign and date this form on page 2, Part II.)

| Name and address | |
|---|---|
| Thomas E. Redding<br>P.O. Box 924328<br>Houston, Texas 77292-4328 | CAF No.<br>Telephone No. (713) 965-9244<br>Fax No. (713) 621-5227<br>Check if new: Address ☐ Telephone No. ☐ |
| Sallie W. Gladney<br>P.O. Box 924328<br>Houston, Texas 77292-4328 | CAF No.<br>Telephone No. (713) 965-9244<br>Fax No. (713) 621-5227<br>Check if new: Address ☐ Telephone No. ☐ |
| | CAF No.<br>Telephone No.<br>Fax No.<br>Check if new: Address ☐ Telephone No. ☐ |

to represent the taxpayer(s) before the Internal Revenue Service for the following tax matters:

**3 Tax matters**

| Type of Tax (Income, Employment, Excise, etc.) | Tax Form Number (1040, 941, 720, etc.) | Year(s) or Period(s) |
|---|---|---|
| Income | 1040 | Tax Periods Ending: December 31, 1982, 1983, 1984, 1985, 1986, 1987, 1988, 1989, 1990, 1991, 1992, 1993, 1994 and 1995. |
| | | |
| | | |

**4 Specific use not recorded on Centralized Authorization File (CAF).** If the power of attorney is for a specific use not recorded on CAF, check this box. (See instruction for **Line 4 — Specific uses not recorded on CAF.**) ▶ ☐

**5 Acts authorized.** The representatives are authorized to receive and inspect confidential tax information and to perform any and all acts that I (we) can perform with respect to the tax matters described on line 3, for example, the authority to sign any agreements, consents, or other documents. The authority does not include the power to receive refund checks (see line 6 below), the power to substitute another representative unless specifically added below, or the power to sign certain returns (see instruction for **Line 5 — Acts authorized**).

List any specific additions or deletions to the acts otherwise authorized in this power of attorney: This power includes but is not limited to authorization to exercise the taxpayer's rights under I.R.C. Section 6103(e)(1)(C) relative to Forms 1065 for partnerships in which the taxpayer(s) was a partner.

**Note:** *In general, an unenrolled preparer of tax returns cannot sign any document for a taxpayer. See Revenue Procedure 81-38, printed as Pub. 470, for more information.*

**Note:** *The tax matters partner of a partnership is not permitted to authorize representatives to perform certain acts. See the instructions for more information.*

**6 Receipt of refund checks.** If you want to authorize a representative named on line 2 to receive, **BUT NOT TO ENDORSE OR CASH,** refund checks, initial here LFB and list the name of that representative below.

Name of representative to receive refund check(s) ▶ Thomas E. Redding

**For Paperwork Reduction and Privacy Act Notice, see the separate instructions.** Form **2848** (Rev. 12-97)

ISA
STF FED4676F.1

4-28-1995 0:31AM FRC P. 2

SEP.-30'99(THU) 14:09 REDDING & ASSOC P.C. TEL:713-621-5247 P. 002

Form 2848 (Rev. 12-97) Page 2

**Notices and communications.** Original notices and other written communications will be sent to you and a copy to the first representative listed on line 2 unless you check one or more of the boxes below.

a If you want the first representative listed on line 2 to receive the original, and yourself a copy, of such notices or communications, check this box . . . ▶ ☐

b If you also want the second representative listed to receive a copy of such notices and communications, check this box . ▶ ☐

c If you do not want any notices or communications sent to your representative(s), check this box . . . ▶ ☐

8 **Retention/revocation of prior power(s) of attorney.** The filing of this power of attorney automatically revokes all earlier power(s) of attorney on file with the Internal Revenue Service for the same tax matters and years or periods covered by this document. If you do not want to revoke a prior power of attorney, check here . . . ▶ ☒

**YOU MUST ATTACH A COPY OF ANY POWER OF ATTORNEY YOU WANT TO REMAIN IN EFFECT.**

9 **Signature of taxpayer(s).** If a tax matter concerns a joint return, both husband and wife must sign if joint representation is requested, otherwise, see the instructions. If signed by a corporate officer, partner, guardian, tax matters partner, executor, receiver, administrator, or trustee on behalf of the taxpayer, I certify that I have the authority to execute this form on behalf of the taxpayer.

▶ **IF NOT SIGNED AND DATED, THIS POWER OF ATTORNEY WILL BE RETURNED.**

Lyman F. Bush (signature) — Signature — 9-30-99 Date — Title (if applicable)

Lyman F. Bush

Print Name

Lyman F. Bush (signature) — Signature — 9-30-99 Date — EXECUTOR OF THE ESTATE OF BEVERLY J. BUSH — Title (if applicable)

LYMAN F. BUSH

Print Name

**Part II Declaration of Representative**

Under penalties of perjury, I declare that:

- I am not currently under suspension or disbarment from practice before the Internal Revenue Service;
- I am aware of regulations contained in Treasury Department Circular No. 230 (31 CFR, Part 10), as amended, concerning the practice of attorneys, certified public accountants, enrolled agents, enrolled actuaries, and others;
- I am authorized to represent the taxpayer(s) identified in Part I for the tax matter(s) specified there; and
- I am one of the following:
  - a Attorney — a member in good standing of the bar of the highest court of the jurisdiction shown below.
  - b Certified Public Accountant — duly qualified to practice as a certified public accountant in the jurisdiction shown below.
  - c Enrolled Agent — enrolled as an agent under the requirements of Treasury Department Circular No. 230.
  - d Officer — a bona fide officer of the taxpayer's organization.
  - e Full-Time Employee — a full-time employee of the taxpayer.
  - f Family Member — a member of the taxpayer's immediate family (i.e., spouse, parent, child, brother, or sister).
  - g Enrolled Actuary — enrolled as an actuary by the Joint Board for the Enrollment of Actuaries under 29 U.S.C. 1242 (the authority to practice before the Service is limited by section 10.3(d)(1) of Treasury Department Circular No. 230).
  - h Unenrolled Return Preparer — an unenrolled return preparer under section 10.7(c)(viii) of Treasury Department Circular No. 230.

▶ **IF THIS DECLARATION OF REPRESENTATIVE IS NOT SIGNED AND DATED, THE POWER OF ATTORNEY WILL BE RETURNED.**

| Designation — Insert above letter (a - h) | Jurisdiction (state) or Enrollment Card No. | Signature | Date |
|---|---|---|---|
| A | Texas | (signature) Thomas E. Redding | 10/1/99 |
| A | Texas | (signature) Sallie W. Gladney | 10-1-99 |
| | | | |

STP FED1675F.2

0285

Form **1040X** (Rev. November 1998)

Department of the Treasury — Internal Revenue Service

# Amended U.S. Individual Income Tax Return

▶ See separate instructions.

Bush 503303721

OMB No. 1545-0091

**This return is for calendar year ▶** 1990, **OR fiscal year ended ▶** , 19 .

Please print or type

| | | | |
|---|---|---|---|
| Your first name and initial: LYMAN F. | Last name: BUSH | | Your social security number: [redacted] |
| If a joint return, spouse's first name and initial: BEVERLY J. | Last name: BUSH | | Spouse's social security number: [redacted] |
| Home address (no. and street) or P.O. box if mail is not delivered to your home: 1217 122nd Street Court East | | Apt. no. | Telephone number (optional): 713-965-9244 |
| City, town or post office, state, and ZIP code. If you have a foreign address, see page 2 of the instructions.: Tacoma, Washington 98445 | | | For Paperwork Reduction Act Notice, see page 6. |

**A** If the name or address shown above is different from that shown on the original return, check here ▶ ☒

**B** Has the original return been changed or audited by the IRS or have you been notified that it will be? ☒ Yes ☐ No

**C** Filing status. Be sure to complete this line. **Note:** *You cannot change from joint to separate returns after the due date.*

On original return ▶ ☐ Single ☒ Married filing joint return ☐ Married filing separate return ☐ Head of household ☐ Qualifying widow(er)

On this return ▶ ☐ Single ☒ Married filing joint return ☐ Married filing separate return ☐ Head of household* ☐ Qualifying widow(er)

* If the qualifying person is a child but not your dependent, see page 2.

USE PART II ON THE BACK TO EXPLAIN ANY CHANGES

| **Income and Deductions (see pages 2 - 5)** | | A. Original amount or as previously adjusted (see page 2) | B. Net change — amount of increase or (decrease) — explain in Part II | C. Correct amount |
|---|---|---|---|---|
| 1 Adjusted gross income (see page 3) | 1 | 104,547 | (13,251) | 91,296 |
| 2 Itemized deductions or standard deduction (see page 3) | 2 | 8,458 | 265 | 8,723 |
| 3 Subtract line 2 from line 1 | 3 | 96,089 | (13,516) | 82,573 |
| 4 Exemptions. If changing, fill in Parts I and II on the back | 4 | 4,100 | 0 | 4,100 |
| 5 Taxable income. Subtract line 4 from line 3 | 5 | 91,989 | (13,516) | 78,473 |
| **Tax Liability** | | | | |
| 6 Tax (see page 4). Method used in col. C Tax Rate Schedule | 6 | 22,218 | (4,460) | 17,758 |
| 7 Credits (see page 4) | 7 | | 1,387 | 1,387 |
| 8 Subtract line 7 from line 6. Enter the result but not less than zero | 8 | 22,218 | (5,847) | 16,371 |
| 9 Other taxes (see page 4) | 9 | | | |
| 10 Total tax. Add lines 8 and 9 | 10 | 22,218 | (5,847) | 16,371 |
| **Payments** | | | | |
| 11 Federal income tax withheld and excess social security and RRTA tax withheld. If changing, see page 4 | 11 | 14,155 | 0 | 14,155 |
| 12 Estimated tax payments, including amount applied from prior year's return | 12 | 2,310 | 0 | 2,310 |
| 13 Earned income credit | 13 | | | |
| 14 Additional child tax credit from Form 8812 | 14 | | | |
| 15 Credits from Form 4136 or Form 2439 | 15 | | | |

| | | |
|---|---|---|
| 16 Amount paid with Form 4868, 2688, or 2350 (applications for extension of time to file) | 16 | |
| 17 Amount of tax paid with original return plus additional tax paid after it was filed | 17 | 5,753 |
| 18 Total payments. Add lines 11 through 17 in column C | 18 | 22,218 |
| **Refund or Amount You Owe** | | |
| 19 Overpayment, if any, as shown on original return or as previously adjusted by the IRS | 19 | |
| 20 Subtract line 19 from line 18 (see page 4) | 20 | 22,218 |
| 21 **AMOUNT YOU OWE.** If line 10, column C, is more than line 20, enter the difference and see page 4 | 21 | 0 |
| 22 If line 10, column C, is less than line 20, enter the difference | 22 | 5,847 |
| 23 Amount of line 22 you want **REFUNDED TO YOU** | 23 | 5,847** |
| 24 Amount of line 22 you want **APPLIED TO YOUR 19 ESTIMATED TAX** 24 | | |

**Sign Here** Joint return? See page 2. Keep a copy for your records.

Under penalties of perjury, I declare that I have filed an original return and that I have examined this amended return, including accompanying schedules and statements, and to the best of my knowledge and belief, this amended return is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which the preparer has any knowledge.

Lyman F Bush — Your signature — 11-24-99 Date

Lyman F Bush Personal Representative of the estate of Beverly J Bush deceased — Spouse's signature. If a joint return, BOTH must sign. — 11-24-99 Date

**Paid Preparer's Use Only**

Preparer's signature: [signature] CPA — Date 11/23/99 — Check if self-employed ☒ — Preparer's social security no. [redacted]

Firm's name (or yours if self-employed) and address: Brett A. Thompson, CPA, 20214 Kingsland Blvd., Katy, Texas — EIN — ZIP code 77450

** *or such greater amount as is legally refundable, plus interest.*

ISA STF FED3171F.1

Form **1040X** (Rev. 11-98)

EXHIBIT "B"

Form 1040X (Rev. 11-98) Bush [redacted]

Page **2**

**Part I** **Exemptions.** See Form 1040, Form 1040A, or Form 1040-T instructions.

If you are **not changing your exemptions,** do not complete this part.
If claiming **more exemptions,** complete lines 25 - 31 and, if applicable, line 32.
If claiming **fewer exemptions,** complete lines 25 - 30.

| | | A. Original number of exemptions reported or as previously adjusted | B. Net change | C. Correct number of exemptions |
|---|---|---|---|---|
| 25 Yourself and spouse . . . . . . **Caution:** *If your parents (or someone else) can claim you as a dependent (even if they chose not to), you cannot claim an exemption for yourself.* | 25 | | | |
| 26 Your dependent children who lived with you . . . . . . | 26 | | | |
| 27 Your dependent children who did not live with you due to divorce or separation . . . . . . | 27 | | | |
| 28 Other dependents . . . . . . | 28 | | | |
| 29 Total number of exemptions. Add lines 25 through 28 . . . . . . | 29 | | | |
| 30 Multiply the number of exemptions claimed on line 29 by the amount listed below for the tax year you are amending. Enter the result here and on line 4. | 30 | | | |

| Tax year | Exemption amount | But see page 3 if the amount on line 1 is over: |
|---|---|---|
| 1998 | $2,700 | $93,400 |
| 1997 | 2,650 | 90,900 |
| 1996 | 2,550 | 88,475 |
| 1995 | 2,500 | 86,025 |

31 Dependents (children and other) not claimed on original (or adjusted) return:
**Note:** *For tax year 1998, do not complete column (e) below. For tax years before 1998, do not complete column (d) below.*

| (a) First name | Last name | (b) Dependent's social security number. If born in the tax year you are amending, see page 5. | (c) Dependent's relationship to you | (d) ✓ if qualifying child for child tax credit (see page 5) | (e) No. of months lived in your home |
|---|---|---|---|---|---|
| | | | | ☐ | |
| | | | | ☐ | |
| | | | | ☐ | |
| | | | | ☐ | |
| | | | | ☐ | |
| | | | | ☐ | |

No. of your children on line 31 who:
- lived with you . . . . . . . ▶ ☐
- did not live with you due to divorce or separation (see page 5) . . . . . ▶ ☐

Dependents on line 31 not entered above ▶ ☐

32 For tax year 1995, if your child listed on line 31 did not live with you but is claimed as your dependent under a pre-1985 agreement, check here . . . . . . ▶ ☐

**Part II** **Explanation of Changes to Income, Deductions, and Credits**

**Enter the line number from the front of the form for each item you are changing and give the reason for each change. Attach only the supporting forms and schedules for the items changed. If you do not attach the required information, your Form 1040X may be returned. Be sure to include your name and social security number on any attachments.**

If the change relates to a net operating loss carryback or a general business credit carryback, attach the schedule or form that shows the year in which the loss or credit occurred. See page 1 of the instructions. Also, check here . . . . . . ▶ ☐

***** *PLEASE SEE EXPLANATION ATTACHED* *****

Summary of Changes to adjusted gross income:

| | | |
|---|---|---|
| Adjusted Gross Income on Originally Filed form 1040 | $ 104,547 | |
| Loss allowed from at-risk losses carry forward | (12,418) | Summer Lovers Pg 6 |
| Loss allowed from at-risk losses carry forward | (1,459) | Cinema 84, Pg 7 |
| Loss already deducted in original return reversed | 626 | Cinema 84 ✓ 6 |
| Amended adjusted gross income | $ 91,296 | |

**Part III** **Presidential Election Campaign Fund.** Checking below will not increase your tax or reduce your refund.

If you did not previously want $3 to go to the fund but now want to, check here . . . . . . ▶ ☐
If a joint return and your spouse did not previously want $3 to go to the fund but now wants to, check here . . . . . . ▶ ☐

STF FED3171F.2

Form **2848**
(Rev. December 1997)
Department of the Treasury
Internal Revenue Service

# Power of Attorney and Declaration of Representative

▶ See the separate instructions.

OMB No. 1545-0150
For IRS Use Only
Received by:
Name
Telephone
Function
Date

## Part I Power of Attorney (Please type or print.)

**1 Taxpayer Information** (Taxpayer(s) must sign and date this form on page 2, line 9.)

| Taxpayer name(s) and address | Social security number(s) | Employer identification number |
|---|---|---|
| Lyman F. and Beverly J. Bush<br>1217 122nd Street Court East<br>Tacoma, WA 98445 | [redacted]<br>[redacted] | |
| | Daytime telephone number | Plan number (if applicable) |

hereby appoint(s) the following representative(s) as attorney(s)-in-fact:

**2 Representative(s)** (Representative(s) must sign and date this form on page 2, Part II.)

| Name and address | |
|---|---|
| Thomas E. Redding<br>P.O. Box 924328<br>Houston, Texas 77292-4328 | CAF No. ____<br>Telephone No. (713) 965-9244<br>Fax No. (713) 621-5227<br>Check if new: Address ☐ Telephone No. ☐ |
| Sallie W. Gladney<br>P.O. Box 924328<br>Houston, Texas 77292-4328 | CAF No. ____<br>Telephone No. (713) 965-9244<br>Fax No. (713) 621-5227<br>Check if new: Address ☐ Telephone No. ☐ |
| | CAF No. ____<br>Telephone No. ____<br>Fax No. ____<br>Check if new: Address ☐ Telephone No. ☐ |

to represent the taxpayer(s) before the Internal Revenue Service for the following tax matters:

**3 Tax matters**

| Type of Tax (Income, Employment, Excise, etc.) | Tax Form Number (1040, 941, 720, etc.) | Year(s) or Period(s) |
|---|---|---|
| Income | 1040 | Tax Periods Ending: December 31, 1982, 1983, 1984, 1985, 1986, 1987, 1988, 1989, 1990, 1991,1992, 1993, 1994 and 1995. |
| | | |

**4 Specific use not recorded on Centralized Authorization File (CAF).** If the power of attorney is for a specific use not recorded on CAF, check this box. (See instruction for Line 4 — Specific uses not recorded on CAF.) ........................ ▶ ☐

**5 Acts authorized.** The representatives are authorized to receive and inspect confidential tax information and to perform any and all acts that I (we) can perform with respect to the tax matters described on line 3, for example, the authority to sign any agreements, consents, or other documents. The authority does not include the power to receive refund checks (see line 6 below), the power to substitute another representative unless specifically added below, or the power to sign certain returns (see instruction for Line 5 — Acts authorized).

List any specific additions or deletions to the acts otherwise authorized in this power of attorney: This power includes but is not limited to authorization to exercise the taxpayer's rights under I.R.C. Section 6103(e)(1)(C) relative to Forms 1065 for partnerships in which the taxpayer(s) was a partner.

**Note:** *In general, an unenrolled preparer of tax returns cannot sign any document for a taxpayer. See Revenue Procedure 81-38, printed as Pub. 470, for more information.*

**Note:** *The tax matters partner of a partnership is not permitted to authorize representatives to perform certain acts. See the instructions for more information.*

**6 Receipt of refund checks.** If you want to authorize a representative named on line 2 to receive, BUT NOT TO ENDORSE OR CASH, refund checks, initial here LFB and list the name of that representative below.

Name of representative to receive refund check(s) ▶ Thomas E. Redding

For Paperwork Reduction and Privacy Act Notice, see the separate instructions. Form 2848 (Rev. 12-97)

ISA
STF FED4876F.1

4-28-1995 0:31AM FROM P.2

SEP.-30'99(THU) 14:08 REDDING & ASSOC. P.C. TEL:713-621-523 P.002

Form 2848 (Rev. 12-97) Page 2

**Notices and communications.** Original notices and other written communications will be sent to you and a copy to the first representative listed on line 2 unless you check one or more of the boxes below.

a If you want the first representative listed on line 2 to receive the original, and yourself a copy, of such notices or communications, check this box ▶ ☐

b If you also want the second representative listed to receive a copy of such notices and communications, check this box ▶ ☐

c If you do not want any notices or communications sent to your representative(s), check this box ▶ ☐

8 **Retention/revocation of prior power(s) of attorney.** The filing of this power of attorney automatically revokes all earlier power(s) of attorney on file with the Internal Revenue Service for the same tax matters and years or periods covered by this document. If you do not want to revoke a prior power of attorney, check here ▶ ☒

**YOU MUST ATTACH A COPY OF ANY POWER OF ATTORNEY YOU WANT TO REMAIN IN EFFECT.**

9 **Signature of taxpayer(s).** If a tax matter concerns a joint return, both husband and wife must sign if joint representation is requested, otherwise, see the instructions. If signed by a corporate officer, partner, guardian, tax matters partner, executor, receiver, administrator, or trustee on behalf of the taxpayer, I certify that I have the authority to execute this form on behalf of the taxpayer.

▶ **IF NOT SIGNED AND DATED, THIS POWER OF ATTORNEY WILL BE RETURNED.**

Lyman F. Bush (signature) 9-30-99

Signature Date Title (if applicable)

Lyman F. Bush

Print Name

Lyman F. Bush (signature) 9-30-99 EXECUTOR OF THE ESTATE OF BEVERLY J BUSH

Signature Date Title (if applicable)

LYMAN F. BUSH

Print Name

**Part II Declaration of Representative**

Under penalties of perjury, I declare that:

- I am not currently under suspension or disbarment from practice before the Internal Revenue Service;
- I am aware of regulations contained in Treasury Department Circular No. 230 (31 CFR, Part 10), as amended, concerning the practice of attorneys, certified public accountants, enrolled agents, enrolled actuaries, and others;
- I am authorized to represent the taxpayer(s) identified in Part I for the tax matter(s) specified there; and
- I am one of the following:
  - a Attorney — a member in good standing of the bar of the highest court of the jurisdiction shown below.
  - b Certified Public Accountant — duly qualified to practice as a certified public accountant in the jurisdiction shown below.
  - c Enrolled Agent — enrolled as an agent under the requirements of Treasury Department Circular No. 230.
  - d Officer — a bona fide officer of the taxpayer's organization.
  - e Full-Time Employee — a full-time employee of the taxpayer.
  - f Family Member — a member of the taxpayer's immediate family (i.e., spouse, parent, child, brother, or sister).
  - g Enrolled Actuary — enrolled as an actuary by the Joint Board for the Enrollment of Actuaries under 29 U.S.C. 1242 (the authority to practice before the Service is limited by section 10.3(d)(1) of Treasury Department Circular No. 230).
  - h Unenrolled Return Preparer — an unenrolled return preparer under section 10.7(c)(viii) of Treasury Department Circular No. 230.

▶ **IF THIS DECLARATION OF REPRESENTATIVE IS NOT SIGNED AND DATED, THE POWER OF ATTORNEY WILL BE RETURNED.**

| Designation — Insert above letter (a - h) | Jurisdiction (state) or Enrollment Card No. | Signature | Date |
|---|---|---|---|
| A | Texas | (signature) Thomas E. Redding | 10/1/99 |
| A | Texas | (signature) Sallie W. Gladney | 10-1-99 |
| | | | |

STP FED4575F.2

**LYMAN F. BUSH and BEVERLY J. BUSH**
**(SSN [redacted] and SSN [redacted])**
**EXPLANATION - 1990 REFUND CLAIM**

The taxpayer and the Commissioner entered into Closing Agreements ("Agreement") regarding the taxpayer's partnership interest in Cinema 84 and Summer Lovers Associates, copies of which are attached hereto as Exhibit "A."

This refund claim is being filed and is timely based on Paragraph 15 of the Agreement which provides that "[a]ny refund claim attributable to the operation of this agreement ***shall*** be deemed to be timely filed and ***shall*** be allowed if it is filed with the IRS within one year of the execution of this agreement by the Commissioner of Internal Revenue."

Further, pursuant to Paragraph 15 of the Agreement, "[a]ny refund claim so submitted within 120 days of this agreement shall be allowed as an offset pursuant to I.R.C. §§6402(a) and 6601(f) against any tax deficiencies resulting from this agreement." Therefore, the refund due under this claim must be applied as an offset to the tax deficiencies arising from the settlement. The refund should be applied first to any deficiency determined for 1983 and thereafter any balance to any subsequent year deficiencies.

This refund claim results from application of the portion of the §465 suspended losses allowable in this year as a consequence of the increase in the amount at risk resulting from net partnership income reported in this year, based on Agreement Paragraph 8.

This refund claim also results from application of the portion of the §465 suspended investment tax credits allowable in this year as a consequence of the increase in the amount at risk resulting from net partnership income reported in this year, based on Agreement Paragraph 8.

Based upon the Agreement, the suspended losses and ITC allowable in this year as a consequence of Paragraph 8 of the Agreement are determined as follows:

| | Summer Lovers | Cinema 84 |
|---|---|---|
| Increase of amount at risk due to net partnership income | $12,418.00 | $1,459.00 |
| Allowable portion of losses previously suspended under §465 per Agreement | $<12,418.00> | $<1,459.00> |
| Portion of ITC suspended under §465 allowable due to increase in amount at risk | $1,242.00 | $146.00 |

***Please process this claim immediately and apply the refund as an offset under §6402 as required above.***

Exhibit:

A - Copies of Closing Agreements

C:\DOCS\CORRESP.Q\REFUND.CLM\qsten169.bu4

Department of the Treasury - Internal Revenue Service

# Closing Agreement on Final Determination Covering Specific Matters

Under section 7121 of the Internal Revenue Code of 1986 (hereinafter "Code")

Lyman F. Bush (SSN: [redacted]) and Beverly J. Bush (SSN: [redacted])
(Taxpayers' Name, address, and identifying number)

1217 122nd Street Court East, Tacoma, WA 98445 (hereinafter referred to as taxpayer)

and the Commissioner of Internal Revenue make the following closing agreement:

WHEREAS, a dispute has arisen between the parties as to the Federal income tax treatment to be accorded to the taxpayers' purchase of an investment in Cinema 84 (hereinafter Partnership);

WHEREAS, the parties wish to determine, with finality, the taxpayers' income, gains, losses, deductions and credits for1984 and subsequent years with respect to the Partnership.

NOW IT IS HEREBY DETERMINED AND AGREED for Federal income tax purposes that:

1. No adjustment to the partnership items shall be made for the taxable years 1984 through 1995 for purposes of this settlement.

2. The taxpayers are entitled to claim their distributive share of the partnership losses for 1984 through 1995 only to the extent they are at risk under I.R.C. § 465.

3. The taxpayers' amount at risk for 1984 through 1989 is their capital contribution to the partnership.

4. The taxpayers' capital contribution to the partnership is 50,000.00.

5. Taxpayers' qualified investment for computing investment tax credit is the amount at risk as set forth in paragraph #4.

6. The taxpayers are not at risk under I.R.C. § 465 for any partnership notes, entered into by the partnership to acquire rights in the motion pictures Terminator, Perfect Strangers, Special Effects, Return of the Living Dead, A Breed Apart and Howling II, whether or not assumed by the taxpayers. Any losses disallowed under this agreement are suspended under I.R.C. § 465. Such suspended losses may be used to offset the taxpayers' pro rata share of any income earned by the partnership and/or other income in accordance with the operation of I.R.C. § 465.

7. To the extent the taxpayers make additional cash contributions to the capital of the partnership after 1989, the taxpayers' amount at risk will be increased in accordance with I.R.C. § 465.

8. To the extent the partnership earns net income the taxpayers' at risk will be increased in accordance with I.R.C. § 465.

9. To the extent the taxpayers make cash payments on the partnership notes after the date of execution of this agreement by the Commissioner and the taxpayers, the taxpayers' amount at risk will be increased in accordance with I.R.C. § 465.

EXHIBIT "A"

10. No additions to tax under I.R.C. §§ 6653(a), 6661, 6659 or 6662 will be asserted with respect to the taxpayers' investment in the partnership for 1984 through 1995.

11. The taxpayers are liable for additional interest pursuant to I.R.C. § 6621(c) for tax motivated interest for their investment in the partnership for the taxable years 1984 through 1989.

12. Any deficiency in tax determined under this agreement will be subject to adjustments arising from a carryback or carryforward from other taxable years of any loss, credit or other tax attribute as allowed by the Internal Revenue Code.

13. After the execution of this agreement on behalf of the Commissioner and the taxpayers, the taxpayers shall not recognize any taxable income attributable to any cancellation, discharge, or satisfaction by foreclosure or conveyance of assets, of any partnership notes entered into by the partnership to acquire rights in the motion pictures Terminator, Perfect Strangers, Special Effects, Return of the Living Dead, A Breed Apart and Howling II, whether or not the taxpayers assumed a pro rata share of said note, or from said partnership notes upon liquidation or dissolution of the partnership.

14. The taxpayers shall be taxable on their distributive share of any income or gains of the partnership for years after 1987 only to the extent said income exceeds losses suspended under the at risk rules of I.R.C. § 465 and/or the cash and/or the fair market value of property distributed to the taxpayers.

15. Any refund claim attributable to the operation of this agreement shall be deemed to be timely filed and shall be allowed if it is filed with the IRS within one year of the execution of this agreement by the Commissioner of Internal Revenue. Any refund claim so submitted pursuant to this paragraph within 120 days after the execution of this agreement on behalf of the Commissioner of Internal Revenue shall be allowed as an offset pursuant to I.R.C. §§ 6402(a) and 6601(f) against any tax deficiencies resulting from this agreement.

16. This agreement constitutes a settlement within the meaning of I.R.C. § 6224(c) and the taxpayers' partnership items are converted to non partnership items effective as of the date of this closing agreement is accepted on behalf of the Commissioner. The taxpayers, in accordance with the provisions of I.R.C. § 6224(b), also waive the restrictions on assessment and collection of any deficiencies attributable to the converted partnership items with interest as provided by law in I.R.C. § 6225(a) that results from this agreement.

17. This closing agreement when accepted by the Commissioner is a determination under the mitigation provisions of the Internal Revenue Code. (I.R.C. § 1311 <u>et seq</u>.).

18. To the extent the taxpayers make cash payments on the partnership notes, after the date this agreement is executed by the taxpayers and the Commissioner, and after the termination of the partnership, a deduction shall be allowed in the year of said payment.

19. This agreement does not in any way diminish or enhance the rights of the spouse of any partner to assert his or her right to relief as an innocent spouse under I.R.C. § 6015.

20. This agreement supersedes any prior agreement entered into between the taxpayers and the Internal Revenue Service.

This agreement is final and conclusive except:

(1) the matter it relates to may be reopened in the event of fraud, malfeasance, or misrepresentation of material fact;

(2) it is subject to the Internal Revenue Code sections that expressly provide that effect be given to their provisions notwithstanding any other law or rule of law except Code Section 7122; and

(3) if it relates to a taxable period ending after the date of this agreement, it is subject to any law, enacted after the agreement date, that applies to that tax period.

By signing, the above parties certify that they have read and agreed to the terms of this document.

Your signature *Lyman F Bush* Date Signed *6-25-99*

Spouse's signature (if a joint return was filed) *Beverly J. Bush BY Lyman F Bush SPOUSE OF DECEASED* Date Signed *6-25-99*

Taxpayer's Representative ______ Date Signed ______

Taxpayer (other than individual) ______

By ______ Date Signed ______

Title ______

Commissioner of Internal Revenue

By *Philip J. Bolsano* Date Signed *8/2/99*

Title *Associate Chief*

I have examined the specific matters involved and recommend the acceptance of the proposed agreement.

*Bradford A. Johnson* *7/22/99*
(Receiving Officer) (Date)

Assistant District Counsel
(Title)

Form 906
(Rev. January 1987)

Department of the Treasury—Internal Revenue Service

# Closing Agreement On Final Determination Covering Specific Matters

Under section 7121 of the Internal Revenue Code of 1986 (hereinafter "Code")

Lyman F. and Beverly J. Bush, 1217 122nd Street, CT. E.,
(Taxpayer's name, address, and identifying number)

Tacoma, WA 98445 (hereinafter "taxpayers")
SSN: [redacted] and [redacted]

and the Commissioner of Internal Revenue make the following closing agreement:

WHEREAS taxpayers are limited partners in the partnership known as Summer Lovers Associates.

WHEREAS taxpayers have claimed a deduction, in the amount of $55,287.00 for their distributive share of the loss claimed by Summer Lovers Associates for the taxable year ended December 31, 1982.

WHEREAS it is desirable for Federal income tax purposes to agree on certain matters pertaining to taxpayers partnership interest.

Now it is hereby determined and agreed for Federal income tax purposes:

1. That the taxpayers initial amount at risk is $50,000.00.

2. That the taxpayers are entitled to claim investment tax credit of $5,000.00 for 1982.

3. That the taxpayers are allowed to claim a loss from Summer Lovers Associates in 1982 in the amount of $50,000.00.

4. That any losses disallowed because they exceed the amount at risk will be carried forward in accordance with I.R.C. § 465.

5. To the extent the partnership earns net income after 1982, the at risk amount will be increased in accordance with I.R.C. § 465.

under I.R.C. §§ 66: (a), 6661 or 6659.

7. The taxpayers are liable for additional interest pursuant to I.R.C. § 6621(c) for tax motivated transactions.

This agreement is final and conclusive except:

*(1)* the matter it relates to may be reopened in the event of fraud, malfeasance, or misrepresentation of material fact;

*(2)* it is subject to the Internal Revenue Code sections that expressly provide that effect be given to their provisions (including any stated exception for Code section 7122) notwithstanding any other law or rule of law; and

*(3)* if it relates to a tax period ending after the date of this agreement, it is subject to any law, enacted after the agreement date, that applies to that tax period.

By signing, the above parties certify that they have read and agreed to the terms of this document.

Your signature ........ LYMAN F. BUSH ........ Date Signed 3-25-94

Spouse's signature (if a joint return was filed) ........ BEVERLY J. BUSH ........ Date Signed 3-25-94

Taxpayer's representative ........ Date Signed ........

Taxpayer (other than individual) ........

By ........ Date Signed ........

Title ........

Commissioner of Internal Revenue

By ........ Date Signed 8-18-94

Title ........

AS ORIGINALLY FILED

3B140 1560-64 8 03 04100946

AS AMENDED

# Form 1040 Department of the Treasury—Internal Revenue Service U.S. Individual Income Tax Return 1990

For the year January-December 31, 1990, or other tax year beginning , 1990, ending , 19 | OMB No. 1545-0074

Your first name and initial: LYMAN F. | Last name: BUSH | Your social security number: [redacted]

If a joint return, spouse's first name and initial: BEVERLY J. | Last name: BUSH | Spouse's social security no.: [redacted]

Home address (number and street). (If a P.O. box, see page 9.): 1217 122ND AVENUE EAST | Apt. no.

City, town or post office, state, and ZIP code. (If you have a foreign address, see page 9.): TACOMA WASHINGTON 98445-0000

For Privacy Act and Paperwork Reduction Act Notice, see Instructions.

BUSH

Presidential Election Campaign: Do you want $1 to go to this fund? X Yes No. If joint return, does your spouse want $1 to go to this fund? X Yes No. Note: Checking "Yes" will not change your tax or reduce your refund.

**Filing Status** (Check only one box.)
1 [ ] Single. (See page 10 to find out if you can file as head of household.)
2 [X] Married filing joint return (even if only one had income)
3 [ ] Married filing separate return. Enter spouse's social security number above and full name here. ▶
4 [ ] Head of household (with qualifying person). (See page 10.) If the qualifying person is your child but not your dependent, enter this child's name here. ▶
5 [ ] Qualifying widow(er) with dependent child (year spouse died ▶ 19 ). (See page 10.)

**Exemptions** (See Instructions on page 10.)
6a [X] Yourself. If your parent (or someone else) can claim you as a dependent on his or her tax return, do not check box 6a. But be sure to check the box on line 33b on page 2.
b [X] Spouse
No. of boxes checked on 6a and 6b: 2

c Dependents:

| (1) Name (first, initial, and last name) | (2) Check if under age 2 | (3) If age 2 or older, dependent's social security number | (4) Dependent's relationship to you | (5) No. of months lived in your home in 1990 |
|---|---|---|---|---|
| | | | | |

If more than 6 dependents, see Instructions on page 11.

No. of your children on 6c who: ● lived with you ● didn't live with you due to divorce or separation (see page 11) No. of other dependents on 6c

d If your child didn't live with you but is claimed as your dependent under a pre-1985 agreement, check here ▶ [ ]
e Total number of exemptions claimed — Add numbers entered on lines above ▶ 2

**Income** (Attach Copy B of your Forms W-2, W-2G, and W-2P here. If you do not have a W-2, see page 8. Attach check or money order on top of any Forms W-2, W-2G, or W-2P.)

| Line | Description | | Amount | |
|---|---|---|---|---|
| 7 | Wages, salaries, tips, etc. (attach Form(s) W-2) SEE STMT 1 | | 79,033. | |
| 8a | Taxable interest income (also attach Schedule B if over $400) | | 10,394. | |
| b | Tax-exempt interest income. DON'T include on line 8a | 8b 15,131 | | |
| 9 | Dividend income (also attach Schedule B if over $400) | | 10,587. | |
| 10 | Taxable refunds of state and local income taxes, if any, from worksheet on page 14 | | | |
| 11 | Alimony received | | | |
| 12 | Business income or (loss) (attach Schedule C) | | | |
| 13 | Capital gain or (loss) (attach Schedule D) | | 1,112. | |
| 14 | Capital gain distributions not reported on line 13 | | | |
| 15 | Other gains or (losses) (attach Form 4797) | | | |
| 16a | Total IRA distributions 16a | 16b Taxable amount | | |
| 17a | Total pensions and annuities 17a | 17b Taxable amount | | |
| 18 | Rents, royalties, partnerships, estates, trusts, etc. (attach Schedule E) | | 355. | <12,418> Summer Lovers; <1,459> Cinema 84 |
| 19 | Farm income or (loss) (attach Schedule F) | | | |
| 20 | Unemployment compensation (insurance) | | | |
| 21a | Social security benefits 21a 10,132. | 21b Taxable amount | 5,066. | |
| 22 | Other income (list type and amount) | | | |
| 23 | Add the amounts shown in the far right column for lines 7 through 22. This is your total income ▶ | | 106,547. | → 106,541 |

Income Removed To Extent Of Carry Forward Of Suspended At-Risk Losses

Reverse loss 626 Pg 6. IN RETURN

COPY FOR YOUR FILE

**Adjustments to Income** (See Instructions on page 17.)

| Line | Description | | Amount | |
|---|---|---|---|---|
| 24a | Your IRA deduction, from applicable worksheet on page 17 or 18 | 24a 2,000. | | |
| b | Spouse's IRA deduction, from applicable worksheet on page 17 or 18 | 24b | | |
| 25 | One-half of self-employment tax | 25 | | |
| 26 | Self-employed health insurance deduction, from worksheet on page 18 | 26 | | |
| 27 | Keogh retirement plan and self-employed SEP deduction | 27 | | |
| 28 | Penalty on early withdrawal of savings | 28 | | |
| 29 | Alimony paid. Recipient's SSN ▶ | 29 | | |
| 30 | Add lines 24a through 29. These are your total adjustments ▶ | | 2,000. | <2,000> |
| 31 | **Adjusted Gross Income** — Subtract line 30 from line 23. This is your adjusted gross income. If this amount is less than $20,264 and a child lived with you, see page 23 to find out if you can claim the "Earned Income Credit" on line 57 ▶ | | 104,547. | 91,296 |

H788

ID 12/27/90

AS ORIGINALLY FILED

22
BUSH
[redacted]

408 14100946 1560-64 04

AS AMENDED

Form 1040 (1990) Page 2

| | Line | Description | | Amount | As amended |
|---|---|---|---|---|---|
| Tax Computation | 32 | Amount from line 31 (adjusted gross income) | 32 | 104,547. | 91,296 |
| | 33a | Check if: ☐ You were 65 or older ☐ Blind; ☐ Spouse was 65 or older ☐ Blind. Add the number of boxes checked above and enter the total here ▶ 33a ☐ | | | |
| | b | If your parent (or someone else) can claim you as a dependent, check here ▶ 33b ☐ | | | |
| If you want IRS to figure your tax, see instructions on page 19. | c | If you are married filing a separate return and your spouse itemizes deductions, or you are a dual-status alien, see page 19 and check here ▶ 33c ☐ | | | |
| | 34 | Enter the larger of: • Your standard deduction (from page 20 that applies to you), OR • Your itemized deductions (from Schedule A, line 27). If you itemize, attach Schedule A and check here ▶ [X] | 34 | 8,458. | ⟨8,723⟩ |
| | 35 | Subtract line 34 from line 32. | 35 | 96,089. | |
| | 36 | Multiply $2,050 by the total number of exemptions claimed on line 6e. | 36 | 4,100. | ⟨4,100⟩ |
| | 37 | **Taxable income.** Subtract line 36 from line 35. (If line 36 is more than line 35, enter -0-) | 37 | 91,989. | 78,473 |
| | 38 | Enter tax. Check if from: a ☐ Tax Table, b [X] Tax Rate Schedules, or c ☐ Form 8615 (If any is from Form(s) 8814, enter that amount here ▶ d ) | 38 | 22,218. | 17,758 |
| | 39 | Additional taxes. Check if from: a ☐ Form 4970 b ☐ Form 4972 | 39 | | |
| | 40 | Add lines 38 and 39. ▶ | 40 | 22,218. | |
| Credits | 41 | Credit for child and dependent care expenses (attach Form 2441) | 41 | | |
| | 42 | Credit for the elderly or the disabled (attach Schedule R) | 42 | | |
| (See instructions on page 21.) | 43 | Foreign tax credit (attach Form 1116) | 43 | | |
| | 44 | General business credit. Check if from: a ☐ Form 3800 or b ☐ Form (specify)____ | 44 | | |
| | 45 | Credit for prior year minimum tax (attach Form 8801) | 45 | | ⟨1,387⟩ |
| | 46 | Add lines 41 through 45. | 46 | | |
| | 47 | Subtract line 46 from line 40. (If line 46 is more than line 40, enter -0-) ▶ | 47 | 22,218. | |
| Other Taxes | 48 | Self-employment tax (attach Schedule SE) | 48 | | |
| | 49 | Alternative minimum tax (attach Form 6251). | 49 | 0. | |
| | 50 | Recapture taxes. Check if from: a ☐ Form 4255 b ☐ Form 8611 | 50 | | |
| | 51 | Social security tax on tip income not reported to employer (attach Form 4137) | 51 | | |
| | 52 | Tax on an IRA or a qualified retirement plan (attach Form 5329) | 52 | | |
| | 53 | Advance earned income credit payments from Form W-2 | 53 | | |
| | 54 | Add lines 47 through 53. This is your **total tax** ▶ | 54 | 22,218. | 16,371 |
| Payments | 55 | Federal income tax withheld (if any is from Form(s) 1099, check ▶ ☐) | 55 | 14,155. | |
| | 56 | 1990 estimated tax payments and amount applied from 1989 return | 56 | 2,310. | |
| Attach Forms W-2, W-2G, and W-2P to front. | 57 | Earned income credit NO | 57 | | |
| | 58 | Amount paid with Form 4868 (extension request) | 58 | | |
| | 59 | Excess social security tax and RRTA tax withheld | 59 | | |
| | 60 | Credit for Federal tax on fuels (attach Form 4136) | 60 | | |
| | 61 | Regulated investment company credit | 61 | | |
| | 62 | Add lines 55 through 61. These are your **total payments** ▶ | 62 | 16,465. | |
| Refund or Amount You Owe | 63 | If line 62 is more than line 54, enter amount **OVERPAID** ▶ | 63 | | |
| | 64 | Amount of line 63 to be **REFUNDED TO YOU** ▶ | 64 | | |
| | 65 | Amount of line 63 to be **APPLIED TO YOUR 1991 ESTIMATED TAX** ▶ | 65 | | |
| | 66 | If line 54 is more than line 62, enter **AMOUNT YOU OWE.** Attach check or money order for full amount payable to "Internal Revenue Service." Write your name, address, social security number, daytime phone number, and "1990 Form 1040" on it. | 66 | 5,819. | |
| | 67 | Estimated tax penalty | 67 | 66. | |

COPY FOR YOUR FILE

**Sign Here** — Under penalties of perjury, I declare that I have examined this return and accompanying schedules and statements, and to the best of my knowledge and belief, they are true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

Keep a copy of this return for your records.

Your signature ▶ | Date | Your occupation: STRUCTURAL ENG.

Spouse's signature (if joint return, BOTH must sign) ▶ | Date | Spouse's occupation: TEACHER

**Paid Preparer's Use Only**

Preparer's signature ▶ | Date | Check if self-employed ☐ | Preparer's social security no. [redacted]

Firm's name (or yours if self-employed) and address ▶ BRINK & SADLER, C.P.A.'S, PO BOX 99190, TACOMA, WASHINGTON | E.I. No. 91-0861130 | ZIP code 98499-0190

H788

LB12 11-27-90

0297 2.

AS ORIGINALLY FILED

AS AMENDED

23
BUSH

408 94100946 1560-64 05

SCHEDULES A&B (Form 1040)
Department of the Treasury
Internal Revenue Service

# Schedule A – Itemized Deductions

▶ Attach to Form 1040. ▶ See Instructions for Schedules A and B (Form 1040).

OMB No. 1545-0074
**1990**
Attachment Sequence No. 07

Name(s) shown on Form 1040: LYMAN F. & BEVERLY J. BUSH
Your social security number: 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

| Section | Line | Description | Box | Amount | Total | Amended |
|---|---|---|---|---|---|---|
| Medical and Dental Expenses | | Caution: *Do not include expenses reimbursed or paid by others.* | | | | |
| | 1 | Medical and dental expenses. (See page 27 of the Instructions.) | 1 | | | |
| | 2 | Enter amount from Form 1040, line 32 | 2 | | | |
| | 3 | Multiply the amount on line 2 by 7.5% (.075). Enter the result | 3 | | | |
| | 4 | Subtract line 3 from line 1. Enter the result. If less than zero, enter -0- | ▶ 4 | | | |
| Taxes You Paid (See Instructions on page 27.) | 5 | State and local income taxes | 5 | | | |
| | 6 | Real estate taxes | 6 | 2,310. | | |
| | 7 | Other taxes. (List-include personal property taxes.) ▶ PERSONAL PROPERTY | 7 | 411. | | |
| | 8 | Add the amounts on lines 5 through 7. Enter the total | ▶ 8 | | 2,721. | 2,721 |
| Interest You Paid (See Instructions on page 27.) | 9a | Deductible home mortgage interest paid to financial institutions and reported to you on Form 1098. Report deductible points on line 10 | 9a | 579. | | |
| | b | Other deductible home mortgage interest. (If paid to an individual, show that person's name and address.) ▶ | 9b | | | |
| | 10 | Deductible points. (See Instructions for special rules.) | 10 | | | |
| | 11 | Deductible investment interest (attach Form 4952 if required). (See page 28.) | 11 | 428. | | |
| | 12a | Personal interest you paid. (See page 28.) | 12a | | | |
| | b | Multiply the amount on line 12a by 10% (.10). Enter the result | 12b | | | |
| | 13 | Add the amounts on lines 9a through 11, and 12b. Enter the total | ▶ 13 | | 1,007. | 1,007 |
| Gifts to Charity (See Instructions on page 29.) | | Caution: *If you made a charitable contribution and received a benefit in return, see page 29 of the Instructions.* | | | | |
| | 14 | Contributions by cash or check | 14 | 1,853. | | |
| | 15 | Other than cash or check. (You MUST attach Form 8283 if over $500.) STMT 8 | 15 | 625. | | |
| | 16 | Carryover from prior year | 16 | | | |
| | 17 | Add the amounts on lines 14 through 16. Enter the total | ▶ 17 | | 2,478. | 2,478 |
| Casualty and Theft Losses | 18 | Casualty or theft loss(es) (attach Form 4684). (See page 29 of the Instructions.) | ▶ 18 | | | |
| Moving Expenses | 19 | Moving expenses (attach Form 3903 or 3903F). (See page 30 of the Instructions.) | ▶ 19 | | | |
| Job Expenses and Most Other Miscellaneous Deductions (See Instructions on page 30 for expenses to deduct here.) | 20 | Unreimbursed employee expenses-job travel, union dues, job education, etc. (You MUST attach Form 2106 if required. See Instructions.) ▶ SEE STMT 10 | 20 | 1,993. | | |
| | 21 | Other expenses (investment, tax preparation, safe deposit box, etc.). List type and amount ▶ SEE STATEMENT 9 | 21 | 2,350. | | |
| | 22 | Add the amounts on lines 20 and 21. Enter the total | 22 | 4,343. | | |
| | 23 | Enter amount from Form 1040, line 32 | 23 | ~~104,547~~ 91296 | | |
| | 24 | Multiply the amount on line 23 by 2% (.02). Enter the result | 24 | ~~2,091.~~ 1826 | | |
| | 25 | Subtract line 24 from line 22. Enter the result. If less than zero, enter -0- | ▶ 25 | | 2,252. | 2,517 |
| Other Miscellaneous Deductions | 26 | Other (from list on page 30 of Instructions). List type and amount ▶ | ▶ 26 | | | |
| Total Itemized Deductions | 27 | Add the amounts on lines 4, 8, 13, 17, 18, 19, 25, and 26. Enter the total here. Then enter on Form 1040, line 34, the LARGER of this total or your standard deduction from page 20 of the Instructions | ▶ 27 | | 8,458. | 8,723 |

COPY FOR FILE

For Paperwork Reduction Act Notice, see Form 1040 Instructions. H788 Schedule A (Form 1040) 1990

0 12/6/90

SCHEDULE E (Form 1040)
Department of the Treasury Internal Revenue Service

# Supplemental Income and Lo[ss]

(Fro[m re]nts, royalties, partnerships, estates, trusts, [RE]MICs, etc.)
▶ Attach to Form 1040 or Form 1041.
▶ See Instructions for Schedule E (Form 1040).

OMB No. 1545-0074
**1990**
Attachment Sequence No. 13

Name(s) shown on return: LYMAN F. & BEVERLY J. BUSH

Your social security number: [redacted]

## Part I Income or Loss From Rentals and Royalties

Note: *Report farm rental income or loss from* Form 4835 *on page 2, line 39.*

1 In the space provided below, show the kind and location of rental property:

2 For each rental property listed on line 1, did you or your family use it for personal purposes more than the greater of 14 days or 10% of the total days rented at fair rental value during the tax year? ▶

| | Property | | Yes | No |
|---|---|---|---|---|
| A | 5026 SOUTH PUGET SOUND (1/3 INTEREST) | A | | X |
| B | | B | | |
| C | | C | | |

| | Line | Properties A | Properties B | Properties C | Line | D Totals (Add columns A, B, and C) |
|---|---|---|---|---|---|---|
| **Rental and Royalty Income:** | | | | | | |
| 3 Rents received | 3 | 1,853. | | | 3 | 1,853. |
| 4 Royalties received SEE STMT 2 | 4 | | | | 4 | |
| **Rental and Royalty Expenses:** | | | | | | |
| 5 Advertising | 5 | | | | | |
| 6 Auto and travel | 6 | | | | | |
| 7 Cleaning and maintenance | 7 | | | | | |
| 8 Commissions | 8 | | | | | |
| 9 Insurance | 9 | | | | | |
| 10 Legal and other professional fees | 10 | | | | | |
| 11 Mortgage interest paid to banks, etc. | 11 | | | | 11 | |
| 12 Other interest | 12 | | | | | |
| 13 Repairs | 13 | | | | | |
| 14 Supplies | 14 | | | | | |
| 15 Taxes | 15 | | | | | |
| 16 Utilities | 16 | | | | | |
| 17 Wages and salaries | 17 | | | | | |
| 18 Other (list) ▶ SEE STMT 2 | 18 | 1,582. | | | | |
| 19 Add lines 5 through 18. SEE STATEMENT 2 | 19 | 1,582. | | | 19 | 1,582. |
| 20 Depreciation expense or depletion | 20 | 552. | | | 20 | 552. |
| 21 Total expenses. Add lines 19 and 20 | 21 | 2,134. | | | | |
| 22 Income or (loss) from rental or royalty properties. Subtract line 21 from line 3 (rents) or line 4 (royalties). If the result is a (loss), see Instructions to find out if you must file Form 6198 | 22 | -281. | | | | |
| 23 Deductible rental loss. **Caution:** *Your rental loss on line 22 may be limited. See Instructions to find out if you must file* Form 8582 | 23 | 281. | | | | |

COPY FOR YOUR FILE

| | Line | Amount |
|---|---|---|
| 24 **Income.** Add rental and royalty income from line 22. Enter the total income here | 24 | |
| 25 **Losses.** Add royalty losses from line 22 and rental losses from line 23. Enter the total losses here | 25 | -281. |
| 26 Total rental and royalty income or (loss): Combine amounts on lines 24 and 25. Enter the result here. If Parts II, III, IV, and line 39 on page 2 do not apply to you, enter the amount from line 26 on Form 1040, line 18. Otherwise, include the amount from line 26 in the total on line 40 on page 2 | 26 | -281. |



0299

AS ORIGINALLY FILED

4,

AS ORIGINALLY FILED

AS AMENDED

BUSH [redacted] 408 14100946 1560-64 10

Schedule E (Form 1040) 1990 Attachment Sequence No. 13 Page 2

Name(s) shown on return. (Do not enter name and social security number if shown on page 1.) Your social security number

LYMAN F. & BEVERLY J. BUSH 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

**Note:** *If you report amounts from farming or fishing on Schedule E, you must include your gross income from those activities on line 41 below.*

**Part II** Income or Loss From Partnerships and S Corporations

If you report a loss from an at-risk activity, you MUST check either column (e) or (f) of line 27 to describe your investment in the activity. If you check column (f), you must attach Form 6198.

| 27 | (a) Name | (b) Enter P for partnership; S for S corp. | (c) Check if foreign partnership | (d) Employer identification number | Investment At Risk? (e) All is at risk | (f) Some is not at risk |
|---|---|---|---|---|---|---|
| A | SEE STATEMENT 3 | P | | | X | |
| B | | | | | | |
| C | | | | | | |
| D | | | | | | |
| E | | | | | | |
| F | | | | | | |
| G | | | | | | |

| | Passive Income and Loss | | Nonpassive Income and Loss | | |
|---|---|---|---|---|---|
| | (g) Passive loss allowed (Attach Form 8582 if required) | (h) Passive income from Schedule K-1 | (i) Nonpassive loss from Schedule K-1 | (j) Section 179 expense deduction from Form 4562 | (k) Nonpassive income from Schedule K-1 |
| A | 12,418. | 12,418. | 474. | | 1,110. |
| B | | | | | |
| C | | | | | |
| D | | | | | |
| E | | | | | |
| F | | | | | |
| G | | | | | |
| 28a Totals | | 12,418. | | | 1,110. |
| b Totals | 12,418. | | 474. | | |

29 Add amounts in columns (h) and (k) of line 28a. Enter the total income here . . . 29 13,528.

30 Add amounts in columns (g), (i), and (j) of line 28b. Enter the total here . . . . 30 -12,892.

31 Total partnership and S corporation income or (loss). Combine amounts on lines 29 and 30. Enter the result here and include in the total on line 40 below . . . 31 636.

COPY FOR YOUR FILE

**Part III** Income or Loss From Estates and Trusts

| 32 | (a) Name | (b) Employer identification number |
|---|---|---|
| A | | |
| B | | |

| | Passive Income and Loss | | Nonpassive Income and Loss | |
|---|---|---|---|---|
| | (c) Passive deduction or loss allowed (Attach Form 8582 if required) | (d) Passive income from Schedule K-1 | (e) Deduction or loss from Schedule K-1 | (f) Other income from Schedule K-1 |
| A | | | | |
| B | | | | |
| 33a Totals | | | | |
| b Totals | | | | |

34 Add amounts in columns (d) and (f) of line 33a. Enter the total income here . . . 34

35 Add amounts in columns (c) and (e) of line 33b. Enter the total here . . . 35

36 Total estate and trust income or (loss). Combine amounts on lines 34 and 35. Enter the result here and include in the total on line 40 below 36

**Part IV** Income or Loss From Real Estate Mortgage Investment Conduits (REMICs)—Residual Holder

| 37 (a) Name | (b) Employer identification number | (c) Excess inclusion from Schedules Q, line 2c | (d) Taxable income (net loss) from Schedules Q, line 1b | (e) Income from Schedules Q, line 3b |
|---|---|---|---|---|
| | | | | |

38 Combine amounts in columns (d) and (e) only. Enter the result here and include in the total on line 40 below 38

**Part V** Summary

39 Net farm rental income or (loss) from Form 4835. (Also complete line 41 below.) . . . 39

40 TOTAL income or (loss). Combine amounts on lines 26, 31, 36, 38, and 39. Enter the result here and on Form 1040, line 18 . . . ▶ 40 355.

41 Reconciliation of Farming and Fishing Income: Enter your gross farming and fishing income reported in Parts II and III, and on line 39 41



0300

5

AS ORIGINALLY FILED

AS AMENDED

[redacted] BUSH 408 1560-64 04100946

1990 FEDERAL INCOME TAX STATEMENTS PAGE 10

STATEMENT 3 - INCOME FROM PARTNERSHIPS (CONTINUED)

NAME AND ADDRESS OF PARTNERSHIP
(H) SUMMER LOVERS ASSOCIATES
C/O GREENBERG BROTHERS PARTNERSHIP
2 SOUNDVIEW DRIVE
GREENWICH, CONNECTICUT 06830-0000
FED EMP I.D. NUMBER 11-2615060

| | YES | NO |
|---|---|---|
| GENERAL PARTNER | | |
| TRADE OR BUSINESS - MATERIAL PARTICIPATION | ( ) | (X) |
| RENTAL REAL ESTATE - ACTIVE PARTICIPATION | ( ) | (X) |
| | ( ) | ( ) |

PASSIVE INCOME (LOSS) - TRADE OR BUSINESS 12,418

TOTAL PARTNERSHIP INCOME (LOSS) 12,418

SUMMARY OF INCOME AND K-1 INFORMATION FOR ALL PARTNERSHIPS

| | PASSIVE ACTIVITIES (LOSS) | PASSIVE ACTIVITIES INCOME | NONPASSIVE ACTIVITIES (LOSS) | NONPASSIVE ACTIVITIES INCOME |
|---|---|---|---|---|
| BUSH AND WEAVER | | | | |
| TRADE/BUSINESS ACTIVITY | | | | 1,110 |
| TRADE/BUSINESS ACTIVITY | 323 | | | |
| RENTAL REAL ESTATE | 114 | | | |
| CINEMA '84 REGISTRATION NO. 84272000294 | | | | |
| RENTAL REAL ESTATE | 626 | | | |
| FAWCETT PLAZA ONE | | | | |
| RENTAL REAL ESTATE | 3,027 | | | |
| HAMPTONS II: GRACE ESTATES LIMITED | | | | |
| TRADE/BUSINESS ACTIVITY | 8,317 | | | |
| LONE WOLF MCQUADE ASSOCIATES | | | | |
| TRADE/BUSINESS ACTIVITY | 11 | | | |
| ML-LEE ACQUISITION FUND, L.P. | | | | |
| PUGET SOUND INVESTORS II | | | | |
| RENTAL REAL ESTATE | | | 474** | |
| SUMMER LOVERS ASSOCIATES | | | | |
| TRADE/BUSINESS ACTIVITY | | 12,418 | | |
| TOTAL INCOME OR LOSS FROM ALL PARTNERSHIPS | 12,418 | 12,418 | 474 | 1,110 |

ALREADY Deducted ON 1040 AND Reversed

COPY FOR YOUR FILE

Amount Removed.

**DISPOSITION OF AN ENTIRE INTEREST IN PASSIVE ACT. RESULTS IN NET LOSS

0301 6.

STATEMENT 3 (CONTINUED)

AS ORIGINALLY FILED

[redacted] BUSH 408 1560-64 04100946

1990 FEDERAL INCOME TAX STATEMENTS PAGE 5

STATEMENT 3 - INCOME FROM PARTNERSHIPS (CONTINUED)

SUMMARY OF INCOME AND K-1 INFORMATION FOR THIS PARTNERSHIP

| | PASSIVE ACTIVITIES (LOSS) | PASSIVE ACTIVITIES INCOME | NONPASSIVE ACTIVITIES (LOSS) | NONPASSIVE ACTIVITIES INCOME |
|---|---|---|---|---|
| TRADE/BUSINESS ACTIVITY MRI BUSINESS PROPERTIES FUND LTD. | | | | 1,110 |
| TRADE/BUSINESS ACTIVITY MRI BUSINESS PROPERTIES FUND LTD. | 323 | | | |
| RENTAL REAL ESTATE | 114 | | | |
| TOTAL INCOME OR LOSS FROM ALL PARTNERSHIPS | 437 | | | 1,110 |

OTHER K-1 INFORMATION
PASSIVE LOSS CARRYOVER FOR ALT MIN 1,508
INTEREST 36
TAX PREFERENCE ITEMS
DEPRECIATION ADJUSTMENT FOR POST-1986 PROPERTY 43
INVESTMENT INTEREST EXPENSE
INVESTMENT INCOME 36

COPY FOR YOUR FILE

NAME AND ADDRESS OF PARTNERSHIP
(H) CINEMA '84 REGISTRATION NO. 842720000294
C/O GREENBERG BROTHERS PARTNERSHIP
2 SOUNDVIEW DRIVE
GREENWICH, CONNECTICUT 06830-0000
FED EMP I.D. NUMBER 11-2678807

| | YES | NO |
|---|---|---|
| GENERAL PARTNER | ( ) | (X) |
| TRADE OR BUSINESS - MATERIAL PARTICIPATION | ( ) | ( ) |
| RENTAL REAL ESTATE - ACTIVE PARTICIPATION | ( ) | (X) |
| ACTIVITY STARTED OR ACQUIRED AFTER 10/22/86. | | |

INCOME (LOSS) - RENTAL REAL ESTATE ACTIVITY 1,459

TOTAL PARTNERSHIP INCOME (LOSS) 1,459 ← Income Removed to Extent of At Risk Loss Carryover

GAIN(LOSS) BEFORE LIMITATION 1,459
LESS SUSPENDED LOSS CARRYOVER 4,540
PLUS DISALLOWED LOSS FROM FORM 8582 2,455

PASSIVE INCOME (LOSS) (FROM FORM 8582) -626
OTHER K-1 INFORMATION
PASSIVE LOSS CARRYOVER FOR ALT MIN 4,715

0302



7

AS AMENDED

Form **3800**

Department of the Treasury
Internal Revenue Service

# General Business Credit

▶ Attach to your tax return.
▶ See separate Instructions.

OMB No. 1545-0895
**1990**
Attachment Sequence No. 22

Name(s) as shown on return | Identifying number

**Part I** Tentative Credit

| | | | |
|---|---|---|---|
| 1 | Current year investment credit (Form 3468, Part I) | 1 | 1,387 |
| 2 | Current year jobs credit (Form 5884, Part I) | 2 | |
| 3 | Current year credit for alcohol used as fuel (Form 6478) | 3 | |
| 4 | Current year credit for increasing research activities (Form 6765, Part III) | 4 | |
| 5 | Current year low-income housing credit (Form 8586, Part I) | 5 | |
| 6 | Current year disabled access credit (Form 8826, Part I) | 6 | |
| 7 | **Current year general business credit**—Add lines 1 through 6 | 7 | 1,387 |
| 8 | Passive activity credits included on lines 1 through 6 (see Instructions) | 8 | |
| 9 | Subtract line 8 from line 7 | 9 | 1,387 |
| 10 | Passive activity credits allowed in 1990 (see Instructions) | 10 | |
| 11 | Carryforward of general business credit, WIN credit or ESOP credit to 1990 (see Instructions) | 11 | |
| 12 | Carryback of general business credit to 1990 | 12 | |
| 13 | Tentative general business credit—Add lines 9 through 12 | 13 | 1,387 |

**Part II** General Business Credit Limitation Based on Amount of Tax

| | | | |
|---|---|---|---|
| 14a | Individuals—Enter amount from Form 1040, line 40 | | |
| b | Corporations—Enter amount from Form 1120, Schedule J, line 3 (or Form 1120-A, Part I, line 1) | 14 | 18,038 |
| c | Other filers—Enter regular tax before credits from your return | | |
| 15 | Credits that reduce regular tax before the general business credit— | | |
| a | Credit for child and dependent care expense (Form 2441) | 15a | |
| b | Credit for the elderly or the disabled (Schedule R, Form 1040) | 15b | |
| c | Foreign tax credit (Form 1116 or Form 1118) | 15c | |
| d | Possessions tax credit (Form 5735) | 15d | |
| e | Mortgage interest credit (Form 8396) | 15e | |
| f | Credit for fuel from a nonconventional source | 15f | |
| g | Orphan drug credit (Form 6765) | 15g | |
| h | Total credits that reduce regular tax before the general business credit. Add lines 15a through 15g and enter here | 15h | — |
| 16 | Net regular tax—Subtract line 15h from line 14 | 16 | 18,038 |
| 17 | Tentative minimum tax: | | |
| a | Individuals—Enter amount from Form 6251, line 17 | | |
| b | Corporations—Enter amount from Form 4626, line 13 | 17 | 15,509 |
| c | Estates and Trusts—Enter amount from Form 8656, line 37 | | |
| 18 | Net income tax: | | |
| a | Individuals—Add line 16 above and line 19 of Form 6251. Enter the total 18038 | | |
| b | Corporations—Add line 16 above and line 15 of Form 4626. Enter the total | 18 | 18,038 |
| c | Other filers—See Instructions | | |
| 19 | If line 16 is more than $25,000, enter 25% of the excess | 19 | — |
| 20 | Subtract line 17 or line 19, whichever is greater, from line 18. Enter the result. If less than zero, enter zero | 20 | 2,529 |
| 21 | **General business credit**—Enter the smaller of line 13 or line 20. Also enter this amount on Form 1040, line 44; Form 1120, Schedule J, line 4e; Form 1120-A, Part I, line 2a; or on the appropriate line of your return. (Individuals, estates, and trusts, see instructions if the credit for increasing research activities is claimed. C corporations, see instructions for Schedule A if the investment credit is claimed or if the corporation has undergone a post-1986 "ownership change.") | 21 | 1,387 |

AS ORIGINALLY FILED

AS AMENDED

BUSH 408-04100946 1560-64 11

Form **6251** Department of the Treasury Internal Revenue Service

## Alternative Minimum Tax-Individuals

▶ Attach to Form 1040 or Form 1040NR. Estates and trusts, use Form 8656.

OMB No. 1545-0227 **1990** Attachment Sequence No. 32

Name(s) shown on Form 1040: LYMAN F. & BEVERLY J. BUSH

Your social security number: [redacted]

| Line | Description | Box | Amount | Line | Amount | As Amended |
|---|---|---|---|---|---|---|
| 1 | Taxable income from Form 1040, line 37. (If Form 1040, line 37 is zero, see instructions.) | | | 1 | 91,989. | 82,573 |
| 2 | Net operating loss deduction, if any, from Form 1040, line 22. (Enter as a positive amount.) | | | 2 | | |
| 3 | Combine lines 1 and 2. | | | 3 | 91,989. | |
| 4 | Adjustments: (See instructions before completing.) | | | | | |
| a | Standard deduction, if any, from Form 1040, line 34 | 4a | | | | |
| b | Personal exemption amount from Form 1040, line 36 | 4b | 4,100. | | | 4,100 |
| c | Medical and dental expenses | 4c | | | | |
| d | Miscellaneous itemized deductions from Schedule A (Form 1040), line 25 | 4d | 2,252. | | | 2,517 |
| e | Taxes from Schedule A (Form 1040), line 8 | 4e | 2,721. | | | 2,721 |
| f | Refund of taxes | 4f | | | | |
| g | Personal interest from Schedule A (Form 1040), line 12b | 4g | | | | |
| h | Other interest adjustments | 4h | | | | |
| i | Reserved | 4i | | | | |
| j | Depreciation of tangible property placed in service after 1986 | 4j | | | | |
| k | Circulation and research and experimental expenditures paid or incurred after 1986 | 4k | | | | |
| l | Mining exploration and development costs paid or incurred after 1986 | 4l | | | | |
| m | Long-term contracts entered into after 2/28/86 | 4m | | | | |
| n | Pollution control facilities placed in service after 1986 | 4n | | | | |
| o | Installment sales of certain property | 4o | | | | |
| p | Adjusted gain or loss | 4p | | | | |
| q | Certain loss limitations | 4q | | | | |
| r | Tax shelter farm loss | 4r | | | | |
| s | Passive activity loss | 4s | -16. | | | <16> |
| t | Beneficiaries of estates and trusts | 4t | | | | |
| u | Combine lines 4a through 4t | | | 4u | 9,057. | |
| 5 | Tax preference items: (See instructions before completing.) | | | | | |
| a | Appreciated property charitable deduction | 5a | | | | |
| b | Tax-exempt interest from private activity bonds issued after 8/7/86 | 5b | | | | |
| c | Depletion | 5c | | | | |
| d | Accelerated depreciation of real property placed in service before 1987 | 5d | | | | |
| e | Accelerated depreciation of leased personal property placed in service before 1987 | 5e | | | | |
| f | Amortization of certified pollution control facilities placed in service before 1987 | 5f | | | | |
| g | Intangible drilling costs | 5g | | | | |
| h | Add lines 5a through 5g | | | 5h | | |
| 6 | Combine lines 3, 4u, and 5h. | | | 6 | 101,046. | |
| 7 | Alternative tax net operating loss deduction. (Do not enter more than 90% of line 6.) | | | 7 | | |
| 8 | Alternative minimum taxable income. Subtract line 7 from line 6. If married filing a separate return, see instructions | | | 8 | 101,046. | |
| 9 | Enter: $40,000 ($20,000 if married filing separately; $30,000 if single or head of household) | | | 9 | 40,000. | |
| 10 | Enter: $150,000 ($75,000 if married filing separately; $112,500 if single or head of household) | | | 10 | 150,000. | |
| 11 | Subtract line 10 from line 8. If zero or less, enter -0- here and on line 12 and go to line 13 | | | 11 | 0. | |
| 12 | Multiply line 11 by 25% (.25) | | | 12 | 0. | |
| 13 | Subtract line 12 from line 9. If zero or less, enter -0-. If completing this form for a child under age 14, see instructions for amount to enter. | | | 13 | 40,000. | <40,000> |
| 14 | Subtract line 13 from line 8. If zero or less, enter -0- here and on line 19 and skip lines 15 through 18 | | | 14 | 61,046. | 51,895 |
| 15 | Multiply line 14 by 21% (.21) | | | 15 | 12,820. | |
| 16 | Alternative minimum tax foreign tax credit | | | 16 | | |
| 17 | Tentative minimum tax. Subtract line 16 from line 15. | | | 17 | 12,820. | 10,898 |
| 18 | Enter your tax from Form 1040, line 38, minus any foreign tax credit on Form 1040, line 43. If an amount is entered on line 39 of Form 1040, see instructions | | | 18 | 22,218. | 17,758 |
| 19 | Alternative minimum tax. Subtract line 18 from line 17. If zero or less, enter -0-. Enter this amount on Form 1040, line 49. If completing this form for a child under age 14, see instructions for amount to enter | | | 19 | 0. | -0- |

COPY FOR YOUR FILE

For Paperwork Reduction Act Notice, see separate Instructions. Form 6251 (1990)

H788

0304

9

Form **3468**

Department of the Treasury
Internal Revenue Service

# Investment Credit

▶ Attach to your return.
▶ See separate Instructions.

OMB No. 1545-0155
**1990**
Attachment Sequence No. 52

Name(s) as shown on return | Identifying number

**Part I — Current Year Investment Credit**

**Note:** *Generally, you cannot claim the regular investment credit for property placed in service after December 31, 1985 (see Instructions).*

**A** If you are claiming credit under section 46(g) for "qualified withdrawals" with respect to "certain vessels" (see Instructions), check here ▶ ☐

| | | | | |
|---|---|---|---|---|
| 1 | Regular credit—Enter amount from Schedule A, line 4 | | 1 | 1,387 |
| 2 | Qualified rehabilitation expenditures for transitional rehabilitation property and certain rehabilitation projects—Enter qualified investment and multiply by percentage shown: | | | |
| a | 30-year-old buildings | × 10% | 2a | |
| b | 40-year-old buildings | × 13% | 2b | |
| c | Certified historic structures (attach NPS certificate) | × 25% | 2c | |
| | Enter NPS number assigned or the flow-through entity's identifying number (see Instructions) | | | |
| 3 | Qualified rehabilitation expenditures not includible in line 2 above: | | | |
| a | Pre-1936 buildings | × 10% | 3a | |
| b | Certified historic structures (attach NPS certificate) | × 20% | 3b | |
| | Enter NPS number assigned or the flow-through entity's identifying number (see Instructions) | | | |
| 4 | Credit from cooperatives—Enter unused regular investment credit from cooperatives | | 4 | |
| 5 | Business energy investment credit—Enter amount from Schedule B, line 6 | | 5 | |
| 6 | Current year investment credit—Add lines 1 through 5 | | 6 | 1,387 |

*See General Instruction B, "When To File Form 3800, General Business Credit."*

**Part II — Current Year Investment Credit Tax Liability Limitation**

| | | | | | |
|---|---|---|---|---|---|
| 7a | Individuals—Enter amount from Form 1040, line 40 | | | | |
| b | Corporations—Enter amount from Form 1120, Schedule J, line 3 (or Form 1120-A, Part I, line 1) | | | 7 | 17,758 |
| c | Other filers—Enter regular tax before credits from your return | | | | |
| 8 | Credits that reduce regular tax before the investment credit: | | | | |
| a | Credit for child and dependent care expenses (Form 2441) | 8a | | | |
| b | Credit for the elderly or the disabled (Schedule R, Form 1040) | 8b | | | |
| c | Foreign tax credit (Form 1116 or Form 1118) | 8c | | | |
| d | Possessions tax credit (Form 5735) | 8d | | | |
| e | Mortgage interest credit (Form 8396) | 8e | | | |
| f | Credit for fuel from a nonconventional source (see instructions) | 8f | | | |
| g | Orphan drug credit (Form 6765) | 8g | | | |
| h | Total credits that reduce regular tax before the investment credit. Add lines 8a through 8g | | | 8h | |
| 9 | Net regular tax—Subtract line 8h from line 7 | | | 9 | 17,758 |
| 10 | Tentative minimum tax: | | | | |
| a | Individuals—Enter amount from Form 6251, line 17 | | | | |
| b | Corporations—Enter amount from Form 4626, line 13 | | | 10 | 10,898 |
| c | Estates and Trusts—Enter amount from Form 8656, line 37 | | | | |
| 11 | Net income tax: | | | | |
| a | Individuals—Add line 9 above and line 19 of Form 6251. Enter the total | | | | |
| b | Corporations—Add line 9 above and line 15 of Form 4626. Enter the total | | | 11 | 17,758 |
| c | Other filers—See Instructions | | | | |
| 12 | If line 9 is more than $25,000, enter 25% of the excess (see Instructions) | | | 12 | — |
| 13 | Subtract line 10 or line 12, whichever is greater, from line 11. Enter the result. If less than zero, enter zero | | | 13 | 6,860 |
| 14 | Total allowed credit—Enter the smaller of line 6 or line 13. This is your **General Business Credit** for 1990. Enter here and on Form 1040, line 44; Form 1120, Schedule J, line 4e; Form 1120-A, Part I, line 2a; or on the corresponding line of other income tax returns | | | 14 | 1,387 |

**For Paperwork Reduction Act Notice, see separate Instructions.**

Form **3468** (1990)

AS AMENDED

0305

10

AS AMENDED

COST BASIS OF ITC PROPERTY TO EXTENT OF AT-RISK CARRYOVER USED: Summer Lovers 12,418
Cinema '84 1,459 13,867



## Schedule A—Current Year Regular Investment Credit

1 Enter on lines 1a through 1h your qualified investment in transition property (see Instructions).

| Type of Property | Line | (1) Class of Recovery Property or Useful Life of Nonrecovery Property | (2) Basis or Cost | (3) Applicable Percentage | (4) Qualified Investment (column 2 x column 3) |
|---|---|---|---|---|---|
| New Recovery | a | 20-year or more | | 100 | |
| | b | Other | 13,867 | 10% | 1,387 |
| Used Recovery | c | 20-year or more | | 100 | |
| | d | Other | | | |
| New Nonrecovery | e | 20-year or more | | 100 | |
| | f | Other | | | |
| Used Nonrecovery | g | 20-year or more | | 100 | |
| | h | Other | | | |

| | | | |
|---|---|---|---|
| 2 | Transition property—Enter qualified investment (from lines 1a through 1h, column (4)) and multiply by percentage shown ______ x 6.5% | 2 | |
| 3 | Qualified timber property—Enter qualified investment (see Instructions for limitations) and multiply by percentage shown ______ x 10% | 3 | |
| 4 | Current year regular investment credit. Add lines 2 and 3. Enter here and on line 1 of page 1 | 4 | 1,387 |

## Schedule B—Business Energy Investment Credit

1 Enter on lines 1a through 1e your qualified investment in business energy property.

| Type of Property | Line | (1) Class of Property or Life Years | (2) Code | (3) Basis | (4) Applicable Percentage | (5) Qualified Investment (column 3 x column 4) |
|---|---|---|---|---|---|---|
| Recovery | a | 3-year | | | 60 | |
| | b | Other | | | 100 | |
| Nonrecovery | c | 3 or more/less than 5 | | | 33⅓ | |
| | d | 5 or more/less than 7 | | | 66⅔ | |
| | e | 7 or more | | | 100 | |

2 Total qualified investment—Add lines 1a through 1e, column (5) . . . 2

| 3 Enter in column (1) the portion of the line 2 amount attributable to the following types of property: | Line | (1) Qualified Investment | (2) Credit Percentage | (3) Investment Credit (column 1 x column 2) |
|---|---|---|---|---|
| a Solar energy property (see Instructions) | a | | 10 | |
| b Geothermal property (see Instructions) | b | | 10 | |
| c Ocean thermal property (see Instructions) | c | | 15 | |

| | | | |
|---|---|---|---|
| d | Current year credit for investment in business energy property. Add lines 3a through 3c, column (3) | 3d | |
| 4 | Certain other property. (See Instructions.) Enter qualified investment and multiply by percentage shown: | | |
| a | Certain long-term section 46(b)(2)(C) projects under way before 1983 ______ x 6.5% | 4a | |
| b | Hydroelectric generating property placed in service before 1989 (if an application has been docketed with the Federal Energy Regulatory Commission by 12-31-85) ______ x 7.15% | 4b | |
| 5 | Cooperative credit—Enter unused business energy investment credit from cooperatives | 5 | |
| 6 | Tentative business energy investment credit—Add lines 3d through 5. Enter here and on line 5 of page 1 | 6 | |



//

Lyman F. and Beverly J. Bush
Form 1040X, Amended U. S. Individual Income Tax Return
SSN [redacted]

Statement of ITC from Cinema '84

| | |
|---|---|
| §38 Basis in ITC Property from Form 3468, 1984 | 82,606 |

Amounts ITC Basis Used (or that could have been used) in Prior Years

| | |
|---|---|
| 1984, ITC Basis used up to Initial Investment at-risk based on original capital contributed on closing agreement | (50,000) |
| 1988, ITC Basis used up to At-Risk carryover used against net income | (2,338) |
| Total Amount of ITC Basis Available for Succeeding Years | 30,268 |

Lyman F. and Beverly J. Bush
Form 1040X, Amended U. S. Individual Income Tax Return
SSN [redacted]

Statement of ITC from Summer Lovers

| | |
|---|---|
| §38 Basis in ITC Property from Form 3468, 1982 | 90,042 |

Amounts ITC Basis Used (or that could have been used) in Prior Years

| | |
|---|---|
| 1982, ITC Basis used up to Initial Investment at-risk based on original capital contributed on closing agreement | (50,000) |
| 1986, ITC Basis that could have been used, up to At-Risk carryover used against net income | (129) |
| 1987, ITC Basis that could have been used, up to At-Risk carryover used against net income | (125) |
| Total Amount of ITC Basis Available for Succeeding Years | 39,788 |

Department of the Treasury
Internal Revenue Service

OGDEN, UT 84201

In reply refer to: 2981522163
Aug. 23, 2000 LTR 105C
[redacted] 199012 30 000 1
00751

LYMAN F & BEVERLY J DECD BUSH
% THOMAS E REDDING ESQ
515 POST OAK BOULLEVARD STE 500
HOUSTON TX 77027-9148150

EXTRA COPY

CERTIFIED MAIL

Taxpayer Identification Number: [redacted]
Kind of Tax: INCOME TAX
Amount of Claim(s): $ 5,847.00

Date Claim(s) Received: Dec. 28, 1999
Tax Period(s): Dec. 31, 1990

Dear Taxpayer:

This letter is your legal notice that we have disallowed your claim(s). We can't allow your claim(s) for refund or credit for the period(s) shown above for the reason(s) listed below.

Since the losses from Summer Lovers were not disallowed in previous years, the income is not available for "at risk" carryover. The amounts were never limited. Since there is no investment tax credit available in 1990 from any of the partnerships, the credit has not been allowed. You will receive a separate notice explaining the adjustments to Cinema 84.

If you want to appeal our decision to disallow your claim, you must provide a brief written statement of the issues you don't agree with. The facts contained in the written statement should be detailed and complete, including names, amounts, locations, etc.

You should include the following: EXHIBIT "C"

1. A statement that you want to appeal the disallowance.

2. Your name, address, and a telephone number where you can be contacted during the day.

3. A statement of facts supporting your reasons for disputing the disallowance.

4. A statement outlining the law or other authority that supports your claim.

You must declare that the statement of facts is true under penalties

Bush 503303721

Form **1040X** (Rev. November 1998)

Department of the Treasury — Internal Revenue Service

# Amended U.S. Individual Income Tax Return

▶ See separate instructions.

OMB No. 1545-0091

This return is for calendar year ▶ 1991 , OR fiscal year ended ▶ , 19

Please print or type

| Your first name and initial | Last name | Your social security number |
|---|---|---|
| LYMAN F. | BUSH | [redacted] |
| If a joint return, spouse's first name and initial | Last name | Spouse's social security number |
| BEVERLY J. | BUSH | [redacted] |
| Home address (no. and street) or P.O. box if mail is not delivered to your home: 1217 122nd Street Court East | Apt. no. | Telephone number (optional): 713-965-9244 |
| City, town or post office, state, and ZIP code. If you have a foreign address, see page 2 of the instructions. Tacoma, Washington 98445 | | For Paperwork Reduction Act Notice, see page 6. |

A If the name or address shown above is different from that shown on the original return, check here ▶ [X]

B Has the original return been changed or audited by the IRS or have you been notified that it will be? [X] Yes [ ] No

C Filing status. Be sure to complete this line. **Note:** *You cannot change from joint to separate returns after the due date.*

On original return ▶ [ ] Single [X] Married filing joint return [ ] Married filing separate return [ ] Head of household [ ] Qualifying widow(er)

On this return ▶ [ ] Single [X] Married filing joint return [ ] Married filing separate return [ ] Head of household* [ ] Qualifying widow(er)

* If the qualifying person is a child but not your dependent, see page 2.

| USE PART II ON THE BACK TO EXPLAIN ANY CHANGES | | A. Original amount or as previously adjusted (see page 2) | B. Net change — amount of increase or (decrease) — explain in Part II | C. Correct amount |
|---|---|---|---|---|
| **Income and Deductions (see pages 2 - 5)** | | | | |
| 1 Adjusted gross income (see page 3) | 1 | 32,369 | (21,090) | 11,279 |
| 2 Itemized deductions or standard deduction (see page 3) | 2 | 14,877 | 422 | 15,299 |
| 3 Subtract line 2 from line 1 | 3 | 17,492 | (21,512) | (4,020) |
| 4 Exemptions. If changing, fill in Parts I and II on the back | 4 | 4,300 | 0 | 4,300 |
| 5 Taxable income. Subtract line 4 from line 3 | 5 | 13,192 | (21,512) | (8,320) |
| **Tax Liability** | | | | |
| 6 Tax (see page 4). Method used in col. C Tax Rate Schedule | 6 | 1,976 | (1,976) | 0 |
| 7 Credits (see page 4) | 7 | | | |
| 8 Subtract line 7 from line 6. Enter the result but not less than zero | 8 | 1,976 | (1,976) | 0 |
| 9 Other taxes (see page 4) | 9 | 1,101 | 0 | 1,101 |
| 10 Total tax. Add lines 8 and 9 | 10 | 3,077 | (1,976) | 1,101 |
| **Payments** | | | | |
| 11 Federal income tax withheld and excess social security and RRTA tax withheld. If changing, see page 4 | 11 | 7,296 | 0 | 7,296 |
| 12 Estimated tax payments, including amount applied from prior year's return | 12 | 10,060 | 0 | 10,060 |
| 13 Earned income credit | 13 | | | |
| 14 Additional child tax credit from Form 8812 | 14 | | | |
| 15 Credits from Form 4136 or Form 2439 | 15 | | | |
| 16 Amount paid with Form 4868, 2688, or 2350 (applications for extension of time to file) | 16 | | | |
| 17 Amount of tax paid with original return plus additional tax paid after it was filed | 17 | | | |
| 18 Total payments. Add lines 11 through 17 in column C | 18 | | | 17,356 |
| **Refund or Amount You Owe** | | | | |
| 19 Overpayment, if any, as shown on original return or as previously adjusted by the IRS 952 13,327 | 19 | | | 14,279 |
| 20 Subtract line 19 from line 18 (see page 4) | 20 | | | 3,077 |
| 21 **AMOUNT YOU OWE.** If line 10, column C, is more than line 20, enter the difference and see page 4 | 21 | | | 0 |
| 22 If line 10, column C, is less than line 20, enter the difference | 22 | | | 1,976 |
| 23 Amount of line 22 you want **REFUNDED TO YOU** | 23 | | | 1,976 ** |
| 24 Amount of line 22 you want **APPLIED TO YOUR 19 ESTIMATED TAX** | 24 | | | |

**Sign Here**
Joint return? See page 2. Keep a copy for your records.

Under penalties of perjury, I declare that I have filed an original return and that I have examined this amended return, including accompanying schedules and statements, and to the best of my knowledge and belief, this amended return is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which the preparer has any knowledge.

Lyman F. Bush 11-24-99
Your signature Date

Lyman F. Bush Personal Representative of the Estate of Beverly J. Bush, deceased 11-24-99
Spouse's signature. If a joint return, BOTH must sign. Date

**Paid Preparer's Use Only**

Preparer's signature: B A Thompson CPA Date 11/23/99 Check if self-employed [X] Preparer's social security no. [redacted]

Firm's name (or yours if self-employed) and address: Brett A. Thompson, CPA, 20214 Kingsland Blvd., Katy, Texas EIN ZIP code 77450

** *or such greater amount as is legally refundable, plus interest.*

ISA STF FED3171F.1 Form **1040X** (Rev. 11-98)

EXHIBIT "D"

Form 1040X (Rev. 11-98) Bush [redacted]

Page 2

**Part I** **Exemptions.** See Form 1040, Form 1040A, or Form 1040-T instructions.

If you are **not changing your exemptions,** do not complete this part.
If claiming **more exemptions,** complete lines 25 - 31 and, if applicable, line 32.
If claiming **fewer exemptions,** complete lines 25 - 30.

| | | A. Original number of exemptions reported or as previously adjusted | B. Net change | C. Correct number of exemptions |
|---|---|---|---|---|
| 25 Yourself and spouse . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **Caution:** *If your parents (or someone else) can claim you as a dependent (even if they chose not to), you cannot claim an exemption for yourself.* | 25 | | | |
| 26 Your dependent children who lived with you . . . . . . . . . . . . . . . . . . . . | 26 | | | |
| 27 Your dependent children who did not live with you due to divorce or separation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 27 | | | |
| 28 Other dependents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 28 | | | |
| 29 Total number of exemptions. Add lines 25 through 28 . . . . . . . . . . . . . . | 29 | | | |
| 30 Multiply the number of exemptions claimed on line 29 by the amount listed below for the tax year you are amending. Enter the result here and on line 4. | 30 | | | |

| Tax year | Exemption amount | But see page 3 if the amount on line 1 is over: |
|---|---|---|
| 1998 | $2,700 | $93,400 |
| 1997 | 2,650 | 90,900 |
| 1996 | 2,550 | 88,475 |
| 1995 | 2,500 | 86,025 |

31 Dependents (children and other) not claimed on original (or adjusted) return:
**Note:** *For tax year 1998, do not complete column (e) below. For tax years before 1998, do not complete column (d) below.*

| (a) First name Last name | (b) Dependent's social security number. If born in the tax year you are amending, see page 5. | (c) Dependent's relationship to you | (d) ✓ if qualifying child for child tax credit (see page 5) | (e) No. of months lived in your home |
|---|---|---|---|---|
| | | | ☐ | |
| | | | ☐ | |
| | | | ☐ | |
| | | | ☐ | |
| | | | ☐ | |
| | | | ☐ | |

No. of your children on line 31 who:
- lived with you . . . . . . . . ▶ ☐
- did not live with you due to divorce or separation (see page 5) . . . . . ▶ ☐

Dependents on line 31 not entered above ▶ ☐

32 For tax year 1995, if your child listed on line 31 did not live with you but is claimed as your dependent under a pre-1985 agreement, check here . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ▶ ☐

**Part II** **Explanation of Changes to Income, Deductions, and Credits**

**Enter the line number from the front of the form for each item you are changing and give the reason for each change. Attach only the supporting forms and schedules for the items changed. If you do not attach the required information, your Form 1040X may be returned. Be sure to include your name and social security number on any attachments.**

If the change relates to a net operating loss carryback or a general business credit carryback, attach the schedule or form that shows the year in which the loss or credit occurred. See page 1 of the instructions. Also, check here . . . . . . . . . . . . . . . . . . . . . . . ▶ ☐

***** *PLEASE SEE EXPLANATION ATTACHED* *****

Summary of Changes to Adjusted Gross Income:

| | | | |
|---|---|---|---|
| First Form 1040X filed - Adjusted Taxable Income | | | $ 32,369 |
| Less: Income Offset by At-risk Carryforward | (14,747) | Summer Lovers Assoc | |
| Income Offset by At-risk Carryforward | ( 1,272) | Cinema '84 Pg6 | |
| Loss Included in First Form 1040X, Page 5 | 269 | " " | |
| Taxable Social Security Income limited by AGI % Limt | ( 5,340) | | |
| Net Adjustments to Adjusted Gross Income | ---------- | | (21,090) |
| Adjusted Taxable Income, this Second Form 1040X | | | $ 11,279 |

**Part III** **Presidential Election Campaign Fund.** Checking below will not increase your tax or reduce your refund.

If you did not previously want $3 to go to the fund but now want to, check here . . . . . . . . . . . . . . . . . . . . . . . . ▶ ☐
If a joint return and your spouse did not previously want $3 to go to the fund but now wants to, check here . . . . . . . . . . ▶ ☐

STF FED3171F.2

Form **2848**
(Rev. December 1997)
Department of the Treasury
Internal Revenue Service

# Power of Attorney and Declaration of Representative

▶ See the separate instructions.

OMB No. 1545-0150
For IRS Use Only
Received by:
Name
Telephone
Function
Date

**Part I** Power of Attorney (Please type or print.)

1 **Taxpayer information** (Taxpayer(s) must sign and date this form on page 2, line 9.)

| Taxpayer name(s) and address | Social security number(s) | Employer identification number |
|---|---|---|
| Lyman F. and Beverly J. Bush<br>1217 122nd Street Court East<br>Tacoma, WA 98445 | [redacted]<br>[redacted] | |
| | Daytime telephone number | Plan number (if applicable) |

hereby appoint(s) the following representative(s) as attorney(s)-in-fact:

2 **Representative(s)** (Representative(s) must sign and date this form on page 2, Part II.)

| Name and address | |
|---|---|
| Thomas E. Redding<br>P.O. Box 924328<br>Houston, Texas 77292-4328 | CAF No. ___<br>Telephone No. (713) 965-9244<br>Fax No. (713) 621-5227<br>Check if new: Address ☐ Telephone No. ☐ |
| Sallie W. Gladney<br>P.O. Box 924328<br>Houston, Texas 77292-4328 | CAF No. ___<br>Telephone No. (713) 965-9244<br>Fax No. (713) 621-5227<br>Check if new: Address ☐ Telephone No. ☐ |
| | CAF No. ___<br>Telephone No. ___<br>Fax No. ___<br>Check if new: Address ☐ Telephone No. ☐ |

to represent the taxpayer(s) before the Internal Revenue Service for the following tax matters:

3 **Tax matters**

| Type of Tax (Income, Employment, Excise, etc.) | Tax Form Number (1040, 941, 720, etc.) | Year(s) or Period(s) |
|---|---|---|
| Income | 1040 | Tax Periods Ending: December 31, 1982, 1983, 1984, 1985, 1986, 1987, 1988, 1989, 1990, 1991, 1992, 1993, 1994 and 1995. |
| | | |
| | | |

4 **Specific use not recorded on Centralized Authorization File (CAF).** If the power of attorney is for a specific use not recorded on CAF, check this box. (See instruction for **Line 4 — Specific uses not recorded on CAF.**) . . . . . . . . . . . . . . . . . . . . . . ▶ ☐

5 **Acts authorized.** The representatives are authorized to receive and inspect confidential tax information and to perform any and all acts that I (we) can perform with respect to the tax matters described on line 3, for example, the authority to sign any agreements, consents, or other documents. The authority does not include the power to receive refund checks (see line 6 below), the power to substitute another representative unless specifically added below, or the power to sign certain returns (see instruction for **Line 5 — Acts authorized**).

List any specific additions or deletions to the acts otherwise authorized in this power of attorney: This power includes but is not limited to authorization to exercise the taxpayer's rights under I.R.C. Section 6103(e)(1)(C) relative to Forms 1065 for partnerships in which the taxpayer(s) was a partner.

**Note:** *In general, an unenrolled preparer of tax returns cannot sign any document for a taxpayer. See Revenue Procedure 81-38, printed as Pub. 470, for more information.*

**Note:** *The tax matters partner of a partnership is not permitted to authorize representatives to perform certain acts. See the instructions for more information.*

6 **Receipt of refund checks.** If you want to authorize a representative named on line 2 to receive, BUT NOT TO ENDORSE OR CASH, refund checks, initial here LFB and list the name of that representative below.

Name of representative to receive refund check(s) ▶ Thomas E. Redding

For Paperwork Reduction and Privacy Act Notice, see the separate instructions. Form 2848 (Rev. 12-97)

ISA
STF FED4676F.1

4-28-1995 0:31AM FROM P.2

SEP.-30'99(THU) 14:08 REDDING & AS P.C. TEL:713-621-52 P.002

Form 2848 (Rev. 12-97) Page 2

7 **Notices and communications.** Original notices and other written communications will be sent to you and a copy to the first representative listed on line 2 unless you check one or more of the boxes below.

a If you want the first representative listed on line 2 to receive the original, and yourself a copy, of such notices or communications, check this box ▶ ☐

b If you also want the second representative listed to receive a copy of such notices and communications, check this box ▶ ☐

c If you do not want any notices or communications sent to your representative(s), check this box ▶ ☐

8 **Retention/revocation of prior power(s) of attorney.** The filing of this power of attorney automatically revokes all earlier power(s) of attorney on file with the Internal Revenue Service for the same tax matters and years or periods covered by this document. If you do not want to revoke a prior power of attorney, check here ▶ ☒

**YOU MUST ATTACH A COPY OF ANY POWER OF ATTORNEY YOU WANT TO REMAIN IN EFFECT.**

9 **Signature of taxpayer(s).** If a tax matter concerns a joint return, both husband and wife must sign if joint representation is requested, otherwise, see the instructions. If signed by a corporate officer, partner, guardian, tax matters partner, executor, receiver, administrator, or trustee on behalf of the taxpayer, I certify that I have the authority to execute this form on behalf of the taxpayer.

▶ **IF NOT SIGNED AND DATED, THIS POWER OF ATTORNEY WILL BE RETURNED.**

Lyman F. Bush (signature) — Signature | 9-30-99 — Date | Title (if applicable)

Lyman F. Bush — Print Name

Lyman F. Bush (signature) — Signature | 9-30-99 — Date | EXECUTOR OF THE ESTATE OF BEVERLY J. BUSH — Title (if applicable)

LYMAN F. BUSH — Print Name

**Part II** **Declaration of Representative**

Under penalties of perjury, I declare that:

- I am not currently under suspension or disbarment from practice before the Internal Revenue Service;
- I am aware of regulations contained in Treasury Department Circular No. 230 (31 CFR, Part 10), as amended, concerning the practice of attorneys, certified public accountants, enrolled agents, enrolled actuaries, and others;
- I am authorized to represent the taxpayer(s) identified in Part I for the tax matter(s) specified there; and
- I am one of the following:
  - a Attorney — a member in good standing of the bar of the highest court of the jurisdiction shown below.
  - b Certified Public Accountant — duly qualified to practice as a certified public accountant in the jurisdiction shown below.
  - c Enrolled Agent — enrolled as an agent under the requirements of Treasury Department Circular No. 230.
  - d Officer — a bona fide officer of the taxpayer's organization.
  - e Full-Time Employee — a full-time employee of the taxpayer.
  - f Family Member — a member of the taxpayer's immediate family (i.e., spouse, parent, child, brother, or sister).
  - g Enrolled Actuary — enrolled as an actuary by the Joint Board for the Enrollment of Actuaries under 29 U.S.C. 1242 (the authority to practice before the Service is limited by section 10.3(d)(1) of Treasury Department Circular No. 230).
  - h Unenrolled Return Preparer — an unenrolled return preparer under section 10.7(c)(viii) of Treasury Department Circular No. 230.

▶ **IF THIS DECLARATION OF REPRESENTATIVE IS NOT SIGNED AND DATED, THE POWER OF ATTORNEY WILL BE RETURNED.**

| Designation — Insert above letter (a - h) | Jurisdiction (state) or Enrollment Card No. | Signature | Date |
|---|---|---|---|
| A | Texas | (signature) Thomas E. Redding | 10/1/99 |
| A | Texas | (signature) Sallie W. Gladney | 10-1-99 |
| | | | |

STF FED4575F.2

0313

**LYMAN F. BUSH and BEVERLY J. BUSH**
**(SSN [redacted] and SSN [redacted])**
**EXPLANATION - 1991 REFUND CLAIM**

The taxpayer and the Commissioner entered into a Closing Agreement ("Agreement") regarding the taxpayers' partnership interest in Cinema 84 and Summer Lovers Associates, copies of which are attached hereto as Exhibit "A."

This refund claim is being filed and is timely based on Paragraph 15 of the Agreement which provides that "[a]ny refund claim attributable to the operation of this agreement ***shall*** be deemed to be timely filed and ***shall*** be allowed if it is filed with the IRS within one year of the execution of this agreement by the Commissioner of Internal Revenue."

Further, pursuant to Paragraph 15 of the Agreement, "[a]ny refund claim so submitted within 120 days of this agreement shall be allowed as an offset pursuant to I.R.C. §§6402(a) and 6601(f) against any tax deficiencies resulting from this agreement." Therefore, the refund due under this claim must be applied as an offset to the tax deficiencies arising from the settlement. The refund should be applied first to any deficiency determined for 1983 and thereafter any balance to any subsequent year deficiencies.

This refund claim results from application of the portion of the §465 suspended losses allowable in this year as a consequence of the increase in the amount at risk resulting from net partnership income reported in this year, based on Agreement Paragraph 8.

This refund claim also results from application of the portion of the §465 suspended investment tax credits allowable in this year as a consequence of the increase in the amount at risk resulting from net partnership income reported in this year, based on Agreement Paragraph 8.

Based upon the Agreement, the suspended losses and ITC allowable in this year as a consequence of Paragraph 8 of the Agreement are determined as follows:

| | Cinema 84 | Summer Lovers |
|---|---|---|
| Increase of amount at risk due to net partnership income | $1,272.00 | $14,747.00 |
| Allowable portion of losses previously suspended under §465 per Agreement | $<1,272.00> | $<14,747.00> |
| Portion of ITC suspended under §465 allowable due to increase in amount at risk | $127.00 | $1,475.00 |

***Please process this claim immediately and apply the refund as an offset under §6402 as required above.***

Exhibit:

A - Copy of Closing Agreement

C:\DOCS\CORRESP.Q\REFUND.CLM\qsten169.bu3

Department of the Treasury - Internal Revenue Service

# Closing Agreement on Final Determination Covering Specific Matters

Under section 7121 of the Internal Revenue Code of 1986 (hereinafter "Code")

Lyman F. Bush (SSN: [redacted]) and Beverly J. Bush (SSN: [redacted])
(Taxpayers' Name, address, and identifying number)

1217 122nd Street Court East, Tacoma, WA 98445 (hereinafter referred to as taxpayer)

and the Commissioner of Internal Revenue make the following closing agreement:

WHEREAS, a dispute has arisen between the parties as to the Federal income tax treatment to be accorded to the taxpayers' purchase of an investment in Cinema 84 (hereinafter Partnership);

WHEREAS, the parties wish to determine, with finality, the taxpayers' income, gains, losses, deductions and credits for1984 and subsequent years with respect to the Partnership.

NOW IT IS HEREBY DETERMINED AND AGREED for Federal income tax purposes that:

1. No adjustment to the partnership items shall be made for the taxable years 1984 through 1995 for purposes of this settlement.

2. The taxpayers are entitled to claim their distributive share of the partnership losses for 1984 through 1995 only to the extent they are at risk under I.R.C. § 465.

3. The taxpayers' amount at risk for 1984 through 1989 is their capital contribution to the partnership.

4. The taxpayers' capital contribution to the partnership is 50,000.00.

5. Taxpayers' qualified investment for computing investment tax credit is the amount at risk as set forth in paragraph #4.

6. The taxpayers are not at risk under I.R.C. § 465 for any partnership notes, entered into by the partnership to acquire rights in the motion pictures Terminator, Perfect Strangers, Special Effects, Return of the Living Dead, A Breed Apart and Howling II, whether or not assumed by the taxpayers. Any losses disallowed under this agreement are suspended under I.R.C. § 465. Such suspended losses may be used to offset the taxpayers' pro rata share of any income earned by the partnership and/or other income in accordance with the operation of I.R.C. § 465.

7. To the extent the taxpayers make additional cash contributions to the capital of the partnership after 1989, the taxpayers' amount at risk will be increased in accordance with I.R.C. § 465.

8. To the extent the partnership earns net income the taxpayers' at risk will be increased in accordance with I.R.C. § 465.

9. To the extent the taxpayers make cash payments on the partnership notes after the date of execution of this agreement by the Commissioner and the taxpayers, the taxpayers' amount at risk will be increased in accordance with I.R.C. § 465.

EXHIBIT "A"

10. No additions to tax under I.R.C. §§ 6653(a), 6661, 6659 or 6662 will be asserted with respect to the taxpayers' investment in the partnership for 1984 through 1995.

11. The taxpayers are liable for additional interest pursuant to I.R.C. § 6621(c) for tax motivated interest for their investment in the partnership for the taxable years 1984 through 1989.

12. Any deficiency in tax determined under this agreement will be subject to adjustments arising from a carryback or carryforward from other taxable years of any loss, credit or other tax attribute as allowed by the Internal Revenue Code.

13. After the execution of this agreement on behalf of the Commissioner and the taxpayers, the taxpayers shall not recognize any taxable income attributable to any cancellation, discharge, or satisfaction by foreclosure or conveyance of assets, of any partnership notes entered into by the partnership to acquire rights in the motion pictures Terminator, Perfect Strangers, Special Effects, Return of the Living Dead, A Breed Apart and Howling II, whether or not the taxpayers assumed a pro rata share of said note, or from said partnership notes upon liquidation or dissolution of the partnership.

14. The taxpayers shall be taxable on their distributive share of any income or gains of the partnership for years after 1987 only to the extent said income exceeds losses suspended under the at risk rules of I.R.C. § 465 and/or the cash and/or the fair market value of property distributed to the taxpayers.

15. Any refund claim attributable to the operation of this agreement shall be deemed to be timely filed and shall be allowed if it is filed with the IRS within one year of the execution of this agreement by the Commissioner of Internal Revenue. Any refund claim so submitted pursuant to this paragraph within 120 days after the execution of this agreement on behalf of the Commissioner of Internal Revenue shall be allowed as an offset pursuant to I.R.C. §§ 6402(a) and 6601(f) against any tax deficiencies resulting from this agreement.

16. This agreement constitutes a settlement within the meaning of I.R.C. § 6224(c) and the taxpayers' partnership items are converted to non partnership items effective as of the date of this closing agreement is accepted on behalf of the Commissioner. The taxpayers, in accordance with the provisions of I.R.C. § 6224(b), also waive the restrictions on assessment and collection of any deficiencies attributable to the converted partnership items with interest as provided by law in I.R.C. § 6225(a) that results from this agreement.

17. This closing agreement when accepted by the Commissioner is a determination under the mitigation provisions of the Internal Revenue Code. (I.R.C. § 1311 et seq.).

18. To the extent the taxpayers make cash payments on the partnership notes, after the date this agreement is executed by the taxpayers and the Commissioner, and after the termination of the partnership, a deduction shall be allowed in the year of said payment.

19. This agreement does not in any way diminish or enhance the rights of the spouse of any partner to assert his or her right to relief as an innocent spouse under I.R.C. § 6015.

20. This agreement supersedes any prior agreement entered into between the taxpayers and the Internal Revenue Service.

This agreement is final and conclusive except:

(1) the matter it relates to may be reopened in the event of fraud, malfeasance, or misrepresentation of material fact;

(2) it is subject to the Internal Revenue Code sections that expressly provide that effect be given to their provisions notwithstanding any other law or rule of law except Code Section 7122; and

(3) if it relates to a taxable period ending after the date of this agreement, it is subject to any law, enacted after the agreement date, that applies to that tax period.

By signing, the above parties certify that they have read and agreed to the terms of this document.

Your signature Lyman F Bush Date Signed 6-25-99

Spouse's signature (if a joint return was filed) Beverly J. Bush BY Lyman F Bush SPOUSE OF DECEASED Date Signed 6-25-99

Taxpayer's Representative ______ Date Signed ______

Taxpayer (other than individual) ______

By ______ Date Signed ______

Title ______

Commissioner of Internal Revenue

By Philip J. Doliano Date Signed 8/2/99

Title Associate Chief

I have examined the specific matters involved and recommend the acceptance of the proposed agreement.

Bradford A. Johnson 7/22/99

(Receiving Officer) (Date)

Assistant District Counsel

(Title)

Form 906
(Rev. January 1987)

Department of the Treasury—Internal Revenue Service

# Closing Agreement On Final Determination Covering Specific Matters

Under section 7121 of the Internal Revenue Code of 1986 (hereinafter "Code")

Lyman F. and Beverly J. Bush, 1217 122nd Street, CT. E.,
(Taxpayer's name, address, and identifying number)

Tacoma, WA 98445 (hereinafter "taxpayers")
SSN: [redacted] and [redacted]

and the Commissioner of Internal Revenue make the following closing agreement:

WHEREAS taxpayers are limited partners in the partnership known as Summer Lovers Associates.

WHEREAS taxpayers have claimed a deduction, in the amount of $55,287.00 for their distributive share of the loss claimed by Summer Lovers Associates for the taxable year ended December 31, 1982.

WHEREAS it is desirable for Federal income tax purposes to agree on certain matters pertaining to taxpayers partnership interest.

Now it is hereby determined and agreed for Federal income tax purposes:

1. That the taxpayers initial amount at risk is $50,000.00.

2. That the taxpayers are entitled to claim investment tax credit of $5,000.00 for 1982.

3. That the taxpayers are allowed to claim a loss from Summer Lovers Associates in 1982 in the amount of $50,000.00.

4. That any losses disallowed because they exceed the amount at risk will be carried forward in accordance with I.R.C. § 465.

5. To the extent the partnership earns net income after 1982, the at risk amount will be increased in accordance with I.R.C. § 465.

c70—263-213—1

under I.R.C. §§ 66[illegible] (a), 6661 or 6659.

7. The taxpayers are liable for additional interest pursuant to I.R.C. § 6621(c) for tax motivated transactions.

This agreement is final and conclusive except:

*(1)* the matter it relates to may be reopened in the event of fraud, malfeasance, or misrepresentation of material fact;

*(2)* it is subject to the Internal Revenue Code sections that expressly provide that effect be given to their provisions (including any stated exception for Code section 7122) notwithstanding any other law or rule of law; and

*(3)* if it relates to a tax period ending after the date of this agreement, it is subject to any law, enacted after the agreement date, that applies to that tax period.

By signing, the above parties certify that they have read and agreed to the terms of this document.

Your signature Lyman F. Bush LYMAN F. BUSH Date Signed 3-25-94

Spouse's signature (if a joint return was filed) Beverly J. Bush BEVERLY J. BUSH Date Signed 3-25-94

Taxpayer's representative ........ Date Signed ........

Taxpayer (other than individual) ........

By ........ Date Signed ........

Title ........

Commissioner of Internal Revenue

By [signature] Date Signed 8-18-94

Title Chief Appeals

AS ORIGINALLY FILED

1st 1040X

B140 0575-34 004 03 04101755

AS AMENDED

2nd 1040X

CC Form **1040** Department of the Treasury—Internal Revenue Service
# U.S. Individual Income Tax Return 1991

For the year January–December 31, 1991, or other tax year beginning , 1991, ending , 19 OMB No. 1545-0074

| | | |
|---|---|---|
| Your first name and initial: LYMAN F. | Last name: BUSH | Your social security number: [redacted] |
| If a joint return, spouse's first name and initial: BEVERLY J. | Last name: BUSH | Spouse's social security no.: [redacted] |
| Home address (number and street). (If you have a P.O. box, see page 11.) 1217 122ND STREET COURT EAST | Apt. no. | For Privacy Act and Paperwork Reduction Act Notice, see instructions. |
| City, town or post office, state, and ZIP code. (If you have a foreign address, see page 11.) TACOMA WASHINGTON 98445-0000 | | |

BUSH Presidential Election Campaign
- Do you want $1 to go to this fund? X Yes No
- If joint return, does your spouse want $1 to go to this fund? X Yes No

Note: Checking "Yes" will not change your tax or reduce your refund.

**Filing Status** (Check only one box.)
1. [ ] Single
2. [X] Married filing joint return (even if only one had income)
3. [ ] Married filing separate return. Enter spouse's social security number above and full name here. ▶
4. [ ] Head of household (with qualifying person). (See page 12.) If the qualifying person is a child but not your dependent, enter this child's name here. ▶
5. [ ] Qualifying widow(er) with dependent child (year spouse died ▶ 19 ). (See page 12.)

**Exemptions** (See page 12.)
- 6a [X] Yourself. If your parent (or someone else) can claim you as a dependent on his or her tax return, do not check box 6a. But be sure to check the box on line 33b on page 2.
- b [X] Spouse

No. of boxes checked on 6a and 6b: 2

c Dependents:

| (1) Name (first, initial, and last name) | (2) Check if under age 1 | (3) If age 1 or older, dependent's social security number | (4) Dependent's relationship to you | (5) No. of months lived in your home in 1991 |
|---|---|---|---|---|
| | | | | |

If more than six dependents, see page 13.

No. of your children on 6c who: • lived with you ___ • didn't live with you due to divorce or separation (see page 14) ___ No. of other dependents on 6c ___

d If your child didn't live with you but is claimed as your dependent under a pre-1985 agreement, check here ▶ [ ]

e Total number of exemptions claimed — Add numbers entered on lines above ▶ 2

**Income** (Attach Copy B of your Forms W-2, W-2G, and 1099-R here. If you did not get a W-2, see page 10. Attach check or money order on top of any Forms W-2, W-2G, or 1099-R.)

| Line | Description | | Amount |
|---|---|---|---|
| 7 | Wages, salaries, tips, etc. (attach Form(s) W-2) SEE STMT 1 | 7 | 42,845. |
| 8a | Taxable interest income (also attach Schedule B if over $400) | 8a | 9,535. |
| b | Tax-exempt interest income (see pg. 16). DON'T include on line 8a 8b 12,652 | | |
| 9 | Dividend income (also attach Schedule B if over $400) | 9 | 6,770. |
| 10 | Taxable refunds of state and local income taxes, if any, from worksheet on page 16 | 10 | |
| 11 | Alimony received | 11 | |
| 12 | Business income or (loss) (attach Schedule C) | 12 | 7,790. |
| 13 | Capital gain or (loss) (attach Schedule D) | 13 | 12,870. |
| 14 | Capital gain distributions not reported on line 13 (see page 17) | 14 | |
| 15 | Other gains or (losses) (attach Form 4797) | 15 | -25. |
| 16a | Total IRA distributions 16a; 16b Taxable amount | 16b | |
| 17a | Total pensions and annuities 17a; 17b Taxable amount STMT 10 | 17b | 3,783. |
| 18 | Rents, royalties, partnerships, estates, trusts, etc. (attach Schedule E) | 18 | 1,082. |
| 19 | Farm income or (loss) (attach Schedule F) | 19 | |
| 20 | Unemployment compensation (insurance) (see page 18) | 20 | |
| 21a | Social security benefits 21a 10,679. 21b Taxable amount | 21b | 5,340. |
| 22 | Other income (list type and amount) | 22 | <56,126> |
| 23 | Add the amounts shown in the far right column for lines | | ~~89,990.~~ 33,864 |

COPY FOR YOUR FILE

Income OFFSET By Suspended CARRY OVER OF AT-RISK LOSSES <1,003> <14,747>

Social Security Not Taxed <5,340>

→ 33,864

NOL ON FIRST 1040X

**Adjustments to Income** (See page 19.)

| Line | Description | | Amount |
|---|---|---|---|
| 24a | Your IRA deduction, from applicable worksheet on page | | |
| b | Spouse's IRA deduction, from applicable worksheet on page 20 or 21 | 24b | |
| 25 | One-half of self-employment tax (see page 21) | 25 | 551. |
| 26 | Self-employed health insurance deduction, from worksheet on pg. 22 | 26 | |
| 27 | Keogh retirement plan and self-employed SEP deduction | 27 | 944. |
| 28 | Penalty on early withdrawal of savings | 28 | |
| 29 | Alimony paid. Recipient's SSN ▶ | 29 | |
| 30 | Add lines 24a through 29. ▶ | 30 | 1,495. |

<1,495>

**Adjusted Gross Income**

31 Subtract line 30 from line 23. This is your adjusted gross income. If this amount is less than $21,250 and a child lived with you, see page 45 to find out if you can claim the "Earned Income Credit" on line 56 ▶ 31 ~~88,495.~~ 32,369

1040X # 32,369

11,279

11788 911B10 10/24/91

(ALL NOL USED IN 192)

**0320**

AS ORIGINALLY FILED

1st 1040X

2nd 1040X

AS AMENDED

BUSH
[redacted]

004 ^4101755 0575-34 04

Form 1040 (1991) Page 2

| Section | Line | Description | | Amount | As Amended |
|---|---|---|---|---|---|
| Tax Computation | 32 | Amount from line 31 (adjusted gross income) | 32 | 88,495. | 11,279 |
| | 33a | Check if: ☐ You were 65 or older, ☐ Blind; ☐ Spouse was 65 or older, ☐ Blind. Add the number of boxes checked above and enter the total here ▶ 33a | | | |
| | b | If your parent (or someone else) can claim you as a dependent, check here ▶ 33b ☐ | | | |
| If you want the IRS to figure your tax, see page 24. | c | If you are married filing a separate return and your spouse itemizes deductions, or you are a dual-status alien, see page 23 and check here ▶ 33c ☐ | | 1st 1040X | |
| | 34 | Enter the larger of your: Itemized deductions (from Schedule A, line 26), OR Standard deduction (shown below for your filing status). Caution: If you checked any box on line 33a or b, go to page 23 to find your standard deduction. If you checked box 33c, your standard deduction is zero. ● Single—$3,400 ● Head of household—$5,000 ● Married filing separately—$2,850 ● Married filing jointly or Qualifying widow(er)—$5,700 | 34 | ~~13,754.~~ 14,877 | <15,299> |
| | 35 | Subtract line 34 from line 32 | 35 | ~~74,741.~~ 17,492 | |
| | 36 | If line 32 is $75,000 or less, multiply $2,150 by the total number of exemptions claimed on line 6e. If line 32 is over $75,000, see page 24 for the amount to enter | 36 | 4,300. | <4,300> |
| | 37 | Taxable income. Subtract line 36 from line 35. (If line 36 is more than line 35, enter -0-.) | 37 | ~~70,441.~~ 13,192 | -0- |
| | 38 | Enter tax. Check if from a ☐ Tax Table, b [X] Tax Rate Schedules, c ☐ Schedule D, or d ☐ Form 8615 (see page 24). (Amount, if any, from Form(s) 8814 ▶ ) | 38 | ~~15,303.~~ 1,976 | |
| | 39 | Additional taxes (see page 24). Check if from a ☐ Form 4970 b ☐ Form 4972 | 39 | | |
| | 40 | Add lines 38 and 39 | 40 | ~~15,303.~~ 1976 | -0- |
| Credits (See page 25.) | 41 | Credit for child and dependent care expenses (attach Form 2441) | 41 | | |
| | 42 | Credit for the elderly or the disabled (attach Schedule R) | 42 | | |
| | 43 | Foreign tax credit (attach Form 1116) | 43 | | |
| | 44 | Other credits (see pg. 25). Check if from a ☐ Form 3800 b ☐ Form 8396 c ☐ Form 8801 d ☐ Form (specify) | 44 | 1st 1040X | |
| | 45 | Add lines 41 through 44 | 45 | | |
| | 46 | Subtract line 45 from line 40. (If line 45 is more than line 40, enter -0-.) | 46 | ~~15,303.~~ 1976 | |
| Other Taxes | 47 | Self-employment tax (attach Schedule SE) | 47 | 1,101. | 1,101 |
| | 48 | Alternative minimum tax (attach Form 6251) | 48 | 0. | |
| | 49 | Recapture taxes (see page 26). Check if from a ☐ Form 4255 b ☐ Form 8611 c ☐ Form 8828 | 49 | | |
| | 50 | Social security and Medicare tax on tip income not reported to employer (attach Form 4137) | 50 | | |
| | 51 | Tax on an IRA or a qualified retirement plan (attach Form 5329) | 51 | | |
| | 52 | Advance earned income credit payments from Form W-2 | 52 | | |
| | 53 | Add lines 46 through 52. This is your total tax | 53 | 16,404 | 1,101 |
| Payments (Attach Forms W-2, W-2G, and 1099-R to front.) | 54 | Federal income tax withheld (if any is from Form(s) 1099, check ▶ [X]) | 54 | 7,296. | |
| | 55 | 1991 estimated tax payments and amount applied from 1990 return | 55 | 10,060. | |
| | 56 | Earned income credit (attach Schedule EIC) | 56 | | |
| | 57 | Amount paid with Form 4868 (extension request) | 57 | | |
| | 58 | Excess social security, Medicare, and RRTA tax withheld (see page 27) | 58 | | |
| | 59 | Other payments (see page 27). Check if from a ☐ Form 2439 b ☐ Form 4136 | 59 | | |
| | 60 | Add lines 54 through 59. These are your total payments | 60 | 17,356. | |
| Refund or Amount You Owe | 61 | If line 60 is more than line 53, subtract line 53 from line 60. This is the amount you OVERPAID | 61 | 952. | |
| | 62 | Amount of line 61 to be REFUNDED TO YOU | 62 | | |
| | 63 | Amount of line 61 to be APPLIED TO YOUR 1992 ESTIMATED TAX | 63 | 952. | |
| | 64 | If line 53 is more than line 60, subtract line 60 from line 53. This is the AMOUNT YOU OWE. Attach check or money order for full amount payable to "Internal Revenue Service." Write your name, address, social security number, daytime phone number, and "1991 Form 1040" on it. | 64 | | |
| | 65 | Estimated tax penalty (see page 28). Also include on line 64 | 65 | | |

FOR YOUR FILE

**Sign Here** — Under penalties of perjury, I declare that I have examined this return and accompanying schedules and statements, and to the best of my knowledge and belief, they are true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

Keep a copy of this return for your records.

Your signature — Date — Your occupation: STRUCTURAL ENG.

Spouse's signature (If joint return, BOTH must sign) — Date — Spouse's occupation: TEACHER

**Paid Preparer's Use Only**

Preparer's signature — Date — Check if self-employed ☐ — Preparer's social security no. [redacted]

Firm's name (or yours if self-employed) and address: BRINK & SADLER, C.P.A.'S, PO BOX 99190, TACOMA, WASHINGTON — E.I. No. 91-0861130 — ZIP code 98499-0190

H788

0321

911B12 10.24.91

2

AS ORIGINALLY FILED

1st 1040X

5-27-1995 5:21AM FROM P.9

AS AMENDED

2nd 1040X

29
BUSH

COPY ONLY DO NOT PROCESS 004 4101756 0575-34 07

SCHEDULES A&B (Form 1040)
Department of the Treasury Internal Revenue Service

# Schedule A – Itemized Deductions

▶ Attach to Form 1040. ▶ See Instructions for Schedules A and B (Form 1040).

OMB No. 1545-0074
1991
Attachment Sequence No. 07

Name(s) shown on Form 1040: LYMAN F. & BEVERLY J. BUSH

Your social security number: 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

| Section | Line | Description | Inner box | Amount | Line box | Total | As amended |
|---|---|---|---|---|---|---|---|
| Medical and Dental Expenses | | Caution: Do not include expenses reimbursed or paid by others. | | | | | |
| | 1 | Medical and dental expenses. (See page 38.) 11,279 | 1 | 359. | | | |
| | 2 | Enter amount from Form 1040, line 32 | 2 | ~~88,495~~ | | | |
| | 3 | Multiply line 2 above by 7.5% (.075) | 3 | ~~6,637.~~ 846 | | | |
| | 4 | Subtract line 3 from line 1. Enter the result. If less than zero, enter -0- | | | 4 | 0. | 0 |
| Taxes You Paid (See page 38.) | 5 | State and local income taxes | 5 | | | | |
| | 6 | Real estate taxes | 6 | 2,372. | | | |
| | 7 | Other taxes. (List - include personal property taxes.) ▶ PERSONAL PROPERTY | 7 | 546. | | | |
| | 8 | Add lines 5 through 7. Enter the total | | | 8 | 2,918. | 2,918 |
| Interest You Paid (See page 39.) | 9a | Home mortgage interest and points reported to you on Form 1098 | 9a | 403. | | | |
| | b | Home mortgage interest not reported to you on Form 1098. (If paid to an individual, show that person's name and address.) ▶ | 9b | | | | |
| Note: Personal interest is no longer deductible. | 10 | Points not reported to you on Form 1098. (See instructions for special rules.) | 10 | | | | |
| | 11 | Investment interest (attach Form 4952 if required). (See page 40.) | 11 | 444. | | | |
| | 12 | Add lines 9a through 11. Enter the total | | | 12 | 847. | 847 |
| Gifts to Charity (See page 40.) | | Caution: If you made a charitable contribution and received a benefit in return, see page 40. | | | | | |
| | 13 | Contributions by cash or check | 13 | 2,119. | | | |
| | 14 | Other than cash or check. (You MUST attach Form 8283 if over $500.) STMT 12 | 14 | 1,256. | | | |
| | 15 | Carryover from prior year | 15 | | | | |
| | 16 | Add lines 13 through 15. Enter the total | | | 16 | 3,375. | 3,375 |
| Casualty and Theft Losses | 17 | Casualty or theft loss(es) (attach Form 4684). (See page 40.) | | | 17 | | |
| Moving Expenses | 18 | Moving expenses (attach Form 3903 or 3903F). (See page 41.) | | | 18 | | |
| Job Expenses and Most Other Miscellaneous Deductions | 19 | Unreimbursed employee expenses - job travel, union dues, job education, etc. (You MUST attach Form 2106 if required. See instructions.) ▶ SEE STMT 14 | 19 | | | | |
| | 20 | Other expenses (investment, tax preparation, safe deposit box, etc.). List type and amount ▶ 8,384. SEE STATEMENT 13 | 20 | | | | |
| (See page 41 for expenses to deduct here.) | 21 | Add lines 19 and 20 | 21 | 8,384. | | | |
| | 22 | Enter amount from Form 1040, line 32 | 22 | ~~32,369~~ 11,279 | | | |
| | 23 | Multiply line 22 above by 2% (.02) | 23 | ~~647~~ 225 | | | |
| | 24 | Subtract line 23 from line 21. Enter the result. If less than zero, enter -0- | | | 24 | ~~7,737~~ | 8,159 |
| Other Miscellaneous Deductions | 25 | Other (from list on page 41 of instructions). List type and amount ▶ | | | 25 | | |
| Total Itemized Deductions | 26 | • If the amount on Form 1040, line 32, is $100,000 or less ($50,000 or less if married filing separately), add lines 4, 8, 12, 16, 17, 18, 24, and 25. Enter the total here. • If the amount on Form 1040, line 32, is more than $100,000 (more than $50,000 if married filing separately), see page 42 for the amount to enter. | | | 26 | 14,877 | 15,299 |

Caution: Be sure to enter on Form 1040, line 34, the LARGER of the amount on line 26 above or your standard deduction.

For Paperwork Reduction Act Notice, see Form 1040 instructions.
H788

Schedule A (Form 1040) 1991

0322

3

AS ORIGINALLY FILED

[redacted]

Schedule E (Form 1040) 1991 Attachment Sequence No. 13 Page 2

Name(s) shown on return. (Do not enter name and social security number if shown on page 1.) | Your social security number

LYMAN F. & BEVERLY J. BUSH | 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

**Note:** *If you report amounts from farming or fishing on Schedule E, you must enter your gross income from those activities on line 41 below.*

## Part II Income or Loss From Partnerships and S Corporations

If you report a loss from an at-risk activity, you MUST check either column (e) or (f) of line 27 to describe your investment in the activity. If you check column (f), you must attach Form 6198.

| 27 | (a) Name | (b) Enter P for partnership; S for S corp. | (c) Check if foreign partnership | (d) Employer identification number | Investment At Risk? (e) All is at risk | (f) Some is not at risk |
|---|---|---|---|---|---|---|
| A | SEE STATEMENT 5 | P | | | X | |
| B | | | | | | |
| C | | | | | | |
| D | | | | | | |
| E | | | | | | |
| F | | | | | | |
| G | | | | | | |

| | Passive Income and Loss | | Nonpassive Income and Loss | | |
|---|---|---|---|---|---|
| | (g) Passive loss allowed (attach Form 8582 if required) | (h) Passive income from Schedule K–1 | (i) Nonpassive loss from Schedule K–1 | (j) Section 179 expense deduction from Form 4562 | (k) Nonpassive income from Schedule K–1 |
| A | 15,467. | 14,747. | | | 1,057. |
| B | | | | | |
| C | | | | | |
| D | | | | | |
| E | | | | | |
| F | | | | | |
| G | | | | | |
| 28a Totals | | 14,747. | | | 1,057. |
| b Totals | 15,467. | | | | |

COPY FOR YOUR FILE

| | | | |
|---|---|---|---|
| 29 | Add columns (h) and (k) of line 28a. Enter the total income here | 29 | 15,804. |
| 30 | Add columns (g), (i), and (j) of line 28b. Enter the total here | 30 | -15,467. |
| 31 | Total partnership and S corporation income or (loss). Combine lines 29 and 30. Enter the result here and include in the total on line 40 below | 31 | 337. |

## Part III Income or Loss From Estates and Trusts

| 32 | (a) Name | (b) Employer identification number |
|---|---|---|
| A | | |
| B | | |

| | Passive Income and Loss | | Nonpassive Income and Loss | |
|---|---|---|---|---|
| | (c) Passive deduction or loss allowed (attach Form 8582 if required) | (d) Passive income from Schedule K–1 | (e) Deduction or loss from Schedule K–1 | (f) Other income from Schedule K–1 |
| A | | | | |
| B | | | | |
| 33a Totals | | | | |
| b Totals | | | | |

| | | | |
|---|---|---|---|
| 34 | Add columns (d) and (f) of line 33a. Enter the total income here | 34 | |
| 35 | Add columns (c) and (e) of line 33b. Enter the total here | 35 | |
| 36 | Total estate and trust income or (loss). Combine lines 34 and 35. Enter the result here and include in the total on line 40 below | 36 | |

## Part IV Income or Loss From Real Estate Mortgage Investment Conduits (REMICs)–Residual Holder

| 37 | (a) Name | (b) Employer identification number | (c) Excess inclusion from Schedules Q, line 2c | (d) Taxable income (net loss) from Schedules Q, line 1b | (e) Income from Schedules Q, line 3b |
|---|---|---|---|---|---|
| | | | | | |

| | | | |
|---|---|---|---|
| 38 | Combine columns (d) and (e) only. Enter the result here and include in the total on line 40 below | 38 | |

## Part V Summary

| | | | |
|---|---|---|---|
| 39 | Net farm rental income or (loss) from Form 4835. (Also complete line 41 below.) | 39 | |
| 40 | TOTAL income or (loss). Combine lines 26, 31, 36, 38, and 39. Enter the result here and on Form 1040, line 18 ▶ | 40 | 1,082. |
| 41 | Reconciliation of Farming and Fishing Income: Enter your gross farming and fishing income reported in Parts II and III and on line 39 — 41 | | |

For Paperwork Reduction Act Notice, see Form 1040 Instructions. H788 Schedule E (Form 1040) 1991

0323

511062 05 15 91

4

AS ORIGINALLY FILED

[redacted] BUSH 004 0575-34 04101755

1991 FEDERAL INCOME TAX STATEMENTS PAGE 10

STATEMENT 5 - INCOME FROM PARTNERSHIPS (CONTINUED)

SUMMARY OF INCOME AND K-1 INFORMATION FOR ALL PARTNERSHIPS

| | PASSIVE ACTIVITIES (LOSS) | PASSIVE ACTIVITIES INCOME | NONPASSIVE ACTIVITIES (LOSS) | NONPASSIVE ACTIVITIES INCOME |
|---|---|---|---|---|
| CINEMA '84 REGISTRATION NO. 842720000294 | | | | |
| RENTAL REAL ESTATE | 269 | | | |
| FAWCETT PLAZA ONE | | | | |
| RENTAL REAL ESTATE | 3,493 | | | |
| HAMPTONS II: GRACE ESTATES LIMITED | | | | |
| TRADE/BUSINESS ACTIVITY | 11,114 | | | |
| LONE WOLF MCQUADE ASSOCIATES | | | | |
| TRADE/BUSINESS ACTIVITY | 23 | | | |
| ML-LEE ACQUISITION FUND, L.P. | | | | |
| SUMMER LOVERS ASSOCIATES | | | | |
| TRADE/BUSINESS ACTIVITY | | 14,747 | | |
| TOTAL INCOME OR LOSS FROM ALL PARTNERSHIPS | 15,467 | 14,747 | | 1,057 |

* Loss left in retur

| | |
|---|---|
| OTHER K-1 INFORMATION | |
| PASSIVE LOSS CARRYOVER FOR ALT MIN | 50,638 |
| INTEREST | 1,532 |
| DIVIDENDS | 63 |
| SHORT-TERM CAPITAL GAIN OR LOSS | -35 |
| LONG-TERM CAPITAL GAIN OR LOSS | -1,047 |
| OTHER SECTION 1231 GAIN OR LOSS | -108 |
| DEDUCTIONS | |
| DEDUCTIONS RELATED TO PORTFOLIO INCOME | 419 |
| TAX PREFERENCE ITEMS | |
| DEPRECIATION ADJUSTMENT - POST 86 | 756 |
| INVESTMENT INTEREST EXPENSE | |
| INVESTMENT INTEREST - NONBUSINESS | 444 |
| INVESTMENT INCOME | 1,595 |
| INVESTMENT EXPENSES | 419 |

COPY FOR YOUR FILE

0324



5

AS ORIGINALLY FILED

[redacted] BUSH 004 0575-34 04101755

1991 FEDERAL INCOME TAX STATEMENTS PAGE 6

STATEMENT 5 - INCOME FROM PARTNERSHIPS (CONTINUED)

SUMMARY OF INCOME AND K-1 INFORMATION FOR THIS PARTNERSHIP

| | PASSIVE ACTIVITIES (LOSS) | PASSIVE ACTIVITIES INCOME | NONPASSIVE ACTIVITIES (LOSS) | NONPASSIVE ACTIVITIES INCOME |
|---|---|---|---|---|
| TRADE/BUSINESS ACTIVITY | | | | |
| MRI BUSINESS PROPERTIES FUND LTD. | | | | 1,057 |
| TRADE/BUSINESS ACTIVITY | 422 | | | |
| MRI BUSINESS PROPERTIES FUND LTD. | | | | |
| RENTAL REAL ESTATE | 146 | | | |
| TOTAL INCOME OR LOSS FROM ALL PARTNERSHIPS | 568 | | | 1,057 |

OTHER K-1 INFORMATION

| | |
|---|---|
| PASSIVE LOSS CARRYOVER FOR ALT MIN | 2,035 |
| INTEREST | 11 |
| OTHER SECTION 1231 GAIN OR LOSS | -108 |
| TAX PREFERENCE ITEMS | |
| DEPRECIATION ADJUSTMENT - POST 86 | 37 |
| INVESTMENT INTEREST EXPENSE | |
| INVESTMENT INCOME | 11 |

COPY YOUR FILE

NAME AND ADDRESS OF PARTNERSHIP
(H) CINEMA '84 REGISTRATION NO. 842720000294
C/O GREENBERG BROTHERS PARTNERSHIP
2 SOUNDVIEW DRIVE
GREENWICH, CONNECTICUT 06830-0000
FED EMP I.D. NUMBER 11-2678807

| | YES | NO |
|---|---|---|
| GENERAL PARTNER | ( ) | (X) |
| TRADE OR BUSINESS - MATERIAL PARTICIPATION | ( ) | ( ) |
| RENTAL REAL ESTATE - ACTIVE PARTICIPATION | ( ) | (X) |

INCOME (LOSS) - RENTAL REAL ESTATE ACTIVITY 1,272

TOTAL PARTNERSHIP INCOME (LOSS) 1,272

income offset By AT-RISK CARRY FORWARD LOSS

| | | |
|---|---|---|
| GAIN(LOSS) BEFORE LIMITATION | 1,272 | |
| LESS SUSPENDED LOSS CARRYOVER | 2,455 | |
| PLUS DISALLOWED LOSS FROM FORM 8582 | 914 | |
| PASSIVE INCOME (LOSS) (FROM FORM 8582) | | -269 |
| OTHER K-1 INFORMATION | | |
| PASSIVE LOSS CARRYOVER FOR ALT MIN | 2,615 | |

0325

AS ORIGINALLY FILED

[redacted] BUSH 004 0575-34 04101755

1991 FEDERAL INCOME TAX STATEMENTS PAGE 9

STATEMENT 5 - INCOME FROM PARTNERSHIPS (CONTINUED)

NAME AND ADDRESS OF PARTNERSHIP
(J) ML-LEE ACQUISITION FUND, L.P.
75 STATE STREET
BOSTON, MA 02109-0000
FED EMP I.D. NUMBER 13-3426817

| | | |
|---|---|---|
| OTHER K-1 INFORMATION | | |
| INTEREST | 1,486 | |
| DIVIDENDS | 63 | |
| SHORT-TERM CAPITAL GAIN OR LOSS | -35 | |
| LONG-TERM CAPITAL GAIN OR LOSS | -1,047 | |
| DEDUCTIONS RELATED TO PORTFOLIO INCOME | 419 | |
| INVESTMENT INTEREST EXPENSE | | |
| INVESTMENT INTEREST - NONBUSINESS | 444 | |
| DEDUCTIBLE NONBUSINESS INVESTMENT INTEREST | 444 | |
| INVESTMENT INCOME | 1,549 | |
| INVESTMENT EXPENSES | 419 | |

COPY FOR YOUR FILE

NAME AND ADDRESS OF PARTNERSHIP
(H) SUMMER LOVERS ASSOCIATES
C/O GREENBERG BROTHERS PARTNERSHIP
2 SOUNDVIEW DRIVE
GREENWICH, CONNECTICUT 06830-0000
FED EMP I.D. NUMBER 11-2615060

| | YES | NO |
|---|---|---|
| GENERAL PARTNER | ( ) | (X) |
| TRADE OR BUSINESS - MATERIAL PARTICIPATION | ( ) | (X) |
| RENTAL REAL ESTATE - ACTIVE PARTICIPATION | ( ) | ( ) |

| | | |
|---|---|---|
| PASSIVE INCOME (LOSS) - TRADE OR BUSINESS | 14,747 | |
| TOTAL PARTNERSHIP INCOME (LOSS) | | 14,747 |

Income OFFSET By AT-RISK Carry fwd Loss

SUMMARY OF INCOME AND K-1 INFORMATION FOR ALL PARTNERSHIPS

| | PASSIVE ACTIVITIES (LOSS) | PASSIVE ACTIVITIES INCOME | NONPASSIVE ACTIVITIES (LOSS) | NONPASSIVE ACTIVITIES INCOME |
|---|---|---|---|---|
| BUSH AND WEAVER | | | | |
| TRADE/BUSINESS ACTIVITY | | | | 1,057 |
| TRADE/BUSINESS ACTIVITY | 422 | | | |
| RENTAL REAL ESTATE | 146 | | | |

0326



7

AS ORIGINALLY FILED

1st 1040X

AS AMENDED

2nd 1040X

# Form 6251 Alternative Minimum Tax–Individuals

Department of the Treasury Internal Revenue Service

▶ Attach to Form 1040 or Form 1040NR. Estates and trusts, use Form 8656.

OMB No. 1545-0227

1991

Attachment Sequence No. 32

Name(s) shown on Form 1040: LYMAN F. & BEVERLY J. BUSH

Your social security number: [redacted]

| Line | Description | Box | Amount | Line | Amount | As amended |
|---|---|---|---|---|---|---|
| 1 | Enter the amount from Form 1040, line 35. (If less than 0, enter as a negative) | | | 1 | 74,741. | <4,020> |
| 2 | Net operating loss deduction, if any, from Form 1040, line 22. (Enter as a positive amount) | | | 2 | | |
| 3 | Overall itemized deductions limitation | | | 3 | | |
| 4 | Combine lines 1, 2, and 3 | | | 4 | 74,741. | |
| 5 | **Adjustments:** (See instructions before completing.) | | | | | |
| a | Standard deduction, if any, from Form 1040, line 34 | 5a | | | | |
| b | Medical and dental expenses | 5b | | | | |
| c | Miscellaneous itemized deductions from Schedule A (Form 1040), line 24 | 5c | 6,614. | | | 8,159 |
| d | Taxes from Schedule A (Form 1040), line 8 | 5d | 2,918. | | | 3,918 |
| e | Refund of taxes | 5e | | | | |
| f | Certain home mortgage interest | 5f | | | | |
| g | Investment interest expense | 5g | | | | |
| h | Depreciation of tangible property placed in service after 1986 | 5h | | | | |
| i | Circulation and research and experimental expenditures paid or incurred after 1986 | 5i | | | | |
| j | Mining exploration and development costs paid or incurred after 1986 | 5j | | | | |
| k | Long-term contracts entered into after 2/28/86 | 5k | | | | |
| l | Pollution control facilities placed in service after 1986 | 5l | | | | |
| m | Installment sales of certain property | 5m | | | | |
| n | Adjusted gain or loss and incentive stock options | 5n | | | | |
| o | Certain loss limitations | 5o | | | | |
| p | Tax shelter farm loss | 5p | | | | |
| q | Passive activity loss | 5q | | | | |
| r | Beneficiaries of estates and trusts | 5r | | | | |
| s | Combine lines 5a through 5r | | | 5s | 9,532. | |
| 6 | **Tax preference items:** (See instructions before completing.) | | | | | |
| a | Appreciated property charitable deduction | 6a | | | | |
| b | Tax-exempt interest from private activity bonds issued after 8/7/86 | 6b | | | | |
| c | Depletion | 6c | | | | |
| d | Accelerated depreciation of real property placed in service before 1987 | 6d | | | | |
| e | Accelerated depreciation of leased personal property placed in service before 1987 | 6e | | | | |
| f | Amortization of certified pollution control facilities placed in service before 1987 | 6f | | | | |
| g | Intangible drilling costs | 6g | | | | |
| h | Add lines 6a through 6g | | | 6h | | |
| 7 | Combine lines 4, 5s, and 6h | | | 7 | 84,273. | |
| 8 | Energy preference adjustment for certain taxpayers. (Do not enter more than 40% of line 7.) | | | 8 | | |
| 9 | Subtract line 8 from line 7 | | | 9 | 84,273. | |
| 10 | Alternative tax net operating loss deduction. See instructions for limitations | | | 10 | | |
| 11 | Alternative minimum taxable income. Subtract line 10 from line 9. If married filing separately, see instructions | | | 11 | 84,273. | |
| 12 | Enter: $40,000 ($20,000 if married filing separately; $30,000 if single or head of household) | | | 12 | 40,000. | |
| 13 | Enter: $150,000 ($75,000 if married filing separately; $112,500 if single or head of household) | | | 13 | 150,000. | |
| 14 | Subtract line 13 from line 11. If zero or less, enter -0- here and on line 15 and go to line 16 | | | 14 | 0. | |
| 15 | Multiply line 14 by 25% (.25) | | | 15 | 0. | |
| 16 | **Exemption.** Subtract line 15 from line 12 | | | 16 | 40,000. | <40,000> |
| 17 | Subtract line 16 from line 11. If zero or less, enter -0- here and on line 22 and skip lines 18 through 21 | | | 17 | 44,273. | -0- |
| 18 | Multiply line 17 by 24% (.24) | | | 18 | 10,626. | -0- |
| 19 | Alternative minimum tax foreign tax credit | | | 19 | | |
| 20 | Tentative minimum tax. Subtract line 19 from line 18 | | | 20 | 10,626. | |
| 21 | Enter your tax from Form 1040, line 38, minus any foreign tax credit on Form 1040, line 43. If an amount is entered on line 39 of Form 1040, see instructions | | | 21 | 15,303. | -0- |
| 22 | **Alternative minimum tax.** Subtract line 21 from line 20 | | | 22 | 0. | -0- |

COPY FOR FILE

**For Paperwork Reduction Act Notice, see separate instructions.**

H788

Form **6251** (1991)

0327

91LX86 12/12/91

8

AS AMENDED

2nd 1040X

Form **3468**

Department of the Treasury
Internal Revenue Service

# Investment Credit

▶ Attach to your return.

▶ See separate Instructions.

OMB No. 1545-0155

**1990** 2

Attachment Sequence No. 52

Name(s) as shown on return | Identifying number

**Part I** Current Year Investment Credit

**Note:** *Generally, you cannot claim the regular investment credit for property placed in service after December 31, 1985 (see Instructions).*

**A** If you are claiming credit under section 46(g) for "qualified withdrawals" with respect to "certain vessels" (see Instructions), check here ▶ ☐

| | | | | |
|---|---|---|---|---|
| **1** | Regular credit—Enter amount from Schedule A, line 4 | | 1 | 1,602 |
| **2** | Qualified rehabilitation expenditures for transitional rehabilitation property and certain rehabilitation projects—Enter qualified investment and multiply by percentage shown: | | | |
| a | 30-year-old buildings | ×10% | 2a | |
| b | 40-year-old buildings | ×13% | 2b | |
| c | Certified historic structures (attach NPS certificate) | ×25% | 2c | |
| | Enter NPS number assigned or the flow-through entity's identifying number (see Instructions) | | | |
| **3** | Qualified rehabilitation expenditures not includible in line 2 above: | | | |
| a | Pre-1936 buildings | ×10% | 3a | |
| b | Certified historic structures (attach NPS certificate) | ×20% | 3b | |
| | Enter NPS number assigned or the flow-through entity's identifying number (see Instructions) | | | |
| **4** | Credit from cooperatives—Enter unused regular investment credit from cooperatives | | 4 | |
| **5** | Business energy investment credit—Enter amount from Schedule B, line 6 | | 5 | |
| **6** | Current year investment credit—Add lines 1 through 5 | | 6 | 1,602 |

*See General Instruction B, "When To File Form 3800, General Business Credit."*

**Part II** Current Year Investment Credit Tax Liability Limitation

| | | | | |
|---|---|---|---|---|
| **7a** | Individuals—Enter amount from Form 1040, line 40 | | | |
| b | Corporations—Enter amount from Form 1120, Schedule J, line 3 (or Form 1120-A, Part I, line 1) | | 7 | -0- |
| c | Other filers—Enter regular tax before credits from your return | | | |
| **8** | Credits that reduce regular tax before the investment credit: | | | |
| a | Credit for child and dependent care expenses (Form 2441) | 8a | | |
| b | Credit for the elderly or the disabled (Schedule R, Form 1040) | 8b | | |
| c | Foreign tax credit (Form 1116 or Form 1118) | 8c | | |
| d | Possessions tax credit (Form 5735) | 8d | | |
| e | Mortgage interest credit (Form 8396) | 8e | | |
| f | Credit for fuel from a nonconventional source (see instructions) | 8f | | |
| g | Orphan drug credit (Form 6765) | 8g | | |
| h | Total credits that reduce regular tax before the investment credit. Add lines 8a through 8g | | 8h | - |
| **9** | Net regular tax—Subtract line 8h from line 7 | | 9 | -0- |
| **10** | Tentative minimum tax: | | | |
| a | Individuals—Enter amount from Form 6251, line 17 | | | |
| b | Corporations—Enter amount from Form 4626, line 13 | | 10 | -0- |
| c | Estates and Trusts—Enter amount from Form 8656, line 37 | | | |
| **11** | Net income tax: | | | |
| a | Individuals—Add line 9 above and line 19 of Form 6251. Enter the total | | | |
| b | Corporations—Add line 9 above and line 15 of Form 4626. Enter the total | | 11 | -0- |
| c | Other filers—See Instructions | | | |
| **12** | If line 9 is more than $25,000, enter 25% of the excess (see Instructions) | | 12 | — |
| **13** | Subtract line 10 or line 12, whichever is greater, from line 11. Enter the result. If less than zero, enter zero | | 13 | -0- |
| **14** | Total allowed credit—Enter the smaller of line 6 or line 13. This is your General Business Credit for 1990. Enter here and on Form 1040, line 44; Form 1120, Schedule J, line 4e; Form 1120-A, Part I, line 2a; or on the corresponding line of other income tax returns | | 14 | -0- |

For Paperwork Reduction Act Notice, see separate Instructions. Form **3468** (1990)

0328

9

AS AMENDED

Amount of ITC Basis, equal to Net income up to Carryover of At Risk Losses

| | |
|---|---|
| Cinema 84 | 1,272 |
| Summer Lovers | 14,747 |
| | 16,019 |

Form 3468 (1990) Page 2

## Schedule A—Current Year Regular Investment Credit

1 Enter on lines 1a through 1h your qualified investment in transition property (see Instructions).

| Type of Property | Line | (1) Class of Recovery Property or Useful Life of Nonrecovery Property | (2) Basis or Cost | (3) Applicable Percentage | (4) Qualified Investment (column 2 x column 3) |
|---|---|---|---|---|---|
| New Recovery | a | 20-year or more | | 100 | |
| | b | Other | 16,019 | 10% | 1,602 |
| Used Recovery | c | 20-year or more | | 100 | |
| | d | Other | | | |
| New Nonrecovery | e | 20-year or more | | 100 | |
| | f | Other | | | |
| Used Nonrecovery | g | 20-year or more | | 100 | |
| | h | Other | | | |

| | | |
|---|---|---|
| 2 Transition property—Enter qualified investment (from lines 1a through 1h, column (4)) and multiply by percentage shown . . ______ x 6.5% | 2 | |
| 3 Qualified timber property—Enter qualified investment (see Instructions for limitations) and multiply by percentage shown . ______ x 10% | 3 | |
| 4 Current year regular investment credit. Add lines 2 and 3. Enter here and on line 1 of page 1 . . . | 4 | 1,602 |

## Schedule B—Business Energy Investment Credit

1 Enter on lines 1a through 1e your qualified investment in business energy property.

| Type of Property | Line | (1) Class of Property or Life Years | (2) Code | (3) Basis | (4) Applicable Percentage | (5) Qualified Investment (column 3 x column 4) |
|---|---|---|---|---|---|---|
| Recovery | a | 3-year | | | 60 | |
| | b | Other | | | 100 | |
| Nonrecovery | c | 3 or more/less than 5 | | | 33⅓ | |
| | d | 5 or more/less than 7 | | | 66⅔ | |
| | e | 7 or more | | | 100 | |

| | | |
|---|---|---|
| 2 Total qualified investment—Add lines 1a through 1e, column (5) . . . . . . . . . . . | 2 | |

3 Enter in column (1) the portion of the line 2 amount attributable to the following types of property:

| | Line | (1) Qualified Investment | (2) Credit Percentage | (3) Investment Credit (column 1 x column 2) |
|---|---|---|---|---|
| a Solar energy property (see Instructions) . . . . . | a | | 10 | |
| b Geothermal property (see Instructions) . . . . . | b | | 10 | |
| c Ocean thermal property (see Instructions) . . . . | c | | 15 | |

| | | |
|---|---|---|
| d Current year credit for investment in business energy property. Add lines 3a through 3c, column (3) . . . . . . . . . . . . . . . . . . . . . . . . . . . | 3d | |
| 4 Certain other property. (See Instructions.) Enter qualified investment and multiply by percentage shown: | | |
| a Certain long-term section 46(b)(2)(C) projects under way before 1983 . . . . . . . . . . . . . . . . . . ______ x 6.5% | 4a | |
| b Hydroelectric generating property placed in service before 1989 (if an application has been docketed with the Federal Energy Regulatory Commission by 12-31-85) . . . . . . . . ______ x 7.15% | 4b | |
| 5 Cooperative credit—Enter unused business energy investment credit from cooperatives . . . . | 5 | |
| 6 Tentative business energy investment credit—Add lines 3d through 5. Enter here and on line 5 of page 1 . . . . . . . . . . . . . . . . . . . . . . . . . . | 6 | |

0329

Lyman F. and Beverly J. Bush
Form 1040X, Amended U. S. Individual Income Tax Return
SSN [redacted]

Statement of ITC from Cinema '84

| | |
|---|---|
| §38 Basis in ITC Property from Schedule K-1 1984 | 82,606 |

Amounts ITC Basis Used (or that could have been used) in Prior Years

| | |
|---|---|
| 1984, ITC Basis used up to Initial Investment at-risk based on original capital contributed on closing agreement | (50,000) |
| 1988, ITC Basis used up to At-Risk carryover used against net income | (2,338) |
| 1990, ITC Basis used up to At-Risk carryover used against net income | (1,459) |
| Total Amount of ITC Basis Available for Succeeding Years | 28,809 |

Lyman F. and Beverly J. Bush
Form 1040X, Amended U. S. Individual Income Tax Return
SSN [redacted]

Statement of ITC from Summer Lovers

| | |
|---|---|
| §38 Basis in ITC Property for 1982 | 90,042 |

Amounts ITC Basis Used (or that could have been used) in Prior Years

| | |
|---|---|
| 1982, ITC Basis used up to Initial Investment at-risk based on original capital contributed on closing agreement | (50,000) |
| 1986, ITC Basis that could have been used, up to At-Risk carryover used against net income | (129) |
| 1987, ITC Basis that could have been used, up to At-Risk carryover used against net income | (125) |
| 1990, ITC Basis used up to At-Risk carryover used against net income | (12,418) |
| Total Amount of ITC Basis Available for Succeeding Years | 27,370 |

Form **3468** Department of the Treasury Internal Revenue Service

# Computation of Investment Credit

▶ Attach to your tax return.
▶ Schedule B (Business Energy Investment Credit) on back.

OMB No. 1545-0155 **1982** 27

Name(s) as shown on return: LYMAN F. & BEVERLY J. BUSH — Identifying number: [redacted]

**PART I.—Elections**

A The corporation elects the basic or basic and matching employee plan percentage under section 48(n)(1) . . . ☐
B I elect to increase my qualified investment to 100% for certain commuter highway vehicles under section 46(c)(6) . . ☐
C I elect to increase my qualified investment by all qualified progress expenditures made this and all later tax years . . . ☐
Enter total qualified progress expenditures included in column (4), Part II ▶ ______
D I claim full credit on certain ships under section 46(g)(3) (See Instruction B for details.) . . . ☐

**PART II.—Qualified Investment**

| 1 Recovery Property | | Line | (1) Class of Property | (2) Unadjusted Basis | (3) Applicable Percentage | (4) Qualified Investment (Column 2 × column 3) |
|---|---|---|---|---|---|---|
| Regular Percentage | New Property | (a) | 3-year | | 60 | |
| | | (b) | Other | 90,042 | 100 | 90,042. |
| | Used Property | (c) | 3-year | Taxpayer elects to | 60 | |
| | | (d) | Other | claim the 10% investment | 100 | |
| §48(q) Election to Reduce Credit (instead of adjusting basis) FY 1982–83 filers only (see instr.) | New Property | (e) | 3-year | credit allowed for | 40 | |
| | | (f) | Other | 5 year recovery property | 80 | |
| | Used Property | (g) | 3-year | under 46 (c) (7) | 40 | |
| | | (h) | Other | | 80 | |

| | Line | Amount |
|---|---|---|
| 2 Nonrecovery property—Enter total qualified investment (See instructions for line 2) . . | 2 | |
| 3 New commuter highway vehicle—Enter total qualified investment (See Instruction D(2)) . | 3 | |
| 4 Used commuter highway vehicle—Enter total qualified investment (See Instruction D(2)) . | 4 | |
| 5 Total qualified investment in 10% property—Add lines 1(a) through 1(h), 2, 3, and 4 (See instructions for special limits) | 5 | 90,042. |
| 6 Qualified rehabilitation expenditures—Enter total qualified investment for: | | |
| a 30-year-old buildings | 6a | |
| b 40-year-old buildings | 6b | |
| c Certified historic structures (Enter the Dept. of Interior assigned project number ______) | 6c | |
| 7 Corporations checking election box A above—add lines 5, 6a, 6b, and 6c . . \| 7 \| | | |

**PART III.—Tentative Regular Investment Credit**

| | Line | Amount |
|---|---|---|
| 8 10% of line 5 | 8 | 9,004. |
| 9 15% of line 6a | 9 | |
| 10 20% of line 6b | 10 | |
| 11 25% of line 6c | 11 | |
| 12 Corporations checking election box A (See Instruction D(1))— | | |
| a Basic 1% credit—Enter 1% of line 7 (1982–83 fiscal-year filers, see instructions for line 12) | 12a | |
| b Matching credit (not more than 0.5%)—Allowable percentage times adjusted line 7 (attach schedule) | 12b | |
| 13 Credit from cooperative—Enter regular investment credit from cooperatives | 13 | |
| 14 Current year regular investment credit—Add lines 8 through 13 | 14 | 9,004. |
| 15 Carryover of unused credits | 15 | |
| 16 Carryback of unused credits | 16 | |
| 17 Tentative regular investment credit—Add lines 14, 15, and 16 | 17 | 9,004. |

**PART IV.—Tax Liability Limitations**

| | Line | Amount |
|---|---|---|
| 18 a Individuals—From Form 1040, enter tax from line 38, page 2, plus any additional taxes from Form 4970<br>b Estates and trusts—From Form 1041, enter tax from line 26a, plus any section 644 tax on trusts<br>c Corporations (1120 filers)—From Form 1120, Schedule J, enter tax from line 3<br>d Other organizations—Enter tax before credits from return | 18 | 2,899. |
| 19 a Individuals—From Form 1040, enter credits from lines 41 and 42 of page 2<br>b Estates and trusts—From Form 1041, enter any foreign tax credit from line 27a<br>c Corporations (1120 filers)—From Form 1120, Schedule J, enter any foreign tax credit from line 4(a), plus any possessions tax credit from line 4(f)<br>d Other organizations—Enter any foreign or possessions tax credit | 19 | |
| 20 Income tax liability as adjusted (subtract line 19 from line 18) | 20 | 2,899. |
| 21 a Enter smaller of line 20 or $25,000. See instruction for line 21 | 21a | 2,899. |
| b If line 20 is more than $25,000—Enter 90% of the excess | 21b | |
| 22 Regular investment credit limitation—Add lines 21a and 21b | 22 | 2,899. |
| 23 Allowed regular investment credit—Enter the smaller of line 17 or line 22 | 23 | 2,899. |
| 24 Business energy investment credit limitation—Subtract line 23 from line 20 | 24 | |
| 25 Business energy investment credit—From line 14 of Schedule B (Form 3468) | 25 | |
| 26 Allowed business energy investment credit—Enter smaller of line 24 or line 25 | 26 | |
| 27 Total allowed regular and business energy investment credit—Add lines 23 and 26. Enter here and on Form 1040, line 43; Schedule J (Form 1120), line 4(b), page 3; or the proper line on other returns | 27 | 2,899. |

For Paperwork Reduction Act Notice, see separate instructions. 363-167-2 Form 3468 (1982)

AS ORIGINALLY FILED

0332

13

AS ORIGINALLY FILED

AS AMENDED

2nd Time

5-27-1995 5:16AM FROM P. 2

Form **1040X** (Rev. October 1995)

Department of the Treasury—Internal Revenue Service

# Amended U.S. Individual Income Tax Return

▶ See separate instructions.

OMB No. 1545-0091

This return is for calendar year ▶ 19 91 , OR fiscal year ended ▶ , 19

Please print or type

| | | |
|---|---|---|
| Your first name and initial: Lyman F. Bush | Last name | Your social security number: [redacted] |
| If a joint return, spouse's first name and initial: Beverly J. Bush | Last name | Spouse's social security number: [redacted] |
| Home address (number and street). If you have a P.O. box, see instructions. 1217 122nd St. Ct. E | Apt. no. | Telephone number (optional) ( ) -- |
| City, town or post office, state, and ZIP code. If you have a foreign address, see instructions. Tacoma, WA 98445 | | For Paperwork Reduction Act Notice, see page 1 of separate instructions. |

A If the name or address shown above is different from that shown on the original return, check here . . N/A . . ▶ ☐

B Has original return been changed or audited by the IRS or have you been notified that it will be? . . . ☐ Yes ☒ No
If notified that it will be, identify the IRS office ▶

C If you are amending your return to include any item (loss, credit, deduction, other tax benefit, or income) relating to a tax shelter required to be registered, attach Form 8271, Investor Reporting of Tax Shelter Registration Number, and check here . . . . . . N/A . . . . ▶ ☐

D Filing status claimed. **Note:** *You cannot change from joint to separate returns after the due date has passed.*
On original return ▶ ☐ Single ☒ Married filing joint return ☐ Married filing separate return ☐ Head of household ☐ Qualifying widow(er)
On this return ▶ ☐ Single ☒ Married filing joint return ☐ Married filing separate return ☐ Head of household ☐ Qualifying widow(er)

| Income and Deductions (see instructions) USE PART II ON PAGE 2 TO EXPLAIN ANY CHANGES | | A. As originally reported or as previously adjusted (see instructions) | B. Net change—Increase or (Decrease)—explain on page 2 | C. Correct amount |
|---|---|---|---|---|
| 1 Adjusted gross income (see instructions) | 1 | 88,495 | (56,126) | 32,369 |
| 2 Itemized deductions or standard deduction | 2 | 13,754 | 1,123 | 14,877 |
| 3 Subtract line 2 from line 1 | 3 | 74,741 | (57,249) | 17,492 |
| 4 Exemptions. If changing, fill in Parts I and II on page 2 | 4 | 4,300 | -- | 4,300 |
| 5 Taxable income. Subtract line 4 from line 3 | 5 | 70,441 | (57,249) | 13,192 |
| **Tax Liability** 6 Tax (see instructions). Method used in col. C | 6 | 15,303 | (13,327) | 1,976 |
| 7 Credits (see instructions) | 7 | -- | -- | -- |
| 8 Subtract line 7 from line 6. Enter the result but not less than zero | 8 | 15,503 | (13,327) | 1,976 |
| 9 Other taxes (see instructions). Self employment tax | 9 | 1,101 | -- | 1,101 |
| 10 Total tax. Add lines 8 and 9 | 10 | 16,404 | (13,327) | 3,077 |
| **Payments** 11 Federal income tax withheld and excess social security, Medicare, and RRTA taxes withheld. If changing, see instructions | 11 | 7,296 | -- | 7,296 |
| 12 Estimated tax payments | 12 | 10,060 | -- | 10,060 |
| 13 Earned income credit | 13 | -- | -- | -- |
| 14 Credits for Federal tax paid on fuels, regulated investment company, etc. | 14 | -- | -- | -- |
| 15 Amount paid with Form 4868, Form 2688, or Form 2350 (applications for extension of time to file) | | | 15 | -- |
| 16 Amount of tax paid with original return plus additional tax paid after it was filed | | | 16 | -- |
| 17 Total payments. Add lines 11 through 16 in column C | | | 17 | 17,356 |
| **Refund or Amount You Owe** | | | | |
| 18 Overpayment, if any, as shown on original return or as previously adjusted by the IRS | | | 18 | 952 |
| 19 Subtract line 18 from line 17 (see instructions) | | | 19 | 16,404 |
| 20 AMOUNT YOU OWE. If line 10, column C, is more than line 19, enter the difference and see instructions | | | 20 | -- |
| 21 If line 10, column C, is less than line 19, enter the difference | | | 21 | 13,327 |
| 22 Amount of line 21 you want REFUNDED TO YOU | | | 22 | 13,327 |
| 23 Amount of line 21 you want APPLIED TO YOUR 19 ESTIMATED TAX | 23 | -- | | |

**Sign Here** Keep a copy of this return for your records.
Under penalties of perjury, I declare that I have filed an original return and that I have examined this amended return, including accompanying schedules and statements, and to the best of my knowledge and belief, this amended return is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which the preparer has any knowledge.

Your signature Date | Spouse's signature. If a joint return, BOTH must sign. Date

**Paid Preparer's Use Only**
Preparer's signature ▶ Donald R. Brink Date 9/2/96 Check if self-employed ☐ Preparer's social security no. [redacted]
Firm's name (or yours if self-employed) and address ▶ BRINK & SADLER CERTIFIED PUBLIC ACCOUNTANTS 5127 ... STREET SOUTHWEST TACOMA, WASHINGTON 98499 EIN ZIP code

11360L

Form 1040X (Rev. 10-95)

0333

14

AS ORIGINALLY FILED

5-27-1995 5:18AM FROM P. 4

LYMAN F. AND BEVERLY J. BUSH

[redacted]

First 1040X

FORM 1040X

STATEMENT 1

| | | Original Return | Difference | Corrected Return | Notes |
|---|---|---|---|---|---|
| Line 31: | Adjusted Gross Income | $ 88,495 | $ (56,126) | $ 32,369 | 1 |
| Line 34: | Itemized Deductions | $ 13,754 | $ 1,123 | $ 14,877 | 2 |
| Line 36: | Exemptions | $ 4,300 | $ -0- | $ 4,300 | |
| Line 37: | Taxable Income | $ 70,441 | $ 57,249 | $ 13,192 | 3 |
| Line 38: | Tax | $ 15,303 | $ (13,327) | $ 1,976 | 4 |
| Line 47: | Self Employment Tax | $ 1,101 | $ -0- | $ 1,101 | |
| Line 53: | Total Tax | $ 16,404 | $ (13,327) | $ 3,077 | 4 |

Note 1: Reduction due to carryback of 1994 NOL.

Note 2: Increase due to lower limit on miscellaneous itemized deductions .02 x $56,126 = $1,123.

Note 3: Net of reduced AGI and increased itemized deductions.

Note 4: Decrease due to decrease in adjusted gross income due to NOL carryback and related increase in itemized deductions.

AS ORIGINALLY FILED

1st 1040X

5-27-1995 5:20AM FROM

# Schedule A - Net Operating Loss (NOL)

**1994**

Name: LYMAN F. & BEVERLY J. BUSH

Social Security Number: [redacted]

| Line | Description | Inner box | Inner amount | Middle box | Middle amount | Box | Amount |
|---|---|---|---|---|---|---|---|
| 1 | Adjusted gross income from 1994 Form 1040, line 32. Estates and trusts, skip lines 1 and 2 | | | | | 1 | -37920. |
| 2 | Deductions (individuals only): | | | | | | |
| a | Enter amount from your 1994 Form 1040, line 34 | | | 2a | 21349. | | |
| b | Enter your deduction for exemptions from 1994 Form 1040, line 36 | | | 2b | 4900. | | |
| c | Add lines 2a and 2b | | | | | 2c | -26249. |
| 3 | Combine lines 1 and 2c. Estates and trusts, enter your taxable income | | | | | 3 | -64169. |
| | Note: If line 3 is zero or more, do not complete rest of schedule. You do not have a net operating loss. | | | | | | |
| | Adjustments: | | | | | | |
| 4 | Deduction for exemptions from line 2b above. Estates and trusts, enter exemption amount from your tax return | | | 4 | 4900. | | |
| 5 | Total nonbusiness capital losses before limitation. Enter as a positive number | 5 | 69072. | | | | |
| 6 | Total nonbusiness capital gains | 6 | | | | | |
| 7 | If line 5 is more than line 6, enter difference; otherwise, enter -0- | 7 | 69072. | | | | |
| 8 | If line 6 is more than line 5, enter difference; otherwise, enter -0- | 8 | 0. | | | | |
| 9 | Nonbusiness deductions. See instructions | 9 | 30784. | | | | |
| 10 | Nonbusiness income other than capital gains. See instructions | 10 | 30641. | | | | |
| 11 | Add lines 8 and 10 | 11 | 30641. | | | | |
| 12 | If line 9 is more than line 11, enter difference; otherwise, enter -0- | | | 12 | 143. | | |
| 13 | If line 11 is more than line 9, enter difference; otherwise, enter -0-. Do not enter more than line 8 | 13 | 0. | | | | |
| 14 | Total business capital losses before limitation. Enter as a positive number | 14 | | | | | |
| 15 | Total business capital gains | 15 | | | | | |
| 16 | Add lines 13 and 15 | 16 | | | | | |
| 17 | If line 14 is more than line 16, enter difference; otherwise, enter -0- | 17 | 0. | | | | |
| 18 | Add lines 7 and 17 | 18 | 69072. | | | | |
| 19 | Enter the loss, if any, from line 18 of Schedule D (Form 1040). (Estates and trusts, enter the loss, if any, from line 17, column (c), of Schedule D (Form 1041).) Enter as a positive number. If you do not have a loss on that line, skip lines 19 through 21 and enter on line 22 the amount from line 18 | 19 | 69072. | | | | |
| 20 | Enter the loss from line 19 of Schedule D (Form 1040). (Estates and trusts, enter the loss from line 18 of Schedule D (Form 1041).) Enter as a positive number | 20 | 3000. | | | | |
| 21 | Subtract line 20 from line 19 | 21 | 66072. | | | | |
| 22 | Subtract line 21 from line 18 | | | 22 | 3000. | | |
| 23 | Net operating loss deduction for losses from other years. Enter as a positive number | | | 23 | | | |
| 24 | Add lines 4, 12, 22, and 23 | | | | | 24 | 8043. |
| 25 | Net operating loss. Combine from lines 3 and 24. If the combined amount is less than zero, enter it here and on page 1, line 1a. If the combined amount is zero or more, you do not have a net operating loss | | | | | 25 | -56126. |

SUPPORTING SCHEDULES

0335

426101
08-10-94



16

Form 1045 (1994) TEST TO DETERMINE IF ALL 1994 NOL IS USED IN 1991 Page 3

**Schedule B–Net Operating Loss Carryover.** See instructions.

| Complete one column **before** going to the next column. | (a) 3rd preceding tax year ended ▶ 1991 | | (b) 2nd preceding tax year ended ▶ 1992 | | (c) 1st preceding tax year ended ▶ 1993 | |
|---|---|---|---|---|---|---|
| 1 **Net operating loss deduction.** In column (a), enter as a positive number the net operating loss from Schedule A, line 25. In columns (b) and (c), enter amounts from line 8 below, columns (a) and (b), respectively | | 56126 | | 56126 | | |
| 2 Taxable income from tax return (or as previously adjusted) before 1994 NOL carryback. (For individuals, if line 37 of Form 1040 is zero, subtract line 36 (Form 1040) from line 35 (Form 1040), and enter the difference as a negative number | 70,441<br><1,003><br><14,747><br>54,691 | 1040 As Filed<br><Losses on Amended | | | | |
| 3 Net capital loss deduction from Sch. D (Form 1040)(line 19 of 1993 Sch. D, line 20 of 1992 Sch. D, line 18 of 1991 Sch. D), or from Sch. D (Form 1041), line 18. Enter as a positive number | — | | | | | |
| 4 Adjustments to adjusted gross income. See instructions | – | | | | | |
| 5 Adjustment to itemized deductions. See instructions (Line 9) | | | | | | |
| 6 Deduction for exemptions from tax return (or as previously adjusted). Estates and trusts, enter your exemption amount | 4,300 | | | | | |
| 7 Modified taxable income. Combine lines 2 through 6. If zero or less, enter -0- | | 58,991 | | | | |
| 8 **Net operating loss carryover.** Subtract line 7 from line 1. If zero or less, enter -0-. See instructions | | — | | | | |
| **Adjustment to Itemized Deductions (Individuals Only)** Complete lines 9 through 33 **ONLY** if, for any of the 3 preceding years, you itemized deductions and line 3 above has an entry other than zero. | Not Applicable | | No NOL Left | | | |
| 9 Adjusted gross income per return (or as previously adjusted) before 1994 NOL carryback | | | | | | |
| 10 Add lines 3 and 4 above | | | | | | |
| 11 Modified adjusted gross income. Add lines 9 and 10 | | | | | | |
| 12 Medical expenses from Sch. A (Form 1040), line 1 | | | | | | |
| 13 Multiply line 11 by .075 | | | | | | |
| 14 Subtract line 13 from line 12. If zero or less, enter -0- | | | | | | |
| 15 Medical expenses from Sch. A (Form 1040), line 4 (or as previously adjusted) | | | | | | |
| 16 Subtract line 14 from line 15 | | | | | | |

0336

**Social Security Benefits Worksheet—Lines 21a and 21b** (keep for your records)

If you are married filing a separate return and you did **not** live with your spouse at any time in 1991, enter "D" on the dotted line next to line 21a. 1993

1. Enter the total amount from **Box 5** of **all** your **Forms SSA-1099** and **Forms RRB-1099** (if applicable) . . . . . . . . **1.** 10,679

**Note:** *If line 1 is zero or less, stop here; none of your benefits are taxable. Otherwise, go to line 2.*

2. Divide line 1 above by 2 . . . **2.** 5,340
3. Add the amounts on Form 1040, lines 7, 8a, 8b, 9 through 15, 16b, 17b, 18 through 20, and line 22. Do not include here any amounts from Box 5 of Forms SSA-1099 or RRB-1099 . **3.** 68,899 (89,990 <1004> <14,747> <5,340>)
4. Add lines 2 and 3 . . . . . . . . . . . . . . . . **4.** 74,239
5. Enter the total adjustments from Form 1040, line 30 . . **5.** 1,495
6. Subtract line 5 from line 4 . . . . . . . . . . . . . **6.** 72,744
7. Enter on line 7 the amount shown below for your filing status: **7.** 32,000
   - Single, Head of household, or Qualifying widow(er) with dependent child, enter $25,000
   - Married filing a joint return, enter $32,000
   - Married filing a separate return, enter -0- ($25,000 if you did **not** live with your spouse at any time in 1991)
8. Subtract line 7 from line 6. Enter the result but not less than zero . . . . . . . . . . . . . . . . . . . . **8.** 40,744
   - If line 8 is zero, stop here. None of your benefits are taxable. Do not enter any amounts on lines 21a or 21b. **But if** you are married filing a separate return and you did **not** live with your spouse at any time in 1991, enter -0- on line 21b. Be sure you entered "D" on the dotted line next to line 21a.
   - If line 8 is more than zero, go to line 9.
9. Divide line 8 above by 2 . . . . . . . . . . . . . **9.** 20,372
10. **Taxable social security benefits.**
    - First, enter on Form 1040, line 21a, the amount from line 1 above.
    - Then, enter the **smaller** of line 2 or line 9 here and on Form 1040, line 21b . . . . . . . . . . . . . . . . . **10.** 5,340

**Note:** *If part of your benefits are taxable for 1991 and they include benefits paid in 1991 that were for an earlier year, you may be able to reduce the taxable amount shown on the worksheet. Get Pub. 915 for details.*

Used to TEST IF Any 1991 NOL IS Available for 1992 on,

95 NOL →92

Form **1040X** (Rev. November 1998)

Department of the Treasury — Internal Revenue Service

# Amended U.S. Individual Income Tax Return

▶ See separate instructions.

Bush 503303721

OMB No. 1545-0091

This return is for calendar year ▶ 1992, OR fiscal year ended ▶ , 19

Please print or type

| | | |
|---|---|---|
| Your first name and initial: LYMAN F. | Last name: BUSH | Your social security number: [redacted] |
| If a joint return, spouse's first name and initial: BEVERLY J. | Last name: BUSH | Spouse's social security number: [redacted] |
| Home address (no. and street) or P.O. box if mail is not delivered to your home: 1217 122nd Street Court East | Apt. no. | Telephone number (optional): 713-965-9244 |
| City, town or post office, state, and ZIP code. If you have a foreign address, see page 2 of the instructions. Tacoma, Washington 98445 | | For Paperwork Reduction Act Notice, see page 6. |

A If the name or address shown above is different from that shown on the original return, check here ▶ ☒

B Has the original return been changed or audited by the IRS or have you been notified that it will be? ☒ Yes ☐ No

C Filing status. Be sure to complete this line. **Note:** *You cannot change from joint to separate returns after the due date.*

On original return ▶ ☐ Single ☒ Married filing joint return ☐ Married filing separate return ☐ Head of household ☐ Qualifying widow(er)

On this return ▶ ☐ Single ☒ Married filing joint return ☐ Married filing separate return ☐ Head of household* ☐ Qualifying widow(er)

* If the qualifying person is a child but not your dependent, see page 2.

USE PART II ON THE BACK TO EXPLAIN ANY CHANGES

| Income and Deductions (see pages 2 - 5) | Line | A. Original amount or as previously adjusted (see page 2) | B. Net change — amount of increase or (decrease) — explain in Part II | C. Correct amount |
|---|---|---|---|---|
| 1 Adjusted gross income (see page 3) | 1 | 91,668 | (106,670) | (15,002) |
| 2 Itemized deductions or standard deduction (see page 3) | 2 | 12,603 | 2,215 | 14,818 |
| 3 Subtract line 2 from line 1 | 3 | 79,065 | (108,885) | (29,820) |
| 4 Exemptions. If changing, fill in Parts I and II on the back | 4 | 4,600 | 0 | 4,600 |
| 5 Taxable income. Subtract line 4 from line 3 | 5 | 74,465 | (108,885) | (34,420) |
| **Tax Liability** 6 Tax (see page 4). Method used in col. C Tax Table | 6 | 16,199 | (16,199) | 0 |
| 7 Credits (see page 4) | 7 | | | |
| 8 Subtract line 7 from line 6. Enter the result but not less than zero | 8 | 16,199 | (16,199) | 0 |
| 9 Other taxes (see page 4) | 9 | 5,800 | 0 | 5,800 |
| 10 Total tax. Add lines 8 and 9 | 10 | 21,999 | (16,199) | 5,800 |
| **Payments** 11 Federal income tax withheld and excess social security and RRTA tax withheld. If changing, see page 4 | 11 | 2,787 | 0 | 2,787 |
| 12 Estimated tax payments, including amount applied from prior year's return | 12 | 16,500 | 0 | 16,500 |
| 13 Earned income credit | 13 | | | |
| 14 Additional child tax credit from Form 8812 | 14 | | | |
| 15 Credits from Form 4136 or Form 2439 | 15 | | | |
| 16 Amount paid with Form 4868, 2688, or 2350 (applications for extension of time to file) | 16 | | | |
| 17 Amount of tax paid with original return plus additional tax paid after it was filed | 17 | | | 2,712 |
| 18 Total payments. Add lines 11 through 17 in column C | 18 | | | 21,999 |

**Refund or Amount You Owe**

| | Line | Amount |
|---|---|---|
| 19 Overpayment, if any, as shown on original return or as previously adjusted by the IRS | 19 | |
| 20 Subtract line 19 from line 18 (see page 4) | 20 | 21,999 |
| 21 **AMOUNT YOU OWE.** If line 10, column C, is more than line 20, enter the difference and see page 4 | 21 | 0 |
| 22 If line 10, column C, is less than line 20, enter the difference | 22 | 16,199 |
| 23 Amount of line 22 you want **REFUNDED TO YOU** | 23 | 16,199 ** |
| 24 Amount of line 22 you want **APPLIED TO YOUR 19 ESTIMATED TAX** | 24 | |

**Sign Here** Joint return? See page 2. Keep a copy for your records.

Under penalties of perjury, I declare that I have filed an original return and that I have examined this amended return, including accompanying schedules and statements, and to the best of my knowledge and belief, this amended return is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which the preparer has any knowledge.

[signature: Lyman F. Bush] 11-24-99
Your signature Date

Lyman F. Bush Personal Representative of the Estate of Beverly J. Bush, deceased 11-24-99
Spouse's signature. If a joint return, BOTH must sign. Date

**Paid Preparer's Use Only**

Preparer's signature ▶ [signature] CPA Date 11/23/99 Check if self-employed ☒ Preparer's social security no. [redacted]

Firm's name (or yours if self-employed) and address ▶ Brett A. Thompson, CPA, 20214 Kingsland Blvd., Katy, Texas EIN ZIP code 77450

** *or such greater amount as is legally refundable, plus interest.*



EXHIBIT "E"

0338

Form 1040X (Rev. 11-98) Bush [redacted]

Page 2

**Part I** **Exemptions.** See Form 1040, Form 1040A, or Form 1040-T instructions.

If you are **not changing your exemptions**, do not complete this part.
If claiming **more exemptions**, complete lines 25 - 31 and, if applicable, line 32.
If claiming **fewer exemptions**, complete lines 25 - 30.

| | | | A. Original number of exemptions reported or as previously adjusted | B. Net change | C. Correct number of exemptions |
|---|---|---|---|---|---|
| 25 | Yourself and spouse . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .<br>**Caution:** *If your parents (or someone else) can claim you as a dependent (even if they chose not to), you cannot claim an exemption for yourself.* | 25 | | | |
| 26 | Your dependent children who lived with you . . . . . . . . . . . . . . . . . . . . | 26 | | | |
| 27 | Your dependent children who did not live with you due to divorce or separation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 27 | | | |
| 28 | Other dependents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 28 | | | |
| 29 | Total number of exemptions. Add lines 25 through 28 . . . . . . . . . . . . . . | 29 | | | |
| 30 | Multiply the number of exemptions claimed on line 29 by the amount listed below for the tax year you are amending. Enter the result here and on line 4. | 30 | | | |

| Tax year | Exemption amount | But see page 3 if the amount on line 1 is over: |
|---|---|---|
| 1998 | $2,700 | $93,400 |
| 1997 | 2,650 | 90,900 |
| 1996 | 2,550 | 88,475 |
| 1995 | 2,500 | 86,025 |

31 Dependents (children and other) not claimed on original (or adjusted) return:
**Note:** *For tax year 1998, do not complete column (e) below. For tax years before 1998, do not complete column (d) below.*

| (a) First name | Last name | (b) Dependent's social security number. If born in the tax year you are amending, see page 5. | (c) Dependent's relationship to you | (d) ✓ if qualifying child for child tax credit (see page 5) | (e) No. of months lived in your home |
|---|---|---|---|---|---|
| | | | | ☐ | |
| | | | | ☐ | |
| | | | | ☐ | |
| | | | | ☐ | |
| | | | | ☐ | |
| | | | | ☐ | |

No. of your children on line 31 who:
- lived with you . . . . . . . . ▶ ☐
- did not live with you due to divorce or separation (see page 5) . . . . . ▶ ☐

Dependents on line 31 not entered above ▶ ☐

32 For tax year 1995, if your child listed on line 31 did not live with you but is claimed as your dependent under a pre-1985 agreement, check here . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ▶ ☐

**Part II** **Explanation of Changes to Income, Deductions, and Credits**

**Enter the line number from the front of the form for each item you are changing and give the reason for each change. Attach only the supporting forms and schedules for the items changed. If you do not attach the required information, your Form 1040X may be returned. Be sure to include your name and social security number on any attachments.**

If the change relates to a net operating loss carryback or a general business credit carryback, attach the schedule or form that shows the year in which the loss or credit occurred. See page 1 of the instructions. Also, check here . . . . . . . . . . . . . . . . . . . . . . ▶ ☒

***** *PLEASE SEE EXPLANATION ATTACHED* *****

This amended return is filed to carryback the net operating loss generated in 1995.

**Part III** **Presidential Election Campaign Fund.** Checking below will not increase your tax or reduce your refund.

If you did not previously want $3 to go to the fund but now want to, check here . . . . . . . . . . . . . . . . . . . . . . ▶ ☐
If a joint return and your spouse did not previously want $3 to go to the fund but now wants to, check here . . . . . . . . . . . . ▶ ☐

STF FED3171F.2

0339

**LYMAN F. BUSH and BEVERLY J. BUSH**
**(SSN [redacted] and SSN [redacted])**
**EXPLANATION - 1995 REFUND CLAIM**

The taxpayer and the Commissioner entered into a Closing Agreement ("Agreement") on July 22, 1999 regarding the taxpayer's partnership interest in Cinema 84 and Lone Wolf McQuade Associates, copies of which are attached hereto as Exhibit "A."

This refund claim is being filed and is timely based on Paragraph 15 of the Agreement which provides that "[a]ny refund claim attributable to the operation of this agreement ***shall*** be deemed to be timely filed and ***shall*** be allowed if it is filed with the IRS within one year of the execution of this agreement by the Commissioner of Internal Revenue."

Further, pursuant to Paragraph 15 of the Agreement, "[a]ny refund claim so submitted within 120 days of this agreement shall be allowed as an offset pursuant to I.R.C. §§6402(a) and 6601(f) against any tax deficiencies resulting from this agreement." Therefore, the refund due under this claim must be applied as an offset to the tax deficiencies arising from the settlement. The refund should be applied first to any deficiency determined for 1983 and thereafter any balance to any subsequent year deficiencies.

This refund claim results from application of the portion of the §465 suspended losses allowable in this year as a consequence of the increase in the amount at risk resulting from net partnership income reported in this year, based on Agreement Paragraph 8 and capital contributions based on Agreement Paragraph 7 as reported on the K-1 attached as Exhibit "B.".

This refund claim also results from application of the portion of the §465 suspended investment tax credits allowable in this year as a consequence of the increase in the amount at risk resulting from net partnership income reported in this year, based on Agreement Paragraph 8.

Based upon the Agreement, the suspended losses and ITC allowable in this year as a consequence of Paragraph 8 of the Agreement are determined as follows:

| | Cinema 84 | Lone Wolf McQuade |
|---|---|---|
| Increase of amount at risk due to net partnership income and capital contributions in current year per K-1 | $87,442.00 | $107,206.00 |
| Portion of losses previously suspended under §465 allowable in current year per Closing Agreement | $57,848.00 | $93,049.00 |
| Portion of ITC suspended under §465 allowable due to increase in amount at risk | $-0.00- | $1,022.00 |

***<u>Please process this claim immediately and apply the refund as an offset under §6402 as required above.</u>***

Exhibit:

A - Copy of Closing Agreement
B - Copy of K-1
C - Computation of Deduction Amounts

Bush 503303721

Form **1040X** (Rev. November 1998)

Department of the Treasury — Internal Revenue Service

# Amended U.S. Individual Income Tax Return

▶ See separate instructions.

OMB No. 1545-0091

**This return is for calendar year ▶** 19 95 , **OR fiscal year ended ▶** , 19 .

Please print or type

| Your first name and initial | Last name | Your social security number |
|---|---|---|
| LYMAN F. | BUSH | [redacted] |
| If a joint return, spouse's first name and initial | Last name | Spouse's social security number |
| BEVERLY J. | BUSH | [redacted] |
| Home address (no. and street) or P.O. box if mail is not delivered to your home / Apt. no. | | Telephone number (optional) |
| 1217 122nd Street Court East | | 713-965-9244 |
| City, town or post office, state, and ZIP code. If you have a foreign address, see page 2 of the instructions. | | For Paperwork Reduction Act Notice, see page 6. |
| Tacoma, Washington 98445 | | |

A If the name or address shown above is different from that shown on the original return, check here . . . . . ▶ [X]

B Has the original return been changed or audited by the IRS or have you been notified that it will be? . . . . . [X] Yes [ ] No

C Filing status. Be sure to complete this line. **Note:** *You cannot change from joint to separate returns after the due date.*

On original return ▶ [ ] Single [X] Married filing joint return [ ] Married filing separate return [ ] Head of household [ ] Qualifying widow(er)

On this return ▶ [ ] Single [X] Married filing joint return [ ] Married filing separate return [ ] Head of household* [ ] Qualifying widow(er)

* If the qualifying person is a child but not your dependent, see page 2.

| USE PART II ON THE BACK TO EXPLAIN ANY CHANGES | Line | A. Original amount or as previously adjusted (see page 2) | B. Net change — amount of increase or (decrease) — explain in Part II | C. Correct amount |
|---|---|---|---|---|
| **Income and Deductions (see pages 2 - 5)** | | | | |
| 1 Adjusted gross income (see page 3) | 1 | 74,240 | (161,118) | (86,878) |
| 2 Itemized deductions or standard deduction (see page 3) | 2 | 17,508 | 5,739 | 23,247 |
| 3 Subtract line 2 from line 1 | 3 | 56,732 | (166,857) | (110,125) |
| 4 Exemptions. If changing, fill in Parts I and II on the back | 4 | 5,000 | 0 | 5,000 |
| 5 Taxable income. Subtract line 4 from line 3 | 5 | 51,732 | (166,857) | (115,125) |
| **Tax Liability** | | | | |
| 6 Tax (see page 4). Method used in col. C Tax Table | 6 | 9,413 | (9,413) | 0 |
| 7 Credits (see page 4) | 7 | | 1,948 | 1,948 |
| 8 Subtract line 7 from line 6. Enter the result but not less than zero | 8 | 9,413 | (9,413) | 0 |
| 9 Other taxes (see page 4) | 9 | 5,115 | 0 | 5,115 |
| 10 Total tax. Add lines 8 and 9 | 10 | 14,528 | (9,413) | 5,115 |
| **Payments** | | | | |
| 11 Federal income tax withheld and excess social security and RRTA tax withheld. If changing, see page 4 | 11 | 2,553 | 0 | 2,553 |
| 12 Estimated tax payments, including amount applied from prior year's return | 12 | 8,262 | 0 | 8,262 |
| 13 Earned income credit | 13 | | | |
| 14 Additional child tax credit from Form 8812 | 14 | | | |
| 15 Credits from Form 4136 or Form 2439 | 15 | | | |
| 16 Amount paid with Form 4868, 2688, or 2350 (applications for extension of time to file) | 16 | | | |
| 17 Amount of tax paid with original return plus additional tax paid after it was filed | 17 | | | 3,713 |
| 18 Total payments. Add lines 11 through 17 in column C | 18 | | | 14,528 |
| **Refund or Amount You Owe** | | | | |
| 19 Overpayment, if any, as shown on original return or as previously adjusted by the IRS | 19 | | | |
| 20 Subtract line 19 from line 18 (see page 4) | 20 | | | 14,528 |
| 21 **AMOUNT YOU OWE.** If line 10, column C, is more than line 20, enter the difference and see page 4 | 21 | | | 0 |
| 22 If line 10, column C, is less than line 20, enter the difference | 22 | | | 9,413 |
| 23 Amount of line 22 you want **REFUNDED TO YOU** | 23 | | | 9,413 ** |
| 24 Amount of line 22 you want **APPLIED TO YOUR 19 ESTIMATED TAX** | 24 | | | |

"DUPLICATE COPY" DO NOT PROCESS

**Sign Here** Joint return? See page 2. Keep a copy for your records.

Under penalties of perjury, I declare that I have filed an original return and that I have examined this amended return, including accompanying schedules and statements, and to the best of my knowledge and belief, this amended return is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which the preparer has any knowledge.

▶ Your signature Date ▶ Spouse's signature. If a joint return, BOTH must sign. Date

CLIENT COPY

**Paid Preparer's Use Only**

| Preparer's signature ▶ | Date | Check if self-employed [X] | Preparer's social security no. [redacted] |
|---|---|---|---|
| Firm's name (or yours if self-employed) and address ▶ | Brett A. Thompson, CPA | | EIN |
| | 20214 Kingsland Blvd., Katy, Texas | | ZIP code 77450 |

** *or such greater amount as is legally refundable, plus interest.*

Form **1040X** (Rev. 11-98)

ISA
STF FED3171F.1

0341

AS AMENDED

Form 1045 (1995) Page 2

## Schedule A – Net Operating Loss (NOL). See instructions.

| Line | Description | Box | Amount |
|---|---|---|---|
| 1 | Adjusted gross income from 1995 Form 1040, line 32. Estates and trusts, skip lines 1 and 2 | 1 | <86,878> |
| 2 | Deductions (individuals only): | | |
| a | Enter amount from your 1995 Form 1040, line 34 | 2a | 23,247 |
| b | Enter your deduction for exemptions from 1995 Form 1040, line 36 | 2b | 5,000 |
| c | Add lines 2a and 2b | 2c | 28,247 |
| 3 | Combine lines 1 and 2c. Estates and trusts, enter taxable income. | 3 | <115,125> |
| | **Note:** If line 3 is zero or more, do not complete rest of schedule. You **do not** have a net operating loss. | | |
| | **Adjustments:** | | |
| 4 | Deduction for exemptions from line 2b above. Estates and trusts, enter exemption amount from tax return. | 4 | 5,000 |
| 5 | Total nonbusiness capital losses before limitation. Enter as a positive number . 7917, 26361, 69072 | 5 | 103,350 |
| 6 | Total nonbusiness capital gains. 7820, 12498, 37 | 6 | 20,355 |
| 7 | If line 5 is more than line 6, enter difference; otherwise, enter -0- | 7 | 82,995 |
| 8 | If line 6 is more than line 5, enter difference; otherwise, enter -0- | 8 | — |
| 9 | Nonbusiness deductions. See instructions | 9 | 30,316 |
| 10 | Nonbusiness income other than capital gains. See instructions. 13094, 5372, 8851, | 10 | 27,317 |
| 11 | Add lines 8 and 10 | 11 | 27,317 |
| 12 | If line 9 is more than line 11, enter difference; otherwise, enter -0- | 12 | 2,999 |
| 13 | If line 11 is more than line 9, enter difference; otherwise, enter -0-. Do not enter more than line 8 | 13 | -0- |
| 14 | Total business capital losses before limitation. Enter as a positive number | 14 | -0- |
| 15 | Total business capital gains. | 15 | 2,993 |
| 16 | Add lines 13 and 15. | 16 | 2,993 |
| 17 | If line 14 is more than line 16, enter difference; otherwise, enter -0- | 17 | -0- |
| 18 | Add lines 7 and 17 | 18 | 82,995 |
| 19 | Enter the loss, if any, from line 18 of Schedule D (Form 1040). (Estates and trusts, enter the loss, if any, from line 17, column (c), of Schedule D (Form 1041).) Enter as a positive number. If you do not have a loss on that line, skip lines 19 through 21 and enter on line 22 the amount from line 18 | 19 | 80,002 |
| 20 | Enter the loss from line 19 of Schedule D (Form 1040). (Estates and trusts, enter the loss from line 18 of Schedule D (Form 1041).) Enter as a positive number | 20 | 3,000 |
| 21 | Subtract line 20 from line 19 | 21 | 77,002 |
| 22 | Subtract line 21 from line 18 | 22 | 5993 |
| 23 | Net operating loss deduction for losses from other years. Enter as a positive number | 23 | 0 |
| 24 | Add lines 4, 12, 22, and 23 | 24 | 13,992 |
| 25 | **Net operating loss.** Combine lines 3 and 24. If the combined amount is less than zero, enter it here and on page 1, line 1a. If the combined amount is zero or more, you **do not** have a net operating loss. | 25 | <101,133> |

| | Ordinary Business | Ordinary Non Bus | Capital Business | Capital Non Business |
|---|---|---|---|---|
| Gains <Losses> Inc <Loss | 12000 | 13094 | 2993 | 7820 |
| | 36201 | 5372 (27317 ln 10) | | 12498 |
| | <21> | 8851 | | 37 |
| | <1409> | <7069> (Ln 9 30316) | | <7917> |
| | <93,044> | <23,247> | | <26,361> (<13923> None Allowed) |
| | <57,848> | | | |
| Total | <104,126> | -0- None | 2993 | -0- |

Σ <101,133>

0342

AS ORIGINALLY FILED

AS AMENDED

**Form 1040** Department of the Treasury – [Internal] Revenue Service
**U.S. Individual In[co]ne Tax Return 1992** [IR]S Use Only – Do not write or staple in this space.

For the year Jan.–Dec. 31, 1992, or other tax year beginning , 1992, ending , 19 OMB No. 1545-0074

**Label** (See instructions on page 10.) Use IRS label. Otherwise, please print or type.

| | | |
|---|---|---|
| Your first name and initial: LYMAN F. BUSH | Last name | Your social security number: [redacted] |
| If a joint return, spouse's first name and initial: BEVERLY J. | Last name if different | Spouse's social security no.: [redacted] |
| Home address (number and street). (If you have a P.O. box, see page 10.): 1217 122ND STREET COURT EAST | Apt. no. | **For Privacy Act and Paperwork Reduction Act Notice, see page 4.** |
| City, town or post office, state, and ZIP code. (If you have a foreign address, see page 10.): TACOMA, WA 98445-0000 | | |

**Presidential Election Campaign**
Do you want $1 to go to this fund? [X] Yes No
If joint return, does your spouse want $1 to go to this fund? [X] Yes No
Note: Checking "Yes" will not change your tax or reduce your refund.

**Filing Status** (See page 10.) Check only one box.
1 [ ] Single
2 [X] Married filing joint return (even if only one had income)
3 [ ] Married filing separate return. Enter spouse's soc. sec. no. above and full name here. ▶
4 [ ] Head of household (with qualifying person). If the qualifying person is a child but not your dependent, enter this child's name here. ▶
5 [ ] Qualifying widow(er) with dependent child (year spouse died ▶19 ).

**Exemptions** (See page 11.)
6a [X] Yourself — If your parent (or someone else) can claim you as a dependent on his or her tax return, do not check box 6a. But be sure to check the box on line 33b on page 2
b [X] Spouse
No. of boxes checked on 6a and 6b: 2

c Dependents:

| (1) Name (first, initial, and last name) | (2) Check if under age 1 | (3) If age 1 or older, dependent's social security number | (4) Dependent's relationship to you | (5) No. of months lived in your home in 1992 |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

No. of your children on 6c who: ● lived with you ● didn't live with you due to divorce or separation (see page 13). No. of other dependents on 6c.
If more than six dependents, see page 12.
d If your child didn't live with you but is claimed as your dependent under a pre-1985 agreement, check here ▶ [ ]
e Total number of exemptions claimed — Add numbers entered on lines above ▶ 2

**Income** — Attach Copy B of your Forms W-2, W-2G, and 1099-R here. If you did not get a W-2, see page 9. Attach check or money order on top of any Forms W-2, W-2G, or 1099-R.

| Line | Description | | Line | Amount |
|---|---|---|---|---|
| 7 | Wages, salaries, tips, etc. Attach Form(s) W-2 | | 7 | 12,000. |
| 8a | Taxable interest income. Attach Schedule B if over $400 | | 8a | 8,215. |
| b | Tax-exempt interest income (see page 15). DON'T include on line 8a | 8b 9,821. | | |
| 9 | Dividend income. Attach Schedule B if over $400 | | 9 | 7,659. |
| 10 | Taxable refunds, credits, or offsets of state and local income taxes from worksheet on page 16 | | 10 | |
| 11 | Alimony received | | 11 | |
| 12 | Business income or (loss). Attach Schedule C or C-EZ | | 12 | 41,050. |
| 13 | Capital gain or (loss). Attach Schedule D | | 13 | 16,232. |
| 14 | Capital gain distributions not reported on line 13 (see page 15) | | 14 | |
| 15 | Other gains or (losses). Attach Form 4797 | | 15 | <2.> |
| 16a | Total IRA distributions | 16a 6,187. b Taxable amount (see page 16) | 16b | 0. |
| 17a | Total pensions and annuities | 17a b Taxable amount (see page 16) | 17b | 8,851. |
| 18 | Rents, royalties, partnerships, estates, trusts, etc. Attach Schedule E | | 18 | 2. |
| 19 | Farm income or (loss). Attach Schedule F | | 19 | |
| 20 | Unemployment compensation (see page 17) | | 20 | |
| 21a | Social security benefits | 21a 11,074. b Taxable amount (see page 17) | 21b | 5,537. |
| 22 | Other income. List type and amount – see page 18 | | 22 | |
| 23 | Add the amounts shown in the far right column for lines 7 through 22. This is your **total income** ▶ | | 23 | 99,544. |

COPY FOR FBI FILE

Adjustment to Soc Sec tax Income <5,537>
NOL Deduction → <101,132>

**Adjustments to Income** (See page 18.)

| Line | Description | | Amount | Line | Amount |
|---|---|---|---|---|---|
| 24a | Your IRA deduction from applicable worksheet on page 19 or 20 | 24a | | | |
| b | Spouse's IRA deduction from applicable worksheet on page 19 or 20 | 24b | | | |
| 25 | One-half of self-employment tax (see page 20) | 25 | 2,900. | | |
| 26 | Self-employed health insurance deduction (see page 20) | 26 | | | |
| 27 | Keogh retirement plan and self-employed SEP deduction | 27 | 4,976. | | |
| 28 | Penalty on early withdrawal of savings | 28 | | | |
| 29 | Alimony paid. Recipient's SSN ▶ | 29 | | | |
| 30 | Add lines 24a through 29. These are your **total adjustments** ▶ | | | 30 | 7,876. |

**Adjusted Gross Income**
31 Subtract line 30 from line 23. This is your **adjusted gross income**. If this amount is less than $22,370 and a child lived with you, see page EIC-1 to find out if you can claim the "Earned Income Credit" on line 56 ▶ 31 91,668.

91,668
<15,002>

210001 11-01-92 H761 22 Form 1040 (1992)
08510409 709261 3B140 050 BUSH, L. 09364205

0343

AS ORIGINALLY FILED

AS AMENDED

Form 1040 (1992) LYMAN F. & BEVI Y J. BUSH [redacted] OMB No. 1545-0074 Page 2

| Section | Line | Description | Box | Amount | Line | Amount | As Amended |
|---|---|---|---|---|---|---|---|
| | 32 | Amount from line 31 (adjusted gross income) | | | 32 | 91,668. | <15,002> |
| Tax Computation | 33a | Check if ☐ You were 65 or older ☐ Blind; ☐ Spouse was 65 or older ☐ Blind. Add the number of boxes checked above and enter the total here ▶ 33a | | | | | |
| | b | If your parent (or someone else) can claim you as a dependent, check here ▶ 33b ☐ | | | | | |
| | c | If you are married filing separately and your spouse itemizes deductions or you are a dual-status alien, see page 22 and check here ▶ 33c ☐ | | | | | |
| | 34 | Enter the larger of your: Itemized deductions from Schedule A, line 26, OR Standard deduction shown below for your filing status But if you checked any box on line 33a or b, go to page 22 to find your standard deduction. If you checked box 33c, your standard deduction is zero. • Single - $3,600 • Head of household - $5,250 • Married filing jointly or Qualifying widow(er) - $6,000 • Married filing separately - $3,000 | | | 34 | 12,603. | <14,818> |
| | 35 | Subtract line 34 from line 32 | | | 35 | 79,065. | |
| | 36 | If line 32 is $78,950 or less, multiply $2,300 by the total number of exemptions claimed on line 6e. If line 32 is over $78,950, see the worksheet on page 23 for the amount to enter | | | 36 | 4,600. | <4,600> |
| | 37 | Taxable income. Subtract line 36 from line 35. If line 36 is more than line 35, enter -0-. | | | 37 | 74,465. | <34,420> |
| | 38 | Enter tax. Check if from a ☒ Tax Table, b ☐ Tax Rate Schedules, c ☐ Schedule D, or d ☐ Form 8615 (see page 23). Amount, if any, from Form(s) 8814 ▶ e | | | 38 | 16,199. | |
| | 39 | Additional taxes (see page 23). Check if from a ☐ Form 4970 b ☐ Form 4972 | | | 39 | | |
| | 40 | Add lines 38 and 39 ▶ | | | 40 | 16,199. | -0- |
| Credits | 41 | Credit for child and dependent care expenses. Attach Form 2441 | 41 | | | | |
| | 42 | Credit for the elderly or the disabled. Attach Schedule R | 42 | | | | |
| | 43 | Foreign tax credit. Attach Form 1116 | 43 | | | | |
| | 44 | Other credits. Check if from a ☐ Form 3800 b ☐ Form 8396 c ☐ Form 8801 d ☐ Form (specify) | 44 | | | | |
| | 45 | Add lines 41 through 44 | | | 45 | | |
| | 46 | Subtract line 45 from line 40. If line 45 is more than line 40, enter -0-. ▶ | | | 46 | 16,199. | |
| Other Taxes | 47 | Self-employment tax. Attach Schedule SE. Also, see line 25 | | | 47 | 5,800. | 5,800 |
| | 48 | Alternative minimum tax. Attach Form 6251 | | | 48 | 0. | |
| | 49 | Recapture taxes. Check if from a ☐ Form 4255 b ☐ Form 8611 c ☐ Form 8828 | | | 49 | | |
| | 50 | Social security and Medicare tax on tip income not reported to employer. Attach Form 4137 | | | 50 | | |
| | 51 | Tax on qualified retirement plans, including IRAs. Attach Form 5329 | | | 51 | | |
| | 52 | Advance earned income credit payments from Form W-2 | | | 52 | | |
| | 53 | Add lines 46 through 52. This is your total tax ▶ | | | 53 | 21,999. | |
| Payments | 54 | Federal income tax withheld. If any is from Form(s) 1099, check ▶ ☒ | 54 | 2,787. | | STATEMENT 3 | |
| | 55 | 1992 estimated tax payments and amount applied from 1991 return | 55 | 16,500. | | | |
| Attach Forms W-2, W-2G, and 1099-R on the front. | 56 | Earned income credit. Attach Schedule EIC | 56 | | | | |
| | 57 | Amount paid with Form 4868 (extension request) | 57 | | | | |
| | 58 | Excess social security, Medicare, and RRTA tax withheld | 58 | | | | |
| | 59 | Other payments. Check if from a ☐ Form 2439 b ☐ Form 4136 | 59 | | | | |
| | 60 | Add lines 54 through 59. These are your total payments ▶ | | | 60 | 19,287. | |
| Refund or Amount You Owe | 61 | If line 60 is more than line 53, subtract line 53 from line 60. This is the amount you OVERPAID ▶ | | | 61 | | |
| | 62 | Amount of line 61 you want REFUNDED TO YOU ▶ | | | 62 | | |
| Attach check or money order on top of Form(s) W-2 etc. on the front. | 63 | Amount of line 61 you want APPLIED TO YOUR 1993 ESTIMATED TAX ▶ | 63 | | | | |
| | 64 | If line 53 is more than line 60, subtract line 60 from line 53. This is the AMOUNT YOU OWE. Attach check or money order for full amount payable to "Internal Revenue Service." Write your name, address, social security number, daytime phone number, and "1992 Form 1040" on it | | | 64 | 2,712. | |
| | 65 | Estimated tax penalty (see page 27). Also include on line 64 | 65 | | | | |

COPY FILED

**Sign Here** — Under penalties of perjury, I declare that I have examined this return and accompanying schedules and statements, and to the best of my knowledge and belief, they are true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

Keep a copy of this return for your records.

Your signature ▶ Date | Your occupation: STRUCTURAL ENG.

Spouse's signature. If joint return, BOTH must sign ▶ Date | Spouse's occupation: TEACHER

**Paid Preparer's Use Only**

Preparer's signature ▶ | Date | Check if self-employed ☐ | Preparer's social security no. [redacted]

Firm's name (or yours if self-employed) and address ▶ BRINK & SADLER, C.P.A.'S, P.O. BOX 99190, TACOMA, WASHINGTON | E.I. No. 91 0861130 | ZIP code 98499-0190

0344

AS ORIGINALLY FILED

AS AMENDED

SCHEDULE A&B (Form 1040) Department of the Treasury Internal Revenue Service

# Schedule A - Itemized Deductions

(Schedule B is on page 2)

▶ Attach to Form 1040. ▶ See Instructions for Schedule A (Form 1040).

OMB No. 1545-0074 1992 Attachment Sequence No. 07

Name(s) shown on Form 1040: LYMAN F. & BEVERLY J. BUSH

Your social security number: [redacted]

| Section | Line | Description | | Amount | | Total | As Amended |
|---|---|---|---|---|---|---|---|
| Medical and Dental Expenses | | Caution: Do not include expenses reimbursed or paid by others. | | | | | |
| | 1 | Medical and dental expenses. (See page A-1) SEE STATEMENT 8 | 1 | 382. | | | |
| | 2 | Enter amount from Form 1040, line 32 | 2 91,668. | | | | |
| | 3 | Multiply line 2 above by 7.5% (.075) | 3 | 6,875. | | | |
| | 4 | Subtract line 3 from line 1. If zero or less, enter -0- | | | 4 | 0. | 382 |
| Taxes You Paid (See page A-1.) | 5 | State and local income taxes | 5 | | | | |
| | 6 | Real estate taxes (see page A-2) SEE STATEMENT 9 | 6 | 2,663. | | | |
| | 7 | Other taxes. List - include personal property taxes ▶PERSONAL PROPERTY TAX 505. | 7 | 505. | | | |
| | 8 | Add lines 5 through 7 | | | 8 | 3,168. | 3,168 |
| Interest You Paid (See page A-2.) | 9a | Home mortgage interest and points reported to you on Form 1098 STMT 6 | 9a | 272. | | | |
| | b | Home mortgage interest not reported to you on Form 1098. If paid to an individual, show that person's name and address. ▶ | 9b | | | | |
| Note: Personal interest is not deductible. | 10 | Points not reported to you on Form 1098. See page A-3 for special rules. | 10 | | | | |
| | 11 | Investment interest. If required attach Form 4952. (See page A-3.) STMT 7 | 11 | 216. | | | |
| | 12 | Add lines 9a through 11 | | | 12 | 488. | 488 (without AGI Adjusted for NOL carryback § 170(b)(1)(F)) |
| Gifts to Charity (See page A-3.) | | Caution: If you made a charitable contribution and received a benefit in return, see page A-3. | | | | | |
| | 13 | Contributions by cash or check SEE STATEMENT 5 | 13 | 2,912. | | | |
| | 14 | Other than cash or check. If over $500, you MUST attach Form 8283 | 14 | | | | |
| | 15 | Carryover from prior year | 15 | | | | |
| | 16 | Add lines 13 through 15 | | | 16 | 2,912. | 2,912 |
| Casualty and Theft Losses | 17 | Casualty or theft loss(es). Attach Form 4684. (See page A-4.) | | | 17 | | |
| Moving Expenses | 18 | Moving expenses. Attach Form 3903 or 3903F. (See page A-4.) | | | 18 | | |
| Job Expenses and Most Other Miscellaneous Deductions | 19 | Unreimbursed employee expenses - job travel, union dues, job education, etc. If required, you MUST attach Form 2106. (See page A-4.) ▶ | 19 | | | | |
| (See page A-4 for expenses to deduct here.) | 20 | Other expenses - investment, tax preparation, safe deposit box, etc. List type and amount ▶ SEE STATEMENT 4 | 20 | 7,868. | | | |
| | 21 | Add lines 19 and 20 | 21 | 7,868. | | | |
| | 22 | Enter amount from Form 1040, line 32 | 22 91,668. | | | | |
| | 23 | Multiply line 22 above by 2% (.02) | 23 | 1,833. | | | |
| | 24 | Subtract line 23 from line 21. Enter the result. If zero or less, enter -0- | | | 24 | 6,035. | 7868 |
| Other Miscellaneous Deductions | 25 | Other - from list on page A-5. List type and amount ▶ | | | 25 | | |
| Total Itemized Deductions | 26 | Is the amount on Form 1040, line 32, more than $105,250 (more than $52,625 if married filing separately)? • NO. Your deduction is not limited. Add lines 4, 8, 12, 16, 17, 18, 24, and 25. Enter the total here. • YES. Your deduction may be limited. See page A-5 for the amount to enter. | | | 26 | 12,603. | 14,818 |
| | | Caution: Be sure to enter on Form 1040, line 34, the LARGER of the amount on line 26 above or your standard deduction. | | | | | |

COPY FOR YOUR FILE

H761 For Paperwork Reduction Act Notice, see Form 1040 Instructions. Schedule A (Form 1040) 1992

213501 11-13-92



08510409 709261 3B140 050 BUSH, L. 09364205

Bush 503303721

Form **1040X** (Rev. November 1998)

Department of the Treasury — Internal Revenue Service

# Amended U.S. Individual Income Tax Return

▶ See separate instructions.

OMB No. 1545-0091

This return is for calendar year ▶ 1995 , OR fiscal year ended ▶ , 19

Please print or type

| Your first name and initial | Last name | Your social security number |
|---|---|---|
| LYMAN F. | BUSH | [redacted] |
| If a joint return, spouse's first name and initial | Last name | Spouse's social security number |
| BEVERLY J. | BUSH | [redacted] |
| Home address (no. and street) or P.O. box if mail is not delivered to your home: 1217 122nd Street Court East | Apt. no. | Telephone number (optional): 713-965-9244 |
| City, town or post office, state, and ZIP code. If you have a foreign address, see page 2 of the instructions: Tacoma, Washington 98445 | | For Paperwork Reduction Act Notice, see page 6. |

A If the name or address shown above is different from that shown on the original return, check here ▶ [X]

B Has the original return been changed or audited by the IRS or have you been notified that it will be? [X] Yes [ ] No

C Filing status. Be sure to complete this line. **Note:** *You cannot change from joint to separate returns after the due date.*

On original return ▶ [ ] Single [X] Married filing joint return [ ] Married filing separate return [ ] Head of household [ ] Qualifying widow(er)

On this return ▶ [ ] Single [X] Married filing joint return [ ] Married filing separate return [ ] Head of household* [ ] Qualifying widow(er)

* If the qualifying person is a child but not your dependent, see page 2.

| USE PART II ON THE BACK TO EXPLAIN ANY CHANGES | Line | A. Original amount or as previously adjusted (see page 2) | B. Net change — amount of increase or (decrease) — explain in Part II | C. Correct amount |
|---|---|---|---|---|
| **Income and Deductions (see pages 2 - 5)** | | | | |
| 1 Adjusted gross income (see page 3) | 1 | 74,240 | (161,118) | (86,878) |
| 2 Itemized deductions or standard deduction (see page 3) | 2 | 17,508 | 5,739 | 23,247 |
| 3 Subtract line 2 from line 1 | 3 | 56,732 | (166,857) | (110,125) |
| 4 Exemptions. If changing, fill in Parts I and II on the back | 4 | 5,000 | 0 | 5,000 |
| 5 Taxable income. Subtract line 4 from line 3 | 5 | 51,732 | (166,857) | (115,125) |
| **Tax Liability** | | | | |
| 6 Tax (see page 4). Method used in col. C Tax Table | 6 | 9,413 | (9,413) | 0 |
| 7 Credits (see page 4) | 7 | | 1,948 | 1,948 |
| 8 Subtract line 7 from line 6. Enter the result but not less than zero | 8 | 9,413 | (9,413) | 0 |
| 9 Other taxes (see page 4) | 9 | 5,115 | 0 | 5,115 |
| 10 Total tax. Add lines 8 and 9 | 10 | 14,528 | (9,413) | 5,115 |
| **Payments** | | | | |
| 11 Federal income tax withheld and excess social security and RRTA tax withheld. If changing, see page 4 | 11 | 2,553 | 0 | 2,553 |
| 12 Estimated tax payments, including amount applied from prior year's return | 12 | 8,262 | 0 | 8,262 |
| 13 Earned income credit | 13 | | | |
| 14 Additional child tax credit from Form 8812 | 14 | | | |
| 15 Credits from Form 4136 or Form 2439 | 15 | | | |
| 16 Amount paid with Form 4868, 2688, or 2350 (applications for extension of time to file) | 16 | | | |
| 17 Amount of tax paid with original return plus additional tax paid after it was filed | 17 | | | 3,713 |
| 18 Total payments. Add lines 11 through 17 in column C | 18 | | | 14,528 |

## Refund or Amount You Owe

| | Line | Amount |
|---|---|---|
| 19 Overpayment, if any, as shown on original return or as previously adjusted by the IRS | 19 | |
| 20 Subtract line 19 from line 18 (see page 4) | 20 | 14,528 |
| 21 **AMOUNT YOU OWE.** If line 10, column C, is more than line 20, enter the difference and see page 4 | 21 | 0 |
| 22 If line 10, column C, is less than line 20, enter the difference | 22 | 9,413 |
| 23 Amount of line 22 you want **REFUNDED TO YOU** | 23 | 9,413 ** |
| 24 Amount of line 22 you want **APPLIED TO YOUR 19 ESTIMATED TAX** | 24 | |

**Sign Here** Joint return? See page 2. Keep a copy for your records.

Under penalties of perjury, I declare that I have filed an original return and that I have examined this amended return, including accompanying schedules and statements, and to the best of my knowledge and belief, this amended return is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which the preparer has any knowledge.

▶ Your signature Date ▶ Spouse's signature. If a joint return, BOTH must sign. Date

**Paid Preparer's Use Only**

Preparer's signature ▶ Brett A Thompson CPA Date 1/23/99 Check if self-employed [X] Preparer's social security no. [redacted]

Firm's name (or yours if self-employed) and address ▶ Brett A. Thompson, CPA, 20214 Kingsland Blvd., Katy, Texas EIN ZIP code 77450

** *or such greater amount as is legally refundable, plus interest.*

Form **1040X** (Rev. 11-98)

ISA STF FED3171F.1

Bush [redacted]

Form 1040X (Rev. 11-98) Page **2**

**Part I** **Exemptions.** See Form 1040, Form 1040A, or Form 1040-T instructions.

If you are **not changing your exemptions,** do not complete this part.
If claiming **more** exemptions, complete lines 25 - 31 and, if applicable, line 32.
If claiming **fewer** exemptions, complete lines 25 - 30.

| | | | A. Original number of exemptions reported or as previously adjusted | B. Net change | C. Correct number of exemptions |
|---|---|---|---|---|---|
| 25 | Yourself and spouse | 25 | | | |
| | **Caution:** *If your parents (or someone else) can claim you as a dependent (even if they chose not to), you cannot claim an exemption for yourself.* | | | | |
| 26 | Your dependent children who lived with you | 26 | | | |
| 27 | Your dependent children who did not live with you due to divorce or separation | 27 | | | |
| 28 | Other dependents | 28 | | | |
| 29 | Total number of exemptions. Add lines 25 through 28 | 29 | | | |
| 30 | Multiply the number of exemptions claimed on line 29 by the amount listed below for the tax year you are amending. Enter the result here and on line 4. | 30 | | | |

| Tax year | Exemption amount | But see page 3 if the amount on line 1 is over: |
|---|---|---|
| 1998 | $2,700 | $93,400 |
| 1997 | 2,650 | 90,900 |
| 1996 | 2,550 | 88,475 |
| 1995 | 2,500 | 86,025 |

31 Dependents (children and other) not claimed on original (or adjusted) return:
**Note:** *For tax year 1998, do not complete column (e) below. For tax years before 1998, do not complete column (d) below.*

| (a) First name | Last name | (b) Dependent's social security number. If born in the tax year you are amending, see page 5. | (c) Dependent's relationship to you | (d) ✓ if qualifying child for child tax credit (see page 5) | (e) No. of months lived in your home |
|---|---|---|---|---|---|
| | | | | ☐ | |
| | | | | ☐ | |
| | | | | ☐ | |
| | | | | ☐ | |
| | | | | ☐ | |
| | | | | ☐ | |

No. of your children on line 31 who:
- lived with you ▶ ☐
- **did not live** with you due to divorce or separation (see page 5) ▶ ☐

Dependents on line 31 not entered above ▶ ☐

32 For tax year 1995, if your child listed on line 31 did not live with you but is claimed as your dependent under a pre-1985 agreement, check here ▶ ☐

**Part II** **Explanation of Changes to Income, Deductions, and Credits**

**Enter the line number from the front of the form for each item you are changing and give the reason for each change. Attach only the supporting forms and schedules for the items changed. If you do not attach the required information, your Form 1040X may be returned. Be sure to include your name and social security number on any attachments.**

If the change relates to a net operating loss carryback or a general business credit carryback, attach the schedule or form that shows the year in which the loss or credit occurred. See page 1 of the instructions. Also, check here ▶ ☐

***** *PLEASE SEE EXPLANATION ATTACHED* *****

**Part III** **Presidential Election Campaign Fund.** Checking below will not increase your tax or reduce your refund.

If you did not previously want $3 to go to the fund but now want to, check here ▶ ☐
If a joint return and your spouse did not previously want $3 to go to the fund but now wants to, check here ▶ ☐

**LYMAN F. BUSH and BEVERLY J. BUSH**
**(SSN[redacted] and SSN[redacted])**
**EXPLANATION - 1995 REFUND CLAIM**

The taxpayer and the Commissioner entered into a Closing Agreement ("Agreement") on July 22, 1999 regarding the taxpayer's partnership interest in Cinema 84 and Lone Wolf McQuade Associates, copies of which are attached hereto as Exhibit "A."

This refund claim is being filed and is timely based on Paragraph 15 of the Agreement which provides that "[a]ny refund claim attributable to the operation of this agreement ***shall*** be deemed to be timely filed and ***shall*** be allowed if it is filed with the IRS within one year of the execution of this agreement by the Commissioner of Internal Revenue."

Further, pursuant to Paragraph 15 of the Agreement, "[a]ny refund claim so submitted within 120 days of this agreement shall be allowed as an offset pursuant to I.R.C. §§6402(a) and 6601(f) against any tax deficiencies resulting from this agreement." Therefore, the refund due under this claim must be applied as an offset to the tax deficiencies arising from the settlement. The refund should be applied first to any deficiency determined for 1983 and thereafter any balance to any subsequent year deficiencies.

This refund claim results from application of the portion of the §465 suspended losses allowable in this year as a consequence of the increase in the amount at risk resulting from net partnership income reported in this year, based on Agreement Paragraph 8 and capital contributions based on Agreement Paragraph 7 as reported on the K-1 attached as Exhibit "B.".

This refund claim also results from application of the portion of the §465 suspended investment tax credits allowable in this year as a consequence of the increase in the amount at risk resulting from net partnership income reported in this year, based on Agreement Paragraph 8.

Based upon the Agreement, the suspended losses and ITC allowable in this year as a consequence of Paragraph 8 of the Agreement are determined as follows:

| | Cinema 84 | Lone Wolf McQuade |
|---|---|---|
| Increase of amount at risk due to net partnership income and capital contributions in current year per K-1 | $87,442.00 | $107,206.00 |
| Portion of losses previously suspended under §465 allowable in current year per Closing Agreement | $57,848.00 | $93,049.00 |
| Portion of ITC suspended under §465 allowable due to increase in amount at risk | $-0.00- | $1,022.00 |

***Please process this claim immediately and apply the refund as an offset under §6402 as required above.***

Exhibit:

A - Copy of Closing Agreement
B - Copy of K-1
C - Computation of Deduction Amounts

C:\DOCS\CORRESP.Q\REFUND.CLM\qsten169.bu1

Department of the Treasury - Internal Revenue Service

# Closing Agreement on Final Determination Covering Specific Matters

Under section 7121 of the Internal Revenue Code of 1986 (hereinafter "Code")

Lyman F. Bush (SSN: [redacted]) and Beverly J. Bush (SSN: [redacted]
(Taxpayers' Name, address, and identifying number)

1217 122nd Street Court East, Tacoma, WA 98445 (hereinafter referred to as taxpayer)

and the Commissioner of Internal Revenue make the following closing agreement:

WHEREAS, a dispute has arisen between the parties as to the Federal income tax treatment to be accorded to the taxpayers' purchase of an investment in Cinema 84 (hereinafter Partnership);

WHEREAS, the parties wish to determine, with finality, the taxpayers' income, gains, losses, deductions and credits for1984 and subsequent years with respect to the Partnership.

NOW IT IS HEREBY DETERMINED AND AGREED for Federal income tax purposes that:

1. No adjustment to the partnership items shall be made for the taxable years 1984 through 1995 for purposes of this settlement.

2. The taxpayers are entitled to claim their distributive share of the partnership losses for 1984 through 1995 only to the extent they are at risk under I.R.C. § 465.

3. The taxpayers' amount at risk for 1984 through 1989 is their capital contribution to the partnership.

4. The taxpayers' capital contribution to the partnership is 50,000.00.

5. Taxpayers' qualified investment for computing investment tax credit is the amount at risk as set forth in paragraph #4.

6. The taxpayers are not at risk under I.R.C. § 465 for any partnership notes, entered into by the partnership to acquire rights in the motion pictures Terminator, Perfect Strangers, Special Effects, Return of the Living Dead, A Breed Apart and Howling II, whether or not assumed by the taxpayers. Any losses disallowed under this agreement are suspended under I.R.C. § 465. Such suspended losses may be used to offset the taxpayers' pro rata share of any income earned by the partnership and/or other income in accordance with the operation of I.R.C. § 465.

7. To the extent the taxpayers make additional cash contributions to the capital of the partnership after 1989, the taxpayers' amount at risk will be increased in accordance with I.R.C. § 465.

8. To the extent the partnership earns net income the taxpayers' at risk will be increased in accordance with I.R.C. § 465.

9. To the extent the taxpayers make cash payments on the partnership notes after the date of execution of this agreement by the Commissioner and the taxpayers, the taxpayers' amount at risk will be increased in accordance with I.R.C. § 465.

EXHIBIT "A"

10. No additions to tax under I.R.C. §§ 6653(a), 6661, 6659 or 6662 will be asserted with respect to the taxpayers' investment in the partnership for 1984 through 1995.

11. The taxpayers are liable for additional interest pursuant to I.R.C. § 6621(c) for tax motivated interest for their investment in the partnership for the taxable years 1984 through 1989.

12. Any deficiency in tax determined under this agreement will be subject to adjustments arising from a carryback or carryforward from other taxable years of any loss, credit or other tax attribute as allowed by the Internal Revenue Code.

13. After the execution of this agreement on behalf of the Commissioner and the taxpayers, the taxpayers shall not recognize any taxable income attributable to any cancellation, discharge, or satisfaction by foreclosure or conveyance of assets, of any partnership notes entered into by the partnership to acquire rights in the motion pictures Terminator, Perfect Strangers, Special Effects, Return of the Living Dead, A Breed Apart and Howling II, whether or not the taxpayers assumed a pro rata share of said note, or from said partnership notes upon liquidation or dissolution of the partnership.

14. The taxpayers shall be taxable on their distributive share of any income or gains of the partnership for years after 1987 only to the extent said income exceeds losses suspended under the at risk rules of I.R.C. § 465 and/or the cash and/or the fair market value of property distributed to the taxpayers.

15. Any refund claim attributable to the operation of this agreement shall be deemed to be timely filed and shall be allowed if it is filed with the IRS within one year of the execution of this agreement by the Commissioner of Internal Revenue. Any refund claim so submitted pursuant to this paragraph within 120 days after the execution of this agreement on behalf of the Commissioner of Internal Revenue shall be allowed as an offset pursuant to I.R.C. §§ 6402(a) and 6601(f) against any tax deficiencies resulting from this agreement.

16. This agreement constitutes a settlement within the meaning of I.R.C. § 6224(c) and the taxpayers' partnership items are converted to non partnership items effective as of the date of this closing agreement is accepted on behalf of the Commissioner. The taxpayers, in accordance with the provisions of I.R.C. § 6224(b), also waive the restrictions on assessment and collection of any deficiencies attributable to the converted partnership items with interest as provided by law in I.R.C. § 6225(a) that results from this agreement.

17. This closing agreement when accepted by the Commissioner is a determination under the mitigation provisions of the Internal Revenue Code. (I.R.C. § 1311 <u>et seq</u>.).

18. To the extent the taxpayers make cash payments on the partnership notes, after the date this agreement is executed by the taxpayers and the Commissioner, and after the termination of the partnership, a deduction shall be allowed in the year of said payment.

19. This agreement does not in any way diminish or enhance the rights of the spouse of any partner to assert his or her right to relief as an innocent spouse under I.R.C. § 6015.

20. This agreement supersedes any prior agreement entered into between the taxpayers and the Internal Revenue Service.

This agreement is final and conclusive except:

(1) the matter it relates to may be reopened in the event of fraud, malfeasance, or misrepresentation of material fact;

(2) it is subject to the Internal Revenue Code sections that expressly provide that effect be given to their provisions notwithstanding any other law or rule of law except Code Section 7122; and

(3) if it relates to a taxable period ending after the date of this agreement, it is subject to any law, enacted after the agreement date, that applies to that tax period.

By signing, the above parties certify that they have read and agreed to the terms of this document.

Your signature *Lyman F Bush* Date Signed *6-25-99*

Spouse's signature (if a joint return was filed) *Beverly J. Bush BY Lyman F Bush SPOUSE OF DECEASED* Date Signed *6-25-99*

Taxpayer's Representative ____________ Date Signed ____________

Taxpayer (other than individual) ____________

By ____________ Date Signed ____________

Title ____________

Commissioner of Internal Revenue

By *Philip J. Doliano* Date Signed *8/2/99*

Title *Associate Chief*

I have examined the specific matters involved and recommend the acceptance of the proposed agreement.

*Bradford A. Johnson* *7/22/99*
(Receiving Officer) (Date)

Assistant District Counsel
(Title)

Department of the Treasury - Internal Revenue Service

**Closing Agreement on Final Determination**
**Covering Specific Matters**

Under section 7121 of the Internal Revenue Code of 1986 (hereinafter "Code")

Lyman F. Bush (SSN: [redacted]) and Beverly J. Bush (SSN: [redacted])
(Taxpayers' Name, address, and identifying number)

1217 122nd Street Court East, Tacoma, WA 98445 (hereinafter referred to as taxpayer)

and the Commissioner of Internal Revenue make the following closing agreement:

WHEREAS, a dispute has arisen between the parties as to the Federal income tax treatment to be accorded to the taxpayers' purchase of an investment in Greenberg Brothers Partnership #12 a/k/a Lone Wolf McQuade Associates (hereinafter Partnership);

WHEREAS, the parties wish to determine, with finality, the taxpayers' income, gains, losses, deductions and credits for1983 and subsequent years with respect to the Partnership.

NOW IT IS HEREBY DETERMINED AND AGREED for Federal income tax purposes that:

1. No adjustment to the partnership items shall be made for the taxable years 1983 through 1995 for purposes of this settlement.

2. The taxpayers are entitled to claim their distributive share of the partnership losses for 1983 through 1995 only to the extent they are at risk under I.R.C. § 465.

3. The taxpayers' amount at risk for 1983 through 1986 is their capital contribution to the partnership.

4. The taxpayers' capital contribution to the partnership is $50,000.

5. Taxpayers' qualified investment for computing investment tax credit is the amount at risk as set forth in paragraph #4.

6. The taxpayers are not at risk under I.R.C. § 465 for any partnership notes, entered into by the partnership to acquire rights in the motion picture Lone Wolf McQuade and Strange Invaders, whether or not assumed by the taxpayers. Any losses disallowed under this agreement are suspended under I.R.C. § 465. Such suspended losses may be used to offset the taxpayers' pro rata share of any income earned by the partnership and/or other income in accordance with the operation of I.R.C. § 465.

7. To the extent the taxpayers make additional cash contributions to the capital of the partnership after 1986, the taxpayers' amount at risk will be increased in accordance with I.R.C. § 465.

8. To the extent the partnership earns net income the taxpayers' at risk will be increased in accordance with I.R.C. § 465.

9. To the extent the taxpayers make cash payments on the partnership notes after the date of execution of this agreement by the Commissioner and the taxpayers, the taxpayers' amount at risk will be increased in accordance with I.R.C. § 465.

10. No additions to tax under I.R.C. §§ 6653(a), 6661, 6659 or 6662 will be asserted with respect to the taxpayers' investment in the partnership for 1983 through 1995.

11. The taxpayers are liable for additional interest pursuant to I.R.C. § 6621(c) for tax motivated interest for their investment in the partnership for the taxable years 1983 through 1989.

12. Any deficiency in tax determined under this agreement will be subject to adjustments arising from a carryback or carryforward from other taxable years of any loss, credit or other tax attribute as allowed by the Internal Revenue Code.

13. After the execution of this agreement on behalf of the Commissioner and the taxpayers, the taxpayers shall not recognize any taxable income attributable to any cancellation, discharge, or satisfaction by foreclosure or conveyance of assets, of any partnership notes entered into by the partnership to acquire rights in the motion picture Lone Wolf McQuade and Strange Invaders, whether or not the taxpayers assumed a pro rata share of said note, or from said partnership notes upon liquidation or dissolution of the partnership.

14. The taxpayers shall be taxable on their distributive share of any income or gains of the partnership for years after 1983 only to the extent said income exceeds losses suspended under the at risk rules of I.R.C. § 465 and/or the cash and/or the fair market value of property distributed to the taxpayers.

15. Any refund claim attributable to the operation of this agreement shall be deemed to be timely filed and shall be allowed if it is filed with the IRS within one year of the execution of this agreement by the Commissioner of Internal Revenue. Any refund claim so submitted pursuant to this paragraph within 120 days after the execution of this agreement on behalf of the Commissioner of Internal Revenue shall be allowed as an offset pursuant to I.R.C. §§ 6402(a) and 6601(f) against any tax deficiencies resulting from this agreement.

16. This agreement constitutes a settlement within the meaning of I.R.C. § 6224(c) and the taxpayers' partnership items are converted to non partnership items effective as of the date of this closing agreement is accepted on behalf of the Commissioner. The taxpayers, in accordance with the provisions of I.R.C. § 6224(b), also waive the restrictions on assessment and collection of any deficiencies attributable to the converted partnership items with interest as provided by law in I.R.C. § 6225(a) that results from this agreement.

17. This closing agreement when accepted by the Commissioner is a determination under the mitigation provisions of the Internal Revenue Code. (I.R.C. § 1311 et seq.).

18. To the extent the taxpayers make cash payments on the partnership notes, after the date this agreement is executed by the taxpayers and the Commissioner, and after the termination of the partnership, a deduction shall be allowed in the year of said payment.

19. This agreement does not in any way diminish or enhance the rights of the spouse of any partner to assert his or her right to relief as an innocent spouse under I.R.C. § 6015.

20. This agreement supersedes any prior agreement entered into between the taxpayers and the Internal Revenue Service.

This agreement is final and conclusive except:

(1) the matter it relates to may be reopened in the event of fraud, malfeasance, or misrepresentation of material fact;

(2) it is subject to the Internal Revenue Code sections that expressly provide that effect be given to their provisions notwithstanding any other law or rule of law except Code Section 7122; and

(3) if it relates to a taxable period ending after the date of this agreement, it is subject to any law, enacted after the agreement date, that applies to that tax period.

By signing, the above parties certify that they have read and agreed to the terms of this document.

Your signature Lyman F Bush Date Signed 6-25-99

Spouse's signature (if a joint return was filed) Beverly J. Bush by Lyman F Bush Spouse are Deceased Date Signed 6-25-99

Taxpayer's Representative ________ Date Signed ______

Taxpayer (other than individual) ________

By ________ Date Signed ______

Title ________

Commissioner of Internal Revenue

By Philip J Tolisano Date Signed 8/1/99

Title Associate Chief

I have examined the specific matters involved and recommend the acceptance of the proposed agreement.

Bradford A. Johnson 7/22/99
(Receiving Officer) (Date)

Assistant District Counsel
(Title)

5-29-1995 8:00PM FROM P.2

31 107150-5 5740724-7 49 03/23/96

SCHEDULE K-1 (Form 1065)

Department of the Treasury Internal Revenue Service

# Partner's Share of Income, Credits, Deductions, etc.

▶ See separate instructions

For calendar year 1995 or tax year beginning and ending

OMB No. 1545-0099

**1995**

Partner's identifying number ▶ [redacted]

Partner's name, address, and ZIP code

LYMAN & BEVERLY BUSH
1217 122ND ST COURT E
TACOMA WA 98445

Partnership's identifying number ▶ 13-3109971

Partnership's name, address, and ZIP code

LONE WOLF MCQUADE ASSOCIATES
11 EAST 26 STREET
NEW YORK, NY 10010

A This partner is a ☐ general partner ☒ limited partner ☐ limited liability company member

B What type of entity is this partner? ▶ INDIVIDUAL

C Is this partner a ☒ domestic or a ☐ foreign partner?

D Enter partner's percentage of: (i) Before change or termination / (ii) End of year

| | (i) Before change or termination | (ii) End of year |
|---|---|---|
| Profit sharing | % | 1.5806% |
| Loss sharing | % | 1.5806% |
| Ownership of capital | % | % |

E IRS Center where partnership filed return: HOLTSVILLE, NY

F Partner's share of liabilities (see instructions):

Nonrecourse $

Qualified nonrecourse financing $

Other $

G Tax shelter registration number ▶

H Check here if this partnership is a publicly traded partnership as defined in section 469(k)(2) ☐

I Check applicable boxes: (1) ☒ Final K-1 (2) ☐ Amended K-1

J Analysis of partner's capital account:

| (a) Capital account at beginning of year | (b) Capital contributed during year | (c) Partner's share of lines 3, 4, and 7, Form 1065, Schedule M-2 | (d) Withdrawals and distributions | (e) Capital account at end of year (combine columns (a) through (d)) |
|---|---|---|---|---|
| <103,828.> | 96,987. | 6,599. | ( <242.> ) | 0. |

| | (a) Distributive share item | | (b) Amount | (c) 1040 filers enter the amount in column (b) on: |
|---|---|---|---|---|
| Income (Loss) | 1 Ordinary income (loss) from trade or business activities | 1 | 10,219. | See pages 6 and 6 of Partner's Instructions for Schedule K-1 (Form 1065) |
| | 2 Net income (loss) from rental real estate activities | 2 | | |
| | 3 Net income (loss) from other rental activities | 3 | | |
| | 4 Portfolio income (loss): | | | |
| | a Interest | 4a | 15. | Sch. B, Part I, line 1 |
| | b Dividends | 4b | | Sch. B, Part II, line 5 |
| | c Royalties | 4c | | Sch. E, Part I, line 4 |
| | d Net short-term capital gain (loss) | 4d | | Sch. D, line 5, col. (f) or (g) |
| | e Net long-term capital gain (loss) | 4e | | Sch. D, line 13, col. (f) or (g) |
| | f Other portfolio income (loss) | 4f | | Enter on applicable line of your return. |
| | 5 Guaranteed payments to partner | 5 | | See page 6 of Partner's Instructions for Schedule K-1 (Form 1065). |
| | 6 Net gain (loss) under section 1231 (other than due to casualty or theft) | 6 | | |
| | 7 Other income (loss) | 7 | | Enter on applicable line of your return. |
| Deductions | 8 Charitable contributions | 8 | | Sch. A, line 15 or 16 |
| | 9 Section 179 expense deduction | 9 | | See page 7 of Partner's Instructions for Schedule K-1 (Form 1065). |
| | 10 Deductions related to portfolio income | 10 | | |
| | 11 Other deductions | 11 | | |
| Investment Interest | 12a Interest expense on investment debts | 12a | | Form 4952, line 1 |
| | b (1) Investment income included on lines 4a, 4b, 4c and 4f above | b(1) | 15. | See page 7 of Partner's Instructions for Schedule K-1 (Form 1065). |
| | (2) Investment expenses included on line 10 above | b(2) | | |
| Credits | 13a Low-income housing credit: | | | |
| | (1) From section 42(j)(5) partnerships for property placed in service before 1990 | a(1) | | Form 8586, line 5 |
| | (2) Other than on line 13a(1) for property placed in service before 1990 | a(2) | | |
| | (3) From section 42(j)(5) partnerships for property placed in service after 1989 | a(3) | | |
| | (4) Other than on line 13a(3) for property placed in service after 1989 | a(4) | | |
| | b Qualified rehabilitation expenditures related to rental real estate activities (see instructions) | 13b | | See page 8 of Partner's Instructions for Schedule K-1 (Form 1065). |
| | c Credits (other than credits shown on line 13a and 13b) related to rental real estate activities | 13c | | |
| | d Credits related to other rental activities | 13d | | |
| | 14 Other credits | | | |

0355

For Paperwork Reduction Act Notice, see Instructions for Form 1065. EXHIBIT "B" Cat. No. 11394R Schedule K-1 (Form 1065) 1995

5-29-1995 8:00PM FROM P. 3

31 107150-5 5740724-7 - 49 03/23/96

OR 4/9/..

Schedule K-1 (Form 1065) (1995) Page 2

| | | (a) Distributive share item | | (b) Amount | (c) 1040 filers enter the amount in column (b) on: |
|---|---|---|---|---|---|
| Self-employment | 15 a | Net earnings (loss) from self-employment | 15a | | Sch. SE, Section A or B |
| | b | Gross farming or fishing income | 15b | | See page 8 of Partner's Instructions for Schedule K-1 (Form 1065). |
| | c | Gross nonfarm income | 15c | | |
| Adjustments and Tax Preference Items | 16 a | Depreciation adjustment on property placed in service after 1986 | 16a | | See page 8 and 9 of Partner's Instructions for Schedule K-1 (Form 1065) and Instructions for Form 6251. |
| | b | Adjusted gain or loss | 16b | | |
| | c | Depletion (other than oil and gas) | 16c | | |
| | d | (1) Gross income from oil, gas, and geothermal properties | d(1) | | |
| | | (2) Deductions allocable to oil, gas, and geothermal properties | d(2) | | |
| | e | Other adjustments and tax preference items | 16e | | |
| Foreign Taxes | 17 a | Type of income ▶ | | | Form 1116, check boxes |
| | b | Name of foreign country or U.S. possession ▶ | | | |
| | c | Total gross income from sources outside the U.S. (attach schedule) | 17c | | Form 1116, Part I |
| | d | Total applicable deductions and losses (attach schedule) | 17d | | |
| | e | Total foreign taxes (check one): ▶ ☐ Paid ☐ Accrued | 17e | | Form 1116, Part II |
| | f | Reduction in taxes available for credit (attach schedule) | 17f | | Form 1116, Part III |
| | g | Other foreign tax information (attach schedule) | 17g | | See Instructions for Form 1116 |
| Other | 18 | Section 59(e)(2) expenditures: a Type ▶ | | | See page 8 of Partner's Instructions for Schedule K-1 (Form 1065). |
| | b | Amount | 18b | | |
| | 19 | Tax-exempt interest income | 19 | | Form 1040, line 8b |
| | 20 | Other tax-exempt income | 20 | | See page 9 of Partner's Instructions for Schedule K-1 (Form 1065) |
| | 21 | Nondeductible expenses SEE SCHEDULE 10 | 21 | 3,635. | |
| | 22 | Distributions of money (cash and marketable securities) | 22 | | |
| | 23 | Distributions of property other than money | 23 | <243.> | |
| | 24 | Recapture of low-income housing credit: | | | |
| | a | From section 42(j)(5) partnerships | 24a | | Form 8611, line 8 |
| | b | Other than on line 24a | 24b | | |

SUPPLEMENTAL INFORMATION

25 Supplemental information required to be reported separately to each partner (attach additional schedules if more space is needed):

0356

31 107150-3 5740724-7 . . 45 05/25/96

Oct 4 K/6

ONE WOLF MCQUADE ASSOCIATES 13-3109971

| CHEDULE K-1 - NONDEDUCTIBLE EXPENSE | SCHEDULE 10 |
|---|---|
| ESCRIPTION | AMOUNT |
| YNDICATION EXPENSE | 3635. |
| TOTAL TO SCHEDULE K1 LINE 21 | 3635. |

31 107150-5 5740724-7 49 03/23/96

DZ 4/9/92

STRAUSS & COMAS, P.C.
462 SEVENTH AVENUE
NEW YORK, NY 10018

LYMAN & BEVERLY BUSH
1217 122ND ST COURT E
TACOMA WA 98445

LONE WOLF MCQUADE ASSOCIATES

Dear Partner:

The required partnership income tax returns have been filed for the period indicated. Please refer to the enclosed Schedule(s) K-1 for your distributive share of partnership income (or loss) and other tax information needed to complete your 1995 individual tax forms.

Analysis of Capital Account

| | | |
|---|---|---|
| Beginning Capital | | (103,828) |
| Capital Contributed | 96,987 | |
| Net Income | 6,599 | 103,586 |
| | | (242) |
| Withdrawals/Distributions | (242) | |
| Net Loss | 0 | 242 |
| Ending Capital | | 0 |

Sincerely,

STRAUSS & COMAS, P.C.

5-27-1995 5:06AM FROM P.6

31 107150-5 5740768-9 44 03/26/96

2D

**SCHEDULE K-1 (Form 1065)**

Department of the Treasury Internal Revenue Service

# Partner's Share of Income, Credits, Deductions, etc.

▶ See separate instructions

For calendar year 1995 or tax year beginning and ending

OMB No. 1545-0099

**1995**

Partner's identifying number ▶ [redacted]

Partnership's identifying number ▶ 11-2678807

Partner's name, address, and ZIP code

LYMAN BUSH
1217 122ND ST COURT E
TACOMA WA 98445

Partnership's name, address, and ZIP code

CINEMA 84-REGISTRATION NO 84272000294
11 EAST 26TH STREET
NEW YORK, NY 10010

A This partner is a [ ] general partner [X] limited partner [ ] limited liability company member

B What type of entity is this partner? ▶ INDIVIDUAL

C Is this partner a [X] domestic or a [ ] foreign partner?

D Enter partner's percentage of: (i) Before change or termination / (ii) End of year

| | (i) Before change or termination | (ii) End of year |
|---|---|---|
| Profit sharing | % | .4083% |
| Loss sharing | % | .4083% |
| Ownership of capital | % | % |

E IRS Center where partnership filed return: HOLTSVILLE, NY

F Partner's share of liabilities (see instructions):

Nonrecourse $

Qualified nonrecourse financing $

Other $

G Tax shelter registration number ▶ 84272000294

H Check here if this partnership is a publicly traded partnership as defined in section 469(k)(2) [ ]

I Check applicable boxes: (1) [X] Final K-1 (2) [ ] Amended K-1

J Analysis of partner's capital account:

| (a) Capital account at beginning of year | (b) Capital contributed during year | (c) Partner's share of lines 3, 4, and 7, Form 1065, Schedule M-2 | (d) Withdrawals and distributions | (e) Capital account at end of year (combine columns (a) through (d)) |
|---|---|---|---|---|
| <83,917.> | 87,442. | <1,401.> | ( 2,124.) | 0. |

| | | (a) Distributive share item | | (b) Amount | (c) 1040 filers enter the amount in column (b) on: |
|---|---|---|---|---|---|
| Income (Loss) | 1 | Ordinary income (loss) from trade or business activities | 1 | <1,416.> | See pages 5 and 6 of Partner's Instructions for Schedule K-1 (Form 1065) |
| | 2 | Net income (loss) from rental real estate activities | 2 | | |
| | 3 | Net income (loss) from other rental activities | 3 | | |
| | 4 | Portfolio income (loss): | | | |
| | a | Interest | 4a | 15. | Sch. B, Part I, line 1 |
| | b | Dividends | 4b | | Sch. B, Part II, line 5 |
| | c | Royalties | 4c | | Sch. E, Part I, line 4 |
| | d | Net short-term capital gain (loss) | 4d | | Sch. D, line 5, col. (f) or (g) |
| | e | Net long-term capital gain (loss) | 4e | | Sch. D, line 13, col. (f) or (g) |
| | f | Other portfolio income (loss) | 4f | | Enter on applicable line of your return. |
| | 5 | Guaranteed payments to partner | 5 | | See page 6 of Partner's Instructions for Schedule K-1 (Form 1065). |
| | 6 | Net gain (loss) under section 1231 (other than due to casualty or theft) | 6 | | |
| | 7 | Other income (loss) | 7 | | Enter on applicable line of your return. |
| Deductions | 8 | Charitable contributions | 8 | | Sch. A, line 15 or 16 |
| | 9 | Section 179 expense deduction | 9 | | See page 7 of Partner's Instructions for Schedule K-1 (Form 1065). |
| | 10 | Deductions related to portfolio income | 10 | | |
| | 11 | Other deductions | 11 | | |
| Investment Interest | 12a | Interest expense on investment debts | 12a | | Form 4952, line 1 |
| | b | (1) Investment income included on lines 4a, 4b, 4c and 4f above | b(1) | 15. | See page 7 of Partner's Instructions for Schedule K-1 (Form 1065). |
| | | (2) Investment expenses included on line 10 above | b(2) | | |
| Credits | 13a | Low-income housing credit: | | | |
| | | (1) From section 42(j)(5) partnerships for property placed in service before 1990 | a(1) | | Form 8586, line 5 |
| | | (2) Other than on line 13a(1) for property placed in service before 1990 | a(2) | | |
| | | (3) From section 42(j)(5) partnerships for property placed in service after 1989 | a(3) | | |
| | | (4) Other than on line 13a(3) for property placed in service after 1989 | a(4) | | |
| | b | Qualified rehabilitation expenditures related to rental real estate activities (see instructions) | 13b | | See page 8 of Partner's Instructions for Schedule K-1 (Form 1065). |
| | c | Credits (other than credits shown on line 13a and 13b) related to rental real estate activities | 13c | | |
| | d | Credits related to other rental activities | 13d | | |
| | 14 | Other credits | 14 | | |

0359

For Paperwork Reduction Act Notice, see Instructions for Form 1065. Cat. No. 11394R Schedule K-1 (Form 1065) 1995

5-27-1995 5:07AM FROM P. 7

31 107150-5 5740768-9 44 03/26/96

Schedule K-1 (Form 1065) (1995) Page 2

| | | (a) Distributive share item | | (b) Amount | (c) 1040 filers enter the amount in column (b) on: |
|---|---|---|---|---|---|
| Self-employment | 15 a | Net earnings (loss) from self-employment | 15a | | Sch. SE, Section A or B |
| | b | Gross farming or fishing income | 15b | | See page 8 of Partner's Instructions for Schedule K-1 (Form 1065). |
| | c | Gross nonfarm income | 15c | | |
| Adjustments and Tax Preference Items | 16 a | Depreciation adjustment on property placed in service after 1986 | 16a | | See page 8 and 9 of Partner's Instructions for Schedule K-1 (Form 1065) and Instructions for Form 6251. |
| | b | Adjusted gain or loss | 16b | | |
| | c | Depletion (other than oil and gas) | 16c | | |
| | d | (1) Gross income from oil, gas, and geothermal properties | d(1) | | |
| | | (2) Deductions allocable to oil, gas, and geothermal properties | d(2) | | |
| | e | Other adjustments and tax preference items | 16e | | |
| Foreign Taxes | 17 a | Type of income ▶ | | | Form 1116, check boxes |
| | b | Name of foreign country or U.S. possession ▶ | | | |
| | c | Total gross income from sources outside the U.S. (attach schedule) | 17c | | Form 1116, Part I |
| | d | Total applicable deductions and losses (attach schedule) | 17d | | |
| | e | Total foreign taxes (check one): ▶ ☐ Paid ☐ Accrued | 17e | | Form 1116, Part II |
| | f | Reduction in taxes available for credit (attach schedule) | 17f | | Form 1116, Part III |
| | g | Other foreign tax information (attach schedule) | 17g | | See Instructions for Form 1116 |
| Other | 18 | Section 59(e)(2) expenditures: a Type ▶ | | | See page 8 of Partner's Instructions for Schedule K-1 (Form 1065). |
| | b | Amount | 18b | | |
| | 19 | Tax-exempt interest income | 19 | | Form 1040, line 8b |
| | 20 | Other tax-exempt income | 20 | | See page 9 of Partner's Instructions for Schedule K-1 (Form 1065) |
| | 21 | Nondeductible expenses | 21 | | |
| | 22 | Distributions of money (cash and marketable securities) | 22 | 2,124. | |
| | 23 | Distributions of property other than money | 23 | | |
| | 24 | Recapture of low-income housing credit: | | | |
| | a | From section 42(j)(5) partnerships | 24a | | Form 8611, line 8 |
| | b | Other than on line 24a | 24b | | |

SUPPLEMENTAL INFORMATION

25 Supplemental information required to be reported separately to each partner (attach additional schedules if more space is needed):

0360

5-27-1995 5:07AM FROM P. 8

31 107150-5 5740768-9 44 03/26/96

CB/(1/21

Form **8271** (Rev. March 1993) Department of the Treasury Internal Revenue Service

**Investor Reporting of Tax Shelter Registration Number**

▶ Attach to your tax return

▶ If you received this form from a partnership, S corporation, or trust, see the instructions.

OMB No. 1545-0881 Expires 3-31-96

Attachment Sequence No. 71

| Investor's name(s) shown on return | Investor's identifying number | Investor's tax year ended |
|---|---|---|
| LYMAN BUSH | [redacted] | 12/31/95 |

**Part I** Tax Shelter Information

| | a. Tax Shelter Name | b. Tax Shelter Registration Number (11-digit number) | c. Tax Shelter Identifying Number |
|---|---|---|---|
| 1 | CINEMA 84-REGISTRATION NO 84272000294 | 84272000294 | 11-2678807 |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |
| 6 | | | |
| 7 | | | |
| 8 | | | |
| 9 | | | |
| 10 | | | |

31 107150-5 5740768-9 44 03/26/96

Oz 4/1/11

STRAUSS & COMAS, P.C.
462 SEVENTH AVENUE
NEW YORK, NY 10018

LYMAN BUSH
1217 122ND ST COURT E
TACOMA WA 98445

CINEMA 84-REGISTRATION NO 84272000294

Dear Partner:

The required partnership income tax returns have been filed for the period indicated. Please refer to the enclosed Schedule(s) K-1 for your distributive share of partnership income (or loss) and other tax information needed to complete your 1995 individual tax forms.

Analysis of Capital Account

| | | |
|---|---|---|
| Beginning Capital | | (83,917) |
| Capital Contributed | 87,442 | |
| Net Income | 0 | 87,442 |
| | | 3,525 |
| Withdrawals/Distributions | 2,124 | |
| Net Loss | 1,401 | (3,525) |
| Ending Capital | | 0 |

Sincerely,

STRAUSS & COMAS, P.C.

Lyman F. and Beverly J. Bush
Form 1040X, Amended U. S. Individual Income Tax Return
SSN [redacted]

***Lone Wolf McQuade Associates***

Income or (Loss) Affecting At-Risk Amounts

| | | |
|---|---|---|
| 1983 Capital Contribution as on Closing Agreement | | 50,000 |
| 1983 Loss deemed up to At-Risk Amount as on Closing Agreement | | (50,000) |
| 1984 Partnership Income or (Loss) | *Disallowed* | (36,597) |
| 1985 Partnership Income or (Loss) | *Disallowed* | (33,442) |
| 1986 Partnership Income or (Loss) | *Disallowed* | (34,003) |
| 1987 Income Used Offsetting At-Risk Amount | | 398 |
| 1988 Income Used Offsetting At-Risk Amount | | 38 |
| 1989 Partnership Income or (Loss) | | (102) |
| 1990 Income Used Offsetting At-Risk Amount | | 43 |
| 1991 Partnership Income or (Loss) | | (56) |
| 1992 Partnership Income or (Loss) | | 0 |
| 1993 Income Used Offsetting At-Risk Amount | | 5,626 |
| 1994 Income Used Offsetting At-Risk Amount | | 5,046 |
| Unused At-Risk CarryForward into 1995 | | (93,049) |

Computation of Deduction for At-Risk Losses for 1995

| | |
|---|---|
| 1995 Additional Capital Contributed from Schedule K-1 | 96,987 |
| 1995 Partner's Income from Schedule K-1 | 10,219 |
| | 107,206 |
| ** ***** *1995 Deduction At-Risk Losses Limited to At-Risk Carryforward* | *93,049* |
| Unrecovered Basis as of December 31, 1995 | 14,157 |

EXHIBIT "C"

Lyman F. and Beverly J. Bush
Form 1040X, Amended U. S. Individual Income Tax Return
SSN[redacted]

***Cinema 84***

Income or (Loss) Affecting At-Risk Amounts

| | | |
|---|---|---|
| 1984 Capital Contribution as on Closing Agreement | | 50,000 |
| 1984 Income Used Offsetting At-Risk Amount | | (45,187) |
| 1985 Partnership Income or (Loss) | *Disallowed* | (21,553) |
| 1986 Partnership Income or (Loss) | *Disallowed* | (20,079) |
| 1987 Partnership Income or (Loss) | *Disallowed* | (25,733) |
| 1988 Income Used Offsetting At-Risk Amount | | 2,338 |
| 1989 Partnership Income or (Loss) | | (4,751) |
| 1990 Income Used Offsetting At-Risk Amount | | 1,459 |
| 1991 Income Used Offsetting At-Risk Amount | | 1,272 |
| 1992 Partnership Income or (Loss) | | 0 |
| 1993 Income Used Offsetting At-Risk Amount | | 4,389 |
| 1994 Income Used Offsetting At-Risk Amount | | (3) |
| Unused At-Risk CarryForward into 1995 | | (57,848) |

Computation of Deduction for At-Risk Losses for 1995

| | |
|---|---|
| 1995 Additional Capital Contributed from Schedule K-1 | 87,422 |
| 1995 Partner's Loss | (1,430) |
| | 85,992 |
| ** ***** *1995 Deduction At-Risk Losses Limited to At-Risk Carryforward* | *57,848* |
| Unrecovered Basis as of December 31, 1995 | 28,144 |

AS ORIGINALLY FILED

AS AMENDED

Form 1040 Department of the Treasury - Internal Revenue Service
U.S. Individual Income Tax Return **1995** IRS Use Only - Do not write or staple in this space.

For the year Jan. 1-Dec. 31, 1995, or other tax year beginning , 1995, ending , 19 OMB No. 1545-0074

**Label**

(See instructions on page 11.)

Use the IRS label. Otherwise, please print or type.

| | |
|---|---|
| Your first name and initial / Last name: LYMAN F. BUSH | Your social security number: [redacted] |
| If a joint return, spouse's first name and initial / Last name: BEVERLY J. BUSH | Spouse's social security number: [redacted] |
| Home address (number and street). If you have a P.O. box, see page 11. Apt. no.: 1217 122ND STREET COURT EAST | For Privacy Act and Paperwork Reduction Act Notice, see page 7. |
| City, town or post office, state, and ZIP code. If you have a foreign address, see page 11.: TACOMA, WA 98445-0000 | |

**Presidential Election Campaign**

| | Yes | No |
|---|---|---|
| Do you want $3 to go to this fund? | X | |
| If a joint return, does your spouse want $3 to go to this fund? | X | |

Note: Checking "Yes" will not change your tax or reduce your refund.

**Filing Status** (See page 11.) Check only one box.

1 [ ] Single
2 [X] Married filing joint return (even if only one had income)
3 [ ] Married filing separate return. Enter spouse's soc. sec. no. above and full name here. ▶
4 [ ] Head of household (with qualifying person). If the qualifying person is a child but not your dependent, enter this child's name here. ▶
5 [ ] Qualifying widow(er) with dependent child (year spouse died ▶ 19 ).

**Exemptions** (See page 12.)

6a [X] Yourself. If your parent (or someone else) can claim you as a dependent on his or her tax return, do not check box 6a. But be sure to check the box on line 33b on page 2
b [X] Spouse

No. of boxes checked on 6a and 6b: 2

c Dependents:

| (1) First name Last name | (2) Dependent's social security number if born in 1995, see page 13. | (3) Dependent's relationship to you | (4) No. of months lived in your home in 1995 |
|---|---|---|---|
| | : : | | |
| | : : | | |
| | : : | | |
| | : : | | |
| | : : | | |

If more than six dependents, see page 13.

No. of your children on 6c who: ● lived with you ● didn't live with you due to divorce or separation (see page 14)
Dependents on 6c not entered above

d If your child didn't live with you but is claimed as your dependent under a pre-1985 agreement, check here ▶ [ ]
e Total number of exemptions claimed — Add numbers entered on lines above ▶ 2

**Income**

Attach Copy B of your Forms W-2, W-2G, and 1099-R here.

If you did not get a W-2, see page 14.

Enclose, but do not attach, your payment and payment voucher. See page 33.

| Line | Description | | Amount |
|---|---|---|---|
| 7 | Wages, salaries, tips, etc. Attach Form(s) W-2 | 7 | 12000. |
| 8a | Taxable interest income. Attach Schedule B if over $400 | 8a | 13094. |
| b | Tax-exempt interest (see page 15). DON'T include on line 8a — 8b 7211. | | |
| 9 | Dividend income. Attach Schedule B if over $400 | 9 | 5372. |
| 10 | Taxable refunds, credits, or offsets of state and local income taxes (see page 15) | 10 | |
| 11 | Alimony received | 11 | |
| 12 | Business income or (loss). Attach Schedule C or C-EZ | 12 | 36201. |
| 13 | Capital gain or (loss). If required, attach Schedule D (see page 16) | 13 | -3000. |
| 14 | Other gains or (losses). Attach Form 4797 | 14 | -21. |
| 15a | Total IRA distributions 15a — b Taxable amount (see page 16) | 15b | |
| 16a | Total pensions and annuities 16a — b Taxable amount (see page 16) | 16b | 8851. |
| 17 | Rental real estate, royalties, partnerships, S corporations, trusts, etc. Attach Schedule E | 17 | -1409. |
| 18 | Farm income or (loss). Attach Schedule F | 18 | |
| 19 | Unemployment compensation (see page 17) | 19 | |
| 20a | Social security benefits 20a 12025. — b Taxable amount (see page 18) | 20b | 10221. |
| 21 | Other income. List type and amount - see page 18 | 21 | |
| 22 | Add the amounts in the far right column for lines 7 through 21. This is your total income ▶ | 22 | 81309. |

COPY

Deductions Of At Risk Carryfwd Amounts As per Closing Agreement

<93,049> Lone Wolf
<57,848> Cinema 84

→ <10,221>

→ 81,309

**Adjustments to Income**

| Line | Description | | Amount |
|---|---|---|---|
| 23a | Your IRA deduction (see page 19) | 23a | |
| b | Spouse's IRA deduction (see page 19) | 23b | |
| 24 | Moving expenses. Attach Form 3903 or 3903-F | 24 | |
| 25 | One-half of self-employment tax | 25 | 2558. |
| 26 | Self-employed health insurance deduction (see page 21) | 26 | 123. |
| 27 | Keogh & self-employed SEP plans. If SEP, check ▶ [X] | 27 | 4388. |
| 28 | Penalty on early withdrawal of savings | 28 | |
| 29 | Alimony paid. Recipient's SSN ▶ | 29 | |
| 30 | Add lines 23a through 29. These are your total adjustments ▶ | 30 | 7069. |

<7,069>

**Adjusted Gross Income**

31 Subtract line 30 from line 22. This is your adjusted gross income. If less than $26,673 and a child lived with you, (less than $9,230 if a child didn't live with you), see "Earned Income Credit" on page 27. ▶ 31 74240.

<86,878>

**0365**

AS ORIGINALLY FILED

AS AMENDED

Form 1040 (1995) LYMAN F. & BEVF 'Y J. BUSH [redacted] OMB No. 1545-0074 Page 2

| Section | Line | Description | | | Line | Amount (as originally filed) | As amended |
|---|---|---|---|---|---|---|---|
| Tax Compu-tation | 32 | Amount from line 31 (adjusted gross income) | | | 32 | 74240. | < 86,878 > |
| | 33a | Check if: ☐ You were 65 or older, ☐ Blind; ☐ Spouse was 65 or older, ☐ Blind. Add the number of boxes checked above and enter the total here ▶ 33a | | | | | |
| | b | If your parent (or someone else) can claim you as a dependent, check here ▶ 33b ☐ | | | | | |
| | c | If you are married filing separately and your spouse itemizes deductions or you are a dual-status alien, see page 23 and check here ▶ 33c ☐ | | | | | |
| | 34 | Enter the larger of your: Itemized deductions from Schedule A, line 28, OR Standard deduction shown below for your filing status. But if you checked any box on line 33a or b, go to page 23 to find your standard deduction. If you checked box 33c, your standard deduction is zero. • Single - $3,900 • Married filing jointly or Qualifying widow(er) - $6,550 • Head of household - $5,750 • Married filing separately - $3,275 | | | 34 | 17508. | <23,247> |
| | 35 | Subtract line 34 from line 32 | | | 35 | 56732. | |
| | 36 | If line 32 is $86,025 or less, multiply $2,500 by the total number of exemptions claimed on line 6e. If line 32 is over $86,025, see the worksheet on page 23 for the amount to enter | | | 36 | 5000. | <5,000> |
| | 37 | Taxable income. Subtract line 36 from line 35. If line 36 is more than line 35, enter -0- | | | 37 | 51732. | <115,125> |
| | 38 | Tax. Check if from a ☒ Tax Table, b ☐ Tax Rate Schedules, c ☐ Capital Gain Tax Worksheet, or d ☐ Form 8615 (see page 24). Amount from Form(s) 8814 ▶ e | | | 38 | 9413. | — 0 — |
| | 39 | Additional taxes. Check if from a ☐ Form 4970 b ☐ Form 4972 | | | 39 | | |
| | 40 | Add lines 38 and 39 ▶ | | | 40 | 9413. | |
| Credits | 41 | Credit for child and dependent care expenses. Attach Form 2441 | 41 | | | | |
| | 42 | Credit for the elderly or the disabled. Attach Schedule R | 42 | | | | |
| | 43 | Foreign tax credit. Attach Form 1116 | 43 | | | | |
| | 44 | Other credits. Check if from a ☐ Form 3800 b ☐ Form 8396 c ☐ Form 8801 d ☐ Form (specify) | 44 | | | | |
| | 45 | Add lines 41 through 44 | | | 45 | | |
| | 46 | Subtract line 45 from line 40. If line 45 is more than line 40, enter -0- ▶ | | | 46 | 9413. | |
| Other Taxes | 47 | Self-employment tax. Attach Schedule SE | | | 47 | 5115. | 5,115 |
| | 48 | Alternative minimum tax. Attach Form 6251 | | | 48 | 0. | |
| | 49 | Recapture taxes. Check if from a ☐ Form 4255 b ☐ Form 8611 c ☐ Form 8828 | | | 49 | | |
| | 50 | Social security and Medicare tax on tip income not reported to employer. Attach Form 4137 | | | 50 | | |
| | 51 | Tax on qualified retirement plans, including IRAs. If required, attach Form 5329 | | | 51 | | |
| | 52 | Advance earned income credit payments from Form W-2 | | | 52 | | |
| | 53 | Household employment taxes. Attach Schedule H | | | 53 | | |
| | 54 | Add lines 46 through 53. This is your total tax ▶ | | | 54 | 14528. | 5,115 |
| Payments | 55 | Federal income tax withheld. If any is from Form(s) 1099, check ▶ ☒ | 55 | 2553. | | STATEMENT 5 | |
| Attach Forms W-2, W-2G, and 1099-R on the front. | 56 | 1995 estimated tax payments and amount applied from 1994 return | 56 | 8262. | | | |
| | 57 | Earned income credit. Attach Schedule EIC if you have a qualifying child. Nontaxable earned income: amount ▶ and type ▶ | 57 | | | | |
| | 58 | Amount paid with Form 4868 (extension request) | 58 | | | | |
| | 59 | Excess social security and RRTA tax withheld (see page 32) | 59 | | | | |
| | 60 | Other payments. Check if from a ☐ Form 2439 b ☐ Form 4136 | 60 | | | | |
| | 61 | Add lines 55 through 60. These are your total payments ▶ | | | 61 | 10815. | |
| Refund or Amount You Owe | 62 | If line 61 is more than line 54, subtract line 54 from line 61. This is the amount you OVERPAID ▶ | | | 62 | | |
| | 63 | Amount of line 62 you want REFUNDED TO YOU | | | 63 | | |
| | 64 | Amount of line 62 you want APPLIED TO YOUR 1996 ESTIMATED TAX ▶ | 64 | | | | |
| | 65 | If line 54 is more than line 61, subtract line 61 from line 54. This is the AMOUNT YOU OWE. For details on how to pay and use Form 1040-V, Payment Voucher, see page 33 | | | 65 | 3713. | |
| | 66 | Estimated tax penalty (see page 33). Also include on line 65 | 66 | | | | |

COPY FOR YOUR FILE

**Sign Here** — Under penalties of perjury, I declare that I have examined this return and accompanying schedules and statements, and to the best of my knowledge and belief, they are true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

Keep a copy of this return for your records.

| Your signature | Date | Your occupation |
|---|---|---|
| | | STRUCTURAL ENGINEER |
| Spouse's signature. If a joint return, BOTH must sign. | Date | Spouse's occupation |
| | | TEACHER |

**Paid Preparer's Use Only**

| Preparer's signature | Date | Check if self-employed ☐ | Preparer's social security no. [redacted] |
|---|---|---|---|
| Firm's name (or yours if self-employed) and address | BRINK & SADLER, C.P.A.'S 5127 112TH STREET S.W. TACOMA, WA | E.I. No. 91 0861130 | ZIP code 98499 |

0002 -03-95

5

3120409 709261 3P140 050 BUSH LYMAN F 08064207

AS ORIGINALLY FILED

AS AMENDED

SCHEDULE A&B (Form 1040)
Department of the Treasury Internal Revenue Service

# Schedule A - Itemized Deductions

(Schedule B is on page 2)

▶ Attach to Form 1040. ▶ See Instructions for Schedule A (Form 1040).

OMB No. 1545-0074
1995
Attachment Sequence No. 07

Name(s) shown on Form 1040: LYMAN F. & BEVERLY J. BUSH

Your social security number: [redacted]

| Section | Line | Description | Box | Amount | Box | Total | Amended |
|---|---|---|---|---|---|---|---|
| Medical and Dental Expenses | | Caution: Do not include expenses reimbursed or paid by others. | | | | | |
| | 1 | Medical and dental expenses (see page A-1) SEE STATEMENT 8 | 1 | 4254. | | | |
| | 2 | Enter amount from Form 1040, line 32 [2] 74240. | | | | | |
| | 3 | Multiply line 2 above by 7.5% (.075) | 3 | 5568. | | | |
| | 4 | Subtract line 3 from line 1. If line 3 is more than line 1, enter -0- | | | 4 | 0. | 4254 |
| Taxes You Paid (See page A-1.) | 5 | State and local income taxes | 5 | | | | |
| | 6 | Real estate taxes (see page A-2) SEE STATEMENT 9 | 6 | 3671. | | | |
| | 7 | Personal property taxes | 7 | 1174. | | | |
| | 8 | Other taxes - List type and amount ▶ | 8 | | | | |
| | 9 | Add lines 5 through 8 | | | 9 | 4845. | 4,845 |
| Interest You Paid (See page A-2.) | 10 | Home mortgage interest and points reported to you on Form 1098 | 10 | | | | |
| | 11 | Home mortgage interest not reported to you on Form 1098. If paid to the person from whom you bought the home, see page A-3 and show that person's name, identifying no., and address ▶ | 11 | | | | |
| Note: Personal interest is not deductible. | 12 | Points not reported to you on Form 1098. See page A-3 for special rules | 12 | | | | |
| | 13 | Investment interest. If required, attach Form 4952. (See page A-3.) | 13 | | | | |
| | 14 | Add lines 10 through 13 | | | 14 | | |
| Gifts to Charity | 15 | Gifts by cash or check. If any gift of $250 or more, see page A-3 STMT 6 | 15 | 2199. | | | |
| If you made a gift and got a benefit for it, see page A-3. | 16 | Other than by cash or check. If any gift of $250 or more, see page A-3. If over $500, you MUST attach Form 8283 STMT 7 | 16 | 165. | | | |
| | 17 | Carryover from prior year | 17 | 2274. | | | |
| | 18 | Add lines 15 through 17 | | | 18 | 4638. | 4,638 |
| Casualty and Theft Losses | 19 | Casualty or theft loss(es). Attach Form 4684. (See page A-4.) | | | 19 | | |
| Job Expenses and Most Other Miscellaneous Deductions | 20 | Unreimbursed employee expenses - job travel, union dues, job education, etc. If required, you MUST attach Form 2106 or 2106-EZ. (See page A-5.) ▶ | 20 | | | | |
| | 21 | Tax preparation fees | 21 | | | | |
| (See page A-5 for expenses to deduct here.) | 22 | Other expenses - investment, safe deposit box, etc. List type and amount ▶IRA CUSTODIAL FEES 135. INVESTMENT EXPENSE 7179. BAB ASSET VENTURE - LEGAL 254. ATTORNEYS FEES - INVESTMENT 1631. SAFE DEPOSIT BOX 31. | 22 | 9230. | | | |
| | 23 | Add lines 20 through 22 | 23 | 9230. | | | |
| | 24 | Enter amount from Form 1040, line 32 [24] 74240. | | | | | |
| | 25 | Multiply line 24 above by 2% (.02) | 25 | 1485. | | | |
| | 26 | Subtract line 25 from line 23. If line 25 is more than line 23, enter -0- | | | 26 | 7745. | 9,230 |
| Other Miscellaneous Deductions | 27 | Other - from list on page A-5. List type and amount ▶FROM K-1 - ML-LEE ACQUISITION FUND, L.P. 280. | | | 27 | 280. | 280 |
| Total Itemized Deductions | 28 | Is Form 1040, line 32, over $114,700 (over $57,350 if married filing separately)? NO. Your deduction is not limited. Add the amounts in the far right column for lines 4 through 27. Also, enter on Form 1040, line 34, the larger of this amount or your standard deduction. YES. Your deduction may be limited. See page A-5 for the amount to enter. ▶ | | | 28 | 17508. | 23,247 |

COPY FOR YOUR FILE

LHA For Paperwork Reduction Act Notice, see Form 1040 Instructions.

Schedule A (Form 1040) 1995

0367

AS ORIGINALLY FILED

**SCHEDULE E (Form 1040)** — Department of the Treasury, Internal Revenue Service

# Supplemental Income and Loss

(From rental real estate, royalties, partnerships, S corporations, estates, trusts, REMICs, etc.)

▶ Attach to Form 1040 or Form 1041. ▶ See Instructions for Schedule E (Form 1040).

OMB No. 1545-0074 — **1995** — Attachment Sequence No. 13

Name(s) shown on return: LYMAN F. & BEVERLY J. BUSH — Your social security number: [redacted]

**Part I — Income or Loss From Rental Real Estate and Royalties** Note: Report income and expenses from your business of renting personal property on Schedule C or C-EZ. Report farm rental income or loss from Form 4835 on page 2, line 39.

1 Show the kind and location of each rental real estate property:

A RENTAL HOUSE (1/3 INTEREST) 5026 SOUTH PUGET SOUND

B

C

2 For each rental real estate property listed on line 1, did you or your family use it for personal purposes for more than the greater of 14 days or 10% of the total days rented at fair rental value during the tax year?

| | Yes | No |
|---|---|---|
| A | | X |
| B | | |
| C | | |

| | Line | Properties A | B | C | Totals (Add columns A, B, and C.) |
|---|---|---|---|---|---|
| **Income:** | | | | | |
| 3 Rents received | 3 | 2486. | | | 3 — 2486. |
| 4 Royalties received | 4 | | | | 4 |
| **Expenses:** | | | | | |
| 5 Advertising | 5 | | | | |
| 6 Auto and travel | 6 | | | | |
| 7 Cleaning and maintenance | 7 | | | | |
| 8 Commissions | 8 | | | | |
| 9 Insurance | 9 | 64. | | | |
| 10 Legal and other professional fees | 10 | | | | |
| 11 Management fees | 11 | 265. | | | |
| 12 Mortgage interest paid to banks, etc. | 12 | | | | 12 |
| 13 Other interest | 13 | | | | |
| 14 Repairs | 14 | 441. | | | |
| 15 Supplies | 15 | | | | |
| 16 Taxes | 16 | 333. | | | |
| 17 Utilities | 17 | 58. | | | |
| 18 Other (list) ▶ | 18 | | | | |
| 19 Add lines 5 through 18 | 19 | 1161. | | | 19 — 1161. |
| 20 Depreciation expense or depletion | 20 | 460. | | | 20 — 460. |
| 21 Total expenses. Add lines 19 and 20 | 21 | 1621. | | | |
| 22 Income or (loss) from rental real estate or royalty properties. Subtract line 21 from line 3 (rents) or line 4 (royalties). If the result is a (loss), see page E-2 to find out if you must file Form 6198 | 22 | 865. | | | |
| 23 Deductible rental real estate loss. Caution: Your rental real estate loss on line 22 may be limited. See page E-3 to find out if you must file Form 8582. Real estate professionals must complete line 42 on page 2 | 23 | | | | |

COPY FOR YOUR FILE

24 Income. Add positive amounts shown on line 22. Do not include any losses .......... 24 — 865.

25 Losses. Add royalty losses from line 22 and rental real estate losses from line 23. Enter the total losses here .......... 25 ( )

26 Total rental real estate and royalty income or (loss). Combine lines 24 and 25. Enter the result here. If Parts II, III, IV, and line 39 on page 2 do not apply to you, also enter this amount on Form 1040, line 17. Otherwise, include this amount in the total on line 40 on page 2 .......... 26 — 865.

521491 10-23-95 LHA For Paperwork Reduction Act Notice, see Form 1040 instructions. 13 Schedule E (Form 1040) 1995

AS ORIGINALLY FILED

Schedule E (Form 1040) 1995 Attachment Sequence No. Page 2

Name(s) shown on return. Do not enter name and social security number if shown on Page 1. Your social security number

LYMAN F. & BEVERLY J. BUSH [redacted]

Note: If you report amounts from farming or fishing on Schedule E, you must enter your gross income from those activities on line 41 below. Real Estate professionals must complete line 42 below.

**Part II** Income or Loss From Partnerships and S Corporations Note: If you report a loss from an at-risk activity, you MUST check either column (e) or (f) of line 27 to describe your investment in the activity. If you check column (f), you must attach Form 6198.

| 27 | (a) Name | (b) Enter P for partnership; S for S corporation | (c) Check if foreign partnership | (d) Employer identification number | Investment At Risk? (e) All is at risk | (f) Some is not at risk |
|---|---|---|---|---|---|---|
| A | SEE STATEMENT 16 | | | | | |
| B | | | | | | |
| C | | | | | | |
| D | | | | | | |
| E | | | | | | |

| | Passive Income and Loss | | Nonpassive Income and Loss | | |
|---|---|---|---|---|---|
| | (g) Passive loss allowed (attach Form 8582 if required) | (h) Passive income from Schedule K-1 | (i) Nonpassive loss from Schedule K-1 | (j) Section 179 expense deduction from Form 4562 | (k) Nonpassive income from Schedule K-1 |
| A | | | | | |
| B | | | | | |
| C | | | | | |
| D | | | | | |
| E | | | | | |
| 28a Totals | | 21180. | | | |
| b Totals | 22024. | | 1430. | | |

| | | | |
|---|---|---|---|
| 29 | Add columns (h) and (k) of line 28a | 29 | 21180. |
| 30 | Add columns (g), (i), and (j) of line 28b | 30 | ( 23454.) |
| 31 | Total partnership and S corporation income or (loss). Combine lines 29 and 30. Enter the result here and include in the total on line 40 below | 31 | -2274. |

**Part III** Income or Loss From Estates and Trusts

| 32 | (a) Name | (b) Employer identification number |
|---|---|---|
| A | | |
| B | | |

| | Passive Income and Loss | | Nonpassive Income and Loss | |
|---|---|---|---|---|
| | (c) Passive deduction or loss allowed (attach Form 8582 if required) | (d) Passive income from Schedule K-1 | (e) Deduction or loss from Schedule K-1 | (f) Other income from Schedule K-1 |
| A | | | | |
| B | | | | |
| 33a Totals | | | | |
| b Totals | | | | |

| | | | |
|---|---|---|---|
| 34 | Add columns (d) and (f) of line 33a | 34 | |
| 35 | Add columns (c) and (e) of line 33b | 35 | ( ) |
| 36 | Total estate and trust income or (loss). Combine lines 34 and 35. Enter the result here and include in the total on line 40 below | 36 | |

**Part IV** Income or Loss From Real Estate Mortgage Investment Conduits (REMICs) - Residual Holder

| 37 | (a) Name | (b) Employer identification number | (c) Excess inclusion from Schedules Q, line 2c | (d) Taxable income (net loss) from Schedules Q, line 1b | (e) Income from Schedules Q, line 3b |
|---|---|---|---|---|---|
| | | | | | |

38 Combine columns (d) and (e) only. Enter the result here and include in the total on line 40 below 38

**Part V** Summary * ENTIRE DISPOSITION OF PASSIVE ACTIVITY

| | | | |
|---|---|---|---|
| 39 | Net farm rental income or (loss) from Form 4835. Also, complete line 41 below | 39 | |
| 40 | TOTAL income or (loss). Combine lines 26, 31, 36, 38, and 39. Enter the result here and on Form 1040, line 17 | 40 | -1409. |
| 41 | Reconciliation of Farming and Fishing Income: Enter your gross farming and fishing income reported on Form 4835, line 7; Schedule K-1 (Form 1065), line 15b; Schedule K-1 (Form 1120S), line 23; and Schedule K-1 (Form 1041), line 13 | 41 | |
| 42 | Reconciliation for Real Estate Professionals. If you were a real estate professional, enter the net income or (loss) you reported anywhere on Form 1040 from all rental real estate activities in which you materially participated under the passive activity loss rules | 42 | |

COPY

521501 10-23-95



0369

AS ORIGINALLY FILED

LYMAN F. & BEVERLY J. BUSH [redacted]

SCHEDULE D CAPITAL LOSS CARRYOVER STATEMENT 15

| | | | |
|---|---|---|---|
| 1. | ENTER THE AMOUNT FROM FORM 1040, LINE 35 . . . . . . . . . . . . | | 56732. |
| 2. | ENTER THE LOSS FROM SCHEDULE D, LINE 19 AS A POSITIVE AMOUNT . | | 3000. |
| 3. | COMBINE LINES 1 AND 2. IF ZERO OR LESS, ENTER -0- . . . . . . . | | 59732. |
| 4. | ENTER THE SMALLER OF LINE 2 OR LINE 3 . . . . . . . . . . . . . | | 3000. |
| 5. | ENTER THE LOSS FROM SCHEDULE D, LINE 8 AS A POSITIVE AMOUNT . | | 97. |
| 6. | ENTER THE GAIN, IF ANY, FROM SCHEDULE D, LINE 17 . . . . . . . . . . . . . . . . . . . . . | | |
| 7. | ENTER THE AMOUNT FROM LINE 4 . . . . . . . . . . . . . | 3000. | |
| 8. | ADD LINES 6 AND 7 . . . . . . . . . . . . . . . . . . . . . . . . | | 3000. |
| 9. | SHORT-TERM CAPITAL LOSS CARRYOVER TO 1996. SUBTRACT LINE 8 FROM LINE 5. IF ZERO OR LESS, ENTER -0- . . . | | 0. |
| 10. | ENTER THE LOSS FROM SCHEDULE D, LINE 17 AS A POSITIVE AMOUNT . | | 79905. |
| 11. | ENTER THE GAIN, IF ANY, FROM SCHEDULE D, LINE 8 . . . . . . . . . . . . . . . . . . . . . | | |
| 12. | SUBTRACT LINE 5 FROM LINE 4. IF ZERO OR LESS, ENTER -0- . . . . . . . . . . . . . . . . . . . | 2903. | |
| 13. | ADD LINES 11 AND 12 . . . . . . . . . . . . . . . . . . . . . . . | | 2903. |
| 14. | LONG-TERM CAPITAL LOSS CARRYOVER TO 1996. SUBTRACT LINE 13 FROM LINE 10. IF ZERO OR LESS, ENTER -0- . . | | 77002. |

SCHEDULE E INCOME OR (LOSS) FROM PARTNERSHIPS AND S CORPS STATEMENT 16

NAME

| EMPLOYER ID NO. | NOT AT RISK | CODE | PASSIVE LOSS | PASSIVE INCOME | NONPASSIVE LOSS | SEC. 179 DEDUCTION | NONPASSIVE INCOME |
|---|---|---|---|---|---|---|---|
| SUMMER LOVERS ASSOCIATES | | | | | | | |
| 11-2615060 | | P | | 9262. | | | |
| BUSH AND WEAVER | | | | | | | |
| 91-0993948 | | P | 487. | 1699. | | | |
| CINEMA '84 REGISTRATION NO. 8427 | | | | | | | |
| 11-2678807 | | P | | | 1430. | | |
| FAWCETT PLAZA ONE | | | | | | | |
| 91-1012413 | | P | 20781. | | | | |
| LONE WOLF MCQUADE ASSOCIATES | | | | | | | |
| 13-3109971 | | P | | 10219. | | | |
| ML-LEE ACQUISITION FUND, L.P. | | | | | | | |
| 13-3426817 | | P | | | | | |
| MRI BUSINESS PROPERTIES FUND LTD | | | | | | | |
| 94-2919856 | | P | 756. | | | | |
| TOTALS TO SCH. E, LN. 28 | | | 22024. | 21180. | 1430. | | |

COPY FOR YOUR FILE

AS ORIGINALLY FILED

AS AMENDED

Form **6251** DOES NOT APPLY

# Alternative Minimum Tax - Individuals

OMB No. 1545-0227 **1995**

Department of the Treasury Internal Revenue Service ▶ Attach to Form 1040, Form 1040NR, or Form 1040-T. Attachment Sequence No. 32

Name(s) shown on Form 1040: LYMAN F. & BEVERLY J. BUSH

Your social security number: [redacted]

## Part I Adjustments and Preferences

| | | Line | Amount | Handwritten |
|---|---|---|---|---|
| 1 | If you itemized deductions on Schedule A (Form 1040) (or you entered the amount from Form 1040-T, Section B, line t, on Form 1040-T, line 20), go to line 2. Otherwise, enter your standard deduction from Form 1040, line 34 (or Form 1040-T, line 20), and go to line 6 | 1 | | |
| 2 | Medical and dental. Enter the smaller of Schedule A (Form 1040), line 4, or 2 1/2% of Form 1040, line 32 (Form 1040-T filers, enter the smaller of Section B, line c or 2 1/2% of Form 1040-T, line 16) | 2 | | 147 |
| 3 | Taxes. Enter the amount from Schedule A (Form 1040), line 9 (or the total of lines d through g of Form 1040-T, Section B) | 3 | 4845. | 4845 |
| 4 | Certain interest on a home mortgage not used to buy, build, or improve your home | 4 | | |
| 5 | Miscellaneous itemized deductions. Enter the amount from Schedule A (Form 1040), line 26 (or Form 1040-T, Section B, line r) | 5 | 7745. | 8,135 |
| 6 | Refund of taxes. Enter any tax refund from Form 1040, line 10 or 21 (or Form 1040-T, line 4 or line 9) | 6 | | |
| 7 | Investment interest. Enter difference between regular tax and AMT deduction | 7 | | |
| 8 | Post-1986 depreciation. Enter difference between regular tax and AMT depreciation | 8 | | |
| 9 | Adjusted gain or loss. Enter difference between AMT and regular tax gain or loss | 9 | | |
| 10 | Incentive stock options. Enter excess of AMT income over regular tax income | 10 | | |
| 11 | Passive activities. Enter difference between AMT and regular tax income or loss SEE STATEMENT 19 | 11 | 0. | |
| 12 | Beneficiaries of estates and trusts. Enter the amount from Schedule K-1 (Form 1041), line 8 | 12 | | |
| 13 | Tax-exempt interest from private activity bonds issued after 8/7/86 | 13 | | |
| 14 | Other. Enter the amount, if any, for each item and enter the total on line 14. | 14 | | |

| | | | |
|---|---|---|---|
| a Charitable contributions | | h Loss limitations | |
| b Circulation expenditures | | i Mining costs | |
| c Depletion | | j Patron's adjustment | |
| d Depreciation (pre-1987) | | k Pollution control facilities | |
| e Installment sales | | l Research and experimental | |
| f Intangible drilling costs | | m Tax shelter farm activities | |
| g Long-term contracts | | n Related adjustments | |

| | | Line | Amount | Handwritten |
|---|---|---|---|---|
| 15 | Total Adjustments and Preferences. Combine lines 1 through 14 ▶ | 15 | 12590. | |

## Part II Alternative Minimum Taxable Income

| | | Line | Amount | Handwritten |
|---|---|---|---|---|
| 16 | Enter the amount from Form 1040, line 35 (or Form 1040-T, line 21). If less than zero, enter as a (loss) ▶ | 16 | 56732. | <110,125> |
| 17 | Net operating loss deduction, if any, from Form 1040, line 21. Enter as a positive amount | 17 | | |
| 18 | If Form 1040, line 32 (or Form 1040-T, line 16), is over $114,700 (over $57,350 if married filing separately), and you itemized deductions, enter the amount, if any, from line 9 of the worksheet for Schedule A (Form 1040), line 28 (or line 9 of the worksheet for Section B, line t, of Form 1040-T) | 18 | | |
| 19 | Combine lines 15 through 18 ▶ | 19 | 69322. | |
| 20 | Alternative tax net operating loss deduction. | 20 | | |
| 21 | Alternative Minimum Taxable Income. Subtract line 20 from line 19. (If married filing separately and line 21 is more than $165,000, see instructions.) ▶ | 21 | 69322. | |

## Part III Exemption Amount and Alternative Minimum Tax

22 Exemption Amount. (If this form is for a child under age 14, see instructions.)

| If your filing status is: | And line 21 is not over: | Enter on line 22: |
|---|---|---|
| Single or head of household | $112,500 | $33,750 |
| Married filing jointly or qualifying widow(er) | 150,000 | 45,000 |
| Married filing separately | 75,000 | 22,500 |

If line 21 is over the amount shown above for your filing status, see instructions.

| | | Line | Amount | Handwritten |
|---|---|---|---|---|
| 22 | Exemption amount | 22 | 45000. | <45,000> |
| 23 | Subtract line 22 from line 21. If zero or less, enter -0- here and on lines 26 and 28 ▶ | 23 | 24322. | <141,998> |
| 24 | If line 23 is $175,000 or less ($87,500 or less if married filing separately), multiply line 23 by 26% (.26). Otherwise, multiply line 23 by 28% (.28) and subtract $3,500 ($1,750 if married filing separately) from the result | 24 | 6324. | |
| 25 | Alternative minimum tax foreign tax credit. | 25 | | |
| 26 | Tentative minimum tax. Subtract line 25 from line 24 ▶ | 26 | 6324. | |
| 27 | Enter your tax from Form 1040, line 38 (plus any amount from Form 4970 included on Form 1040, line 39), minus any foreign tax credit from Form 1040, line 43 (Form 1040-T filers, enter the amount from Form 1040-T, line 26) | 27 | 9413. | |
| 28 | Alternative Minimum Tax. (If this form is for a child under age 14, see instructions.) Subtract line 27 from line 26. If zero or less, enter -0-. Enter here and on Form 1040, line 48 (or Form 1040-T, line 31) ▶ | 28 | 0. | - 0 - |

AS ORIGINALLY FILED

ITC BASIS TO EXTENT OF Income OFFSET BY AT RISK Carryforward

Lone Wolf McQuade 10,219
Sch K-1

x 10% = 1,022

Form **3468** Department of the Treasury Internal Revenue Service

# Investment Credit

▶ Attach to your return.
▶ See separate instructions.

OMB No. 1545-0155 **1995** Attachment Sequence No. 52

Name(s) shown on return | Identifying number

**Part I Current Year Investment Credit**

**Note:** *Generally, you cannot claim the regular investment credit for property placed in service after December 31, 1985 (see instructions).*

| | | | | |
|---|---|---|---|---|
| **1** Rehabilitation credit. Enter the amount of qualified rehabilitation expenditures and multiply by the percentage shown: | | | | |
| **a** Pre-1936 buildings | | × 10% (.10) | 1a | |
| **b** Certified historic structures (attach NPS certificate) | | × 20% (.20) | 1b | |
| Enter NPS number assigned or the flow-through entity's identifying number (see instructions) | | | | |
| Transition property: | | | | |
| **c** 30-year-old buildings | | × 10% (.10) | 1c | |
| **d** 40-year-old buildings | | × 13% (.13) | 1d | |
| **e** Certified historic structures (attach NPS certificate) | | × 25% (.25) | 1e | |
| Enter NPS number assigned or the flow-through entity's identifying number (see instructions) | | | | |
| **2a** Energy credit. Enter the basis of energy property placed in service during the tax year (see instructions) | | × 10% (.10) | 2a | |
| **b** Transition energy property. Attach computation (see instructions) | | | 2b | |
| **3** Reforestation credit. Enter the amortizable basis of qualified timber property acquired during the tax year (see instructions for limitations) | | × 10% (.10) | 3 | |
| **4** Regular investment credit for transition property. Enter qualified investment (see instructions) | | × 6.5% (.065) | 4 | |
| **5** Credit from cooperatives. Enter the unused regular investment credit for transition property and the unused energy credit from cooperatives | | | 5 | |
| **6** **Total current year investment credit.** Add lines 1a through 5 | | | 6 | 1,022 |

**Part II Tax Liability Limit** (See Who Must File Form 3800 to find out if you complete Part II or file Form 3800.)

| | | | | |
|---|---|---|---|---|
| **7a** Individuals. Enter amount from Form 1040, line 40<br>**b** Corporations. Enter amount from Form 1120, Schedule J, line 3 (or Form 1120-A, Part I, line 1)<br>**c** Other filers. Enter regular tax before credits from your return | | | 7 | -0- |
| **8a** Credit for child and dependent care expenses (Form 2441, line 10) | 8a | | | |
| **b** Credit for the elderly or the disabled (Schedule R (Form 1040), line 20) | 8b | | | |
| **c** Mortgage interest credit (Form 8396, line 11) | 8c | | | |
| **d** Foreign tax credit (Form 1116, line 32, or Form 1118, Sch. B, line 12) | 8d | | | |
| **e** Possessions tax credit (Form 5735) | 8e | | | |
| **f** Orphan drug credit (Form 6765) | 8f | | | |
| **g** Credit for fuel from a nonconventional source | 8g | | | |
| **h** Qualified electric vehicle credit (Form 8834, line 19) | 8h | | | |
| **i** Add lines 8a through 8h | | | 8i | |
| **9** Net regular tax. Subtract line 8i from line 7 | | | 9 | -0- |
| **10** Tentative minimum tax (see instructions):<br>**a** Individuals. Enter amount from Form 6251, line 26<br>**b** Corporations. Enter amount from Form 4626, line 13<br>**c** Estates and trusts. Enter amount from Form 1041, Schedule I, line 37 | | | 10 | — |
| **11** Net income tax:<br>**a** Individuals. Add line 9 above and line 28 of Form 6251<br>**b** Corporations. Add line 9 above and line 15 of Form 4626<br>**c** Estates and trusts. Add line 9 above and line 41 of Form 1041, Schedule I | | | 11 | — |
| **12** If line 9 is more than $25,000, enter 25% (.25) of the excess (see instructions) | | | 12 | — |
| **13** Subtract line 10 or line 12, whichever is greater, from line 11. If zero or less, enter -0- | | | 13 | — |
| **14** Investment credit allowed for current year. Enter the smaller of line 6 or line 13. This is your General Business Credit for 1995. Enter here and on Form 1040, line 44; Form 1120, Schedule J, line 4d; Form 1120-A, Part I, line 2a; or on the appropriate line of other income tax returns | | | 14 | -0- |

For Paperwork Reduction Act Notice, see separate instructions. Cat. No. 12276E Form **3468** (1995)

0372

CINEMA '84 REGISTRATION NO. 8427
I.D. NUMBER: 11-2678807
TYPE: PARTNERSHIP

AS ORIGINALLY FILED

ACTIVITY INFORMATION:

CINEMA '84 REGISTRATION NO. 8427

100% DISPOSITION AT A NET LOSS

| | | |
|---|---|---|
| ORDINARY INCOME (LOSS) | -1416 | |
| SCHEDULE E ACTIVITY INCOME (LOSS) | | -1416 |
| PAL CARRYOVER FROM 1994 - SCHEDULE E | | -14 |
| SCHEDULE E ACTIVITY NET LOSS | | -1430 |

TAX PREFERENCE ITEMS:

| | |
|---|---|
| AMT PAL CARRYOVER FROM 1994 - SCHEDULE E | 14 |

OTHER K-1 INFORMATION:

| | |
|---|---|
| INTEREST | 15 |
| INVESTMENT INCOME | 15 |



LONE WOLF MCQUADE ASSOCIATES
I.D. NUMBER: 13-3109971
TYPE: PARTNERSHIP

ACTIVITY INFORMATION:

LONE WOLF MCQUADE ASSOCIATES

100% DISPOSITION AT A NET GAIN

| | |
|---|---|
| ORDINARY INCOME (LOSS) | 10219 |
| SCHEDULE E ACTIVITY INCOME (LOSS) | 10219 |

OTHER K-1 INFORMATION:

| | |
|---|---|
| INTEREST | 15 |
| INVESTMENT INCOME | 15 |



SUMMER LOVERS ASSOCIATES
I.D. NUMBER: 11-2615060
TYPE: PARTNERSHIP

ACTIVITY INFORMATION:

SUMMER LOVERS ASSOCIATES

100% DISPOSITION AT A NET GAIN

| | |
|---|---|
| ORDINARY INCOME (LOSS) | 9262 |
| SCHEDULE E ACTIVITY INCOME (LOSS) | 9262 |

OTHER K-1 INFORMATION:

| | |
|---|---|
| INTEREST | 17 |
| INVESTMENT INCOME | 17 |

AS AMENDED

Form 1045 (1995) Page 2

## Schedule A – Net Operating Loss (NOL). See instructions.

| Line | Description | Box | Amount |
|---|---|---|---|
| 1 | Adjusted gross income from 1995 Form 1040, line 32. Estates and trusts, skip lines 1 and 2 | 1 | <86,878> |
| 2 | Deductions (individuals only): | | |
| a | Enter amount from your 1995 Form 1040, line 34 | 2a | 23,247 |
| b | Enter your deduction for exemptions from 1995 Form 1040, line 36 | 2b | 5,000 |
| c | Add lines 2a and 2b | 2c | 28,247 |
| 3 | Combine lines 1 and 2c. Estates and trusts, enter taxable income. | 3 | <115,125> |
| | **Note:** If line 3 is zero or more, do not complete rest of schedule. You **do not** have a net operating loss. | | |
| | **Adjustments:** | | |
| 4 | Deduction for exemptions from line 2b above. Estates and trusts, enter exemption amount from tax return. | 4 | 5,000 |
| 5 | Total nonbusiness capital losses before limitation. Enter as a positive number 7917, 26361, 69072 | 5 | 103,350 |
| 6 | Total nonbusiness capital gains. 7820 12498 37 | 6 | 20,355 |
| 7 | If line 5 is more than line 6, enter difference; otherwise, enter -0- | 7 | 82,995 |
| 8 | If line 6 is more than line 5, enter difference; otherwise, enter -0- | 8 | — |
| 9 | Nonbusiness deductions. See instructions | 9 | 30,316 |
| 10 | Nonbusiness income other than capital gains. See instructions. 13094, 5372, 8851, | 10 | 27,317 |
| 11 | Add lines 8 and 10 | 11 | 27,317 |
| 12 | If line 9 is more than line 11, enter difference; otherwise, enter -0- | 12 | 2,999 |
| 13 | If line 11 is more than line 9, enter difference; otherwise, enter -0-. Do not enter more than line 8 | 13 | -0- |
| 14 | Total business capital losses before limitation. Enter as a positive number | 14 | -0- |
| 15 | Total business capital gains. | 15 | 2,993 |
| 16 | Add lines 13 and 15. | 16 | 2,993 |
| 17 | If line 14 is more than line 16, enter difference; otherwise, enter -0- | 17 | -0- |
| 18 | Add lines 7 and 17 | 18 | 82,995 |
| 19 | Enter the loss, if any, from line 18 of Schedule D (Form 1040). (Estates and trusts, enter the loss, if any, from line 17, column (c), of Schedule D (Form 1041).) Enter as a positive number. If you do not have a loss on that line, skip lines 19 through 21 and enter on line 22 the amount from line 18 | 19 | 80,002 |
| 20 | Enter the loss from line 19 of Schedule D (Form 1040). (Estates and trusts, enter the loss from line 18 of Schedule D (Form 1041).) Enter as a positive number | 20 | 3,000 |
| 21 | Subtract line 20 from line 19 | 21 | 77,002 |
| 22 | Subtract line 21 from line 18 | 22 | 5993 |
| 23 | Net operating loss deduction for losses from other years. Enter as a positive number | 23 | 0 |
| 24 | Add lines 4, 12, 22, and 23 | 24 | 13,992 |
| 25 | **Net operating loss.** Combine lines 3 and 24. If the combined amount is less than zero, enter it here and on page 1, line 1a. If the combined amount is zero or more, you **do not** have a net operating loss. | 25 | <101,133> |

| | ORDINARY Business | ORDINARY Non Bus | CAPITAL Business | CAPITAL Non Business |
|---|---|---|---|---|
| GAINS <Losses> Inc <Loss | 12000 | 13094 | 2993 | 7820 |
| | 36201 | 5372 | | 12498 |
| | <21> | 8851 | | 37 |
| | <1409> | <7069> | | <7917> |
| | <93,044> | <23,247> | | <26,361> |
| | <57,848> | | | |
| | <104,126> | -0- None | 2993 | -0- |

Notes: 27317 → 0; Ln 9 30316; <13923> None Allowed

Σ <101,133> CS1

0374

For Paperwork Reduction Act Notice, see separate instr. Form 1045 (1995)

AS ORIGINALLY FILED

**SCHEDULE D (Form 1040)**
Department of the Treasury Internal Revenue Service

# Capital Gains and Losses

▶ Attach to Form 1040. ▶ See Instructions for Schedule D (Form 1040).

OMB No. 1545-0074
**1995**
Attachment Sequence No. 12

Name(s) shown on Form 1040: LYMAN F. & BEVERLY J. BUSH
Your social security number: [redacted]

## Part I Short-Term Capital Gains and Losses - Assets Held One Year or Less

| (a) Description of Property (Example: 100 sh. XYZ Co.) | (b) Date acquired | (c) Date sold | (d) Sales price | (e) Cost or other basis | (f) LOSS If (e) is more than (d), subtract (d) from (e) | (g) GAIN If (d) is more than (e), subtract (e) from (d) |
|---|---|---|---|---|---|---|
| 1 SEE STATEMENT 13 | | | 166547. | 166644. | 7917. | 7820. |
| | | | | | | |
| | | | | | | |
| 2 Enter your short-term totals, if any | | 2 | | | | |
| 3 Total short-term sales price amounts. Add column (d) of lines 1 and 2 | | 3 | 166547. | | | |
| 4 Short-term gain from Forms 2119 and 6252, and short-term gain or loss from Forms 4684, 6781, and 8824 | | | | 4 | | |
| 5 Net short-term gain or loss from partnerships, S corporations, estates, and trusts from Schedule(s) K-1 | | | | 5 | | |
| 6 Short-term capital loss carryover. Enter the amount, if any, from line 9 of your 1994 Capital Loss Carryover Worksheet | | | | 6 | | |
| 7 Add lines 1 through 6, in columns (f) and (g) | | | | 7 | ( 7917.) | 7820. |
| 8 Net short-term capital gain or (loss). Combine columns (f) and (g) of line 7 ▶ | | | | | 8 | -97. |

## Part II Long-Term Capital Gains and Losses - Assets Held More Than One Year

| (a) Description of Property | (b) Date acquired | (c) Date sold | (d) Sales price | (e) Cost or other basis | (f) LOSS | (g) GAIN |
|---|---|---|---|---|---|---|
| 9 SEE STATEMENT 14 | | | 170373. | 184236. | 26361. | 12498. |
| | | | | | | |
| | | | | | | |
| 10 Enter your long-term totals, if any | | 10 | | | | |
| 11 Total long-term sales price amounts. Add column (d) of lines 9 and 10 | | 11 | 170373. | | | |
| 12 Gain from Form 4797; long-term gain from Forms 2119, 2439, and 6252; and long-term gain or loss from Forms 4684, 6781, and 8824 | | | | 12 | | |
| 13 Net long-term gain or loss from partnerships, S corporations, estates, and trusts from Schedule(s) K-1 | | | | 13 | | 2993. |
| 14 Capital gain distributions | | | | 14 | | 37. |
| 15 Long-term capital loss carryover. Enter the amount, if any, from line 14 of your 1994 Capital Loss Carryover Worksheet | | | | 15 | 69072. | |
| 16 Add lines 9 through 15, in columns (f) and (g) | | | | 16 | ( 95433.) | 15528. |
| 17 Net long-term capital gain or (loss). Combine columns (f) and (g) of line 16 ▶ | | | | | 17 | -79905. |

## Part III Summary of Parts I and II

| | | |
|---|---|---|
| 18 Combine lines 8 and 17. If a loss, go to line 19. If a gain, enter the gain on Form 1040, line 13. Note: If both lines 17 and 18 are gains, see the Capital Gain Tax Worksheet | 18 | -80002. |
| 19 If line 18 is a loss, enter here and as a (loss) on Form 1040, line 13, the smaller of these losses: a The loss on line 18; or b ($3,000) or, if married filing separate, ($1,500) | 19 | ( 3000.) |
| Note: See the Capital Loss Carryover Worksheet if the loss on line 18 exceeds the loss on line 19 or if Form 1040, line 35, is a loss. SEE STATEMENT 15 | | |

AS ORIGINALLY FILED

LYMAN F. & BEVERLY J. BU[illegible] [redacted]

| CHEDULE B | TAX-EXEMPT INTEREST | STATEMENT 12 |
|---|---|---|

| AME OF PAYER | AMOUNT |
|---|---|
| NTEREST FROM MUNICIPAL BONDS | 7211. |
| OTAL TAX-EXEMPT INTEREST TO SCHEDULE B, LINE 1 | 7211. |

| CHEDULE D | SHORT-TERM CAPITAL GAINS AND LOSSES | STATEMENT 13 |
|---|---|---|

| ESCRIPTION | ACQUIRED | SOLD | PRICE | COST | LOSS | GAIN |
|---|---|---|---|---|---|---|
| 000 SHARES EDERATED EPARTMENT STORES | 03/10/95 | 07/18/95 | 27476. | 21574. | | 5902. |
| 000 SHARES USION SYSTEMS ORP | 02/03/95 | 03/10/95 | 24996. | 25003. | 7. | |
| 000 SHARES PNC ANK | 09/13/95 | 09/13/95 | 27105. | 27890. | 785. | |
| 00 SHARES ECKSON ASSOC EALTY | 06/02/95 | 10/13/95 | 13139. | 12532. | | 607. |
| 00 SHARES ENZOIL | 01/19/94 | 01/18/95 | 21217. | 28224. | 7007. | |
| 000 SHARES SW ROPERTY TRUST | 10/12/94 | 01/13/95 | 24185. | 24303. | 118. | |
| 800 SHARES OOLWORTH | 12/21/94 | 01/13/95 | 28429. | 27118. | | 1311. |
| OTAL TO SCH. D, PART I, LINE 1 | | | 166547. | 166644. | 7917. | 7820. |

| CHEDULE D | LONG-TERM CAPITAL GAINS AND LOSSES | STATEMENT 14 |
|---|---|---|

| ESCRIPTION | ACQUIRED | SOLD | PRICE | COST | LOSS | GAIN |
|---|---|---|---|---|---|---|
| 5 SHARES - IUNICIPAL NVESTMENT 9 AMT | 01/29/91 | 05/24/95 | 60403. | 76908. | 16505. | |
| IRI BUSINESS ROPERTIES FUND IMITED | | 12/30/94 | 112. | 0. | | 112. |
| 50 SHARES RRISTOL MEYER QUIBB | 09/22/92 | 03/10/95 | 9116. | 10243. | 1127. | |
| 00 SHARES RRISTOL MEYER QUIBB | VARIOUS | 06/02/95 | 26317. | 27128. | 811. | |

COPY FOR YOUR FILE

AS ORIGINALLY FILED

LYMAN F. & BEVERLY J. BU[illegible] [redacted]

| | | | | | | |
|---|---|---|---|---|---|---|
| )00 SHARES ZIGLER COAL )LDING | 09/ /94 | 10/25/95 | 22702. | 30620. | 7918. | |
| )0 SHARES IBM | 07/28/93 | 01/18/95 | 30467. | 18803. | | 11664. |
| ;00 SHARES USF & | 11/15/93 | 02/03/95 | 21256. | 20534. | | 722. |
| )TAL TO SCH. D, PART II, LINE 9 | | | 170373. | 184236. | 26361. | 12498. |

PY FOR
OUR
FILE

Department of the Treasury
Internal Revenue Service

OGDEN, UT 84201

In reply refer to: 2981522163
Aug. 23, 2000 LTR 105C
[redacted] 000000 00 000
00712

LYMAN F & BEVERLY J BUSH
1217 122ND STREET CT E
TACOMA WA 98445-3519174

CERTIFIED MAIL

Taxpayer Identification Number: [redacted]
Kind of Tax: INCOME TAX
Amount of Claim(s): $ 16,199.00 11,099.00

Date Claim(s) Received: Nov. 29, 1999
Tax Period(s): Dec. 31, 1992 Dec. 31, 1993

Dear Taxpayer:

This letter is your legal notice that we have disallowed your claim(s). We can't allow your claim(s) for refund or credit for the period(s) shown above for the reason(s) listed below.

Due to adjustments made to your 1995 tax return, as a result of an examination, there is no net operating loss to carryback. Therefore, we are unable to process your Form 1040X. You will receive a separate notice explaining any adjustments made to this year.

If you want to appeal our decision to disallow your claim, you must provide a brief written statement of the issues you don't agree with. The facts contained in the written statement should be detailed and complete, including names, amounts, locations, etc.

You should include the following:

1. A statement that you want to appeal the disallowance.

2. Your name, address, and a telephone number where you can be contacted during the day.

3. A statement of facts supporting your reasons for disputing the disallowance.

4. A statement outlining the law or other authority that supports your claim.

You must declare that the statement of facts is true under penalties of perjury. You may do this by adding the following statement and signing it:

Form **1040X** (Rev. November 1998)

Department of the Treasury — Internal Revenue Service

# Amended U.S. Individual Income Tax Return

▶ See separate instructions.

Bush 503303721

OMB No. 1545-0091

This return is for calendar year ▶ 19 93 , OR fiscal year ended ▶ , 19

| Your first name and initial | Last name | Your social security number |
|---|---|---|
| LYMAN F. | BUSH | [redacted] |
| If a joint return, spouse's first name and initial | Last name | Spouse's social security number |
| BEVERLY J. | BUSH | [redacted] |
| Home address (no. and street) or P.O. box if mail is not delivered to your home | Apt. no. | Telephone number (optional) |
| 1217 122nd Street Court East | | 713-965-9244 |
| City, town or post office, state, and ZIP code. If you have a foreign address, see page 2 of the instructions. | | For Paperwork Reduction Act Notice, see page 6. |
| Tacoma, Washinton 98445 | | |

A If the name or address shown above is different from that shown on the original return, check here ▶ [X]

B Has the original return been changed or audited by the IRS or have you been notified that it will be? [X] Yes [ ] No

C Filing status. Be sure to complete this line. Note: *You cannot change from joint to separate returns after the due date.*

On original return ▶ [ ] Single [X] Married filing joint return [ ] Married filing separate return [ ] Head of household [ ] Qualifying widow(er)

On this return ▶ [ ] Single [X] Married filing joint return [ ] Married filing separate return [ ] Head of household* [ ] Qualifying widow(er)

* If the qualifying person is a child but not your dependent, see page 2.

USE PART II ON THE BACK TO EXPLAIN ANY CHANGES

| Income and Deductions (see pages 2 - 5) | | A. Original amount or as previously adjusted (see page 2) | B. Net change — amount of increase or (decrease) — explain in Part II | C. Correct amount |
|---|---|---|---|---|
| 1 Adjusted gross income (see page 3) | 1 | 127,724 | (32,987) | 94,737 |
| 2 Itemized deductions or standard deduction (see page 3) | 2 | 10,688 | 1,909 | 12,597 |
| 3 Subtract line 2 from line 1 | 3 | 117,036 | (34,896) | 82,140 |
| 4 Exemptions. If changing, fill in Parts I and II on the back | 4 | 4,700 | 0 | 4,700 |
| 5 Taxable income. Subtract line 4 from line 3 | 5 | 112,336 | (34,896) | 77,440 |
| **Tax Liability** 6 Tax (see page 4). Method used in col. C Tax Table | 6 | 26,651 | (9,769) | 16,882 |
| 7 Credits (see page 4) | 7 | | 1,330 | 1,330 |
| 8 Subtract line 7 from line 6. Enter the result but not less than zero | 8 | 26,651 | (11,099) | 15,552 |
| 9 Other taxes (see page 4) | 9 | 6,768 | 0 | 6,768 |
| 10 Total tax. Add lines 8 and 9 | 10 | 33,419 | (11,099) | 22,320 |
| **Payments** 11 Federal income tax withheld and excess social security and RRTA tax withheld. If changing, see page 4 | 11 | 2,611 | 0 | 2,611 |
| 12 Estimated tax payments, including amount applied from prior year's return | 12 | 35,930 | 0 | 35,930 |
| 13 Earned income credit | 13 | | | |
| 14 Additional child tax credit from Form 8812 | 14 | | | |
| 15 Credits from Form 4136 or Form 2439 | 15 | | | |
| 16 Amount paid with Form 4868, 2688, or 2350 (applications for extension of time to file) | 16 | | | |
| 17 Amount of tax paid with original return plus additional tax paid after it was filed | 17 | | | |
| 18 Total payments. Add lines 11 through 17 in column C | 18 | | | 38,541 |

## Refund or Amount You Owe

| | | |
|---|---|---|
| 19 Overpayment, if any, as shown on original return or as previously adjusted by the IRS | 19 | 5,122 |
| 20 Subtract line 19 from line 18 (see page 4) | 20 | 33,419 |
| 21 **AMOUNT YOU OWE.** If line 10, column C, is more than line 20, enter the difference and see page 4 | 21 | 0 |
| 22 If line 10, column C, is less than line 20, enter the difference | 22 | 11,099 |
| 23 Amount of line 22 you want **REFUNDED TO YOU** | 23 | 11,099 ** |
| 24 Amount of line 22 you want **APPLIED TO YOUR 19 ESTIMATED TAX** 24 | | |

**Sign Here** Joint return? See page 2. Keep a copy for your records.

Under penalties of perjury, I declare that I have filed an original return and that I have examined this amended return, including accompanying schedules and statements, and to the best of my knowledge and belief, this amended return is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which the preparer has any knowledge.

Lyman F Bush 11-24-99
Your signature Date

Lyman F Bush Personal Representative of the estate of Beverly J Bush deceased 11-24-99
Spouse's signature. If a joint return, BOTH must sign. Date

**Paid Preparer's Use Only**

Preparer's signature ▶ [signature] CPA Date 11/23/99 Check if self-employed [X] Preparer's social security no. [redacted]

Firm's name (or yours if self-employed) and address ▶ Brett A. Thompson, CPA, 20214 Kingsland Blvd., Katy, Texas EIN ZIP code 77450

** *or such greater amount as is legally refundable, plus interest.*

ISA STF FED3171F

Form 1040X (Rev. 11-98)

EXHIBIT 9

0379

Form 1040X (Rev. 11-98) Bush [redacted]



**Part I** **Exemptions.** See Form 1040, Form 1040A, or Form 1040-T instructions.

If you are **not changing your exemptions,** do not complete this part.
If claiming **more exemptions,** complete lines 25 - 31 and, if applicable, line 32.
If claiming **fewer exemptions,** complete lines 25 - 30.

| | | A. Original number of exemptions reported or as previously adjusted | B. Net change | C. Correct number of exemptions |
|---|---|---|---|---|
| 25 Yourself and spouse . . . . . . . . . . . . . . . . . . . . **Caution:** *If your parents (or someone else) can claim you as a dependent (even if they chose not to), you cannot claim an exemption for yourself.* | 25 | | | |
| 26 Your dependent children who lived with you . . . . . . . . . . | 26 | | | |
| 27 Your dependent children who did not live with you due to divorce or separation . . . . . . . . . . | 27 | | | |
| 28 Other dependents . . . . . . . . . . | 28 | | | |
| 29 Total number of exemptions. Add lines 25 through 28 . . . . . . | 29 | | | |
| 30 Multiply the number of exemptions claimed on line 29 by the amount listed below for the tax year you are amending. Enter the result here and on line 4. | 30 | | | |

| Tax year | Exemption amount | But see page 3 if the amount on line 1 is over: |
|---|---|---|
| 1998 | $2,700 | $93,400 |
| 1997 | 2,650 | 90,900 |
| 1996 | 2,550 | 88,475 |
| 1995 | 2,500 | 86,025 |

31 Dependents (children and other) not claimed on original (or adjusted) return:
**Note:** *For tax year 1998, do not complete column (e) below. For tax years before 1998, do not complete column (d) below.*

| (a) First name Last name | (b) Dependent's social security number. If born in the tax year you are amending, see page 5. | (c) Dependent's relationship to you | (d) ✓ if qualifying child for child tax credit (see page 5) | (e) No. of months lived in your home |
|---|---|---|---|---|
| | | | ☐ | |
| | | | ☐ | |
| | | | ☐ | |
| | | | ☐ | |
| | | | ☐ | |
| | | | ☐ | |

No. of your children on line 31 who:
- lived with you . . . . . . . ▶ ☐
- did not live with you due to divorce or separation (see page 5) . . . . . ▶ ☐

Dependents on line 31 not entered above ▶ ☐

32 For tax year 1995, if your child listed on line 31 did not live with you but is claimed as your dependent under a pre-1985 agreement, check here . . . . . . . . . . . . . . . . . . . . ▶ ☐

**Part II** **Explanation of Changes to Income, Deductions, and Credits**

**Enter the line number from the front of the form for each item you are changing and give the reason for each change. Attach only the supporting forms and schedules for the items changed. If you do not attach the required information, your Form 1040X may be returned. Be sure to include your name and social security number on any attachments.**

If the change relates to a net operating loss carryback or a general business credit carryback, attach the schedule or form that shows the year in which the loss or credit occurred. See page 1 of the instructions. Also, check here . . . . . . . . . . ▶ ☐

***** *PLEASE SEE EXPLANATION ATTACHED* *****

In addition to the adjustments made by the Closing Agreement, this amended return also deducts Net Operating Loss Carryback from 1995, after adjusted for the 1992 NOL Carryback.

**Part III** **Presidential Election Campaign Fund.** Checking below will not increase your tax or reduce your refund.

If you did not previously want $3 to go to the fund but now want to, check here . . . . . . . . . . ▶ ☐
If a joint return and your spouse did not previously want $3 to go to the fund but now wants to, check here . . . . . . ▶ ☐

STF FED3171F.2

Form **2848** (Rev. December 1997)
Department of the Treasury
Internal Revenue Service

# Power of Attorney and Declaration of Representative

▶ See the separate instructions.

OMB No. 1545-0150

For IRS Use Only
Received by:
Name ________
Telephone ________
Function ________
Date ________

**Part I** Power of Attorney (Please type or print.)

**1 Taxpayer information** (Taxpayer(s) must sign and date this form on page 2, line 9.)

| Taxpayer name(s) and address | Social security number(s) | Employer identification number |
|---|---|---|
| Lyman F. and Beverly J. Bush<br>1217 122nd Street Court East<br>Tacoma, WA 98445 | [redacted] | |
| | Daytime telephone number | Plan number (if applicable) |

hereby appoint(s) the following representative(s) as attorney(s)-in-fact:

**2 Representative(s)** (Representative(s) must sign and date this form on page 2, Part II.)

| Name and address | | |
|---|---|---|
| Thomas E. Redding<br>P.O. Box 924328<br>Houston, Texas 77292-4328 | CAF No. ________<br>Telephone No. (713) 965-9244<br>Fax No. (713) 621-5227<br>Check if new: Address ☐ | Telephone No. ☐ |
| Sallie W. Gladney<br>P.O. Box 924328<br>Houston, Texas 77292-4328 | CAF No. ________<br>Telephone No. (713) 965-9244<br>Fax No. (713) 621-5227<br>Check if new: Address ☐ | Telephone No. ☐ |
| | CAF No. ________<br>Telephone No. ________<br>Fax No. ________<br>Check if new: Address ☐ | Telephone No. ☐ |

to represent the taxpayer(s) before the Internal Revenue Service for the following tax matters:

**3 Tax matters**

| Type of Tax (Income, Employment, Excise, etc.) | Tax Form Number (1040, 941, 720, etc.) | Year(s) or Period(s) |
|---|---|---|
| Income | 1040 | Tax Periods Ending: December 31, 1982, 1983, 1984, 1985, 1986, 1987, 1988, 1989, 1990, 1991, 1992, 1993, 1994 and 1995. |

**4 Specific use not recorded on Centralized Authorization File (CAF).** If the power of attorney is for a specific use not recorded on CAF, check this box. (See instruction for **Line 4 — Specific uses not recorded on CAF.**) . . . . . . . . . . . . . . . . . . . . . ▶ ☐

**5 Acts authorized.** The representatives are authorized to receive and inspect confidential tax information and to perform any and all acts that I (we) can perform with respect to the tax matters described on line 3, for example, the authority to sign any agreements, consents, or other documents. The authority does not include the power to receive refund checks (see line 6 below), the power to substitute another representative unless specifically added below, or the power to sign certain returns (see instruction for Line 5 — **Acts authorized**).

List any specific additions or deletions to the acts otherwise authorized in this power of attorney: This power includes but is not limited to authorization to exercise the taxpayer's rights under I.R.C. Section 6103(e)(1)(C) relative to Forms 1065 for partnerships in which the taxpayer(s) was a partner.

**Note:** *In general, an unenrolled preparer of tax returns cannot sign any document for a taxpayer. See Revenue Procedure 81-38, printed as Pub. 470, for more information.*

**Note:** *The tax matters partner of a partnership is not permitted to authorize representatives to perform certain acts. See the instructions for more information.*

**6 Receipt of refund checks.** If you want to authorize a representative named on line 2 to receive, BUT NOT TO ENDORSE OR CASH, refund checks, initial here LFB and list the name of that representative below.

Name of representative to receive refund check(s) ▶ Thomas E. Redding

For Paperwork Reduction and Privacy Act Notice, see the separate instructions. Form 2848 (Rev. 12-97)

ISA
STF FED4676F.1

**Notices and communications.** Original notices and other written communications will be sent to you and a copy to the first representative listed on line 2 unless you check one or more of the boxes below.

a If you want the first representative listed on line 2 to receive the original, and yourself a copy, of such notices or communications, check this box . . . ▶ ☐

b If you also want the second representative listed to receive a copy of such notices and communications, check this box . . ▶ ☐

c If you do not want any notices or communications sent to your representative(s), check this box . . . ▶ ☐

8 **Retention/revocation of prior power(s) of attorney.** The filing of this power of attorney automatically revokes all earlier power(s) of attorney on file with the Internal Revenue Service for the same tax matters and years or periods covered by this document. If you do not want to revoke a prior power of attorney, check here . . . ▶ ☒

**YOU MUST ATTACH A COPY OF ANY POWER OF ATTORNEY YOU WANT TO REMAIN IN EFFECT.**

9 **Signature of taxpayer(s).** If a tax matter concerns a joint return, both husband and wife must sign if joint representation is requested, otherwise, see the instructions. If signed by a corporate officer, partner, guardian, tax matters partner, executor, receiver, administrator, or trustee on behalf of the taxpayer, I certify that I have the authority to execute this form on behalf of the taxpayer.

▶ **IF NOT SIGNED AND DATED, THIS POWER OF ATTORNEY WILL BE RETURNED.**

Lyman F. Bush (signature) — 9-30-99

Signature — Date — Title (if applicable)

Lyman F. Bush

Print Name

Lyman F. Bush (signature) — 9-30-99 — EXECUTOR OF THE ESTATE OF BEVERLY J. BUSH

Signature — Date — Title (if applicable)

LYMAN F. BUSH

Print Name

**Part II** **Declaration of Representative**

Under penalties of perjury, I declare that:

- I am not currently under suspension or disbarment from practice before the Internal Revenue Service;
- I am aware of regulations contained in Treasury Department Circular No. 230 (31 CFR, Part 10), as amended, concerning the practice of attorneys, certified public accountants, enrolled agents, enrolled actuaries, and others;
- I am authorized to represent the taxpayer(s) identified in Part I for the tax matter(s) specified there; and
- I am one of the following:
  - a Attorney — a member in good standing of the bar of the highest court of the jurisdiction shown below.
  - b Certified Public Accountant — duly qualified to practice as a certified public accountant in the jurisdiction shown below.
  - c Enrolled Agent — enrolled as an agent under the requirements of Treasury Department Circular No. 230.
  - d Officer — a bona fide officer of the taxpayer's organization.
  - e Full-Time Employee — a full-time employee of the taxpayer.
  - f Family Member — a member of the taxpayer's immediate family (i.e., spouse, parent, child, brother, or sister).
  - g Enrolled Actuary — enrolled as an actuary by the Joint Board for the Enrollment of Actuaries under 29 U.S.C. 1242 (the authority to practice before the Service is limited by section 10.3(d)(1) of Treasury Department Circular No. 230).
  - h Unenrolled Return Preparer — an unenrolled return preparer under section 10.7(c)(viii) of Treasury Department Circular No. 230.

▶ **IF THIS DECLARATION OF REPRESENTATIVE IS NOT SIGNED AND DATED, THE POWER OF ATTORNEY WILL BE RETURNED.**

| Designation — Insert above letter (a - h) | Jurisdiction (state) or Enrollment Card No. | Signature | Date |
|---|---|---|---|
| A | Texas | (signature) Thomas E. Redding | 10/1/99 |
| A | Texas | (signature) Sallie W. Gladney | 10-1-99 |
| | | | |

**LYMAN F. BUSH and BEVERLY J. BUSH**
**(SSN [redacted] and SSN [redacted])**
**EXPLANATION - 1993 REFUND CLAIM**

The taxpayer and the Commissioner entered into a Closing Agreement ("Agreement") regarding the taxpayers' partnership interest in Lone Wolfe McQuade, Cinema 84 and Summer Lovers Associates, copies of which are attached hereto as Exhibit "A."

This refund claim is being filed and is timely based on Paragraph 15 of the Agreement which provides that "[a]ny refund claim attributable to the operation of this agreement ***shall*** be deemed to be timely filed and ***shall*** be allowed if it is filed with the IRS within one year of the execution of this agreement by the Commissioner of Internal Revenue."

Further, pursuant to Paragraph 15 of the Agreement, "[a]ny refund claim so submitted within 120 days of this agreement shall be allowed as an offset pursuant to I.R.C. §§6402(a) and 6601(f) against any tax deficiencies resulting from this agreement." Therefore, the refund due under this claim must be applied as an offset to the tax deficiencies arising from the settlement. The refund should be applied first to any deficiency determined for 1983 and thereafter any balance to any subsequent year deficiencies.

This refund claim results from application of the portion of the §465 suspended losses allowable in this year as a consequence of the increase in the amount at risk resulting from net partnership income reported in this year, based on Agreement Paragraph 8.

This refund claim also results from application of the portion of the §465 suspended investment tax credits allowable in this year as a consequence of the increase in the amount at risk resulting from net partnership income reported in this year, based on Agreement Paragraph 8.

Based upon the Agreement, the suspended losses and ITC allowable in this year as a consequence of Paragraph 8 of the Agreement are determined as follows:

| | Lone Wolfe McQuade | Cinema 84 | Summer Lovers |
|---|---|---|---|
| Increase of amount at risk due to net partnership income | $5,626.00 | $4,389.00 | $3,284.00 |
| Allowable portion of losses previously suspended under §465 per Agreement | $<5,626.00> | $<4,389.00> | $<3,284.00> |
| Portion of ITC suspended under §465 allowable due to increase in amount at risk | $563.00 | $310.00 | 328.00 |

***Please process this claim immediately and apply the refund as an offset under §6402 as required above.***

Exhibit:

A - Copy of Closing Agreement

C:\DOCS\CORRESP.Q\REFUND.CLM\qsten169.bu2

Department of the Treasury - Internal Revenue Service

**Closing Agreement on Final Determination Covering Specific Matters**

Under section 7121 of the Internal Revenue Code of 1986 (hereinafter "Code")

Lyman F. Bush (SSN: [redacted] and Beverly J. Bush (SSN: [redacted])
(Taxpayers' Name, address, and identifying number)

1217 122nd Street Court East, Tacoma, WA 98445 (hereinafter referred to as taxpayer)

and the Commissioner of Internal Revenue make the following closing agreement:

WHEREAS, a dispute has arisen between the parties as to the Federal income tax treatment to be accorded to the taxpayers' purchase of an investment in Greenberg Brothers Partnership #12 a/k/a Lone Wolf McQuade Associates (hereinafter Partnership);

WHEREAS, the parties wish to determine, with finality, the taxpayers' income, gains, losses, deductions and credits for1983 and subsequent years with respect to the Partnership.

NOW IT IS HEREBY DETERMINED AND AGREED for Federal income tax purposes that:

1. No adjustment to the partnership items shall be made for the taxable years 1983 through 1995 for purposes of this settlement.

2. The taxpayers are entitled to claim their distributive share of the partnership losses for 1983 through 1995 only to the extent they are at risk under I.R.C. § 465.

3. The taxpayers' amount at risk for 1983 through 1986 is their capital contribution to the partnership.

4. The taxpayers' capital contribution to the partnership is $50,000.

5. Taxpayers' qualified investment for computing investment tax credit is the amount at risk as set forth in paragraph #4.

6. The taxpayers are not at risk under I.R.C. § 465 for any partnership notes, entered into by the partnership to acquire rights in the motion picture Lone Wolf McQuade and Strange Invaders, whether or not assumed by the taxpayers. Any losses disallowed under this agreement are suspended under I.R.C. § 465. Such suspended losses may be used to offset the taxpayers' pro rata share of any income earned by the partnership and/or other income in accordance with the operation of I.R.C. § 465.

7. To the extent the taxpayers make additional cash contributions to the capital of the partnership after 1986, the taxpayers' amount at risk will be increased in accordance with I.R.C. § 465.

8. To the extent the partnership earns net income the taxpayers' at risk will be increased in accordance with I.R.C. § 465.

9. To the extent the taxpayers make cash payments on the partnership notes after the date of execution of this agreement by the Commissioner and the taxpayers, the taxpayers' amount at risk will be increased in accordance with I.R.C. § 465.

EXHIBIT "A"

10. No additions to tax under I.R.C. §§ 6653(a), 6661, 6659 or 6662 will be asserted with respect to the taxpayers' investment in the partnership for 1983 through 1995.

11. The taxpayers are liable for additional interest pursuant to I.R.C. § 6621(c) for tax motivated interest for their investment in the partnership for the taxable years 1983 through 1989.

12. Any deficiency in tax determined under this agreement will be subject to adjustments arising from a carryback or carryforward from other taxable years of any loss, credit or other tax attribute as allowed by the Internal Revenue Code.

13. After the execution of this agreement on behalf of the Commissioner and the taxpayers, the taxpayers shall not recognize any taxable income attributable to any cancellation, discharge, or satisfaction by foreclosure or conveyance of assets, of any partnership notes entered into by the partnership to acquire rights in the motion picture Lone Wolf McQuade and Strange Invaders, whether or not the taxpayers assumed a pro rata share of said note, or from said partnership notes upon liquidation or dissolution of the partnership.

14. The taxpayers shall be taxable on their distributive share of any income or gains of the partnership for years after 1983 only to the extent said income exceeds losses suspended under the at risk rules of I.R.C. § 465 and/or the cash and/or the fair market value of property distributed to the taxpayers.

15. Any refund claim attributable to the operation of this agreement shall be deemed to be timely filed and shall be allowed if it is filed with the IRS within one year of the execution of this agreement by the Commissioner of Internal Revenue. Any refund claim so submitted pursuant to this paragraph within 120 days after the execution of this agreement on behalf of the Commissioner of Internal Revenue shall be allowed as an offset pursuant to I.R.C. §§ 6402(a) and 6601(f) against any tax deficiencies resulting from this agreement.

16. This agreement constitutes a settlement within the meaning of I.R.C. § 6224(c) and the taxpayers' partnership items are converted to non partnership items effective as of the date of this closing agreement is accepted on behalf of the Commissioner. The taxpayers, in accordance with the provisions of I.R.C. § 6224(b), also waive the restrictions on assessment and collection of any deficiencies attributable to the converted partnership items with interest as provided by law in I.R.C. § 6225(a) that results from this agreement.

17. This closing agreement when accepted by the Commissioner is a determination under the mitigation provisions of the Internal Revenue Code. (I.R.C. § 1311 <u>et seq</u>.).

18. To the extent the taxpayers make cash payments on the partnership notes, after the date this agreement is executed by the taxpayers and the Commissioner, and after the termination of the partnership, a deduction shall be allowed in the year of said payment.

19. This agreement does not in any way diminish or enhance the rights of the spouse of any partner to assert his or her right to relief as an innocent spouse under I.R.C. § 6015.

20. This agreement supersedes any prior agreement entered into between the taxpayers and the Internal Revenue Service.

This agreement is final and conclusive except:

(1) the matter it relates to may be reopened in the event of fraud, malfeasance, or misrepresentation of material fact;

(2) it is subject to the Internal Revenue Code sections that expressly provide that effect be given to their provisions notwithstanding any other law or rule of law except Code Section 7122; and

(3) if it relates to a taxable period ending after the date of this agreement, it is subject to any law, enacted after the agreement date, that applies to that tax period.

By signing, the above parties certify that they have read and agreed to the terms of this document.

Your signature *Lyman F Bush* Date Signed *6-25-99*

Spouse's signature (if a joint return was filed) *Beverly J. Bush by Lyman F Bush* *Spouse is Deceased* Date Signed *6-25-99*

Taxpayer's Representative ______________________ Date Signed __________

Taxpayer (other than individual) ______________________

By ______________________ Date Signed __________

Title ______________________

Commissioner of Internal Revenue

By *Philip D. Valerano* Date Signed *8/2/99*

Title *Associate Chief*

I have examined the specific matters involved and recommend the acceptance of the proposed agreement.

*Bradford A. Johnson* *7/22/99*

(Receiving Officer) (Date)

Assistant District Counsel

(Title)

Department of the Treasury - Internal Revenue Service

# Closing Agreement on Final Determination Covering Specific Matters

Under section 7121 of the Internal Revenue Code of 1986 (hereinafter "Code")

Lyman F. Bush (SSN: [redacted]) and Beverly J. Bush (SSN: [redacted])
(Taxpayers' Name, address, and identifying number)

1217 122nd Street Court East, Tacoma, WA 98445 (hereinafter referred to as taxpayer)

and the Commissioner of Internal Revenue make the following closing agreement:

WHEREAS, a dispute has arisen between the parties as to the Federal income tax treatment to be accorded to the taxpayers' purchase of an investment in Cinema 84 (hereinafter Partnership);

WHEREAS, the parties wish to determine, with finality, the taxpayers' income, gains, losses, deductions and credits for1984 and subsequent years with respect to the Partnership.

NOW IT IS HEREBY DETERMINED AND AGREED for Federal income tax purposes that:

1. No adjustment to the partnership items shall be made for the taxable years 1984 through 1995 for purposes of this settlement.

2. The taxpayers are entitled to claim their distributive share of the partnership losses for 1984 through 1995 only to the extent they are at risk under I.R.C. § 465.

3. The taxpayers' amount at risk for 1984 through 1989 is their capital contribution to the partnership.

4. The taxpayers' capital contribution to the partnership is 50,000.00.

5. Taxpayers' qualified investment for computing investment tax credit is the amount at risk as set forth in paragraph #4.

6. The taxpayers are not at risk under I.R.C. § 465 for any partnership notes, entered into by the partnership to acquire rights in the motion pictures Terminator, Perfect Strangers, Special Effects, Return of the Living Dead, A Breed Apart and Howling II, whether or not assumed by the taxpayers. Any losses disallowed under this agreement are suspended under I.R.C. § 465. Such suspended losses may be used to offset the taxpayers' pro rata share of any income earned by the partnership and/or other income in accordance with the operation of I.R.C. § 465.

7. To the extent the taxpayers make additional cash contributions to the capital of the partnership after 1989, the taxpayers' amount at risk will be increased in accordance with I.R.C. § 465.

8. To the extent the partnership earns net income the taxpayers' at risk will be increased in accordance with I.R.C. § 465.

9. To the extent the taxpayers make cash payments on the partnership notes after the date of execution of this agreement by the Commissioner and the taxpayers, the taxpayers' amount at risk will be increased in accordance with I.R.C. § 465.

10. No additions to tax under I.R.C. §§ 6653(a), 6661, 6659 or 6662 will be asserted with respect to the taxpayers' investment in the partnership for 1984 through 1995.

11. The taxpayers are liable for additional interest pursuant to I.R.C. § 6621(c) for tax motivated interest for their investment in the partnership for the taxable years 1984 through 1989.

12. Any deficiency in tax determined under this agreement will be subject to adjustments arising from a carryback or carryforward from other taxable years of any loss, credit or other tax attribute as allowed by the Internal Revenue Code.

13. After the execution of this agreement on behalf of the Commissioner and the taxpayers, the taxpayers shall not recognize any taxable income attributable to any cancellation, discharge, or satisfaction by foreclosure or conveyance of assets, of any partnership notes entered into by the partnership to acquire rights in the motion pictures Terminator, Perfect Strangers, Special Effects, Return of the Living Dead, A Breed Apart and Howling II, whether or not the taxpayers assumed a pro rata share of said note, or from said partnership notes upon liquidation or dissolution of the partnership.

14. The taxpayers shall be taxable on their distributive share of any income or gains of the partnership for years after 1987 only to the extent said income exceeds losses suspended under the at risk rules of I.R.C. § 465 and/or the cash and/or the fair market value of property distributed to the taxpayers.

15. Any refund claim attributable to the operation of this agreement shall be deemed to be timely filed and shall be allowed if it is filed with the IRS within one year of the execution of this agreement by the Commissioner of Internal Revenue. Any refund claim so submitted pursuant to this paragraph within 120 days after the execution of this agreement on behalf of the Commissioner of Internal Revenue shall be allowed as an offset pursuant to I.R.C. §§ 6402(a) and 6601(f) against any tax deficiencies resulting from this agreement.

16. This agreement constitutes a settlement within the meaning of I.R.C. § 6224(c) and the taxpayers' partnership items are converted to non partnership items effective as of the date of this closing agreement is accepted on behalf of the Commissioner. The taxpayers, in accordance with the provisions of I.R.C. § 6224(b), also waive the restrictions on assessment and collection of any deficiencies attributable to the converted partnership items with interest as provided by law in I.R.C. § 6225(a) that results from this agreement.

17. This closing agreement when accepted by the Commissioner is a determination under the mitigation provisions of the Internal Revenue Code. (I.R.C. § 1311 et seq.).

18. To the extent the taxpayers make cash payments on the partnership notes, after the date this agreement is executed by the taxpayers and the Commissioner, and after the termination of the partnership, a deduction shall be allowed in the year of said payment.

19. This agreement does not in any way diminish or enhance the rights of the spouse of any partner to assert his or her right to relief as an innocent spouse under I.R.C. § 6015.

20. This agreement supersedes any prior agreement entered into between the taxpayers and the Internal Revenue Service.

This agreement is final and conclusive except:

(1) the matter it relates to may be reopened in the event of fraud, malfeasance, or misrepresentation of material fact;

(2) it is subject to the Internal Revenue Code sections that expressly provide that effect be given to their provisions notwithstanding any other law or rule of law except Code Section 7122; and

(3) if it relates to a taxable period ending after the date of this agreement, it is subject to any law, enacted after the agreement date, that applies to that tax period.

By signing, the above parties certify that they have read and agreed to the terms of this document.

Your signature *Lynnn F Bush* Date Signed *6-25-99*

Spouse's signature (if a joint return was filed) *Beverly J. Bush BY Lynnn F Bush SPOUSE OF DECEASED* Date Signed *6-25-99*

Taxpayer's Representative ______ Date Signed ______

Taxpayer (other than individual) ______

By ______ Date Signed ______

Title ______

Commissioner of Internal Revenue

By *Philip J. Dolsane* Date Signed *8/2/99*

Title *Associate Chief*

I have examined the specific matters involved and recommend the acceptance of the proposed agreement.

*Bradford A. Johnson* *7/22/99*
(Receiving Officer) (Date)

Assistant District Counsel
(Title)

Form 906
(Rev. January 1987)

Department of the Treasury—Internal Revenue Service

# Closing Agreement On Final Determination Covering Specific Matters

Under section 7121 of the Internal Revenue Code of 1986 (hereinafter "Code")

Lyman E. and Beverly J. Bush, 1217 122nd Street, CT. E.,
(taxpayer's name, address, and identifying number)

Tacoma, WA 98445 (hereinafter "taxpayers")
SSN: [redacted] and [redacted]

and the Commissioner of Internal Revenue make the following closing agreement:

WHEREAS taxpayers are limited partners in the partnership known as Summer Lovers Associates.

WHEREAS taxpayers have claimed a deduction, in the amount of $55,287.00 for their distributive share of the loss claimed by Summer Lovers Associates for the taxable year ended December 31, 1982.

WHEREAS it is desirable for Federal income tax purposes to agree on certain matters pertaining to taxpayers partnership interest.

Now it is hereby determined and agreed for Federal income tax purposes:

1. That the taxpayers initial amount at risk is $50,000.00.

2. That the taxpayers are entitled to claim investment tax credit of $5,000.00 for 1982.

3. That the taxpayers are allowed to claim a loss from Summer Lovers Associates in 1982 in the amount of $50,000.00.

4. That any losses disallowed because they exceed the amount at risk will be carried forward in accordance with I.R.C. § 465.

5. To the extent the partnership earns net income after 1982, the at risk amount will be increased in accordance with I.R.C. § 465.

c70—263-213-1

under I.R.C. §§ 66[illegible] (a), 6661 or 6659.

7. The taxpayers are liable for additional interest pursuant to I.R.C. § 6621(c) for tax motivated transactions.

This agreement is final and conclusive except:

*(1)* the matter it relates to may be reopened in the event of fraud, malfeasance, or misrepresentation of material fact;

*(2)* it is subject to the Internal Revenue Code sections that expressly provide that effect be given to their provisions (including any stated exception for Code section 7122) notwithstanding any other law or rule of law; and

*(3)* if it relates to a tax period ending after the date of this agreement, it is subject to any law, enacted after the agreement date, that applies to that tax period.

By signing, the above parties certify that they have read and agreed to the terms of this document.

Your signature ........ LYMAN F. BUSH ........ Date Signed 3-25-94

Spouse's signature (if a joint return was filed) ........ BEVERLY J. BUSH ........ Date Signed 3-25-94

Taxpayer's representative ........ Date Signed ........

Taxpayer (other than individual) ........

By ........ Date Signed ........

Title ........

Commissioner of Internal Revenue

By ........ Date Signed 8-18-94

Title ........

AS ORIGINALLY FILED

AS AMENDED

# Form 1040 — Department of the Treasury — Internal Revenue Service — U.S. Individual Income Tax Return 1993

IRS Use Only – Do not write or staple in this space.

For the year Jan. 1–Dec. 31, 1993, or other tax year beginning , 1993, ending , 19 — OMB No. 1545-0074

**Label** (See instructions on page 12.) Use IRS label. Otherwise, please print or type.

| | |
|---|---|
| Your first name and initial / Last name: LYMAN F. BUSH | Your social security number: [redacted] |
| If a joint return, spouse's first name and initial / Last name: BEVERLY J. | Spouse's social security number: [redacted] |
| Home address (number and street). If you have a P.O. box, see page 12. Apt. no.: 1217 122ND STREET COURT EAST | For Privacy Act and Paperwork Reduction Act Notice, see page 4. |
| City, town or post office, state, and ZIP code. If you have a foreign address, see page 12.: TACOMA, WA 98445-0000 | |

**Presidential Election Campaign**

| | Yes | No |
|---|---|---|
| Do you want $3 to go to this fund? | X | |
| If joint return, does your spouse want $3 to go to this fund? | X | |

Note: Checking "Yes" will not change your tax or reduce your refund.

**Filing Status** (See page 12.) Check only one box.

1. [ ] Single
2. [X] Married filing joint return (even if only one had income)
3. [ ] Married filing separate return. Enter spouse's soc. sec. no. above and full name here. ▶
4. [ ] Head of household (with qualifying person). If the qualifying person is a child but not your dependent, enter this child's name here. ▶
5. [ ] Qualifying widow(er) with dependent child (year spouse died ▶19 ).

**Exemptions** (See page 13.)

6a [X] Yourself. If your parent (or someone else) can claim you as a dependent on his or her tax return, do not check box 6a. But be sure to check the box on line 33b on page 2

b [X] Spouse

No. of boxes checked on 6a and 6b: 2

c Dependents:

| (1) Name (first, initial, and last name) | (2) Check if under age 1 | (3) If age 1 or older, dependent's social security number | (4) Dependent's relationship to you | (5) No. of months lived in your home in 1993 |
|---|---|---|---|---|
| | | : : | | |
| | | : : | | |
| | | : : | | |
| | | : : | | |
| | | : : | | |

If more than six dependents, see page 14.

No. of your children on 6c who: ● lived with you ● didn't live with you due to divorce or separation (see page 15) Dependents on 6c not entered above

d If your child didn't live with you but is claimed as your dependent under a pre-1985 agreement, check here ▶ [ ]

e Total number of exemptions claimed — Add numbers entered on lines above ▶ 2

**Income** — Attach Copy B of your Forms W-2, W-2G, and 1099-R here. If you did not get a W-2, see page 10. If you are attaching a check or money order, put it on top of any Forms W-2, W-2G, or 1099-R.

| Line | Description | | Amount |
|---|---|---|---|
| 7 | Wages, salaries, tips, etc. Attach Form(s) W-2 | | 12,000. |
| 8a | Taxable interest income. Attach Schedule B if over $400 | | 8,417. |
| b | Tax-exempt interest (see page 17). DON'T include on line 8a | 8b 9,284. | |
| 9 | Dividend income. Attach Schedule B if over $400 | | 7,958. |
| 10 | Taxable refunds, credits, or offsets of state and local income taxes (see page 17) | | |
| 11 | Alimony received | | |
| 12 | Business income or (loss). Attach Schedule C or C-EZ | | 47,897. |
| 13 | Capital gain or (loss). Attach Schedule D | | 46,783. |
| 14 | Capital gain distributions not reported on line 13 (see page 17) | | |
| 15 | Other gains or (losses). Attach Form 4797 | | <6.> |
| 16a | Total IRA distributions 16a / b Taxable amount (see page 18) | | |
| 17a | Total pensions and annuities 17a 23,951. / b Taxable amount (see page 18) | | 9,992. |
| 18 | Rental real estate, royalties, partnerships, S corporations, trusts, etc. Attach Schedule E | | 6. |
| 19 | Farm income or (loss). Attach Schedule F | | |
| 20 | Unemployment compensation (see page 19) | | |
| 21a | Social security benefits 21a 11,407. / b Taxable amount (see page 19) | | 5,704. |
| 22 | Other income. List type and amount – see page 20 | | |
| 23 | Add the amounts in the far right column for lines 7 through 22. This is your total income ▶ | | 138,751. |

COPY FOR YOUR FILE

Income OFFSET By At-Risk Losses Carried forward

r8 < 1,871 > Summer Lovers

r9 < 3,497 > Cinema 84

r10 < 5,551 > Lone Wolf McQuade

138,751

**Adjustments to Income** (See page 20.)

| Line | Description | | Amount |
|---|---|---|---|
| 24a | Your IRA deduction (see page 20) | 24a | |
| b | Spouse's IRA deduction (see page 20) | 24b | |
| 25 | One-half of self-employment tax (see page 21) | 25 3,384. | |
| 26 | Self-employed health insurance deduction (see page 22) | 26 1,837. | |
| 27 | Keogh retirement plan and self-employed SEP deduction | 27 5,806. | |
| 28 | Penalty on early withdrawal of savings | 28 | |
| 29 | Alimony paid. Recipient's SSN ▶ : : | 29 | |
| 30 | Add lines 24a through 29. These are your total adjustments ▶ | | 11,027. |

1995 NOL Carryback <22,068> — <11,027>

**Adjusted Gross Income**

31 Subtract line 30 from line 23. This is your adjusted gross income. If this amount is less than $23,050 and a child lived with you, see page EIC-1 to find out if you can claim the "Earned Income Credit" on line 56 ▶ 31: 127,724.

94,737

310001 01-04-94 S430 — Form 1040 (1993)

AS ORIGINALLY FILED

AS AMENDED

Form 1040 (1993) LYMAN F. & BEVI ,Y J. BUSH [redacted] OMB No. 1545-0074 Page 2

**Tax Computation**

| | | | | |
|---|---|---|---|---|
| 32 | Amount from line 31 (adjusted gross income) | 32 | 127,724. | 94,737 |
| 33a | Check if: ☐ You were 65 or older, ☐ Blind; ☐ Spouse was 65 or older, ☐ Blind. Add the number of boxes checked above and enter the total here ▶ 33a | | | |
| b | If your parent (or someone else) can claim you as a dependent, check here ▶ 33b ☐ | | | |
| c | If you are married filing separately and your spouse itemizes deductions or you are a dual-status alien, see page 24 and check here ▶ 33c ☐ | | | |
| 34 | Enter the larger of your: Itemized deductions from Schedule A, line 26, OR Standard deduction shown below for your filing status. But if you checked any box on line 33a or b, go to page 24 to find your standard deduction. If you checked box 33c, your standard deduction is zero. • Single - $3,700 • Head of household - $5,450 • Married filing jointly or Qualifying widow(er) - $6,200 • Married filing separately - $3,100 | 34 | 10,688. | <12,597> |
| 35 | Subtract line 34 from line 32 | 35 | 117,036. | |
| 36 | If line 32 is $81,350 or less, multiply $2,350 by the total number of exemptions claimed on line 6e. If line 32 is over $81,350, see the worksheet on page 25 for the amount to enter | 36 | 4,700. | <4,700> |
| 37 | **Taxable income.** Subtract line 36 from line 35. If line 36 is more than line 35, enter -0-. | 37 | 112,336. | 77,440 |
| 38 | Tax. Check if from a ☐ Tax Table, b ☐ Tax Rate Schedules, c [X] Schedule D Tax Worksheet, or d ☐ Form 8615 (see page 25). Amount from Form(s) 8814 ▶ e | 38 | 26,651. | 16,882 |
| 39 | Additional taxes (see page 25). Check if from a ☐ Form 4970 b ☐ Form 4972 | 39 | | |
| 40 | Add lines 38 and 39 ▶ | 40 | 26,651. | |

**Credits**

| | | | | |
|---|---|---|---|---|
| 41 | Credit for child and dependent care expenses. Attach Form 2441 | 41 | | |
| 42 | Credit for the elderly or the disabled. Attach Schedule R | 42 | | |
| 43 | Foreign tax credit. Attach Form 1116 | 43 | | |
| 44 | Other credits. Check if from a ☐ Form 3800 b ☐ Form 8396 c ☐ Form 8801 d ☐ Form (specify) | 44 | | <1,330> ITC |
| 45 | Add lines 41 through 44 | 45 | | |
| 46 | Subtract line 45 from line 40. If line 45 is more than line 40, enter -0-. ▶ | 46 | 26,651. | |

**Other Taxes**

| | | | | |
|---|---|---|---|---|
| 47 | Self-employment tax. Attach Schedule SE. Also, see line 25 | 47 | 6,768. | 6,768 |
| 48 | Alternative minimum tax. Attach Form 6251 | 48 | 0. | -0- |
| 49 | Recapture taxes. Check if from a ☐ Form 4255 b ☐ Form 8611 c ☐ Form 8828 | 49 | | |
| 50 | Social security and Medicare tax on tip income not reported to employer. Attach Form 4137 | 50 | | |
| 51 | Tax on qualified retirement plans, including IRAs. If required, attach Form 5329 | 51 | | |
| 52 | Advance earned income credit payments from Form W-2 | 52 | | |
| 53 | Add lines 46 through 52. This is your **total tax** ▶ | 53 | 33,419. | 22,320 |

**Payments**

Attach Forms W-2, W-2G, and 1099-R on the front.

| Line | Description | Line no. | Amount | Total |
|---|---|---|---|---|
| 54 | Federal income tax withheld. If any is from Form(s) 1099, check ▶ [X] | 54 | 2,611. | STATEMENT 3 |
| 55 | 1993 estimated tax payments and amount applied from 1992 return | 55 | 35,930. | |
| 56 | **Earned income credit.** Attach Schedule EIC | 56 | | |
| 57 | Amount paid with Form 4868 (extension request) | 57 | | |
| 58a | Excess social security, Medicare, and RRTA tax withheld | 58a | | |
| b | Deferral of additional 1993 taxes. Attach Form 8841 | 58b | | |
| 59 | Other payments. Check if from a ☐ Form 2439 b ☐ Form 4136 | 59 | | |
| 60 | Add lines 54 through 59. These are your **total payments** ▶ | 60 | | 38,541. |

**Refund or Amount You Owe**

| Line | Description | Line no. | Amount | Total |
|---|---|---|---|---|
| 61 | If line 60 is more than line 53, subtract line 53 from line 60. This is the amount you **OVERPAID** ▶ | 61 | | 5,122. |
| 62 | Amount of line 61 you want **REFUNDED TO YOU** ▶ | 62 | | |
| 63 | Amount of line 61 you want **APPLIED TO YOUR 1994 ESTIMATED TAX** ▶ | 63 | 5,118. | |
| 64 | If line 53 is more than line 60, subtract line 60 from line 53. This is the **AMOUNT YOU OWE.** For details on how to pay, including what to write on your payment, see page 29 | 64 | | |
| 65 | Estimated tax penalty (see page 29). Also include on line 64 | 65 | 4. | |

**Sign Here** Keep a copy of this return for your records.

Under penalties of perjury, I declare that I have examined this return and accompanying schedules and statements, and to the best of my knowledge and belief, they are true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

Your signature | Date | Your occupation: STRUCTURAL ENGINEER

Spouse's signature. If a joint return, BOTH must sign | Date | Spouse's occupation: TEACHER

**Paid Preparer's Use Only**

Preparer's signature | Date | Check if self-employed ☐ | Preparer's social security no. [redacted]

Firm's name (or yours if self-employed) and address: BRINK & SADLER, C.P.A.'S P.O. BOX 99190 TACOMA, WASHINGTON | E. I. No. 91 0861130 | ZIP code 98499-0190

310002 10-16-93

0393

2

AS ORIGINALLY FILED

AS AMENDED

SCHEDULE A&B (Form 1040)
Department of the Treasury
Internal Revenue Service

# Schedule A - Itemized Deductions

(Schedule B is on page 2)

▶ Attach to Form 1040. ▶ See Instructions for Schedule A (Form 1040).

OMB No. 1545-0074
1993
Attachment Sequence No. 07

Name(s) shown on Form 1040: LYMAN F. & BEVERLY J. BUSH

Your social security number: [redacted]

| Section | Line | Description | Box | Amount | Line | Total | As amended |
|---|---|---|---|---|---|---|---|
| Medical and Dental Expenses | | Caution: Do not include expenses reimbursed or paid by others. | | | | | |
| | 1 | Medical and dental expenses (see page A-1) SEE STATEMENT 7 | 1 | 7,777. | | | |
| | 2 | Enter amount from Form 1040, line 32 [2] 127,724. 94,737 | | | | | |
| | 3 | Multiply line 2 above by 7.5% (.075) | 3 | 9,579. 7,105 | | | |
| | 4 | Subtract line 3 from line 1. If zero or less, enter -0- | | | 4 | 0. | 672 |
| Taxes You Paid (See page A-1.) | 5 | State and local income taxes | 5 | | | | |
| | 6 | Real estate taxes (see page A-2) | 6 | 1,638. | | | |
| | 7 | Other taxes. List - include personal property taxes ▶PERSONAL PROPERTY TAX 779. OTHER 57. | 7 | 836. | | | |
| | 8 | Add lines 5 through 7 | | | 8 | 2,474. | 2,474 |
| Interest You Paid (See page A-2.) | 9a | Home mortgage interest and points reported to you on Form 1098 STMT 5 | 9a | 131. | | | |
| | 9b | Home mortgage interest not reported to you on Form 1098. If paid to the person from whom you bought the home, see page A-3 and show that person's name, identifying no., and address ▶ | 9b | | | | |
| Note: Personal interest is not deductible. | 10 | Points not reported to you on Form 1098. See page A-3 for special rules | 10 | | | | |
| | 11 | Investment interest. If required, attach Form 4952. (See page A-3.) STMT 6 | 11 | 69. | | | |
| | 12 | Add lines 9a through 11 | | | 12 | 200. | 200 |
| Gifts to Charity (See page A-3.) | | Caution: If you made a charitable contribution and received a benefit in return, see page A-3. | | | | | |
| | 13 | Contributions by cash or check SEE STATEMENT 4 | 13 | 2,325. | | | |
| | 14 | Other than by cash or check. If over $500, you MUST attach Form 8283 | 14 | 499. | | | |
| | 15 | Carryover from prior year | 15 | | | | |
| | 16 | Add lines 13 through 15 | | | 16 | 2,824. | 2,824 |
| Casualty and Theft Losses | 17 | Casualty or theft loss(es). Attach Form 4684. (See page A-4.) | | | 17 | | |
| Moving Expenses | 18 | Moving expenses. Attach Form 3903 or 3903-F. (See page A-4.) | | | 18 | | |
| Job Expenses and Most Other Miscellaneous Deductions | 19 | Unreimbursed employee expenses - job travel, union dues, job education, etc. If required, you MUST attach Form 2106. (See page A-4.) ▶ | 19 | | | | |
| (See page A-5 for expenses to deduct here.) | 20 | Other expenses - investment, tax preparation, safe deposit box, etc. List type and amount ▶IRA CUSTODIAL FEES 155. INVESTMENT EXPENSE 7,774. SAFE DEPOSIT BOX 39. FROM K-1 - ML-LEE ACQUISITION FUND, L.P. 354. | 20 | 8,322. | | | |
| | 21 | Add lines 19 and 20 | 21 | 8,322. | | | |
| | 22 | Enter amount from Form 1040, line 32 [22] 127,724. 94,737 | | | | | |
| | 23 | Multiply line 22 above by 2% (.02) | 23 | 2,554. 1,895 | | | |
| | 24 | Subtract line 23 from line 21. If zero or less, enter -0- | | | 24 | 5,768. | 6,427 |
| Other Miscellaneous Deductions | 25 | Other - from list on page A-5. List type and amount ▶ | | | 25 | | |
| Total Itemized Deductions | 26 | Is the amount on Form 1040, line 32, more than $108,450 (more than $54,225 if married filing separately)? SEE STATEMENT 8 • NO. Your deduction is not limited. Add lines 4, 8, 12, 16, 17, 18, 24, and 25 and enter the total here. Also enter on Form 1040, line 34, the larger of this amount or your standard deduction. • YES. Your deduction may be limited. See page A-5 for the amount to enter. | | | 26 | 10,688. | 12,597 |

COPY NOT FOR FILE

S430 For Paperwork Reduction Act Notice, see Form 1040 instructions. Schedule A (Form 1040) 1993

0394

319501 01-04-94

8

08450425 709261 3B140 050 BUSH, LYMAN F. 06364208

3

AS ORIGINALLY FILED

AS AMENDE[D]

SCHEDULE A — ITEMIZED DEDUCTIONS WORKSHEET — STATEMENT 8

| | | | | |
|---|---|---|---|---|
| 1. | ADD THE AMOUNTS ON SCHEDULE A, LINES 4, 8, 12, 16, 17, 18, 24, AND 25 . . . . . . . . . . . . . . . . . . . . | | 11,266. | 11,484 |
| 2. | ADD THE AMOUNTS ON SCHEDULE A, LINES 4, 11, AND 17, PLUS ANY GAMBLING LOSSES INCLUDED ON LINE 25 . . . . . . . | | 69. | 69 |
| 3. | SUBTRACT LINE 2 FROM LINE 1. (IF THE RESULT IS ZERO, STOP HERE; ENTER THE AMOUNT FROM LINE 1 ABOVE ON SCHEDULE A, LINE 26.) . . . . . . . . . . . . . . . . . . . . . | | 11,197. | 11,415 |
| 4. | MULTIPLY LINE 3 ABOVE BY 80% (.80) . . . . . | 8,958. | | 9,132 |
| 5. | ENTER THE AMOUNT FROM FORM 1040, LINE 32 . . | 127,724. | | 116,805 |
| 6. | ENTER $108,450 ($54,225 IF MARRIED FILING SEPARATELY) . . . . . . . . . . . . . . . . . | 108,450. | | <108,450> |
| 7. | SUBTRACT LINE 6 FROM LINE 5. (IF THE RESULT IS ZERO OR LESS, STOP HERE; ENTER THE AMOUNT FROM LINE 1 ABOVE ON SCHEDULE A, LINE 26 . . | 19,274. | | 8,355 |
| 8. | MULTIPLY LINE 7 ABOVE BY 3% (.03) . . . . . . | 578. | | 251 |
| 9. | COMPARE THE AMOUNTS ON LINES 4 AND 8 ABOVE. ENTER THE SMALLER OF THE TWO AMOUNTS HERE . . . . . . . . . | | 578. | 251 |
| 10. | TOTAL ITEMIZED DEDUCTIONS. SUBTRACT LINE 9 FROM LINE 1. ENTER THE RESULT HERE AND ON SCHEDULE A, LINE 26 . . . . . | | 10,688. | 11,233 |

AS ORIGINALLY FILED

AS AMENDED

Form 1040 **Schedule D Tax Worksheet** 1993

LYMAN F. & BEVERLY J. BUSH [redacted]

| Line | | As originally filed | As amended |
|---|---|---|---|
| 1. Enter the amount from Form 1040, line 37 | | 112,336. | 100,872 Ln 1 |
| 2. **Net capital gain.** Enter the smaller of Schedule D, line 17 or line 18 | 46,041. | | |
| 3. If you are filing Form 4952, enter the amount from Form 4952, line 4e | | | |
| 4. Subtract line 3 from line 2. If zero or less, stop here; you cannot use this worksheet to figure your tax. Instead, use the Tax Table or Tax Rate Schedules | | 46,041. | <46,041> |
| 5. Subtract line 4 from line 1 | | 66,295. | 54,831 Ln 5 |
| 6. Enter: $22,100 if single; $36,900 if married filing jointly or qualifying widow(er); $18,450 if married filing separately; or $29,600 if head of household | | 36,900. | 36,900 |
| 7. Enter the greater of line 5 or line 6 | | 66,295. | 54,831 Ln 7 |
| 8. Subtract line 7 from line 1 | | 46,041. | 46,041 Ln 8 |
| 9. Figure the tax on the amount on line 7. Use the Tax Table or Tax Rate Schedules, whichever applies | | 13,760. | 10,554 Ln 9 |
| 10. Multiply line 8 by 28% (.28) | | 12,891. | 12,891 Ln 10 |
| 11. Add lines 9 and 10 | | 26,651. | 23,445 |
| 12. Figure the tax on the amount on line 1. Use the Tax Table or Tax Rate Schedules, whichever applies | | 27,353. | 23,799 |
| 13. **Tax.** Enter the smaller of line 11 or line 12 here and on Form 1040, line 38. Check the box for Schedule D Tax Worksheet | | 26,651. | 23,445 |

COPY FOR YOUR FILE

AS ORIGINALLY FILED

SCHEDULE E (Form 1040)
Department of the Treasury Internal Revenue Service

# Supplemental Income and Loss

(From rental real estate, royalties, partnerships, S corporations, estates, trusts, REMICs, etc.)

▶ Attach to Form 1040 or Form 1041. ▶ See Instructions for Schedule E (Form 1040).

OMB No. 1545-0074
1993
Attachment Sequence No. 13

Name(s) shown on return: LYMAN F. & BEVERLY J. BUSH

Your social security number: [redacted]

**Part I** Income or Loss From Rental Real Estate and Royalties Note: Report income and expenses from your business of renting personal property on Schedule C or C-EZ. Report farm rental income or loss from Form 4835 on page 2, line 39.

1 Show the kind and location of each rental real estate property:
A RENTAL HOUSE (1/3 INTEREST) 5026 SOUTH PUGET SOUND
B
C

2 For each rental real estate property listed on line 1, did you or your family use it for personal purposes for more than the greater of 14 days or 10% of the total days rented at fair rental value during the tax year?

| | Yes | No |
|---|---|---|
| A | | X |
| B | | |
| C | | |

| Income: | Line | Properties A | B | C | Line | Totals (Add columns A, B, and C.) |
|---|---|---|---|---|---|---|
| 3 Rents received | 3 | 2,431. | | | 3 | 2,431. |
| 4 Royalties received | 4 | | | | 4 | |
| **Expenses:** | | | | | | |
| 5 Advertising | 5 | | | | | |
| 6 Auto and travel | 6 | | | | | |
| 7 Cleaning and maintenance | 7 | | | | | |
| 8 Commissions | 8 | | | | | |
| 9 Insurance | 9 | 59. | | | | |
| 10 Legal and other professional fees | 10 | | | | | |
| 11 Management fees | 11 | | | | | |
| 12 Mortgage interest paid to banks, etc. | 12 | | | | 12 | |
| 13 Other interest | 13 | | | | | |
| 14 Repairs - Carpenter, screens, etc. | 14 | | | | | |
| - Electrical and plumbing | | | | | | |
| - Painting and decorating | | | | | | |
| - Roofing | | | | | | |
| - Miscellaneous | | 309. | | | | |
| 15 Supplies | 15 | | | | | |
| 16 Taxes | 16 | 261. | | | | |
| 17 Utilities | 17 | 15. | | | | |
| 18 Other (list) ▶ SEE STATEMENT 17 | 18 | 249. | | | | |
| 19 Add lines 5 through 18 | 19 | 893. | | | 19 | 893. |
| 20 Depreciation expense or depletion | 20 | 552. | | | 20 | 552. |
| 21 Total expenses. Add lines 19 and 20 | 21 | 1,445. | | | | |
| 22 Income or (loss) from rental real estate or royalty properties. Subtract line 21 from line 3 (rents) or line 4 (royalties). If the result is a (loss), see page E-2 to find out if you must file Form 6198 | 22 | 986. | | | | |
| 23 Deductible rental real estate loss. Caution: Your rental real estate loss on line 22 may be limited. See page E-3 to find out if you must file Form 8582 | 23 | | | | | |

24 Income. Add positive amounts shown on line 22. Do not include any losses. — 24 — 986.

25 Losses. Add royalty losses from line 22 and rental real estate losses from line 23. Enter the total losses here — 25 — ( )

26 Total rental real estate and royalty income or (loss). Combine lines 24 and 25. Enter the result here. If Parts II, III, IV, and line 39 on page 2 do not apply to you, also enter this amount on Form 1040, line 18. Otherwise, include this amount in the total on line 40 on page 2 — 26 — 986.

COPY FOR YOUR FILE

0397

S430 For Paperwork Reduction Act Notice, see Form 1040 instructions. Schedule E (Form 1040) 1993

321491 01-04-94

15

08450425 709261 3B140 050 BUSH, LYMAN F. 06364208

6

AS ORIGINALLY FILED

Schedule E (Form 1040) 1993 Attachment Sequence No. OMB No. 1545-0074 Page 2

Name(s) shown on return. Do not enter name and social security number if shown on Page 1. | Your social security number

LYMAN F. & BEVERLY J. BUSH [redacted]

Note: If you report amounts from farming or fishing on Schedule E, you must enter your gross income from those activities on line 41 below.

**Part II Income or Loss From Partnerships and S Corporations**

If you report a loss from an at-risk activity, you MUST check either column (e) or (f) of line 27 to describe your investment in the activity. If you check column (f), you must attach Form 6198.

| 27 | (a) Name | (b) Enter P for partnership; S for S corporation | (c) Check if foreign partnership | (d) Employer identification number | Investment At Risk? (e) All is at risk | (f) Some is not at risk |
|---|---|---|---|---|---|---|
| A | SEE STATEMENT 18 | | | | | |
| B | | | | | | |
| C | | | | | | |
| D | | | | | | |
| E | | | | | | |

| | Passive Income and Loss | | Nonpassive Income and Loss | | |
|---|---|---|---|---|---|
| | (g) Passive loss allowed (attach Form 8582 if required) | (h) Passive income from Schedule K-1 | (i) Nonpassive loss from Schedule K-1 | (j) Section 179 expense deduction from Form 4562 | (k) Nonpassive income from Schedule K-1 |
| A | | | | | |
| B | | | | | |
| C | | | | | |
| D | | | | | |
| E | | | | | |
| 28a Totals | | 12,221. | | | |
| b Totals | 13,201. | | | | |

| | | | |
|---|---|---|---|
| 29 | Add columns (h) and (k) of line 28a | 29 | 12,221. |
| 30 | Add columns (g), (i), and (j) of line 28b | 30 | ( 13,201.) |
| 31 | Total partnership and S corporation income or (loss). Combine lines 29 and 30. Enter the result here and include in the total on line 40 below | 31 | <980.> |

**Part III Income or Loss From Estates and Trusts**

| 32 | (a) Name | (b) Employer identification number |
|---|---|---|
| A | | |
| B | | |
| C | | |

| | Passive Income and Loss | | Nonpassive Income and Loss | |
|---|---|---|---|---|
| | (c) Passive deduction or loss allowed (attach Form 8582 if required) | (d) Passive income from Schedule K-1 | (e) Deduction or loss from Schedule K-1 | (f) Other income from Schedule K-1 |
| A | | | | |
| B | | | | |
| C | | | | |
| 33a Totals | | | | |
| b Totals | | | | |

| | | | |
|---|---|---|---|
| 34 | Add columns (d) and (f) of line 33a | 34 | |
| 35 | Add columns (c) and (e) of line 33b | 35 | ( ) |
| 36 | Total estate and trust income or (loss). Combine lines 34 and 35. Enter the result here and include in the total on line 40 below | 36 | |

COPY FOR YOUR FILE

**Part IV Income or Loss From Real Estate Mortgage Investment Conduits (REMICs) - Residual Holder**

| 37 (a) Name | (b) Employer identification number | (c) Excess inclusion from Schedules Q, line 2c | (d) Taxable income (net loss) from Schedules Q, line 1b | (e) Income from Schedules Q, line 3b |
|---|---|---|---|---|
| | | | | |

| | | | |
|---|---|---|---|
| 38 | Combine columns (d) and (e) only. Enter the result here and include in the total on line 40 below | 38 | |

**Part V Summary**

| | | | |
|---|---|---|---|
| 39 | Net farm rental income or (loss) from Form 4835. Also, complete line 41 below | 39 | |
| 40 | TOTAL income or (loss). Combine lines 26, 31, 36, 38, and 39. Enter the result here and on Form 1040, line 18 ▶ | 40 | 6. |
| 41 | Reconciliation of Farming and Fishing Income: Enter your gross farming and fishing income reported in Parts II and III and on line 39 — 41 | | |

0398

321501 01-04-94



08450425 709261 3B140 050 BUSH, LYMAN F. 06364208

AS ORIGINALLY FILED

## 1993 Income from Passthroughs

AS AMENDED

SUMMER LOVERS ASSOCIATES
I.D. NUMBER: 11-2615060
TYPE: PARTNERSHIP

ACTIVITY INFORMATION:

| | | |
|---|---|---|
| SUMMER LOVERS ASSOCIATES | | |
| OTHER PASSIVE ACTIVITY | | |
| ORDINARY INCOME (LOSS) | 3,284 | |
| SCHEDULE E INCOME BEFORE CARRYOVER | 3,284 | |
| PAL CARRYOVER FROM 1992 - SCHEDULE E | -1,413 | |
| SCHEDULE E ACTIVITY NET INCOME | 1,871 | <1,871> To Page 1 |
| TAX PREFERENCE ITEMS: | | |
| AMT PAL CARRYOVER FROM 1992 - SCHEDULE E | | 1,413 |

Income Removed Offset by AtRisk Loss Carryover

Income in Return to be removed

OTHER K-1 INFORMATION:

| | |
|---|---|
| INTEREST | 2 |
| INVESTMENT INCOME | 2 |

COPY FOR YOUR FILE

0399

328021
07-13-93

8

AS ORIGINALLY FILED

AS AMENDED

## 19 3 Income from Passthroughs

CINEMA '84 REGISTRATION NO. 8427
I.D. NUMBER: 11-2678807
TYPE: PARTNERSHIP

ACTIVITY INFORMATION:

CINEMA '84 REGISTRATION NO. 8427

OTHER PASSIVE ACTIVITY

| | | |
|---|---|---|
| ORDINARY INCOME (LOSS) | 4,389 | |
| SCHEDULE E INCOME BEFORE CARRYOVER | 4,389 | |
| PAL CARRYOVER FROM 1992 - SCHEDULE E | -892 | |
| SCHEDULE E ACTIVITY NET INCOME | 3,497 | |

Income Removed As Offset By At-Risk Loss Carryforwards

Net Income in return to be removed To page 1

TAX PREFERENCE ITEMS:

| | |
|---|---|
| AMT PAL CARRYOVER FROM 1992 - SCHEDULE E | 1,018 |

OTHER K-1 INFORMATION:

| | |
|---|---|
| INTEREST | 13 |
| INVESTMENT INCOME | 13 |

COPY FOR YOUR FILE

0400

328021
07-13-93

9

AS ORIGINALLY FILED

## 1993 Income from Passthroughs

AS AMENDED

LONE WOLF MCQUADE ASSOCIATES
I.D. NUMBER: 13-3109971
TYPE: PARTNERSHIP

ACTIVITY INFORMATION:

LONE WOLF MCQUADE ASSOCIATES

OTHER PASSIVE ACTIVITY

| | | |
|---|---|---|
| ORDINARY INCOME (LOSS) | 5,626 | |
| SCHEDULE E INCOME BEFORE CARRYOVER | 5,626 | |
| PAL CARRYOVER FROM 1992 - SCHEDULE E | -75 | |
| SCHEDULE E ACTIVITY NET INCOME | 5,551 | |
| TAX PREFERENCE ITEMS: | | |
| AMT PAL CARRYOVER FROM 1992 - SCHEDULE E | | 78 |
| OTHER K-1 INFORMATION: | | |
| INTEREST | | 1 |

Income Removed AS OFFSET By At-Risk Losses Carried Forward

Net Income To be removed from Return Page 1

COPY FOR YOUR FILE

0401

328021
07-13-93

10

AS ORIGINALLY FILED

LYMAN F. & BEVERLY J. B' [redacted]

SCHEDULE E INCOME OR (LOSS) FROM PARTNERSHIPS AND S CORPS STATEMENT 18

NAME

| EMPLOYER ID NO. | NOT AT RISK | CODE | PASSIVE LOSS | PASSIVE INCOME | NONPASSIVE LOSS | SEC. 179 DEDUCTION | NONPASSIVE INCOME |
|---|---|---|---|---|---|---|---|
| SUMMER LOVERS ASSOCIATES | | | | | | | |
| 11-2615060 | | P | | 1,871. | | | |
| BUSH AND WEAVER | | | | | | | |
| 91-0993948 | | P | 139. | 1,302. | | | |
| CINEMA '84 REGISTRATION NO. 8427 | | | | | | | |
| 11-2678807 | | P | | 3,497. | | | |
| FAWCETT PLAZA ONE | | | | | | | |
| 91-1012413 | | P | 1,824. | | | | |
| HAMPTONS II: GRACE ESTATES LIMI | | | | | | | |
| 22-2894733 | | P | 11,053. | | | | |
| LONE WOLF MCQUADE ASSOCIATES | | | | | | | |
| 13-3109971 | | P | | 5,551. | | | |
| ML-LEE ACQUISITION FUND, L.P. | | | | | | | |
| 13-3426817 | | P | | | | | |
| MRI BUSINESS PROPERTIES FUND LTD | | | | | | | |
| 94-2919856 | | P | 185. | | | | |
| TOTALS TO SCH. E, LN. 28 | | | 13,201. | 12,221. | | | |

SCHEDULE SE NON-FARM INCOME STATEMENT 19

| DESCRIPTION | AMOUNT |
|---|---|
| FROM SCHEDULE C | 47,897. |
| TOTAL TO SCHEDULE SE, LINE 2 | 47,897. |

0402



//

AS ORIGINALLY FILED

AS AMENDED

DOES NOT APPLY

Form **6251** Department of the Treasury Internal Revenue Service

# Alternative Minimum Tax - Individuals

▶ Attach to Form 1040 or Form 1040NR.

OMB No. 1545-0227 **1993** Attachment Sequence No. 32

Name(s) shown on Form 1040: LYMAN F. & BEVERLY J. BUSH

Your social security number: [redacted]

## Part I Adjustments and Preferences

| Line | Description | Box | As originally filed | As amended |
|---|---|---|---|---|
| 1 | If you itemized deductions on Schedule A (Form 1040), go to line 2. If you did not itemize deductions, enter your standard deduction from Form 1040, line 34, and skip to line 6 | 1 | | |
| 2 | Medical and dental expenses. | 2 | | |
| 3 | Taxes. Enter the amount from Schedule A, line 8 | 3 | 2,474. | 2,474 |
| 4 | Certain interest on a home mortgage not used to buy, build, or improve your home | 4 | | |
| 5 | Miscellaneous itemized deductions. Enter the amount from Schedule A, line 24 | 5 | 5,768. | 6,427 |
| 6 | Refund of taxes. Enter any tax refund from Form 1040, line 10 or 22 | 6 | | |
| 7 | Investment interest. Enter difference between regular tax and AMT deduction | 7 | | |
| 8 | Post-1986 depreciation. Enter difference between regular tax and AMT depreciation | 8 | | |
| 9 | Adjusted gain or loss. Enter difference between AMT and regular tax gain or loss | 9 | | |
| 10 | Incentive stock options. Enter excess of AMT income over regular tax income | 10 | | |
| 11 | Passive activities. Enter difference between AMT and regular tax income or loss SEE STATEMENT 21 | 11 | 0. | |
| 12 | Beneficiaries of estates and trusts. Enter the amount from Schedule K-1 (Form 1041), line 8 | 12 | | |
| 13 | Tax-exempt interest from private activity bonds issued after 8/7/86 | 13 | | |
| 14 | Other. Enter the amount, if any, for each item and enter the total on line 14. | 14 | | |
| 15 | **Total Adjustments and Preferences.** Combine lines 1 through 14 ▶ | 15 | 8,242. | |

Line 14 items:

| | | | |
|---|---|---|---|
| a Charitable contributions | | g Long-term contracts | |
| b Circulation expenditures | | h Loss limitations | |
| c Depletion | | i Mining costs | |
| d Depreciation (pre-1987) | | j Pollution control facilities | |
| e Installment sales | | k Research and experimental | |
| f Intangible drilling costs | | l Tax shelter farm activities | |
| | | m Related adjustments | |

## Part II Alternative Minimum Taxable Income

COPY

| Line | Description | Box | As originally filed | As amended |
|---|---|---|---|---|
| 16 | Enter the amount from Form 1040, line 35. If less than zero, enter as a (loss) ▶ | 16 | 117,036. | 82,140 |
| 17 | Net operating loss deduction, if any, from Form 1040, line 22. Enter as a positive amount | 17 | | |
| 18 | If Form 1040, line 32, is over $108,450 (over $54,225 if married filing separately), enter your itemized deductions limitation, if any, from line 9 of the worksheet for Schedule A, line 26 | 18 | <578.> | |
| 19 | Combine lines 15 through 18 ▶ | 19 | 124,700. | |
| 20 | Alternative tax net operating loss deduction. | 20 | | |
| 21 | **Alternative Minimum Taxable Income.** Subtract line 20 from line 19. (If married filing separately and line 21 is more than $165,000, see instructions.) ▶ | 21 | 124,700. | |

## Part III Exemption Amount and Alternative Minimum Tax

22 **Exemption Amount.** (If this form is for a child under age 14, see instructions.)

| If your filing status is: | And line 21 is not over: | Enter on line 22: |
|---|---|---|
| Single or head of household | $112,500 | $33,750 |
| Married filing jointly or qualifying widow(er) | 150,000 | 45,000 |
| Married filing separately | 75,000 | 22,500 |

If line 21 is over the amount shown above for your filing status, see instructions.

| Line | Description | Box | As originally filed | As amended |
|---|---|---|---|---|
| 22 | Exemption Amount | 22 | 45,000. | <45,000> |
| 23 | Subtract line 22 from line 21. If zero or less, enter -0- here and on lines 26 and 28 ▶ | 23 | 79,700. | 46,041 |
| 24 | If line 23 is $175,000 or less ($87,500 or less if married filing separately), multiply line 23 by 26% (.26). Otherwise, see instructions | 24 | 20,722. | 11,971 |
| 25 | Alternative minimum tax foreign tax credit. | 25 | | |
| 26 | Tentative minimum tax. Subtract line 25 from line 24 ▶ | 26 | 20,722. | |
| 27 | Enter your tax from Form 1040, line 38 (plus any amount from Form 4970 included on Form 1040, line 39), minus any foreign tax credit from Form 1040, line 43 | 27 | 26,651. | 16,882 |
| 28 | **Alternative Minimum Tax.** (If this form is for a child under age 14, see instructions.) Subtract line 27 from line 26. If zero or less, enter -0-. Enter here and on Form 1040, line 48 ▶ | 28 | 0. | -0- |

0403

319481 01-04-94 S430 For Paperwork Reduction Act Notice, see separate instructions. 30 Form 6251 (1993)

08450425 709261 3B140 050 BUSH, LYMAN F. 06364208

12

AS AMENDED

ITC BASIS ALLOWED TO EXTENT OF INCOME

SUMMER LOVERS 3,284
CINEMA '84 (Ltd to Carryover) 4,389
LONE WOLF MCQUADE 5,626 13,299
x 10%
1,330

Form **3468**
Department of the Treasury
Internal Revenue Service

# Investment Credit

▶ Attach to your return.
▶ See separate instructions.

OMB No. 1545-0155
1994 3
Attachment Sequence No. 52

Name(s) shown on return | Identifying number

**Part I Current Year Investment Credit**

**Note:** *Generally, you cannot claim the regular investment credit for property placed in service after December 31, 1985 (see instructions).*

| | | | |
|---|---|---|---|
| 1 | Rehabilitation credit. Enter the amount of qualified rehabilitation expenditures and multiply by the percentage shown: | | |
| a | Pre-1936 buildings . . . . . . . . . . . . . ________ × 10% (.10) | 1a | |
| b | Certified historic structures (attach NPS certificate) . . ________ × 20% (.20) | 1b | |
| | Enter NPS number assigned or the flow-through entity's identifying number (see instructions) . . . . . . ________ | | |
| | Transition property: | | |
| c | 30-year-old buildings . . . . . . . . . . . ________ × 10% (.10) | 1c | |
| d | 40-year-old buildings . . . . . . . . . . . ________ × 13% (.13) | 1d | |
| e | Certified historic structures (attach NPS certificate) . . ________ × 25% (.25) | 1e | |
| | Enter NPS number assigned or the flow-through entity's identifying number (see instructions) . . . . . . ________ | | |
| 2a | Energy credit. Enter the basis of energy property placed in service during the tax year (see instructions) . . . . . ________ × 10% (.10) | 2a | |
| b | Transition property. Attach computation (see instructions) . . . . . . . . . . . . . | 2b | |
| 3 | Reforestation credit. Enter the amortizable basis of qualified timber property acquired during the tax year (see instructions for limitations) . . . . . . . . . . . ________ × 10% (.10) | 3 | |
| 4 | Regular investment credit for transition property. Enter qualified investment (see instructions) . . . . . . ________ × 6.5% (.065) | 4 | |
| 5 | Credit from cooperatives. Enter the unused regular investment credit for transition property and the unused energy credit from cooperatives . . . . . . . . . . | 5 | |
| 6 | **Total current year investment credit.** Add lines 1a through 5 . . . . . . . . . . . . | 6 | 1,330 |

**Part II Tax Liability Limitation** (See **Who Must File Form 3800** to see if you complete Part II or file Form 3800.)

| | | | | | |
|---|---|---|---|---|---|
| 7a | Individuals. Enter amount from Form 1040, line 40 . . . . . . . . . . . | | | | |
| b | Corporations. Enter amount from Form 1120, Schedule J, line 3 (or Form 1120-A, Part I, line 1) | | | 7 | 16,882 |
| c | Other filers. Enter regular tax before credits from your return (see instructions) . . . | | | | |
| 8 | Credits that reduce regular tax before the general business credit: | | | | |
| a | Credit for child and dependent care expenses (Form 2441, line 10) . | 8a | | | |
| b | Credit for the elderly or the disabled (Schedule R (Form 1040), line 21) | 8b | | | |
| c | Mortgage interest credit (Form 8396, line 11) . . . . . . . | 8c | | | |
| d | Foreign tax credit (Form 1116, line 32, or Form 1118, Sch. B, line 12) | 8d | | | |
| e | Possessions tax credit (Form 5735) . . . . . . . . . | 8e | | | |
| f | Orphan drug credit (Form 6765, line 10) . . . . . . . . | 8f | | | |
| g | Credit for fuel from a nonconventional source . . . . . . | 8g | | | |
| h | Qualified electric vehicle credit (Form 8834, line 19) . . . . . | 8h | | | |
| i | Add lines 8a through 8h . . . . . . . . . . . . . . . . . . . . . | | | 8i | |
| 9 | Net regular tax. Subtract line 8i from line 7 . . . . . . . . . . . . . . . . . | | | 9 | 16,882 |
| 10 | Tentative minimum tax (see instructions): | | | | |
| a | Individuals. Enter amount from Form 6251, line 26 . . . . . . . . | | | | |
| b | Corporations. Enter amount from Form 4626, line 13 . . . . . . . . | | | 10 | 11,971 |
| c | Estates and trusts. Enter amount from Form 1041, Schedule H, line 37 . . | | | | |
| 11 | Net income tax: | | | | |
| a | Individuals. Add line 9 above and line 28 of Form 6251 . . . . . . . | | | | |
| b | Corporations. Add line 9 above and line 15 of Form 4626 . . . . . . . | | | 11 | 16,882 |
| c | Estates and trusts. Add line 9 above and line 39 of Form 1041, Schedule H . | | | | |
| 12 | If line 9 is more than $25,000, enter 25% (.25) of the excess (see instructions) . . . . . . | | | 12 | — |
| 13 | Subtract line 10 or line 12, whichever is greater, from line 11. If less than zero, enter -0- . . . | | | 13 | 4,911 |
| 14 | **Investment credit allowed for current year.** Enter the smaller of line 6 or line 13. This is your **General Business Credit** for 1994. Enter here and on Form 1040, line 44; Form 1120, Schedule J, line 4e; Form 1120-A, Part I, line 2a; or on the appropriate line of other income tax returns . | | | 14 | 1,330 |

**For Paperwork Reduction Act Notice, see separate instructions.** Cat. No. 12276E Form **3468** (1994)

0404

13

Lyman F. and Beverly J. Bush
Form 1040X, Amended U. S. Individual Income Tax Return
SSN [redacted]

Statement of ITC from Summer Lovers

| | |
|---|---|
| §38 Basis in ITC Property for 1982 | 90,042 |

Amounts ITC Basis Used (or that could have been used) in Prior Years

| | |
|---|---|
| 1982, ITC Basis used up to Initial Investment at-risk based on original capital contributed on closing agreement | (50,000) |
| 1986, ITC Basis that could have been used, up to At-Risk carryover used against net income | (129) |
| 1987, ITC Basis that could have been used, up to At-Risk carryover used against net income | (125) |
| 1990, ITC Basis used up to At-Risk carryover used against net income | (12,418) |
| Total Amount of ITC Basis Available for Succeeding Years | 27,370 |

Lyman F. and Beverly J. Bush
Form 1040X, Amended U. S. Individual Income Tax Return
SSN [redacted]

Statement of ITC from Cinema '84

| | |
|---|---|
| §38 Basis in ITC Property from Schedule K-1 1984 | 82,606 |

Amounts ITC Basis Used (or that could have been used) in Prior Years

| | |
|---|---|
| 1984, ITC Basis used up to Initial Investment at-risk based on original capital contributed on closing agreement | (50,000) |
| 1988, ITC Basis used up to At-Risk carryover used against net income | (2,338) |
| 1990, ITC Basis used up to At-Risk carryover used against net income | (1,459) |
| Total Amount of ITC Basis Available for Succeeding Years | 28,809 |

Lyman F. and Beverly J. Bush
Form 1040X, Amended U. S. Individual Income Tax Return
SSN [redacted]

Statement of ITC from Lone Wolf McQuade

| | |
|---|---|
| §38 Basis in ITC Property 1983 | 156,908 |

Amounts ITC Basis Used (or that could have been used) in Prior Years

| | |
|---|---|
| 1984, ITC Basis used up to Initial Investment at-risk based on original capital contributed on closing agreement | (50,000) |
| 1987, ITC Basis used up to At-Risk carryover used against net income | (398) |
| 1988, ITC Basis used up to At-Risk carryover used against net income | (38) |
| 1990, ITC Basis used up to At-Risk carryover used against net income | (43) |
| 1993, ITC Basis used up to At-Risk carryover used against net income | (5,626) |
| Total Amount of ITC Basis Available for Succeeding Years | 100,803 |

Form 1045 (1995) Page 3

**Schedule B–Net Operating Loss Carryover.** See instructions.

| Complete one column **before** going to the next column. | **(a)** 3rd preceding tax year ended ▶ 1992 | **(b)** 2nd preceding tax year ended ▶ 1993 | **(c)** 1st preceding tax year ended ▶ 1994 |
|---|---|---|---|
| 1 **Net operating loss deduction.** In column (a), enter as a positive number the net operating loss from Schedule A, line 25. In columns (b) and (c), enter amounts from line 8 below, columns (a) and (b), respectively | 101,133 | 22068 | No NOL Remaining |
| 2 Taxable income from tax return (or as previously adjusted) before 1995 NOL carryback. (For individuals, if line 37 of Form 1040 is zero, subtract line 36 (Form 1040) from line 35 (Form 1040), and enter the difference as a negative number | 74,465 | As Amended 100,872 | |
| 3 Net capital loss deduction from Sch. D (Form 1040), line 19 (line 20 of 1992 Sch. D), or from Sch. D (Form 1041), line 18. Enter as a positive number | — | — | |
| 4 Adjustments to adjusted gross income. See instructions | 0 | -0- | |
| 5 Adjustment to itemized deductions. See instructions | — | — | |
| 6 Deduction for exemptions from tax return (or as previously adjusted). Estates and trusts, enter exemption amount | 4,600 | 4,700 | |
| 7 Modified taxable income. Combine lines 2 through 6. If zero or less, enter -0- | 79,065 | 105,572 | |
| 8 **Net operating loss carryover.** Subtract line 7 from line 1. If zero or less, enter -0-. See instructions | 22,068 | -0- | |
| **Adjustment to Itemized Deductions (Individuals Only)** Complete lines 9 through 33 **ONLY** if, for any of the 3 preceding years, you itemized deductions and line 3 above has an entry other than zero. | | | |
| 9 Adjusted gross income per return (or as previously adjusted) before 1995 NOL carryback | N/A | N/A | |
| 10 Add lines 3 and 4 above | | | |
| 11 Modified adjusted gross income. Add lines 9 and 10 | | | |
| 12 Medical expenses from Sch. A (Form 1040), line 1 | | | |
| 13 Multiply line 11 by .075 | | | |
| 14 Subtract line 13 from line 12. If zero or less, enter -0- | | | |
| 15 Medical expenses from Sch. A (Form 1040), line 4 (or as previously adjusted) | | | |
| 16 Subtract line 14 from line 15 | | | |

0408

31 107150-5 5740768-9 44 03/26/96

Oh 4/11/11

STRAUSS & COMAS, P.C.
462 SEVENTH AVENUE
NEW YORK, NY 10018

LYMAN BUSH
1217 122ND ST COURT E
TACOMA WA 98445

CINEMA 84-REGISTRATION NO 84272000294

Dear Partner:

The required partnership income tax returns have been filed for the period indicated. Please refer to the enclosed Schedule(s) K-1 for your distributive share of partnership income (or loss) and other tax information needed to complete your 1995 individual tax forms.

Analysis of Capital Account

| | | |
|---|---|---|
| Beginning Capital | | (83,917) |
| Capital Contributed | 87,442 | |
| Net Income | 0 | 87,442 |
| | | 3,525 |
| Withdrawals/Distributions | 2,124 | |
| Net Loss | 1,401 | (3,525) |
| Ending Capital | | 0 |

Sincerely,

STRAUSS & COMAS, P.C.

Lyman F. and Beverly J. Bush
Form 1040X, Amended U. S. Individual Income Tax Return
SSN [redacted]

***Lone Wolf McQuade Associates***

Income or (Loss) Affecting At-Risk Amounts

| | | |
|---|---|---|
| 1983 Capital Contribution as on Closing Agreement | | 50,000 |
| 1983 Loss deemed up to At-Risk Amount as on Closing Agreement | | (50,000) |
| 1984 Partnership Income or (Loss) | *Disallowed* | (36,597) |
| 1985 Partnership Income or (Loss) | *Disallowed* | (33,442) |
| 1986 Partnership Income or (Loss) | *Disallowed* | (34,003) |
| 1987 Income Used Offsetting At-Risk Amount | | 398 |
| 1988 Income Used Offsetting At-Risk Amount | | 38 |
| 1989 Partnership Income or (Loss) | | (102) |
| 1990 Income Used Offsetting At-Risk Amount | | 43 |
| 1991 Partnership Income or (Loss) | | (56) |
| 1992 Partnership Income or (Loss) | | 0 |
| 1993 Income Used Offsetting At-Risk Amount | | 5,626 |
| 1994 Income Used Offsetting At-Risk Amount | | 5,046 |
| Unused At-Risk CarryForward into 1995 | | (93,049) |

Computation of Deduction for At-Risk Losses for 1995

| | |
|---|---|
| 1995 Additional Capital Contributed from Schedule K-1 | 96,987 |
| 1995 Partner's Income from Schedule K-1 | 10,219 |
| | 107,206 |
| ** ***** *1995 Deduction At-Risk Losses Limited to At-Risk Carryforward* | *93,049* |
| Unrecovered Basis as of December 31, 1995 | 14,157 |

EXHIBIT "C"

Lyman F. and Beverly J. Bush
Form 1040X, Amended U. S. Individual Income Tax Return
SSN [redacted]

***Cinema 84***

Income or (Loss) Affecting At-Risk Amounts

| | | |
|---|---|---|
| 1984 Capital Contribution as on Closing Agreement | | 50,000 |
| 1984 Income Used Offsetting At-Risk Amount | | (45,187) |
| 1985 Partnership Income or (Loss) | *Disallowed* | (21,553) |
| 1986 Partnership Income or (Loss) | *Disallowed* | (20,079) |
| 1987 Partnership Income or (Loss) | *Disallowed* | (25,733) |
| 1988 Income Used Offsetting At-Risk Amount | | 2,338 |
| 1989 Partnership Income or (Loss) | | (4,751) |
| 1990 Income Used Offsetting At-Risk Amount | | 1,459 |
| 1991 Income Used Offsetting At-Risk Amount | | 1,272 |
| 1992 Partnership Income or (Loss) | | 0 |
| 1993 Income Used Offsetting At-Risk Amount | | 4,389 |
| 1994 Income Used Offsetting At-Risk Amount | | (3) |
| Unused At-Risk CarryForward into 1995 | | (57,848) |

Computation of Deduction for At-Risk Losses for 1995

| | |
|---|---|
| 1995 Additional Capital Contributed from Schedule K-1 | 87,422 |
| 1995 Partner's Loss | (1,430) |
| | 85,992 |
| ** ***** *1995 Deduction At-Risk Losses Limited to At-Risk Carryforward* | *57,848* |
| Unrecovered Basis as of December 31, 1995 | 28,144 |

AS ORIGINALLY FILED

AS AMENDED

Form 1040 Department of the Treasury - Internal Revenue Service
U.S. Individual Income Tax Return **1995**

IRS Use Only - Do not write or staple in this space.

**Label** (See instructions on page 11.) Use the IRS label. Otherwise, please print or type.

For the year Jan. 1-Dec. 31, 1995, or other tax year beginning , 1995, ending , 19 | OMB No. 1545-0074

Your first name and initial: LYMAN F. | Last name: BUSH | Your social security number: [redacted]

If a joint return, spouse's first name and initial: BEVERLY J. | Last name: BUSH | Spouse's social security number: [redacted]

Home address (number and street). If you have a P.O. box, see page 11.: 1217 122ND STREET COURT EAST | Apt. no.

City, town or post office, state, and ZIP code. If you have a foreign address, see page 11.: TACOMA, WA 98445-0000

For Privacy Act and Paperwork Reduction Act Notice, see page 7.

**Presidential Election Campaign**

| | Yes | No |
|---|---|---|
| Do you want $3 to go to this fund? | X | |
| If a joint return, does your spouse want $3 to go to this fund? | X | |

Note: Checking "Yes" will not change your tax or reduce your refund.

**Filing Status** (See page 11.) Check only one box.

1 [ ] Single
2 [X] Married filing joint return (even if only one had income)
3 [ ] Married filing separate return. Enter spouse's soc. sec. no. above and full name here. ▶
4 [ ] Head of household (with qualifying person). If the qualifying person is a child but not your dependent, enter this child's name here. ▶
5 [ ] Qualifying widow(er) with dependent child (year spouse died ▶ 19 ).

**Exemptions** (See page 12.)

6a [X] Yourself. If your parent (or someone else) can claim you as a dependent on his or her tax return, do not check box 6a. But be sure to check the box on line 33b on page 2
b [X] Spouse

No. of boxes checked on 6a and 6b: 2

c Dependents:

| (1) First name Last name | (2) Dependent's social security number if born in 1995, see page 13. | (3) Dependent's relationship to you | (4) No. of months lived in your home in 1995 |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

If more than six dependents, see page 13.

No. of your children on 6c who: • lived with you • didn't live with you due to divorce or separation (see page 14)
Dependents on 6c not entered above

d If your child didn't live with you but is claimed as your dependent under a pre-1985 agreement, check here ▶ [ ]
e Total number of exemptions claimed
Add numbers entered on lines above ▶ 2

**Income**

Attach Copy B of your Forms W-2, W-2G, and 1099-R here.
If you did not get a W-2, see page 14.
Enclose, but do not attach, your payment and payment voucher. See page 33.

| Line | Description | | Amount |
|---|---|---|---|
| 7 | Wages, salaries, tips, etc. Attach Form(s) W-2 | 7 | 12000. |
| 8a | Taxable interest income. Attach Schedule B if over $400 | 8a | 13094. |
| b | Tax-exempt interest (see page 15). DON'T include on line 8a — 8b 7211. | | |
| 9 | Dividend income. Attach Schedule B if over $400 | 9 | 5372. |
| 10 | Taxable refunds, credits, or offsets of state and local income taxes (see page 15) | 10 | |
| 11 | Alimony received | 11 | |
| 12 | Business income or (loss). Attach Schedule C or C-EZ | 12 | 36201. |
| 13 | Capital gain or (loss). If required, attach Schedule D (see page 16) | 13 | -3000. |
| 14 | Other gains or (losses). Attach Form 4797 | 14 | -21. |
| 15a | Total IRA distributions 15a — b Taxable amount (see page 16) | 15b | |
| 16a | Total pensions and annuities 16a — b Taxable amount (see page 16) | 16b | 8851. |
| 17 | Rental real estate, royalties, partnerships, S corporations, trusts, etc. Attach Schedule E | 17 | -1409. |
| 18 | Farm income or (loss). Attach Schedule F | 18 | |
| 19 | Unemployment compensation (see page 17) | 19 | |
| 20a | Social security benefits 20a 12025. — b Taxable amount (see page 18) | 20b | 10221. |
| 21 | Other income. List type and amount - see page 18 | 21 | |
| 22 | Add the amounts in the far right column for lines 7 through 21. This is your total income ▶ | 22 | 81309. |

COPY (handwritten across income section)

Handwritten notes in right margin: Deductions of At Risk Carryfwd Amounts As per Closing Agreement
<93,049> Lone Wolf
<57,848> Cinema 84
→ <10,221>
→ 81,309

**Adjustments to Income**

| Line | Description | | Amount |
|---|---|---|---|
| 23a | Your IRA deduction (see page 19) | 23a | |
| b | Spouse's IRA deduction (see page 19) | 23b | |
| 24 | Moving expenses. Attach Form 3903 or 3903-F | 24 | |
| 25 | One-half of self-employment tax | 25 | 2558. |
| 26 | Self-employed health insurance deduction (see page 21) | 26 | 123. |
| 27 | Keogh & self-employed SEP plans. If SEP, check ▶ [X] | 27 | 4388. |
| 28 | Penalty on early withdrawal of savings | 28 | |
| 29 | Alimony paid. Recipient's SSN ▶ | 29 | |
| 30 | Add lines 23a through 29. These are your total adjustments ▶ | 30 | 7069. |

Handwritten: <7,069>

**Adjusted Gross Income**

31 Subtract line 30 from line 22. This is your adjusted gross income. If less than $26,673 and a child lived with you, (less than $9,230 if a child didn't live with you), see "Earned Income Credit" on page 27. ▶ 31 | 74240.

Handwritten: <86,878>

AS ORIGINALLY FILED

AS AMENDED

Form 1040 (1995) LYMAN F. & BEV[illegible]Y J. BUSH [redacted] OMB No. 1545-0074 Page 2

| | | | | | Amended |
|---|---|---|---|---|---|
| **Tax Computation** | 32 | Amount from line 31 (adjusted gross income) | 32 | 74240. | <86,878> |
| | 33a | Check if: ☐ You were 65 or older, ☐ Blind; ☐ Spouse was 65 or older, ☐ Blind. Add the number of boxes checked above and enter the total here ▶ 33a | | | |
| | b | If your parent (or someone else) can claim you as a dependent, check here ▶ 33b ☐ | | | |
| | c | If you are married filing separately and your spouse itemizes deductions or you are a dual-status alien, see page 23 and check here ▶ 33c ☐ | | | |
| | 34 | Enter the larger of your: Itemized deductions from Schedule A, line 28, OR Standard deduction shown below for your filing status. But if you checked any box on line 33a or b, go to page 23 to find your standard deduction. If you checked box 33c, your standard deduction is zero. • Single - $3,900 • Married filing jointly or Qualifying widow(er) - $6,550 • Head of household - $5,750 • Married filing separately - $3,275 | 34 | 17508. | <23,247> |
| | 35 | Subtract line 34 from line 32 | 35 | 56732. | |
| | 36 | If line 32 is $86,025 or less, multiply $2,500 by the total number of exemptions claimed on line 6e. If line 32 is over $86,025, see the worksheet on page 23 for the amount to enter | 36 | 5000. | <5,000> |
| | 37 | Taxable income. Subtract line 36 from line 35. If line 36 is more than line 35, enter -0- | 37 | 51732. | <115,125> |
| | 38 | Tax. Check if from a ☒ Tax Table, b ☐ Tax Rate Schedules, c ☐ Capital Gain Tax Worksheet, or d ☐ Form 8615 (see page 24). Amount from Form(s) 8814 ▶ e | 38 | 9413. | -0- |
| | 39 | Additional taxes. Check if from a ☐ Form 4970 b ☐ Form 4972 | 39 | | |
| | 40 | Add lines 38 and 39 ▶ | 40 | 9413. | |
| **Credits** | 41 | Credit for child and dependent care expenses. Attach Form 2441 — 41 | | | |
| | 42 | Credit for the elderly or the disabled. Attach Schedule R — 42 | | | |
| | 43 | Foreign tax credit. Attach Form 1116 — 43 | | | |
| | 44 | Other credits. Check if from a ☐ Form 3800 b ☐ Form 8396 c ☐ Form 8801 d ☐ Form (specify) — 44 | | | |
| | 45 | Add lines 41 through 44 | 45 | | |
| | 46 | Subtract line 45 from line 40. If line 45 is more than line 40, enter -0- ▶ | 46 | 9413. | |
| **Other Taxes** | 47 | Self-employment tax. Attach Schedule SE | 47 | 5115. | 5,115 |
| | 48 | Alternative minimum tax. Attach Form 6251 | 48 | 0. | |
| | 49 | Recapture taxes. Check if from a ☐ Form 4255 b ☐ Form 8611 c ☐ Form 8828 | 49 | | |
| | 50 | Social security and Medicare tax on tip income not reported to employer. Attach Form 4137 | 50 | | |
| | 51 | Tax on qualified retirement plans, including IRAs. If required, attach Form 5329 | 51 | | |
| | 52 | Advance earned income credit payments from Form W-2 | 52 | | |
| | 53 | Household employment taxes. Attach Schedule H | 53 | | |
| | 54 | Add lines 46 through 53. This is your total tax ▶ | 54 | 14528. | 5,115 |
| **Payments** | 55 | Federal income tax withheld. If any is from Form(s) 1099, check ▶ ☒ — 55: 2553. | | STATEMENT 5 | |
| | 56 | 1995 estimated tax payments and amount applied from 1994 return — 56: 8262. | | | |
| Attach Forms W-2, W-2G, and 1099-R on the front. | 57 | Earned income credit. Attach Schedule EIC if you have a qualifying child. Nontaxable earned income: amount ▶ and type ▶ — 57 | | | |
| | 58 | Amount paid with Form 4868 (extension request) — 58 | | | |
| | 59 | Excess social security and RRTA tax withheld (see page 32) — 59 | | | |
| | 60 | Other payments. Check if from a ☐ Form 2439 b ☐ Form 4136 — 60 | | | |
| | 61 | Add lines 55 through 60. These are your total payments ▶ | 61 | 10815. | |
| **Refund or Amount You Owe** | 62 | If line 61 is more than line 54, subtract line 54 from line 61. This is the amount you OVERPAID ▶ | 62 | | |
| | 63 | Amount of line 62 you want REFUNDED TO YOU ▶ | 63 | | |
| | 64 | Amount of line 62 you want APPLIED TO YOUR 1996 ESTIMATED TAX ▶ 64 | | | |
| | 65 | If line 54 is more than line 61, subtract line 61 from line 54. This is the AMOUNT YOU OWE. For details on how to pay and use Form 1040-V, Payment Voucher, see page 33 | 65 | 3713. | |
| | 66 | Estimated tax penalty (see page 33). Also include on line 65 — 66 | | | |

COPY FOR YOUR FILE

**Sign Here** — Under penalties of perjury, I declare that I have examined this return and accompanying schedules and statements, and to the best of my knowledge and belief, they are true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

Keep a copy of this return for your records.

| Your signature | Date | Your occupation |
|---|---|---|
| | | STRUCTURAL ENGINEER |
| Spouse's signature. If a joint return, BOTH must sign. | Date | Spouse's occupation |
| | | TEACHER |

**Paid Preparer's Use Only**

| Preparer's signature | Date | Check if self-employed ☐ | Preparer's social security no. [redacted] |
|---|---|---|---|
| Firm's name (or yours if self-employed) and address: BRINK & SADLER, C.P.A.'S, 5127 112TH STREET S.W., TACOMA, WA | | E.I. No. 91 0861130 | ZIP code 98499 |

10002 1-03-95

AS ORIGINALLY FILED

AS AMENDED

**SCHEDULE A&B (Form 1040)**
Department of the Treasury Internal Revenue Service

## Schedule A - Itemized Deductions
(Schedule B is on page 2)
▶ Attach to Form 1040. ▶ See Instructions for Schedule A (Form 1040).

OMB No. 1545-0074
**1995**
Attachment Sequence No. 07

Name(s) shown on Form 1040: LYMAN F. & BEVERLY J. BUSH
Your social security number: [redacted]

| Section | Line | Description | Box | Amount | Line | Total | As Amended |
|---|---|---|---|---|---|---|---|
| **Medical and Dental Expenses** | | Caution: Do not include expenses reimbursed or paid by others. | | | | | |
| | 1 | Medical and dental expenses (see page A-1) SEE STATEMENT 8 | 1 | 4254. | | | |
| | 2 | Enter amount from Form 1040, line 32 [2] 74240. | | | | | |
| | 3 | Multiply line 2 above by 7.5% (.075) | 3 | 5568. | | | |
| | 4 | Subtract line 3 from line 1. If line 3 is more than line 1, enter -0- | | | 4 | 0. | 4254 |
| **Taxes You Paid** (See page A-1.) | 5 | State and local income taxes | 5 | | | | |
| | 6 | Real estate taxes (see page A-2) SEE STATEMENT 9 | 6 | 3671. | | | |
| | 7 | Personal property taxes | 7 | 1174. | | | |
| | 8 | Other taxes - List type and amount ▶ | 8 | | | | |
| | 9 | Add lines 5 through 8 | | | 9 | 4845. | 4,845 |
| **Interest You Paid** (See page A-2.) | 10 | Home mortgage interest and points reported to you on Form 1098 | 10 | | | | |
| | 11 | Home mortgage interest not reported to you on Form 1098. If paid to the person from whom you bought the home, see page A-3 and show that person's name, identifying no., and address ▶ | 11 | | | | |
| Note: Personal interest is not deductible. | 12 | Points not reported to you on Form 1098. See page A-3 for special rules | 12 | | | | |
| | 13 | Investment interest. If required, attach Form 4952. (See page A-3.) | 13 | | | | |
| | 14 | Add lines 10 through 13 | | | 14 | | |
| **Gifts to Charity** | 15 | Gifts by cash or check. If any gift of $250 or more, see page A-3 STMT 6 | 15 | 2199. | | | |
| If you made a gift and got a benefit for it, see page A-3. | 16 | Other than by cash or check. If any gift of $250 or more, see page A-3. If over $500, you MUST attach Form 8283 STMT 7 | 16 | 165. | | | |
| | 17 | Carryover from prior year | 17 | 2274. | | | |
| | 18 | Add lines 15 through 17 | | | 18 | 4638. | 4,638 |
| **Casualty and Theft Losses** | 19 | Casualty or theft loss(es). Attach Form 4684. (See page A-4.) | | | 19 | | |
| **Job Expenses and Most Other Miscellaneous Deductions** | 20 | Unreimbursed employee expenses - job travel, union dues, job education, etc. If required, you MUST attach Form 2106 or 2106-EZ. (See page A-5.) ▶ | 20 | | | | |
| | 21 | Tax preparation fees | 21 | | | | |
| (See page A-5 for expenses to deduct here.) | 22 | Other expenses - investment, safe deposit box, etc. List type and amount ▶ IRA CUSTODIAL FEES 135. INVESTMENT EXPENSE 7179. BAB ASSET VENTURE - LEGAL 254. ATTORNEYS FEES - INVESTMENT 1631. SAFE DEPOSIT BOX 31. | 22 | 9230. | | | |
| | 23 | Add lines 20 through 22 | 23 | 9230. | | | |
| | 24 | Enter amount from Form 1040, line 32 [24] 74240. | | | | | |
| | 25 | Multiply line 24 above by 2% (.02) | 25 | 1485. | | | |
| | 26 | Subtract line 25 from line 23. If line 25 is more than line 23, enter -0- | | | 26 | 7745. | 9,230 |
| **Other Miscellaneous Deductions** | 27 | Other - from list on page A-5. List type and amount ▶ FROM K-1 - ML-LEE ACQUISITION FUND, L.P. 280. | | | 27 | 280. | 280 |
| **Total Itemized Deductions** | 28 | Is Form 1040, line 32, over $114,700 (over $57,350 if married filing separately)? NO. Your deduction is not limited. Add the amounts in the far right column for lines 4 through 27. Also, enter on Form 1040, line 34, the larger of this amount or your standard deduction. YES. Your deduction may be limited. See page A-5 for the amount to enter. ▶ | | | 28 | 17508. | 23,247 |

COPY FOR YOUR FILE

LHA For Paperwork Reduction Act Notice, see Form 1040 Instructions. Schedule A (Form 1040) 1995

19501 1-27-95
13120409 709261 3B140 8 050 BUSH, LYMAN F. 08064207

AS ORIGINALLY FILED

SCHEDULE E (Form 1040)

Department of the Treasury Internal Revenue Service

# Supplemental Income and Loss

(From rental real estate, royalties, partnerships, S corporations, estates, trusts, REMICs, etc.)

▶ Attach to Form 1040 or Form 1041. ▶ See Instructions for Schedule E (Form 1040).

OMB No. 1545-0074

1995

Attachment Sequence No. 13

Name(s) shown on return: LYMAN F. & BEVERLY J. BUSH

Your social security number: [redacted]

**Part I** Income or Loss From Rental Real Estate and Royalties Note: Report income and expenses from your business of renting personal property on Schedule C or C-EZ. Report farm rental income or loss from Form 4835 on page 2, line 39.

1 Show the kind and location of each rental real estate property:

A RENTAL HOUSE (1/3 INTEREST) 5026 SOUTH PUGET SOUND

B

C

2 For each rental real estate property listed on line 1, did you or your family use it for personal purposes for more than the greater of 14 days or 10% of the total days rented at fair rental value during the tax year?

| | Yes | No |
|---|---|---|
| A | | X |
| B | | |
| C | | |

| Income: | Line | Properties A | B | C | Line | Totals (Add columns A, B, and C.) |
|---|---|---|---|---|---|---|
| 3 Rents received | 3 | 2486. | | | 3 | 2486. |
| 4 Royalties received | 4 | | | | 4 | |
| **Expenses:** | | | | | | |
| 5 Advertising | 5 | | | | | |
| 6 Auto and travel | 6 | | | | | |
| 7 Cleaning and maintenance | 7 | | | | | |
| 8 Commissions | 8 | | | | | |
| 9 Insurance | 9 | 64. | | | | |
| 10 Legal and other professional fees | 10 | | | | | |
| 11 Management fees | 11 | 265. | | | | |
| 12 Mortgage interest paid to banks, etc. | 12 | | | | 12 | |
| 13 Other interest | 13 | | | | | |
| 14 Repairs | 14 | 441. | | | | |
| 15 Supplies | 15 | | | | | |
| 16 Taxes | 16 | 333. | | | | |
| 17 Utilities | 17 | 58. | | | | |
| 18 Other (list) ▶ | 18 | | | | | |
| 19 Add lines 5 through 18 | 19 | 1161. | | | 19 | 1161. |
| 20 Depreciation expense or depletion | 20 | 460. | | | 20 | 460. |
| 21 Total expenses. Add lines 19 and 20 | 21 | 1621. | | | | |
| 22 Income or (loss) from rental real estate or royalty properties. Subtract line 21 from line 3 (rents) or line 4 (royalties). If the result is a (loss), see page E-2 to find out if you must file Form 6198 | 22 | 865. | | | | |
| 23 Deductible rental real estate loss. Caution: Your rental real estate loss on line 22 may be limited. See page E-3 to find out if you must file Form 8582. Real estate professionals must complete line 42 on page 2 | 23 | | | | | |

COPY FOR YOUR

24 Income. Add positive amounts shown on line 22. Do not include any losses — 24 — 865.

25 Losses. Add royalty losses from line 22 and rental real estate losses from line 23. Enter the total losses here — 25 — ( )

26 Total rental real estate and royalty income or (loss). Combine lines 24 and 25. Enter the result here. If Parts II, III, IV, and line 39 on page 2 do not apply to you, also enter this amount on Form 1040, line 17. Otherwise, include this amount in the total on line 40 on page 2 — 26 — 865.

21491 0-23-95 LHA For Paperwork Reduction Act Notice, see Form 1040 Instructions. 13 Schedule E (Form 1040) 1995

13120409 709261 3B140 050 BUSH, LYMAN F. 08064207

0415

AS ORIGINALLY FILED

Schedule E (Form 1040) 1995 Attachment Sequence No. Page 2

Name(s) shown on return. Do not enter name and social security number if shown on Page 1. | Your social security number [redacted]

LYMAN F. & BEVERLY J. BUSH

Note: If you report amounts from farming or fishing on Schedule E, you must enter your gross income from those activities on line 41 below. Real Estate professionals must complete line 42 below.

**Part II** Income or Loss From Partnerships and S Corporations Note: If you report a loss from an at-risk activity, you MUST check either column (e) or (f) of line 27 to describe your investment in the activity. If you check column (f), you must attach Form 6198.

| 27 | (a) Name | (b) Enter P for partnership; S for S corporation | (c) Check if foreign partnership | (d) Employer identification number | Investment At Risk? (e) All is at risk | (f) Some is not at risk |
|---|---|---|---|---|---|---|
| A | SEE STATEMENT 16 | | | | | |
| B | | | | | | |
| C | | | | | | |
| D | | | | | | |
| E | | | | | | |

| | Passive Income and Loss | | Nonpassive Income and Loss | | |
|---|---|---|---|---|---|
| | (g) Passive loss allowed (attach Form 8582 if required) | (h) Passive income from Schedule K-1 | (i) Nonpassive loss from Schedule K-1 | (j) Section 179 expense deduction from Form 4562 | (k) Nonpassive income from Schedule K-1 |
| A | | | | | |
| B | | | | | |
| C | | | | | |
| D | | | | | |
| E | | | | | |
| 28a Totals | | 21180. | | | |
| b Totals | 22024. | | 1430. | | |

| | | | |
|---|---|---|---|
| 29 | Add columns (h) and (k) of line 28a | 29 | 21180. |
| 30 | Add columns (g), (i), and (j) of line 28b | 30 | ( 23454.) |
| 31 | Total partnership and S corporation income or (loss). Combine lines 29 and 30. Enter the result here and include in the total on line 40 below | 31 | -2274. |

**Part III** Income or Loss From Estates and Trusts

| 32 | (a) Name | (b) Employer identification number |
|---|---|---|
| A | | |
| B | | |

| | Passive Income and Loss | | Nonpassive Income and Loss | |
|---|---|---|---|---|
| | (c) Passive deduction or loss allowed (attach Form 8582 if required) | (d) Passive income from Schedule K-1 | (e) Deduction or loss from Schedule K-1 | (f) Other income from Schedule K-1 |
| A | | | | |
| B | | | | |
| 33a Totals | | | | |
| b Totals | | | | |

| | | | |
|---|---|---|---|
| 34 | Add columns (d) and (f) of line 33a | 34 | |
| 35 | Add columns (c) and (e) of line 33b | 35 | ( ) |
| 36 | Total estate and trust income or (loss). Combine lines 34 and 35. Enter the result here and include in the total on line 40 below | 36 | |

**Part IV** Income or Loss From Real Estate Mortgage Investment Conduits (REMICs) - Residual Holder

| 37 | (a) Name | (b) Employer identification number | (c) Excess inclusion from Schedules Q, line 2c | (d) Taxable income (net loss) from Schedules Q, line 1b | (e) Income from Schedules Q, line 3b |
|---|---|---|---|---|---|
| | | | | | |

38 Combine columns (d) and (e) only. Enter the result here and include in the total on line 40 below | 38 |

**Part V** Summary * ENTIRE DISPOSITION OF PASSIVE ACTIVITY

| | | | |
|---|---|---|---|
| 39 | Net farm rental income or (loss) from Form 4835. Also, complete line 41 below | 39 | |
| 40 | TOTAL income or (loss). Combine lines 26, 31, 36, 38, and 39. Enter the result here and on Form 1040, line 17 | 40 | -1409. |
| 41 | Reconciliation of Farming and Fishing Income: Enter your gross farming and fishing income reported on Form 4835, line 7; Schedule K-1 (Form 1065), line 15b; Schedule K-1 (Form 1120S), line 23; and Schedule K-1 (Form 1041), line 13 | 41 | |
| 42 | Reconciliation for Real Estate Professionals. If you were a real estate professional, enter the net income or (loss) you reported anywhere on Form 1040 from all rental real estate activities in which you materially participated under the passive activity loss rules | 42 | |

COPY

AS ORIGINALLY FILED

LYMAN F. & BEVERLY J. BUSH [redacted]

| CHEDULE D | CAPITAL LOSS CARRYOVER | STATEMENT 15 |
|---|---|---|

| | | |
|---|---|---|
| 1. ENTER THE AMOUNT FROM FORM 1040, LINE 35 | | 56732. |
| 2. ENTER THE LOSS FROM SCHEDULE D, LINE 19 AS A POSITIVE AMOUNT | | 3000. |
| 3. COMBINE LINES 1 AND 2. IF ZERO OR LESS, ENTER -0- | | 59732. |
| 4. ENTER THE SMALLER OF LINE 2 OR LINE 3 | | 3000. |
| 5. ENTER THE LOSS FROM SCHEDULE D, LINE 8 AS A POSITIVE AMOUNT | | 97. |
| 6. ENTER THE GAIN, IF ANY, FROM SCHEDULE D, LINE 17 | | |
| 7. ENTER THE AMOUNT FROM LINE 4 | 3000. | |
| 8. ADD LINES 6 AND 7 | | 3000. |
| 9. SHORT-TERM CAPITAL LOSS CARRYOVER TO 1996. SUBTRACT LINE 8 FROM LINE 5. IF ZERO OR LESS, ENTER -0- | | 0. |
| 0. ENTER THE LOSS FROM SCHEDULE D, LINE 17 AS A POSITIVE AMOUNT | | 79905. |
| 1. ENTER THE GAIN, IF ANY, FROM SCHEDULE D, LINE 8 | | |
| 2. SUBTRACT LINE 5 FROM LINE 4. IF ZERO OR LESS, ENTER -0- | 2903. | |
| 3. ADD LINES 11 AND 12 | | 2903. |
| 4. LONG-TERM CAPITAL LOSS CARRYOVER TO 1996. SUBTRACT LINE 13 FROM LINE 10. IF ZERO OR LESS, ENTER -0- | | 77002. |

| CHEDULE E | INCOME OR (LOSS) FROM PARTNERSHIPS AND S CORPS | STATEMENT 16 |
|---|---|---|

AME

| EMPLOYER ID NO. | NOT AT RISK | CODE | PASSIVE LOSS | PASSIVE INCOME | NONPASSIVE LOSS | SEC. 179 DEDUCTION | NONPASSIVE INCOME |
|---|---|---|---|---|---|---|---|
| UMMER LOVERS ASSOCIATES | | | | | | | |
| 1-2615060 | | P | | 9262. | | | |
| USH AND WEAVER | | | | | | | |
| 1-0993948 | | P | 487. | 1699. | | | |
| INEMA '84 REGISTRATION NO. 8427 | | | | | | | |
| 1-2678807 | | P | | | 1430. | | |
| AWCETT PLAZA ONE | | | | | | | |
| 1-1012413 | | P | 20781. | | | | |
| ONE WOLF MCQUADE ASSOCIATES | | | | | | | |
| 3-3109971 | | P | | 10219. | | | |
| L-LEE ACQUISITION FUND, L.P. | | | | | | | |
| 3-3426817 | | P | | | | | |
| RI BUSINESS PROPERTIES FUND LTD | | | | | | | |
| 4-2919856 | | P | 756. | | | | |
| OTALS TO SCH. E, LN. 28 | | | 22024. | 21180. | 1430. | | |

COPY FOR YOUR FILE

AS ORIGINALLY FILED

AS AMENDED

DOES NOT APPLY

Form **6251** Department of the Treasury Internal Revenue Service

**Alternative Minimum Tax - Individuals**

▶ Attach to Form 1040, Form 1040NR, or Form 1040-T.

OMB No. 1545-0227 **1995** Attachment Sequence No. 32

Name(s) shown on Form 1040: LYMAN F. & BEVERLY J. BUSH

Your social security number: [redacted]

**Part I Adjustments and Preferences**

| | Line | Amount | Handwritten |
|---|---|---|---|
| 1 If you itemized deductions on Schedule A (Form 1040) (or you entered the amount from Form 1040-T, Section B, line t, on Form 1040-T, line 20), go to line 2. Otherwise, enter your standard deduction from Form 1040, line 34 (or Form 1040-T, line 20), and go to line 6 | 1 | | |
| 2 Medical and dental. Enter the smaller of Schedule A (Form 1040), line 4, or 2 1/2% of Form 1040, line 32 (Form 1040-T filers, enter the smaller of Section B, line c or 2 1/2% of Form 1040-T, line 16) | 2 | | |
| 3 Taxes. Enter the amount from Schedule A (Form 1040), line 9 (or the total of lines d through g of Form 1040-T, Section B) | 3 | 4845. | 147 4845 |
| 4 Certain interest on a home mortgage not used to buy, build, or improve your home | 4 | | |
| 5 Miscellaneous itemized deductions. Enter the amount from Schedule A (Form 1040), line 26 (or Form 1040-T, Section B, line r) | 5 | 7745. | 8,135 |
| 6 Refund of taxes. Enter any tax refund from Form 1040, line 10 or 21 (or Form 1040-T, line 4 or line 9) | 6 | | |
| 7 Investment interest. Enter difference between regular tax and AMT deduction | 7 | | |
| 8 Post-1986 depreciation. Enter difference between regular tax and AMT depreciation | 8 | | |
| 9 Adjusted gain or loss. Enter difference between AMT and regular tax gain or loss | 9 | | |
| 10 Incentive stock options. Enter excess of AMT income over regular tax income | 10 | | |
| 11 Passive activities. Enter difference between AMT and regular tax income or loss SEE STATEMENT 19 | 11 | 0. | |
| 12 Beneficiaries of estates and trusts. Enter the amount from Schedule K-1 (Form 1041), line 8 | 12 | | |
| 13 Tax-exempt interest from private activity bonds issued after 8/7/86 | 13 | | |
| 14 Other. Enter the amount, if any, for each item and enter the total on line 14. a Charitable contributions; b Circulation expenditures; c Depletion; d Depreciation (pre-1987); e Installment sales; f Intangible drilling costs; g Long-term contracts; h Loss limitations; i Mining costs; j Patron's adjustment; k Pollution control facilities; l Research and experimental; m Tax shelter farm activities; n Related adjustments | 14 | | |
| 15 Total Adjustments and Preferences. Combine lines 1 through 14 ▶ | 15 | 12590. | |

**Part II Alternative Minimum Taxable Income**

| | Line | Amount | Handwritten |
|---|---|---|---|
| 16 Enter the amount from Form 1040, line 35 (or Form 1040-T, line 21). If less than zero, enter as a (loss) ▶ | 16 | 56732. | <110,125> |
| 17 Net operating loss deduction, if any, from Form 1040, line 21. Enter as a positive amount | 17 | | |
| 18 If Form 1040, line 32 (or Form 1040-T, line 16), is over $114,700 (over $57,350 if married filing separately), and you itemized deductions, enter the amount, if any, from line 9 of the worksheet for Schedule A (Form 1040), line 28 (or line 9 of the worksheet for Section B, line t, of Form 1040-T) | 18 | | |
| 19 Combine lines 15 through 18 ▶ | 19 | 69322. | |
| 20 Alternative tax net operating loss deduction. | 20 | | |
| 21 Alternative Minimum Taxable Income. Subtract line 20 from line 19. (If married filing separately and line 21 is more than $165,000, see instructions.) ▶ | 21 | 69322. | |

**Part III Exemption Amount and Alternative Minimum Tax**

22 Exemption Amount. (If this form is for a child under age 14, see instructions.)

| If your filing status is: | And line 21 is not over: | Enter on line 22: |
|---|---|---|
| Single or head of household | $112,500 | $33,750 |
| Married filing jointly or qualifying widow(er) | 150,000 | 45,000 |
| Married filing separately | 75,000 | 22,500 |

If line 21 is over the amount shown above for your filing status, see instructions.

| | Line | Amount | Handwritten |
|---|---|---|---|
| 22 | 22 | 45000. | <45,000> |
| 23 Subtract line 22 from line 21. If zero or less, enter -0- here and on lines 26 and 28 ▶ | 23 | 24322. | <141,998> |
| 24 If line 23 is $175,000 or less ($87,500 or less if married filing separately), multiply line 23 by 26% (.26). Otherwise, multiply line 23 by 28% (.28) and subtract $3,500 ($1,750 if married filing separately) from the result | 24 | 6324. | |
| 25 Alternative minimum tax foreign tax credit. | 25 | | |
| 26 Tentative minimum tax. Subtract line 25 from line 24 ▶ | 26 | 6324. | |
| 27 Enter your tax from Form 1040, line 38 (plus any amount from Form 4970 included on Form 1040, line 39), minus any foreign tax credit from Form 1040, line 43 (Form 1040-T filers, enter the amount from Form 1040-T, line 26) | 27 | 9413. | |
| 28 Alternative Minimum Tax. (If this form is for a child under age 14, see instructions.) Subtract line 27 from line 26. If zero or less, enter -0-. Enter here and on Form 1040, line 48 (or Form 1040-T, line 31) ▶ | 28 | 0. | -0- |

19481 1-22-95 LHA For Paperwork Reduction Act Notice, see separate instructions. 27 Form 6251(1995)

3120409 709261 3B140 050 BUSH. LYMAN F. 08064207

0418

AS ORIGINALLY FILED

ITC BASIS TO EXTENT OF Income OFFSET BY AT RISK Carryforward

Lone Wolf McQuade 10,219
Sch K-1

x 10% = 1,022

Form **3468** Department of the Treasury Internal Revenue Service

# Investment Credit

▶ Attach to your return.
▶ See separate instructions.

OMB No. 1545-0155 **1995** Attachment Sequence No. 52

Name(s) shown on return | Identifying number

## Part I Current Year Investment Credit

**Note:** *Generally, you cannot claim the regular investment credit for property placed in service after December 31, 1985 (see instructions).*

| | | | | |
|---|---|---|---|---|
| 1 | Rehabilitation credit. Enter the amount of qualified rehabilitation expenditures and multiply by the percentage shown: | | | |
| a | Pre-1936 buildings | × 10% (.10) | 1a | |
| b | Certified historic structures (attach NPS certificate) | × 20% (.20) | 1b | |
| | Enter NPS number assigned or the flow-through entity's identifying number (see instructions) | | | |
| | Transition property: | | | |
| c | 30-year-old buildings | × 10% (.10) | 1c | |
| d | 40-year-old buildings | × 13% (.13) | 1d | |
| e | Certified historic structures (attach NPS certificate) | × 25% (.25) | 1e | |
| | Enter NPS number assigned or the flow-through entity's identifying number (see instructions) | | | |
| 2a | Energy credit. Enter the basis of energy property placed in service during the tax year (see instructions) | × 10% (.10) | 2a | |
| b | Transition energy property. Attach computation (see instructions) | | 2b | |
| 3 | Reforestation credit. Enter the amortizable basis of qualified timber property acquired during the tax year (see instructions for limitations) | × 10% (.10) | 3 | |
| 4 | Regular investment credit for transition property. Enter qualified investment (see instructions) | × 6.5% (.065) | 4 | |
| 5 | Credit from cooperatives. Enter the unused regular investment credit for transition property and the unused energy credit from cooperatives | | 5 | |
| 6 | **Total current year investment credit.** Add lines 1a through 5 | | 6 | 1,022 |

## Part II Tax Liability Limit (See Who Must File Form 3800 to find out if you complete Part II or file Form 3800.)

| | | | | |
|---|---|---|---|---|
| 7a | Individuals. Enter amount from Form 1040, line 40 | | | |
| b | Corporations. Enter amount from Form 1120, Schedule J, line 3 (or Form 1120-A, Part I, line 1) | | 7 | -0- |
| c | Other filers. Enter regular tax before credits from your return | | | |
| 8a | Credit for child and dependent care expenses (Form 2441, line 10) | 8a | | |
| b | Credit for the elderly or the disabled (Schedule R (Form 1040), line 20) | 8b | | |
| c | Mortgage interest credit (Form 8396, line 11) | 8c | | |
| d | Foreign tax credit (Form 1116, line 32, or Form 1118, Sch. B, line 12) | 8d | | |
| e | Possessions tax credit (Form 5735) | 8e | | |
| f | Orphan drug credit (Form 6765) | 8f | | |
| g | Credit for fuel from a nonconventional source | 8g | | |
| h | Qualified electric vehicle credit (Form 8834, line 19) | 8h | | |
| i | Add lines 8a through 8h | | 8i | |
| 9 | Net regular tax. Subtract line 8i from line 7 | | 9 | -0- |
| 10 | Tentative minimum tax (see instructions): | | | |
| a | Individuals. Enter amount from Form 6251, line 26 | | | |
| b | Corporations. Enter amount from Form 4626, line 13 | | 10 | — |
| c | Estates and trusts. Enter amount from Form 1041, Schedule I, line 37 | | | |
| 11 | Net income tax: | | | |
| a | Individuals. Add line 9 above and line 28 of Form 6251 | | | |
| b | Corporations. Add line 9 above and line 15 of Form 4626 | | 11 | — |
| c | Estates and trusts. Add line 9 above and line 41 of Form 1041, Schedule I | | | |
| 12 | If line 9 is more than $25,000, enter 25% (.25) of the excess (see instructions) | | 12 | — |
| 13 | Subtract line 10 or line 12, whichever is greater, from line 11. If zero or less, enter -0- | | 13 | — |
| 14 | **Investment credit allowed for current year.** Enter the smaller of line 6 or line 13. This is your **General Business Credit for 1995.** Enter here and on Form 1040, line 44; Form 1120, Schedule J, line 4d; Form 1120-A, Part I, line 2a; or on the appropriate line of other income tax returns | | 14 | -0- |

For Paperwork Reduction Act Notice, see separate instructions. Cat. No. 12276E Form 3468 (1995)

Printed on recycled paper

0419

95 Income from Pas rou

AS ORIGINALLY FILED

CINEMA '84 REGISTRATION NO. 8427
I.D. NUMBER: 11-2678807
TYPE: PARTNERSHIP

ACTIVITY INFORMATION:

CINEMA '84 REGISTRATION NO. 8427

100% DISPOSITION AT A NET LOSS

| | | |
|---|---|---|
| ORDINARY INCOME (LOSS) | -1416 | |
| SCHEDULE E ACTIVITY INCOME (LOSS) | | -1416 |
| PAL CARRYOVER FROM 1994 - SCHEDULE E | | -14 |
| SCHEDULE E ACTIVITY NET LOSS | | -1430 |

TAX PREFERENCE ITEMS:

| | |
|---|---|
| AMT PAL CARRYOVER FROM 1994 - SCHEDULE E | 14 |

OTHER K-1 INFORMATION:

| | |
|---|---|
| INTEREST | 15 |
| INVESTMENT INCOME | 15 |

95 Income from Passthroug

LONE WOLF MCQUADE ASSOCIATES
I.D. NUMBER: 13-3109971
TYPE: PARTNERSHIP

ACTIVITY INFORMATION:

LONE WOLF MCQUADE ASSOCIATES

100% DISPOSITION AT A NET GAIN

| | |
|---|---|
| ORDINARY INCOME (LOSS) | 10219 |
| SCHEDULE E ACTIVITY INCOME (LOSS) | 10219 |

OTHER K-1 INFORMATION:

| | |
|---|---|
| INTEREST | 15 |
| INVESTMENT INCOME | 15 |

95 Income from Passthroug

SUMMER LOVERS ASSOCIATES
I.D. NUMBER: 11-2615060
TYPE: PARTNERSHIP

ACTIVITY INFORMATION:

SUMMER LOVERS ASSOCIATES

100% DISPOSITION AT A NET GAIN

| | |
|---|---|
| ORDINARY INCOME (LOSS) | 9262 |
| SCHEDULE E ACTIVITY INCOME (LOSS) | 9262 |

OTHER K-1 INFORMATION:

| | |
|---|---|
| INTEREST | 17 |
| INVESTMENT INCOME | 17 |

AS AMENDED



**Schedule A – Net Operating Loss (NOL).** See instructions.

| Line | Description | | | | Amount |
|---|---|---|---|---|---|
| 1 | Adjusted gross income from 1995 Form 1040, line 32. Estates and trusts, skip lines 1 and 2 | | | 1 | <86,878> |
| 2 | Deductions (individuals only): | | | | |
| a | Enter amount from your 1995 Form 1040, line 34 | | 2a 23,247 | | |
| b | Enter your deduction for exemptions from 1995 Form 1040, line 36 | | 2b 5,000 | | |
| c | Add lines 2a and 2b | | | 2c | 28,247 |
| 3 | Combine lines 1 and 2c. Estates and trusts, enter taxable income. | | | 3 | <115,125> |
| | **Note:** If line 3 is zero or more, do not complete rest of schedule. You **do not** have a net operating loss. | | | | |
| | **Adjustments:** | | | | |
| 4 | Deduction for exemptions from line 2b above. Estates and trusts, enter exemption amount from tax return. | | 4 5,000 | | |
| 5 | Total nonbusiness capital losses before limitation. Enter as a positive number. 7917, 26361, 69072 | 5 103,350 | | | |
| 6 | Total nonbusiness capital gains. 7820, 12498, 37 | 6 20,355 | | | |
| 7 | If line 5 is more than line 6, enter difference; otherwise, enter -0- | 7 82,995 | | | |
| 8 | If line 6 is more than line 5, enter difference; otherwise, enter -0- | 8 — | | | |
| 9 | Nonbusiness deductions. See instructions | 9 30,316 | | | |
| 10 | Nonbusiness income other than capital gains. See instructions. 13094, 5372, 8851, | 10 27,317 | | | |
| 11 | Add lines 8 and 10 | 11 27,317 | | | |
| 12 | If line 9 is more than line 11, enter difference; otherwise, enter -0- | | 12 2,999 | | |
| 13 | If line 11 is more than line 9, enter difference; otherwise, enter -0-. Do not enter more than line 8 | 13 -0- | | | |
| 14 | Total business capital losses before limitation. Enter as a positive number | 14 -0- | | | |
| 15 | Total business capital gains. | 15 2,993 | | | |
| 16 | Add lines 13 and 15. | 16 2,993 | | | |
| 17 | If line 14 is more than line 16, enter difference; otherwise, enter -0- | 17 -0- | | | |
| 18 | Add lines 7 and 17 | 18 82,995 | | | |
| 19 | Enter the loss, if any, from line 18 of Schedule D (Form 1040). (Estates and trusts, enter the loss, if any, from line 17, column (c), of Schedule D (Form 1041).) Enter as a positive number. If you do not have a loss on that line, skip lines 19 through 21 and enter on line 22 the amount from line 18 | 19 80,002 | | | |
| 20 | Enter the loss from line 19 of Schedule D (Form 1040). (Estates and trusts, enter the loss from line 18 of Schedule D (Form 1041).) Enter as a positive number | 20 3,000 | | | |
| 21 | Subtract line 20 from line 19 | 21 77,002 | | | |
| 22 | Subtract line 21 from line 18 | | 22 5993 | | |
| 23 | Net operating loss deduction for losses from other years. Enter as a positive number | | 23 0 | | |
| 24 | Add lines 4, 12, 22, and 23 | | | 24 | 13,992 |
| 25 | **Net operating loss.** Combine lines 3 and 24. If the combined amount is less than zero, enter it here and on page 1, line 1a. If the combined amount is zero or more, you **do not** have a net operating loss. | | | 25 | <101,133> |

| | Ordinary: Business | Ordinary: Non Bus | Capital: Business | Capital: Non Business |
|---|---|---|---|---|
| Gains <Losses> Inc <Loss | 12000 | 13094 } 27317 ≠ 0 | 2993 | 7820 |
| | 3626i | 5372 | | 12498 |
| | <21> | 8851 } Ln 9 30316 | | 37 |
| | <1409> | <7069> | | <7917> |
| | <93,044> | <23,247> | | <26361> } <13923> None Allowed |
| | <57,848> | | | |
| | <104,126> | -0- None | 2993 | -0- |

Σ <101,133> CS1

0421

AS ORIGINALLY FILED

**SCHEDULE D (Form 1040)**
Department of the Treasury Internal Revenue Service

# Capital Gains and Losses

▶ Attach to Form 1040. ▶ See Instructions for Schedule D (Form 1040).

OMB No. 1545-0074
**1995**
Attachment Sequence No. 12

Name(s) shown on Form 1040: LYMAN F. & BEVERLY J. BUSH
Your social security number: [redacted]

**Part I Short-Term Capital Gains and Losses - Assets Held One Year or Less**

| (a) Description of Property (Example: 100 sh. XYZ Co.) | (b) Date acquired | (c) Date sold | (d) Sales price | (e) Cost or other basis | (f) LOSS If (e) is more than (d), subtract (d) from (e) | (g) GAIN If (d) is more than (e), subtract (e) from (d) |
|---|---|---|---|---|---|---|
| 1 SEE STATEMENT 13 | | | 166547. | 166644. | 7917. | 7820. |
| | | | | | | |
| | | | | | | |

| Line | Description | | (d) | (f) | (g) |
|---|---|---|---|---|---|
| 2 | Enter your short-term totals, if any | 2 | | | |
| 3 | Total short-term sales price amounts. Add column (d) of lines 1 and 2 | 3 | 166547. | | |
| 4 | Short-term gain from Forms 2119 and 6252, and short-term gain or loss from Forms 4684, 6781, and 8824 | 4 | | | |
| 5 | Net short-term gain or loss from partnerships, S corporations, estates, and trusts from Schedule(s) K-1 | 5 | | | |
| 6 | Short-term capital loss carryover. Enter the amount, if any, from line 9 of your 1994 Capital Loss Carryover Worksheet | 6 | | | |
| 7 | Add lines 1 through 6, in columns (f) and (g) | 7 | | ( 7917.) | 7820. |
| 8 | Net short-term capital gain or (loss). Combine columns (f) and (g) of line 7 ▶ | 8 | | | -97. |

**Part II Long-Term Capital Gains and Losses - Assets Held More Than One Year**

| (a) Description of Property | (b) Date acquired | (c) Date sold | (d) Sales price | (e) Cost or other basis | (f) LOSS | (g) GAIN |
|---|---|---|---|---|---|---|
| 9 SEE STATEMENT 14 | | | 170373. | 184236. | 26361. | 12498. |
| | | | | | | |
| | | | | | | |

| Line | Description | | (d) | (f) | (g) |
|---|---|---|---|---|---|
| 10 | Enter your long-term totals, if any | 10 | | | |
| 11 | Total long-term sales price amounts. Add column (d) of lines 9 and 10 | 11 | 170373. | | |
| 12 | Gain from Form 4797; long-term gain from Forms 2119, 2439, and 6252; and long-term gain or loss from Forms 4684, 6781, and 8824 | 12 | | | |
| 13 | Net long-term gain or loss from partnerships, S corporations, estates, and trusts from Schedule(s) K-1 | 13 | | | 2993. |
| 14 | Capital gain distributions | 14 | | | 37. |
| 15 | Long-term capital loss carryover. Enter the amount, if any, from line 14 of your 1994 Capital Loss Carryover Worksheet | 15 | | 69072. | |
| 16 | Add lines 9 through 15, in columns (f) and (g) | 16 | | ( 95433.) | 15528. |
| 17 | Net long-term capital gain or (loss). Combine columns (f) and (g) of line 16 ▶ | 17 | | | -79905. |

**Part III Summary of Parts I and II**

| Line | Description | | Amount |
|---|---|---|---|
| 18 | Combine lines 8 and 17. If a loss, go to line 19. If a gain, enter the gain on Form 1040, line 13. Note: If both lines 17 and 18 are gains, see the Capital Gain Tax Worksheet | 18 | -80002. |
| 19 | If line 18 is a loss, enter here and as a (loss) on Form 1040, line 13, the smaller of these losses: a The loss on line 18; or b ($3,000) or, if married filing separate, ($1,500) | 19 | ( 3000.) |
| | Note: See the Capital Loss Carryover Worksheet if the loss on line 18 exceeds the loss on line 19 or if Form 1040, line 35, is a loss. SEE STATEMENT 15 | | |

LHA For Paperwork Reduction Act Notice, see Form 1040 Instructions. 12 Schedule D (Form 1040) 1995

3120409 709261 3B140 050 BUSH, LYMAN F. 08064207

AS ORIGINALLY FILED

LYMAN F. & BEVERLY J. BU‑H [redacted]

CHEDULE B TAX-EXEMPT INTEREST STATEMENT 12

| AME OF PAYER | AMOUNT |
|---|---|
| NTEREST FROM MUNICIPAL BONDS | 7211. |
| OTAL TAX-EXEMPT INTEREST TO SCHEDULE B, LINE 1 | 7211. |

CHEDULE D SHORT-TERM CAPITAL GAINS AND LOSSES STATEMENT 13

| ESCRIPTION | ACQUIRED | SOLD | PRICE | COST | LOSS | GAIN |
|---|---|---|---|---|---|---|
| 000 SHARES EDERATED EPARTMENT STORES | 03/10/95 | 07/18/95 | 27476. | 21574. | | 5902. |
| 000 SHARES USION SYSTEMS ORP | 02/03/95 | 03/10/95 | 24996. | 25003. | 7. | |
| 000 SHARES PNC ANK | 09/13/95 | 09/13/95 | 27105. | 27890. | 785. | |
| 00 SHARES ECKSON ASSOC EALTY | 06/02/95 | 10/13/95 | 13139. | 12532. | | 607. |
| 00 SHARES ENZOIL | 01/19/94 | 01/18/95 | 21217. | 28224. | 7007. | |
| 000 SHARES SW ROPERTY TRUST | 10/12/94 | 01/13/95 | 24185. | 24303. | 118. | |
| .800 SHARES OOLWORTH | 12/21/94 | 01/13/95 | 28429. | 27118. | | 1311. |
| OTAL TO SCH. D, PART I, LINE 1 | | | 166547. | 166644. | 7917. | 7820. |

CHEDULE D LONG-TERM CAPITAL GAINS AND LOSSES STATEMENT 14

| ESCRIPTION | ACQUIRED | SOLD | PRICE | COST | LOSS | GAIN |
|---|---|---|---|---|---|---|
| 75 SHARES - UNICIPAL NVESTMENT 9 AMT | 01/29/91 | 05/24/95 | 60403. | 76908. | 16505. | |
| RI BUSINESS ROPERTIES FUND IMITED | | 12/30/94 | 112. | 0. | | 112. |
| 150 SHARES BRISTOL MEYER SQUIBB | 09/22/92 | 03/10/95 | 9116. | 10243. | 1127. | |
| 100 SHARES BRISTOL MEYER SQUIBB | VARIOUS | 06/02/95 | 26317. | 27128. | 811. | |

COPY FOR YOUR FILE

AS ORIGINALLY FILED

LYMAN F. & BEVERLY J. BU[illegible] [redacted]

| | | | | | | |
|---|---|---|---|---|---|---|
| 000 SHARES· EIGLER COAL OLDING | 09/ /94 | 10/25/95 | 22702. | 30620. | 7918. | |
| 00 SHARES IBM | 07/28/93 | 01/18/95 | 30467. | 18803. | | 11664. |
| 500 SHARES USF & | 11/15/93 | 02/03/95 | 21256. | 20534. | | 722. |
| OTAL TO SCH. D, PART II, LINE 9 | | | 170373. | 184236. | 26361. | 12498. |

75 NOL

Bush 503303721

Form **1040X** (Rev. November 1998)

Department of the Treasury — Internal Revenue Service

# Amended U.S. Individual Income Tax Return

▶ See separate instructions.

OMB No. 1545-0091

**This return is for calendar year ▶ 19 92 , OR fiscal year ended ▶ , 19**

Please print or type

| Your first name and initial | Last name | Your social security number |
|---|---|---|
| LYMAN F. | BUSH | [redacted] |
| **If a joint return, spouse's first name and initial** | **Last name** | **Spouse's social security number** |
| BEVERLY J. | BUSH | [redacted] |
| **Home address (no. and street) or P.O. box if mail is not delivered to your home** — 1217 122nd Street Court East | **Apt. no.** | **Telephone number (optional)** 713-965-9244 |
| **City, town or post office, state, and ZIP code. If you have a foreign address, see page 2 of the instructions.** — Tacoma, Washington 98445 | | For Paperwork Reduction Act Notice, see page 6. |

A If the name or address shown above is different from that shown on the original return, check here ▶ ☒

B Has the original return been changed or audited by the IRS or have you been notified that it will be? ☒ Yes ☐ No

C Filing status. Be sure to complete this line. **Note:** *You cannot change from joint to separate returns after the due date.*

On original return ▶ ☐ Single ☒ Married filing joint return ☐ Married filing separate return ☐ Head of household ☐ Qualifying widow(er)

On this return ▶ ☐ Single ☒ Married filing joint return ☐ Married filing separate return ☐ Head of household* ☐ Qualifying widow(er)

* If the qualifying person is a child but not your dependent, see page 2.

| USE PART II ON THE BACK TO EXPLAIN ANY CHANGES | Line | A. Original amount or as previously adjusted (see page 2) | B. Net change — amount of increase or (decrease) — explain in Part II | C. Correct amount |
|---|---|---|---|---|
| **Income and Deductions (see pages 2 - 5)** | | | | |
| 1 Adjusted gross income (see page 3) | 1 | 91,668 | (106,670) | (15,002) |
| 2 Itemized deductions or standard deduction (see page 3) | 2 | 12,603 | 2,215 | 14,818 |
| 3 Subtract line 2 from line 1 | 3 | 79,065 | (108,885) | (29,820) |
| 4 Exemptions. If changing, fill in Parts I and II on the back | 4 | 4,600 | 0 | 4,600 |
| 5 Taxable income. Subtract line 4 from line 3 | 5 | 74,465 | (108,885) | (34,420) |
| **Tax Liability** | | | | |
| 6 Tax (see page 4). Method used in col. C Tax Table | 6 | 16,199 | (16,199) | 0 |
| 7 Credits (see page 4) | 7 | | | |
| 8 Subtract line 7 from line 6. Enter the result but not less than zero | 8 | 16,199 | (16,199) | 0 |
| 9 Other taxes (see page 4) | 9 | 5,800 | 0 | 5,800 |
| 10 Total tax. Add lines 8 and 9 | 10 | 21,999 | (16,199) | 5,800 |
| **Payments** | | | | |
| 11 Federal income tax withheld and excess social security and RRTA tax withheld. If changing, see page 4 | 11 | 2,787 | 0 | 2,787 |
| 12 Estimated tax payments, including amount applied from prior year's return | 12 | 16,500 | 0 | 16,500 |
| 13 Earned income credit | 13 | | | |
| 14 Additional child tax credit from Form 8812 | 14 | | | |
| 15 Credits from Form 4136 or Form 2439 | 15 | | | |
| 16 Amount paid with Form 4868, 2688, or 2350 (applications for extension of time to file) | 16 | | | |
| 17 Amount of tax paid with original return plus additional tax paid after it was filed | 17 | | | 2,712 |
| 18 Total payments. Add lines 11 through 17 in column C | 18 | | | 21,999 |
| **Refund or Amount You Owe** | | | | |
| 19 Overpayment, if any, as shown on original return or as previously adjusted by the IRS | 19 | | | |
| 20 Subtract line 19 from line 18 (see page 4) | 20 | | | 21,999 |
| 21 **AMOUNT YOU OWE.** If line 10, column C, is more than line 20, enter the difference and see page 4 | 21 | | | 0 |
| 22 If line 10, column C, is less than line 20, enter the difference | 22 | | | 16,199 |
| 23 Amount of line 22 you want **REFUNDED TO YOU** | 23 | | | 16,199 ** |
| 24 Amount of line 22 you want **APPLIED TO YOUR 19 ESTIMATED TAX** | 24 | | | |

**Sign Here** Joint return? See page 2. Keep a copy for your records.

Under penalties of perjury, I declare that I have filed an original return and that I have examined this amended return, including accompanying schedules and statements, and to the best of my knowledge and belief, this amended return is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which the preparer has any knowledge.

▶ Your signature Date ▶ Spouse's signature. If a joint return, BOTH must sign. Date

**Paid Preparer's Use Only**

| Preparer's signature ▶ | Date | Check if self-employed | Preparer's social security no. |
|---|---|---|---|
| (signature) CPA | 11/23/99 | ☒ | [redacted] |
| Firm's name (or yours if self-employed) and address ▶ Brett A. Thompson, CPA, 20214 Kingsland Blvd., Katy, Texas | | | EIN; ZIP code 77450 |

** *or such greater amount as is legally refundable, plus interest.*

ISA STF FED3171F.1

Form **1040X** (Rev. 11-98)

0425

Form 1040X (Rev. 11-98) Bush [redacted] Page **2**

**Part I** **Exemptions.** See Form 1040, Form 1040A, or Form 1040-T instructions.

If you are not changing your exemptions, do not complete this part.
If claiming more exemptions, complete lines 25 - 31 and, if applicable, line 32.
If claiming fewer exemptions, complete lines 25 - 30.

| | | A. Original number of exemptions reported or as previously adjusted | B. Net change | C. Correct number of exemptions |
|---|---|---|---|---|
| 25 Yourself and spouse | 25 | | | |
| **Caution:** *If your parents (or someone else) can claim you as a dependent (even if they chose not to), you cannot claim an exemption for yourself.* | | | | |
| 26 Your dependent children who lived with you | 26 | | | |
| 27 Your dependent children who did not live with you due to divorce or separation | 27 | | | |
| 28 Other dependents | 28 | | | |
| 29 Total number of exemptions. Add lines 25 through 28 | 29 | | | |
| 30 Multiply the number of exemptions claimed on line 29 by the amount listed below for the tax year you are amending. Enter the result here and on line 4. | 30 | | | |

| Tax year | Exemption amount | But see page 3 if the amount on line 1 is over: |
|---|---|---|
| 1998 | $2,700 | $93,400 |
| 1997 | 2,650 | 90,900 |
| 1996 | 2,550 | 88,475 |
| 1995 | 2,500 | 86,025 |

31 Dependents (children and other) not claimed on original (or adjusted) return:
**Note:** *For tax year 1998, do not complete column (e) below. For tax years before 1998, do not complete column (d) below.*

| (a) First name | Last name | (b) Dependent's social security number. If born in the tax year you are amending, see page 5. | (c) Dependent's relationship to you | (d) ✓ if qualifying child for child tax credit (see page 5) | (e) No. of months lived in your home |
|---|---|---|---|---|---|
| | | | | ☐ | |
| | | | | ☐ | |
| | | | | ☐ | |
| | | | | ☐ | |
| | | | | ☐ | |
| | | | | ☐ | |

No. of your children on line 31 who:
- lived with you ▶ ☐
- **did not live** with you due to divorce or separation (see page 5) ▶ ☐

Dependents on line 31 not entered above ▶ ☐

32 For tax year 1995, if your child listed on line 31 did not live with you but is claimed as your dependent under a pre-1985 agreement, check here ▶ ☐

**Part II** **Explanation of Changes to Income, Deductions, and Credits**

**Enter the line number from the front of the form for each item you are changing and give the reason for each change. Attach only the supporting forms and schedules for the items changed. If you do not attach the required information, your Form 1040X may be returned. Be sure to include your name and social security number on any attachments.**

If the change relates to a net operating loss carryback or a general business credit carryback, attach the schedule or form that shows the year in which the loss or credit occurred. See page 1 of the instructions. Also, check here ▶ ☒

***** *PLEASE SEE EXPLANATION ATTACHED* *****

This amended return is filed to carryback the net operating loss generated in 1995.

**Part III** **Presidential Election Campaign Fund.** Checking below will not increase your tax or reduce your refund.

If you did not previously want $3 to go to the fund but now want to, check here ▶ ☐
If a joint return and your spouse did not previously want $3 to go to the fund but now wants to, check here ▶ ☐

STF FED3171F.2

**LY...AN F. BUSH and BEVERLY J. BUS..**
**(SSN [redacted] and SSN [redacted])**
**EXPLANATION - 1995 REFUND CLAIM**

The taxpayer and the Commissioner entered into a Closing Agreement ("Agreement") on July 22, 1999 regarding the taxpayer's partnership interest in Cinema 84 and Lone Wolf McQuade Associates, copies of which are attached hereto as Exhibit "A."

This refund claim is being filed and is timely based on Paragraph 15 of the Agreement which provides that "[a]ny refund claim attributable to the operation of this agreement ***shall*** be deemed to be timely filed and ***shall*** be allowed if it is filed with the IRS within one year of the execution of this agreement by the Commissioner of Internal Revenue."

Further, pursuant to Paragraph 15 of the Agreement, "[a]ny refund claim so submitted within 120 days of this agreement shall be allowed as an offset pursuant to I.R.C. §§6402(a) and 6601(f) against any tax deficiencies resulting from this agreement." Therefore, the refund due under this claim must be applied as an offset to the tax deficiencies arising from the settlement. The refund should be applied first to any deficiency determined for 1983 and thereafter any balance to any subsequent year deficiencies.

This refund claim results from application of the portion of the §465 suspended losses allowable in this year as a consequence of the increase in the amount at risk resulting from net partnership income reported in this year, based on Agreement Paragraph 8 and capital contributions based on Agreement Paragraph 7 as reported on the K-1 attached as Exhibit "B.".

This refund claim also results from application of the portion of the §465 suspended investment tax credits allowable in this year as a consequence of the increase in the amount at risk resulting from net partnership income reported in this year, based on Agreement Paragraph 8.

Based upon the Agreement, the suspended losses and ITC allowable in this year as a consequence of Paragraph 8 of the Agreement are determined as follows:

| | Cinema 84 | Lone Wolf McQuade |
|---|---|---|
| Increase of amount at risk due to net partnership income and capital contributions in current year per K-1 | $87,442.00 | $107,206.00 |
| Portion of losses previously suspended under §465 allowable in current year per Closing Agreement | $57,848.00 | $93,049.00 |
| Portion of ITC suspended under §465 allowable due to increase in amount at risk | $-0.00- | $1,022.00 |

***<u>Please process this claim immediately and apply the refund as an offset under §6402 as required above.</u>***

Exhibit:

A - Copy of Closing Agreement
B - Copy of K-1
C - Computation of Deduction Amounts

C:\DOCS\CORRESP.Q\Refund.clm\qsten169.bu1

Bush 503303721

Form **1040X** (Rev. November 1998)

Department of the Treasury — Internal Revenue Service

# Amended U.S. Individual Income Tax Return

▶ See separate instructions.

OMB No. 1545-0091

This return is for calendar year ▶ 1995, OR fiscal year ended ▶ , 19 .

| Please print or type | | | |
|---|---|---|---|
| Your first name and initial: LYMAN F. | Last name: BUSH | | Your social security number: [redacted] |
| If a joint return, spouse's first name and initial: BEVERLY J. | Last name: BUSH | | Spouse's social security number: [redacted] |
| Home address (no. and street) or P.O. box if mail is not delivered to your home: 1217 122nd Street Court East | | Apt. no. | Telephone number (optional): 713-965-9244 |
| City, town or post office, state, and ZIP code. If you have a foreign address, see page 2 of the instructions: Tacoma, Washington 98445 | | | For Paperwork Reduction Act Notice, see page 6. |

A If the name or address shown above is different from that shown on the original return, check here. ▶ [X]

B Has the original return been changed or audited by the IRS or have you been notified that it will be? [X] Yes [ ] No

C Filing status. Be sure to complete this line. Note: *You cannot change from joint to separate returns after the due date.*

On original return ▶ [ ] Single [X] Married filing joint return [ ] Married filing separate return [ ] Head of household [ ] Qualifying widow(er)

On this return ▶ [ ] Single [X] Married filing joint return [ ] Married filing separate return [ ] Head of household* [ ] Qualifying widow(er)

* If the qualifying person is a child but not your dependent, see page 2.

USE PART II ON THE BACK TO EXPLAIN ANY CHANGES

| | Income and Deductions (see pages 2 - 5) | | A. Original amount or as previously adjusted (see page 2) | B. Net change — amount of increase or (decrease) — explain in Part II | C. Correct amount |
|---|---|---|---|---|---|
| 1 | Adjusted gross income (see page 3) | 1 | 74,240 | (161,118) | (86,878) |
| 2 | Itemized deductions or standard deduction (see page 3) | 2 | 17,508 | 5,739 | 23,247 |
| 3 | Subtract line 2 from line 1 | 3 | 56,732 | (166,857) | (110,125) |
| 4 | Exemptions. If changing, fill in Parts I and II on the back | 4 | 5,000 | 0 | 5,000 |
| 5 | Taxable income. Subtract line 4 from line 3 | 5 | 51,732 | (166,857) | (115,125) |
| **Tax Liability** | | | | | |
| 6 | Tax (see page 4). Method used in col. C Tax Table | 6 | 9,413 | (9,413) | 0 |
| 7 | Credits (see page 4) | 7 | | 1,948 | 1,948 |
| 8 | Subtract line 7 from line 6. Enter the result but not less than zero | 8 | 9,413 | (9,413) | 0 |
| 9 | Other taxes (see page 4) | 9 | 5,115 | 0 | 5,115 |
| 10 | Total tax. Add lines 8 and 9 | 10 | 14,528 | (9,413) | 5,115 |
| **Payments** | | | | | |
| 11 | Federal income tax withheld and excess social security and RRTA tax withheld. If changing, see page 4 | 11 | 2,553 | 0 | 2,553 |
| 12 | Estimated tax payments, including amount applied from prior year's return | 12 | 8,262 | 0 | 8,262 |
| 13 | Earned income credit | 13 | | | |
| 14 | Additional child tax credit from Form 8812 | 14 | | | |
| 15 | Credits from Form 4136 or Form 2439 | 15 | | | |
| 16 | Amount paid with Form 4868, 2688, or 2350 (applications for extension of time to file) | 16 | | | |
| 17 | Amount of tax paid with original return plus additional tax paid after it was filed | 17 | | | 3,713 |
| 18 | Total payments. Add lines 11 through 17 in column C | 18 | | | 14,528 |
| | **Refund or Amount You Owe** | | | | |
| 19 | Overpayment, if any, as shown on original return or as previously adjusted by the IRS | 19 | | | |
| 20 | Subtract line 19 from line 18 (see page 4) | 20 | | | 14,528 |
| 21 | **AMOUNT YOU OWE.** If line 10, column C, is more than line 20, enter the difference and see page 4 | 21 | | | 0 |
| 22 | If line 10, column C, is less than line 20, enter the difference | 22 | | | 9,413 |
| 23 | Amount of line 22 you want **REFUNDED TO YOU** | 23 | | | 9,413 ** |
| 24 | Amount of line 22 you want **APPLIED TO YOUR 19 ESTIMATED TAX** | 24 | | | |

"DUPLICATE COPY" DO NOT PROCESS

**Sign Here** Joint return? See page 2. Keep a copy for your records.

Under penalties of perjury, I declare that I have filed an original return and that I have examined this amended return, including accompanying schedules and statements, and to the best of my knowledge and belief, this amended return is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which the preparer has any knowledge.

▶ Your signature Date ▶ Spouse's signature. If a joint return, BOTH must sign. Date

CLIENT COPY

| **Paid Preparer's Use Only** | | | |
|---|---|---|---|
| Preparer's signature ▶ | Date | Check if self-employed [X] | Preparer's social security no. [redacted] |
| Firm's name (or yours if self-employed) and address ▶ | Brett A. Thompson, CPA | | EIN |
| | 20214 Kingsland Blvd., Katy, Texas | | ZIP code 77450 |

*** or such greater amount as is legally refundable, plus interest.*

Form **1040X** (Rev. 11-98)

ISA STF FED3171F.1

0428

AS AMENDED

Form 1045 (1995) Page **2**

## Schedule A – Net Operating Loss (NOL). See instructions.

| Line | Description | | | | |
|---|---|---|---|---|---|
| 1 | Adjusted gross income from 1995 Form 1040, line 32. Estates and trusts, skip lines 1 and 2 | | | 1 | <86,878> |
| 2 | Deductions (individuals only): | | | | |
| a | Enter amount from your 1995 Form 1040, line 34 | | 2a 23,247 | | |
| b | Enter your deduction for exemptions from 1995 Form 1040, line 36 | | 2b 5,000 | | |
| c | Add lines 2a and 2b | | | 2c | 28,247 |
| 3 | Combine lines 1 and 2c. Estates and trusts, enter taxable income. | | | 3 | <115,125> |
| | Note: If line 3 is zero or more, do not complete rest of schedule. You **do not** have a net operating loss. | | | | |
| | **Adjustments:** | | | | |
| 4 | Deduction for exemptions from line 2b above. Estates and trusts, enter exemption amount from tax return. | | 4 5,000 | | |
| 5 | Total nonbusiness capital losses before limitation. Enter as a positive number. 7917, 26361, 69072 | 5 103,350 | | | |
| 6 | Total nonbusiness capital gains. 7820 12498 37 | 6 20,355 | | | |
| 7 | If line 5 is more than line 6, enter difference; otherwise, enter -0- | 7 82,995 | | | |
| 8 | If line 6 is more than line 5, enter difference; otherwise, enter -0- | 8 — | | | |
| 9 | Nonbusiness deductions. See instructions | 9 30,316 | | | |
| 10 | Nonbusiness income other than capital gains. See instructions. 13094, 5372, 8851, | 10 27,317 | | | |
| 11 | Add lines 8 and 10 | 11 27,317 | | | |
| 12 | If line 9 is more than line 11, enter difference; otherwise, enter -0- | | 12 2,999 | | |
| 13 | If line 11 is more than line 9, enter difference; otherwise, enter -0-. Do not enter more than line 8 | 13 -0- | | | |
| 14 | Total business capital losses before limitation. Enter as a positive number | 14 -0- | | | |
| 15 | Total business capital gains. | 15 2,993 | | | |
| 16 | Add lines 13 and 15. | 16 2,993 | | | |
| 17 | If line 14 is more than line 16, enter difference; otherwise, enter -0- | 17 -0- | | | |
| 18 | Add lines 7 and 17 | 18 82,995 | | | |
| 19 | Enter the loss, if any, from line 18 of Schedule D (Form 1040). (Estates and trusts, enter the loss, if any, from line 17, column (c), of Schedule D (Form 1041).) Enter as a positive number. If you do not have a loss on that line, skip lines 19 through 21 and enter on line 22 the amount from line 18 | 19 80,002 | | | |
| 20 | Enter the loss from line 19 of Schedule D (Form 1040). (Estates and trusts, enter the loss from line 18 of Schedule D (Form 1041).) Enter as a positive number | 20 3,000 | | | |
| 21 | Subtract line 20 from line 19 | 21 77,002 | | | |
| 22 | Subtract line 21 from line 18. | | 22 5993 | | |
| 23 | Net operating loss deduction for losses from other years. Enter as a positive number | | 23 0 | | |
| 24 | Add lines 4, 12, 22, and 23 | | | 24 | 13,992 |
| 25 | **Net operating loss.** Combine lines 3 and 24. If the combined amount is less than zero, enter it here and on page 1, line 1a. If the combined amount is zero or more, you **do not** have a net operating loss. | | | 25 | <101,133> |

| | ORDINARY Business | ORDINARY Non Bus | CAPITAL Business | CAPITAL Non Business |
|---|---|---|---|---|
| GAINS <Losses> Inc <Loss | 12000 | 13094 (27317 → 0) | 2993 | 7820 |
| | 36201 | 5372 | | 12498 |
| | <21> | 8851 | | 37 |
| | <1409> | <7069> (Ln 9 30316) | | <7917> |
| | <93,044> | <23,247> | | <26,361> ((13923) None Allowed) |
| | <57,848> | | | |
| | <104,126> | -0- None | 2993 | -0- |

0429

AS ORIGINALLY FILED

AS AMENDED

Form 1040 Department of the Treasury - Internal Revenue Service
U.S. Individual Income Tax Return 1992 | IRS Use Only - Do not write or staple in this space.

For the year Jan.-Dec. 31, 1992, or other tax year beginning , 1992, ending , 19 | OMB No. 1545-0074

| | | | |
|---|---|---|---|
| Label (See instructions on page 10.) | Your first name and initial: LYMAN F. BUSH | Last name | Your social security number: [redacted] |
| | If a joint return, spouse's first name and initial: BEVERLY J. | Last name if different | Spouse's social security no.: [redacted] |
| Use IRS label. Otherwise, please print or type. | Home address (number and street). (If you have a P.O. box, see page 10.) 1217 122ND STREET COURT EAST | Apt. no. | For Privacy Act and Paperwork Reduction Act Notice, see page 4. |
| | City, town or post office, state, and ZIP code. (If you have a foreign address, see page 10.) TACOMA, WA 98445-0000 | | |

**Presidential Election Campaign**
Do you want $1 to go to this fund? [X] Yes [ ] No
If joint return, does your spouse want $1 to go to this fund? [X] Yes [ ] No
Note: Checking "Yes" will not change your tax or reduce your refund.

**Filing Status** (See page 10.) Check only one box.
1 [ ] Single
2 [X] Married filing joint return (even if only one had income)
3 [ ] Married filing separate return. Enter spouse's soc. sec. no. above and full name here. ▶
4 [ ] Head of household (with qualifying person). If the qualifying person is a child but not your dependent, enter this child's name here. ▶
5 [ ] Qualifying widow(er) with dependent child (year spouse died ▶19 ).

**Exemptions** (See page 11.)
6a [X] Yourself If your parent (or someone else) can claim you as a dependent on his or her tax return, do not check box 6a. But be sure to check the box on line 33b on page 2
b [X] Spouse
No. of boxes checked on 6a and 6b: 2

c Dependents:

| (1) Name (first, initial, and last name) | (2) Check if under age 1 | (3) If age 1 or older, dependent's social security number | (4) Dependent's relationship to you | (5) No. of months lived in your home in 1992 |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

No. of your children on 6c who: • lived with you
• didn't live with you due to divorce or separation (see page 13)
No. of other dependents on 6c
If more than six dependents, see page 12.
d If your child didn't live with you but is claimed as your dependent under a pre-1985 agreement, check here ▶ [ ]
e Total number of exemptions claimed — Add numbers entered on lines above ▶ 2

**Income**
Attach Copy B of your Forms W-2, W-2G, and 1099-R here.
If you did not get a W-2, see page 9.
Attach check or money order on top of any Forms W-2, W-2G, or 1099-R.

| Line | Description | | Amount |
|---|---|---|---|
| 7 | Wages, salaries, tips, etc. Attach Form(s) W-2 | 7 | 12,000. |
| 8a | Taxable interest income. Attach Schedule B if over $400 | 8a | 8,215. |
| b | Tax-exempt interest income (see page 15). DON'T include on line 8a — 8b 9,821. | | |
| 9 | Dividend income. Attach Schedule B if over $400 | 9 | 7,659. |
| 10 | Taxable refunds, credits, or offsets of state and local income taxes from worksheet on page 16 | 10 | |
| 11 | Alimony received | 11 | |
| 12 | Business income or (loss). Attach Schedule C or C-EZ | 12 | 41,050. |
| 13 | Capital gain or (loss). Attach Schedule D | 13 | 16,232. |
| 14 | Capital gain distributions not reported on line 13 (see page 15) | 14 | |
| 15 | Other gains or (losses). Attach Form 4797 | 15 | <2.> |
| 16a | Total IRA distributions — 16a 6,187. — b Taxable amount (see page 16) | 16b | 0. |
| 17a | Total pensions and annuities — 17a — b Taxable amount (see page 16) | 17b | 8,851. |
| 18 | Rents, royalties, partnerships, estates, trusts, etc. Attach Schedule E | 18 | 2. |
| 19 | Farm income or (loss). Attach Schedule F | 19 | |
| 20 | Unemployment compensation (see page 17) | 20 | |
| 21a | Social security benefits — 21a 11,074. — b Taxable amount (see page 17) | 21b | 5,537. |
| 22 | Other income. List type and amount - see page 18 | 22 | |
| 23 | Add the amounts shown in the far right column for lines 7 through 22. This is your total income ▶ | 23 | 99,544. |

COPY FOR FILE

Adjustment to Soc Sec tax Income <5,537>

NOL Deduction → <101,133>

**Adjustments to Income** (See page 18.)

| Line | Description | | Amount |
|---|---|---|---|
| 24a | Your IRA deduction from applicable worksheet on page 19 or 20 | 24a | |
| b | Spouse's IRA deduction from applicable worksheet on page 19 or 20 | 24b | |
| 25 | One-half of self-employment tax (see page 20) | 25 | 2,900. |
| 26 | Self-employed health insurance deduction (see page 20) | 26 | |
| 27 | Keogh retirement plan and self-employed SEP deduction | 27 | 4,976. |
| 28 | Penalty on early withdrawal of savings | 28 | |
| 29 | Alimony paid. Recipient's SSN ▶ | 29 | |
| 30 | Add lines 24a through 29. These are your total adjustments ▶ | 30 | 7,876. |

**Adjusted Gross Income**
31 Subtract line 30 from line 23. This is your adjusted gross income. If this amount is less than $22,370 and a child lived with you, see page EIC-1 to find out if you can claim the "Earned Income Credit" on line 56 ▶ 31 91,668.

→ 91,668
<15,002>

H761 22 Form 1040 (1992)
08510409 709261 3B140 050 BUSH, L. 09364205

0430

AS ORIGINALLY FILED

AS AMENDED

Form 1040 (1992) LYMAN F. & BEVI Y J. BUSH [redacted] OMB No. 1545-0074 Page 2

| Section | Line | Description | Line no. | Amount | As amended |
|---|---|---|---|---|---|
| | 32 | Amount from line 31 (adjusted gross income) | 32 | 91,668. | <15,002> |
| Tax Computation | 33a | Check if: ☐ You were 65 or older ☐ Blind; ☐ Spouse was 65 or older ☐ Blind. Add the number of boxes checked above and enter the total here ▶ 33a | | | |
| | b | If your parent (or someone else) can claim you as a dependent, check here ▶ 33b ☐ | | | |
| | c | If you are married filing separately and your spouse itemizes deductions or you are a dual-status alien, see page 22 and check here ▶ 33c ☐ | | | |
| | 34 | Enter the larger of your: Itemized deductions from Schedule A, line 26, OR Standard deduction shown below for your filing status. But if you checked any box on line 33a or b, go to page 22 to find your standard deduction. If you checked box 33c, your standard deduction is zero. • Single – $3,600 • Head of household – $5,250 • Married filing jointly or Qualifying widow(er) – $6,000 • Married filing separately – $3,000 | 34 | 12,603. | <14,818> |
| | 35 | Subtract line 34 from line 32 | 35 | 79,065. | |
| | 36 | If line 32 is $78,950 or less, multiply $2,300 by the total number of exemptions claimed on line 6e. If line 32 is over $78,950, see the worksheet on page 23 for the amount to enter | 36 | 4,600. | <4,600> |
| | 37 | Taxable income. Subtract line 36 from line 35. If line 36 is more than line 35, enter -0- | 37 | 74,465. | <34,420> |
| | 38 | Enter tax. Check if from a ☒ Tax Table, b ☐ Tax Rate Schedules, c ☐ Schedule D, or d ☐ Form 8615 (see page 23). Amount, if any, from Form(s) 8814 ▶ e | 38 | 16,199. | |
| | 39 | Additional taxes (see page 23). Check if from a ☐ Form 4970 b ☐ Form 4972 | 39 | | |
| | 40 | Add lines 38 and 39 ▶ | 40 | 16,199. | -0- |
| Credits | 41 | Credit for child and dependent care expenses. Attach Form 2441 (41) | | | |
| | 42 | Credit for the elderly or the disabled. Attach Schedule R (42) | | | |
| | 43 | Foreign tax credit. Attach Form 1116 (43) | | | |
| | 44 | Other credits. Check if from a ☐ Form 3800 b ☐ Form 8396 c ☐ Form 8801 d ☐ Form (specify) (44) | | | |
| | 45 | Add lines 41 through 44 | 45 | | |
| | 46 | Subtract line 45 from line 40. If line 45 is more than line 40, enter -0- ▶ | 46 | 16,199. | |
| Other Taxes | 47 | Self-employment tax. Attach Schedule SE. Also, see line 25 | 47 | 5,800. | 5,800 |
| | 48 | Alternative minimum tax. Attach Form 6251 | 48 | 0. | |
| | 49 | Recapture taxes. Check if from a ☐ Form 4255 b ☐ Form 8611 c ☐ Form 8828 | 49 | | |
| | 50 | Social security and Medicare tax on tip income not reported to employer. Attach Form 4137 | 50 | | |
| | 51 | Tax on qualified retirement plans, including IRAs. Attach Form 5329 | 51 | | |
| | 52 | Advance earned income credit payments from Form W-2 | 52 | | |
| | 53 | Add lines 46 through 52. This is your total tax ▶ | 53 | 21,999. | |
| Payments | 54 | Federal income tax withheld. If any is from Form(s) 1099, check ▶ ☒ (54) 2,787. | | STATEMENT 3 | |
| | 55 | 1992 estimated tax payments and amount applied from 1991 return (55) 16,500. | | | |
| | 56 | Earned income credit. Attach Schedule EIC (56) | | | |
| Attach Forms W-2, W-2G, and 1099-R on the front. | 57 | Amount paid with Form 4868 (extension request) (57) | | | |
| | 58 | Excess social security, Medicare, and RRTA tax withheld (58) | | | |
| | 59 | Other payments. Check if from a ☐ Form 2439 b ☐ Form 4136 (59) | | | |
| | 60 | Add lines 54 through 59. These are your total payments | 60 | 19,287. | |
| Refund or Amount You Owe | 61 | If line 60 is more than line 53, subtract line 53 from line 60. This is the amount you OVERPAID ▶ | 61 | | |
| | 62 | Amount of line 61 you want REFUNDED TO YOU ▶ | 62 | | |
| Attach check or money order on top of Form(s) W-2 etc. on the front. | 63 | Amount of line 61 you want APPLIED TO YOUR 1993 ESTIMATED TAX ▶ (63) | | | |
| | 64 | If line 53 is more than line 60, subtract line 60 from line 53. This is the AMOUNT YOU OWE. Attach check or money order for full amount payable to "Internal Revenue Service." Write your name, address, social security number, daytime phone number, and "1992 Form 1040" on it | 64 | 2,712. | |
| | 65 | Estimated tax penalty (see page 27). Also include on line 64 (65) | | | |

COPY (stamped)

**Sign Here** — Under penalties of perjury, I declare that I have examined this return and accompanying schedules and statements, and to the best of my knowledge and belief, they are true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

Keep a copy of this return for your records.

| Your signature | Date | Your occupation: STRUCTURAL ENG. |
|---|---|---|
| Spouse's signature. If joint return, BOTH must sign | Date | Spouse's occupation: TEACHER |

**Paid Preparer's Use Only**

| | | |
|---|---|---|
| Preparer's signature | Date / Check if self-employed ☐ | Preparer's social security no. [redacted] |
| Firm's name (or yours if self-employed) and address | BRINK & SADLER, C.P.A.'S<br>P.O. BOX 99190<br>TACOMA, WASHINGTON | E.I. No. 91 0861130<br>ZIP code 98499-0190 |

AS ORIGINALLY FILED

AS AMENDED

**SCHEDULE A&B (Form 1040)**
Department of the Treasury
Internal Revenue Service

# Schedule A - Itemized Deductions
(Schedule B is on page 2)
▶ Attach to Form 1040. ▶ See Instructions for Schedule A (Form 1040).

OMB No. 1545-0074
**1992**
Attachment Sequence No. 07

Name(s) shown on Form 1040: LYMAN F. & BEVERLY J. BUSH

Your social security number: [redacted]

| Section | Line | Description | Box | Amount | Line | Total | As amended |
|---|---|---|---|---|---|---|---|
| **Medical and Dental Expenses** | | Caution: Do not include expenses reimbursed or paid by others. | | | | | |
| | 1 | Medical and dental expenses. (See page A-1) SEE STATEMENT 8 | 1 | 382. | | | |
| | 2 | Enter amount from Form 1040, line 32 [2] ~~91,668.~~ | | | | | |
| | 3 | Multiply line 2 above by 7.5% (.075) | 3 | ~~6,875.~~ | | | |
| | 4 | Subtract line 3 from line 1. If zero or less, enter -0- | | | ▶ 4 | 0. | 382 |
| **Taxes You Paid** (See page A-1.) | 5 | State and local income taxes | 5 | | | | |
| | 6 | Real estate taxes (see page A-2) SEE STATEMENT 9 | 6 | 2,663. | | | |
| | 7 | Other taxes. List - include personal property taxes ▶PERSONAL PROPERTY TAX 505. | 7 | 505. | | | |
| | 8 | Add lines 5 through 7 | | | ▶ 8 | 3,168. | 3168 |
| **Interest You Paid** (See page A-2.) | 9a | Home mortgage interest and points reported to you on Form 1098 STMT 6 | 9a | 272. | | | |
| | b | Home mortgage interest not reported to you on Form 1098. If paid to an individual, show that person's name and address. ▶ | 9b | | | | |
| **Note:** Personal interest is not deductible. | 10 | Points not reported to you on Form 1098. See page A-3 for special rules. | 10 | | | | |
| | 11 | Investment interest. If required attach Form 4952. (See page A-3) STMT 7 | 11 | 216. | | | |
| | 12 | Add lines 9a through 11 | | | ▶ 12 | 488. | 488 |
| **Gifts to Charity** (See page A-3.) | | Caution: If you made a charitable contribution and received a benefit in return, see page A-3. | | | | | (without AGI Adjusted for NOL carryback §170(b)(1)(F)) |
| | 13 | Contributions by cash or check SEE STATEMENT 5 | 13 | 2,912. | | | |
| | 14 | Other than cash or check. If over $500, you MUST attach Form 8283 | 14 | | | | |
| | 15 | Carryover from prior year | 15 | | | | |
| | 16 | Add lines 13 through 15 | | | ▶ 16 | 2,912. | 2,912 |
| **Casualty and Theft Losses** | 17 | Casualty or theft loss(es). Attach Form 4684. (See page A-4.) | | | ▶ 17 | | |
| **Moving Expenses** | 18 | Moving expenses. Attach Form 3903 or 3903F. (See page A-4.) | | | ▶ 18 | | |
| **Job Expenses and Most Other Miscellaneous Deductions** | 19 | Unreimbursed employee expenses - job travel, union dues, job education, etc. If required, you MUST attach Form 2106. (See page A-4.) ▶ | 19 | | | | |
| (See page A-4 for expenses to deduct here.) | 20 | Other expenses - investment, tax preparation, safe deposit box, etc. List type and amount ▶ SEE STATEMENT 4 | 20 | 7,868. | | | |
| | 21 | Add lines 19 and 20 | 21 | 7,868. | | | |
| | 22 | Enter amount from Form 1040, line 32 [22] ~~91,668.~~ | | | | | |
| | 23 | Multiply line 22 above by 2% (.02) | 23 | ~~1,833.~~ | | | |
| | 24 | Subtract line 23 from line 21. Enter the result. If zero or less, enter -0- | | | ▶ 24 | ~~6,035.~~ | 7868 |
| **Other Miscellaneous Deductions** | 25 | Other - from list on page A-5. List type and amount ▶ | | | ▶ 25 | | |
| **Total Itemized Deductions** | 26 | Is the amount on Form 1040, line 32, more than $105,250 (more than $52,625 if married filing separately)? • NO. Your deduction is not limited. Add lines 4, 8, 12, 16, 17, 18, 24, and 25. Enter the total here. • YES. Your deduction may be limited. See page A-5 for the amount to enter. | | | ▶ 26 | 12,603. | 14,818 |

Caution: Be sure to enter on Form 1040, line 34, the LARGER of the amount on line 26 above or your standard deduction.

COPY FOR YOUR FILE

H761 For Paperwork Reduction Act Notice, see Form 1040 Instructions.

Schedule A (Form 1040) 1992

26

**0432**

08510409 709261 3B140 050 BUSH, L. 09364205

Bush 503303721

Form **1040X** (Rev. November 1998)

Department of the Treasury — Internal Revenue Service

# Amended U.S. Individual Income Tax Return

▶ See separate instructions.

OMB No. 1545-0091

This return is for calendar year ▶ 19 95 , OR fiscal year ended ▶ , 19 .

Please print or type

| | | |
|---|---|---|
| Your first name and initial: LYMAN F. | Last name: BUSH | Your social security number: [redacted] |
| If a joint return, spouse's first name and initial: BEVERLY J. | Last name: BUSH | Spouse's social security number: [redacted] |
| Home address (no. and street) or P.O. box if mail is not delivered to your home: 1217 122nd Street Court East | Apt. no. | Telephone number (optional): 713-965-9244 |
| City, town or post office, state, and ZIP code. If you have a foreign address, see page 2 of the instructions. Tacoma, Washington 98445 | | For Paperwork Reduction Act Notice, see page 6. |

A If the name or address shown above is different from that shown on the original return, check here ▶ [X]

B Has the original return been changed or audited by the IRS or have you been notified that it will be? [X] Yes [ ] No

C Filing status. Be sure to complete this line. **Note:** *You cannot change from joint to separate returns after the due date.*

On original return ▶ [ ] Single [X] Married filing joint return [ ] Married filing separate return [ ] Head of household [ ] Qualifying widow(er)

On this return ▶ [ ] Single [X] Married filing joint return [ ] Married filing separate return [ ] Head of household* [ ] Qualifying widow(er)

* If the qualifying person is a child but not your dependent, see page 2.

| USE PART II ON THE BACK TO EXPLAIN ANY CHANGES | Line | A. Original amount or as previously adjusted (see page 2) | B. Net change — amount of increase or (decrease) — explain in Part II | C. Correct amount |
|---|---|---|---|---|
| **Income and Deductions (see pages 2 - 5)** | | | | |
| 1 Adjusted gross income (see page 3) | 1 | 74,240 | (161,118) | (86,878) |
| 2 Itemized deductions or standard deduction (see page 3) | 2 | 17,508 | 5,739 | 23,247 |
| 3 Subtract line 2 from line 1 | 3 | 56,732 | (166,857) | (110,125) |
| 4 Exemptions. If changing, fill in Parts I and II on the back | 4 | 5,000 | 0 | 5,000 |
| 5 Taxable income. Subtract line 4 from line 3 | 5 | 51,732 | (166,857) | (115,125) |
| **Tax Liability** | | | | |
| 6 Tax (see page 4). Method used in col. C Tax Table | 6 | 9,413 | (9,413) | 0 |
| 7 Credits (see page 4) | 7 | | 1,948 | 1,948 |
| 8 Subtract line 7 from line 6. Enter the result but not less than zero | 8 | 9,413 | (9,413) | 0 |
| 9 Other taxes (see page 4) | 9 | 5,115 | 0 | 5,115 |
| 10 Total tax. Add lines 8 and 9 | 10 | 14,528 | (9,413) | 5,115 |
| **Payments** | | | | |
| 11 Federal income tax withheld and excess social security and RRTA tax withheld. If changing, see page 4 | 11 | 2,553 | 0 | 2,553 |
| 12 Estimated tax payments, including amount applied from prior year's return | 12 | 8,262 | 0 | 8,262 |
| 13 Earned income credit | 13 | | | |
| 14 Additional child tax credit from Form 8812 | 14 | | | |
| 15 Credits from Form 4136 or Form 2439 | 15 | | | |
| 16 Amount paid with Form 4868, 2688, or 2350 (applications for extension of time to file) | 16 | | | |
| 17 Amount of tax paid with original return plus additional tax paid after it was filed | 17 | | | 3,713 |
| 18 Total payments. Add lines 11 through 17 in column C | 18 | | | 14,528 |
| **Refund or Amount You Owe** | | | | |
| 19 Overpayment, if any, as shown on original return or as previously adjusted by the IRS | 19 | | | |
| 20 Subtract line 19 from line 18 (see page 4) | 20 | | | 14,528 |
| 21 **AMOUNT YOU OWE.** If line 10, column C, is more than line 20, enter the difference and see page 4 | 21 | | | 0 |
| 22 If line 10, column C, is less than line 20, enter the difference | 22 | | | 9,413 |
| 23 Amount of line 22 you want **REFUNDED TO YOU** | 23 | | | 9,413 ** |
| 24 Amount of line 22 you want **APPLIED TO YOUR 19 ESTIMATED TAX** | 24 | | | |

**Sign Here** Joint return? See page 2. Keep a copy for your records.

Under penalties of perjury, I declare that I have filed an original return and that I have examined this amended return, including accompanying schedules and statements, and to the best of my knowledge and belief, this amended return is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which the preparer has any knowledge.

▶ Your signature Date ▶ Spouse's signature. If a joint return, BOTH must sign. Date

**Paid Preparer's Use Only**

| | | | |
|---|---|---|---|
| Preparer's signature ▶ Brett A. Thompson CPA | Date 11/23/99 | Check if self-employed [X] | Preparer's social security no. [redacted] |
| Firm's name (or yours if self-employed) and address ▶ Brett A. Thompson, CPA, 20214 Kingsland Blvd., Katy, Texas | | | EIN |
| | | | ZIP code 77450 |

** *or such greater amount as is legally refundable, plus interest.*

Form **1040X** (Rev. 11-98)

ISA STF FED3171F.1

0433

Bush [redacted]

Form 1040X (Rev. 11-98) Page **2**

**Part I** **Exemptions.** See Form 1040, Form 1040A, or Form 1040-T instructions.

If you are **not changing your exemptions,** do not complete this part.
If claiming **more exemptions,** complete lines 25 - 31 and, if applicable, line 32.
If claiming **fewer exemptions,** complete lines 25 - 30.

| | | | A. Original number of exemptions reported or as previously adjusted | B. Net change | C. Correct number of exemptions |
|---|---|---|---|---|---|
| 25 | Yourself and spouse . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **Caution:** *If your parents (or someone else) can claim you as a dependent (even if they chose not to), you cannot claim an exemption for yourself.* | 25 | | | |
| 26 | Your dependent children who lived with you . . . . . . . . . . . . . . . . . . . . . | 26 | | | |
| 27 | Your dependent children who did not live with you due to divorce or separation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 27 | | | |
| 28 | Other dependents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 28 | | | |
| 29 | Total number of exemptions. Add lines 25 through 28 . . . . . . . . . . . . . . | 29 | | | |
| 30 | Multiply the number of exemptions claimed on line 29 by the amount listed below for the tax year you are amending. Enter the result here and on line 4. | 30 | | | |

| Tax year | Exemption amount | But see page 3 if the amount on line 1 is over: |
|---|---|---|
| 1998 | $2,700 | $93,400 |
| 1997 | 2,650 | 90,900 |
| 1996 | 2,550 | 88,475 |
| 1995 | 2,500 | 86,025 |

31 Dependents (children and other) not claimed on original (or adjusted) return:
**Note:** *For tax year 1998, do not complete column (e) below. For tax years before 1998, do not complete column (d) below.*

| (a) First name | Last name | (b) Dependent's social security number. If born in the tax year you are amending, see page 5. | (c) Dependent's relationship to you | (d) ✓ if qualifying child for child tax credit (see page 5) | (e) No. of months lived in your home |
|---|---|---|---|---|---|
| | | | | ☐ | |
| | | | | ☐ | |
| | | | | ☐ | |
| | | | | ☐ | |
| | | | | ☐ | |
| | | | | ☐ | |

No. of your children on line 31 who:
- **lived with you** . . . . . . . . ▶ ☐
- **did not live with you due to divorce or separation (see page 5)** . . . . . ▶ ☐

Dependents on line 31 not entered above ▶ ☐

32 For tax year 1995, if your child listed on line 31 did not live with you but is claimed as your dependent under a pre-1985 agreement, check here . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ▶ ☐

**Part II** **Explanation of Changes to Income, Deductions, and Credits**

**Enter the line number from the front of the form for each item you are changing and give the reason for each change. Attach only the supporting forms and schedules for the items changed. If you do not attach the required information, your Form 1040X may be returned. Be sure to include your name and social security number on any attachments.**

If the change relates to a net operating loss carryback or a general business credit carryback, attach the schedule or form that shows the year in which the loss or credit occurred. See page 1 of the instructions. Also, check here . . . . . . . . . . . . . . . . . . . . . . . . ▶ ☐

***** *PLEASE SEE EXPLANATION ATTACHED* *****

**Part III** **Presidential Election Campaign Fund.** Checking below will not increase your tax or reduce your refund.

If you did not previously want $3 to go to the fund but now want to, check here . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ▶ ☐

If a joint return and your spouse did not previously want $3 to go to the fund but now wants to, check here . . . . . . . . . . . . . . ▶ ☐

STF FED3171F.2

0434

Form **2848**
(Rev. December 1997)
Department of the Treasury
Internal Revenue Service

# Power of Attorney and Declaration of Representative

▶ See the separate instructions.

OMB No. 1545-0150
For IRS Use Only
Received by:
Name
Telephone
Function
Date

**Part I** **Power of Attorney** (Please type or print.)

**1 Taxpayer information** (Taxpayer(s) must sign and date this form on page 2, line 9.)

| Taxpayer name(s) and address | Social security number(s) | Employer identification number |
|---|---|---|
| Lyman F. and Beverly J. Bush<br>1217 122nd Street Court East<br>Tacoma, WA 98445 | [redacted]<br>[redacted] | |
| | Daytime telephone number | Plan number (if applicable) |

hereby appoint(s) the following representative(s) as attorney(s)-in-fact:

**2 Representative(s)** (Representative(s) must sign and date this form on page 2, Part II.)

| Name and address | |
|---|---|
| Thomas E. Redding<br>P.O. Box 924328<br>Houston, Texas 77292-4328 | CAF No.<br>Telephone No. (713) 965-9244<br>Fax No. (713) 621-5227<br>Check if new: Address ☐ Telephone No. ☐ |
| Sallie W. Gladney<br>P.O. Box 924328<br>Houston, Texas 77292-4328 | CAF No.<br>Telephone No. (713) 965-9244<br>Fax No. (713) 621-5227<br>Check if new: Address ☐ Telephone No. ☐ |
| | CAF No.<br>Telephone No.<br>Fax No.<br>Check if new: Address ☐ Telephone No. ☐ |

to represent the taxpayer(s) before the Internal Revenue Service for the following tax matters:

**3 Tax matters**

| Type of Tax (Income, Employment, Excise, etc.) | Tax Form Number (1040, 941, 720, etc.) | Year(s) or Period(s) |
|---|---|---|
| Income | 1040 | Tax Periods Ending: December 31, 1982, 1983, 1984, 1985, 1986, 1987, 1988, 1989, 1990, 1991, 1992, 1993, 1994 and 1995. |
| | | |
| | | |

**4 Specific use not recorded on Centralized Authorization File (CAF).** If the power of attorney is for a specific use not recorded on CAF, check this box. (See instruction for **Line 4 — Specific uses not recorded on CAF.**) . . . . . . . . . . . . . . . . . . . . . . ▶ ☐

**5 Acts authorized.** The representatives are authorized to receive and inspect confidential tax information and to perform any and all acts that I (we) can perform with respect to the tax matters described on line 3, for example, the authority to sign any agreements, consents, or other documents. The authority does not include the power to receive refund checks (see line 6 below), the power to substitute another representative unless specifically added below, or the power to sign certain returns (see instruction for **Line 5 — Acts authorized**).

List any specific additions or deletions to the acts otherwise authorized in this power of attorney: This power includes but is not limited to authorization to exercise the taxpayer's rights under I.R.C. Section 6103(e)(1)(C) relative to Forms 1065 for partnerships in which the taxpayer(s) was a partner.

**Note:** *In general, an unenrolled preparer of tax returns cannot sign any document for a taxpayer. See Revenue Procedure 81-38, printed as Pub. 470, for more information.*

**Note:** *The tax matters partner of a partnership is not permitted to authorize representatives to perform certain acts. See the instructions for more information.*

**6 Receipt of refund checks.** If you want to authorize a representative named on line 2 to receive, BUT NOT TO ENDORSE OR CASH, refund checks, initial here LFB and list the name of that representative below.

Name of representative to receive refund check(s) ▶ Thomas E. Redding

**For Paperwork Reduction and Privacy Act Notice, see the separate instructions.** Form **2848** (Rev. 12-97)

ISA
STF FED4676F.1

**Notices and communications.** Original notices and other written communications will be sent to you and a copy to the first representative listed on line 2 unless you check one or more of the boxes below.

a If you want the first representative listed on line 2 to receive the original, and yourself a copy, of such notices or communications, check this box ▶ ☐

b If you also want the second representative listed to receive a copy of such notices and communications, check this box ▶ ☐

c If you do not want any notices or communications sent to your representative(s), check this box ▶ ☐

8 **Retention/revocation of prior power(s) of attorney.** The filing of this power of attorney automatically revokes all earlier power(s) of attorney on file with the Internal Revenue Service for the same tax matters and years or periods covered by this document. If you **do not** want to revoke a prior power of attorney, check here ▶ ☒
**YOU MUST ATTACH A COPY OF ANY POWER OF ATTORNEY YOU WANT TO REMAIN IN EFFECT.**

9 **Signature of taxpayer(s).** If a tax matter concerns a joint return, both husband and wife must sign if joint representation is requested, otherwise, see the instructions. If signed by a corporate officer, partner, guardian, tax matters partner, executor, receiver, administrator, or trustee on behalf of the taxpayer, I certify that I have the authority to execute this form on behalf of the taxpayer.

▶ **IF NOT SIGNED AND DATED, THIS POWER OF ATTORNEY WILL BE RETURNED.**

[signature] 9-30-99
Signature Date Title (if applicable)

Lyman F. Bush
Print Name

[signature] 9-30-99 EXECUTOR OF THE ESTATE OF BEVERLY J BUSH
Signature Date Title (if applicable)

LYMAN F. BUSH
Print Name

**Part II** **Declaration of Representative**

Under penalties of perjury, I declare that:

- I am not currently under suspension or disbarment from practice before the Internal Revenue Service;
- I am aware of regulations contained in Treasury Department Circular No. 230 (31 CFR, Part 10), as amended, concerning the practice of attorneys, certified public accountants, enrolled agents, enrolled actuaries, and others;
- I am authorized to represent the taxpayer(s) identified in Part I for the tax matter(s) specified there; and
- I am one of the following:
  - a Attorney — a member in good standing of the bar of the highest court of the jurisdiction shown below.
  - b Certified Public Accountant — duly qualified to practice as a certified public accountant in the jurisdiction shown below.
  - c Enrolled Agent — enrolled as an agent under the requirements of Treasury Department Circular No. 230.
  - d Officer — a bona fide officer of the taxpayer's organization.
  - e Full-Time Employee — a full-time employee of the taxpayer.
  - f Family Member — a member of the taxpayer's immediate family (i.e., spouse, parent, child, brother, or sister).
  - g Enrolled Actuary — enrolled as an actuary by the Joint Board for the Enrollment of Actuaries under 29 U.S.C. 1242 (the authority to practice before the Service is limited by section 10.3(d)(1) of Treasury Department Circular No. 230).
  - h Unenrolled Return Preparer — an unenrolled return preparer under section 10.7(c)(viii) of Treasury Department Circular No. 230.

▶ **IF THIS DECLARATION OF REPRESENTATIVE IS NOT SIGNED AND DATED, THE POWER OF ATTORNEY WILL BE RETURNED.**

| Designation — Insert above letter (a - h) | Jurisdiction (state) or Enrollment Card No. | Signature | Date |
|---|---|---|---|
| A | Texas | [signature] Thomas E. Redding | 10/1/99 |
| A | Texas | [signature] Sallie W. Gladney | 10-1-99 |
| | | | |

STP FED4675F.2

**LYMAN F. BUSH and BEVERLY J. BUSH**
**(SSN [redacted] and SSN [redacted])**
**EXPLANATION - 1995 REFUND CLAIM**

The taxpayer and the Commissioner entered into a Closing Agreement ("Agreement") on July 22, 1999 regarding the taxpayer's partnership interest in Cinema 84 and Lone Wolf McQuade Associates, copies of which are attached hereto as Exhibit "A."

This refund claim is being filed and is timely based on Paragraph 15 of the Agreement which provides that "[a]ny refund claim attributable to the operation of this agreement ***shall*** be deemed to be timely filed and ***shall*** be allowed if it is filed with the IRS within one year of the execution of this agreement by the Commissioner of Internal Revenue."

Further, pursuant to Paragraph 15 of the Agreement, "[a]ny refund claim so submitted within 120 days of this agreement shall be allowed as an offset pursuant to I.R.C. §§6402(a) and 6601(f) against any tax deficiencies resulting from this agreement." Therefore, the refund due under this claim must be applied as an offset to the tax deficiencies arising from the settlement. The refund should be applied first to any deficiency determined for 1983 and thereafter any balance to any subsequent year deficiencies.

This refund claim results from application of the portion of the §465 suspended losses allowable in this year as a consequence of the increase in the amount at risk resulting from net partnership income reported in this year, based on Agreement Paragraph 8 and capital contributions based on Agreement Paragraph 7 as reported on the K-1 attached as Exhibit "B.".

This refund claim also results from application of the portion of the §465 suspended investment tax credits allowable in this year as a consequence of the increase in the amount at risk resulting from net partnership income reported in this year, based on Agreement Paragraph 8.

Based upon the Agreement, the suspended losses and ITC allowable in this year as a consequence of Paragraph 8 of the Agreement are determined as follows:

| | Cinema 84 | Lone Wolf McQuade |
|---|---|---|
| Increase of amount at risk due to net partnership income and capital contributions in current year per K-1 | $87,442.00 | $107,206.00 |
| Portion of losses previously suspended under §465 allowable in current year per Closing Agreement | $57,848.00 | $93,049.00 |
| Portion of ITC suspended under §465 allowable due to increase in amount at risk | $-0.00- | $1,022.00 |

***Please process this claim immediately and apply the refund as an offset under §6402 as required above.***

Exhibit:

A - Copy of Closing Agreement
B - Copy of K-1
C - Computation of Deduction Amounts

Department of the Treasury - Internal Revenue Service

## Closing Agreement on Final Determination Covering Specific Matters

Under section 7121 of the Internal Revenue Code of 1986 (hereinafter "Code")

Lyman F. Bush (SSN: [redacted]) and Beverly J. Bush (SSN: [redacted])
(Taxpayers' Name, address, and identifying number)

1217 122nd Street Court East, Tacoma, WA 98445 (hereinafter referred to as taxpayer)

and the Commissioner of Internal Revenue make the following closing agreement:

WHEREAS, a dispute has arisen between the parties as to the Federal income tax treatment to be accorded to the taxpayers' purchase of an investment in Cinema 84 (hereinafter Partnership);

WHEREAS, the parties wish to determine, with finality, the taxpayers' income, gains, losses, deductions and credits for1984 and subsequent years with respect to the Partnership.

NOW IT IS HEREBY DETERMINED AND AGREED for Federal income tax purposes that:

1. No adjustment to the partnership items shall be made for the taxable years 1984 through 1995 for purposes of this settlement.

2. The taxpayers are entitled to claim their distributive share of the partnership losses for 1984 through 1995 only to the extent they are at risk under I.R.C. § 465.

3. The taxpayers' amount at risk for 1984 through 1989 is their capital contribution to the partnership.

4. The taxpayers' capital contribution to the partnership is 50,000.00.

5. Taxpayers' qualified investment for computing investment tax credit is the amount at risk as set forth in paragraph #4.

6. The taxpayers are not at risk under I.R.C. § 465 for any partnership notes, entered into by the partnership to acquire rights in the motion pictures Terminator, Perfect Strangers, Special Effects, Return of the Living Dead, A Breed Apart and Howling II, whether or not assumed by the taxpayers. Any losses disallowed under this agreement are suspended under I.R.C. § 465. Such suspended losses may be used to offset the taxpayers' pro rata share of any income earned by the partnership and/or other income in accordance with the operation of I.R.C. § 465.

7. To the extent the taxpayers make additional cash contributions to the capital of the partnership after 1989, the taxpayers' amount at risk will be increased in accordance with I.R.C. § 465.

8. To the extent the partnership earns net income the taxpayers' at risk will be increased in accordance with I.R.C. § 465.

9. To the extent the taxpayers make cash payments on the partnership notes after the date of execution of this agreement by the Commissioner and the taxpayers, the taxpayers' amount at risk will be increased in accordance with I.R.C. § 465.

EXHIBIT "A"

10. No additions to tax under I.R.C. §§ 6653(a), 6661, 6659 or 6662 will be asserted with respect to the taxpayers' investment in the partnership for 1984 through 1995.

11. The taxpayers are liable for additional interest pursuant to I.R.C. § 6621(c) for tax motivated interest for their investment in the partnership for the taxable years 1984 through 1989.

12. Any deficiency in tax determined under this agreement will be subject to adjustments arising from a carryback or carryforward from other taxable years of any loss, credit or other tax attribute as allowed by the Internal Revenue Code.

13. After the execution of this agreement on behalf of the Commissioner and the taxpayers, the taxpayers shall not recognize any taxable income attributable to any cancellation, discharge, or satisfaction by foreclosure or conveyance of assets, of any partnership notes entered into by the partnership to acquire rights in the motion pictures Terminator, Perfect Strangers, Special Effects, Return of the Living Dead, A Breed Apart and Howling II, whether or not the taxpayers assumed a pro rata share of said note, or from said partnership notes upon liquidation or dissolution of the partnership.

14. The taxpayers shall be taxable on their distributive share of any income or gains of the partnership for years after 1987 only to the extent said income exceeds losses suspended under the at risk rules of I.R.C. § 465 and/or the cash and/or the fair market value of property distributed to the taxpayers.

15. Any refund claim attributable to the operation of this agreement shall be deemed to be timely filed and shall be allowed if it is filed with the IRS within one year of the execution of this agreement by the Commissioner of Internal Revenue. Any refund claim so submitted pursuant to this paragraph within 120 days after the execution of this agreement on behalf of the Commissioner of Internal Revenue shall be allowed as an offset pursuant to I.R.C. §§ 6402(a) and 6601(f) against any tax deficiencies resulting from this agreement.

16. This agreement constitutes a settlement within the meaning of I.R.C. § 6224(c) and the taxpayers' partnership items are converted to non partnership items effective as of the date of this closing agreement is accepted on behalf of the Commissioner. The taxpayers, in accordance with the provisions of I.R.C. § 6224(b), also waive the restrictions on assessment and collection of any deficiencies attributable to the converted partnership items with interest as provided by law in I.R.C. § 6225(a) that results from this agreement.

17. This closing agreement when accepted by the Commissioner is a determination under the mitigation provisions of the Internal Revenue Code. (I.R.C. § 1311 et seq.).

18. To the extent the taxpayers make cash payments on the partnership notes, after the date this agreement is executed by the taxpayers and the Commissioner, and after the termination of the partnership, a deduction shall be allowed in the year of said payment.

19. This agreement does not in any way diminish or enhance the rights of the spouse of any partner to assert his or her right to relief as an innocent spouse under I.R.C. § 6015.

20. This agreement supersedes any prior agreement entered into between the taxpayers and the Internal Revenue Service.

This agreement is final and conclusive except:

(1) the matter it relates to may be reopened in the event of fraud, malfeasance, or misrepresentation of material fact;

(2) it is subject to the Internal Revenue Code sections that expressly provide that effect be given to their provisions notwithstanding any other law or rule of law except Code Section 7122; and

(3) if it relates to a taxable period ending after the date of this agreement, it is subject to any law, enacted after the agreement date, that applies to that tax period.

By signing, the above parties certify that they have read and agreed to the terms of this document.

Your signature Lynn F Bush Date Signed 6-25-99

Spouse's signature (if a joint return was filed) Beverly J. Bush BY Lynn F Bush SPOUSE OF DECEASED Date Signed 6-25-99

Taxpayer's Representative ______ Date Signed ______

Taxpayer (other than individual) ______

By ______ Date Signed ______

Title ______

Commissioner of Internal Revenue

By Philip J. Bolleano Date Signed 8/1/99

Title Associate Chief

I have examined the specific matters involved and recommend the acceptance of the proposed agreement.

Bradford A. Johnson 7/22/99
(Receiving Officer) (Date)

Assistant District Counsel
(Title)

Department of the Treasury - Internal Revenue Service

**Closing Agreement on Final Determination**
**Covering Specific Matters**

Under section 7121 of the Internal Revenue Code of 1986 (hereinafter "Code")

Lyman F. Bush (SSN:[redacted]) and Beverly J. Bush (SSN:[redacted])
(Taxpayers' Name, address, and identifying number)

1217 122nd Street Court East, Tacoma, WA 98445 (hereinafter referred to as taxpayer)

and the Commissioner of Internal Revenue make the following closing agreement:

WHEREAS, a dispute has arisen between the parties as to the Federal income tax treatment to be accorded to the taxpayers' purchase of an investment in Greenberg Brothers Partnership #12 a/k/a Lone Wolf McQuade Associates (hereinafter Partnership);

WHEREAS, the parties wish to determine, with finality, the taxpayers' income, gains, losses, deductions and credits for1983 and subsequent years with respect to the Partnership.

NOW IT IS HEREBY DETERMINED AND AGREED for Federal income tax purposes that:

1. No adjustment to the partnership items shall be made for the taxable years 1983 through 1995 for purposes of this settlement.

2. The taxpayers are entitled to claim their distributive share of the partnership losses for 1983 through 1995 only to the extent they are at risk under I.R.C. § 465.

3. The taxpayers' amount at risk for 1983 through 1986 is their capital contribution to the partnership.

4. The taxpayers' capital contribution to the partnership is $50,000.

5. Taxpayers' qualified investment for computing investment tax credit is the amount at risk as set forth in paragraph #4.

6. The taxpayers are not at risk under I.R.C. § 465 for any partnership notes, entered into by the partnership to acquire rights in the motion picture Lone Wolf McQuade and Strange Invaders, whether or not assumed by the taxpayers. Any losses disallowed under this agreement are suspended under I.R.C. § 465. Such suspended losses may be used to offset the taxpayers' pro rata share of any income earned by the partnership and/or other income in accordance with the operation of I.R.C. § 465.

7. To the extent the taxpayers make additional cash contributions to the capital of the partnership after 1986, the taxpayers' amount at risk will be increased in accordance with I.R.C. § 465.

8. To the extent the partnership earns net income the taxpayers' at risk will be increased in accordance with I.R.C. § 465.

9. To the extent the taxpayers make cash payments on the partnership notes after the date of execution of this agreement by the Commissioner and the taxpayers, the taxpayers' amount at risk will be increased in accordance with I.R.C. § 465.

10. No additions to tax under I.R.C. §§ 6653(a), 6661, 6659 or 6662 will be asserted with respect to the taxpayers' investment in the partnership for 1983 through 1995.

11. The taxpayers are liable for additional interest pursuant to I.R.C. § 6621(c) for tax motivated interest for their investment in the partnership for the taxable years 1983 through 1989.

12. Any deficiency in tax determined under this agreement will be subject to adjustments arising from a carryback or carryforward from other taxable years of any loss, credit or other tax attribute as allowed by the Internal Revenue Code.

13. After the execution of this agreement on behalf of the Commissioner and the taxpayers, the taxpayers shall not recognize any taxable income attributable to any cancellation, discharge, or satisfaction by foreclosure or conveyance of assets, of any partnership notes entered into by the partnership to acquire rights in the motion picture Lone Wolf McQuade and Strange Invaders, whether or not the taxpayers assumed a pro rata share of said note, or from said partnership notes upon liquidation or dissolution of the partnership.

14. The taxpayers shall be taxable on their distributive share of any income or gains of the partnership for years after 1983 only to the extent said income exceeds losses suspended under the at risk rules of I.R.C. § 465 and/or the cash and/or the fair market value of property distributed to the taxpayers.

15. Any refund claim attributable to the operation of this agreement shall be deemed to be timely filed and shall be allowed if it is filed with the IRS within one year of the execution of this agreement by the Commissioner of Internal Revenue. Any refund claim so submitted pursuant to this paragraph within 120 days after the execution of this agreement on behalf of the Commissioner of Internal Revenue shall be allowed as an offset pursuant to I.R.C. §§ 6402(a) and 6601(f) against any tax deficiencies resulting from this agreement.

16. This agreement constitutes a settlement within the meaning of I.R.C. § 6224(c) and the taxpayers' partnership items are converted to non partnership items effective as of the date of this closing agreement is accepted on behalf of the Commissioner. The taxpayers, in accordance with the provisions of I.R.C. § 6224(b), also waive the restrictions on assessment and collection of any deficiencies attributable to the converted partnership items with interest as provided by law in I.R.C. § 6225(a) that results from this agreement.

17. This closing agreement when accepted by the Commissioner is a determination under the mitigation provisions of the Internal Revenue Code. (I.R.C. § 1311 <u>et seq</u>.).

18. To the extent the taxpayers make cash payments on the partnership notes, after the date this agreement is executed by the taxpayers and the Commissioner, and after the termination of the partnership, a deduction shall be allowed in the year of said payment.

19. This agreement does not in any way diminish or enhance the rights of the spouse of any partner to assert his or her right to relief as an innocent spouse under I.R.C. § 6015.

20. This agreement supersedes any prior agreement entered into between the taxpayers and the Internal Revenue Service.

This agreement is final and conclusive except:

(1) the matter it relates to may be reopened in the event of fraud, malfeasance, or misrepresentation of material fact;

(2) it is subject to the Internal Revenue Code sections that expressly provide that effect be given to their provisions notwithstanding any other law or rule of law except Code Section 7122; and

(3) if it relates to a taxable period ending after the date of this agreement, it is subject to any law, enacted after the agreement date, that applies to that tax period.

By signing, the above parties certify that they have read and agreed to the terms of this document.

Your signature ______________________ Date Signed ______

Spouse's signature (if a joint return was filed) Spouse or Decedent Date Signed ______

Taxpayer's Representative ______________________ Date Signed ______

Taxpayer (other than individual) ______________________

By ______________________ Date Signed ______

Title ______________________

Commissioner of Internal Revenue

By ______________________ Date Signed ______

Title ______________________

I have examined the specific matters involved and recommend the acceptance of the proposed agreement.

(Receiving Officer) (Date)

Assistant District Counsel
(Title)

5-29-1995 8:00PM FROM P. 2

31 107150-5 5740724-7 49 03/23/96

**SCHEDULE K-1 (Form 1065)**

Department of the Treasury Internal Revenue Service

# Partner's Share of Income, Credits, Deductions, etc.

▶ See separate instructions

For calendar year 1995 or tax year beginning and ending

OMB No. 1545-0099

**1995**

Partner's identifying number ▶ [redacted]

Partnership's identifying number ▶ 13-3109971

Partner's name, address, and ZIP code

LYMAN & BEVERLY BUSH
1217 122ND ST COURT E
TACOMA WA 98445

Partnership's name, address, and ZIP code

LONE WOLF MCQUADE ASSOCIATES
11 EAST 26 STREET
NEW YORK, NY 10010

A This partner is a [ ] general partner [X] limited partner [ ] limited liability company member

B What type of entity is this partner? ▶ INDIVIDUAL

C Is this partner a [X] domestic or a [ ] foreign partner?

D Enter partner's percentage of:

| | (i) Before change or termination | (ii) End of year |
|---|---|---|
| Profit sharing | % | 1.5806% |
| Loss sharing | % | 1.5806% |
| Ownership of capital | % | % |

E IRS Center where partnership filed return: HOLTSVILLE, NY

F Partner's share of liabilities (see instructions):

Nonrecourse $

Qualified nonrecourse financing $

Other $

G Tax shelter registration number ▶

H Check here if this partnership is a publicly traded partnership as defined in section 469(k)(2) [ ]

I Check applicable boxes: (1) [X] Final K-1 (2) [ ] Amended K-1

J Analysis of partner's capital account:

| (a) Capital account at beginning of year | (b) Capital contributed during year | (c) Partner's share of lines 3, 4, and 7, Form 1065, Schedule M-2 | (d) Withdrawals and distributions | (e) Capital account at end of year (combine columns (a) through (d)) |
|---|---|---|---|---|
| <103,828.> | 96,987. | 6,599. | ( <242.> ) | 0. |

| | | (a) Distributive share item | | (b) Amount | (c) 1040 filers enter the amount in column (b) on: |
|---|---|---|---|---|---|
| Income (Loss) | 1 | Ordinary income (loss) from trade or business activities | 1 | 10,219. | See pages 6 and 8 of Partner's Instructions for Schedule K-1 (Form 1065) |
| | 2 | Net income (loss) from rental real estate activities | 2 | | |
| | 3 | Net income (loss) from other rental activities | 3 | | |
| | 4 | Portfolio income (loss): | | | |
| | a | Interest | 4a | 15. | Sch. B, Part I, line 1 |
| | b | Dividends | 4b | | Sch. B, Part II, line 5 |
| | c | Royalties | 4c | | Sch. E, Part I, line 4 |
| | d | Net short-term capital gain (loss) | 4d | | Sch. D, line 5, col. (f) or (g) |
| | e | Net long-term capital gain (loss) | 4e | | Sch. D, line 13, col. (f) or (g) |
| | f | Other portfolio income (loss) | 4f | | Enter on applicable line of your return. |
| | 5 | Guaranteed payments to partner | 5 | | See page 6 of Partner's Instructions for Schedule K-1 (Form 1065). |
| | 6 | Net gain (loss) under section 1231 (other than due to casualty or theft) | 6 | | |
| | 7 | Other income (loss) | 7 | | Enter on applicable line of your return. |
| Deductions | 8 | Charitable contributions | 8 | | Sch. A, line 15 or 16 |
| | 9 | Section 179 expense deduction | 9 | | See page 7 of Partner's Instructions for Schedule K-1 (Form 1065). |
| | 10 | Deductions related to portfolio income | 10 | | |
| | 11 | Other deductions | 11 | | |
| Investment Interest | 12a | Interest expense on investment debts | 12a | | Form 4952, line 1 |
| | b | (1) Investment income included on lines 4a, 4b, 4c and 4f above | b(1) | 15. | See page 7 of Partner's Instructions for Schedule K-1 (Form 1065). |
| | | (2) Investment expenses included on line 10 above | b(2) | | |
| Credits | 13a | Low-income housing credit: | | | |
| | | (1) From section 42(j)(5) partnerships for property placed in service before 1990 | a(1) | | Form 8586, line 5 |
| | | (2) Other than on line 13a(1) for property placed in service before 1990 | a(2) | | |
| | | (3) From section 42(j)(5) partnerships for property placed in service after 1989 | a(3) | | |
| | | (4) Other than on line 13a(3) for property placed in service after 1989 | a(4) | | |
| | b | Qualified rehabilitation expenditures related to rental real estate activities (see instructions) | 13b | | See page 8 of Partner's Instructions for Schedule K-1 (Form 1065). |
| | c | Credits (other than credits shown on line 13a and 13b) related to rental real estate activities | 13c | | |
| | d | Credits related to other rental activities | 13d | | |
| | 14 | Other credits | 14 | | |

0444

EXHIBIT "D"

For Paperwork Reduction Act Notice, see Instructions for Form 1065. Cat. No. 11394R Schedule K-1 (Form 1065) 1995

5-29-1995 8:00PM FROM P.3

31 107150-5 5740724-7 49 03/23/96

Schedule K-1 (Form 1065) (1995) Page 2

| | | (a) Distributive share item | | (b) Amount | (c) 1040 filers enter the amount in column (b) on: |
|---|---|---|---|---|---|
| Self-employment | 15 a | Net earnings (loss) from self-employment | 15a | | Sch. SE, Section A or B |
| | b | Gross farming or fishing income | 15b | | See page 8 of Partner's Instructions for Schedule K-1 (Form 1065). |
| | c | Gross nonfarm income | 15c | | |
| Adjustments and Tax Preference Items | 16 a | Depreciation adjustment on property placed in service after 1986 | 16a | | See page 8 and 9 of Partner's Instructions for Schedule K-1 (Form 1065) and Instructions for Form 6251. |
| | b | Adjusted gain or loss | 16b | | |
| | c | Depletion (other than oil and gas) | 16c | | |
| | d | (1) Gross income from oil, gas, and geothermal properties | d(1) | | |
| | | (2) Deductions allocable to oil, gas, and geothermal properties | d(2) | | |
| | e | Other adjustments and tax preference items | 16e | | |
| Foreign Taxes | 17 a | Type of income ▶ | | | Form 1116, check boxes |
| | b | Name of foreign country or U.S. possession ▶ | | | |
| | c | Total gross income from sources outside the U.S. (attach schedule) | 17c | | Form 1116, Part I |
| | d | Total applicable deductions and losses (attach schedule) | 17d | | |
| | e | Total foreign taxes (check one): ▶ ☐ Paid ☐ Accrued | 17e | | Form 1116, Part II |
| | f | Reduction in taxes available for credit (attach schedule) | 17f | | Form 1116, Part III |
| | g | Other foreign tax information (attach schedule) | 17g | | See Instructions for Form 1116 |
| Other | 18 | Section 59(e)(2) expenditures: a Type ▶ | | | See page 8 of Partner's Instructions for Schedule K-1 (Form 1065). |
| | b | Amount | 18b | | |
| | 19 | Tax-exempt interest income | 19 | | Form 1040, line 8b |
| | 20 | Other tax-exempt income | 20 | | See page 9 of Partner's Instructions for Schedule K-1 (Form 1065) |
| | 21 | Nondeductible expenses SEE SCHEDULE 10 | 21 | 3,635. | |
| | 22 | Distributions of money (cash and marketable securities) | 22 | | |
| | 23 | Distributions of property other than money | 23 | <243.> | |
| | 24 | Recapture of low-income housing credit: | | | |
| | a | From section 42(j)(5) partnerships | 24a | | Form 8611, line 8 |
| | b | Other than on line 24a | 24b | | |

**Supplemental Information**

25 Supplemental information required to be reported separately to each partner (attach additional schedules if more space is needed):

0445

Oct 4 10/6

ONE WOLF MCQUADE ASSOCIATES 13-3109971

| CHEDULE K-1 - NONDEDUCTIBLE EXPENSE | SCHEDULE 10 |
|---|---|
| ESCRIPTION | AMOUNT |
| YNDICATION EXPENSE | 3635. |
| TOTAL TO SCHEDULE K1 LINE 21 | 3635. |

31 107150-5 5740724-7 19 03/23/96

O2 4/9/4

STRAUSS & COMAS, P.C.
462 SEVENTH AVENUE
NEW YORK, NY 10018

LYMAN & BEVERLY BUSH
1217 122ND ST COURT E
TACOMA WA 98445

LONE WOLF MCQUADE ASSOCIATES

Dear Partner:

The required partnership income tax returns have been filed for the period indicated. Please refer to the enclosed Schedule(s) K-1 for your distributive share of partnership income (or loss) and other tax information needed to complete your 1995 individual tax forms.

Analysis of Capital Account

| | | |
|---|---|---|
| Beginning Capital | | (103,828) |
| Capital Contributed | 96,987 | |
| Net Income | 6,599 | 103,586 |
| | | (242) |
| Withdrawals/Distributions | (242) | |
| Net Loss | 0 | 242 |
| Ending Capital | | 0 |

Sincerely,

STRAUSS & COMAS, P.C.

5-27-1995 5:06AM FROM P.6

31 107150-5 5740768-9 44 03/26/96

2D

**SCHEDULE K-1 (Form 1065)**

Department of the Treasury Internal Revenue Service

# Partner's Share of Income, Credits, Deductions, etc.

▶ See separate instructions

For calendar year 1995 or tax year beginning and ending

OMB No. 1545-0099

**1995**

Partner's identifying number ▶ [redacted]

Partner's name, address, and ZIP code

LYMAN BUSH
1217 122ND ST COURT E
TACOMA WA 98445

Partnership's identifying number ▶ 11-2678807

Partnership's name, address, and ZIP code

CINEMA 84-REGISTRATION NO 84272000294
11 EAST 26TH STREET
NEW YORK, NY 10010

A This partner is a ☐ general partner ☒ limited partner ☐ limited liability company member

B What type of entity is this partner? ▶ INDIVIDUAL

C Is this partner a ☒ domestic or a ☐ foreign partner?

D Enter partner's percentage of:

| | (i) Before change or termination | (ii) End of year |
|---|---|---|
| Profit sharing | % | .4083 % |
| Loss sharing | % | .4083 % |
| Ownership of capital | % | % |

E IRS Center where partnership filed return: HOLTSVILLE, NY

F Partner's share of liabilities (see instructions):

Nonrecourse $

Qualified nonrecourse financing $

Other $

G Tax shelter registration number ▶ 84272000294

H Check here if this partnership is a publicly traded partnership as defined in section 469(k)(2) ☐

I Check applicable boxes: (1) ☒ Final K-1 (2) ☐ Amended K-1

J Analysis of partner's capital account:

| (a) Capital account at beginning of year | (b) Capital contributed during year | (c) Partner's share of lines 3, 4, and 7, Form 1065, Schedule M-2 | (d) Withdrawals and distributions | (e) Capital account at end of year (combine columns (a) through (d)) |
|---|---|---|---|---|
| <83,917.> | 87,442. | <1,401.> | ( 2,124.) | 0. |

| | | (a) Distributive share item | | (b) Amount | (c) 1040 filers enter the amount in column (b) on: |
|---|---|---|---|---|---|
| Income (Loss) | 1 | Ordinary income (loss) from trade or business activities | 1 | <1,416.> | See pages 5 and 6 of Partner's Instructions for Schedule K-1 (Form 1065) |
| | 2 | Net income (loss) from rental real estate activities | 2 | | |
| | 3 | Net income (loss) from other rental activities | 3 | | |
| | 4 | Portfolio income (loss): | | | |
| | a | Interest | 4a | 15. | Sch. B, Part I, line 1 |
| | b | Dividends | 4b | | Sch. B, Part II, line 5 |
| | c | Royalties | 4c | | Sch. E, Part I, line 4 |
| | d | Net short-term capital gain (loss) | 4d | | Sch. D, line 5, col. (f) or (g) |
| | e | Net long-term capital gain (loss) | 4e | | Sch. D, line 13, col. (f) or (g) |
| | f | Other portfolio income (loss) | 4f | | Enter on applicable line of your return. |
| | 5 | Guaranteed payments to partner | 5 | | See page 6 of Partner's Instructions for Schedule K-1 (Form 1065). |
| | 6 | Net gain (loss) under section 1231 (other than due to casualty or theft) | 6 | | |
| | 7 | Other income (loss) | 7 | | Enter on applicable line of your return. |
| Deductions | 8 | Charitable contributions | 8 | | Sch. A, line 15 or 16 |
| | 9 | Section 179 expense deduction | 9 | | See page 7 of Partner's Instructions for Schedule K-1 (Form 1065). |
| | 10 | Deductions related to portfolio income | 10 | | |
| | 11 | Other deductions | 11 | | |
| Investment Interest | 12a | Interest expense on investment debts | 12a | | Form 4952, line 1 |
| | b | (1) Investment income included on lines 4a, 4b, 4c and 4f above | b(1) | 15. | See page 7 of Partner's Instructions for Schedule K-1 (Form 1065). |
| | | (2) Investment expenses included on line 10 above | b(2) | | |
| Credits | 13a | Low-income housing credit: | | | |
| | | (1) From section 42(j)(5) partnerships for property placed in service before 1990 | a(1) | | Form 8586, line 5 |
| | | (2) Other than on line 13a(1) for property placed in service before 1990 | a(2) | | |
| | | (3) From section 42(j)(5) partnerships for property placed in service after 1989 | a(3) | | |
| | | (4) Other than on line 13a(3) for property placed in service after 1989 | a(4) | | |
| | b | Qualified rehabilitation expenditures related to rental real estate activities (see instructions) | 13b | | See page 8 of Partner's Instructions for Schedule K-1 (Form 1065). |
| | c | Credits (other than credits shown on line 13a and 13b) related to rental real estate activities | 13c | | |
| | d | Credits related to other rental activities | 13d | | |
| | 14 | Other credits | 14 | | |

0448

5-27-1995 5:07AM FROM P.7

31 107150-5 5740768-9 44 03/26/96

Schedule K-1 (Form 1065) (1995) Page 2

| | | (a) Distributive share item | | (b) Amount | (c) 1040 filers enter the amount in column (b) on: |
|---|---|---|---|---|---|
| Self-employment | 15 a | Net earnings (loss) from self-employment | 15a | | Sch. SE, Section A or B |
| | b | Gross farming or fishing income | 15b | | See page 8 of Partner's Instructions for Schedule K-1 (Form 1065). |
| | c | Gross nonfarm income | 15c | | |
| Adjustments and Tax Preference Items | 16 a | Depreciation adjustment on property placed in service after 1986 | 16a | | See page 8 and 9 of Partner's Instructions for Schedule K-1 (Form 1065) and Instructions for Form 8251. |
| | b | Adjusted gain or loss | 16b | | |
| | c | Depletion (other than oil and gas) | 16c | | |
| | d | (1) Gross income from oil, gas, and geothermal properties | d(1) | | |
| | | (2) Deductions allocable to oil, gas, and geothermal properties | d(2) | | |
| | e | Other adjustments and tax preference items | 16e | | |
| Foreign Taxes | 17 a | Type of income ▶ | | | Form 1116, check boxes |
| | b | Name of foreign country or U.S. possession ▶ | | | |
| | c | Total gross income from sources outside the U.S. (attach schedule) | 17c | | Form 1116, Part I |
| | d | Total applicable deductions and losses (attach schedule) | 17d | | |
| | e | Total foreign taxes (check one): ▶ ☐ Paid ☐ Accrued | 17e | | Form 1116, Part II |
| | f | Reduction in taxes available for credit (attach schedule) | 17f | | Form 1116, Part III |
| | g | Other foreign tax information (attach schedule) | 17g | | See Instructions for Form 1116 |
| Other | 18 | Section 59(e)(2) expenditures: a Type ▶ | | | See page 8 of Partner's Instructions for Schedule K-1 (Form 1065). |
| | b | Amount | 18b | | |
| | 19 | Tax-exempt interest income | 19 | | Form 1040, line 8b |
| | 20 | Other tax-exempt income | 20 | | See page 9 of Partner's Instructions for Schedule K-1 (Form 1065) |
| | 21 | Nondeductible expenses | 21 | | |
| | 22 | Distributions of money (cash and marketable securities) | 22 | 2,124. | |
| | 23 | Distributions of property other than money | 23 | | |
| | 24 | Recapture of low-income housing credit: | | | |
| | a | From section 42(j)(5) partnerships | 24a | | Form 8611, line 8 |
| | b | Other than on line 24a | 24b | | |

SUPPLEMENTAL INFORMATION

25 Supplemental information required to be reported separately to each partner (attach additional schedules if more space is needed):

0449

31 107150-5 5740768-9 44 03/26/96

C2L4/1/01

Form **8271** (Rev. March 1993) Department of the Treasury Internal Revenue Service

**Investor Reporting of Tax Shelter Registration Number**

▶ Attach to your tax return

▶ If you received this form from a partnership, S corporation, or trust, see the instructions.

OMB No. 1545-0881 Expires 3-31-96

Attachment Sequence No. 71

| Investor's name(s) shown on return | Investor's identifying number | Investor's tax year ended |
|---|---|---|
| LYMAN BUSH | 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 | 12/31/95 |

**Part I** Tax Shelter Information

| | a. Tax Shelter Name | b. Tax Shelter Registration Number (11-digit number) | c. Tax Shelter Identifying Number |
|---|---|---|---|
| 1 | CINEMA 84-REGISTRATION NO 84272000294 | 84272000294 | 11-2678807 |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |
| 6 | | | |
| 7 | | | |
| 8 | | | |
| 9 | | | |
| 10 | | | |

31 107150-5 5740768-9 44 03/26/96

Ok 4/11/11

STRAUSS & COMAS, P.C.
462 SEVENTH AVENUE
NEW YORK, NY 10018

LYMAN BUSH
1217 122ND ST COURT E
TACOMA WA 98445

CINEMA 84-REGISTRATION NO 84272000294

Dear Partner:

The required partnership income tax returns have been filed for the period indicated. Please refer to the enclosed Schedule(s) K-1 for your distributive share of partnership income (or loss) and other tax information needed to complete your 1995 individual tax forms.

Analysis of Capital Account

| | | |
|---|---|---|
| Beginning Capital | | (83,917) |
| Capital Contributed | 87,442 | |
| Net Income | 0 | 87,442 |
| | | 3,525 |
| Withdrawals/Distributions | 2,124 | |
| Net Loss | 1,401 | (3,525) |
| Ending Capital | | 0 |

Sincerely,

STRAUSS & COMAS, P.C.

Lyman F. and Beverly J. Bush
Form 1040X, Amended U. S. Individual Income Tax Return
SSN[redacted]

***Lone Wolf McQuade Associates***

Income or (Loss) Affecting At-Risk Amounts

| | | |
|---|---|---|
| 1983 Capital Contribution as on Closing Agreement | | 50,000 |
| 1983 Loss deemed up to At-Risk Amount as on Closing Agreement | | (50,000) |
| 1984 Partnership Income or (Loss) | *Disallowed* | (36,597) |
| 1985 Partnership Income or (Loss) | *Disallowed* | (33,442) |
| 1986 Partnership Income or (Loss) | *Disallowed* | (34,003) |
| 1987 Income Used Offsetting At-Risk Amount | | 398 |
| 1988 Income Used Offsetting At-Risk Amount | | 38 |
| 1989 Partnership Income or (Loss) | | (102) |
| 1990 Income Used Offsetting At-Risk Amount | | 43 |
| 1991 Partnership Income or (Loss) | | (56) |
| 1992 Partnership Income or (Loss) | | 0 |
| 1993 Income Used Offsetting At-Risk Amount | | 5,626 |
| 1994 Income Used Offsetting At-Risk Amount | | 5,046 |
| Unused At-Risk CarryForward into 1995 | | (93,049) |

Computation of Deduction for At-Risk Losses for 1995

| | |
|---|---|
| 1995 Additional Capital Contributed from Schedule K-1 | 96,987 |
| 1995 Partner's Income from Schedule K-1 | 10,219 |
| | 107,206 |
| ** ***** *1995 Deduction At-Risk Losses Limited to At-Risk Carryforward* | *93,049* |
| Unrecovered Basis as of December 31, 1995 | 14,157 |

EXHIBIT "C"

Lyman F. and Beverly J. Bush
Form 1040X, Amended U. S. Individual Income Tax Return
SSN [redacted]

*Cinema 84*

Income or (Loss) Affecting At-Risk Amounts

| | | |
|---|---|---|
| 1984 Capital Contribution as on Closing Agreement | | 50,000 |
| 1984 Income Used Offsetting At-Risk Amount | | (45,187) |
| 1985 Partnership Income or (Loss) | *Disallowed* | (21,553) |
| 1986 Partnership Income or (Loss) | *Disallowed* | (20,079) |
| 1987 Partnership Income or (Loss) | *Disallowed* | (25,733) |
| 1988 Income Used Offsetting At-Risk Amount | | 2,338 |
| 1989 Partnership Income or (Loss) | | (4,751) |
| 1990 Income Used Offsetting At-Risk Amount | | 1,459 |
| 1991 Income Used Offsetting At-Risk Amount | | 1,272 |
| 1992 Partnership Income or (Loss) | | 0 |
| 1993 Income Used Offsetting At-Risk Amount | | 4,389 |
| 1994 Income Used Offsetting At-Risk Amount | | (3) |
| Unused At-Risk CarryForward into 1995 | | (57,848) |

Computation of Deduction for At-Risk Losses for 1995

| | |
|---|---|
| 1995 Additional Capital Contributed from Schedule K-1 | 87,422 |
| 1995 Partner's Loss | (1,430) |
| | 85,992 |
| ** ***** *1995 Deduction At-Risk Losses Limited to At-Risk Carryforward* | *57,848* |
| Unrecovered Basis as of December 31, 1995 | 28,144 |

AS ORIGINALLY FILED

AS AMENDED

Form 1040 Department of the Treasury - Internal Revenue Service
U.S. Individual Income Tax Return 1995
IRS Use Only - Do not write or staple in this space.

For the year Jan. 1-Dec. 31, 1995, or other tax year beginning , 1995, ending , 19 OMB No. 1545-0074

**Label** (See instructions on page 11.)
Use the IRS label. Otherwise, please print or type.

Your first name and initial: LYMAN F. BUSH — Last name
Your social security number: [redacted]
If a joint return, spouse's first name and initial: BEVERLY J. BUSH — Last name
Spouse's social security number: [redacted]
Home address (number and street). If you have a P.O. box, see page 11.: 1217 122ND STREET COURT EAST — Apt. no.
City, town or post office, state, and ZIP code. If you have a foreign address, see page 11.: TACOMA, WA 98445-0000

For Privacy Act and Paperwork Reduction Act Notice, see page 7.

**Presidential Election Campaign**

| | Yes | No |
|---|---|---|
| Do you want $3 to go to this fund? | X | |
| If a joint return, does your spouse want $3 to go to this fund? | X | |

Note: Checking "Yes" will not change your tax or reduce your refund.

**Filing Status** (See page 11.) Check only one box.

1 [ ] Single
2 [X] Married filing joint return (even if only one had income)
3 [ ] Married filing separate return. Enter spouse's soc. sec. no. above and full name here. ▶
4 [ ] Head of household (with qualifying person). If the qualifying person is a child but not your dependent, enter this child's name here. ▶
5 [ ] Qualifying widow(er) with dependent child (year spouse died ▶ 19 ).

**Exemptions** (See page 12.)

6a [X] Yourself. If your parent (or someone else) can claim you as a dependent on his or her tax return, do not check box 6a. But be sure to check the box on line 33b on page 2
b [X] Spouse

No. of boxes checked on 6a and 6b: 2

c Dependents:

| (1) First name | Last name | (2) Dependent's social security number if born in 1995, see page 13. | (3) Dependent's relationship to you | (4) No. of months lived in your home in 1995 |
|---|---|---|---|---|
| | | | | |

If more than six dependents, see page 13.

No. of your children on 6c who: • lived with you • didn't live with you due to divorce or separation (see page 14)
Dependents on 6c not entered above

d If your child didn't live with you but is claimed as your dependent under a pre-1985 agreement, check here ▶ [ ]
e Total number of exemptions claimed — Add numbers entered on lines above ▶ 2

**Income**

Attach Copy B of your Forms W-2, W-2G, and 1099-R here.
If you did not get a W-2, see page 14.
Enclose, but do not attach, your payment and payment voucher. See page 33.

| Line | Description | | Amount |
|---|---|---|---|
| 7 | Wages, salaries, tips, etc. Attach Form(s) W-2 | 7 | 12000. |
| 8a | Taxable interest income. Attach Schedule B if over $400 | 8a | 13094. |
| b | Tax-exempt interest (see page 15). DON'T include on line 8a — 8b 7211. | | |
| 9 | Dividend income. Attach Schedule B if over $400 | 9 | 5372. |
| 10 | Taxable refunds, credits, or offsets of state and local income taxes (see page 15) | 10 | |
| 11 | Alimony received | 11 | |
| 12 | Business income or (loss). Attach Schedule C or C-EZ | 12 | 36201. |
| 13 | Capital gain or (loss). If required, attach Schedule D (see page 16) | 13 | -3000. |
| 14 | Other gains or (losses). Attach Form 4797 | 14 | -21. |
| 15a | Total IRA distributions 15a — b Taxable amount (see page 16) | 15b | |
| 16a | Total pensions and annuities 16a — b Taxable amount (see page 16) | 16b | 8851. |
| 17 | Rental real estate, royalties, partnerships, S corporations, trusts, etc. Attach Schedule E | 17 | -1409. |
| 18 | Farm income or (loss). Attach Schedule F | 18 | |
| 19 | Unemployment compensation (see page 17) | 19 | |
| 20a | Social security benefits 20a 12025. — b Taxable amount (see page 18) | 20b | 10221. |
| 21 | Other income. List type and amount - see page 18 | 21 | |
| 22 | Add the amounts in the far right column for lines 7 through 21. This is your total income ▶ | 22 | 81309. |

COPY (handwritten across lines 13–21)

**Adjustments to Income**

| Line | Description | | Amount | | |
|---|---|---|---|---|---|
| 23a | Your IRA deduction (see page 19) | 23a | | | |
| b | Spouse's IRA deduction (see page 19) | 23b | | | |
| 24 | Moving expenses. Attach Form 3903 or 3903-F | 24 | | | |
| 25 | One-half of self-employment tax | 25 | 2558. | | |
| 26 | Self-employed health insurance deduction (see page 21) | 26 | 123. | | |
| 27 | Keogh & self-employed SEP plans. If SEP, check ▶ [X] | 27 | 4388. | | |
| 28 | Penalty on early withdrawal of savings | 28 | | | |
| 29 | Alimony paid. Recipient's SSN ▶ | 29 | | | |
| 30 | Add lines 23a through 29. These are your total adjustments ▶ | | | 30 | 7069. |

**Adjusted Gross Income**
31 Subtract line 30 from line 22. This is your adjusted gross income. If less than $26,673 and a child lived with you, (less than $9,230 if a child didn't live with you), see "Earned Income Credit" on page 27. ▶ 31 74240.

Handwritten notes (right margin):
Deductions Of At Risk Carryfwd Amounts As per Closing Agreement
<93,049> Lone Wolf
<57,848> Cinema 84
→ <10,221>
→ 81,309
<7,069>
<86,878>

0454

AS ORIGINALLY FILED

AS AMENDED

Form 1040 (1995) LYMAN F. & BEVE'LY J. BUSH [redacted] OMB No. 1545-0074 Page 2

| Section | Line | Description | Box | Amount | |
|---|---|---|---|---|---|
| Tax Computation | 32 | Amount from line 31 (adjusted gross income) | 32 | 74240. | <86,878> |
| | 33a | Check if: ☐ You were 65 or older, ☐ Blind; ☐ Spouse was 65 or older, ☐ Blind. Add the number of boxes checked above and enter the total here ▶ 33a | | | |
| | b | If your parent (or someone else) can claim you as a dependent, check here ▶ 33b ☐ | | | |
| | c | If you are married filing separately and your spouse itemizes deductions or you are a dual-status alien, see page 23 and check here ▶ 33c ☐ | | | |
| | 34 | Enter the larger of your: Itemized deductions from Schedule A, line 28, OR Standard deduction shown below for your filing status. But if you checked any box on line 33a or b, go to page 23 to find your standard deduction. If you checked box 33c, your standard deduction is zero. • Single - $3,900 • Married filing jointly or Qualifying widow(er) - $6,550 • Head of household - $5,750 • Married filing separately - $3,275 | 34 | 17508. | <23,247> |
| | 35 | Subtract line 34 from line 32 | 35 | 56732. | |
| | 36 | If line 32 is $86,025 or less, multiply $2,500 by the total number of exemptions claimed on line 6e. If line 32 is over $86,025, see the worksheet on page 23 for the amount to enter | 36 | 5000. | <5,000> |
| | 37 | Taxable income. Subtract line 36 from line 35. If line 36 is more than line 35, enter -0- | 37 | 51732. | <115,125> |
| | 38 | Tax. Check if from a [X] Tax Table, b ☐ Tax Rate Schedules, c ☐ Capital Gain Tax Worksheet, or d ☐ Form 8615 (see page 24). Amount from Form(s) 8814 ▶ e | 38 | 9413. | -0- |
| | 39 | Additional taxes. Check if from a ☐ Form 4970 b ☐ Form 4972 | 39 | | |
| | 40 | Add lines 38 and 39 ▶ | 40 | 9413. | |
| Credits | 41 | Credit for child and dependent care expenses. Attach Form 2441 | 41 | | |
| | 42 | Credit for the elderly or the disabled. Attach Schedule R | 42 | | |
| | 43 | Foreign tax credit. Attach Form 1116 | 43 | | |
| | 44 | Other credits. Check if from a ☐ Form 3800 b ☐ Form 8396 c ☐ Form 8801 d ☐ Form (specify) | 44 | | |
| | 45 | Add lines 41 through 44 | 45 | | |
| | 46 | Subtract line 45 from line 40. If line 45 is more than line 40, enter -0- ▶ | 46 | 9413. | |
| Other Taxes | 47 | Self-employment tax. Attach Schedule SE | 47 | 5115. | 5,115 |
| | 48 | Alternative minimum tax. Attach Form 6251 | 48 | 0. | |
| | 49 | Recapture taxes. Check if from a ☐ Form 4255 b ☐ Form 8611 c ☐ Form 8828 | 49 | | |
| | 50 | Social security and Medicare tax on tip income not reported to employer. Attach Form 4137 | 50 | | |
| | 51 | Tax on qualified retirement plans, including IRAs. If required, attach Form 5329 | 51 | | |
| | 52 | Advance earned income credit payments from Form W-2 | 52 | | |
| | 53 | Household employment taxes. Attach Schedule H | 53 | | |
| | 54 | Add lines 46 through 53. This is your total tax ▶ | 54 | 14528. | 5,115 |
| Payments | 55 | Federal income tax withheld. If any is from Form(s) 1099, check ▶ [X] | 55 | 2553. STATEMENT 5 | |
| Attach Forms W-2, W-2G, and 1099-R on the front. | 56 | 1995 estimated tax payments and amount applied from 1994 return | 56 | 8262. | |
| | 57 | Earned income credit. Attach Schedule EIC if you have a qualifying child. Nontaxable earned income: amount ▶ and type ▶ | 57 | | |
| | 58 | Amount paid with Form 4868 (extension request) | 58 | | |
| | 59 | Excess social security and RRTA tax withheld (see page 32) | 59 | | |
| | 60 | Other payments. Check if from a ☐ Form 2439 b ☐ Form 4136 | 60 | | |
| | 61 | Add lines 55 through 60. These are your total payments ▶ | 61 | 10815. | |
| Refund or Amount You Owe | 62 | If line 61 is more than line 54, subtract line 54 from line 61. This is the amount you OVERPAID ▶ | 62 | | |
| | 63 | Amount of line 62 you want REFUNDED TO YOU | 63 | | |
| | 64 | Amount of line 62 you want APPLIED TO YOUR 1996 ESTIMATED TAX ▶ | 64 | | |
| | 65 | If line 54 is more than line 61, subtract line 61 from line 54. This is the AMOUNT YOU OWE. For details on how to pay and use Form 1040-V, Payment Voucher, see page 33 | 65 | 3713. | |
| | 66 | Estimated tax penalty (see page 33). Also include on line 65 | 66 | | |

COPY FOR YOUR FILE

**Sign Here** — Under penalties of perjury, I declare that I have examined this return and accompanying schedules and statements, and to the best of my knowledge and belief, they are true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

Keep a copy of this return for your records.

Your signature | Date | Your occupation: STRUCTURAL ENGINEER

Spouse's signature. If a joint return, BOTH must sign. | Date | Spouse's occupation: TEACHER

**Paid Preparer's Use Only**

Preparer's signature | Date | Check if self-employed ☐ | Preparer's social security no. [redacted]

Firm's name (or yours if self-employed) and address: BRINK & SADLER, C.P.A.'S, 5127 112TH STREET S.W., TACOMA, WA | E.I. No. 91 0861130 | ZIP code 98499

AS ORIGINALLY FILED

AS AMENDED

SCHEDULE A&B (Form 1040)
Department of the Treasury Internal Revenue Service

# Schedule A - Itemized Deductions

(Schedule B is on page 2)
▶ Attach to Form 1040. ▶ See Instructions for Schedule A (Form 1040).

OMB No. 1545-0074
**1995**
Attachment Sequence No. 07

Name(s) shown on Form 1040: LYMAN F. & BEVERLY J. BUSH

Your social security number: [redacted]

| Section | Line | Description | Box | Amount | Line | Total | As Amended |
|---|---|---|---|---|---|---|---|
| Medical and Dental Expenses | | Caution: Do not include expenses reimbursed or paid by others. | | | | | |
| | 1 | Medical and dental expenses (see page A-1) SEE STATEMENT 8 | 1 | 4254. | | | |
| | 2 | Enter amount from Form 1040, line 32 [2] 74240. | | | | | |
| | 3 | Multiply line 2 above by 7.5% (.075) | 3 | 5568. | | | |
| | 4 | Subtract line 3 from line 1. If line 3 is more than line 1, enter -0- | | | 4 | 0. | 4254 |
| Taxes You Paid (See page A-1.) | 5 | State and local income taxes | 5 | | | | |
| | 6 | Real estate taxes (see page A-2) SEE STATEMENT 9 | 6 | 3671. | | | |
| | 7 | Personal property taxes | 7 | 1174. | | | |
| | 8 | Other taxes - List type and amount ▶ | 8 | | | | |
| | 9 | Add lines 5 through 8 | | | 9 | 4845. | 4,845 |
| Interest You Paid (See page A-2.) | 10 | Home mortgage interest and points reported to you on Form 1098 | 10 | | | | |
| | 11 | Home mortgage interest not reported to you on Form 1098. If paid to the person from whom you bought the home, see page A-3 and show that person's name, identifying no., and address ▶ | 11 | | | | |
| Note: Personal interest is not deductible. | 12 | Points not reported to you on Form 1098. See page A-3 for special rules | 12 | | | | |
| | 13 | Investment interest. If required, attach Form 4952. (See page A-3.) | 13 | | | | |
| | 14 | Add lines 10 through 13 | | | 14 | | |
| Gifts to Charity | 15 | Gifts by cash or check. If any gift of $250 or more, see page A-3 STMT 6 | 15 | 2199. | | | |
| If you made a gift and got a benefit for it, see page A-3. | 16 | Other than by cash or check. If any gift of $250 or more, see page A-3. If over $500, you MUST attach Form 8283 STMT 7 | 16 | 165. | | | |
| | 17 | Carryover from prior year | 17 | 2274. | | | |
| | 18 | Add lines 15 through 17 | | | 18 | 4638. | 4,638 |
| Casualty and Theft Losses | 19 | Casualty or theft loss(es). Attach Form 4684. (See page A-4.) | | | 19 | | |
| Job Expenses and Most Other Miscellaneous Deductions | 20 | Unreimbursed employee expenses - job travel, union dues, job education, etc. If required, you MUST attach Form 2106 or 2106-EZ. (See page A-5.) ▶ | 20 | | | | |
| | 21 | Tax preparation fees | 21 | | | | |
| (See page A-5 for expenses to deduct here.) | 22 | Other expenses - investment, safe deposit box, etc. List type and amount ▶ IRA CUSTODIAL FEES 135. / INVESTMENT EXPENSE 7179. / BAB ASSET VENTURE - LEGAL 254. / ATTORNEYS FEES - INVESTMENT 1631. / SAFE DEPOSIT BOX 31. | 22 | 9230. | | | |
| | 23 | Add lines 20 through 22 | 23 | 9230. | | | |
| | 24 | Enter amount from Form 1040, line 32 [24] 74240. | | | | | |
| | 25 | Multiply line 24 above by 2% (.02) | 25 | 1485. | | | |
| | 26 | Subtract line 25 from line 23. If line 25 is more than line 23, enter -0- | | | 26 | 7745. | 9,230 |
| Other Miscellaneous Deductions | 27 | Other - from list on page A-5. List type and amount ▶ FROM K-1 - ML-LEE ACQUISITION FUND, L.P. 280. | | | 27 | 280. | 280 |
| Total Itemized Deductions | 28 | Is Form 1040, line 32, over $114,700 (over $57,350 if married filing separately)? NO. Your deduction is not limited. Add the amounts in the far right column for lines 4 through 27. Also, enter on Form 1040, line 34, the larger of this amount or your standard deduction. YES. Your deduction may be limited. See page A-5 for the amount to enter. ▶ | | | 28 | 17508. | 23,247 |

COPY FOR YOUR FILE

LHA For Paperwork Reduction Act Notice, see Form 1040 Instructions. Schedule A (Form 1040) 1995

0456

519501 11-27-95
13120409 709261 3B140 8 050 BUSH, LYMAN F. 08064207

AS ORIGINALLY FILED

**SCHEDULE E (Form 1040)**
Department of the Treasury Internal Revenue Service

# Supplemental Income and Loss

(From rental real estate, royalties, partnerships, S corporations, estates, trusts, REMICs, etc.)
▶ Attach to Form 1040 or Form 1041. ▶ See Instructions for Schedule E (Form 1040).

OMB No. 1545-0074
**1995**
Attachment Sequence No. 13

Name(s) shown on return: LYMAN F. & BEVERLY J. BUSH
Your social security number: [redacted]

**Part I — Income or Loss From Rental Real Estate and Royalties** Note: Report income and expenses from your business of renting personal property on Schedule C or C-EZ. Report farm rental income or loss from Form 4835 on page 2, line 39.

1 Show the kind and location of each rental real estate property:

A RENTAL HOUSE (1/3 INTEREST) 5026 SOUTH PUGET SOUND

B

C

2 For each rental real estate property listed on line 1, did you or your family use it for personal purposes for more than the greater of 14 days or 10% of the total days rented at fair rental value during the tax year?

| | Yes | No |
|---|---|---|
| A | | X |
| B | | |
| C | | |

| Income: | Line | A | B | C | Totals (Add columns A, B, and C.) |
|---|---|---|---|---|---|
| 3 Rents received | 3 | 2486. | | | 3 2486. |
| 4 Royalties received | 4 | | | | 4 |
| **Expenses:** | | | | | |
| 5 Advertising | 5 | | | | |
| 6 Auto and travel | 6 | | | | |
| 7 Cleaning and maintenance | 7 | | | | |
| 8 Commissions | 8 | | | | |
| 9 Insurance | 9 | 64. | | | |
| 10 Legal and other professional fees | 10 | | | | |
| 11 Management fees | 11 | 265. | | | |
| 12 Mortgage interest paid to banks, etc. | 12 | | | | 12 |
| 13 Other interest | 13 | | | | |
| 14 Repairs | 14 | 441. | | | |
| 15 Supplies | 15 | | | | |
| 16 Taxes | 16 | 333. | | | |
| 17 Utilities | 17 | 58. | | | |
| 18 Other (list) ▶ | 18 | | | | |
| 19 Add lines 5 through 18 | 19 | 1161. | | | 19 1161. |
| 20 Depreciation expense or depletion | 20 | 460. | | | 20 460. |
| 21 Total expenses. Add lines 19 and 20 | 21 | 1621. | | | |
| 22 Income or (loss) from rental real estate or royalty properties. Subtract line 21 from line 3 (rents) or line 4 (royalties). If the result is a (loss), see page E-2 to find out if you must file Form 6198 | 22 | 865. | | | |
| 23 Deductible rental real estate loss. Caution: Your rental real estate loss on line 22 may be limited. See page E-3 to find out if you must file Form 8582. Real estate professionals must complete line 42 on page 2 | 23 | | | | |

24 Income. Add positive amounts shown on line 22. Do not include any losses — 24 — 865.

25 Losses. Add royalty losses from line 22 and rental real estate losses from line 23. Enter the total losses here — 25 — ( )

26 Total rental real estate and royalty income or (loss). Combine lines 24 and 25. Enter the result here. If Parts II, III, IV, and line 39 on page 2 do not apply to you, also enter this amount on Form 1040, line 17. Otherwise, include this amount in the total on line 40 on page 2 — 26 — 865.

521491 10-23-95 LHA For Paperwork Reduction Act Notice, see Form 1040 instructions. 13

Schedule E (Form 1040) 1995

0457

AS ORIGINALLY FILED

Schedule E (Form 1040) 1995 Attachment Sequence No. Page 2

Name(s) shown on return. Do not enter name and social security number if shown on Page 1. | Your social security number

LYMAN F. & BEVERLY J. BUSH [redacted]

Note: If you report amounts from farming or fishing on Schedule E, you must enter your gross income from those activities on line 41 below. Real Estate professionals must complete line 42 below.

**Part II** Income or Loss From Partnerships and S Corporations Note: If you report a loss from an at-risk activity, you MUST check either column (e) or (f) of line 27 to describe your investment in the activity. If you check column (f), you must attach Form 6198.

| 27 | (a) Name | (b) Enter P for partnership; S for S corporation | (c) Check if foreign partnership | (d) Employer identification number | Investment At Risk? (e) All is at risk | (f) Some is not at risk |
|---|---|---|---|---|---|---|
| A | SEE STATEMENT 16 | | | | | |
| B | | | | | | |
| C | | | | | | |
| D | | | | | | |
| E | | | | | | |

| | Passive Income and Loss | | Nonpassive Income and Loss | | |
|---|---|---|---|---|---|
| | (g) Passive loss allowed (attach Form 8582 if required) | (h) Passive income from Schedule K-1 | (i) Nonpassive loss from Schedule K-1 | (j) Section 179 expense deduction from Form 4562 | (k) Nonpassive income from Schedule K-1 |
| A | | | | | |
| B | | | | | |
| C | | | | | |
| D | | | | | |
| E | | | | | |
| 28a Totals | | 21180. | | | |
| b Totals | 22024. | | 1430. | | |

| | | | |
|---|---|---|---|
| 29 | Add columns (h) and (k) of line 28a | 29 | 21180. |
| 30 | Add columns (g), (i), and (j) of line 28b | 30 | ( 23454.) |
| 31 | Total partnership and S corporation income or (loss). Combine lines 29 and 30. Enter the result here and include in the total on line 40 below | 31 | -2274. |

**Part III** Income or Loss From Estates and Trusts

| 32 | (a) Name | (b) Employer identification number |
|---|---|---|
| A | | |
| B | | |

| | Passive Income and Loss | | Nonpassive Income and Loss | |
|---|---|---|---|---|
| | (c) Passive deduction or loss allowed (attach Form 8582 if required) | (d) Passive income from Schedule K-1 | (e) Deduction or loss from Schedule K-1 | (f) Other income from Schedule K-1 |
| A | | | | |
| B | | | | |
| 33a Totals | | | | |
| b Totals | | | | |

| | | | |
|---|---|---|---|
| 34 | Add columns (d) and (f) of line 33a | 34 | |
| 35 | Add columns (c) and (e) of line 33b | 35 | ( ) |
| 36 | Total estate and trust income or (loss). Combine lines 34 and 35. Enter the result here and include in the total on line 40 below | 36 | |

**Part IV** Income or Loss From Real Estate Mortgage Investment Conduits (REMICs) - Residual Holder

| 37 (a) Name | (b) Employer identification number | (c) Excess inclusion from Schedules Q, line 2c | (d) Taxable income (net loss) from Schedules Q, line 1b | (e) Income from Schedules Q, line 3b |
|---|---|---|---|---|
| | | | | |

| | | | |
|---|---|---|---|
| 38 | Combine columns (d) and (e) only. Enter the result here and include in the total on line 40 below | 38 | |

**Part V** Summary * ENTIRE DISPOSITION OF PASSIVE ACTIVITY

| | | | |
|---|---|---|---|
| 39 | Net farm rental income or (loss) from Form 4835. Also, complete line 41 below | 39 | |
| 40 | TOTAL income or (loss). Combine lines 26, 31, 36, 38, and 39. Enter the result here and on Form 1040, line 17 | 40 | -1409. |
| 41 | Reconciliation of Farming and Fishing Income: Enter your gross farming and fishing income reported on Form 4835, line 7; Schedule K-1 (Form 1065), line 15b; Schedule K-1 (Form 1120S), line 23; and Schedule K-1 (Form 1041), line 13 | 41 | |
| 42 | Reconciliation for Real Estate Professionals. If you were a real estate professional, enter the net income or (loss) you reported anywhere on Form 1040 from all rental real estate activities in which you materially participated under the passive activity loss rules | 42 | |

COPY

521501 0-23-95



0458

AS ORIGINALLY FILED

LYMAN F. & BEVERLY J. BUSH [redacted]

| ɔHEDULE D | CAPITAL LOSS CARRYOVER | | STATEMENT 15 |
|---|---|---|---|
| l. ENTER THE AMOUNT FROM FORM 1040, LINE 35 . . . . . . . . . . . . | | | 56732. |
| 2. ENTER THE LOSS FROM SCHEDULE D, LINE 19 AS A POSITIVE AMOUNT . | | | 3000. |
| 3. COMBINE LINES 1 AND 2. IF ZERO OR LESS, ENTER -0- . . . . . . . | | | 59732. |
| 4. ENTER THE SMALLER OF LINE 2 OR LINE 3 . . . . . . . . . . . . . | | | 3000. |
| 5. ENTER THE LOSS FROM SCHEDULE D, LINE 8 AS A POSITIVE AMOUNT . | | | 97. |
| 6. ENTER THE GAIN, IF ANY, FROM SCHEDULE D, LINE 17 . . . . . . . . . . . . . . . . . . . . . | | | |
| 7. ENTER THE AMOUNT FROM LINE 4 . . . . . . . . . . . . . . | | 3000. | |
| 8. ADD LINES 6 AND 7 . . . . . . . . . . . . . . . . . . . . . . . . . | | | 3000. |
| 9. SHORT-TERM CAPITAL LOSS CARRYOVER TO 1996. SUBTRACT LINE 8 FROM LINE 5. IF ZERO OR LESS, ENTER -0- . . . | | | 0. |
| 0. ENTER THE LOSS FROM SCHEDULE D, LINE 17 AS A POSITIVE AMOUNT . | | | 79905. |
| 1. ENTER THE GAIN, IF ANY, FROM SCHEDULE D, LINE 8 . . . . . . . . . . . . . . . . . . . . . . . . | | | |
| 2. SUBTRACT LINE 5 FROM LINE 4. IF ZERO OR LESS, ENTER -0- . . . . . . . . . . . . . . . . . . . . . | | 2903. | |
| 3. ADD LINES 11 AND 12 . . . . . . . . . . . . . . . . . . . . . . . . | | | 2903. |
| 4. LONG-TERM CAPITAL LOSS CARRYOVER TO 1996. SUBTRACT LINE 13 FROM LINE 10. IF ZERO OR LESS, ENTER -0- . . | | | 77002. |

CHEDULE E INCOME OR (LOSS) FROM PARTNERSHIPS AND S CORPS STATEMENT 16

AME

| EMPLOYER ID NO. | NOT AT RISK | CODE | PASSIVE LOSS | PASSIVE INCOME | NONPASSIVE LOSS | SEC. 179 DEDUCTION | NONPASSIVE INCOME |
|---|---|---|---|---|---|---|---|
| UMMER LOVERS ASSOCIATES | | | | | | | |
| 1-2615060 | | P | | 9262. | | | |
| USH AND WEAVER | | | | | | | |
| 1-0993948 | | P | 487. | 1699. | | | |
| INEMA '84 REGISTRATION NO. 8427 | | | | | | | |
| 1-2678807 | | P | | | 1430. | | |
| 'AWCETT PLAZA ONE | | | | | | | |
| 1-1012413 | | P | 20781. | | | | |
| ,ONE WOLF MCQUADE ASSOCIATES | | | | | | | |
| 3-3109971 | | P | | 10219. | | | |
| IL-LEE ACQUISITION FUND, L.P. | | | | | | | |
| 3-3426817 | | P | | | | | |
| IRI BUSINESS PROPERTIES FUND LTD | | | | | | | |
| '4-2919856 | | P | 756. | | | | |
| 'OTALS TO SCH. E, LN. 28 | | | 22024. | 21180. | 1430. | | |

COPY FOR YOUR FILE

AS ORIGINALLY FILED

AS AMENDED

Form **6251** — Department of the Treasury, Internal Revenue Service

DOES NOT APPLY

# Alternative Minimum Tax - Individuals

▶ Attach to Form 1040, Form 1040NR, or Form 1040-T.

OMB No. 1545-0227 — **1995** — Attachment Sequence No. 32

Name(s) shown on Form 1040: LYMAN F. & BEVERLY J. BUSH

Your social security number: [redacted]

## Part I Adjustments and Preferences

| Line | Description | No. | Amount | Handwritten |
|---|---|---|---|---|
| 1 | If you itemized deductions on Schedule A (Form 1040) (or you entered the amount from Form 1040-T, Section B, line t, on Form 1040-T, line 20), go to line 2. Otherwise, enter your standard deduction from Form 1040, line 34 (or Form 1040-T, line 20), and go to line 6 | 1 | | |
| 2 | Medical and dental. Enter the smaller of Schedule A (Form 1040), line 4, or 2 1/2% of Form 1040, line 32 (Form 1040-T filers, enter the smaller of Section B, line c or 2 1/2% of Form 1040-T, line 16) | 2 | | 147 |
| 3 | Taxes. Enter the amount from Schedule A (Form 1040), line 9 (or the total of lines d through g of Form 1040-T, Section B) | 3 | 4845. | 4845 |
| 4 | Certain interest on a home mortgage not used to buy, build, or improve your home | 4 | | |
| 5 | Miscellaneous itemized deductions. Enter the amount from Schedule A (Form 1040), line 26 (or Form 1040-T, Section B, line r) | 5 | 7745. | 8,135 |
| 6 | Refund of taxes. Enter any tax refund from Form 1040, line 10 or 21 (or Form 1040-T, line 4 or line 9) | 6 | | |
| 7 | Investment interest. Enter difference between regular tax and AMT deduction | 7 | | |
| 8 | Post-1986 depreciation. Enter difference between regular tax and AMT depreciation | 8 | | |
| 9 | Adjusted gain or loss. Enter difference between AMT and regular tax gain or loss | 9 | | |
| 10 | Incentive stock options. Enter excess of AMT income over regular tax income | 10 | | |
| 11 | Passive activities. Enter difference between AMT and regular tax income or loss SEE STATEMENT 19 | 11 | 0. | |
| 12 | Beneficiaries of estates and trusts. Enter the amount from Schedule K-1 (Form 1041), line 8 | 12 | | |
| 13 | Tax-exempt interest from private activity bonds issued after 8/7/86 | 13 | | |
| 14 | Other. Enter the amount, if any, for each item and enter the total on line 14. | 14 | | |

| a | Charitable contributions | | h | Loss limitations | |
|---|---|---|---|---|---|
| b | Circulation expenditures | | i | Mining costs | |
| c | Depletion | | j | Patron's adjustment | |
| d | Depreciation (pre-1987) | | k | Pollution control facilities | |
| e | Installment sales | | l | Research and experimental | |
| f | Intangible drilling costs | | m | Tax shelter farm activities | |
| g | Long-term contracts | | n | Related adjustments | |

| Line | Description | No. | Amount | Handwritten |
|---|---|---|---|---|
| 15 | Total Adjustments and Preferences. Combine lines 1 through 14 ▶ | 15 | 12590. | |

## Part II Alternative Minimum Taxable Income

| Line | Description | No. | Amount | Handwritten |
|---|---|---|---|---|
| 16 | Enter the amount from Form 1040, line 35 (or Form 1040-T, line 21). If less than zero, enter as a (loss) ▶ | 16 | 56732. | <110,125> |
| 17 | Net operating loss deduction, if any, from Form 1040, line 21. Enter as a positive amount | 17 | | |
| 18 | If Form 1040, line 32 (or Form 1040-T, line 16), is over $114,700 (over $57,350 if married filing separately), and you itemized deductions, enter the amount, if any, from line 9 of the worksheet for Schedule A, (Form 1040), line 28 (or line 9 of the worksheet for Section B, line t, of Form 1040-T) | 18 | | |
| 19 | Combine lines 15 through 18 ▶ | 19 | 69322. | |
| 20 | Alternative tax net operating loss deduction. | 20 | | |
| 21 | Alternative Minimum Taxable Income. Subtract line 20 from line 19. (If married filing separately and line 21 is more than $165,000, see instructions.) ▶ | 21 | 69322. | |

## Part III Exemption Amount and Alternative Minimum Tax

22 Exemption Amount. (If this form is for a child under age 14, see instructions.)

| If your filing status is: | And line 21 is not over: | Enter on line 22: |
|---|---|---|
| Single or head of household | $112,500 | $33,750 |
| Married filing jointly or qualifying widow(er) | 150,000 | 45,000 |
| Married filing separately | 75,000 | 22,500 |

If line 21 is over the amount shown above for your filing status, see instructions.

| Line | Description | No. | Amount | Handwritten |
|---|---|---|---|---|
| 22 | Exemption Amount | 22 | 45000. | <45,000> |
| 23 | Subtract line 22 from line 21. If zero or less, enter -0- here and on lines 26 and 28 ▶ | 23 | 24322. | <141,998> |
| 24 | If line 23 is $175,000 or less ($87,500 or less if married filing separately), multiply line 23 by 26% (.26). Otherwise, multiply line 23 by 28% (.28) and subtract $3,500 ($1,750 if married filing separately) from the result | 24 | 6324. | |
| 25 | Alternative minimum tax foreign tax credit. | 25 | | |
| 26 | Tentative minimum tax. Subtract line 25 from line 24 ▶ | 26 | 6324. | |
| 27 | Enter your tax from Form 1040, line 38 (plus any amount from Form 4970 included on Form 1040, line 39), minus any foreign tax credit from Form 1040, line 43 (Form 1040-T filers, enter the amount from Form 1040-T, line 26) | 27 | 9413. | |
| 28 | Alternative Minimum Tax. (If this form is for a child under age 14, see instructions.) Subtract line 27 from line 26. If zero or less, enter -0-. Enter here and on Form 1040, line 48 (or Form 1040-T, line 31) ▶ | 28 | 0. | -0- |

AS ORIGINALLY FILED

ITC BASIS TO EXTENT OF Income OFFSET BY AT RISK Carryforward

Lone Wolf McQuade 10,219
Sch K-1

x 10% = 1,022

Form **3468** — Department of the Treasury, Internal Revenue Service

# Investment Credit

▶ Attach to your return.
▶ See separate instructions.

OMB No. 1545-0155 — **1995** — Attachment Sequence No. 52

Name(s) shown on return | Identifying number

## Part I Current Year Investment Credit

**Note:** *Generally, you cannot claim the regular investment credit for property placed in service after December 31, 1985 (see instructions).*

| | | | | |
|---|---|---|---|---|
| 1 | Rehabilitation credit. Enter the amount of qualified rehabilitation expenditures and multiply by the percentage shown: | | | |
| a | Pre-1936 buildings | × 10% (.10) | 1a | |
| b | Certified historic structures (attach NPS certificate) | × 20% (.20) | 1b | |
| | Enter NPS number assigned or the flow-through entity's identifying number (see instructions) | | | |
| | Transition property: | | | |
| c | 30-year-old buildings | × 10% (.10) | 1c | |
| d | 40-year-old buildings | × 13% (.13) | 1d | |
| e | Certified historic structures (attach NPS certificate) | × 25% (.25) | 1e | |
| | Enter NPS number assigned or the flow-through entity's identifying number (see instructions) | | | |
| 2a | Energy credit. Enter the basis of energy property placed in service during the tax year (see instructions) | × 10% (.10) | 2a | |
| b | Transition energy property. Attach computation (see instructions) | | 2b | |
| 3 | Reforestation credit. Enter the amortizable basis of qualified timber property acquired during the tax year (see instructions for limitations) | × 10% (.10) | 3 | |
| 4 | Regular investment credit for transition property. Enter qualified investment (see instructions) | × 6.5% (.065) | 4 | |
| 5 | Credit from cooperatives. Enter the unused regular investment credit for transition property and the unused energy credit from cooperatives | | 5 | |
| 6 | Total current year investment credit. Add lines 1a through 5 | | 6 | 1,022 |

## Part II Tax Liability Limit (See Who Must File Form 3800 to find out if you complete Part II or file Form 3800.)

| | | | | |
|---|---|---|---|---|
| 7a | Individuals. Enter amount from Form 1040, line 40 | | | |
| b | Corporations. Enter amount from Form 1120, Schedule J, line 3 (or Form 1120-A, Part I, line 1) | | 7 | -0- |
| c | Other filers. Enter regular tax before credits from your return | | | |
| 8a | Credit for child and dependent care expenses (Form 2441, line 10) | 8a | | |
| b | Credit for the elderly or the disabled (Schedule R (Form 1040), line 20) | 8b | | |
| c | Mortgage interest credit (Form 8396, line 11) | 8c | | |
| d | Foreign tax credit (Form 1116, line 32, or Form 1118, Sch. B, line 12) | 8d | | |
| e | Possessions tax credit (Form 5735) | 8e | | |
| f | Orphan drug credit (Form 6765) | 8f | | |
| g | Credit for fuel from a nonconventional source | 8g | | |
| h | Qualified electric vehicle credit (Form 8834, line 19) | 8h | | |
| i | Add lines 8a through 8h | | 8i | |
| 9 | Net regular tax. Subtract line 8i from line 7 | | 9 | -0- |
| 10 | Tentative minimum tax (see instructions): | | | |
| a | Individuals. Enter amount from Form 6251, line 26 | | | |
| b | Corporations. Enter amount from Form 4626, line 13 | | 10 | — |
| c | Estates and trusts. Enter amount from Form 1041, Schedule I, line 37 | | | |
| 11 | Net income tax: | | | |
| a | Individuals. Add line 9 above and line 28 of Form 6251 | | | |
| b | Corporations. Add line 9 above and line 15 of Form 4626 | | 11 | — |
| c | Estates and trusts. Add line 9 above and line 41 of Form 1041, Schedule I | | | |
| 12 | If line 9 is more than $25,000, enter 25% (.25) of the excess (see instructions) | | 12 | — |
| 13 | Subtract line 10 or line 12, whichever is greater, from line 11. If zero or less, enter -0- | | 13 | — |
| 14 | Investment credit allowed for current year. Enter the smaller of line 6 or line 13. This is your General Business Credit for 1995. Enter here and on Form 1040, line 44; Form 1120, Schedule J, line 4d; Form 1120-A, Part I, line 2a; or on the appropriate line of other income tax returns | | 14 | -0- |

0461

95 Income from Pass' oug

CINEMA '84 REGISTRATION NO. 8427
I.D. NUMBER: 11-2678807
TYPE: PARTNERSHIP

AS ORIGINALLY FILED

ACTIVITY INFORMATION:

CINEMA '84 REGISTRATION NO. 8427

100% DISPOSITION AT A NET LOSS

| | | |
|---|---|---|
| ORDINARY INCOME (LOSS) | -1416 | |
| SCHEDULE E ACTIVITY INCOME (LOSS) | | -1416 |
| PAL CARRYOVER FROM 1994 - SCHEDULE E | | -14 |
| SCHEDULE E ACTIVITY NET LOSS | | -1430 |

TAX PREFERENCE ITEMS:

| | |
|---|---|
| AMT PAL CARRYOVER FROM 1994 - SCHEDULE E | 14 |

OTHER K-1 INFORMATION:

| | |
|---|---|
| INTEREST | 15 |
| INVESTMENT INCOME | 15 |

95 Income from Passthroug

LONE WOLF MCQUADE ASSOCIATES
I.D. NUMBER: 13-3109971
TYPE: PARTNERSHIP

ACTIVITY INFORMATION:

LONE WOLF MCQUADE ASSOCIATES

100% DISPOSITION AT A NET GAIN

| | |
|---|---|
| ORDINARY INCOME (LOSS) | 10219 |
| SCHEDULE E ACTIVITY INCOME (LOSS) | 10219 |

OTHER K-1 INFORMATION:

| | |
|---|---|
| INTEREST | 15 |
| INVESTMENT INCOME | 15 |

95 Income from Passthroug

SUMMER LOVERS ASSOCIATES
I.D. NUMBER: 11-2615060
TYPE: PARTNERSHIP

ACTIVITY INFORMATION:

SUMMER LOVERS ASSOCIATES

100% DISPOSITION AT A NET GAIN

| | |
|---|---|
| ORDINARY INCOME (LOSS) | 9262 |
| SCHEDULE E ACTIVITY INCOME (LOSS) | 9262 |

OTHER K-1 INFORMATION:

| | |
|---|---|
| INTEREST | 17 |
| INVESTMENT INCOME | 17 |

AS AMENDED

Form 1045 (1995) Page 2

## Schedule A -- Net Operating Loss (NOL). See instructions.

| Line | Description | | | |
|---|---|---|---|---|
| 1 | Adjusted gross income from 1995 Form 1040, line 32. Estates and trusts, skip lines 1 and 2 | | 1 | <86,878> |
| 2 | Deductions (individuals only): | | | |
| a | Enter amount from your 1995 Form 1040, line 34 | 2a 23,247 | | |
| b | Enter your deduction for exemptions from 1995 Form 1040, line 36 | 2b 5,000 | | |
| c | Add lines 2a and 2b | | 2c | 28,247 |
| 3 | Combine lines 1 and 2c. Estates and trusts, enter taxable income. | | 3 | <115,125> |

**Note:** If line 3 is zero or more, do not complete rest of schedule. You do **not** have a net operating loss.

**Adjustments:**

| Line | Description | | | | |
|---|---|---|---|---|---|
| 4 | Deduction for exemptions from line 2b above. Estates and trusts, enter exemption amount from tax return. | | | 4 | 5,000 |
| 5 | Total nonbusiness capital losses before limitation. Enter as a positive number 7917, 26361, 69072 | 5 | 103,350 | | |
| 6 | Total nonbusiness capital gains. 7820 12498 37 | 6 | 20,355 | | |
| 7 | If line 5 is more than line 6, enter difference; otherwise, enter -0- | 7 | 82,995 | | |
| 8 | If line 6 is more than line 5, enter difference; otherwise, enter -0- | 8 | — | | |
| 9 | Nonbusiness deductions. See instructions | 9 | 30,316 | | |
| 10 | Nonbusiness income other than capital gains. See instructions. 13094, 5372, 8851, | 10 | 27,317 | | |
| 11 | Add lines 8 and 10 | 11 | 27,317 | | |
| 12 | If line 9 is more than line 11, enter difference; otherwise, enter -0- | | | 12 | 2,999 |
| 13 | If line 11 is more than line 9, enter difference; otherwise, enter -0-. Do not enter more than line 8 | 13 | - 0 - | | |
| 14 | Total business capital losses before limitation. Enter as a positive number | 14 | - 0 - | | |
| 15 | Total business capital gains | 15 | 2,993 | | |
| 16 | Add lines 13 and 15. | 16 | 2,993 | | |
| 17 | If line 14 is more than line 16, enter difference; otherwise, enter -0- | 17 | - 0 - | | |
| 18 | Add lines 7 and 17 | 18 | 82,995 | | |
| 19 | Enter the loss, if any, from line 18 of Schedule D (Form 1040). (Estates and trusts, enter the loss, if any, from line 17, column (c), of Schedule D (Form 1041).) Enter as a positive number. If you do not have a loss on that line, skip lines 19 through 21 and enter on line 22 the amount from line 18 | 19 | 80,002 | | |
| 20 | Enter the loss from line 19 of Schedule D (Form 1040). (Estates and trusts, enter the loss from line 18 of Schedule D (Form 1041).) Enter as a positive number | 20 | 3,000 | | |
| 21 | Subtract line 20 from line 19 | 21 | 77,002 | | |
| 22 | Subtract line 21 from line 18 | | | 22 | 5993 |
| 23 | Net operating loss deduction for losses from other years. Enter as a positive number | | | 23 | 0 |
| 24 | Add lines 4, 12, 22, and 23 | | | 24 | 13,992 |
| 25 | **Net operating loss.** Combine lines 3 and 24. If the combined amount is less than zero, enter it here and on page 1, line 1a. If the combined amount is zero or more, you do **not** have a net operating loss. | | | 25 | <101,133> |

| | Ordinary Business | Ordinary Non Bus | Capital Business | Capital Non Business |
|---|---|---|---|---|
| Gains <Losses> Inc <Loss | 12000 | 13094 | 2993 | 7820 |
| | 36201 | 5372 | | 12498 |
| | <21> | 8851 (27317 L10) | | 37 |
| | <1409> | <7069> | | <7917> |
| | <93,044> | <23,247> (L9 30316) | | <26,361> (<13923> None Allowed) |
| | <57,848> | | | |
| | <104,126> | - 0 - None | 2993 | - 0 - |

Σ <101,133>

0463

AS ORIGINALLY FILED

**SCHEDULE D (Form 1040)**
Department of the Treasury
Internal Revenue Service

# Capital Gains and Losses

▶ Attach to Form 1040. ▶ See Instructions for Schedule D (Form 1040).

OMB No. 1545-0074
**1995**
Attachment Sequence No. 12

Name(s) shown on Form 1040: LYMAN F. & BEVERLY J. BUSH

Your social security number: [redacted]

## Part I Short-Term Capital Gains and Losses - Assets Held One Year or Less

| | (a) Description of Property (Example: 100 sh. XYZ Co.) | (b) Date acquired | (c) Date sold | (d) Sales price | (e) Cost or other basis | (f) LOSS If (e) is more than (d), subtract (d) from (e) | (g) GAIN If (d) is more than (e), subtract (e) from (d) |
|---|---|---|---|---|---|---|---|
| 1 | SEE STATEMENT 13 | | | 166547. | 166644. | 7917. | 7820. |
| 2 | Enter your short-term totals, if any | | 2 | | | | |
| 3 | Total short-term sales price amounts. Add column (d) of lines 1 and 2 | | 3 | 166547. | | | |
| 4 | Short-term gain from Forms 2119 and 6252, and short-term gain or loss from Forms 4684, 6781, and 8824 | | | | 4 | | |
| 5 | Net short-term gain or loss from partnerships, S corporations, estates, and trusts from Schedule(s) K-1 | | | | 5 | | |
| 6 | Short-term capital loss carryover. Enter the amount, if any, from line 9 of your 1994 Capital Loss Carryover Worksheet | | | | 6 | | |
| 7 | Add lines 1 through 6, in columns (f) and (g) | | | | 7 | ( 7917.) | 7820. |
| 8 | Net short-term capital gain or (loss). Combine columns (f) and (g) of line 7 ▶ | | | | | 8 | −97. |

## Part II Long-Term Capital Gains and Losses - Assets Held More Than One Year

| | (a) Description | (b) Date acquired | (c) Date sold | (d) Sales price | (e) Cost or other basis | (f) LOSS | (g) GAIN |
|---|---|---|---|---|---|---|---|
| 9 | SEE STATEMENT 14 | | | 170373. | 184236. | 26361. | 12498. |
| 10 | Enter your long-term totals, if any | | 10 | | | | |
| 11 | Total long-term sales price amounts. Add column (d) of lines 9 and 10 | | 11 | 170373. | | | |
| 12 | Gain from Form 4797; long-term gain from Forms 2119, 2439, and 6252; and long-term gain or loss from Forms 4684, 6781, and 8824 | | | | 12 | | |
| 13 | Net long-term gain or loss from partnerships, S corporations, estates, and trusts from Schedule(s) K-1 | | | | 13 | | 2993. |
| 14 | Capital gain distributions | | | | 14 | | 37. |
| 15 | Long-term capital loss carryover. Enter the amount, if any, from line 14 of your 1994 Capital Loss Carryover Worksheet | | | | 15 | 69072. | |
| 16 | Add lines 9 through 15, in columns (f) and (g) | | | | 16 | ( 95433.) | 15528. |
| 17 | Net long-term capital gain or (loss). Combine columns (f) and (g) of line 16 ▶ | | | | | 17 | −79905. |

## Part III Summary of Parts I and II

| | | | |
|---|---|---|---|
| 18 | Combine lines 8 and 17. If a loss, go to line 19. If a gain, enter the gain on Form 1040, line 13. Note: If both lines 17 and 18 are gains, see the Capital Gain Tax Worksheet | 18 | −80002. |
| 19 | If line 18 is a loss, enter here and as a (loss) on Form 1040, line 13, the smaller of these losses: a The loss on line 18; or b ($3,000) or, if married filing separate, ($1,500) | 19 | ( 3000.) |
| | Note: See the Capital Loss Carryover Worksheet if the loss on line 18 exceeds the loss on line 19 or if Form 1040, line 35, is a loss. SEE STATEMENT 15 | | |

LHA For Paperwork Reduction Act Notice, see Form 1040 instructions. 12 Schedule D (Form 1040) 1995
3120409 709261 3B140 050 BUSH, LYMAN F. 08064207

0464

AS ORIGINALLY FILED

LYMAN F. & BEVERLY J. BU[illegible] [redacted]

| HEDULE B | TAX-EXEMPT INTEREST | STATEMENT 12 |
|---|---|---|

| 4E OF PAYER | AMOUNT |
|---|---|
| TEREST FROM MUNICIPAL BONDS | 7211. |
| TAL TAX-EXEMPT INTEREST TO SCHEDULE B, LINE 1 | 7211. |

| HEDULE D | SHORT-TERM CAPITAL GAINS AND LOSSES | STATEMENT 13 |
|---|---|---|

| SCRIPTION | ACQUIRED | SOLD | PRICE | COST | LOSS | GAIN |
|---|---|---|---|---|---|---|
| 00 SHARES DERATED PARTMENT STORES | 03/10/95 | 07/18/95 | 27476. | 21574. | | 5902. |
| 00 SHARES SION SYSTEMS RP | 02/03/95 | 03/10/95 | 24996. | 25003. | 7. | |
| 00 SHARES PNC NK | 09/13/95 | 09/13/95 | 27105. | 27890. | 785. | |
| 0 SHARES CKSON ASSOC ALTY | 06/02/95 | 10/13/95 | 13139. | 12532. | | 607. |
| 0 SHARES NZOIL | 01/19/94 | 01/18/95 | 21217. | 28224. | 7007. | |
| 00 SHARES SW OPERTY TRUST | 10/12/94 | 01/13/95 | 24185. | 24303. | 118. | |
| 00 SHARES OLWORTH | 12/21/94 | 01/13/95 | 28429. | 27118. | | 1311. |
| TAL TO SCH. D, PART I, LINE 1 | | | 166547. | 166644. | 7917. | 7820. |

| HEDULE D | LONG-TERM CAPITAL GAINS AND LOSSES | STATEMENT 14 |
|---|---|---|

| SCRIPTION | ACQUIRED | SOLD | PRICE | COST | LOSS | GAIN |
|---|---|---|---|---|---|---|
| ; SHARES – JNICIPAL IVESTMENT 9 AMT | 01/29/91 | 05/24/95 | 60403. | 76908. | 16505. | |
| RI BUSINESS ROPERTIES FUND IMITED | | 12/30/94 | 112. | 0. | | 112. |
| 50 SHARES RISTOL MEYER QUIBB | 09/22/92 | 03/10/95 | 9116. | 10243. | 1127. | |
| 00 SHARES RISTOL MEYER QUIBB | VARIOUS | 06/02/95 | 26317. | 27128. | 811. | |

COPY FOR YOUR FILE

AS ORIGINALLY FILED

LYMAN F. & BEVERLY J. BU'^H [redacted]

| | | | | | | |
|---|---|---|---|---|---|---|
| 00 SHARES · | 09/ /94 | 10/25/95 | | | | |
| ·IGLER COAL | | | | | | |
| ·LDING | | | 22702. | 30620. | 7918. | |
| 0 SHARES IBM | 07/28/93 | 01/18/95 | 30467. | 18803. | | 11664. |
| 00 SHARES USF & | 11/15/93 | 02/03/95 | | | | |
| | | | 21256. | 20534. | | 722. |
| ·TAL TO SCH. D, PART II, LINE 9 | | | 170373. | 184236. | 26361. | 12498. |

PY FOR
FILE

Form **1040X** (Rev. November 1998)

Department of the Treasury — Internal Revenue Service

# Amended U.S. Individual Income Tax Return

▶ See separate instructions.

Bush 503303721

OMB No. 1545-0091

**This return is for calendar year ▶** 19 95 **, OR fiscal year ended ▶** , 19

Please print or type

| | | |
|---|---|---|
| Your first name and initial: LYMAN F. | Last name: BUSH | Your social security number: [redacted] |
| If a joint return, spouse's first name and initial: BEVERLY J. | Last name: BUSH | Spouse's social security number: [redacted] |
| Home address (no. and street) or P.O. box if mail is not delivered to your home: 1217 122nd Street Court East | Apt. no. | Telephone number (optional): 713-965-9244 |
| City, town or post office, state, and ZIP code. If you have a foreign address, see page 2 of the instructions.: Tacoma, Washington 98445 | | For Paperwork Reduction Act Notice, see page 6. |

A If the name or address shown above is different from that shown on the original return, check here ▶ [X]

B Has the original return been changed or audited by the IRS or have you been notified that it will be? [X] Yes [ ] No

C Filing status. Be sure to complete this line. **Note:** *You cannot change from joint to separate returns after the due date.*

On original return ▶ [ ] Single [X] Married filing joint return [ ] Married filing separate return [ ] Head of household [ ] Qualifying widow(er)

On this return ▶ [ ] Single [X] Married filing joint return [ ] Married filing separate return [ ] Head of household* [ ] Qualifying widow(er)

* If the qualifying person is a child but not your dependent, see page 2.

USE PART II ON THE BACK TO EXPLAIN ANY CHANGES

| | | Line | A. Original amount or as previously adjusted (see page 2) | B. Net change — amount of increase or (decrease) — explain in Part II | C. Correct amount |
|---|---|---|---|---|---|
| **Income and Deductions (see pages 2 - 5)** | | | | | |
| 1 | Adjusted gross income (see page 3) | 1 | 74,240 | (161,118) | (86,878) |
| 2 | Itemized deductions or standard deduction (see page 3) | 2 | 17,508 | 5,739 | 23,247 |
| 3 | Subtract line 2 from line 1 | 3 | 56,732 | (166,857) | (110,125) |
| 4 | Exemptions. If changing, fill in Parts I and II on the back | 4 | 5,000 | 0 | 5,000 |
| 5 | Taxable income. Subtract line 4 from line 3 | 5 | 51,732 | (166,857) | (115,125) |
| **Tax Liability** | | | | | |
| 6 | Tax (see page 4). Method used in col. C Tax Table | 6 | 9,413 | (9,413) | 0 |
| 7 | Credits (see page 4) | 7 | | 1,948 | 1,948 |
| 8 | Subtract line 7 from line 6. Enter the result but not less than zero | 8 | 9,413 | (9,413) | 0 |
| 9 | Other taxes (see page 4) | 9 | 5,115 | 0 | 5,115 |
| 10 | Total tax. Add lines 8 and 9 | 10 | 14,528 | (9,413) | 5,115 |
| **Payments** | | | | | |
| 11 | Federal income tax withheld and excess social security and RRTA tax withheld. If changing, see page 4 | 11 | 2,553 | 0 | 2,553 |
| 12 | Estimated tax payments, including amount applied from prior year's return | 12 | 8,262 | 0 | 8,262 |
| 13 | Earned income credit | 13 | | | |
| 14 | Additional child tax credit from Form 8812 | 14 | | | |
| 15 | Credits from Form 4136 or Form 2439 | 15 | | | |
| 16 | Amount paid with Form 4868, 2688, or 2350 (applications for extension of time to file) | 16 | | | |
| 17 | Amount of tax paid with original return plus additional tax paid after it was filed | 17 | | | 3,713 |
| 18 | Total payments. Add lines 11 through 17 in column C | 18 | | | 14,528 |
| **Refund or Amount You Owe** | | | | | |
| 19 | Overpayment, if any, as shown on original return or as previously adjusted by the IRS | 19 | | | |
| 20 | Subtract line 19 from line 18 (see page 4) | 20 | | | 14,528 |
| 21 | **AMOUNT YOU OWE.** If line 10, column C, is more than line 20, enter the difference and see page 4 | 21 | | | 0 |
| 22 | If line 10, column C, is less than line 20, enter the difference | 22 | | | 9,413 |
| 23 | Amount of line 22 you want **REFUNDED TO YOU** | 23 | | | 9,413 ** |
| 24 | Amount of line 22 you want **APPLIED TO YOUR 19 ESTIMATED TAX** | 24 | | | |

**Sign Here**
Joint return? See page 2. Keep a copy for your records.

Under penalties of perjury, I declare that I have filed an original return and that I have examined this amended return, including accompanying schedules and statements, and to the best of my knowledge and belief, this amended return is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which the preparer has any knowledge.

▶ Lyman F. Bush — 11-24-99
Your signature — Date

▶ Lyman F. Bush Personal Representative of the Estate of Beverly J. Bush deceased — 11-24-99
Spouse's signature. If a joint return, BOTH must sign. Date

**Paid Preparer's Use Only**

Preparer's signature ▶ Brett A. Thompson CPA — Date 11/23/99 — Check if self-employed [X] — Preparer's social security no. [redacted]

Firm's name (or yours if self-employed) and address ▶ Brett A. Thompson, CPA, 20214 Kingsland Blvd., Katy, Texas — EIN — ZIP code 77450

** *or such greater amount as is legally refundable, plus interest.*



EXHIBIT "H" 0467

Bush [redacted]

Form 1040X (Rev. 11-98) Page 2

**Part I** **Exemptions.** See Form 1040, Form 1040A, or Form 1040-T instructions.

If you are **not changing your exemptions,** do not complete this part.
If claiming **more exemptions,** complete lines 25 - 31 and, if applicable, line 32.
If claiming **fewer exemptions,** complete lines 25 - 30.

| | | | A. Original number of exemptions reported or as previously adjusted | B. Net change | C. Correct number of exemptions |
|---|---|---|---|---|---|
| 25 | Yourself and spouse . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **Caution:** *If your parents (or someone else) can claim you as a dependent (even if they chose not to), you cannot claim an exemption for yourself.* | 25 | | | |
| 26 | Your dependent children who lived with you . . . . . . . . . . . . . . . . . . . . . . | 26 | | | |
| 27 | Your dependent children who did not live with you due to divorce or separation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 27 | | | |
| 28 | Other dependents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 28 | | | |
| 29 | Total number of exemptions. Add lines 25 through 28 . . . . . . . . . . . . . . | 29 | | | |
| 30 | Multiply the number of exemptions claimed on line 29 by the amount listed below for the tax year you are amending. Enter the result here and on line 4. | 30 | | | |

| Tax year | Exemption amount | But see page 3 if the amount on line 1 is over: |
|---|---|---|
| 1998 | $2,700 | $93,400 |
| 1997 | 2,650 | 90,900 |
| 1996 | 2,550 | 88,475 |
| 1995 | 2,500 | 86,025 |

31 Dependents (children and other) not claimed on original (or adjusted) return:
**Note:** *For tax year 1998, do not complete column (e) below. For tax years before 1998, do not complete column (d) below.*

| (a) First name | Last name | (b) Dependent's social security number. If born in the tax year you are amending, see page 5. | (c) Dependent's relationship to you | (d) ✓ if qualifying child for child tax credit (see page 5) | (e) No. of months lived in your home |
|---|---|---|---|---|---|
| | | | | ☐ | |
| | | | | ☐ | |
| | | | | ☐ | |
| | | | | ☐ | |
| | | | | ☐ | |
| | | | | ☐ | |

No. of your children on line 31 who:
- **lived with** you . . . . . . . . ▶ ☐
- **did not live** with you due to divorce or separation (see page 5) . . . . . ▶ ☐

Dependents on line 31 not entered above ▶ ☐

32 For tax year 1995, if your child listed on line 31 did not live with you but is claimed as your dependent under a pre-1985 agreement, check here . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ▶ ☐

**Part II** **Explanation of Changes to Income, Deductions, and Credits**

**Enter the line number from the front of the form for each item you are changing and give the reason for each change. Attach only the supporting forms and schedules for the items changed. If you do not attach the required information, your Form 1040X may be returned. Be sure to include your name and social security number on any attachments.**

If the change relates to a net operating loss carryback or a general business credit carryback, attach the schedule or form that shows the year in which the loss or credit occurred. See page 1 of the instructions. Also, check here . . . . . . . . . . . . . . . . . . . . . . . . ▶ ☐

***** *PLEASE SEE EXPLANATION ATTACHED* *****

**Part III** **Presidential Election Campaign Fund.** Checking below will not increase your tax or reduce your refund.

If you did not previously want $3 to go to the fund but now want to, check here . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ▶ ☐
If a joint return and your spouse did not previously want $3 to go to the fund but now wants to, check here . . . . . . . . . . . . . . ▶ ☐

STF FED3171F.2

**LYMAN F. BUSH and BEVERLY J. BUSH**
**(SSN [redacted] and SSN [redacted])**
**EXPLANATION - 1995 REFUND CLAIM**

The taxpayer and the Commissioner entered into a Closing Agreement ("Agreement") on July 22, 1999 regarding the taxpayer's partnership interest in Cinema 84 and Lone Wolf McQuade Associates, copies of which are attached hereto as Exhibit "A."

This refund claim is being filed and is timely based on Paragraph 15 of the Agreement which provides that "[a]ny refund claim attributable to the operation of this agreement ***shall*** be deemed to be timely filed and ***shall*** be allowed if it is filed with the IRS within one year of the execution of this agreement by the Commissioner of Internal Revenue."

Further, pursuant to Paragraph 15 of the Agreement, "[a]ny refund claim so submitted within 120 days of this agreement shall be allowed as an offset pursuant to I.R.C. §§6402(a) and 6601(f) against any tax deficiencies resulting from this agreement." Therefore, the refund due under this claim must be applied as an offset to the tax deficiencies arising from the settlement. The refund should be applied first to any deficiency determined for 1983 and thereafter any balance to any subsequent year deficiencies.

This refund claim results from application of the portion of the §465 suspended losses allowable in this year as a consequence of the increase in the amount at risk resulting from net partnership income reported in this year, based on Agreement Paragraph 8 and capital contributions based on Agreement Paragraph 7 as reported on the K-1 attached as Exhibit "B.".

This refund claim also results from application of the portion of the §465 suspended investment tax credits allowable in this year as a consequence of the increase in the amount at risk resulting from net partnership income reported in this year, based on Agreement Paragraph 8.

Based upon the Agreement, the suspended losses and ITC allowable in this year as a consequence of Paragraph 8 of the Agreement are determined as follows:

| | Cinema 84 | Lone Wolf McQuade |
|---|---|---|
| Increase of amount at risk due to net partnership income and capital contributions in current year per K-1 | $87,442.00 | $107,206.00 |
| Portion of losses previously suspended under §465 allowable in current year per Closing Agreement | $57,848.00 | $93,049.00 |
| Portion of ITC suspended under §465 allowable due to increase in amount at risk | $-0.00- | $1,022.00 |

***Please process this claim immediately and apply the refund as an offset under §6402 as required above.***

Exhibit:

A - Copy of Closing Agreement
B - Copy of K-1
C - Computation of Deduction Amounts

Department of the Treasury - Internal Revenue Service

## Closing Agreement on Final Determination Covering Specific Matters

Under section 7121 of the Internal Revenue Code of 1986 (hereinafter "Code")

Lyman F. Bush (SSN: [redacted]) and Beverly J. Bush (SSN: [redacted])
(Taxpayers' Name, address, and identifying number)

1217 122nd Street Court East, Tacoma, WA 98445 (hereinafter referred to as taxpayer)

and the Commissioner of Internal Revenue make the following closing agreement:

WHEREAS, a dispute has arisen between the parties as to the Federal income tax treatment to be accorded to the taxpayers' purchase of an investment in Cinema 84 (hereinafter Partnership);

WHEREAS, the parties wish to determine, with finality, the taxpayers' income, gains, losses, deductions and credits for1984 and subsequent years with respect to the Partnership.

NOW IT IS HEREBY DETERMINED AND AGREED for Federal income tax purposes that:

1. No adjustment to the partnership items shall be made for the taxable years 1984 through 1995 for purposes of this settlement.

2. The taxpayers are entitled to claim their distributive share of the partnership losses for 1984 through 1995 only to the extent they are at risk under I.R.C. § 465.

3. The taxpayers' amount at risk for 1984 through 1989 is their capital contribution to the partnership.

4. The taxpayers' capital contribution to the partnership is 50,000.00.

5. Taxpayers' qualified investment for computing investment tax credit is the amount at risk as set forth in paragraph #4.

6. The taxpayers are not at risk under I.R.C. § 465 for any partnership notes, entered into by the partnership to acquire rights in the motion pictures Terminator, Perfect Strangers, Special Effects, Return of the Living Dead, A Breed Apart and Howling II, whether or not assumed by the taxpayers. Any losses disallowed under this agreement are suspended under I.R.C. § 465. Such suspended losses may be used to offset the taxpayers' pro rata share of any income earned by the partnership and/or other income in accordance with the operation of I.R.C. § 465.

7. To the extent the taxpayers make additional cash contributions to the capital of the partnership after 1989, the taxpayers' amount at risk will be increased in accordance with I.R.C. § 465.

8. To the extent the partnership earns net income the taxpayers' at risk will be increased in accordance with I.R.C. § 465.

9. To the extent the taxpayers make cash payments on the partnership notes after the date of execution of this agreement by the Commissioner and the taxpayers, the taxpayers' amount at risk will be increased in accordance with I.R.C. § 465.

EXHIBIT "A"

10. No additions to tax under I.R.C. §§ 6653(a), 6661, 6659 or 6662 will be asserted with respect to the taxpayers' investment in the partnership for 1984 through 1995.

11. The taxpayers are liable for additional interest pursuant to I.R.C. § 6621(c) for tax motivated interest for their investment in the partnership for the taxable years 1984 through 1989.

12. Any deficiency in tax determined under this agreement will be subject to adjustments arising from a carryback or carryforward from other taxable years of any loss, credit or other tax attribute as allowed by the Internal Revenue Code.

13. After the execution of this agreement on behalf of the Commissioner and the taxpayers, the taxpayers shall not recognize any taxable income attributable to any cancellation, discharge, or satisfaction by foreclosure or conveyance of assets, of any partnership notes entered into by the partnership to acquire rights in the motion pictures Terminator, Perfect Strangers, Special Effects, Return of the Living Dead, A Breed Apart and Howling II, whether or not the taxpayers assumed a pro rata share of said note, or from said partnership notes upon liquidation or dissolution of the partnership.

14. The taxpayers shall be taxable on their distributive share of any income or gains of the partnership for years after 1987 only to the extent said income exceeds losses suspended under the at risk rules of I.R.C. § 465 and/or the cash and/or the fair market value of property distributed to the taxpayers.

15. Any refund claim attributable to the operation of this agreement shall be deemed to be timely filed and shall be allowed if it is filed with the IRS within one year of the execution of this agreement by the Commissioner of Internal Revenue. Any refund claim so submitted pursuant to this paragraph within 120 days after the execution of this agreement on behalf of the Commissioner of Internal Revenue shall be allowed as an offset pursuant to I.R.C. §§ 6402(a) and 6601(f) against any tax deficiencies resulting from this agreement.

16. This agreement constitutes a settlement within the meaning of I.R.C. § 6224(c) and the taxpayers' partnership items are converted to non partnership items effective as of the date of this closing agreement is accepted on behalf of the Commissioner. The taxpayers, in accordance with the provisions of I.R.C. § 6224(b), also waive the restrictions on assessment and collection of any deficiencies attributable to the converted partnership items with interest as provided by law in I.R.C. § 6225(a) that results from this agreement.

17. This closing agreement when accepted by the Commissioner is a determination under the mitigation provisions of the Internal Revenue Code. (I.R.C. § 1311 et seq.).

18. To the extent the taxpayers make cash payments on the partnership notes, after the date this agreement is executed by the taxpayers and the Commissioner, and after the termination of the partnership, a deduction shall be allowed in the year of said payment.

19. This agreement does not in any way diminish or enhance the rights of the spouse of any partner to assert his or her right to relief as an innocent spouse under I.R.C. § 6015.

20. This agreement supersedes any prior agreement entered into between the taxpayers and the Internal Revenue Service.

This agreement is final and conclusive except:

(1) the matter it relates to may be reopened in the event of fraud, malfeasance, or misrepresentation of material fact;

(2) it is subject to the Internal Revenue Code sections that expressly provide that effect be given to their provisions notwithstanding any other law or rule of law except Code Section 7122; and

(3) if it relates to a taxable period ending after the date of this agreement, it is subject to any law, enacted after the agreement date, that applies to that tax period.

By signing, the above parties certify that they have read and agreed to the terms of this document.

Your signature *Lynn F Bush* Date Signed *6-25-99*

*Beverly J. Bush BY Lynn F Bush*
Spouse's signature (if a joint return was filed) *SPOUSE OF DECEASED* Date Signed *6-25-99*

Taxpayer's Representative ____________________ Date Signed ________

Taxpayer (other than individual) ____________________

By ____________________ Date Signed ________

Title ____________________

Commissioner of Internal Revenue

By *Philip J. Dolan* Date Signed *8/2/99*

Title *Associate Chief*

I have examined the specific matters involved and recommend the acceptance of the proposed agreement.

*Bradford A. Johnson* *7/22/99*
(Receiving Officer) (Date)

Assistant District Counsel
(Title)

Department of the Treasury - Internal Revenue Service

**Closing Agreement on Final Determination**
**Covering Specific Matters**

Under section 7121 of the Internal Revenue Code of 1986 (hereinafter "Code")

Lyman F. Bush (SSN: [redacted]) and Beverly J. Bush (SSN: [redacted])
(Taxpayers' Name, address, and identifying number)

1217 122nd Street Court East, Tacoma, WA 98445 (hereinafter referred to as taxpayer)

and the Commissioner of Internal Revenue make the following closing agreement:

WHEREAS, a dispute has arisen between the parties as to the Federal income tax treatment to be accorded to the taxpayers' purchase of an investment in Greenberg Brothers Partnership #12 a/k/a Lone Wolf McQuade Associates (hereinafter Partnership);

WHEREAS, the parties wish to determine, with finality, the taxpayers' income, gains, losses, deductions and credits for1983 and subsequent years with respect to the Partnership.

NOW IT IS HEREBY DETERMINED AND AGREED for Federal income tax purposes that:

1. No adjustment to the partnership items shall be made for the taxable years 1983 through 1995 for purposes of this settlement.

2. The taxpayers are entitled to claim their distributive share of the partnership losses for 1983 through 1995 only to the extent they are at risk under I.R.C. § 465.

3. The taxpayers' amount at risk for 1983 through 1986 is their capital contribution to the partnership.

4. The taxpayers' capital contribution to the partnership is $50,000.

5. Taxpayers' qualified investment for computing investment tax credit is the amount at risk as set forth in paragraph #4.

6. The taxpayers are not at risk under I.R.C. § 465 for any partnership notes, entered into by the partnership to acquire rights in the motion picture Lone Wolf McQuade and Strange Invaders, whether or not assumed by the taxpayers. Any losses disallowed under this agreement are suspended under I.R.C. § 465. Such suspended losses may be used to offset the taxpayers' pro rata share of any income earned by the partnership and/or other income in accordance with the operation of I.R.C. § 465.

7. To the extent the taxpayers make additional cash contributions to the capital of the partnership after 1986, the taxpayers' amount at risk will be increased in accordance with I.R.C. § 465.

8. To the extent the partnership earns net income the taxpayers' at risk will be increased in accordance with I.R.C. § 465.

9. To the extent the taxpayers make cash payments on the partnership notes after the date of execution of this agreement by the Commissioner and the taxpayers, the taxpayers' amount at risk will be increased in accordance with I.R.C. § 465.

10. No additions to tax under I.R.C. §§ 6653(a), 6661, 6659 or 6662 will be asserted with respect to the taxpayers' investment in the partnership for 1983 through 1995.

11. The taxpayers are liable for additional interest pursuant to I.R.C. § 6621(c) for tax motivated interest for their investment in the partnership for the taxable years 1983 through 1989.

12. Any deficiency in tax determined under this agreement will be subject to adjustments arising from a carryback or carryforward from other taxable years of any loss, credit or other tax attribute as allowed by the Internal Revenue Code.

13. After the execution of this agreement on behalf of the Commissioner and the taxpayers, the taxpayers shall not recognize any taxable income attributable to any cancellation, discharge, or satisfaction by foreclosure or conveyance of assets, of any partnership notes entered into by the partnership to acquire rights in the motion picture Lone Wolf McQuade and Strange Invaders, whether or not the taxpayers assumed a pro rata share of said note, or from said partnership notes upon liquidation or dissolution of the partnership.

14. The taxpayers shall be taxable on their distributive share of any income or gains of the partnership for years after 1983 only to the extent said income exceeds losses suspended under the at risk rules of I.R.C. § 465 and/or the cash and/or the fair market value of property distributed to the taxpayers.

15. Any refund claim attributable to the operation of this agreement shall be deemed to be timely filed and shall be allowed if it is filed with the IRS within one year of the execution of this agreement by the Commissioner of Internal Revenue. Any refund claim so submitted pursuant to this paragraph within 120 days after the execution of this agreement on behalf of the Commissioner of Internal Revenue shall be allowed as an offset pursuant to I.R.C. §§ 6402(a) and 6601(f) against any tax deficiencies resulting from this agreement.

16. This agreement constitutes a settlement within the meaning of I.R.C. § 6224(c) and the taxpayers' partnership items are converted to non partnership items effective as of the date of this closing agreement is accepted on behalf of the Commissioner. The taxpayers, in accordance with the provisions of I.R.C. § 6224(b), also waive the restrictions on assessment and collection of any deficiencies attributable to the converted partnership items with interest as provided by law in I.R.C. § 6225(a) that results from this agreement.

17. This closing agreement when accepted by the Commissioner is a determination under the mitigation provisions of the Internal Revenue Code. (I.R.C. § 1311 et seq.).

18. To the extent the taxpayers make cash payments on the partnership notes, after the date this agreement is executed by the taxpayers and the Commissioner, and after the termination of the partnership, a deduction shall be allowed in the year of said payment.

19. This agreement does not in any way diminish or enhance the rights of the spouse of any partner to assert his or her right to relief as an innocent spouse under I.R.C. § 6015.

20. This agreement supersedes any prior agreement entered into between the taxpayers and the Internal Revenue Service.

This agreement is final and conclusive except:

(1) the matter it relates to may be reopened in the event of fraud, malfeasance, or misrepresentation of material fact;

(2) it is subject to the Internal Revenue Code sections that expressly provide that effect be given to their provisions notwithstanding any other law or rule of law except Code Section 7122; and

(3) if it relates to a taxable period ending after the date of this agreement, it is subject to any law, enacted after the agreement date, that applies to that tax period.

By signing, the above parties certify that they have read and agreed to the terms of this document.

Your signature Lyman F Bush Date Signed 6-25-99

Spouse's signature (if a joint return was filed) Beverly J. Bush by Lyman F Bush spouse are deceased Date Signed 6-25-99

Taxpayer's Representative ______ Date Signed ______

Taxpayer (other than individual) ______

By ______ Date Signed ______

Title ______

Commissioner of Internal Revenue

By Philip J. Tolisano Date Signed 8/7/99

Title Associate Chief

I have examined the specific matters involved and recommend the acceptance of the proposed agreement.

Bradford A. Johnson 7/22/99

(Receiving Officer) (Date)

Assistant District Counsel

(Title)

5-29-1995 8:00PM FROM P. 2

31 107150-5 5740724-7 49 03/23/96

SCHEDULE K-1 (Form 1065)

Department of the Treasury Internal Revenue Service

# Partner's Share of Income, Credits, Deductions, etc.

▶ See separate instructions

For calendar year 1995 or tax year beginning and ending

OMB No. 1545-0099

1995

Partner's identifying number ▶ [redacted]

Partner's name, address, and ZIP code

LYMAN & BEVERLY BUSH
1217 122ND ST COURT E
TACOMA WA 98445

Partnership's identifying number ▶ 13-3109971

Partnership's name, address, and ZIP code

LONE WOLF MCQUADE ASSOCIATES
11 EAST 26 STREET
NEW YORK, NY 10010

A This partner is a [ ] general partner [X] limited partner [ ] limited liability company member

B What type of entity is this partner? ▶ INDIVIDUAL

C Is this partner a [X] domestic or a [ ] foreign partner?

D Enter partner's percentage of: (i) Before change or termination / (ii) End of year

| | (i) Before change or termination | (ii) End of year |
|---|---|---|
| Profit sharing | % | 1.5806% |
| Loss sharing | % | 1.5806% |
| Ownership of capital | % | % |

E IRS Center where partnership filed return: HOLTSVILLE, NY

F Partner's share of liabilities (see instructions):

Nonrecourse $

Qualified nonrecourse financing $

Other $

G Tax shelter registration number ▶

H Check here if this partnership is a publicly traded partnership as defined in section 469(k)(2) [ ]

I Check applicable boxes: (1) [X] Final K-1 (2) [ ] Amended K-1

J Analysis of partner's capital account:

| (a) Capital account at beginning of year | (b) Capital contributed during year | (c) Partner's share of lines 3, 4, and 7, Form 1065, Schedule M-2 | (d) Withdrawals and distributions | (e) Capital account at end of year (combine columns (a) through (d)) |
|---|---|---|---|---|
| <103,828.> | 96,987. | 6,599. | ( <242.> ) | 0. |

| | | (a) Distributive share item | | (b) Amount | (c) 1040 filers enter the amount in column (b) on: |
|---|---|---|---|---|---|
| INCOME/LOSS | 1 | Ordinary income (loss) from trade or business activities | 1 | 10,219. | See pages 6 and 6 of Partner's Instructions for Schedule K-1 (Form 1065) |
| | 2 | Net income (loss) from rental real estate activities | 2 | | |
| | 3 | Net income (loss) from other rental activities | 3 | | |
| | 4 | Portfolio income (loss): | | | |
| | a | Interest | 4a | 15. | Sch. B, Part I, line 1 |
| | b | Dividends | 4b | | Sch. B, Part II, line 5 |
| | c | Royalties | 4c | | Sch. E, Part I, line 4 |
| | d | Net short-term capital gain (loss) | 4d | | Sch. D, line 5, col. (f) or (g) |
| | e | Net long-term capital gain (loss) | 4e | | Sch. D, line 13, col. (f) or (g) |
| | f | Other portfolio income (loss) | 4f | | Enter on applicable line of your return. |
| | 5 | Guaranteed payments to partner | 5 | | See page 6 of Partner's Instructions for Schedule K-1 (Form 1065). |
| | 6 | Net gain (loss) under section 1231 (other than due to casualty or theft) | 6 | | |
| | 7 | Other income (loss) | 7 | | Enter on applicable line of your return. |
| DEDUCTIONS | 8 | Charitable contributions | 8 | | Sch. A, line 15 or 16 |
| | 9 | Section 179 expense deduction | 9 | | See page 7 of Partner's Instructions for Schedule K-1 (Form 1065). |
| | 10 | Deductions related to portfolio income | 10 | | |
| | 11 | Other deductions | 11 | | |
| Investment Interest | 12a | Interest expense on investment debts | 12a | | Form 4952, line 1 |
| | b | (1) Investment income included on lines 4a, 4b, 4c and 4f above | b(1) | 15. | See page 7 of Partner's Instructions for Schedule K-1 (Form 1065). |
| | | (2) Investment expenses included on line 10 above | b(2) | | |
| CREDITS | 13a | Low-income housing credit: | | | |
| | | (1) From section 42(j)(5) partnerships for property placed in service before 1990 | a(1) | | Form 8586, line 5 |
| | | (2) Other than on line 13a(1) for property placed in service before 1990 | a(2) | | |
| | | (3) From section 42(j)(5) partnerships for property placed in service after 1989 | a(3) | | |
| | | (4) Other than on line 13a(3) for property placed in service after 1989 | a(4) | | |
| | b | Qualified rehabilitation expenditures related to rental real estate activities (see instructions) | 13b | | See page 8 of Partner's Instructions for Schedule K-1 (Form 1065). |
| | c | Credits (other than credits shown on line 13a and 13b) related to rental real estate activities | 13c | | |
| | d | Credits related to other rental activities | 13d | | |
| | 14 | Other credits | 14 | | |

0476

For Paperwork Reduction Act Notice, see Instructions for Form 1065. EXHIBIT D Cat. No. 11394R Schedule K-1 (Form 1065) 1995

5-29-1995 8:00PM FROM P.3

31 107150-5 5740724-7 49 03/23/96

Schedule K-1 (Form 1065) (1995) Page 2

| | | (a) Distributive share item | | (b) Amount | (c) 1040 filers enter the amount in column (b) on: |
|---|---|---|---|---|---|
| Self-employment | 15 a | Net earnings (loss) from self-employment | 15a | | Sch. SE, Section A or B |
| | b | Gross farming or fishing income | 15b | | See page 8 of Partner's Instructions for Schedule K-1 (Form 1065). |
| | c | Gross nonfarm income | 15c | | |
| Adjustments and Tax Preference Items | 16 a | Depreciation adjustment on property placed in service after 1986 | 16a | | See page 8 and 9 of Partner's Instructions for Schedule K-1 (Form 1065) and Instructions for Form 6251. |
| | b | Adjusted gain or loss | 16b | | |
| | c | Depletion (other than oil and gas) | 16c | | |
| | d | (1) Gross income from oil, gas, and geothermal properties | d(1) | | |
| | | (2) Deductions allocable to oil, gas, and geothermal properties | d(2) | | |
| | e | Other adjustments and tax preference items | 16e | | |
| Foreign Taxes | 17 a | Type of income ▶ | | | Form 1116, check boxes |
| | b | Name of foreign country or U.S. possession ▶ | | | |
| | c | Total gross income from sources outside the U.S. (attach schedule) | 17c | | Form 1116, Part I |
| | d | Total applicable deductions and losses (attach schedule) | 17d | | |
| | e | Total foreign taxes (check one): ▶ ☐ Paid ☐ Accrued | 17e | | Form 1116, Part II |
| | f | Reduction in taxes available for credit (attach schedule) | 17f | | Form 1116, Part III |
| | g | Other foreign tax information (attach schedule) | 17g | | See Instructions for Form 1116 |
| Other | 18 | Section 59(e)(2) expenditures: a Type ▶ | | | See page 8 of Partner's Instructions for Schedule K-1 (Form 1065). |
| | b | Amount | 18b | | |
| | 19 | Tax-exempt interest income | 19 | | Form 1040, line 8b |
| | 20 | Other tax-exempt income | 20 | | See page 9 of Partner's Instructions for Schedule K-1 (Form 1065) |
| | 21 | Nondeductible expenses SEE SCHEDULE 10 | 21 | 3,635. | |
| | 22 | Distributions of money (cash and marketable securities) | 22 | | |
| | 23 | Distributions of property other than money | 23 | <243.> | |
| | 24 | Recapture of low-income housing credit: | | | |
| | a | From section 42(j)(5) partnerships | 24a | | Form 8611, line 8 |
| | b | Other than on line 24a | 24b | | |

**SUPPLEMENTAL INFORMATION**

25 Supplemental information required to be reported separately to each partner (attach additional schedules if more space is needed):

Oct 4 10/10

LONE WOLF MCQUADE ASSOCIATES 13-3109971

SCHEDULE K-1 - NONDEDUCTIBLE EXPENSE SCHEDULE 10

| DESCRIPTION | AMOUNT |
|---|---|
| SYNDICATION EXPENSE | 3635. |
| TOTAL TO SCHEDULE K1 LINE 21 | 3635. |

31 107150-5 5740724-7 49 03/23/96

ODz 4/9/9

STRAUSS & COMAS, P.C.
462 SEVENTH AVENUE
NEW YORK, NY 10018

LYMAN & BEVERLY BUSH
1217 122ND ST COURT E
TACOMA WA 98445

LONE WOLF MCQUADE ASSOCIATES

Dear Partner:

The required partnership income tax returns have been filed for the period indicated. Please refer to the enclosed Schedule(s) K-1 for your distributive share of partnership income (or loss) and other tax information needed to complete your 1995 individual tax forms.

Analysis of Capital Account

| | | |
|---|---|---|
| Beginning Capital | | (103,828) |
| Capital Contributed | 96,987 | |
| Net Income | 6,599 | 103,586 |
| | | (242) |
| Withdrawals/Distributions | (242) | |
| Net Loss | 0 | 242 |
| Ending Capital | | 0 |

Sincerely,

STRAUSS & COMAS, P.C.

5-27-1995 5:06AM FROM P. 6

31 107150-5 5740768-9 44 03/26/96

2D

SCHEDULE K-1 (Form 1065)

Department of the Treasury Internal Revenue Service

# Partner's Share of Income, Credits, Deductions, etc.

▶ See separate instructions

For calendar year 1995 or tax year beginning and ending

OMB No. 1545-0099

1995

Partner's identifying number ▶ [redacted]

Partnership's identifying number ▶ 11-2678807

Partner's name, address, and ZIP code

LYMAN BUSH
1217 122ND ST COURT E
TACOMA WA 98445

Partnership's name, address, and ZIP code

CINEMA 84-REGISTRATION NO 84272000294
11 EAST 26TH STREET
NEW YORK, NY 10010

A This partner is a ☐ general partner ☒ limited partner ☐ limited liability company member

B What type of entity is this partner? ▶ INDIVIDUAL

C Is this partner a ☒ domestic or a ☐ foreign partner?

D Enter partner's percentage of: (i) Before change or termination (ii) End of year

| | (i) Before change or termination | (ii) End of year |
|---|---|---|
| Profit sharing | % | .4083% |
| Loss sharing | % | .4083% |
| Ownership of capital | % | % |

E IRS Center where partnership filed return: HOLTSVILLE, NY

F Partner's share of liabilities (see instructions):

Nonrecourse $

Qualified nonrecourse financing $

Other $

G Tax shelter registration number ▶ 84272000294

H Check here if this partnership is a publicly traded partnership as defined in section 469(k)(2) ☐

I Check applicable boxes: (1) ☒ Final K-1 (2) ☐ Amended K-1

J Analysis of partner's capital account:

| (a) Capital account at beginning of year | (b) Capital contributed during year | (c) Partner's share of lines 3, 4, and 7, Form 1065, Schedule M-2 | (d) Withdrawals and distributions | (e) Capital account at end of year (combine columns (a) through (d)) |
|---|---|---|---|---|
| <83,917.> | 87,442. | <1,401.> | ( 2,124.) | 0. |

| | | (a) Distributive share item | | (b) Amount | (c) 1040 filers enter the amount in column (b) on: |
|---|---|---|---|---|---|
| Income (Loss) | 1 | Ordinary income (loss) from trade or business activities | 1 | <1,416.> | See pages 5 and 6 of Partner's Instructions for Schedule K-1 (Form 1065) |
| | 2 | Net income (loss) from rental real estate activities | 2 | | |
| | 3 | Net income (loss) from other rental activities | 3 | | |
| | 4 | Portfolio income (loss): | | | |
| | a | Interest | 4a | 15. | Sch. B, Part I, line 1 |
| | b | Dividends | 4b | | Sch. B, Part II, line 5 |
| | c | Royalties | 4c | | Sch. E, Part I, line 4 |
| | d | Net short-term capital gain (loss) | 4d | | Sch. D, line 5, col. (f) or (g) |
| | e | Net long-term capital gain (loss) | 4e | | Sch. D, line 13, col. (f) or (g) |
| | f | Other portfolio income (loss) | 4f | | Enter on applicable line of your return. |
| | 5 | Guaranteed payments to partner | 5 | | See page 6 of Partner's Instructions for Schedule K-1 (Form 1065). |
| | 6 | Net gain (loss) under section 1231 (other than due to casualty or theft) | 6 | | |
| | 7 | Other income (loss) | 7 | | Enter on applicable line of your return. |
| Deductions | 8 | Charitable contributions | 8 | | Sch. A, line 15 or 16 |
| | 9 | Section 179 expense deduction | 9 | | See page 7 of Partner's Instructions for Schedule K-1 (Form 1065). |
| | 10 | Deductions related to portfolio income | 10 | | |
| | 11 | Other deductions | 11 | | |
| Investment Interest | 12a | Interest expense on investment debts | 12a | | Form 4952, line 1 |
| | b | (1) Investment income included on lines 4a, 4b, 4c and 4f above | b(1) | 15. | See page 7 of Partner's Instructions for Schedule K-1 (Form 1065). |
| | | (2) Investment expenses included on line 10 above | b(2) | | |
| Credits | 13a | Low-income housing credit | | | |
| | | (1) From section 42(j)(5) partnerships for property placed in service before 1990 | a(1) | | Form 8586, line 5 |
| | | (2) Other than on line 13a(1) for property placed in service before 1990 | a(2) | | |
| | | (3) From section 42(j)(5) partnerships for property placed in service after 1989 | a(3) | | |
| | | (4) Other than on line 13a(3) for property placed in service after 1989 | a(4) | | |
| | b | Qualified rehabilitation expenditures related to rental real estate activities (see instructions) | 13b | | See page 8 of Partner's Instructions for Schedule K-1 (Form 1065). |
| | c | Credits (other than credits shown on line 13a and 13b) related to rental real estate activities | 13c | | |
| | d | Credits related to other rental activities | 13d | | |
| | 14 | Other credits | 14 | | |

0480

5-27-1995 5:07AM FROM P. 7

31 107150-5 5740768-9 44 03/26/96

Schedule K-1 (Form 1065) (1995) Page 2

| | | (a) Distributive share item | | (b) Amount | (c) 1040 filers enter the amount in column (b) on: |
|---|---|---|---|---|---|
| Self-employment | 15 a | Net earnings (loss) from self-employment | 15a | | Sch. SE, Section A or B |
| | b | Gross farming or fishing income | 15b | | See page 8 of Partner's Instructions for Schedule K-1 (Form 1065). |
| | c | Gross nonfarm income | 15c | | |
| Adjustments and Tax Preference Items | 16 a | Depreciation adjustment on property placed in service after 1986 | 16a | | See page 8 and 9 of Partner's Instructions for Schedule K-1 (Form 1065) and Instructions for Form 6251. |
| | b | Adjusted gain or loss | 16b | | |
| | c | Depletion (other than oil and gas) | 16c | | |
| | d | (1) Gross income from oil, gas, and geothermal properties | d(1) | | |
| | | (2) Deductions allocable to oil, gas, and geothermal properties | d(2) | | |
| | e | Other adjustments and tax preference items | 16e | | |
| Foreign Taxes | 17 a | Type of income ▶ | | | Form 1116, check boxes |
| | b | Name of foreign country or U.S. possession ▶ | | | Form 1116, Part I |
| | c | Total gross income from sources outside the U.S. (attach schedule) | 17c | | |
| | d | Total applicable deductions and losses (attach schedule) | 17d | | |
| | e | Total foreign taxes (check one): ▶ ☐ Paid ☐ Accrued | 17e | | Form 1116, Part II |
| | f | Reduction in taxes available for credit (attach schedule) | 17f | | Form 1116, Part III |
| | g | Other foreign tax information (attach schedule) | 17g | | See Instructions for Form 1116 |
| Other | 18 | Section 59(e)(2) expenditures: a Type ▶ | | | See page 8 of Partner's Instructions for Schedule K-1 (Form 1065). |
| | b | Amount | 18b | | |
| | 19 | Tax-exempt interest income | 19 | | Form 1040, line 8b |
| | 20 | Other tax-exempt income | 20 | | See page 9 of Partner's Instructions for Schedule K-1 (Form 1065) |
| | 21 | Nondeductible expenses | 21 | | |
| | 22 | Distributions of money (cash and marketable securities) | 22 | 2,124. | |
| | 23 | Distributions of property other than money | 23 | | |
| | 24 | Recapture of low-income housing credit: | | | Form 8611, line 8 |
| | a | From section 42(j)(5) partnerships | 24a | | |
| | b | Other than on line 24a | 24b | | |

**SUPPLEMENTAL INFORMATION**

25 Supplemental information required to be reported separately to each partner (attach additional schedules if more space is needed):

0481

5-27-1995 5:07AM FROM P. 8

31 107150-5 5740768-9 44 03/26/96

C2u4/1/21

Form **8271**
(Rev. March 1993)
Department of the Treasury
Internal Revenue Service

**Investor Reporting of Tax Shelter Registration Number**

▶ Attach to your tax return

▶ If you received this form from a partnership, S corporation, or trust, see the instructions.

OMB No. 1545-0881
Expires 3-31-96

Attachment
Sequence No. 71

| Investor's name(s) shown on return | Investor's identifying number | Investor's tax year ended |
|---|---|---|
| LYMAN BUSH | [redacted] | 12/31/95 |

**Part I** Tax Shelter Information

| | a. Tax Shelter Name | b. Tax Shelter Registration Number (11-digit number) | c. Tax Shelter Identifying Number |
|---|---|---|---|
| 1 | CINEMA 84-REGISTRATION NO 84272000294 | 84272000294 | 11-2678807 |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |
| 6 | | | |
| 7 | | | |
| 8 | | | |
| 9 | | | |
| 10 | | | |

31 107150-5 5740768-9 44 03/26/96

Dr 4/1/11

STRAUSS & COMAS, P.C.
462 SEVENTH AVENUE
NEW YORK, NY 10018

LYMAN BUSH
1217 122ND ST COURT E
TACOMA WA 98445

CINEMA 84-REGISTRATION NO 84272000294

Dear Partner:

The required partnership income tax returns have been filed for the period indicated. Please refer to the enclosed Schedule(s) K-1 for your distributive share of partnership income (or loss) and other tax information needed to complete your 1995 individual tax forms.

Analysis of Capital Account

| | | |
|---|---|---|
| Beginning Capital | | (83,917) |
| Capital Contributed | 87,442 | |
| Net Income | 0 | 87,442 |
| | | 3,525 |
| Withdrawals/Distributions | 2,124 | |
| Net Loss | 1,401 | (3,525) |
| Ending Capital | | 0 |

Sincerely,

STRAUSS & COMAS, P.C.

Lyman F. and Beverly J. Bush
Form 1040X, Amended U. S. Individual Income Tax Return
SSN [redacted]

***Lone Wolf McQuade Associates***

Income or (Loss) Affecting At-Risk Amounts

| | | |
|---|---|---|
| 1983 Capital Contribution as on Closing Agreement | | 50,000 |
| 1983 Loss deemed up to At-Risk Amount as on Closing Agreement | | (50,000) |
| 1984 Partnership Income or (Loss) | *Disallowed* | (36,597) |
| 1985 Partnership Income or (Loss) | *Disallowed* | (33,442) |
| 1986 Partnership Income or (Loss) | *Disallowed* | (34,003) |
| 1987 Income Used Offsetting At-Risk Amount | | 398 |
| 1988 Income Used Offsetting At-Risk Amount | | 38 |
| 1989 Partnership Income or (Loss) | | (102) |
| 1990 Income Used Offsetting At-Risk Amount | | 43 |
| 1991 Partnership Income or (Loss) | | (56) |
| 1992 Partnership Income or (Loss) | | 0 |
| 1993 Income Used Offsetting At-Risk Amount | | 5,626 |
| 1994 Income Used Offsetting At-Risk Amount | | 5,046 |
| Unused At-Risk CarryForward into 1995 | | (93,049) |

Computation of Deduction for At-Risk Losses for 1995

| | |
|---|---|
| 1995 Additional Capital Contributed from Schedule K-1 | 96,987 |
| 1995 Partner's Income from Schedule K-1 | 10,219 |
| | 107,206 |
| ** ***** *1995 Deduction At-Risk Losses Limited to At-Risk Carryforward* | *93,049* |
| Unrecovered Basis as of December 31, 1995 | 14,157 |

EXHIBIT "C"

Lyman F. and Beverly J. Bush
Form 1040X, Amended U. S. Individual Income Tax Return
SSN [redacted]

***Cinema 84***

Income or (Loss) Affecting At-Risk Amounts

| | | |
|---|---|---|
| 1984 Capital Contribution as on Closing Agreement | | 50,000 |
| 1984 Income Used Offsetting At-Risk Amount | | (45,187) |
| 1985 Partnership Income or (Loss) | *Disallowed* | (21,553) |
| 1986 Partnership Income or (Loss) | *Disallowed* | (20,079) |
| 1987 Partnership Income or (Loss) | *Disallowed* | (25,733) |
| 1988 Income Used Offsetting At-Risk Amount | | 2,338 |
| 1989 Partnership Income or (Loss) | | (4,751) |
| 1990 Income Used Offsetting At-Risk Amount | | 1,459 |
| 1991 Income Used Offsetting At-Risk Amount | | 1,272 |
| 1992 Partnership Income or (Loss) | | 0 |
| 1993 Income Used Offsetting At-Risk Amount | | 4,389 |
| 1994 Income Used Offsetting At-Risk Amount | | (3) |
| Unused At-Risk CarryForward into 1995 | | (57,848) |

Computation of Deduction for At-Risk Losses for 1995

| | |
|---|---|
| 1995 Additional Capital Contributed from Schedule K-1 | 87,422 |
| 1995 Partner's Loss | (1,430) |
| | 85,992 |
| ** ***** *1995 Deduction At-Risk Losses Limited to At-Risk Carryforward* | *57,848* |
| Unrecovered Basis as of December 31, 1995 | 28,144 |

AS ORIGINALLY FILED

AS AMENDED

Form 1040 Department of the Treasury - Internal Revenue Service U.S. Individual Income Tax Return 1995 IRS Use Only - Do not write or staple in this space.

For the year Jan. 1-Dec. 31, 1995, or other tax year beginning , 1995, ending , 19 OMB No. 1545-0074

**Label** (See instructions on page 11.) Use the IRS label. Otherwise, please print or type.

Your first name and initial / Last name: LYMAN F. BUSH — Your social security number: [redacted]

If a joint return, spouse's first name and initial / Last name: BEVERLY J. BUSH — Spouse's social security number: [redacted]

Home address (number and street). If you have a P.O. box, see page 11. Apt. no.: 1217 122ND STREET COURT EAST

City, town or post office, state, and ZIP code. If you have a foreign address, see page 11.: TACOMA, WA 98445-0000

For Privacy Act and Paperwork Reduction Act Notice, see page 7.

**Presidential Election Campaign**

| | Yes | No |
|---|---|---|
| Do you want $3 to go to this fund? | X | |
| If a joint return, does your spouse want $3 to go to this fund? | X | |

Note: Checking "Yes" will not change your tax or reduce your refund.

**Filing Status** (See page 11.) Check only one box.

1 [ ] Single
2 [X] Married filing joint return (even if only one had income)
3 [ ] Married filing separate return. Enter spouse's soc. sec. no. above and full name here. ▶
4 [ ] Head of household (with qualifying person). If the qualifying person is a child but not your dependent, enter this child's name here. ▶
5 [ ] Qualifying widow(er) with dependent child (year spouse died ▶ 19 ).

**Exemptions** (See page 12.)

6a [X] Yourself. If your parent (or someone else) can claim you as a dependent on his or her tax return, do not check box 6a. But be sure to check the box on line 33b on page 2
b [X] Spouse

No. of boxes checked on 6a and 6b: 2

c Dependents:

| (1) First name Last name | (2) Dependent's social security number if born in 1995, see page 13. | (3) Dependent's relationship to you | (4) No. of months lived in your home in 1995 |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

If more than six dependents, see page 13.

No. of your children on 6c who: • lived with you; • didn't live with you due to divorce or separation (see page 14); Dependents on 6c not entered above

d If your child didn't live with you but is claimed as your dependent under a pre-1985 agreement, check here ▶ [ ]
e Total number of exemptions claimed — Add numbers entered on lines above ▶ 2

**Income** — Attach Copy B of your Forms W-2, W-2G, and 1099-R here. If you did not get a W-2, see page 14. Enclose, but do not attach, your payment and payment voucher. See page 33.

| Line | Description | | Amount |
|---|---|---|---|
| 7 | Wages, salaries, tips, etc. Attach Form(s) W-2 | 7 | 12000. |
| 8a | Taxable interest income. Attach Schedule B if over $400 | 8a | 13094. |
| b | Tax-exempt interest (see page 15). DON'T include on line 8a — 8b 7211. | | |
| 9 | Dividend income. Attach Schedule B if over $400 | 9 | 5372. |
| 10 | Taxable refunds, credits, or offsets of state and local income taxes (see page 15) | 10 | |
| 11 | Alimony received | 11 | |
| 12 | Business income or (loss). Attach Schedule C or C-EZ | 12 | 36201. |
| 13 | Capital gain or (loss). If required, attach Schedule D (see page 16) | 13 | -3000. |
| 14 | Other gains or (losses). Attach Form 4797 | 14 | -21. |
| 15a | Total IRA distributions 15a — b Taxable amount (see page 16) | 15b | |
| 16a | Total pensions and annuities 16a — b Taxable amount (see page 16) | 16b | 8851. |
| 17 | Rental real estate, royalties, partnerships, S corporations, trusts, etc. Attach Schedule E | 17 | -1409. |
| 18 | Farm income or (loss). Attach Schedule F | 18 | |
| 19 | Unemployment compensation (see page 17) | 19 | |
| 20a | Social security benefits 20a 12025. — b Taxable amount (see page 18) | 20b | 10221. |
| 21 | Other income. List type and amount - see page 18 | 21 | |
| 22 | Add the amounts in the far right column for lines 7 through 21. This is your total income ▶ | 22 | 81309. |

COPY

Handwritten: Deductions Of At Risk Carryfwd Amounts As per Closing Agreement

<93,049> Lone Wolf
<57,848> Cinema 84

→ <10,221>

→ 81,309

**Adjustments to Income**

| Line | Description | | Amount |
|---|---|---|---|
| 23a | Your IRA deduction (see page 19) | 23a | |
| b | Spouse's IRA deduction (see page 19) | 23b | |
| 24 | Moving expenses. Attach Form 3903 or 3903-F | 24 | |
| 25 | One-half of self-employment tax | 25 | 2558. |
| 26 | Self-employed health insurance deduction (see page 21) | 26 | 123. |
| 27 | Keogh & self-employed SEP plans. If SEP, check ▶ [X] | 27 | 4388. |
| 28 | Penalty on early withdrawal of savings | 28 | |
| 29 | Alimony paid. Recipient's SSN ▶ | 29 | |
| 30 | Add lines 23a through 29. These are your total adjustments ▶ | 30 | 7069. |

Handwritten: <7,069>

**Adjusted Gross Income**

31 Subtract line 30 from line 22. This is your adjusted gross income. If less than $26,673 and a child lived with you, (less than $9,230 if a child didn't live with you), see "Earned Income Credit" on page 27. ▶ 31 74240.

Handwritten: <86,878>

AS ORIGINALLY FILED

AS AMENDED

Form 1040 (1995) LYMAN F. & BEVF 'Y J. BUSH [redacted] OMB No. 1545-0074 Page 2

| Section | Line | Description | Box | Amount | As Amended |
|---|---|---|---|---|---|
| Tax Computation | 32 | Amount from line 31 (adjusted gross income) | 32 | 74240. | <86,878> |
| | 33a | Check if: ☐ You were 65 or older, ☐ Blind; ☐ Spouse was 65 or older, ☐ Blind. Add the number of boxes checked above and enter the total here ▶ | 33a | | |
| | b | If your parent (or someone else) can claim you as a dependent, check here ▶ | 33b ☐ | | |
| | c | If you are married filing separately and your spouse itemizes deductions or you are a dual-status alien, see page 23 and check here ▶ | 33c ☐ | | |
| | 34 | Enter the larger of your: Itemized deductions from Schedule A, line 28, OR Standard deduction shown below for your filing status. But if you checked any box on line 33a or b, go to page 23 to find your standard deduction. If you checked box 33c, your standard deduction is zero. • Single - $3,900 • Married filing jointly or Qualifying widow(er) - $6,550 • Head of household - $5,750 • Married filing separately - $3,275 | 34 | 17508. | <23,247> |
| | 35 | Subtract line 34 from line 32 | 35 | 56732. | |
| | 36 | If line 32 is $86,025 or less, multiply $2,500 by the total number of exemptions claimed on line 6e. If line 32 is over $86,025, see the worksheet on page 23 for the amount to enter | 36 | 5000. | <5,000> |
| | 37 | Taxable income. Subtract line 36 from line 35. If line 36 is more than line 35, enter -0- | 37 | 51732. | <115,125> |
| | 38 | Tax. Check if from a ☒ Tax Table, b ☐ Tax Rate Schedules, c ☐ Capital Gain Tax Worksheet, or d ☐ Form 8615 (see page 24). Amount from Form(s) 8814 ▶ e | 38 | 9413. | -0- |
| | 39 | Additional taxes. Check if from a ☐ Form 4970 b ☐ Form 4972 | 39 | | |
| | 40 | Add lines 38 and 39 ▶ | 40 | 9413. | |
| Credits | 41 | Credit for child and dependent care expenses. Attach Form 2441 | 41 | | |
| | 42 | Credit for the elderly or the disabled. Attach Schedule R | 42 | | |
| | 43 | Foreign tax credit. Attach Form 1116 | 43 | | |
| | 44 | Other credits. Check if from a ☐ Form 3800 b ☐ Form 8396 c ☐ Form 8801 d ☐ Form (specify) | 44 | | |
| | 45 | Add lines 41 through 44 | 45 | | |
| | 46 | Subtract line 45 from line 40. If line 45 is more than line 40, enter -0- ▶ | 46 | 9413. | |
| Other Taxes | 47 | Self-employment tax. Attach Schedule SE | 47 | 5115. | 5,115 |
| | 48 | Alternative minimum tax. Attach Form 6251 | 48 | 0. | |
| | 49 | Recapture taxes. Check if from a ☐ Form 4255 b ☐ Form 8611 c ☐ Form 8828 | 49 | | |
| | 50 | Social security and Medicare tax on tip income not reported to employer. Attach Form 4137 | 50 | | |
| | 51 | Tax on qualified retirement plans, including IRAs. If required, attach Form 5329 | 51 | | |
| | 52 | Advance earned income credit payments from Form W-2 | 52 | | |
| | 53 | Household employment taxes. Attach Schedule H | 53 | | |
| | 54 | Add lines 46 through 53. This is your total tax ▶ | 54 | 14528. | 5,115 |
| Payments | 55 | Federal income tax withheld. If any is from Form(s) 1099, check ▶ ☒ | 55 | 2553. | STATEMENT 5 |
| | 56 | 1995 estimated tax payments and amount applied from 1994 return | 56 | 8262. | |
| Attach Forms W-2, W-2G, and 1099-R on the front. | 57 | Earned income credit. Attach Schedule EIC if you have a qualifying child. Nontaxable earned income: amount ▶ and type ▶ | 57 | | |
| | 58 | Amount paid with Form 4868 (extension request) | 58 | | |
| | 59 | Excess social security and RRTA tax withheld (see page 32) | 59 | | |
| | 60 | Other payments. Check if from a ☐ Form 2439 b ☐ Form 4136 | 60 | | |
| | 61 | Add lines 55 through 60. These are your total payments ▶ | 61 | 10815. | |
| Refund or Amount You Owe | 62 | If line 61 is more than line 54, subtract line 54 from line 61. This is the amount you OVERPAID ▶ | 62 | | |
| | 63 | Amount of line 62 you want REFUNDED TO YOU ▶ | 63 | | |
| | 64 | Amount of line 62 you want APPLIED TO YOUR 1996 ESTIMATED TAX ▶ | 64 | | |
| | 65 | If line 54 is more than line 61, subtract line 61 from line 54. This is the AMOUNT YOU OWE. For details on how to pay and use Form 1040-V, Payment Voucher, see page 33 | 65 | 3713. | |
| | 66 | Estimated tax penalty (see page 33). Also include on line 65 | 66 | | |

COPY COPY

**Sign Here** Under penalties of perjury, I declare that I have examined this return and accompanying schedules and statements, and to the best of my knowledge and belief, they are true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

Keep a copy of this return for your records.

| Your signature | Date | Your occupation |
|---|---|---|
| | | STRUCTURAL ENGINEER |
| Spouse's signature. If a joint return, BOTH must sign. | Date | Spouse's occupation |
| | | TEACHER |

**Paid Preparer's Use Only**

| | | | |
|---|---|---|---|
| Preparer's signature | Date | Check if self-employed ☐ | Preparer's social security no. [redacted] |
| Firm's name (or yours if self-employed) and address | BRINK & SADLER, C.P.A.'S 5127 112TH STREET S.W. TACOMA, WA | E.I. No. 91 0861130 | ZIP code 98499 |

510002 11-03-95

13120409 709261 3B140 050 BUSH, LYMAN F. 08064207



0487

AS ORIGINALLY FILED

AS AMENDED

**SCHEDULE A&B (Form 1040)** Department of the Treasury Internal Revenue Service

## Schedule A - Itemized Deductions

(Schedule B is on page 2)

▶ Attach to Form 1040. ▶ See Instructions for Schedule A (Form 1040).

OMB No. 1545-0074 **1995** Attachment Sequence No. 07

Name(s) shown on Form 1040: LYMAN F. & BEVERLY J. BUSH

Your social security number: [redacted]

| Section | Line | Description | Sub-box | Amount | Line | Total | Handwritten |
|---|---|---|---|---|---|---|---|
| **Medical and Dental Expenses** | | Caution: Do not include expenses reimbursed or paid by others. | | | | | |
| | 1 | Medical and dental expenses (see page A-1) SEE STATEMENT 8 | 1 | 4254. | | | |
| | 2 | Enter amount from Form 1040, line 32 [2] 74240. | | | | | |
| | 3 | Multiply line 2 above by 7.5% (.075) | 3 | 5568. | | | |
| | 4 | Subtract line 3 from line 1. If line 3 is more than line 1, enter -0- | | | 4 | 0. | 4254 |
| **Taxes You Paid** (See page A-1.) | 5 | State and local income taxes | 5 | | | | |
| | 6 | Real estate taxes (see page A-2) SEE STATEMENT 9 | 6 | 3671. | | | |
| | 7 | Personal property taxes | 7 | 1174. | | | |
| | 8 | Other taxes - List type and amount ▶ | 8 | | | | |
| | 9 | Add lines 5 through 8 | | | 9 | 4845. | 4,845 |
| **Interest You Paid** (See page A-2.) | 10 | Home mortgage interest and points reported to you on Form 1098 | 10 | | | | |
| | 11 | Home mortgage interest not reported to you on Form 1098. If paid to the person from whom you bought the home, see page A-3 and show that person's name, identifying no., and address ▶ | 11 | | | | |
| Note: Personal interest is not deductible. | 12 | Points not reported to you on Form 1098. See page A-3 for special rules | 12 | | | | |
| | 13 | Investment interest. If required, attach Form 4952. (See page A-3.) | 13 | | | | |
| | 14 | Add lines 10 through 13 | | | 14 | | |
| **Gifts to Charity** | 15 | Gifts by cash or check. If any gift of $250 or more, see page A-3 STMT 6 | 15 | 2199. | | | |
| If you made a gift and got a benefit for it, see page A-3. | 16 | Other than by cash or check. If any gift of $250 or more, see page A-3. If over $500, you MUST attach Form 8283 STMT 7 | 16 | 165. | | | |
| | 17 | Carryover from prior year | 17 | 2274. | | | |
| | 18 | Add lines 15 through 17 | | | 18 | 4638. | 4,638 |
| **Casualty and Theft Losses** | 19 | Casualty or theft loss(es). Attach Form 4684. (See page A-4.) | | | 19 | | |
| **Job Expenses and Most Other Miscellaneous Deductions** | 20 | Unreimbursed employee expenses - job travel, union dues, job education, etc. If required, you MUST attach Form 2106 or 2106-EZ. (See page A-5.) ▶ | 20 | | | | |
| | 21 | Tax preparation fees | 21 | | | | |
| (See page A-5 for expenses to deduct here.) | 22 | Other expenses - investment, safe deposit box, etc. List type and amount ▶IRA CUSTODIAL FEES 135. INVESTMENT EXPENSE 7179. BAB ASSET VENTURE - LEGAL 254. ATTORNEYS FEES - INVESTMENT 1631. SAFE DEPOSIT BOX 31. | 22 | 9230. | | | |
| | 23 | Add lines 20 through 22 | 23 | 9230. | | | |
| | 24 | Enter amount from Form 1040, line 32 [24] 74240. | | | | | |
| | 25 | Multiply line 24 above by 2% (.02) | 25 | 1485. | | | |
| | 26 | Subtract line 25 from line 23. If line 25 is more than line 23, enter -0- | | | 26 | 7745. | 9,230 |
| **Other Miscellaneous Deductions** | 27 | Other - from list on page A-5. List type and amount ▶FROM K-1 - ML-LEE ACQUISITION FUND, L.P. 280. | | | 27 | 280. | 280 |
| **Total Itemized Deductions** | 28 | Is Form 1040, line 32, over $114,700 (over $57,350 if married filing separately)? NO. Your deduction is not limited. Add the amounts in the far right column for lines 4 through 27. Also, enter on Form 1040, line 34, the larger of this amount or your standard deduction. YES. Your deduction may be limited. See page A-5 for the amount to enter. ▶ | | | 28 | 17508. | 23,247 |

COPY FOR COPY FILE

LHA For Paperwork Reduction Act Notice, see Form 1040 instructions. Schedule A (Form 1040) 1995

519501 11-27-95



13120409 709261 3B140 050 BUSH, LYMAN F. 08064207

AS ORIGINALLY FILED

**SCHEDULE E** (Form 1040)

Department of the Treasury Internal Revenue Service

# Supplemental Income and Loss

(From rental real estate, royalties, partnerships, S corporations, estates, trusts, REMICs, etc.)

▶ Attach to Form 1040 or Form 1041. ▶ See Instructions for Schedule E (Form 1040).

OMB No. 1545-0074

**1995**

Attachment Sequence No. 13

Name(s) shown on return: LYMAN F. & BEVERLY J. BUSH

Your social security number: [redacted]

**Part I Income or Loss From Rental Real Estate and Royalties** Note: Report income and expenses from your business of renting personal property on Schedule C or C-EZ. Report farm rental income or loss from Form 4835 on page 2, line 39.

1 Show the kind and location of each rental real estate property:

A RENTAL HOUSE (1/3 INTEREST) 5026 SOUTH PUGET SOUND

B

C

2 For each rental real estate property listed on line 1, did you or your family use it for personal purposes for more than the greater of 14 days or 10% of the total days rented at fair rental value during the tax year?

| | Yes | No |
|---|---|---|
| A | | X |
| B | | |
| C | | |

| Income: | | Properties A | B | C | | Totals (Add columns A, B, and C.) |
|---|---|---|---|---|---|---|
| 3 Rents received | 3 | 2486. | | | 3 | 2486. |
| 4 Royalties received | 4 | | | | 4 | |
| **Expenses:** | | | | | | |
| 5 Advertising | 5 | | | | | |
| 6 Auto and travel | 6 | | | | | |
| 7 Cleaning and maintenance | 7 | | | | | |
| 8 Commissions | 8 | | | | | |
| 9 Insurance | 9 | 64. | | | | |
| 10 Legal and other professional fees | 10 | | | | | |
| 11 Management fees | 11 | 265. | | | | |
| 12 Mortgage interest paid to banks, etc. | 12 | | | | 12 | |
| 13 Other interest | 13 | | | | | |
| 14 Repairs | 14 | 441. | | | | |
| 15 Supplies | 15 | | | | | |
| 16 Taxes | 16 | 333. | | | | |
| 17 Utilities | 17 | 58. | | | | |
| 18 Other (list) ▶ | 18 | | | | | |
| 19 Add lines 5 through 18 | 19 | 1161. | | | 19 | 1161. |
| 20 Depreciation expense or depletion | 20 | 460. | | | 20 | 460. |
| 21 Total expenses. Add lines 19 and 20 | 21 | 1621. | | | | |
| 22 Income or (loss) from rental real estate or royalty properties. Subtract line 21 from line 3 (rents) or line 4 (royalties). If the result is a (loss), see page E-2 to find out if you must file Form 6198 | 22 | 865. | | | | |
| 23 Deductible rental real estate loss. Caution: Your rental real estate loss on line 22 may be limited. See page E-3 to find out if you must file Form 8582. Real estate professionals must complete line 42 on page 2 | 23 | | | | | |

| | | |
|---|---|---|
| 24 Income. Add positive amounts shown on line 22. Do not include any losses | 24 | 865. |
| 25 Losses. Add royalty losses from line 22 and rental real estate losses from line 23. Enter the total losses here | 25 | ( ) |
| 26 Total rental real estate and royalty income or (loss). Combine lines 24 and 25. Enter the result here. If Parts II, III, IV, and line 39 on page 2 do not apply to you, also enter this amount on Form 1040, line 17. Otherwise, include this amount in the total on line 40 on page 2 | 26 | 865. |

COPY FOR YOUR ...

521491 10-23-95 LHA For Paperwork Reduction Act Notice, see Form 1040 instructions. 13

Schedule E (Form 1040) 1995

13120409 709261 3B140 050 BUSH, LYMAN F. 08064207

AS ORIGINALLY FILED

Schedule E (Form 1040) 1995 Attachment Sequence No Page 2

Name(s) shown on return. Do not enter name and social security number if shown on Page 1.

Your social security number [redacted]

LYMAN F. & BEVERLY J. BUSH

Note: If you report amounts from farming or fishing on Schedule E, you must enter your gross income from those activities on line 41 below. Real Estate professionals must complete line 42 below.

**Part II** Income or Loss From Partnerships and S Corporations Note: If you report a loss from an at-risk activity, you MUST check either column (e) or (f) of line 27 to describe your investment in the activity. If you check column (f), you must attach Form 6198.

| 27 | (a) Name | (b) Enter P for partnership; S for S corporation | (c) Check if foreign partnership | (d) Employer identification number | Investment At Risk? (e) All is at risk | (f) Some is not at risk |
|---|---|---|---|---|---|---|
| A | SEE STATEMENT 16 | | | | | |
| B | | | | | | |
| C | | | | | | |
| D | | | | | | |
| E | | | | | | |

| | Passive Income and Loss | | Nonpassive Income and Loss | | |
|---|---|---|---|---|---|
| | (g) Passive loss allowed (attach Form 8582 if required) | (h) Passive income from Schedule K-1 | (i) Nonpassive loss from Schedule K-1 | (j) Section 179 expense deduction from Form 4562 | (k) Nonpassive income from Schedule K-1 |
| A | | | | | |
| B | | | | | |
| C | | | | | |
| D | | | | | |
| E | | | | | |
| 28a Totals | | 21180. | | | |
| b Totals | 22024. | | 1430. | | |

| | | | |
|---|---|---|---|
| 29 | Add columns (h) and (k) of line 28a | 29 | 21180. |
| 30 | Add columns (g), (i), and (j) of line 28b | 30 | ( 23454.) |
| 31 | Total partnership and S corporation income or (loss). Combine lines 29 and 30. Enter the result here and include in the total on line 40 below | 31 | -2274. |

**Part III** Income or Loss From Estates and Trusts

| 32 | (a) Name | (b) Employer identification number |
|---|---|---|
| A | | |
| B | | |

| | Passive Income and Loss | | Nonpassive Income and Loss | |
|---|---|---|---|---|
| | (c) Passive deduction or loss allowed (attach Form 8582 if required) | (d) Passive income from Schedule K-1 | (e) Deduction or loss from Schedule K-1 | (f) Other income from Schedule K-1 |
| A | | | | |
| B | | | | |
| 33a Totals | | | | |
| b Totals | | | | |

| | | | |
|---|---|---|---|
| 34 | Add columns (d) and (f) of line 33a | 34 | |
| 35 | Add columns (c) and (e) of line 33b | 35 | ( ) |
| 36 | Total estate and trust income or (loss). Combine lines 34 and 35. Enter the result here and include in the total on line 40 below | 36 | |

**Part IV** Income or Loss From Real Estate Mortgage Investment Conduits (REMICs) - Residual Holder

| 37 | (a) Name | (b) Employer identification number | (c) Excess inclusion from Schedules Q, line 2c | (d) Taxable income (net loss) from Schedules Q, line 1b | (e) Income from Schedules Q, line 3b |
|---|---|---|---|---|---|
| | | | | | |

38 Combine columns (d) and (e) only. Enter the result here and include in the total on line 40 below — 38

**Part V** Summary * ENTIRE DISPOSITION OF PASSIVE ACTIVITY

| | | | |
|---|---|---|---|
| 39 | Net farm rental income or (loss) from Form 4835. Also, complete line 41 below | 39 | |
| 40 | TOTAL income or (loss). Combine lines 26, 31, 36, 38, and 39. Enter the result here and on Form 1040, line 17 | 40 | -1409. |
| 41 | Reconciliation of Farming and Fishing Income: Enter your gross farming and fishing income reported on Form 4835, line 7; Schedule K-1 (Form 1065), line 15b; Schedule K-1 (Form 1120S), line 23; and Schedule K-1 (Form 1041), line 13 | 41 | |
| 42 | Reconciliation for Real Estate Professionals. If you were a real estate professional, enter the net income or (loss) you reported anywhere on Form 1040 from all rental real estate activities in which you materially participated under the passive activity loss rules | 42 | |

COPY

0490

521501 10-23-95

13120409 709261 3B140 14 050 BUSH, LYMAN F. 08064207

AS ORIGINALLY FILED

LYMAN F. & BEVERLY J. BUSH [redacted]

SCHEDULE D CAPITAL LOSS CARRYOVER STATEMENT 15

| | | |
|---|---|---|
| 1. ENTER THE AMOUNT FROM FORM 1040, LINE 35 . . . . . . . . . . . . | | 56732. |
| 2. ENTER THE LOSS FROM SCHEDULE D, LINE 19 AS A POSITIVE AMOUNT . | | 3000. |
| 3. COMBINE LINES 1 AND 2. IF ZERO OR LESS, ENTER -0- . . . . . . . | | 59732. |
| 4. ENTER THE SMALLER OF LINE 2 OR LINE 3 . . . . . . . . . . . . . | | 3000. |
| 5. ENTER THE LOSS FROM SCHEDULE D, LINE 8 AS A POSITIVE AMOUNT . | | 97. |
| 6. ENTER THE GAIN, IF ANY, FROM SCHEDULE D, LINE 17 . . . . . . . . . . . . . . . . . . . . . . | | |
| 7. ENTER THE AMOUNT FROM LINE 4 . . . . . . . . . . . . . . | 3000. | |
| 8. ADD LINES 6 AND 7 . . . . . . . . . . . . . . . . . . . . | | 3000. |
| 9. SHORT-TERM CAPITAL LOSS CARRYOVER TO 1996. SUBTRACT LINE 8 FROM LINE 5. IF ZERO OR LESS, ENTER -0- . . . | | 0. |
| 10. ENTER THE LOSS FROM SCHEDULE D, LINE 17 AS A POSITIVE AMOUNT . | | 79905. |
| 11. ENTER THE GAIN, IF ANY, FROM SCHEDULE D, LINE 8 . . . . . . . . . . . . . . . . . . . . . . | | |
| 12. SUBTRACT LINE 5 FROM LINE 4. IF ZERO OR LESS, ENTER -0- . . . . . . . . . . . . . . . . . . . . . | 2903. | |
| 13. ADD LINES 11 AND 12 . . . . . . . . . . . . . . . . . . . . . | | 2903. |
| 14. LONG-TERM CAPITAL LOSS CARRYOVER TO 1996. SUBTRACT LINE 13 FROM LINE 10. IF ZERO OR LESS, ENTER -0- . . | | 77002. |

SCHEDULE E INCOME OR (LOSS) FROM PARTNERSHIPS AND S CORPS STATEMENT 16

| NAME<br>EMPLOYER ID NO. | NOT AT RISK | CODE | PASSIVE LOSS | PASSIVE INCOME | NONPASSIVE LOSS | SEC. 179 DEDUCTION | NONPASSIVE INCOME |
|---|---|---|---|---|---|---|---|
| SUMMER LOVERS ASSOCIATES<br>11-2615060 | | P | | 9262. | | | |
| BUSH AND WEAVER<br>91-0993948 | | P | 487. | 1699. | | | |
| CINEMA '84 REGISTRATION NO. 8427<br>11-2678807 | | P | | | 1430. | | |
| FAWCETT PLAZA ONE<br>91-1012413 | | P | 20781. | | | | |
| LONE WOLF MCQUADE ASSOCIATES<br>13-3109971 | | P | | 10219. | | | |
| ML-LEE ACQUISITION FUND, L.P.<br>13-3426817 | | P | | | | | |
| MRI BUSINESS PROPERTIES FUND LTD<br>94-2919856 | | P | 756. | | | | |
| TOTALS TO SCH. E, LN. 28 | | | 22024. | 21180. | 1430. | | |

COPY FOR YOUR FILE

0491

AS ORIGINALLY FILED

AS AMENDED

DOES NOT APPLY

Form **6251** Department of the Treasury Internal Revenue Service

# Alternative Minimum Tax - Individuals

▶ Attach to Form 1040, Form 1040NR, or Form 1040-T.

OMB No. 1545-0227 **1995** Attachment Sequence No. 32

Name(s) shown on Form 1040: LYMAN F. & BEVERLY J. BUSH

Your social security number: [redacted]

## Part I Adjustments and Preferences

| | | Line | Amount | Handwritten |
|---|---|---|---|---|
| 1 | If you itemized deductions on Schedule A (Form 1040) (or you entered the amount from Form 1040-T, Section B, line t, on Form 1040-T, line 20), go to line 2. Otherwise, enter your standard deduction from Form 1040, line 34 (or Form 1040-T, line 20), and go to line 6 | 1 | | |
| 2 | Medical and dental. Enter the smaller of Schedule A (Form 1040), line 4, or 2 1/2% of Form 1040, line 32 (Form 1040-T filers, enter the smaller of Section B, line c or 2 1/2% of Form 1040-T, line 16) | 2 | | 147 |
| 3 | Taxes. Enter the amount from Schedule A (Form 1040), line 9 (or the total of lines d through g of Form 1040-T, Section B) | 3 | 4845. | 4845 |
| 4 | Certain interest on a home mortgage not used to buy, build, or improve your home | 4 | | |
| 5 | Miscellaneous itemized deductions. Enter the amount from Schedule A (Form 1040), line 26 (or Form 1040-T, Section B, line r) | 5 | 7745. | 8,135 |
| 6 | Refund of taxes. Enter any tax refund from Form 1040, line 10 or 21 (or Form 1040-T, line 4 or line 9) | 6 | | |
| 7 | Investment interest. Enter difference between regular tax and AMT deduction | 7 | | |
| 8 | Post-1986 depreciation. Enter difference between regular tax and AMT depreciation | 8 | | |
| 9 | Adjusted gain or loss. Enter difference between AMT and regular tax gain or loss | 9 | | |
| 10 | Incentive stock options. Enter excess of AMT income over regular tax income | 10 | | |
| 11 | Passive activities. Enter difference between AMT and regular tax income or loss SEE STATEMENT 19 | 11 | 0. | |
| 12 | Beneficiaries of estates and trusts. Enter the amount from Schedule K-1 (Form 1041), line 8 | 12 | | |
| 13 | Tax-exempt interest from private activity bonds issued after 8/7/86 | 13 | | |

14 Other. Enter the amount, if any, for each item and enter the total on line 14.

| | | | |
|---|---|---|---|
| a Charitable contributions | | h Loss limitations | |
| b Circulation expenditures | | i Mining costs | |
| c Depletion | | j Patron's adjustment | |
| d Depreciation (pre-1987) | | k Pollution control facilities | |
| e Installment sales | | l Research and experimental | |
| f Intangible drilling costs | | m Tax shelter farm activities | |
| g Long-term contracts | | n Related adjustments | |

| | | Line | Amount | Handwritten |
|---|---|---|---|---|
| 14 | Total of line 14 items | 14 | | |
| 15 | **Total Adjustments and Preferences.** Combine lines 1 through 14 ▶ | 15 | 12590. | |

## Part II Alternative Minimum Taxable Income

| | | Line | Amount | Handwritten |
|---|---|---|---|---|
| 16 | Enter the amount from Form 1040, line 35 (or Form 1040-T, line 21). If less than zero, enter as a (loss) ▶ | 16 | 56732. | <110,125> |
| 17 | Net operating loss deduction, if any, from Form 1040, line 21. Enter as a positive amount | 17 | | |
| 18 | If Form 1040, line 32 (or Form 1040-T, line 16), is over $114,700 (over $57,350 if married filing separately), and you itemized deductions, enter the amount, if any, from line 9 of the worksheet for Schedule A, (Form 1040), line 28 (or line 9 of the worksheet for Section B, line t, of Form 1040-T) | 18 | | |
| 19 | Combine lines 15 through 18 ▶ | 19 | 69322. | |
| 20 | Alternative tax net operating loss deduction | 20 | | |
| 21 | **Alternative Minimum Taxable Income.** Subtract line 20 from line 19. (If married filing separately and line 21 is more than $165,000, see instructions.) ▶ | 21 | 69322. | |

## Part III Exemption Amount and Alternative Minimum Tax

22 **Exemption Amount.** (If this form is for a child under age 14, see instructions.)

| If your filing status is: | And line 21 is not over: | Enter on line 22: |
|---|---|---|
| Single or head of household | $112,500 | $33,750 |
| Married filing jointly or qualifying widow(er) | 150,000 | 45,000 |
| Married filing separately | 75,000 | 22,500 |

If line 21 is over the amount shown above for your filing status, see instructions.

| | | Line | Amount | Handwritten |
|---|---|---|---|---|
| 22 | Exemption amount | 22 | 45000. | <45,000> |
| 23 | Subtract line 22 from line 21. If zero or less, enter -0- here and on lines 26 and 28 ▶ | 23 | 24322. | <141,998> |
| 24 | If line 23 is $175,000 or less ($87,500 or less if married filing separately), multiply line 23 by 26% (.26). Otherwise, multiply line 23 by 28% (.28) and subtract $3,500 ($1,750 if married filing separately) from the result | 24 | 6324. | |
| 25 | Alternative minimum tax foreign tax credit | 25 | | |
| 26 | Tentative minimum tax. Subtract line 25 from line 24 ▶ | 26 | 6324. | |
| 27 | Enter your tax from Form 1040, line 38 (plus any amount from Form 4970 included on Form 1040, line 39), minus any foreign tax credit from Form 1040, line 43 (Form 1040-T filers, enter the amount from Form 1040-T, line 26) | 27 | 9413. | |
| 28 | **Alternative Minimum Tax.** (If this form is for a child under age 14, see instructions.) Subtract line 27 from line 26. If zero or less, enter -0-. Enter here and on Form 1040, line 48 (or Form 1040-T, line 31) ▶ | 28 | 0. | |

0492

AS ORIGINALLY FILED

ITC BASIS TO EXTENT OF Income OFFSET BY AT RISK Carryforward

Lone Wolf McQuade 10,219
Sch K-1

x 10% = 1,022

Form **3468** Department of the Treasury Internal Revenue Service

# Investment Credit

▶ Attach to your return.
▶ See separate instructions.

OMB No. 1545-0155 **1995** Attachment Sequence No. 52

Name(s) shown on return | Identifying number

**Part I Current Year Investment Credit**

**Note:** *Generally, you cannot claim the regular investment credit for property placed in service after December 31, 1985 (see instructions).*

| | | | | |
|---|---|---|---|---|
| 1 | Rehabilitation credit. Enter the amount of qualified rehabilitation expenditures and multiply by the percentage shown: | | | |
| a | Pre-1936 buildings | × 10% (.10) | 1a | |
| b | Certified historic structures (attach NPS certificate) | × 20% (.20) | 1b | |
| | Enter NPS number assigned or the flow-through entity's identifying number (see instructions) | | | |
| | Transition property: | | | |
| c | 30-year-old buildings | × 10% (.10) | 1c | |
| d | 40-year-old buildings | × 13% (.13) | 1d | |
| e | Certified historic structures (attach NPS certificate) | × 25% (.25) | 1e | |
| | Enter NPS number assigned or the flow-through entity's identifying number (see instructions) | | | |
| 2a | Energy credit. Enter the basis of energy property placed in service during the tax year (see instructions) | × 10% (.10) | 2a | |
| b | Transition energy property. Attach computation (see instructions) | | 2b | |
| 3 | Reforestation credit. Enter the amortizable basis of qualified timber property acquired during the tax year (see instructions for limitations) | × 10% (.10) | 3 | |
| 4 | Regular investment credit for transition property. Enter qualified investment (see instructions) | × 6.5% (.065) | 4 | |
| 5 | Credit from cooperatives. Enter the unused regular investment credit for transition property and the unused energy credit from cooperatives | | 5 | |
| 6 | **Total current year investment credit.** Add lines 1a through 5 | | 6 | 1,022 |

**Part II Tax Liability Limit** (See Who Must File Form 3800 to find out if you complete Part II or file Form 3800.)

| | | | | |
|---|---|---|---|---|
| 7a | Individuals. Enter amount from Form 1040, line 40 | | | |
| b | Corporations. Enter amount from Form 1120, Schedule J, line 3 (or Form 1120-A, Part I, line 1) | | 7 | -0- |
| c | Other filers. Enter regular tax before credits from your return | | | |
| 8a | Credit for child and dependent care expenses (Form 2441, line 10) | 8a | | |
| b | Credit for the elderly or the disabled (Schedule R (Form 1040), line 20) | 8b | | |
| c | Mortgage interest credit (Form 8396, line 11) | 8c | | |
| d | Foreign tax credit (Form 1116, line 32, or Form 1118, Sch. B, line 12) | 8d | | |
| e | Possessions tax credit (Form 5735) | 8e | | |
| f | Orphan drug credit (Form 6765) | 8f | | |
| g | Credit for fuel from a nonconventional source | 8g | | |
| h | Qualified electric vehicle credit (Form 8834, line 19) | 8h | | |
| i | Add lines 8a through 8h | | 8i | |
| 9 | Net regular tax. Subtract line 8i from line 7 | | 9 | -0- |
| 10 | Tentative minimum tax (see instructions): | | | |
| a | Individuals. Enter amount from Form 6251, line 26 | | | |
| b | Corporations. Enter amount from Form 4626, line 13 | | 10 | — |
| c | Estates and trusts. Enter amount from Form 1041, Schedule I, line 37 | | | |
| 11 | Net income tax: | | | |
| a | Individuals. Add line 9 above and line 28 of Form 6251 | | | |
| b | Corporations. Add line 9 above and line 15 of Form 4626 | | 11 | — |
| c | Estates and trusts. Add line 9 above and line 41 of Form 1041, Schedule I | | | |
| 12 | If line 9 is more than $25,000, enter 25% (.25) of the excess (see instructions) | | 12 | — |
| 13 | Subtract line 10 or line 12, whichever is greater, from line 11. If zero or less, enter -0- | | 13 | — |
| 14 | **Investment credit allowed for current year.** Enter the smaller of line 6 or line 13. This is your **General Business Credit** for 1995. Enter here and on Form 1040, line 44; Form 1120, Schedule J, line 4d; Form 1120-A, Part I, line 2a; or on the appropriate line of other income tax returns | | 14 | -0- |

For Paperwork Reduction Act Notice, see separate instructions. Cat. No. 12276E Form **3468** (1995)

Printed on recycled paper

373

0493

95 Income from Passthroug

AS ORIGINALLY FILED

CINEMA '84 REGISTRATION NO. 8427
I.D. NUMBER: 11-2678807
TYPE: PARTNERSHIP

ACTIVITY INFORMATION:

CINEMA '84 REGISTRATION NO. 8427

100% DISPOSITION AT A NET LOSS

| | | |
|---|---|---|
| ORDINARY INCOME (LOSS) | -1416 | |
| SCHEDULE E ACTIVITY INCOME (LOSS) | | -1416 |
| PAL CARRYOVER FROM 1994 - SCHEDULE E | | -14 |
| SCHEDULE E ACTIVITY NET LOSS | | -1430 |

TAX PREFERENCE ITEMS:

| | |
|---|---|
| AMT PAL CARRYOVER FROM 1994 - SCHEDULE E | 14 |

OTHER K-1 INFORMATION:

| | |
|---|---|
| INTEREST | 15 |
| INVESTMENT INCOME | 15 |

95 Income from Passthroug

LONE WOLF MCQUADE ASSOCIATES
I.D. NUMBER: 13-3109971
TYPE: PARTNERSHIP

ACTIVITY INFORMATION:

LONE WOLF MCQUADE ASSOCIATES

100% DISPOSITION AT A NET GAIN

| | |
|---|---|
| ORDINARY INCOME (LOSS) | 10219 |
| SCHEDULE E ACTIVITY INCOME (LOSS) | 10219 |

OTHER K-1 INFORMATION:

| | |
|---|---|
| INTEREST | 15 |
| INVESTMENT INCOME | 15 |

95 Income from Passthroug

SUMMER LOVERS ASSOCIATES
I.D. NUMBER: 11-2615060
TYPE: PARTNERSHIP

ACTIVITY INFORMATION:

SUMMER LOVERS ASSOCIATES

100% DISPOSITION AT A NET GAIN

| | |
|---|---|
| ORDINARY INCOME (LOSS) | 9262 |
| SCHEDULE E ACTIVITY INCOME (LOSS) | 9262 |

OTHER K-1 INFORMATION:

| | |
|---|---|
| INTEREST | 17 |
| INVESTMENT INCOME | 17 |

AS AMENDED

Form 1045 (1995) Page 2

## Schedule A – Net Operating Loss (NOL). See instructions.

| Line | Description | | | | |
|---|---|---|---|---|---|
| 1 | Adjusted gross income from 1995 Form 1040, line 32. Estates and trusts, skip lines 1 and 2 | | | 1 | <86,878> |
| 2 | Deductions (individuals only): | | | | |
| a | Enter amount from your 1995 Form 1040, line 34 | 2a | 23,247 | | |
| b | Enter your deduction for exemptions from 1995 Form 1040, line 36 | 2b | 5,000 | | |
| c | Add lines 2a and 2b | | | 2c | 28,247 |
| 3 | Combine lines 1 and 2c. Estates and trusts, enter taxable income. **Note:** If line 3 is zero or more, do not complete rest of schedule. You **do not** have a net operating loss. | | | 3 | <115,125> |
| | **Adjustments:** | | | | |
| 4 | Deduction for exemptions from line 2b above. Estates and trusts, enter exemption amount from tax return | 4 | 5,000 | | |
| 5 | Total nonbusiness capital losses before limitation. Enter as a positive number 7917, 26361, 69072 | 5 | 103,350 | | |
| 6 | Total nonbusiness capital gains 7820 12498 37 | 6 | 20,355 | | |
| 7 | If line 5 is more than line 6, enter difference; otherwise, enter -0- | 7 | 82,995 | | |
| 8 | If line 6 is more than line 5, enter difference; otherwise, enter -0- | 8 | — | | |
| 9 | Nonbusiness deductions. See instructions | 9 | 30,316 | | |
| 10 | Nonbusiness income other than capital gains. See instructions. 13094, 5372, 8851, | 10 | 27,317 | | |
| 11 | Add lines 8 and 10 | 11 | 27,317 | | |
| 12 | If line 9 is more than line 11, enter difference; otherwise, enter -0- | 12 | 2,999 | | |
| 13 | If line 11 is more than line 9, enter difference; otherwise, enter -0-. Do not enter more than line 8 | 13 | -0- | | |
| 14 | Total business capital losses before limitation. Enter as a positive number | 14 | -0- | | |
| 15 | Total business capital gains | 15 | 2,993 | | |
| 16 | Add lines 13 and 15 | 16 | 2,993 | | |
| 17 | If line 14 is more than line 16, enter difference; otherwise, enter -0- | 17 | -0- | | |
| 18 | Add lines 7 and 17 | 18 | 82,995 | | |
| 19 | Enter the loss, if any, from line 18 of Schedule D (Form 1040). (Estates and trusts, enter the loss, if any, from line 17, column (c), of Schedule D (Form 1041).) Enter as a positive number. If you do not have a loss on that line, skip lines 19 through 21 and enter on line 22 the amount from line 18 | 19 | 80,002 | | |
| 20 | Enter the loss from line 19 of Schedule D (Form 1040). (Estates and trusts, enter the loss from line 18 of Schedule D (Form 1041).) Enter as a positive number | 20 | 3,000 | | |
| 21 | Subtract line 20 from line 19 | 21 | 77,002 | | |
| 22 | Subtract line 21 from line 18 | 22 | 5993 | | |
| 23 | Net operating loss deduction for losses from other years. Enter as a positive number | 23 | 0 | | |
| 24 | Add lines 4, 12, 22, and 23 | | | 24 | 13,992 |
| 25 | **Net operating loss.** Combine lines 3 and 24. If the combined amount is less than zero, enter it here and on page 1, line 1a. If the combined amount is zero or more, you **do not** have a net operating loss. | | | 25 | <101,133> |

| | Ordinary: Business | Ordinary: Non Bus | Capital: Business | Capital: Non Business |
|---|---|---|---|---|
| Gains <Losses> Inc. <Loss> | 12000, 7820, 221, <1109>, <93,044>, <51,848> | 13094, 5372, 8851, <7069>, <23,247> | 2993 | 7820, 12498, 37, <7917>, <26361> |
| | <104,126> | -0- None | 2993 | -0- |

Σ <101,133>

0495

AS ORIGINALLY FILED

**SCHEDULE D (Form 1040)**
Department of the Treasury
Internal Revenue Service

# Capital Gains and Losses

▶ Attach to Form 1040. ▶ See Instructions for Schedule D (Form 1040).

OMB No. 1545-0074
**1995**
Attachment Sequence No. 12

Name(s) shown on Form 1040: LYMAN F. & BEVERLY J. BUSH

Your social security number: [redacted]

**Part I Short-Term Capital Gains and Losses - Assets Held One Year or Less**

| | (a) Description of Property (Example: 100 sh. XYZ Co.) | (b) Date acquired / (c) Date sold | (d) Sales price | (e) Cost or other basis | Line | (f) LOSS If (e) is more than (d), subtract (d) from (e) | (g) GAIN If (d) is more than (e), subtract (e) from (d) |
|---|---|---|---|---|---|---|---|
| 1 | SEE STATEMENT 13 | | 166547. | 166644. | | 7917. | 7820. |
| | | | | | | | |
| | | | | | | | |
| 2 | Enter your short-term totals, if any | 2 | | | | | |
| 3 | Total short-term sales price amounts. Add column (d) of lines 1 and 2 | 3 | 166547. | | | | |
| 4 | Short-term gain from Forms 2119 and 6252, and short-term gain or loss from Forms 4684, 6781, and 8824 | | | | 4 | | |
| 5 | Net short-term gain or loss from partnerships, S corporations, estates, and trusts from Schedule(s) K-1 | | | | 5 | | |
| 6 | Short-term capital loss carryover. Enter the amount, if any, from line 9 of your 1994 Capital Loss Carryover Worksheet | | | | 6 | | |
| 7 | Add lines 1 through 6, in columns (f) and (g) | | | | 7 | ( 7917.) | 7820. |
| 8 | Net short-term capital gain or (loss). Combine columns (f) and (g) of line 7 ▶ | | | | 8 | | -97. |

**Part II Long-Term Capital Gains and Losses - Assets Held More Than One Year**

| | (a) Description of Property | (b) Date acquired / (c) Date sold | (d) Sales price | (e) Cost or other basis | Line | (f) LOSS | (g) GAIN |
|---|---|---|---|---|---|---|---|
| 9 | SEE STATEMENT 14 | | 170373. | 184236. | | 26361. | 12498. |
| | | | | | | | |
| | | | | | | | |
| 10 | Enter your long-term totals, if any | 10 | | | | | |
| 11 | Total long-term sales price amounts. Add column (d) of lines 9 and 10 | 11 | 170373. | | | | |
| 12 | Gain from Form 4797; long-term gain from Forms 2119, 2439, and 6252; and long-term gain or loss from Forms 4684, 6781, and 8824 | | | | 12 | | |
| 13 | Net long-term gain or loss from partnerships, S corporations, estates, and trusts from Schedule(s) K-1 | | | | 13 | | 2993. |
| 14 | Capital gain distributions | | | | 14 | | 37. |
| 15 | Long-term capital loss carryover. Enter the amount, if any, from line 14 of your 1994 Capital Loss Carryover Worksheet | | | | 15 | 69072. | |
| 16 | Add lines 9 through 15, in columns (f) and (g) | | | | 16 | ( 95433.) | 15528. |
| 17 | Net long-term capital gain or (loss). Combine columns (f) and (g) of line 16 ▶ | | | | 17 | | -79905. |

**Part III Summary of Parts I and II**

| | | Line | Amount |
|---|---|---|---|
| 18 | Combine lines 8 and 17. If a loss, go to line 19. If a gain, enter the gain on Form 1040, line 13. Note: If both lines 17 and 18 are gains, see the Capital Gain Tax Worksheet | 18 | -80002. |
| 19 | If line 18 is a loss, enter here and as a (loss) on Form 1040, line 13, the smaller of these losses: a The loss on line 18; or b ($3,000) or, if married filing separate, ($1,500) | 19 | ( 3000.) |
| | Note: See the Capital Loss Carryover Worksheet if the loss on line 18 exceeds the loss on line 19 or if Form 1040, line 35, is a loss. SEE STATEMENT 15 | | |

0496

520511/12-12-95

AS ORIGINALLY FILED

LYMAN F. & BEVERLY J. BUSH [redacted]

| SCHEDULE B | TAX-EXEMPT INTEREST | STATEMENT 12 |
|---|---|---|

| NAME OF PAYER | AMOUNT |
|---|---|
| INTEREST FROM MUNICIPAL BONDS | 7211. |
| TOTAL TAX-EXEMPT INTEREST TO SCHEDULE B, LINE 1 | 7211. |

| SCHEDULE D | SHORT-TERM CAPITAL GAINS AND LOSSES | STATEMENT 13 |
|---|---|---|

| DESCRIPTION | ACQUIRED | SOLD | PRICE | COST | LOSS | GAIN |
|---|---|---|---|---|---|---|
| 1000 SHARES FEDERATED DEPARTMENT STORES | 03/10/95 | 07/18/95 | 27476. | 21574. | | 5902. |
| 1000 SHARES FUSION SYSTEMS CORP | 02/03/95 | 03/10/95 | 24996. | 25003. | 7. | |
| 1000 SHARES PNC BANK | 09/13/95 | 09/13/95 | 27105. | 27890. | 785. | |
| 500 SHARES BECKSON ASSOC REALTY | 06/02/95 | 10/13/95 | 13139. | 12532. | | 607. |
| 500 SHARES PENZOIL | 01/19/94 | 01/18/95 | 21217. | 28224. | 7007. | |
| 2000 SHARES SW PROPERTY TRUST | 10/12/94 | 01/13/95 | 24185. | 24303. | 118. | |
| 1800 SHARES WOOLWORTH | 12/21/94 | 01/13/95 | 28429. | 27118. | | 1311. |
| TOTAL TO SCH. D, PART I, LINE 1 | | | 166547. | 166644. | 7917. | 7820. |

| SCHEDULE D | LONG-TERM CAPITAL GAINS AND LOSSES | STATEMENT 14 |
|---|---|---|

| DESCRIPTION | ACQUIRED | SOLD | PRICE | COST | LOSS | GAIN |
|---|---|---|---|---|---|---|
| 75 SHARES - MUNICIPAL INVESTMENT 9 AMT | 01/29/91 | 05/24/95 | 60403. | 76908. | 16505. | |
| MRI BUSINESS PROPERTIES FUND LIMITED | | 12/30/94 | 112. | 0. | | 112. |
| 150 SHARES BRISTOL MEYER SQUIBB | 09/22/92 | 03/10/95 | 9116. | 10243. | 1127. | |
| 400 SHARES BRISTOL MEYER SQUIBB | VARIOUS | 06/02/95 | 26317. | 27128. | 811. | |

COPY FOR YOUR FILE

0497

AS ORIGINALLY FILED

LYMAN F. & BEVERLY J. BUSH [redacted]

| | | | | | | |
|---|---|---|---|---|---|---|
| 2000 SHARES ZEIGLER COAL HOLDING | 09/ /94 | 10/25/95 | 22702. | 30620. | 7918. | |
| 400 SHARES IBM | 07/28/93 | 01/18/95 | 30467. | 18803. | | 11664. |
| 1500 SHARES USF & G | 11/15/93 | 02/03/95 | 21256. | 20534. | | 722. |
| TOTAL TO SCH. D, PART II, LINE 9 | | | 170373. | 184236. | 26361. | 12498. |

Department of the Treasury
Internal Revenue Service

OGDEN, UT 84201

In reply refer to: 2981522163
Aug. 23, 2000 LTR-105C
[redacted] 199512 30 000 1
00763

LYMAN F & BEVERLY J DECD BUSH
% THOMAS E REDDING ESQ
515 POST OAK BOULLEVARD STE 500
HOUSTON TX 77027-9148150

EXTRA COPY

CERTIFIED MAIL

Taxpayer Identification Number: [redacted]
Kind of Tax: INCOME TAX
Amount of Claim(s): $ 9,413.00

Date Claim(s) Received: Nov. 29, 1999
Tax Period(s): Dec. 31, 1995

Dear Taxpayer:

This letter is your legal notice that we have disallowed your claim(s). We can't allow your claim(s) for refund or credit for the period(s) shown above for the reason(s) listed below.

We are unable to process your Form 1040X at this time. To enable us to process it, copies of cancelled checks or verification of money paid to the partnership(s), must be provided to verify the capital contributed in 1995. You will receive a separate notice explaining the adjustments made to this year.

If you want to appeal our decision to disallow your claim, you must provide a brief written statement of the issues you don't agree with. The facts contained in the written statement should be detailed and complete, including names, amounts, locations, etc.

You should include the following:

1. A statement that you want to appeal the disallowance.

2. Your name, address, and a telephone number where you can be contacted during the day.

3. A statement of facts supporting your reasons for disputing the disallowance.

4. A statement outlining the law or other authority that supports your claim.

You must declare that the statement of facts is true under penalties of perjury. You may do this by adding the following statement and

EXHIBIT "I"

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 02-1041 T

(Judge Christine O. C. Miller)

LYMAN F. BUSH, INDIVIDUALLY and
LYMAN F. BUSH, PERSONAL REPRESENTATIVE
OF THE ESTATE OF BEVERLY J. BUSH,

Plaintiffs

v.

THE UNITED STATES,

Defendant

ANSWER

JAN 22 2003

Defendant, in answer to the complaint, denies each and every allegation contained therein not admitted below.

In response to particular paragraphs of the complaint, defendant further:

1. Admits the allegation in ¶ 1 that the plaintiffs herein are Lyman F. Bush and Lymon [sic] Bush, Personal Representative of the Estate of Beverly J. Bush; and avers that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in ¶ 1.

PLAINTIFF'S EXHIBIT 29

2. Admits the allegation in ¶ 2.

3. Admits the allegation in ¶ 3 that income taxes were collected from plaintiffs; and avers that the remainder of ¶ 3 represents plaintiffs' characterization of the nature of this suit.

4. As to the allegation in ¶ 4, avers that jurisdiction, to the extent it exists, is conferred by 28 U.S.C. § 1491(a).

COUNT ONE
Calendar Year 1988

5. Denies the allegation in the first sentence of ¶ 5 that the Bushes "paid the taxes reported due on [the 1988] return;" avers that the Bushes paid only a portion of the taxes reported due; admits the remaining allegations in the first sentence; and admits the allegations in the second sentence.

6-8. Admits the allegation in ¶ 6 through ¶ 8.

9. Denies the allegation in the first sentence of ¶ 9 that the refund claim was filed "pursuant to [the closing] agreement;" avers that paragraph 15 of the Cinema 84 Closing Agreement allows plaintiffs to file a "refund claim attributable to the operation of [the] agreement;" admits the remaining allegations in the first sentence, except avers that the claim for refund was received by the Ogden Service Center of the Internal Revenue Service ["IRS"] on November 29, 1999;

and admits the allegations in the second sentence, but denies that plaintiffs are entitled to recover in this action on the basis of the grounds for recovery included in the refund claim.

9(a). Denies the allegation in the first sentence of subparagraph (a) of ¶ 9 that the quoted passage was included in paragraph 15 "of the Agreement;" avers that paragraph 15 of the Cinema 84 Closing Agreement provides that "[a]ny refund claim so submitted pursuant to this paragraph within 120 days after the execution of this agreement on behalf of the Commissioner of Internal Revenue shall be allowed as an offset pursuant to I.R.C. §§ 6402(a) and 6601(f) against any tax deficiencies resulting from this agreement;" admits the allegation in the second sentence that any refund due under the claim should have been applied as an offset to any tax deficiencies arising from the settlement; avers that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegation that no offset was applied; avers that a portion of the refund claim may have been allowed; and denies the allegation that a refund is due in this action under the claim.

9(b)-(d). Avers that subparagraphs (b) through (d) of ¶ 9 represent plaintiffs' characterization of the nature of

the refund claim and the deductions and credits to which Bush would be entitled if such claim were allowed; and avers that its attorneys currently lack knowledge or information sufficient to form a belief as to the accuracy of the characterization and computations included in subparagraphs (b) through (d).

9(e). Admits the allegation in subparagraph (e) of ¶ 9 that Bush requests the application of interest netting but denies that the request complies with statutory and IRS procedures for making a request for interest netting.

10. Denies the allegations in ¶ 10 that amounts are due to Bush "under the Closing Agreement" and that the Government is in breach of contract; and avers that Bush has not alleged the existence of an express or an implied in fact contract which would require the IRS to refund the amounts in issue, plus interest.

11. Admits the allegation in the first sentence of ¶ 11; and avers that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence.

COUNT TWO
Calendar Year 1990

12. Admits the allegations in the first sentence of ¶ 12; and avers that its attorneys currently lack knowledge or

information sufficient to form a belief as to the truth of the allegations in the second sentence.

13-14. Admits the allegations in ¶ 13 and ¶ 14.

15. Admits the allegations in the first sentence of ¶ 15; denies the allegation in the second sentence that Bush and the IRS entered into the Summer Lovers Closing Agreement on August 18, 1999; avers that the Bushes and the IRS entered into the Summer Lovers Closing Agreement on August 18, 19<u>94</u>; and admits the allegations in the third sentence.

16. Denies the allegation in the first sentence of ¶ 16 that the refund claim was filed "pursuant to the Cinema 84 and Summer Lovers 1990 Closing Agreements;" avers that paragraph 15 of the Cinema 84 Closing Agreement allows plaintiffs to file a "refund claim attributable to the operation of [the] agreement;" avers that the Summer Lovers Closing Agreement does not include a provision allowing the Bushes to file a refund claim; admits the remaining allegations in the first sentence, except avers that the claim for refund was received by the Ogden Service Center of the IRS on November 29, 1999; and admits the allegations in the second sentence, but denies that plaintiffs are entitled to recover in this action on the basis of the grounds for recovery included in the refund claim.

16(a). Denies the allegation in the first sentence of subparagraph (a) of ¶ 16 that the quoted passage was included in paragraph 15 of the Cinema 84 Closing Agreement; avers that paragraph 15 of the Cinema 84 Closing Agreement provides that "[a]ny refund claim so submitted pursuant to this paragraph within 120 days after the execution of this agreement on behalf of the Commissioner of Internal Revenue shall be allowed as an offset pursuant to I.R.C. §§ 6402(a) and 6601(f) against any tax deficiencies resulting from this agreement;" admits the allegation in the second sentence that any refund due under the claim should have been applied as an offset to any tax deficiencies arising from the settlement; denies the allegation that a refund is due in this action under the claim; and avers that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the second sentence.

16(b)-(d). Avers that subparagraphs (b) through (d) of ¶ 16 represent plaintiffs' characterization of the nature of the refund claim and the deductions and credits to which Bush would be entitled if such claim were allowed; and avers that its attorneys currently lack knowledge or information sufficient to form a belief as to the accuracy of the characterization and computations included in subparagraphs

(b) through (d).

16(e). Admits the allegation in subparagraph (e) of ¶ 16 that Bush requests the application of interest netting but denies that the request complies with statutory and IRS procedures for making a request for interest netting.

17. Denies the allegations in ¶ 17 that amounts are due to Bush "under the Closing Agreement" and that the Government is in breach of contract; and avers that Bush has not alleged the existence of an express or an implied in fact contract which would require the IRS to refund the amounts in issue, plus interest.

18. Admits the allegations in ¶ 18, except avers that the notice of disallowance relates only to Summer Lovers Associates, not to Cinema 84 partnership.

19. Admits the allegations in the first sentence of ¶ 19; and avers that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence.

COUNT THREE
Calendar Year 1991

20-22. Admits the allegations in ¶ 20 through ¶ 22.

23. Admits the allegations in the first sentence of ¶ 23; denies the allegation in the second sentence that Bush and the IRS entered into the Summer Lovers Closing Agreement

on August 18, 1999; avers that the Bushes and the IRS entered into the Summer Lovers Closing Agreement on August 18, 1994; and admits the allegations in the third sentence.

24. Denies the allegation in the first sentence of ¶ 24 that the refund claim was filed "pursuant to the Cinema 84 and Summer Lovers 1990 Closing Agreements;" avers that paragraph 15 of the Cinema 84 Closing Agreement allows plaintiffs to file a "refund claim attributable to the operation of [the] agreement;" avers that the Summer Lovers Closing Agreement does not include a provision allowing the Bushes to file a refund claim; admits the remaining allegations in the first sentence, except avers that the claim for refund was received by the Ogden Service Center on November 29, 1999; and admits the allegations in the second sentence, but denies that plaintiffs are entitled to recover in this action on the basis of the grounds for recovery included in the refund claim.

24(a). Denies the allegation in the first sentence of subparagraph (a) of ¶ 24 that the quoted passage was included in paragraph 15 "of the Agreement;" avers that paragraph 15 of the Cinema 84 Closing Agreement provides that "[a]ny refund claim so submitted pursuant to this paragraph within 120 days after the execution of this agreement on behalf of the Commissioner of Internal Revenue shall be allowed as an offset

pursuant to I.R.C. §§ 6402(a) and 6601(f) against any tax deficiencies resulting from this agreement;" avers that the Summer Lovers Closing Agreement does not include a provision allowing the Bushes to file a refund claim; admits the allegation in the second sentence that any refund due under the claim must be applied as an offset to the tax deficiencies arising from the settlement, but only as it relates to Cinema 84 partnership; denies the allegation that a refund is due in this action under the claim; and avers that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the second sentence.

24(b)-(d). Avers that subparagraphs (b) through (d) of ¶ 24 represent plaintiffs' characterization of the nature of the refund claim and the deductions and credits to which Bush would be entitled if such claim were allowed; and avers that its attorneys currently lack knowledge or information sufficient to form a belief as to the accuracy of the characterization and computations included in subparagraphs (b) through (d).

24(e). Admits the allegation in subparagraph (e) of ¶ 24 that Bush requests the application of interest netting but denies that the request complies with statutory and IRS

procedures for making a request for interest netting.

25. Denies the allegations in ¶ 25 that amounts are due to Bush under the "Closing Agreement" and that the Government is in breach of contract; and avers that Bush has not alleged the existence of an express or an implied in fact contract which would require the IRS to refund the amounts in issue, plus interest.

26. Admits the allegations in the first sentence of ¶ 26; and avers that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence.

COUNT FOUR
Calendar Year 1992

27-30. Admits the allegations in ¶ 27 through ¶ 30.

31. Denies the allegation in the first sentence of ¶ 31 that the refund claim was filed "pursuant to the Cinema 84 and Lone Wolf Closing Agreements;" avers that paragraph 15 of the Cinema 84 Closing Agreement and paragraph 15 of the Lone Wolf Closing Agreement allowed plaintiffs to file a "refund claim attributable to the operation of [the] agreement;" admits the remaining allegations in the first sentence, except avers that the claim for refund was received by the Ogden Service Center of the IRS on November 29, 1999; and admits the allegations in the second sentence, but denies that plaintiffs are entitled

to recover in this action on the basis of the grounds for recovery included in the refund claim.

31(a). Denies the allegation in the first sentence of subparagraph (a) of ¶ 31 that the quoted passage was included in paragraph 15 "of the Agreement;" avers that paragraph 15 of the Cinema 84 Closing Agreement and paragraph 15 of the Lone Wolf Closing Agreement provide that "[a]ny refund claim so submitted pursuant to this paragraph within 120 days after the execution of this agreement on behalf of the Commissioner of Internal Revenue shall be allowed as an offset pursuant to I.R.C. §§ 6402(a) and 6601(f) against any tax deficiencies resulting from this agreement;" admits the allegation in the second sentence that any refund due under the claim should have been applied as an offset to any tax deficiencies arising from the settlement; denies the allegation that a refund is due in this action under the claim; and avers that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the second sentence.

31(b)-(d). Avers that subparagraphs (b) through (d) of ¶ 31 represent plaintiffs' characterization of the nature of the refund claim and the deductions and credits to which Bush would be entitled if such claim were allowed; and avers that

its attorneys currently lack knowledge or information sufficient to form a belief as to the accuracy of the characterization and computations included in subparagraphs (b) through (d).

31(e). Admits the allegation in subparagraph (e) of ¶ 31 that Bush requests the application of interest netting but denies that the request complies with statutory and IRS procedures for making a request for interest netting.

32. Denies the allegations in ¶ 32 that amounts are due to Bush "under the Closing Agreement" and that the Government is in breach of contract; and avers that Bush has not alleged the existence of an express or an implied in fact contract which would require the IRS to refund the amounts in issue, plus interest.

33. Admits the allegations in ¶ 33.

34. Admits the allegations in the first sentence of ¶ 34; and avers that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence.

COUNT FIVE
Calendar Year 1993

35-37. Admits the allegations in ¶ 35 through ¶ 37.

38. Admits the allegations in the first sentence of ¶ 38; denies the allegation in the second sentence that Bush

and the IRS entered into the Summer Lovers Closing Agreement on August 18, 1999; avers that the Bushes and the IRS entered into the Summer Lovers Closing Agreement on August 18, 1994; and admits the allegations in the third sentence.

39. Denies the allegation in the first sentence of ¶ 39 that the refund claim was filed "pursuant to the Cinéma 84, Summer Lovers, and Lone Wolf Closing Agreements;" avers that paragraph 15 of the Cinema 84 Closing Agreement and paragraph 15 of the Lone Wolf Closing Agreement allowed plaintiffs to file a "refund claim attributable to the operation of [the] agreement;" admits the remaining allegations in the first sentence, except avers that the claim for refund was received by the Ogden Service Center of the IRS on November 29, 1999; and admits the allegations in the second sentence, but denies that plaintiffs are entitled to recover in this action on the basis of the grounds for recovery included in the refund claim.

39(a). Denies the allegation in the first sentence of subparagraph (a) of ¶ 39 that the quoted passage was included in paragraph 15 "of the Agreement;" avers that paragraph 15 of the Cinema 84 Closing Agreement and paragraph 15 of the Lone Wolf Closing Agreement provide that "[a]ny refund claim so submitted pursuant to this paragraph within 120 days after the

execution of this agreement on behalf of the Commissioner of Internal Revenue shall be allowed as an offset pursuant to I.R.C. §§ 6402(a) and 6601(f) against any tax deficiencies resulting from this agreement;" admits the allegation in the second sentence that any refund due under the claim should have been applied as an offset to any tax deficiencies arising from the settlement; denies the allegation that a refund is due in this action under the claim; and avers that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the second sentence.

39(b)-(d). Avers that subparagraphs (b) through (d) of ¶ 39 represents plaintiffs' characterization of the nature of the refund claim and the deductions and credits to which Bush would be entitled if such claim were allowed; and avers that its attorneys currently lack knowledge or information sufficient to form a belief as to the accuracy of the characterization and computations included in subparagraphs (b) through (d).

39(e). Admits the allegation in subparagraph (e) of ¶ 39 that Bush requests the application of interest netting but denies that the request complies with statutory and IRS procedures for making a request for interest netting.

40. Denies the allegations in ¶ 40 that amounts are due to Bush "under the Closing Agreement" and that the Government is in breach of contract; and avers that Bush has not alleged the existence of an express or an implied in fact contract which would require the IRS to refund the amounts in issue, plus interest.

41. Admits the allegations in ¶ 41.

42. Admits the allegations in the first sentence of ¶ 42; and avers that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence.

COUNT SIX
Calendar Year 1995

43-46. Admits the allegations in ¶ 43 through ¶ 46.

47. Denies the allegation in the first sentence of ¶ 47 that the refund claim was filed "pursuant to the Cinema 84 and Lone Wolf Closing Agreements;" avers that paragraph 15 of the Cinema 84 Closing Agreement and paragraph 15 of the Lone Wolf Closing Agreement allowed plaintiffs to file a "refund claim attributable to the operation of [the] agreement;" admits the remaining allegations in the first sentence, except avers that the claim for refund was received by the Ogden Service Center of the IRS on November 29, 1999; admits the allegations in the second sentence, but denies that plaintiffs are entitled to

recover in this action on the basis of the grounds for recovery included in the refund claim; avers that the indented portion of ¶ 47 (which is not identified as a subparagraph) represents plaintiffs' computations of the deductions and credits to which Bush would be entitled if such claim were allowed; and avers that its attorneys currently lack knowledge or information sufficient to form a belief as to the accuracy of the computations included in the indented portion of ¶ 47.

47(e). Admits the allegation in subparagraph (e) of ¶ 47 that Bush requests the application of interest netting but denies that the request complies with statutory and IRS procedures for making a request for interest netting.

48. Denies the allegations in ¶ 48 that amounts are due to Bush "under the Closing Agreement" and that the Government is in breach of contract; and avers that Bush has not alleged the existence of an express or an implied in fact contract which would require the IRS to refund the amounts in issue, plus interest.

49. Admits the allegations in ¶ 49.

50. Admits the allegations in the first sentence of ¶ 50; and avers that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence.

51. Avers that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 51.

JURISDICTIONAL DEFENSES

52. This Court lacks jurisdiction over Counts Two, Three, and Five of the complaint insofar as they seek a refund attributable to the Summer Lovers Closing Agreement, because the claim for refund for each of the years 1990, 1991, and 1993 was filed more than two years after the Bushes and the IRS entered into the Summer Lovers Closing Agreement. *See* I.R.C. § 6230(c)(2)(B).

53. This Court lacks jurisdiction over the complaint to the extent it seeks a refund on a breach of contract theory, because plaintiffs have failed to allege facts which would establish the elements of an express or implied in fact contract with the IRS to refund the amounts in issue, plus interest.

ADDITIONAL DEFENSES

54. Plaintiffs are barred from making a claim for refund for the years in suit based on an alleged overpayment attributable to investment tax credits, because the Bushes and the IRS entered into a binding closing agreement with respect to Summer Lovers Associates which provides, in ¶ 2, that the

Bushes are entitled to claim an investment tax credit of $5,000 for tax year 1982.

55. Plaintiffs are barred from making a claim for refund for the years in suit based on an alleged overpayment attributable to investment tax credits, because Bush and the IRS entered into a binding closing agreement with respect to Cinema 84 partnership which provides, in ¶ 4 and ¶ 5, that plaintiffs' qualified investment, for the purpose of computing investment tax credit, is limited to $50,000.

56. Plaintiffs are barred from making a claim for refund for the years in suit based on an alleged overpayment attributable to investment tax credits, because Bush and the IRS entered into a binding closing agreement with respect to Lone Wolf McQuade Associates which provides, in ¶ 4 and ¶ 5, that plaintiffs' qualified investment, for the purpose of computing investment tax credit, is limited to $50,000.

AFFIRMATIVE DEFENSES

57. Plaintiffs are estopped from making a claim for refund for the years in suit based on an alleged overpayment attributable to investment tax credits, because even if the Summer Lovers Closing Agreement between the Bushes and the IRS was not binding, the IRS relied upon the agreement, which provides that the Bushes are entitled to claim an investment

tax credit of $5,000 for tax year 1982, to its detriment.

58. Plaintiffs are estopped from making a claim for refund for the years in suit based on an alleged overpayment attributable to investment tax credits, because even if the Cinema 84 Closing Agreement between Bush and the IRS was not binding, the IRS relied upon the agreement, which provides that plaintiffs' qualified investment for the purpose of computing investment tax credit is limited to $50,000, to its detriment.

59. Plaintiffs are estopped from making a claim for refund for the years in suit based on an alleged overpayment attributable to investment tax credits, because even if the Lone Wolf Closing Agreement between Bush and the IRS was not binding, the IRS relied upon the agreement, which provides that plaintiffs' qualified investment for the purpose of computing investment tax credit is limited to $50,000, to its detriment.

WHEREFORE, defendant prays that the complaint be dismissed with costs assessed against plaintiffs.

Respectfully submitted,

Ellen C. Specker

ELLEN C. SPECKER
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-0508
(202) 514-9440 (facsimile)

EILEEN J. O'CONNOR
Assistant Attorney General
MILDRED L. SEIDMAN
Chief, Court of Federal Claims Section
WILLIAM K. DREW
Reviewer

William K. Drew 1/22/03

Of Counsel

January 21, 2003

CERTIFICATE OF SERVICE

I certify that service of the foregoing Answer has, this 22nd day of January, 2003, been made on plaintiffs' counsel by mailing a copy thereof, in a postage prepaid envelope, to the following address:

Thomas E. Redding, Esquire
Redding & Associates, P.C.
P.O. Box 924328
Houston, TX 77292-4328

Deana L. Henderson
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6440



D:\Users\especker\bush2\answer

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

RECEIVED
OCT 25 2004
OFFICE OF THE CLERK
U.S. COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| LYMAN F. BUSH, INDIVIDUALLY and LYMAN F. BUSH, PERSONAL REPRESENTATIVE OF THE ESTATE OF BEVERLY J. BUSH | § | 04-1598T |
| Plaintiff, | § | |
| vs. | § | DOCKET NO. ____________ |
| | § | JUDGE: ____________ |
| UNITED STATES OF AMERICA | § | |
| Defendant. | § | |

**PLAINTIFFS' ORIGINAL COMPLAINT**

1. Plaintiffs Lyman F. Bush and Lymon Bush, Personal Representative of the Estate of Beverly J. Bush (collectively "Bush") is citizen of the United States of America whose mailing address and residence is 1217 122nd Street, Court E, Tacoma, Washington 98445.

2. The Defendant is the United States of America.

3. This is a suit arising under Sections 7422, 6401, 6402, 6230(c), 6601, 6621(d) of the Internal Revenue Code[1] and the laws of the United States for the refund of income taxes collected from Bush. This is also a suit for breach of contract under 28 U.S.C. §1491(a)(1).

4. Jurisdiction is conferred upon the Court by Title 28, Sections 1346(a)(1) and 1491(a), of the United States Code.

---

[1]References to Section, §, and the Internal Revenue Code are to Title 26 of the United States Code.

PLAINTIFF'S EXHIBIT 30

R:\DOCS\TAXCONT.T\twwco204.bu1.wpd

COUNT ONE
Calendar Year 1985

5. The Bushes timely filed a joint federal income tax return for the calendar year 1985 and paid the taxes reported due on said return. Lyman F. Bush and Beverly J. Bush's taxpayer identification numbers reflected on the subject tax return are [redacted] and [redacted], respectively.

6. Bush was a limited partner in the Greenberg Brothers Partnership #4, aka Lone Wolf McQuade, ("Lone Wolf") and Cinema 84 partnership ("Cinema 84") for 1985.

7. A dispute arose between the IRS and Lone Wolf and Cinema 84 as to certain partnership items reported on the partnerships' tax returns.

8. On either July 22, 1999 or August 7, 1999, Bush and the IRS entered into Closing Agreements with respect to the Lone Wolf and Cinema 84 disputes. A copy of the Closing Agreement is included as Exhibit A to Exhibit 2 attached.

9. Allegedly on July 31, 2000, the IRS made a "Quick Assessment" of tax of $16,708.00 and an assessment of interest of $42,660.44 to the Bush 1985 tax account. On September 11, 2000, the IRS made an additional interest assessment of $95.20. See the transcript of account attached as Exhibit 1.

10. Effective as of March 9, 1987, Bush made a payment of $5,271.33 to the 1985 tax account. On August 8, 2000, Bush made a payment of $53,323.11. Effective as of April 17, 1989, the IRS transferred an overpayment of $774.00 from the Bush 1988 account to the 1985 account. On October 4, 2000, Bush made a payment of $95.20 to the 1985 account.

11. On July 18, 2002, Bush filed claims for refund of $16,708.00 in tax and $42,660.44 for interest for 1985. See Exhibits 2 and 3 (because the attachments for the claims at Exhibits 3 and

Exhibits 5-8 are voluminous and identical to the attachments to Exhibit 2, the attachments are not included for Exhibits 3 or for Exhibits 5-8).

12. On October 23, 2002, the IRS denied those claims. See Exhibit 4.

13. As grounds for recovery in this action, Bush restates and incorporates herein the grounds for refund set out in those claims:

a. Each settlement entered into by Closing Agreement provided there was no change to partnership items, but agreed that for purposes of determining the taxpayers' correct tax liability for every partnership year from inception to termination (i) the taxpayers' amount at risk regarding their Partnership investment would be determined based on several factors set forth in the agreement, (ii) "any deficiency in tax determined under this agreement will be subject to adjustments arising from a carryback or carryforward from other taxable years of any loss, credit or other tax attributable as allowed by the Internal Revenue Code," (iii) the taxpayers could limit the amount of any income that would be or had been recognized related to any cancellation of any partnership notes, (iv) the taxpayers could limit recognition of their distributive share of any partnership income or gains for certain years to the amount of the partnership distribution or previously suspended partnership loss and the at-risk rules, (v) the partners could assert any appropriate innocent spouse defense under §6015, and (vi) other factors would be considered. See Exhibit A to Exhibit 2. Therefore, it is clear that any resulting tax deficiency to the taxpayers is based upon agreed adjustments to affected items requiring a partner level determination and further subject to totally non-partnership item adjustments and defenses preserved in the settlement agreement. Any tax deficiency is subject to the notice of deficiency requirements under §§6212 and 6213. The IRS did not issue the statutory notice of deficiency with regard to the assessments sought to be refunded in this claim. An

assessment of a tax liability in violation of the restrictions on assessment set forth in §6213 is void and illegal. Therefore, all the amounts assessed, collected and sought to be refunded in this claim should be refunded. The agreement did not contain nor was there any separate waiver of the restrictions on assessment and collection under §6213.

b. The harm caused by the IRS' breach of the closing agreements is abundantly clear in light of the following facts:

(i) In accordance with paragraphs 12, 14, 15, 17 and 18 the taxpayers filed refund claims for 1988, 1990, 1991, 1992, 1993 and 1995 that should have been allowed and taken into account in computing the net tax deficiency, but which were instead summarily denied. See Exhibit C to Exhibit 2. Had the IRS issued a statutory notice of deficiency for 1985, 1986 and 1987 the taxpayers would have been entitled to raise these agreed offsets as a partial defense to the 1985, 1986 and 1987 liabilities prior to payment. Instead, the taxpayers have been forced (i) to file a separate lawsuit to obtain the refunds for 1988, 1990, 1991, 1992, 1993 and 1995, and (ii) pay the gross liability asserted by the IRS for 1985, 1986 and 1987 and then pursue these refund claims asserting defenses reserved or agreed in this closing agreement. The 1988, 1990, 1991, 1992 and 1993 refunds would have reduced the liability by well over $50,000.

(ii) Even the 1981 and 1988 overpayments the IRS determined and acknowledged by itself that should have offset against 1985, 1986 and 1987 liabilities were inexplicably offset against previously non-existent phantom liabilities for 1981 and

1988 essentially defrauding the taxpayers of the benefit of the offsets for those overpayments. See exhibit D to Exhibit 2.

c. The 1981, 1988, 1990, 1991, 1992, 1993, 1994 and 1995 overpayments discussed in Paragraph 2 should all have been applied directly to the 1985, 1986 and 1987 liabilities and therefore constitute an additional and separate ground for refund of the liability overpaid in 1985, 1986 and 1987 as a result of their denial.

d. If it is determined that the taxpayers are entitled to anything less than a full refund, the recomputation of interest must take into account the doctrine in *Avon Products v. Commissioner*, 78-2 U.S.T.C. ¶9821 (1978), pursuant to which it has been determined, and conceded by the government, that interest does not begin to run on a deficiency of tax until the date on which a refund was paid if no interest was paid with the original refund.

f. As an alternative, and in addition to the grounds set forth above, interest should be abated pursuant to §6404 as follows:

(i) First, interest should be abated for the period beginning with the commencement of the IRS' wrongful representation that the partners in this partnership would be entitled to request consistent settlements based upon those entered into by other partners, even providing the names and date of the settlements with respect to which the consistent settlements could be requested, the representation to the United States Tax Court that all of the cases then pending would be settled either based upon settlement documents that were in process or upon requests for consistent settlement, and then the subsequent refusal to enter into consistent settlements resulting in the delay from February 8, 1995 until the actual date that the above-referenced settlement agreement was entered into, all of which constituted

managerial or ministerial acts which were unreasonable errors and delays by officers or employees of the IRS acting in their official capacities. All such acts occurred after the IRS first contacted the partner in writing with regard to the civil partnership level return examination.

(ii) Second, if it is determined that there was a waiver of the restrictions under §6213, which the taxpayers assert there was not, then interest should be abated for the period beginning with a date 30 days after the date of such waiver in the Closing Agreement and ending on the date of assessment of the income tax liability. The failure to promptly assess the tax deficiency was clearly a managerial or ministerial act resulting in an unreasonable delay of the tax assessment, and further, such abatement is required under §6404.

e. As an alternative, and in addition to the grounds set forth above, the taxpayer(s) are entitled to the benefit of a net rate of interest of zero pursuant to §6621(d) and a refund of the interest paid on the portion of the deficiency equal to the amount of any refund with respect to which the taxpayer(s) were entitled to receive interest for the periods during which interest was charged on such portion of the deficiency and is payable on such refunds. Substantial refunds are due for 1981, 1988, 1990, 1991, 1992, 1993, 1994 and 1995 as a result of the settlement. This claim constitutes the taxpayer(s)' request that the Secretary apply §6621(d) to all such periods, which includes all periods from April 15, 1984 of the first year listed in the preceding sentence until the date of payment of the tax sought to be refunded under this claim. To the extent of equivalent amounts of underpayments or overpayments, the periods set forth under §5.063 of Rev. Proc. 99-43 have not previously been applied to obtain a net interest rate of zero under §6621(d).

f. As an alternative, the assessment made by the IRS was not made within two years of the date of the settlement and is, therefore, an invalid assessment which must be refunded. The settlement became final and binding either on July 22, 1999 or August 7, 1999. Which date is in dispute. The IRS mailed to the taxpayers statements for tax due (Forms 3552) that were patently fraudulent, representing that the "Assessment Date" was "07/31/2000" and were dated "07/31/2000." These notices were pure unadulterated fraudulently dated and serve as no evidence that a valid assessment was ever made. They were received by the taxpayers on 07/28/00, three days *before* the alleged assessment and date of the notices. See Exhibit B, p. 4-10 to Exhibit 2. They were faxed to the taxpayers' counsel on 7/28/00. It is the taxpayers' belief that the assessments were not actually made until late August. See the transcript of account at Exhibit 1.

14. Over six (6) months have elapsed since Bush filed the original claims for refund. Other than the disallowance described above, no action on the claims for refund has been taken by Congress or any agency of the United States, or in any judicial proceeding, including any in the Tax Court of the United States.

15. Lyman Bush, individually, and the Estate of Beverly J. Bush, are the sole owners of the claims asserted herein against the Defendant and have made no assignment of said claims.

COUNT TWO
Calendar Year 1986

16. The Bushes timely filed a joint federal income tax return for the calendar year 1986 and paid the taxes reported due on said return. Lyman F. Bush and Beverly J. Bush's taxpayer identification numbers reflected on the subject tax return are [redacted] and [redacted], respectively.

17. Bush was a limited partner in the Greenberg Brothers Partnership #4, aka Lone Wolf McQuade, ("Lone Wolf") and Cinema 84 partnership ("Cinema 84") for 1986.

 R:\DOCS\TAXCONT.T\twwco204.bu1.wpd

18. A dispute arose between the IRS and Lone Wolf and Cinema 84 as to certain partnership items reported on the partnerships' tax returns.

19. On either July 22, 1999 or August 7, 1999, Bush and the IRS entered into Closing Agreements with respect to the Lone Wolf and Cinema 84 disputes. A copy of the Closing Agreement is included as Exhibit A to Exhibit 2 attached.

20. Allegedly on July 31, 2000, the IRS made a "Quick Assessment" of tax of $10,817.00 and an assessment of interest of $35,187.97 to the Bush 1986 tax account. See the transcript of account attached as Exhibit 1.

21. On August 8, 2000, Bush made a payment of $46,004.97 to the 1986 tax account.

22. On July 18, 2002, Bush filed claims for refund of $10,817.00 in tax and $35,187.97 for interest for 1986. See Exhibits 5 and 6 (because the attachments for the claims at Exhibits 5 and 6 are voluminous and identical to the attachments to Exhibit 2, the attachments are not included for Exhibits 5and 6).

23. On October 23, 2002, the IRS denied those claims. See Exhibit 4.

24. As grounds for recovery in this action, Bush restates and incorporates herein the grounds for refund set out in those claims:

a. Each settlement entered into by Closing Agreement provided there was no change to partnership items, but agreed that for purposes of determining the taxpayers' correct tax liability for every partnership year from inception to termination (i) the taxpayers' amount at risk regarding their Partnership investment would be determined based on several factors set forth in the agreement, (ii) "any deficiency in tax determined under this agreement will be subject to adjustments arising from a carryback or carryforward from other taxable years of any loss, credit or other tax attributable as

allowed by the Internal Revenue Code," (iii) the taxpayers could limit the amount of any income that would be or had been recognized related to any cancellation of any partnership notes, (iv) the taxpayers could limit recognition of their distributive share of any partnership income or gains for certain years to the amount of the partnership distribution or previously suspended partnership loss and the at-risk rules, (v) the partners could assert any appropriate innocent spouse defense under §6015, and (vi) other factors would be considered. See Exhibit A to Exhibit 2. Therefore, it is clear that any resulting tax deficiency to the taxpayers is based upon agreed adjustments to affected items requiring a partner level determination and further subject to totally non-partnership item adjustments and defenses preserved in the settlement agreement. Any tax deficiency is subject to the notice of deficiency requirements under §§6212 and 6213. The IRS did not issue the statutory notice of deficiency with regard to the assessments sought to be refunded in this claim. An assessment of a tax liability in violation of the restrictions on assessment set forth in §6213 is void and illegal. Therefore, all the amounts assessed, collected and sought to be refunded in this claim should be refunded. The agreement did not contain nor was there any separate waiver of the restrictions on assessment and collection under §6213.

b. The harm caused by the IRS' breach of the closing agreements is abundantly clear in light of the following facts:

(i) In accordance with paragraphs 12, 14, 15, 17 and 18 the taxpayers filed refund claims for 1988, 1990, 1991, 1992, 1993 and 1995 that should have been allowed and taken into account in computing the net tax deficiency, but which were instead summarily denied. See Exhibit C to Exhibit 2. Had the IRS issued a statutory notice of deficiency for 1985, 1986 and 1987 the taxpayers would have been entitled to raise

these agreed offsets as a partial defense to the 1985, 1986 and 1987 liabilities prior to payment. Instead, the taxpayers have been forced (i) to file a separate lawsuit to obtain the refunds for 1988, 1990, 1991, 1992, 1993 and 1995, and (ii) pay the gross liability asserted by the IRS for 1985, 1986 and 1987 and then pursue these refund claims asserting defenses reserved or agreed in this closing agreement. The 1988, 1990, 1991, 1992 and 1993 refunds would have reduced the liability by well over $50,000.

(ii) Even the 1981 and 1988 overpayments the IRS determined and acknowledged by itself that should have offset against 1985, 1986 and 1987 liabilities were inexplicably offset against previously non-existent phantom liabilities for 1981 and 1988 essentially defrauding the taxpayers of the benefit of the offsets for those overpayments. See exhibit D to Exhibit 2.

c. The 1981, 1988, 1990, 1991, 1992, 1993, 1994 and 1995 overpayments discussed in Paragraph 2 should all have been applied directly to the 1985, 1986 and 1987 liabilities and therefore constitute an additional and separate ground for refund of the liability overpaid in 1985, 1986 and 1987 as a result of their denial.

d. If it is determined that the taxpayers are entitled to anything less than a full refund, the recomputation of interest must take into account the doctrine in *Avon Products v. Commissioner*, 78-2 U.S.T.C. ¶9821 (1978), pursuant to which it has been determined, and conceded by the government, that interest does not begin to run on a deficiency of tax until the date on which a refund was paid if no interest was paid with the original refund.

f. As an alternative, and in addition to the grounds set forth above, interest should be abated pursuant to §6404 as follows:

(i) First, interest should be abated for the period beginning with the commencement of the IRS' wrongful representation that the partners in this partnership would be entitled to request consistent settlements based upon those entered into by other partners, even providing the names and date of the settlements with respect to which the consistent settlements could be requested, the representation to the United States Tax Court that all of the cases then pending would be settled either based upon settlement documents that were in process or upon requests for consistent settlement, and then the subsequent refusal to enter into consistent settlements resulting in the delay from February 8, 1995 until the actual date that the above-referenced settlement agreement was entered into, all of which constituted managerial or ministerial acts which were unreasonable errors and delays by officers or employees of the IRS acting in their official capacities. All such acts occurred after the IRS first contacted the partner in writing with regard to the civil partnership level return examination.

(ii) Second, if it is determined that there was a waiver of the restrictions under §6213, which the taxpayers assert there was not, then interest should be abated for the period beginning with a date 30 days after the date of such waiver in the Closing Agreement and ending on the date of assessment of the income tax liability. The failure to promptly assess the tax deficiency was clearly a managerial or ministerial act resulting in an unreasonable delay of the tax assessment, and further, such abatement is required under §6404.

e. As an alternative, and in addition to the grounds set forth above, the taxpayer(s) are entitled to the benefit of a net rate of interest of zero pursuant to §6621(d) and a refund of the interest paid on the portion of the deficiency equal to the amount of any refund with respect to which the taxpayer(s) were entitled to receive interest for the periods during which interest was charged on such portion of the deficiency and is payable on such refunds. Substantial refunds are due for 1981, 1988, 1990, 1991, 1992, 1993, 1994 and 1995 as a result of the settlement. This claim constitutes the taxpayer(s)' request that the Secretary apply §6621(d) to all such periods, which includes all periods from April 15, 1984 of the first year listed in the preceding sentence until the date of payment of the tax sought to be refunded under this claim. To the extent of equivalent amounts of underpayments or overpayments, the periods set forth under §5.063 of Rev. Proc. 99-43 have not previously been applied to obtain a net interest rate of zero under §6621(d).

f. As an alternative, the assessment made by the IRS was not made within two years of the date of the settlement and is, therefore, an invalid assessment which must be refunded. The settlement became final and binding either on July 22, 1999 or August 7, 1999. Which date is in dispute. The IRS mailed to the taxpayers statements for tax due (Forms 3552) that were patently fraudulent, representing that the "Assessment Date" was "07/31/2000" and were dated "07/31/2000." These notices were pure unadulterated fraudulently dated and serve as no evidence that a valid assessment was ever made. They were received by the taxpayers on 07/28/00, three days *before* the alleged assessment and date of the notices. See Exhibit B, p. 4-10 to Exhibit 2. They were faxed to the taxpayers' counsel on 7/28/00. It is the taxpayers' belief that the assessments were not actually made until late August. See the transcript of account at Exhibit 1.

25. Over six (6) months have elapsed since Bush filed the original claims for refund. Other than the notice of disallowance described above, no action on the claims for refund has been taken by Congress or any agency of the United States, or in any judicial proceeding, including any in the Tax Court of the United States.

26. Lyman Bush, individually, and the Estate of Beverly J. Bush, are the sole owners of the claims asserted herein against the Defendant and have made no assignment of said claims.

COUNT THREE
Calendar Year 1987

27. The Bushes timely filed a joint federal income tax return for the calendar year 1987 and paid the taxes reported due on said return. Lyman F. Bush and Beverly J. Bush's taxpayer identification numbers reflected on the subject tax return are [redacted] and [redacted], respectively.

28. Bush was a limited partner in the Greenberg Brothers Partnership #4, aka Lone Wolf McQuade, ("Lone Wolf") and Cinema 84 partnership ("Cinema 84") for 1987.

29. A dispute arose between the IRS and Lone Wolf and Cinema 84 as to certain partnership items reported on the partnerships' tax returns.

30. On either July 22, 1999 or August 7, 1999, Bush and the IRS entered into Closing Agreements with respect to the Lone Wolf and Cinema 84 disputes. A copy of the Closing Agreement is included as Exhibit A to Exhibit 2 attached.

31. Allegedly on July 31, 2000, the IRS made a "Quick Assessment" of tax of $9,635.00 and an assessment of interest of $26,729.62 to the Bush 1987 tax account.

32. On August 8, 2000, Bush made a payment of $36,364.62 to the 1987 tax account.

33. On July 18, 2002, Bush filed claims for refund of $9,635.00 in tax and $26,729.62 for interest for 1987. See Exhibits 7 and 8 (because the attachments for the claims at Exhibits 7and 8

are voluminous and identical to the attachments to Exhibit 2, the attachments are not included for Exhibits 7and 8).

34. On October 23, 2002, the IRS denied those claims. See Exhibit 4.

35. As grounds for recovery in this action, Bush restates and incorporates herein the grounds for refund set out in those claims:

a. Each settlement entered into by Closing Agreement provided there was no change to partnership items, but agreed that for purposes of determining the taxpayers' correct tax liability for every partnership year from inception to termination (i) the taxpayers' amount at risk regarding their Partnership investment would be determined based on several factors set forth in the agreement, (ii) "any deficiency in tax determined under this agreement will be subject to adjustments arising from a carryback or carryforward from other taxable years of any loss, credit or other tax attributable as allowed by the Internal Revenue Code," (iii) the taxpayers could limit the amount of any income that would be or had been recognized related to any cancellation of any partnership notes, (iv) the taxpayers could limit recognition of their distributive share of any partnership income or gains for certain years to the amount of the partnership distribution or previously suspended partnership loss and the at-risk rules, (v) the partners could assert any appropriate innocent spouse defense under §6015, and (vi) other factors would be considered. See Exhibit A to Exhibit 2. Therefore, it is clear that any resulting tax deficiency to the taxpayers is based upon agreed adjustments to affected items requiring a partner level determination and further subject to totally non-partnership item adjustments and defenses preserved in the settlement agreement. Any tax deficiency is subject to the notice of deficiency requirements under I.R.C. §§6212 and 6213. The IRS did not issue the statutory notice of deficiency with regard to the assessments sought to be refunded in this claim. An

assessment of a tax liability in violation of the restrictions on assessment set forth in §6213 is void and illegal. Therefore, all the amounts assessed, collected and sought to be refunded in this claim should be refunded. The agreement did not contain nor was there any separate waiver of the restrictions on assessment and collection under §6213.

b. The harm caused by the IRS' breach of the closing agreements is abundantly clear in light of the following facts:

(i) In accordance with paragraphs 12, 14, 15, 17 and 18 the taxpayers filed refund claims for 1988, 1990, 1991, 1992, 1993 and 1995 that should have been allowed and taken into account in computing the net tax deficiency, but which were instead summarily denied. See Exhibit C to Exhibit 2. Had the IRS issued a statutory notice of deficiency for 1985, 1986 and 1987 the taxpayers would have been entitled to raise these agreed offsets as a partial defense to the 1985, 1986 and 1987 liabilities prior to payment. Instead, the taxpayers have been forced (i) to file a separate lawsuit to obtain the refunds for 1988, 1990, 1991, 1992, 1993 and 1995, and (ii) pay the gross liability asserted by the IRS for 1985, 1986 and 1987 and then pursue these refund claims asserting defenses reserved or agreed in this closing agreement. The 1988, 1990, 1991, 1992 and 1993 refunds would have reduced the liability by well over $50,000.

(ii) Even the 1981 and 1988 overpayments the IRS determined and acknowledged by itself that should have offset against 1985, 1986 and 1987 liabilities were inexplicably offset against previously non-existent phantom liabilities for 1981 and

1988 essentially defrauding the taxpayers of the benefit of the offsets for those overpayments. See exhibit D to Exhibit 2.

c. The 1981, 1988, 1990, 1991, 1992, 1993, 1994 and 1995 overpayments discussed in Paragraph 2 should all have been applied directly to the 1985, 1986 and 1987 liabilities and therefore constitute an additional and separate ground for refund of the liability overpaid in 1985, 1986 and 1987 as a result of their denial.

d. If it is determined that the taxpayers are entitled to anything less than a full refund, the recomputation of interest must take into account the doctrine in *Avon Products v. Commissioner*, 78-2 U.S.T.C. ¶9821 (1978), pursuant to which it has been determined, and conceded by the government, that interest does not begin to run on a deficiency of tax until the date on which a refund was paid if no interest was paid with the original refund.

f. As an alternative, and in addition to the grounds set forth above, interest should be abated pursuant to §6404 as follows:

(i) First, interest should be abated for the period beginning with the commencement of the IRS' wrongful representation that the partners in this partnership would be entitled to request consistent settlements based upon those entered into by other partners, even providing the names and date of the settlements with respect to which the consistent settlements could be requested, the representation to the United States Tax Court that all of the cases then pending would be settled either based upon settlement documents that were in process or upon requests for consistent settlement, and then the subsequent refusal to enter into consistent settlements resulting in the delay from February 8, 1995 until the actual date that the above-referenced settlement agreement was entered into, all of which constituted

managerial or ministerial acts which were unreasonable errors and delays by officers or employees of the IRS acting in their official capacities. All such acts occurred after the IRS first contacted the partner in writing with regard to the civil partnership level return examination.

(ii) Second, if it is determined that there was a waiver of the restrictions under §6213, which the taxpayers assert there was not, then interest should be abated for the period beginning with a date 30 days after the date of such waiver in the Closing Agreement and ending on the date of assessment of the income tax liability. The failure to promptly assess the tax deficiency was clearly a managerial or ministerial act resulting in an unreasonable delay of the tax assessment, and further, such abatement is required under §6404.

e. As an alternative, and in addition to the grounds set forth above, the taxpayer(s) are entitled to the benefit of a net rate of interest of zero pursuant to §6621(d) and a refund of the interest paid on the portion of the deficiency equal to the amount of any refund with respect to which the taxpayer(s) were entitled to receive interest for the periods during which interest was charged on such portion of the deficiency and is payable on such refunds. Substantial refunds are due for 1981, 1988, 1990, 1991, 1992, 1993, 1994 and 1995 as a result of the settlement. This claim constitutes the taxpayer(s)' request that the Secretary apply §6621(d) to all such periods, which includes all periods from April 15, 1984 of the first year listed in the preceding sentence until the date of payment of the tax sought to be refunded under this claim. To the extent of equivalent amounts of underpayments or overpayments, the periods set forth under §5.063 of Rev. Proc. 99-43 have not previously been applied to obtain a net interest rate of zero under §6621(d).

f. As an alternative, the assessment made by the IRS was not made within two years of the date of the settlement and is, therefore, an invalid assessment which must be refunded. The settlement became final and binding either on July 22, 1999 or August 7, 1999. Which date is in dispute. The IRS mailed to the taxpayers statements for tax due (Forms 3552) that were patently fraudulent, representing that the "Assessment Date" was "07/31/2000" and were dated "07/31/2000." These notices were pure unadulterated fraudulently dated and serve as no evidence that a valid assessment was ever made. They were received by the taxpayers on 07/28/00, three days *before* the alleged assessment and date of the notices. See Exhibit B, p. 4-10 to Exhibit 2. They were faxed to the taxpayers' counsel on 7/28/00. It is the taxpayers' belief that the assessments were not actually made until late August. See the transcript of account at Exhibit 1.

36. Over six (6) months have elapsed since Bush filed the original claims for refund. No action on the claims for refund has been taken by Congress or any agency of the United States, or in any judicial proceeding, including any in the Tax Court of the United States.

37. Lyman Bush, individually, and The Estate of Beverly J. Bush, are the sole owners of the claims asserted herein against the Defendant and have made no assignment of said claims.

WHEREFORE, Plaintiffs Lyman F. Bush, Individually and Lyman F. Bush, Personal Representative of the Estate of Beverly J. Bush, pray for judgment against the Defendant the United States of America in the amount of $141,738.03, plus attorneys' fees, interest and costs allowed by law, and for such other and further relief as this Court may deem appropriate.

Respectfully,

Thomas E. Redding

Thomas E. Redding
Redding & Associates, P.C.
2914 W. T.C. Jester
Houston, Texas 77018
(713) 965-9244
(713) 621-5227 (Fax)
ATTORNEY FOR PLAINTIFFS

OF COUNSEL FOR PLAINTIFFS:
Teresa J. Womack
Sallie W. Gladney
Redding & Associates, P.C.
2914 W. T.C. Jester
Houston, Texas 77018
(713)965-9244 Voice
(713)621-5227 Fax

**Department of the Treasury**
**Internal Revenue Service**
Austin, TX 73301

In reply refer to: 0644014086
March 22, 2002 LTR 387(ICP)
1040 000

REDDING & ASSOCIATES, P.C.
RE: Lyman F & Beverly J Bush
2914 WEST T.C. JESTER
HOUSTON, TX 77018-7010

Taxpayer Identification Number:

Form: 1040

Dear REDDING & ASSOCIATES, P.C.

Thank you for your inquiry dated March 07, 2002.

We have enclosed the record of accounts you requested. Please examine your records and let us know about any difference you find.

Sincerely,

Janice Carter

Janice Carter, CSD
Operations Manager 3, AMD

Enclosure(s): Record of accounts

PLAINTIFF'S EXHIBIT 1

PAGE NO-0001

IRS EMPLOYEE 0644014086

DATE REQUESTED 03-06-2002

PRINT DATE 03-06-2002

FORM NUMBER: 1040

TAX PERIOD: DEC 1985

TAXPAYER IDENTIFICATION NUMBER: [redacted]
** SPOUSE TAXPAYER IDENTIFICATION NUMBER: [redacted]

LYMAN F & BEVERLY J DECD BUSH

BODC-SB BODCLC-V

<<<<POWER OF ATTORNEY/TAX INFORMATION AUTHORIZATION (POA/TIA) ON FILE>>>>

---- ANY MINUS BELOW SIGNIFIES A CREDIT AMOUNT ----

ACCOUNT BALANCE: 0.00
ACCRUED INTEREST: 0.00 AS OF 01-01-2001
ACCRUED PENALTY: 0.00 AS OF 01-01-2001

ACCOUNT BALANCE
PLUS ACCRUALS: 0.00

** EXEMPTIONS: 02
** ADJUSTED GROSS INCOME: 122,637.00
** TAXABLE INCOME: 106,245.00
TAX PER RETURN: 7,911.00

**FILING STATUS: MARRIED FILING JOINT

** PER RETURN OR AS ADJUSTED

04-15-1986 RETURN DUE DATE OR RETURN RECEIVED DATE (WHICHEVER IS LATER)
05-12-1986 PROCESSING DATE

TRANSACTIONS

| CODE | EXPLANATION | DATE | MONEY AMOUNT (IF APPLICABLE) |
|---|---|---|---|
| 150 | RETURN FILED AND TAX ASSESSED 29211105626376 | 05-12-1986 | 7,911.00 |
| 806 | CREDIT FROM WITHHELD TAXES & EXCESS FICA | 04-15-1986 | 26,453.00- |
| 846 | REFUND | 05-12-1986 | 18,542.00 |
| 977 | AMENDED RETURN FILED 29211-129-97913-7 | 04-16-1987 | 0.00 |
| 960 | RECEIVED POA/TIA | 01-22-1996 | |
| 962 | UPDATED POA/TIA | 11-02-1999 | |
| 961 | REMOVED POA/TIA | 01-17-2000 | |
| 977 | AMENDED RETURN FILED 29277-426-01682-0 | 12-31-1999 | 0.00 |
| 960 | RECEIVED POA/TIA | 02-21-2000 | |
| 670 | SUBSEQUENT PAYMENT | 03-09-1987 | 5,271.33- |
| 300 | ADDITIONAL TAX ASSESSED BY EXAMINATION 29247-615-08015-0 200032 | 08-21-2000 | 0.00 |
| 300 | QUICK ASSESSMENT 29251-213-13009-0 | 07-31-2000 | 16,708.00 |
| 340 | RESTRICTED INTEREST ASSESSED | 07-31-2000 | 42,660.44 |

********************************CONTINUED ON NEXT PAGE********************************

| | | | |
|---|---|---|---|
| | 200033 | | |
| 670 | SUBSEQUENT PAYMENT | 08-08-2000 | 53,323.11- |
| 340 | RESTRICTED INTEREST ASSESSED | 09-11-2000 | 95.20 |
| | 200035 | | |
| 290 | ADDITIONAL TAX ASSESSED | 09-11-2000 | 0.00 |
| | 29254-635-06724-0 200035 | | |
| 700 | OVERPAID CREDIT APPLIED | 04-17-1989 | 774.00- |
| | 1040 198812 | | |
| 670 | SUBSEQUENT PAYMENT | 10-04-2000 | 95.20- |

PAGE NO-0001 IRS EMPLOYEE 0644014086

DATE REQUESTED 03-06-2002 PRINT DATE 03-06-2002

FORM NUMBER: 1040 TAX PERIOD: DEC 1986

TAXPAYER IDENTIFICATION NUMBER: [redacted]
** SPOUSE TAXPAYER IDENTIFICATION NUMBER: [redacted]

LYMAN F & BEVERLY J DECD BUSH

BODC-SB BODCLC-V

<<<POWER OF ATTORNEY/TAX INFORMATION AUTHORIZATION (POA/TIA) ON FILE>>>

--- ANY MINUS BELOW SIGNIFIES A CREDIT AMOUNT ---

ACCOUNT BALANCE: 0.00
ACCRUED INTEREST: 0.00 AS OF 01-01-2001
ACCRUED PENALTY: 0.00 AS OF 01-01-2001

ACCOUNT BALANCE
PLUS ACCRUALS: 0.00

** EXEMPTIONS: 02 **FILING STATUS: MARRIED FILING JOINT
** ADJUSTED GROSS INCOME: 181,863.00
** TAXABLE INCOME: 118,385.00
TAX PER RETURN: 34,414.00

** PER RETURN OR AS ADJUSTED

04-15-1987 RETURN DUE DATE OR RETURN RECEIVED DATE (WHICHEVER IS LATER)
07-20-1987 PROCESSING DATE

TRANSACTIONS

| CODE | EXPLANATION | DATE | MONEY AMOUNT (IF APPLICABLE) |
|---|---|---|---|
| 150 | RETURN FILED AND TAX ASSESSED 29212113406097 | 07-20-1987 | 34,414.00 |
| 806 | CREDIT FROM WITHHELD TAXES & EXCESS FICA | 04-15-1987 | 13,953.00- |
| 610 | PAYMENT WITH RETURN | 04-16-1987 | 20,461.00- |
| 960 | RECEIVED POA/TIA | 01-22-1996 | |
| 962 | UPDATED POA/TIA | 11-02-1999 | |
| 961 | REMOVED POA/TIA | 01-17-2000 | |
| 977 | AMENDED RETURN FILED 29277-426-01679-0 | 12-31-1999 | 0.00 |
| 960 | RECEIVED POA/TIA | 02-21-2000 | |
| 300 | ADDITIONAL TAX ASSESSED BY EXAMINATION 29247-615-08014-0 200032 | 08-21-2000 | 0.00 |
| 300 | QUICK ASSESSMENT 29251-213-13010-0 | 07-31-2000 | 10,817.00 |
| 340 | RESTRICTED INTEREST ASSESSED 200033 | 07-31-2000 | 35,187.97 |
| 670 | SUBSEQUENT PAYMENT | 08-08-2000 | 46,004.97- |

PAGE NO-0001

IRS EMPLOYEE 0644014086

DATE REQUESTED 03-06-2002

PRINT DATE 03-06-2002

FORM NUMBER: 1040

TAX PERIOD: DEC 1987

TAXPAYER IDENTIFICATION NUMBER: [redacted]
** SPOUSE TAXPAYER IDENTIFICATION NUMBER: [redacted]

LYMAN F & BEVERLY J DECD BUSH

BODC-SB BODCLC-V

<<<<POWER OF ATTORNEY/TAX INFORMATION AUTHORIZATION (POA/TIA) ON FILE>>>>

---- ANY MINUS BELOW SIGNIFIES A CREDIT AMOUNT ----

| | | |
|---|---|---|
| ACCOUNT BALANCE: | 0.00 | |
| ACCRUED INTEREST: | 0.00 | AS OF 01-01-2001 |
| ACCRUED PENALTY: | 0.00 | AS OF 01-01-2001 |
| ACCOUNT BALANCE PLUS ACCRUALS: | 0.00 | |

** EXEMPTIONS: 02
** ADJUSTED GROSS INCOME: 156,782.00
** TAXABLE INCOME: 128,933.00
TAX PER RETURN: 26,913.00

**FILING STATUS: MARRIED FILING JOINT

** PER RETURN OR AS ADJUSTED

04-15-1988 RETURN DUE DATE OR RETURN RECEIVED DATE (WHICHEVER IS LATER)
07-18-1988 PROCESSING DATE

TRANSACTIONS

| CODE | EXPLANATION | DATE | MONEY AMOUNT (IF APPLICABLE) |
|---|---|---|---|
| 150 | RETURN FILED AND TAX ASSESSED 29222113058308 | 07-18-1988 | 27,626.80 |
| 610 | PAYMENT WITH RETURN | 04-15-1988 | 8,802.00- |
| 806 | CREDIT FROM WITHHELD TAXES & EXCESS FICA | 04-15-1988 | 18,184.00- |
| 170 | ESTIMATED TAX PENALTY 198827 | 07-18-1988 | 73.00 |
| 196 | INTEREST ASSESSED 198827 | 07-18-1988 | 16.67 |
| 670 | SUBSEQUENT PAYMENT | 07-29-1988 | 730.47- |
| 960 | RECEIVED POA/TIA | 01-22-1996 | |
| 962 | UPDATED POA/TIA | 11-02-1999 | |
| 961 | REMOVED POA/TIA | 01-17-2000 | |
| 977 | AMENDED RETURN FILED 29277-426-01677-0 | 12-31-1999 | 0.00 |
| 960 | RECEIVED POA/TIA | 02-21-2000 | |
| 300 | ADDITIONAL TAX ASSESSED BY EXAMINATION 29247-615-08013-0 200032 | 08-21-2000 | 0.00 |
| 300 | QUICK ASSESSMENT | 07-31-2000 | 9,635.00 |

******************************CONTINUED ON NEXT PAGE******************************

PAGE NO-0002 IRS EMPLOYEE 0644014086

| | | | |
|---|---|---|---|
| | 29251-213-13011-0 | | |
| 340 | RESTRICTED INTEREST ASSESSED | 07-31-2000 | 26,729.62 |
| | 200033 | | |
| 670 | SUBSEQUENT PAYMENT | 08-08-2000 | 36,364.62- |

Bush 503303721

Form **1040X** (Rev. November 2001)

Department of the Treasury — Internal Revenue Service

# Amended U.S. Individual Income Tax Return

▶ See separate instructions.

OMB No. 1545-0091

**This return is for calendar year ▶** 1985 **, or fiscal year ended ▶**

Please print or type

| Your first name and initial | Last name | Your social security number |
|---|---|---|
| LYMAN F. | BUSH | [redacted] |
| If a joint return, spouse's first name and initial | Last name | Spouse's social security number |
| BEVERLY J. | BUSH, DECEASED | [redacted] |
| Home address (no. and street) or P.O. box if mail is not delivered to your home *(POA ATTACHED, FORM 2848)* Apt. no. | | Phone number |
| c/o Thomas E. Redding; 2914 West T. C. Jester | | 713-965-9244 |
| City, town or post office, state, and ZIP code. If you have a foreign address, see page 2 of the instructions. | | For Paperwork Reduction Act Notice, see page 6. |
| Houston, Texas 77018-7010 *** *ADDRESS FOR THIS MATTER ONLY* | | |

A If the name or address shown above is different from that shown on the original return, check here ▶ ☒

B Has the original return been changed or audited by the IRS or have you been notified that it will be? ☒ Yes ☐ No

C Filing status. Be sure to complete this line. **Note.** You cannot change from joint to separate returns after the due date.

On original return ▶ ☐ Single ☒ Married filing joint return ☐ Married filing separate return ☐ Head of household ☐ Qualifying widow(er)

On this return ▶ ☐ Single ☒ Married filing joint return ☐ Married filing separate return ☐ Head of household* ☐ Qualifying widow(er)

* If the qualifying person is a child but not your dependent, see page 2.

| Use Part II on the Back to Explain any Changes | | A. Original amount or as previously adjusted (see page 2) | B. Net change — amount of increase or (decrease) — explain in Part II | C. Correct amount |
|---|---|---|---|---|
| **Income and Deductions (see pages 2 - 6)** | | | | |
| 1 Adjusted gross income (see page 3) | 1 | | | |
| 2 Itemized deductions or standard deduction (see page 3) | 2 | | | |
| 3 Subtract line 2 from line 1 | 3 | | | |
| 4 Exemptions. If changing, fill in Parts I and II on the back | 4 | | | |
| 5 Taxable income. Subtract line 4 from line 3 | 5 | | | |
| **Tax Liability** 6 Tax (see page 4). Method used in col. C ______ | 6 | | | |
| 7 Credits (see page 4) | 7 | | | |
| 8 Subtract line 7 from line 6. Enter the result but not less than zero | 8 | | | |
| 9 Other taxes (see page 4) | 9 | | | |
| 10 Total tax. Add lines 8 and 9 | 10 | | | |
| **Payments** 11 Federal income tax withheld and excess social security and RRTA tax withheld. If changing, see page 4 | 11 | | | |
| 12 Estimated tax payments, including amount applied from prior year's return | 12 | | | |
| 13 Earned income credit (EIC) | 13 | | | |
| 14 Additional child tax credit from Form 8812 | 14 | | | |
| 15 Credits from Form 2439 or Form 4136 | 15 | | | |
| 16 Amount paid with request for extension of time to file (see page 4) | 16 | | | |
| 17 Amount of tax paid with original return plus additional tax paid after it was filed | 17 | | | 24,619 |
| 18 Total payments. Add lines 11 through 17 in column C | 18 | | | 24,619 |
| **Refund or Amount You Owe** | | | | |
| 19 Overpayment, if any, as shown on original return or as previously adjusted by the IRS | 19 | | | *Not Applicable* |
| 20 Subtract line 19 from line 18 (see page 5) | 20 | | | *Not Applicable* |
| 21 **Amount you owe.** If line 10, column C, is more than line 20, enter the difference and see page 5 | 21 | | | 0 |
| 22 If line 10, column C, is less than line 20, enter the difference | 22 | | | *Not Applicable* |
| 23 Amount of line 22 you want **refunded to you** | 23 | | | 16,708 ** |
| 24 Amount of line 22 you want **applied to your** estimated tax | 24 | | | |

**Sign Here**
Joint return? See page 2. Keep a copy for your records.

Under penalties of perjury, I declare that I have filed an original return and that I have examined this amended return, including accompanying schedules and statements, and to the best of my knowledge and belief, this amended return is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which the preparer has any knowledge.

▶ Lyman F Bush (signature) — Your signature — Date 7-16-02

▶ Lyman F Bush, Personal Representative (signature) — Spouse's signature. If a joint return, **both** must sign. — Date 7-16-02

**Paid Preparer's Use Only**

| Preparer's signature ▶ Brett A Thompson CPA (signature) | Date 7-4-02 | Check if self-employed ☒ | Preparer's SSN or PTIN P00097501 |
|---|---|---|---|
| Firm's name (or yours if self-employed), address, and ZIP code ▶ BRETT A. THOMPSON, CPA 20214 KINGSLAND BLVD. KATY, TX 77450 | | EIN | Phone no. 713-965-9244 |

***or such greater amount as is legally refundable, plus interest.*

PLAINTIFF'S EXHIBIT 2

ISA STF FED3171F.1 Form **1040X** (Rev. 11-2001)

0546

Bush 503303721



**Part I** **Exemptions.** See Form 1040 or 1040A instructions.

If you are **not changing your exemptions,** do not complete this part.
If claiming **more exemptions,** complete lines 25 - 31.
If claiming **fewer exemptions,** complete lines 25 - 30.

| | | | A. Original number of exemptions reported or as previously adjusted | B. Net change | C. Correct number of exemptions |
|---|---|---|---|---|---|
| 25 | Yourself and spouse . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **Caution.** If your parents (or someone else) can claim you as a dependent (even if they chose not to), you cannot claim an exemption for yourself. | 25 | | | |
| 26 | Your dependent children who lived with you . . . . . . . . . . . . . . . . . . . . . . | 26 | | | |
| 27 | Your dependent children who did not live with you due to divorce or separation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 27 | | | |
| 28 | Other dependents. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 28 | | | |
| 29 | Total number of exemptions. Add lines 25 through 28 . . . . . . . . . . . . . . . . | 29 | | | |
| 30 | Multiply the number of exemptions claimed on line 29 by the amount listed below for the tax year you are amending. Enter the result here and on line 4. | 30 | | | |

| Tax year | Exemption amount | But see the instructions for line 4 on page 3 if the amount on line 1 is over: |
|---|---|---|
| 2001 | $2,900 | $99,725 |
| 2000 | 2,800 | 96,700 |
| 1999 | 2,750 | 94,975 |
| 1998 | 2,700 | 93,400 |

31 Dependents (children and other) not claimed on original (or adjusted) return:

| (a) First name | Last name | (b) Dependent's social security number | (c) Dependent's relationship to you | (d) ✓ if qualifying child for child tax credit (see page 5) |
|---|---|---|---|---|
| | | | | ☐ |
| | | | | ☐ |
| | | | | ☐ |
| | | | | ☐ |
| | | | | ☐ |
| | | | | ☐ |

No. of your children on line 31 who:
- lived with you . . . . . . . . ▶ ☐
- did not live with you due to divorce or separation (see page 5) . . . . . ▶ ☐

Dependents on line 31 not entered above ▶ ☐

**Part II** **Explanation of Changes to Income, Deductions, and Credits**

**Enter the line number from the front of the form for each item you are changing and give the reason for each change. Attach only the supporting forms and schedules for the items changed. If you do not attach the required information, your Form 1040X may be returned. Be sure to include your name and social security number on any attachments.**

If the change relates to a net operating loss carryback or a general business credit carryback, attach the schedule or form that shows the year in which the loss or credit occurred. See page 2 of the instructions. Also, check here . . . . . . . . . . . . . . . . . . . . ▶ ☐

***** *Please See Explanation Attached* *****

**Part III** **Presidential Election Campaign Fund.** Checking below will not increase your tax or reduce your refund.

If you did not previously want $3 to go to the fund but now want to, check here . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ▶ ☐
If a joint return and your spouse did not previously want $3 to go to the fund but now wants to, check here . . . . . . . . . . . . . . ▶ ☐

Form **2848**
(Rev. December 1997)
Department of the Treasury
Internal Revenue Service

# Power of Attorney and Declaration of Representative

▶ See the separate instructions.

OMB No. 1545-0150
For IRS Use Only
Received by:
Name
Telephone
Function
Date

**Part I** Power of Attorney (Please type or print.)

**1 Taxpayer information** (Taxpayer(s) must sign and date this form on page 2, line 9.)

| Taxpayer name(s) and address | Social security number(s) | Employer identification number |
|---|---|---|
| LYMAN F & BEVERLY J BUSH<br>1217 122ND ST. CT. EAST<br>TACOMA WA 98445 | [redacted] | |
| | Daytime telephone number (253) 537-7833 | Plan number (if applicable) |

hereby appoint(s) the following representative(s) as attorney(s)-in-fact:

**2 Representative(s)** (Representative(s) must sign and date this form on page 2, Part II.)

| Name and address | |
|---|---|
| Thomas E. Redding<br>2914 West T.C. Jester<br>Houston, Texas 77018 | CAF No. [redacted]<br>Telephone No. 713/965-9244<br>Fax No. 713/621-5227<br>Check if new: Address ☐ Telephone No. ☐ |
| Sallie W. Gladney<br>2914 West T.C. Jester<br>Houston, Texas 77018 | CAF No. [redacted]<br>Telephone No. 713/965-9244<br>Fax No. 713/621-5227<br>Check if new: Address ☐ Telephone No. ☐ |
| Teresa J. Womack<br>2914 West T.C. Jester<br>Houston, Texas 77018 | CAF No. [redacted]<br>Telephone No. 713/965-9244<br>Fax No. 713/621-5227<br>Check if new: Address ☐ Telephone No. ☐ |

to represent the taxpayer(s) before the Internal Revenue Service for the following tax matters:

**3 Tax matters**

| Type of Tax (Income, Employment, Excise, etc.) | Tax Form Number (1040, 941, 720, etc.) | Year(s) or Period(s) |
|---|---|---|
| Income | 1040 and 1065 and Partnership Items for all partnerships in which the taxpayer is a partner. | Tax periods ending: December 31, 1983, 1984, 1985, 1986, 1987, 1988, 1989, 1990, 1991, 1992, 1993, 1994, 1995 |

**4 Specific use not recorded on Centralized Authorization File (CAF).** If the power of attorney is for a specific use not recorded on CAF, check this box. (See instruction for **Line 4 — Specific uses not recorded on CAF.**) ▶ ☐

**5 Acts authorized.** The representatives are authorized to receive and inspect confidential tax information and to perform any and all acts that I (we) can perform with respect to the tax matters described on line 3, for example, the authority to sign any agreements, consents, or other documents. The authority does not include the power to receive refund checks (see line 6 below), the power to substitute another representative unless specifically added below, or the power to sign certain returns (see instruction for **Line 5 — Acts authorized**).

List any specific additions or deletions to the acts otherwise authorized in this power of attorney: This power includes, but is not limited to, authorization to exercise the taxpayer's rights regarding partnership items and affected items and under I.R.C. Section 6103(e)(1)(C) relative to Forms 1065 for partnerships in which the taxpayer(s) was a partner.

**Note:** *In general, an unenrolled preparer of tax returns cannot sign any document for a taxpayer. See Revenue Procedure 81-38, printed as Pub. 470, for more information.*

**Note:** *The tax matters partner of a partnership is not permitted to authorize representatives to perform certain acts. See the instructions for more information.*

**6 Receipt of refund checks.** If you want to authorize a representative named on line 2 to receive, **BUT NOT TO ENDORSE OR CASH**, refund checks, initial here LFB and list the name of that representative below.
BJJ — BY LFB AS EXECUTOR

Name of representative to receive refund check(s) ▶ Thomas E. Redding

7 **Notices and communications.** Orig[illegible] notices and other written communications wi[illegible] sent to you and a copy to the first representative listed on line 2 unless you check one or more of the boxes below.

a If you want the first representative listed on line 2 to receive the original, and yourself a copy, of such notices or communications, check this box . . . . ▶ ☐

b If you also want the second representative listed to receive a copy of such notices and communications, check this box . . ▶ ☐

c If you do not want any notices or communications sent to your representative(s), check this box . . . . ▶ ☐

8 **Retention/revocation of prior power(s) of attorney.** The filing of this power of attorney automatically revokes all earlier power(s) of attorney on file with the Internal Revenue Service for the same tax matters and years or periods covered by this document. If you do not want to revoke a prior power of attorney, check here . . . . ▶ ☐
YOU MUST ATTACH A COPY OF ANY POWER OF ATTORNEY YOU WANT TO REMAIN IN EFFECT.

9 **Signature of taxpayer(s).** If a tax matter concerns a joint return, both husband and wife must sign if joint representation is requested, otherwise, see the instructions. If signed by a corporate officer, partner, guardian, tax matters partner, executor, receiver, administrator, or trustee on behalf of the taxpayer, I certify that I have the authority to execute this form on behalf of the taxpayer.

▶ IF NOT SIGNED AND DATED, THIS POWER OF ATTORNEY WILL BE RETURNED.

Lyman F Bush — Signature — Date: 1-12-02 — Title (if applicable)

LYMAN F BUSH — Print Name

Beverly J. Bush (DECEASED) — Signature — Date: 1-12-02 — Title (if applicable)

BY LF Bush executor of estate

BEVERLY J BUSH — Print Name

**Part II** **Declaration of Representative**

Under penalties of perjury, I declare that:

- I am not currently under suspension or disbarment from practice before the Internal Revenue Service;
- I am aware of regulations contained in Treasury Department Circular No. 230 (31 CFR, Part 10), as amended, concerning the practice of attorneys, certified public accountants, enrolled agents, enrolled actuaries, and others;
- I am authorized to represent the taxpayer(s) identified in Part I for the tax matter(s) specified there; and
- I am one of the following:

a Attorney — a member in good standing of the bar of the highest court of the jurisdiction shown below.
b Certified Public Accountant — duly qualified to practice as a certified public accountant in the jurisdiction shown below.
c Enrolled Agent — enrolled as an agent under the requirements of Treasury Department Circular No. 230.
d Officer — a bona fide officer of the taxpayer's organization.
e Full-Time Employee — a full-time employee of the taxpayer.
f Family Member — a member of the taxpayer's immediate family (i.e., spouse, parent, child, brother, or sister).
g Enrolled Actuary — enrolled as an actuary by the Joint Board for the Enrollment of Actuaries under 29 U.S.C. 1242 (the authority to practice before the Service is limited by section 10.3(d)(1) of Treasury Department Circular No. 230).
h Unenrolled Return Preparer — an unenrolled return preparer under section 10.7(c)(viii) of Treasury Department Circular No. 230.

▶ IF THIS DECLARATION OF REPRESENTATIVE IS NOT SIGNED AND DATED, THE POWER OF ATTORNEY WILL BE RETURNED.

| Designation — Insert above letter (a - h) | Jurisdiction (state) or Enrollment Card No. | Signature | Date |
|---|---|---|---|
| A | Texas | [signature] Thomas E. Redding | 3/1/02 |
| A | Texas | [signature] Sallie W. Gladney | 3-1-02 |
| A | Texas | Teresa J. Womack | |

STF FED4675F.2

FILED
IN COUNTY CLERK'S OFFICE

A.M. SEP 29 1999 P.M.

PIERCE COUNTY, WASHINGTON
TED RUTT, COUNTY CLERK
BY ______________ DEPUTY

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

IN AND FOR THE COUNTY OF PIERCE

| | |
|---|---|
| In the Matter of the Estate of<br><br>BEVERLY J. BUSH,<br><br>Deceased. | NO. 99-4-00904-8<br><br>NOTICE OF APPOINTMENT OF PERSONAL REPRESENTATIVE AND PENDENCY OF PROBATE PROCEEDINGS |

TO: ALL HEIRS OF THE ABOVE-NAMED DECEDENT

YOU ARE HEREBY NOTIFIED THAT LYMAN F. BUSH was appointed the Personal Representative of the estate of BEVERLY J. BUSH, deceased, on the 16th day of June, 1999, and that probate proceedings thereon are now pending.

DATED this 16 day of June, 1999.

SCHWEINLER & SCHWEINLER

BY: [signature]
ROGER C. SCHWEINLER
WSB #20169

[signature]
LYMAN F. BUSH
Personal Representative

1



SCHWEINLER & SCHWEINLER
ATTORNEYS AT LAW
901 SOUTH I STREET, SUITE 102
TACOMA, WA 98405
(253) 572-4114 TACOMA
(253) 572-2954 FAX

COPY

**LYMAN F. BUSH and BEVERLY J. BUSH, DECEASED**
**([redacted] and [redacted])**
**EXPLANATION - 1985, 1986, and 1987 REFUND CLAIMS**
**AND STATEMENT REQUESTING APPLICATION OF §6621(d)**

This refund claim, as it relates to tax and interest assessed relative to a settlement related to the Greenberg Brothers Partnership #4, a.k.a. Lone Wolf McQuade Associates, and Cinema '84 partnerships (each referred to in this explanation as "the Partnerships") for 1983 through 1995 (referred to in this explanation as "the settlement years"), is filed based upon the following grounds:

1. Each settlement entered into by Closing Agreement provided there was no change to partnership items, but agreed that for purposes of determining the taxpayers' correct tax liability for every partnership year from inception to termination (i) the taxpayers' amount at risk regarding their Partnership investment would be determined based on several factors set forth in the agreement, (ii) "any deficiency in tax determined under this agreement will be subject to adjustments arising from a carryback or carryforward from other taxable years of any loss, credit or other tax attributable as allowed by the Internal Revenue Code," (iii) the taxpayers could limit the amount of any income that would be or had been recognized related to any cancellation of any partnership notes, (iv) the taxpayers could limit recognition of their distributive share of any partnership income or gains for certain years to the amount of the partnership distribution or previously suspended partnership loss and the at-risk rules, (v) the partners could assert any appropriate innocent spouse defense under §6015, and (vi) other factors would be considered. Therefore, it is clear that any resulting tax deficiency to the taxpayers is based upon agreed adjustments to affected items requiring a partner level determination and further subject to totally non-partnership item adjustments and defenses preserved in the settlement agreement. Any tax deficiency is subject to the notice of deficiency requirements under I.R.C. §§6212 and 6213. The Internal Revenue Service did not issue the statutory notice of deficiency with regard to the assessments sought to be refunded in this claim. An assessment of a tax liability in violation of the restrictions on assessment set forth in I.R.C. §6213 is void and illegal. Therefore, all the amounts assessed, collected and sought to be refunded in this claim should be refunded. The agreement did not contain nor was there any separate waiver of the restrictions on assessment and collection under I.R.C. §6213.

2. The harm caused by the IRS' breach of the closing agreements is abundantly clear in light of the following facts:

(b) In accordance with paragraphs 12, 14, 15, 17 and 18 the taxpayers filed refund claims for 1988, 1990, 1991, 1992, 1993 and 1995 that should have been allowed and taken into account in computing the net tax deficiency, but which were instead summarily denied. See Exhibit "C." Had the IRS issued a statutory notice of deficiency for 1985, 1986 and 1987 the taxpayers would have been entitled to raise these agreed offsets as a partial defense to the 1985, 1986 and 1987 liabilities prior to payment. Instead, the taxpayers have been forced (i) to file a separate lawsuit to obtain the refunds for 1988, 1990, 1991, 1992, 1993 and 1995, and (ii) pay the gross liability asserted by the IRS for 1985, 1986 and 1987 and then pursue these refund claims

asserting defenses reserved or agreed in this closing agreement. The 1988, 1990, 1991, 1992 and 1993 refunds would have reduced the liability by well over $50,000.

(b) Even the 1981 and 1988 overpayments the IRS determined and acknowledged by itself that should have offset against 1985, 1986 and 1987 liabilities were inexplicably offset against previously non-existent phantom liabilities for 1981 and 1988 essentially defrauding the taxpayers of the benefit of the offsets for those overpayments. See Exhibit "D."

3. The 1981, 1988, 1990, 1991, 1992, 1993, 1994 and 1995 overpayments discussed in Paragraph 2 should all have been applied directly to the 1985, 1986 and 1987 liabilities and therefore constitute an additional and separate ground for refund of the liability overpaid in 1985, 1986 and 1987 as a result of their denial.

4. The claim is timely. It is being filed within two years from the date of payment.

5. If it is determined that the taxpayers are entitled to anything less than a full refund, the recomputation of interest must take into account the doctrine in *Avon Products*, 78-2 U.S.T.C. ¶9821 (1978), pursuant to which it has been determined, and conceded by the government, that interest does not begin to run on a deficiency of tax until the date on which a refund was paid if no interest was paid with the original refund.

6. As an alternative, and in addition to the grounds set forth above, interest should be abated pursuant to I.R.C. §6404 as follows:

(a) First, interest should be abated for the period beginning with the commencement of the IRS' wrongful representation that the partners in this partnership would be entitled to request consistent settlements based upon those entered into by other partners, even providing the names and date of the settlements with respect to which the consistent settlements could be requested, the representation to the United States Tax Court that all of the cases then pending would be settled either based upon settlement documents that were in process or upon requests for consistent settlement, and then the subsequent refusal to enter into consistent settlements resulting in the delay from February 8, 1995 until the actual date that the above-referenced settlement agreement was entered into, all of which constituted managerial or ministerial acts which were unreasonable errors and delays by officers or employees of the IRS acting in their official capacities. All such acts occurred after the IRS first contacted the partner in writing with regard to the civil partnership level return examination.

(b) Second, if it is determined that there was a waiver of the restrictions under I.R.C. §6213, which the taxpayers assert there was not, then interest should be abated for the period beginning with a date 30 days after the date of such waiver in the Closing Agreement and ending on the date of assessment of the income tax liability. The failure to promptly assess

the tax deficiency was clearly a managerial or ministerial act resulting in an unreasonable delay of the tax assessment, and further, such abatement is required under I.R.C. §6404.

7. As an alternative, and in addition to the grounds set forth above, the taxpayer(s) are entitled to the benefit of a net rate of interest of zero pursuant to I.R.C. §6621(d) and a refund of the interest paid on the portion of the deficiency equal to the amount of any refund with respect to which the taxpayer(s) were entitled to receive interest for the periods during which interest was charged on such portion of the deficiency and is payable on such refunds. Substantial refunds are due for 1981, 1988, 1990, 1991, 1992, 1993, 1994 and 1995 as a result of the settlement. This claim constitutes the taxpayer(s)' request that the Secretary apply §6621(d) to all such periods, which includes all periods from April 15, 1984 of the first year listed in the preceding sentence until the date of payment of the tax sought to be refunded under this claim. To the extent of equivalent amounts of underpayments or overpayments, the periods set forth under §5.063 of Rev. Proc. 99-43 have not previously been applied to obtain a net interest rate of zero under §6621(d).

8. As an alternative, the assessment made by the Internal Revenue Service was not made within two years of the date of the settlement and is, therefore, an invalid assessment which must be refunded. The settlement became final and binding either on July 22, 1999 or August 7, 1999. Which date is in dispute. The IRS mailed to the taxpayers statements for tax due (Forms 3552) that were patently fraudulent, representing that the "Assessment Date" was "07/31/2000" and were dated "07/31/2000." These notices were pure unadulterated fraudulently dated and serve as no evidence that a valid assessment was ever made. They were RECEIVED BY THE TAXPAYERS ON 07/28/00, three days BEFORE the alleged assessment and date of the notices. See Exhibit "B," p. 4-10. They were faxed to the taxpayers' counsel on 7/28/00. It is the taxpayers' belief that the assessments were not actually made until late August.

Exhibits - A - Evidence of settlement
B - Evidence of tax assessment and payment

Department of the Treasury - Internal Revenue Service

# Closing Agreement on Final Determination Covering Specific Matters

Under section 7121 of the Internal Revenue Code of 1986 (hereinafter "Code")

Lyman F. Bush ([redacted] and Beverly J. Bush [redacted]

(Taxpayers' Name, address, and identifying number)

1217 122nd Street Court East, Tacoma, WA 98445 (hereinafter referred to as taxpayer)

and the Commissioner of Internal Revenue make the following closing agreement:

WHEREAS, a dispute has arisen between the parties as to the Federal income tax treatment to be accorded to the taxpayers' purchase of an investment in Cinema 84 (hereinafter Partnership);

WHEREAS, the parties wish to determine, with finality, the taxpayers' income, gains, losses, deductions and credits for1984 and subsequent years with respect to the Partnership.

NOW IT IS HEREBY DETERMINED AND AGREED for Federal income tax purposes that:

1. No adjustment to the partnership items shall be made for the taxable years 1984 through 1995 for purposes of this settlement.

2. The taxpayers are entitled to claim their distributive share of the partnership losses for 1984 through 1995 only to the extent they are at risk under I.R.C. § 465.

3. The taxpayers' amount at risk for 1984 through 1989 is their capital contribution to the partnership.

4. The taxpayers' capital contribution to the partnership is 50,000.00.

5. Taxpayers' qualified investment for computing investment tax credit is the amount at risk as set forth in paragraph #4.

6. The taxpayers are not at risk under I.R.C. § 465 for any partnership notes, entered into by the partnership to acquire rights in the motion pictures Terminator, Perfect Strangers, Special Effects, Return of the Living Dead, A Breed Apart and Howling II, whether or not assumed by the taxpayers. Any losses disallowed under this agreement are suspended under I.R.C. § 465. Such suspended losses may be used to offset the taxpayers' pro rata share of any income earned by the partnership and/or other income in accordance with the operation of I.R.C. § 465.

7. To the extent the taxpayers make additional cash contributions to the capital of the partnership after 1989, the taxpayers' amount at risk will be increased in accordance with I.R.C. § 465.

8. To the extent the partnership earns net income the taxpayers' at risk will be increased in accordance with I.R.C. § 465.

9. To the extent the taxpayers make cash payments on the partnership notes after the date of execution of this agreement by the Commissioner and the taxpayers, the taxpayers' amount at risk will be increased in accordance with I.R.C. § 465.

EXHIBIT "A", P. 1

10. No additions to tax under I.R.C. §§ 6653(a), 6661, 6659 or 6662 will be asserted with respect to the taxpayers' investment in the partnership for 1984 through 1995.

11. The taxpayers are liable for additional interest pursuant to I.R.C. § 6621(c) for tax motivated interest for their investment in the partnership for the taxable years 1984 through 1989.

12. Any deficiency in tax determined under this agreement will be subject to adjustments arising from a carryback or carryforward from other taxable years of any loss, credit or other tax attribute as allowed by the Internal Revenue Code.

13. After the execution of this agreement on behalf of the Commissioner and the taxpayers, the taxpayers shall not recognize any taxable income attributable to any cancellation, discharge, or satisfaction by foreclosure or conveyance of assets, of any partnership notes entered into by the partnership to acquire rights in the motion pictures Terminator, Perfect Strangers, Special Effects, Return of the Living Dead, A Breed Apart and Howling II, whether or not the taxpayers assumed a pro rata share of said note, or from said partnership notes upon liquidation or dissolution of the partnership.

14. The taxpayers shall be taxable on their distributive share of any income or gains of the partnership for years after 1987 only to the extent said income exceeds losses suspended under the at risk rules of I.R.C. § 465 and/or the cash and/or the fair market value of property distributed to the taxpayers.

15. Any refund claim attributable to the operation of this agreement shall be deemed to be timely filed and shall be allowed if it is filed with the IRS within one year of the execution of this agreement by the Commissioner of Internal Revenue. Any refund claim so submitted pursuant to this paragraph within 120 days after the execution of this agreement on behalf of the Commissioner of Internal Revenue shall be allowed as an offset pursuant to I.R.C. §§ 6402(a) and 6601(f) against any tax deficiencies resulting from this agreement.

16. This agreement constitutes a settlement within the meaning of I.R.C. § 6224(c) and the taxpayers' partnership items are converted to non partnership items effective as of the date of this closing agreement is accepted on behalf of the Commissioner. The taxpayers, in accordance with the provisions of I.R.C. § 6224(b), also waive the restrictions on assessment and collection of any deficiencies attributable to the converted partnership items with interest as provided by law in I.R.C. § 6225(a) that results from this agreement.

17. This closing agreement when accepted by the Commissioner is a determination under the mitigation provisions of the Internal Revenue Code. (I.R.C. § 1311 et seq.).

18. To the extent the taxpayers make cash payments on the partnership notes, after the date this agreement is executed by the taxpayers and the Commissioner, and after the termination of the partnership, a deduction shall be allowed in the year of said payment.

19. This agreement does not in any way diminish or enhance the rights of the spouse of any partner to assert his or her right to relief as an innocent spouse under I.R.C. § 6015.

20. This agreement supersedes any prior agreement entered into between the taxpayers and the Internal Revenue Service.

This agreement is final and conclusive except:

(1) the matter it relates to may be reopened in the event of fraud, malfeasance, or misrepresentation of material fact;

(2) it is subject to the Internal Revenue Code sections that expressly provide that effect be given to their provisions notwithstanding any other law or rule of law except Code Section 7122; and

Ex A, P. 2

(3) if it relates to a taxable period ending after the date of this agreement, it is subject to any law, enacted after the agreement date, that applies to that tax period.

By signing, the above parties certify that they have read and agreed to the terms of this document.

Your signature *Lyman F Bush* Date Signed *6-25-99*

*Beverly J. Bush By Lyman F Bush*
Spouse's signature (if a joint return was filed) *SPOUSE OF DECEASED* Date Signed *6-25-99*

Taxpayer's Representative ______ Date Signed ______

Taxpayer (other than individual) ______

By ______ Date Signed ______

Title ______

Commissioner of Internal Revenue

By *Philip Doleman* Date Signed *8/2/99*

Title *Associate Chief*

I have examined the specific matters involved and recommend the acceptance of the proposed agreement.

*Bradford A. Johnson* *7/22/99*
(Receiving Officer) (Date)

Assistant District Counsel
(Title)

*Ex A, P. 3*

Department of the Treasury - Internal Revenue Service

## Closing Agreement on Final Determination Covering Specific Matters

Under section 7121 of the Internal Revenue Code of 1986 (hereinafter "Code")

Lyman F. Bush [redacted] and Beverly J. Bush [redacted]

(Taxpayers' Name, address, and identifying number)

1217 122nd Street Court East, Tacoma, WA 98445 (hereinafter referred to as taxpayer)

and the Commissioner of Internal Revenue make the following closing agreement:

WHEREAS, a dispute has arisen between the parties as to the Federal income tax treatment to be accorded to the taxpayers' purchase of an investment in Greenberg Brothers Partnership #12 a/k/a Lone Wolf McQuade Associates (hereinafter Partnership);

WHEREAS, the parties wish to determine, with finality, the taxpayers' income, gains, losses, deductions and credits for1983 and subsequent years with respect to the Partnership.

NOW IT IS HEREBY DETERMINED AND AGREED for Federal income tax purposes that:

1. No adjustment to the partnership items shall be made for the taxable years 1983 through 1995 for purposes of this settlement.

2. The taxpayers are entitled to claim their distributive share of the partnership losses for 1983 through 1995 only to the extent they are at risk under I.R.C. § 465.

3. The taxpayers' amount at risk for 1983 through 1986 is their capital contribution to the partnership.

4. The taxpayers' capital contribution to the partnership is $50,000.

5. Taxpayers' qualified investment for computing investment tax credit is the amount at risk as set forth in paragraph #4.

6. The taxpayers are not at risk under I.R.C. § 465 for any partnership notes, entered into by the partnership to acquire rights in the motion picture Lone Wolf McQuade and Strange Invaders, whether or not assumed by the taxpayers. Any losses disallowed under this agreement are suspended under I.R.C. § 465. Such suspended losses may be used to offset the taxpayers' pro rata share of any income earned by the partnership and/or other income in accordance with the operation of I.R.C. § 465.

7. To the extent the taxpayers make additional cash contributions to the capital of the partnership after 1986, the taxpayers' amount at risk will be increased in accordance with I.R.C. § 465.

8. To the extent the partnership earns net income the taxpayers' at risk will be increased in accordance with I.R.C. § 465.

9. To the extent the taxpayers make cash payments on the partnership notes after the date of execution of this agreement by the Commissioner and the taxpayers, the taxpayers' amount at risk will be increased in accordance with I.R.C. § 465.

Ex A, P. 4

10. No additions to tax under I.R.C. §§ 6653(a), 6661, 6659 or 6662 will be asserted with respect to the taxpayers' investment in the partnership for 1983 through 1995.

11. The taxpayers are liable for additional interest pursuant to I.R.C. § 6621(c) for tax motivated interest for their investment in the partnership for the taxable years 1983 through 1989.

12. Any deficiency in tax determined under this agreement will be subject to adjustments arising from a carryback or carryforward from other taxable years of any loss, credit or other tax attribute as allowed by the Internal Revenue Code.

13. After the execution of this agreement on behalf of the Commissioner and the taxpayers, the taxpayers shall not recognize any taxable income attributable to any cancellation, discharge, or satisfaction by foreclosure or conveyance of assets, of any partnership notes entered into by the partnership to acquire rights in the motion picture Lone Wolf McQuade and Strange Invaders, whether or not the taxpayers assumed a pro rata share of said note, or from said partnership notes upon liquidation or dissolution of the partnership.

14. The taxpayers shall be taxable on their distributive share of any income or gains of the partnership for years after 1983 only to the extent said income exceeds losses suspended under the at risk rules of I.R.C. § 465 and/or the cash and/or the fair market value of property distributed to the taxpayers.

15. Any refund claim attributable to the operation of this agreement shall be deemed to be timely filed and shall be allowed if it is filed with the IRS within one year of the execution of this agreement by the Commissioner of Internal Revenue. Any refund claim so submitted pursuant to this paragraph within 120 days after the execution of this agreement on behalf of the Commissioner of Internal Revenue shall be allowed as an offset pursuant to I.R.C. §§ 6402(a) and 6601(f) against any tax deficiencies resulting from this agreement.

16. This agreement constitutes a settlement within the meaning of I.R.C. § 6224(c) and the taxpayers' partnership items are converted to non partnership items effective as of the date of this closing agreement is accepted on behalf of the Commissioner. The taxpayers, in accordance with the provisions of I.R.C. § 6224(b), also waive the restrictions on assessment and collection of any deficiencies attributable to the converted partnership items with interest as provided by law in I.R.C. § 6225(a) that results from this agreement.

17. This closing agreement when accepted by the Commissioner is a determination under the mitigation provisions of the Internal Revenue Code. (I.R.C. § 1311 et seq.).

18. To the extent the taxpayers make cash payments on the partnership notes, after the date this agreement is executed by the taxpayers and the Commissioner, and after the termination of the partnership, a deduction shall be allowed in the year of said payment.

19. This agreement does not in any way diminish or enhance the rights of the spouse of any partner to assert his or her right to relief as an innocent spouse under I.R.C. § 6015.

20. This agreement supersedes any prior agreement entered into between the taxpayers and the Internal Revenue Service.

This agreement is final and conclusive except:

(1) the matter it relates to may be reopened in the event of fraud, malfeasance, or misrepresentation of material fact;

(2) it is subject to the Internal Revenue Code sections that expressly provide that effect be given to their provisions notwithstanding any other law or rule of law except Code Section 7122; and

Ex. A, P. 5

(3) if it relates to a taxable period ending after the date of this agreement, it is subject to any law, enacted after the agreement date, that applies to that tax period.

By signing, the above parties certify that they have read and agreed to the terms of this document.

Your signature Lynn F Bush Date Signed 6-25-99

Spouse's signature (if a joint return was filed) Beverly J. Bush by Lynn F Bush Spouse deceased Date Signed 6-25-99

Taxpayer's Representative ______ Date Signed ______

Taxpayer (other than individual) ______

By ______ Date Signed ______

Title ______

Commissioner of Internal Revenue

By Philip J Palermo Date Signed 8/7/99

Title Associate Chief

I have examined the specific matters involved and recommend the acceptance of the proposed agreement.

Bradford A. Johnson 7/22/99
(Receiving Officer) (Date)

Assistant District Counsel
(Title)

EWA, V.6

-partment of the Treasury - Internal Revenu-
Income Tax Examination Changes

| Name and Address of Taxpayer | SS or EI Number: | | Return Form No. |
|---|---|---|---|
| LYMAN F & BEVERLY J DECD BUSH<br>1217 122ND STREET CT E<br><br>TACOMA WA 98445-3519 | [redacted] | | 1040 |
| | Person with whom examination changes were discussed | Name and Title | |

| 1. Adjustments to Income | Period End 12/31/1985 | Period End | Period End |
|---|---|---|---|
| A. CINEMAX 84 | $ 16,740.00 | $ | $ |
| B. ITEMIZED DEDUCTIONS | 2,063.00 | | |
| C. LONE WOLF MCQUADE | 33,442.00 | | |
| D. | | | |
| E. | | | |
| F. | | | |
| G. | | | |
| H. | | | |
| I. | | | |
| J. | | | |
| K. | | | |
| L. | | | |
| M. | | | |
| N. | | | |
| O. | | | |
| P. | | | |
| Q. | | | |
| R. | | | |
| S. | | | |
| 2. Total Adjustments | 52,245.00 | | |
| 3. Taxable Income Per Return or as Previously Adjusted | 54,000.00 | | |
| 4. Corrected Taxable Income | 106,245.00 | | |
| Tax Method | SCHEDULE G | | |
| Filing Status | JOINT | | |
| 5. Tax | 24,619.00 | | |
| 6. Additional Taxes | | | |
| 7. Corrected Tax Liability | 24,619.00 | | |
| 8. Less Credits A. | | | |
| B. | | | |
| C. | | | |
| D. | | | |
| 9. Balance (Line 7 less total of lines 8A through 8D) | 24,619.00 | | |
| 10. Plus Other Taxes A. | | | |
| B. | | | |
| C. | | | |
| D. | | | |
| 11. Total Corrected Tax Liability (Line 9 + lines 10A to 10D) | 24,619.00 | | |
| 12. Total Tax Shown on Return or as Previously Adjusted | 7,911.00 | | |
| 13. Adjustments to A. Special Fuels Credit | | | |
| B. | | | |
| 14. Deficiency - Increase in Tax or (Overassessment - Decrease in tax) (Line 11 less Line 12 adjusted by Line 13) | 16,708.00 | | |
| 15. Adjustments to Prepayment Credits | | | |
| 16. Balance Due or Overpayment (Line 14 Adjusted by Line 15) (Excluding Interest and penalties) | $ 16,708.00 | $ | $ |

The Internal Revenue Service has agreements with State tax agencies under which information about Federal tax, including increases or decreases, is exchanged with the States. If this change affects the amount of your State income tax, you should file the State form.

You may be subject to backup withholding if you underreport your interest, dividend, or patronage dividend income and do not pay the required tax. The IRS may order backup withholding at 31 percent after four notices have been issued to you over a 120-day period and the tax has been assessed and remains unpaid.

RGS Ver. 4.62.00



Form 4549A-CG (Rev. 1-91)

Ex B, P1

Department of the Treasury - Internal Revenue Service
Income Tax Examination Changes

| Name and Address of Taxpayer | SS or EI Number: | Return Form No. |
|---|---|---|
| LYMAN F & BEVERLY J DECD BUSH<br>1217 122ND STREET CT E<br>TACOMA WA 98445-3519 | [redacted] | 1040 |
| | Person with whom examination changes were discussed | Name and Title |

| 1. Adjustments to Income | Period End 12/31/1986 | Period End | Period End |
|---|---|---|---|
| A. CINEMAX 84 | $ 20,079.00 | $ | $ |
| B. LONE WOLF MCQUADE | 34,003.00 | | |
| C. | | | |
| D. | | | |
| E. | | | |
| F. | | | |
| G. | | | |
| H. | | | |
| I. | | | |
| J. | | | |
| K. | | | |
| L. | | | |
| M. | | | |
| N. | | | |
| O. | | | |
| P. | | | |
| Q. | | | |
| R. | | | |
| S. | | | |
| 2. Total Adjustments | 54,082.00 | | |
| 3. Taxable Income Per Return or as Previously Adjusted | 64,303.00 | | |
| 4. Corrected Taxable Income | 118,385.00 | | |
| Tax Method | SCHEDULE G | | |
| Filing Status | JOINT | | |
| 5. Tax | 38,155.00 | | |
| 6. Additional Taxes | | | |
| 7. Corrected Tax Liability | 38,155.00 | | |
| 8. Less Credits A. | | | |
| B. | | | |
| C. | | | |
| D. | | | |
| 9. Balance (Line 7 less total of lines 8A through 8D) | 38,155.00 | | |
| 10. Plus Other Taxes A. ALTERNATIVE MINIMUM TAX | 7,076.00 | | |
| B. | | | |
| C. | | | |
| D. | | | |
| 11. Total Corrected Tax Liability (Line 9 + lines 10A to 10D) | 45,231.00 | | |
| 12. Total Tax Shown on Return or as Previously Adjusted | 34,414.00 | | |
| 13. Adjustments to A. Special Fuels Credit | | | |
| B. | | | |
| 14. Deficiency - Increase in Tax or (Overassessment - Decrease in tax) (Line 11 less Line 12 adjusted by Line 13) | 10,817.00 | | |
| 15. Adjustments to Prepayment Credits | | | |
| 16. Balance Due or Overpayment (Line 14 Adjusted by Line 15) (Excluding Interest and penalties) | $ 10,817.00 | $ | $ |

The Internal Revenue Service has agreements with State tax agencies under which information about Federal tax, including increases or decreases, is exchanged with the States. If this change affects the amount of your State income tax, you should file the State form.

You may be subject to backup withholding if you underreport your interest, dividend, or patronage dividend income and do not pay the required tax. The IRS may order backup withholding at 31 percent after four notices have been issued to you over a 120-day period and the tax has been assessed and remains unpaid.

RGS Ver. 4.62.00



Form 4549A-CG (Rev. 1-91)

Ex B, P. 2

Dep . - of the Treasury - Internal Revenue Se
Income Tax Examination Changes

| Name and Address of Taxpayer | SS or EI Number: | | Return Form No. |
|---|---|---|---|
| LYMAN F & BEVERLY J DECD BUSH<br>1217 122ND STREET CT E<br><br>TACOMA WA 98445-3519 | [redacted] | | 1040 |
| | Person with whom examination changes were discussed | Name and Title | |

| 1. Adjustments to Income | Period End 12/31/1987 | Period End | Period End |
|---|---|---|---|
| A. CINEMA 84 | $ 25,733.00 | $ | $ |
| B. ITEMIZED DEDUCTIONS | 507.00 | | |
| C. LONE WOLF MCQUADE | (398.00) | | |
| D. | | | |
| E. | | | |
| F. | | | |
| G. | | | |
| H. | | | |
| I. | | | |
| J. | | | |
| K. | | | |
| L. | | | |
| M. | | | |
| N. | | | |
| O. | | | |
| P. | | | |
| Q. | | | |
| R. | | | |
| S. | | | |
| 2. Total Adjustments | 25,842.00 | | |
| 3. Taxable Income Per Return or as Previously Adjusted | 103,091.00 | | |
| 4. Corrected Taxable Income | 128,933.00 | | |
| Tax Method | SCHEDULE D | | |
| Filing Status | JOINT | | |
| 5. Tax | | | |
| 6. Additional Taxes | | | |
| 7. Corrected Tax Liability | 37,261.00 | | |
| 8. Less Credits A. | | | |
| B. | | | |
| C. | | | |
| D. | | | |
| 9. Balance (Line 7 less total of lines 8A through 8D) | 37,261.00 | | |
| 10. Plus Other Taxes A. | | | |
| B. | | | |
| C. | | | |
| D. | | | |
| 11. Total Corrected Tax Liability (Line 9 + lines 10A to 10D) | 37,261.00 | | |
| 12. Total Tax Shown on Return or as Previously Adjusted | 27,626.00 | | |
| 13. Adjustments to A. Special Fuels Credit | | | |
| B. | | | |
| 14. Deficiency - Increase in Tax or (Overassessment - Decrease in tax) (Line 11 less Line 12 adjusted by Line 13) | 9,635.00 | | |
| 15. Adjustments to Prepayment Credits | | | |
| 16. Balance Due or Overpayment (Line 14 Adjusted by Line 15) (Excluding Interest and penalties) | $ 9,635.00 | $ | $ |

The Internal Revenue Service has agreements with State tax agencies under which information about Federal tax, including increases or decreases, is exchanged with the States. If this change affects the amount of your State income tax, you should file the State form.

You may be subject to backup withholding if you underreport your interest, dividend, or patronage dividend income and do not pay the required tax. The IRS may order backup withholding at 31 percent after four notices have been issued to you over a 120-day period and the tax has been assessed and remains unpaid.



Ex B P.3

# FAX COVER SHEET

DATE: 7-28-00 TOTAL # PAGES INCLUDING COVER SHEET: 5

FROM: Skip Bush TELEPHONE: (253) 537-7833

ADDRESS: 1217 122nd St. Ct. E. FAX: (253) 531-8103

Tacoma, WA 98445

TO: REDDING & ASSOC FAX #: 713-621-5227

ATTN: TOM REDDING

RE: GREENBERG BROTHERS PARTNERSHIPS

COMMENTS: I RECEIVED THE ATTACHED (4) NOTICES OF TAX DUE — DO I PAY THEM? PLEASE CALL OR FAX ME INSTRUCTIONS.

THEY TOTAL $136,275.62

Skip

Ex B, P.4

4-24-1998 5 AM FROM

P 5

Department of the Treasu
Internal Revenue Service
Director
1160 W. 1200 S.
OGDEN, UT 84201

29251-213-13009-00

IDRS 2981703707

| | Assessment Date | Trans Code |
|---|---|---|
| 30 175812 | 07/31/2000 | 670 |
| | | 570 |

Date of This Notice: 07/31/2000

BUSH

If you find it necessary to inquire about your account, please refer to this number. [redacted]

LYMAN F BUSH
LYMAN F & BEVERLY DECD BUSH
1217 122ND STREET CT E
TACOMA WA 98445-0000

Form Number: 1040

Tax Period Ended: 12/31/1985

**Notice of Tax Due on Federal Tax Return**

This is a notice of tax due on your tax return identified above. Please pay the amount shown as Balance Due when you receive this notice. Make your check or money order payable to the United States Treasury and send it with this notice to the address shown above.

If the balance due as shown below is incorrect because you made a recent payment, please send us the amount you believe you owe and an explanation of the difference.

| Reference | Assessment | Adjustment or Credit | Balance Due |
|---|---|---|---|
| 07/31/2000 ADD'L TAX | 16,708.00 | | |
| 07/31/2000 INTEREST | 42,660.44 | | |
| PR MEMO CR | | 6,045.33 | |
| see enclosed notice | [redacted] | | 53,323.11 |

Ex B, P.5

0564

2?-24-1996 1:51AM FROM P. 4

Department of the Treasury
Internal Revenue Service
Director
1160 W. 1200 S.
OGDEN, UT 84201

27201-213-13010-00

IDRS 2981703707

| | | Assessment Date | Trans Code |
|---|---|---|---|
| 30 | 198612 | 07/31/2000 | 670 |
| | | | 570 |

Date of This Notice: 07/31/2000

If you find it necessary to inquire about your account, please refer to this number. ▶ BUSH [redacted]

LYMAN F BUSH
LYMAN F & BEVERLY DECD BUSH
1217 122ND STREET CT E
TACOMA WA 98445-0000

Form Number: 1040

Tax Period Ended: 12/31/1986

**Notice of Tax Due on Federal Tax Return**

This is a notice of tax due on your tax return identified above. Please pay the amount shown as Balance Due when you receive this notice. Make your check or money order payable to the United States Treasury and send it with this notice to the address shown above.

If the balance due as shown below is incorrect because you made a recent payment, please send us the amount you believe you owe and an explanation of the difference.

| Reference | Assessment | Adjustment or Credit | Balance Due |
|---|---|---|---|
| 07/31/2000 ADD'L TAX | 10,817.00 | | |
| 07/31/2000 INTEREST | 35,187.97 | | |
| see enclosed notice | | | 46,004.97 |

Ex B, P.6

Department of the Treasury
Internal Revenue Service
Director
1160 W. 1200 S.
OGDEN, UT 84201

29281-213-13011-00

IDRS 2981703707

| | | Assessment Date | Trans Code |
|---|---|---|---|
| 30 | 198712 | 07/31/2000 | 670 |
| | | | 570 |

Date of This Notice: 07/31/2000
BUSH
If you find it necessary to inquire about your account, please refer to this number. [redacted]

LYMAN F BUSH
LYMAN F & BEVERLY DECD BUSH
1217 122ND STREET CT E
TACOMA WA 98445-0000

Form Number: 1040
Tax Period Ended: 12/31/1987

## Notice of Tax Due on Federal Tax Return

This is a notice of tax due on your tax return identified above. Please pay the amount shown as Balance Due when you receive this notice. Make your check or money order payable to the United States Treasury and send it with this notice to the address shown above.

If the balance due as shown below is incorrect because you made a recent payment, please send us the amount you believe you owe and an explanation of the difference.

| Reference | Assessment | Adjustment or Credit | Balance Due |
|---|---|---|---|
| 07/31/2000 ADD'L TAX | 9,635.00 | | |
| 07/31/2000 INTEREST | 26,729.62 | | |

see enclosed notice

[redacted] 36,364.62

Ex B, P. 7

0566

2-24-1996 1:49AM FROM P. 2

Internal Revenue Service
Director
1160 W. 1200 S.
OGDEN, UT 84201

27961-210-15012-00

IDRS 2981703707

| | | Assessment Date | Trans Code |
|---|---|---|---|
| 30 | 199812 | 07/31/2000 | 670 |
| | | | 570 |

Date of This Notice: 07/31/2000

If you find it necessary to inquire about your account, please refer to this number. BUSH [redacted]

LYMAN F BUSH
LYMAN F & BEVERLY DECD BUSH
1217 122ND STREET CT E
TACOMA WA 98445-0000

Form Number: 1040

Tax Period Ended: 12/31/1998

## Notice of Tax Due on Federal Tax Return

This is a notice of tax due on your tax return identified above. Please pay the amount shown as Balance Due when you receive this notice. Make your check or money order payable to the United States Treasury and send it with this notice to the address shown above.

If the balance due as shown below is incorrect because you made a recent payment, please send us the amount you believe you owe and an explanation of the difference.

| Reference | Assessment | Adjustment or Credit | Balance Due |
|---|---|---|---|
| 07/31/2000 ADD'L TAX | 406.00 | | |
| 07/31/2000 INTEREST | 176.92 | | |

see enclosed notice [redacted] 582.92

Ex B, P. 8

0567

Please return this copy with your payment to the address shown above Form 3552 (C)(Part 3) Rev. 9-98)

DATE: 9-1-00 TOTAL # PAGES INCLUDING COVER SHEET: 2

FROM: Skip Bush

TELEPHONE: (253) 537-7833

ADDRESS: 1217 122nd St. Ct. E.

Tacoma, WA 98445

FAX: (253) 531-8103

TO: REDDING & ASSOC

FAX #: 713-621-5227

ATTN: TOM REDDING

RE: ASSESSMENT BY IRS DATED 7-31-00

COMMENTS:

HERE IS MY PHONE BILL SHOWING THAT I FAXED TO YOU JULY 28 & THEN PHONED AN HOUR + LATER.

Skip

Ex B P. 9

3-30-1996 1:48AM FROM

P. 2

0569

AT&T

LYMAN F BUSH
Account No: 253-537-7833 912 16
For billing questions or to place an order, call 1 800 222-0300

Page 4

AT&T Summary of Charges For August

| Description | Page | Calls | Min | Amount |
|---|---|---|---|---|
| AT&T Monthly Charges | 4 | | | 4.95 |
| AT&T One Rate Plus Plan | 4 | 90 | 752 | 90.24 |
| AT&T Itemized Long Distance Calls | 6 | 3 | 7 | 5.31 |
| National Access Contribution | 6 | | | 8.43 |
| Taxes And Surcharges | 6 | | | 12.42 |
| | | 93 | 759 | |

| Total AT&T Summary of Charges For August | $121.35 |
|---|---|

AT&T Monthly Charges

Monthly service from AUG 05, 2000 to SEP 04, 2000

- Optional Services

| Description | Amount |
|---|---|
| 1. AT&T One Rate (R) Plus Plan | 4.95 |
| Total AT&T Monthly Charges | $4.95 |

AT&T One Rate (R) Plus Plan

Totals are for informational purposes only. Please refer to summary for actual charges.

- Direct Dialed Calls
  Domestic Calls
  - Night/Weekend Calls

| | Date | Time | | Place And Number Called | | | | Type | Rate | Min | Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 2. | Jul 06 | 9:51P | To | FOREST GRV | OR | 503 | 359-7767 | Dirct | N/Wkd | 2 | .24 |
| 3. | Jul 07 | 9:59P | To | PORTLAND | OR | 503 | 705-7896 | Dirct | N/Wkd | 1 | .12 |
| 4. | Jul 08 | 3:56P | To | HIGHMORE | SD | 605 | 852-2351 | Dirct | N/Wkd | 1 | .12 |
| 5. | Jul 09 | 2:07P | To | HIGHMORE | SD | 605 | 852-2727 | Dirct | N/Wkd | 3 | .36 |
| 6. | Jul 09 | 5:54P | To | PIERRE | SD | 605 | 224-1725 | Dirct | N/Wkd | 1 | .12 |
| 7. | Jul 09 | 10:16P | To | PORTLAND | OR | 503 | 705-5124 | Dirct | N/Wkd | 1 | .12 |
| 8. | Jul 10 | 3:29P | To | HIGHMORE | SD | 605 | 852-2575 | Dirct | N/Wkd | 1 | .12 |
| 9. | Jul 10 | 4:00P | To | HIGHMORE | SD | 605 | 852-2633 | Dirct | N/Wkd | 5 | .60 |
| 10. | Jul 10 | 4:10P | To | REDFIELD | SD | 605 | 472-1795 | Dirct | N/Wkd | 18 | 2.16 |
| 11. | Jul 11 | 3:02P | To | HIGHMORE | SD | 605 | 852-2575 | Dirct | N/Wkd | 1 | .12 |
| 12. | Jul 12 | 3:03P | To | HIGHMORE | SD | 605 | 852-2575 | Dirct | N/Wkd | 1 | .12 |
| 13. | Jul 12 | 4:58P | To | COVINGTON | LA | 504 | 893-0646 | Dirct | N/Wkd | 5 | .60 |
| 14. | Jul 12 | 7:36P | To | SAN ANTONI | TX | 210 | 681-1007 | Dirct | N/Wkd | 51 | 6.12 |
| 15. | Jul 13 | 2:57P | To | HIGHMORE | SD | 605 | 852-2575 | Dirct | N/Wkd | 1 | .12 |
| 16. | Jul 13 | 5:09P | To | COVINGTON | LA | 504 | 893-0646 | Dirct | N/Wkd | 5 | .60 |
| 17. | Jul 13 | 9:40P | To | BEAVERTON | OR | 503 | 439-1001 | Dirct | N/Wkd | 6 | .72 |
| 18. | Jul 14 | 7:50A | To | EL PASO | TX | 915 | 532-1406 | Dirct | N/Wkd | 2 | .24 |
| 19. | Jul 14 | 7:53A | To | SACRAMENTO | CA | 916 | 447-1198 | Dirct | N/Wkd | 1 | .12 |
| 20. | Jul 14 | 9:15A | To | MOYIE SPGS | ID | 208 | 267-2691 | Dirct | N/Wkd | 3 | .36 |
| 21. | Jul 14 | 9:19A | To | MOYIE SPGS | ID | 208 | 267-2691 | Dirct | N/Wkd | 30 | 3.60 |
| 22. | Jul 15 | 4:44P | To | HIGHMORE | SD | 605 | 852-2780 | Dirct | N/Wkd | 1 | .12 |
| 23. | Jul 15 | 4:53P | To | HIGHMORE | SD | 605 | 852-2351 | Dirct | N/Wkd | 1 | .12 |
| 24. | Jul 15 | 5:19P | To | PIERRE | SD | 605 | 945-0952 | Dirct | N/Wkd | 10 | 1.20 |
| 25. | Jul 15 | 8:16P | To | HIGHMORE | SD | 605 | 852-2575 | Dirct | N/Wkd | 1 | .12 |
| 26. | Jul 17 | 2:57P | To | HIGHMORE | SD | 605 | 852-2575 | Dirct | N/Wkd | 4 | .48 |
| 27. | Jul 18 | 7:52P | To | SIOUX FLS | SD | 605 | 338-4369 | Dirct | N/Wkd | 1 | .12 |
| 28. | Jul 18 | 8:12P | To | HIGHMORE | SD | 605 | 852-2351 | Dirct | N/Wkd | 24 | 2.88 |
| 29. | Jul 20 | 10:38A | To | REDFIELD | SD | 605 | 472-2455 | Dirct | N/Wkd | 4 | .48 |
| 30. | Jul 20 | 3:06P | To | REDFIELD | SD | 605 | 472-1189 | Dirct | N/Wkd | 15 | 1.80 |

AT&T

LYMAN F BUSH
Account No: [redacted]
For billing questions or to place an order, call 1 800 222

Page

| | Date | Time | | Place And Number Called | | | | Type | Rate | Min | Am |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1. | Jul 20 | 5:56P | To | SAN ANTONI | TX | 210 | 681-1007 | Dirct | N/Wkd | 1 | |
| 2. | Jul 20 | 8:54P | To | BEAVERTON | OR | 503 | 439-6604 | Dirct | N/Wkd | 1 | |
| 3. | Jul 21 | 11:01A | To | SAN DIEGO | CA | 858 | 279-4368 | Dirct | N/Wkd | 2 | |
| 4. | Jul 21 | 4:16P | To | HOUSTON | TX | 713 | 965-9244 | Dirct | N/Wkd | 2 | |
| 5. | Jul 21 | 5:18P | To | SAN ANTONI | TX | 210 | 681-1007 | Dirct | N/Wkd | 1 | |
| 6. | Jul 21 | 5:20P | To | COVINGTON | LA | 504 | 893-0646 | Dirct | N/Wkd | 1 | |
| 7. | Jul 21 | 5:21P | To | COVINGTON | LA | 504 | 893-0646 | Dirct | N/Wkd | 1 | |
| 8. | Jul 22 | 9:15P | To | MOYIE SPGS | ID | 208 | 267-2691 | Dirct | N/Wkd | 1 | |
| 9. | Jul 23 | 7:06A | To | MENOMONIE | WI | 715 | 235-3577 | Dirct | N/Wkd | 63 | |
| 10. | Jul 23 | 9:39A | To | REDFIELD | SD | 605 | 472-1189 | Dirct | N/Wkd | 25 | |
| 11. | Jul 23 | 3:29P | To | HIGHMORE | SD | 605 | 852-2575 | Dirct | N/Wkd | 25 | |
| 12. | Jul 23 | 3:30P | To | HIGHMORE | SD | 605 | 852-2575 | Dirct | N/Wkd | 1 | |
| 13. | Jul 23 | 3:48P | To | SAN ANTONI | TX | 210 | 681-1007 | Dirct | N/Wkd | 1 | |
| 14. | Jul 23 | 3:50P | To | COVINGTON | LA | 504 | 893-0646 | Dirct | N/Wkd | 1 | |
| 15. | Jul 23 | 3:52P | To | WHITE CITY | OR | 541 | 830-8989 | Dirct | N/Wkd | 1 | |
| 16. | Jul 23 | 5:24P | To | REDFIELD | SD | 605 | 472-1647 | Dirct | N/Wkd | 1 | |
| 17. | Jul 23 | 6:08P | To | WHITE CITY | OR | 541 | 830-8989 | Dirct | N/Wkd | 44 | |
| 18. | Jul 23 | 7:37P | To | HIGHMORE | SD | 605 | 852-2727 | Dirct | N/Wkd | 12 | |
| 19. | Jul 23 | 8:25P | To | YANKTON | SD | 605 | 668-0140 | Dirct | N/Wkd | 1 | |
| 20. | Jul 25 | 10:41A | To | SAN DIEGO | CA | 619 | 276-9835 | Dirct | N/Wkd | 1 | |
| 21. | Jul 25 | 3:05P | To | HIGHMORE | SD | 605 | 852-2575 | Dirct | N/Wkd | 26 | |
| 22. | Jul 25 | 3:16P | To | PORTLAND | OR | 503 | 246-1250 | Dirct | N/Wkd | 1 | |
| 23. | Jul 25 | 3:19P | To | PORTLAND | OR | 503 | 246-1250 | Dirct | N/Wkd | 3 | |
| 24. | Jul 25 | 7:30P | To | REDFIELD | SD | 605 | 472-1795 | Dirct | N/Wkd | 9 | |
| 25. | Jul 26 | 2:58P | To | HIGHMORE | SD | 605 | 852-2575 | Dirct | N/Wkd | 20 | |
| 26. | Jul 26 | 4:37P | To | HOUSTON | TX | 713 | 965-9244 | Dirct | N/Wkd | 46 | |
| 27. | Jul 26 | 4:48P | To | PORTLAND | OR | 503 | 810-1377 | Dirct | N/Wkd | 3 | |
| 28. | Jul 26 | 6:59P | To | PIERRE | SD | 605 | 224-1725 | Dirct | N/Wkd | 1 | |
| 29. | Jul 27 | 10:54A | To | OGDEN | UT | 801 | 782-6008 | Dirct | N/Wkd | 12 | |
| 30. | Jul 27 | 2:40P | To | EL PASO | TX | 915 | 532-1496 | Dirct | N/Wkd | 2 | |
| 31. | Jul 27 | 7:35P | To | HIGHMORE | SD | 605 | 852-2351 | Dirct | N/Wkd | 3 | |
| 32. | Jul 27 | 7:36P | To | YANKTON | SD | 605 | 668-0140 | Dirct | N/Wkd | 1 | |
| 33. | Jul 28 | 2:39P | To | HOUSTON | TX | 713 | 621-5227 | Dirct | N/Wkd | 4 | |
| 34. | Jul 28 | 3:45P | To | HOUSTON | TX | 713 | 965-9244 | Dirct | N/Wkd | 3 | |
| 35. | Jul 28 | 6:03P | To | COVINGTON | LA | 504 | 893-0646 | Dirct | N/Wkd | 2 | |
| 36. | Jul 28 | 6:05P | To | COVINGTON | LA | 504 | 893-0646 | Dirct | N/Wkd | 1 | |
| 37. | Jul 28 | 6:07P | To | SAN ANTONI | TX | 210 | 681-1007 | Dirct | N/Wkd | 1 | |
| 38. | Jul 28 | 6:08P | To | DENVERSLVN | CO | 303 | 752-4717 | Dirct | N/Wkd | 1 | |
| 39. | Jul 28 | 7:44P | To | COVINGTON | LA | 504 | 893-0646 | Dirct | N/Wkd | 93 | |
| 40. | Jul 29 | 8:21A | To | COVINGTON | LA | 504 | 893-0646 | Dirct | N/Wkd | 1 | |
| 41. | Jul 29 | 1:04P | To | HIGHMORE | SD | 605 | 852-2351 | Dirct | N/Wkd | 1 | |
| 42. | Jul 29 | 7:22P | To | HIGHMORE | SD | 605 | 852-2351 | Dirct | N/Wkd | 10 | |
| 43. | Jul 29 | 7:45P | To | PORTLAND | OR | 503 | 705-7896 | Dirct | N/Wkd | 1 | |
| 44. | Jul 29 | 7:46P | To | PORTLAND | OR | 503 | 705-7896 | Dirct | N/Wkd | 1 | |
| 45. | Jul 29 | 7:47P | To | PORTLAND | OR | 503 | 705-7896 | Dirct | N/Wkd | 1 | |
| 46. | Jul 30 | 7:02P | To | COVINGTON | LA | 504 | 893-0646 | Dirct | N/Wkd | 1 | |
| 47. | Jul 30 | 8:04P | To | HIGHMORE | SD | 605 | 852-2351 | Dirct | N/Wkd | 13 | 1 |
| 48. | Jul 31 | 6:10P | To | HOUSTON | TX | 713 | 965-9244 | Dirct | N/Wkd | 11 | 1 |
| 49. | Jul 31 | 6:37P | To | HIGHMORE | SD | 605 | 852-2575 | Dirct | N/Wkd | 24 | 2 |
| 50. | Aug 01 | 7:48A | To | HIGHMORE | SD | 605 | 852-2575 | Dirct | N/Wkd | 1 | |
| 51. | Aug 01 | 10:49A | To | PORTLAND | OR | 503 | 282-0547 | Dirct | N/Wkd | 1 | |
| 52. | Aug 01 | 11:09A | To | SACRAMENTO | CA | 916 | 443-8065 | Dirct | N/Wkd | 6 | |
| 53. | Aug 01 | 11:19A | To | SACRAMENTO | CA | 916 | 443-8065 | Dirct | N/Wkd | 4 | |
| 54. | Aug 01 | 11:27A | To | KANEOHE | HI | 808 | 247-0669 | Dirct | N/Wkd | 1 | |
| 55. | Aug 01 | 11:31A | To | BOISE | ID | 208 | 375-8257 | Dirct | N/Wkd | 4 | |
| 56. | Aug 01 | 11:37A | To | OGDEN | UT | 801 | 782-4656 | Dirct | N/Wkd | 4 | |
| 57. | Aug 01 | 3:15P | To | HIGHMORE | SD | 605 | 852-2575 | Dirct | N/Wkd | 4 | |
| 58. | Aug 01 | 4:08P | To | DALLAS | TX | 214 | 522-6796 | Dirct | N/Wkd | 1 | |
| 59. | Aug 01 | 7:13P | To | REDFIELD | SD | 605 | 472-1189 | Dirct | N/Wkd | 4 | |
| 60. | Aug 02 | 7:31A | To | MOYIE SPGS | ID | 208 | 267-2691 | Dirct | N/Wkd | 17 | 2 |
| 61. | Aug 02 | 2:56P | To | HIGHMORE | SD | 605 | 852-2575 | Dirct | N/Wkd | 1 | |
| | Total Night/Weekend Calls | | | | | | | 752 Minutes | | 23 | 2 90 |
| | Total Domestic Calls | | | | | | | 752 Minutes | | | 90 |
| | Total Direct Dialed Calls | | | | | | | 752 Minutes | | | 90 |

Ex B, P. 10

Form **1040X** (Rev. November 1998)

Department of the Treasury — Internal Revenue Service

# Amended U.S. Individual Income Tax Return

▶ See separate instructions.

Bush 503303721

OMB No. 1545-0091

This return is for calendar year ▶ 1988, OR fiscal year ended ▶ , 19

Please print or type

| Your first name and initial | Last name | Your social security number |
|---|---|---|
| LYMAN F. | BUSH | [redacted] |
| If a joint return, spouse's first name and initial | Last name | Spouse's social security number |
| BEVERLY J. | BUSH | [redacted] |
| Home address (no. and street) or P.O. box if mail is not delivered to your home | Apt. no. | Telephone number (optional) |
| 1217 122nd Street Court East | | 713-965-9244 |
| City, town or post office, state, and ZIP code. If you have a foreign address, see page 2 of the instructions. | | For Paperwork Reduction Act Notice, see page 6. |
| Tacoma, Washington 98445 | | |

A If the name or address shown above is different from that shown on the original return, check here ▶ ☒

B Has the original return been changed or audited by the IRS or have you been notified that it will be? ☒ Yes ☐ No

C Filing status. Be sure to complete this line. **Note:** *You cannot change from joint to separate returns after the due date.*

On original return ▶ ☐ Single ☒ Married filing joint return ☐ Married filing separate return ☐ Head of household ☐ Qualifying widow(er)

On this return ▶ ☐ Single ☒ Married filing joint return ☐ Married filing separate return ☐ Head of household* ☐ Qualifying widow(er)

* If the qualifying person is a child but not your dependent, see page 2.

USE PART II ON THE BACK TO EXPLAIN ANY CHANGES

| | **Income and Deductions (see pages 2 - 5)** | Line | A. Original amount or as previously adjusted (see page 2) | B. Net change — amount of increase or (decrease) — explain in Part II | C. Correct amount |
|---|---|---|---|---|---|
| 1 | Adjusted gross income (see page 3) | 1 | 132,934 | (2,338) | 130,596 |
| 2 | Itemized deductions or standard deduction (see page 3) | 2 | 28,754 | 47 | 28,801 |
| 3 | Subtract line 2 from line 1 | 3 | 104,180 | (2,385) | 101,795 |
| 4 | Exemptions. If changing, fill in Parts I and II on the back | 4 | 3,900 | 0 | 3,900 |
| 5 | Taxable income. Subtract line 4 from line 3 | 5 | 100,280 | (2,385) | 97,895 |
| **Tax Liability** 6 | Tax (see page 4). Method used in col. C Tax Rate Schedule | 6 | 25,630 | (787) | 24,843 |
| 7 | Credits (see page 4) | 7 | | 234 | 234 |
| 8 | Subtract line 7 from line 6. Enter the result but not less than zero | 8 | 25,630 | (1,021) | 24,609 |
| 9 | Other taxes (see page 4) | 9 | | | |
| 10 | Total tax. Add lines 8 and 9 | 10 | 25,630 | (1,021) | 24,609 |
| **Payments** 11 | Federal income tax withheld and excess social security and RRTA tax withheld. If changing, see page 4 | 11 | 15,787 | 0 | 15,787 |
| 12 | Estimated tax payments, including amount applied from prior year's return | 12 | 8,732 | 0 | 8,732 |
| 13 | Earned income credit | 13 | | | |
| 14 | Additional child tax credit from Form 8812 | 14 | | | |
| 15 | Credits from Form 4136 or Form 2439 | 15 | | | |
| 16 | Amount paid with Form 4868, 2688, or 2350 (applications for extension of time to file) | 16 | | | |
| 17 | Amount of tax paid with original return plus additional tax paid after it was filed | 17 | | | 1,111 |
| 18 | Total payments. Add lines 11 through 17 in column C | 18 | | | 25,630 |
| | **Refund or Amount You Owe** | | | | |
| 19 | Overpayment, if any, as shown on original return or as previously adjusted by the IRS | 19 | | | |
| 20 | Subtract line 19 from line 18 (see page 4) | 20 | | | 25,630 |
| 21 | **AMOUNT YOU OWE.** If line 10, column C, is more than line 20, enter the difference and see page 4 | 21 | | | 0 |
| 22 | If line 10, column C, is less than line 20, enter the difference | 22 | | | 1,021 |
| 23 | Amount of line 22 you want **REFUNDED TO YOU** | 23 | | | 1,021 ** |
| 24 | Amount of line 22 you want **APPLIED TO YOUR 19 ESTIMATED TAX** 24 | | | | |

**Sign Here** Joint return? See page 2. Keep a copy for your records.

Under penalties of perjury, I declare that I have filed an original return and that I have examined this amended return, including accompanying schedules and statements, and to the best of my knowledge and belief, this amended return is true, correct and complete. Declaration of preparer (other than taxpayer) is based on all information of which the preparer has any knowledge.

▶ Lyman F Bush 11-24-99
Your signature Date

▶ Lyman F Bush Personal Representative of the Estate of Beverly J Bush, deceased 11-24-99
Spouse's signature. If a joint return, BOTH must sign. Date

**Paid Preparer's Use Only**

Preparer's signature ▶ [signature] CPA — Date 11/23/99 — Check if self-employed ☒ — Preparer's social security no. [redacted]

Firm's name (or yours if self-employed) and address ▶ Brett A. Thompson, CPA, 20214 Kingsland Blvd., Katy, Texas — EIN — ZIP code 77450

** *or such greater amount as is legally refundable, plus interest.*

ISA STF FED3171F.1

Form **1040X** (Rev. 11-98)

Exhibit C, P. 1

Form **1040X** (Rev. November 1998)

Department of the Treasury — Internal Revenue Se.

# Amended U.S. Individual Income Tax Return

▶ See separate instructions.

Bush 503303721

OMB No. 1545-0091

This return is for calendar year ▶ 19 90 , OR fiscal year ended ▶ , 19

| Please print or type | | | |
|---|---|---|---|
| Your first name and initial: LYMAN F. | Last name: BUSH | | Your social security number: [redacted] |
| If a joint return, spouse's first name and initial: BEVERLY J. | Last name: BUSH | | Spouse's social security number: [redacted] |
| Home address (no. and street) or P.O. box if mail is not delivered to your home: 1217 122nd Street Court East | | Apt. no. | Telephone number (optional): 713-965-9244 |
| City, town or post office, state, and ZIP code. If you have a foreign address, see page 2 of the instructions.: Tacoma, Washington 98445 | | | For Paperwork Reduction Act Notice, see page 6. |

A If the name or address shown above is different from that shown on the original return, check here ▶ ☒

B Has the original return been changed or audited by the IRS or have you been notified that it will be? ☒ Yes ☐ No

C Filing status. Be sure to complete this line. **Note:** *You cannot change from joint to separate returns after the due date.*

On original return ▶ ☐ Single ☒ Married filing joint return ☐ Married filing separate return ☐ Head of household ☐ Qualifying widow(er)

On this return ▶ ☐ Single ☒ Married filing joint return ☐ Married filing separate return ☐ Head of household* ☐ Qualifying widow(er)

* If the qualifying person is a child but not your dependent, see page 2.

USE PART II ON THE BACK TO EXPLAIN ANY CHANGES

| | Line | A. Original amount or as previously adjusted (see page 2) | B. Net change — amount of increase or (decrease) — explain in Part II | C. Correct amount |
|---|---|---|---|---|
| **Income and Deductions (see pages 2 - 5)** | | | | |
| 1 Adjusted gross income (see page 3) | 1 | 104,547 | (13,251) | 91,296 |
| 2 Itemized deductions or standard deduction (see page 3) | 2 | 8,458 | 265 | 8,723 |
| 3 Subtract line 2 from line 1 | 3 | 96,089 | (13,516) | 82,573 |
| 4 Exemptions. If changing, fill in Parts I and II on the back | 4 | 4,100 | 0 | 4,100 |
| 5 Taxable income. Subtract line 4 from line 3 | 5 | 91,989 | (13,516) | 78,473 |
| **Tax Liability** | | | | |
| 6 Tax (see page 4). Method used in col. C Tax Rate Schedule | 6 | 22,218 | (4,460) | 17,758 |
| 7 Credits (see page 4) | 7 | | 1,387 | 1,387 |
| 8 Subtract line 7 from line 6. Enter the result but not less than zero | 8 | 22,218 | (5,847) | 16,371 |
| 9 Other taxes (see page 4) | 9 | | | |
| 10 Total tax. Add lines 8 and 9 | 10 | 22,218 | (5,847) | 16,371 |
| **Payments** | | | | |
| 11 Federal income tax withheld and excess social security and RRTA tax withheld. If changing, see page 4 | 11 | 14,155 | 0 | 14,155 |
| 12 Estimated tax payments, including amount applied from prior year's return | 12 | 2,310 | 0 | 2,310 |
| 13 Earned income credit | 13 | | | |
| 14 Additional child tax credit from Form 8812 | 14 | | | |
| 15 Credits from Form 4136 or Form 2439 | 15 | | | |
| 16 Amount paid with Form 4868, 2688, or 2350 (applications for extension of time to file) | 16 | | | |
| 17 Amount of tax paid with original return plus additional tax paid after it was filed | 17 | | | 5,753 |
| 18 Total payments. Add lines 11 through 17 in column C | 18 | | | 22,218 |
| **Refund or Amount You Owe** | | | | |
| 19 Overpayment, if any, as shown on original return or as previously adjusted by the IRS | 19 | | | |
| 20 Subtract line 19 from line 18 (see page 4) | 20 | | | 22,218 |
| 21 AMOUNT YOU OWE. If line 10, column C, is more than line 20, enter the difference and see page 4 | 21 | | | 0 |
| 22 If line 10, column C, is less than line 20, enter the difference | 22 | | | 5,847 |
| 23 Amount of line 22 you want REFUNDED TO YOU | 23 | | | 5,847 ** |
| 24 Amount of line 22 you want APPLIED TO YOUR 19 ESTIMATED TAX | 24 | | | |

**Sign Here** Joint return? See page 2. Keep a copy for your records.

Under penalties of perjury, I declare that I have filed an original return and that I have examined this amended return, including accompanying schedules and statements, and to the best of my knowledge and belief, this amended return is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which the preparer has any knowledge.

Lyman F Bush — Your signature — 11-24-99 Date

Lyman F Bush of the estate of Personal Representative Beverly J Bush deceased — Spouse's signature. If a joint return, BOTH must sign. — 11-24-99 Date

**Paid Preparer's Use Only**

Preparer's signature: Brett A. Thompson CPA — Date 11/23/99 — Check if self-employed ☒ — Preparer's social security no. [redacted]

Firm's name (or yours if self-employed) and address: Brett A. Thompson, CPA, 20214 Kingsland Blvd., Katy, Texas — EIN — ZIP code 77450

** *or such greater amount as is legally refundable, plus interest.*

ISA STF FED3171F.1

Form **1040X** (Rev. 11-9

Ex C P. 2

0571

Bush 503303721

Form **1040X** (Rev. November 1998)

Department of the Treasury — Internal Revenue Service

# Amended U.S. Individual Income Tax Return

▶ See separate instructions.

OMB No. 1545-0091

This return is for calendar year ▶ 1991 , OR fiscal year ended ▶ , 19 .

Please print or type

| Your first name and initial | Last name | Your social security number |
|---|---|---|
| LYMAN F. | BUSH | [redacted] |
| If a joint return, spouse's first name and initial | Last name | Spouse's social security number |
| BEVERLY J. | BUSH | [redacted] |
| Home address (no. and street) or P.O. box if mail is not delivered to your home | Apt. no. | Telephone number (optional) |
| 1217 122nd Street Court East | | 713-965-9244 |
| City, town or post office, state, and ZIP code. If you have a foreign address, see page 2 of the instructions. | | For Paperwork Reduction Act Notice, see page 6. |
| Tacoma, Washington 98445 | | |

A If the name or address shown above is different from that shown on the original return, check here ▶ ☒

B Has the original return been changed or audited by the IRS or have you been notified that it will be? ☒ Yes ☐ No

C Filing status. Be sure to complete this line. **Note:** *You cannot change from joint to separate returns after the due date.*

On original return ▶ ☐ Single ☒ Married filing joint return ☐ Married filing separate return ☐ Head of household ☐ Qualifying widow(er)

On this return ▶ ☐ Single ☒ Married filing joint return ☐ Married filing separate return ☐ Head of household* ☐ Qualifying widow(er)

* If the qualifying person is a child but not your dependent, see page 2.

| USE PART II ON THE BACK TO EXPLAIN ANY CHANGES | | A. Original amount or as previously adjusted (see page 2) | B. Net change — amount of increase or (decrease) — explain in Part II | C. Correct amount |
|---|---|---|---|---|
| **Income and Deductions (see pages 2 - 5)** | | | | |
| 1 Adjusted gross income (see page 3) | 1 | 32,369 | (21,090) | 11,279 |
| 2 Itemized deductions or standard deduction (see page 3) | 2 | 14,877 | 422 | 15,299 |
| 3 Subtract line 2 from line 1 | 3 | 17,492 | (21,512) | (4,020) |
| 4 Exemptions. If changing, fill in Parts I and II on the back | 4 | 4,300 | 0 | 4,300 |
| 5 Taxable income. Subtract line 4 from line 3 | 5 | 13,192 | (21,512) | (8,320) |
| **Tax Liability** | | | | |
| 6 Tax (see page 4). Method used in col. C Tax Rate Schedule | 6 | 1,976 | (1,976) | 0 |
| 7 Credits (see page 4) | 7 | | | |
| 8 Subtract line 7 from line 6. Enter the result but not less than zero | 8 | 1,976 | (1,976) | 0 |
| 9 Other taxes (see page 4) | 9 | 1,101 | 0 | 1,101 |
| 10 Total tax. Add lines 8 and 9 | 10 | 3,077 | (1,976) | 1,101 |
| **Payments** | | | | |
| 11 Federal income tax withheld and excess social security and RRTA tax withheld. If changing, see page 4 | 11 | 7,296 | 0 | 7,296 |
| 12 Estimated tax payments, including amount applied from prior year's return | 12 | 10,060 | 0 | 10,060 |
| 13 Earned income credit | 13 | | | |
| 14 Additional child tax credit from Form 8812 | 14 | | | |
| 15 Credits from Form 4136 or Form 2439 | 15 | | | |
| 16 Amount paid with Form 4868, 2688, or 2350 (applications for extension of time to file) | 16 | | | |
| 17 Amount of tax paid with original return plus additional tax paid after it was filed | 17 | | | |
| 18 Total payments. Add lines 11 through 17 in column C | 18 | | | 17,356 |
| **Refund or Amount You Owe** | | | | |
| 19 Overpayment, if any, as shown on original return or as previously adjusted by the IRS 952 13,327 | 19 | | | 14,279 |
| 20 Subtract line 19 from line 18 (see page 4) | 20 | | | 3,077 |
| 21 **AMOUNT YOU OWE.** If line 10, column C, is more than line 20, enter the difference and see page 4 | 21 | | | 0 |
| 22 If line 10, column C, is less than line 20, enter the difference | 22 | | | 1,976 |
| 23 Amount of line 22 you want **REFUNDED TO YOU** | 23 | | | 1,976 ** |
| 24 Amount of line 22 you want **APPLIED TO YOUR 19 ESTIMATED TAX** | 24 | | | |

**Sign Here**
Joint return? See page 2. Keep a copy for your records.

Under penalties of perjury, I declare that I have filed an original return and that I have examined this amended return, including accompanying schedules and statements, and to the best of my knowledge and belief, this amended return is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which the preparer has any knowledge.

▶ Lyman F. Bush 11-24-99
Your signature — Date

▶ Lyman F. Bush Personal Representative of the Estate of Beverly J. Bush, deceased 11-24-99
Spouse's signature. If a joint return, BOTH must sign. — Date

**Paid Preparer's Use Only**

| Preparer's signature ▶ | Date | Check if self-employed | Preparer's social security no. |
|---|---|---|---|
| B. A. Thompson CPA | 11/23/99 | ☒ | [redacted] |
| Firm's name (or yours if self-employed) and address ▶ Brett A. Thompson, CPA | | | EIN |
| 20214 Kingsland Blvd., Katy, Texas | | | ZIP code 77450 |

** *or such greater amount as is legally refundable, plus interest.*

ISA
STF FED3171F.1

Form **1040X** (Rev. 11-98)

Ex. C P. 3

0572

Bush 503303721

Form **1040X** (Rev. November 1998)

Department of the Treasury — Internal Revenue Serv

# Amended U.S. Individual Income Tax Return

▶ See separate Instructions.

OMB No. 1545-0091

This return is for calendar year ▶ 1992 , OR fiscal year ended ▶ , 19 .

Please print or type

| | | |
|---|---|---|
| Your first name and initial: LYMAN F. | Last name: BUSH | Your social security number: [redacted] |
| If a joint return, spouse's first name and initial: BEVERLY J. | Last name: BUSH | Spouse's social security number: [redacted] |
| Home address (no. and street) or P.O. box if mail is not delivered to your home: 1217 122nd Street Court East | Apt. no. | Telephone number (optional): 713-965-9244 |
| City, town or post office, state, and ZIP code. If you have a foreign address, see page 2 of the instructions: Tacoma, Washington 98445 | | For Paperwork Reduction Act Notice, see page 6. |

A If the name or address shown above is different from that shown on the original return, check here ▶ [X]

B Has the original return been changed or audited by the IRS or have you been notified that it will be? [X] Yes [ ] No

C Filing status. Be sure to complete this line. **Note:** *You cannot change from joint to separate returns after the due date.*

On original return ▶ [ ] Single [X] Married filing joint return [ ] Married filing separate return [ ] Head of household [ ] Qualifying widow(er)

On this return ▶ [ ] Single [X] Married filing joint return [ ] Married filing separate return [ ] Head of household* [ ] Qualifying widow(er)

* If the qualifying person is a child but not your dependent, see page 2.

USE PART II ON THE BACK TO EXPLAIN ANY CHANGES

| | Line | A. Original amount or as previously adjusted (see page 2) | B. Net change — amount of increase or (decrease) — explain in Part II | C. Correct amount |
|---|---|---|---|---|
| **Income and Deductions (see pages 2 - 5)** | | | | |
| 1 Adjusted gross income (see page 3) | 1 | 91,668 | (106,670) | (15,002) |
| 2 Itemized deductions or standard deduction (see page 3) | 2 | 12,603 | 2,215 | 14,818 |
| 3 Subtract line 2 from line 1 | 3 | 79,065 | (108,885) | (29,820) |
| 4 Exemptions. If changing, fill in Parts I and II on the back | 4 | 4,600 | 0 | 4,600 |
| 5 Taxable income. Subtract line 4 from line 3 | 5 | 74,465 | (108,885) | (34,420) |
| **Tax Liability** | | | | |
| 6 Tax (see page 4). Method used in col. C Tax Table | 6 | 16,199 | (16,199) | 0 |
| 7 Credits (see page 4) | 7 | | | |
| 8 Subtract line 7 from line 6. Enter the result but not less than zero | 8 | 16,199 | (16,199) | 0 |
| 9 Other taxes (see page 4) | 9 | 5,800 | 0 | 5,800 |
| 10 Total tax. Add lines 8 and 9 | 10 | 21,999 | (16,199) | 5,800 |
| **Payments** | | | | |
| 11 Federal income tax withheld and excess social security and RRTA tax withheld. If changing, see page 4 | 11 | 2,787 | 0 | 2,787 |
| 12 Estimated tax payments, including amount applied from prior year's return | 12 | 16,500 | 0 | 16,500 |
| 13 Earned income credit | 13 | | | |
| 14 Additional child tax credit from Form 8812 | 14 | | | |
| 15 Credits from Form 4136 or Form 2439 | 15 | | | |
| 16 Amount paid with Form 4868, 2688, or 2350 (applications for extension of time to file) | 16 | | | |
| 17 Amount of tax paid with original return plus additional tax paid after it was filed | 17 | | | 2,712 |
| 18 Total payments. Add lines 11 through 17 in column C | 18 | | | 21,999 |
| **Refund or Amount You Owe** | | | | |
| 19 Overpayment, if any, as shown on original return or as previously adjusted by the IRS | 19 | | | |
| 20 Subtract line 19 from line 18 (see page 4) | 20 | | | 21,999 |
| 21 **AMOUNT YOU OWE.** If line 10, column C, is more than line 20, enter the difference and see page 4 | 21 | | | 0 |
| 22 If line 10, column C, is less than line 20, enter the difference | 22 | | | 16,199 |
| 23 Amount of line 22 you want **REFUNDED TO YOU** | 23 | | | 16,199 ** |
| 24 Amount of line 22 you want **APPLIED TO YOUR 19 ESTIMATED TAX** | 24 | | | |

**Sign Here** Joint return? See page 2. Keep a copy for your records.

Under penalties of perjury, I declare that I have filed an original return and that I have examined this amended return, including accompanying schedules and statements, and to the best of my knowledge and belief, this amended return is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which the preparer has any knowledge.

Lyman F Bush — Your signature — Date 11-24-99

Lyman F Bush Personal Representative of the Estate of Beverly J Bush, Deceased — Spouse's signature. If a joint return, BOTH must sign. — Date 11-24-99

**Paid Preparer's Use Only**

Preparer's signature ▶ [signature] CPA — Date 11/23/99 — Check if self-employed [X] — Preparer's social security no. [redacted]

Firm's name (or yours if self-employed) and address ▶ Brett A. Thompson, CPA, 20214 Kingsland Blvd., Katy, Texas — EIN — ZIP code 77450

** *or such greater amount as is legally refundable, plus interest.*

ISA STF FED3171F 1

Form 1040X (Rev 11-98)

Ex. C. P. 4

0573

Form **1040X** (Rev. November 1998)

Department of the Treasury — Internal Revenue Service

# Amended U.S. Individual Income Tax Return

▶ See separate instructions.

Bush 503303721

OMB No. 1545-0091

This return is for calendar year ▶ 19 93 , OR fiscal year ended ▶ , 19

Please print or type

| Your first name and initial | Last name | Your social security number |
|---|---|---|
| LYMAN F. | BUSH | [redacted] |
| If a joint return, spouse's first name and initial | Last name | Spouse's social security number |
| BEVERLY J. | BUSH | [redacted] |
| Home address (no. and street) or P.O. box if mail is not delivered to your home | Apt. no. | Telephone number (optional) |
| 1217 122nd Street Court East | | 713-965-9244 |
| City, town or post office, state, and ZIP code. If you have a foreign address, see page 2 of the instructions. | | For Paperwork Reduction Act Notice, see page 6. |
| Tacoma, Washinton 98445 | | |

A If the name or address shown above is different from that shown on the original return, check here ▶ ☒

B Has the original return been changed or audited by the IRS or have you been notified that it will be? ☒ Yes ☐ No

C Filing status. Be sure to complete this line. **Note:** *You cannot change from joint to separate returns after the due date.*

On original return ▶ ☐ Single ☒ Married filing joint return ☐ Married filing separate return ☐ Head of household ☐ Qualifying widow(er)

On this return ▶ ☐ Single ☒ Married filing joint return ☐ Married filing separate return ☐ Head of household* ☐ Qualifying widow(er)

* If the qualifying person is a child but not your dependent, see page 2.

| USE PART II ON THE BACK TO EXPLAIN ANY CHANGES | | A. Original amount or as previously adjusted (see page 2) | B. Net change — amount of increase or (decrease) — explain in Part II | C. Correct amount |
|---|---|---|---|---|
| **Income and Deductions (see pages 2 - 5)** | | | | |
| 1 Adjusted gross income (see page 3) | 1 | 127,724 | (32,987) | 94,737 |
| 2 Itemized deductions or standard deduction (see page 3) | 2 | 10,688 | 1,909 | 12,597 |
| 3 Subtract line 2 from line 1 | 3 | 117,036 | (34,896) | 82,140 |
| 4 Exemptions. If changing, fill in Parts I and II on the back | 4 | 4,700 | 0 | 4,700 |
| 5 Taxable income. Subtract line 4 from line 3 | 5 | 112,336 | (34,896) | 77,440 |
| **Tax Liability** | | | | |
| 6 Tax (see page 4). Method used in col. C Tax Table | 6 | 26,651 | (9,769) | 16,882 |
| 7 Credits (see page 4) | 7 | | 1,330 | 1,330 |
| 8 Subtract line 7 from line 6. Enter the result but not less than zero | 8 | 26,651 | (11,099) | 15,552 |
| 9 Other taxes (see page 4) | 9 | 6,768 | 0 | 6,768 |
| 10 Total tax. Add lines 8 and 9 | 10 | 33,419 | (11,099) | 22,320 |
| **Payments** | | | | |
| 11 Federal income tax withheld and excess social security and RRTA tax withheld. If changing, see page 4 | 11 | 2,611 | 0 | 2,611 |
| 12 Estimated tax payments, including amount applied from prior year's return | 12 | 35,930 | 0 | 35,930 |
| 13 Earned income credit | 13 | | | |
| 14 Additional child tax credit from Form 8812 | 14 | | | |
| 15 Credits from Form 4136 or Form 2439 | 15 | | | |
| 16 Amount paid with Form 4868, 2688, or 2350 (applications for extension of time to file) | 16 | | | |
| 17 Amount of tax paid with original return plus additional tax paid after it was filed | 17 | | | |
| 18 Total payments. Add lines 11 through 17 in column C | 18 | | | 38,541 |
| **Refund or Amount You Owe** | | | | |
| 19 Overpayment, if any, as shown on original return or as previously adjusted by the IRS | 19 | | | 5,122 |
| 20 Subtract line 19 from line 18 (see page 4) | 20 | | | 33,419 |
| 21 **AMOUNT YOU OWE.** If line 10, column C, is more than line 20, enter the difference and see page 4 | 21 | | | 0 |
| 22 If line 10, column C, is less than line 20, enter the difference | 22 | | | 11,099 |
| 23 Amount of line 22 you want **REFUNDED TO YOU** | 23 | | | 11,099 ** |
| 24 Amount of line 22 you want **APPLIED TO YOUR 19 ESTIMATED TAX** | 24 | | | |

**Sign Here**
Joint return? See page 2. Keep a copy for your records.

Under penalties of perjury, I declare that I have filed an original return and that I have examined this amended return, including accompanying schedules and statements, and to the best of my knowledge and belief, this amended return is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which the preparer has any knowledge.

▶ Lyman F Bush 11-24-99
Your signature Date

▶ Lyman F Bush Personal Representative of the estate of Beverly J Bush deceased 11-24-99
Spouse's signature. If a joint return, BOTH must sign. Date

**Paid Preparer's Use Only**

Preparer's signature ▶ [signature] CPA
Date 11/23/99
Check if self-employed ☒
Preparer's social security no. [redacted]

Firm's name (or yours if self-employed) and address ▶ Brett A. Thompson, CPA
20214 Kingsland Blvd., Katy, Texas
EIN
ZIP code 77450

** *or such greater amount as is legally refundable, plus interest.*

ISA
STF FED3171F.1

Form **1040X** (Rev. 11-98)

Ex C. P. 5

0574

Form **1040X** (Rev. November 1998)

Department of the Treasury — Internal Revenue Service

# Amended U.S. Individual Income Tax Return

▶ See separate instructions.

Bush 503303721

OMB No. 1545-0091

This return is for calendar year ▶ 1995, OR fiscal year ended ▶ , 19

| Please print or type | | | |
|---|---|---|---|
| Your first name and initial: LYMAN F. | Last name: BUSH | | Your social security number: [redacted] |
| If a joint return, spouse's first name and initial: BEVERLY J. | Last name: BUSH | | Spouse's social security number: [redacted] |
| Home address (no. and street) or P.O. box if mail is not delivered to your home: 1217 122nd Street Court East | | Apt. no. | Telephone number (optional): 713-965-9244 |
| City, town or post office, state, and ZIP code. If you have a foreign address, see page 2 of the instructions.: Tacoma, Washington 98445 | | | For Paperwork Reduction Act Notice, see page 6. |

A If the name or address shown above is different from that shown on the original return, check here ▶ ☒

B Has the original return been changed or audited by the IRS or have you been notified that it will be? ☒ Yes ☐ No

C Filing status. Be sure to complete this line. **Note:** *You cannot change from joint to separate returns after the due date.*

On original return ▶ ☐ Single ☒ Married filing joint return ☐ Married filing separate return ☐ Head of household ☐ Qualifying widow(er)

On this return ▶ ☐ Single ☒ Married filing joint return ☐ Married filing separate return ☐ Head of household* ☐ Qualifying widow(er)

* If the qualifying person is a child but not your dependent, see page 2.

| USE PART II ON THE BACK TO EXPLAIN ANY CHANGES | Line | A. Original amount or as previously adjusted (see page 2) | B. Net change — amount of increase or (decrease) — explain in Part II | C. Correct amount |
|---|---|---|---|---|
| **Income and Deductions (see pages 2 - 5)** | | | | |
| 1 Adjusted gross income (see page 3) | 1 | 74,240 | (161,118) | (86,878) |
| 2 Itemized deductions or standard deduction (see page 3) | 2 | 17,508 | 5,739 | 23,247 |
| 3 Subtract line 2 from line 1 | 3 | 56,732 | (166,857) | (110,125) |
| 4 Exemptions. If changing, fill in Parts I and II on the back | 4 | 5,000 | 0 | 5,000 |
| 5 Taxable income. Subtract line 4 from line 3 | 5 | 51,732 | (166,857) | (115,125) |
| **Tax Liability** | | | | |
| 6 Tax (see page 4). Method used in col. C Tax Table | 6 | 9,413 | (9,413) | 0 |
| 7 Credits (see page 4) | 7 | | 1,948 | 1,948 |
| 8 Subtract line 7 from line 6. Enter the result but not less than zero | 8 | 9,413 | (9,413) | 0 |
| 9 Other taxes (see page 4) | 9 | 5,115 | 0 | 5,115 |
| 10 Total tax. Add lines 8 and 9 | 10 | 14,528 | (9,413) | 5,115 |
| **Payments** | | | | |
| 11 Federal income tax withheld and excess social security and RRTA tax withheld. If changing, see page 4 | 11 | 2,553 | 0 | 2,553 |
| 12 Estimated tax payments, including amount applied from prior year's return | 12 | 8,262 | 0 | 8,262 |
| 13 Earned income credit | 13 | | | |
| 14 Additional child tax credit from Form 8812 | 14 | | | |
| 15 Credits from Form 4136 or Form 2439 | 15 | | | |
| 16 Amount paid with Form 4868, 2688, or 2350 (applications for extension of time to file) | 16 | | | |
| 17 Amount of tax paid with original return plus additional tax paid after it was filed | 17 | | | 3,713 |
| 18 Total payments. Add lines 11 through 17 in column C | 18 | | | 14,528 |
| **Refund or Amount You Owe** | | | | |
| 19 Overpayment, if any, as shown on original return or as previously adjusted by the IRS | 19 | | | |
| 20 Subtract line 19 from line 18 (see page 4) | 20 | | | 14,528 |
| 21 **AMOUNT YOU OWE.** If line 10, column C, is more than line 20, enter the difference and see page 4 | 21 | | | 0 |
| 22 If line 10, column C, is less than line 20, enter the difference | 22 | | | 9,413 |
| 23 Amount of line 22 you want **REFUNDED TO YOU** | 23 | | | 9,413 ** |
| 24 Amount of line 22 you want **APPLIED TO YOUR 19 ESTIMATED TAX** | 24 | | | |

**Sign Here** Joint return? See page 2. Keep a copy for your records.

Under penalties of perjury, I declare that I have filed an original return and that I have examined this amended return, including accompanying schedules and statements, and to the best of my knowledge and belief, this amended return is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which the preparer has any knowledge.

Your signature: Lyman F Bush Date: 11-24-99

Spouse's signature. If a joint return, BOTH must sign.: Lyman F Bush Personal Representative of the Estate of Beverly J Bush deceased Date: 11-24-99

**Paid Preparer's Use Only**

Preparer's signature: Brett A Thompson CPA Date: 11/23/99 Check if self-employed ☒ Preparer's social security no. [redacted]

Firm's name (or yours if self-employed) and address: Brett A. Thompson, CPA, 20214 Kingsland Blvd., Katy, Texas EIN ZIP code 77450

** *or such greater amount as is legally refundable, plus interest.*

Form 1040X (Rev. 11-98)

ISA
STF FED3171F.1

Ex. C. P. 6

0575

Department of the Treasury
Internal Revenue Service

OGDEN, UT 84201

In reply refer to: 2981522163
Aug. 23, 2000 LTR 105C
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 199012 30 000 1
00751

LYMAN F & BEVERLY J DECD BUSH
% THOMAS E REDDING ESQ
515 POST OAK BOULLEVARD STE 500
HOUSTON TX 77027-9148150

CERTIFIED MAIL

Taxpayer Identification Number: [redacted]
Kind of Tax: INCOME TAX
Amount of Claim(s): $ 5,847.00

Date Claim(s) Received: Dec. 28, 1999
Tax Period(s): Dec. 31, 1990

Dear Taxpayer:

This letter is your legal notice that we have disallowed your claim(s). We can't allow your claim(s) for refund or credit for the period(s) shown above for the reason(s) listed below.

Since the losses from Summer Lovers were not disallowed in previous years, the income is not available for "at risk" carryover. The amounts were never limited. Since there is no investment tax credit available in 1990 from any of the partnerships, the credit has not been allowed. You will receive a separate notice explaining the adjustments to Cinema 84.

If you want to appeal our decision to disallow your claim, you must provide a brief written statement of the issues you don't agree with. The facts contained in the written statement should be detailed and complete, including names, amounts, locations, etc.

You should include the following:

1. A statement that you want to appeal the disallowance.

2. Your name, address, and a telephone number where you can be contacted during the day.

3. A statement of facts supporting your reasons for disputing the disallowance.

4. A statement outlining the law or other authority that supports your claim.

Ex. C, P7

You must declare that the statement of facts is true under penalties

Department of the Treasury
Internal Revenue Service

OGDEN, UT 84201

In reply refer to: 2981522163
Aug. 23, 2000 LTR 105C
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 000000 00 000
00712

LYMAN F & BEVERLY J BUSH
1217 122ND STREET CT E
TACOMA WA 98445-3519174

CERTIFIED MAIL

| | | | |
|---|---|---|---|
| Taxpayer Identification Number: | [redacted] | | |
| Kind of Tax: | INCOME TAX | | |
| Amount of Claim(s): | $ | 16,199.00 | 11,099.00 |
| Date Claim(s) Received: | Nov. 29, 1999 | | |
| Tax Period(s): | Dec. 31, 1992 | | Dec. 31, 1993 |

Dear Taxpayer:

This letter is your legal notice that we have disallowed your claim(s). We can't allow your claim(s) for refund or credit for the period(s) shown above for the reason(s) listed below.

Due to adjustments made to your 1995 tax return, as a result of an examination, there is no net operating loss to carryback. Therefore, we are unable to process your Form 1040X. You will receive a separate notice explaining any adjustments made to this year.

If you want to appeal our decision to disallow your claim, you must provide a brief written statement of the issues you don't agree with. The facts contained in the written statement should be detailed and complete, including names, amounts, locations, etc.

You should include the following:

1. A statement that you want to appeal the disallowance.

2. Your name, address, and a telephone number where you can be contacted during the day.

3. A statement of facts supporting your reasons for disputing the disallowance.

4. A statement outlining the law or other authority that supports your claim.

You must declare that the statement of facts is true under penalties of perjury. You may do this by adding the following statement and signing it: Ex C. P. 8

Department of the Treasury
Internal Revenue Service

OGDEN, UT 84201

In reply refer to: 2981522163
Aug. 23, 2000 LTR 105C
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 199512 30 000 C
00760

LYMAN F & BEVERLY J DECD BUSH
LYMAN F BUSH EX
1217 122ND ST CT E
TACOMA WA 98445-3519174

CERTIFIED MAIL

Taxpayer Identification Number: [redacted]
Kind of Tax: INCOME TAX
Amount of Claim(s): $ 9,413.00

Date Claim(s) Received: Nov. 29, 1999
Tax Period(s): Dec. 31, 1995

Dear Taxpayer:

This is a copy of a letter we sent to the taxpayer named above. We are sending it to you because you filed a joint return with that taxpayer for the tax period shown.

This letter is your legal notice that we have disallowed your claim(s). We can't allow your claim(s) for refund or credit for the period(s) shown above for the reason(s) listed below.

We are unable to process your Form 1040X at this time. To enable us to process it, copies of cancelled checks or verification of money paid to the partnership(s), must be provided to verify the capital contributed in 1995. You will receive a separate notice explaining the adjustments made to this year.

If you want to appeal our decision to disallow your claim, you must provide a brief written statement of the issues you don't agree with. The facts contained in the written statement should be detailed and complete, including names, amounts, locations, etc.

You should include the following:

1. A statement that you want to appeal the disallowance.

2. Your name, address, and a telephone number where you can be contacted during the day.

3. A statement of facts supporting your reasons for disputing the disallowance.

Ex. C. P. 9

4. A statement outlining the law or other authority that supports

0578

Internal Revenue Service
Department of the Treasury
Western Region
1160 West 1200 South
Ogden, UT 84201

Date: July 12, 2000

LYMAN F & BEVERLY J DECD BUSH
C/O LYMAN F BUSH
1217 122ND STREET CT E
TACOMA WA 98445-3519

Mail Stop: 4410
Person to Contact:
Ms. Jones
Refer Reply to: 2980500467
Telephone Number:
(801) 629-1193
Not a toll free call
Hours: 6:30 a.m. to 2 p.m.
Mountain Time
Monday - Friday
**Taxpayer Identification Number:**
[redacted]
**Tax Year(s):** 1981
**Partnership/S Corporation:**
Cinema 84
**Employer Identification Number:**
11-2678807

Dear Mr. Bush:

The examination of Cinema 84 partnership/S corporation, employer identification number 11-2678807 has been completed.

Enclosed is Form 4549A-CG explaining how the adjustments made during our examination of the above partnership/S corporation affect your individual income tax return(s). This form is for your records.

The refund shown will be applied to any balance due account(s) first. We will refund any overpayment after any other taxes or other obligations, we are required to collect, are paid in full.

A copy of this letter has been forwarded to your authorized representative.

If you have any questions about this matter, please contact the person whose name, telephone number, and contact hours are shown above.

If you write, please include your telephone number, the hours you can be reached and a copy of this letter.

Thank you for your cooperation.

Sincerely, PHOTOCOPY

W. Jones
Tax Technician
Examination Branch

Enclosure(s):
Form 4549A-CG
Publication 564

Cc: Thomas E. Redding

Exhibit D, P.1

0579

L -tment of the Treasury - Internal Revenue - -ce
Income Tax Examination Changes

| Name and Address of Taxpayer | SS or EI Number: | | Return Form No. |
|---|---|---|---|
| LYMAN F & BEVERLY J DECD BUSH<br>1217 122ND STREET CT E<br><br>TACOMA WA 98445-3519 | [redacted] | | 1040 |
| | Person with whom examination changes were discussed | Name and Title | |

| 1. Adjustments to Income | Period End 12/31/1981 | Period End | Period End |
|---|---|---|---|
| A. | $ | $ | $ |
| B. | | | |
| C. | | | |
| D. | | | |
| E. | | | |
| F. | | | |
| G. | | | |
| H. | | | |
| I. | | | |
| J. | | | |
| K. | | | |
| L. | | | |
| M. | | | |
| N. | | | |
| O. | | | |
| P. | | | |
| Q. | | | |
| R. | | | |
| S. | | | |
| 2. Total Adjustments | 0.00 | | |
| 3. Taxable Income Per Return or as Previously Adjusted | 91,779.00 | | |
| 4. Corrected Taxable Income | 91,779.00 | | |
| Tax Method | TAX RATE | | |
| Filing Status | JOINT | | |
| 5. Tax | 36,684.00 | | |
| 6. Additional Taxes | | | |
| 7. Corrected Tax Liability | 36,684.00 | | |
| 8. Less Credits A. INVESTMENT CREDIT | 4,037.00 | | |
| B. | | | |
| C. | | | |
| D. | | | |
| 9. Balance (Line 7 less total of lines 8A through 8D) | 32,647.00 | | |
| 10. Plus Other Taxes A. | | | |
| B. | | | |
| C. | | PHOTOCOPY | |
| D. | | | |
| 11. Total Corrected Tax Liability (Line 9 + lines 10A to 10D) | 32,647.00 | | |
| 12. Total Tax Shown on Return or as Previously Adjusted | 36,684.00 | | |
| 13. Adjustments to A. Special Fuels Credit | | | |
| B. | | | |
| 14. Deficiency - Increase in Tax or (Overassessment - Decrease in tax) (Line 11 less Line 12 adjusted by Line 13) | (4,037.00) | | |
| 15. Adjustments to Prepayment Credits | | | |
| 16. Balance Due or Overpayment (Line 14 Adjusted by Line 15) (Excluding Interest and penalties) | $ (4,037.00) | $ | $ |

The Internal Revenue Service has agreements with State tax agencies under which information about Federal tax, including increases or decreases, is exchanged with the States. If this change affects the amount of your State income tax, you should file the State form.

You may be subject to backup withholding if you underreport your interest, dividend, or patronage dividend income and do not pay the required tax. The IRS may order backup withholding at 31 percent after four notices have been issued to you over a 120-day period and the tax has been assessed and remains unpaid.



Exhibit D, P. 2

ɪment of the Treasury - Internal Revenue -ce
Income Tax Examination Changes

| Name of Taxpayer: LYMAN F & BEVERLY J DECD BUSH | SS or EI Number: [redacted] | Return Form No. 1040 |
|---|---|---|

| | Period End 12/31/1981 | Period End | Period End |
|---|---|---|---|
| 17. Penalties | | | |
| A. | $ | $ | $ |
| B. | | | |
| C. | | | |
| D. | | | |
| E. | | | |
| F. | | | |
| G. | | | |
| H. | | | |
| I. | | | |
| J. | | | |
| K. | | | |
| L. | | | |
| M. | | | |
| N. | | | |
| 18. Total Penalties | | | |
| 19. Underpayment attributable to negligence: (1981 - 1987) An Addition to the tax of 50 percent of the interest due on this underpayment will accrue until paid or assessed. | | | |
| 20. Underpayment attributable to fraud: (1982 - 1987) An addition to the tax of 50 percent of the interest due on this underpayment will accrue until paid or assessed. | | | |
| 21. Underpayment attributable to Tax Motivated Transactions: TMT Interest will accrue and be assessed at 120 percent of the underpayment rate in accordance with IRC 6621(c). | | | |
| Summary of Taxes, Penalties and Interest: | | | |
| A. Balance due or Overpayment of Taxes (line 16, page 1) | (4,037.00) | | |
| B. Penalties (line 18, page 2) (computed to 08/12/2000) | | | |
| C. Interest (IRC 6601) (computed to 08/12/2000) | | | |
| D. TMT Interest (computed to 08/12/2000 on TMT underpay) | | | |
| E. Amount due or refund (sum of lines A. B. C. and D.) | (4,037.00) | | |

Other Information:

| Examiner's Signature | District | Date |
|---|---|---|
| MS JONES 2980500467 | Ogden Service Center | 07/12/2000 |

RGS Ver. 4.62.00



Form 4549A-CG (Rev. 1-91)

Ex. D P. 3

| FORM 886-A | EXPLANATION OF ITEMS | SCHEDULE/EXHIBIT |
|---|---|---|
| NAME OF TAXPAYER<br>LYMAN F & BEVERLY J DECD BUSH [redacted] | | YEAR/PERIOD ENDED<br>198112 |

STANDARD PARAGRAPHS:

| | PER RETURN | PER EXAM | ADJUSTMENT |
|---|---|---|---|
| 1984 C/B INVMT CREDIT | 0.00 | 4,037.00 | (4,037.00) |

Your original return reflected a zero balance due and no investment tax credit was used. The amount could have been used in prior year(s). However, no amount was ever carried back. Since the statute of limitations has expired for any amount to be claimed or used in prior year(s) and no Form 1040X has been received to claim any investment tax credit from Lone Wolf McQuade, from 1983, the only amount of investment tax credit allowable, at this time, is the amount available to offset the tax increase for this year.

We have adjusted your return in accordance with the examination results for the identified Partnership / S Corporation. The examination results are based on the settlement agreement, Form 906.

-19-1996 8:40PM FROM P. 1

821 IS THIS OK WITH YOU? 2[illegible] -610-08000-0 S 200032 CP: 21E

Department of the Treasury
Internal Revenue Service
OGDEN, UT 84201

Date of this notice: AUG. 21, 2000
Taxpayer Identifying Number [redacted]
Form: 1040 Tax Period: DEC. 31, 1981

For assistance you may call us at:
1-800-829-1040

LYMAN F & BEVERLY J DECD BUSH
1217 122ND ST CT E
TACOMA WA 98445-3519174

WE CHANGED YOUR ACCOUNT

THE CHANGE(S) BELOW RESULTED FROM AN EXAMINATION OF YOUR TAX RETURN SHOWN ABOVE. PLEASE SEE YOUR COPY OF THE EXAMINATION REPORT FOR A DETAILED EXPLANATION OF THE CHANGES.

IF YOU HAVE ANY QUESTIONS, PLEASE CALL US AT THE NUMBER LISTED ABOVE.

STATEMENT OF ACCOUNT

| | |
|---|---|
| ACCOUNT BALANCE BEFORE EXAMINATION ACTION | $5,271.33 DUE |
| DECREASE IN TAX BECAUSE OF EXAMINATION ACTION | 4,037.00CR |
| THE LATE PAYMENT PENALTY THAT WAS PREVIOUSLY CHARGED HAS BEEN REDUCED | 100.92CR |
| DECREASE IN INTEREST PREVIOUSLY CHARGED * | 1,234.33CR |
| AMOUNT TO BE REFUNDED TO YOU IF YOU OWE NO OTHER TAXES OR OTHER DEBTS WE ARE REQUIRED TO COLLECT | $100.92 |

YOU MAY HAVE ALREADY RECEIVED THIS CHECK. IF NOT, PLEASE ALLOW 2 WEEKS FOR IT TO BE MAILED TO YOU, UNLESS THERE ARE OTHER MATTERS PENDING WHICH COULD POSTPONE YOUR REFUND.

* IF THIS INTEREST WAS PREVIOUSLY TAKEN AS A DEDUCTION, IT MUST NOW BE REPORTED AS INCOME ON YOUR NEXT INCOME TAX RETURN.

Ex. D P.5

Internal Revenue S· ·ice
Department of the Treasury
Western Region
1160 West 1200 South
Ogden, UT 84201

Mail Stop: ·410
Person to Contact:
Ms. Jones
Refer Reply to: 2980500467
Telephone Number:
(801) 629-1193
Not a toll free call
Hours: 6:30 a.m. to 2 p.m.
Mountain Time
Monday - Friday
**Taxpayer Identification Number:**
[redacted]
**Tax Year(s):** 1988
**Partnership/S Corporation:**
Lone Wolf McQuade Associates and Cinema 84
**Employer Identification Number:**
13-3109971 and 11-2678807

Date: July 12, 2000

LYMAN F & BEVERLY J DECD BUSH
C/O LYMAN F BUSH
1217 122ND STREET CT E
TACOMA WA 98445-3519

Dear Mr. Bush:

The examination of Lone Wolf McQuade Associates and Cinema 84 partnership/S corporation, employer identification number 13-3109971 and 11-2678807 has been completed.

Enclosed is Form 4549A-CG explaining how the adjustments made during our examination of the above partnership/S corporation affect your individual income tax return(s). This form is for your records.

The refund shown will be applied to any balance due account(s) first. We will refund any overpayment after any other taxes or other obligations, we are required to collect, are paid in full.

A copy of this letter has been forwarded to your authorized representative.

If you have any questions about this matter, please contact the person whose name, telephone number, and contact hours are shown above.

If you write, please include your telephone number, the hours you can be reached and a copy of this letter.

Thank you for your cooperation.

Sincerely, **PHOTOCOPY**

W. Jones
Tax Technician
Examination Branch

Enclosure(s):
Form 4549A-CG

Cc: Thomas E. Redding

Ex. D. P. 6

0584

Department of the Treasury - Internal Revenue Service
Income Tax Examination Changes

| Name and Address of Taxpayer | SS or EI Number: | | Return Form No. |
|---|---|---|---|
| LYMAN F & BEVERLY J DECD BUSH<br>1217 122ND STREET CT E<br><br>TACOMA WA 98445-3519 | [redacted] | | 1040 |
| | Person with whom examination changes were discussed | Name and Title | |

| 1. Adjustments to Income | Period End 12/31/1988 | Period End | Period End |
|---|---|---|---|
| A. CINEMA 84 | $ (2,338.00) | $ | $ |
| B. ITEMIZED DEDUCTIONS | (46.00) | | |
| C. LONE WOLF MCQUADE | 38.00 | | |
| D. | | | |
| E. | | | |
| F. | | | |
| G. | | | |
| H. | | | |
| I. | | | |
| J. | | | |
| K. | | | |
| L. | | | |
| M. | | | |
| N. | | | |
| O. | | | |
| P. | | | |
| Q. | | | |
| R. | | | |
| S. | | | |
| 2. Total Adjustments | (2,346.00) | | |
| 3. Taxable Income Per Return or as Previously Adjusted | 100,280.00 | | |
| 4. Corrected Taxable Income | 97,934.00 | | |
| Tax Method | TAX RATE | | |
| Filing Status | JOINT | | |
| 5. Tax | 24,856.00 | | |
| 6. Additional Taxes | | | |
| 7. Corrected Tax Liability | 24,856.00 | | |
| 8. Less Credits A. | | | |
| B. | | | |
| C. | | | |
| D. | | | |
| 9. Balance (Line 7 less total of lines 8A through 8D) | 24,856.00 | | |
| 10. Plus Other Taxes A. | | | |
| B. | | | |
| C. | | | |
| D. | | | |
| 11. Total Corrected Tax Liability (Line 9 + lines 10A to 10D) | 24,856.00 | PHOTOCOPY | |
| 12. Total Tax Shown on Return or as Previously Adjusted | 25,630.00 | | |
| 13. Adjustments to A. Special Fuels Credit | | | |
| B. | | | |
| 14. Deficiency - Increase in Tax or (Overassessment - Decrease in tax) (Line 11 less Line 12 adjusted by Line 13) | (774.00) | | |
| 15. Adjustments to Prepayment Credits | | | |
| 16. Balance Due or Overpayment (Line 14 Adjusted by Line 15) (Excluding Interest and penalties) | $ (774.00) | $ | $ |

The Internal Revenue Service has agreements with State tax agencies under which information about Federal tax, including increases or decreases, is exchanged with the States. If this change affects the amount of your State income tax, you should file the State form.

You may be subject to backup withholding if you underreport your interest, dividend, or patronage dividend income and do not pay the required tax. The IRS may order backup withholding at 31 percent after four notices have been issued to you over a 120-day period and the tax has been assessed and remains unpaid.



Ex. D. P. 7

. . .tment of the Treasury - Internal Revenue- . .ce
Income Tax Examination Changes

| Name of Taxpayer: LYMAN F & BEVERLY J DECD BUSH | SS or EI Number: [redacted] | Return Form No. 1040 |
|---|---|---|

| | Period End 12/31/1988 | Period End | Period End |
|---|---|---|---|
| 17. Penalties | | | |
| A. | $ | $ | $ |
| B. | | | |
| C. | | | |
| D. | | | |
| E. | | | |
| F. | | | |
| G. | | | |
| H. | | | |
| I. | | | |
| J. | | | |
| K. | | | |
| L. | | | |
| M. | | | |
| N. | | | |
| 18. Total Penalties | | | |
| 19. Underpayment attributable to negligence: (1981 - 1987) An Addition to the tax of 50 percent of the interest due on this underpayment will accrue until paid or assessed. | | | |
| 20. Underpayment attributable to fraud: (1982 - 1987) An addition to the tax of 50 percent of the interest due on this underpayment will accrue until paid or assessed. | | | |
| 21. Underpayment attributable to Tax Motivated Transactions: TMT Interest will accrue and be assessed at 120 percent of the underpayment rate in accordance with IRC 6621(c). | | | |
| Summary of Taxes, Penalties and Interest: | | | |
| A. Balance due or Overpayment of Taxes (line 16, page 1) | (774.00) | | |
| B. Penalties (line 18, page 2) (computed to 08/12/2000) | | | |
| C. Interest (IRC 6601) (computed to 08/12/2000) | | | |
| D. TMT Interest (computed to 08/12/2000 on TMT underpay) | | | |
| E. Amount due or refund (sum of lines A. B. C. and D.) | (774.00) | | |

Other Information:

| Examiner's Signature MS JONES 2980500467 | District Ogden Service Center | Date 07/12/2000 |
|---|---|---|

RGS Ver. 4.62.00



Form 4549A-CG (Rev. 1-91)

Ex. D. P. 8

Name Of Taxpayer: I'MAN F & BEVERLY J DECD BU
Identification Number: [redacted] TOTAL

07/12/200
4.62.00

198812 SCHEDULE A - ITEMIZED DEDUCTIONS

| | PER RETURN | PER EXAM | ADJUSTMENT |
|---|---|---|---|
| 1. Medical, Dental and Insurance premiums | 0.00 | 0.00 | 0.00 |
| 2. 0.075 of Adjusted Gross Income | 9,970.00 | 9,798.00 | |
| 3. Net Medical and Dental Expense | 0.00 | 0.00 | 0.00 |
| 4. Taxes | 2,370.00 | 2,370.00 | 0.00 |
| 5. Home Interest Expense | 819.00 | 819.00 | 0.00 |
| 6. Personal Interest | 0.00 | 0.00 | 0.00 |
| 7. Less limitation amount | 0.00 | 0.00 | 0.00 |
| 8. Net Personal Interest | 0.00 | 0.00 | 0.00 |
| 9. Other Interest Expense | 16,879.00 | 16,879.00 | 0.00 |
| 10. Total Interest Expense | 17,698.00 | 17,698.00 | 0.00 |
| 11. Contributions | 2,810.00 | 2,810.00 | 0.00 |
| 12. Casualty and Theft Losses | 0.00 | 0.00 | 0.00 |
| 13. Moving Expenses | 0.00 | 0.00 | 0.00 |
| 14. Miscellaneous Deductions Subject to AGI Limit | 8,535.00 | 8,535.00 | 0.00 |
| 15. 0.020 of Adjusted Gross Income | 2,659.00 | 2,613.00 | |
| 16. Excess Miscellaneous Deductions | 5,876.00 | 5,922.00 | (46.00 |
| 17. Other Miscellaneous Deductions | 0.00 | 0.00 | 0.00 |
| 18. Total Itemized Deductions (Sum of Lines 3, 4, 10, 11, 12, 13, 16 and 17) | 28,754.00 | 28,800.00 | (46.00 |

Ex. D, P. 9.

0587

| FORM 886-A | EXPLANATION OF ITEMS | SCHEDULE/EXHIBIT |
|---|---|---|
| NAME OF TAXPAYER<br>LYMAN F & BEVERLY J DECD BUSH [redacted] | | YEAR/PERIOD ENDED<br>198812 |

STANDARD PARAGRAPHS:

| | PER RETURN | PER EXAM | ADJUSTMENT |
|---|---|---|---|
| LONE WOLF MCQUADE | (38.00) | 0.00 | 38.00 |

We have adjusted your return in accordance with the examination results for the identified Partnership / S Corporation. The examination results are based on the settlement agreement, Form 906.

| | PER RETURN | PER EXAM | ADJUSTMENT |
|---|---|---|---|
| CINEMA 84 | (60,214.00) | (62,552.00) | (2,338.00) |

We have adjusted your return in accordance with the examination results for the identified Partnership / S Corporation. The examination results are based on the settlement agreement, Form 906.

29247-614-08012-0 200035 CP: 21E
3

Department of the Treasury
**Internal Revenue Service**
OGDEN, UT 84201

Date of this notice: SEP. 11, 2000
Taxpayer Identifying Number [redacted]
Form: 1040 Tax Period: DEC. 31, 1988

For assistance you may call us at:
1-800-829-1040

LYMAN F & BEVERLY J DECD BUSH
%THOMAS E REDDING
PO BOX 924328
HOUSTON TX 77292

WE CHANGED YOUR ACCOUNT

THE CHANGE(S) BELOW RESULTED FROM AN EXAMINATION OF YOUR TAX RETURN SHOWN ABOVE. PLEASE SEE YOUR COPY OF THE EXAMINATION REPORT FOR A DETAILED EXPLANATION OF THE CHANGES.

IF YOU HAVE ANY QUESTIONS, PLEASE CALL US AT THE NUMBER LISTED ABOVE.

STATEMENT OF ACCOUNT

| | |
|---|---|
| ACCOUNT BALANCE BEFORE EXAMINATION ACTION | $774.00 DUE |
| DECREASE IN TAX BECAUSE OF EXAMINATION ACTION | 774.00CR |
| AMOUNT YOU NOW OWE | NONE |

---

TURN THIS PART TO US WITH YOUR CHECK OR INQUIRY
UR TELEPHONE NUMBER BEST TIME TO CALL
) -

AMOUNT YOU OWE............. NONE

130,634 97,934 0

503303721 LK BUSH 30 0 198812

INTERNAL REVENUE SERVICE
OGDEN, UT 84201

LYMAN F & BEVERLY J DECD BUSH
%THOMAS E REDDING
PO BOX 924328
HOUSTON TX 77292

Ex. D, P. 11

0589

**REDDING & ASSOCIATES, P.C.**
ATTORNEYS AT LAW
2914 West T.C. Jester
Houston, Texas 77018-7010
Telephone: (713) 965-9244 • Telecopier: (713) 621-5227

Thomas E. Redding, J.D.
Sallie W. Gladney, J.D.

Teresa J. Womack, J.D.
Brett A. Thompson, J.D., C.P.A.

July 18, 2002

**PRIORITY CERTIFIED MAIL**
**# 7000 1670 0002 8263 9461**
**RETURN RECEIPT REQUESTED**

Internal Revenue Service Center
Ogden, Utah 84201

Re: Lyman F. Bush ([redacted]) and Beverly J. Bush, Deceased ([redacted])
Form 1040X, Amended U.S. Individual Income Tax Return, for 1985, 1986 and 1987
Form 843, Claim for Refund and Request for Abatement, for 1985, 1986 and 1987
Form 8822, Change of Address, for tax years 1985, 1986 and 1987
Form 1310, Statement of Person Claiming Refund Due a Deceased Taxpayer
Form 56, Notice Concerning Fiduciary Relationship

Dear Sirs:

Enclosed are the above refund claims to be filed for the above clients. Please mail the refunds in my care in accordance with the instructions on Line 6 of the attached power of attorney.

**These claims are timely filed within two (2) years of the date of payment of the amounts claimed.**

Very truly yours,

REDDING & ASSOCIATES, P.C.

Thomas E. Redding

TER:js
Enclosures - Form 1040X (3)
Form 843 (3)
Form 8822
Form 1310
Form 56
Power of Attorney

FILE

R:\DOCS\Corresp.q\QSRL7052.BU2

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

OFFICIAL USE

| | |
|---|---|
| Postage | $ 8.50 |
| Certified Fee | 2.30 |
| Return Receipt Fee (Endorsement Required) | 1.75 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $12.55 |

Postmark Here: OAK FOREST STA JUL 18 2002 USPS

*Sent To* IRS
*Street, Apt. No.; or PO Box No.* Ogden, UT 84201 Bush
*City, State, ZIP+4*

PS Form 3800, May 2000 — See Reverse for Instructions

7000 1670 0002 8263 9461

**SENDER: *COMPLETE THIS SECTION***

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Internal Revenue Service Center
Ogden, UT 84201

Bush

***COMPLETE THIS SECTION ON DELIVERY***

A. Signature
X ☐ Agent ☐ Addressee

B. Received by *(Printed Name)* C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☒ No

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)* ☐ Yes

2. Article Number *(Transfer from service label)* 7000 1670 0002 8263 9461

PS Form 3811, August 2001 Domestic Return Receipt 102595-01-M-2509

0591

OGDEN UT 84201-0

In reply refer to: 0436522542
Aug. 2003 LTR 418C
[redacted] 198512 30 000 1
04641
BODC: SB

LYMAN F & BEVERLY J DECD BUSH
% THOMAS E REDDING ATTY
2914 WEST T C JESTER
HOUSTON TX 77018

Taxpayer Identification Number: 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
Tax Period(s): Dec. 31, 1985 Dec. 31, 1986
Dec. 31, 1987
Form: 1040X
29251-213-13009-0

Dear Taxpayer:

Our records show we received your amended tax returns for the tax periods listed above. We're sorry but we can't find the returns, so we need your help to finish processing your claims.

Please send us a newly signed copy of your amended tax return. Be sure to include any schedules, forms, or documents you attached to your amended tax return. We've enclosed an envelope for your convenience.

Please send us the information we asked for by Sep. 06, 2003, so that we can finish processing your claims. We've enclosed an envelope for your convenience.

If you have any questions, please call D. Bushman at 801-620-4220 between the hours of 6:30 A.M. and 4:00 P.M. MDT. If the number is outside your local calling area, there will be a long-distance charge to you.

If you prefer, you may write to us at the address shown at the top of the first page of this letter.

Whenever you write, please include this letter and, in the spaces below, give us your telephone number with the hours we can reach you. Keep a copy of this letter for your records.

Telephone Number (    )____________________ Hours________________

Department of the Treasury
Internal Revenue Service

OGDEN UT 84201-0025

LYMAN F & BEVERLY J DECD BUSH
% THOMAS E REDDING ATTY
2914 WEST T C JESTER
HOUSTON TX 77018

Be sure the IRS address appears in your envelope window.

0436522542

BODCD-SB

Letter Number: LTR0418C
Letter Date : 2003-08-01
Tax Period : 198512

*503303721*

LYMAN F & BEVERLY J DECD BUSH
% THOMAS E REDDING ATTY
2914 WEST T C JESTER
HOUSTON TX 77018

INTERNAL REVENUE SERVICE
OGDEN UT 84201-0025

503303721 LK 30 0 198512 000 0000000000000000

**REDDING & ASSOCIATES, P.C.**
ATTORNEYS AT LAW
2914 West T.C. Jester
Houston, Texas 77018-7010
Telephone: (713) 965-9244 • Telecopier: (713) 621-5227

Thomas E. Redding, J.D.
Sallie W. Gladney, J.D.

Teresa J. Womack, J.D.
Brett A. Thompson, J.D., C.P.A.

August 15, 2003

**PRIORITY CERTIFIED MAIL**
7002 3150 0005 7422 0059
**RETURN RECEIPT REQUESTED**

Internal Revenue Service
Ogden, Utah 84201-0025

Re: Lyman F. Bush ([redacted]) and Beverly J. Bush (dec'd) ([redacted])
Forms 1040X for 1985, 1986 and 1987
Forms 843 for 1985, 1986 and 1987
Form 8822, Change of Address, for tax year 1985, 1986 and 1987
Form 56, Notice Concerning Fiduciary Relationship
Form 1310, Statement of Person Claiming Refund Due a Deceased Taxpayer

Dear Sirs:

Enclosed is re-executed Forms 1040X, Forms 843, along with Form 8822, Form 56 and Form 1310 which you have requested. A copy of the letter from the IRS is also enclosed. Please note that this claim was originally filed on July 18, 2002.

If you have any questions, please do not hesitate to contact me.

Very truly yours,

REDDING & ASSOCIATES, P.C.

Thomas E. Redding

TER:kh
Enclosures - Re-executed Forms 1040X and Forms 843
Re-executed Form 8822, Form 56 and Form 1310
Copy of IRS letter
Copy of original date-stamped transmittal to IRS
Power of Attorney

FILE

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Internal Revenue Service
Ogden, Utah 84201-0025

Bush

COMPLETE THIS SECTION ON DELIVERY

A. Signature ☐ Agent ☐ Addressee
X

B. Received by (Printed Name) AUG 21 2003

C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

IRS - OSC
RECEIVED
OGDEN, UT 84201

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☒ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Transfer from service label) 7002 3150 0005 7422 0059

PS Form 3811, August 2001 Domestic Return Receipt 102595-02-M-1540

7002 3150 0005 7422 0059

U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ 7.15 |
| Certified Fee | 2.30 |
| Return Reciept Fee (Endorsement Required) | 1.75 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 11.20 |

AUG 18 2003
Postmark Here
USPS

Bush

Sent To internal revenue service
Street, Apt. No.; or PO Box No.
City, State, ZIP+4 ogden, utah 84201-0025

PS Form 3800, June 2002 See Reverse for Instructions

0595

Bush 503303721

Form **843** (Rev. January 1997) Department of the Treasury Internal Revenue Service

# Claim for Refund and Request for Abatement

▶ See separate instructions.

OMB No. 1545-0024

*Use Form 843 only if your claim involves **(a)** one of the taxes shown on line 3a or **(b)** a refund or abatement of interest, penalties, or additions to tax on line 4a.*

***Do not** use Form 843 if your claim is for —*
- *An overpayment of income taxes;*
- *A refund of fuel taxes;*
- *An overpayment of excise taxes reported on Form 720, 730, or 2290 (see **General Instructions**).*

Please type or print

Name of claimant: LYMAN F. BUSH & BEVERLY J. BUSH, DECEASED

Your social security number: [redacted]

Address (number, street, and room or suite no.): c/o Thomas E. Redding; 2914 West T. C. Jester *(POA ATTACHED, FORM 2848)*

Spouse's social security number: [redacted]

City or town, state, and ZIP code: Houston, Texas 77018-7010 ****ADDRESS FOR THIS MATTER ONLY****

Employer identification number:

Name and address shown on return if different from above:
1217 122ND STREET COURT EAST
TACOMA, WA 98445

Daytime telephone number: 713-965-9244

**1** Period — prepare a separate Form 843 for each tax period
From January 1, 19 85, to December 31, 19 85

**2** Amount to be refunded or abated: $ 42,660.44 **

**3a** Type of tax, penalty, or addition to tax:
☐ Employment ☐ Estate ☐ Gift ☐ Excise (unless reported on Form 720, 730, or 2290 — see instructions.)
☐ Penalty — IRC section ▶ ____________

**b** Type of return filed (see instructions):
☐ 706 ☐ 709 ☐ 940 ☐ 941 ☐ 943 ☐ 945 ☐ 990-PF ☐ 4720 ☒ Other (specify) 1040

**4a** Request for abatement or refund of:
☒ Interest caused by IRS errors or delays (if applicable — see instructions).
☐ A penalty or addition to tax as a result of erroneous advice from the IRS.

**b** Dates of payment ▶ 7/31/00, or at such later time when and if a timely and valid assessment was made.

**5** **Explanation and additional claims.** Explain why you believe this claim should be allowed, and show computation of tax refund or abatement of interest, penalty, or addition to tax.

***** *Please See Explanation Attached* *****

***or such greater amount as is legally refundable, plus interest.*

**Signature.** If you are filing Form 843 to request a refund or abatement relating to a joint return, both you and your spouse must sign the claim. Claims filed by corporations must be signed by a corporate officer authorized to sign, and the signature must be accompanied by the officer's title.

Under penalties of perjury, I declare that I have examined this claim, including accompanying schedules and statements, and, to the best of my knowledge and belief, it is true, correct, and complete.

PLAINTIFFS EXHIBIT 3

Lyman F Bush — Signature (Title, if applicable. Claims by corporations must be signed by an officer.) Date 7-16-02

Lyman F Bush personal representative — Signature Date 7-16-02

**For Paperwork Reduction Act Notice, see separate instructions.** Form **843** (Rev. 1-97)

ISA
STF FED1524F

Form **2848**
(Rev. December 1997)
Department of the Treasury
Internal Revenue Service

# Power of Attorney and Declaration of Representative

▶ See the separate instructions.

OMB No. 1545-0150

**For IRS Use Only**
Received by:
Name ____
Telephone ____
Function ____
Date

**Part I** Power of Attorney (Please type or print.)

1 **Taxpayer information** (Taxpayer(s) must sign and date this form on page 2, line 9.)

| Taxpayer name(s) and address | Social security number(s) | Employer identification number |
|---|---|---|
| LYMAN F & BEVERLY J BUSH<br>1217 122ND ST. CT. EAST<br>TACOMA WA 98445 | [redacted] | |
| | Daytime telephone number: (253) 537-7833 | Plan number (if applicable) |

hereby appoint(s) the following representative(s) as attorney(s)-in-fact:

2 **Representative(s)** (Representative(s) must sign and date this form on page 2, Part II.)

| Name and address | |
|---|---|
| Thomas E. Redding<br>2914 West T.C. Jester<br>Houston, Texas 77018 | CAF No. [redacted]<br>Telephone No. 713/965-9244<br>Fax No. 713/621-5227<br>Check if new: Address ☐ Telephone No. ☐ |
| Sallie W. Gladney<br>2914 West T.C. Jester<br>Houston, Texas 77018 | CAF No. [redacted]<br>Telephone No. 713/965-9244<br>Fax No. 713/621-5227<br>Check if new: Address ☐ Telephone No. ☐ |
| Teresa J. Womack<br>2914 West T.C. Jester<br>Houston, Texas 77018 | CAF No. [redacted]<br>Telephone No. 713/965-9244<br>Fax No. 713/621-5227<br>Check if new: Address ☐ Telephone No. ☐ |

to represent the taxpayer(s) before the Internal Revenue Service for the following tax matters:

3 **Tax matters**

| Type of Tax (Income, Employment, Excise, etc.) | Tax Form Number (1040, 941, 720, etc.) | Year(s) or Period(s) |
|---|---|---|
| Income | 1040 and 1065 and Partnership Items for all partnerships in which the taxpayer is a partner. | Tax periods ending: December 31, 1983, 1984, 1985, 1986, 1987, 1988, 1989, 1990, 1991, 1992, 1993, 1994, 1995 |

4 **Specific use not recorded on Centralized Authorization File (CAF).** If the power of attorney is for a specific use not recorded on CAF, check this box. (See instruction for **Line 4 — Specific uses not recorded on CAF.**) ........ ▶ ☐

5 **Acts authorized.** The representatives are authorized to receive and inspect confidential tax information and to perform any and all acts that I (we) can perform with respect to the tax matters described on line 3, for example, the authority to sign any agreements, consents, or other documents. The authority does not include the power to receive refund checks (see line 6 below), the power to substitute another representative unless specifically added below, or the power to sign certain returns (see instruction for **Line 5 — Acts authorized**).

List any specific additions or deletions to the acts otherwise authorized in this power of attorney: This power includes, but is not limited to, authorization to exercise the taxpayer's rights regarding partnership items and affected items and under I.R.C. Section 6103(e)(1)(C) relative to Forms 1065 for partnerships in which the taxpayer(s) was a partner.

Note: *In general, an unenrolled preparer of tax returns cannot sign any document for a taxpayer. See Revenue Procedure 81-38, printed as Pub. 470, for more information.*

Note: *The tax matters partner of a partnership is not permitted to authorize representatives to perform certain acts. See the instructions for more information.*

6 **Receipt of refund checks.** If you want to authorize a representative named on line 2 to receive, **BUT NOT TO ENDORSE OR CASH,** refund checks, initial here LFB and list the name of that representative below.
BJJ — BY LFB AS EXECUTOR

Name of representative to receive refund check(s) ▶ Thomas E. Redding

**For Paperwork Reduction and Privacy Act Notice, see the separate instructions.** Form **2848** (Rev. 12-97)

ISA
STF FED4675F.1

7 **Notices and communications.** Original notices and other written communications will be sent to you and a copy to the first representative listed on line 2 unless you check one or more of the boxes below.

a If you want the first representative listed on line 2 to receive the original, and yourself a copy, of such notices or communications, check this box ▶ ☐

b If you also want the second representative listed to receive a copy of such notices and communications, check this box ▶ ☐

c If you do not want any notices or communications sent to your representative(s), check this box ▶ ☐

8 **Retention/revocation of prior power(s) of attorney.** The filing of this power of attorney automatically revokes all earlier power(s) of attorney on file with the Internal Revenue Service for the same tax matters and years or periods covered by this document. If you do not want to revoke a prior power of attorney, check here ▶ ☐

**YOU MUST ATTACH A COPY OF ANY POWER OF ATTORNEY YOU WANT TO REMAIN IN EFFECT.**

9 **Signature of taxpayer(s).** If a tax matter concerns a joint return, both husband and wife must sign if joint representation is requested, otherwise, see the instructions. If signed by a corporate officer, partner, guardian, tax matters partner, executor, receiver, administrator, or trustee on behalf of the taxpayer, I certify that I have the authority to execute this form on behalf of the taxpayer.

▶ **IF NOT SIGNED AND DATED, THIS POWER OF ATTORNEY WILL BE RETURNED.**

Lyman F Bush — Signature | 1-12-02 — Date | Title (if applicable)

LYMAN F BUSH — Print Name

Beverly J. Bush (DECEASED) — Signature | 1-12-02 — Date | Title (if applicable)

BY LF Bush executor of estate

BEVERLY J BUSH — Print Name

**Part II** **Declaration of Representative**

Under penalties of perjury, I declare that:

- I am not currently under suspension or disbarment from practice before the Internal Revenue Service;
- I am aware of regulations contained in Treasury Department Circular No. 230 (31 CFR, Part 10), as amended, concerning the practice of attorneys, certified public accountants, enrolled agents, enrolled actuaries, and others;
- I am authorized to represent the taxpayer(s) identified in Part I for the tax matter(s) specified there; and
- I am one of the following:

  a Attorney — a member in good standing of the bar of the highest court of the jurisdiction shown below.
  b Certified Public Accountant — duly qualified to practice as a certified public accountant in the jurisdiction shown below.
  c Enrolled Agent — enrolled as an agent under the requirements of Treasury Department Circular No. 230.
  d Officer — a bona fide officer of the taxpayer's organization.
  e Full-Time Employee — a full-time employee of the taxpayer.
  f Family Member — a member of the taxpayer's immediate family (i.e., spouse, parent, child, brother, or sister).
  g Enrolled Actuary — enrolled as an actuary by the Joint Board for the Enrollment of Actuaries under 29 U.S.C. 1242 (the authority to practice before the Service is limited by section 10.3(d)(1) of Treasury Department Circular No. 230).
  h Unenrolled Return Preparer — an unenrolled return preparer under section 10.7(c)(viii) of Treasury Department Circular No. 230.

▶ **IF THIS DECLARATION OF REPRESENTATIVE IS NOT SIGNED AND DATED, THE POWER OF ATTORNEY WILL BE RETURNED.**

| Designation — Insert above letter (a - h) | Jurisdiction (state) or Enrollment Card No. | Signature | Date |
|---|---|---|---|
| A | Texas | Thomas E. Redding (signed) Thomas E. Redding | 3/1/02 |
| A | Texas | Sallie W. Gladney (signed) Sallie W. Gladney | 3-1-02 |
| A | Texas | Teresa J. Womack | |

STF FED4675F.2

FILED
IN COUNTY CLERK'S OFFICE
A.M. SEP 29 1999 P.M.
PIERCE COUNTY, WASHINGTON
TED RUTT, COUNTY CLERK
BY ____________ DEPUTY

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

IN AND FOR THE COUNTY OF PIERCE

| | |
|---|---|
| In the Matter of the Estate of<br><br>BEVERLY J. BUSH,<br><br>Deceased. | NO. 99-4-00904-8<br><br>NOTICE OF APPOINTMENT OF PERSONAL REPRESENTATIVE AND PENDENCY OF PROBATE PROCEEDINGS |

TO: ALL HEIRS OF THE ABOVE-NAMED DECEDENT

YOU ARE HEREBY NOTIFIED THAT LYMAN F. BUSH was appointed the Personal Representative of the estate of BEVERLY J. BUSH, deceased, on the 16th day of June, 1999, and that probate proceedings thereon are now pending.

DATED this 16 day of June, 1999.

SCHWEINLER & SCHWEINLER

BY: [signature]
ROGER C. SCHWEINLER
WSB #20169

[signature]
LYMAN F. BUSH
Personal Representative

1



COPY

SCHWEINLER & SCHWEINLER
ATTORNEYS AT LAW
901 SOUTH I STREET, SUITE 102
TACOMA, WA 98405
(253) 572-4114 TACOMA
(253) 572-2954 FAX

**LYMAN F. BUSH and BEVERLY J. BUSH, DECEASED**
**(SSN [redacted] d SS[redacted])**
**EXPLANATION - 1985, 1986, and 1987 REFUND CLAIMS AND STATEMENT REQUESTING APPLICATION OF §6621(d)**

This refund claim, as it relates to tax and interest assessed relative to a settlement related to the Greenberg Brothers Partnership #4, a.k.a. Lone Wolf McQuade Associates, and Cinema '84 partnerships (each referred to in this explanation as "the Partnerships") for 1983 through 1995 (referred to in this explanation as "the settlement years"), is filed based upon the following grounds:

1. Each settlement entered into by Closing Agreement provided there was no change to partnership items, but agreed that for purposes of determining the taxpayers' correct tax liability for every partnership year from inception to termination (i) the taxpayers' amount at risk regarding their Partnership investment would be determined based on several factors set forth in the agreement, (ii) "any deficiency in tax determined under this agreement will be subject to adjustments arising from a carryback or carryforward from other taxable years of any loss, credit or other tax attributable as allowed by the Internal Revenue Code," (iii) the taxpayers could limit the amount of any income that would be or had been recognized related to any cancellation of any partnership notes, (iv) the taxpayers could limit recognition of their distributive share of any partnership income or gains for certain years to the amount of the partnership distribution or previously suspended partnership loss and the at-risk rules, (v) the partners could assert any appropriate innocent spouse defense under §6015, and (vi) other factors would be considered. Therefore, it is clear that any resulting tax deficiency to the taxpayers is based upon agreed adjustments to affected items requiring a partner level determination and further subject to totally non-partnership item adjustments and defenses preserved in the settlement agreement. Any tax deficiency is subject to the notice of deficiency requirements under I.R.C. §§6212 and 6213. The Internal Revenue Service did not issue the statutory notice of deficiency with regard to the assessments sought to be refunded in this claim. An assessment of a tax liability in violation of the restrictions on assessment set forth in I.R.C. §6213 is void and illegal. Therefore, all the amounts assessed, collected and sought to be refunded in this claim should be refunded. The agreement did not contain nor was there any separate waiver of the restrictions on assessment and collection under I.R.C. §6213.

2. The harm caused by the IRS' breach of the closing agreements is abundantly clear in light of the following facts:

(b) In accordance with paragraphs 12, 14, 15, 17 and 18 the taxpayers filed refund claims for 1988, 1990, 1991, 1992, 1993 and 1995 that should have been allowed and taken into account in computing the net tax deficiency, but which were instead summarily denied. See Exhibit "C." Had the IRS issued a statutory notice of deficiency for 1985, 1986 and 1987 the taxpayers would have been entitled to raise these agreed offsets as a partial defense to the 1985, 1986 and 1987 liabilities prior to payment. Instead, the taxpayers have been forced (i) to file a separate lawsuit to obtain the refunds for 1988, 1990, 1991, 1992, 1993 and 1995, and (ii) pay the gross liability asserted by the IRS for 1985, 1986 and 1987 and then pursue these refund claims

asserting defenses reserved or agreed in this closing agreement. The 1988, 1990, 1991, 1992 and 1993 refunds would have reduced the liability by well over $50,000.

(b) Even the 1981 and 1988 overpayments the IRS determined and acknowledged by itself that should have offset against 1985, 1986 and 1987 liabilities were inexplicably offset against previously non-existent phantom liabilities for 1981 and 1988 essentially defrauding the taxpayers of the benefit of the offsets for those overpayments. See Exhibit "D."

3. The 1981, 1988, 1990, 1991, 1992, 1993, 1994 and 1995 overpayments discussed in Paragraph 2 should all have been applied directly to the 1985, 1986 and 1987 liabilities and therefore constitute an additional and separate ground for refund of the liability overpaid in 1985, 1986 and 1987 as a result of their denial.

4. The claim is timely. It is being filed within two years from the date of payment.

5. If it is determined that the taxpayers are entitled to anything less than a full refund, the recomputation of interest must take into account the doctrine in *Avon Products*, 78-2 U.S.T.C. ¶9821 (1978), pursuant to which it has been determined, and conceded by the government, that interest does not begin to run on a deficiency of tax until the date on which a refund was paid if no interest was paid with the original refund.

6. As an alternative, and in addition to the grounds set forth above, interest should be abated pursuant to I.R.C. §6404 as follows:

(a) First, interest should be abated for the period beginning with the commencement of the IRS' wrongful representation that the partners in this partnership would be entitled to request consistent settlements based upon those entered into by other partners, even providing the names and date of the settlements with respect to which the consistent settlements could be requested, the representation to the United States Tax Court that all of the cases then pending would be settled either based upon settlement documents that were in process or upon requests for consistent settlement, and then the subsequent refusal to enter into consistent settlements resulting in the delay from February 8, 1995 until the actual date that the above-referenced settlement agreement was entered into, all of which constituted managerial or ministerial acts which were unreasonable errors and delays by officers or employees of the IRS acting in their official capacities. All such acts occurred after the IRS first contacted the partner in writing with regard to the civil partnership level return examination.

(b) Second, if it is determined that there was a waiver of the restrictions under I.R.C. §6213, which the taxpayers assert there was not, then interest should be abated for the period beginning with a date 30 days after the date of such waiver in the Closing Agreement and ending on the date of assessment of the income tax liability. The failure to promptly assess

the tax deficiency was clearly a managerial or ministerial act resulting in an unreasonable delay of the tax assessment, and further, such abatement is required under I.R.C. §6404.

7. As an alternative, and in addition to the grounds set forth above, the taxpayer(s) are entitled to the benefit of a net rate of interest of zero pursuant to I.R.C. §6621(d) and a refund of the interest paid on the portion of the deficiency equal to the amount of any refund with respect to which the taxpayer(s) were entitled to receive interest for the periods during which interest was charged on such portion of the deficiency and is payable on such refunds. Substantial refunds are due for 1981, 1988, 1990, 1991, 1992, 1993, 1994 and 1995 as a result of the settlement. This claim constitutes the taxpayer(s)' request that the Secretary apply §6621(d) to all such periods, which includes all periods from April 15, 1984 of the first year listed in the preceding sentence until the date of payment of the tax sought to be refunded under this claim. To the extent of equivalent amounts of underpayments or overpayments, the periods set forth under §5.063 of Rev. Proc. 99-43 have not previously been applied to obtain a net interest rate of zero under §6621(d).

8. As an alternative, the assessment made by the Internal Revenue Service was not made within two years of the date of the settlement and is, therefore, an invalid assessment which must be refunded. The settlement became final and binding either on July 22, 1999 or August 7, 1999. Which date is in dispute. The IRS mailed to the taxpayers statements for tax due (Forms 3552) that were patently fraudulent, representing that the "Assessment Date" was "07/31/2000" and were dated "07/31/2000." These notices were pure unadulterated fraudulently dated and serve as no evidence that a valid assessment was ever made. They were RECEIVED BY THE TAXPAYERS ON 07/28/00, three days BEFORE the alleged assessment and date of the notices. See Exhibit "B," p. 4-10. They were faxed to the taxpayers' counsel on 7/28/00. It is the taxpayers' belief that the assessments were not actually made until late August.

Exhibits - A - Evidence of settlement
B - Evidence of tax assessment and payment

Internal Revenue Service
Department of the T asury
1973 North Rulon White Blvd.
Ogden, UT 84201

Tom for your in? SLB

Date: October 23, 2002

Mail Stop: 4410
Person to ontact:
Ms. Cederholm
Employee Number: 0478603940
Telephone Number:
1-866-899-9083
Extension: 8600
Hours: 7 a.m. to 2 p.m.
Mountain Time
Monday - Friday
Taxpayer Identification Number:
[redacted]
Tax Year(s): 1985, 1986, & 1987
Regarding:
Lone Wolf McQuade & Cinema 84
Employer Identification Number:
13-3109971 & 11-2678807

507008.100 logged up

LYMAN F & BEVERLY J (DECD) BUSH
% LYMAN F BUSH
1217 122ND STREET CT E
TACOMA WA 98445-3519-174

Dear Mr. Bush:

We received your request dated July 10, 2002, asking for reconsideration of adjustments made to your return. The item(s) you refer to on your request are partnership/S corporation items that have been previously determined during a partnership/S corporation proceeding.

Internal Revenue Code Section 6230(c)(4) prohibits claims for review of the substantive issues after the partnership/S corporation proceedings have been completed and states that the final determination shall be conclusive. Consequently, your request will not be considered and your partnership/S corporation adjustments will remain as previously determined.

A copy of this letter has been forwarded to your authorized representative(s).

We will forward your Ministerial Interest Claims to the appropriate office for consideration.

If you have any questions about this matter please contact the person whose name, telephone number, and contact hours are shown above.

If you write, please include your telephone number, the hours you can be reached and a copy of this letter.

Thank you for your cooperation.

EXTRA COPY

Sincerely,

Ms. Cederholm
Tax Technician
Exam Field Support

Enclosure(s):
Form 1155-D

PLAINTIFF'S EXHIBIT 4

TS-29 (Rev. 8-99)

Bush 503303721

Form **1040X** (Rev. November 2001)

Department of the Treasury — Internal Revenue Service

# Amended U.S. Individual Income Tax Return

▶ See separate instructions.

OMB No. 1545-0091

**This return is for calendar year ▶** 1986 **, or fiscal year ended ▶**

| Your first name and initial | Last name | Your social security number |
|---|---|---|
| LYMAN F. | BUSH | [redacted] |
| If a joint return, spouse's first name and initial | Last name | Spouse's social security number |
| BEVERLY J. | BUSH, DECEASED | [redacted] |
| Home address (no. and street) or P.O. box if mail is not delivered to your home *(POA ATTACHED; FORM 2848)* | Apt. no. | Phone number |
| c/o Thomas E. Redding; 2914 West T. C. Jester | | 713-965-9244 |
| City, town or post office, state, and ZIP code. If you have a foreign address, see page 2 of the instructions. | | For Paperwork Reduction Act Notice, see page 6. |
| Houston, Texas 77018-7010 *** *ADDRESS FOR THIS MATTER ONLY* | | |

A If the name or address shown above is different from that shown on the original return, check here ▶ [X]

B Has the original return been changed or audited by the IRS or have you been notified that it will be? [X] Yes [ ] No

C Filing status. Be sure to complete this line. **Note.** You cannot change from joint to separate returns after the due date.

On original return ▶ [ ] Single [X] Married filing joint return [ ] Married filing separate return [ ] Head of household [ ] Qualifying widow(er)

On this return ▶ [ ] Single [X] Married filing joint return [ ] Married filing separate return [ ] Head of household* [ ] Qualifying widow(er)

* If the qualifying person is a child but not your dependent, see page 2.

| Use Part II on the Back to Explain any Changes | | A. Original amount or as previously adjusted (see page 2) | B. Net change — amount of increase or (decrease) — explain in Part II | C. Correct amount |
|---|---|---|---|---|
| **Income and Deductions (see pages 2 - 6)** | | | | |
| 1 Adjusted gross income (see page 3) | 1 | | | |
| 2 Itemized deductions or standard deduction (see page 3) | 2 | | | |
| 3 Subtract line 2 from line 1 | 3 | | | |
| 4 Exemptions. If changing, fill in Parts I and II on the back | 4 | | | |
| 5 Taxable income. Subtract line 4 from line 3 | 5 | | | |
| **Tax Liability** 6 Tax (see page 4). Method used in col. C ____ | 6 | | | |
| 7 Credits (see page 4) | 7 | | | |
| 8 Subtract line 7 from line 6. Enter the result but not less than zero | 8 | | | |
| 9 Other taxes (see page 4) | 9 | | | |
| 10 Total tax. Add lines 8 and 9 | 10 | | | |
| **Payments** 11 Federal income tax withheld and excess social security and RRTA tax withheld. If changing, see page 4 | 11 | | | |
| 12 Estimated tax payments, including amount applied from prior year's return | 12 | | | |
| 13 Earned income credit (EIC) | 13 | | | |
| 14 Additional child tax credit from Form 8812 | 14 | | | |
| 15 Credits from Form 2439 or Form 4136 | 15 | | | |
| 16 Amount paid with request for extension of time to file (see page 4) | 16 | | | |
| 17 Amount of tax paid with original return plus additional tax paid after it was filed | 17 | | | 38,155 |
| 18 Total payments. Add lines 11 through 17 in column C | 18 | | | 38,155 |

**Refund or Amount You Owe**

| | | |
|---|---|---|
| 19 Overpayment, if any, as shown on original return or as previously adjusted by the IRS | 19 | *Not Applicable* |
| 20 Subtract line 19 from line 18 (see page 5) | 20 | *Not Applicable* |
| 21 **Amount you owe.** If line 10, column C, is more than line 20, enter the difference and see page 5 | 21 | 0 |
| 22 If line 22, column C, is less than line 20, enter the difference | 22 | *Not Applicable* |
| 23 Amount of line 22 you want **refunded to you** | 23 | 10,817** |
| 24 Amount of line 22 you want **applied to your** estimated tax | 24 | |

**Sign Here** Joint return? See page 2. Keep a copy for your records.

Under penalties of perjury, I declare that I have filed an original return and that I have examined this amended return, including accompanying schedules and statements, and to the best of my knowledge and belief, this amended return is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which the preparer has any knowledge.

▶ Lyman F Bush 7-16-02 Your signature Date

▶ Lyman F Bush personal representative 7-16-02 Spouse's signature. If a joint return, both must sign. Date

**Paid Preparer's Use Only**

Preparer's signature: Brett A Thompson CPA — Date: 7-5-02 — Check if self-employed [X] — Preparer's SSN or PTIN: P00097501

Firm's name (or yours if self-employed), address, and ZIP code: BRETT A. THOMPSON, CPA, 20214 KINGSLAND BLVD. KATY, TX 77450 — EIN — Phone no. 713-963-9244

PLAINTIFF'S EXHIBIT 5

ISA STF FED3171F.1 ***or such greater amount as is legally refundable, plus interest.* Form **1040X** (Rev. 11-2001)

0604

Bush 503303721

Form 1040X (Rev. 11-2001) Page **2**

**Part I** **Exemptions.** See Form 1040 or 1040A instructions.

If you are **not changing your exemptions,** do not complete this part.
If claiming **more exemptions,** complete lines 25 - 31.
If claiming **fewer exemptions,** complete lines 25 - 30.

| | | | A. Original number of exemptions reported or as previously adjusted | B. Net change | C. Correct number of exemptions |
|---|---|---|---|---|---|
| 25 | Yourself and spouse . . . . . Caution. If your parents (or someone else) can claim you as a dependent (even if they chose not to), you cannot claim an exemption for yourself. | 25 | | | |
| 26 | Your dependent children who lived with you . . . . . | 26 | | | |
| 27 | Your dependent children who did not live with you due to divorce or separation . . . . . | 27 | | | |
| 28 | Other dependents . . . . . | 28 | | | |
| 29 | Total number of exemptions. Add lines 25 through 28 . . . . . | 29 | | | |
| 30 | Multiply the number of exemptions claimed on line 29 by the amount listed below for the tax year you are amending. Enter the result here and on line 4. | 30 | | | |

| Tax year | Exemption amount | But see the instructions for line 4 on page 3 if the amount on line 1 is over: |
|---|---|---|
| 2001 | $2,900 | $99,725 |
| 2000 | 2,800 | 96,700 |
| 1999 | 2,750 | 94,975 |
| 1998 | 2,700 | 93,400 |

31 Dependents (children and other) not claimed on original (or adjusted) return:

| (a) First name | Last name | (b) Dependent's social security number | (c) Dependent's relationship to you | (d) ✓ if qualifying child for child tax credit (see page 5) |
|---|---|---|---|---|
| | | | | ☐ |
| | | | | ☐ |
| | | | | ☐ |
| | | | | ☐ |
| | | | | ☐ |
| | | | | ☐ |

No. of your children on line 31 who:
- lived with you . . . . . . . . ▶ ☐
- **did not live** with you due to divorce or separation (see page 5) . . . . . ▶ ☐

Dependents on line 31 not entered above ▶ ☐

**Part II** **Explanation of Changes to Income, Deductions, and Credits**

**Enter the line number from the front of the form for each item you are changing and give the reason for each change. Attach only the supporting forms and schedules for the items changed. If you do not attach the required information, your Form 1040X may be returned. Be sure to include your name and social security number on any attachments.**

If the change relates to a net operating loss carryback or a general business credit carryback, attach the schedule or form that shows the year in which the loss or credit occurred. See page 2 of the instructions. Also, check here . . . . . . . . ▶ ☐

***** *Please See Explanation Attached* *****

**Part III** **Presidential Election Campaign Fund.** Checking below will not increase your tax or reduce your refund.

If you did not previously want $3 to go to the fund but now want to, check here . . . . . . . . ▶ ☐
If a joint return and your spouse did not previously want $3 to go to the fund but now wants to, check here . . . . . ▶ ☐

STF FED3171F.2 Form **1040X** (Rev. 11-2001)

**0605**

Form **2848**
(Rev. December 1997)
Department of the Treasury
Internal Revenue Service

# Power of Attorney and Declaration of Representative

▶ See the separate instructions.

OMB No. 1545-0150

For IRS Use Only
Received by:
Name ______
Telephone ______
Function ______
Date

**Part I** **Power of Attorney** (Please type or print.)

**1 Taxpayer information** (Taxpayer(s) must sign and date this form on page 2, line 9.)

| Taxpayer name(s) and address | Social security number(s) | Employer identification number |
|---|---|---|
| LYMAN E & BEVERLY J BUSH<br>12217 122ND ST. CT. EAST<br>TACOMA WA 98445 | [redacted] | |
| | Daytime telephone number<br>(253) 537-7833 | Plan number (if applicable) |

hereby appoint(s) the following representative(s) as attorney(s)-in-fact:

**2 Representative(s)** (Representative(s) must sign and date this form on page 2, Part II.)

| Name and address | |
|---|---|
| Thomas E. Redding<br>2914 West T.C. Jester<br>Houston, Texas 77018 | CAF No. [redacted]<br>Telephone No. 713/965-9244<br>Fax No. 713/621-5227<br>Check if new: Address ☐ Telephone No. ☐ |
| Sallie W. Gladney<br>2914 West T.C. Jester<br>Houston, Texas 77018 | CAF No. [redacted]<br>Telephone No. 713/965-9244<br>Fax No. 713/621-5227<br>Check if new: Address ☐ Telephone No. ☐ |
| Teresa J. Womack<br>2914 West T.C. Jester<br>Houston, Texas 77018 | CAF No. [redacted]<br>Telephone No. 713/965-9244<br>Fax No. 713/621-5227<br>Check if new: Address ☐ Telephone No. ☐ |

to represent the taxpayer(s) before the Internal Revenue Service for the following tax matters:

**3 Tax matters**

| Type of Tax (Income, Employment, Excise, etc.) | Tax Form Number (1040, 941, 720, etc.) | Year(s) or Period(s) |
|---|---|---|
| Income | 1040 and 1065 and Partnership Items for all partnerships in which the taxpayer is a partner. | Tax periods ending: December 31, 1983, 1984, 1985, 1986, 1987, 1988, 1989, 1990, 1991, 1992, 1993, 1994, 1995 |

**4 Specific use not recorded on Centralized Authorization File (CAF).** If the power of attorney is for a specific use not recorded on CAF, check this box. (See instruction for **Line 4 — Specific uses not recorded on CAF.**) . . . . . . . . ▶ ☐

**5 Acts authorized.** The representatives are authorized to receive and inspect confidential tax information and to perform any and all acts that I (we) can perform with respect to the tax matters described on line 3, for example, the authority to sign any agreements, consents, or other documents. The authority does not include the power to receive refund checks (see line 6 below), the power to substitute another representative unless specifically added below, or the power to sign certain returns (see instruction for **Line 5 — Acts authorized**).

List any specific additions or deletions to the acts otherwise authorized in this power of attorney: This power includes, but is not limited to, authorization to exercise the taxpayer's rights regarding partnership items and affected items and under I.R.C. Section 6103(e)(1)(C) relative to Forms 1065 for partnerships in which the taxpayer(s) was a partner.

**Note:** *In general, an unenrolled preparer of tax returns cannot sign any document for a taxpayer. See Revenue Procedure 81-38, printed as Pub. 470, for more information.*

**Note:** *The tax matters partner of a partnership is not permitted to authorize representatives to perform certain acts. See the instructions for more information.*

**6 Receipt of refund checks.** If you want to authorize a representative named on line 2 to receive, **BUT NOT TO ENDORSE OR CASH**, refund checks, initial here LFB and list the name of that representative below.
(BJJ) — BY LFB AS EXECUTOR

Name of representative to receive refund check(s) ▶ Thomas E. Redding

**For Paperwork Reduction and Privacy Act Notice, see the separate instructions.**

Form **2848** (Rev. 12-97)

7 **Notices and communications.** Origi... notices and other written communications will ... sent to you and a copy to the first representative listed on line 2 unless you check one or more of the boxes below.

a If you want the first representative listed on line 2 to receive the original, and yourself a copy, of such notices or communications, check this box ▶ ☐

b If you also want the second representative listed to receive a copy of such notices and communications, check this box ▶ ☐

c If you do not want any notices or communications sent to your representative(s), check this box ▶ ☐

8 **Retention/revocation of prior power(s) of attorney.** The filing of this power of attorney automatically revokes all earlier power(s) of attorney on file with the Internal Revenue Service for the same tax matters and years or periods covered by this document. If you do not want to revoke a prior power of attorney, check here ▶ ☐

YOU MUST ATTACH A COPY OF ANY POWER OF ATTORNEY YOU WANT TO REMAIN IN EFFECT.

9 **Signature of taxpayer(s).** If a tax matter concerns a joint return, both husband and wife must sign if joint representation is requested, otherwise, see the instructions. If signed by a corporate officer, partner, guardian, tax matters partner, executor, receiver, administrator, or trustee on behalf of the taxpayer, I certify that I have the authority to execute this form on behalf of the taxpayer.

▶ IF NOT SIGNED AND DATED, THIS POWER OF ATTORNEY WILL BE RETURNED.

Lyman F Bush — Signature | 1-12-02 — Date | Title (if applicable)

LYMAN F BUSH — Print Name

Beverly J. Bush (DECEASED) — Signature | 1-12-02 — Date | Title (if applicable)

BY LFBush executor of ESTATE

BEVERLY J BUSH — Print Name

**Part II** **Declaration of Representative**

Under penalties of perjury, I declare that:

- I am not currently under suspension or disbarment from practice before the Internal Revenue Service;
- I am aware of regulations contained in Treasury Department Circular No. 230 (31 CFR, Part 10), as amended, concerning the practice of attorneys, certified public accountants, enrolled agents, enrolled actuaries, and others;
- I am authorized to represent the taxpayer(s) identified in Part I for the tax matter(s) specified there; and
- I am one of the following:

a Attorney — a member in good standing of the bar of the highest court of the jurisdiction shown below.
b Certified Public Accountant — duly qualified to practice as a certified public accountant in the jurisdiction shown below.
c Enrolled Agent — enrolled as an agent under the requirements of Treasury Department Circular No. 230.
d Officer — a bona fide officer of the taxpayer's organization.
e Full-Time Employee — a full-time employee of the taxpayer.
f Family Member — a member of the taxpayer's immediate family (i.e., spouse, parent, child, brother, or sister).
g Enrolled Actuary — enrolled as an actuary by the Joint Board for the Enrollment of Actuaries under 29 U.S.C. 1242 (the authority to practice before the Service is limited by section 10.3(d)(1) of Treasury Department Circular No. 230).
h Unenrolled Return Preparer — an unenrolled return preparer under section 10.7(c)(viii) of Treasury Department Circular No. 230.

▶ IF THIS DECLARATION OF REPRESENTATIVE IS NOT SIGNED AND DATED, THE POWER OF ATTORNEY WILL BE RETURNED.

| Designation — Insert above letter (a - h) | Jurisdiction (state) or Enrollment Card No. | Signature | Date |
|---|---|---|---|
| A | Texas | Thomas E. Redding (signed) Thomas E. Redding | 3/1/02 |
| A | Texas | Sallie W. Gladney (signed) Sallie W. Gladney | 3-1-02 |
| A | Texas | Teresa J. Womack | |

FILED
IN COUNTY CLERK'S OFFICE

A.M. SEP 29 1999 P.M.

PIERCE COUNTY, WASHINGTON
TED RUTT, COUNTY CLERK
BY________________ DEPUTY

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

IN AND FOR THE COUNTY OF PIERCE

| | |
|---|---|
| In the Matter of the Estate of<br><br>BEVERLY J. BUSH,<br><br>Deceased. | NO. 99-4-00904-8<br><br>NOTICE OF APPOINTMENT OF PERSONAL REPRESENTATIVE AND PENDENCY OF PROBATE PROCEEDINGS |

TO: ALL HEIRS OF THE ABOVE-NAMED DECEDENT

YOU ARE HEREBY NOTIFIED THAT LYMAN F. BUSH was appointed the Personal Representative of the estate of BEVERLY J. BUSH, deceased, on the 16th day of June, 1999, and that probate proceedings thereon are now pending.

DATED this 16 day of June, 1999.

SCHWEINLER & SCHWEINLER

BY: [signature]
ROGER C. SCHWEINLER
WSB #20169

[signature]
LYMAN F. BUSH
Personal Representative

1

NOTICE OF APPOINTMENT OF
PERSONAL REPRESENTATIVE...-1

COPY

SCHWEINLER & SCHWEINLER
ATTORNEYS AT LAW
901 SOUTH I STREET, SUITE 102
TACOMA, WA 98405
(253) 572-4114 TACOMA
(253) 572 2854 FAX

**LYMAN F. BUSH and BEVERLY J. BUSH, DECEASED**
**(SSN [redacted] and SSN [redacted])**
**EXPLANATION - 1985, 1986, and 1987 REFUND CLAIMS**
**AND STATEMENT REQUESTING APPLICATION OF §6621(d)**

This refund claim, as it relates to tax and interest assessed relative to a settlement related to the Greenberg Brothers Partnership #4, a.k.a. Lone Wolf McQuade Associates, and Cinema '84 partnerships (each referred to in this explanation as "the Partnerships") for 1983 through 1995 (referred to in this explanation as "the settlement years"), is filed based upon the following grounds:

1. Each settlement entered into by Closing Agreement provided there was no change to partnership items, but agreed that for purposes of determining the taxpayers' correct tax liability for every partnership year from inception to termination (i) the taxpayers' amount at risk regarding their Partnership investment would be determined based on several factors set forth in the agreement, (ii) "any deficiency in tax determined under this agreement will be subject to adjustments arising from a carryback or carryforward from other taxable years of any loss, credit or other tax attributable as allowed by the Internal Revenue Code," (iii) the taxpayers could limit the amount of any income that would be or had been recognized related to any cancellation of any partnership notes, (iv) the taxpayers could limit recognition of their distributive share of any partnership income or gains for certain years to the amount of the partnership distribution or previously suspended partnership loss and the at-risk rules, (v) the partners could assert any appropriate innocent spouse defense under §6015, and (vi) other factors would be considered. Therefore, it is clear that any resulting tax deficiency to the taxpayers is based upon agreed adjustments to affected items requiring a partner level determination and further subject to totally non-partnership item adjustments and defenses preserved in the settlement agreement. Any tax deficiency is subject to the notice of deficiency requirements under I.R.C. §§6212 and 6213. The Internal Revenue Service did not issue the statutory notice of deficiency with regard to the assessments sought to be refunded in this claim. An assessment of a tax liability in violation of the restrictions on assessment set forth in I.R.C. §6213 is void and illegal. Therefore, all the amounts assessed, collected and sought to be refunded in this claim should be refunded. The agreement did not contain nor was there any separate waiver of the restrictions on assessment and collection under I.R.C. §6213.

2. The harm caused by the IRS' breach of the closing agreements is abundantly clear in light of the following facts:

(b) In accordance with paragraphs 12, 14, 15, 17 and 18 the taxpayers filed refund claims for 1988, 1990, 1991, 1992, 1993 and 1995 that should have been allowed and taken into account in computing the net tax deficiency, but which were instead summarily denied. See Exhibit "C." Had the IRS issued a statutory notice of deficiency for 1985, 1986 and 1987 the taxpayers would have been entitled to raise these agreed offsets as a partial defense to the 1985, 1986 and 1987 liabilities prior to payment. Instead, the taxpayers have been forced (i) to file a separate lawsuit to obtain the refunds for 1988, 1990, 1991, 1992, 1993 and 1995, and (ii) pay the gross liability asserted by the IRS for 1985, 1986 and 1987 and then pursue these refund claims

asserting defenses reserved or agreed in this closing agreement. The 1988, 1990, 1991, 1992 and 1993 refunds would have reduced the liability by well over $50,000.

(b) Even the 1981 and 1988 overpayments the IRS determined and acknowledged by itself that should have offset against 1985, 1986 and 1987 liabilities were inexplicably offset against previously non-existent phantom liabilities for 1981 and 1988 essentially defrauding the taxpayers of the benefit of the offsets for those overpayments. See Exhibit "D."

3. The 1981, 1988, 1990, 1991, 1992, 1993, 1994 and 1995 overpayments discussed in Paragraph 2 should all have been applied directly to the 1985, 1986 and 1987 liabilities and therefore constitute an additional and separate ground for refund of the liability overpaid in 1985, 1986 and 1987 as a result of their denial.

4. The claim is timely. It is being filed within two years from the date of payment.

5. If it is determined that the taxpayers are entitled to anything less than a full refund, the recomputation of interest must take into account the doctrine in *Avon Products*, 78-2 U.S.T.C. ¶9821 (1978), pursuant to which it has been determined, and conceded by the government, that interest does not begin to run on a deficiency of tax until the date on which a refund was paid if no interest was paid with the original refund.

6. As an alternative, and in addition to the grounds set forth above, interest should be abated pursuant to I.R.C. §6404 as follows:

(a) First, interest should be abated for the period beginning with the commencement of the IRS' wrongful representation that the partners in this partnership would be entitled to request consistent settlements based upon those entered into by other partners, even providing the names and date of the settlements with respect to which the consistent settlements could be requested, the representation to the United States Tax Court that all of the cases then pending would be settled either based upon settlement documents that were in process or upon requests for consistent settlement, and then the subsequent refusal to enter into consistent settlements resulting in the delay from February 8, 1995 until the actual date that the above-referenced settlement agreement was entered into, all of which constituted managerial or ministerial acts which were unreasonable errors and delays by officers or employees of the IRS acting in their official capacities. All such acts occurred after the IRS first contacted the partner in writing with regard to the civil partnership level return examination.

(b) Second, if it is determined that there was a waiver of the restrictions under I.R.C. §6213, which the taxpayers assert there was not, then interest should be abated for the period beginning with a date 30 days after the date of such waiver in the Closing Agreement and ending on the date of assessment of the income tax liability. The failure to promptly assess

 R:\DOCS\CORRESP.Q\REFUND.CLM\QSTE7054.BU1

the tax deficiency was clearly a managerial or ministerial act resulting in an unreasonable delay of the tax assessment, and further, such abatement is required under I.R.C. §6404.

7. As an alternative, and in addition to the grounds set forth above, the taxpayer(s) are entitled to the benefit of a net rate of interest of zero pursuant to I.R.C. §6621(d) and a refund of the interest paid on the portion of the deficiency equal to the amount of any refund with respect to which the taxpayer(s) were entitled to receive interest for the periods during which interest was charged on such portion of the deficiency and is payable on such refunds. Substantial refunds are due for 1981, 1988, 1990, 1991, 1992, 1993, 1994 and 1995 as a result of the settlement. This claim constitutes the taxpayer(s)' request that the Secretary apply §6621(d) to all such periods, which includes all periods from April 15, 1984 of the first year listed in the preceding sentence until the date of payment of the tax sought to be refunded under this claim. To the extent of equivalent amounts of underpayments or overpayments, the periods set forth under §5.063 of Rev. Proc. 99-43 have not previously been applied to obtain a net interest rate of zero under §6621(d).

8. As an alternative, the assessment made by the Internal Revenue Service was not made within two years of the date of the settlement and is, therefore, an invalid assessment which must be refunded. The settlement became final and binding either on July 22, 1999 or August 7, 1999. Which date is in dispute. The IRS mailed to the taxpayers statements for tax due (Forms 3552) that were patently fraudulent, representing that the "Assessment Date" was "07/31/2000" and were dated "07/31/2000." These notices were pure unadulterated fraudulently dated and serve as no evidence that a valid assessment was ever made. They were RECEIVED BY THE TAXPAYERS ON 07/28/00, three days BEFORE the alleged assessment and date of the notices. See Exhibit "B," p. 4-10. They were faxed to the taxpayers' counsel on 7/28/00. It is the taxpayers' belief that the assessments were not actually made until late August.

Exhibits - A - Evidence of settlement
B - Evidence of tax assessment and payment

Bush 503303721

Form **843** (Rev. January 1997)
Department of the Treasury
Internal Revenue Service

# Claim for Refund and Request for Abatement

▶ See separate instructions.

OMB No. 1545-0024

*Use Form 843 only if your claim involves* ***(a)*** *one of the taxes shown on line 3a or* ***(b)*** *a refund or abatement of interest, penalties, or additions to tax on line 4a.*

***Do not*** *use Form 843 if your claim is for —*
- *An overpayment of income taxes;*
- *A refund of fuel taxes;*
- *An overpayment of excise taxes reported on Form 720, 730, or 2290 (see* ***General Instructions****).*

Please type or print

Name of claimant
LYMAN F. BUSH & BEVERLY J. BUSH, DECEASED

Your social security number
[redacted]

Address (number, street, and room or suite no.)
c/o Thomas E. Redding; 2914 West T. C. Jester *(POA ATTACHED, FORM 2848)*

Spouse's social security number
[redacted]

City or town, state, and ZIP code
Houston, Texas 77018-7010 ****ADDRESS FOR THIS MATTER ONLY****

Employer identification number

Name and address shown on return if different from above
1217 122ND STREET COURT EAST
TACOMA, WA 98445

Daytime telephone number
713-965-9244

1 Period — prepare a separate Form 843 for each tax period
From January 1, 19 86, to December 31, 19 86

2 Amount to be refunded or abated
$ 35,187.97**

3a Type of tax, penalty, or addition to tax:
☐ Employment ☐ Estate ☐ Gift ☐ Excise (unless reported on Form 720, 730, or 2290 — see instructions.)
☐ Penalty — IRC section ▶ ____________

b Type of return filed (see instructions):
☐ 706 ☐ 709 ☐ 940 ☐ 941 ☐ 943 ☐ 945 ☐ 990-PF ☐ 4720 ☒ Other (specify) 1040

4a Request for abatement or refund of:
☒ Interest caused by IRS errors or delays (if applicable — see instructions).
☐ A penalty or addition to tax as a result of erroneous advice from the IRS.

b Dates of payment ▶ 7/31/00, or at such later time when and if a timely and valid assessment was made.

5 **Explanation and additional claims.** Explain why you believe this claim should be allowed, and show computation of tax refund or abatement of interest, penalty, or addition to tax.

***** *Please See Explanation Attached* *****

***or such greater amount as is legally refundable, plus interest.*

**Signature.** If you are filing Form 843 to request a refund or abatement relating to a joint return, both you and your spouse must sign the claim. Claims filed by corporations must be signed by a corporate officer authorized to sign, and the signature must be accompanied by the officer's title.

Under penalties of perjury, I declare that I have examined this claim, including accompanying schedules and statements, and, to the best of my knowledge and belief, it is true, correct, and complete.

PLAINTIFF'S EXHIBIT 6

Lyman F Bush
Signature (Title, if applicable. Claims by corporations must be signed by an officer.) Date 7-16-02

Lyman F Bush personal representative
Signature Date 7-16-02

For Paperwork Reduction Act Notice, see separate instructions.
ISA
STF FED1524F

Form **843** (Rev. 1-97)

0612

Form **2848** (Rev. December 1997) Department of the Treasury Internal Revenue Service

# Power of Attorney and Declaration of Representative

▶ See the separate instructions.

OMB No. 1545-0150

For IRS Use Only
Received by:
Name ____
Telephone ____
Function ____
Date

**Part I** Power of Attorney (Please type or print.)

**1 Taxpayer information** (Taxpayer(s) must sign and date this form on page 2, line 9.)

| Taxpayer name(s) and address | Social security number(s) | Employer identification number |
|---|---|---|
| LYMAN F & BEVERLY J BUSH<br>1217 122ND ST. CT. EAST<br>TACOMA WA 98445 | [redacted] | |
| | Daytime telephone number (253) 537-7833 | Plan number (if applicable) |

hereby appoint(s) the following representative(s) as attorney(s)-in-fact:

**2 Representative(s)** (Representative(s) must sign and date this form on page 2, Part II.)

| Name and address | |
|---|---|
| Thomas E. Redding<br>2914 West T.C. Jester<br>Houston, Texas 77018 | CAF No. [redacted]<br>Telephone No. 713/965-9244<br>Fax No. 713/621-5227<br>Check if new: Address ☐ Telephone No. ☐ |
| Sallie W. Gladney<br>2914 West T.C. Jester<br>Houston, Texas 77018 | CAF No. [redacted]<br>Telephone No. 713/965-9244<br>Fax No. 713/621-5227<br>Check if new: Address ☐ Telephone No. ☐ |
| Teresa J. Womack<br>2914 West T.C. Jester<br>Houston, Texas 77018 | CAF No. [redacted]<br>Telephone No. 713/965-9244<br>Fax No. 713/621-5227<br>Check if new: Address ☐ Telephone No. ☐ |

to represent the taxpayer(s) before the Internal Revenue Service for the following tax matters:

**3 Tax matters**

| Type of Tax (Income, Employment, Excise, etc.) | Tax Form Number (1040, 941, 720, etc.) | Year(s) or Period(s) |
|---|---|---|
| Income | 1040 and 1065 and Partnership Items for all partnerships in which the taxpayer is a partner. | Tax periods ending: December 31, 1983, 1984, 1985, 1986, 1987, 1988, 1989, 1990, 1991, 1992, 1993, 1994, 1995 |

4 **Specific use not recorded on Centralized Authorization File (CAF).** If the power of attorney is for a specific use not recorded on CAF, check this box. (See instruction for **Line 4 — Specific uses not recorded on CAF.**) . . . . . . ▶ ☐

5 **Acts authorized.** The representatives are authorized to receive and inspect confidential tax information and to perform any and all acts that I (we) can perform with respect to the tax matters described on line 3, for example, the authority to sign any agreements, consents, or other documents. The authority does not include the power to receive refund checks (see line 6 below), the power to substitute another representative unless specifically added below, or the power to sign certain returns (see instruction for **Line 5 — Acts authorized**).

List any specific additions or deletions to the acts otherwise authorized in this power of attorney: This power includes, but is not limited to, authorization to exercise the taxpayer's rights regarding partnership items and affected items and under I.R.C. Section 6103(e)(1)(C) relative to Forms 1065 for partnerships in which the taxpayer(s) was a partner.

Note: *In general, an unenrolled preparer of tax returns cannot sign any document for a taxpayer. See Revenue Procedure 81-38, printed as Pub. 470, for more information.*

Note: *The tax matters partner of a partnership is not permitted to authorize representatives to perform certain acts. See the instructions for more information.*

6 **Receipt of refund checks.** If you want to authorize a representative named on line 2 to receive, **BUT NOT TO ENDORSE OR CASH,** refund checks, initial here LFB and list the name of that representative below.
(BJJ) — BY LFB AS EXECUTOR

Name of representative to receive refund check(s) ▶ Thomas E. Redding

**For Paperwork Reduction and Privacy Act Notice, see the separate instructions.** Form **2848** (Rev. 12-97)

ISA
STF FED4675F 1

7 **Notices and communications.** Ori... notices and other written communications w... sent to you and a copy to the first representative listed on line 2 unless you check one or more of the boxes below.

a If you want the first representative listed on line 2 to receive the original, and yourself a copy, of such notices or communications, check this box ▶ ☐

b If you also want the second representative listed to receive a copy of such notices and communications, check this box ▶ ☐

c If you do not want any notices or communications sent to your representative(s), check this box ▶ ☐

8 **Retention/revocation of prior power(s) of attorney.** The filing of this power of attorney automatically revokes all earlier power(s) of attorney on file with the Internal Revenue Service for the same tax matters and years or periods covered by this document. If you do not want to revoke a prior power of attorney, check here ▶ ☐
YOU MUST ATTACH A COPY OF ANY POWER OF ATTORNEY YOU WANT TO REMAIN IN EFFECT.

9 **Signature of taxpayer(s).** If a tax matter concerns a joint return, both husband and wife must sign if joint representation is requested, otherwise, see the instructions. If signed by a corporate officer, partner, guardian, tax matters partner, executor, receiver, administrator, or trustee on behalf of the taxpayer, I certify that I have the authority to execute this form on behalf of the taxpayer.

▶ **IF NOT SIGNED AND DATED, THIS POWER OF ATTORNEY WILL BE RETURNED.**

Lyman F Bush 1-12-02
Signature Date Title (if applicable)

LYMAN F BUSH
Print Name

Beverly J. Bush (DECEASED) BY LF Bush executor of estate 1-12-02
Signature Date Title (if applicable)

BEVERLY J BUSH
Print Name

**Part II** **Declaration of Representative**

Under penalties of perjury, I declare that:

- I am not currently under suspension or disbarment from practice before the Internal Revenue Service;
- I am aware of regulations contained in Treasury Department Circular No. 230 (31 CFR, Part 10), as amended, concerning the practice of attorneys, certified public accountants, enrolled agents, enrolled actuaries, and others;
- I am authorized to represent the taxpayer(s) identified in Part I for the tax matter(s) specified there; and
- I am one of the following:

a Attorney — a member in good standing of the bar of the highest court of the jurisdiction shown below.
b Certified Public Accountant — duly qualified to practice as a certified public accountant in the jurisdiction shown below.
c Enrolled Agent — enrolled as an agent under the requirements of Treasury Department Circular No. 230.
d Officer — a bona fide officer of the taxpayer's organization.
e Full-Time Employee — a full-time employee of the taxpayer.
f Family Member — a member of the taxpayer's immediate family (i.e., spouse, parent, child, brother, or sister).
g Enrolled Actuary — enrolled as an actuary by the Joint Board for the Enrollment of Actuaries under 29 U.S.C. 1242 (the authority to practice before the Service is limited by section 10.3(d)(1) of Treasury Department Circular No. 230).
h Unenrolled Return Preparer — an unenrolled return preparer under section 10.7(c)(viii) of Treasury Department Circular No. 230.

▶ IF THIS DECLARATION OF REPRESENTATIVE IS NOT SIGNED AND DATED, THE POWER OF ATTORNEY WILL BE RETURNED.

| Designation — Insert above letter (a - h) | Jurisdiction (state) or Enrollment Card No. | Signature | Date |
|---|---|---|---|
| A | Texas | Thomas E. Redding (signed) Thomas E. Redding | 3/1/02 |
| A | Texas | Sallie W. Gladney (signed) Sallie W. Gladney | 3-1-02 |
| A | Texas | Teresa J. Womack | |

FILED
IN COUNTY CLERK'S OFFICE

A.M. SEP 29 1999 P.M.

PIERCE COUNTY, WASHINGTON
TED RUTT, COUNTY CLERK
BY ________ DEPUTY

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

IN AND FOR THE COUNTY OF PIERCE

| | |
|---|---|
| In the Matter of the Estate of<br><br>BEVERLY J. BUSH,<br><br>Deceased. | NO. 99-4-00904-8<br><br>NOTICE OF APPOINTMENT OF PERSONAL REPRESENTATIVE AND PENDENCY OF PROBATE PROCEEDINGS |

TO: ALL HEIRS OF THE ABOVE-NAMED DECEDENT

YOU ARE HEREBY NOTIFIED THAT LYMAN F. BUSH was appointed the Personal Representative of the estate of BEVERLY J. BUSH, deceased, on the 16th day of June, 1999, and that probate proceedings thereon are now pending.

DATED this 16 day of June, 1999.

SCHWEINLER & SCHWEINLER

BY: [signature]
ROGER C. SCHWEINLER
WSB #20169

[signature]
LYMAN F. BUSH
Personal Representative

1



SCHWEINLER & SCHWEINLER
ATTORNEYS AT LAW
901 SOUTH I STREET, SUITE 102
TACOMA, WA 98405
(253) 572-4114 TACOMA
(253) 572-2854 FAX

COPY

**LYMAN F. BUSH and BEVERLY J. BUSH, DECEASED**
**(SSN [redacted] and SSN [redacted])**
**EXPLANATION - 1985, 1986, and 1987 REFUND CLAIMS**
**AND STATEMENT REQUESTING APPLICATION OF §6621(d)**

This refund claim, as it relates to tax and interest assessed relative to a settlement related to the Greenberg Brothers Partnership #4, a.k.a. Lone Wolf McQuade Associates, and Cinema '84 partnerships (each referred to in this explanation as "the Partnerships") for 1983 through 1995 (referred to in this explanation as "the settlement years"), is filed based upon the following grounds:

1. Each settlement entered into by Closing Agreement provided there was no change to partnership items, but agreed that for purposes of determining the taxpayers' correct tax liability for every partnership year from inception to termination (i) the taxpayers' amount at risk regarding their Partnership investment would be determined based on several factors set forth in the agreement, (ii) "any deficiency in tax determined under this agreement will be subject to adjustments arising from a carryback or carryforward from other taxable years of any loss, credit or other tax attributable as allowed by the Internal Revenue Code," (iii) the taxpayers could limit the amount of any income that would be or had been recognized related to any cancellation of any partnership notes, (iv) the taxpayers could limit recognition of their distributive share of any partnership income or gains for certain years to the amount of the partnership distribution or previously suspended partnership loss and the at-risk rules, (v) the partners could assert any appropriate innocent spouse defense under §6015, and (vi) other factors would be considered. Therefore, it is clear that any resulting tax deficiency to the taxpayers is based upon agreed adjustments to affected items requiring a partner level determination and further subject to totally non-partnership item adjustments and defenses preserved in the settlement agreement. Any tax deficiency is subject to the notice of deficiency requirements under I.R.C. §§6212 and 6213. The Internal Revenue Service did not issue the statutory notice of deficiency with regard to the assessments sought to be refunded in this claim. An assessment of a tax liability in violation of the restrictions on assessment set forth in I.R.C. §6213 is void and illegal. Therefore, all the amounts assessed, collected and sought to be refunded in this claim should be refunded. The agreement did not contain nor was there any separate waiver of the restrictions on assessment and collection under I.R.C. §6213.

2. The harm caused by the IRS' breach of the closing agreements is abundantly clear in light of the following facts:

(b) In accordance with paragraphs 12, 14, 15, 17 and 18 the taxpayers filed refund claims for 1988, 1990, 1991, 1992, 1993 and 1995 that should have been allowed and taken into account in computing the net tax deficiency, but which were instead summarily denied. See Exhibit "C." Had the IRS issued a statutory notice of deficiency for 1985, 1986 and 1987 the taxpayers would have been entitled to raise these agreed offsets as a partial defense to the 1985, 1986 and 1987 liabilities prior to payment. Instead, the taxpayers have been forced (i) to file a separate lawsuit to obtain the refunds for 1988, 1990, 1991, 1992, 1993 and 1995, and (ii) pay the gross liability asserted by the IRS for 1985, 1986 and 1987 and then pursue these refund claims

asserting defenses reserved or agreed in this closing agreement. The 1988, 1990, 1991, 1992 and 1993 refunds would have reduced the liability by well over $50,000.

(b) Even the 1981 and 1988 overpayments the IRS determined and acknowledged by itself that should have offset against 1985, 1986 and 1987 liabilities were inexplicably offset against previously non-existent phantom liabilities for 1981 and 1988 essentially defrauding the taxpayers of the benefit of the offsets for those overpayments. See Exhibit "D."

3. The 1981, 1988, 1990, 1991, 1992, 1993, 1994 and 1995 overpayments discussed in Paragraph 2 should all have been applied directly to the 1985, 1986 and 1987 liabilities and therefore constitute an additional and separate ground for refund of the liability overpaid in 1985, 1986 and 1987 as a result of their denial.

4. The claim is timely. It is being filed within two years from the date of payment.

5. If it is determined that the taxpayers are entitled to anything less than a full refund, the recomputation of interest must take into account the doctrine in *Avon Products*, 78-2 U.S.T.C. ¶9821 (1978), pursuant to which it has been determined, and conceded by the government, that interest does not begin to run on a deficiency of tax until the date on which a refund was paid if no interest was paid with the original refund.

6. As an alternative, and in addition to the grounds set forth above, interest should be abated pursuant to I.R.C. §6404 as follows:

(a) First, interest should be abated for the period beginning with the commencement of the IRS' wrongful representation that the partners in this partnership would be entitled to request consistent settlements based upon those entered into by other partners, even providing the names and date of the settlements with respect to which the consistent settlements could be requested, the representation to the United States Tax Court that all of the cases then pending would be settled either based upon settlement documents that were in process or upon requests for consistent settlement, and then the subsequent refusal to enter into consistent settlements resulting in the delay from February 8, 1995 until the actual date that the above-referenced settlement agreement was entered into, all of which constituted managerial or ministerial acts which were unreasonable errors and delays by officers or employees of the IRS acting in their official capacities. All such acts occurred after the IRS first contacted the partner in writing with regard to the civil partnership level return examination.

(b) Second, if it is determined that there was a waiver of the restrictions under I.R.C. §6213, which the taxpayers assert there was not, then interest should be abated for the period beginning with a date 30 days after the date of such waiver in the Closing Agreement and ending on the date of assessment of the income tax liability. The failure to promptly assess

the tax deficiency was clearly a managerial or ministerial act resulting in an unreasonable delay of the tax assessment, and further, such abatement is required under I.R.C. §6404.

7. As an alternative, and in addition to the grounds set forth above, the taxpayer(s) are entitled to the benefit of a net rate of interest of zero pursuant to I.R.C. §6621(d) and a refund of the interest paid on the portion of the deficiency equal to the amount of any refund with respect to which the taxpayer(s) were entitled to receive interest for the periods during which interest was charged on such portion of the deficiency and is payable on such refunds. Substantial refunds are due for 1981, 1988, 1990, 1991, 1992, 1993, 1994 and 1995 as a result of the settlement. This claim constitutes the taxpayer(s)' request that the Secretary apply §6621(d) to all such periods, which includes all periods from April 15, 1984 of the first year listed in the preceding sentence until the date of payment of the tax sought to be refunded under this claim. To the extent of equivalent amounts of underpayments or overpayments, the periods set forth under §5.063 of Rev. Proc. 99-43 have not previously been applied to obtain a net interest rate of zero under §6621(d).

8. As an alternative, the assessment made by the Internal Revenue Service was not made within two years of the date of the settlement and is, therefore, an invalid assessment which must be refunded. The settlement became final and binding either on July 22, 1999 or August 7, 1999. Which date is in dispute. The IRS mailed to the taxpayers statements for tax due (Forms 3552) that were patently fraudulent, representing that the "Assessment Date" was "07/31/2000" and were dated "07/31/2000." These notices were pure unadulterated fraudulently dated and serve as no evidence that a valid assessment was ever made. They were RECEIVED BY THE TAXPAYERS ON 07/28/00, three days BEFORE the alleged assessment and date of the notices. See Exhibit "B," p. 4-10. They were faxed to the taxpayers' counsel on 7/28/00. It is the taxpayers' belief that the assessments were not actually made until late August.

Exhibits - A - Evidence of settlement
B - Evidence of tax assessment and payment



R:\DOCS\CORRESP.Q\REFUND.CLM\QSTE7054.BU1

Bush 503303721

Form **1040X** (Rev. November 2001)

Department of the Treasury — Internal Revenue Service

# Amended U.S. Individual Income Tax Return

▶ See separate instructions.

OMB No. 1545-0091

**This return is for calendar year ▶** 1987 **, or fiscal year ended ▶**

Please print or type

| Your first name and initial | Last name | Your social security number |
|---|---|---|
| LYMAN F. | BUSH | [redacted] |
| If a joint return, spouse's first name and initial | Last name | Spouse's social security number |
| BEVERLY J. | BUSH, DECEASED | [redacted] |
| Home address (no. and street) or P.O. box if mail is not delivered to your home *(POA ATTACHED, FORM 2848)* Apt. no. | | Phone number |
| c/o Thomas E. Redding; 2914 West T. C. Jester | | 713-965-9244 |
| City, town or post office, state, and ZIP code. If you have a foreign address, see page 2 of the instructions. | | For Paperwork Reduction Act Notice, see page 6. |
| Houston, Texas 77018-7010 *** *ADDRESS FOR THIS MATTER ONLY* | | |

**A** If the name or address shown above is different from that shown on the original return, check here ▶ ☒

**B** Has the original return been changed or audited by the IRS or have you been notified that it will be? ☒ **Yes** ☐ **No**

**C** Filing status. Be sure to complete this line. **Note.** You cannot change from joint to separate returns after the due date.

On original return ▶ ☐ Single ☒ Married filing joint return ☐ Married filing separate return ☐ Head of household ☐ Qualifying widow(er)

On this return ▶ ☐ Single ☒ Married filing joint return ☐ Married filing separate return ☐ Head of household* ☐ Qualifying widow(er)

* If the qualifying person is a child but not your dependent, see page 2.

| Use Part II on the Back to Explain any Changes | | A. Original amount or as previously adjusted (see page 2) | B. Net change — amount of increase or (decrease) — explain in Part II | C. Correct amount |
|---|---|---|---|---|
| **Income and Deductions (see pages 2 - 6)** | | | | |
| 1 Adjusted gross income (see page 3) | 1 | | | |
| 2 Itemized deductions or standard deduction (see page 3) | 2 | | | |
| 3 Subtract line 2 from line 1 | 3 | | | |
| 4 Exemptions. If changing, fill in Parts I and II on the back | 4 | | | |
| 5 Taxable income. Subtract line 4 from line 3 | 5 | | | |
| **Tax Liability** 6 Tax (see page 4). Method used in col. C ______ | 6 | | | |
| 7 Credits (see page 4) | 7 | | | |
| 8 Subtract line 7 from line 6. Enter the result but not less than zero | 8 | | | |
| 9 Other taxes (see page 4) | 9 | | | |
| 10 Total tax. Add lines 8 and 9 | 10 | | | |
| **Payments** 11 Federal income tax withheld and excess social security and RRTA tax withheld. If changing, see page 4 | 11 | | | |
| 12 Estimated tax payments, including amount applied from prior year's return | 12 | | | |
| 13 Earned income credit (EIC) | 13 | | | |
| 14 Additional child tax credit from Form 8812 | 14 | | | |
| 15 Credits from Form 2439 or Form 4136 | 15 | | | |
| 16 Amount paid with request for extension of time to file (see page 4) | 16 | | | |
| 17 Amount of tax paid with original return plus additional tax paid after it was filed | 17 | | | 37,261 |
| 18 Total payments. Add lines 11 through 17 in column C | 18 | | | 37,261 |
| **Refund or Amount You Owe** | | | | |
| 19 Overpayment, if any, as shown on original return or as previously adjusted by the IRS | 19 | | | *Not Applicable* |
| 20 Subtract line 19 from line 18 (see page 5) | 20 | | | *Not Applicable* |
| 21 **Amount you owe.** If line 10, column C, is more than line 20, enter the difference and see page 5 | 21 | | | 0 |
| 22 If line 10, column C, is less than line 20, enter the difference | 22 | | | *Not Applicable* |
| 23 Amount of line 22 you want **refunded to you** | 23 | | | 9,635 ** |
| 24 Amount of line 22 you want **applied to your** estimated tax | 24 | | | |

**Sign Here** Joint return? See page 2. Keep a copy for your records.

Under penalties of perjury, I declare that I have filed an original return and that I have examined this amended return, including accompanying schedules and statements, and to the best of my knowledge and belief, this amended return is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which the preparer has any knowledge.

▶ Lyman F Bush 7-16-02 — Your signature, Date

▶ Lyman F Bush, personal representative 7-16-02 — Spouse's signature. If a joint return, both must sign. Date

**Paid Preparer's Use Only**

Preparer's signature ▶ Brett A Thompson CPA — Date 7-5-02 — Check if self-employed ☒ — Preparer's SSN or PTIN P00097501

Firm's name (or yours if self-employed), address, and ZIP code ▶ BRETT A. THOMPSON, CPA, 20214 KINGSLAND BLVD. KATY, TX 7745[illegible] — EIN — Phone no. 713-96[illegible]-9244

*****or such greater amount as is legally refundable, plus interest.***

PLAINTIFF'S EXHIBIT 7

ISA STF FED3171F.1 — Form **1040X** (Rev. 11-2001)

Form **2848** (Rev. December 1997) Department of the Treasury Internal Revenue Service

# Power of Attorney and Declaration of Representative

▶ See the separate instructions.

OMB No. 1545-0150

For IRS Use Only
Received by:
Name
Telephone
Function
Date

**Part I** Power of Attorney (Please type or print.)

**1 Taxpayer information** (Taxpayer(s) must sign and date this form on page 2, line 9.)

| Taxpayer name(s) and address | Social security number(s) | Employer identification number |
|---|---|---|
| LYMAN F & BEVERLY J BUSH<br>1217 122ND ST. CT. EAST<br>TACOMA WA 98445 | [redacted] | |
| | Daytime telephone number<br>(253) 537-7833 | Plan number (if applicable) |

hereby appoint(s) the following representative(s) as attorney(s)-in-fact:

**2 Representative(s)** (Representative(s) must sign and date this form on page 2, Part II.)

| Name and address | |
|---|---|
| Thomas E. Redding<br>2914 West T.C. Jester<br>Houston, Texas 77018 | CAF No. [redacted]<br>Telephone No. 713/965-9244<br>Fax No. 713/621-5227<br>Check if new: Address ☐ Telephone No. ☐ |
| Sallie W. Gladney<br>2914 West T.C. Jester<br>Houston, Texas 77018 | CAF No. [redacted]<br>Telephone No. 713/965-9244<br>Fax No. 713/621-5227<br>Check if new: Address ☐ Telephone No. ☐ |
| Teresa J. Womack<br>2914 West T.C. Jester<br>Houston, Texas 77018 | CAF No. [redacted]<br>Telephone No. 713/965-9244<br>Fax No. 713/621-5227<br>Check if new: Address ☐ Telephone No. ☐ |

to represent the taxpayer(s) before the Internal Revenue Service for the following tax matters:

**3 Tax matters**

| Type of Tax (Income, Employment, Excise, etc.) | Tax Form Number (1040, 941, 720, etc.) | Year(s) or Period(s) |
|---|---|---|
| Income | 1040 and 1065 and Partnership Items for all partnerships in which the taxpayer is a partner. | Tax periods ending: December 31, 1983, 1984, 1985, 1986, 1987, 1988, 1989, 1990, 1991, 1992, 1993, 1994, 1995 |

**4 Specific use not recorded on Centralized Authorization File (CAF).** If the power of attorney is for a specific use not recorded on CAF, check this box. (See instruction for **Line 4 — Specific uses not recorded on CAF.**) . . . . . . . . . . . . . . . . . . . . . ▶ ☐

**5 Acts authorized.** The representatives are authorized to receive and inspect confidential tax information and to perform any and all acts that I (we) can perform with respect to the tax matters described on line 3, for example, the authority to sign any agreements, consents, or other documents. The authority does not include the power to receive refund checks (see line 6 below), the power to substitute another representative unless specifically added below, or the power to sign certain returns (see instruction for **Line 5 — Acts authorized**).

List any specific additions or deletions to the acts otherwise authorized in this power of attorney: This power includes, but is not limited to, authorization to exercise the taxpayer's rights regarding partnership items and affected items and under I.R.C. Section 6103(e)(1)(C) relative to Forms 1065 for partnerships in which the taxpayer(s) was a partner.

**Note:** *In general, an unenrolled preparer of tax returns cannot sign any document for a taxpayer. See Revenue Procedure 81-38, printed as Pub. 470, for more information.*

**Note:** *The tax matters partner of a partnership is not permitted to authorize representatives to perform certain acts. See the instructions for more information.*

**6 Receipt of refund checks.** If you want to authorize a representative named on line 2 to receive, **BUT NOT TO ENDORSE OR CASH**, refund checks, initial here LFB and list the name of that representative below.
BJJ — BY LFB AS EXECUTOR

Name of representative to receive refund check(s) ▶ Thomas E. Redding

For Paperwork Reduction and Privacy Act Notice, see the separate instructions. Form 2848 (Rev. 12-97)

ISA
STF FED4675F.1

7 **Notices and communications.** Original notices and other written communications will be sent to you and a copy to the first representative listed on line 2 unless you check one or more of the boxes below.

a If you want the first representative listed on line 2 to receive the original, and yourself a copy, of such notices or communications, check this box . . . ▶ ☐

b If you also want the second representative listed to receive a copy of such notices and communications, check this box . ▶ ☐

c If you do not want any notices or communications sent to your representative(s), check this box . . . ▶ ☐

8 **Retention/revocation of prior power(s) of attorney.** The filing of this power of attorney automatically revokes all earlier power(s) of attorney on file with the Internal Revenue Service for the same tax matters and years or periods covered by this document. If you do not want to revoke a prior power of attorney, check here . . . ▶ ☐

YOU MUST ATTACH A COPY OF ANY POWER OF ATTORNEY YOU WANT TO REMAIN IN EFFECT.

9 **Signature of taxpayer(s).** If a tax matter concerns a joint return, both husband and wife must sign if joint representation is requested, otherwise, see the instructions. If signed by a corporate officer, partner, guardian, tax matters partner, executor, receiver, administrator, or trustee on behalf of the taxpayer, I certify that I have the authority to execute this form on behalf of the taxpayer.

▶ IF NOT SIGNED AND DATED, THIS POWER OF ATTORNEY WILL BE RETURNED.

Lyman F Bush 1-12-02

Signature Date Title (if applicable)

LYMAN F BUSH

Print Name

Beverly J. Bush (DECEASED — BY LF Bush executor of ESTATE) 1-12-02

Signature Date Title (if applicable)

BEVERLY J BUSH

Print Name

**Part II** Declaration of Representative

Under penalties of perjury, I declare that:

- I am not currently under suspension or disbarment from practice before the Internal Revenue Service;
- I am aware of regulations contained in Treasury Department Circular No. 230 (31 CFR, Part 10), as amended, concerning the practice of attorneys, certified public accountants, enrolled agents, enrolled actuaries, and others;
- I am authorized to represent the taxpayer(s) identified in Part I for the tax matter(s) specified there; and
- I am one of the following:

a Attorney — a member in good standing of the bar of the highest court of the jurisdiction shown below.

b Certified Public Accountant — duly qualified to practice as a certified public accountant in the jurisdiction shown below.

c Enrolled Agent — enrolled as an agent under the requirements of Treasury Department Circular No. 230.

d Officer — a bona fide officer of the taxpayer's organization.

e Full-Time Employee — a full-time employee of the taxpayer.

f Family Member — a member of the taxpayer's immediate family (i.e., spouse, parent, child, brother, or sister).

g Enrolled Actuary — enrolled as an actuary by the Joint Board for the Enrollment of Actuaries under 29 U.S.C. 1242 (the authority to practice before the Service is limited by section 10.3(d)(1) of Treasury Department Circular No. 230).

h Unenrolled Return Preparer — an unenrolled return preparer under section 10.7(c)(viii) of Treasury Department Circular No. 230.

▶ IF THIS DECLARATION OF REPRESENTATIVE IS NOT SIGNED AND DATED, THE POWER OF ATTORNEY WILL BE RETURNED.

| Designation — Insert above letter (a - h) | Jurisdiction (state) or Enrollment Card No. | Signature | Date |
|---|---|---|---|
| A | Texas | Thomas E. Redding | 3/1/02 |
| A | Texas | Sallie W. Gladney | 3-1-02 |
| A | Texas | Teresa J. Womack | |

STF FED4675F.2

FILED
IN COUNTY CLERK'S OFFICE

A.M. SEP 29 1999 P.M.

PIERCE COUNTY, WASHINGTON
TED RUTT, COUNTY CLERK
BY________________DEPUTY

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

IN AND FOR THE COUNTY OF PIERCE

| | |
|---|---|
| In the Matter of the Estate of<br><br>BEVERLY J. BUSH,<br><br>Deceased. | NO. 99-4-00904-8<br><br>NOTICE OF APPOINTMENT OF PERSONAL REPRESENTATIVE AND PENDENCY OF PROBATE PROCEEDINGS |

TO: ALL HEIRS OF THE ABOVE-NAMED DECEDENT

YOU ARE HEREBY NOTIFIED THAT LYMAN F. BUSH was appointed the Personal Representative of the estate of BEVERLY J. BUSH, deceased, on the 16th day of June, 1999, and that probate proceedings thereon are now pending.

DATED this 16 day of June, 1999.

SCHWEINLER & SCHWEINLER

BY: [signature]
ROGER C. SCHWEINLER
WSB #20169

[signature]
LYMAN F. BUSH
Personal Representative

1



SCHWEINLER & SCHWEINLER
ATTORNEYS AT LAW
901 SOUTH I STREET, SUITE 102
TACOMA, WA 98405
(253) 572-4114 TACOMA
(253) 572 2854 FAX

COPY

**LYMAN F. BUSH and BEVERLY J. BUSH, DECEASED**
**([redacted] and SSN [redacted])**
**EXPLANATION - 1985, 1986, and 1987 REFUND CLAIMS**
**AND STATEMENT REQUESTING APPLICATION OF §6621(d)**

This refund claim, as it relates to tax and interest assessed relative to a settlement related to the Greenberg Brothers Partnership #4, a.k.a. Lone Wolf McQuade Associates, and Cinema '84 partnerships (each referred to in this explanation as "the Partnerships") for 1983 through 1995 (referred to in this explanation as "the settlement years"), is filed based upon the following grounds:

1. Each settlement entered into by Closing Agreement provided there was no change to partnership items, but agreed that for purposes of determining the taxpayers' correct tax liability for every partnership year from inception to termination (i) the taxpayers' amount at risk regarding their Partnership investment would be determined based on several factors set forth in the agreement, (ii) "any deficiency in tax determined under this agreement will be subject to adjustments arising from a carryback or carryforward from other taxable years of any loss, credit or other tax attributable as allowed by the Internal Revenue Code," (iii) the taxpayers could limit the amount of any income that would be or had been recognized related to any cancellation of any partnership notes, (iv) the taxpayers could limit recognition of their distributive share of any partnership income or gains for certain years to the amount of the partnership distribution or previously suspended partnership loss and the at-risk rules, (v) the partners could assert any appropriate innocent spouse defense under §6015, and (vi) other factors would be considered. Therefore, it is clear that any resulting tax deficiency to the taxpayers is based upon agreed adjustments to affected items requiring a partner level determination and further subject to totally non-partnership item adjustments and defenses preserved in the settlement agreement. Any tax deficiency is subject to the notice of deficiency requirements under I.R.C. §§6212 and 6213. The Internal Revenue Service did not issue the statutory notice of deficiency with regard to the assessments sought to be refunded in this claim. An assessment of a tax liability in violation of the restrictions on assessment set forth in I.R.C. §6213 is void and illegal. Therefore, all the amounts assessed, collected and sought to be refunded in this claim should be refunded. The agreement did not contain nor was there any separate waiver of the restrictions on assessment and collection under I.R.C. §6213.

2. The harm caused by the IRS' breach of the closing agreements is abundantly clear in light of the following facts:

(b) In accordance with paragraphs 12, 14, 15, 17 and 18 the taxpayers filed refund claims for 1988, 1990, 1991, 1992, 1993 and 1995 that should have been allowed and taken into account in computing the net tax deficiency, but which were instead summarily denied. See Exhibit "C." Had the IRS issued a statutory notice of deficiency for 1985, 1986 and 1987 the taxpayers would have been entitled to raise these agreed offsets as a partial defense to the 1985, 1986 and 1987 liabilities prior to payment. Instead, the taxpayers have been forced (i) to file a separate lawsuit to obtain the refunds for 1988, 1990, 1991, 1992, 1993 and 1995, and (ii) pay the gross liability asserted by the IRS for 1985, 1986 and 1987 and then pursue these refund claims

asserting defenses reserved or agreed in this closing agreement. The 1988, 1990, 1991, 1992 and 1993 refunds would have reduced the liability by well over $50,000.

(b) Even the 1981 and 1988 overpayments the IRS determined and acknowledged by itself that should have offset against 1985, 1986 and 1987 liabilities were inexplicably offset against previously non-existent phantom liabilities for 1981 and 1988 essentially defrauding the taxpayers of the benefit of the offsets for those overpayments. See Exhibit "D."

3. The 1981, 1988, 1990, 1991, 1992, 1993, 1994 and 1995 overpayments discussed in Paragraph 2 should all have been applied directly to the 1985, 1986 and 1987 liabilities and therefore constitute an additional and separate ground for refund of the liability overpaid in 1985, 1986 and 1987 as a result of their denial.

4. The claim is timely. It is being filed within two years from the date of payment.

5. If it is determined that the taxpayers are entitled to anything less than a full refund, the recomputation of interest must take into account the doctrine in *Avon Products*, 78-2 U.S.T.C. ¶9821 (1978), pursuant to which it has been determined, and conceded by the government, that interest does not begin to run on a deficiency of tax until the date on which a refund was paid if no interest was paid with the original refund.

6. As an alternative, and in addition to the grounds set forth above, interest should be abated pursuant to I.R.C. §6404 as follows:

(a) First, interest should be abated for the period beginning with the commencement of the IRS' wrongful representation that the partners in this partnership would be entitled to request consistent settlements based upon those entered into by other partners, even providing the names and date of the settlements with respect to which the consistent settlements could be requested, the representation to the United States Tax Court that all of the cases then pending would be settled either based upon settlement documents that were in process or upon requests for consistent settlement, and then the subsequent refusal to enter into consistent settlements resulting in the delay from February 8, 1995 until the actual date that the above-referenced settlement agreement was entered into, all of which constituted managerial or ministerial acts which were unreasonable errors and delays by officers or employees of the IRS acting in their official capacities. All such acts occurred after the IRS first contacted the partner in writing with regard to the civil partnership level return examination.

(b) Second, if it is determined that there was a waiver of the restrictions under I.R.C. §6213, which the taxpayers assert there was not, then interest should be abated for the period beginning with a date 30 days after the date of such waiver in the Closing Agreement and ending on the date of assessment of the income tax liability. The failure to promptly assess

 R:\DOCS\CORRESP.Q\REFUND.CLM\QSTE7054.BUI

the tax deficiency was clearly a managerial or ministerial act resulting in an unreasonable delay of the tax assessment, and further, such abatement is required under I.R.C. §6404.

7. As an alternative, and in addition to the grounds set forth above, the taxpayer(s) are entitled to the benefit of a net rate of interest of zero pursuant to I.R.C. §6621(d) and a refund of the interest paid on the portion of the deficiency equal to the amount of any refund with respect to which the taxpayer(s) were entitled to receive interest for the periods during which interest was charged on such portion of the deficiency and is payable on such refunds. Substantial refunds are due for 1981, 1988, 1990, 1991, 1992, 1993, 1994 and 1995 as a result of the settlement. This claim constitutes the taxpayer(s)' request that the Secretary apply §6621(d) to all such periods, which includes all periods from April 15, 1984 of the first year listed in the preceding sentence until the date of payment of the tax sought to be refunded under this claim. To the extent of equivalent amounts of underpayments or overpayments, the periods set forth under §5.063 of Rev. Proc. 99-43 have not previously been applied to obtain a net interest rate of zero under §6621(d).

8. As an alternative, the assessment made by the Internal Revenue Service was not made within two years of the date of the settlement and is, therefore, an invalid assessment which must be refunded. The settlement became final and binding either on July 22, 1999 or August 7, 1999. Which date is in dispute. The IRS mailed to the taxpayers statements for tax due (Forms 3552) that were patently fraudulent, representing that the "Assessment Date" was "07/31/2000" and were dated "07/31/2000." These notices were pure unadulterated fraudulently dated and serve as no evidence that a valid assessment was ever made. They were RECEIVED BY THE TAXPAYERS ON 07/28/00, three days BEFORE the alleged assessment and date of the notices. See Exhibit "B," p. 4-10. They were faxed to the taxpayers' counsel on 7/28/00. It is the taxpayers' belief that the assessments were not actually made until late August.

Exhibits - A - Evidence of settlement
B - Evidence of tax assessment and payment



R:\DOCS\CORRESP.Q\REFUND.CLM\QSTE7054.BU1

0625

Bush 503303721

Form **843** (Rev. January 1997) Department of the Treasury Internal Revenue Service

# Claim for Refund and Request for Abatement

▶ **See separate instructions.**

OMB No. 1545-0024

*Use Form 843 only if your claim involves **(a)** one of the taxes shown on line 3a or **(b)** a refund or abatement of interest, penalties, or additions to tax on line 4a.*

***Do not** use Form 843 if your claim is for —*

- *An overpayment of income taxes;*
- *A refund of fuel taxes;*
- *An overpayment of excise taxes reported on Form 720, 730, or 2290 (see **General Instructions**).*

Please type or print

Name of claimant
LYMAN F. BUSH & BEVERLY J. BUSH, DECEASED

Your social security number
[redacted]

Address (number, street, and room or suite no.)
c/o Thomas E. Redding; 2914 West T. C. Jester *(POA ATTACHED, FORM 2848)*

Spouse's social security number

City or town, state, and ZIP code
Houston, Texas 77018-7010 ****ADDRESS FOR THIS MATTER ONLY****

Employer identification number

Name and address shown on return if different from above
1217 122ND STREET COURT EAST
TACOMA, WA 98445

Daytime telephone number
713-965-9244

**1** Period — prepare a separate Form 843 for each tax period
From January 1, 19 87, to December 31, 19 87

**2** Amount to be refunded or abated
$ 26,729.62 **

**3a** Type of tax, penalty, or addition to tax:
☐ Employment ☐ Estate ☐ Gift ☐ Excise (unless reported on Form 720, 730, or 2290 — see instructions.)
☐ Penalty — IRC section ▶ ____________

**b** Type of return filed (see instructions):
☐ 706 ☐ 709 ☐ 940 ☐ 941 ☐ 943 ☐ 945 ☐ 990-PF ☐ 4720 ☒ Other (specify) 1040

**4a** Request for abatement or refund of:
☒ Interest caused by IRS errors or delays (if applicable — see instructions).
☐ A penalty or addition to tax as a result of erroneous advice from the IRS.

**b** Dates of payment ▶ 7/31/00, or at such later time when and if a timely and valid assessment was made.

**5** **Explanation and additional claims.** Explain why you believe this claim should be allowed, and show computation of tax refund or abatement of interest, penalty, or addition to tax.

***** ***Please See Explanation Attached*** *****

***or such greater amount as is legally refundable, plus interest.***

**Signature.** If you are filing Form 843 to request a refund or abatement relating to a joint return, both you and your spouse must sign the claim. Claims filed by corporations must be signed by a corporate officer authorized to sign, and the signature must be accompanied by the officer's title.

Under penalties of perjury, I declare that I have examined this claim, including accompanying schedules and statements, and, to the best of my knowledge and belief, it is true, correct, and complete.

PLAINTIFF'S EXHIBIT 8

Lyman F Bush
Signature (Title, if applicable. Claims by corporations must be signed by an officer.)
Date 7-16-02

Lyman F Bush personal representative
Signature
Date 7-16-02

**For Paperwork Reduction Act Notice, see separate instructions.**
ISA
STF FED1524F

Form **843** (Rev. 1-97)

**0626**

Form **2848** (Rev. December 1997)
Department of the Treasury
Internal Revenue Service

# Power of Attorney and Declaration of Representative

▶ See the separate instructions.

OMB No. 1545-0150

For IRS Use Only
Received by:
Name ____
Telephone ____
Function ____
Date

**Part I** Power of Attorney (Please type or print.)

**1 Taxpayer information** (Taxpayer(s) must sign and date this form on page 2, line 9.)

| Taxpayer name(s) and address | Social security number(s) | Employer identification number |
|---|---|---|
| LYMAN F & BEVERLY J BUSH<br>1217 122ND ST. CT. EAST<br>TACOMA WA 98445 | [redacted] | |
| | Daytime telephone number<br>(253) 537-7833 | Plan number (if applicable) |

hereby appoint(s) the following representative(s) as attorney(s)-in-fact:

**2 Representative(s)** (Representative(s) must sign and date this form on page 2, Part II.)

| Name and address | |
|---|---|
| Thomas E. Redding<br>2914 West T.C. Jester<br>Houston, Texas 77018 | CAF No. [redacted]<br>Telephone No. 713/965-9244<br>Fax No. 713/621-5227<br>Check if new: Address ☐ Telephone No. ☐ |
| Sallie W. Gladney<br>2914 West T.C. Jester<br>Houston, Texas 77018 | CAF No. [redacted]<br>Telephone No. 713/965-9244<br>Fax No. 713/621-5227<br>Check if new: Address ☐ Telephone No. ☐ |
| Teresa J. Womack<br>2914 West T.C. Jester<br>Houston, Texas 77018 | CAF No. [redacted]<br>Telephone No. 713/965-9244<br>Fax No. 713/621-5227<br>Check if new: Address ☐ Telephone No. ☐ |

to represent the taxpayer(s) before the Internal Revenue Service for the following tax matters:

**3 Tax matters**

| Type of Tax (Income, Employment, Excise, etc.) | Tax Form Number (1040, 941, 720, etc.) | Year(s) or Period(s) |
|---|---|---|
| Income | 1040 and 1065 and Partnership Items for all partnerships in which the taxpayer is a partner. | Tax periods ending: December 31, 1983, 1984, 1985, 1986, 1987, 1988, 1989, 1990, 1991, 1992, 1993, 1994, 1995 |

**4 Specific use not recorded on Centralized Authorization File (CAF).** If the power of attorney is for a specific use not recorded on CAF, check this box. (See instruction for **Line 4 — Specific uses not recorded on CAF.**) . . . . . . . . . . . . . . . . . . . . . . ▶ ☐

**5 Acts authorized.** The representatives are authorized to receive and inspect confidential tax information and to perform any and all acts that I (we) can perform with respect to the tax matters described on line 3, for example, the authority to sign any agreements, consents, or other documents. The authority does not include the power to receive refund checks (see line 6 below), the power to substitute another representative unless specifically added below, or the power to sign certain returns (see instruction for **Line 5 — Acts authorized**).

List any specific additions or deletions to the acts otherwise authorized in this power of attorney: This power includes, but is not limited to, authorization to exercise the taxpayer's rights regarding partnership items and affected items and under I.R.C. Section 6103(e)(1)(C) relative to Forms 1065 for partnerships in which the taxpayer(s) was a partner.

**Note:** *In general, an unenrolled preparer of tax returns cannot sign any document for a taxpayer. See Revenue Procedure 81-38, printed as Pub. 470, for more information.*

**Note:** *The tax matters partner of a partnership is not permitted to authorize representatives to perform certain acts. See the instructions for more information.*

**6 Receipt of refund checks.** If you want to authorize a representative named on line 2 to receive, **BUT NOT TO ENDORSE OR CASH**, refund checks, initial here LFB and list the name of that representative below.
BJJ — BY LFB AS EXECUTOR

Name of representative to receive refund check(s) ▶ Thomas E. Redding

**For Paperwork Reduction and Privacy Act Notice, see the separate instructions.** Form **2848** (Rev. 12-97)

ISA
STF FED4675F.1

7 **Notices and communications.** Original notices and other written communications will be sent to you and a copy to the first representative listed on line 2 unless you check one or more of the boxes below.

a If you want the first representative listed on line 2 to receive the original, and yourself a copy, of such notices or communications, check this box . . . . ▶ ☐

b If you also want the second representative listed to receive a copy of such notices and communications, check this box . ▶ ☐

c If you do not want any notices or communications sent to your representative(s), check this box . . . . ▶ ☐

8 **Retention/revocation of prior power(s) of attorney.** The filing of this power of attorney automatically revokes all earlier power(s) of attorney on file with the Internal Revenue Service for the same tax matters and years or periods covered by this document. If you do not want to revoke a prior power of attorney, check here . . . . ▶ ☐

YOU MUST ATTACH A COPY OF ANY POWER OF ATTORNEY YOU WANT TO REMAIN IN EFFECT.

9 **Signature of taxpayer(s).** If a tax matter concerns a joint return, both husband and wife must sign if joint representation is requested, otherwise, see the instructions. If signed by a corporate officer, partner, guardian, tax matters partner, executor, receiver, administrator, or trustee on behalf of the taxpayer, I certify that I have the authority to execute this form on behalf of the taxpayer.

▶ IF NOT SIGNED AND DATED, THIS POWER OF ATTORNEY WILL BE RETURNED.

Lyman F Bush (signature) — 1-12-02
Signature — Date — Title (if applicable)

LYMAN F BUSH
Print Name

Beverly J. Bush (signature) (DECEASED) — 1-12-02
Signature — Date — Title (if applicable)
By LF Bush executor of estate

BEVERLY J BUSH
Print Name

**Part II** **Declaration of Representative**

Under penalties of perjury, I declare that:

- I am not currently under suspension or disbarment from practice before the Internal Revenue Service;
- I am aware of regulations contained in Treasury Department Circular No. 230 (31 CFR, Part 10), as amended, concerning the practice of attorneys, certified public accountants, enrolled agents, enrolled actuaries, and others;
- I am authorized to represent the taxpayer(s) identified in Part I for the tax matter(s) specified there; and
- I am one of the following:

a Attorney — a member in good standing of the bar of the highest court of the jurisdiction shown below.
b Certified Public Accountant — duly qualified to practice as a certified public accountant in the jurisdiction shown below.
c Enrolled Agent — enrolled as an agent under the requirements of Treasury Department Circular No. 230.
d Officer — a bona fide officer of the taxpayer's organization.
e Full-Time Employee — a full-time employee of the taxpayer.
f Family Member — a member of the taxpayer's immediate family (i.e., spouse, parent, child, brother, or sister).
g Enrolled Actuary — enrolled as an actuary by the Joint Board for the Enrollment of Actuaries under 29 U.S.C. 1242 (the authority to practice before the Service is limited by section 10.3(d)(1) of Treasury Department Circular No. 230).
h Unenrolled Return Preparer — an unenrolled return preparer under section 10.7(c)(viii) of Treasury Department Circular No. 230.

▶ IF THIS DECLARATION OF REPRESENTATIVE IS NOT SIGNED AND DATED, THE POWER OF ATTORNEY WILL BE RETURNED.

| Designation — Insert above letter (a - h) | Jurisdiction (state) or Enrollment Card No. | Signature | Date |
|---|---|---|---|
| A | Texas | (signature) Thomas E. Redding | 3/1/02 |
| A | Texas | (signature) Sallie W. Gladney | 3-1-02 |
| A | Texas | Teresa J. Womack | |

STF FED4675F.2

0628

FILED
IN COUNTY CLERK'S OFFICE

A.M. SEP 29 1999 P.M.

PIERCE COUNTY, WASHINGTON
TED RUTT, COUNTY CLERK
BY ______________ DEPUTY

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

IN AND FOR THE COUNTY OF PIERCE

| | |
|---|---|
| In the Matter of the Estate of<br><br>BEVERLY J. BUSH,<br><br>Deceased. | NO. 99-4-00904-8<br><br>NOTICE OF APPOINTMENT OF PERSONAL REPRESENTATIVE AND PENDENCY OF PROBATE PROCEEDINGS |

TO: ALL HEIRS OF THE ABOVE-NAMED DECEDENT

YOU ARE HEREBY NOTIFIED THAT LYMAN F. BUSH was appointed the Personal Representative of the estate of BEVERLY J. BUSH, deceased, on the 16th day of June, 1999, and that probate proceedings thereon are now pending.

DATED this 16 day of June, 1999.

SCHWEINLER & SCHWEINLER

BY: [signature]
ROGER C. SCHWEINLER
WSB #20169

[signature]
LYMAN F. BUSH
Personal Representative

1



SCHWEINLER & SCHWEINLER
ATTORNEYS AT LAW
901 SOUTH I STREET, SUITE 102
TACOMA, WA 98405
(253) 572-4114 TACOMA
(253) 572-2954 FAX

COPY

**LYMAN F. BUSH and BEVERLY J. BUSH, DECEASED**
**(SSN [redacted]and SSN[redacted]**
**EXPLANATION - 1985, 1986, and 1987 REFUND CLAIMS**
**AND STATEMENT REQUESTING APPLICATION OF §6621(d)**

This refund claim, as it relates to tax and interest assessed relative to a settlement related to the Greenberg Brothers Partnership #4, a.k.a. Lone Wolf McQuade Associates, and Cinema '84 partnerships (each referred to in this explanation as "the Partnerships") for 1983 through 1995 (referred to in this explanation as "the settlement years"), is filed based upon the following grounds:

1. Each settlement entered into by Closing Agreement provided there was no change to partnership items, but agreed that for purposes of determining the taxpayers' correct tax liability for every partnership year from inception to termination (i) the taxpayers' amount at risk regarding their Partnership investment would be determined based on several factors set forth in the agreement, (ii) "any deficiency in tax determined under this agreement will be subject to adjustments arising from a carryback or carryforward from other taxable years of any loss, credit or other tax attributable as allowed by the Internal Revenue Code," (iii) the taxpayers could limit the amount of any income that would be or had been recognized related to any cancellation of any partnership notes, (iv) the taxpayers could limit recognition of their distributive share of any partnership income or gains for certain years to the amount of the partnership distribution or previously suspended partnership loss and the at-risk rules, (v) the partners could assert any appropriate innocent spouse defense under §6015, and (vi) other factors would be considered. Therefore, it is clear that any resulting tax deficiency to the taxpayers is based upon agreed adjustments to affected items requiring a partner level determination and further subject to totally non-partnership item adjustments and defenses preserved in the settlement agreement. Any tax deficiency is subject to the notice of deficiency requirements under I.R.C. §§6212 and 6213. The Internal Revenue Service did not issue the statutory notice of deficiency with regard to the assessments sought to be refunded in this claim. An assessment of a tax liability in violation of the restrictions on assessment set forth in I.R.C. §6213 is void and illegal. Therefore, all the amounts assessed, collected and sought to be refunded in this claim should be refunded. The agreement did not contain nor was there any separate waiver of the restrictions on assessment and collection under I.R.C. §6213.

2. The harm caused by the IRS' breach of the closing agreements is abundantly clear in light of the following facts:

(b) In accordance with paragraphs 12, 14, 15, 17 and 18 the taxpayers filed refund claims for 1988, 1990, 1991, 1992, 1993 and 1995 that should have been allowed and taken into account in computing the net tax deficiency, but which were instead summarily denied. See Exhibit "C." Had the IRS issued a statutory notice of deficiency for 1985, 1986 and 1987 the taxpayers would have been entitled to raise these agreed offsets as a partial defense to the 1985, 1986 and 1987 liabilities prior to payment. Instead, the taxpayers have been forced (i) to file a separate lawsuit to obtain the refunds for 1988, 1990, 1991, 1992, 1993 and 1995, and (ii) pay the gross liability asserted by the IRS for 1985, 1986 and 1987 and then pursue these refund claims

asserting defenses reserved or agreed in this closing agreement. The 1988, 1990, 1991, 1992 and 1993 refunds would have reduced the liability by well over $50,000.

(b) Even the 1981 and 1988 overpayments the IRS determined and acknowledged by itself that should have offset against 1985, 1986 and 1987 liabilities were inexplicably offset against previously non-existent phantom liabilities for 1981 and 1988 essentially defrauding the taxpayers of the benefit of the offsets for those overpayments. See Exhibit "D."

3. The 1981, 1988, 1990, 1991, 1992, 1993, 1994 and 1995 overpayments discussed in Paragraph 2 should all have been applied directly to the 1985, 1986 and 1987 liabilities and therefore constitute an additional and separate ground for refund of the liability overpaid in 1985, 1986 and 1987 as a result of their denial.

4. The claim is timely. It is being filed within two years from the date of payment.

5. If it is determined that the taxpayers are entitled to anything less than a full refund, the recomputation of interest must take into account the doctrine in *Avon Products*, 78-2 U.S.T.C. ¶9821 (1978), pursuant to which it has been determined, and conceded by the government, that interest does not begin to run on a deficiency of tax until the date on which a refund was paid if no interest was paid with the original refund.

6. As an alternative, and in addition to the grounds set forth above, interest should be abated pursuant to I.R.C. §6404 as follows:

(a) First, interest should be abated for the period beginning with the commencement of the IRS' wrongful representation that the partners in this partnership would be entitled to request consistent settlements based upon those entered into by other partners, even providing the names and date of the settlements with respect to which the consistent settlements could be requested, the representation to the United States Tax Court that all of the cases then pending would be settled either based upon settlement documents that were in process or upon requests for consistent settlement, and then the subsequent refusal to enter into consistent settlements resulting in the delay from February 8, 1995 until the actual date that the above-referenced settlement agreement was entered into, all of which constituted managerial or ministerial acts which were unreasonable errors and delays by officers or employees of the IRS acting in their official capacities. All such acts occurred after the IRS first contacted the partner in writing with regard to the civil partnership level return examination.

(b) Second, if it is determined that there was a waiver of the restrictions under I.R.C. §6213, which the taxpayers assert there was not, then interest should be abated for the period beginning with a date 30 days after the date of such waiver in the Closing Agreement and ending on the date of assessment of the income tax liability. The failure to promptly assess

the tax deficiency was clearly a managerial or ministerial act resulting in an unreasonable delay of the tax assessment, and further, such abatement is required under I.R.C. §6404.

7. As an alternative, and in addition to the grounds set forth above, the taxpayer(s) are entitled to the benefit of a net rate of interest of zero pursuant to I.R.C. §6621(d) and a refund of the interest paid on the portion of the deficiency equal to the amount of any refund with respect to which the taxpayer(s) were entitled to receive interest for the periods during which interest was charged on such portion of the deficiency and is payable on such refunds. Substantial refunds are due for 1981, 1988, 1990, 1991, 1992, 1993, 1994 and 1995 as a result of the settlement. This claim constitutes the taxpayer(s)' request that the Secretary apply §6621(d) to all such periods, which includes all periods from April 15, 1984 of the first year listed in the preceding sentence until the date of payment of the tax sought to be refunded under this claim. To the extent of equivalent amounts of underpayments or overpayments, the periods set forth under §5.063 of Rev. Proc. 99-43 have not previously been applied to obtain a net interest rate of zero under §6621(d).

8. As an alternative, the assessment made by the Internal Revenue Service was not made within two years of the date of the settlement and is, therefore, an invalid assessment which must be refunded. The settlement became final and binding either on July 22, 1999 or August 7, 1999. Which date is in dispute. The IRS mailed to the taxpayers statements for tax due (Forms 3552) that were patently fraudulent, representing that the "Assessment Date" was "07/31/2000" and were dated "07/31/2000." These notices were pure unadulterated fraudulently dated and serve as no evidence that a valid assessment was ever made. They were <u>RECEIVED BY THE TAXPAYERS ON 07/28/00</u>, three days <u>BEFORE</u> the alleged assessment and date of the notices. See Exhibit "B," p. 4-10. They were <u>faxed</u> to the taxpayers' counsel on 7/28/00. It is the taxpayers' belief that the assessments were not actually made until late August.

Exhibits - A - Evidence of settlement
B - Evidence of tax assessment and payment



R:\DOCS\CORRESP.Q\REFUND.CLM\QSTE7054.BU1

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 04-1598 T

(Judge Marian Blank Horn)

---

LYMAN F. BUSH, INDIVIDUALLY and
LYMAN F. BUSH, PERSONAL REPRESENTATIVE
OF THE ESTATE OF BEVERLY J. BUSH,

Plaintiffs

v.

THE UNITED STATES,

Defendant

---

ANSWER

---

APR 15 2005

Defendant, in answer to the complaint, denies each and every allegation contained therein not admitted below.

In response to particular paragraphs of the complaint, defendant further:

1. Admits the allegation in ¶ 1 that the plaintiffs herein are Lyman F. Bush and Lymon [sic] Bush, Personal Representative of the Estate of Beverly J. Bush; and avers that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in ¶ 1.

2. Admits the allegation in ¶ 2.

3. Admits the allegation in ¶ 3 that income taxes were

PLAINTIFF'S
EXHIBIT
31

collected from Bush; and avers that the remainder of ¶ 3 represents plaintiffs' characterization of the nature of this suit.

4. As for the allegation in ¶ 4, avers that jurisdiction, to the extent it exists, is conferred by 28 U.S.C. § 1491(a); and denies that the Court has jurisdiction over plaintiffs' claims for relief under § 6230 and § 6404 of the Internal Revenue Code (26 U.S.C.), and under a breach of contract theory. *See* ¶¶ 38-40, *infra*.

COUNT ONE
(Calendar Year 1985)

5-7. Admits the allegations in ¶¶ 5-7.

8. Denies the allegation in the first sentence of ¶ 8 that Bush and the IRS entered into closing agreements on July 22, 1999; and admits the allegations in the second sentence, except avers that two closing agreements are included in Exhibit A to Exhibit 2 to the complaint.

9. Admits the allegations in ¶ 9, except denies that tax and interest were only "[a]llegedly" assessed on July 31, 2000.

10. Admits the allegations in ¶ 10.

11. Admits the allegations in ¶ 11, except avers that the refund claims were received by the Ogden Service Center of the IRS on July 24, 2002.

12. Admits the allegations in ¶ 12.

13. Admits the allegation in ¶ 13 that plaintiffs restate

and incorporate the averments contained in the refund claims for tax year 1985 as grounds for recovery, but denies that plaintiffs are entitled to recover in this action on these grounds.

13(a). Denies the allegations in the first sentence of subparagraph (a) of ¶ 13, including subparts (i) through (vi); avers that the terms agreed to by plaintiffs and the IRS are set forth in the closing agreements; admits the allegation in the second sentence that a copy of each closing agreement is attached to the complaint as Exhibit A to Exhibit 2; denies the allegations in the third and fourth sentences; admits the allegation in the fifth sentence; avers that the allegation in the sixth sentence constitutes a conclusion of law to which no response is required; denies the allegation in the seventh sentence; and admits the allegations in the eighth sentence, except avers that the IRS was not required to mail a notice of deficiency to plaintiffs before making the assessments for 1985.

13(b). Denies the allegations in subparagraph (b) of ¶ 13 that the IRS breached the closing agreements and that this breach caused harm.

13(b)(i). Admits the allegations in the first sentence of subparagraph (b)(i) of ¶ 13 that the taxpayers filed refund claims for 1988, 1990, 1991, 1992, 1993, and 1995, and that these claims were denied; denies the remaining allegations in the first sentence; as to the allegations in the second sentence, admits

only that Exhibit C to Exhibit 2 includes an incomplete copy of the refund claim for each of the years 1988, 1990, 1991, 1992, 1993, and 1995, and a copy of letters disallowing the claims for 1990, 1992, 1993, and 1995; avers that the allegations in the third sentence constitute a conclusion of law to which no response is required; avers that the IRS was not required to mail a notice of deficiency to plaintiffs before making the assessments for 1985; denies the allegations in the fourth sentence that defenses were reserved or agreed in the closing agreement[s] and the allegation that the taxpayers' actions, as described in the fourth sentence, were "forced;" admits the remaining allegations in the fourth sentence; and denies the allegation in the fifth sentence.

13(b)(ii). Admits the allegations in the first sentence of subparagraph (b)(ii) of ¶ 13 that the IRS determined overpayments for 1981 and 1988; denies the allegation in the first sentence that the IRS "defraud[ed] the taxpayers; avers that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence; and, as to the allegations in the second sentence, admits only that Exhibit D to Exhibit 2 reflects the adjustments that the IRS determined for 1981 and 1988, and denies that Exhibit D to Exhibit 2 supports plaintiffs' allegation in the first sentence that the taxpayers were "defraud[ed]."

13(c). Denies the allegations in subparagraph (c) of ¶ 13; and avers that the overpayments of $5,271.33 for 1981 and $774.00 for 1988 were treated as a payment and a credit, respectively, with respect to plaintiffs' 1985 tax liability.

13(d). Avers that the allegations in subparagraph (d) of ¶ 13 represent plaintiffs' characterization of the interest computation and, in the alternative, that the allegations constitute conclusions of law to which no response is required.

13(f). Denies the allegation in subparagraph (f) of ¶ 13 that interest should be abated pursuant to § 6404.

13(f)(i) (on page 5). Avers that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of subparagraph (f)(i) of ¶ 13 (on page 5 of the complaint) regarding the conduct of the IRS; denies the allegations that this conduct, if it did occur, "constituted managerial or ministerial acts which were unreasonable errors and delays by officers or employees of the IRS acting in their official capacities;" denies the remaining allegations in the first sentence; and avers that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence.

13(f)(ii). Denies the allegation in the first sentence of subparagraph (f)(ii) of ¶ 13 that, if there was a waiver of the

restrictions under § 6213 in the closing agreement[s], "interest should be abated for the period beginning with a date 30 days after the date of such waiver in the Closing Agreement and ending on the date of assessment of the income tax liability;" avers that the IRS was not required to mail a notice of deficiency to plaintiff before making the assessments for 1985; and denies the allegations in the second sentence.

13(e). Avers that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of subparagraph (e) of ¶ 13; admits the allegation in the third sentence that plaintiffs request the application of interest netting, but denies that either the complaint or the claims complies with statutory and IRS procedures for making a request for interest netting; avers that plaintiffs filed a Form 843 specifically requesting the application of interest netting, which was received by the Ogden Service Center on December 31, 1999, but avers that this form is not attached to the complaint; and avers that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegation in the fourth sentence.

13(f) (on page 7). Denies the allegations in the first sentence of subparagraph (f) of ¶ 13 (on page 7 of the complaint); denies the allegation in the second sentence that the

settlement[s] became final and binding on July 22, 1999; admits the remaining allegations in the second sentence; denies the allegation in the third sentence that there is a dispute as to the date on which settlement[s] became final and binding; denies the allegation in the fourth sentence that the Forms 3552 were "patently fraudulent;" admits the remaining allegations in the fourth sentence; avers that the assessments on July 31, 2000, were valid; admits the allegations in the sixth sentence, except denies the allegation that the assessments were only "alleged[ly]" made; admits the allegations in the seventh sentence, except denies that pages 4-10 of Exhibit B to Exhibit 2 supports plaintiffs' allegation that the notices were fraudulent; admits the allegations in the eighth sentence; avers that the allegations in the ninth sentence represent plaintiffs' characterization of their belief; and admits the allegation in the tenth sentence that the transcript of account is included in Exhibit 1, but avers that the transcript does not support plaintiffs' allegation in the ninth sentence that the assessments were made in late August.

14. Admits the allegation in the first sentence of ¶ 14; and avers that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence.

15. Avers that its attorneys currently lack knowledge or

information sufficient to form a belief as to the truth of the allegations in ¶ 15.

COUNT TWO
(Calendar Year 1986)

16-18. Admits the allegations in ¶¶ 16-18.

19. Denies the allegation in the first sentence of ¶ 19 that Bush and the IRS entered into closing agreements on July 22, 1999; and admits the allegations in the second sentence, except avers that two closing agreements are included in Exhibit A to Exhibit 2 to the complaint.

20. Admits the allegations in ¶ 20, except denies that tax and interest were only "[a]llegedly" assessed on July 31, 2000.

21. Admits the allegations in ¶ 21.

22. Admits the allegations in ¶ 22, except avers that the refund claims were received by the Ogden Service Center of the IRS on July 24, 2002.

23. Admits the allegations in ¶ 23.

24. Admits the allegation in ¶ 24 that plaintiffs restate and incorporate the averments contained in the refund claims for tax year 1986 as grounds for recovery, but denies that plaintiffs are entitled to recover in this action on these grounds.

24(a). Denies the allegations in the first sentence of subparagraph (a) of ¶ 24, including subparts (i) through (vi); avers that the terms agreed to by plaintiffs and the IRS are set forth in the closing agreements; admits the allegation in the

second sentence that a copy of each closing agreement is attached to the complaint as Exhibit A to Exhibit 2; denies the allegations in the third and fourth sentences; admits the allegation in the fifth sentence; avers that the allegation in the sixth sentence constitutes a conclusion of law to which no response is required; denies the allegation in the seventh sentence; and admits the allegations in the eighth sentence, except avers that the IRS was not required to mail a notice of deficiency to plaintiffs before making the assessments for 1986.

24(b). Denies the allegations in subparagraph (b) of ¶ 24 that the IRS breached the closing agreements and that this breach caused harm.

24(b)(i). Admits the allegations in the first sentence of subparagraph (b)(i) of ¶ 24 that the taxpayers filed refund claims for 1988, 1990, 1991, 1992, 1993, and 1995, and that these claims were denied; denies the remaining allegations in the first sentence; as to the allegations in the second sentence, admits only that Exhibit C to Exhibit 2 includes an incomplete copy of the refund claim for each of the years 1988, 1990, 1991, 1992, 1993, and 1995, and a copy of letters disallowing the claims for 1990, 1992, 1993, and 1995; avers that the allegations in the third sentence constitute a conclusion of law to which no response is required; avers that the IRS was not required to mail a notice of deficiency to plaintiffs before making the

assessments for 1986; denies the allegations in the fourth sentence that defenses were reserved or agreed in the closing agreement[s] and the allegation that the taxpayers' actions, as described in the fourth sentence, were "forced;" admits the remaining allegations in the fourth sentence; and denies the allegation in the fifth sentence.

24(b)(ii). Admits the allegations in the first sentence of subparagraph (b)(ii) of ¶ 24 that the IRS determined overpayments for 1981 and 1988; denies the allegation in the first sentence that the IRS "defraud[ed] the taxpayers; avers that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence; and, as to the allegations in the second sentence, admits only that Exhibit D to Exhibit 2 reflects the adjustments that the IRS determined for 1981 and 1988, and denies that Exhibit D to Exhibit 2 supports plaintiffs' allegation in the first sentence that the taxpayers were "defraud[ed]."

24(c). Denies the allegations in subparagraph (c) of ¶ 24; and avers that the overpayments of $5,271.33 for 1981 and $774.00 for 1988 were treated as a payment and a credit, respectively, with respect to plaintiffs' 1985 tax liability.

24(d). Avers that the allegations in subparagraph (d) of ¶ 24 represent plaintiffs' characterization of the interest computation and, in the alternative, that the allegations

constitute conclusions of law to which no response is required.

24(f). Denies the allegation in subparagraph (f) of ¶ 24 that interest should be abated pursuant to § 6404.

24(f)(i) (on page 11). Avers that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of subparagraph (f)(i) of ¶ 24 (on page 11 of the complaint) regarding the conduct of the IRS; denies the allegations that this conduct, if it did occur, "constituted managerial or ministerial acts which were unreasonable errors and delays by officers or employees of the IRS acting in their official capacities;" denies the remaining allegations in the first sentence; and avers that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence.

24(f)(ii). Denies the allegation in the first sentence of subparagraph (f)(ii) of ¶ 24 that, if there was a waiver of the restrictions under § 6213 in the closing agreement[s], "interest should be abated for the period beginning with a date 30 days after the date of such waiver in the Closing Agreement and ending on the date of assessment of the income tax liability;" avers that the IRS was not required to mail a notice of deficiency to plaintiff before making the assessments for 1986; and denies the allegations in the second sentence.

24(e). Avers that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of subparagraph (e) of ¶ 24; admits the allegation in the third sentence that plaintiffs request the application of interest netting, but denies that either the complaint or the claims complies with statutory and IRS procedures for making a request for interest netting; avers that plaintiffs filed a Form 843 specifically requesting the application of interest netting, which was received by the Ogden Service Center on December 31, 1999, but avers that this form is not attached to the complaint; and avers that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegation in the fourth sentence.

24(f) (on page 12). Denies the allegations in the first sentence of subparagraph (f) of ¶ 24 (on page 12 of the complaint); denies the allegation in the second sentence that the settlement[s] became final and binding on July 22, 1999; admits the remaining allegations in the second sentence; denies the allegation in the third sentence that there is a dispute as to the date on which settlement[s] became final and binding; denies the allegation in the fourth sentence that the Forms 3552 were "patently fraudulent;" admits the remaining allegations in the fourth sentence; avers that the assessments on July 31, 2000,

were valid; admits the allegations in the sixth sentence, except denies the allegation that the assessments were only "alleged[ly]" made; admits the allegations in the seventh sentence, except denies that pages 4-10 of Exhibit B to Exhibit 2 supports plaintiffs' allegation that the notices were fraudulent; admits the allegations in the eighth sentence; avers that the allegations in the ninth sentence represent plaintiffs' characterization of their belief; and admits the allegation in the tenth sentence that the transcript of account is included in Exhibit 1, but avers that the transcript does not support plaintiffs' allegation in the ninth sentence that the assessments were made in late August.

25. Admits the allegation in the first sentence of ¶ 25; and avers that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence.

26. Avers that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 26.

COUNT THREE
(Calendar Year 1987)

27-29. Admits the allegations in ¶¶ 27-29.

30. Denies the allegation in the first sentence of ¶ 30 that Bush and the IRS entered into closing agreements on July 22, 1999; and admits the allegations in the second sentence, except

avers that two closing agreements are included in Exhibit A to Exhibit 2 to the complaint.

31. Admits the allegations in ¶ 31, except denies that tax and interest were only "[a]llegedly" assessed on July 31, 2000.

32. Admits the allegations in ¶ 32.

33. Admits the allegations in ¶ 33, except avers that the refund claims were received by the Ogden Service Center of the IRS on July 24, 2002.

34. Admits the allegations in ¶ 34.

35. Admits the allegation in ¶ 35 that plaintiffs restate and incorporate the averments contained in the refund claims for tax year 1987 as grounds for recovery, but denies that plaintiffs are entitled to recover in this action on these grounds.

35(a). Denies the allegations in the first sentence of subparagraph (a) of ¶ 35, including subparts (i) through (vi); avers that the terms agreed to by plaintiffs and the IRS are set forth in the closing agreements; admits the allegation in the second sentence that a copy of each closing agreement is attached to the complaint as Exhibit A to Exhibit 2; denies the allegations in the third and fourth sentences; admits the allegation in the fifth sentence; avers that the allegation in the sixth sentence constitutes a conclusion of law to which no response is required; denies the allegation in the seventh sentence; and admits the allegations in the eighth sentence,

except avers that the IRS was not required to mail a notice of deficiency to plaintiffs before making the assessments for 1987.

35(b). Denies the allegations in subparagraph (b) of ¶ 35 that the IRS breached the closing agreements and that this breach caused harm.

35(b)(i). Admits the allegations in the first sentence of subparagraph (b)(i) of ¶ 35 that the taxpayers filed refund claims for 1988, 1990, 1991, 1992, 1993, and 1995, and that these claims were denied; denies the remaining allegations in the first sentence; as to the allegations in the second sentence, admits only that Exhibit C to Exhibit 2 includes an incomplete copy of the refund claim for each of the years 1988, 1990, 1991, 1992, 1993, and 1995, and a copy of letters disallowing the claims for 1990, 1992, 1993, and 1995; avers that the allegations in the third sentence constitute a conclusion of law to which no response is required; avers that the IRS was not required to mail a notice of deficiency to plaintiffs before making the assessments for 1987; denies the allegations in the fourth sentence that defenses were reserved or agreed in the closing agreement[s] and the allegation that the taxpayers' actions, as described in the fourth sentence, were "forced;" admits the remaining allegations in the fourth sentence; and denies the allegation in the fifth sentence.

35(b)(ii). Admits the allegations in the first sentence of

subparagraph (b)(ii) of ¶ 35 that the IRS determined overpayments for 1981 and 1988; denies the allegation in the first sentence that the IRS "defraud[ed] the taxpayers; avers that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence; and, as to the allegations in the second sentence, admits only that Exhibit D to Exhibit 2 reflects the adjustments that the IRS determined for 1981 and 1988, and denies that Exhibit D to Exhibit 2 supports plaintiffs' allegation in the first sentence that the taxpayers were "defraud[ed]."

35(c). Denies the allegations in subparagraph (c) of ¶ 35; and avers that the overpayments of $5,271.33 for 1981 and $774.00 for 1988 were treated as a payment and a credit, respectively, with respect to plaintiffs' 1985 tax liability.

35(d). Avers that the allegations in subparagraph (d) of ¶ 35 represent plaintiffs' characterization of the interest computation and, in the alternative, that the allegations constitute conclusions of law to which no response is required.

35(f). Denies the allegation in subparagraph (f) of ¶ 35 that interest should be abated pursuant to § 6404.

35(f)(i) (on page 16). Avers that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of subparagraph (f)(i) of ¶ 35 (on page 16 of the complaint)

regarding the conduct of the IRS; denies the allegations that this conduct, if it did occur, "constituted managerial or ministerial acts which were unreasonable errors and delays by officers or employees of the IRS acting in their official capacities;" denies the remaining allegations in the first sentence; and avers that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence.

35(f)(ii). Denies the allegation in the first sentence of subparagraph (f)(ii) of ¶ 35 that, if there was a waiver of the restrictions under § 6213 in the closing agreement[s], "interest should be abated for the period beginning with a date 30 days after the date of such waiver in the Closing Agreement and ending on the date of assessment of the income tax liability;" avers that the IRS was not required to mail a notice of deficiency to plaintiff before making the assessments for 1987; and denies the allegations in the second sentence.

35(e). Avers that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of subparagraph (e) of ¶ 35; admits the allegation in the third sentence that plaintiffs request the application of interest netting, but denies that either the complaint or the claims complies with statutory and IRS procedures for making a request for interest

netting; avers that plaintiffs filed a Form 843 specifically requesting the application of interest netting, which was received by the Ogden Service Center on December 31, 1999, but avers that this form is not attached to the complaint; and avers that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegation in the fourth sentence.

35(f) (on page 18). Denies the allegations in the first sentence of subparagraph (f) of ¶ 35 (on page 18 of the complaint); denies the allegation in the second sentence that the settlement[s] became final and binding on July 22, 1999; admits the remaining allegations in the second sentence; denies the allegation in the third sentence that there is a dispute as to the date on which settlement[s] became final and binding; denies the allegation in the fourth sentence that the Forms 3552 were "patently fraudulent;" admits the remaining allegations in the fourth sentence; avers that the assessments on July 31, 2000, were valid; admits the allegations in the sixth sentence, except denies the allegation that the assessments were only "alleged[ly]" made; admits the allegations in the seventh sentence, except denies that pages 4-10 of Exhibit B to Exhibit 2 supports plaintiffs' allegation that the notices were fraudulent; admits the allegations in the eighth sentence; avers that the allegations in the ninth sentence represent plaintiffs'

characterization of their belief; and admits the allegation in the tenth sentence that the transcript of account is included in Exhibit 1, but avers that the transcript does not support plaintiffs' allegation in the ninth sentence that the assessments were made in late August.

36. Admits the allegation in the first sentence of ¶ 36; and avers that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence.

37. Avers that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 37.

JURISDICTIONAL DEFENSES

38. This Court lacks subject matter jurisdiction over the complaint under § 6230(c)(2)(B) of the Internal Revenue Code, because plaintiffs allege that the claims for refund for the years in suit were filed on July 18, 2002, which date was more than two years after August 7, 1999, the date on which the settlements between plaintiffs and the IRS relating to the investments of Lyman F. Bush in Cinema '84 and Lone Wolf McQuade were entered into.

39. This Court lacks subject matter jurisdiction to entertain plaintiffs' request for abatement of interest pursuant to § 6404(e) of the Internal Revenue Code, because under

§ 6404(h) the United States Tax Court has exclusive jurisdiction to review a determination by the Secretary of the Treasury not to abate interest.

40. This Court lacks jurisdiction over the complaint to the extent it seeks a refund on a breach of contract theory, because plaintiffs have failed to allege facts which would establish the elements of an express or implied in fact contract with the IRS to refund the amounts in issue, plus interest.

ADDITIONAL DEFENSES

41. Plaintiffs are barred from making certain claims against the United States with respect to the tax and interest at issue because plaintiffs and the IRS entered into binding settlement agreements which incorporate these issues.

42. Plaintiffs have failed to state a claim for which relief can be granted because, to the extent they seek abatement of interest for a managerial act that allegedly resulted in an unreasonable delay, § 6404(e) of the Internal Revenue Code, effective for the years in suit, did not apply to managerial acts.

AFFIRMATIVE DEFENSE

43. Plaintiffs are estopped from making certain claims against the United States with respect to the tax and interest at issue because even if the settlement agreements between plaintiffs and the IRS were not binding, the IRS relied upon the

agreements to its detriment.

WHEREFORE, defendant prays that the complaint be dismissed with costs assessed against plaintiffs.

Respectfully submitted,

ELLEN C. SPECKER
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-0508
(202) 514-9440 (fax)

EILEEN J. O'CONNOR
Assistant Attorney General
MILDRED L. SEIDMAN
Chief, Court of Federal Claims Section
WILLIAM K. DREW
Reviewer

4/15/05
Of Counsel

April 14, 2005

CERTIFICATE OF SERVICE

I certify that service of the foregoing Answer has, this 15th day of April, 2005, been made on plaintiffs' counsel by mailing a copy thereof, in a postage prepaid envelope, to the following address:

Thomas E. Redding, Esquire
Redding & Associates, P.C.
2914 W.T.C. Jester
Houston, TX 77018

Diana L. Henderson

U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6440

D:\Users\especker\bush3\answer