**No. 02-1041 T**
Consolidated with 04-1598 T
(Judge Eric G. Bruggink)

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

LYMAN F. BUSH, *et al.*,

PLAINTIFFS

VS.

UNITED STATES OF AMERICA,

DEFENDANT

**PLAINTIFFS' RESPONSE TO DEFENDANT'S PROPOSED FINDINGS OF UNCONTROVERTED FACT**

THOMAS E. REDDING, Lead Attorney
SALLIE W. GLADNEY
TERESA J. WOMACK
REDDING & ASSOCIATES, P.C.
2914 W. T.C. Jester
Houston, Texas 77018
Telephone: (713) 965-9244
Telecopier: (713) 621-5227
Attorneys for Plaintiffs
Lyman F. Bush and Lyman F. Bush,
Personal Representative for the Estate of
Beverly J. Bush

Plaintiffs submit the following proposed findings of uncontroverted fact in response to the government's proposed findings and the government's factual statements made in the Defendant's Cross-Motion for Partial Summary Judgment. These proposed findings and those proposed in the Plaintiffs' Proposed Findings of Uncontroverted Fact with Respect to His Motion for Summary Judgment are supported by the attached Declaration of Sallie W. Gladney and Plaintiffs' Exhibits 1-27 attached to the Plaintiffs' Proposed Findings and Plaintiffs' Exhibits 28-31 attached to this response.

1. On November 24, 1999, the Bushes filed the following 1040X claims for refund:[1]

| Tax Year | Tax to be Refunded | |
|---|---|---|
| 1988 | $1,021.00 | [PEx:28 pp. 265-281] |
| 1990 | $5,847.00 | [PEx:28 pp. 286-308] |
| 1991 | $1,976.00 | [PEx:28 pp. 310-337] |
| 1992 | $16,199.00 | [PEx:28 pp. 338-377] |
| 1993 | $11,099.00 | [PEx:28 pp. 379-466] |
| 1995 | $9,413.00 | [PEx:28 pp. 467-498] |

2. The explanation attached to each refund claim stated:

> The taxpayer and the Commissioner entered into a Closing Agreement ("Agreement") regarding the taxpayer's partnership interest in Cinema 84 [and Summer Lovers or LWM, as applicable], a copy of which is attached hereto as Exhibit "A."
>
> This refund claim is being filed and is timely based on Paragraph 15 of the Agreement which provides that "[a]ny refund claim attributable to the operation of this agreement ***shall*** be deemed to be timely filed and ***shall*** be allowed if it is filed with the IRS within one year of the execution of this agreement by the Commissioner of Internal Revenue."
>
> Further, pursuant to Paragraph 15 of the Agreement, "[a]ny refund claim so submitted within 120 days of this agreement shall be allowed as an offset pursuant to I.R.C. §§6402(a) and 6601(f) against any tax deficiencies resulting from this agreement." Therefore, the refund due under this claim must be applied as an offset

[1] References to [PEx:"X" p."y"] are to Bates stamped page "y" of the Plaintiffs' Exhibit "X" attached to this response.

to the tax deficiencies arising from the settlement. The refund should be applied first to any deficiency determined for 1983 and thereafter any balance to any subsequent year deficiencies.

This refund claim results from application of the portion of the §465 suspended losses allowable in this year as a consequence of the increase in the amount at risk resulting from net partnership income reported in this year, based on Agreement Paragraph 8.

This refund claim also results from application of the portion of the §465 suspended investment tax credits allowable in this year as a consequence of the increase in the amount at risk resulting from net partnership income reported in this year, based on Agreement Paragraph 8.

Based upon the Agreement, the suspended losses and ITC allowable in this year as a consequence of Paragraph 8 of the Agreement are determined as follows:

| | |
|---|---|
| Increase of amount at risk due to net partnership income | [$xxxxxx] |
| Allowable portion of losses previously suspended under §465 per Agreement | [$xxxxxx] |
| Portion of ITC suspended under §465 allowable due to increase in amount at risk | [$xxxxxx] |

***Please process this claim immediately and apply the refund as an offset under §6402 as required above.***

[PEx:28 pp. 269, 290, 314, 340, 383, and 469, where $xxxxxx represents the values for each particular year, as applicable] Emphasis in original.

