RECEIVED
AUG 2 3 2002
OFFICE OF THE CLERK
U.S. COURT OF FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| LYMAN F. BUSH, INDIVIDUALLY and LYMAN F. BUSH, PERSONAL REPRESENTATIVE OF THE ESTATE OF BEVERLY J. BUSH | § | |
| Plaintiff, | § | |
| vs. | § | DOCKET NO. 02-1041T |
| | § | JUDGE: ________ |
| UNITED STATES OF AMERICA | § | |
| Defendant. | § | |

**PLAINTIFFS' ORIGINAL COMPLAINT**

1. Plaintiffs Lyman F. Bush and Lymon Bush, Personal Representative of the Estate of Beverly J. Bush (collectively "Bush") is citizen of the United States of America whose mailing address and residence is 1217 122nd Street, Court E, Tacoma, Washington 98445.

2. The Defendant is the United States of America.

3. This is a suit arising under Sections 7422, 6401, 6402, 6230(c), 6601, 6621(d) of the Internal Revenue Code[1] and the laws of the United States for the refund of income taxes collected from Bush. This is also a suit for breach of contract under 28 U.S.C. §1491(a)(1).

[1]References to Section, §, and the Internal Revenue Code are to Title 26 of the United States Code.

\\P...er\share1\DOCS\TAXCONT.T\twwc8202...1.wpd

PLAINTIFFS' EXHIBIT 28

4. Jurisdiction is conferred upon the Court by Title 28, Sections 1346(a)(1) and 1491(a), of the United States Code.

COUNT ONE
Calendar Year 1988

5. The Bushes timely filed a joint federal income tax return for the calendar year 1988 and paid the taxes reported due on said return. Lyman F. Bush and Beverly J. Bush's taxpayer identification numbers reflected on the subject tax return are [redacted] and [redacted], respectively.

6. Bush was a partner in the Cinema 84 partnership ("Cinema 84") for 1988.

7. A dispute arose between the IRS and Cinema 84 as to certain partnership items reported on the partnership's tax returns.

8. On August 7, 1999, Bush and the IRS entered into a Closing Agreement with respect to that dispute. A copy of the Closing Agreement is included as Exhibit A to Exhibit A attached.

9. On November 24, 1999, Bush filed a claim for refund of $1,021.00 for 1988 pursuant to that agreement. That claim is attached as Exhibit A and the grounds for refund set out in that claim are incorporated herein and restated as follows:

a. Pursuant to Paragraph 15 of the Agreement, "[a]ny refund claim so submitted within 120 days of this agreement shall be allowed as an offset pursuant to I.R.C. §§6402(a) and 6601(f) against any tax deficiencies resulting from this agreement." Therefore, the refund due under this claim should have been applied as an offset to the tax deficiencies arising from the settlement, but it was not.

b. This refund claim results from application of the portion of the §465 suspended losses allowable in this year as a consequence of the increase in the amount at risk resulting from net partnership income reported in this year, based on Agreement Paragraph 8.

c. This refund claim also results from application of the portion of the §465 suspended investment tax credits allowable in this year as a consequence of the increase in the amount at risk resulting from net partnership income reported in this year, based on Agreement Paragraph 8.

d. Based upon the Agreement, the suspended losses and ITC allowable in this year as a consequence of Paragraph 8 of the Agreement are determined as follows:

| | |
|---|---|
| Increase of amount at risk due to net partnership income | $2,338.00 |
| Allowable portion of losses previously suspended under §465 per Agreement | $<2,338.00> |
| Portion of ITC suspended under §465 allowable due to increase in amount at risk | $234.00 |

e. Furthermore, Bush requests that net interest rate of zero pursuant to §6221(d) be applied to overlapping periods of equivalent amounts of underpayments and overpayments.

10. In addition to the grounds set forth above and stated in the refund claim, Bush seeks recovery of the amounts due to him under the Closing Agreement based on the government's breach of that contract.

11. Over six (6) months have elapsed since Bush filed the original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States, or in any judicial proceeding, including any in the Tax Court of the United States.

COUNT TWO
Calendar Year 1990

12. The Bushes timely filed a joint federal income tax return for the calendar year 1990 and paid the taxes reported due on said return. Lyman F. Bush and Beverly J. Bush's taxpayer identification numbers reflected on the subject tax return are [redacted] and [redacted], respectively.

 \\Raserver\share1\DOCS\TAXCONT.T\twwc8202.bu1.wpd

0253

13. Bush was a partner in Cinema 84 and the Summer Lovers partnership ("Summer Lovers") for 1990.

14. A dispute arose between the IRS and Cinema 84 and Summer Lovers as to certain partnership items reported on the partnerships' tax returns.

15. On August 7, 1999, Bush and the IRS entered into a Closing Agreement with respect to the Cinema 84 dispute. On August 18, 1999, Bush and the IRS entered into a Closing Agreement with respect to the Summer Lovers dispute. Copies of the Closing Agreements are included as Exhibit A to Exhibit B attached.

16. On November 24, 1999, Bush filed a claim for refund of $5,847.00 for 1990 pursuant to the Cinema 84 and Summer Lovers 1990 Closing Agreements. That claim is attached as Exhibit B and the grounds for refund set out in that claim are incorporated herein and restated as follows:

a. Pursuant to Paragraph 15 of the Cinema 84 Closing Agreement, "[a]ny refund claim so submitted within 120 days of this agreement shall be allowed as an offset pursuant to I.R.C. §§6402(a) and 6601(f) against any tax deficiencies resulting from this agreement." Therefore, the refund due under this claim should have been applied as an offset to the tax deficiencies arising from the settlement, but it was not.

b. This refund claim results from application of the portion of the §465 suspended losses allowable in this year as a consequence of the increase in the amount at risk resulting from net partnership income reported in this year, based on Agreement Paragraph 8.

c. This refund claim also results from application of the portion of the §465 suspended investment tax credits allowable in this year as a consequence of the increase in the amount at risk resulting from net partnership income reported in this year, based on Agreement Paragraph 8.

d. Based upon the Agreement, the suspended losses and ITC allowable in this year as a consequence of Paragraph 8 of the Agreement are determined as follows:

| | Summer Lovers | Cinema 84 |
|---|---|---|
| Increase of amount at risk due to net partnership income | $12,418.00 | $1,459.00 |
| Allowable portion of losses previously suspended under §465 per Agreement | $<12,418.00> | $<1,459.00> |
| Portion of ITC suspended under §465 allowable due to increase in amount at risk | $1,242.00 | $146.00 |

e. Furthermore, Bush requests that net interest rate of zero pursuant to §6221(d) be applied to overlapping periods of equivalent amounts of underpayments and overpayments.

17. In addition to the grounds set forth above and stated in the refund claim, Bush seeks recovery of the amounts due to him under the Closing Agreement based on the government's breach of that contract.

18. On August 23, 2000 the IRS disallowed Bush's 1990 claim. A copy of the first page of the disallowance is attached as Exhibit C.

19. Over six (6) months have elapsed since Bush filed the original claim for refund. Other than the notice of disallowance described above, no action on the claim for refund has been taken by Congress or any agency of the United States, or in any judicial proceeding, including any in the Tax Court of the United States.

COUNT THREE
Calendar Year 1991

20. The Bushes timely filed a joint federal income tax return for the calendar year 1991 and paid the taxes reported due on said return. Lyman F. Bush and Beverly J. Bush's taxpayer identification numbers reflected on the subject tax return are [redacted] and [redacted], respectively.

21. Bush was a partner in the Cinema 84 and the Summer Lovers partnerships for 1991.

22. A dispute arose between the IRS and Cinema 84 and Summer Lovers as to certain partnership items reported on the partnerships' tax returns.

23. On August 7, 1999, Bush and the IRS entered into a Closing Agreement with respect to the Cinema 84 dispute. On August 18, 1999, Bush and the IRS entered into a Closing Agreement with respect to the Summer Lovers dispute. Copies of the Closing Agreements are included as Exhibit A to Exhibit D attached.

24. On November 24, 1999, Bush filed a claim for refund of $1,976.00 for 1991 pursuant to the Cinema 84 and Summer Lovers 1990 Closing Agreements. That claim is attached as Plaintiffs' Exhibit D and the grounds for refund set out in that claim are incorporated herein and restated as follows:

a. Pursuant to Paragraph 15 of the Agreement, "[a]ny refund claim so submitted within 120 days of this agreement shall be allowed as an offset pursuant to I.R.C. §§6402(a) and 6601(f) against any tax deficiencies resulting from this agreement." Therefore, the refund due under this claim should have been applied as an offset to the tax deficiencies arising from the settlement, but it was not.

b. This refund claim results from application of the portion of the §465 suspended losses allowable in this year as a consequence of the increase in the amount at risk resulting from net partnership income reported in this year, based on Agreement Paragraph 8.

c. This refund claim also results from application of the portion of the §465 suspended investment tax credits allowable in this year as a consequence of the increase in the amount at risk resulting from net partnership income reported in this year, based on Agreement Paragraph 8.

d. Based upon the Agreement, the suspended losses and ITC allowable in this year as a consequence of Paragraph 8 of the Agreement are determined as follows:

| | Cinema 84 | Summer Lovers |
|---|---|---|
| Increase of amount at risk due to net partnership income | \$1,272.00 | \$14,747.00 |
| Allowable portion of losses previously suspended under §465 per Agreement | \$<1,272.00> | \$<14,747.00> |
| Portion of ITC suspended under §465 allowable due to increase in amount at risk | \$127.00 | \$1,475.00 |

e. Furthermore, Bush requests that net interest rate of zero pursuant to §6221(d) be applied to overlapping periods of equivalent amounts of underpayments and overpayments.

25. In addition to the grounds set forth above and stated in the refund claim, Bush seeks recovery of the amounts due to him under the Closing Agreement based on the government's breach of that contract.

26. Over six (6) months have elapsed since Bush filed the original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States, or in any judicial proceeding, including any in the Tax Court of the United States.

