AS ORIGINALLY FILED

LYMAN F. & BEVERLY J. BUSH [redacted]

| SCHEDULE D | CAPITAL LOSS CARRYOVER | STATEMENT 15 |
|---|---|---|

| | | | |
|---|---|---|---|
| 1. | ENTER THE AMOUNT FROM FORM 1040, LINE 35 . . . . . . . . . . . . | | 56732. |
| 2. | ENTER THE LOSS FROM SCHEDULE D, LINE 19 AS A POSITIVE AMOUNT . | | 3000. |
| 3. | COMBINE LINES 1 AND 2. IF ZERO OR LESS, ENTER -0- . . . . . . . | | 59732. |
| 4. | ENTER THE SMALLER OF LINE 2 OR LINE 3 . . . . . . . . . . . . . | | 3000. |
| 5. | ENTER THE LOSS FROM SCHEDULE D, LINE 8 AS A POSITIVE AMOUNT . | | 97. |
| 6. | ENTER THE GAIN, IF ANY, FROM SCHEDULE D, LINE 17 . . . . . . . . . . . . . . . . . . . . . . | | |
| 7. | ENTER THE AMOUNT FROM LINE 4 . . . . . . . . . . . . . | 3000. | |
| 8. | ADD LINES 6 AND 7 . . . . . . . . . . . . . . . . . . . . . . . . | | 3000. |
| 9. | SHORT-TERM CAPITAL LOSS CARRYOVER TO 1996. SUBTRACT LINE 8 FROM LINE 5. IF ZERO OR LESS, ENTER -0- . . . | | 0. |
| 10. | ENTER THE LOSS FROM SCHEDULE D, LINE 17 AS A POSITIVE AMOUNT . | | 79905. |
| 11. | ENTER THE GAIN, IF ANY, FROM SCHEDULE D, LINE 8 . . . . . . . . . . . . . . . . . . . . . . | | |
| 12. | SUBTRACT LINE 5 FROM LINE 4. IF ZERO OR LESS, ENTER -0- . . . . . . . . . . . . . . . . . . . . | 2903. | |
| 13. | ADD LINES 11 AND 12 . . . . . . . . . . . . . . . . . . . . . . . . . | | 2903. |
| 14. | LONG-TERM CAPITAL LOSS CARRYOVER TO 1996. SUBTRACT LINE 13 FROM LINE 10. IF ZERO OR LESS, ENTER -0- . . | | 77002. |

| SCHEDULE E | INCOME OR (LOSS) FROM PARTNERSHIPS AND S CORPS | STATEMENT 16 |
|---|---|---|

| NAME<br>EMPLOYER ID NO. | NOT AT RISK | CODE | PASSIVE LOSS | PASSIVE INCOME | NONPASSIVE LOSS | SEC. 179 DEDUCTION | NONPASSIVE INCOME |
|---|---|---|---|---|---|---|---|
| SUMMER LOVERS ASSOCIATES<br>11-2615060 | | P | | 9262. | | | |
| BUSH AND WEAVER<br>91-0993948 | | P | 487. | 1699. | | | |
| CINEMA '84 REGISTRATION NO. 8427<br>11-2678807 | | P | | | 1430. | | |
| FAWCETT PLAZA ONE<br>91-1012413 | | P | 20781. | | | | |
| LONE WOLF MCQUADE ASSOCIATES<br>13-3109971 | | P | | 10219. | | | |
| ML-LEE ACQUISITION FUND, L.P.<br>13-3426817 | | P | | | | | |
| MRI BUSINESS PROPERTIES FUND LTD<br>94-2919856 | | P | 756. | | | | |
| TOTALS TO SCH. E, LN. 28 | | | 22024. | 21180. | 1430. | | |

COPY FOR YOUR FILE

0491

AS ORIGINALLY FILED

AS AMENDED

DOES NOT APPLY

Form **6251** Department of the Treasury Internal Revenue Service

## Alternative Minimum Tax - Individuals

▶ Attach to Form 1040, Form 1040NR, or Form 1040-T.

OMB No. 1545-0227 **1995** Attachment Sequence No. 32

Name(s) shown on Form 1040: LYMAN F. & BEVERLY J. BUSH

Your social security number: [redacted]

### Part I Adjustments and Preferences

| | | | | |
|---|---|---|---|---|
| 1 | If you itemized deductions on Schedule A (Form 1040) (or you entered the amount from Form 1040-T, Section B, line t, on Form 1040-T, line 20), go to line 2. Otherwise, enter your standard deduction from Form 1040, line 34 (or Form 1040-T, line 20), and go to line 6 | 1 | | |
| 2 | Medical and dental. Enter the smaller of Schedule A (Form 1040), line 4, or 2 1/2% of Form 1040, line 32 (Form 1040-T filers, enter the smaller of Section B, line c or 2 1/2% of Form 1040-T, line 16) | 2 | | 147 |
| 3 | Taxes. Enter the amount from Schedule A (Form 1040), line 9 (or the total of lines d through g of Form 1040-T, Section B) | 3 | 4845. | 4845 |
| 4 | Certain interest on a home mortgage not used to buy, build, or improve your home | 4 | | |
| 5 | Miscellaneous itemized deductions. Enter the amount from Schedule A (Form 1040), line 26 (or Form 1040-T, Section B, line r) | 5 | 7745. | 8,135 |
| 6 | Refund of taxes. Enter any tax refund from Form 1040, line 10 or 21 (or Form 1040-T, line 4 or line 9) | 6 | | |
| 7 | Investment interest. Enter difference between regular tax and AMT deduction | 7 | | |
| 8 | Post-1986 depreciation. Enter difference between regular tax and AMT depreciation | 8 | | |
| 9 | Adjusted gain or loss. Enter difference between AMT and regular tax gain or loss | 9 | | |
| 10 | Incentive stock options. Enter excess of AMT income over regular tax income | 10 | | |
| 11 | Passive activities. Enter difference between AMT and regular tax income or loss SEE STATEMENT 19 | 11 | 0. | |
| 12 | Beneficiaries of estates and trusts. Enter the amount from Schedule K-1 (Form 1041), line 8 | 12 | | |
| 13 | Tax-exempt interest from private activity bonds issued after 8/7/86 | 13 | | |

