the tax deficiency was clearly a managerial or ministerial act resulting in an unreasonable delay of the tax assessment, and further, such abatement is required under I.R.C. §6404.

7. As an alternative, and in addition to the grounds set forth above, the taxpayer(s) are entitled to the benefit of a net rate of interest of zero pursuant to I.R.C. §6621(d) and a refund of the interest paid on the portion of the deficiency equal to the amount of any refund with respect to which the taxpayer(s) were entitled to receive interest for the periods during which interest was charged on such portion of the deficiency and is payable on such refunds. Substantial refunds are due for 1981, 1988, 1990, 1991, 1992, 1993, 1994 and 1995 as a result of the settlement. This claim constitutes the taxpayer(s)' request that the Secretary apply §6621(d) to all such periods, which includes all periods from April 15, 1984 of the first year listed in the preceding sentence until the date of payment of the tax sought to be refunded under this claim. To the extent of equivalent amounts of underpayments or overpayments, the periods set forth under §5.063 of Rev. Proc. 99-43 have not previously been applied to obtain a net interest rate of zero under §6621(d).

8. As an alternative, the assessment made by the Internal Revenue Service was not made within two years of the date of the settlement and is, therefore, an invalid assessment which must be refunded. The settlement became final and binding either on July 22, 1999 or August 7, 1999. Which date is in dispute. The IRS mailed to the taxpayers statements for tax due (Forms 3552) that were patently fraudulent, representing that the "Assessment Date" was "07/31/2000" and were dated "07/31/2000." These notices were pure unadulterated fraudulently dated and serve as no evidence that a valid assessment was ever made. They were RECEIVED BY THE TAXPAYERS ON 07/28/00, three days BEFORE the alleged assessment and date of the notices. See Exhibit "B," p. 4-10. They were faxed to the taxpayers' counsel on 7/28/00. It is the taxpayers' belief that the assessments were not actually made until late August.

Exhibits - A - Evidence of settlement
B - Evidence of tax assessment and payment

Bush 503303721

Form **843** (Rev. January 1997)
Department of the Treasury
Internal Revenue Service

# Claim for Refund and Request for Abatement

▶ See separate instructions.

OMB No. 1545-0024

*Use Form 843 only if your claim involves (a) one of the taxes shown on line 3a or (b) a refund or abatement of interest, penalties, or additions to tax on line 4a.*

***Do not** use Form 843 if your claim is for —*

- *An overpayment of income taxes;*
- *A refund of fuel taxes;*
- *An overpayment of excise taxes reported on Form 720, 730, or 2290 (see **General Instructions**).*

Please type or print

Name of claimant
LYMAN F. BUSH & BEVERLY J. BUSH, DECEASED

Your social security number
[redacted]

Address (number, street, and room or suite no.)
c/o Thomas E. Redding; 2914 West T. C. Jester *(POA ATTACHED, FORM 2848)*

Spouse's social security number
[redacted]

City or town, state, and ZIP code
Houston, Texas 77018-7010 ****ADDRESS FOR THIS MATTER ONLY****

Employer identification number

Name and address shown on return if different from above
1217 122ND STREET COURT EAST
TACOMA, WA 98445

Daytime telephone number
713-965-9244

1 Period — prepare a separate Form 843 for each tax period
From January 1, 19 86 , to December 31, 19 86

2 Amount to be refunded or abated
$ 35,187.97 **

3a Type of tax, penalty, or addition to tax:
☐ Employment ☐ Estate ☐ Gift ☐ Excise (unless reported on Form 720, 730, or 2290 — see instructions.)
☐ Penalty — IRC section ▶ ____________

b Type of return filed (see instructions):
☐ 706 ☐ 709 ☐ 940 ☐ 941 ☐ 943 ☐ 945 ☐ 990-PF ☐ 4720 ☒ Other (specify) 1040

4a Request for abatement or refund of:
☒ Interest caused by IRS errors or delays (if applicable — see instructions).
☐ A penalty or addition to tax as a result of erroneous advice from the IRS.

b Dates of payment ▶ 7/31/00, or at such later time when and if a timely and valid assessment was made.

5 **Explanation and additional claims.** Explain why you believe this claim should be allowed, and show computation of tax refund or abatement of interest, penalty, or addition to tax.

***** *Please See Explanation Attached* *****

*****or such greater amount as is legally refundable, plus interest.***

**Signature.** If you are filing Form 843 to request a refund or abatement relating to a joint return, both you and your spouse must sign the claim. Claims filed by corporations must be signed by a corporate officer authorized to sign, and the signature must be accompanied by the officer's title.

Under penalties of perjury, I declare that I have examined this claim, including accompanying schedules and statements, and, to the best of my knowledge and belief, it is true, correct, and complete.

PLAINTIFF'S EXHIBIT 6

Lyman F Bush
Signature (Title, if applicable. Claims by corporations must be signed by an officer.) Date 7-16-02

Lyman F Bush personal representative
Signature Date 7-16-02

For Paperwork Reduction Act Notice, see separate instructions.
ISA
STF FED1524F

Form **843** (Rev. 1-97)

0612

Form **2848**
(Rev. December 1997)
Department of the Treasury
Internal Revenue Service

# Power of Attorney
# and Declaration of Representative

▶ See the separate instructions.

OMB No. 1545-0150

For IRS Use Only
Received by:
Name ____________
Telephone ____________
Function ____________
Date

**Part I** Power of Attorney (Please type or print.)

1 **Taxpayer information** (Taxpayer(s) must sign and date this form on page 2, line 9.)

| Taxpayer name(s) and address | Social security number(s) | Employer identification number |
|---|---|---|
| LYMAN E & BEVERLY J BUSH<br>1217 122ND ST. CT. EAST<br>TACOMA WA 98445 | [redacted] | |
| | Daytime telephone number<br>(253) 537-7833 | Plan number (if applicable) |

hereby appoint(s) the following representative(s) as attorney(s)-in-fact:

2 **Representative(s)** (Representative(s) must sign and date this form on page 2, Part II.)

| Name and address | |
|---|---|
| Thomas E. Redding<br>2914 West T.C. Jester<br>Houston, Texas 77018 | CAF No. [redacted]<br>Telephone No. 713/965-9244<br>Fax No. 713/621-5227<br>Check if new: Address ☐ Telephone No. ☐ |
| Sallie W. Gladney<br>2914 West T.C. Jester<br>Houston, Texas 77018 | CAF No. [redacted]<br>Telephone No. 713/965-9244<br>Fax No. 713/621-5227<br>Check if new: Address ☐ Telephone No. ☐ |
| Teresa J. Womack<br>2914 West T.C. Jester<br>Houston, Texas 77018 | CAF No. [redacted]<br>Telephone No. 713/965-9244<br>Fax No. 713/621-5227<br>Check if new: Address ☐ Telephone No. ☐ |

to represent the taxpayer(s) before the Internal Revenue Service for the following tax matters:

3 **Tax matters**

| Type of Tax (Income, Employment, Excise, etc.) | Tax Form Number (1040, 941, 720, etc.) | Year(s) or Period(s) |
|---|---|---|
| Income | 1040 and 1065 and Partnership Items for all partnerships in which the taxpayer is a partner. | Tax periods ending: December 31, 1983, 1984, 1985, 1986, 1987, 1988, 1989, 1990, 1991, 1992, 1993, 1994, 1995 |

4 **Specific use not recorded on Centralized Authorization File (CAF).** If the power of attorney is for a specific use not recorded on CAF, check this box. (See instruction for **Line 4 — Specific uses not recorded on CAF.**) . . . . . . . . . . . . . . . . . . . . ▶ ☐

5 **Acts authorized.** The representatives are authorized to receive and inspect confidential tax information and to perform any and all acts that I (we) can perform with respect to the tax matters described on line 3, for example, the authority to sign any agreements, consents, or other documents. The authority does not include the power to receive refund checks (see line 6 below), the power to substitute another representative unless specifically added below, or the power to sign certain returns (see instruction for **Line 5 — Acts authorized**).

List any specific additions or deletions to the acts otherwise authorized in this power of attorney: This power includes, but is not limited to, authorization to exercise the taxpayer's rights regarding partnership items and affected items and under I.R.C. Section 6103(e)(1)(C) relative to Forms 1065 for partnerships in which the taxpayer(s) was a partner.

