second sentence that a copy of each closing agreement is attached to the complaint as Exhibit A to Exhibit 2; denies the allegations in the third and fourth sentences; admits the allegation in the fifth sentence; avers that the allegation in the sixth sentence constitutes a conclusion of law to which no response is required; denies the allegation in the seventh sentence; and admits the allegations in the eighth sentence, except avers that the IRS was not required to mail a notice of deficiency to plaintiffs before making the assessments for 1986.

24(b). Denies the allegations in subparagraph (b) of ¶ 24 that the IRS breached the closing agreements and that this breach caused harm.

24(b)(i). Admits the allegations in the first sentence of subparagraph (b)(i) of ¶ 24 that the taxpayers filed refund claims for 1988, 1990, 1991, 1992, 1993, and 1995, and that these claims were denied; denies the remaining allegations in the first sentence; as to the allegations in the second sentence, admits only that Exhibit C to Exhibit 2 includes an incomplete copy of the refund claim for each of the years 1988, 1990, 1991, 1992, 1993, and 1995, and a copy of letters disallowing the claims for 1990, 1992, 1993, and 1995; avers that the allegations in the third sentence constitute a conclusion of law to which no response is required; avers that the IRS was not required to mail a notice of deficiency to plaintiffs before making the

assessments for 1986; denies the allegations in the fourth sentence that defenses were reserved or agreed in the closing agreement[s] and the allegation that the taxpayers' actions, as described in the fourth sentence, were "forced;" admits the remaining allegations in the fourth sentence; and denies the allegation in the fifth sentence.

24(b)(ii). Admits the allegations in the first sentence of subparagraph (b)(ii) of ¶ 24 that the IRS determined overpayments for 1981 and 1988; denies the allegation in the first sentence that the IRS "defraud[ed] the taxpayers; avers that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence; and, as to the allegations in the second sentence, admits only that Exhibit D to Exhibit 2 reflects the adjustments that the IRS determined for 1981 and 1988, and denies that Exhibit D to Exhibit 2 supports plaintiffs' allegation in the first sentence that the taxpayers were "defraud[ed]."

24(c). Denies the allegations in subparagraph (c) of ¶ 24; and avers that the overpayments of $5,271.33 for 1981 and $774.00 for 1988 were treated as a payment and a credit, respectively, with respect to plaintiffs' 1985 tax liability.

24(d). Avers that the allegations in subparagraph (d) of ¶ 24 represent plaintiffs' characterization of the interest computation and, in the alternative, that the allegations

constitute conclusions of law to which no response is required.

24(f). Denies the allegation in subparagraph (f) of ¶ 24 that interest should be abated pursuant to § 6404.

24(f)(i) (on page 11). Avers that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of subparagraph (f)(i) of ¶ 24 (on page 11 of the complaint) regarding the conduct of the IRS; denies the allegations that this conduct, if it did occur, "constituted managerial or ministerial acts which were unreasonable errors and delays by officers or employees of the IRS acting in their official capacities;" denies the remaining allegations in the first sentence; and avers that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence.

24(f)(ii). Denies the allegation in the first sentence of subparagraph (f)(ii) of ¶ 24 that, if there was a waiver of the restrictions under § 6213 in the closing agreement[s], "interest should be abated for the period beginning with a date 30 days after the date of such waiver in the Closing Agreement and ending on the date of assessment of the income tax liability;" avers that the IRS was not required to mail a notice of deficiency to plaintiff before making the assessments for 1986; and denies the allegations in the second sentence.

24(e). Avers that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of subparagraph (e) of ¶ 24; admits the allegation in the third sentence that plaintiffs request the application of interest netting, but denies that either the complaint or the claims complies with statutory and IRS procedures for making a request for interest netting; avers that plaintiffs filed a Form 843 specifically requesting the application of interest netting, which was received by the Ogden Service Center on December 31, 1999, but avers that this form is not attached to the complaint; and avers that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegation in the fourth sentence.

24(f) (on page 12). Denies the allegations in the first sentence of subparagraph (f) of ¶ 24 (on page 12 of the complaint); denies the allegation in the second sentence that the settlement[s] became final and binding on July 22, 1999; admits the remaining allegations in the second sentence; denies the allegation in the third sentence that there is a dispute as to the date on which settlement[s] became final and binding; denies the allegation in the fourth sentence that the Forms 3552 were "patently fraudulent;" admits the remaining allegations in the fourth sentence; avers that the assessments on July 31, 2000,

were valid; admits the allegations in the sixth sentence, except denies the allegation that the assessments were only "alleged[ly]" made; admits the allegations in the seventh sentence, except denies that pages 4-10 of Exhibit B to Exhibit 2 supports plaintiffs' allegation that the notices were fraudulent; admits the allegations in the eighth sentence; avers that the allegations in the ninth sentence represent plaintiffs' characterization of their belief; and admits the allegation in the tenth sentence that the transcript of account is included in Exhibit 1, but avers that the transcript does not support plaintiffs' allegation in the ninth sentence that the assessments were made in late August.

