IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 02-1041, consolidated with,
No. 04-1598 T

(Judge George M. Miller)

---

LYMAN F. BUSH, et al.,

Plaintiffs

v.

UNITED STATES,

Defendant

---

**PLAINTIFFS' STATUS REPORT**

---

Pursuant to the Court's Order dated February 11, 2008, the parties were to submit a joint status report on or before March 17, 2008 regarding further proceedings in these consolidated cases. The parties exchanged draft status reports but were unable to agree on the provisions for a joint status report. Therefore, the Plaintiffs submit the following as their status report:

This is a consolidation of two cases arising from the Plaintiffs' partnership related tax settlements: Fed.Cl. 04-1598 and Fed.Cl. 02-1041. Fed.Cl. 04-1598 addresses the Plaintiffs' claims that they are due refunds of all amounts assessed and paid pursuant to their settlements for tax years 1985, 1986, and 1987 because, they assert, those assessments were invalid. Fed.Cl. 02-1041 addresses refunds the Plaintiffs claim for tax years 1988, 1990, 1991, 1992, 1993, and 1995 related to suspended losses, etc. arising from their settlements.

In Fed.Cl. 04-1598, the Plaintiffs assert that the assessments were invalid because (i) no statutory notice of deficiency ("stat notice") was issued prior to assessment, and (ii) the assessments

were made after the limitations period expired. In its opinion at *Bush, et al. v. United States*, 78 Fed.Cl. 76 (2007) this Court ruled against the Plaintiffs holding that no stat notice was required prior to the 1985, 1986, and 1987 assessments. After recent discovery the Plaintiffs have agreed to, and do hereby, withdraw their argument that the 1985, 1986, and 1987 assessments were made after the limitations period expired. Therefore, there are no more issues to be resolved by this Court in Fed.Cl. 04-1598.

There are no active proceedings with regard to the issues raised in Fed.Cl. 02-1041. The Plaintiffs acknowledge that if they ultimately prevail on the claims in Fed.Cl. 04-1598 then their claims in Fed.Cl. 02-1041 become moot.

The Plaintiffs believe that the resources of the Court and the parties would be conserved by severing the two cases and staying the proceedings in Fed.Cl. 02-1041 until after the appellate review of this Court's prior opinion as to Fed.Cl. 04-1598. Government counsel has informed Plaintiffs' counsel that the United States opposes any such severance and stay.[1]

Therefore, the Plaintiffs propose that the Court issue a scheduling order setting dates for the Plaintiffs to file their motion to sever and for the United States to file its objection. If the Court should decide either (i) not to sever the cases or, (ii) after the cases are severed, that the proceedings in Fed.Cl. 02-1041 should not be stayed, then the Plaintiffs propose that the parties address when and how to pursue the Fed.Cl. 02-1041 issues at that time.

---

[1] In the Defendant's Status Report the United States asserts

> However, plaintiff's counsel, contrary to prior representations, also stated that plaintiff now intends to pursue some of the other issues raised in his claims for refund.

This is incorrect. The draft proposed joint status report prepared by Plaintiffs' counsel and e-mailed to Government counsel at 6:57 am (CDT) on March 17, 2008, plainly states Plaintiffs' intent to pursue the sever, stay, and appeal process outlined in this Plaintiffs' Status Report.

Respectfully submitted,

3/18/08

Date

s/Thomas E. Redding

THOMAS E. REDDING
Redding & Associates, P.C.
2914 West T.C. Jester
Houston, Texas 77018
(713) 965-9244
(713) 621-5227 (facsimile)
Attorney for Plaintiffs