# In the United States Court of Federal Claims

| | |
|---|---|
| LYMAN F. BUSH, et al.<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 02-1041T<br>No. 04-1598T<br>(Consolidated)<br><br>Filed March 24, 2008 |

**ORDER**

Pursuant to the Court's order filed February 11, 2008, the parties were to submit a joint status report on or before March 17, 2008.

On March 18, 2008, defendant filed a motion for leave to file defendant's status report (docket entry 72), along with a status report (docket entry 73).[1] In its filings, defendant stated that the parties exchanged draft joint status reports but had been unable to agree on the text of a joint report. Defendant, in its own status report, proposed a schedule whereby plaintiffs will file a motion for summary judgment within 60 days of the status report; defendant will file a motion for additional discovery pursuant to RCFC 56(f) within 10 days of the filing of plaintiffs' motion. Defendant stated that it anticipates that no more than 60 days would be required to complete discovery, and defendant will file a cross-motion for summary judgment no later than 30 days after the end of the discovery period.

Also on March 18, 2008, plaintiffs filed a motion for leave to file status report (docket entry 74), along with a status report (docket entry 74-2). Plaintiffs stated that this case, 02-1041, is consolidated with another case arising from plaintiffs' partnership-related tax settlements:

---

[1] On March 13, 2008, defendant filed a revised version of the motion for leave to file defendant's status report (docket entry 75), and defendant's joint status report (docket entry 75-2), to correct the name of the judge from Judge Bruggink to Judge George W. Miller.

*Bush et al.* v. *United States*, 04-1598. Because this court ruled against plaintiffs in 04-1598 (*Bush, et al. v. United States*, 78 Fed. Cl. 76 (2007)), no issues remain to be resolved in that case by this Court. Plaintiffs averred that if following appellate review they ultimately prevail on the claims in 04-1598, the claims in 02-1041 become moot. Thus, in plaintiffs' view, judicial economy would be served by severing 04-1598 from 02-1041, and staying proceedings in 02-1041 until after completion of appellate review in 04-1598. Plaintiffs proposed that the Court issue a scheduling order setting dates for plaintiffs to file a motion to sever and for defendant to file its objection. Plaintiffs stated that defendant opposes any such severance and stay.

In light of the foregoing, the Court hereby **GRANTS** both defendant's and plaintiffs' motions for leave to file status reports. As the parties have already filed individual status reports, no further action is required.

The Court believes it would be helpful to have the benefit of briefing on plaintiffs' proposal to sever 04-1598 from 02-1041 and stay 02-1041. The Court therefore **ORDERS** that plaintiffs shall file a motion to sever and stay and supporting brief addressing those issues by **Monday, March 31, 2008.** The Court further **ORDERS** that defendant shall file its response by **Friday, April 11, 2008.** The parties shall participate in a telephonic status conference to discuss further proceedings on **Friday, April 18, 2008, at 10:00 a.m**. The Court will initiate the call.

**IT IS SO ORDERED.**

s/ George W. Miller
GEORGE W. MILLER
Judge