Department of the Treasury - Internal Revenue Service

RECEIVED ESU
JAN 13 200[illegible]

**Closing Agreement on Final Determination**
**Covering Specific Matters**

Under section 7121 of the Internal Revenue Code of 1986 (hereinafter "Code")

Lyman F. Bush (SSN: ) and Beverly J. Bush (SSN: )
(Taxpayers' Name, address, and identifying number)

1217 122nd Street Court East, Tacoma, WA 98445 (hereinafter referred to as taxpayer)

and the Commissioner of Internal Revenue make the following closing agreement:

WHEREAS, a dispute has arisen between the parties as to the Federal income tax treatment to be accorded to the taxpayers' purchase of an investment in Greenberg Brothers Partnership #12 a/k/a Lone Wolf McQuade Associates (hereinafter Partnership);

WHEREAS, the parties wish to determine, with finality, the taxpayers' income, gains, losses, deductions and credits for1983 and subsequent years with respect to the Partnership.

NOW IT IS HEREBY DETERMINED AND AGREED for Federal income tax purposes that:

1. No adjustment to the partnership items shall be made for the taxable years 1983 through 1995 for purposes of this settlement.

2. The taxpayers are entitled to claim their distributive share of the partnership losses for 1983 through 1995 only to the extent they are at risk under I.R.C. § 465.

3. The taxpayers' amount at risk for 1983 through 1986 is their capital contribution to the partnership.

4. The taxpayers' capital contribution to the partnership is $50,000.

5. Taxpayers' qualified investment for computing investment tax credit is the amount at risk as set forth in paragraph #4.

6. The taxpayers are not at risk under I.R.C. § 465 for any partnership notes, entered into by the partnership to acquire rights in the motion picture Lone Wolf McQuade and Strange Invaders, whether or not assumed by the taxpayers. Any losses disallowed under this agreement are suspended under I.R.C. § 465. Such suspended losses may be used to offset the taxpayers' pro rata share of any income earned by the partnership and/or other income in accordance with the operation of I.R.C. § 465.

7. To the extent the taxpayers make additional cash contributions to the capital of the partnership after 1986, the taxpayers' amount at risk will be increased in accordance with I.R.C. § 465.

8. To the extent the partnership earns net income the taxpayers' at risk will be increased in accordance with I.R.C. § 465.

9. To the extent the taxpayers make cash payments on the partnership notes after the date of execution of this agreement by the Commissioner and the taxpayers, the taxpayers' amount at risk will be increased in accordance with I.R.C. § 465.

10. No additions to tax under I.R.C. §§ 6653(a), 6661, 6659 or 6662 will be asserted with respect to the taxpayers' investment in the partnership for 1983 through 1995.

11. The taxpayers are liabie for additional interest pursuant to I.R.C. § 6621(c) for tax motivated interest for their investment in the partnership for the taxable years 1983 through 1989.

12. Any deficiency in tax determined under this agreement will be subject to adjustments arising from a carryback or carryforward from other taxable years of any loss, credit or other tax attribute as allowed by the Internal Revenue Code.

13. After the execution of this agreement on behalf of the Commissioner and the taxpayers, the taxpayers shall not recognize any taxable income attributable to any cancellation, discharge, or satisfaction by foreclosure or conveyance of assets, of any partnership notes entered into by the partnership to acquire rights in the motion picture Lone Wolf McQuade and Strange Invaders, whether or not the taxpayers assumed a pro rata share of said note, or from said partnership notes upon liquidation or dissolution of the partnership.

14. The taxpayers shall be taxable on their distributive share of any income or gains of the partnership for years after 1983 only to the extent said income exceeds losses suspended under the at risk rules of I.R.C. § 465 and/or the cash and/or the fair market value of property distributed to the taxpayers.

15. Any refund claim attributable to the operation of this agreement shall be deemed to be timely filed and shall be allowed if it is filed with the IRS within one year of the execution of this agreement by the Commissioner of Internal Revenue. Any refund claim so submitted pursuant to this paragraph within 120 days after the execution of this agreement on behalf of the Commissioner of Internal Revenue shall be allowed as an offset pursuant to I.R.C. §§ 6402(a) and 6601(f) against any tax deficiencies resulting from this agreement.

16. This agreement constitutes a settlement within the meaning of I.R.C. § 6224(c) and the taxpayers' partnership items are converted to non partnership items effective as of the date of this closing agreement is accepted on behalf of the Commissioner. The taxpayers, in accordance with the provisions of I.R.C. § 6224(b), also waive the restrictions on assessment and collection of any deficiencies attributable to the converted partnership items with interest as provided by law in I.R.C. § 6225(a) that results from this agreement.

17. This closing agreement when accepted by the Commissioner is a determination under the mitigation provisions of the Internal Revenue Code. (I.R.C. § 1311 <u>et seq</u>.).

18. To the extent the taxpayers make cash payments on the partnership notes, after the date this agreement is executed by the taxpayers and the Commissioner, and after the termination of the partnership, a deduction shall be allowed in the year of said payment.

19. This agreement does not in any way diminish or enhance the rights of the spouse of any partner to assert his or her right to relief as an innocent spouse under I.R.C. § 6015.

20. This agreement supersedes any prior agreement entered into between the taxpayers and the Internal Revenue Service.

This agreement is final and conclusive except:

(1) the matter it relates to may be reopened in the event of fraud, malfeasance, or misrepresentation of material fact;

(2) it is subject to the Internal Revenue Code sections that expressly provide that effect be given to their provisions notwithstanding any other law or rule of law except Code Section 7122; and

(3) if it relates to a taxable period ending after the date of this agreement, it is subject to any law, enacted after the agreement date, that applies to that tax period.

By signing, the above parties certify that they have read and agreed to the terms of this document.

Your signature *Lyman F. Bush* Date Signed *6-25-99*

Spouse's signature (if a joint return was filed) *Beverly J. Bush by Lyman F. Bush spouse ... deceased* Date Signed *6-25-99*

Taxpayer's Representative ______ Date Signed ______

Taxpayer (other than individual) ______

By ______ Date Signed ______

Title ______

Commissioner of Internal Revenue

By *Philip J. [illegible]* Date Signed *8/1/99*

Title *Associate Chief*

I have examined the specific matters involved and recommend the acceptance of the proposed agreement.

*Bradford A. Johnson* *7/22/99*
(Receiving Officer) (Date)

Assistant District Counsel
(Title)