***No. 02-1041 T Consolidated No. 04-1598 T***
***(Judge George W. Miller)***

***IN THE UNITED STATES COURT OF FEDERAL CLAIMS***

LYMAN F. BUSH, et al.,

Plaintiffs

v.

THE UNITED STATES,

Defendant

APPENDIX A TO MEMORANDUM IN SUPPORT OF DEFENDANT'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT

NATHAN J. HOCHMAN
Assistant Attorney General

DAVID GUSTAFSON
MARY M. ABATE
BENJAMIN C. KING, JR.
Attorneys
Justice Department (Tax)
Court of Federal Claims Section
P.O. Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6506

Page

# TABLE OF CONTENTS

Appendix A:

Economic Recovery Tax Act of 1981, § 46, Pub. L. No. 97-34, 95 Stat. 172 ....... A-1

Internal Code of 1986 (26 U.S.C.)

§ 465 ........ A9

§ 469 ........ A25

97–34 [H.R. 4242]; August 13, 1981

# ECONOMIC RECOVERY TAX ACT OF 1981

*For Legislative History of Act, see p. 105*

An Act to amend the Internal Revenue Code of 1954 to encourage economic growth through reduction of the tax rates for individual taxpayers, acceleration of capital cost recovery of investment in plant, equipment, and real property, and incentives for savings, and for other purposes.

Economic Recovery Tax Act of 1981. 26 USC 1 note.

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,*

**SECTION 1. SHORT TITLE; TABLE OF CONTENTS; AMENDMENT OF 1954 CODE.**

(a) SHORT TITLE.—This Act may be cited as the "Economic Recovery Tax Act of 1981".

(f) APPLICATION OF AT RISK RULES TO INVESTMENT CREDIT.— 26 USC 46.

(1) IN GENERAL.—Subsection (c) of section 46 (relating to qualified investment) is amended by adding at the end thereof the following new paragraphs:

"(8) LIMITATION TO AMOUNT AT RISK.—

"(A) IN GENERAL.—In the case of new or used section 38 property which—

"(i) is placed in service during the taxable year by a taxpayer described in section 465(a)(1), and

"(ii) is used in connection with an activity with respect to which any loss is subject to limitation under section 465,

the basis of such property for purposes of paragraph (1) shall not exceed the amount the taxpayer is at risk with respect to such property as of the close of such taxable year.

"(B) AMOUNT AT RISK.—

"(i) IN GENERAL.—Except as provided in clause (ii), the term 'at risk' has the same meaning given such term by section 465(b) (without regard to paragraph (5) thereof).

"(ii) CERTAIN FINANCING.—In the case of a taxpayer who at all times is at risk (determined without regard to this clause) in an amount equal to at least 20 percent of the basis (determined under section 168(d)(1)(A)(i)) of property described in subparagraph (A) and who acquired such property from a person who is not a related person, such taxpayer shall for purposes of this paragraph be considered at risk with respect to any amount borrowed in connection with such property (other than convertible debt) to the extent that such amount—

"(I) is borrowed from a qualified person, or

"(II) represents a loan from any Federal, State, or local government or instrumentality thereof, or is guaranteed by, any Federal, State, or local government.

"(C) SPECIAL RULE FOR PARTNERSHIPS AND SUBCHAPTER S CORPORATIONS.—In the case of any partnership or electing small business corporation (within the meaning of section 1371(b)), any amount treated as at risk under subparagraph (B)(ii) shall be allocated among the partners or shareholders (and treated as an amount at risk with respect to such persons) in the same manner as the credit allowable by section 38.

"(D) QUALIFIED PERSON.—For purposes of this paragraph, the term 'qualified person' means any person—

"(i) which—

"(I) is an institution described in clause (i), (ii), or (iii) of subparagraph (A) or subparagraph (B) of section 128(c)(2) or an insurance company to which subchapter L applies, or

*Post*, pp. 267, 270.

26 USC 401.

"(II) is a pension trust qualified under section 401(a) or a person not described in subclause (I) and which is actively and regularly engaged in the business of lending money,

"(ii) which is not a related person with respect to the taxpayer,

"(iii) which is not a person who receives a fee with respect to the taxpayer's investment in property described in subparagraph (A) or a related person to such person, and

"(iv) which is not a person from which the taxpayer acquired the property described in subparagraph (A) or a related person to such person.

"(E) RELATED PERSON.—For purposes of this paragraph, the term 'related person' has the same meaning as such term is used in section 168(e)(4), except that in applying section 168(e)(4)(D)(i) in the case of a person described in subparagraph (D)(i)(II) of this paragraph, sections 267(b) and 707(b)(1) shall be applied by substituting '0 percent' for '50 percent'.

*Ante*, p. 203.

"(F) SPECIAL RULE FOR CERTAIN ENERGY PROPERTY.—

"(i) IN GENERAL.—The provisions of subparagraph (A) shall not apply to amounts borrowed with respect to qualified energy property (other than amounts described in subparagraph (B)).

"(ii) QUALIFIED ENERGY PROPERTY.—The term 'qualified energy property' means energy property to which (but for this subparagraph) subparagraph (A) applies and—

"(I) which is described in clause (iii),

"(II) with respect to which the energy percentage determined under section 46(a)(2)(C) at the time such property is placed in service is greater than zero,

"(III) with respect to which the taxpayer, as of the close of the taxable year in which the property is placed in service, is at risk (within the meaning of section 465(b) without regard to paragraph (5) thereof) in an amount equal to at least 25 percent of the basis of the property, and

"(IV) with respect to which any nonrecourse financing (other than financing described in section 46(c)(8)(B)(ii)) in connection with such property consists of a level payment loan.

For purposes of subclause (II), the energy percentage for property described in clause (iii)(V) shall be treated as being greater than zero during any period the energy percentage for property described in section 48(l)(14) is greater than zero.

"(iii) PROPERTY TO WHICH THIS SUBPARAGRAPH APPLIES.—Energy property is described in this clause if such property is—

"(I) described in clause (ii), (iv), or (vii) or section 48(l)(2),

"(II) described in section 48(l)(15),

"(III) described in section 48(l)(3)(A)(iii) (but only to the extent such property is used for converting an alternate substance into alcohol for fuel purposes),

"(IV) described in clause (i) of section 48(l)(2)(A) (but only to the extent such property is also described in section 48(l)(3)(A) (viii) or (ix)), or

"(V) property comprising a system for using the same energy source for the sequential generation of electrical power, mechanical shaft power, or both, in combination with steam, heat, or other forms of useful energy.

"(iv) LEVEL PAYMENT LOAN DEFINED.—The term 'level payment loan' means a loan in which each installment is substantially equal, a portion of each installment is attributable to the repayment of principal, and that portion is increased commensurate with decreases in the portion of the payment attributable to interest.

"(9) SUBSEQUENT INCREASES IN THE TAXPAYER'S AMOUNT AT RISK WITH RESPECT TO THE PROPERTY.—

"(A) IN GENERAL.—If, at the close of a taxable year subsequent to the year in which property was placed in service, the amount which the taxpayer has at risk with respect to such property has increased (as determined under subparagraph (B)), such increase shall be taken into account as additional qualified investment in such property in accordance with subparagraph (C).

"(B) INCREASES TO BE TAKEN INTO ACCOUNT.—For purposes of subparagraphs (A) and (C), the amount which a taxpayer has at risk with respect to the property shall be treated as increased by the sum of the cash and the fair market value of property (other than property with respect to which the taxpayer is not at risk) used during the taxable year to reduce the principal sum of any amount with respect to which the taxpayer is not at risk.

