IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 02-1041 T, consolidated with
No. 04-1598 T

(Judge George W. Miller)

---

LYMAN F. BUSH, et al.,

Plaintiffs

v.

UNITED STATES,

Defendant

---

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION
FOR PARTIAL SUMMARY JUDGMENT IN FAVOR
OF THE UNITED STATES

---

Plaintiffs' motion seeks to concede the issues raised in complaint number 02-1041 T, based on claims asserted in refund claims filed for 1988, 1990-1993, and 1995, so that judgment could be entered in favor of the Government on those claims, "and those claims only," in the above-consolidated cases. (P. Motion at 1.) Defendant, the United States, opposes plaintiffs' motion and requests that the Court decide the merits of the issues set forth in defendant's June 16, 2008, motion for summary judgment and supporting documents.

The above-captioned consolidated cases are 2 of 37 related cases involving partnerships promoted by the Greenberg Brothers (hereinafter, "related cases.") Plaintiffs' counsel in this

case is also counsel for the taxpayers in all of the related cases. All the claims at issue in this case, and in the related cases, arise out of the same settlement of Tax Court proceedings involving various Greenberg Brothers' partnerships. The grounds for the claims for refund in the above-captioned consolidated case are virtually the same as the grounds for the claims for refund in the related cases.

Since all the related cases involve substantially the same issues, the parties proposed to the Court in a status conference on August 2, 2005, that two plaintiffs be selected as test cases, with the other related cases being suspended pending resolution of the test cases. On October 17, 2005, the parties filed a status report suggesting that the above-captioned consolidated cases, and *Tommy J. Shelton v. United States*, Fed. Cl. Nos. 02-1042 and 04-1595, be selected as the test cases. On October 24, 2005, the Court entered an order implementing the procedure proposed by the parties and selecting this case and *Shelton* as test cases for "representative resolution of the Greenberg related cases." (Order in *Richard J. Pannico, et al. v. United States,* Fed.Cl. No. 02-278 et al., dated October 24, 2005.)[1] All the other related cases were suspended pending resolution of this case and *Shelton*. For the last two and a half years the parties, and the Court, have proceeded on the basis that there would be a decisions on the merits of the issues in this case, and in *Shelton*, which decisions would resolve the same issues in all the related cases.

---

[1]The first eight Greenberg Brothers' partnership related cases filed in this Court were consolidated under the caption *Richard J. Pannico, et al. v. United States*, Fed.Cl. No. 02-278, et al. Subsequently, a large number of related cases were filed in 2004 and 2005, prompting the parties to propose the test case procedure to resolve these related cases. Since several cases had already been consolidated under the *Pannico* caption, initial proceedings regarding how to proceed with the related cases were filed in that case. Therefore, the initial order implementing the parties' proposed test case procedure was entered in *Pannico*.

The parties filed cross-motions for partial summary judgment to resolve the primary issue raised in case number 04-1598, whether the assessments were invalid because no notice of deficiency had been issued. On August 8, 2007, the Court ruled in favor of defendant on that issue. *Bush v. United States*, 78 Fed.Cl. 76 (2007). After further discovery, plaintiffs conceded the other issues in case number 04-1598. On March 31, 2008, plaintiffs filed a motion to sever case number 04-1598, from case number 02-1041, so that plaintiffs could proceed with an appeal of Judge Bruggink's decision. The stated ground for that motion was that plaintiffs intended to litigate the remaining issues raised in case number 02-1041 and did not want that litigation to delay appeal in case number 04-1598. On April 18, 2008, the Court denied the motion to sever. A schedule was set for simultaneous cross-motions for partial summary judgment to resolve the merits of the remaining issues in case number 02-1041. At no time during the April 18, 2008, hearing did plaintiffs' counsel indicate that plaintiffs had changed their minds about litigation of the issues plaintiffs had indicated they intended to litigate in case number 02-1041 (the above-captioned case).

On June 16, 2008, defendant timely filed its motion for partial summary judgment. Defendant expended substantial effort preparing that motion and the extensive exhibits submitted in support thereof. At no time prior to filing its motion did defendant have any indication that plaintiffs would seek to concede the issues in case number 02-1041. On June 23, 2008, after defendant had filed its motion, plaintiffs' counsel called defendant's counsel to indicate that plaintiffs were no longer pursuing the issues in complaint number 02-1041. On June 24, 2008, plaintiffs filed their motion to concede. That motion asks the Court to enter judgment based on plaintiffs' concession in this case. Plaintiffs motion does not address the

merits of any of the issues in the claims in complaint number 02-1041 and does not ask the Court to make any determination on the merits of the claims in issue. Plaintiffs' motion specifically states that the concession set forth therein applies *only* to this case. (P. Mtn. at 1.)

The parties have proceeded for over two and half years on the basis that the Court would resolve the merits of the issues raised in the above-consolidated cases, and that decision would resolve the same issues in each of the related cases. Plaintiffs now ask the Court to abandon the test case procedure and enter a judgment that would have no substantive effect on the other Greenberg Brothers' partnership cases. Plaintiffs ask this after defendant has filed its motion for summary judgment and the issue is ready for a decision on the merits. If no decision is made on the merits of the claims for refund at issue in case number 02-1041, those same issues can be raised in any one – or all – of the suspended related cases, because plaintiffs' motion explicitly preserves such an eventuality. This would require defendant to duplicate many times over the effort already expended in this case. It also would impose a significant burden on the Court by requiring separate proceedings in each of the currently suspended related cases.

Defendant submits that its motion for summary judgment clearly establishes that the claims for refund in case number 02-1041 have no merit. This is the real reason plaintiffs now seek to avoid resolution of those issues. Defendant respectfully submits that the Court should decide the merits of the issues set forth in defendant's motion for summary judgment and dismiss

the above-captioned complaints with prejudice.

Respectfully submitted,

s/Benjamin C. King, Jr.
BENJAMIN C. KING, JR.
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6506

NATHAN J. HOCHMAN
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
MARY M. ABATE
Assistant Chief

s/Mary M. Abate
Of Counsel

June 30, 2008