IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 02-1041 T, consolidated with
No. 04-1598 T

(Judge George W. Miller)

LYMAN F. BUSH, et al.,

Plaintiffs

v.

UNITED STATES,

Defendant.

JOINT STIPULATION AS TO THE REMAINING ISSUES
IN THE RELATED GREENBERG BROTHERS PARTNERSHIPS

The parties hereby stipulate and agree to the following matters in the above-captioned case, and, except where noted, in all other related Greenberg Brothers Partnership cases pending before Judge Miller and currently suspended.

1. Paragraph 7 of each of the Closing Agreements other than those for Summer Lovers Associates provides that "To the extent the taxpayers make additional cash contributions to the capital of the partnership after 1989, the taxpayers' amount at risk will be increased in accordance with §465." The capital contributions reflected on the 1995 Form K-1 the taxpayers received from the Cinema '84 or Lone Wolf McQuade partnerships were not cash contributions made by the taxpayers and do not increase the taxpayers' amount at risk; thus any suspended at risk losses otherwise available from the Cinema '84 and Lone Wolf McQuade partnerships may not be applied to offset any partnership or other income for 1995. Therefore, the taxpayers' refund claims, to the extent based on the reported capital contributions for 1995 are not allowed.

2. The limited terms of the Closing Agreements other than those for Summer Lovers Associates provide only that "[t]axpayers' qualified investment tax credit is the amount at risk as set forth in paragraph 4." Paragraph 4 only reflects the fixed amount of the taxpayers' capital contribution and does not include any subsequent increases in the taxpayers' amounts at risk pursuant to other paragraphs of the Closing Agreement. Therefore, the Closing Agreements do not support the taxpayers' claims that any increases to the taxpayers' amounts at risk pursuant to the terms of the Closing Agreements would increase the amounts of the qualified investment for computing investment tax credits; therefore, no investment tax credits are allowable in any year in excess of those determined for the Cinema '84 and Lone Wolf McQuade partnerships in accordance with paragraphs 4 and 5 of the Closing Agreements. Therefore, the taxpayers' refund claims based on a claim for additional investment tax credits are not allowable.

3. The Bushes' refund claim based on application of suspended losses related to the Summer Lovers Associates partnership are not allowable because the parties agree that under the unique facts related to the Bushes, there were no suspended losses. The refund claims, to the extent based on suspended at risk losses from Summer Lovers are, therefore, not allowed in this case.

4. The assessments of additional tax and interest for each of the years in issue, related to the adjustments pursuant to the closing agreements in issue, were made on the dates set forth on the IRS transcripts of account for each of the years in issue. Plaintiffs are not entitled to recover any refund based on the allegation that the assessments in question were actually entered on a later date than that reflected on the IRS transcripts.

Respectfully submitted,

August 26, 2008
Date

s/Thomas E. Redding

THOMAS E. REDDING
Redding & Associates, P.C.
2914 West T.C. Jester
Houston, Texas 77018
(713) 965-9244
(713) 621-5227 (facsimile)

Attorney for Plaintiffs

August 26, 2008
Date

s/Benjamin C. King, Jr.

BENJAMIN C. KING, JR.
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6506

NATHAN J. HOCHMAN
Assistant Attorney General
STEVEN I. FRAHM
Acting Chief, Court of Federal Claims Section
MARY M. ABATE
Assistant Chief

August 26, 2008
Date

s/Mary M. Abate

Respectfully submitted.