3. On August 23, 2000, the IRS disallowed the Bushes 1990, 1992, 1993, and 1995 refund claims. [PEx:28 pp. 309, 378, 499]

4. The IRS never acted on the Bushes 1988, 1991, and 1995 refund claims.

5. On August 23, 2002, the Bushes filed the complaint before this Court at Fed.Cl. 02-1041 T. [PEx:28]

6. In that complaint Bush stated that the 1988, 1990, 1991, 1992, 1993, and 1995 claims were filed pursuant to the Closing Agreements based on application of the terms in ¶8 as to §465 and that ¶15 required that they be applied as offsets under §§6402(a) and 6601(f). [PEx:28

pp. 269, 290, 314, 340, 383, and 469]

7. Complete copies of the 1988, 1990, 1991, 1992, 1993, and 1995 claims were attached to and filed with that complaint. [PEx:28]

8. In its Answer the government admitted that the offset claims were "received by the Ogden Service Center of the [IRS] on November 29, 1999." [PEx:29 pp. 501, 504, 507, 509, 512 and 514 at ¶¶ 9, 16, 24, 31, 39 and 47]

9. On July 18, 2002, Bush filed claims for refund of the amounts paid pursuant to the 1985, 1986, and 1987 assessments arising from the Closing Agreements stating, among other grounds, the IRS failed to issue the 90-Day Letters as required by §§6212 and 6213 of subchapter B *and* the IRS breached the terms of the Closing Agreements by refusing to apply the offset claims as agreed. [PEx:15, 16, 17, 18, 19, 20, and 21]

10. The IRS never acted on the1985-1987 claims so on October 25, 2004, Bush filed the complaint before this Court at Fed.Cl. 04-1598 T. [PEx:30]

11. In that complaint Bush reiterated that, among other grounds, he was due refunds for 1985-1987 because the IRS failed to issue 90-Day Letters as required by §§6212 and 6213 of subchapter B *and* because the IRS breached the settlement agreement by refusing to apply the offset claims as agreed. [PEx:30]

12. In that complaint Bush plainly stated his injuries on both counts:

> Had the IRS issued a statutory notice of deficiency [90-Day Letter] for 1985, 1986 and 1987 the taxpayers would have been entitled to raise these agreed offsets as a partial defense to the 1985, 1986 and 1987 liabilities prior to payment. Instead, the taxpayers have been forced (i) to file a separate lawsuit to obtain the refunds for

1988, 1990, 1991, 1992, 1993 and 1995, and (ii) pay the gross liability asserted by the IRS for 1985, 1986 and 1987 and then pursue these refund claims asserting defenses reserved or agreed in this closing agreement. The 1988, 1990, 1991, 1992 and 1993 refunds would have reduced the liability by well over $50,000.

[PEx:30 pp. 524, 529-530, 535]

13. In its Answer the government "[a]dmit[ed] ... that the taxpayers filed refund claims for 1988, 1990, 1991, 1992, 1993, and 1995, and that these claims were denied." [PEx:31 pp. 635, 641, and 647 at ¶¶13(b)(i), 24(b)(i), and 35(b)(i)]

14. On October 24, 2005, Fed.Cl. 02-1401 T and Fed.Cl. 04-1598 T were consolidated and Bush subsequently filed for summary judgment on his 1985-1987 claims.

Respectfully submitted,

July 6, 2007

/s/ Thomas E. Redding

Thomas E. Redding, Attorney of Record
Sallie W. Gladney
Teresa J. Womack
REDDING & ASSOCIATES, P.C.
2914 West T.C. Jester
Houston, Texas 77018
(713) 965-9244
(713) 621-5227 Fax
Attorneys for Plaintiffs
Lyman F. Bush and Lyman F. Bush,
Personal Representative for the Estate of
Beverly J. Bush

| Plaintiff's Exhibit | Document | Bates No. |
|---|---|---|
| 28 | Plaintiffs' Original Complaint with all attachment for Fed.Cl. 02-1041 T | 0251-0499 |
| 29 | Defendant's Answer filed in Fed.Cl. 02-1041 T | 500-521 |
| 30 | Plaintiffs' Original Complaint with all attachment for Fed.Cl. 04-1598 T | 0521-632 |
| 31 | Defendant's Answer filed in Fed.Cl. 04-1598 T | 0633-0654 |