COUNT FOUR
Calendar Year 1992

27. The Bushes timely filed a joint federal income tax return for the calendar year 1992 and paid the taxes reported due on said return. Lyman F. Bush and Beverly J. Bush's taxpayer identification numbers reflected on the subject tax return are [redacted] and [redacted], respectively.

28. Bush was a partner in Cinema 84 and the Lone Wolf McQuade partnership ("Lone Wolf") for 1992.

29. A dispute arose between the IRS and Cinema 84 and Lone Wolf as to certain partnership items reported on the partnerships' tax returns.

30. On August 7, 1999, Bush and the IRS entered into Closing Agreements with respect to the Cinema 84 dispute and the Lone Wolf dispute. Copies of the Closing Agreements are included as Exhibit A to Exhibit E attached.

31. On November 24, 1999, Bush filed a claim for refund of $16,199.00 for 1992 pursuant to the Cinema 84 and Lone Wolf Closing Agreements. That claim is attached as Exhibit E and the grounds for refund set out in that claim are incorporated herein and restated as follows:

a. Pursuant to Paragraph 15 of the Agreement, "[a]ny refund claim so submitted within 120 days of this agreement shall be allowed as an offset pursuant to I.R.C. §§6402(a) and 6601(f) against any tax deficiencies resulting from this agreement." Therefore, the refund due under this claim should have been applied as an offset to the tax deficiencies arising from the settlement, but it was not.

b. This refund claim results from application of the portion of the §465 suspended losses allowable in this year as a consequence of the increase in the amount at risk resulting from net

partnership income reported in this year, based on Agreement Paragraph 8 and capital contributions based on Agreement Paragraph 7 as reported on the K-1 attached as Exhibit "B.".

c. This refund claim also results from application of the portion of the §465 suspended investment tax credits allowable in this year as a consequence of the increase in the amount at risk resulting from net partnership income reported in this year, based on Agreement Paragraph 8.

d. Based upon the Agreement, the suspended losses and ITC allowable in this year as a consequence of Paragraph 8 of the Agreement are determined as follows:

| | Cinema 84 | Lone Wolf McQuade |
|---|---|---|
| Increase of amount at risk due to net partnership income and capital contributions in current year per K-1 | $87,442.00 | $107,206.00 |
| Portion of losses previously suspended under §465 allowable in current year per Closing Agreement | $57,848.00 | $93,049.00 |
| Portion of ITC suspended under §465 allowable due to increase in amount at risk | $-0.00- | $1,022.00 |

e. Furthermore, Bush requests that net interest rate of zero pursuant to §6221(d) be applied to overlapping periods of equivalent amounts of underpayments and overpayments.

32. In addition to the grounds set forth above and stated in the refund claim, Bush seeks recovery of the amounts due to him under the Closing Agreement based on the government's breach of that contract.

33. On August 23, 2000 the IRS disallowed Bush's 1992 claim. A copy of the first page of the disallowance is attached as Exhibit F.

34. Over six (6) months have elapsed since Bush filed the original claim for refund. Other than the notice of disallowance described above, no action on the claim for refund has been taken by Congress or any agency of the United States, or in any judicial proceeding, including any in the Tax Court of the United States.

COUNT FIVE
Calendar Year 1993

35. The Bushes timely filed a joint federal income tax return for the calendar year 1993 and paid the taxes reported due on said return. Lyman F. Bush and Beverly J. Bush's taxpayer identification numbers reflected on the subject tax return are [redacted] and [redacted], respectively.

36. Bush was a partner in Cinema 84, Summer Lovers, and Lone Wolf McQuade for 1993.

37. A dispute arose between the IRS and Cinema 84, Summer Lovers, and Lone Wolf as to certain partnership items reported on the partnerships' tax returns.

38. On August 7, 1999, Bush and the IRS entered into Closing Agreements with respect to the Cinema 84 dispute and the Lone Wolf dispute. On August 18, 1999, Bush and the IRS entered into a Closing Agreement with respect to the Summer Lovers dispute. Copies of the Closing Agreements are included as Exhibits A to Exhibit G attached.

39. On November 24, 1999, Bush filed a claim for refund of $11,099.00 for 1993 pursuant to the Cinema 84, Summer Lovers, and Lone Wolf Closing Agreements. That claim is attached as Exhibit G and the grounds for refund set out in that claim are incorporated herein and restated as follows:

a. Pursuant to Paragraph 15 of the Agreement, "[a]ny refund claim so submitted within 120 days of this agreement shall be allowed as an offset pursuant to I.R.C. §§6402(a) and 6601(f) against any tax deficiencies resulting from this agreement." Therefore, the refund due under this

claim should have been applied as an offset to the tax deficiencies arising from the settlement, but it was not.

b. This refund claim results from application of the portion of the §465 suspended losses allowable in this year as a consequence of the increase in the amount at risk resulting from net partnership income reported in this year, based on Agreement Paragraph 8.

c. This refund claim also results from application of the portion of the §465 suspended investment tax credits allowable in this year as a consequence of the increase in the amount at risk resulting from net partnership income reported in this year, based on Agreement Paragraph 8.

d. Based upon the Agreement, the suspended losses and ITC allowable in this year as a consequence of Paragraph 8 of the Agreement are determined as follows:

| | Lone Wolfe McQuade | Cinema 84 | Summer Lovers |
|---|---|---|---|
| Increase of amount at risk due to net partnership income | $5,626.00 | $4,389.00 | $3,284.00 |
| Allowable portion of losses previously suspended under §465 per Agreement | $<5,626.00> | $<4,389.00> | $<3,284.00> |
| Portion of ITC suspended under §465 allowable due to increase in amount at risk | $563.00 | $310.00 | 328.00 |

e. Furthermore, Bush requests that net interest rate of zero pursuant to §6221(d) be applied to overlapping periods of equivalent amounts of underpayments and overpayments.

40. In addition to the grounds set forth above and stated in the refund claim, Bush seeks recovery of the amounts due to him under the Closing Agreement based on the government's breach of that contract.

41. On August 23, 2000 the IRS disallowed Bush's 1993 claim. A copy of the disallowance is attached as Exhibit F.

42. Over six (6) months have elapsed since Bush filed the original claim for refund. Other than the notice of disallowance described above, no action on the claim for refund has been taken by Congress or any agency of the United States, or in any judicial proceeding, including any in the Tax Court of the United States.

COUNT SIX
Calendar Year 1995

43. The Bushes timely filed a joint federal income tax return for the calendar year 1995 and paid the taxes reported due on said return. Lyman F. Bush and Beverly J. Bush's taxpayer identification numbers reflected on the subject tax return are [redacted] and [redacted], respectively.

44. Bush was a partner in Cinema 84 and Lone Wolf for 1995.

45. A dispute arose between the IRS and Cinema 84 and Lone Wolf as to certain partnership items reported on the partnerships' tax returns.

46. On August 7, 1999, Bush and the IRS entered into Closing Agreements with respect to the Cinema 84 dispute and the Lone Wolf dispute. Copies of the Closing Agreements are included as Exhibit A to Exhibit H attached.

47. On November 24, 1999, Bush filed a claim for refund of $9,413.00 for 1995 pursuant to the Cinema 84 and Lone Wolf Closing Agreements. That claim is attached as Exhibit H and the grounds for refund set out in that claim are incorporated herein and restated as follows:

| | Cinema 84 | Lone Wolf McQuade |
|---|---|---|
| Increase of amount at risk due to net partnership income and capital contributions in current year per K-1 | $87,442.00 | $107,206.00 |

| | | |
|---|---|---|
| Portion of losses previously suspended under §465 allowable in current year per Closing Agreement | $57,848.00 | $93,049.00 |
| Portion of ITC suspended under §465 allowable due to increase in amount at risk | $-0.00- | $1,022.00 |

e. Furthermore, Bush requests that net interest rate of zero pursuant to §6221(d) be applied to overlapping periods of equivalent amounts of underpayments and overpayments.

48. In addition to the grounds set forth above and stated in the refund claim, Bush seeks recovery of the amounts due to him under the Closing Agreement based on the government's breach of that contract.

49. On August 23, 2000 the IRS disallowed Bush's 1995 claim. A copy of the first page of the disallowance is attached as Exhibit I.

50. Over six (6) months have elapsed since Bush filed the original claim for refund. Other than the notice of disallowance described above, no action on the claim for refund has been taken by Congress or any agency of the United States, or in any judicial proceeding, including any in the Tax Court of the United States.

51. Lyman Bush, individually, and The Estate of Beverly J. Bush, are the sole owners of the claims asserted herein against the Defendant and have made no assignment of said claims.

WHEREFORE, Plaintiffs Lyman F. Bush, Individually and Lyman F. Bush, Personal Representative of the Estate of Beverly J. Bush, pray for judgment against the Defendant the United States of America in the amount of $45,555.00 plus attorneys' fees, interest and costs allowed by law, and for such other and further relief as this Court may deem appropriate.

Respectfully,

Thomas E. Redding

Thomas E. Redding
Texas State Bar No. 00788707
Redding & Associates, P.C.
P.O. Box 924328
Houston, Texas 77292-4328
(713) 965-9244
(713) 621-5227 (Fax)
ATTORNEY FOR PLAINTIFFS

OF COUNSEL FOR PLAINTIFFS:
Teresa J. Womack
Texas State Bar No. 00788707
Redding & Associates, P.C.
2914 W. T.C. Jester
Houston, Texas 77018
(713)965-9244 Voice
(713)621-5227 Fax

Form **1040X** (Rev. November 1998)

Department of the Treasury — Internal Revenue Service

# Amended U.S. Individual Income Tax Return

▶ See separate instructions.