14 Other. Enter the amount, if any, for each item and enter the total on line 14.

| | | | | |
|---|---|---|---|---|
| a | Charitable contributions | | h | Loss limitations |
| b | Circulation expenditures | | i | Mining costs |
| c | Depletion | | j | Patron's adjustment |
| d | Depreciation (pre-1987) | | k | Pollution control facilities |
| e | Installment sales | | l | Research and experimental |
| f | Intangible drilling costs | | m | Tax shelter farm activities |
| g | Long-term contracts | | n | Related adjustments |

| | | | | |
|---|---|---|---|---|
| 14 | | 14 | | |
| 15 | Total Adjustments and Preferences. Combine lines 1 through 14 ▶ | 15 | 12590. | |

### Part II Alternative Minimum Taxable Income

| | | | | |
|---|---|---|---|---|
| 16 | Enter the amount from Form 1040, line 35 (or Form 1040-T, line 21). If less than zero, enter as a (loss) ▶ | 16 | 56732. | <110,125> |
| 17 | Net operating loss deduction, if any, from Form 1040, line 21. Enter as a positive amount | 17 | | |
| 18 | If Form 1040, line 32 (or Form 1040-T, line 16), is over $114,700 (over $57,350 if married filing separately), and you itemized deductions, enter the amount, if any, from line 9 of the worksheet for Schedule A, (Form 1040), line 28 (or line 9 of the worksheet for Section B, line t, of Form 1040-T) | 18 | | |
| 19 | Combine lines 15 through 18 ▶ | 19 | 69322. | |
| 20 | Alternative tax net operating loss deduction | 20 | | |
| 21 | Alternative Minimum Taxable Income. Subtract line 20 from line 19. (If married filing separately and line 21 is more than $165,000, see instructions.) ▶ | 21 | 69322. | |

### Part III Exemption Amount and Alternative Minimum Tax

22 Exemption Amount. (If this form is for a child under age 14, see instructions.)

| If your filing status is: | And line 21 is not over: | Enter on line 22: |
|---|---|---|
| Single or head of household | $112,500 | $33,750 |
| Married filing jointly or qualifying widow(er) | 150,000 | 45,000 |
| Married filing separately | 75,000 | 22,500 |

If line 21 is over the amount shown above for your filing status, see instructions.

| | | | | |
|---|---|---|---|---|
| 22 | | 22 | 45000. | <45,000> |
| | | | | <141,998> |
| 23 | Subtract line 22 from line 21. If zero or less, enter -0- here and on lines 26 and 28 ▶ | 23 | 24322. | |
| 24 | If line 23 is $175,000 or less ($87,500 or less if married filing separately), multiply line 23 by 26% (.26). Otherwise, multiply line 23 by 28% (.28) and subtract $3,500 ($1,750 if married filing separately) from the result | 24 | 6324. | |
| 25 | Alternative minimum tax foreign tax credit | 25 | | |
| 26 | Tentative minimum tax. Subtract line 25 from line 24 ▶ | 26 | 6324. | |
| 27 | Enter your tax from Form 1040, line 38 (plus any amount from Form 4970 included on Form 1040, line 39), minus any foreign tax credit from Form 1040, line 43 (Form 1040-T filers, enter the amount from Form 1040-T, line 26) | 27 | 9413. | |
| 28 | Alternative Minimum Tax. (If this form is for a child under age 14, see instructions.) Subtract line 27 from line 26. If zero or less, enter -0-. Enter here and on Form 1040, line 48 (or Form 1040-T, line 31) ▶ | 28 | 0. | |

0492

AS ORIGINALLY FILED

ITC BASIS TO EXTENT OF INCOME OFFSET BY AT RISK CARRYFORWARD

Lone Wolf McQuade 10,219
Sch K-1

x 10% = 1,022

Form **3468**

Department of the Treasury
Internal Revenue Service

# Investment Credit

► Attach to your return.
► See separate instructions.

OMB No. 1545-0155
**1995**
Attachment Sequence No. 52

Name(s) shown on return | Identifying number

## Part I Current Year Investment Credit

**Note:** *Generally, you cannot claim the regular investment credit for property placed in service after December 31, 1985 (see instructions).*

| | | | |
|---|---|---|---|
| 1 | Rehabilitation credit. Enter the amount of qualified rehabilitation expenditures and multiply by the percentage shown: | | |
| a | Pre-1936 buildings . . . ________ × 10% (.10) | 1a | |
| b | Certified historic structures (attach NPS certificate) . . ________ × 20% (.20) | 1b | |
| | Enter NPS number assigned or the flow-through entity's identifying number (see instructions) . . . ________ | | |
| | Transition property: | | |
| c | 30-year-old buildings . . . ________ × 10% (.10) | 1c | |
| d | 40-year-old buildings . . . ________ × 13% (.13) | 1d | |
| e | Certified historic structures (attach NPS certificate) . . ________ × 25% (.25) | 1e | |
| | Enter NPS number assigned or the flow-through entity's identifying number (see instructions) . . . ________ | | |
| 2a | Energy credit. Enter the basis of energy property placed in service during the tax year (see instructions) . . . ________ × 10% (.10) | 2a | |
| b | Transition energy property. Attach computation (see instructions) . . . | 2b | |
| 3 | Reforestation credit. Enter the amortizable basis of qualified timber property acquired during the tax year (see instructions for limitations) . . . ________ × 10% (.10) | 3 | |
| 4 | Regular investment credit for transition property. Enter qualified investment (see instructions) . . . ________ × 6.5% (.065) | 4 | |
| 5 | Credit from cooperatives. Enter the unused regular investment credit for transition property and the unused energy credit from cooperatives . . . | 5 | |
| 6 | **Total current year investment credit.** Add lines 1a through 5 . . . | 6 | 1,022 |