Note: *In general, an unenrolled preparer of tax returns cannot sign any document for a taxpayer. See Revenue Procedure 81-38, printed as Pub. 470, for more information.*

Note: *The tax matters partner of a partnership is not permitted to authorize representatives to perform certain acts. See the instructions for more information.*

6 **Receipt of refund checks.** If you want to authorize a representative named on line 2 to receive, **BUT NOT TO ENDORSE OR CASH**, refund checks, initial here LEB and list the name of that representative below.
BJB — BY LEB AS EXECUTOR

Name of representative to receive refund check(s) ▶ Thomas E. Redding

**For Paperwork Reduction and Privacy Act Notice, see the separate instructions.** Form **2848** (Rev. 12-97)

ISA
STF FED4675F 1

7 **Notices and communications.** Ori... notices and other written communications w... sent to you and a copy to the first representative listed on line 2 unless you check one or more of the boxes below.

a If you want the first representative listed on line 2 to receive the original, and yourself a copy, of such notices or communications, check this box . . . . ▶ ☐

b If you also want the second representative listed to receive a copy of such notices and communications, check this box . ▶ ☐

c If you do not want any notices or communications sent to your representative(s), check this box . . . . ▶ ☐

8 **Retention/revocation of prior power(s) of attorney.** The filing of this power of attorney automatically revokes all earlier power(s) of attorney on file with the Internal Revenue Service for the same tax matters and years or periods covered by this document. If you do not want to revoke a prior power of attorney, check here . . . . ▶ ☐
YOU MUST ATTACH A COPY OF ANY POWER OF ATTORNEY YOU WANT TO REMAIN IN EFFECT.

9 **Signature of taxpayer(s).** If a tax matter concerns a joint return, both husband and wife must sign if joint representation is requested, otherwise, see the instructions. If signed by a corporate officer, partner, guardian, tax matters partner, executor, receiver, administrator, or trustee on behalf of the taxpayer, I certify that I have the authority to execute this form on behalf of the taxpayer.

▶ **IF NOT SIGNED AND DATED, THIS POWER OF ATTORNEY WILL BE RETURNED.**

Lyman F. Bush (signature) — 1-12-02
Signature — Date — Title (if applicable)

LYMAN F BUSH
Print Name

Beverly J. Bush (signature) (DECEASED — By L F Bush executor of estate) — 1-12-02
Signature — Date — Title (if applicable)

BEVERLY J BUSH
Print Name

**Part II** **Declaration of Representative**

Under penalties of perjury, I declare that:

- I am not currently under suspension or disbarment from practice before the Internal Revenue Service;
- I am aware of regulations contained in Treasury Department Circular No. 230 (31 CFR, Part 10), as amended, concerning the practice of attorneys, certified public accountants, enrolled agents, enrolled actuaries, and others;
- I am authorized to represent the taxpayer(s) identified in Part I for the tax matter(s) specified there; and
- I am one of the following:
  - a Attorney — a member in good standing of the bar of the highest court of the jurisdiction shown below.
  - b Certified Public Accountant — duly qualified to practice as a certified public accountant in the jurisdiction shown below.
  - c Enrolled Agent — enrolled as an agent under the requirements of Treasury Department Circular No. 230.
  - d Officer — a bona fide officer of the taxpayer's organization.
  - e Full-Time Employee — a full-time employee of the taxpayer.
  - f Family Member — a member of the taxpayer's immediate family (i.e., spouse, parent, child, brother, or sister).
  - g Enrolled Actuary — enrolled as an actuary by the Joint Board for the Enrollment of Actuaries under 29 U.S.C. 1242 (the authority to practice before the Service is limited by section 10.3(d)(1) of Treasury Department Circular No. 230).
  - h Unenrolled Return Preparer — an unenrolled return preparer under section 10.7(c)(viii) of Treasury Department Circular No. 230.

▶ IF THIS DECLARATION OF REPRESENTATIVE IS NOT SIGNED AND DATED, THE POWER OF ATTORNEY WILL BE RETURNED.

| Designation — Insert above letter (a - h) | Jurisdiction (state) or Enrollment Card No. | Signature | Date |
|---|---|---|---|
| A | Texas | (signature) Thomas E. Redding | 3/1/02 |
| A | Texas | (signature) Sallie W. Gladney | 3-1-02 |
| A | Texas | Teresa J. Womack | |

STF FED4675F.2

FILED
IN COUNTY CLERK'S OFFICE

A.M. SEP 29 1999 P.M.

PIERCE COUNTY, WASHINGTON
TED RUTT, COUNTY CLERK
BY____________DEPUTY

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

IN AND FOR THE COUNTY OF PIERCE

| | | |
|---|---|---|
| In the Matter of the Estate of<br><br>BEVERLY J. BUSH,<br><br>Deceased. | ) | NO. 99-4-00904-8<br><br>NOTICE OF APPOINTMENT OF PERSONAL REPRESENTATIVE AND PENDENCY OF PROBATE PROCEEDINGS |

TO: ALL HEIRS OF THE ABOVE-NAMED DECEDENT

YOU ARE HEREBY NOTIFIED THAT LYMAN F. BUSH was appointed the Personal Representative of the estate of BEVERLY J. BUSH, deceased, on the 16th day of June, 1999, and that probate proceedings thereon are now pending.

DATED this 16 day of June, 1999.

SCHWEINLER & SCHWEINLER

BY: ________________
ROGER C. SCHWEINLER
WSB #20169

________________
LYMAN F. BUSH
Personal Representative

1



SCHWEINLER & SCHWEINLER
ATTORNEYS AT LAW
901 SOUTH I STREET, SUITE 102
TACOMA, WA 98405
(253) 572-4114 TACOMA
(253) 572-2954 FAX

COPY

**LYMAN F. BUSH and BEVERLY J. BUSH, DECEASED**
**(SSN [redacted] and SSN [redacted])**
**EXPLANATION - 1985, 1986, and 1987 REFUND CLAIMS**
**AND STATEMENT REQUESTING APPLICATION OF §6621(d)**

This refund claim, as it relates to tax and interest assessed relative to a settlement related to the Greenberg Brothers Partnership #4, a.k.a. Lone Wolf McQuade Associates, and Cinema '84 partnerships (each referred to in this explanation as "the Partnerships") for 1983 through 1995 (referred to in this explanation as "the settlement years"), is filed based upon the following grounds:

1. Each settlement entered into by Closing Agreement provided there was no change to partnership items, but agreed that for purposes of determining the taxpayers' correct tax liability for every partnership year from inception to termination (i) the taxpayers' amount at risk regarding their Partnership investment would be determined based on several factors set forth in the agreement, (ii) "any deficiency in tax determined under this agreement will be subject to adjustments arising from a carryback or carryforward from other taxable years of any loss, credit or other tax attributable as allowed by the Internal Revenue Code," (iii) the taxpayers could limit the amount of any income that would be or had been recognized related to any cancellation of any partnership notes, (iv) the taxpayers could limit recognition of their distributive share of any partnership income or gains for certain years to the amount of the partnership distribution or previously suspended partnership loss and the at-risk rules, (v) the partners could assert any appropriate innocent spouse defense under §6015, and (vi) other factors would be considered. Therefore, it is clear that any resulting tax deficiency to the taxpayers is based upon agreed adjustments to affected items requiring a partner level determination and further subject to totally non-partnership item adjustments and defenses preserved in the settlement agreement. Any tax deficiency is subject to the notice of deficiency requirements under I.R.C. §§6212 and 6213. The Internal Revenue Service did not issue the statutory notice of deficiency with regard to the assessments sought to be refunded in this claim. An assessment of a tax liability in violation of the restrictions on assessment set forth in I.R.C. §6213 is void and illegal. Therefore, all the amounts assessed, collected and sought to be refunded in this claim should be refunded. The agreement did not contain nor was there any separate waiver of the restrictions on assessment and collection under I.R.C. §6213.

2. The harm caused by the IRS' breach of the closing agreements is abundantly clear in light of the following facts:

(b) In accordance with paragraphs 12, 14, 15, 17 and 18 the taxpayers filed refund claims for 1988, 1990, 1991, 1992, 1993 and 1995 that should have been allowed and taken into account in computing the net tax deficiency, but which were instead summarily denied. See Exhibit "C." Had the IRS issued a statutory notice of deficiency for 1985, 1986 and 1987 the taxpayers would have been entitled to raise these agreed offsets as a partial defense to the 1985, 1986 and 1987 liabilities prior to payment. Instead, the taxpayers have been forced (i) to file a separate lawsuit to obtain the refunds for 1988, 1990, 1991, 1992, 1993 and 1995, and (ii) pay the gross liability asserted by the IRS for 1985, 1986 and 1987 and then pursue these refund claims

asserting defenses reserved or agreed in this closing agreement. The 1988, 1990, 1991, 1992 and 1993 refunds would have reduced the liability by well over $50,000.

(b) Even the 1981 and 1988 overpayments the IRS determined and acknowledged by itself that should have offset against 1985, 1986 and 1987 liabilities were inexplicably offset against previously non-existent phantom liabilities for 1981 and 1988 essentially defrauding the taxpayers of the benefit of the offsets for those overpayments. See Exhibit "D."

3. The 1981, 1988, 1990, 1991, 1992, 1993, 1994 and 1995 overpayments discussed in Paragraph 2 should all have been applied directly to the 1985, 1986 and 1987 liabilities and therefore constitute an additional and separate ground for refund of the liability overpaid in 1985, 1986 and 1987 as a result of their denial.