25. Admits the allegation in the first sentence of ¶ 25; and avers that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence.

26. Avers that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 26.

COUNT THREE
(Calendar Year 1987)

27-29. Admits the allegations in ¶¶ 27-29.

30. Denies the allegation in the first sentence of ¶ 30 that Bush and the IRS entered into closing agreements on July 22, 1999; and admits the allegations in the second sentence, except

avers that two closing agreements are included in Exhibit A to Exhibit 2 to the complaint.

31. Admits the allegations in ¶ 31, except denies that tax and interest were only "[a]llegedly" assessed on July 31, 2000.

32. Admits the allegations in ¶ 32.

33. Admits the allegations in ¶ 33, except avers that the refund claims were received by the Ogden Service Center of the IRS on July 24, 2002.

34. Admits the allegations in ¶ 34.

35. Admits the allegation in ¶ 35 that plaintiffs restate and incorporate the averments contained in the refund claims for tax year 1987 as grounds for recovery, but denies that plaintiffs are entitled to recover in this action on these grounds.

35(a). Denies the allegations in the first sentence of subparagraph (a) of ¶ 35, including subparts (i) through (vi); avers that the terms agreed to by plaintiffs and the IRS are set forth in the closing agreements; admits the allegation in the second sentence that a copy of each closing agreement is attached to the complaint as Exhibit A to Exhibit 2; denies the allegations in the third and fourth sentences; admits the allegation in the fifth sentence; avers that the allegation in the sixth sentence constitutes a conclusion of law to which no response is required; denies the allegation in the seventh sentence; and admits the allegations in the eighth sentence,

except avers that the IRS was not required to mail a notice of deficiency to plaintiffs before making the assessments for 1987.

35(b). Denies the allegations in subparagraph (b) of ¶ 35 that the IRS breached the closing agreements and that this breach caused harm.

35(b)(i). Admits the allegations in the first sentence of subparagraph (b)(i) of ¶ 35 that the taxpayers filed refund claims for 1988, 1990, 1991, 1992, 1993, and 1995, and that these claims were denied; denies the remaining allegations in the first sentence; as to the allegations in the second sentence, admits only that Exhibit C to Exhibit 2 includes an incomplete copy of the refund claim for each of the years 1988, 1990, 1991, 1992, 1993, and 1995, and a copy of letters disallowing the claims for 1990, 1992, 1993, and 1995; avers that the allegations in the third sentence constitute a conclusion of law to which no response is required; avers that the IRS was not required to mail a notice of deficiency to plaintiffs before making the assessments for 1987; denies the allegations in the fourth sentence that defenses were reserved or agreed in the closing agreement[s] and the allegation that the taxpayers' actions, as described in the fourth sentence, were "forced;" admits the remaining allegations in the fourth sentence; and denies the allegation in the fifth sentence.

35(b)(ii). Admits the allegations in the first sentence of

subparagraph (b)(ii) of ¶ 35 that the IRS determined overpayments for 1981 and 1988; denies the allegation in the first sentence that the IRS "defraud[ed] the taxpayers; avers that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence; and, as to the allegations in the second sentence, admits only that Exhibit D to Exhibit 2 reflects the adjustments that the IRS determined for 1981 and 1988, and denies that Exhibit D to Exhibit 2 supports plaintiffs' allegation in the first sentence that the taxpayers were "defraud[ed]."

35(c). Denies the allegations in subparagraph (c) of ¶ 35; and avers that the overpayments of $5,271.33 for 1981 and $774.00 for 1988 were treated as a payment and a credit, respectively, with respect to plaintiffs' 1985 tax liability.

35(d). Avers that the allegations in subparagraph (d) of ¶ 35 represent plaintiffs' characterization of the interest computation and, in the alternative, that the allegations constitute conclusions of law to which no response is required.

35(f). Denies the allegation in subparagraph (f) of ¶ 35 that interest should be abated pursuant to § 6404.

35(f)(i) (on page 16). Avers that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of subparagraph (f)(i) of ¶ 35 (on page 16 of the complaint)

regarding the conduct of the IRS; denies the allegations that this conduct, if it did occur, "constituted managerial or ministerial acts which were unreasonable errors and delays by officers or employees of the IRS acting in their official capacities;" denies the remaining allegations in the first sentence; and avers that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence.