"(C) MANNER IN WHICH TAKEN INTO ACCOUNT.—For purposes of determining the amount of credit allowed under section 38 and the amount of credit subject to the early disposition rules under section 47, an increase in a taxpayer's qualified investment in property (determined under subparagraph (B)) shall be deemed to be additional qualified investment made by the taxpayer in the year in which the property referred to in subparagraph (A) was first placed in service. However, the credit determined by taking into account the increase in qualified investment under this paragraph shall be considered a credit earned in the taxable year of such increase."

(2) RECAPTURE.—Section 47 (relating to certain dispositions of section 38 property), is amended by adding at the end thereof the following new subsection: 26 USC 47.

"(d) PROPERTY CEASING TO BE AT RISK.—

"(1) IN GENERAL.—If the taxpayer ceases to any extent to be at risk (within the meaning of section 46(c)(8)(B)) with respect to any amount in connection with section 38 property, then the tax under this chapter for such taxable year shall be increased by an amount equal to the aggregate decrease in credits allowed under section 38 for all prior taxable years which would have resulted from substituting, in determining qualified investment, the amount determined under section 46(c)(8) with respect to such

property if, on the date the property was placed in service, the taxpayer had not been at risk with respect to the amount he ceased to be at risk to.

"(2) CERTAIN TRANSFERS NOT TREATED AS CEASING TO BE AT RISK.—If, after the 12-month period after the date on which a taxpayer borrows an amount from a qualified person (within the meaning of section 48(c)(8)(D)) with respect to which such taxpayer is considered at risk under section 48(c)(8)(B), the qualified person transfers or agrees to transfer any evidence of such indebtedness to a person who is not a qualified person, then, for purposes of paragraph (1), the taxpayer shall not be treated as ceasing to be at risk with respect to such amount.

26 USC 48.

"(3) SPECIAL RULES FOR CERTAIN ENERGY PROPERTY.—

"(A) IN GENERAL.—In the case of the second taxable year following the taxable year in which any qualified energy property (within the meaning of section 46(c)(8)(E)) is placed in service by the taxpayer and any succeeding taxable year, the taxpayer, for purposes of paragraph (1), shall be treated as ceasing to be at risk with respect to such property for such taxable year in an amount equal to the credit recapture amount (if any).

*Ante*, p. 229.

"(B) CREDIT RECAPTURE AMOUNT.—For purposes of this paragraph, the term 'credit recapture amount' means an amount equal to the excess (if any) of—

"(i) the total amount of principal to be paid as of the close of any taxable year under a nonrecourse level payment loan (as defined in section 46(c)(8)(F)(iv) other than a loan described in section 46(c)(8)(B)(ii)) with respect to such property, over

"(ii) the sum of—

"(I) the amount of principal actually paid as of the close of such taxable year, plus

"(II) the sum of the credit recapture amounts with respect to such property for all preceding taxable years.

"(C) SPECIAL RULES FOR DETERMINING PRINCIPAL TO BE PAID.—For purposes of subparagraph (B)(i), in determining the amount of the principal to be paid under a level payment loan, such determination shall be made as if such loan was to be fully repaid by the end of a period equal to the earlier of—

"(i) the present class life (as defined in section 168(g)(2)) of the property or, if the property has no present class life, a similar period determined by the Secretary, or

*Ante*, p. 203.

"(ii) the period at the end of which full repayment is to occur under the terms of the loan.

"(D) SPECIAL RULE FOR CERTAIN CUMULATIVE DEFICIENCIES.—If the excess of—

"(i) the amount of the total scheduled principal payments under a loan described in subparagraph (B)(i) as of the close of the taxable year, over

"(ii) the total principal actually paid under such loan as of the close of such taxable year,

is equal to or greater than the amount of such total scheduled payments for the 5-taxable year period ending with such taxable year, then, notwithstanding subparagraph (B), the credit recapture amount for such taxable year shall be equal to the principal remaining to be paid as of the close of

such taxable year over the sum of the credit recapture amounts with respect to such property for all preceding taxable years.

"(E) SPECIAL RULE FOR CERTAIN DISPOSITIONS.—

"(i) IN GENERAL.—If any property which is held by the taxpayer and to which this paragraph applies is disposed of by the taxpayer, then for purposes of paragraph (1) and notwithstanding subparagraph (B), the credit recapture amount for the taxpayer shall be an amount equal to the unpaid principal on the loan described in subparagraph (B)(i) as of the date of disposition;

"(ii) ASSUMPTIONS, ETC.—Any amount of the loan described in subparagraph (B)(i) which is assumed or taken subject to by any person shall be treated for purposes of clause (i) as not reducing unpaid principal with respect to such loan.

"(F) APPLICATION WITH SUBSECTION (a).—The amount of any increase in tax under subsection (a) with respect to any property to which this paragraph applies shall be determined by reducing the qualified investment with respect to such property by the aggregate credit recapture amounts for all taxable years under this paragraph.

"(G) ADDITIONAL INTEREST.—In the case of any increase in tax under paragraph (1) by reason of the application of this paragraph, there shall be added to such tax interest on such tax (determined under section 6621) as if the increase in tax under paragraph (1) was for the taxable year in which the property was placed in service."

(g) AMENDMENT OF RECAPTURE RULES.—

(1) IN GENERAL.—Subsection (a) of section 47 (relating to certain dispositions, etc, of section 38 property) is amended by redesignating paragraphs (5), (6), and (7) as paragraphs (6), (7), and (8), respectively, and by inserting after paragraph (4) the following new paragraph: 26 USC 47.

"(5) SPECIAL RULES FOR RECOVERY PROPERTY.—

"(A) GENERAL RULE.—If, during any taxable year, section 38 recovery property is disposed of, or otherwise ceases to be section 38 property with respect to the taxpayer before the close of the recapture period, then, except as provided in subparagraph (D), the tax under this chapter for such taxable year shall be increased by the recapture percentage of the aggregate decrease in the credits allowed under section 38 for all prior taxable years which would have resulted solely from reducing to zero the qualified investment taken into account with respect to such property.

"(B) RECAPTURE PERCENTAGE.—For purposes of subparagraph (A), the recapture percentage shall be determined in accordance with the following table:

| "If the recovery property ceases to be section 38 property within— | The recapture percentage is: | |
|---|---|---|
| | For 15-year, 10-year, and 5-year property | For 3-year property |
| One full year after placed in service | 100 | 100 |
| One full year after the close of the period described in clause (i) | 80 | 66 |
| One full year after the close of the period described in clause (ii) | 60 | 33 |

| "If the recovery property ceases to be section 38 property within— | The recapture percentage is: | |
|---|---|---|
| | For 15-year, 10-year, and 5-year property | For 3-year property |
| One full year after the close of the period described in clause (iii) | 40 | 0 |
| One full year after the close of the period described in clause (iv) | 20 | 0 |

"(C) PROPERTY CEASES TO BE PROGRESS EXPENDITURE PROPERTY.—If, during any taxable year, any recovery property taken into account in determining qualified investment under section 46(d)(1) ceases to be progress expenditure property (as determined under paragraph (3)) or becomes, with respect to the taxpayer, recovery property of a character other than that expected in determining the applicable percentage under section 46(d)(1)(B)(i), then the tax under this chapter for such taxable year shall be adjusted in accordance with regulations prescribed by the Secretary.

*Ante*, p. 228.

"(D) LIMITATION.—The tax for the taxable year shall be increased under subparagraph (A) only with respect to the credits allowed under section 38 which were used to reduce tax liability. In the case of credits not so used to reduce tax liability, the carrybacks and carryovers under section 46(b) shall be appropriately adjusted.