Bush S0330 3721

OMB No. 1545-0091

**This return is for calendar year ▶** 19 88 **, OR fiscal year ended ▶** , 19 .

**Please print or type**

| | | |
|---|---|---|
| Your first name and initial: LYMAN F. | Last name: BUSH | Your social security number: [redacted] |
| If a joint return, spouse's first name and initial: BEVERLY J. | Last name: BUSH | Spouse's social security number: [redacted] |
| Home address (no. and street) or P.O. box if mail is not delivered to your home: 1217 122nd Street Court East | Apt. no. | Telephone number (optional): 713-965-9244 |
| City, town or post office, state, and ZIP code. If you have a foreign address, see page 2 of the instructions.: Tacoma, Washington 98445 | | For Paperwork Reduction Act Notice, see page 6. |

A If the name or address shown above is different from that shown on the original return, check here . . . ▶ ☒

B Has the original return been changed or audited by the IRS or have you been notified that it will be? . . . ☒ Yes ☐ No

C Filing status. Be sure to complete this line. **Note:** *You cannot change from joint to separate returns after the due date.*

On original return ▶ ☐ Single ☒ Married filing joint return ☐ Married filing separate return ☐ Head of household ☐ Qualifying widow(er)

On this return ▶ ☐ Single ☒ Married filing joint return ☐ Married filing separate return ☐ Head of household* ☐ Qualifying widow(er)

* If the qualifying person is a child but not your dependent, see page 2.

USE PART II ON THE BACK TO EXPLAIN ANY CHANGES

## Income and Deductions (see pages 2 - 5)

| | Line | A. Original amount or as previously adjusted (see page 2) | B. Net change — amount of increase or (decrease) — explain in Part II | C. Correct amount |
|---|---|---|---|---|
| 1 Adjusted gross income (see page 3) | 1 | 132,934 | (2,338) | 130,596 |
| 2 Itemized deductions or standard deduction (see page 3) | 2 | 28,754 | 47 | 28,801 |
| 3 Subtract line 2 from line 1 | 3 | 104,180 | (2,385) | 101,795 |
| 4 Exemptions. If changing, fill in Parts I and II on the back | 4 | 3,900 | 0 | 3,900 |
| 5 Taxable income. Subtract line 4 from line 3 | 5 | 100,280 | (2,385) | 97,895 |
| **Tax Liability** 6 Tax (see page 4). Method used in col. C Tax Rate Schedule | 6 | 25,630 | (787) | 24,843 |
| 7 Credits (see page 4) | 7 | | 234 | 234 |
| 8 Subtract line 7 from line 6. Enter the result but not less than zero | 8 | 25,630 | (1,021) | 24,609 |
| 9 Other taxes (see page 4) | 9 | | | |
| 10 Total tax. Add lines 8 and 9 | 10 | 25,630 | (1,021) | 24,609 |
| **Payments** 11 Federal income tax withheld and excess social security and RRTA tax withheld. If changing, see page 4 | 11 | 15,787 | 0 | 15,787 |
| 12 Estimated tax payments, including amount applied from prior year's return | 12 | 8,732 | 0 | 8,732 |
| 13 Earned income credit | 13 | | | |
| 14 Additional child tax credit from Form 8812 | 14 | | | |
| 15 Credits from Form 4136 or Form 2439 | 15 | | | |
| 16 Amount paid with Form 4868, 2688, or 2350 (applications for extension of time to file) | 16 | | | |
| 17 Amount of tax paid with original return plus additional tax paid after it was filed | 17 | | | 1,111 |
| 18 Total payments. Add lines 11 through 17 in column C | 18 | | | 25,630 |

## Refund or Amount You Owe

| | Line | Amount |
|---|---|---|
| 19 Overpayment, if any, as shown on original return or as previously adjusted by the IRS | 19 | |
| 20 Subtract line 19 from line 18 (see page 4) | 20 | 25,630 |
| 21 **AMOUNT YOU OWE.** If line 10, column C, is more than line 20, enter the difference and see page 4 | 21 | 0 |
| 22 If line 10, column C, is less than line 20, enter the difference | 22 | 1,021 |
| 23 Amount of line 22 you want **REFUNDED TO YOU** | 23 | 1,021 ** |
| 24 Amount of line 22 you want **APPLIED TO YOUR 19 ESTIMATED TAX** | 24 | |

**Sign Here** Joint return? See page 2. Keep a copy for your records.

Under penalties of perjury, I declare that I have filed an original return and that I have examined this amended return, including accompanying schedules and statements, and to the best of my knowledge and belief, this amended return is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which the preparer has any knowledge.

▶ Lyman F Bush — 11-24-99
Your signature — Date

▶ Lyman F Bush Personal Representative of the Estate of Beverly J Bush, deceased 11-24-99
Spouse's signature. If a joint return, BOTH must sign. Date

**Paid Preparer's Use Only**

Preparer's signature ▶ B A Thompson CPA — Date 11/23/99 — Check if self-employed ☒ — Preparer's social security no. [redacted]

Firm's name (or yours if self-employed) and address ▶ Brett A. Thompson, CPA, 20214 Kingsland Blvd., Katy, Texas — EIN — ZIP code 77450

** *or such greater amount as is legally refundable, plus interest.*

ISA STF FED3171F.1

Form 1040X (Rev. 11-98)

EXHIBIT "A"

0265

Bush [redacted]

Form 1040X (Rev. 11-98) Page 2

**Part I** **Exemptions.** See Form 1040, Form 1040A, or Form 1040-T instructions.

If you are **not changing your exemptions,** do not complete this part.
If claiming **more exemptions,** complete lines 25 - 31 and, if applicable, line 32.
If claiming **fewer exemptions,** complete lines 25 - 30.

| | | A. Original number of exemptions reported or as previously adjusted | B. Net change | C. Correct number of exemptions |
|---|---|---|---|---|
| 25 Yourself and spouse . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **Caution:** *If your parents (or someone else) can claim you as a dependent (even if they chose not to), you cannot claim an exemption for yourself.* | 25 | | | |
| 26 Your dependent children who lived with you . . . . . . . . . . . . . . . . . . . . | 26 | | | |
| 27 Your dependent children who did not live with you due to divorce or separation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 27 | | | |
| 28 Other dependents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 28 | | | |
| 29 Total number of exemptions. Add lines 25 through 28 . . . . . . . . . . . . . . | 29 | | | |
| 30 Multiply the number of exemptions claimed on line 29 by the amount listed below for the tax year you are amending. Enter the result here and on line 4. | 30 | | | |

| Tax year | Exemption amount | But see page 3 if the amount on line 1 is over: |
|---|---|---|
| 1998 | $2,700 | $93,400 |
| 1997 | 2,650 | 90,900 |
| 1996 | 2,550 | 88,475 |
| 1995 | 2,500 | 86,025 |

31 Dependents (children and other) not claimed on original (or adjusted) return:
**Note:** *For tax year 1998, do not complete column (e) below. For tax years before 1998, do not complete column (d) below.*

| (a) First name Last name | (b) Dependent's social security number. If born in the tax year you are amending, see page 5. | (c) Dependent's relationship to you | (d) ✓ if qualifying child for child tax credit (see page 5) | (e) No. of months lived in your home |
|---|---|---|---|---|
| | | | ☐ | |
| | | | ☐ | |
| | | | ☐ | |
| | | | ☐ | |
| | | | ☐ | |
| | | | ☐ | |

No. of your children on line 31 who:
- lived with you . . . . . . . ▶ ☐
- did not live with you due to divorce or separation (see page 5) . . . . . ▶ ☐

Dependents on line 31 not entered above ▶ ☐

32 For tax year 1995, if your child listed on line 31 did not live with you but is claimed as your dependent under a pre-1985 agreement, check here . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ▶ ☐

**Part II** **Explanation of Changes to Income, Deductions, and Credits**

**Enter the line number from the front of the form for each item you are changing and give the reason for each change. Attach only the supporting forms and schedules for the items changed. If you do not attach the required information, your Form 1040X may be returned. Be sure to include your name and social security number on any attachments.**

If the change relates to a net operating loss carryback or a general business credit carryback, attach the schedule or form that shows the year in which the loss or credit occurred. See page 1 of the instructions. Also, check here . . . . . . . . . . . . . . . . . . . . . . . . ▶ ☐

***** *PLEASE SEE EXPLANATION ATTACHED* *****

Summary of Changes to Adjusted Gross Income:

| | |
|---|---|
| Adjusted Gross Income As Originally Filed: | $ 132,934 |
| Less: Net Income offset by at-risk loss carryforwards | (2,338) |
| | ------------ |
| Amended Adjusted Gross Income: | $ 130,596 |

**Part III** **Presidential Election Campaign Fund.** Checking below will not increase your tax or reduce your refund.

If you did not previously want $3 to go to the fund but now want to, check here . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ▶ ☐
If a joint return and your spouse did not previously want $3 to go to the fund but now wants to, check here . . . . . . . . . . . . ▶ ☐

STF FED3171F.2

0266

4-28-1995 0:31AM FROM

Form **2848** (Rev. December 1997)
Department of the Treasury Internal Revenue Service

# Power of Attorney and Declaration of Representative

▶ See the separate instructions.