## Part II Tax Liability Limit (See Who Must File Form 3800 to find out if you complete Part II or file Form 3800.)

| | | | | | |
|---|---|---|---|---|---|
| 7a | Individuals. Enter amount from Form 1040, line 40 | | | | |
| b | Corporations. Enter amount from Form 1120, Schedule J, line 3 (or Form 1120-A, Part I, line 1) | | | 7 | -0- |
| c | Other filers. Enter regular tax before credits from your return | | | | |
| 8a | Credit for child and dependent care expenses (Form 2441, line 10) | 8a | | | |
| b | Credit for the elderly or the disabled (Schedule R (Form 1040), line 20) | 8b | | | |
| c | Mortgage interest credit (Form 8396, line 11) | 8c | | | |
| d | Foreign tax credit (Form 1116, line 32, or Form 1118, Sch. B, line 12) | 8d | | | |
| e | Possessions tax credit (Form 5735) | 8e | | | |
| f | Orphan drug credit (Form 6765) | 8f | | | |
| g | Credit for fuel from a nonconventional source | 8g | | | |
| h | Qualified electric vehicle credit (Form 8834, line 19) | 8h | | | |
| i | Add lines 8a through 8h . . . | | | 8i | |
| 9 | Net regular tax. Subtract line 8i from line 7 . . . | | | 9 | -0- |
| 10 | Tentative minimum tax (see instructions): | | | | |
| a | Individuals. Enter amount from Form 6251, line 26 | | | | — |
| b | Corporations. Enter amount from Form 4626, line 13 | | | 10 | |
| c | Estates and trusts. Enter amount from Form 1041, Schedule I, line 37 | | | | |
| 11 | Net income tax: | | | | |
| a | Individuals. Add line 9 above and line 28 of Form 6251 | | | | — |
| b | Corporations. Add line 9 above and line 15 of Form 4626 | | | 11 | |
| c | Estates and trusts. Add line 9 above and line 41 of Form 1041, Schedule I | | | | — |
| 12 | If line 9 is more than $25,000, enter 25% (.25) of the excess (see instructions) . . . | | | 12 | |
| 13 | Subtract line 10 or line 12, whichever is greater, from line 11. If zero or less, enter -0- . . . | | | 13 | — |
| 14 | **Investment credit allowed for current year.** Enter the smaller of line 6 or line 13. This is your **General Business Credit** for 1995. Enter here and on Form 1040, line 44; Form 1120, Schedule J, line 4d; Form 1120-A, Part I, line 2a; or on the appropriate line of other income tax returns . | | | 14 | -0- |

0493



Printed on recycled paper

AS ORIGINALLY FILED

CINEMA '84 REGISTRATION NO. 8427
I.D. NUMBER: 11-2678807
TYPE: PARTNERSHIP

ACTIVITY INFORMATION:

CINEMA '84 REGISTRATION NO. 8427

100% DISPOSITION AT A NET LOSS

| | | |
|---|---|---|
| ORDINARY INCOME (LOSS) | -1416 | |
| SCHEDULE E ACTIVITY INCOME (LOSS) | | -1416 |
| PAL CARRYOVER FROM 1994 - SCHEDULE E | | -14 |
| SCHEDULE E ACTIVITY NET LOSS | | -1430 |

TAX PREFERENCE ITEMS:

| | |
|---|---|
| AMT PAL CARRYOVER FROM 1994 - SCHEDULE E | 14 |

OTHER K-1 INFORMATION:

| | |
|---|---|
| INTEREST | 15 |
| INVESTMENT INCOME | 15 |



LONE WOLF MCQUADE ASSOCIATES
I.D. NUMBER: 13-3109971
TYPE: PARTNERSHIP

ACTIVITY INFORMATION:

LONE WOLF MCQUADE ASSOCIATES

100% DISPOSITION AT A NET GAIN

| | |
|---|---|
| ORDINARY INCOME (LOSS) | 10219 |
| SCHEDULE E ACTIVITY INCOME (LOSS) | 10219 |

OTHER K-1 INFORMATION:

| | |
|---|---|
| INTEREST | 15 |
| INVESTMENT INCOME | 15 |



SUMMER LOVERS ASSOCIATES
I.D. NUMBER: 11-2615060
TYPE: PARTNERSHIP

ACTIVITY INFORMATION:

SUMMER LOVERS ASSOCIATES

100% DISPOSITION AT A NET GAIN

| | |
|---|---|
| ORDINARY INCOME (LOSS) | 9262 |
| SCHEDULE E ACTIVITY INCOME (LOSS) | 9262 |

OTHER K-1 INFORMATION:

| | |
|---|---|
| INTEREST | 17 |
| INVESTMENT INCOME | 17 |

AS AMENDED

Form 1045 (1995) Page 2

## Schedule A – Net Operating Loss (NOL). See instructions.

| Line | Description | Box | Amount |
|---|---|---|---|
| 1 | Adjusted gross income from 1995 Form 1040, line 32. Estates and trusts, skip lines 1 and 2 | 1 | <86,878> |
| 2 | Deductions (individuals only): | | |
| a | Enter amount from your 1995 Form 1040, line 34 | 2a | 23,247 |
| b | Enter your deduction for exemptions from 1995 Form 1040, line 36 | 2b | 5,000 |
| c | Add lines 2a and 2b | 2c | 28,247 |
| 3 | Combine lines 1 and 2c. Estates and trusts, enter taxable income. | 3 | <115,125> |
| | **Note:** If line 3 is zero or more, do not complete rest of schedule. You **do not** have a net operating loss. | | |
| | **Adjustments:** | | |
| 4 | Deduction for exemptions from line 2b above. Estates and trusts, enter exemption amount from tax return. | 4 | 5,000 |
| 5 | Total nonbusiness capital losses before limitation. Enter as a positive number . 7917, 26361, 69072 | 5 | 103,350 |
| 6 | Total nonbusiness capital gains. 7820, 12498, 37 | 6 | 20,355 |
| 7 | If line 5 is more than line 6, enter difference; otherwise, enter -0- | 7 | 82,995 |
| 8 | If line 6 is more than line 5, enter difference; otherwise, enter -0- | 8 | — |
| 9 | Nonbusiness deductions. See instructions | 9 | 30,316 |
| 10 | Nonbusiness income other than capital gains. See instructions. 13094, 5372, 8851, | 10 | 27,317 |
| 11 | Add lines 8 and 10 | 11 | 27,317 |
| 12 | If line 9 is more than line 11, enter difference; otherwise, enter -0- | 12 | 2,999 |
| 13 | If line 11 is more than line 9, enter difference; otherwise, enter -0-. Do not enter more than line 8 | 13 | -0- |
| 14 | Total business capital losses before limitation. Enter as a positive number | 14 | -0- |
| 15 | Total business capital gains. | 15 | 2,993 |
| 16 | Add lines 13 and 15. | 16 | 2,993 |
| 17 | If line 14 is more than line 16, enter difference; otherwise, enter -0- | 17 | -0- |
| 18 | Add lines 7 and 17 | 18 | 82,995 |
| 19 | Enter the loss, if any, from line 18 of Schedule D (Form 1040). (Estates and trusts, enter the loss, if any, from line 17, column (c), of Schedule D (Form 1041).) Enter as a positive number. If you do not have a loss on that line, skip lines 19 through 21 and enter on line 22 the amount from line 18 | 19 | 80,002 |
| 20 | Enter the loss from line 19 of Schedule D (Form 1040). (Estates and trusts, enter the loss from line 18 of Schedule D (Form 1041).) Enter as a positive number | 20 | 3,000 |
| 21 | Subtract line 20 from line 19 | 21 | 77,002 |
| 22 | Subtract line 21 from line 18. | 22 | 5993 |
| 23 | Net operating loss deduction for losses from other years. Enter as a positive number | 23 | 0 |
| 24 | Add lines 4, 12, 22, and 23 | 24 | 13,992 |
| 25 | **Net operating loss.** Combine lines 3 and 24. If the combined amount is less than zero, enter it here and on page 1, line 1a. If the combined amount is zero or more, you **do not** have a net operating loss. | 25 | <101,133> |