4. The claim is timely. It is being filed within two years from the date of payment.

5. If it is determined that the taxpayers are entitled to anything less than a full refund, the recomputation of interest must take into account the doctrine in *Avon Products*, 78-2 U.S.T.C. ¶9821 (1978), pursuant to which it has been determined, and conceded by the government, that interest does not begin to run on a deficiency of tax until the date on which a refund was paid if no interest was paid with the original refund.

6. As an alternative, and in addition to the grounds set forth above, interest should be abated pursuant to I.R.C. §6404 as follows:

(a) First, interest should be abated for the period beginning with the commencement of the IRS' wrongful representation that the partners in this partnership would be entitled to request consistent settlements based upon those entered into by other partners, even providing the names and date of the settlements with respect to which the consistent settlements could be requested, the representation to the United States Tax Court that all of the cases then pending would be settled either based upon settlement documents that were in process or upon requests for consistent settlement, and then the subsequent refusal to enter into consistent settlements resulting in the delay from February 8, 1995 until the actual date that the above-referenced settlement agreement was entered into, all of which constituted managerial or ministerial acts which were unreasonable errors and delays by officers or employees of the IRS acting in their official capacities. All such acts occurred after the IRS first contacted the partner in writing with regard to the civil partnership level return examination.

(b) Second, if it is determined that there was a waiver of the restrictions under I.R.C. §6213, which the taxpayers assert there was not, then interest should be abated for the period beginning with a date 30 days after the date of such waiver in the Closing Agreement and ending on the date of assessment of the income tax liability. The failure to promptly assess

the tax deficiency was clearly a managerial or ministerial act resulting in an unreasonable delay of the tax assessment, and further, such abatement is required under I.R.C. §6404.

7. As an alternative, and in addition to the grounds set forth above, the taxpayer(s) are entitled to the benefit of a net rate of interest of zero pursuant to I.R.C. §6621(d) and a refund of the interest paid on the portion of the deficiency equal to the amount of any refund with respect to which the taxpayer(s) were entitled to receive interest for the periods during which interest was charged on such portion of the deficiency and is payable on such refunds. Substantial refunds are due for 1981, 1988, 1990, 1991, 1992, 1993, 1994 and 1995 as a result of the settlement. This claim constitutes the taxpayer(s)' request that the Secretary apply §6621(d) to all such periods, which includes all periods from April 15, 1984 of the first year listed in the preceding sentence until the date of payment of the tax sought to be refunded under this claim. To the extent of equivalent amounts of underpayments or overpayments, the periods set forth under §5.063 of Rev. Proc. 99-43 have not previously been applied to obtain a net interest rate of zero under §6621(d).

8. As an alternative, the assessment made by the Internal Revenue Service was not made within two years of the date of the settlement and is, therefore, an invalid assessment which must be refunded. The settlement became final and binding either on July 22, 1999 or August 7, 1999. Which date is in dispute. The IRS mailed to the taxpayers statements for tax due (Forms 3552) that were patently fraudulent, representing that the "Assessment Date" was "07/31/2000" and were dated "07/31/2000." These notices were pure unadulterated fraudulently dated and serve as no evidence that a valid assessment was ever made. They were RECEIVED BY THE TAXPAYERS ON 07/28/00, three days BEFORE the alleged assessment and date of the notices. See Exhibit "B," p. 4-10. They were faxed to the taxpayers' counsel on 7/28/00. It is the taxpayers' belief that the assessments were not actually made until late August.

Exhibits - A - Evidence of settlement
B - Evidence of tax assessment and payment

Bush 503303721

Form **1040X** (Rev. November 2001)

Department of the Treasury — Internal Revenue Service

# Amended U.S. Individual Income Tax Return

▶ See separate instructions.

OMB No. 1545-0091

**This return is for calendar year ▶** 1987 **, or fiscal year ended ▶**

Please print or type

| Your first name and initial | Last name | Your social security number |
|---|---|---|
| LYMAN F. | BUSH | [redacted] |
| If a joint return, spouse's first name and initial | Last name | Spouse's social security number |
| BEVERLY J. | BUSH, DECEASED | [redacted] |
| Home address (no. and street) or P.O. box if mail is not delivered to your home *(POA ATTACHED, FORM 2848)* Apt. no. | | Phone number |
| c/o Thomas E. Redding; 2914 West T. C. Jester | | 713-965-9244 |
| City, town or post office, state, and ZIP code. If you have a foreign address, see page 2 of the instructions. | | For Paperwork Reduction Act Notice, see page 6. |
| Houston, Texas 77018-7010 *** *ADDRESS FOR THIS MATTER ONLY* | | |

**A** If the name or address shown above is different from that shown on the original return, check here . . . . . ▶ ☒

**B** Has the original return been changed or audited by the IRS or have you been notified that it will be? . . . . ☒ **Yes** ☐ **No**

**C** Filing status. Be sure to complete this line. **Note.** You cannot change from joint to separate returns after the due date.

On original return ▶ ☐ Single ☒ Married filing joint return ☐ Married filing separate return ☐ Head of household ☐ Qualifying widow(er)

On this return ▶ ☐ Single ☒ Married filing joint return ☐ Married filing separate return ☐ Head of household* ☐ Qualifying widow(er)

* If the qualifying person is a child but not your dependent, see page 2.

| Use Part II on the Back to Explain any Changes | | A. Original amount or as previously adjusted (see page 2) | B. Net change — amount of increase or (decrease) — explain in Part II | C. Correct amount |
|---|---|---|---|---|
| **Income and Deductions (see pages 2 - 6)** | | | | |
| 1 Adjusted gross income (see page 3) | 1 | | | |
| 2 Itemized deductions or standard deduction (see page 3) | 2 | | | |
| 3 Subtract line 2 from line 1 | 3 | | | |
| 4 Exemptions. If changing, fill in Parts I and II on the back | 4 | | | |
| 5 Taxable income. Subtract line 4 from line 3 | 5 | | | |
| **Tax Liability** 6 Tax (see page 4). Method used in col. C ______ | 6 | | | |
| 7 Credits (see page 4) | 7 | | | |
| 8 Subtract line 7 from line 6. Enter the result but not less than zero | 8 | | | |
| 9 Other taxes (see page 4) | 9 | | | |
| 10 Total tax. Add lines 8 and 9 | 10 | | | |
| **Payments** 11 Federal income tax withheld and excess social security and RRTA tax withheld. If changing, see page 4 | 11 | | | |
| 12 Estimated tax payments, including amount applied from prior year's return | 12 | | | |
| 13 Earned income credit (EIC) | 13 | | | |
| 14 Additional child tax credit from Form 8812 | 14 | | | |
| 15 Credits from Form 2439 or Form 4136 | 15 | | | |
| 16 Amount paid with request for extension of time to file (see page 4) | 16 | | | |
| 17 Amount of tax paid with original return plus additional tax paid after it was filed | 17 | | | 37,261 |
| 18 Total payments. Add lines 11 through 17 in column C | 18 | | | 37,261 |
| **Refund or Amount You Owe** | | | | |
| 19 Overpayment, if any, as shown on original return or as previously adjusted by the IRS | 19 | | | *Not Applicable* |
| 20 Subtract line 19 from line 18 (see page 5) | 20 | | | *Not Applicable* |
| 21 **Amount you owe.** If line 10, column C, is more than line 20, enter the difference and see page 5 | 21 | | | 0 |
| 22 If line 10, column C, is less than line 20, enter the difference | 22 | | | *Not Applicable* |
| 23 Amount of line 22 you want **refunded to you** | 23 | | | 9,635 ** |
| 24 Amount of line 22 you want **applied to your** estimated tax | 24 | | | |

**Sign Here**
Joint return? See page 2. Keep a copy for your records.

Under penalties of perjury, I declare that I have filed an original return and that I have examined this amended return, including accompanying schedules and statements, and to the best of my knowledge and belief, this amended return is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which the preparer has any knowledge.

▶ [signature: Lyman F Bush] 7-16-02
Your signature Date

▶ [signature: Lyman F Bush] personal representative 7-16-02
Spouse's signature. If a joint return, both must sign. Date

**Paid Preparer's Use Only**

| Preparer's signature ▶ [signature] CPA | Date 7-5-02 | Check if self-employed ☒ | Preparer's SSN or PTIN P00097501 |
|---|---|---|---|
| Firm's name (or yours if self-employed), address, and ZIP code ▶ BRETT A. THOMPSON, CPA 20214 KINGSLAND BLVD. KATY, TX 77450 | | EIN | Phone no. 713-965-9244 |

***or such greater amount as is legally refundable, plus interest.*

PLAINTIFF'S EXHIBIT 7

Form **2848** (Rev. December 1997) Department of the Treasury Internal Revenue Service

# Power of Attorney and Declaration of Representative

▶ See the separate instructions.