35(f)(ii). Denies the allegation in the first sentence of subparagraph (f)(ii) of ¶ 35 that, if there was a waiver of the restrictions under § 6213 in the closing agreement[s], "interest should be abated for the period beginning with a date 30 days after the date of such waiver in the Closing Agreement and ending on the date of assessment of the income tax liability;" avers that the IRS was not required to mail a notice of deficiency to plaintiff before making the assessments for 1987; and denies the allegations in the second sentence.

35(e). Avers that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of subparagraph (e) of ¶ 35; admits the allegation in the third sentence that plaintiffs request the application of interest netting, but denies that either the complaint or the claims complies with statutory and IRS procedures for making a request for interest

netting; avers that plaintiffs filed a Form 843 specifically requesting the application of interest netting, which was received by the Ogden Service Center on December 31, 1999, but avers that this form is not attached to the complaint; and avers that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegation in the fourth sentence.

35(f) (on page 18). Denies the allegations in the first sentence of subparagraph (f) of ¶ 35 (on page 18 of the complaint); denies the allegation in the second sentence that the settlement[s] became final and binding on July 22, 1999; admits the remaining allegations in the second sentence; denies the allegation in the third sentence that there is a dispute as to the date on which settlement[s] became final and binding; denies the allegation in the fourth sentence that the Forms 3552 were "patently fraudulent;" admits the remaining allegations in the fourth sentence; avers that the assessments on July 31, 2000, were valid; admits the allegations in the sixth sentence, except denies the allegation that the assessments were only "alleged[ly]" made; admits the allegations in the seventh sentence, except denies that pages 4-10 of Exhibit B to Exhibit 2 supports plaintiffs' allegation that the notices were fraudulent; admits the allegations in the eighth sentence; avers that the allegations in the ninth sentence represent plaintiffs'

characterization of their belief; and admits the allegation in the tenth sentence that the transcript of account is included in Exhibit 1, but avers that the transcript does not support plaintiffs' allegation in the ninth sentence that the assessments were made in late August.

36. Admits the allegation in the first sentence of ¶ 36; and avers that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence.

37. Avers that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 37.

JURISDICTIONAL DEFENSES

38. This Court lacks subject matter jurisdiction over the complaint under § 6230(c)(2)(B) of the Internal Revenue Code, because plaintiffs allege that the claims for refund for the years in suit were filed on July 18, 2002, which date was more than two years after August 7, 1999, the date on which the settlements between plaintiffs and the IRS relating to the investments of Lyman F. Bush in Cinema '84 and Lone Wolf McQuade were entered into.

39. This Court lacks subject matter jurisdiction to entertain plaintiffs' request for abatement of interest pursuant to § 6404(e) of the Internal Revenue Code, because under

§ 6404(h) the United States Tax Court has exclusive jurisdiction to review a determination by the Secretary of the Treasury not to abate interest.

40. This Court lacks jurisdiction over the complaint to the extent it seeks a refund on a breach of contract theory, because plaintiffs have failed to allege facts which would establish the elements of an express or implied in fact contract with the IRS to refund the amounts in issue, plus interest.

ADDITIONAL DEFENSES

41. Plaintiffs are barred from making certain claims against the United States with respect to the tax and interest at issue because plaintiffs and the IRS entered into binding settlement agreements which incorporate these issues.

42. Plaintiffs have failed to state a claim for which relief can be granted because, to the extent they seek abatement of interest for a managerial act that allegedly resulted in an unreasonable delay, § 6404(e) of the Internal Revenue Code, effective for the years in suit, did not apply to managerial acts.

AFFIRMATIVE DEFENSE

43. Plaintiffs are estopped from making certain claims against the United States with respect to the tax and interest at issue because even if the settlement agreements between plaintiffs and the IRS were not binding, the IRS relied upon the

agreements to its detriment.

WHEREFORE, defendant prays that the complaint be dismissed with costs assessed against plaintiffs.

Respectfully submitted,

Ellen C. Specker

ELLEN C. SPECKER
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-0508
(202) 514-9440 (fax)

EILEEN J. O'CONNOR
Assistant Attorney General
MILDRED L. SEIDMAN
Chief, Court of Federal Claims Section
WILLIAM K. DREW
Reviewer

William K. Drew 4/15/05

Of Counsel

April 14, 2005

CERTIFICATE OF SERVICE

I certify that service of the foregoing Answer has, this 15th day of April, 2005, been made on plaintiffs' counsel by mailing a copy thereof, in a postage prepaid envelope, to the following address:

Thomas E. Redding, Esquire
Redding & Associates, P.C.
2914 W.T.C. Jester
Houston, TX 77018

Diana L. Henderson

U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6440

D:\Users\especker\bush3\answer