"(E) DEFINITIONS AND SPECIAL RULES.—

"(i) SECTION 38 RECOVERY PROPERTY.—For purposes of this paragraph, the term 'section 38 recovery property' means any section 38 property which is recovery property (within the meaning of section 168).

*Ante*, p. 203.

"(ii) RECAPTURE PERIOD.—For purposes of this paragraph, the term 'recapture period' means, with respect to any recovery property, the period consisting of the first full year after the property is placed in service and the 4 succeeding full years (the 2 succeeding full years in the case of 3-year property).

"(iii) CLASSIFICATION OF PROPERTY.—For purposes of this paragraph, property shall be classifed as provided in section 168(c).

"(iv) PARAGRAPH (1) NOT TO APPLY.—Paragraph (1) shall not apply with respect to any recovery property."

(2) TECHNICAL AMENDMENTS.—

26 USC 47.

(A) Subparagraph (D) of section 47(a)(3) is amended to read as follows:

"(D) COORDINATION WITH PARAGRAPHS (1) AND (5).—If, after property is placed in service, there is a disposition or other cessation described in paragraph (1), or a disposition, cessation, or change in expected use described in paragraph (5), then paragraph (1) or (5), as the case may be, shall be applied as if any credit, which was allowable by reason of section 46(d) and which has not been required to be recaptured before such disposition, cessation, or change in use were allowable for the taxable year the property was placed in service."

(B) Paragraph (6) of section 47(a) (as redesignated by paragraph (1) of this subsection) is amended by striking out "paragraph (1) or (3)" and inserting in lieu thereof "paragraph (1), (3), or (5)".

(C) Subparagraph (B) of section 47(a)(7) (as redesignated by paragraph (1)) is amended by striking out "paragraph (5)" and inserting in lieu thereof "paragraph (6)".

(h) TREATMENT OF CERTAIN LEASED ROLLING STOCK.—Clause (ii) of section 48(a)(2)(B) is amended to read as follows: 26 USC 48.

"(ii) rolling stock which is used within and without the United States and which is—

"(I) of a domestic railroad corporation providing transportation subject to subchapter I of chapter 105 of title 49, or 49 USC 10501.

"(II) of a United States person (other than a corporation described in subclause (I)) but only if the rolling stock is not leased to one or more foreign persons for periods aggregating more than 12 months in any 24-month period;". 26 USC 46 note.

(i) EFFECTIVE DATE.—

(1) IN GENERAL.—Except as provided in this subsection, the amendments made by this section shall apply to property placed in service after December 31, 1980.

(2) PROGRESS EXPENDITURES.—The amendments made by subsection (b) shall apply to progress expenditures made after December 31, 1980.

(3) PETROLEUM STORAGE FACILITIES.—The amendments made by subsection (c) shall apply to periods after December 31, 1980, under rules similar to the rules under section 48(m).

(4) NONCORPORATE LESSORS.—The amendments made by subsection (d) shall apply to leases entered into after June 25, 1981.

(5) AT RISK RULES.—

(A) IN GENERAL.—The amendment made by subsection (f) shall not apply to—

(i) property placed in service by the taxpayer on or before February 18, 1981, and

(ii) property placed in service by the taxpayer after February 18, 1981, where such property is acquired by the taxpayer pursuant to a binding contract entered into on or before that date.

(B) BINDING CONTRACT.—For purposes of subparagraph (A)(ii), property acquired pursuant to a binding contract shall, under regulations prescribed by the Secretary, include property acquired in a manner so that it would have qualified as pretermination property under section 49(b) (as in effect before its repeal by the Revenue Act of 1978).

(6) LEASED ROLLING STOCK.—The amendment made by subsection (h) shall apply to taxable years beginning after December 31, 1980.

SEC. 212. INCREASE IN INVESTMENT TAX CREDIT FOR QUALIFIED REHABILITATION EXPENDITURES.

(a) INCREASE IN AMOUNT OF CREDIT.— 26 USC 46.

(1) IN GENERAL.—Subparagraph (A) of section 46(a)(2) (relating to amount of investment tax credit) is amended by striking out "and" at the end of clause (ii), by striking out the period at the end of clause (iii), by inserting in lieu thereof ", and", and by adding at the end thereof the following new clause:

"(iv) in the case of that portion of the basis of any property which is attributable to qualified rehabilitation expenditures, the rehabilitation percentage.".

§ **465**. Deductions limited to amount at risk

**(a) Limitation to amount at risk.--**

**(1) In general.**--In the case of--

**(A)** an individual, and

**(B)** a C corporation with respect to which the stock ownership requirement of paragraph (2) of section 542(a) is met,

engaged in an activity to which this section applies, any loss from such activity for the taxable year shall be allowed only to the extent of the aggregate amount with respect to which the taxpayer is at risk (within the meaning of subsection (b)) for such activity at the close of the taxable year.

**(2) Deduction in succeeding year.**--Any loss from an activity to which this section applies not allowed under this section for the taxable year shall be treated as a deduction allocable to such activity in the first succeeding taxable year.

**(3) Special rules for applying paragraph (1)(B).**--For purposes of paragraph (1)(B)--

**(A)**section 544(a)(2) shall be applied as if such section did not contain the phrase "or by or for his partner"; and

**(B)**sections 544(a)(4)(A) and 544(b)(1) shall be applied by substituting "the corporation meet [FN1] the stock ownership requirements of section 542(a)(2)" for "the corporation a personal holding company".

**(b) Amounts considered at risk.--**

**(1) In general.**--For purposes of this section, a taxpayer shall be considered at risk for an activity with respect to amounts including--

**(A)** the amount of money and the adjusted basis of other property contributed by the taxpayer to the activity, and

**(B)** amounts borrowed with respect to such activity (as determined under paragraph (2)).

**(2) Borrowed amounts.**--For purposes of this section, a taxpayer shall be considered at risk with respect to amounts borrowed for use in an activity to the extent that he--

**(A)** is personally liable for the repayment of such amounts, or

**(B)** has pledged property, other than property used in such activity, as security for such borrowed amount (to the extent of the net fair market value of the taxpayer's interest in such property).

No property shall be taken into account as security if such property is directly or indirectly financed by indebtedness which is secured by property described in paragraph (1).

**(3) Certain borrowed amounts excluded.--**

**(A) In general.**--Except to the extent provided in regulations, for purposes of paragraph (1)(B), amounts borrowed shall not be considered to be at risk with respect to an activity if such amounts are borrowed from any person who has an interest in such activity or from a related person to a person (other than the taxpayer) having such an interest.

**(B) Exceptions.--**

**(i) Interest as creditor.**--Subparagraph (A) shall not apply to an interest as a creditor in the activity.

**(ii) Interest as shareholder with respect to amounts borrowed by corporation.**-- In the case of amounts borrowed by a corporation from a shareholder, subparagraph (A) shall not apply to an interest as a shareholder.

**(C) Related person.**--For purposes of this subsection, a person (hereinafter in this paragraph referred to as the "related person") is related to any person if--

**(i)** the related person bears a relationship to such person specified in section 267(b) or section 707(b)(1), or

**(ii)** the related person and such person are engaged in trades or business under common control (within the meaning of subsections (a) and (b) of section 52).

For purposes of clause (i), in applying section 267(b) or 707(b)(1), "10 percent" shall be substituted for "50 percent".

**(4) Exception.**--Notwithstanding any other provision of this section, a taxpayer shall not be considered at risk with respect to amounts protected against loss through nonrecourse financing, guarantees, stop loss agreements, or other similar arrangements.