OMB No. 1545-0150
For IRS Use Only
Received by:
Name
Telephone
Function
Date

**Part I** Power of Attorney (Please type or print.)

**1 Taxpayer Information** (Taxpayer(s) must sign and date this form on page 2, line 9.)

| Taxpayer name(s) and address | Social security number(s) | Employer identification number |
|---|---|---|
| Lyman F. and Beverly J. Bush<br>1217 122nd Street Court East<br>Tacoma, WA 98445 | [redacted]<br>[redacted] | |
| | Daytime telephone number | Plan number (if applicable) |

hereby appoint(s) the following representative(s) as attorney(s)-in-fact:

**2 Representative(s)** (Representative(s) must sign and date this form on page 2, Part II.)

| Name and address | |
|---|---|
| Thomas E. Redding<br>P.O. Box 924328<br>Houston, Texas 77292-4328 | CAF No.<br>Telephone No. (713) 965-9244<br>Fax No. (713) 621-5227<br>Check if new: Address ☐ Telephone No. ☐ |
| Sallie W. Gladney<br>P.O. Box 924328<br>Houston, Texas 77292-4328 | CAF No.<br>Telephone No. (713) 965-9244<br>Fax No. (713) 621-5227<br>Check if new: Address ☐ Telephone No. ☐ |
| Name and address | CAF No.<br>Telephone No.<br>Fax No.<br>Check if new: Address ☐ Telephone No. ☐ |

to represent the taxpayer(s) before the Internal Revenue Service for the following tax matters:

**3 Tax matters**

| Type of Tax (Income, Employment, Excise, etc.) | Tax Form Number (1040, 941, 720, etc.) | Year(s) or Period(s) |
|---|---|---|
| Income | 1040 | Tax Periods Ending: December 31, 1982, 1983, 1984, 1985, 1986, 1987, 1988, 1989, 1990, 1991, 1992, 1993, 1994 and 1995. |
| | | |
| | | |

**4 Specific use not recorded on Centralized Authorization File (CAF).** If the power of attorney is for a specific use not recorded on CAF, check this box. (See instruction for **Line 4 — Specific uses not recorded on CAF.**) ▶ ☐

**5 Acts authorized.** The representatives are authorized to receive and inspect confidential tax information and to perform any and all acts that I (we) can perform with respect to the tax matters described on line 3, for example, the authority to sign any agreements, consents, or other documents. The authority does not include the power to receive refund checks (see line 6 below), the power to substitute another representative unless specifically added below, or the power to sign certain returns (see instruction for **Line 5 — Acts authorized**).

List any specific additions or deletions to the acts otherwise authorized in this power of attorney: This power includes but is not limited to authorization to exercise the taxpayer's rights under I.R.C. Section 6103(e)(1)(C) relative to Forms 1065 for partnerships in which the taxpayer(s) was a partner.

**Note:** *In general, an unenrolled preparer of tax returns cannot sign any document for a taxpayer. See Revenue Procedure 81-38, printed as Pub. 470, for more information.*

**Note:** *The tax matters partner of a partnership is not permitted to authorize representatives to perform certain acts. See the instructions for more information.*

**6 Receipt of refund checks.** If you want to authorize a representative named on line 2 to receive, BUT NOT TO ENDORSE OR CASH, refund checks, initial here LFB and list the name of that representative below.

Name of representative to receive refund check(s) ▶ Thomas E. Redding

**For Paperwork Reduction and Privacy Act Notice, see the separate instructions.** Form **2848** (Rev. 12-97)

ISA
STF FED4676F.1

4-28-1995 0:31AM FROM P. 2

SEP.-30'99(THU) 14:08 REDDING & ASSOC P.C. TEL:713-621-52 P. 002

Form 2848 (Rev. 12-97) Page 2

Notices and communications. Original notices and other written communications will be sent to you and a copy to the first representative listed on line 2 unless you check one or more of the boxes below.

a If you want the first representative listed on line 2 to receive the original, and yourself a copy, of such notices or communications, check this box ▶ ☐

b If you also want the second representative listed to receive a copy of such notices and communications, check this box ▶ ☐

c If you do not want any notices or communications sent to your representative(s), check this box ▶ ☐

8 **Retention/revocation of prior power(s) of attorney.** The filing of this power of attorney automatically revokes all earlier power(s) of attorney on file with the Internal Revenue Service for the same tax matters and years or periods covered by this document. If you do not want to revoke a prior power of attorney, check here ▶ ☒

**YOU MUST ATTACH A COPY OF ANY POWER OF ATTORNEY YOU WANT TO REMAIN IN EFFECT.**

9 **Signature of taxpayer(s).** If a tax matter concerns a joint return, both husband and wife must sign if joint representation is requested, otherwise, see the instructions. If signed by a corporate officer, partner, guardian, tax matters partner, executor, receiver, administrator, or trustee on behalf of the taxpayer, I certify that I have the authority to execute this form on behalf of the taxpayer.

▶ **IF NOT SIGNED AND DATED, THIS POWER OF ATTORNEY WILL BE RETURNED.**

Lyman F. Bush (signature) — Signature | 9-30-99 — Date | — Title (if applicable)

Lyman F. Bush — Print Name

Lyman F. Bush (signature) — Signature | 9-30-99 — Date | Executor of the Estate of Beverly J Bush — Title (if applicable)

LYMAN F. BUSH — Print Name

**Part II Declaration of Representative**

Under penalties of perjury, I declare that:

- I am not currently under suspension or disbarment from practice before the Internal Revenue Service;
- I am aware of regulations contained in Treasury Department Circular No. 230 (31 CFR, Part 10), as amended, concerning the practice of attorneys, certified public accountants, enrolled agents, enrolled actuaries, and others;
- I am authorized to represent the taxpayer(s) identified in Part I for the tax matter(s) specified there; and
- I am one of the following:
  - a Attorney — a member in good standing of the bar of the highest court of the jurisdiction shown below.
  - b Certified Public Accountant — duly qualified to practice as a certified public accountant in the jurisdiction shown below.
  - c Enrolled Agent — enrolled as an agent under the requirements of Treasury Department Circular No. 230.
  - d Officer — a bona fide officer of the taxpayer's organization.
  - e Full-Time Employee — a full-time employee of the taxpayer.
  - f Family Member — a member of the taxpayer's immediate family (i.e., spouse, parent, child, brother, or sister).
  - g Enrolled Actuary — enrolled as an actuary by the Joint Board for the Enrollment of Actuaries under 29 U.S.C. 1242 (the authority to practice before the Service is limited by section 10.3(d)(1) of Treasury Department Circular No. 230).
  - h Unenrolled Return Preparer — an unenrolled return preparer under section 10.7(c)(viii) of Treasury Department Circular No. 230.

▶ **IF THIS DECLARATION OF REPRESENTATIVE IS NOT SIGNED AND DATED, THE POWER OF ATTORNEY WILL BE RETURNED.**

| Designation — Insert above letter (a - h) | Jurisdiction (state) or Enrollment Card No. | Signature | Date |
|---|---|---|---|
| A | Texas | (signature) Thomas E. Redding | 10/1/99 |
| A | Texas | (signature) Sallie W. Gladney | 10-1-99 |
| | | | |

STP FED1575F.2

0268

**LYMAN F. BUSH and BEVERLY J. BUSH**
**(SSN [redacted] and SSN [redacted])**
**EXPLANATION - 1988 REFUND CLAIM**

The taxpayer and the Commissioner entered into a Closing Agreement ("Agreement") regarding the taxpayer's partnership interest in Cinema 84, a copy of which is attached hereto as Exhibit "A."

This refund claim is being filed and is timely based on Paragraph 15 of the Agreement which provides that "[a]ny refund claim attributable to the operation of this agreement ***shall*** be deemed to be timely filed and ***shall*** be allowed if it is filed with the IRS within one year of the execution of this agreement by the Commissioner of Internal Revenue."

Further, pursuant to Paragraph 15 of the Agreement, "[a]ny refund claim so submitted within 120 days of this agreement shall be allowed as an offset pursuant to I.R.C. §§6402(a) and 6601(f) against any tax deficiencies resulting from this agreement." Therefore, the refund due under this claim must be applied as an offset to the tax deficiencies arising from the settlement. The refund should be applied first to any deficiency determined for 1983 and thereafter any balance to any subsequent year deficiencies.

This refund claim results from application of the portion of the §465 suspended losses allowable in this year as a consequence of the increase in the amount at risk resulting from net partnership income reported in this year, based on Agreement Paragraph 8.

This refund claim also results from application of the portion of the §465 suspended investment tax credits allowable in this year as a consequence of the increase in the amount at risk resulting from net partnership income reported in this year, based on Agreement Paragraph 8.

Based upon the Agreement, the suspended losses and ITC allowable in this year as a consequence of Paragraph 8 of the Agreement are determined as follows:

| | |
|---|---|
| Increase of amount at risk due to net partnership income | $2,338.00 |
| Allowable portion of losses previously suspended under §465 per Agreement | $<2,338.00> |
| Portion of ITC suspended under §465 allowable due to increase in amount at risk | $234.00 |

***Please process this claim immediately and apply the refund as an offset under §6402 as required above.***

Exhibit:

A - Copy of Closing Agreement

C:\DOCS\CORRESP.Q\REFUND.CLM\qsten169.bu5

Department of the Treasury - Internal Revenue Service

## Closing Agreement on Final Determination Covering Specific Matters

Under section 7121 of the Internal Revenue Code of 1986 (hereinafter "Code")

Lyman F. Bush (SSN: [redacted]) and Beverly J. Bush (SSN: [redacted])
(Taxpayers' Name, address, and identifying number)

1217 122nd Street Court East, Tacoma, WA 98445 (hereinafter referred to as taxpayer)

and the Commissioner of Internal Revenue make the following closing agreement:

WHEREAS, a dispute has arisen between the parties as to the Federal income tax treatment to be accorded to the taxpayers' purchase of an investment in Cinema 84 (hereinafter Partnership);

WHEREAS, the parties wish to determine, with finality, the taxpayers' income, gains, losses, deductions and credits for1984 and subsequent years with respect to the Partnership.

NOW IT IS HEREBY DETERMINED AND AGREED for Federal income tax purposes that:

1. No adjustment to the partnership items shall be made for the taxable years 1984 through 1995 for purposes of this settlement.

2. The taxpayers are entitled to claim their distributive share of the partnership losses for 1984 through 1995 only to the extent they are at risk under I.R.C. § 465.

3. The taxpayers' amount at risk for 1984 through 1989 is their capital contribution to the partnership.

4. The taxpayers' capital contribution to the partnership is 50,000.00.

5. Taxpayers' qualified investment for computing investment tax credit is the amount at risk as set forth in paragraph #4.