| | Ordinary: Business | Ordinary: Nonbus | Capital: Business | Capital: Non Business |
|---|---|---|---|---|
| Gains <Losses> Inc <Loss> | 12000 | 13094 | 2993 | 7820 |
| | [illegible] | 5372 | | 12498 |
| | [illegible] | 8851 | | 37 |
| | <[illegible]> | <7069> | | <7917> |
| | <93,049> | <23,247> | | <26,361> |
| | <51,848> | | | |
| | <104,126> | -0- None | 2993 | -0- |

Ln 9 30316

<13,9[illegible]> Non [illegible]

0495

For Paperwork Reduction Act Notice, see separate instr. Σ <101,133> CS1 Form **1045** (1995)

AS ORIGINALLY FILED

**SCHEDULE D (Form 1040)**
Department of the Treasury
Internal Revenue Service

# Capital Gains and Losses

▶ Attach to Form 1040. ▶ See Instructions for Schedule D (Form 1040).

OMB No. 1545-0074
**1995**
Attachment Sequence No. 12

Name(s) shown on Form 1040: LYMAN F. & BEVERLY J. BUSH

Your social security number: [redacted]

## Part I Short-Term Capital Gains and Losses - Assets Held One Year or Less

| | (a) Description of Property (Example: 100 sh. XYZ Co.) | (b) Date acquired | (c) Date sold | (d) Sales price | (e) Cost or other basis | (f) LOSS If (e) is more than (d), subtract (d) from (e) | (g) GAIN If (d) is more than (e), subtract (e) from (d) |
|---|---|---|---|---|---|---|---|
| 1 | SEE STATEMENT 13 | | | 166547. | 166644. | 7917. | 7820. |
| | | | | | | | |
| | | | | | | | |
| 2 | Enter your short-term totals, if any ... 2 | | | | | | |
| 3 | Total short-term sales price amounts. Add column (d) of lines 1 and 2 ... 3 | | | 166547. | | | |
| 4 | Short-term gain from Forms 2119 and 6252, and short-term gain or loss from Forms 4684, 6781, and 8824 ... 4 | | | | | | |
| 5 | Net short-term gain or loss from partnerships, S corporations, estates, and trusts from Schedule(s) K-1 ... 5 | | | | | | |
| 6 | Short-term capital loss carryover. Enter the amount, if any, from line 9 of your 1994 Capital Loss Carryover Worksheet ... 6 | | | | | | |
| 7 | Add lines 1 through 6, in columns (f) and (g) ... 7 | | | | | ( 7917.) | 7820. |
| 8 | Net short-term capital gain or (loss). Combine columns (f) and (g) of line 7 ... ▶ 8 | | | | | | -97. |

## Part II Long-Term Capital Gains and Losses - Assets Held More Than One Year

| | (a) Description of Property | (b) Date acquired | (c) Date sold | (d) Sales price | (e) Cost or other basis | (f) LOSS | (g) GAIN |
|---|---|---|---|---|---|---|---|
| 9 | SEE STATEMENT 14 | | | 170373. | 184236. | 26361. | 12498. |
| | | | | | | | |
| | | | | | | | |
| 10 | Enter your long-term totals, if any ... 10 | | | | | | |
| 11 | Total long-term sales price amounts. Add column (d) of lines 9 and 10 ... 11 | | | 170373. | | | |
| 12 | Gain from Form 4797; long-term gain from Forms 2119, 2439, and 6252; and long-term gain or loss from Forms 4684, 6781, and 8824 ... 12 | | | | | | |
| 13 | Net long-term gain or loss from partnerships, S corporations, estates, and trusts from Schedule(s) K-1 ... 13 | | | | | | 2993. |
| 14 | Capital gain distributions ... 14 | | | | | | 37. |
| 15 | Long-term capital loss carryover. Enter the amount, if any, from line 14 of your 1994 Capital Loss Carryover Worksheet ... 15 | | | | | 69072. | |
| 16 | Add lines 9 through 15, in columns (f) and (g) ... 16 | | | | | ( 95433.) | 15528. |
| 17 | Net long-term capital gain or (loss). Combine columns (f) and (g) of line 16 ... ▶ 17 | | | | | | -79905. |

## Part III Summary of Parts I and II

| | | | |
|---|---|---|---|
| 18 | Combine lines 8 and 17. If a loss, go to line 19. If a gain, enter the gain on Form 1040, line 13. **Note:** If both lines 17 and 18 are gains, see the Capital Gain Tax Worksheet ... | 18 | -80002. |
| 19 | If line 18 is a loss, enter here and as a (loss) on Form 1040, line 13, the smaller of these losses: a The loss on line 18; or b ($3,000) or, if married filing separate, ($1,500) ... | 19 | ( 3000.) |
| | **Note:** See the Capital Loss Carryover Worksheet if the loss on line 18 exceeds the loss on line 19 or if Form 1040, line 35, is a loss. SEE STATEMENT 15 | | |