OMB No. 1545-0150
For IRS Use Only
Received by:
Name
Telephone
Function
Date

**Part I** Power of Attorney (Please type or print.)

**1 Taxpayer information** (Taxpayer(s) must sign and date this form on page 2, line 9.)

| Taxpayer name(s) and address | Social security number(s) | Employer identification number |
|---|---|---|
| LYMAN E & BEVERLY J BUSH<br>1217 122ND ST. CT. EAST<br>TACOMA WA 98445 | [redacted] | |
| | Daytime telephone number<br>(253) 537-7833 | Plan number (if applicable) |

hereby appoint(s) the following representative(s) as attorney(s)-in-fact:

**2 Representative(s)** (Representative(s) must sign and date this form on page 2, Part II.)

| Name and address | |
|---|---|
| Thomas E. Redding<br>2914 West T.C. Jester<br>Houston, Texas 77018 | CAF No. [redacted]<br>Telephone No. 713/965-9244<br>Fax No. 713/621-5227<br>Check if new: Address ☐ Telephone No. ☐ |
| Name and address<br>Sallie W. Gladney<br>2914 West T.C. Jester<br>Houston, Texas 77018 | CAF No. [redacted]<br>Telephone No. 713/965-9244<br>Fax No. 713/621-5227<br>Check if new: Address ☐ Telephone No. ☐ |
| Name and address<br>Teresa J. Womack<br>2914 West T.C. Jester<br>Houston, Texas 77018 | CAF No. [redacted]<br>Telephone No. 713/965-9244<br>Fax No. 713/621-5227<br>Check if new: Address ☐ Telephone No. ☐ |

to represent the taxpayer(s) before the Internal Revenue Service for the following tax matters:

**3 Tax matters**

| Type of Tax (Income, Employment, Excise, etc.) | Tax Form Number (1040, 941, 720, etc.) | Year(s) or Period(s) |
|---|---|---|
| Income | 1040 and 1065 and Partnership Items for all partnerships in which the taxpayer is a partner. | Tax periods ending: December 31, 1983, 1984, 1985, 1986, 1987, 1988, 1989, 1990, 1991, 1992, 1993, 1994, 1995 |

**4 Specific use not recorded on Centralized Authorization File (CAF).** If the power of attorney is for a specific use not recorded on CAF, check this box. (See instruction for **Line 4 — Specific uses not recorded on CAF.**) . . . . . . . . . . . . . . . . . . . . . ▶ ☐

**5 Acts authorized.** The representatives are authorized to receive and inspect confidential tax information and to perform any and all acts that I (we) can perform with respect to the tax matters described on line 3, for example, the authority to sign any agreements, consents, or other documents. The authority does not include the power to receive refund checks (see line 6 below), the power to substitute another representative unless specifically added below, or the power to sign certain returns (see instruction for **Line 5 — Acts authorized**).

List any specific additions or deletions to the acts otherwise authorized in this power of attorney: This power includes, but is not limited to, authorization to exercise the taxpayer's rights regarding partnership items and affected items and under I.R.C. Section 6103(e)(1)(C) relative to Forms 1065 for partnerships in which the taxpayer(s) was a partner.

**Note:** *In general, an unenrolled preparer of tax returns cannot sign any document for a taxpayer. See Revenue Procedure 81-38, printed as Pub. 470, for more information.*

**Note:** *The tax matters partner of a partnership is not permitted to authorize representatives to perform certain acts. See the instructions for more information.*

**6 Receipt of refund checks.** If you want to authorize a representative named on line 2 to receive, **BUT NOT TO ENDORSE OR CASH**, refund checks, initial here LFB and list the name of that representative below.
BJJ — BY LFB AS EXECUTOR

Name of representative to receive refund check(s) ▶ Thomas E. Redding

For Paperwork Reduction and Privacy Act Notice, see the separate instructions.

Form 2848 (Rev. 12-97)

ISA
STF FED4675F.1

Form 2848 (Rev. 12-97) Page **2**

7 **Notices and communications.** Original notices and other written communications will be sent to you and a copy to the first representative listed on line 2 unless you check one or more of the boxes below.

a If you want the first representative listed on line 2 to receive the original, and yourself a copy, of such notices or communications, check this box ▶ ☐

b If you also want the second representative listed to receive a copy of such notices and communications, check this box ▶ ☐

c If you do not want any notices or communications sent to your representative(s), check this box ▶ ☐

8 **Retention/revocation of prior power(s) of attorney.** The filing of this power of attorney automatically revokes all earlier power(s) of attorney on file with the Internal Revenue Service for the same tax matters and years or periods covered by this document. If you do not want to revoke a prior power of attorney, check here ▶ ☐
**YOU MUST ATTACH A COPY OF ANY POWER OF ATTORNEY YOU WANT TO REMAIN IN EFFECT.**

9 **Signature of taxpayer(s).** If a tax matter concerns a joint return, both husband and wife must sign if joint representation is requested, otherwise, see the instructions. If signed by a corporate officer, partner, guardian, tax matters partner, executor, receiver, administrator, or trustee on behalf of the taxpayer, I certify that I have the authority to execute this form on behalf of the taxpayer.

▶ **IF NOT SIGNED AND DATED, THIS POWER OF ATTORNEY WILL BE RETURNED.**

Lyman F Bush 1-12-02
Signature Date Title (if applicable)

LYMAN F BUSH
Print Name

Beverly J. Bush (DECEASED 1-12-02
Signature Date Title (if applicable)
BY LF Bush executor of ESTATE

BEVERLY J BUSH
Print Name

**Part II** **Declaration of Representative**

Under penalties of perjury, I declare that:

- I am not currently under suspension or disbarment from practice before the Internal Revenue Service;
- I am aware of regulations contained in Treasury Department Circular No. 230 (31 CFR, Part 10), as amended, concerning the practice of attorneys, certified public accountants, enrolled agents, enrolled actuaries, and others;
- I am authorized to represent the taxpayer(s) identified in Part I for the tax matter(s) specified there; and
- I am one of the following:
  - a Attorney — a member in good standing of the bar of the highest court of the jurisdiction shown below.
  - b Certified Public Accountant — duly qualified to practice as a certified public accountant in the jurisdiction shown below.
  - c Enrolled Agent — enrolled as an agent under the requirements of Treasury Department Circular No. 230.
  - d Officer — a bona fide officer of the taxpayer's organization.
  - e Full-Time Employee — a full-time employee of the taxpayer.
  - f Family Member — a member of the taxpayer's immediate family (i.e., spouse, parent, child, brother, or sister).
  - g Enrolled Actuary — enrolled as an actuary by the Joint Board for the Enrollment of Actuaries under 29 U.S.C. 1242 (the authority to practice before the Service is limited by section 10.3(d)(1) of Treasury Department Circular No. 230).
  - h Unenrolled Return Preparer — an unenrolled return preparer under section 10.7(c)(viii) of Treasury Department Circular No. 230.

▶ **IF THIS DECLARATION OF REPRESENTATIVE IS NOT SIGNED AND DATED, THE POWER OF ATTORNEY WILL BE RETURNED.**

| Designation — Insert above letter (a - h) | Jurisdiction (state) or Enrollment Card No. | Signature | Date |
|---|---|---|---|
| A | Texas | Thomas E. Redding | 3/1/02 |
| A | Texas | Sallie W. Gladney | 3-1-02 |
| A | Texas | Teresa J. Womack | |

STF FED4675F.2

FILED
IN COUNTY CLERK'S OFFICE
A.M. SEP 29 1999 P.M.
PIERCE COUNTY, WASHINGTON
TED RUTT, COUNTY CLERK
BY ________ DEPUTY

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

IN AND FOR THE COUNTY OF PIERCE

| | |
|---|---|
| In the Matter of the Estate of<br><br>BEVERLY J. BUSH,<br><br>Deceased. | NO. 99-4-00904-8<br><br>NOTICE OF APPOINTMENT OF PERSONAL REPRESENTATIVE AND PENDENCY OF PROBATE PROCEEDINGS |

TO: ALL HEIRS OF THE ABOVE-NAMED DECEDENT

YOU ARE HEREBY NOTIFIED THAT LYMAN F. BUSH was appointed the Personal Representative of the estate of BEVERLY J. BUSH, deceased, on the 16th day of June, 1999, and that probate proceedings thereon are now pending.

DATED this 16 day of June, 1999.