**(5) Amounts at risk in subsequent years.**--If in any taxable year the taxpayer has a loss from an activity to which subsection (a) applies, the amount with respect to which a taxpayer is considered to be at risk (within the meaning of subsection (b)) in subsequent taxable years with respect to that activity shall be reduced by that portion of the loss which (after the application of subsection (a)) is allowable as a deduction.

**(6) Qualified nonrecourse financing treated as amount at risk.**--For purposes of this section--

**(A) In general.**--Notwithstanding any other provision of this subsection, in the case of an activity of holding real property, a taxpayer shall be considered at risk with respect to the taxpayer's share of any qualified nonrecourse financing which is secured by real property used in such activity.

**(B) Qualified nonrecourse financing.**--For purposes of this paragraph, the term "qualified nonrecourse financing" means any financing--

**(i)** which is borrowed by the taxpayer with respect to the activity of holding real property,

**(ii)** which is borrowed by the taxpayer from a qualified person or represents a loan from any Federal, State, or local government or instrumentality thereof, or is guaranteed by any Federal, State, or local government,

**(iii)** except to the extent provided in regulations, with respect to which no person is personally liable for repayment, and

**(iv)** which is not convertible debt.

**(C) Special rule for partnerships.**--In the case of a partnership, a partner's share of any qualified nonrecourse financing of such partnership shall be determined on the basis of the partner's share of liabilities of such partnership incurred in connection with such financing (within the meaning of section 752).

**(D) Qualified person defined.**--For purposes of this paragraph--

**(i) In general.**--The term "qualified person" has the meaning given such term by section 49(a)(1)(D)(iv).

**(ii) Certain commercially reasonable financing from related persons.**--For purposes of clause (i), section 49(a)(1)(D)(iv) shall be applied without regard to subclause (I) thereof (relating to financing from related persons) if the financing from the related person is commercially reasonable and on substantially the same terms as loans involving unrelated persons.

**(E) Activity of holding real property.**--For purposes of this paragraph--

**(i) Incidental personal property and services.**--The activity of holding real property includes the holding of personal property and the providing of services which are incidental to making real property available as living accommodations.

**(ii) Mineral property.**--The activity of holding real property shall not include the holding of mineral property.

**(c) Activities to which section applies.**--

**(1) Types of activities.**--This section applies to any taxpayer engaged in the activity of--

**(A)** holding, producing, or distributing motion picture films or video tapes,

**(B)** farming (as defined in section 464(e)),

**(C)** leasing any section 1245 property (as defined in section 1245(a)(3)),

**(D)** exploring for, or exploiting, oil and gas resources or

**(E)** exploring for, or exploiting, geothermal deposits (as defined in section 613(e)(2))

as a trade or business or for the production of income.

**(2) Separate activities.**--For purposes of this section--

**(A) In general.**--Except as provided in subparagraph (B), a taxpayer's activity with respect to each--

**(i)** film or video tape,

**(ii)**section 1245 property which is leased or held for leasing,

**(iii)** farm,

**(iv)** oil and gas property (as defined under section 614), or

**(v)** geothermal property (as defined under section 614),

shall be treated as a separate activity.

**(B) Aggregation rules.**--

**(i) Special rule for leases of section 1245 property by partnerships or S corporations.**--In the case of any partnership or S corporation, all activities with respect to section 1245 properties which--

**(I)** are leased or held for lease, and

**(II)** are placed in service in any taxable year of the partnership or S corporation,

shall be treated as a single activity.

**(ii) Other aggregation rules.**--Rules similar to the rules of subparagraphs (B) and (C) of paragraph (3) shall apply for purposes of this paragraph.

**(3) Extension to other activities.--**

**(A) In general.**--In the case of taxable years beginning after December 31, 1978, this section also applies to each activity--

**(i)** engaged in by the taxpayer in carrying on a trade or business or for the production of income, and

**(ii)** which is not described in paragraph (1).

**(B) Aggregation of activities where taxpayer actively participates in management of trade or business.**--Except as provided in subparagraph (C), for purposes of this section, activities described in subparagraph (A) which constitute a trade or business shall be treated as one activity if--

**(i)** the taxpayer actively participates in the management of such trade or business, or

**(ii)** such trade or business is carried on by a partnership or an S corporation and 65 percent or more of the losses for the taxable year is allocable to persons who actively participate in the management of the trade or business.

**(C) Aggregation or separation of activities under regulations.**--The Secretary shall prescribe regulations under which activities described in subparagraph (A) shall be aggregated or treated as separate activities.

**(D) Application of subsection (b)(3).**--In the case of an activity described in subparagraph (A), subsection (b)(3) shall apply only to the extent provided in regulations prescribed by the Secretary.

**(4) Exclusion for certain equipment leasing by closely-held corporations.--**

**(A) In general.**--In the case of a corporation described in subsection (a)(1)(B) actively engaged in equipment leasing--

**(i)** the activity of equipment leasing shall be treated as a separate activity, and

**(ii)** subsection (a) shall not apply to losses from such activity.

**(B) 50-percent gross receipts test.**--For purposes of subparagraph (A), a corporation shall not be considered to be actively engaged in equipment leasing unless 50 percent or more of the gross receipts of the corporation for the taxable year is attributable, under regulations prescribed by the Secretary, to equipment leasing.

**(C) Component members of controlled group treated as a single corporation.**--For

purposes of subparagraph (A), the component members of a controlled group of corporations shall be treated as a single corporation.

**(5) Waiver of controlled group rule where there is substantial leasing activity.--**

**(A) In general.**--In the case of the component members of a qualified leasing group, paragraph (4) shall be applied--

**(i)** by substituting "80 percent" for "50 percent" in subparagraph (B) thereof, and

**(ii)** as if paragraph (4) did not include subparagraph (C) thereof.

**(B) Qualified leasing group.**--For purposes of this paragraph, the term "qualified leasing group" means a controlled group of corporations which, for the taxable year and each of the 2 immediately preceding taxable years, satisfied each of the following 3 requirements:

**(i) At least 3 employees.**--During the entire year, the group had at least 3 full-time employees substantially all of the services of whom were services directly related to the equipment leasing activity of the qualified leasing members.

**(ii) At least 5 separate leasing transactions.**--During the year, the qualified leasing members in the aggregate entered into at least 5 separate equipment leasing transactions.

**(iii) At least $1,000,000 equipment leasing receipts.**--During the year, the qualified leasing members in the aggregate had at least $1,000,000 in gross receipts from equipment leasing.

The term "qualified leasing group" does not include any controlled group of corporations to which, without regard to this paragraph, paragraph (4) applies.

**(C) Qualified leasing member.**--For purposes of this paragraph, a corporation shall be treated as a qualified leasing member for the taxable year only if for each of the taxable years referred to in subparagraph (B)--

**(i)** it is a component member of the controlled group of corporations, and

**(ii)** it meets the requirements of paragraph (4)(B) (as modified by subparagraph (A)(i) of this paragraph).

**(6) Definitions relating to paragraphs (4) and (5).**--For purposes of paragraphs (4) and (5)--

**(A) Equipment leasing.**--The term "equipment leasing" means--

**(i)** the leasing of equipment which is section 1245 property, and

**(ii)** the purchasing, servicing, and selling of such equipment.

**(B) Leasing of master sound recordings, etc., excluded.**--The term "equipment leasing" does not include the leasing of master sound recordings, and other similar contractual arrangements with respect to tangible or intangible assets associated with literary, artistic, or musical properties.

**(C) Controlled group of corporations; component member.**--The terms "controlled group of corporations" and "component member" have the same meanings as when used in section 1563. The determination of the taxable years taken into account with respect to any controlled group of corporations shall be made in a manner consistent with the manner set forth in section 1563.