6. The taxpayers are not at risk under I.R.C. § 465 for any partnership notes, entered into by the partnership to acquire rights in the motion pictures Terminator, Perfect Strangers, Special Effects, Return of the Living Dead, A Breed Apart and Howling II, whether or not assumed by the taxpayers. Any losses disallowed under this agreement are suspended under I.R.C. § 465. Such suspended losses may be used to offset the taxpayers' pro rata share of any income earned by the partnership and/or other income in accordance with the operation of I.R.C. § 465.

7. To the extent the taxpayers make additional cash contributions to the capital of the partnership after 1989, the taxpayers' amount at risk will be increased in accordance with I.R.C. § 465.

8. To the extent the partnership earns net income the taxpayers' at risk will be increased in accordance with I.R.C. § 465.

9. To the extent the taxpayers make cash payments on the partnership notes after the date of execution of this agreement by the Commissioner and the taxpayers, the taxpayers' amount at risk will be increased in accordance with I.R.C. § 465.

EXHIBIT "A"

10. No additions to tax under I.R.C. §§ 6653(a), 6661, 6659 or 6662 will be asserted with respect to the taxpayers' investment in the partnership for 1984 through 1995.

11. The taxpayers are liable for additional interest pursuant to I.R.C. § 6621(c) for tax motivated interest for their investment in the partnership for the taxable years 1984 through 1989.

12. Any deficiency in tax determined under this agreement will be subject to adjustments arising from a carryback or carryforward from other taxable years of any loss, credit or other tax attribute as allowed by the Internal Revenue Code.

13. After the execution of this agreement on behalf of the Commissioner and the taxpayers, the taxpayers shall not recognize any taxable income attributable to any cancellation, discharge, or satisfaction by foreclosure or conveyance of assets, of any partnership notes entered into by the partnership to acquire rights in the motion pictures Terminator, Perfect Strangers, Special Effects, Return of the Living Dead, A Breed Apart and Howling II, whether or not the taxpayers assumed a pro rata share of said note, or from said partnership notes upon liquidation or dissolution of the partnership.

14. The taxpayers shall be taxable on their distributive share of any income or gains of the partnership for years after 1987 only to the extent said income exceeds losses suspended under the at risk rules of I.R.C. § 465 and/or the cash and/or the fair market value of property distributed to the taxpayers.

15. Any refund claim attributable to the operation of this agreement shall be deemed to be timely filed and shall be allowed if it is filed with the IRS within one year of the execution of this agreement by the Commissioner of Internal Revenue. Any refund claim so submitted pursuant to this paragraph within 120 days after the execution of this agreement on behalf of the Commissioner of Internal Revenue shall be allowed as an offset pursuant to I.R.C. §§ 6402(a) and 6601(f) against any tax deficiencies resulting from this agreement.

16. This agreement constitutes a settlement within the meaning of I.R.C. § 6224(c) and the taxpayers' partnership items are converted to non partnership items effective as of the date of this closing agreement is accepted on behalf of the Commissioner. The taxpayers, in accordance with the provisions of I.R.C. § 6224(b), also waive the restrictions on assessment and collection of any deficiencies attributable to the converted partnership items with interest as provided by law in I.R.C. § 6225(a) that results from this agreement.

17. This closing agreement when accepted by the Commissioner is a determination under the mitigation provisions of the Internal Revenue Code. (I.R.C. § 1311 <u>et seq.</u>).

18. To the extent the taxpayers make cash payments on the partnership notes, after the date this agreement is executed by the taxpayers and the Commissioner, and after the termination of the partnership, a deduction shall be allowed in the year of said payment.

19. This agreement does not in any way diminish or enhance the rights of the spouse of any partner to assert his or her right to relief as an innocent spouse under I.R.C. § 6015.

20. This agreement supersedes any prior agreement entered into between the taxpayers and the Internal Revenue Service.

This agreement is final and conclusive except:

(1) the matter it relates to may be reopened in the event of fraud, malfeasance, or misrepresentation of material fact;

(2) it is subject to the Internal Revenue Code sections that expressly provide that effect be given to their provisions notwithstanding any other law or rule of law except Code Section 7122; and

(3) if it relates to a taxable period ending after the date of this agreement, it is subject to any law, enacted after the agreement date, that applies to that tax period.

By signing, the above parties certify that they have read and agreed to the terms of this document.

Your signature *Lyman F Bush* Date Signed *6-25-99*

Spouse's signature (if a joint return was filed) *Beverly J. Bush BY Lyman F Bush SPOUSE OF DECEASED* Date Signed *6-25-99*

Taxpayer's Representative ______ Date Signed ______

Taxpayer (other than individual) ______

By ______ Date Signed ______

Title ______

Commissioner of Internal Revenue

By *Philip J. Dolisanu* Date Signed *8/2/99*

Title *Associate Chief*

I have examined the specific matters involved and recommend the acceptance of the proposed agreement.

*Bradford A. Johnson* *7/22/99*
(Receiving Officer) (Date)

Assistant District Counsel
(Title)

AS ORIGINALLY FILED

AS AMENDED

Form 1040 Department of the Treasury—Internal Revenue Service
U.S. Individual Income Tax Return **1988**

4/6/89

For the year Jan.–Dec. 31, 1988, or other tax year beginning , 1988, ending , 19 | OMB No. 1545-0074

**Label**
Use IRS label. Otherwise, please print or type.

LYMAN F & BEVERLY J. BUSH
1217 122 ND ST. CT. E
TACOMA, WA 98445

Your social security number [redacted]
Spouse's social security no. [redacted]

For Privacy Act and Paperwork Reduction Act Notice, see Instructions.

**Presidential Election Campaign**
Do you want $1 to go to this fund? Yes ☐ No [X]
If joint return, does your spouse want $1 to go to this fund? Yes ☐ No [X]
Note: Checking "Yes" will not change your tax or reduce your refund.

**Filing Status** — Check only one box.
1 ☐ Single
2 [X] Married filing joint return (even if only one had income)
3 ☐ Married filing separate return. Enter spouse's soc. sec. no. above and full name here.
4 ☐ Head of household (with qualifying person). If the qualifying person is your child but not your dependent, enter child's name here.
5 ☐ Qualifying widow(er) with dependent child (year spouse died ▶ 19 ).

**Exemptions**
6a [X] Yourself — If someone (such as your parent) can claim you as a dependent, do not check box 6a. But be sure to check the box on line 33b on page 2.
b [X] Spouse
No. of boxes checked on 6a and 6b: 2

(See Instructions on page 8.)
c Dependents: (1) Name (first, initial, and last name) | (2) Check if under age 5 | (3) If age 5 or older, dependent's social security number | (4) Relationship | (5) No. of months lived in your home in 1988

No. of your children on 6c who: • lived with you • didn't live with you due to divorce or separation
No. of other dependents listed on 6c

If more than 6 dependents, see Instructions on page 8.

d If your child didn't live with you but is claimed as your dependent under a pre-1985 agreement, check here ▶ ☐
e Total number of exemptions claimed — Add numbers entered on lines above ▶ 2

| | Line | Description | | Amount |
|---|---|---|---|---|
| **Income** | 7 | Wages, salaries, tips, etc. (attach Form(s) W-2) | | 80144. |
| Please attach Copy B of your Forms W-2, W-2G, and W-2P here. | 8a | Taxable interest income (also attach Schedule B if over $400) | | 23748. |
| | b | Tax-exempt interest income (see page 11). DON'T include on line 8a | 8b 15131. | |
| | 9 | Dividend income (also attach Schedule B if over $400) | | 2542. |
| | 10 | Taxable refunds of state and local income taxes, if any, from worksheet on page 11 of Instructions | | |
| | 11 | Alimony received | | |
| If you do not have a W-2, see page 6 of Instructions. | 12 | Business income or (loss) (attach Schedule C) | | |
| | 13 | Capital gain or (loss) (attach Schedule D) | | 14531. |
| | 14 | Capital gain distributions not reported on line 13 (see page 11) | | |
| | 15 | Other gains or (losses) (attach Form 4797) | | |
| | 16a | Total IRA distributions 16a / 16b Taxable amount (see page 11) | | |
| | 17a | Total pensions and annuities 17a / 17b Taxable amount (see page 12) | | |
| | 18 | Rents, royalties, partnerships, estates, trusts, etc. (attach Schedule E) | | 10034. |
| | 19 | Farm income or (loss) (attach Schedule F) | | |
| | 20 | Unemployment compensation (insurance) (see page 13) | | |
| Please attach check or money order here. | 21a | Social security benefits (see page 13) | 21a 9120. | |
| | b | Taxable amount, if any, from the worksheet on page 13 | | 4560. |
| | 22 | Other income — OXFORD LEASE-IRS SETTLEMENT | -625. | -625. |
| | 23 | Add the amounts shown in the far right column for lines 7 through 22. This is your total income ▶ | | 134934. |
| **Adjustments to Income** | 24 | Reimbursed employee business expenses from Form 2106, line 13 | 24 | |
| | 25a | Your IRA deduction, from applicable worksheet on page 14 or 15 | 25a 2000. | |
| | b | Spouse's IRA deduction, from applicable worksheet on page 14 or 15 | 25b | |
| | 26 | Self-employed health insurance deduction, from worksheet on page 15 | 26 | |
| | 27 | Keogh retirement plan and self-employed SEP deduction | 27 | |
| | 28 | Penalty on early withdrawal of savings | 28 | |
| | 29 | Alimony paid (recipient's last name and social security no.) | 29 | |
| | 30 | Add lines 24 through 29. These are your total adjustments ▶ | | 2000. |
| **Adjusted Gross Income** | 31 | Subtract line 30 from line 23. This is your adjusted gross income. If this line is less than $18,576 and a child lived with you, see "Earned Income Credit" (line 56) on page 19 of the Instructions. If you want IRS to figure your tax, see page 16 of the Instructions ▶ | | 132934. |

COPY

LESS GAIN OFFSET BY AT RISK CARRY FORW.
<2,338>

134,934

<2,000>

130,596

0273

H761
04/12 01:12 006773 ...