520511/12-12-95



0496

AS ORIGINALLY FILED

LYMAN F. & BEVERLY J. BUSH [redacted]

SCHEDULE B TAX-EXEMPT INTEREST STATEMENT 12

| NAME OF PAYER | AMOUNT |
|---|---|
| INTEREST FROM MUNICIPAL BONDS | 7211. |
| TOTAL TAX-EXEMPT INTEREST TO SCHEDULE B, LINE 1 | 7211. |

SCHEDULE D SHORT-TERM CAPITAL GAINS AND LOSSES STATEMENT 13

| DESCRIPTION | ACQUIRED | SOLD | PRICE | COST | LOSS | GAIN |
|---|---|---|---|---|---|---|
| 1000 SHARES FEDERATED DEPARTMENT STORES | 03/10/95 | 07/18/95 | 27476. | 21574. | | 5902. |
| 1000 SHARES FUSION SYSTEMS CORP | 02/03/95 | 03/10/95 | 24996. | 25003. | 7. | |
| 1000 SHARES PNC BANK | 09/13/95 | 09/13/95 | 27105. | 27890. | 785. | |
| 500 SHARES BECKSON ASSOC REALTY | 06/02/95 | 10/13/95 | 13139. | 12532. | | 607. |
| 500 SHARES PENZOIL | 01/19/94 | 01/18/95 | 21217. | 28224. | 7007. | |
| 2000 SHARES SW PROPERTY TRUST | 10/12/94 | 01/13/95 | 24185. | 24303. | 118. | |
| 1800 SHARES WOOLWORTH | 12/21/94 | 01/13/95 | 28429. | 27118. | | 1311. |
| TOTAL TO SCH. D, PART I, LINE 1 | | | 166547. | 166644. | 7917. | 7820. |

SCHEDULE D LONG-TERM CAPITAL GAINS AND LOSSES STATEMENT 14

| DESCRIPTION | ACQUIRED | SOLD | PRICE | COST | LOSS | GAIN |
|---|---|---|---|---|---|---|
| 75 SHARES - MUNICIPAL INVESTMENT 9 AMT | 01/29/91 | 05/24/95 | 60403. | 76908. | 16505. | |
| MRI BUSINESS PROPERTIES FUND LIMITED | | 12/30/94 | 112. | 0. | | 112. |
| 150 SHARES BRISTOL MEYER SQUIBB | 09/22/92 | 03/10/95 | 9116. | 10243. | 1127. | |
| 400 SHARES BRISTOL MEYER SQUIBB | VARIOUS | 06/02/95 | 26317. | 27128. | 811. | |

COPY FOR YOUR FILE

0497

AS ORIGINALLY FILED

LYMAN F. & BEVERLY J. BU[illegible] [redacted]

| | | | | | | |
|---|---|---|---|---|---|---|
| 2000 SHARES ZEIGLER COAL HOLDING | 09/ /94 | 10/25/95 | 22702. | 30620. | 7918. | |
| 400 SHARES IBM | 07/28/93 | 01/18/95 | 30467. | 18803. | | 11664. |
| 1500 SHARES USF & G | 11/15/93 | 02/03/95 | 21256. | 20534. | | 722. |
| TOTAL TO SCH. D, PART II, LINE 9 | | | 170373. | 184236. | 26361. | 12498. |

0498

Department of the Treasury
Internal Revenue Service

OGDEN, UT 84201

In reply refer to: 2981522163
Aug. 23, 2000 LTR-105C
[redacted] 199512 30 000 1
00763

LYMAN F & BEVERLY J DECD BUSH
% THOMAS E REDDING ESQ
515 POST OAK BOULLEVARD STE 500
HOUSTON TX 77027-9148150

EXTRA
COPY

CERTIFIED MAIL

Taxpayer Identification Number: [redacted]
Kind of Tax: INCOME TAX
Amount of Claim(s): $ 9,413.00

Date Claim(s) Received: Nov. 29, 1999
Tax Period(s): Dec. 31, 1995

Dear Taxpayer:

This letter is your legal notice that we have disallowed your claim(s). We can't allow your claim(s) for refund or credit for the period(s) shown above for the reason(s) listed below.

We are unable to process your Form 1040X at this time. To enable us to process it, copies of cancelled checks or verification of money paid to the partnership(s), must be provided to verify the capital contributed in 1995. You will receive a separate notice explaining the adjustments made to this year.

If you want to appeal our decision to disallow your claim, you must provide a brief written statement of the issues you don't agree with. The facts contained in the written statement should be detailed and complete, including names, amounts, locations, etc.

You should include the following:

1. A statement that you want to appeal the disallowance.

2. Your name, address, and a telephone number where you can be contacted during the day.

3. A statement of facts supporting your reasons for disputing the disallowance.

4. A statement outlining the law or other authority that supports your claim.

You must declare that the statement of facts is true under penalties of perjury. You may do this by adding the following statement and

EXHIBIT "I"

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 02-1041 T

(Judge Christine O. C. Miller)

LYMAN F. BUSH, INDIVIDUALLY and
LYMAN F. BUSH, PERSONAL REPRESENTATIVE
OF THE ESTATE OF BEVERLY J. BUSH,

Plaintiffs

v.

THE UNITED STATES,

Defendant

ANSWER

JAN 22 2003

Defendant, in answer to the complaint, denies each and every allegation contained therein not admitted below.

In response to particular paragraphs of the complaint, defendant further:

1. Admits the allegation in ¶ 1 that the plaintiffs herein are Lyman F. Bush and Lymon [sic] Bush, Personal Representative of the Estate of Beverly J. Bush; and avers that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in ¶ 1.

PLAINTIFF'S
EXHIBIT
29

2. Admits the allegation in ¶ 2.

3. Admits the allegation in ¶ 3 that income taxes were collected from plaintiffs; and avers that the remainder of ¶ 3 represents plaintiffs' characterization of the nature of this suit.

4. As to the allegation in ¶ 4, avers that jurisdiction, to the extent it exists, is conferred by 28 U.S.C. § 1491(a).

COUNT ONE
Calendar Year 1988

5. Denies the allegation in the first sentence of ¶ 5 that the Bushes "paid the taxes reported due on [the 1988] return;" avers that the Bushes paid only a portion of the taxes reported due; admits the remaining allegations in the first sentence; and admits the allegations in the second sentence.