SCHWEINLER & SCHWEINLER

BY: [signature]
ROGER C. SCHWEINLER
WSB #20169

[signature]
LYMAN F. BUSH
Personal Representative

1



SCHWEINLER & SCHWEINLER
ATTORNEYS AT LAW
901 SOUTH I STREET, SUITE 102
TACOMA, WA 98405
(253) 572-4114 TACOMA
(253) 572-2854 FAX

COPY

**LYMAN F. BUSH and BEVERLY J. BUSH, DECEASED**
**([redacted] and SSN [redacted])**
**EXPLANATION - 1985, 1986, and 1987 REFUND CLAIMS**
**AND STATEMENT REQUESTING APPLICATION OF §6621(d)**

This refund claim, as it relates to tax and interest assessed relative to a settlement related to the Greenberg Brothers Partnership #4, a.k.a. Lone Wolf McQuade Associates, and Cinema '84 partnerships (each referred to in this explanation as "the Partnerships") for 1983 through 1995 (referred to in this explanation as "the settlement years"), is filed based upon the following grounds:

1. Each settlement entered into by Closing Agreement provided there was no change to partnership items, but agreed that for purposes of determining the taxpayers' correct tax liability for every partnership year from inception to termination (i) the taxpayers' amount at risk regarding their Partnership investment would be determined based on several factors set forth in the agreement, (ii) "any deficiency in tax determined under this agreement will be subject to adjustments arising from a carryback or carryforward from other taxable years of any loss, credit or other tax attributable as allowed by the Internal Revenue Code," (iii) the taxpayers could limit the amount of any income that would be or had been recognized related to any cancellation of any partnership notes, (iv) the taxpayers could limit recognition of their distributive share of any partnership income or gains for certain years to the amount of the partnership distribution or previously suspended partnership loss and the at-risk rules, (v) the partners could assert any appropriate innocent spouse defense under §6015, and (vi) other factors would be considered. Therefore, it is clear that any resulting tax deficiency to the taxpayers is based upon agreed adjustments to affected items requiring a partner level determination and further subject to totally non-partnership item adjustments and defenses preserved in the settlement agreement. Any tax deficiency is subject to the notice of deficiency requirements under I.R.C. §§6212 and 6213. The Internal Revenue Service did not issue the statutory notice of deficiency with regard to the assessments sought to be refunded in this claim. An assessment of a tax liability in violation of the restrictions on assessment set forth in I.R.C. §6213 is void and illegal. Therefore, all the amounts assessed, collected and sought to be refunded in this claim should be refunded. The agreement did not contain nor was there any separate waiver of the restrictions on assessment and collection under I.R.C. §6213.

2. The harm caused by the IRS' breach of the closing agreements is abundantly clear in light of the following facts:

(b) In accordance with paragraphs 12, 14, 15, 17 and 18 the taxpayers filed refund claims for 1988, 1990, 1991, 1992, 1993 and 1995 that should have been allowed and taken into account in computing the net tax deficiency, but which were instead summarily denied. See Exhibit "C." Had the IRS issued a statutory notice of deficiency for 1985, 1986 and 1987 the taxpayers would have been entitled to raise these agreed offsets as a partial defense to the 1985, 1986 and 1987 liabilities prior to payment. Instead, the taxpayers have been forced (i) to file a separate lawsuit to obtain the refunds for 1988, 1990, 1991, 1992, 1993 and 1995, and (ii) pay the gross liability asserted by the IRS for 1985, 1986 and 1987 and then pursue these refund claims

asserting defenses reserved or agreed in this closing agreement. The 1988, 1990, 1991, 1992 and 1993 refunds would have reduced the liability by well over $50,000.

(b) Even the 1981 and 1988 overpayments the IRS determined and acknowledged by itself that should have offset against 1985, 1986 and 1987 liabilities were inexplicably offset against previously non-existent phantom liabilities for 1981 and 1988 essentially defrauding the taxpayers of the benefit of the offsets for those overpayments. See Exhibit "D."

3. The 1981, 1988, 1990, 1991, 1992, 1993, 1994 and 1995 overpayments discussed in Paragraph 2 should all have been applied directly to the 1985, 1986 and 1987 liabilities and therefore constitute an additional and separate ground for refund of the liability overpaid in 1985, 1986 and 1987 as a result of their denial.

4. The claim is timely. It is being filed within two years from the date of payment.

5. If it is determined that the taxpayers are entitled to anything less than a full refund, the recomputation of interest must take into account the doctrine in *Avon Products*, 78-2 U.S.T.C. ¶9821 (1978), pursuant to which it has been determined, and conceded by the government, that interest does not begin to run on a deficiency of tax until the date on which a refund was paid if no interest was paid with the original refund.

6. As an alternative, and in addition to the grounds set forth above, interest should be abated pursuant to I.R.C. §6404 as follows:

(a) First, interest should be abated for the period beginning with the commencement of the IRS' wrongful representation that the partners in this partnership would be entitled to request consistent settlements based upon those entered into by other partners, even providing the names and date of the settlements with respect to which the consistent settlements could be requested, the representation to the United States Tax Court that all of the cases then pending would be settled either based upon settlement documents that were in process or upon requests for consistent settlement, and then the subsequent refusal to enter into consistent settlements resulting in the delay from February 8, 1995 until the actual date that the above-referenced settlement agreement was entered into, all of which constituted managerial or ministerial acts which were unreasonable errors and delays by officers or employees of the IRS acting in their official capacities. All such acts occurred after the IRS first contacted the partner in writing with regard to the civil partnership level return examination.

(b) Second, if it is determined that there was a waiver of the restrictions under I.R.C. §6213, which the taxpayers assert there was not, then interest should be abated for the period beginning with a date 30 days after the date of such waiver in the Closing Agreement and ending on the date of assessment of the income tax liability. The failure to promptly assess

the tax deficiency was clearly a managerial or ministerial act resulting in an unreasonable delay of the tax assessment, and further, such abatement is required under I.R.C. §6404.

7. As an alternative, and in addition to the grounds set forth above, the taxpayer(s) are entitled to the benefit of a net rate of interest of zero pursuant to I.R.C. §6621(d) and a refund of the interest paid on the portion of the deficiency equal to the amount of any refund with respect to which the taxpayer(s) were entitled to receive interest for the periods during which interest was charged on such portion of the deficiency and is payable on such refunds. Substantial refunds are due for 1981, 1988, 1990, 1991, 1992, 1993, 1994 and 1995 as a result of the settlement. This claim constitutes the taxpayer(s)' request that the Secretary apply §6621(d) to all such periods, which includes all periods from April 15, 1984 of the first year listed in the preceding sentence until the date of payment of the tax sought to be refunded under this claim. To the extent of equivalent amounts of underpayments or overpayments, the periods set forth under §5.063 of Rev. Proc. 99-43 have not previously been applied to obtain a net interest rate of zero under §6621(d).

8. As an alternative, the assessment made by the Internal Revenue Service was not made within two years of the date of the settlement and is, therefore, an invalid assessment which must be refunded. The settlement became final and binding either on July 22, 1999 or August 7, 1999. Which date is in dispute. The IRS mailed to the taxpayers statements for tax due (Forms 3552) that were patently fraudulent, representing that the "Assessment Date" was "07/31/2000" and were dated "07/31/2000." These notices were pure unadulterated fraudulently dated and serve as no evidence that a valid assessment was ever made. They were <u>RECEIVED BY THE TAXPAYERS ON 07/28/00</u>, three days <u>BEFORE</u> the alleged assessment and date of the notices. See Exhibit "B," p. 4-10. They were <u>faxed</u> to the taxpayers' counsel on 7/28/00. It is the taxpayers' belief that the assessments were not actually made until late August.

Exhibits - A - Evidence of settlement
B - Evidence of tax assessment and payment



R:\DOCS\CORRESP.Q\REFUND.CLM\QSTE7054.BU1

0625

Bush 503303721

Form **843**
(Rev. January 1997)
Department of the Treasury
Internal Revenue Service

# Claim for Refund and Request for Abatement

▶ **See separate instructions.**

OMB No. 1545-0024

*Use Form 843 only if your claim involves **(a)** one of the taxes shown on line 3a or **(b)** a refund or abatement of interest, penalties, or additions to tax on line 4a.*

***Do not** use Form 843 if your claim is for —*
- *An overpayment of income taxes;*
- *A refund of fuel taxes;*
- *An overpayment of excise taxes reported on Form 720, 730, or 2290 (see **General Instructions**).*

Please type or print

Name of claimant: LYMAN F. BUSH & BEVERLY J. BUSH, DECEASED
Your social security number: [redacted]

Address (number, street, and room or suite no.): c/o Thomas E. Redding; 2914 West T. C. Jester ***(POA ATTACHED, FORM 2848)***
Spouse's social security number:

City or town, state, and ZIP code: Houston, Texas 77018-7010 ****ADDRESS FOR THIS MATTER ONLY****
Employer identification number:

Name and address shown on return if different from above:
1217 122ND STREET COURT EAST
TACOMA, WA 98445
Daytime telephone number: 713-965-9244

**1** Period — prepare a separate Form 843 for each tax period
From January 1, 19 87, to December 31, 19 87

**2** Amount to be refunded or abated
$ 26,729.62 **

**3a** Type of tax, penalty, or addition to tax:
☐ Employment ☐ Estate ☐ Gift ☐ Excise (unless reported on Form 720, 730, or 2290 — see instructions.)
☐ Penalty — IRC section ▶ ____________

**b** Type of return filed (see instructions):
☐ 706 ☐ 709 ☐ 940 ☐ 941 ☐ 943 ☐ 945 ☐ 990-PF ☐ 4720 ☒ Other (specify) 1040

**4a** Request for abatement or refund of:
☒ Interest caused by IRS errors or delays (if applicable — see instructions).
☐ A penalty or addition to tax as a result of erroneous advice from the IRS.