**(7) Exclusion of active businesses of qualified C corporations.--**

**(A) In general.**--In the case of a taxpayer which is a qualified C corporation--

**(i)** each qualifying business carried on by such taxpayer shall be treated as a separate activity, and

**(ii)** subsection (a) shall not apply to losses from such business.

**(B) Qualified C corporation.**--For purposes of subparagraph (A), the term "qualified C corporation" means any corporation described in subparagraph (B) of subsection (a)(1) which is not--

**(i)** a personal holding company (as defined in section 542(a)), or

**(ii)** a personal service corporation (as defined in section 269A(b) but determined by substituting "5 percent" for "10 percent" in section 269A(b)(2)).

[**(iii)** Redesignated (ii)]

**(C) Qualifying business.**--For purposes of this paragraph, the term "qualifying business" means any active business if--

**(i)** during the entire 12-month period ending on the last day of the taxable year, such corporation had at least 1 full-time employee substantially all the services of whom were in the active management of such business,

**(ii)** during the entire 12-month period ending on the last day of the taxable year, such

corporation had at least 3 full-time, nonowner employees substantially all of the services of whom were services directly related to such business,

**(iii)** the amount of the deductions attributable to such business which are allowable to the taxpayer solely by reason of sections 162 and 404 for the taxable year exceeds 15 percent of the gross income from such business for such year, and

**(iv)** such business is not an excluded business.

**(D) Special rules for application of subparagraph (C).--**

**(i) Partnerships in which taxpayer is a qualified corporate partner.**--In the case of an active business of a partnership, if--

**(I)** the taxpayer is a qualified corporate partner in the partnership, and

**(II)** during the entire 12-month period ending on the last day of the partnership's taxable year, there was at least 1 full-time employee of the partnership (or of a qualified corporate partner) substantially all the services of whom were in the active management of such business,

then the taxpayer's proportionate share (determined on the basis of its profits interest) of the activities of the partnership in such business shall be treated as activities of the taxpayer (and clause (i) of subparagraph (C) shall not apply in determining whether such business is a qualifying business of the taxpayer).

**(ii) Qualified corporate partner.**--For purposes of clause (i), the term "qualified corporate partner" means any corporation if--

**(I)** such corporation is a general partner in the partnership,

**(II)** such corporation has an interest of 10 percent or more in the profits and losses of the partnership, and

**(III)** such corporation has contributed property to the partnership in an amount not less than the lesser of $500,000 or 10 percent of the net worth of the corporation.

For purposes of subclause (III), any contribution of property other than money shall be taken into account at its fair market value.

**(iii) Deduction for owner employee compensation not taken into account.**--For purposes of clause (iii) of subparagraph (C), there shall not be taken into account any deduction in respect of compensation for personal services rendered by any employee (other than a non-owner employee) of the taxpayer or any member of such employee's family (within the meaning of section 318(a)(1)).

**(iv) Special rule for banks.**--For purposes of clause (iii) of subparagraph (C), in the case of a bank (as defined in section 581) or a financial institution to which section 591 applies--

**(I)** gross income shall be determined without regard to the exclusion of interest from gross income under section 103, and

**(II)** in addition to the deductions described in such clause, there shall also be taken into account the amount of the deductions which are allowable for amounts paid or credited to the accounts of depositors or holders of accounts as dividends or interest on their deposits or withdrawable accounts under section 163 or 591.

**(v) Special rule for life insurance companies.**--

**(I) In general.**--Clause (iii) of subparagraph (C) shall not apply to any insurance business of a qualified life insurance company.

**(II) Insurance business.**--For purposes of subclause (I), the term "insurance business" means any business which is not a noninsurance business (within the meaning of section 806(b)(3)).

**(III) Qualified life insurance company.**--For purposes of subclause (I), the term "qualified life insurance company" means any company which would be a life insurance company as defined in section 816 if unearned premiums were not taken into account under subsections (a)(2) and (c)(2) of section 816.

**(E) Definitions.**--For purposes of this paragraph--

**(i) Non-owner employee.**--The term "non-owner employee" means any employee who does not own, at any time during the taxable year, more than 5 percent in value of the outstanding stock of the taxpayer. For purposes of the preceding sentence, section 318 shall apply, except that "5 percent" shall be substituted for "50 percent" in section 318(a)(2)(C).

**(ii) Excluded business.**--The term "excluded business" means--

**(I)** equipment leasing (as defined in paragraph (6)), and

**(II)** any business involving the use, exploitation, sale, lease, or other disposition of master sound recordings, motion picture films, video tapes, or tangible or intangible assets associated with literary, artistic, musical, or similar properties.

**(iii) Special rules relating to communications industry, etc.--**

**(I) Business not excluded where taxpayer not completely at risk.**--A business involving the use, exploitation, sale, lease, or other disposition of property described in subclause (II) of clause (ii) shall not constitute an excluded business by reason of such subclause if the taxpayer is at risk with respect to all amounts paid or incurred (or chargeable to capital account) in such business.

**(II) Certain licensed businesses not excluded.**--For purposes of subclause (II) of clause (ii), the provision of radio, television, cable television, or similar services pursuant to a license or franchise granted by the Federal Communications Commission or any other Federal, State, or local authority shall not constitute an excluded business by reason of such subclause.

**(F) Affiliated group treated as 1 taxpayer.**--For purposes of this paragraph--

**(i) In general.**--Except as provided in subparagraph (G), the component members of an affiliated group of corporations shall be treated as a single taxpayer.

**(ii) Affiliated group of corporations.**--The term "affiliated group of corporations" means an affiliated group (as defined in section 1504(a)) which files or is required to file consolidated income tax returns.

**(iii) Component member.**--The term "component member" means an includible corporation (as defined in section 1504) which is a member of the affiliated group.

**(G) Loss of 1 member of affiliated group may not offset income of personal holding company or personal service corporation.**--Nothing in this paragraph shall permit any loss of a member of an affiliated group to be used as an offset against the income of any other member of such group which is a personal holding company (as defined in section 542(a)) or a personal service corporation (as defined in section 269A(b) but determined by substituting "5 percent" for "10 percent" in section 269A(b)(2)).

**(d) Definition of loss.**--For purposes of this section, the term "loss" means the excess of the deductions allowable under this chapter for the taxable year (determined without regard to the first sentence of subsection (a)) and allocable to an activity to which this section applies over the income received or accrued by the taxpayer during the taxable year from such activity (determined without regard to subsection (e)(1)(A)).

**(e) Recapture of losses where amount at risk is less than zero.--**

**(1) In general.**--If zero exceeds the amount for which the taxpayer is at risk in any activity at the close of any taxable year--

**(A)** the taxpayer shall include in his gross income for such taxable year (as income from such activity) an amount equal to such excess, and

**(B)** an amount equal to the amount so included in gross income shall be treated as a deduction allocable to such activity for the first succeeding taxable year.

**(2) Limitation.**--The excess referred to in paragraph (1) shall not exceed--

**(A)** the aggregate amount of the reductions required by subsection (b)(5) with respect to the activity by reason of losses for all prior taxable years beginning after December 31, 1978, reduced by

**(B)** the amounts previously included in gross income with respect to such activity under this subsection.

****

SUBPART C--TAXABLE YEAR FOR WHICH DEDUCTIONS TAKEN

§ **469**. Passive activity losses and credits limited

**(a) Disallowance.--**

**(1) In general.**--If for any taxable year the taxpayer is described in paragraph (2), neither--

**(A)** the passive activity loss, nor

**(B)** the passive activity credit,

for the taxable year shall be allowed.