AS ORIGINALLY FILED

AS AMENDED

| Section | Line | Description | Amount | As Amended |
|---|---|---|---|---|
| | | Amount from line 31 (adjusted gross income) | | 130,596 |
| | 33a | Check if: ☐ You were 65 or older ☐ Blind; ☐ Spouse was 65 or older ☐ Blind. Add the number of boxes checked and enter the total here ▶ 33a | | |
| | b | If someone (such as your parent) can claim you as a dependent, check here ▶ 33b ☐ | | |
| | c | If you are married filing a separate return and your spouse itemizes deductions, or you are a dual-status alien, see page 16 and check here ▶ 33c ☐ | | |
| | 34 | Enter the larger of: • Your standard deduction (from page 17 of the Instructions), OR • Your itemized deductions (from Schedule A, line 26). If you itemize, attach Schedule A and check here ▶ [X] | 28754. | ‹28,801› |
| | 35 | Subtract line 34 from line 32. Enter the result here | 104180. | |
| | 36 | Multiply $1,950 by the total number of exemptions claimed on line 6e | 3900. | ‹3,900› |
| | 37 | Taxable income. Subtract line 36 from line 35. Enter the result (if less than zero, enter zero). Caution: If under age 14 and you have more than $1,000 of investment income, check here ▶ ☐ and see page 17 to see if you have to use Form 8615 to figure your tax. | 100280. | 97,895 |
| | 38 | Enter tax. Check if from: ☐ Tax Table, [X] Tax Rate Schedules, or ☐ Form 8615 | 25630. | 24,843 |
| | 39 | Additional taxes (see page 17). Check if from: ☐ Form 4970 or ☐ Form 4972 | | |
| | 40 | Add lines 38 and 39. Enter the total ▶ | 25630. | |
| Credits | 41 | Credit for child and dependent care expenses (attach Form 2441) | | |
| | 42 | Credit for the elderly or the disabled (attach Schedule R) | | |
| | 43 | Foreign tax credit (attach Form 1116) | | |
| | 44 | General business credit. Check if from: ☐ Form 3800 or ☐ Form (specify) | | ‹234› |
| | 45 | Credit for prior year minimum tax (attach Form 8801) | | |
| | 46 | Add lines 41 through 45. Enter the total | | |
| | 47 | Subtract line 46 from line 40. Enter the result (if less than zero, enter zero) ▶ | 25630. | 24,609 |
| Other Taxes (Including Advance EIC Payments) | 48 | Self-employment tax (attach Schedule SE) | | |
| | 49 | Alternative minimum tax (attach Form 6251) | | |
| | 50 | Recapture taxes (see page 18). Check if from: ☐ Form 4255 or ☐ Form 8611 | | |
| | 51 | Social security tax on tip income not reported to employer (attach Form 4137) | | |
| | 52 | Tax on an IRA or a qualified retirement plan (attach Form 5329) | | |
| | 53 | Add lines 47 through 52. This is your total tax ▶ | 25630. | |
| Payments | 54 | Federal income tax withheld (if any is from Form(s) 1099, check ▶ ☐) | 15787. SCHEDULE 3 | |
| | 55 | 1988 estimated tax payments and amount applied from 1987 return | 8732 | |
| Attach Forms W-2, W-2G, and W-2P to front. | 56 | Earned income credit (see page 19) | | |
| | 57 | Amount paid with Form 4868 | | |
| | 58 | Excess social security tax and RRTA tax withheld (see page 20) | | |
| | 59 | Credit for Federal tax on fuels (attach Form 4136) | | |
| | 60 | Regulated investment company credit (attach Form 2439) | | |
| | 61 | Add lines 54 through 60. These are your total payments ▶ | 24519. | |
| Refund or Amount You Owe | 62 | If line 61 is larger than line 53, enter amount OVERPAID ▶ | | |
| | 63 | Amount of line 62 to be REFUNDED TO YOU ▶ | | |
| | 64 | Amount of line 62 to be applied to your 1989 estimated tax ▶ 64 | | |
| | 65 | If line 53 is larger than line 61, enter AMOUNT YOU OWE. Attach check or money order for full amount payable to "Internal Revenue Service." Write your social security number, daytime phone number, and "1988 Form 1040" on it. Check ▶ [X] if Form 2210 (2210F) is attached. See page 21. Penalty: $ | 1111. | |

Under penalties of perjury, I declare that I have examined this return and accompanying schedules and statements, and to the best of my knowledge and belief, they are true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

| | | | |
|---|---|---|---|
| Please Sign Here | Your signature | Date | Your occupation: STRUCTRAL ENG. |
| | Spouse's signature (if joint return, BOTH must sign) | Date | Spouse's occupation: TEACHER |
| Paid Preparer's Use Only | Preparer's signature: Stephen O. Roberts, C.P.A. | Date: 4-13-89 | Check if self-employed ☐ Preparer's social security no. [redacted] |
| | Firm's name (or yours, if self-employed) and address: STEPHEN O. ROBERTS, CPA, PS 1501 WEST VALLEY HWY. NO. SUITE 103 AUBURN, WASHINGTON | | E.I. No. 91 1155753 ZIP code 98001 |

04/12 01:12 006773 119CT 056 BUSH 10280038

0274

AS ORIGINALLY FILED

AS AMENDED

SCHEDULE A (Form 1040) Department of the Treasury Internal Revenue Service

# Schedule A - Itemized Deductions

▶ Attach to Form 1040. ▶ See Instructions for Schedule A (Form 1040).

OMB No. 1545-0074 **1988** Attachment Sequence No. 07

Name(s) as shown on Form 1040: LYMAN F & BEVERLY J. BUSH

Your social security number: [redacted]

| Section | Line | Description | Box | Amount | Total | As Amended |
|---|---|---|---|---|---|---|
| Medical and Dental Expenses (Do not include expenses reimbursed or paid by others.) | 1 a | Prescription medicines and drugs, insulin, doctors, dentists, nurses, hospitals, medical insurance premiums you paid, etc. SCHEDULE 8 | 1a | 1542. | | |
| | b | Other (list – include hearing aids, dentures, eyeglasses, transportation and lodging, etc.) ▶ LAB FEES 81. TRANSPORTATION/LODGING 73. | 1b | 154. | | |
| | 2 | Add lines 1a and 1b, and enter the total here | 2 | 1696. | | |
| | 3 | Multiply the amount on Form 1040, line 32, by 7.5% (.075) | 3 | 9970. | | |
| | 4 | Subtract line 3 from line 2. If zero or less, enter -0-. Total medical and dental ▶ | 4 | | 0. | 0 |
| Taxes You Paid | 5 | State and local income taxes | 5 | | | |
| | 6 | Real estate taxes | 6 | 1800. | | |
| | 7 | Other taxes (list – include personal property taxes) ▶ PERSONAL PROPERTY TAX 570. | 7 | 570. | | |
| | 8 | Add the amounts on lines 5 through 7. Enter the total here. Total taxes ▶ | 8 | | 2370. | 2,370 |
| Interest You Paid | | Note: New rules apply to the home mortgage interest deduction. See Instructions | | | | |
| | 9 a | Deductible home mortgage interest you paid to financial institutions | 9a | 819. | | |
| | b | Deductible home mortgage interest you paid to individuals (name and address) ▶ | 9b | | | |
| | 10 | Deductible points. (See Instructions for special rules.) | 10 | | | |
| | 11 | Deductible investment interest (See page 24) SEE SCHEDULE 6 | 11 | 16879. | | |
| | 12 a | Personal interest you paid (see page 24) | 12a | | | |
| | b | Multiply the amount on line 12a by 40% (.40). Enter the result | 12b | | | |
| | 13 | Add the amounts on lines 9a through 11, and 12b. Enter the total here. Total interest ▶ | 13 | | 17698. | 17,698 |
| Gifts to Charity | 14 | Contributions by cash or check. (If you gave $3,000 or more to any one organization, show to whom you gave and how much you gave.) ▶ SEE SCHEDULE 5 | 14 | 2480. | | |
| | 15 | Other than cash or check. (You must attach Form 8283 if over $500.) SCH 7 | 15 | 330. | | |
| | 16 | Carryover from prior year | 16 | | | |
| | 17 | Add the amounts on lines 14 through 16. Enter the total here. Total contributions ▶ | 17 | | 2810. | 2,810 |
| Casualty and Theft Losses | 18 | Casualty or theft loss(es) (attach Form 4684). ▶ | 18 | | | |
| Moving Expenses | 19 | Moving expenses (attach Form 3903 or 3903F). (See page 26 of the Instructions.) ▶ | 19 | | | |
| Job Expenses and Most Other Miscellaneous Deductions | 20 | Unreimbursed employee expenses – job travel, union dues, job education, etc. (You MUST attach Form 2106 in some cases. See Instructions.) ▶ FROM FORM 2106 2028. | 20 | 2028. | | |
| | 21 | Other expenses (investment, tax preparation, safe deposit box, etc.) List type and amount ▶ SEE SCHEDULE 4 *2612 Amended* | 21 | 6507. | | |
| | 22 | Add the amounts on lines 20 and 21. Enter the total | 22 | 8535. | | |
| | 23 | Multiply the amount on Form 1040, line 32, by 2% (.02). Enter the result here | 23 | 2659. | | |
| | 24 | Subtract line 23 from line 22. Enter the result (if zero or less, enter zero) ▶ | 24 | | 5876. | 5,923 |
| Other Miscellaneous Deductions | 25 | Other (from list on page 26 of Instructions). Enter type and amount ▶ | 25 | | | |
| Total Itemized Deductions | 26 | Add the amounts on lines 4, 8, 13, 17, 18, 19, 24, and 25. Enter the total here. Then enter on Form 1040, line 34, the LARGER of this total or your standard deduction from page 17 of the Instructions ▶ | 26 | | 28754. | 28,801 |

COPY

H761 For Paperwork Reduction Act Notice, see Form 1040 Instructions.