6-8. Admits the allegation in ¶ 6 through ¶ 8.

9. Denies the allegation in the first sentence of ¶ 9 that the refund claim was filed "pursuant to [the closing] agreement;" avers that paragraph 15 of the Cinema 84 Closing Agreement allows plaintiffs to file a "refund claim attributable to the operation of [the] agreement;" admits the remaining allegations in the first sentence, except avers that the claim for refund was received by the Ogden Service Center of the Internal Revenue Service ["IRS"] on November 29, 1999;

and admits the allegations in the second sentence, but denies that plaintiffs are entitled to recover in this action on the basis of the grounds for recovery included in the refund claim.

9(a). Denies the allegation in the first sentence of subparagraph (a) of ¶ 9 that the quoted passage was included in paragraph 15 "of the Agreement;" avers that paragraph 15 of the Cinema 84 Closing Agreement provides that "[a]ny refund claim so submitted pursuant to this paragraph within 120 days after the execution of this agreement on behalf of the Commissioner of Internal Revenue shall be allowed as an offset pursuant to I.R.C. §§ 6402(a) and 6601(f) against any tax deficiencies resulting from this agreement;" admits the allegation in the second sentence that any refund due under the claim should have been applied as an offset to any tax deficiencies arising from the settlement; avers that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegation that no offset was applied; avers that a portion of the refund claim may have been allowed; and denies the allegation that a refund is due in this action under the claim.

9(b)-(d). Avers that subparagraphs (b) through (d) of ¶ 9 represent plaintiffs' characterization of the nature of

the refund claim and the deductions and credits to which Bush would be entitled if such claim were allowed; and avers that its attorneys currently lack knowledge or information sufficient to form a belief as to the accuracy of the characterization and computations included in subparagraphs (b) through (d).

9(e). Admits the allegation in subparagraph (e) of ¶ 9 that Bush requests the application of interest netting but denies that the request complies with statutory and IRS procedures for making a request for interest netting.

10. Denies the allegations in ¶ 10 that amounts are due to Bush "under the Closing Agreement" and that the Government is in breach of contract; and avers that Bush has not alleged the existence of an express or an implied in fact contract which would require the IRS to refund the amounts in issue, plus interest.

11. Admits the allegation in the first sentence of ¶ 11; and avers that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence.

COUNT TWO
Calendar Year 1990

12. Admits the allegations in the first sentence of ¶ 12; and avers that its attorneys currently lack knowledge or

information sufficient to form a belief as to the truth of the allegations in the second sentence.

13-14. Admits the allegations in ¶ 13 and ¶ 14.

15. Admits the allegations in the first sentence of ¶ 15; denies the allegation in the second sentence that Bush and the IRS entered into the Summer Lovers Closing Agreement on August 18, 1999; avers that the Bushes and the IRS entered into the Summer Lovers Closing Agreement on August 18, 19<u>94</u>; and admits the allegations in the third sentence.

16. Denies the allegation in the first sentence of ¶ 16 that the refund claim was filed "pursuant to the Cinema 84 and Summer Lovers 1990 Closing Agreements;" avers that paragraph 15 of the Cinema 84 Closing Agreement allows plaintiffs to file a "refund claim attributable to the operation of [the] agreement;" avers that the Summer Lovers Closing Agreement does not include a provision allowing the Bushes to file a refund claim; admits the remaining allegations in the first sentence, except avers that the claim for refund was received by the Ogden Service Center of the IRS on November 29, 1999; and admits the allegations in the second sentence, but denies that plaintiffs are entitled to recover in this action on the basis of the grounds for recovery included in the refund claim.

16(a). Denies the allegation in the first sentence of subparagraph (a) of ¶ 16 that the quoted passage was included in paragraph 15 of the Cinema 84 Closing Agreement; avers that paragraph 15 of the Cinema 84 Closing Agreement provides that "[a]ny refund claim so submitted pursuant to this paragraph within 120 days after the execution of this agreement on behalf of the Commissioner of Internal Revenue shall be allowed as an offset pursuant to I.R.C. §§ 6402(a) and 6601(f) against any tax deficiencies resulting from this agreement;" admits the allegation in the second sentence that any refund due under the claim should have been applied as an offset to any tax deficiencies arising from the settlement; denies the allegation that a refund is due in this action under the claim; and avers that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the second sentence.

16(b)-(d). Avers that subparagraphs (b) through (d) of ¶ 16 represent plaintiffs' characterization of the nature of the refund claim and the deductions and credits to which Bush would be entitled if such claim were allowed; and avers that its attorneys currently lack knowledge or information sufficient to form a belief as to the accuracy of the characterization and computations included in subparagraphs

(b) through (d).

16(e). Admits the allegation in subparagraph (e) of ¶ 16 that Bush requests the application of interest netting but denies that the request complies with statutory and IRS procedures for making a request for interest netting.

17. Denies the allegations in ¶ 17 that amounts are due to Bush "under the Closing Agreement" and that the Government is in breach of contract; and avers that Bush has not alleged the existence of an express or an implied in fact contract which would require the IRS to refund the amounts in issue, plus interest.

18. Admits the allegations in ¶ 18, except avers that the notice of disallowance relates only to Summer Lovers Associates, not to Cinema 84 partnership.

19. Admits the allegations in the first sentence of ¶ 19; and avers that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence.

COUNT THREE
Calendar Year 1991

20-22. Admits the allegations in ¶ 20 through ¶ 22.

23. Admits the allegations in the first sentence of ¶ 23; denies the allegation in the second sentence that Bush and the IRS entered into the Summer Lovers Closing Agreement

on August 18, 1999; avers that the Bushes and the IRS entered into the Summer Lovers Closing Agreement on August 18, 1994; and admits the allegations in the third sentence.

24. Denies the allegation in the first sentence of ¶ 24 that the refund claim was filed "pursuant to the Cinema 84 and Summer Lovers 1990 Closing Agreements;" avers that paragraph 15 of the Cinema 84 Closing Agreement allows plaintiffs to file a "refund claim attributable to the operation of [the] agreement;" avers that the Summer Lovers Closing Agreement does not include a provision allowing the Bushes to file a refund claim; admits the remaining allegations in the first sentence, except avers that the claim for refund was received by the Ogden Service Center on November 29, 1999; and admits the allegations in the second sentence, but denies that plaintiffs are entitled to recover in this action on the basis of the grounds for recovery included in the refund claim.