**b** Dates of payment ▶ 7/31/00, or at such later time when and if a timely and valid assessment was made.

**5** **Explanation and additional claims.** Explain why you believe this claim should be allowed, and show computation of tax refund or abatement of interest, penalty, or addition to tax.

***** ***Please See Explanation Attached*** *****

*****or such greater amount as is legally refundable, plus interest.***

**Signature.** If you are filing Form 843 to request a refund or abatement relating to a joint return, both you and your spouse must sign the claim. Claims filed by corporations must be signed by a corporate officer authorized to sign, and the signature must be accompanied by the officer's title.

Under penalties of perjury, I declare that I have examined this claim, including accompanying schedules and statements, and, to the best of my knowledge and belief, it is true, correct, and complete.

PLAINTIFF'S EXHIBIT 8

Lyman F Bush — Date 7-16-02
Signature (Title, if applicable. Claims by corporations must be signed by an officer.)

Lyman F Bush personal representative — Date 7-16-02
Signature

Form **2848** (Rev. December 1997) Department of the Treasury Internal Revenue Service

# Power of Attorney and Declaration of Representative

▶ See the separate instructions.

OMB No. 1545-0150

For IRS Use Only
Received by:
Name ______
Telephone ______
Function ______
Date

**Part I** Power of Attorney (Please type or print.)

**1 Taxpayer information** (Taxpayer(s) must sign and date this form on page 2, line 9.)

| Taxpayer name(s) and address | Social security number(s) | Employer identification number |
|---|---|---|
| LYMAN E & BEVERLY J BUSH<br>1217 122ND ST. CT. EAST<br>TACOMA WA 98445 | [redacted] | |
| | Daytime telephone number<br>(253) 537-7833 | Plan number (if applicable) |

hereby appoint(s) the following representative(s) as attorney(s)-in-fact:

**2 Representative(s)** (Representative(s) must sign and date this form on page 2, Part II.)

| Name and address | |
|---|---|
| Thomas E. Redding<br>2914 West T.C. Jester<br>Houston, Texas 77018 | CAF No. [redacted]<br>Telephone No. 713/965-9244<br>Fax No. 713/621-5227<br>Check if new: Address ☐ Telephone No. ☐ |
| Sallie W. Gladney<br>2914 West T.C. Jester<br>Houston, Texas 77018 | CAF No. [redacted]<br>Telephone No. 713/965-9244<br>Fax No. 713/621-5227<br>Check if new: Address ☐ Telephone No. ☐ |
| Teresa J. Womack<br>2914 West T.C. Jester<br>Houston, Texas 77018 | CAF No. [redacted]<br>Telephone No. 713/965-9244<br>Fax No. 713/621-5227<br>Check if new: Address ☐ Telephone No. ☐ |

to represent the taxpayer(s) before the Internal Revenue Service for the following tax matters:

**3 Tax matters**

| Type of Tax (Income, Employment, Excise, etc.) | Tax Form Number (1040, 941, 720, etc.) | Year(s) or Period(s) |
|---|---|---|
| Income | 1040 and 1065 and Partnership Items for all partnerships in which the taxpayer is a partner. | Tax periods ending: December 31, 1983, 1984, 1985, 1986, 1987, 1988, 1989, 1990, 1991, 1992, 1993, 1994, 1995 |

**4 Specific use not recorded on Centralized Authorization File (CAF).** If the power of attorney is for a specific use not recorded on CAF, check this box. (See instruction for **Line 4 — Specific uses not recorded on CAF.**) . . . . . . . . . . ▶ ☐

**5 Acts authorized.** The representatives are authorized to receive and inspect confidential tax information and to perform any and all acts that I (we) can perform with respect to the tax matters described on line 3, for example, the authority to sign any agreements, consents, or other documents. The authority does not include the power to receive refund checks (see line 6 below), the power to substitute another representative unless specifically added below, or the power to sign certain returns (see instruction for **Line 5 — Acts authorized**).

List any specific additions or deletions to the acts otherwise authorized in this power of attorney: This power includes, but is not limited to, authorization to exercise the taxpayer's rights regarding partnership items and affected items and under I.R.C. Section 6103(e)(1)(C) relative to Forms 1065 for partnerships in which the taxpayer(s) was a partner.

**Note:** *In general, an unenrolled preparer of tax returns cannot sign any document for a taxpayer. See Revenue Procedure 81-38, printed as Pub. 470, for more information.*

**Note:** *The tax matters partner of a partnership is not permitted to authorize representatives to perform certain acts. See the instructions for more information.*

**6 Receipt of refund checks.** If you want to authorize a representative named on line 2 to receive, BUT NOT TO ENDORSE OR CASH, refund checks, initial here LEB and list the name of that representative below.
BJJ — BY LEB AS EXECUTOR

Name of representative to receive refund check(s) ▶ Thomas E. Redding

**For Paperwork Reduction and Privacy Act Notice, see the separate instructions.**



ISA
STF FED4675F.1

7 **Notices and communications.** Original notices and other written communications will be sent to you and a copy to the first representative listed on line 2 unless you check one or more of the boxes below.

a If you want the first representative listed on line 2 to receive the original, and yourself a copy, of such notices or communications, check this box ▶ ☐

b If you also want the second representative listed to receive a copy of such notices and communications, check this box ▶ ☐

c If you do not want any notices or communications sent to your representative(s), check this box ▶ ☐

8 **Retention/revocation of prior power(s) of attorney.** The filing of this power of attorney automatically revokes all earlier power(s) of attorney on file with the Internal Revenue Service for the same tax matters and years or periods covered by this document. If you do not want to revoke a prior power of attorney, check here ▶ ☐

YOU MUST ATTACH A COPY OF ANY POWER OF ATTORNEY YOU WANT TO REMAIN IN EFFECT.

9 **Signature of taxpayer(s).** If a tax matter concerns a joint return, both husband and wife must sign if joint representation is requested, otherwise, see the instructions. If signed by a corporate officer, partner, guardian, tax matters partner, executor, receiver, administrator, or trustee on behalf of the taxpayer, I certify that I have the authority to execute this form on behalf of the taxpayer.

▶ IF NOT SIGNED AND DATED, THIS POWER OF ATTORNEY WILL BE RETURNED.

Lyman F Bush (signature) — Signature | 1-12-02 — Date | Title (if applicable)

LYMAN F BUSH — Print Name

Beverly J. Bush (signature) (DECEASED) — Signature | 1-12-02 — Date | Title (if applicable)

By L F Bush executor of estate

BEVERLY J BUSH — Print Name

**Part II** **Declaration of Representative**

Under penalties of perjury, I declare that:

- I am not currently under suspension or disbarment from practice before the Internal Revenue Service;
- I am aware of regulations contained in Treasury Department Circular No. 230 (31 CFR, Part 10), as amended, concerning the practice of attorneys, certified public accountants, enrolled agents, enrolled actuaries, and others;
- I am authorized to represent the taxpayer(s) identified in Part I for the tax matter(s) specified there; and
- I am one of the following:

a Attorney — a member in good standing of the bar of the highest court of the jurisdiction shown below.
b Certified Public Accountant — duly qualified to practice as a certified public accountant in the jurisdiction shown below.
c Enrolled Agent — enrolled as an agent under the requirements of Treasury Department Circular No. 230.
d Officer — a bona fide officer of the taxpayer's organization.
e Full-Time Employee — a full-time employee of the taxpayer.
f Family Member — a member of the taxpayer's immediate family (i.e., spouse, parent, child, brother, or sister).
g Enrolled Actuary — enrolled as an actuary by the Joint Board for the Enrollment of Actuaries under 29 U.S.C. 1242 (the authority to practice before the Service is limited by section 10.3(d)(1) of Treasury Department Circular No. 230).
h Unenrolled Return Preparer — an unenrolled return preparer under section 10.7(c)(viii) of Treasury Department Circular No. 230.

▶ IF THIS DECLARATION OF REPRESENTATIVE IS NOT SIGNED AND DATED, THE POWER OF ATTORNEY WILL BE RETURNED.

| Designation — Insert above letter (a - h) | Jurisdiction (state) or Enrollment Card No. | Signature | Date |
|---|---|---|---|
| A | Texas | (signature) Thomas E. Redding | 3/1/02 |
| A | Texas | (signature) Sallie W. Gladney | 3-1-02 |
| A | Texas | Teresa J. Womack | |

STF FED4675F.2

FILED
IN COUNTY CLERK'S OFFICE

A.M. SEP 29 1999 P.M.