**(2) Persons described.**--The following are described in this paragraph:

**(A)** any individual, estate, or trust,

**(B)** any closely held C corporation, and

**(C)** any personal service corporation.

**(b) Disallowed loss or credit carried to next year.**--Except as otherwise provided in this section, any loss or credit from an activity which is disallowed under subsection (a) shall be treated as a deduction or credit allocable to such activity in the next taxable year.

**(c) Passive activity defined.**--For purposes of this section--

**(1) In general.**--The term "passive activity" means any activity--

**(A)** which involves the conduct of any trade or business, and

**(B)** in which the taxpayer does not materially participate.

**(2) Passive activity includes any rental activity.**--Except as provided in paragraph (7), the term "passive activity" includes any rental activity.

**(3) Working interests in oil and gas property.--**

**(A) In general.**--The term "passive activity" shall not include any working interest in any oil or gas property which the taxpayer holds directly or through an entity which does not limit the liability of the taxpayer with respect to such interest.

**(B) Income in subsequent years.**--If any taxpayer has any loss for any taxable year from a working interest in any oil or gas property which is treated as a loss which is not from a passive activity, then any net income from such property (or any property the basis of which is determined in whole or in part by reference to the basis of such property) for any succeeding taxable year shall be treated as income of the taxpayer which is not from a passive activity. If the preceding sentence applies to the net income from any property for any taxable year, any credits allowable under subpart B (other than section 27(a)) or D of part IV of subchapter A for such taxable year which are attributable to such property shall be treated as credits not from a passive activity to the extent the amount of such credits does not exceed the regular tax liability of the taxpayer for the taxable year which is allocable to such net income.

**(4) Material participation not required for paragraphs (2) and (3).--** Paragraphs (2) and (3) shall be applied without regard to whether or not the taxpayer materially participates in the activity.

**(5) Trade or business includes research and experimentation activity.**--For purposes of paragraph (1)(A), the term "trade or business" includes any activity involving research or experimentation (within the meaning of section 174).

**(6) Activity in connection with trade or business or production of income.**--To the extent provided in regulations, for purposes of paragraph (1)(A), the term "trade or business" includes--

**(A)** any activity in connection with a trade or business, or

**(B)** any activity with respect to which expenses are allowable as a deduction under section 212.

**(7) Special rules for taxpayers in real property business.--**

**(A) In general.**--If this paragraph applies to any taxpayer for a taxable year--

**(i)** paragraph (2) shall not apply to any rental real estate activity of such taxpayer for such taxable year, and

**(ii)** this section shall be applied as if each interest of the taxpayer in rental real estate were a separate activity.

Notwithstanding clause (ii), a taxpayer may elect to treat all interests in rental real estate as one activity. Nothing in the preceding provisions of this subparagraph shall be construed as affecting the determination of whether the taxpayer materially participates with respect to any interest in a limited partnership as a limited partner.

**(B) Taxpayers to whom paragraph applies.**--This paragraph shall apply to a taxpayer for a taxable year if--

**(i)** more than one-half of the personal services performed in trades or businesses by the taxpayer during such taxable year are performed in real property trades or businesses in which the taxpayer materially participates, and

**(ii)** such taxpayer performs more than 750 hours of services during the taxable year in real property trades or businesses in which the taxpayer materially participates.

In the case of a joint return, the requirements of the preceding sentence are satisfied if and only if either spouse separately satisfies such requirements. For purposes of the preceding sentence, activities in which a spouse materially participates shall be determined under subsection (h).

3352357.1

**(C) Real property trade or business.**--For purposes of this paragraph, the term "real property trade or business" means any real property development, redevelopment, construction, reconstruction, acquisition, conversion, rental, operation, management, leasing, or brokerage trade or business.

**(D) Special rules for subparagraph (B).--**

**(i) Closely held C corporations.**--In the case of a closely held C corporation, the requirements of subparagraph (B) shall be treated as met for any taxable year if more than 50 percent of the gross receipts of such corporation for such taxable year are derived from real property trades or businesses in which the corporation materially participates.

**(ii) Personal services as an employee.**--For purposes of subparagraph (B), personal services performed as an employee shall not be treated as performed in real property trades or businesses. The preceding sentence shall not apply if such employee is a 5-percent owner (as defined in section 416(i)(1)(B)) in the employer.

**(d) Passive activity loss and credit defined.**--For purposes of this section--

**(1) Passive activity loss.**--The term "passive activity loss" means the amount (if any) by which--

**(A)** the aggregate losses from all passive activities for the taxable year, exceed

**(B)** the aggregate income from all passive activities for such year.

**(2) Passive activity credit.**--The term "passive activity credit" means the amount (if any) by which--

**(A)** the sum of the credits from all passive activities allowable for the taxable year under--

**(i)** subpart D of part IV of subchapter A, or

3352357.1

**(ii)** subpart B (other than section 27(a)) of such part IV, exceeds

**(B)** the regular tax liability of the taxpayer for the taxable year allocable to all passive activities.

**(e) Special rules for determining income or loss from a passive activity.**--For purposes of this section--

**(1) Certain income not treated as income from passive activity.**--In determining the income or loss from any activity--

**(A) In general.**--There shall not be taken into account--

**(i)** any--

**(I)** gross income from interest, dividends, annuities, or royalties not derived in the ordinary course of a trade or business,

**(II)** expenses (other than interest) which are clearly and directly allocable to such gross income, and

**(III)** interest expense properly allocable to such gross income, and

**(ii)** gain or loss not derived in the ordinary course of a trade or business which is attributable to the disposition of property--

**(I)** producing income of a type described in clause (i), or

**(II)** held for investment.

For purposes of clause (ii), any interest in a passive activity shall not be treated as property held for investment.

**(B) Return on working capital.**--For purposes of subparagraph (A), any income, gain, or loss which is attributable to an investment of working capital shall be treated as not derived in the ordinary course of a trade or business.

**(2) Passive losses of certain closely held corporations may offset active income.**--

**(A) In general.**--If a closely held C corporation (other than a personal service corporation) has net active income for any taxable year, the passive activity loss of such taxpayer for such taxable year (determined without regard to this paragraph)--

**(i)** shall be allowable as a deduction against net active income, and

**(ii)** shall not be taken into account under subsection (a) to the extent so allowable as a deduction.

A similar rule shall apply in the case of any passive activity credit of the taxpayer.

**(B) Net active income.**--For purposes of this paragraph, the term "net active income" means the taxable income of the taxpayer for the taxable year determined without regard to--

**(i)** any income or loss from a passive activity, and

**(ii)** any item of gross income, expense, gain, or loss described in paragraph (1)(A).

**(3) Compensation for personal services.**--Earned income (within the meaning of section 911(d)(2)(A)) shall not be taken into account in computing the income or loss from a passive activity for any taxable year.

**(4) Dividends reduced by dividends received deduction.**--For purposes of paragraphs (1) and (2), income from dividends shall be reduced by the amount of any dividends received

deduction under section 243, 244, or 245.

**(f) Treatment of former passive activities.**--For purposes of this section--

**(1) In general.**--If an activity is a former passive activity for any taxable year--

**(A)** any unused deduction allocable to such activity under subsection (b) shall be offset against the income from such activity for the taxable year,

**(B)** any unused credit allocable to such activity under subsection (b) shall be offset against the regular tax liability (computed after the application of paragraph (1)) allocable to such activity for the taxable year, and

**(C)** any such deduction or credit remaining after the application of subparagraphs (A) and (B) shall continue to be treated as arising from a passive activity.