Schedule A (Form 1040) 1988

AS ORIGINALLY FILED

SCHEDULE E (Form 1040)
Department of the Treasury Internal Revenue Service

**Supplemental Income Schedule**
(From rents, royalties, partnerships, estates, trusts, REMICs, etc.)
▶ Attach to Form 1040, Form 1041, or Form 1041S.
▶ See Instructions for Schedule E (Form 1040).

OMB No. 1545-0074
**1988**
Attachment Sequence No. 13

Name(s) as shown on return: LYMAN F & BEVERLY J. BUSH
Your social security number: [redacted]

**Part I Rental and Royalty Income or Loss** Caution: Your rental loss may be limited.

1 In the space provided below, show the kind and location of each rental property.
2 For each rental property listed, did you or a member of your family use it for personal purposes for more than the greater of 14 days or 10% of the total days rented at fair rental value during the tax year?
3 For each rental real estate property listed in item 1, did you actively participate in its operation during the tax year?

| | | Yes | No | | Yes | No |
|---|---|---|---|---|---|---|
| Property A | 5026 SO PUGET SOUND ▶ | | X | Property A ▶ | X | |
| Property B | ▶ | | | Property B ▶ | | |
| Property C | ▶ | | | Property C ▶ | | |

| Rental and Royalty Income | Line | Properties A | B | C | Line | Totals (Add columns A, B, and C) |
|---|---|---|---|---|---|---|
| 4 Rents received | | 1538. | | | 4 | 1538. |
| 5 Royalties received | | | | | 5 | |
| **Rental and Royalty Expenses** | | | | | | |
| 6 Advertising | 6 | | | | | |
| 7 Auto and travel | 7 | | | | | |
| 8 Cleaning and maintenance | 8 | | | | | |
| 9 Commissions | 9 | | | | | |
| 10 Insurance | 10 | | | | | |
| 11 Legal and other professional fees | 11 | | | | | |
| 12 Mortgage interest paid to banks, etc. | 12 | | | | 12 | |
| 13 Other interest | 13 | | | | | |
| 14 Repairs - Carpenter, screens, etc. - Electrical and plumbing - Painting and decorating - Roofing - Miscellaneous | 14 | | | | | |
| 15 Supplies | 15 | | | | | |
| 16 Taxes (Do not include windfall profit tax here. See Part V, line 40.) | 16 | | | | | |
| 17 Utilities | 17 | | | | | |
| 18 Wages and salaries | 18 | | | | | |
| 19 Other (list) ▶ SEE SCHEDULE 11 | 19 | 1074. | | | | |
| 20 Total expenses. Add lines 6 through 19 | 20 | 1074. | | | 20 | 1074. |
| 21 Depreciation expense or depletion | 21 | 552. | | | 21 | 552. |
| 22 Total. Add lines 20 and 21 | 22 | 1626. | | | | |
| 23 Income or (loss) from rental or royalty properties. Subtract line 22 from line 4 (rents) or 5 (royalties) | 23 | -88. | | | | |
| 24 Deductible rental loss. Caution: Your rental loss on line 23 may be limited. See Instructions to determine if you must file Form 8582. | 24 | -63. | | | | |

| | Line | Amount |
|---|---|---|
| 25 Profits. Add rental and royalty profits from line 23. Enter the total profits here | 25 | 0. |
| 26 Losses. Add royalty losses from line 23 and rental losses from line 24. Enter the total (losses) here | 26 | ( 63) |
| 27 Combine amounts on lines 25 and 26. Enter the net profit or (loss) here | 27 | -63. |
| 28 Net farm rental profit or loss from Form 4835. (Also complete Part VI, line 43.) | 28 | 0. |
| 29 Total rental or royalty income or (loss). Combine amounts on lines 27 and 28. Enter the total here. If Parts II, III, IV, and V on page 2 do not apply to you, enter the amount from line 29 on Form 1040, line 18. Otherwise, include the amount from line 29 in line 42 on page 2 of Schedule E | 29 | -63. |

H761 For Paperwork Reduction Act Notice, see Form 1040 Instructions. Schedule E (Form 1040) 1988

0276

AS ORIGINALLY FILED

AS AMENDED

Schedule E (Form 1040) 1988 Attachment Sequence No. OMB No. 1545-0074 Page 2

Name(s) as shown on return (Do not enter name and social security number if shown on Page 1.) | Your social security number

LYMAN F & BEVERLY J. BUSH [redacted]

**Part II** Income or Loss From Partnerships and S Corporations
If you report a loss from an at-risk activity, you MUST check either column (e) or (f) to describe your investment in the activity.
If you check column (f), you must attach Form 6198

| | (a) Name | (b) Enter P for partnership; S for S Corporation | (c) Check if foreign partnership | (d) Employer identification number | Investment At Risk? (e) All is at risk | (f) Some is not at risk |
|---|---|---|---|---|---|---|
| A | SEE SCHEDULE 12 | | | | | |
| B | | | | | | |
| C | | | | | | |
| D | | | | | | |
| E | | | | | | |

| | Passive Income and Loss | | Nonpassive Income and Loss | | |
|---|---|---|---|---|---|
| | (g) Passive loss allowed from Form 8582 | (h) Passive income from Schedule K-1 | (i) Nonpassive loss from Schedule K-1 | (j) Section 179 deduction | (k) Nonpassive income from Schedule K-1 |
| A | | | | | |
| B | | | | | |
| C | | | | | |
| D | | | | | |
| E | | | | | |
| 30a Totals | | 10. | | | 17461. |
| b Totals | 7253. | | 121. | | |

31 Add amounts in columns (h) and (k), line 30a. Enter total income here — 31: 17471.

32 Add amounts in columns (g), (i), and (j), line 30b. Enter total here — 32: ( 7374. )

33 Total partnership and S corporation income or (loss.) Combine amounts on lines 31 and 32. Enter the total here and include in line 42 below — 33: 10097.

**Part III** Income or Loss From Estates and Trusts

| | (a) Name | (b) Employer identification number |
|---|---|---|
| A | | |
| B | | |
| C | | |

| | Passive Income and Loss | | Nonpassive Income and Loss | |
|---|---|---|---|---|
| | (c) Passive deduction or loss allowed from Form 8582 | (d) Passive income from Schedule K-1 | (e) Deduction or loss from Schedule K-1 | (f) Other income from Schedule K-1 |
| A | | | | |
| B | | | | |
| C | | | | |
| 34a Totals | | | | |
| b Totals | | | | |

35 Add amounts in columns (d) and (f), line 34a. Enter total income here — 35

36 Add amounts in columns (c) and (e), line 34b. Enter total loss here — 36 ( )

37 Total estate and trust income or (loss.) Combine amounts on lines 35 and 36. Enter the total here and include in line 42 below — 37

**Part IV** Income or Loss From Real Estate Mortgage Investment Conduits (REMICs) - Residual Holder

| (a) Name | (b) Employer identification number | (c) Excess inclusion from Schedules Q, line 2c | (d) Taxable income (net loss) from Schedules Q, line 1b | (e) Income from Schedules Q, line 3b |
|---|---|---|---|---|
| | | | | |

38 Combine amounts in columns (d) and (e) only. Enter the total here and include in line 42 below — 38

**Part V** Windfall Profit Tax Summary

39 Windfall profit tax credit or refund received in 1988 — 39

40 Windfall profit tax withheld in 1988 — 40 ( )

41 Combine amounts on lines 39 and 40. Enter the total here and include in line 42 below — 41

**Part VI** Summary

42 TOTAL income or (loss.) Combine amounts on lines 29, 33, 37, 38, and 41. Enter total here and on Form 1040, line 18 ▶ 42: 10034.

43 Farmers and fishermen: Enter your share of GROSS FARMING AND FISHING INCOME applicable to Parts I, II, and III — 43

04/12 01:12 006773 119CT 056 BUSH 10280038

0277

AS ORIGINALLY FILED

SCHEDULE E — OTHER EXPENSES — SCHEDULE 11

| DESCRIPTION | GROSS AMOUNT | EXCL AMOUNT | NET AMOUNT |
|---|---|---|---|
| REPAIRS & MAINT | 1951. | 1301. | 650. |
| TAXES | 657. | 438. | 219. |
| INSURANCE | 152. | 101. | 51. |
| AGENCY | 462. | 308. | 154. |
| TOTAL EXPENSES TO SCHEDULE E, LINE 19 | 3222. | 2148. | 1074. |

SCHEDULE E — INCOME OR (LOSS) FROM PARTNERSHIPS AND S CORPS — SCHEDULE 12

| NAME / EMPLOYER ID NO. | NOT AT RISK | CODE | PASSIVE LOSS | PASSIVE INCOME | NONPASSIVE LOSS | SEC. 179 DEDUCT. | NONPASSIVE INCOME |
|---|---|---|---|---|---|---|---|
| SUMMER LOVERS ASSOC 11-2615060 | | P | | | 15. | | |
| LONE WOLF MC QUADE ASSOC 13-3109971 | | P | | | 38. | | |
| BUSH WEAVER 91-0993948 | | P | | | | | 649. |
| FAWCETT PLAZA ONE 91-1012413 | | P | 5763. | | | | |
| CINEMA 84 11-2678807 | | P | | | | | 2338. |
| MRI BUSINESS PROPERTIES 94-2919856 | | P | 528. | | | | |
| MEDICAL EQUIPMENT FUND TWO NEW YORK, NY | | P | | | | | 14474. |
| PUGET SOUND INVESTOR II TACOMA, WA 91-1258275 | | P | 169. | | | | |
| ML-LEE ACQUISITION FUND, LP NEW YORK | | P | | 10. | 68. | | |
| HAMPTONS II:GRACE ESTATES LIMITED 22-2894733 | | P | 793. | | | | |
| TOTALS TO SCH E, LN 30 | | | 7253. | 10. | 121. | | 17461. |

Income Removed to extent of At Risk Loss Carry forward

0278

10

AS AMENDED

Form **3468**

Department of the Treasury
Internal Revenue Service (X)

# Computation of Investment Credit

▶ Attach to your tax return.