24(a). Denies the allegation in the first sentence of subparagraph (a) of ¶ 24 that the quoted passage was included in paragraph 15 "of the Agreement;" avers that paragraph 15 of the Cinema 84 Closing Agreement provides that "[a]ny refund claim so submitted pursuant to this paragraph within 120 days after the execution of this agreement on behalf of the Commissioner of Internal Revenue shall be allowed as an offset

pursuant to I.R.C. §§ 6402(a) and 6601(f) against any tax deficiencies resulting from this agreement;" avers that the Summer Lovers Closing Agreement does not include a provision allowing the Bushes to file a refund claim; admits the allegation in the second sentence that any refund due under the claim must be applied as an offset to the tax deficiencies arising from the settlement, but only as it relates to Cinema 84 partnership; denies the allegation that a refund is due in this action under the claim; and avers that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the second sentence.

24(b)-(d). Avers that subparagraphs (b) through (d) of ¶ 24 represent plaintiffs' characterization of the nature of the refund claim and the deductions and credits to which Bush would be entitled if such claim were allowed; and avers that its attorneys currently lack knowledge or information sufficient to form a belief as to the accuracy of the characterization and computations included in subparagraphs (b) through (d).

24(e). Admits the allegation in subparagraph (e) of ¶ 24 that Bush requests the application of interest netting but denies that the request complies with statutory and IRS

procedures for making a request for interest netting.

25. Denies the allegations in ¶ 25 that amounts are due to Bush under the "Closing Agreement" and that the Government is in breach of contract; and avers that Bush has not alleged the existence of an express or an implied in fact contract which would require the IRS to refund the amounts in issue, plus interest.

26. Admits the allegations in the first sentence of ¶ 26; and avers that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence.

COUNT FOUR
Calendar Year 1992

27-30. Admits the allegations in ¶ 27 through ¶ 30.

31. Denies the allegation in the first sentence of ¶ 31 that the refund claim was filed "pursuant to the Cinema 84 and Lone Wolf Closing Agreements;" avers that paragraph 15 of the Cinema 84 Closing Agreement and paragraph 15 of the Lone Wolf Closing Agreement allowed plaintiffs to file a "refund claim attributable to the operation of [the] agreement;" admits the remaining allegations in the first sentence, except avers that the claim for refund was received by the Ogden Service Center of the IRS on November 29, 1999; and admits the allegations in the second sentence, but denies that plaintiffs are entitled

to recover in this action on the basis of the grounds for recovery included in the refund claim.

31(a). Denies the allegation in the first sentence of subparagraph (a) of ¶ 31 that the quoted passage was included in paragraph 15 "of the Agreement;" avers that paragraph 15 of the Cinema 84 Closing Agreement and paragraph 15 of the Lone Wolf Closing Agreement provide that "[a]ny refund claim so submitted pursuant to this paragraph within 120 days after the execution of this agreement on behalf of the Commissioner of Internal Revenue shall be allowed as an offset pursuant to I.R.C. §§ 6402(a) and 6601(f) against any tax deficiencies resulting from this agreement;" admits the allegation in the second sentence that any refund due under the claim should have been applied as an offset to any tax deficiencies arising from the settlement; denies the allegation that a refund is due in this action under the claim; and avers that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the second sentence.

31(b)-(d). Avers that subparagraphs (b) through (d) of ¶ 31 represent plaintiffs' characterization of the nature of the refund claim and the deductions and credits to which Bush would be entitled if such claim were allowed; and avers that

its attorneys currently lack knowledge or information sufficient to form a belief as to the accuracy of the characterization and computations included in subparagraphs (b) through (d).

31(e). Admits the allegation in subparagraph (e) of ¶ 31 that Bush requests the application of interest netting but denies that the request complies with statutory and IRS procedures for making a request for interest netting.

32. Denies the allegations in ¶ 32 that amounts are due to Bush "under the Closing Agreement" and that the Government is in breach of contract; and avers that Bush has not alleged the existence of an express or an implied in fact contract which would require the IRS to refund the amounts in issue, plus interest.

33. Admits the allegations in ¶ 33.

34. Admits the allegations in the first sentence of ¶ 34; and avers that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence.

COUNT FIVE
Calendar Year 1993

35-37. Admits the allegations in ¶ 35 through ¶ 37.

38. Admits the allegations in the first sentence of ¶ 38; denies the allegation in the second sentence that Bush

and the IRS entered into the Summer Lovers Closing Agreement on August 18, 1999; avers that the Bushes and the IRS entered into the Summer Lovers Closing Agreement on August 18, 1994; and admits the allegations in the third sentence.

39. Denies the allegation in the first sentence of ¶ 39 that the refund claim was filed "pursuant to the Cinéma 84, Summer Lovers, and Lone Wolf Closing Agreements;" avers that paragraph 15 of the Cinema 84 Closing Agreement and paragraph 15 of the Lone Wolf Closing Agreement allowed plaintiffs to file a "refund claim attributable to the operation of [the] agreement;" admits the remaining allegations in the first sentence, except avers that the claim for refund was received by the Ogden Service Center of the IRS on November 29, 1999; and admits the allegations in the second sentence, but denies that plaintiffs are entitled to recover in this action on the basis of the grounds for recovery included in the refund claim.

39(a). Denies the allegation in the first sentence of subparagraph (a) of ¶ 39 that the quoted passage was included in paragraph 15 "of the Agreement;" avers that paragraph 15 of the Cinema 84 Closing Agreement and paragraph 15 of the Lone Wolf Closing Agreement provide that "[a]ny refund claim so submitted pursuant to this paragraph within 120 days after the

execution of this agreement on behalf of the Commissioner of Internal Revenue shall be allowed as an offset pursuant to I.R.C. §§ 6402(a) and 6601(f) against any tax deficiencies resulting from this agreement;" admits the allegation in the second sentence that any refund due under the claim should have been applied as an offset to any tax deficiencies arising from the settlement; denies the allegation that a refund is due in this action under the claim; and avers that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the second sentence.