PIERCE COUNTY, WASHINGTON
TED RUTT, COUNTY CLERK
BY _______________ DEPUTY

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

IN AND FOR THE COUNTY OF PIERCE

| | |
|---|---|
| In the Matter of the Estate of BEVERLY J. BUSH, Deceased. | NO. 99-4-00904-8<br>NOTICE OF APPOINTMENT OF PERSONAL REPRESENTATIVE AND PENDENCY OF PROBATE PROCEEDINGS |

TO: ALL HEIRS OF THE ABOVE-NAMED DECEDENT

YOU ARE HEREBY NOTIFIED THAT LYMAN F. BUSH was appointed the Personal Representative of the estate of BEVERLY J. BUSH, deceased, on the 16th day of June, 1999, and that probate proceedings thereon are now pending.

DATED this 16 day of June, 1999.

SCHWEINLER & SCHWEINLER

BY: [signature]
ROGER C. SCHWEINLER
WSB #20169

[signature]
LYMAN F. BUSH
Personal Representative

1

NOTICE OF APPOINTMENT OF
PERSONAL REPRESENTATIVE...-1

SCHWEINLER & SCHWEINLER
ATTORNEYS AT LAW
901 SOUTH I STREET, SUITE 102
TACOMA, WA 98405
(253) 572-4114 TACOMA
(253) 572-2954 FAX

COPY

**LYMAN F. BUSH and BEVERLY J. BUSH, DECEASED**
**(SSN [redacted] and SSN [redacted])**
**EXPLANATION - 1985, 1986, and 1987 REFUND CLAIMS**
**AND STATEMENT REQUESTING APPLICATION OF §6621(d)**

This refund claim, as it relates to tax and interest assessed relative to a settlement related to the Greenberg Brothers Partnership #4, a.k.a. Lone Wolf McQuade Associates, and Cinema '84 partnerships (each referred to in this explanation as "the Partnerships") for 1983 through 1995 (referred to in this explanation as "the settlement years"), is filed based upon the following grounds:

1. Each settlement entered into by Closing Agreement provided there was no change to partnership items, but agreed that for purposes of determining the taxpayers' correct tax liability for every partnership year from inception to termination (i) the taxpayers' amount at risk regarding their Partnership investment would be determined based on several factors set forth in the agreement, (ii) "any deficiency in tax determined under this agreement will be subject to adjustments arising from a carryback or carryforward from other taxable years of any loss, credit or other tax attributable as allowed by the Internal Revenue Code," (iii) the taxpayers could limit the amount of any income that would be or had been recognized related to any cancellation of any partnership notes, (iv) the taxpayers could limit recognition of their distributive share of any partnership income or gains for certain years to the amount of the partnership distribution or previously suspended partnership loss and the at-risk rules, (v) the partners could assert any appropriate innocent spouse defense under §6015, and (vi) other factors would be considered. Therefore, it is clear that any resulting tax deficiency to the taxpayers is based upon agreed adjustments to affected items requiring a partner level determination and further subject to totally non-partnership item adjustments and defenses preserved in the settlement agreement. Any tax deficiency is subject to the notice of deficiency requirements under I.R.C. §§6212 and 6213. The Internal Revenue Service did not issue the statutory notice of deficiency with regard to the assessments sought to be refunded in this claim. An assessment of a tax liability in violation of the restrictions on assessment set forth in I.R.C. §6213 is void and illegal. Therefore, all the amounts assessed, collected and sought to be refunded in this claim should be refunded. The agreement did not contain nor was there any separate waiver of the restrictions on assessment and collection under I.R.C. §6213.

2. The harm caused by the IRS' breach of the closing agreements is abundantly clear in light of the following facts:

(b) In accordance with paragraphs 12, 14, 15, 17 and 18 the taxpayers filed refund claims for 1988, 1990, 1991, 1992, 1993 and 1995 that should have been allowed and taken into account in computing the net tax deficiency, but which were instead summarily denied. See Exhibit "C." Had the IRS issued a statutory notice of deficiency for 1985, 1986 and 1987 the taxpayers would have been entitled to raise these agreed offsets as a partial defense to the 1985, 1986 and 1987 liabilities prior to payment. Instead, the taxpayers have been forced (i) to file a separate lawsuit to obtain the refunds for 1988, 1990, 1991, 1992, 1993 and 1995, and (ii) pay the gross liability asserted by the IRS for 1985, 1986 and 1987 and then pursue these refund claims

R:\DOCS\CORRESP.Q\REFUND.CLM\QSTE7054.BU1

asserting defenses reserved or agreed in this closing agreement. The 1988, 1990, 1991, 1992 and 1993 refunds would have reduced the liability by well over $50,000.

(b) Even the 1981 and 1988 overpayments the IRS determined and acknowledged by itself that should have offset against 1985, 1986 and 1987 liabilities were inexplicably offset against previously non-existent phantom liabilities for 1981 and 1988 essentially defrauding the taxpayers of the benefit of the offsets for those overpayments. See Exhibit "D."

3. The 1981, 1988, 1990, 1991, 1992, 1993, 1994 and 1995 overpayments discussed in Paragraph 2 should all have been applied directly to the 1985, 1986 and 1987 liabilities and therefore constitute an additional and separate ground for refund of the liability overpaid in 1985, 1986 and 1987 as a result of their denial.

4. The claim is timely. It is being filed within two years from the date of payment.

5. If it is determined that the taxpayers are entitled to anything less than a full refund, the recomputation of interest must take into account the doctrine in *Avon Products*, 78-2 U.S.T.C. ¶9821 (1978), pursuant to which it has been determined, and conceded by the government, that interest does not begin to run on a deficiency of tax until the date on which a refund was paid if no interest was paid with the original refund.

6. As an alternative, and in addition to the grounds set forth above, interest should be abated pursuant to I.R.C. §6404 as follows:

(a) First, interest should be abated for the period beginning with the commencement of the IRS' wrongful representation that the partners in this partnership would be entitled to request consistent settlements based upon those entered into by other partners, even providing the names and date of the settlements with respect to which the consistent settlements could be requested, the representation to the United States Tax Court that all of the cases then pending would be settled either based upon settlement documents that were in process or upon requests for consistent settlement, and then the subsequent refusal to enter into consistent settlements resulting in the delay from February 8, 1995 until the actual date that the above-referenced settlement agreement was entered into, all of which constituted managerial or ministerial acts which were unreasonable errors and delays by officers or employees of the IRS acting in their official capacities. All such acts occurred after the IRS first contacted the partner in writing with regard to the civil partnership level return examination.

(b) Second, if it is determined that there was a waiver of the restrictions under I.R.C. §6213, which the taxpayers assert there was not, then interest should be abated for the period beginning with a date 30 days after the date of such waiver in the Closing Agreement and ending on the date of assessment of the income tax liability. The failure to promptly assess



R:\DOCS\CORRESP.Q\REFUND.CLM\QSTE7054.BU1

the tax deficiency was clearly a managerial or ministerial act resulting in an unreasonable delay of the tax assessment, and further, such abatement is required under I.R.C. §6404.

7. As an alternative, and in addition to the grounds set forth above, the taxpayer(s) are entitled to the benefit of a net rate of interest of zero pursuant to I.R.C. §6621(d) and a refund of the interest paid on the portion of the deficiency equal to the amount of any refund with respect to which the taxpayer(s) were entitled to receive interest for the periods during which interest was charged on such portion of the deficiency and is payable on such refunds. Substantial refunds are due for 1981, 1988, 1990, 1991, 1992, 1993, 1994 and 1995 as a result of the settlement. This claim constitutes the taxpayer(s)' request that the Secretary apply §6621(d) to all such periods, which includes all periods from April 15, 1984 of the first year listed in the preceding sentence until the date of payment of the tax sought to be refunded under this claim. To the extent of equivalent amounts of underpayments or overpayments, the periods set forth under §5.063 of Rev. Proc. 99-43 have not previously been applied to obtain a net interest rate of zero under §6621(d).

8. As an alternative, the assessment made by the Internal Revenue Service was not made within two years of the date of the settlement and is, therefore, an invalid assessment which must be refunded. The settlement became final and binding either on July 22, 1999 or August 7, 1999. Which date is in dispute. The IRS mailed to the taxpayers statements for tax due (Forms 3552) that were patently fraudulent, representing that the "Assessment Date" was "07/31/2000" and were dated "07/31/2000." These notices were pure unadulterated fraudulently dated and serve as no evidence that a valid assessment was ever made. They were RECEIVED BY THE TAXPAYERS ON 07/28/00, three days BEFORE the alleged assessment and date of the notices. See Exhibit "B," p. 4-10. They were faxed to the taxpayers' counsel on 7/28/00. It is the taxpayers' belief that the assessments were not actually made until late August.