**(2) Change in status of closely held C corporation or personal service corporation.**--If a taxpayer ceases for any taxable year to be a closely held C corporation or personal service corporation, this section shall continue to apply to losses and credits to which this section applied for any preceding taxable year in the same manner as if such taxpayer continued to be a closely held C corporation or personal service corporation, whichever is applicable.

**(3) Former passive activity.**--The term "former passive activity" means any activity which, with respect to the taxpayer--

**(A)** is not a passive activity for the taxable year, but

**(B)** was a passive activity for any prior taxable year.

**(g) Dispositions of entire interest in passive activity.**--If during the taxable year a taxpayer disposes of his entire interest in any passive activity (or former passive activity), the following rules shall apply:

3352357.1

**(1) Fully taxable transaction.--**

**(A) In general.**--If all gain or loss realized on such disposition is recognized, the excess of--

**(i)** any loss from such activity for such taxable year (determined after the application of subsection (b)), over

**(ii)** any net income or gain for such taxable year from all other passive activities (determined after the application of subsection (b)),

shall be treated as a loss which is not from a passive activity.

**(B) Subparagraph (A) not to apply to disposition involving related party.**--If the taxpayer and the person acquiring the interest bear a relationship to each other described in section 267(b) or section 707(b)(1), then subparagraph (A) shall not apply to any loss of the taxpayer until the taxable year in which such interest is acquired (in a transaction described in subparagraph (A)) by another person who does not bear such a relationship to the taxpayer.

**(C) Income from prior years.**--To the extent provided in regulations, income or gain from the activity for preceding taxable years shall be taken into account under subparagraph (A)(ii) for the taxable year to the extent necessary to prevent the avoidance of this section.

**(2) Disposition by death.**--If an interest in the activity is transferred by reason of the death of the taxpayer--

**(A)** paragraph (1)(A) shall apply to losses described in paragraph (1)(A) to the extent such losses are greater than the excess (if any) of--

**(i)** the basis of such property in the hands of the transferee, over

**(ii)** the adjusted basis of such property immediately before the death of the taxpayer, and

**(B)** any losses to the extent of the excess described in subparagraph (A) shall not be allowed

as a deduction for any taxable year.

**(3) Installment sale of entire interest.**--In the case of an installment sale of an entire interest in an activity to which section 453 applies, paragraph (1) shall apply to the portion of such losses for each taxable year which bears the same ratio to all such losses as the gain recognized on such sale during such taxable year bears to the gross profit from such sale (realized or to be realized when payment is completed).

**(h) Material participation defined.**--For purposes of this section--

**(1) In general.**--A taxpayer shall be treated as materially participating in an activity only if the taxpayer is involved in the operations of the activity on a basis which is--

**(A)** regular,

**(B)** continuous, and

**(C)** substantial.

**(2) Interests in limited partnerships.**--Except as provided in regulations, no interest in a limited partnership as a limited partner shall be treated as an interest with respect to which a taxpayer materially participates.

**(3) Treatment of certain retired individuals and surviving spouses.**--A taxpayer shall be treated as materially participating in any farming activity for a taxable year if paragraph (4) or (5) of section 2032A(b) would cause the requirements of section 2032A(b)(1)(C)(ii) to be met with respect to real property used in such activity if such taxpayer had died during the taxable year.

**(4) Certain closely held C corporations and personal service corporations.**--A closely held C corporation or personal service corporation shall be treated as materially participating in an activity only if--

**(A)** 1 or more shareholders holding stock representing more than 50 percent (by value) of the

3352357.1

outstanding stock of such corporation materially participate in such activity, or

**(B)** in the case of a closely held C corporation (other than a personal service corporation), the requirements of section 465(c)(7)(C) (without regard to clause (iv)) are met with respect to such activity.

**(5) Participation by spouse.**--In determining whether a taxpayer materially participates, the participation of the spouse of the taxpayer shall be taken into account.

**(i) $25,000 offset for rental real estate activities.--**

**(1) In general.**--In the case of any natural person, subsection (a) shall not apply to that portion of the passive activity loss or the deduction equivalent (within the meaning of subsection (j)(5)) of the passive activity credit for any taxable year which is attributable to all rental real estate activities with respect to which such individual actively participated in such taxable year (and if any portion of such loss or credit arose in another taxable year, in such other taxable year).

**(2) Dollar limitation.**--The aggregate amount to which paragraph (1) applies for any taxable year shall not exceed $25,000.

**(3) Phase-out of exemption.--**

**(A) In general.**--In the case of any taxpayer, the $25,000 amount under paragraph (2) shall be reduced (but not below zero) by 50 percent of the amount by which the adjusted gross income of the taxpayer for the taxable year exceeds $100,000.

**(B) Special phase-out of rehabilitation credit.**--In the case of any portion of the passive activity credit for any taxable year which is attributable to the rehabilitation credit determined under section 47, subparagraph (A) shall be applied by substituting "$200,000" for "$100,000".

**(C) Exception for commercial revitalization deduction.**--Subparagraph (A) shall not apply to any portion of the passive activity loss for any taxable year which is attributable to the commercial revitalization deduction under section 1400I.

**(D) Exception for low-income housing credit.**--Subparagraph (A) shall not apply to any portion of the passive activity credit for any taxable year which is attributable to any credit determined under section 42.

**(E) Ordering rules to reflect exceptions and separate phase-outs.**--If subparagraph (B), (C), or (D) applies for a taxable year, paragraph (1) shall be applied--

**(i)** first to the portion of the passive activity loss to which subparagraph (C) does not apply,

**(ii)** second to the portion of such loss to which subparagraph (C) applies,

**(iii)** third to the portion of the passive activity credit to which subparagraph (B) or (D) does not apply,

**(iv)** fourth to the portion of such credit to which subparagraph (B) applies, and

**(v)** then to the portion of such credit to which subparagraph (D) applies.

**(F) Adjusted gross income.**--For purposes of this paragraph, adjusted gross income shall be determined without regard to--

**(i)** any amount includible in gross income under section 86,

**(ii)** the amounts excludable from gross income under sections 135 and 137,

**(iii)** the amounts allowable as a deduction under sections 199, 219, 221, and 222, and

**(iv)** any passive activity loss or any loss allowable by reason of subsection (c)(7).

**(4) Special rule for estates.**--

**(A) In general.**--In the case of taxable years of an estate ending less than 2 years after the date of the death of the decedent, this subsection shall apply to all rental real estate activities with respect to which such decedent actively participated before his death.

**(B) Reduction for surviving spouse's exemption.**--For purposes of subparagraph (A), the $25,000 amount under paragraph (2) shall be reduced by the amount of the exemption under paragraph (1) (without regard to paragraph (3)) allowable to the surviving spouse of the decedent for the taxable year ending with or within the taxable year of the estate.

**(5) Married individuals filing separately.--**

**(A) In general.**--Except as provided in subparagraph (B), in the case of any married individual filing a separate return, this subsection shall be applied by substituting--

**(i)** "$12,500" for "$25,000" each place it appears,

**(ii)** "$50,000" for "$100,000" in paragraph (3)(A), and

**(iii)** "$100,000" for "$200,000" in paragraph (3)(B).

**(B) Taxpayers not living apart.**--This subsection shall not apply to a taxpayer who--

**(i)** is a married individual filing a separate return for any taxable year, and

**(ii)** does not live apart from his spouse at all times during such taxable year.

**(6) Active participation.--**

**(A) In general.**--An individual shall not be treated as actively participating with respect to any interest in any rental real estate activity for any period if, at any time during such period, such interest (including any interest of the spouse of the individual) is less than 10 percent (by value) of all interests in such activity.