▶ Schedule B (Business Energy Investment Credit) on back.

OMB No. 1545-0155

1987 8

Attachment Sequence No. 24

Name(s) as shown on return | Identifying number

**Part I** Elections (Check the box(es) below that apply to you (See Instruction D).)

A I elect to increase my qualified investment by all qualified progress expenditures (QPE) made this and all later tax years . . . . . . ☐
Enter total qualified progress expenditures included in column (4), Part II ▶

B I claim full credit on certain ships under section 46(g)(3) (See Instruction B for details) . . . . . ☐

**Part II** Qualified Investment (Certain Transition Property, QPE Property, and Qualified Timber Property)

| 1 Recovery Property | | Line | (1) Class of Property | (2) Cost or Other Basis | (3) Applicable Percentage | (4) Qualified Investment (Column 2 x column 3) |
|---|---|---|---|---|---|---|
| Regular Percentage | New Property | (a) | 3-year | | 60 | |
| | | (b) | Other | 2,338 | 100 | 2,338 |
| | Used Property | (c) | 3-year | | 60 | |
| | | (d) | Other | | 100 | |

| | | Line | Amount |
|---|---|---|---|
| 2 | Nonrecovery property—Enter total qualified investment (See instructions for line 2) | 2 | |
| 3 | **Total qualified investment in 10% property**—Add lines 1(a) through 1(d), column (4), and line 2 (See instructions for special limits) | 3 | 2,338 |
| 4 | Regular credit—(See instructions for line 4 for amount to enter) | 4 | 234 |
| 5 | Qualified rehabilitation expenditures (enter qualified investment and multiply by percentage shown): | | |
| a | **Transition Property and Certain Projects placed in service after 12-31-86:** | | |
| | (i) 30-year-old buildings ____ x 10% | 5a(i) | |
| | (ii) 40-year-old buildings ____ x 13% | 5a(ii) | |
| | (iii) Certified historic structures (attach NPS certificate) ____ x 25% | 5a(iii) | |
| b | **Rehabilitation Property** (not shown above) **placed in service after 12-31-86:** | | |
| | (i) Pre-1936 buildings ____ x 10% | 5b(i) | |
| | (ii) Certified historic structures (attach NPS certificate) ____ x 20% | 5b(ii) | |
| 6 | Credit from cooperatives—Enter regular investment credit from cooperatives | 6 | |
| 7 | Business energy investment credit—From line 6 of Schedule B (see back of this form) | 7 | |
| 8 | Current year investment credit—Add line 4 through line 7 | 8 | 234 |

***Note:*** *If you have a 1987 jobs credit (Form 5884), credit for alcohol used as fuel (Form 6478), research credit (Form 6765), or low-income housing credit (Form 8586) in addition to your 1987 investment credit, or if you have a carryback or carryforward of any general business credit, stop here and go to* ***Form 3800, General Business Credit****, to claim your 1987 investment credit. If you have only a 1987 investment credit (which may include business energy investment credit), you may continue with lines 9 through 16 to claim your credit.*

**Part III** Tax Liability Limitations

| | | Line | Amount |
|---|---|---|---|
| 9a | Individuals—From Form 1040, enter amount from line ~~45~~ . . AFTER CHILD CARE Credits | | |
| b | Corporations—From Form 1120, Schedule J, enter tax from line 3 (or Form 1120-A, Part I, line 1) | | |
| c | Other filers—Enter income tax before credits from return . . . 43 Foreign TAX Credit | 9 | 24,843 |
| 10a | Individuals—From Form 1040, enter credit from line ~~44~~ plus any orphan drug and nonconventional source fuel credits included on line 46 | | |
| b | Corporations—From Form 1120, Schedule J, enter credits from lines 4(a) through 4(d) (Form 1120-A filers, enter zero) | | |
| c | Other filers—See instructions for line 10c | 10 | — |
| 11 | Income tax liability as adjusted (subtract line 10 from line 9) | 11 | 24,843 |
| 12 | Tentative minimum tax— | | |
| a | Individuals—From Form 6251, enter amount from line 17 | | |
| b | Corporations—From Form 4626, enter amount from line 19 | | |
| c | Estates and Trusts—From Form 8656, enter amount from line 20 | 12 | 14,969 |
| 13 | Excess of income tax liability over tentative minimum tax—Subtract line 12 from line 11 | 13 | 9,874 |
| 14a | Enter smaller of line 11 or $25,000 (See instructions for line 14) | 14a | 24,843 |
| b | If line 11 is more than $25,000—Enter 75% of the excess | 14b | — |
| 15 | Add lines 14a and 14b | 15 | 24,843 |
| 16 | Total allowed credit—Enter the smallest of line 8, line 13, or line 15 (corporations, see instructions)—This is your **General Business Credit** for 1987. Enter here and on Form 1040, line 45; Form 1120, Schedule J, line 4(e); Form 1120-A, Part I, line 2; or the proper line of other returns | 16 | 234 |

**For Paperwork Reduction Act Notice, see separate Instructions.** Form **3468** (1987)

AS AMENDED

Form **3800**
Department of the Treasury
Internal Revenue Service

**General Business Credit**

▶ Attach to your tax return.

OMB No. 1545-0895

1987 8

Attachment Sequence No. 25

Name(s) as shown on return | Identifying number

**Part I Tentative Credit**

| | | | |
|---|---|---|---|
| 1 | Investment credit (Form 3468, line 8) | 1 | 234 |
| 2 | Jobs credit (Form 5884, line 7) | 2 | |
| 3 | Credit for alcohol used as fuel (Form 6478, line 11) | 3 | |
| 4 | Credit for increasing research activities (Form 6765, line 25) | 4 | |
| 5 | Low-income housing credit (Form 8586, line 8) | 5 | |
| 6 | **Current year general business credit**—Add lines 1 through 5 | 6 | 234 |
| 7 | Carryforward of general business credit (or investment (see instructions), WIN, jobs, alcohol fuel, research, ESOP, or low-income housing credits) | 7 | |
| 8 | Carryback of general business credit to 1987 | 8 | |
| 9 | Tentative general business credit—Add lines 6, 7, and 8 | 9 | 234 |

**Part II Tax Liability Limitations**

| | | | |
|---|---|---|---|
| 10a | Individuals—From Form 1040, enter amount from line 43 | | |
| b | Corporations —From Form 1120, Schedule J, enter tax from line 3 (or Form 1120-A, Part I, line 1) | | |
| c | Other filers—Enter income tax before credits from return | 10 | 24,843 |
| 11a | Individuals—From Form 1040, enter credit from line 44, plus any orphan drug and nonconventional source fuel credits included on line 46 | | |
| b | Corporations—From Form 1120, Schedule J, enter credits from lines 4(a) through 4(d) (Form 1120-A filers, enter zero) | | |
| c | Other filers—See instructions for line 11c | 11 | — |
| 12 | Income tax liability as adjusted—Subtract line 11 from line 10 | 12 | 24,843 |
| 13 | Tentative minimum tax— | | |
| a | Individuals—From Form 6251, enter amount from line 17 | | |
| b | Corporations—From Form 4626, enter amount from line 19 | | |
| c | Estates and Trusts—From Form 8656, enter amount from line 20 | 13 | 14,969 |
| 14 | Excess of income tax liability over tentative minimum tax—Subtract line 13 from line 12 | 14 | 9,874 |
| 15a | Enter smaller of line 12 or $25,000 (see instructions for line 15) | 15a | 24,843 |
| b | If line 12 is more than $25,000—Enter 75% of the excess | 15b | — |
| 16 | Add lines 15a and 15b | 16 | 24,843 |
| 17 | General business credit—Enter smallest of line 9, line 14, or line 16 (corporations, see instructions) here and on Form 1040, line 45; Form 1120, Schedule J, line 4(e); Form 1120-A, Part I, line 2; or the proper line on other returns | 17 | 234 |

## General Instructions

*(Section references are to the Internal Revenue Code.)*

**Paperwork Reduction Act Notice.**—We ask for this information to carry out the Internal Revenue laws of the United States. We need it to ensure that taxpayers are complying with these laws and to allow us to figure and collect the right amount of tax. You are required to give us this information.

**Changes You Should Note.**—The Tax Reform Act of 1986 changed the alternative minimum tax rules for the general business credits. This will require an additional tax liability limitation computation on lines 13 and 14. The Act also repealed the Employee Stock Ownership Plan (ESOP) credit as of 12-31-86.

If you have credits from passive activities, see **Form 8582-CR**, Passive Activity Credit Limitations, before completing Form 3800.

**Purpose of Form.**—The general business credit consists of the investment credit (Form 3468), jobs credit (Form 5884), alcohol fuel credit (Form 6478), research credit (Form 6765), and low-income housing credit (Form 8586). If you have more than one of these credits, or a carryback or carryforward of any of these credits, you must attach the appropriate credit forms and summarize them here on Form 3800. *If you have only one of these credits for 1987, you do not have to file Form 3800. Instead, use only that particular form to claim the credit.* For example, if you have only a 1987 investment credit, you may use Form 3468 to claim your credit. You do not have to file Form 3800 in this case.

You do not have to take the jobs or alcohol fuel credits if you do not wish to.

For more information on the investment credit, see **Form 3468**, Computation of Investment Credit, or **Publication 572**, General Business Credit.

For more information on the jobs credit, see **Form 5884**, Jobs Credit, or Publication 572.

For more information on the alcohol fuel credit, see **Form 6478**, Credit for Alcohol Used as Fuel.

For more information on the research credit, see **Form 6765**, Credit for Increasing Research Activities (or for claiming the orphan drug credit), or Publication 572.

For more information on the low-income housing credit, see **Form 8586**, Low-Income Housing Credit, or Publication 572.

**Carryback and Carryforward of Unused Credit.**—If you cannot use part or all of the credit on line 6 because of the tax liability limitations, you may carry any excess back to each

*(Continued on back)*