39(b)-(d). Avers that subparagraphs (b) through (d) of ¶ 39 represents plaintiffs' characterization of the nature of the refund claim and the deductions and credits to which Bush would be entitled if such claim were allowed; and avers that its attorneys currently lack knowledge or information sufficient to form a belief as to the accuracy of the characterization and computations included in subparagraphs (b) through (d).

39(e). Admits the allegation in subparagraph (e) of ¶ 39 that Bush requests the application of interest netting but denies that the request complies with statutory and IRS procedures for making a request for interest netting.

40. Denies the allegations in ¶ 40 that amounts are due to Bush "under the Closing Agreement" and that the Government is in breach of contract; and avers that Bush has not alleged the existence of an express or an implied in fact contract which would require the IRS to refund the amounts in issue, plus interest.

41. Admits the allegations in ¶ 41.

42. Admits the allegations in the first sentence of ¶ 42; and avers that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence.

COUNT SIX
Calendar Year 1995

43-46. Admits the allegations in ¶ 43 through ¶ 46.

47. Denies the allegation in the first sentence of ¶ 47 that the refund claim was filed "pursuant to the Cinema 84 and Lone Wolf Closing Agreements;" avers that paragraph 15 of the Cinema 84 Closing Agreement and paragraph 15 of the Lone Wolf Closing Agreement allowed plaintiffs to file a "refund claim attributable to the operation of [the] agreement;" admits the remaining allegations in the first sentence, except avers that the claim for refund was received by the Ogden Service Center of the IRS on November 29, 1999; admits the allegations in the second sentence, but denies that plaintiffs are entitled to

recover in this action on the basis of the grounds for recovery included in the refund claim; avers that the indented portion of ¶ 47 (which is not identified as a subparagraph) represents plaintiffs' computations of the deductions and credits to which Bush would be entitled if such claim were allowed; and avers that its attorneys currently lack knowledge or information sufficient to form a belief as to the accuracy of the computations included in the indented portion of ¶ 47.

47(e). Admits the allegation in subparagraph (e) of ¶ 47 that Bush requests the application of interest netting but denies that the request complies with statutory and IRS procedures for making a request for interest netting.

48. Denies the allegations in ¶ 48 that amounts are due to Bush "under the Closing Agreement" and that the Government is in breach of contract; and avers that Bush has not alleged the existence of an express or an implied in fact contract which would require the IRS to refund the amounts in issue, plus interest.

49. Admits the allegations in ¶ 49.

50. Admits the allegations in the first sentence of ¶ 50; and avers that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence.

51. Avers that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 51.

JURISDICTIONAL DEFENSES

52. This Court lacks jurisdiction over Counts Two, Three, and Five of the complaint insofar as they seek a refund attributable to the Summer Lovers Closing Agreement, because the claim for refund for each of the years 1990, 1991, and 1993 was filed more than two years after the Bushes and the IRS entered into the Summer Lovers Closing Agreement. *See* I.R.C. § 6230(c)(2)(B).

53. This Court lacks jurisdiction over the complaint to the extent it seeks a refund on a breach of contract theory, because plaintiffs have failed to allege facts which would establish the elements of an express or implied in fact contract with the IRS to refund the amounts in issue, plus interest.

ADDITIONAL DEFENSES

54. Plaintiffs are barred from making a claim for refund for the years in suit based on an alleged overpayment attributable to investment tax credits, because the Bushes and the IRS entered into a binding closing agreement with respect to Summer Lovers Associates which provides, in ¶ 2, that the

Bushes are entitled to claim an investment tax credit of $5,000 for tax year 1982.

55. Plaintiffs are barred from making a claim for refund for the years in suit based on an alleged overpayment attributable to investment tax credits, because Bush and the IRS entered into a binding closing agreement with respect to Cinema 84 partnership which provides, in ¶ 4 and ¶ 5, that plaintiffs' qualified investment, for the purpose of computing investment tax credit, is limited to $50,000.

56. Plaintiffs are barred from making a claim for refund for the years in suit based on an alleged overpayment attributable to investment tax credits, because Bush and the IRS entered into a binding closing agreement with respect to Lone Wolf McQuade Associates which provides, in ¶ 4 and ¶ 5, that plaintiffs' qualified investment, for the purpose of computing investment tax credit, is limited to $50,000.

AFFIRMATIVE DEFENSES

57. Plaintiffs are estopped from making a claim for refund for the years in suit based on an alleged overpayment attributable to investment tax credits, because even if the Summer Lovers Closing Agreement between the Bushes and the IRS was not binding, the IRS relied upon the agreement, which provides that the Bushes are entitled to claim an investment

tax credit of $5,000 for tax year 1982, to its detriment.

58. Plaintiffs are estopped from making a claim for refund for the years in suit based on an alleged overpayment attributable to investment tax credits, because even if the Cinema 84 Closing Agreement between Bush and the IRS was not binding, the IRS relied upon the agreement, which provides that plaintiffs' qualified investment for the purpose of computing investment tax credit is limited to $50,000, to its detriment.

59. Plaintiffs are estopped from making a claim for refund for the years in suit based on an alleged overpayment attributable to investment tax credits, because even if the Lone Wolf Closing Agreement between Bush and the IRS was not binding, the IRS relied upon the agreement, which provides that plaintiffs' qualified investment for the purpose of computing investment tax credit is limited to $50,000, to its detriment.

WHEREFORE, defendant prays that the complaint be dismissed with costs assessed against plaintiffs.

Respectfully submitted,

*Ellen C. Specker*

ELLEN C. SPECKER
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-0508
(202) 514-9440 (facsimile)

EILEEN J. O'CONNOR
Assistant Attorney General
MILDRED L. SEIDMAN
Chief, Court of Federal Claims Section
WILLIAM K. DREW
Reviewer

*William K. Drew 1/22/03*

Of Counsel

January 21, 2003

CERTIFICATE OF SERVICE

I certify that service of the foregoing Answer has, this 22nd day of January, 2003, been made on plaintiffs' counsel by mailing a copy thereof, in a postage prepaid envelope, to the following address:

Thomas E. Redding, Esquire
Redding & Associates, P.C.
P.O. Box 924328
Houston, TX 77292-4328

Deana L. Henderson
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6440