Exhibits - A - Evidence of settlement
B - Evidence of tax assessment and payment



R:\DOCS\CORRESP.Q\REFUND.CLM\QSTE7054.BU1

0632

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 04-1598 T

(Judge Marian Blank Horn)

---

LYMAN F. BUSH, INDIVIDUALLY and
LYMAN F. BUSH, PERSONAL REPRESENTATIVE
OF THE ESTATE OF BEVERLY J. BUSH,

Plaintiffs

v.

THE UNITED STATES,

Defendant

---

ANSWER

---

APR 15 2005

Defendant, in answer to the complaint, denies each and every allegation contained therein not admitted below.

In response to particular paragraphs of the complaint, defendant further:

1. Admits the allegation in ¶ 1 that the plaintiffs herein are Lyman F. Bush and Lymon [sic] Bush, Personal Representative of the Estate of Beverly J. Bush; and avers that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in ¶ 1.

2. Admits the allegation in ¶ 2.

3. Admits the allegation in ¶ 3 that income taxes were

PLAINTIFF'S
EXHIBIT
31

collected from Bush; and avers that the remainder of ¶ 3 represents plaintiffs' characterization of the nature of this suit.

4. As for the allegation in ¶ 4, avers that jurisdiction, to the extent it exists, is conferred by 28 U.S.C. § 1491(a); and denies that the Court has jurisdiction over plaintiffs' claims for relief under § 6230 and § 6404 of the Internal Revenue Code (26 U.S.C.), and under a breach of contract theory. *See* ¶¶ 38-40, *infra*.

COUNT ONE
(Calendar Year 1985)

5-7. Admits the allegations in ¶¶ 5-7.

8. Denies the allegation in the first sentence of ¶ 8 that Bush and the IRS entered into closing agreements on July 22, 1999; and admits the allegations in the second sentence, except avers that two closing agreements are included in Exhibit A to Exhibit 2 to the complaint.

9. Admits the allegations in ¶ 9, except denies that tax and interest were only "[a]llegedly" assessed on July 31, 2000.

10. Admits the allegations in ¶ 10.

11. Admits the allegations in ¶ 11, except avers that the refund claims were received by the Ogden Service Center of the IRS on July 24, 2002.

12. Admits the allegations in ¶ 12.

13. Admits the allegation in ¶ 13 that plaintiffs restate

and incorporate the averments contained in the refund claims for tax year 1985 as grounds for recovery, but denies that plaintiffs are entitled to recover in this action on these grounds.

13(a). Denies the allegations in the first sentence of subparagraph (a) of ¶ 13, including subparts (i) through (vi); avers that the terms agreed to by plaintiffs and the IRS are set forth in the closing agreements; admits the allegation in the second sentence that a copy of each closing agreement is attached to the complaint as Exhibit A to Exhibit 2; denies the allegations in the third and fourth sentences; admits the allegation in the fifth sentence; avers that the allegation in the sixth sentence constitutes a conclusion of law to which no response is required; denies the allegation in the seventh sentence; and admits the allegations in the eighth sentence, except avers that the IRS was not required to mail a notice of deficiency to plaintiffs before making the assessments for 1985.

13(b). Denies the allegations in subparagraph (b) of ¶ 13 that the IRS breached the closing agreements and that this breach caused harm.

13(b)(i). Admits the allegations in the first sentence of subparagraph (b)(i) of ¶ 13 that the taxpayers filed refund claims for 1988, 1990, 1991, 1992, 1993, and 1995, and that these claims were denied; denies the remaining allegations in the first sentence; as to the allegations in the second sentence, admits

only that Exhibit C to Exhibit 2 includes an incomplete copy of the refund claim for each of the years 1988, 1990, 1991, 1992, 1993, and 1995, and a copy of letters disallowing the claims for 1990, 1992, 1993, and 1995; avers that the allegations in the third sentence constitute a conclusion of law to which no response is required; avers that the IRS was not required to mail a notice of deficiency to plaintiffs before making the assessments for 1985; denies the allegations in the fourth sentence that defenses were reserved or agreed in the closing agreement[s] and the allegation that the taxpayers' actions, as described in the fourth sentence, were "forced;" admits the remaining allegations in the fourth sentence; and denies the allegation in the fifth sentence.

13(b)(ii). Admits the allegations in the first sentence of subparagraph (b)(ii) of ¶ 13 that the IRS determined overpayments for 1981 and 1988; denies the allegation in the first sentence that the IRS "defraud[ed] the taxpayers; avers that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence; and, as to the allegations in the second sentence, admits only that Exhibit D to Exhibit 2 reflects the adjustments that the IRS determined for 1981 and 1988, and denies that Exhibit D to Exhibit 2 supports plaintiffs' allegation in the first sentence that the taxpayers were "defraud[ed]."

13(c). Denies the allegations in subparagraph (c) of ¶ 13; and avers that the overpayments of $5,271.33 for 1981 and $774.00 for 1988 were treated as a payment and a credit, respectively, with respect to plaintiffs' 1985 tax liability.

13(d). Avers that the allegations in subparagraph (d) of ¶ 13 represent plaintiffs' characterization of the interest computation and, in the alternative, that the allegations constitute conclusions of law to which no response is required.

13(f). Denies the allegation in subparagraph (f) of ¶ 13 that interest should be abated pursuant to § 6404.

13(f)(i) (on page 5). Avers that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of subparagraph (f)(i) of ¶ 13 (on page 5 of the complaint) regarding the conduct of the IRS; denies the allegations that this conduct, if it did occur, "constituted managerial or ministerial acts which were unreasonable errors and delays by officers or employees of the IRS acting in their official capacities;" denies the remaining allegations in the first sentence; and avers that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence.

13(f)(ii). Denies the allegation in the first sentence of subparagraph (f)(ii) of ¶ 13 that, if there was a waiver of the

restrictions under § 6213 in the closing agreement[s], "interest should be abated for the period beginning with a date 30 days after the date of such waiver in the Closing Agreement and ending on the date of assessment of the income tax liability;" avers that the IRS was not required to mail a notice of deficiency to plaintiff before making the assessments for 1985; and denies the allegations in the second sentence.

13(e). Avers that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of subparagraph (e) of ¶ 13; admits the allegation in the third sentence that plaintiffs request the application of interest netting, but denies that either the complaint or the claims complies with statutory and IRS procedures for making a request for interest netting; avers that plaintiffs filed a Form 843 specifically requesting the application of interest netting, which was received by the Ogden Service Center on December 31, 1999, but avers that this form is not attached to the complaint; and avers that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegation in the fourth sentence.

13(f) (on page 7). Denies the allegations in the first sentence of subparagraph (f) of ¶ 13 (on page 7 of the complaint); denies the allegation in the second sentence that the

settlement[s] became final and binding on July 22, 1999; admits the remaining allegations in the second sentence; denies the allegation in the third sentence that there is a dispute as to the date on which settlement[s] became final and binding; denies the allegation in the fourth sentence that the Forms 3552 were "patently fraudulent;" admits the remaining allegations in the fourth sentence; avers that the assessments on July 31, 2000, were valid; admits the allegations in the sixth sentence, except denies the allegation that the assessments were only "alleged[ly]" made; admits the allegations in the seventh sentence, except denies that pages 4-10 of Exhibit B to Exhibit 2 supports plaintiffs' allegation that the notices were fraudulent; admits the allegations in the eighth sentence; avers that the allegations in the ninth sentence represent plaintiffs' characterization of their belief; and admits the allegation in the tenth sentence that the transcript of account is included in Exhibit 1, but avers that the transcript does not support plaintiffs' allegation in the ninth sentence that the assessments were made in late August.

14. Admits the allegation in the first sentence of ¶ 14; and avers that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence.

15. Avers that its attorneys currently lack knowledge or

information sufficient to form a belief as to the truth of the allegations in ¶ 15.

COUNT TWO
(Calendar Year 1986)

16-18. Admits the allegations in ¶¶ 16-18.

19. Denies the allegation in the first sentence of ¶ 19 that Bush and the IRS entered into closing agreements on July 22, 1999; and admits the allegations in the second sentence, except avers that two closing agreements are included in Exhibit A to Exhibit 2 to the complaint.

20. Admits the allegations in ¶ 20, except denies that tax and interest were only "[a]llegedly" assessed on July 31, 2000.

21. Admits the allegations in ¶ 21.

22. Admits the allegations in ¶ 22, except avers that the refund claims were received by the Ogden Service Center of the IRS on July 24, 2002.

23. Admits the allegations in ¶ 23.

24. Admits the allegation in ¶ 24 that plaintiffs restate and incorporate the averments contained in the refund claims for tax year 1986 as grounds for recovery, but denies that plaintiffs are entitled to recover in this action on these grounds.

24(a). Denies the allegations in the first sentence of subparagraph (a) of ¶ 24, including subparts (i) through (vi); avers that the terms agreed to by plaintiffs and the IRS are set forth in the closing agreements; admits the allegation in the