**(B) No participation requirement for low-income housing, or rehabilitation credit, or commercial revitalization deduction.**--Paragraphs (1) and (4)(A) shall be applied without regard to the active participation requirement in the case of--

**(i)** any credit determined under section 42 for any taxable year,

**(ii)** any rehabilitation credit determined under section 47, or.

**(iii)** any deduction under section 1400I (relating to commercial revitalization deduction).

**(C) Interest as a limited partner.**--Except as provided in regulations, no interest as a limited partner in a limited partnership shall be treated as an interest with respect to which the taxpayer actively participates.

**(D) Participation by spouse.**--In determining whether a taxpayer actively participates, the participation of the spouse of the taxpayer shall be taken into account.

**(j) Other definitions and special rules.**--For purposes of this section--

**(1) Closely held C corporation.**--The term "closely held C corporation" means any C corporation described in section 465(a)(1)(B).

**(2) Personal service corporation.**--The term "personal service corporation" has the meaning given such term by section 269A(b)(1), except that section 269A(b)(2) shall be applied--

**(A)** by substituting "any" for "more than 10 percent", and

**(B)** by substituting "any" for "50 percent or more in value" in section 318(a)(2)(C).

A corporation shall not be treated as a personal service corporation unless more than 10 percent of the stock (by value) in such corporation is held by employee-owners (within the meaning of section 269A(b)(2), as modified by the preceding sentence).

3352357.1

**(3) Regular tax liability.**--The term "regular tax liability" has the meaning given such term by section 26(b).

**(4) Allocation of passive activity loss and credit.**--The passive activity loss and the passive activity credit (and the $25,000 amount under subsection (i)) shall be allocated to activities, and within activities, on a pro rata basis in such manner as the Secretary may prescribe.

**(5) Deduction equivalent.**--The deduction equivalent of credits from a passive activity for any taxable year is the amount which (if allowed as a deduction) would reduce the regular tax liability for such taxable year by an amount equal to such credits.

**(6) Special rule for gifts.**--In the case of a disposition of any interest in a passive activity by gift--

**(A)** the basis of such interest immediately before the transfer shall be increased by the amount of any passive activity losses allocable to such interest with respect to which a deduction has not been allowed by reason of subsection (a), and

**(B)** such losses shall not be allowable as a deduction for any taxable year.

**(7) Qualified residence interest.**--The passive activity loss of a taxpayer shall be computed without regard to qualified residence interest (within the meaning of section 163(h)(3)).

**(8) Rental activity.**--The term "rental activity" means any activity where payments are principally for the use of tangible property.

**(9) Election to increase basis of property by amount of disallowed credit.**--For purposes of determining gain or loss from a disposition of any property to which subsection (g)(1) applies, the transferor may elect to increase the basis of such property immediately before the transfer by an amount equal to the portion of any unused credit allowable under this chapter which reduced the basis of such property for the taxable year in which such credit arose. If the taxpayer elects the application of this paragraph, such portion of the passive activity credit of such taxpayer shall not be allowed for any taxable year.

**(10) Coordination with section 280A.**--If a passive activity involves the use of a dwelling unit

to which section 280A(c)(5) applies for any taxable year, any income, deduction, gain, or loss allocable to such use shall not be taken into account for purposes of this section for such taxable year.

**(11) Aggregation of members of affiliated groups.**--Except as provided in regulations, all members of an affiliated group which files a consolidated return shall be treated as 1 corporation.

**(12) Special rule for distributions by estates or trusts.**--If any interest in a passive activity is distributed by an estate or trust--

**(A)** the basis of such interest immediately before such distribution shall be increased by the amount of any passive activity losses allocable to such interest, and

**(B)** such losses shall not be allowable as a deduction for any taxable year.

**(k) Separate application of section in case of publicly traded partnerships.--**

**(1) In general.**--This section shall be applied separately with respect to items attributable to each publicly traded partnership (and subsection (i) shall not apply with respect to items attributable to any such partnership). The preceding sentence shall not apply to any credit determined under section 42, or any rehabilitation credit determined under section 47, attributable to a publicly traded partnership to the extent the amount of any such credits exceeds the regular tax liability attributable to income from such partnership.

**(2) Publicly traded partnership.**--For purposes of this section, the term "publicly traded partnership" means any partnership if--

**(A)** interests in such partnership are traded on an established securities market, or

**(B)** interests in such partnership are readily tradable on a secondary market (or the substantial equivalent thereof).

**(3) Coordination with subsection (g).**--For purposes of subsection (g), a taxpayer shall not be

treated as having disposed of his entire interest in an activity of a publicly traded partnership until he disposes of his entire interest in such partnership.

**(4) Application to regulated investment companies.**--For purposes of this section, a regulated investment company (as defined in section 851) holding an interest in a qualified publicly traded partnership (as defined in section 851(h)) shall be treated as a taxpayer described in subsection (a)(2) with respect to items attributable to such interest.

**(l) Regulations.**--The Secretary shall prescribe such regulations as may be necessary or appropriate to carry out provisions of this section, including regulations--

**(1)** which specify what constitutes an activity, material participation, or active participation for purposes of this section,

**(2)** which provide that certain items of gross income will not be taken into account in determining income or loss from any activity (and the treatment of expenses allocable to such income),

**(3)** requiring net income or gain from a limited partnership or other passive activity to be treated as not from a passive activity,

**(4)** which provide for the determination of the allocation of interest expense for purposes of this section, and

**(5)** which deal with changes in marital status and changes between joint returns and separate returns.

**(m) Phase-in of disallowance of losses and credits for interest held before date of enactment.--**

**(1) In general.**--In the case of any passive activity loss or passive activity credit for any taxable year beginning in calendar years 1987 through 1990, subsection (a) shall not apply to the applicable percentage of that portion of such loss (or such credit) which is attributable to pre-enactment interests.

**(2) Applicable percentage.**--For purposes of this subsection, the applicable percentage shall be determined in accordance with the following table:

| In the case of taxable years beginning in: | The applicable percentage is: |
|---|---|
| 1987 | 65 |
| 1988 | 40 |
| 1989 | 20 |
| 1990 | 10. |

**(3) Portion of loss or credit attributable to pre-enactment interests.**--For purposes of this subsection--

**(A) In general.**--The portion of the passive activity loss (or passive activity credit) for any taxable year which is attributable to pre-enactment interests is the lesser of--

**(i)** the amount of the passive activity loss (or passive activity credit) which is disallowed for the taxable year under subsection (a) (without regard to this subsection), or

**(ii)** the amount of the passive activity loss (or passive activity credit) which would be disallowed for the taxable year (without regard to this subsection and without regard to any amount allocable to an activity for the taxable year under subsection (b)) taking into account only pre-enactment interests.

**(B) Pre-enactment interest.**--

**(i) In general.**--The term "pre-enactment interest" means any interest in a passive activity held by a taxpayer on the date of the enactment of the Tax Reform Act of 1986, and at all times thereafter.

**(ii) Binding contract exception.**--For purposes of clause (i), any interest acquired after such date of enactment pursuant to a written binding contract in effect on such date, and at all times

thereafter, shall be treated as held on such date.

**(iii) Interest in activities.**--The term "pre-enactment interest" shall not include an interest in a passive activity unless such activity was being conducted on such date of enactment. The preceding sentence shall not apply to an activity commencing after such date if--

**(I)** the property used in such activity is acquired pursuant to a written binding contract in effect on August 16, 1986, and at all times thereafter, or

**(II)** construction of property used in such activity began on or before August 16, 1986.

****